# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Case No. 17-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

    Plaintiff,

v.                                   **UNDER SEAL**

LUKOIL PAN AMERICAS LLC, et al.,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

**THIS CAUSE** comes before the Court on Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service [ECF No. 5] ("Motion"). The Court has reviewed the Motion and heard argument at an *ex parte* hearing on March 5, 2018. For the reasons that follow, the Motion is granted in part and denied in part.

To obtain a temporary restraining order, a movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may enter such extraordinary relief on an *ex parte* basis "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Here, Plaintiff alleges—and supports with declarations—that "[a]bsent a brief delay in notice to Defendants of Plaintiff's application for a TRO, there is a substantial and imminent risk that the

Defendants will destroy or transfer electronic records and secrete assets, thereby thwarting Plaintiff's ability to obtain the ultimate relief it seeks." [ECF No. 5, at 5].

Plaintiff requests three types of extraordinary relief: (1) the seizure of all electronic devices and records from six locations in Miami, with the aid of law enforcement; (2) an asset freeze; and (3) an order to preserve documents. The Court finds that Plaintiff has failed to meet its burden to show that either the seizure or asset freeze is warranted.

## I. SEIZURE

Plaintiff first seeks an order "permitting immediate seizure, copying, imaging, downloading and/or cloning of [the Morillo Group] Defendants' electronic and hard copy records that contain information stolen from PDVSA and evidence of the [alleged] criminal conspiracy." [ECF No. 5, at 3]. In its briefing and at the Court's hearing on the Motion, Plaintiff primarily relied on *Dell, Inc. v. BelgiumDomains, LLC*, No. 07-22674, 2007 WL 6862341 (S.D. Fla. Nov. 21, 2007). In *Dell*, the Court authorized the *ex parte* seizure pursuant to the Trademark Counterfeiting Act, 15 U.S.C. § 1116(d)(1)(A), in which Congress expressly authorized such seizure orders in trademark counterfeiting cases. Although Plaintiff argues that the relief it seeks is analogous to *Dell*, the Court finds significant and distinguishing the fact that *Dell* involved a seizure scheme specifically authorized by Congress.

But even if a seizure order were authorized by statute or some other source of federal authority—such as the All Writs Act—the Court nevertheless finds that Plaintiff has failed to provide sufficient specificity to warrant such relief. Plaintiff asks the Court to issue a seizure order covering all computers, servers, hard drives, electronic devices, cell phones, records, data, information, and electronic media of a class of defendants from six different locations in Miami.

2

This request is far too broad and the Court is unwilling to authorize it and to compel law enforcement to assist in the task.

## II.     ASSET FREEZE

Next, Plaintiff seeks an order "restraining [the Morillo Group] Defendants, and banks through which they funnel funds, from transferring or dissipating any assets under their control in the U.S. and abroad." [ECF No. 5, at 3]. Asset freezes are likewise extraordinary preliminary remedies, in the sound discretion of the district court, which are reviewed by the Eleventh Circuit for abuse of discretion. *See FTC v. Lalonde*, 545 F. App'x 825, 832 (11th Cir. 2013). Here, Plaintiff cites a number of readily distinguishable cases involving government plaintiffs. Plaintiff also cites two types of cases where private parties have obtained asset freezes in advance of litigation: (1) cases arising under the Lanham Act, and (2) cases arising under the Florida RICO statute. The Lanham Act cases are readily distinguishable because they deal with the narrow facts of trademark infringement and counterfeiting. *See Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982 (11th Cir. 1995). The two Florida RICO cases—*Bardfield v. Chisholm Props. Circuit Events, LLC*, No. 09-232, 2009 WL 1659641 (N.D. Fla. June 12, 2009) and *Absolute Activist Value Master Fund Ltd. v. Devine*, No. 15-328, 2016 WL 1572388 (M.D. Fla. Apr. 19, 2016)—are likewise distinguishable. In both of those cases, the assets in question were alleged to be the plaintiff's money either fraudulently obtained or withheld. Here, the assets in question are alleged to be payments made by third parties to the Morillo Group Defendants in furtherance of a scheme to defraud Plaintiff. The Court finds an asset freeze under these circumstances to be unwarranted.

## III. PRESERVATION OF EVIDENCE

Finally, Plaintiff seeks an order "restraining [the Morillo Group] Defendants from destroying records relating to their business or to PDVSA." [ECF No. 5, at 3]. The Court finds that taking the facts alleged in the Amended Complaint as true, Plaintiff has a substantial likelihood of success against these defendants. The Court further finds that irreparable harm will be caused in the absence of the relief because defendants are likely to transfer or destroy the relevant data. The burden to the defendants does not outweigh this irreparable harm in the absence of relief, and the preservation of this evidence furthers the public interest. Thus, the Motion is granted as to the preservation of evidence.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc. (hereinafter, "Morillo Group Defendants"), their officers, agents, servants and employees and any persons in active concert or participation with them are hereby temporarily restrained and enjoined from directly or indirectly removing, alienating, destroying, altering, secreting, mutilating, erasing, concealing, transferring or otherwise disposing of any of their records, documents, communications or notes, either electronic or hard copy, relating to

    a. Petróleos de Venezuela S.A. ("PDSVA");

    b. the Morillo Group Defendants' assets or finances;

c. any business operated by the Morillo Group Defendants; or

   d. any business operated by any other person relating to the purchase, sale, transfer, transportation or acquisition of any oil products or by-products, additives or products or materials related to the production of oil products, pending the entry of an order on Plaintiff's motion for a preliminary injunction herein.

2. Pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall post a surety bond or a certified or cashier's check in the amount of $10,000.00, within five (5) days of this Order, as security for payment of damages to which the Morillo Group Defendants may be entitled for wrongful injunction or restraint.

3. Plaintiff shall serve this Order and the papers in which it is granted on all Defendants within seven (7) days of the filing of this Order. Defendants shall have until March 16, 2018 to file and serve any responding papers to Plaintiff's motion on counsel for Plaintiff.

4. A hearing on Plaintiff's Motion for a Preliminary Injunction shall be had in this Court on March 19, 2018 at 9:30 a.m.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2018, at 9 p.m.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE