UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

    Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, et al.,

    Defendants.
_____/

**NONPARTY WILMER MALDONADO'S MOTION FOR PROTECTIVE ORDER,
TO QUASH OR MODIFY SUBPOENA, AND/OR FOR EXTENSION OF TIME
TO RESPOND TO SUBPOENA AND PROVIDE PRIVILEGE LOG**

    Nonparty Wilmer Maldonado, pursuant to Federal Rules of Civil Procedure 26(c) and 45(c), respectfully moves for entry of a protective order and to quash the subpoena duces tecum, attached as **Exhibit A** hereto, served upon Mr. Maldonado the evening of March 12, 2018. The subpoena is premised on a fabricated emergency, provides less than 48 hours' notice, and demands that Mr. Maldonado appear at a March 14, 2018 hearing to be prepared to testify and provide documents responsive to grossly overbroad requests attached to the subpoena. For the reasons stated herein, the subpoena is unreasonable and unduly burdensome to Mr. Maldonado, a nonparty to this action.

**INTRODUCTION**

    On March 6, 2018, Plaintiff PDVSA US Litigation Trust ("PDVSA") filed its Amended Complaint in this complex matter against various corporate and individual defendants. Mr. Maldonado is not a party to this action. He did not see a copy of the Complaint or Amended

1

Complaint until the afternoon of March 9, 2018, when his sister-in-law was improperly served <u>after the server at issue was already dropped off at Federal Express</u>. He did not see a copy of the temporary restraining order until the afternoon of March 9, 2018 <u>after the server at issue was already dropped off at Federal Express</u>. As PDVSA is well aware, he is simply the husband of John Ryan, a named defendant, acting pursuant to his counsel's instructions in response to a request from Swiss authorities to deliver the server to the prosecutors there.

On the evening of March 12, 2018, Mr. Maldonado was served a subpoena to appear and testify at a hearing to take place on the afternoon of March 14, 2018 for this "emergency" motion, and to produce documents responsive to the requests attached to the subpoena at that time. Mr. Maldonado was therefore given approximately a day and a half to retain counsel, prepare to testify at a hearing[1] in a case of which he had no prior knowledge, and produce documents responsive to PDVSA's broad requests. Accordingly, the subpoena should be quashed or modified and the Court should issue an order of protection to Mr. Maldonado as it relates to the requested testimony and documents at the March 14, 2018 hearing.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order whenever "justice requires" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Sunshine Shredding, LLC v. Proshred Franchising Corp.*, No. 11-22432-MC, 2011 WL 4591935, at *2 (S.D. Fla. Sept. 30, 2011) (for good cause shown, the court may issue an order to protect a party from annoyance, undue burden or expense). Further, under Federal Rule of Civil Procedure 45(c) the Court must quash or modify a subpoena that: "requires disclosure of privileged or other protected matter, if no

---

[1] The hearing does not appear to have been noticed as an evidentiary hearing.

2

exception or waiver applies," discloses certain confidential information, "subjects a person to undue burden," or fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A); *Sunshine Shredding*, 2011 WL 4591935, at *2 (subpoena requesting disclosure of confidential or protected matter, or which calls for the production of clearly irrelevant matters, is improper); *Mancuso v. Florida Metropolitan University, Inc.*, No. 09-61984-CIV, 2011 WL 310726, at *3 (S.D. Fla., Jan. 28, 2011) (documents sought under subpoena must be relevant to a party's claim or defense or reasonably calculated to lead to the discovery of admissible evidence). The scope of discovery under Rule 45 is the same as that under Rule 26. *Mancuso*, 2011 WL 310726 at *2 n.3 (citation omitted).

**A. There is no emergency, and the subpoena's timeframe of less than 2 days for compliance is unreasonable**

The subpoena should be quashed or modified to provide a reasonable time for compliance. Whether a subpoena provides an adequate time for compliance varies depending on the circumstances, however, courts have consistently found that subpoenas providing less than 14 days to respond are unreasonable. *See, e.g., Dixon v. Greyhound Lines, Inc.*, No. CIV.A. 13-179-JWD, 2014 WL 6474355, at *4 (M.D. La. Nov. 19, 2014) (9 days for compliance unreasonable); *AngioScore, Inc. v. TriReme Med., Inc.,* No. 12–cv–03393–YGR (JSC), 2014 WL 6706898, at *1 n.1 (N.D. Cal. Nov. 25, 2014) (9 days to comply with a subpoena requiring the production of documents was unreasonable); *Tri Investments, Inc. v. Aiken Cost Consultants, Inc.,* No. 11–04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (6 days, only 4 of which are business days, "is not a reasonable time to comply with a subpoena and notice of deposition"); *Hernandez v. City of Corpus Christi,* 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011) (quashing subpoena duces tecum that gave 10 days for compliance); *Manhattan Constr. Co. v. Phillips*, No. 1:09-CV-1917-WSD-AJB, 2011 WL 13214355, at *13 n.22 (N.D. Ga. May 11, 2011) (subpoena providing 4 days

for compliance was not submitted with a reasonable time to comply); *Anderson v. Dobson,* No. 06–02, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (10 days was not an adequate time for compliance and noting that "the usual and customary 14 day objection period for the witness to move to quash the subpoena would not have even run by the time of the proposed depositions"); *In re Stratosphere Corp. Sec. Litig.,* 183 F.R.D. 684, 687 (D. Nev. 1999) (six days was unreasonable).

Here, the day and a half provided by PDVSA's subpoena is an unreasonable timeframe for a nonparty to prepare to testify in an unfamiliar matter, search for and produce any responsive documents, prepare and produce any required privilege log based on such searches, and otherwise respond to the subpoena. Accordingly, the subpoena does not provide a reasonable time for compliance.

PDVSA cannot show an immediate need for this information or exigent circumstances justifying such a short timeframe. PDVSA is aware that the server was transported "to deliver it to the legal authorities in Switzerland." ECF No. 60 at ¶ 4. PDVSA also is aware that it served Mr. Ryan's sister (improperly) with both the Complaint and the restraining order hours <u>after</u> the server was removed from Mr. Ryan's home. The implication that Mr. Ryan or any of his family members somehow violated a Court order of which they were undisputedly unaware to secret documents out of the country is unfounded. As PDVSA now knows, the server is in the possession of the Swiss authorities. There is no emergency, nor is there any need for additional enforcement of this Court's order, with which Mr. Ryan and (to the extent necessary) Mr. Maldonado fully intend to comply.

PDVSA's concerns all appear to stem from the notion that the server that was in Mr. Maldonado's possession may not be preserved. However, Mr. Maldonado has no intention of destroying the server, which is no longer in his possession. As PDVSA knows, Mr. Ryan's Swiss

counsel then provided the server directly to the Swiss prosecutor that had demanded the server in connection with the investigation he was conducting against other individuals in Switzerland. Neither Mr. Maldonado nor Mr. Ryan had any knowledge of this lawsuit at the time they provided the server in compliance with the Swiss proceedings. Mr. Ryan has since been released from detention in the Swiss facility because there was insufficient evidence to continue his detention.

### B. The subpoena calls for the production of documents, communications, and testimony protected by spousal and attorney-client privilege

Mr. Maldonado has not had sufficient time to conduct a search to determine whether he has any responsive documents, however, it is likely that any such communications in his possession, custody or control, would be protected by the spousal privilege, the attorney-client privilege, or both.

Florida Statutes §90.504 protects communications between spouses made during the marriage. The privilege, which protects communications intended to be made in confidence between the spouses, may be claimed by either spouse. *Id*. "The authority of the spouse, or guardian or conservator of a spouse, to claim the privilege is presumed in the absence of contrary evidence." Mr. Maldonado's limited knowledge of the subject matter covered by the hearing and the requests for production is based on confidential communications with his spouse. Those communications are privileged and not subject to disclosure under Florida law. *See id*. Moreover, any examination of Mr. Maldonado must be limited based on the spousal immunity. *See Bolin v. State*, 793 So. 2d 894 (Fla. 2001) (admission of evidence protected by spousal privilege over valid objection constitutes reversible error).

Similarly, information that Mr. Maldonado may have concerning the subject matter of this hearing and the document requests is also protected by the attorney-client privilege or work product. *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and

5

tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney… or agent)."). For instance, any "documents or records relating to the removal of the server" (Mr. Maldonado is not aware of any other than a FedEx receipt, but he will conduct a reasonable search in response to a reasonably tailored request) would be privileged because his only communications concerning the server – most, if not all of which were verbal – were with his husband and/or attorney. Moreover, although Mr. Maldonado has not been able to conduct a search for responsive communications or other documents in his possession, custody, or control, his actions with respect to the server were performed as an agent for Mr. Ryan, his spouse, at the direction of Swiss counsel in connection with the pending proceedings in Switzerland involving Mr. Ryan. Accordingly, the subpoena is objectionable to the extent it calls for the disclosure of privileged information, and it should be quashed or limited to exclude privileged documents and testimony.

### C. The subpoena is vague, overbroad, unduly burdensome, and unreasonably calls for disclosure of private and confidential information, including financial information, of a nonparty

The subpoena does not provide a timeframe for the requested documents and is therefore facially overbroad and should be quashed on that basis. *See*, *e.g.*, *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 527 (N.D. Fla.), *objections overruled*, 981 F. Supp. 2d. 1207 (N.D. Fla. 2013) (document production subpoena without time parameters was facially overbroad). Moreover, the subpoena requests, among other things, all documents or other tangible items "relating to the location of any computers, laptops or servers located at the Biscayne Park Residence or any other locations, including... [various other examples of locations]." This request is ambiguous, and not limited to any specific laptops, computers or servers, nor is it limited to devices that have anything to do with Mr. Maldonado or even this lawsuit. The request could encompass any manner of computers, laptops, or servers, and does not define what "relates" to the

"location" of those devices. The request could therefore encompass the personal and confidential information (including financial information) of a nonparty that is wholly unrelated to this lawsuit. Thus, the document requests are also objectionable on these grounds.

**WHEREFORE**, Mr. Maldonado respectfully requests that the Court quash or modify this nonparty subpoena, and/or to grant an extension of time to respond and provide a privilege log. Should the Court require Mr. Maldonado to testify at the March 14, 2018 hearing, Mr. Maldonado respectfully requests a protective order barring inquiry into matters protected by the attorney-client and/or spousal privileges.

Dated: March 13, 2018                                    Respectfully submitted,

        MARK MIGDAL & HAYDEN
        80 SW 8th Street
        Suite 1999
        Miami, FL 33130
        Telephone: 305-374-0440

By: *s/ Etan Mark*_____
    Etan Mark, Esq.
    Florida Bar No. 720852
    etan@markmigdal.com
    Donald J. Hayden, Esq.
    Florida Bar No. 097136
    don@markmigdal.com
    Lara O'Donnell Grillo, Esq.
    Florida Bar No. 37735
    lara@markmigdal.com
    eservice@markmigdal.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with Steven Davis, counsel for PDVSA, in a good faith effort to resolve the issues raised in this Motion but has been unable to resolve the issues.

By: *s/ Etan Mark*_____
Etan Mark, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of March 2018, the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, via Electronic mail.

By: *s/ Etan Mark*_____
Etan Mark, Esq.

## SERVICE LIST

**Steven W. Davis, Esq.**
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street
Suite 2800 Bank of America Tower
Miami, FL 33131-2144
Telephone: 305-539-8400
Fax: 539-1307
Email: sdavis@bsfllp.com
*Attorneys for Plaintiff*

**David Boies, Esq.**
**David A. Barrett, Esq.**
**BOIES SCHILLER FLEXNER LLP**
575 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350
Email: dboies@bsfllp.com
Email: dbarrett@bsfllp.com
*Attorneys for Plaintiff*

**George F. Carpinello, Esq.**
**BOIES SCHILLER FLEXNER LLP**
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Fax: (518) 434-0665
Email: gcarpinello@bsfllp.com
*Attorney for Plaintiff*

**Helen M. Maher, Esq.**
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Fax: (914) 749-8300
Email: hmaher@bsfllp.com
*Attorney for Plaintiff*