UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 17-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

      Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Ex Parte Motion for (1) an Extension of Time for Service and (2) Authorization for Alternate Service [ECF No. 72] ("Motion"). The Court has reviewed the Motion and the applicable law and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

### I. EXTENSION OF TIME

Plaintiff first seeks an extension of time to effectuate service of this Court's March 5, 2018 Order, which mandated that it be served within seven (7) days of that Order being entered. [ECF No. 9, at 5]. In light of the difficulty of serving certain defendants and because the Court has postponed the Preliminary Injunction Hearing until April 4, 2018, the Court finds good cause to grant an extension of time to effectuate service of that Order to March 23, 2018.

### II. ALTERNATE SERVICE

Next, Plaintiff seeks an order granting alternate service as to certain individual defendants[1]

---

[1] The Court notes that it is unclear exactly what set of individual Defendants are included in Plaintiff's request for alternate service. Plaintiff mentions two Defendants—Sergio De La Vega and Maximiliano Povedo—in Footnote 2 of the Motion relating to the request for extension of time but does not include these Defendants in its request for substituted service. The Court thus does not analyze the appropriateness of alternate service as to these two Defendants.

and several foreign corporations. Rule 4(f) of the Federal Rules of Civil Procedure—which governs service on defendants outside of the United States[2]—provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f). Relevant to the particular Defendants for whom Plaintiff seeks alternate service, Switzerland and Venezuela are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters Done at the Hague, Netherlands, Nov. 15, 1965, 658 U.N.T.S. 163. Nevertheless, Plaintiff asks this Court to authorize alternate service pursuant to Rule 4(f)(3)—that is, "by other means not prohibited by international agreement, as the court orders." Specifically, Plaintiff wishes to serve certain

---

[2] "Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

individual defendants by email or by first class mail to their last known address, and to serve certain foreign corporate defendants by serving their U.S. affiliates.

While it is true that the Ninth Circuit found service pursuant to Rule 4(f)(3) to be "neither a 'last resort,' nor 'extraordinary relief,'" the Court expressly "commit[ted] to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–16 (9th Cir. 2002).

Plaintiff alleges that alternate service is necessary in this case for a number of reasons. First, as to the individual Defendants, Plaintiff alleges that it "believe[s] that some of the individual Defendants are outside the United States and are avoiding returning to the United States to evade service" and that certain "Defendants either have not been located or are not presently at a known post office address." [ECF No. 72, at 4–6]. As to the corporate Defendants for whom Plaintiff seeks alternate service, Plaintiff indicates that "Defendants located in Switzerland must, by Swiss Law, be served by the procedures of the Hague Convention which will take up to three months, unless the Court orders substituted service." [ECF No. 72, at 4].

The Court finds the request for alternate service premature in this case. In each of the cases relied on by Plaintiff in support of its Motion, the plaintiff had made substantial efforts to serve the defendants through traditional methods, and had offered a much more robust explanation for why alternative service was necessary. *See, e.g., City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, No. 08-23317, 2010 WL 11527263, at *1 (S.D. Fla. July 22, 2010) (describing multiple attempts over a number of months to serve defendants located in Brazil pursuant to the Hague Convention). Here, Plaintiff attempted service over the course of just four days, and then immediately asked for the Court's intervention

3

authorizing alternate service. The Court finds that there has been neither a sufficient effort to serve by traditional means nor an adequate showing that alternate service is necessary in this case.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Ex Parte Motion for (1) an Extension of Time for Service and (2) Authorization for Alternate Service [ECF No. 72] is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff's Motion as to extension of time to serve is **GRANTED**. Plaintiff shall serve this Court's March 5, 2018 Order on or before March 23, 2018;

3. Plaintiff's Motion as to alternate service is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of March, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE