# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>Plaintiff,<br><br>v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL, A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>Defendants. | Case No. 1:18-cv-20818 (DPG) |

# DEFENDANT VITOL, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR AUTHORIZATION FOR ALTERNATE SERVICE

Defendant Vitol, Inc. ("VIC") respectfully requests that Plaintiff PDVSA US Litigation Trust (the "Trust")'s motion for alternate service be denied. Dkt. 72.[1]  The Trust seeks to serve Vitol, S.A. ("VSA"), a corporation organized and headquartered in Switzerland, by way of service upon VIC—a separate and distinct third-party company organized in Delaware and headquartered in Houston, Texas—simply to avoid following the ordinary course of serving judicial process abroad.  But VIC and VSA have no parent or subsidiary relationship, and the Trust has failed to demonstrate why the circumstances of this case necessitate judicial intervention to serve VSA.

In order to serve process on VSA in Switzerland, the Trust is required to follow the rules for service of process as set forth by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention").  Yet, rather than attempting to comply with the Hague Convention, the Trust rushes to this Court for *ex parte* judicial intervention on the sole basis that service of process in Switzerland may take "up to three months."  Motion at 5.  That is a plainly insufficient reason to circumvent a treaty and resort to alternate methods of service.

The Supreme Court has previously stated that "compliance with the [Hague] Convention is mandatory in all cases to which it applies[.]" *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *see also* Advisory Committee Notes to 1993 Amendments to Rule 4(f) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").  Yet, the Trust provides no evidence that it has even attempted to serve VSA in compliance with the Hague Convention.  The Trust does not suggest

---

[1]  In filing this opposition to the Trust's motion, Vitol, Inc. expressly reserves all claims, defenses, and objections, including but not limited to defenses or objections to personal and subject matter jurisdiction, venue, service of process, and any other claims, defense, or objection, and do not by making this opposition to the Trust's motion waive any claim, defense, or objection, including but not limited to jurisdictional defenses and those raised under Federal Rule of Civil Procedure 12.

that VSA is evading service of process in any respect, nor does the Trust proffer facts showing that it would be impossible for it to effect service pursuant to the Hague Convention.  Instead, the Trust's sole justification is that the service of process under the Hague Convention—which is "mandatory in all cases to which it applies"—takes longer than the Trust is willing to wait.  This Court should not be swayed.

A plaintiff seeking an order pursuant to FRCP 4(f)(3) must "demonstrate that the facts and circumstances of the … case necessitate[] the district court's intervention."  *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  In *Rio Properties*, the Ninth Circuit held that judicial intervention was necessary only because the plaintiff "presented the district court with its inability to serve an elusive international defendant, striving to evade service of process."  *Id.* at 1016; *accord Fujitsu Ltd. V. Belkin International, Inc.*, 782 F. Supp. 2d 868, 880 (N.D. Cal. 2011) (rejecting alternate service pursuant to Rule 4(f)(3) in the absence of evidence that foreign defendants were trying to evade service).

Here, the Trust has provided no basis for the Court to make the threshold determination that VSA has been eluding or evading service of process.  Instead, the Trust justifies it request based upon the speediness of service of process in accordance with the Hague Convention.  This argument should be rejected for several reasons.

*First*, a foreign defendant is within its rights to insist upon service that complies with its government's due process laws.  In *Fujitsu Limited*, counsel for foreign defendants refused to waive service for the complaint, yet the court agreed that the plaintiff "ha[d] not presented any facts to suggest that [defendants] are evading service" because the defendants had not "shown any unwillingness to accept service in conformity with Taiwanese law."  *Id.*  Likewise, the Trust

has failed to demonstrate any unwillingness by VSA to accept service of process in accordance with the laws of Switzerland and the Hague Convention.

*Second*, there is nothing inherent about service of process in accordance with the Hague Convention that is either prohibitively costly or time consuming. It is the prescribed method of service for foreign defendants. If the Trust wishes to serve VSA, then it must comply with the provisions of the Hague Convention to do so. Indeed, other plaintiffs in federal court have served defendants in Switzerland (and elsewhere) in accordance with the Hague Convention without encountering any undue burden. *See, e.g.*, *Sarandi v. Breu*, No. 4:08-CV-02118 (N.D. Cal., Jan. 12, 2009) (Dkt. 27) ("Under the Hague Convention, service on individual defendants is typically effected through the designated Central Authority of the Contracting State where a defendant resides . . . Pursuant to this process, plaintiff successfully served Novartis in Switzerland.").

Moreover, other courts have found that speed cannot justify an alternate means of service without first attempting service under the Hague Convention. *U.S. Aviation Underwriters, Inc. v. Nabtesco Corp.*, Case No. 07-CV-1221, 2007 U.S. Dist. LEXIS, at *5 (W.D. Wash. Oct. 11, 2007) (denying alternate service for individuals located in Japan simply because such service would be "much faster, thus moving this case forward in an expeditious and cost-effective manner"); *C&F Systems, LLC v. Limpimax, S.A.*, No. 1:09-cv-858, 2010 WL 65200, *2 (W.D. Mich. Jan. 6, 2010) ("[P]rinciples of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant."); *Jimena v. UBS AG Bank*, No. CV-F-07-367, 2010 WL 2465333, at *9, *10 (E.D. Cal. June 10, 2010) (refusing to authorize alternate service because plaintiff had not attempted to effect service through the Hague Convention).

4

Even if the Trust could demonstrate the necessity of judicial intervention, which it has not, the Trust has failed to demonstrate that its suggested alternative method of service is appropriate. The Trust's proposed alternate service of process on VSA is to instead provide service "upon [VIC] in Houston, Texas and registered agent in Florida." Motion at 5.

VIC, however, is a third-party company that is separate and distinct from VSA, *i.e.*, there is no subsidiary/parent relationship between VIC and VSA. They are two separate companies within a common corporate group, but neither is a parent or subsidiary of the other. Thus, the cases cited by the Trust regarding service via a corporate subsidiary are inapposite. Moreover, contrary to the Trust's implication, VIC is <u>not</u> designated as VSA's registered agent in Florida. Nearly a decade ago, following a corporate reorganization, VSA concentrated its business affairs outside of the United States and revoked VIC's authorization to accept service on its behalf. VIC should not be ordered to accept of service of process on VSA, as VIC is not authorized to do so.

Further, each of the cases cited by the Trust to support its argument to serve a corporate "affiliate" of a foreign defendant rather than comply with the Hague Convention is readily distinguished. *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237-38 (Fed. Cir. 2010) (service to a Russian defendant under the Hague Convention not possible because the "Russian Federation unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in 2003"); *Rio Props.*, 284 F.3d at 1016 (plaintiff presented evidence that foreign defendant strived to evade service of process so court permitted alternate service on the address the foreign defendant provided as its own in the United States); *Marks & Sokolov, LLC v. Mireskandari*, 2015 WL 1133788, *3 (E.D. Pa. Mar. 11, 2015) (party first attempted to serve foreign defendant at their London address and did not receive

confirmation of service from the British postal authorities); *Ackerman v. Global Vehicles U.S.A., Inc.*, 2011 WL 3847427 (E.D. Mo. Aug. 26, 2011) (plaintiff attempted to serve foreign defendant in accordance with the Hague Convention and was in contact with foreign defendant via their counsel); *1st Technology, LLC v. Digital Gaming Solutions*, 2009 WL 89463 (E.D. Mo. Mar. 30, 2009) (denying service on foreign defendant by alternate means); *In re Cathode Ray Tubes (CRT) Antitrust Litig.*, MDL No. 1917, No. 07-5944 SC, 2008 WL 4104341, at *1 (N.D. Cal. Sept. 3, 2008) (service on foreign defendant's domestic subsidiary permissible where domestic subsidiary was authorized under state law to accept service); *In re LDK Solar Sec. Litig.*, C No. 07-5182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008) (allowing alternate service upon domestic subsidiary because "plaintiffs have shown the difficulty of serving the unserved defendants located abroad" and defense counsel represented that "it might be impossible to serve some of the unserved defendants").

For the foregoing reasons, VIC respectfully submits that the Trust's motion should be denied.

[SIGNATURE ON THE NEXT PAGE]

Dated:  March 22, 2018     Respectfully Submitted,

*/s/Gerald E. Greenberg*     
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

and

MICHAEL KELSO (*pro hac vice pending*)
mkelso@susmangodfrey.com
ALEXANDER L. KAPLAN (*pro hac vice pending*)
akaplan@susmangodfrey.com
MICHAEL GERVAIS (*pro hac vice pending*)
mgervais@susmangodfrey.com
NEAL S. MANNE (*pro hac vice pending*)
nmanne@susmangodfrey.com
WESTON O'BLACK (*pro hac vice pending*)
woblack@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: 713-651-9366
Facsimile: 713.654.6666

*Counsel for Defendants Vitol, Inc., Vitol Energy*
*(Bermuda) Ltd and Antonio Maarraoui*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March 2018 a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties listed below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Steven W. Davis
sdavis@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
Bank of America Tower
100 SE 2nd Street - Suite 2800
Miami, FL 33131
Tele: 305-539-8400
Fax: 305-539-1307

David A. Barrettt
dbarrett@bsfllp.com
David Boies
dboies@bsfllp.com
Nicholas Gravante
ngravante@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
575 Lexington Avenue – 7th FL
New York, NY 10022
Tele: 212-446-2300
Fax: 212-749-8300

George Carpinello
gcarpinello@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
30 South Pearl Street – 11th FL
Albany, NY 12207
Tele: 518-434-0600

Etan Mark
etan@markmigdal.com
Donald J. Hayden
don@markmigdal.com
MARK MIGDAL & HAYDEN
80 SW 8th Street – Suite 1999
Miami, FL 33131
Tele: 305-374-0440

*Counsel for Defendant John Ryan*

Lara O'Donnell
lara@markmigdal.com
JORDEN BURT LLP
777 Brickell Avenue – Suite 500
Miami, FL 33131

*Counsel for Defendant John Ryan*

Jennifer G. Altman
Jennifer.altman@pillsburylaw.com
PILLSBURY WINTHROP SHAW
PITTMAN
600 Brickell Avenue – Suite 3100
Miami, FL 33131
Tele: 786-913-4900
Fax: 786-913-4901

*Counsel for Defendant John Doe, Material
Witness*

8

Helen M. Maher
hmaher@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, NY 10504
Tele: 914-749-8200
Fax: 914-749-8300

*Counsel for Plaintiff PDVSA US Litigation Trust*

David Kully
david.kully@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street N.W. – Suite 1100
Washington, DC 20006
Tele: 202-955-3000

Israel J. Encinosa
israel.encinosa@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue – Suite 3000
Miami, FL 33131

*Counsel for Daniel Lutz, Helsinge, Inc., Helsinge Ltd. and Saint-Helier*

Stephen F. Rosenthal
srosenthal@podhurst.com
Robert C. Josefsberg
rjosefsberg@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.:  305-358-2800
Fax:  305-358-2382

*Counsel for Defendants Glencore LTD and Gustavo Gabaldon*

Connor Mullin
cmullin@akingump.com
Stacey H. Mitchell
shmitchell@akingump.com
Mark J. MacDougall
mmacdougall@akingump.com
Thomas P. McLish
tmclish@akingump.com
Kimberly A. Pathman
kpathman@akingump.com
AKIN GUMP STRAUSS HAUER
& FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tele: (202) 887-4000

*Counsel for Defendants Francisco Morillo and Leonardo Baquero*

David M. Burkoff
dburkoff@huntermaclean.com
Allan C. Galis
agalis@huntermaclean.com
HUNTER, MACLEAN, EXLEY &
DUNN, P.C.
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412
Tele: 912-236-0261
Fax: 912-236-4936

*Counsel for Defendants Colonial Oil Industries, Inc., Colonial Group, Inc., and Paul Rosado*

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG