**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-20818-CIV-GAYLES**

PDVSA US LITIGATION TRUST,

         Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

         Defendants.

_____/

**DEFENDANTS' MOTION TO DEVIATE FROM THE COURT'S**
**MARCH 15 ORDER AND FOR LEAVE TO EXCEED PAGE LIMIT**

Defendants Helsinge Inc., Helsinge Ltd., and Daniel Lutz (collectively, "Defendants"),

through this limited appearance,[1] request (i) leave to deviate from the Court's Order [ECF No. 94]

requiring multiple defendants to file joint motions (which we understand includes opposition briefs

as well) with co-parties unless there are clear conflicts of position, and permit Defendants to file a

joint opposition to Plaintiff PDVSA US Litigation Trust's ("Plaintiff['s]") *Ex Parte* Motion for a

. . . Preliminary Injunction [ECF No. 5] ("Motion"), together only with the group of defendants

Plaintiff refers to as the "Morillo Group Defendants" but separate from the other 27 Defendants;

and (ii) leave for Defendants and other defendants within the so-called "Morillo Group

Defendants" group to file a joint opposition to Plaintiff's Motion in excess of the 20 page limit set

forth in Local Rule 7.1(c)(2). Defendants request an additional 15 pages, for a total of 35 pages.

In support of this request, Defendants state as follows:

---

[1]    In filing this Motion, Defendants do not waive or intend to waive any arguments, objections, defenses
or rights that may be available to them, including as to the sufficiency of service of process or whether this
Court has personal jurisdiction over Defendants.

1.      On March 15, 2018, the Court entered an Order notifying the parties that multiple defendants must file joint motions, which we recently learned includes opposition briefs.

2.      Defendants' opposition to Plaintiff's Motion is due on Monday, March 26, 2018 by 5:00 p.m.  (*See* Endorsed Order [ECF No. 90]).

3.      Defendants request leave from the Court for what Plaintiff has referred to as the "Morillo Group Defendants"—as defined by Plaintiff in its Motion[2] (*see* Mot. 4)—to be allowed to file a joint opposition to the Motion without having to coordinate with, and include arguments of, the other 27 defendants.  According to Plaintiff, the other defendants appear to fall into three different groups: the "Oil Company Conspirators,"[3] the "Individual Trader Conspirators,"[4] and the banks.[5]

4.      Plaintiff's indicated at the recent March 14, 2018 hearing: "that preliminary injunction relief that we're seeking . . . is something that only goes to the Morillo-grouped defendants."  (March 14 Hr'g Tr. 12:18–20).  Accordingly, it would be more efficient for Defendants to only have to coordinate the joint opposition filing with other defendants in the so-

---

[2]   Plaintiff's definition of the Morillo Group Defendants include 16 of the 43 defendants: (1) Francisco Morillo; (2) Leonardo Baquero; (3) Daniel Lutz; (4) Luis Liendo; (5) John Ryan; (6) Helsinge Holdings, LLC; (7) Helsinge, Inc.; (8) Helsinge Ltd. Saint-Helier; (9) Waltrop Consultants, C.A.; (10) Godelheim, Inc.; (11) Hornberg Inc.; (12) Societe Doberan, S.A.; (13) Societe Hedisson, S.A.; (14) Societe Hellin, S.A.; (15) Glencore de Venezuela, C.A.; and (16) Jehu Holding Inc.  (*See* Mot. 4).

[3]   Plaintiff's definition of the Oil Company Conspirators include 14 of the 43 defendants: (1) Lukoil Pan Americas LLC; (2) Lukoil Petroleum Ltd.; (3) Colonial Oil Industries, Inc.; (4) Colonial Group, Inc.; (5) Glencore Ltd.; (6) Glencore International, A.G.; (7) Glencore Energy UK Ltd.; (8) Masefield A.G.; (9) Trafigura A.G.; (10) Trafigura Trading LLC; (11) Trafigura Beheer B.V.; (12) Vitol Energy (Bennuda) Ltd.; (13) Vitol S.A.; and (14) Vitol, Inc.  (*See* Am. Compl. ¶ 63).

[4]   Plaintiff's definition of Individual Trade Conspirators include 8 of the 43 defendants: (1) Maximiliano Poveda; (2) Jose Larocca; (3) Andrew Summers; (4) Luis Alvarez; (5) Gustavo Gabaldon; (6) Sergio De La Vega; (7) Antonio Maarraou; and (8) Paul Rosado.  (*See id.* ¶ 66).

[5]   According to Plaintiff, the bank defendants include 3 of the 43 defendants: (1) BAC Florida Bank; (2) Blue Bank International N.V.; and (3) EFG International A.G. (*See id.* ¶ 68).

called "Morillo Group Defendants," and this would not interfere with judicial economy. The relief requested is also warranted given the relatively short time frame for responding to the Motion, the large number of named defendants, the fact that over the past many days a substantial number of attorneys have and continue to make appearances on behalf of named defendants, and many defendants have yet to be served and/or have appearances made on their behalves.

5.     Defendants also request leave to exceed the 20 page limit established in Local Rule 7.1(c)(2), by 15 pages, for a total of 35 pages for their combined response in opposition to the Motion. *See* S.D. FLA. L.R. 7.1(c)(2) ("Absent prior permission of the Court, neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages.").

6.     As explained in Defendants' Motion for Extension of Time [ECF No. 83], Defendants should be given a fair opportunity to oppose Plaintiff's preliminary injunction request. (*See id.* 3 (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 n.7 (1974) (stating a defendant should be "given a fair opportunity to oppose the [preliminary injunction] application")).

7.     To challenge the very broad relief sought by Plaintiff and to sufficiently brief for the Court the various reasons the Motion should be denied, Defendants require the additional pages due to (i) the number and complexity of the claims asserted and upon which Plaintiff's rely in their Motion (among other things Defendants need the additional pages to sufficiently brief issues such as Plaintiff's likelihood of success on various claims including under the Federal Computer Fraud and Abuse Act, the Federal Stored Communications Act, the Federal Racketeer Influenced and Corrupt Organizations Act, the Federal Racketeer Influenced and Corrupt Practices Act, the Florida Civil Remedies for Criminal Practices Act, and the Florida Uniform Trade Secrets Act);

(ii) a number of additional issues to be briefed, such as Plaintiff's standing to assert the claims presented; (iii) multiple issues raised in declarations and other documents attached to Plaintiff's Amended Complaint; and (iv) the number of defendants whose arguments in opposition to the Motion will need to be included in a single, combined response, which would include issues specific to various individual defendants.

8.      Accordingly, the 15 additional pages will allow Defendants to adequately address Plaintiff's arguments and will materially assist the Court in considering the parties' positions.

9.      This request is filed in good faith and will not prejudice Plaintiff.

10.     In accordance Local Rule 7.1(a)(2), this Motion is accompanied by a proposed order, a copy of which is also being submitted to the Court in Word format in accordance with Section 3I(6) of the CM/ECF Administrative Procedures. *See* S.D. FLA. L.R. 7.1(a)(2).

WHEREFORE, Defendants request that the Court enter an Order granting this motion permitting Defendants and other defendants within the so-called "Morillo Group Defendants" to file a combined opposition to Plaintiff's Motion, separate from other defendants, and allowing the combined opposition to exceed the 20 page limit by 15 pages, for a total of 35 pages.

Dated:  March 23, 2018                          Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Attorneys for Defendants Helsinge Inc., Helsinge Ltd., Saint-Hélier, and Daniel Lutz*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By**:** *s/Israel J. Encinosa*
     Israel J. Encinosa
     Florida Bar No. 0046083
     israel.encinosa@hklaw.com
     Alex M. Gonzalez
     Florida Bar No. 991200

alex.gonzalez@hklaw.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendants' counsel has attempted to confer with all counsel of record in a good-faith effort to resolve the issues raised in this motion.  We conferred with Plaintiff's counsel, who does not object to the requested relief.  We also conferred with counsel that have made appearances for the other defendants in the so-called "Morillo Group" and they agree to the requested relief.[6]  We also attempted to confer with the various attorneys who have made appearances on behalf of the multiple defendants as of the time of this filing.[7]  Although we have not heard back from all of them, all of those that have responded have indicated that they do not object to the relief requested.[8]

*s/Israel J. Encinosa*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

*s/Israel J. Encinosa*

---

[6]    Counsel for defendants Francisco Morillo and Leonardo Baquero asked that we note that they have made limited appearances on behalf of these defendants and do not waive or intend to waive any arguments, objections, defenses or rights that may be available to them, including as to the sufficiency of service of process or whether this Court has personal jurisdiction over them.

[7]    Defendants have been working diligently on preparing their opposition to the Motion and as part of that process have only recently determined approximately how many pages they would need and also only recently learned that the Court's March 15, 2018 Order applies not only to motions, but to opposition briefs as well.

[8]    Counsel for Glencore Ltd. and Gustavo Gabaldon asked us to communicate to the Court that they "have no objection to []our application, provided the same procedure would apply to the Glencore-related defendants for the same reasons, that is, that they would be entitled to file a separate submission on their behalf."