## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>    Plaintiff,<br><br>  v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL, A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>    Defendants. | Case No. 1:18-cv-20818 (DPG) |

## DEFENDANTS VITOL, INC., VITOL ENERGY (BERMUDA) LTD.
## & ANTONIO MAARRAOUI'S OPPOSITION TO PLAINTIFF'S
## *EX PARTE* MOTION FOR A PRELIMINARY INJUNCTION

Defendants Vitol Inc., Vitol Energy (Bermuda) Ltd., and Antonio Maarraoui (collectively, the "Vitol Defendants"),[1] file this brief in opposition to Plaintiff PDVSA US Litigation Trust's (the "PDVSA Trust") motion for a preliminary injunction.[2]

## INTRODUCTION

The PDVSA Trust has not carried its burden to justify a preliminary injunction against the Vitol Defendants.  To obtain a preliminary injunction on document preservation, the PDVSA Trust was required to make a "showing of necessity" by demonstrating "that relevant and existing evidence" in the possession of the Vitol Defendants "[i]s in danger of being destroyed." *Robinson v. Gielow*, 3:14cv223/LAC/EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015); *see also Martinick v. Media Visions, Inc.*, 13-61148-CIV, 2013 WL 12049083, at *2 (S.D. Fla. Nov. 21, 2013) (denying a preservation order and holding "[b]ased upon the testimony presented, the Plaintiffs have not sufficiently established that evidence is in danger of being lost or destroyed").  The PDVSA Trust has wholly failed to make this required showing.  Indeed, the PDVSA Trust's brief in support of its motion for preliminary injunction does not contain *any* allegations against the Vitol Defendants, let alone evidence that "any risk of destruction actually exists." *Robinson*, 2015 WL 4459880, at *3.

The requested injunctive relief is also unnecessary, at least as to the Vitol Defendants. As the Court observed at the March 14 hearing, even in the absence of a preliminary injunction,

---

[1] To the Vitol Defendants' knowledge, Plaintiffs have not yet even attempted to serve Defendant Vitol S.A. ("VSA") through the Hague Convention, despite pursuing multiple *ex parte* motions against it. Although VSA has not even been served and has not appeared, the Vitol Defendants respectfully submit that all of their arguments here apply equally to VSA.

[2] In filing this opposition, the Vitol Defendants expressly reserve and do not waive all claims, defenses, and objections, including but not limited to defenses or objections to personal and subject matter jurisdiction, venue, service of process, and all defenses under Federal Rule of Civil Procedure 12.

federal law obligates all parties to preserve relevant evidence.  "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence," unless there is a "showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result."  *Young v. Facebook, Inc.*, 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010).  The PDVSA Trust does not even allege, let alone support, any basis for legitimate concern about document preservation by the Vitol Defendants.  There is none.  Since receiving notice of this suit, the Vitol Defendants have already taken appropriate steps to preserve relevant documents, including by issuing litigation hold notices, investigating and preserving potential sources of relevant information, reviewing their electronic and physical document systems and retention policies to disable any automatic deletion policies that could apply to documents potentially relevant to the allegations in this case. There is no basis for an injunction.  *See Artec Grp. v. Klimov*, No. 15-cv-03449-RMW, 2016 WL 4474614, at *3 (N.D. Cal. Aug. 25, 2016) ("Defendants in this case acknowledge their existing obligation to preserve discoverable evidence . . . .  The court has no basis for concluding that defendants are incapable of fulfilling these obligations.").

The Court should also deny the requested relief because the PDVSA Trust has not complied with the Court's directive at the March 14 hearing to meet and confer with the Vitol Defendants on a potential stipulated preservation order. Since that hearing, the Vitol Defendants have sent the PDVSA Trust three proposals for an agreed preservation order.  The PDVSA Trust has provided no substantive comments in response. *See Rogers v. Universal Ct. Reporting, Inc.*, No. 13-61653, 2014 WL 12628472, at *1 (S.D. Fla. Jan. 7, 2014) ("Under these facts, the Court

3

finds that Defendants' counsel failed to have a give-and-take exchange with Plaintiff's counsel, and such a failure is grounds to deny Defendants' Motion.").

Finally, if the Court ultimately determines that a preservation order is necessary, any such order should apply equally to the PDVSA Trust and PDVSA itself, the real party in interest in the transactions at issue in the Amended Complaint and the entity that allegedly sustained the harms for which the PDVSA Trust purports to seek relief in this case. It will be PDVSA's bid and contract files, electronic communications, and other records that will be at issue in this case, not merely the records of the PDVSA Trust, an opaque litigation vehicle that purports to seek relief on PDVSA's behalf. The PDVSA Trust and PDVSA must be subject to the same document preservation obligations that plaintiff's counsel seek to impose on other parties. Also, any preservation order should tie the parties' preservation obligations to the well-developed federal case law on document preservation. That will provide important guidance about what is (and is not) required of all parties.[3] The Vitol Defendants' proposed agreed order, attached as Exhibit A, addresses these three issues.[4]

The Court should deny the PDVSA Trust's motion for preliminary injunction as to the Vitol Defendants.

---

[3] The Vitol Defendants understand the PDVSA Trust's request for a preliminary injunction ordering seizure of evidence and freezing of assets to apply only to the "Morillo Group Defendants."

[4] The Vitol Defendants proposed a stipulation and later agreed to enter into an agreed order. *See infra* Ex. E. Exhibit A accepts the redlines the Vitol Defendants sent but is otherwise identical to the Vitol Defendants' proposal to the PDVSA Trust.

## ARGUMENT

### I.     Plaintiffs Failed to Meet Their Burden for a Preliminary Injunction

#### A.     *Plaintiffs Have Made No Showing that Any Potentially Relevant Evidence with the Vitol Defendants Is at Risk of Being Lost or Destroyed*

To justify the preliminary injunction it seeks, the PDVSA Trust must demonstrate "a specific, imminent threat supported by the record" that the Vitol Defendants will destroy evidence absent a preservation order.  *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 437–38 (W.D. Pa. 2004); *Artec Grp. v. Klimov*, No., 15-cv-03449-RMW, 2016 WL 4474614, at *2 (N.D. Cal. Aug. 25, 2016) (quoting *Capricorn*'s standard); *see also Lopez v. Cate*, No. 1:10-cv-01773, 2014 WL 3615480, *2 (E.D. Cal. July 21, 2014) ("Plaintiff has not shown that a preservation order is needed due to any actual risk that specific evidence will be lost or destroyed during the pendency of this action. Generalized, unsupported concerns simply do not suffice." (citations omitted)).  The PDVSA Trust has not remotely carried this burden as to the Vitol Defendants.

Indeed, the PDVSA Trust's motion for preliminary injunction does not make ***even a single allegation*** (let alone provide factual support) that evidence in the custody of the Vitol Defendants is "in danger of being lost or destroyed."  *Robinson*, 2015 WL 4459880, at *3. Courts routinely deny applications for document preservation orders where, as here, the plaintiff fails to make this required showing:

- In *Robinson*, 2015 WL 4459880, at *3, the court refused to enter a document preservation order because the plaintiff's motion was "not premised on any showing that relevant and existing evidence was in danger of being destroyed at the time he filed his motion (on January 12, 2015), or that a current risk of destruction actually exists."

- In *Artec*, 2016 WL 4474614, at *2, the court denied a preservation order and explained that "Plaintiff presents no evidence that defendants have spoliated evidence or intend to do so in the future, and the court is not convinced that the possibility that defendants might benefit from spoliating evidence justifies a preservation order."

- In *Contemporary Servs. Corp. v. Landmark Event Staffing*, No. SACV 09-0681 AG (ANx), 2009 WL 10674346, at *2 (C.D. Cal. June 25, 2009), the court similarly denied a preservation order, holding that "CSC cannot establish that a preservation order is warranted here. As Defendants point out, CSC has failed to make an affirmative showing that the evidence in question here will likely be lost without a preservation order."

Here, regardless of the merits or lack thereof of the PDVSA Trust's allegations against the "Morillo Group Defendants," the PDVSA Trust has made no similar claims against the Vitol Defendants.  Nowhere in its brief in support of its motion for a temporary restraining order and preliminary injunction, its sixty-page complaint, or the two supporting declarations does the PDVSA Trust make any allegation that *the Vitol Defendants* are likely to destroy evidence absent a preservation order or have destroyed evidence in the past.

The PDVSA Trust has thus failed to meet its burden as to the Vitol Defendants, and its motion for a preliminary injunction should be denied.  *See Martinick*, 2013 WL 12049083, at *2 (denying a preservation order and holding "[b]ased upon the testimony presented, the Plaintiffs have not sufficiently established that evidence is in danger of being lost or destroyed"); *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1072 (C.D. Cal. 2009) ("ALN has presented absolutely no evidence that any relevant information has been lost or destroyed."); *Best v. AT&T, Inc.*, No. 1:12-cv-564, 2014 WL 1923149, at *2 (S.D. Ohio May 14, 2014) ("There is no evidence to support plaintiff's speculative assertion that the defendants will destroy the requested discovery.").

    B.    *Plaintiffs Have Made No Showing that Existing Federal Law Governing Preservation Is Insufficient*

The PDVSA Trust has also failed to explain why a preservation order is necessary in light of the parties' existing preservation obligations under federal law.  *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should

6

have known that the evidence may be relevant to future litigation." (quoting *Fujitsu v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001))).

In particular, the PDVSA Trust has not explained what specific additional or different preservation obligations it seeks to impose on defendants through its proposed preservation injunction from the preservation obligations all parties have under existing federal law—much less why any such additional or different obligations are necessary here. *See Young*, 2010 WL 3564847, at *1 (explaining that "[p]arties to a civil action in federal court are under a duty to preserve evidence that they know is relevant or reasonably could lead to the discovery of admissible evidence," and denying a request for a preservation order where, as here, "Plaintiff does not demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence in the instant case").

As numerous courts have held denying similar motions, this Court can address any preservation disputes that may arise (in the context of specific discovery issues) without the need for a preliminary injunction on document preservation. *See, e.g.*, *Robinson*, 2015 WL 4459880, at *4 ("The duty to preserve evidence, backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." (citation omitted)); *Prof'l Merchant Advance Capital, LLC v. C Care Servs., LLC*, No. 13 Civ. 6562 (RJS), 2013 WL 12109397, at *3 (S.D.N.Y. Oct. 2, 2013) ("Moreover, the destruction of any relevant evidence at this point could entitle Plaintiffs to an adverse inference instruction. Plaintiff has therefore shown neither that a preservation order is necessary nor that the destruction of the evidence would actually prejudice Plaintiff."  (citation omitted)).

C.  *The Vitol Defendants Have Taken Steps to Preserve Evidence that Preclude an Injunction under the Case Law*

The requested injunctive relief is also unnecessary because there is no legitimate basis to conclude the Vitol Defendants will not comply with the obligation of all parties to preserve documents potentially relevant to the claims and defenses in the case.  To the contrary, since receiving notice of the complaint, the Vitol Defendants have taken appropriate measures to preserve documents.  That includes issuance of litigation hold notices by Vitol Inc., Vitol Energy (Bermuda) Ltd., and as-yet-unserved Vitol S.A.  It also includes investigation and preservation of potential sources of relevant information, review of electronic and physical document systems and retention policies to disable any automatic deletion policies that could apply to documents potentially relevant to the allegations in this case.

In these circumstances, there is no basis for injunctive relief.  *See Robinson*, 2015 WL 4459880 (denying a preliminary injunction on document preservation where "Defendants' counsel state[d] that upon being assigned this case, he 'ordered all evidence known to have relevance to this case'" and holding "thus, efforts to preserve known, relevant, existent evidence have already been undertaken"); *Lopez v. Cate*, No. 1:10-cv-01773-AWI-SKO (PC), 2014 WL 3615480, at *2 (E.D. Cal. July 21, 2014) ("Defendants have a duty to preserve evidence, and Defendants represent that counsel issued a 'litigation hold letter,' which notified the prison's case records manager of the requirement that Plaintiff's central and medical files and other case-related documents and evidence be preserved."); *Artec*, 2016 WL 4474614, at *3 ("Defendants in this case acknowledge their existing obligation to preserve discoverable evidence . . . .  The court has no basis for concluding that defendants are incapable of fulfilling these obligations."); *Madden v. Wyeth*, No. 3-03-CV-0167-R, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003)

("Plaintiffs do not allege, much less prove, that defendants will flaunt their obligation under the federal rules without a preservation order.").

The Vitol Defendants' efforts to preserve documents demonstrate that the federal rules are more than sufficient to ensure preservation of relevant documents here.  The Trust has thus failed to meet its burden to justify a preliminary injunction.

## II.      The PDVSA Trust Failed to Meet and Confer

The PDVSA Trust should not be granted emergency relief given its failure to comply with the Court's directive to meet and confer with the Vitol Defendants.  At the March 14 hearing on the Trust's application to "expand" the temporary restraining order, the Court explained that it would not extend the order to the Vitol Defendants or to BAC Florida Bank ("BAC"), so as to permit the PDVSA Trust, the Vitol Defendants, and BAC to meet and confer on an agreed preservation order.  Since that hearing, Vitol Defendants have sent the Trust three proposed stipulations on document preservation, but the PDVSA Trust has not provided any substantive response to these proposals.  *See* Ex. B–E.

Instead of engaging in substantive discussion, the PDVSA Trust sent one proposal that was identical to the TRO and one proposal that was identical to the Court's March 16 Preservation Order, without responding at all to the additional language and suggested changes proposed by the Vitol Defendants.  The Vitol Defendants pressed the PDVSA Trust to engage meaningfully and confer before the Court's March 16 deadline; in response, the PDVSA Trust asked for more time to consider the proposal, and the Vitol Defendants and BAC agreed. Nonetheless, and despite additional follow-up thereafter by the Vitol Defendants, the PDVSA Trust (the party seeking purportedly emergency relief) has still not substantively responded to the Vitol Defendants' proposals.  *See* Ex. F.

The PDVSA Trust's failure to meet and confer independently justifies denial of the requested preliminary injunction. For it has now been approximately three weeks since the Vitol Defendants were served with the Amended Complaint, and they have not been subject to the TRO or the Court's subsequent preservation order—but rather have been subject to the same federal law preservation obligations that apply to all parties in every case. The fact that the PDVSA Trust has ignored repeated attempts to meet and confer on an agreed preservation order over the past two weeks "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury," *Burger v. Hartley*, No. 11-62037-CIV, 2011 WL 6826645, at *2 (S.D. Fla. Dec. 28, 2011), from proceeding under the same federal law that applies in every case.

### III. Alternatively, Any Preservation Order Should Apply Equally to All Parties and Tie to the Parties' Obligations to Existing Federal Law

To the extent the Court concludes a preservation order is necessary, the Court should enter an order substantially in the form of Exhibit A. Exhibit A makes three key changes to the Plaintiffs' proposed preservation order.

*First*, the attached order makes the parties' preservation obligations mutual. It does not, as does the relief the PDVSA Trust seeks, apply only to defendants, but rather applies equally to all parties in this case. If the Court decides to enter a preservation order, it should apply to the PDVSA Trust just as much as it applies to the Vitol Defendants.

*Second*, any preservation order should also extend to PDVSA itself and not merely to the PDVSA Trust, which is the opaque litigation vehicle that has appeared in this Court. PDVSA, not the PDVSA Trust, is the real party in interest in the various transactions at issue in the Amended Complaint and the entity that allegedly sustained the harms for which the PDVSA Trust purports to seek relief in this case. The PDVSA Trust to date has made no allegations and

10

provided no evidence of the basis for its purported authority (if any) to bring claims on behalf of PDVSA. Given the PDVSA Trust's allegations and claims in this case, there necessarily will be critical discovery taken from PDVSA itself. That includes discovery of PDVSA's bid and contract files, electronic communications of PDVSA officers and employees, and numerous other categories of PDVSA records.

Importantly, because the PDVSA Trust is purporting to assert claims for harm to PDVSA, the PDVSA Trust stands in the shoes of PDVSA for discovery purposes and is obligated to ensure PDVSA is preserving evidence relevant to the claims and defenses at issue. *See JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (requiring assignees to produce its assignor's documents because "the assignees are suing in the shoes of the original lenders, having purchased the right to bring the lawsuit, there is nothing unfair about imposing on them the cost of purchasing cooperation or otherwise complying with discovery obligations"); *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997) ("It would be patently unfair if [the assignee] were able to continue to discover relevant information from [its adversary] while relegating [its adversary] to seek information from [the assignor] as a non-party"); *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992) (courts treat both the "assignor and the assignee as parties for discovery") (citing *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968) (internal citations omitted)). Any preservation order should reflect these obligations.

*Third*, the attached preservation order ties the parties' obligations to existing federal law on document preservation. That is important because the well-developed background of federal preservation law provides the parties with extensive decisional guidance on the parties' obligations that will be missing under a stand-alone preservation order.

## CONCLUSION

The PDVSA Trust's motion for a preliminary injunction against the Vitol Defendants should be denied.

Respectfully submitted,

**GELBER SCHACHTER & GREENBERG, P.A.**

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ADAM M. SCHACHTER
Florida Bar No. 647101
aschachter@gsgpa.com
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

*Counsel for Vitol Inc., Vitol Energy (Bermuda) Ltd., and Antonio Maarraoui*

**SUSMAN GODFREY, LLP**

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

s/ Neal S. Manne
*Admitted pro hac vice*
nmanne@susmangodfrey.com

s/ Alex Kaplan
*Admitted pro hac vice*
akaplan@susmangodfrey.com

s/ Weston O'Black
*Admitted pro hac vice*
woblack@susmangodfrey.com

s/ Michael Kelso
*Admitted pro hac vice*
mkelso@susmangodfrey.com

s/ Michael Gervais
*Admitted pro hac vice*
mgervais@susmangodfrey.com

*Counsel for Vitol Inc., Vitol Energy (Bermuda) Ltd., and Antonio Maarraoui*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2018, a true and correct copy of the foregoing is being electronically filed with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties listed below, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG

## SERVICE LIST

Steven W. Davis
sdavis@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
Bank of America Tower
100 SE 2nd Street - Suite 2800
Miami, FL 33131
Tele: 305-539-8400
Fax: 305-539-1307

David A. Barrettt
dbarrett@bsfllp.com
David Boies
dboies@bsfllp.com
Nicholas Gravante
ngravante@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
575 Lexington Avenue – 7th FL
New York, NY 10022
Tele: 212-446-2300
Fax: 212-749-8300

George Carpinello
gcarpinello@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
30 South Pearl Street – 11th FL
Albany, NY 12207
Tele: 518-434-0600

Helen M. Maher
hmaher@bsfllp.com
BOIES SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, NY 10504
Tele: 914-749-8200
Fax: 914-749-8300

*Counsel for Plaintiff PDVSA US Litigation Trust*

Etan Mark
etan@markmigdal.com
Donald J. Hayden
don@markmigdal.com
MARK MIGDAL & HAYDEN
80 SW 8th Street – Suite 1999
Miami, FL 33131
Tele: 305-374-0440

*Counsel for Defendant John Ryan*

Lara O'Donnell
lara@markmigdal.com
JORDEN BURT LLP
777 Brickell Avenue – Suite 500
Miami, FL 33131

*Counsel for Defendant John Ryan*

Jennifer G. Altman
Jennifer.altman@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN
600 Brickell Avenue – Suite 3100
Miami, FL 33131
Tele: 786-913-4900
Fax: 786-913-4901

*Counsel for Defendant John Doe, Material Witness*

David Kully
david.kully@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street N.W. – Suite 1100
Washington, DC 20006
Tele: 202-955-3000

Israel J. Encinosa
israel.encinosa@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue – Suite 3000
Miami, FL 33131

*Counsel for Daniel Lutz, Helsinge, Inc.,*
*Helsinge Ltd. and Saint-Helier*

Stephen F. Rosenthal
srosenthal@podhurst.com
Robert C. Josefsberg
rjosefsberg@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Tel.:  305-358-2800
Fax:  305-358-2382

*Counsel for Defendants Glencore LTD*
*and Gustavo Gabaldon*

Adam B. Schwartz
aschwartz@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
2001 K Street, NW
Washington, DC 20006-1047
Tele: (202) 223-7341

*Counsel for Defendants Glencore LTD*
*and Gustavo Gabaldon*

Connor Mullin
cmullin@akingump.com
Stacey H. Mitchell
shmitchell@akingump.com
Mark J. MacDougall
mmacdougall@akingump.com
Thomas P. McLish
tmclish@akingump.com
Kimberly A. Pathman
kpathman@akingump.com
AKIN GUMP STRAUSS HAUER
& FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tele: (202) 887-4000

*Counsel for Defendants Francisco Morillo*
*and Leonardo Baquero*

Benjamine Reid
breid@carltonfields.com
Carlton Fields Jorden Burt
100 SE 2nd Street – Suite 4200
Miami, FL 33131
Tele: 305-530-0050

*Counsel for Defendants Colonial Oil*
*Industries, Inc., Colonial Group, Inc., and*
*Paul Rosado*

Nicolas Swerdloff
nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg
jeffrey.goldberg@hugheshubbard.com
HUGHES HUBBARD & REED LLP
201 South Biscayne Blvd., Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Counsel for Defendant BAC Florida Bank*

Brad S. Karp
bkarp@paulweiss.com
Bruce Birenboim
bbirenboim@paulweiss.com
Jessica S. Carey
jcarey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019
Tele: (212) 373-3000

*Counsel for Defendants Glencore LTD and Gustavo Gabaldon*

Edward Mullins
emullins@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

*Counsel for Defendant, Trafigura Trading, LLC*

David M. Burkoff
dburkoff@huntermaclean.com
Allan C. Galis
agalis@huntermaclean.com
Heather H. Lundy
hlundy@huntermaclean.com
HUNTER, MACLEAN, EXLEY &
DUNN, P.C.
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412
Tele: 912-236-0261
Fax: 912-236-4936

*Counsel for Defendants Colonial Oil Industries, Inc., Colonial Group, Inc., and Paul Rosado*

Jorge D. Guttman
jguttman@gunster.com
Jonathan H. Kaskel
jkaskel@gunster.com
GUNSTER
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
Tel: (305) 376-6054
Fax: (305) 376-6010

*Counsel for Defendant Lukoil Pan Americas LLC*

*/s/Gerald E. Greenberg*
GERALD E. GREENBERG