IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **PDVSA US LITIGATION TRUST,** )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>) Case No. 1:18-cv-20818-DPG<br>**LUKOIL PAN AMERICA, LLC, et al.,** )<br>)<br>  Defendants. )<br>) | |

### LIMITED OPPOSITION OF DEFENDANTS COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. AND PAUL ROSADO TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendants Colonial Group, Inc. ("CGI"), Colonial Oil Industries, Inc. ("COI") and Paul Rosado ("Rosado" and, with CGI and COI, the "Colonial Defendants") submit this limited opposition to Plaintiff's motion for a preliminary injunction (Dkt. # 5), showing as follows:

1. Plaintiff's motion is primarily directed at certain defendants identified by Plaintiffs as the "Morillo Group Defendants," and not at the Colonial Defendants.

2. However, at page 3 of its motion, Plaintiff seeks an order that would restrain "all Defendants," including the Colonial Defendants, "from removing, alienating, destroying, altering, secreting, mutilating, erasing, concealing, transferring or otherwise disposing of any of their records, documents, communications or notes, either electronic or hard copy, relating in any way to PDVSA." (Dkt. # 5 at 3).

3. The Colonial Defendants are aware of, and are complying with, their common law document preservation obligations, which encompass the relief sought by Plaintiff as to them. *See*, *e.g.*, Managed Care Sols., Inc. v. Essent Healthcare, Inc., 736 F. Supp. 2d 1317, 1324 (S.D.

Fla. 2010) ("the law imposes a duty upon litigants to keep documents that they know, or reasonably should know, are relevant to the matter" (citation omitted)).

4. Plaintiff's requested relief as to the Colonial Defendants is therefore unnecessary and would, in fact, unduly accelerate the orderly process for discussing and resolving any preservation issues in connection with the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f)(2) (parties are to "discuss any issues about preserving discoverable information"); Fed. R. Civ. P. 26(f)(3) ("discovery plan must state the parties' views and proposals on … any issues about disclosure, discovery, or preservation of electronically stored information ….").

5. There is nothing unique about Plaintiff's allegations or claims against the Colonial Defendants that might warrant a departure from the framework for preservation set forth in relevant case law and in Rule 26(f).

WHEREFORE, the Colonial Defendants respectfully oppose Plaintiff's motion to the extent it seeks preliminary injunctive relief directed at them.

Dated: March 26, 2018 Respectfully submitted,

*/s/Benjamine Reid*
Benjamine Reid
Florida Bar Number 183522
CARLTON FIELDS JORDEN BURT, P.A.
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055
Email: breid@carltonfields.com

and

>David M. Burkoff (*Admitted Pro Hac Vice*)
>Allan C. Galis (*Admitted Pro Hac Vice)*
>Heather H. Lundy (*Admitted Pro Hac Vice*)
>HUNTER, MACLEAN, EXLEY & DUNN, P.C.
>200 E. Saint Julian Street
>P.O. Box 9848
>Savannah, GA 31412-0048
>Tel: (912) 236-0261
>Fax: (912) 236-4936
>Email: dburkoff@huntermaclean.com
>       agalis@huntermaclean.com
>       hlundy@huntermaclean.com
>*Attorneys for Colonial Group, Inc.,*
>*Colonial Oil Industries, Inc. and Paul Rosado*

## CERTIFICATE OF SERVICE

I CERTIFY that on the 26th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

>*/s/Benjamine Reid*
>Benjamine Reid

3