**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 18-20818-CIV-GAYLES**

PDVSA US LITIGATION TRUST,

        Plaintiffs,

v.

LUKOIL PAN AMERICAS LLC, et al.,

        Defendants.

_____/

**DEFENDANT LUKOIL PAN AMERICAS LLC'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND DELAYED SERVICE [ECF 5]**

Defendant Lukoil Pan Americas LLC ("Lukoil"), pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, submits the following response and incorporated memorandum of law in opposition to Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service ("Motion"),[1] and states:

**INTRODUCTION**

A "preliminary injunction is an extraordinary and drastic remedy." *Palmer v. Braun*, 287 F.3d 1325, 1329, 1330 (11th Cir. 2002). A party seeking a preliminary injunction bears the burden of establishing an imminent violation of law and irreparable harm in the absence of the

---

[1] Having not yet responded to or answered Plaintiff's Amended Complaint [ECF 12], Lukoil files this brief in opposition without waiver and with express reservation of all defenses, claims and arguments that Lukoil has or may have with respect to Plaintiff's Amended Complaint.

1

injunction.² PDVSA US Litigation Trust's (the "Trust") only stated basis for seeking an injunction against Lukoil is the assumption that "Defendants" will be motivated to destroy documents. ECF No. 5 at 15. The Trust, however, fails to offer even a shred of evidence that Lukoil has destroyed or intends to destroy evidence. Nor does the Trust have any factual basis for suggesting that Lukoil will not abide by its obligations under the Federal Rules of Civil Procedure to preserve documents in this litigation. Indeed, the Trust's Motion does not contain even a single allegation specific to Lukoil, let alone cite proof "that relevant and existing evidence" in the possession of Lukoil "[i]s in danger of being destroyed." *Robinson v. Gielow*, 2015 WL 4459880, at *3 (N.D. Fla. 2015).

The Trust's Motion, seeking an injunction requiring Lukoil to preserve any document relating to PDVSA in any way, should therefore be denied.³

**MEMORANDUM OF LAW**

In essence, the Trust asks the Court to issue a preliminary injunction to ensure that Lukoil complies with its document preservation obligations. However, it is well-recognized that "[o]rdering parties to act in a way that they already are ethically constrained to act serves neither judicial economy nor the public interest." *Levitan v. Mary Ann Patti LLC,* 2010 WL 323060, at *2 (N.D. Fla. 2010) (declining to issue preliminary injunction). Lukoil is represented by counsel and fully understands its document preservation obligations. Lukoil has already taken steps to

---

² While this response focuses on the absence of credible evidence of an imminent threat of irreparable harm, is the plaintiff offers no evidence whatsoever of a substantial likelihood of success on the merits.

³ While PDVSA does not in any way show why an injunction against Lukoil is required, the potential for mischief and unfair burden arising from an injunction is clear. PDVSA does not explain how the injunction it proposes is tailored to the scope of proper discovery in this case and it appears to go well beyond proper discovery.

ensure the potentially responsive documents are preserved, including the issuance of a comprehensive litigation hold to appropriate personnel.

The Trust cites no reason to believe that Lukoil will not comply with its obligations as this case proceeds—in fact, the Trust says nothing at all specific to Lukoil.  The law does not permit the issuance of an injunction merely to reinforce document preservation obligations that are already in place. *See, e.g., Artec Grp. v. Klimov*, 2016 WL 4474614, at *3 (N.D. Cal. 2016) ("Defendants in this case acknowledge their existing obligation to preserve discoverable evidence . . . . The court has no basis for concluding that defendants are incapable of fulfilling these obligations."); *United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 170 (D.D.C. 2013) ("[T]he claimants have made no showing that there is a strong public interest in favor of issuing a preliminary injunction to preserve evidence that the government has not even threatened to destroy.").

Moreover, the Trust has not come close to satisfying its burden of demonstrating a threat of irreparable harm if an injunction against Lukoil is not issued.  *It's A 10, Inc. v. Beauty Elite Grp., Inc.*, 932 F. Supp. 2d 1325, 1335 (S.D. Fla. 2013) ("A party seeking an injunction must show the threat of irreparable harm . . . [is] actual and imminent, not remote or speculative."). The Trust has not offered any proof or cited any facts that are specific to Lukoil.  No facts of any kind are cited.  The Trust's motion against Lukoil is based entirely on the conclusory assertion that "Defendants will be motivated to destroy or hide all evidence and will have more reason than ever to conceal the proceeds." ECF No. 5 at 15. *See also United States v. Sum of $70,990,605*, 991 F. Supp. 2d 154, 164 (D.D.C. 2013) ("Conclusory statements of what has

occurred without factual support is insufficient to justify the extraordinary remedy of a preliminary injunction.").[4]

Courts do not hesitate to deny motions for preliminary injunction under circumstances similar to those present here. In *It's A 10, Inc. v. Beauty Elite Group, Inc.*, the district court denied part of the plaintiff's motion for a preliminary injunction which sought to stop the defendant from "destroying or otherwise tampering" with evidence. 932 F. Supp. 2d 1325, 1335 (S.D. Fla. 2013). There, the Court held that the harm alleged by plaintiff was "speculative, rather than actual or imminent" because "[p]laintiff offers no proof that [defendant] is likely to damage or destroy its business records or other evidence relevant to this case." *Id*. Similarly, in *Levitan*, the district court found that a plaintiff's allegations that defendants had engaged in "falsifying documents, extortion, blackmail and fraud" had "no bearing on the side issue of preventing the destruction of evidence." 2010 WL 323060, at *2. Because plaintiffs had presented no evidence of "actual or imminent" harm, its motion for entry of a preliminary injunction was denied. *It's A 10*, 932 F. Supp. 2d at 1335. Here too, the motion for preliminary injunction is untethered to any allegations in the Complaint.

The Trust's Motion here is similarly devoid of any facts suggesting that Lukoil has destroyed evidence or that it is likely to destroy evidence in the future. The Trust's speculation about what Lukoil might be motivated to do in the future is legally insufficient to warrant the issuance of a preliminary injunction. *See Sum of $70,990,605*, 991 F. Supp. 2d at 163 (denying a motion for a preliminary injunction because claimants "fail[ed] to provide proof that evidence has been destroyed, . . . have not identified what evidence the government has allegedly

---

[4] With respect to the Trust's motion for delayed service on Lukoil Petroleum Ltd. [ECF No. 72], Lukoil has informed counsel for the Trust that Lukoil Petroleum Ltd. was dissolved in 2007. Therefore, Lukoil respectfully submits that the Trust's motion for alternative services should be moot with respect to Lukoil Petroleum Ltd.

4

despoiled," and "provided no proof that the government has threatened to destroy any evidence.").

## **CONCLUSION**

Based on the foregoing, Lukoil respectfully requests that the Court deny the Trust's Motion with respect to Lukoil.

Dated: March 26, 2017          Respectfully submitted,

By: */s/ Jorge D. Guttman*
    **Jorge D. Guttman**
    Florida Bar No. 015319
    jguttman@gunster.com
    **Jonathan H. Kaskel, Esq.**
    Florida Bar No. 52718
    jkaskel@gunster.com
    **GUNSTER**
    *Counsel for Defendant,*
    *Lukoil Pan Americas LLC*
    600 Brickell Avenue Suite 3500
    Miami, Florida 33131
    Telephone: (305) 376-6000
    Facsimile: (305) 376-6010

OF COUNSEL

    **Mark W. Ryan**
    (*Pro Hac Vice Application to be Filed*)
    mryan@mayerbrown.com
    **Adam L. Hudes**
    (*Pro Hac Vice Application to be Filed*)
    ahudes@mayerbrown.com
    **Stephen M. Medlock**
    (*Pro Hac Vice Application to be Filed*)
    smedlock@mayerbrown.com
    **MAYER BROWN LLP**
    *Counsel for Defendant*
    *Lukoil Pan Americas LLC*
    1999 K Street NW
    Washington, D.C. 20006-1101
    Telephone: (202) 263-3312
    Facsimile: (202) 263-5312

         **Michael P. Lennon, Jr.**
         (*Pro Hac Vice Application to be Filed*)
         **MAYER BROWN LLP**
         *Counsel for Defendant Lukoil Pan*
         *Americas LLC*
         700 Louisiana Street, Suite 3400
         Houston, TX  77002-2730
         Telephone: (713) 238-2667
         Facsimile: (713) 238-4613

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2018, a copy of the foregoing document was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By:   /s/ *Jorge D. Guttman*
         Jorge D. Guttman

MIA_ACTIVE 4720423.1

## SERVICE LIST

**Nicholas A. Gravante , Jr.**
**David A. Barrett**
**David Boies**
Boies Schiller & Flexner
*Pro Hac Vice Counsel for Plaintiff*
575 Lexington Avenue
7th Floor
New York, NY 10022
Tel:  (212) 446-2300
ngravante@bsfllp.com
dbarrett@bsfllp.com
dboies@bsfllp.com

**Steven Wayne Davis**
Boies Schiller & Flexner
*Counsel for Plaintiff*
100 SE 2nd Street
Suite 2800 Bank of America Tower
Miami, FL 33131-2144
Tel:  (305) 539-8400
Fax:  (305) 539-1307
sdavis@bsfllp.com

**George Carpinello**
Boies Schiller Flexner LLP
*Pro Hac Vice Counsel for Plaintiff*
30 South Pearl Street, 11th Floor
Albany, NY 12207
Tel:  (518) 434-0600
gcarpinello@bsfllp.com

**Helen M. Maher**
Boies Schiller & Flexner
*Pro Hac Vice Counsel for Plaintiff*
333 Main Street
Armonk, NY 10504
Tel:  (914) 749-8200
Fax:  (914) 749-8300
hmaher@bsfllp.com

**Adam Michael Schachter**
**Alexander L. Kaplan**
**Gerald Edward Greenberg**
**Michael Gervais**

**Michael Kelso**
**Neal S. Manne**
**Weston O'Black**
Gelber Schachter & Greenberg, P.A.
*Counsel for Vitol Energy (Bermuda) Ltd.,*
*Vitol, Inc. and Antonio Maarraoui*
1221 Brickell Ave.
Suite 2010
Miami, FL 33131
Tel:  (305) 728-0950
aschachter@gsgpa.com
akaplan@susmangodfrey.com
ggreenberg@gsgpa.com
mgervais@susmangodfrey.com
mkelso@susmangodfrey.com
nmanne@susmangodfrey.com
woblack@susmangodfrey.com
efilings@gsgpa.com

**Kimberly Ann Pathman**
**Connor Mullin**
**Mark J. MacDougall**
**Stacey H. Mitchell**
**Thomas P. McLish**
Akin Gump Strauss Hauer & Feld LLP
*Pro Hac Vice Counsel for Francis Morillo*
*and Leonardo Baquero*
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel:  (202) 887-4000
kpathman@akingump.com
cmullin@akingump.com
mmacdougall@akingump.com
shmitchell@akingump.com
tmclish@akingump.com

**David Kully**
Holland & Knight LLP
*Pro Hac Vice Counsel for Daniel Lutz, Helsinge, Inc.,*
 *Helsinge Ltd., and Saint-Heller*
800 17th Street N.W., Suite 1100
Washington, DC 20006
Tel:  (202) 955-3000
david.kully@hklaw.com

**Israel Jovanny Encinosa**
Holland & Knight
*Counsel for Daniel Lutz, Helsinge, Inc.,*
 *Helsinge Ltd., and Saint-Heller*
701 Brickell Avenue
Suite 3000
Miami, FL 33131
israel.encinosa@hklaw.com

**Etan Mark**
**Donald John Hayden**
Mark Migdal & Hayden
*Counsel for John Ryan*
80 SW 8th Street
Suite 1999
Miami, FL 33130
Tel:  (305) 374-0440
etan@markmigdal.com
don@markmigdal.com

**Lara O'Donnell**
Jorden Burt LLP
*Counsel for John Ryan*
777 Brickell Avenue
Suite 500
Miami, FL 33131-2803
lara@markmigdal.com

**Jennifer Gertrude Altman**
Pillsbury Winthrop Shaw Pittman
*Counsel for Material Witness*
600 Brickell Avenue
Suite 3100
Miami, FL 33131
Tel:  (786) 913-4900
Fax:  (786) 913-4901
jennifer.altman@pillsburylaw.com

**Edward Mullins**
REED SMITH LLP
*Counsel for Defendant, Trafigura Trading, LLC*
1001 Brickell Bay Drive, Suite 900
Miami, FL  33131
Tel:  (786) 747-0200
Fax:  (786) 747-0299
emullins@reedsmith.com

**Nicolas Swerdloff**
**Jeffrey B. Goldberg**
HUGHES HUBBARD & REED LLP
*Counsel for Defendant BAC Florida Bank*
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Tel: (305) 358-1666
Fax: (305) 371-8759
Nicolas.swerdloff@hugheshubbard.com
Jeffrey.goldberg@hugheshubbard.com

**Benjamine Reid**
CARLTON FIELDS JORDEN BURT
*Counsel for Defendant, Colonial Oil Industries Inc., Colonial Group, Inc., and Paul Rosado*
100 SE 2nd Street, Suite 4200
P. O. Box 019101
Miami, FL  33131-9101
Tel:  (305) 530=0050
Fax:  (305) 530-0055
breid@carltonfields.com
erocco@carltonfields.com

**Allan C. Galis**
**David M. Burkoff**
**Heather H. Lundy**
HUNTER, MACLEAN, EXLEY & DUNN, P.C.
*Pro Hac Vice Counsel for Defendant, Colonial Oil Industries Inc., Colonial Group, Inc., and Paul Rosado*
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412
Tel:  (912) 236-0261
Fax:  (912) 236-4936
agalis@huntermaclean.com
dburkoff@huntermaclean.com
hlundy@huntermaclean.com

Robert C. Josefsberg
Stephen Frederick Rosenthal
**PODHURST ORSECK, P.A.**
*Counsel for Glencore Ltd., Gustavo Gabaldon, and Glencore Energy UK Ltd.*
SunTrust International Center
One SE Third Avenue
Suite 2700
Miami, FL 33131
Tel:  (305) 358-2800
Fax:  (305) 358-2382
rjosefsberg@podhurst.com
srosenthal@podhurst.com

Bruce Birenboim
Brad S. Karp
Jessica S. Carey
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
*Pro Hac Vice Counsel for Glencore Ltd., Gustavo Gabaldon, and Glencore Energy UK Ltd.*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3165
Fax:  (212) 492-0165
bbirenboim@paulweiss.com
bkarp@paulweiss.com
jcarey@paulweiss.com

Adam B. Schwartz
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**
*Pro Hac Vice Counsel for Glencore Ltd., Gustavo Gabaldon, and Glencore Energy UK Ltd.*
2001 K. Street NW
Washington, DC 20006-1047
Tel:  (202) 223-7341
aschwartz@paulweiss.com

Brad S. Karp
**PAUL WEISS RIFKIND WHARTON & GARRISON**
*Pro Hac Vice Counsel for Glencore Ltd., Gustavo Gabaldon, and Glencore Energy UK Ltd.*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000
bkarp@paulweiss.com