UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

       Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

       Defendants.

_____/

**MEMORANDUM OF DEFENDANT BAC FLORIDA BANK
IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendant BAC Florida Bank ("BAC"), through undersigned counsel, submits this memorandum in opposition to the *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service (the "Motion"), filed by Plaintiff PDVSA US Litigation Trust ("Plaintiff") [ECF No. 5], to the extent the Motion seeks relief as to BAC.

**Preliminary Statement**

While principally focusing on requests for injunctive relief directed to what it has termed the "Morillo Group Defendants," Plaintiff also seeks extraordinary relief directed to the remaining defendants, including BAC: a preliminary injunction broadly restraining such other defendants from potentially destroying documents. Yet Plaintiff offers no separate basis for the imposition of such relief against BAC, a Florida chartered bank supervised by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation. Notably, Plaintiff does not make a single allegation to even suggest that BAC has destroyed, or even threatened to destroy, evidence, and apparently instead simply seeks to rely on the carry-over effect of the claims it asserts against the Morillo Group Defendants. Whatever the merits of those claims,

they are not enough to justify relief against BAC, an entirely separate defendant. Indeed, BAC has taken steps to preserve its records and has offered to negotiate the terms of an appropriate document preservation order with Plaintiff. While Plaintiff has failed to respond to proposed terms of an order for more than one week, BAC stands ready to finalize them. In sum, there is simply no need to depart from the orderly process of a negotiated document preservation order by imposing extraordinary injunctive relief where there is no threat of loss of evidence.

## Statement of Facts

Plaintiff's Motion, filed *ex parte* on March 3, alleges that certain defendants, called the "Morillo Group Defendants,"[1] acted as the "central coordinators of [an] illegal conspiracy." The Motion requests the following temporary injunctive relief against the Morillo Group Defendants: (1) the seizure of records; (2) a restraint on the transfer or dissipation of assets; and (3) the preservation of certain documents. [Motion, at 3]. In addition, and relevant to this filing, the Motion seeks a preliminary injunction to (1) "preserve all the records seized pursuant to the TRO"; (2) "continue to restrain and freeze the bank accounts sought to be frozen pursuant to the TRO"; and (3) require "**all** Defendants" to preserve documents relating to Petroleos de Venezuela, S.A. ("PDVSA"). [*Id.*, at 3 (emphasis added)]. Thus, by its terms, the first two forms of preliminary injunctive relief requested by Plaintiff are directed to the Morillo Group Defendants and the third form is directed to all defendants. To support its Motion, Plaintiff broadly asserts that it would suffer irreparable injury because defendants, "especially, the

---

[1] Plaintiff has defined this group to consist of the following defendants: Francisco Morillo, Leonardo Baquero, Daniel Lutz, Luis Liendo, John Ryan, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd. Saint-Helier, Waltrop Consultants, C.A., Godenheim, Inc., Hornberg Inc., Societe Doberan, S.A., Societe Hedisson, S.A., Societe Hellin, S.A., Glencore de Venezuela, C.A., and Jehu Holdings, Inc. [Motion, at 4].

Morillo Group Defendants", would destroy evidence or assets, and that defendants "have demonstrated a history of disposing of assets that do not belong to them." [Motion, at 5, 14-15]. While making these blanket allegations, Plaintiff does not make a single, specific allegation, in the Motion or even in the Amended Complaint, that BAC—a Florida banking corporation with its principal office in Coral Gables, Florida—has taken any steps to destroy evidence. [*See* Motion; Am. Compl., ECF No. 12, ¶ 50].

On March 5, 2018, this Court entered a temporary restraining order (the "TRO") denying Plaintiff's requests for a seizure of records and for an asset freeze, but enjoining the Morillo Group Defendants from destroying relevant records. [ECF No. 9].

On March 14, 2018, at a hearing on Plaintiff's Emergency Motion for Enforcement of Court's Temporary Restraining Order (the "TRO Hearing"), Plaintiff elaborated on the basis of its Motion: it asserted that defendant Morillo allegedly had "a history of destroying documents." [March 14 Hr'g Tr. 7:19-8:1]. Plaintiff nonetheless also suggested that it would seek, at the preliminary injunction stage, to extend to all defendants the portion of the TRO enjoining the Morillo Group Defendants from destroying documents. At the hearing, BAC stated that: (1) it was already undertaking steps to preserve relevant documents in the ordinary course of business and in response to this lawsuit; and (2) the Motion offers no basis for the imposition of extraordinary injunctive relief, given that it makes no particularized allegations as to BAC. [*Id.* at 40:7-41:15]. Two other non-Morillo Group Defendants—Vitol, Inc. and Antonio Maaraoui— also pointed out the second deficiency in Plaintiff's Motion. [*Id.* at 41:18-43:22]. The Court instructed Plaintiff and defendants BAC, Vitol, Inc. and Antonio Maaraoui to meet and confer about an agreed order to preserve documents. [*Id.* 45:13-18].

On March 15, 2018, Plaintiff sent a proposed document preservation order to BAC, Vitol, Inc., and Antonio Maaroui, who provided comments the next day, March 16.  Apart from some back and forth that same day (March 16), Plaintiff has not responded further to these comments despite requests to do so by counsel for Vitol, Inc. and Maaroui on March 20, and by the undersigned counsel on March 22.  [*See* Emails from March 15-16, 20, 22, attached hereto as Exhibits A and B].  BAC stands ready to conclude negotiations of an agreed document preservation order.

## Argument

### THE COURT SHOULD DENY THE MOTION BECAUSE PLAINTIFF CANNOT ESTABLISH LIKELIHOOD OF IRREPERABLE HARM

A court may only grant a preliminary injunction when the moving party establishes:  (1) it would suffer irreparable injury absent an injunction; (2) such injury outweighs the harm an injunction would cause the opposing party; (3) it has a substantial likelihood of success on the merits; and (4) any injunction would not be adverse to the public interest.  *U.S. v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012).  "A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites."  *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015).

While Plaintiff cannot establish any of the four requirements for injunctive relief as to BAC, the Court need look no further than the first requirement:  irreparable harm.  This is "the *sine qua non* of injunctive relief," such that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (emphasis added).  Here, Plaintiff cannot carry its burden for two reasons.

First, Plaintiff has not demonstrated that there is any risk that BAC will destroy, let alone fail to properly preserve, documents.  While Plaintiff articulated such a concern about Mr. Morillo and the Morillo Group Defendants, it has <u>not</u> offered any specific evidence that BAC has failed to preserve evidence.  On the contrary, Plaintiff appears to be seeking to extend to BAC the purported evidence it has proffered against the Morillo Group Defendants.  This is not sufficient to establish that BAC itself has somehow acted in a manner to pose a threat of irreparable harm.  *See Tropical Fruit Trading, Inc. v. Agrofarms, LLC*, No.16-cv-21735-GAYLES, 2016 WL 4376747, at *3 (S.D. Fla. Aug. 17, 2016) (court should deny motion for preliminary injunction where plaintiff fails to submit evidence of irreparable harm); *Robinson v. Gielow*, 3:14-cv-223/LAC/EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015) (moving party must make a showing that evidence in defendant's possession is "in danger of being destroyed"); *Martinick v. Media Visions, Inc.*, 13-61148-CIV, 2013 WL 12049083, at *2 (S.D. Fla. Nov. 21, 2013) (denying preservation order where plaintiffs failed to establish that evidence was in danger of being destroyed).

Second, BAC has taken steps to preserve documents and has agreed to negotiate the terms of an appropriate document preservation order.  While Plaintiff proposed a form order and BAC and two other defendants provided comments on March 16, Plaintiff has not responded since then.  BAC awaits a response from Plaintiff to resume discussions regarding the entry of a document preservation order even though such an order is not even necessary.  There is, in any event, no need to go beyond such an order and impose extraordinary injunctive relief.  *See Robinson*, 2015 WL 4459880, at *4 ("The duty to preserve evidence, backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence."  Indeed, once counsel is on notice of their

duty to preserve documents, a preservation order is not required, as it "only clarifies the parties' particular obligation").

## Conclusion

For the reasons set forth above, this Court should deny Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service to the extent it seeks relief directed to BAC.

Respectfully submitted,

HUGHES HUBBARD & REED LLP
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

By: /s/ Nicolas Swerdloff
    Nicolas Swerdloff, Fla. Bar No. 070416
    Nicolas.swerdloff@hugheshubbard.com
    Jeffrey B. Goldberg, Fla. Bar No. 118689
    Jeffrey.goldberg@hugheshubbard.com

*Attorneys for Defendant BAC Florida Bank*

## **STATEMENT REGARDING DOCKET ENTRY 94**

BAC respectfully files this memorandum on an individual basis rather than as part of a joint submission, given that Plaintiff's Motion and Amended Complaint separates defendants into various groups, and the Motion focuses primarily on the "Morillo Group Defendants," some of whom are filing their own response to the Motion. [ECF no. 148]. Moreover, while BAC and two other defendants (Vitol Inc. and Antonio Maaroui) have responded to Plaintiff's proposed document preservation order, they are themselves in different groups under the Amended Complaint. Further, a number of other defendants recently appeared while others have not yet appeared. Given these circumstances and the deadline for this response, BAC respectfully submits a separate response.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of March, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to the following counsel of record.

/s/ Nicolas Swerdloff
Nicolas Swerdloff

## SERVICE LIST
### PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS, LLC, et al.
### Case No. 18-20818-CIV-GAYLES/OTAZO-REYES

| | |
|---|---|
| Steven Wayne Davis<br>Boies Schiller & Flexner<br>Bank of America Tower, Suite 2800<br>100 SE 2nd Street,<br>Miami, FL 33131-2144<br>Tel: (305) 539-8400<br>Fax: (305) 539-1307<br>Email: sdavis@bsfllp.com<br><br>*Counsel for PDVSA US Litigation Trust* | David Boies<br>David A. Barrett<br>Nicholas A. Gravante, Jr.<br>Boies Schiller & Flexner, LLP<br>575 Lexington Avenue, 7th Floor<br>New York, NY 10022<br>Tel: (212) 446-2300<br>Fax: (212) 749-8300<br>Email: dboies@bsfllp.com<br>Email: dbarrett@bsfllp.com<br>Email: ngravante@bsfllp.com<br><br>*Counsel for PDVSA US Litigation Trust* |
| George Carpinello<br>Boies Schiller Flexner LLP<br>30 South Pearl Street, 11th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Email: gcarpinello@bsfllp.com<br><br>*Counsel for PDVSA US Litigation Trust* | Helen M. Maher<br>Boies Schiller & Flexner<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8300<br>Email: hmaher@bsfllp.com<br><br>*Counsel for PDVSA US Litigation Trust* |

| | |
|---|---|
| Stephen F. Rosenthal<br>Robert C. Josefsberg<br>Podhurst Orseck, P.A.<br>One S.E. 3rd Avenue, Suite 2300<br>Miami, Florida 33131<br>Tel:  (305) 358-2800<br>Email: srosenthal@podhurst.com<br><br>*Counsel for Glencore LTD, Gustavo Gabaldon* | Adam Michael Schachter<br>Gerald Edward Greenberg<br>Gelber Schachter & Greenberg, P.A.<br>1221 Brickell Avenue, Suite 2010<br>Miami, FL 33131<br>Tel:  (305) 728-0950<br>Fax:  (305) 728-0951<br>Email: aschachter@gsgpa.com<br>Email: ggreenberg@gsgpa.com<br>E-service: efilings@gsgpa.com<br><br>*Counsel for Vitol, Inc., Antonio Maarraoui* |
| Jessica S. Carey (*pro hac vice pending*)<br>Bruce Birenboim (*pro hac vice pending*)<br>Paul, Weiss, Rifkind, Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Tel:  (212) 373-3000<br>Email:  jcarey@paulweiss.com<br>Email: bbirenboim@paulweiss.com<br><br>*Counsel for Glencore LTD, Gustavo Gabaldon* | Mark J. MacDougall<br>Thomas P. McLish<br>Stacey H. Mitchell<br>Connor Mullin<br>Kimberly Ann Pathman<br>Akin Gump Strauss Hauer & Feld LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Tel:  (202) 887-4000<br>Fax: (202) 887-4288<br>Email: mmacdougall@akingump.com<br>Email: tmclish@akingump.com<br>Email: shmitchell@akingump.com<br>Email: cmullin@akingump.com<br>Email: kimberly.pathman@weil.com<br><br>*Counsel for Francisco Morillo, Leonard Baquero* |
| David Kully<br>Holland & Knight LLP<br>800 17th Street N.W., Suite 1100<br>Washington, DC 20006<br>Tel:  (202) 955-3000<br>Email: david.kully@hklaw.com<br><br>*Counsel for Daniel Lutz, Helsinge Holdings, Inc., Helsinge Ltd., Saint-Helier* | Israel Jovanny Encinosa<br>Holland & Knight LLP<br>701 Brickell Avenue, Suite 3000<br>Miami, FL 33131<br>Tel:  (305) 789-7602<br>Email: israel.encinosa@hklaw.com<br><br>*Counsel for Daniel Lutz, Helsinge Holdings, Inc., Helsinge Ltd., Saint-Helier* |

| | |
|---|---|
| Etan Mark<br>Mark Migdal & Hayden<br>80 SW 8th Street , Suite 1999<br>Miami, FL 33130<br>Tel:  (305) 374-0440<br>Email: etan@markmigdal.com<br><br>*Counsel for John Ryan* | Lara O'Donnell<br>Jorden Burt LLP<br>777 Brickell Avenue<br>Suite 500<br>Miami, FL 33131-2803<br>Email: lara@markmigdal.com<br><br>*Counsel for John Ryan* |
| Michael Gervais (*pro hac vice pending*)<br>Alexander L. Kaplan (*pro hac vice pending*)<br>Michael Kelso (*pro hac vice pending*)<br>Neal S. Manne (*pro hac vice pending*)<br>Weston O'Black (*pro hac vice pending*)<br>Susman Godfrey L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002-5096<br>Tel:  (713) 651-9366<br>Fax: (713) 654.6666<br>Email:  mgervais@susmangodfrey.com<br>Email:  mkelso@susmangodfrey.com<br>Email:  akaplan@susmangodfrey.com<br>Email:  nmanne@susmangodfrey.com<br>Email:  woblack@susmangodfrey.com<br><br>*Counsel for Defendants Vitol, Inc., Vitol Energy (Bermuda) Ltd and Antonio Maarraoui* | Jorge D. Guttman<br>Jonathan H. Kaskel, Esq.<br>GUNSTER<br>600 Brickell Avenue<br>Suite 3500<br>Miami, Florida 33131<br>Tel: (305) 376-6054<br>Fax: (305) 376-6010<br>Email: jguttman@gunster.com<br>Email: jkaskel@gunster.com<br><br>*Counsel for Defendant Lukoil Pan Americas LLC* |
| Edward Mullins, Esq.<br>Reed Smith LLP<br>1001 Brickell Bay Drive, Suite 900<br>Miami, FL 33131<br>Telephone: (786) 747-0200<br>Facsimile: (786) 747-0299<br>Email: emullins@reedsmith.com<br><br>*Counsel for Trafigura Trading, LLC* | Jennifer Gertrude<br>Altman Pillsbury Winthrop Shaw Pittman<br>600 Brickell Avenue, Suite 3100<br>Miami, FL 33131<br>Tel:  (786) 913-4900<br>Fax:  (786) 913-4901<br>Email: jennifer.altman@pillsburylaw.com<br><br>*Counsel for John Doe* |

82992972_9