**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PDVSA US LITIGATION TRUST,

        Plaintiff,

    v.

LUKOIL PAN AMERICAS LLC, et al.,

        Defendants.

No. 1:18-cv-20818 (DPG)

**MEMORANDUM OF DEFENDANTS GLENCORE LTD., GLENCORE ENERGY UK
LTD., AND GUSTAVO GABALDON IN OPPOSITION TO THE CONTINUATION
OF THE MARCH 16, 2018 PRESERVATION ORDER**

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064

**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131

*Counsel for Defendants Glencore Ltd.,
Glencore Energy UK Ltd., and
Gustavo Gabaldon*

## PRELIMINARY STATEMENT

Defendants Glencore Ltd., Glencore Energy UK Ltd., and Gustavo Gabaldon (together, "Glencore Defendants") respectfully submit this memorandum to dissolve the March 16, 2018 temporary restraining order requiring the Glencore Defendants, along with many other Defendants, "to preserve evidence" (ECF No. 95) (the "Preservation Order") and in opposition to Plaintiff's March 3, 2018 motion for a preliminary injunction (ECF No. 5).[1]

The Glencore Defendants have been preserving, and will continue to preserve, documents relating to this lawsuit consistent with their legal obligations, which they are well aware of and take seriously. Not only is an order requiring the preservation of documents therefore unnecessary as to the Glencore Defendants, Plaintiff has made no showing whatsoever that such an extraordinary remedy is warranted here with respect to these Defendants. And even if it had, the Preservation Order is overbroad (extending preservation requirements beyond the subject matter of this action). Accordingly, Plaintiff's request for an extension of the Preservation Order as to the Glencore Defendants should be denied.

## BACKGROUND

On March 3, 2018, counsel for Plaintiff PDVSA US Litigation Trust—an entity, according to its filings, purportedly created in July 2017 to bring claims on behalf of the Venezuelan state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA")—filed its complaint (ECF No. 1), which was then amended on March 5, 2018 (ECF No. 12) (the "Complaint"). The Complaint asserts a host of claims related to the purchase and sale of oil-related products by PDVSA, one of the world's largest oil producers, by international oil

---

[1]   This opposition is filed solely on behalf of Glencore Ltd., Glencore Energy UK Ltd., and Mr. Gabaldon. By submitting this opposition, no party intends to waive, and each expressly preserves, any and all defenses under Federal Rule of Civil Procedure 12, including objections to service of process and personal jurisdiction. *See Pouyeh* v. *Pub. Health Tr. of Jackson Health Sys.*, No. 17-12748, 2017 WL 5592268 (11th Cir. Nov. 21, 2017).

companies and traders, banks, and purportedly corrupt agents and intermediaries.  Despite the

Complaint's length—spanning 321 paragraphs, 164 pages, and 19 claims—Plaintiff's specific

allegations against the Glencore Defendants are nearly non-existent.  Aside from a single

document from 2005 annexed to the Complaint, the Glencore Defendants are referred to only as

part of an undifferentiated mass of "Oil Company Conspirators" or "Individual Trader

Conspirators" whose conduct is described in the aggregate without any detail as to the Glencore

Defendants.

Plaintiff followed the filing of its Complaint with serial "emergency" motions

seeking extraordinary, expedited, and *ex parte* relief.  These filings sound dire warnings

regarding the likelihood that some Defendants may destroy evidence or act inappropriately and

seek a host of remedies including the freezing of bank accounts and seizing of data and

information.

To be clear, the only aspects of Plaintiff's motions directed at the Glencore

Defendants relate to the preservation of documents, and Plaintiff's filings lack any allegation—

let alone any evidence—that any Glencore Defendant has destroyed, has a history of destroying,

or intends to destroy, any document or evidence that could support Plaintiff's allegations.[2]

Indeed, none of the Glencore Defendants was even *mentioned* during the approximately hour-

and-a-half-long appearance in which Plaintiff made this unusual application.

On March 16, 2018, in response to Plaintiff's motion, the Court issued its

Preservation Order, which requires almost all Defendants to preserve any documents relating to

---

[2]   Neither the Complaint, nor Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service (ECF No. 5), nor Plaintiff's Emergency Motion for Enforcement of Court's Temporary Restraining Order (ECF No. 60), nor Plaintiff's *Ex Parte* Motion for Authorization for Alternate Service (ECF No. 72), nor Plaintiff's oral presentation on March 14, 2018 (ECF No. 103) contains a single concrete allegation that the Glencore Defendants have discarded, or may discard, any potentially relevant documents.

PDVSA.  The Preservation Order noted that the Court may revisit the order during the April 4, 2018 hearing on Plaintiff's motion for a preliminary injunction.

## ARGUMENT

Continuation of the Preservation Order as to the Glencore Defendants is unnecessary and inappropriate for several reasons.

*First*, the Glencore Defendants are well aware of their obligations to preserve relevant evidence.  Upon receiving notice of the instant litigation, the Glencore Defendants took swift action to preserve potentially relevant evidence in the possession of relevant employees and business lines.  The law requires no more.  *See, e.g.*, *Oliver* v. *County of Chatham*, No. CV417-101, 2018 WL 1221904, at *4 (S.D. Ga. Mar. 8, 2018) ("[T]he Court should deny [plaintiff's] motion for a Temporary Restraining Order . . . prohibiting defendants from spoliating evidence because Defendants and their counsel have an independent obligation to preserve evidence."); *Robinson* v. *Gielow*, No. 3:14cv223, 2015 WL 4459880, at *4 (N.D. Fla. July 21, 2015) ("Defendants are aware of their duty to preserve evidence. . . . A preservation order is not required."); *Doe* v. *Dominique*, No. 1:13-CV-04270, 2014 WL 12115948, at *4 (N.D. Ga. Jan. 3, 2014) ("[T]he Court declines to enter an Order repeating the requirements already incumbent upon all Parties to a lawsuit in federal court.").  As one court put it, "[o]rdering parties to act in a way that they already are ethically constrained to act serves neither judicial economy nor the public interest." *Levitan* v. *Mary Ann Patti, LLC*, No. 3:09-cv-321, 2010 WL 323060, at *2 (N.D. Fla. Jan. 15, 2010).  Indeed, the Court may have already reached this conclusion, given that it did not include within the scope of the Preservation Order those Defendants who appeared at the March 14, 2018 hearing and assured the Court that they are aware of their preservation obligations.  (March 14 Hr'g Tr. 45:13–18.)

*Second*, Plaintiff has not met its burden justifying the entry of a Preservation Order as to the Glencore Defendants in any event.  Despite Plaintiff's serial *ex parte* filings and two hearings before the Court, Plaintiff has not made a single allegation, let alone presented any evidence, suggesting that any Glencore Defendant has destroyed, or intends to destroy, any potentially relevant documents.  Plaintiff's request for a preservation order is an extraordinary remedy, *Disney Enters., Inc.* v. *Hotfile Corp.*, No. 11-20427-CIV, 2011 WL 13100321, at *2 (S.D. Fla. Apr. 19, 2011), and it is axiomatic that "at the very least *some* evidence should be offered to justify such an extreme remedy" as a preservation order, *Hester* v. *Bayer Corp.*, 206 F.R.D. 683, 686 (M.D. Ala. 2001).  Plaintiff has offered no such support here with respect to the Glencore Defendants.  The Preservation Order should be dissolved and not continued for this reason as well.

*Finally*, even if the Court were inclined to enter a preservation order here despite the defects identified above, the current Preservation Order is overbroad, requiring retention of "all records, documents, communications or notes, either electronic or hard copy" relating to PDVSA and other parties, without limitation to the date those documents were created, the subject matter of the documents, or their potential relevance to this case.  In the event the Court seeks to impose a preservation obligation on the Glencore Defendants beyond those already imposed on all litigants under federal law and applicable ethics rules, we respectfully submit that Plaintiff should be required to submit an order narrowly tailored to the issues relevant to this litigation.[3]  Further, any such order should apply equally to all parties—including PDVSA (on

---

[3]   The Preservation Order imposes a duty to preserve documents and records related to *all* business the Glencore Defendants have ever conducted with PDVSA, which has been a significant participant in the vast  international oil market for decades, as well the sixteen entities and individuals that comprise the so-called "Morillo Group Defendants."  To the extent this Court imposes additional preservation obligations, they should be tailored to the time period, primary parties, and specific products and types of contracts relevant to the

whose behalf the Plaintiff purports to act) and any other undisclosed persons or entities Plaintiff purports to represent or that have an interest in the Plaintiff. [4]

## CONCLUSION

Plaintiff seeks extraordinary relief but has failed to make the extraordinary showing—indeed, *any* showing—necessary to justify that relief against the Glencore Defendants. Plaintiff's tone and adjectives are no substitute for the concrete showing required to support a preliminary injunction ordering the Glencore Defendants to do that which they are already obliged to under the law.  In the absence of such a showing, and in light of the fact that the Glencore Defendants are mindful of their obligations to preserve relevant evidence, the extraordinary *ex parte* relief afforded to Plaintiff should not be extended.

---

Complaint. *See Ala. Aircraft Indus., Inc.* v. *Boeing Co.*, 319 F.R.D. 730, 740–41 (N.D. Ala. 2017) ("[A] corporation . . . is not required to keep every shred of paper . . . or electronic document . . . .  In essence, the duty to preserve evidence extends to those employees likely to have relevant information—the key players in the case, and applies to unique, relevant evidence that might be useful to the adversary." (citation omitted)).

[4]  Given the lack of meaningful allegations in the Complaint relating to Plaintiff, its purported ownership and control, its purported beneficiaries, and its legal authority to even bring this case, it is unclear what entities or individuals may have an interest in Plaintiff and whether Plaintiff actually has any right to act on behalf of PDVSA.  Further, we note that the Complaint contains numerous allegations of document destruction at PDVSA itself (*see, e.g.*, Compl. ¶ 89), which naturally raise concerns about Plaintiff's ability to comply with its own discovery obligations.

Dated: March 26, 2018

Respectfully submitted,

By: */s/ Stephen F. Rosenthal*
Stephen F. Rosenthal
Fla. Bar No. 0131458
srosenthal@podhurst.com
Robert C. Josefsberg
Fla. Bar No. 040856
rjosefsberg@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Fax: (305) 358-2382

Bruce Birenboim (*pro hac vice)*
bbirenboim@paulweiss.com
Brad S. Karp (*pro hac vice)*
bkarp@paulweiss.com
Jessica S. Carey (*pro hac vice)*
jcarey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
Fax: (212) 757-3990

Adam B. Schwartz (*pro hac vice*)
aschwartz@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300
Fax: (202) 223-7420

***Counsel for Defendants Glencore Ltd., Glencore Energy UK Ltd., and Gustavo Gabaldon***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Defendants Glencore Ltd., Glencore Energy UK Ltd., and Gustavo Gabaldon in Opposition to the Continuation of the March 16, 2018 Preservation Order was served by CM/ECF on this 26th day of March, 2018 on all counsel or parties of record on the service list.

*/s/Stephen F. Rosenthal*
Stephen F. Rosenthal

Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

## SERVICE LIST

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400
Fax: 539-1307
Email: sdavis@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200
Fax: 749-8300
Email: hmaher@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Stephen F. Rosenthal
Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
305-358-2800
Email:  srosenthal@podhurst.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd.*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
2001 K. Street NW
Washington, DC 20006-1047
202-223-7341
Email: aschwartz@paulweiss.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd.*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd.*

Gerald Edward Greenberg
Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950
Fax: 305-728-0951
Email: ggreenberg@gsgpa.com
Email: aschachter@gsgpa.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Alexander L. Kaplan
Michael Kelso
Neal S. Manne
Weston O'Black
Susman Godfrey, LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
713-651-9366
Email: akaplan@susmangodfrey.com
Email: mkelso@susmangodfrey.com
Email: nmanne@susmangodfrey.com
Email: woblack@susmangodfrey.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Michael Gervais
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
212-336-8330
Email: mgervais@susmangodfrey.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574
Fax: (202) 887-4288
Email: kimberly.pathman@weil.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite 400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com

*Counsel for Francisco Morillo, Leonardo Baquero*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com

*Counsel for Daniel Lutz, Helsinge Holdings, Inc., Helsinge Ltd., Saint-Helier, Helsinge, Inc.*

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street, Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com

*Counsel for John Ryan*

Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brickell Avenue, Suite 3100
Miami, FL 33131
786-913-4900
Fax: 786-913-4901
Email: jennifer.altman@pillsburylaw.com

*Counsel for John Doe*

Allan C. Galis
David M. Burkoff
Heather H. Lundy
Hunter, Maclean, Exley & Dunn, P.C
200 E. Saint Julian Street (P.O. Box 9848)
Savannah, GA 31412
Tel 912-236-0261
Fax 236-4936
Email: agalis@huntermaclean.com
Email: dburkoff@huntermaclean.com
Email: hlundy@huntermaclean.com

*Counsel for Colonial Oil Industries, Inc., Paul Rosado*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com

*Counsel for Daniel Lutz, Helsinge Holdings, Inc., Helsinge Ltd., Saint-Helier, Helsinge, Inc*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@markmigdal.com

*Counsel for John Ryan*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Email: lara@markmigdal.com

*Counsel for John Ryan*

Benjamine Reid
Carlton Fields Jorden Burt
100 SE 2nd Street, Suite 4200
PO Box 019101
Miami, FL 33131-9101
305-530-0050
Fax: 530-0055
Email: breid@carltonfields.com

*Counsel for Colonial Oil Industries, Inc., Paul Rosado*

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
786-747-0200
Fax: 786-747-0299
Email: emullins@reedsmith.com

*Counsel for Trafigura Trading LLC*

Jeffrey B Goldberg
Nicolas Swerdloff
Hughes Hubbard and Reed
201 S. Biscayne Blvd., 25th Floor
Miami, FL 33131
(305) 379-5573
Email: jeffrey.goldberg@hugheshubbard.com
Email: Nicolas.swerdloff@hugheshubbard.com

*Counsel for BAC Florida Bank*