**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>      Plaintiff,<br><br>  vs.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>      Defendants. | **Case No. 1:18-cv-20818-DPG** |

**DEFENDANT TRAFIGURA TRADING, LLC'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I. PRELIMINARY STATEMENT

Defendant Trafigura Trading, LLC ("Trafigura")[1] respectfully submits this opposition to Plaintiff PDVSA US Litigation Trust's ("Plaintiff['s]") *Ex Parte* Motion for a … Preliminary Injunction [ECF No. 5] ("Motion").[2]  Simply stated, there is no basis to order Trafigura to do anything more than is required of an ordinary defendant in an ordinary case, because there is *no* evidence of either (1) prior document destruction by Trafigura, or (2) the risk of future document destruction by Trafigura.  As Plaintiff's own Motion and Proposed Order [ECF No. 5 & 5-1] implicitly concede, no Trafigura entity or employee is properly subject to a preliminary injunction; those papers do not once substantively address Trafigura, its affiliates, or its current or former employees.

Given these incontestable facts, Plaintiff fails to satisfy its burden for a preliminary injunction against Trafigura.  Plaintiff cannot establish irreparable harm, because it cites no

---

[1]  Certain of Trafigura's affiliates, Trafigura A.G. and Trafigura Beheer B.V., are also named in the Amended Complaint, but have not been served pursuant to the Hague Convention. They therefore have not yet appeared in this action. However, the arguments in this brief apply with equal force to those entities, as well as to Trafigura's current and former employees.

[2]  Trafigura submits this brief separately from the other defendants because it understands the Court's March 15 Notice of Court Practice [ECF No. 94] does not apply to response briefs.  Furthermore, although Trafigura's recently-retained counsel has begun communicating with other counsel in the case (including Plaintiff's counsel), it has not yet had a full opportunity to do so and is unable to get their respective positions due to the short time frame for opposition briefs here.  Trafigura also is uniquely positioned vis-à-vis other defendants to address its specific conversations with Plaintiff's counsel, as well as its affirmative preservation proposal, discussed further below.

As of filing, Trafigura has reviewed the Vitol and Colonial defendants' oppositions to the Motion.  [ECF Nos. 155 & 156]  Some of the parties' arguments overlap and Trafigura therefore incorporates their arguments herein by reference in an attempt to minimize rearguing the same issues.  For example, Trafigura joins the Vitol defendants' request that, should the Court be inclined to grant a document preservation preliminary injunction, it apply the same order to PDVSA and the Trust.  [ECF No. 155, at 4, 10-11]

evidence and makes no argument there is a risk Trafigura will fail to abide by its discovery obligations under the Federal Rules of Civil Procedure.  (Indeed, when Trafigura directly asked Plaintiff's counsel for any such evidence, Plaintiff provided none.)  Plaintiff similarly offers no explanation why imposing preservation requirements on Trafigura above those required by the Federal Rules is necessary or allowed.  If the Court were to follow Plaintiff down its preferred path, every plaintiff in every case would also seek this extraordinary relief, which certainly is inconsistent with the Rules and case law (and is far beyond what even a federal prosecutor could obtain, where they need to show probable cause for a similar order in criminal cases).

For these reasons and the others discussed in detail below, Trafigura respectfully requests that the Court deny the Motion.  Furthermore, Trafigura asks that the Court adopt Trafigura's proposed preservation protocol, which it proposed to Plaintiff in an effort to amicably resolve this Motion, *see* Declaration of Ethan Glass dated March 26, 2018 ("Glass Decl."), Ex. D, and now files with this brief as a proposed Order.  Trafigura asks for this latter relief so the parties are clear regarding the scope of Trafigura's document preservation and can avoid unnecessary disputes if the case ever proceeds to fact discovery.

## II.     FACTUAL BACKGROUND

Plaintiff filed its Complaint [ECF No. 1] on March 3, 2018, and its Amended Complaint [ECF No. 12] on March 5, 2018—both were filed *ex parte* and under seal.  The Amended Complaint groups 43 defendants into various categories and groups.  Trafigura and its affiliates are included in the alleged "Oil Company Conspirators" group.  [ECF No. 1 ¶ 63]  Although the complaint never defines the term "Individual Trade Conspirators," it also appears that Plaintiff includes current and former Trafigura employees, Maximiliano Poveda, Jose Larocca, and Andrew Summers in that separate group.  [*Id.* ¶ 65]

3

On March 3, 2018, Plaintiff filed under seal its *ex parte* Motion requesting that the Court enter a temporary restraining order and preliminary injunction relating to document preservation. The Court granted the Motion in part (*see* Temporary Restraining Order ¶ 1), also under seal, and set a hearing on Plaintiff's preliminary injunction motion for March 19, 2018, at 9:30 a.m. (*see id.* ¶ 4). The entire docket remained under seal until March 8, 2018, when Plaintiff's Ex Parte Motion to Unseal [ECF No. 47], was granted by the Court (see Endorsed Order [ECF No. 48]).

On its face, the Motion only seeks a temporary restraining order and preliminary injunction against the Morillo Group Defendants and the bank defendants. All of the evidence allegedly supporting the notion of document destruction focuses on the Morillo Group Defendants or files held at the banks; none of it relates to Trafigura at all. [*See generally* ECF No. 5] The Proposed Order on the Motion similarly focuses only on the Morillo Group Defendants and bank defendants; all requested relief is against those two groups, again omitting any reference to Trafigura. [*See generally* ECF No. 5-1]

At the March 14 hearing on Plaintiff's request for a temporary restraining order, the evidence Plaintiff's counsel cited for the supposed need for a preservation order again focused exclusively on the Morillo Group Defendants. *See* Mar. 14, 2018 Hr'g Tr. at 9-10, 27-29. Nevertheless, Plaintiff expanded its request for a preliminary injunction against *all* defendants at that hearing without explaining what evidence supported that request, why it needed protections more fulsome than the default Federal Rules of Civil Procedure, and despite that the only "ones where we thought there was the most immediate threat [of preservation issues] were the Morillo-grouped defendants." *Id.* at 10:23-13:1. Plaintiff did not, however, file any notice of motion or brief regarding Trafigura, and never sought to explain why Trafigura Trading (or any Trafigura entity or employee) should be subject to a special preservation order. All of these events

4

occurred before Trafigura entered an appearance in the case and while it was in the process of retaining counsel.

Following the March 14 hearing, Trafigura completed its retention of counsel to represent it in this action. Trafigura's new counsel then reached out to Plaintiff to discuss document preservation and other case management issues (including a request to extend Trafigura's deadline to oppose the Motion by a few days, which Plaintiff refused). Glass Decl. ¶¶ 3-4. Once Plaintiff's counsel responded, among Trafigura's first questions was for Plaintiff to identify the evidence it contends supports a document preservation injunction against Trafigura. In response, Plaintiff's counsel provided nothing, beyond saying it would "consider" the request. *Id.*, Ex. B. Plaintiff subsequently refused to provide such evidence at all. *Id.* ¶ 7, Ex. C.

In the same series of communications, Trafigura's counsel sent a proposed preservation protocol to Plaintiff. That proposal is attached to the concurrently-filed Glass Decl. as Exhibit D and is reflected in the concurrently-filed Proposed Order. It sets forth a broad series of search terms and custodians. Those proposed searches are explicitly based on the Amended Complaint's allegations and attached exhibits. They also reflect the reality that—contrary to several key unsupported allegations in the Amended Complaint—Trafigura's commercial relationship with any of the Morillo Group Defendants ceased in 2008. Although Plaintiff has not even served discovery requests under Rule 34, Trafigura made this proposal to reach an amicable resolution of a Motion Plaintiff never supported against Trafigura. Nevertheless, Plaintiff did not accept this proposal and did not offer an alternative proposal. *Id.* ¶ 9.

Faced with these circumstances, Trafigura had no choice but to file this opposition.

### III.   ARGUMENT

As one Court within this Circuit has observed:

> Whenever a lawsuit is filed, the defendant is automatically required to take all appropriate steps to preserve any and all information which might be relevant to that litigation. See Fed. R. Civ. P. 26.  To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists.  The possibility that a document preservation order might induce a cavalier defendant to elect the moral high road, however, must be the justification for the entry of such orders, and this possibility begs examination.

*Hester v. Bayer Corp.*, 206 F.R.D. 683, 685 (M.D. Ala. 2001).  Accordingly, "at the very least *some* evidence should be offered to justify such an extreme remedy," *id.* at 686 (emphasis in original), because a defendants might otherwise find itself "between the Scylla of the great costs of complying with [a] broad order, and the Charybdis of the imposition of sanctions which might result from the routine destruction of documents."  *Id.*

Plaintiff fails to establish the need for a document preservation order in multiple respects.

*First*, Plaintiff does not identify any evidence at all suggesting Trafigura is at risk of destroying or otherwise failing to preserve documents.  Thus, as an initial matter, Plaintiff cannot satisfy its requirements for a preliminary injunction, because there is no risk of irreparable harm, the balance of harms weighs in Trafigura's favor, and Plaintiff would disserve the public policy behind refusing to impose unreasonable discovery requirements on a party that is meaningfully committed to its obligations under the Federal Rules.

*Second*, Plaintiff cannot explain why the document collection and preservation protocol Trafigura proposed is unreasonable on its face or would otherwise fail to reasonably gather and preserve documents potentially relevant to the allegation in the Amended Complaint.  Thus, for this independent reason, the Motion also fails as to Trafigura.

### A. Plaintiff Provides No Basis to Enjoin Trafigura or Impose Preservation Requirements Beyond Those Required by the Federal Rules

#### 1. To obtain a preliminary injunction against all defendants, Plaintiff bears the burden of establishing each injunction requirement as to each defendant

"Generally, a preliminary injunction is an extraordinary and drastic remedy." *Osborne Assocs., Inc. v. Cangemi*, 2017 WL 5443146, at *7 (M.D. Fla. Nov. 14, 2017) (citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). Indeed, "[a] preliminary injunction is a powerful exercise of judicial authority in advance of trial." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest." *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). "The movant, at all times, bears the burden of persuasion as to each of these four requirements." *Osborne*, 2017 WL 5443146, at *7 (citing *Ne. Fla.*, 896 F.2d at 1285). And the failure to establish a single element warrants denial of the request for preliminary injunctive relief and obviates the need to discuss the remaining elements. *See Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994)).

#### 2. Plaintiff fails to establish multiple of the preliminary injunction requirements

In the upcoming motions to dismiss, Trafigura will demonstrate why this case cannot proceed in any manner, let alone on the allegations and claims Plaintiff brings. For the time being, however, Trafigura does not focus on likelihood of success in this opposition brief,

7

because there are other, equally glaring deficiencies in Plaintiff's preliminary injunction request. These deficiencies do not require the Court to undertake an extensive legal analysis, and focusing on them will therefore minimize the Court's burden.

On the most fundamental level, Plaintiff fails to establish any risk of irreparable injury if Trafigura is not enjoined. Plaintiff identifies literally no evidence Trafigura deleted documents or is at risk of doing so now. Moreover, Trafigura has already stated it intends to abide by its obligations under the Federal Rules of Civil Procedure, and it has provided Plaintiff with an affirmative proposal regarding how it would like to collect and segregate potentially relevant documents, despite that Plaintiff has no right to pursue discovery at this time. In the limited time it has been in this case, Trafigura has been the model of a good defendant. Plaintiff thus has no basis to argue irreparable injury and its injunction request against Trafigura necessarily fails. *See Ne. Fla.*, 896 F.2d at 1285 (noting that "[a] showing of irreparable harm is the *sine qua non* of injunctive relief" and reversing the grant of such relief absent irreparable harm).

Next, the balance of harms here clearly weighs against imposing preliminary injunctive preservation requirements on Trafigura. As noted, Plaintiff identifies no harm if Trafigura proceeds according to its obligations under the Federal Rules rather than under a preliminary injunction. Although Plaintiff has been clear it wants to "have a remedy of contempt" to threaten if it ever disagrees with Trafigura about the scope of discovery, that does not support an injunction nor establish why subjecting Trafigura to extra requirements at this point is fair or equitable. This is particularly so, given Trafigura's offer to collect documents in a reasonable and proportional manner (discussed further below in Section III.B). Thus, the injunction request fails on this basis, too. *See Pittman*, 267 F.3d at 1292 (failure to establish one preliminary injunction requirement dooms the entire request).

Finally, although there is certainly a strong public policy encouraging document preservation in appropriate situations, that policy is already embodied in the Federal Rules of Civil Procedure. Those same rules, however, also reflect a strong policy to prevent unwarranted or abusive discovery practices, and to establish reasonable limits on discovery obligations. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to relevant documents and searches that are proportional to the needs of the case), 26(c) (permitting parties from whom discovery is sought to move for protective orders), 37(a) (requiring a party to move to compel discovery responses before they can seek discovery sanctions; *i.e.*, the equivalent of the "remedy of contempt" Plaintiff's counsel stated they would like at this early point in the case). Given the policies already reflected in the Rules, Plaintiff fails to establish what additional public policy is served by the preliminary injunction, including how imposing obligations on Trafigura above the Federal Rules' defaults is warranted.

### B. Trafigura's Preservation Proposal Constitutes a Reasonable and Proportional Search Protocol

If Plaintiff reaches fact discovery, it is entitled to obtain discovery that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). At least with respect to information not otherwise required under Rule 26(a)(1), the scope of any document collections, review, and productions will necessarily depend on the requests Plaintiff makes (if ever) under Rule 34. Plaintiff has not served any such requests, and Trafigura is not obligated to respond to any at this time. Fed. R. Civ. P. 34(b)(2)(A). Nevertheless, Trafigura proposed a broad document collection protocol that should identify, in a reasonable and proportional manner, all documents that possibly touch on the factual allegations in the Amended Complaint. *See generally* Glass Decl., Ex. D; *see also* Proposed Order, filled concurrently hereto.

Among other things, the offer: proposes very broad terms on multiple different topics and entities named in the complaint; proposes running the vast majority of search terms across all of Trafigura's 1,400+ employees; for the term "PDVSA," proposes running that broad term in the files of the Trafigura individuals specifically identified in the complaint, and during the period when they had a commercial relationship with any of the Morillo Group Defendants;[3] and uses numerous phrases directly quoted from exhibits to the complaint. *Id.* Trafigura believes this is a facially reasonable protocol, which more than satisfies its obligations under the Federal Rules. *See United States v. Fresenius Med. Care Holdings, Inc.*, 2014 WL 11517841, at *5 (N.D. Ga. May 13, 2014) ("The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances.") (quoting Fed. R. Civ. P. 26(g) advisory committee's note).

In response, Plaintiff did not accept this proposal and offered no alternative proposal. Trafigura therefore requests the Court's aid to resolve the matter.

Dated: March 26, 2018.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By: 　*/s/ Edward M. Mullins*
　　　　　　　　　　　　　　　　　　　　Edward Mullins, Esq.
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 863920
　　　　　　　　　　　　　　　　　　　　Email: emullins@reedsmith.com
　　　　　　　　　　　　　　　　　　　　**REED SMITH LLP**
　　　　　　　　　　　　　　　　　　　　1001 Brickell Bay Drive, Suite 900
　　　　　　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (786) 747-0200
　　　　　　　　　　　　　　　　　　　　Facsimile: (786) 747-0299
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant TRAFIGURA TRADING, LLC*

---

[3] PDVSA is a large oil company with a substantial presence in the oil industry. Based on preliminary searches, Trafigura understands that running the term "PDVSA" across all of its employees would generate millions of hits and likely crash Trafigura's system. This portion of the proposal therefore strikes a proportional compromise by using a broad term, but focusing it on individuals most likely to have potentially relevant documents.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Defendant Trafigura Trading, LLC's Opposition to Plaintiff'sMotion for Preliminary Injunction* was filed and served by CM/ECF, on March 26, 2018, on all counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins