## PDVSA U.S. LITIGATION TRUST AGREEMENT

This PDVSA U.S. Litigation Trust Agreement (the **"Litigation Trust Agreement"** or **"Agreement"**), made this 27th day of July, 2017, by and between (a) Petróleos de Venezuela S.A. (with all affiliates, subsidiaries, successors and assigns, **"PDVSA"**), acting in this matter through the Minister of the People's Petroleum Power, as a representative duly authorized to take action on behalf of PDVSA, by virtue of Number 14 of Article 78 of the *Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública*, as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 6.147 *Extraordinaria*, dated November 17, 2014, and Article 8 of the *Ley Orgánica de Hidrocarburos*, as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 38.493, dated August 4, 2006, and (b) the individuals designated as trustees for the liquidating trust established pursuant to this Litigation Trust Agreement (each such person and each successor trustee, the **"Litigation Trustees"**), is executed to facilitate the prosecution of claims PDVSA has against various entities and individuals and the distribution of the Proceeds thereof.  Each of PDVSA and the Litigation Trustees are sometimes referred to individually as a **"Party"** and collectively as the **"Parties."**

### RECITALS

WHEREAS, PDVSA is an oil and gas company owned by the Bolivarian Republic of Venezuela (**"Venezuela"**); and

WHEREAS, PDVSA is the owner of claims against multiple individuals and entities (the **"Conspirators"**) arising out of (1) the Conspirators' depression of prices for PDVSA's futures contracts; (2) the Conspirators' systematic failure to pay the ten percent (10%) balance for the futures contracts; (3) the Conspirators' inflation of the prices PDVSA pays for Naphtha; and (4) the Conspirators' systematic failure to deliver the full amount of Naphtha purchased by PDVSA (the **"Contributed Claims"**); and

WHEREAS, the Conspirators' misconduct has caused and continues to cause vast damages to PDVSA and the people of Venezuela; and

WHEREAS, in order to obtain compensation for PDVSA and the people of Venezuela, PDVSA is authorizing the engagement of United States law firms and investigators to further investigate, commence one or more civil actions (the **"Assigned Actions"**), and prosecute the Assigned Actions to conclusion; and

WHEREAS, PDVSA is also authorizing the engagement of counsel in other jurisdictions where ancillary litigation and legal services may be required in connection with the Contributed Claims and the Assigned Actions; and

WHEREAS, PDVSA is entering into this Litigation Trust Agreement in order to ensure the engagement of legal counsel and the investigators who have already expended substantial time, effort, and money investigating, analyzing and preparing the forthcoming litigation, and to provide for the orderly and consensual distribution of the Proceeds of the Assigned Actions, whether by pre-suit settlement, post-suit settlement, or judgment, to PDVSA; and

WHEREAS, PDVSA and Boies Schiller Flexner LLP and Meister Seelig & Fein LLP (the **"US Law Firm Appointers"**) are appointing the Litigation Trustees to hold and pursue the Assigned Actions; and

NOW, THEREFORE, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

**ARTICLE I**
**DEFINITIONS**

For all purposes of this Litigation Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms: (i) in Annex A attached hereto and made part hereof; or (ii) that certain engagement letter agreement, dated as of July 12, 2017 (the "**Engagement Letter**"), between PDVSA and the Firm. Unless otherwise specified, Article, Section and Paragraph references herein are to Articles, Sections and Paragraphs of this Litigation Trust Agreement.

**ARTICLE II**
**ESTABLISHMENT OF THE LITIGATION TRUST**

2.1     Establishment of Litigation Trust and Appointment of Litigation Trustees.

(a)     The Parties hereby establish a trust which shall be known as the "PDVSA US Litigation Trust" (defined herein as the **"Litigation Trust"**) on behalf of PDVSA.

(b)     The Litigation Trustees are hereby appointed as trustees of the Litigation Trust effective as of the full execution and delivery of this Litigation Trust Agreement and agree to accept and hold the assets of the Litigation Trust in trust for PDVSA subject to the terms of this Litigation Trust Agreement and the engagement letters entered into between PDVSA and the law firms and investigators engaged to investigate and prosecute the Assigned Actions. The Litigation Trustees and each successor trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)     The Litigation Trustees may serve without bond.

2.2     Transfer of Litigation Trust Assets.

(a)     PDVSA hereby irrevocably transfers, assigns, and delivers to the Litigation Trust, without recourse, all of its respective rights, title, and interests in and to the Contributed Claims and the Assigned Actions; and

(b)     PDVSA hereby irrevocably transfers, assigns, and delivers to the Litigation Trust and the Litigation Trustees, without waiver, all of their respective rights, title and interests in and to any privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Contributed Claims (collectively, **"Privileges"** and, together with Contributed Claims, **"Assigned Actions"),** which shall vest in the Litigation Trustees and the Litigation Trust, in trust, for the benefit of PDVSA. For purposes of the transfer of documents, the Litigation Trust is an assignee and successor to PDVSA in respect of the Contributed Claims and shall be treated as such in any review of confidentiality restrictions in requested documents. For purposes of this Section 2.2(b), "privileged" means attorney-client privilege or work product protection (or both as the case may be) as those terms are defined in Federal Rule of Evidence 502(g).





2.3     Funding of the Litigation Trust.

(a)     From time to time, Algamex may provide funding to fund the fees, expenses, and costs of the Litigation Trust.  To the extent that a portion of any funding provided to the Litigation Trust by Algamex is not needed or reasonably likely to be used to defray the costs and expenses of the Litigation Trust, such funds shall be returned to Algamex.

(b)     Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

2.4     Title to the Litigation Trust Assets. The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 hereof is being made by PDVSA for the sole benefit, and on behalf of, PDVSA. Upon the transfer of the initial Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of PDVSA's rights, title and interests in the Litigation Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Litigation Trust Assets upon their assignment and transfer to the Litigation Trust, other than as provided herein.

2.5     Nature and Purpose of the Litigation Trust.

(a)     Purpose. The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustees, subject to the terms and conditions contained herein, is to (i) hold the Litigation Trust Assets and dispose of the same in accordance with this Litigation Trust Agreement, and (ii) oversee and direct the expeditious but orderly liquidation of the Litigation Trust Assets.   The primary purpose of the Litigation Trust is to facilitate the prosecution and resolution of the Assigned Actions and to liquidate the Litigation Trust Assets with no objective to continue or engage in the conduct of a trade or business.

(b)     Relationship. This Litigation Trust Agreement is intended to create a trust and a trust relationship and is to be governed and construed in all respects as a trust.  The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustees or PDVSA, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of PDVSA to the Litigation Trustees shall be solely that of beneficiary of a trust and shall not be deemed a principal and agency relationship, and its rights shall be limited to those conferred upon it by this Litigation Trust Agreement.

**ARTICLE III**
**RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEES**

3.1     Role of the Litigation Trustees. In furtherance of and consistent with the purpose of the Litigation Trust, subject to the terms and conditions contained herein, the Litigation Trustees shall (i) hold the Litigation Trust Assets for the benefit of PDVSA , and (ii) make distributions of Proceeds and other Litigation Trust Assets. The Litigation Trustees shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets.  In all circumstances, the Litigation Trustees shall act in the best interests of all PDVSA and in furtherance of the purpose of the Litigation Trust, and shall use commercially

reasonable efforts to dispose of the Litigation Trust Assets and to make timely distributions and not unduly prolong the duration of the Litigation Trust.

3.2 <u>Prosecution of Assigned Actions.</u> Subject to the provisions of this Litigation Trust Agreement, the Litigation Trustees shall hold, pursue, prosecute, release, settle or abandon, as the case may be, any and all Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the Proceeds of any such causes of action).

3.3 <u>Authority to Settle Assigned Actions.</u>

(a) The Litigation Trustees, by unanimous consent, after consultation with the *Procurador General de la República Bolivariana de Venezuela* (the **"General Attorney"**) shall be empowered and authorized to settle, dispose of or abandon any Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the Proceeds of any such Assigned Actions).

(b) Any determinations by the Litigation Trustees with regard to the amount or timing of settlement or other disposition of any Assigned Action shall be conclusive and binding on PDVSA and all other parties in interest.

3.4 <u>Retention of Litigation Counsel and Other Professionals.</u> Subject to the Engagement Letter, the Litigation Trustees may (a) retain such independent experts and advisors (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Litigation Trustees deem necessary to aid them in the performance of their duties and responsibilities hereunder and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Litigation Trust Agreement, and (b) commit the Litigation Trust to provide such professional persons or entities compensation and reimbursement in accordance with the Engagement Letter for services rendered and expenses incurred, *provided, however,* that all litigation counsel shall be approved in advance by the General Attorney. Subject to the foregoing, the Litigation Trustees may select any of the foregoing professionals in their sole discretion, and such professionals' affiliation with the Litigation Trustees shall not preclude the Litigation Trust's retention of such professionals. Without limiting the foregoing, the Litigation Trustees may engage such professionals on a contingency fee basis, such that the professionals will be paid based upon recoveries from the Assigned Actions, in accordance with the Engagement Letter.

3.5 <u>Trust Expenses.</u> The Litigation Trustees may incur any reasonable and necessary expenses in liquidating the Litigation Trust Assets.

(a) The Litigation Trustee may maintain an expense fund (the **"Expense Fund"**) and expend the assets of the Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustees (including reasonable fees, costs, and expenses of professionals incurred in the administration of the Litigation Trust) any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or fees and expenses in connection



with, arising out of or related to the Litigation Trust Assets, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject).

(b)     The Litigation Trustees may retain from the Proceeds and add to the Expense Fund, at any time and from time to time, such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Expense Fund will be adequate to meet the expenses and liabilities described in Section 3.5(a) above.

(c)     Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustees shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Expense Fund for that purpose.

(d)     In accordance with the Engagement Letter, all expenses of prosecuting the Assigned Actions, including payments to all professionals, shall be borne by parties receiving 66% of the Proceeds of the Assigned Actions.

3.6     Distributions.

(a)     In the reasonable discretion of the Litigation Trustees by unanimous consent, the Litigation Trustees shall distribute all Proceeds on hand to PDVSA subject to approval of the General Attorney pursuant to the *Ley Orgánica de la Procuraduría General de la República,* as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 6.220 *Extraordinaria,* dated March 15, 2016, as the same may be amended from time to time (**"Ley Orgánica de la Procuraduría General de la República"**).

(b)     The Litigation Trust may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustees' reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, without limitation, tax withholding relating to wage claims).

(c)     The Litigation Trustees may retain a distribution agent for the effective administration and distribution of amounts payable to PDVSA and all costs and expenses of such distribution agent shall be paid from the Expense Fund.

3.7     Management of Litigation Trust Assets.

(a)     Except as otherwise provided in this Litigation Trust Agreement, and subject to Treasury Regulations governing liquidating trusts, but without prior or further authorization, the Litigation Trustees may, control and exercise authority over the Litigation Trust Assets, over the acquisition, management and disposition thereof and over the management and conduct of the Litigation Trust, in each case, to the extent necessary to enable the Litigation Trustees to fulfill the intents and purposes of this Litigation Trust Agreement. No person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustees in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)     In connection with the management and use of the Litigation Trust Assets and, except as otherwise expressly limited in this Litigation Trust Agreement, the Litigation

Trustees will have, in addition to any powers conferred upon the Litigation Trustee by any other provision of this Litigation Trust Agreement, the power to take any and all actions as, in the Litigation Trustees' discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority (i) to distribute the Litigation Trust Assets to PDVSA in accordance with the terms of this Litigation Trust Agreement, (ii) to pay all expenses of the Litigation Trust, (iii) to sell, convey, transfer, assign, liquidate or abandon the Litigation Trust Assets, or any part thereof or any interest therein, upon such terms and for such consideration as may be commercially reasonable, (iv) to endorse the payment of notes or other obligations of any Person or to make contracts with respect thereto, and (v) to borrow such sums of money, at any time and from time to time, for such periods of time, upon such terms and conditions, from such Persons, for such purposes as may be commercially reasonable. The Litigation Trustees will not at any time, on behalf of the Litigation Trust or PDVSA, enter into or engage in any trade or business, and no part of the Litigation Trust Assets will be used or disposed of by the Litigation Trustees in furtherance of any trade or business.

(c)     All decisions and actions by the Litigation Trustees under the authority of this Litigation Trust Agreement will be binding upon PDVSA and the Litigation Trust.

3.8     Additional Powers of the Litigation Trustees. In addition to any and all of the powers enumerated above, and except as otherwise provided in this Litigation Trust Agreement, and subject to the Treasury Regulations governing liquidating trusts, the Litigation Trustees, shall be empowered to:

(a)     hold legal title to any and all rights of PDVSA in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust;

(b)     protect and enforce the rights of the Litigation Trust to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(c)     determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(d)     assert or waive any privilege or defense on behalf of the Litigation Trust;

(e)     make all payments relating to the Litigation Trust Assets;

(f)     obtain insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust, the Litigation Trustees (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(g)     file, if necessary, any and all tax and information returns with respect to the Litigation Trust and pay taxes properly payable by the Litigation Trust, if any;



6

(h)     request any appropriate tax determination with respect to the Litigation Trust;

(i)     retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

(j)     take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

(k)     take all steps and execute all instruments and documents the Litigation Trustee reasonably deems necessary to effectuate the Litigation Trust; and

(m)     take all actions the Litigation Trustee reasonably deems necessary to comply with this Litigation Trust Agreement and the obligations hereunder.

3.9     <u>Limitations on Power and Authority of the Litigation Trustees.</u> Notwithstanding anything in this Trust Agreement to the contrary, the Litigation Trustees will not have the authority to do any of the following:

(a)     take any action in contravention of this Litigation Trust Agreement;

(b)     take any action which would make it impossible to carry on the activities of the Litigation Trust;

(c)     possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for other than Litigation Trust purposes and as provided herein;

(d)     permit the Litigation Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including without limitation expected expenses) or to maintain the value of its assets during liquidation;

(e)     exercise any investment power other than the power to invest in demand; and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that may be held by a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(f)     take any other action that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

3.10     <u>Books and Records.</u> The Litigation Trustees shall maintain in respect of the Litigation Trust, the books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of expenses, liabilities and claims against or assumed

by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustees to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the Litigation Trust Assets.

3.11    Reports

(a)    Financial and Status Reports. Within 90 days after the calendar year-end following the Effective Date and for each calendar year end thereafter, and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustees shall make available upon request to PDVSA a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a description of any action taken by the Litigation Trust which materially affects the Litigation Trust and of which notice has not previously been given to the holders of Litigation Trust Interests; and (iii) a description of the progress of liquidating Litigation Trust Assets and making distributions to PDVSA and any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust.

(b)    Annual Plan and Budget. The Litigation Trustees may, but shall not be required to, prepare and submit to PDVSA an annual plan and budget in such detail as is reasonably requested.

3.12   Compliance with Laws. Any and all distributions of Litigation Trust Assets and Proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state laws.

## ARTICLE IV
## THE LITIGATION TRUSTEES

4.1    Number and Appointment of Litigation Trustees.

(a)    There shall at all times be three (3) Litigation Trustees.

(b)    The initial three (3) Litigation Trustees hereby appointed are Miguel Bolivar, Vincent Andrews, and Edward P. Swyer.

(c)    Miguel Bolivar (the **"PDVSA Appointee"**) has been appointed by PDVSA (the **"PDVSA Appointer"**), and Vincent Andrews and Edward P. Swyer (together, the **"US Law Firm Appointees"**) have been jointly appointed by the US Law Firm Appointers. The PDVSA Appointer has the sole authority to select the successor(s) of the original PDVSA Appointee and the US Law Firm Appointers have the sole authority to appoint the successor(s) of the original US Law Firm Appointees. For the avoidance of doubt, and notwithstanding

anything contained to the contrary herein, at all times the Litigation Trustees shall be comprised of one person appointed by the PDVSA Appointer and two persons appointed by the US Law Firm Appointers.

4.2    <u>Independent Trustees.</u> The Litigation Trustees may not be a beneficiary hereunder.

4.3    <u>Decisions and Actions of the Litigation Trustees</u>.  Except as specified otherwise herein, all decisions and actions of the Litigation Trustees shall be by majority vote and shall require approval of at least two (2) of the three (3) Litigation Trustees.

4.4    <u>Trustees' Compensation and Reimbursement.</u> The Litigation Trustees shall receive compensation from the Litigation Trust as follows:

(a)    <u>Compensation.</u> The Litigation Trustees shall receive reasonable compensation <u>as agreed to by PDVSA and the US Law Firm Appointers</u>.  The Litigation Trustees' compensation may only be modified by unanimous consent of the Litigation Trustees and PDVSA.

(b)    <u>Expenses.</u> In addition, the Litigation Trust will reimburse the Litigation Trustees (out of the Litigation Trust Assets) for all reasonable, out-of-pocket expenses incurred by the Litigation Trustees in connection with the performance of their duties hereunder.

4.5    <u>Resignation.</u> The Litigation Trustees may resign by giving not less than ninety (90) days' prior written notice. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor by the applicable appointer pursuant to Section 4.1 of this Litigation Trust Agreement for the Litigation Trustee position being vacated and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the resigning Litigation Trustee may petition any court of competent jurisdiction for the appointment of a successor Litigation Trustee.

4.6    <u>Removal.</u>  The Litigation Trustees may be removed for Cause.

4.7    <u>Appointment of Successor Litigation Trustee.</u> In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the applicable appointer under Section 4.1 shall designate a successor Litigation Trustee. Such appointment shall specify the date on which such appointment shall be effective. Every successor Litigation Trustee appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trust an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor Litigation Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Litigation Trustee; *provided, however,* that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation

Trustee under the Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Litigation Trustee.

4.8    Confidentiality. The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

## ARTICLE V
## LIABILITY AND INDEMNIFICATION

5.1    No Further Liability.  Each of the Litigation Trustees shall have no liability for any actions or omissions in accordance with this Litigation Trust Agreement unless arising out of their gross negligence or willful misconduct. In performing their duties under this Litigation Trust Agreement, the Litigation Trustees shall have no liability for any action taken by the Litigation Trustee in accordance with the advice of counsel, accountants, appraisers and other professionals retained by the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustees may rely without independent investigation on copies of documents reasonably believed by the Litigation Trustee to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Litigation Trust Agreement shall require the Litigation Trustees to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Notwithstanding the foregoing, nothing in this Section 5.1 shall relieve the Litigation Trustees from any liability for any actions or omissions arising out of their gross negligence or willful misconduct.

5.2    Indemnification of the Litigation Trustees.

(a)    To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, will indemnify and hold harmless the Litigation Trustees and each of their respective directors, members, shareholders, partners, officers, agents, professionals or employees (collectively, the **"Indemnified Persons"**) from and against any and all loss, cost, damage, expense (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that it is finally judicially determined by a court of competent jurisdiction that the loss, cost, damage, expense or liability resulted from the Indemnified Person's gross negligence or willful misconduct.  This indemnification shall apply only to the Litigation Trustees in the exercise of their duties hereunder and shall not apply to the actions of other persons involved in the prosecution of the Assigned Actions.

(b)    Notwithstanding any provision herein to the contrary, the Indemnified Persons shall be entitled to obtain advances from the Litigation Trust to cover their reasonable

expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of an Indemnified Person in its capacity as such, *provided, however,* that the Indemnified Persons receiving such advances shall repay the amounts so advanced to the Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Persons were not entitled to any indemnity under the provisions of this Section 5.2. The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Indemnified Person from the capacity for which they are indemnified. Termination or modification of this Litigation Trust Agreement shall not affect any indemnification rights or obligations then existing.

        (c)      The Litigation Trust, with the unanimous approval of the Litigation Trustees, may indemnify any of the Indemnified Persons for any loss, cost, damage, expense or liability for which the Indemnified Persons would not be entitled to mandatory indemnification under this Section 5.2.

        (d)      Any Indemnified Person may waive the benefits of indemnification under this Section 5.2, but only by an instrument in writing executed by such Indemnified Person.

        (e)      The rights to indemnification under this Section 5.2 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this Section 5.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.

        5.3      <u>Litigation Trust Liabilities.</u> All liabilities of the Litigation Trust, including without limitation indemnity obligations under Section 5.2 of this Litigation Trust Agreement, will be liabilities of the Litigation Trust as an entity, and will be paid or satisfied from Litigation Trust Assets. No liability of the Litigation Trust will be owed in whole or in part by PDVSA individually or in PDVSA's capacity as a Beneficiary, by the Litigation Trustees individually or in the Litigation Trustees' capacity as Litigation Trustees, or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of PDVSA or Litigation Trustee.

        5.4      <u>Limitation of Liability.</u> Neither the Litigation Trustee nor their agents, employees and professionals will be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances.

        5.5      <u>Burden of Proof.</u> In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such determination shall presume that the Indemnified Person is entitled to exculpation and indemnification under this Litigation Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

## ARTICLE VI
## REPRESENTATIONS AND WARRANTIES

        PDVSA hereby represent and warrant that (i) the signatories hereto have full authority to execute this Agreement on its behalf; (ii) this Agreement has been duly authorized, executed and

delivered by it or on its behalf and is its valid and binding agreement, enforceable against it in accordance with the Agreement's terms; (iii) its execution, delivery, and performance under this Agreement will not contravene or constitute a default under any provision of applicable law or regulation or its charter documents (if any), any agreement or other instrument binding upon it or any of its subsidiaries or assets, or any judgment, order or decree of any governmental body, agency, official, or court having jurisdiction over it; and (iv) it has received all necessary approvals and authorizations from any governmental bodies, agencies, officials, self-regulatory organizations, or courts or other tribunals, whether foreign or domestic.

**ARTICLE VII**
**TERMINATION OF LITIGATION TRUST**

The Litigation Trustees and the Litigation Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Litigation Trustees determine that the pursuit of additional Assigned Actions is not likely to yield sufficient additional Proceeds to justify further pursuit of such Claims and (b) all distributions of Proceeds and other Litigation Trust Assets required to be made by the Litigation Trustees under this Litigation Trust Agreement have been made and all expenses of the Litigation Trust have been paid. Upon dissolution of the Litigation Trust, any remaining Cash on hand and other Litigation Trust Assets shall be distributed to PDVSA. Article V of this Litigation Trust Agreement shall survive any termination of the Litigation Trust Agreement.

**ARTICLE VIII**
**AMENDMENT AND WAIVER**

Any provision of this Litigation Trust Agreement may be amended or waived only in writing by unanimous consent of the Litigation Trustees; *provided, however,* that all amendments of this Litigation Trust Agreement shall be consistent with the purpose and intention of the Litigation Trust to facilitate the commencement and the prosecution of the Assigned Actions and to provide for the distribution of the Proceeds.

**ARTICLE IX**
**MISCELLANEOUS PROVISIONS**

9.1     <u>Effectiveness.</u> This Litigation Trust Agreement shall become effective as of the date that it is fully executed and delivered (the "**Effective Date**").

9.2     <u>Counterparts.</u> This Litigation Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

9.3     <u>Governing Law.</u> This Litigation Trust Agreement shall be governed by, and construed and enforced in accordance the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

9.4     <u>Dispute Resolution</u>.     The Parties hereby agree that any dispute, claim or controversy arising out of or relating to this Litigation Trust Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration in

New York City before three arbitrators. The arbitration shall be administered by the ICC pursuant to its Comprehensive Arbitration Rules and Procedures. The arbitrators shall award to the prevailing party its costs, including reasonable attorneys' fees, arbitrator fees, filing fees, and other costs of the arbitration. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. The arbitrator's decision and award shall be final and binding and may be entered in any court of competent jurisdiction.

9.5     Venue and Jurisdiction. Subject to Section 9.4, the Parties irrevocably consent to the exclusive jurisdiction of the state and federal courts located within the State of New York, County of New York for any action or proceeding relating to the Litigation Trust or this Litigation Trust Agreement, provided, however, to the extent necessary or advisable, court approval of the Litigation Trust or this Litigation Trust Agreement may be sought in any court of competent jurisdiction that is presiding over an Assigned Action.

9.6     Headings. Sections, subheadings and other headings used in this Litigation Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Litigation Trust Agreement or any provision thereof.

9.7     Severability. If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

9.8     Due Authorization by the General Attorney. This Litigation Trust Agreement has been duly authorized by the General Attorney, Citizen Reinaldo Muñoz Pedroza, by virtue of, and in accordance with, Articles 107, 76, 21, 5 and 9 (1) of the Ley Orgánica de la Procuraduría General de la República.

9.9     Notices. All notices, requests or other communications, required or permitted to be made in accordance with this Litigation Trust Agreement including any change of address of PDVSA for the purposes of receiving distributions from the Litigation Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement. Notices should be directed to:

(a)     If to the Litigation Trust or the Litigation Trustees:

Vincent Andrews
Private Capital Adv
150 East 52nd St. Suite 21002
NY, NY 10022
vandrews@privatecapitaladv.com





Edward P. Swyer
The Swyer Companies
10 Executive Park Drive
Stuyvesant Plaza
Albany, New York 12203
eswyer@stuyvesantplaza.com

Miguel Bolívar
Gerente Corporativo de Tesoreria
Petroleos de Venezuela S.A.
Avenida Libertador, cruce con calle El Empalme
Complejo MinPetróleo - PDVSA
La Campiña, Caracas
VENEZUELA

(b)   If to PDVSA:

Vicky Zarate
Consultora Jurídica
Avenida Libertador, cruce con calle El Empalme
Complejo MinPetróleo - PDVSA
La Campiña, Caracas
VENEZUELA

(c)   If to Procuraduría General de la República:

Despacho del Procurador General
Av. Los Ilustres, cruce con Calle Francisco Lazo Martí
Urb. Santa Mónica Caracas.
La Campiña, Caracas
VENEZUELA
rmunoz@pgr.gob.ve
rmunoz.pgr@gmail.com





IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.


**Dated: July 27, 2017**


_____

**Miguel Bolívar**


_____

**Edward P. Swyer**


_____

**Vincent Andrews**


_____

**Nelson Martínez**
**Minister of the People's Petroleum Power**
**Bolivarian Republic of Venezuela**


_____

Procuraduría General de la República
Procurador General (E)

**Reinaldo Muñoz Pedroza**
**Procurador General de la República**
**Bolivarian Republic of Venezuela**





## ANNEX A

## DEFINITIONS

**"Cause"** shall be defined as: (i) a person's willful failure to perform his material duties hereunder, which is not remedied within thirty (30) days of notice; (ii) a person's commission of an act of fraud, theft or embezzlement during the duties of his employment hereunder; or (iii) the Person's conviction for the commission of a felony with all appeals having been exhausted or appeal periods lapsed; *provided,* that no Cause shall exist involving subsection (i) above until the person first has failed to cure such failure within thirty (30) days of having been given written notice of such failure. For purposes of the foregoing, no act or failure to act on the part of a person shall be considered "willful" unless it is done, or permitted to be done, by the Person without reasonable belief that such person's action or omission was in the best interests of the Trust.

**"Interests"** means beneficial interests in the Litigation Trust.

**"Litigation Trust Assets"** includes the Assigned Actions and any Proceeds, or other results, from the Assigned Actions, directly or indirectly.

**"Proceeds"** means the actual consideration, if any, received as a result of any judgment, settlement, or compromise of any of the Assigned Actions, *provided, however,* that, as contemplated in the Engagement Letter, the Litigation Trust shall not receive more than 34% of the final amount of Proceeds.

**"Treasury Regulation"** means any regulation promulgated under the Internal Revenue Code of 1986, as amended.



