**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-20818-CIV-GAYLES**

PDVSA US LITIGATION TRUST,

    Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

    Defendants.
_____/

**(1) ASSERTION OF THE MARITAL COMMUNICATIONS PRIVILEGE,**
**(2) MOTION TO STRIKE DECLARATION,**
**(3) MOTION TO EXCLUDE TESTIMONY OF VANESSA ACOSTA FRIEDMAN**
**OR, ALTERNATIVELY, (4) MOTION FOR LIMITED EXPEDITED DISCOVERY**

Pursuant to Federal Rule of Evidence 501 and Federal Rule of Civil Procedure 26, Defendant Francisco Morillo, through this limited appearance of undersigned counsel,[1] asserts the marital communications privilege on behalf of Francisco Morillo, with regard to any testimony or other evidence that took place during his marriage to Vanessa Acosta Friedman, and respectfully moves the Court to (a) strike the March 1, 2018 Declaration of private investigator John Brennan, which purports to include confidential communications between Mr. Morillo and Ms. Friedman during the course of their marriage that are protected from disclosure under the marital communications privilege, (b) exclude evidence of Ms. Friedman's testimony from trial, evidentiary hearings and all other proceedings in this case, including without limitation, the hearing on Plaintiff's Motion for Preliminary Injunction or, in the alternative, (c) authorize Defendant on an expedited basis to obtain the testimony of Ms. Friedman on oral

---

[1] In filing this Motion, Defendant does not waive or intend to waive any arguments, objections, defenses or rights that may be available to him, including as to the sufficiency of service of process or whether this Court has personal jurisdiction over Defendant.

deposition prior to the hearing scheduled for April 4, 2018, so as to be able to move for the specific exclusion of her testimony and related evidence.

## BACKGROUND

On March 3, 2018, Plaintiff filed under seal an *ex parte* Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 5]. On March 9, 2018, Plaintiff filed an Emergency Motion for Enforcement of Court's Temporary Restraining Order [ECF No. 60]. In support of its motions, Plaintiff relies on the declarations of a private investigator named John Brennan. *See* March 1, 2018 Declaration of John Brennan [ECF No. 12-1] (the "Brennan Declaration"); *see also* March 9, 2018 Second Declaration of John Brennan [ECF No. 60-1].

According to the Brennan Declaration, "Ms. Friedman and Morillo have known each other since the mid-90s when they were youthful sweethearts. They remained in a relationship for the next 15 years and married in 2005." March 1, 2018 Declaration of John Brennan at ¶ 11. [ECF No. 12-1]. The Brennan Declaration further states that "[o]ne source of the information that we obtained is Ms. Vanessa Friedman, the estranged wife of Morillo." *Id.* at 10.[2] Much of the testimony in the Brennan Declaration is premised on information allegedly provided by Ms. Friedman. *See id.*¶¶ 10-17.

During the March 14, 2018 motion hearing, counsel for Plaintiff immediately sought to call Ms. Friedman as a witness. Ms. Friedman was present in the courtroom, purportedly to "describe situations in which Mr. Morillo" was allegedly involved in the destruction of evidence. March 14, 2018 Hr'g Tr. at 27:17-25. We understand that Plaintiff intends to call Ms. Friedman as a witness at the preliminary injunction hearing, currently scheduled for April 4, 2018.

---

[2] While the Brennan Declaration characterizes Ms. Friedman as the "estranged wife" of Mr. Morillo, a final decree of divorce was entered in Venezuela in July 2012. Mr. Morillo and Ms. Friedman were married in Dade County, Florida on May 18, 2005.

2

**ARGUMENT**

**I.   THE COURT SHOULD STRIKE THE PRIVILEGED PORTIONS OF THE BRENNAN DECLARATION AND EXCLUDE MS. FRIEDMAN'S TESTIMONY**

Mr. Morillo's communications with Ms. Friedman are protected from disclosure under the marital communications privilege. The marital communications privilege "excludes information privately disclosed between husband and wife in the confidence of the marital relationship." *Harrison v. United States*, 577 F. App'x 911, 913 (11th Cir. 2014) (citing *Trammel v. United States*, 445 U.S. 40, 51 (1980)). "There is a presumption that communications within a marriage are confidential." *United States v. Qazi*, No. 12-60298-CR-BLOOM/VALLE, 2015 WL 728386, at *2 (S.D. Fla. Feb. 19, 2015) (granting in part defendant's motion to exclude marital communications) (citing *United States v. Singleton*, 260 F.3d 1295, 1297 (11th Cir. 2001)). "The marital communication privilege . . . can be asserted by a defendant to prevent his or her spouse from testifying concerning the communication and to exclude related evidence." *Singleton*, 260 F.3d at 1297 n.2.

The Brennan Declaration is premised on evidence allegedly provided by Mr. Morillo's ex-wife relating to the period when Mr. Morillo and Ms. Friedman were lawfully married and contains communications that were privately disclosed between husband and wife that are presumed to be made in confidence. Accordingly, the Court should strike those portions of the Brennan Declaration that contain confidential marital communications and enter an order excluding Ms. Friedman's testimony for all purposes in this case, including without limitation, the preliminary injunction hearing scheduled for April 4, 2018.

## II. IN THE ALTERNATIVE, THE COURT SHOULD AUTHORIZE LIMITED EXPEDITED DISCOVERY RELATING TO MS. FRIEDMAN'S EXPECTED TESTIMONY

In the alternative, the Court should authorize limited expedited discovery in advance of Ms. Friedman's testimony for the narrow and specific purpose of determining what aspects of Ms. Friedman's proffered testimony, if any, are not excluded by Mr. Morillo's timely assertion of the marital communications privilege. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rules 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). To determine whether to grant a motion for discovery prior to a Rule 26(f) conference, courts apply a reasonableness or "good cause" standard, taking into account the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [parties] to comply with the requests; and (5) how far in advance of typical discovery process the request was made." *Marketran, LLC v. Brooklyn Water Enterprises, Inc.*, No. 16-cv-81019, 2016 WL 8678547, at *1 (S.D. Fla. Aug. 5, 2016) (citing *Humphrey v. Sallie Mae, Inc.*, No. 3:10-CV-01505-JFA, 2010 WL 2522743, at *1 (D.S.C. June 17, 2010)).

Here, expedited discovery is "particularly appropriate" given the imminent preliminary injunction hearing and "the expedited nature of injunctive proceedings." *Marketran, LLC*, 2016 WL 8678547, at *1. Courts in this District have permitted defendants to obtain testimony on oral deposition prior to a preliminary injunction hearing of *any* witness expected to testify at the hearing. *See*, *e.g.*, *id.* at *2. Given Mr. Morillo's assertion of the marital communications privilege, expedited discovery is particularly necessary to allow Mr. Morillo to timely object to

4

any and all testimony offered by Ms. Friedman – or based on *ex parte* statements that were obtained from Ms. Friedman – that includes, conveys, repeats or relies upon private communications discussed between husband and wife in the confidence of the marital relationship. Moreover, there is good cause to permit expedited discovery to assist the Court in its determination of Plaintiff's likelihood of success on the merits and to allow Defendant to effectively prepare for the hearing.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully moves the Court to (1) strike all statements attributable to Ms. Friedman, directly or indirectly, in the Brennan Declaration, (2) exclude Ms. Friedman's testimony from trial, evidentiary hearings and all other proceedings in this case, including without limitation, the hearing on Plaintiff's Motion for Preliminary Injunction or, in the alternative, (3) authorize Defendant to depose Ms. Friedman prior to the evidentiary hearing on Plaintiff's Motion for Preliminary Injunction, for the narrow and specific purpose of determining what aspects of Ms. Friedman's testimony, if any, are not excluded by Mr. Morillo's timely assertion of the marital communications privilege.

Dated:  March 28, 2018							Respectfully submitted,


							*s/ Kimberly Ann Pathman*_____
							Kimberly A. Pathman
							Florida Bar No. 118844
							kpathman@akingump.com
							Akin Gump Strauss Hauer & Feld LLP
							1333 New Hampshire Avenue NW
							Washington, DC 20036
							Tel: (202) 887-4000
							Fax: (202) 887-4288

							and

							Mark J. MacDougall (admitted *pro hac vice*)
							mmacdougall@akingump.com
							Thomas P. McLish (admitted *pro hac vice*)
							tmclish@akingump.com
							Stacey H. Mitchell (admitted *pro hac vice*)
							shmitchell@akingump.com
							Connor Mullin (admitted *pro hac vice*)
							cmullin@akingump.com

							*Attorneys for Defendant*
							*Francisco Morillo*

**Certificate of Good-Faith Conference;
Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendant's counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues, but has been unable to resolve the issues.

s/ Kimberly Ann Pathman_____

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/ Kimberly Ann Pathman_____