UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

       Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

       Defendants.
_____/

## DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENAS FOR APRIL 4 HEARING, AND FOR A PROTECTIVE ORDER

Defendants Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, Francisco Morillo, Leonardo Baquero, Daniel Lutz, Luis Liendo, and John Ryan (collectively, "Defendants"), through this limited appearance,[1] in accordance with Federal Rule of Civil Procedure 45(a)(4), 45(c), 45(d)(3), and 26(c), request that the Court enter an order quashing all of the *sixty* (60) subpoenas issued by Plaintiff PDVSA US Litigation Trust ("Plaintiff") relating to the April 4, 2018 hearing on Plaintiff's *Ex Parte* Motion for a . . . Preliminary Injunction ("Motion") [ECF No. 5], and protect Defendants from any obligation to comply with any subpoenas issued by Plaintiff.

## I.   BACKGROUND

Within the past week, Plaintiff has issued *sixty* (60) subpoenas, without notice—37 seeking the production of documents and 23 seeking testimony—to the defendants in this case commanding production of documents, bank account statements, and their appearance at the April

---

[1] In filing this Motion, Defendants do not waive any objections, defenses or rights available to them, including as to the sufficiency of service of process or lack of personal jurisdiction and to arbitrate any of the claims asserted by the Plaintiff.

4 hearing to present testimony. (*See* **Comp. Exhibit A)**. Plaintiff did so in secret, without providing any notice to Defendants, who only became aware of the subpoenas upon receiving notice from other parties; specifically, it was not until Defendants questioned Plaintiff about the subpoenas that Plaintiff sent over the 60 subpoenas that were issued at the direction of Plaintiff. The circumstances and conduct surrounding Plaintiff's issuance of these subpoenas—which, as discussed below, are both improper and deficient—are simply appalling. Indeed, Plaintiff's conduct since the commencement of this case has been unprecedented and quite frankly, suspicious.

As explained in Defendants' Joint Response [ECF No. 161], Plaintiff filed its *Ex Parte* Complaint [ECF No. 1], on March 3, 2018, purporting to act on behalf of Petróleos de Venezuela, S.A. ("PDVSA"), without alleging any details regarding PDVSA's purported transfer of rights or who at PDVSA purportedly authorized such a transfer, (*see* Defs.' Joint Resp. at 5–8). That same day, Plaintiff filed an *ex parte* emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 5], seeking the drastic and extraordinary relief of a freezing of all of Defendants' assets and seizure of Defendants' electronic and hard copy records, without giving notice to Defendants, (*see id.*). Plaintiff filed its motion as an "emergency," notwithstanding its admission that the alleged wrongful conduct was uncovered before July 2017, (*see* Compl. ¶ 9), and that Plaintiff's investigation "has been ongoing . . . for several months," (*see* March 5 Hr'g Tr., attached as **Exhibit B** at 10:22–25). Nonetheless, Plaintiff maintained—without any explanation—that a purported emergency arose on Saturday, March 3, 2018, necessitating Plaintiff's extraordinary and unsubstantiated *ex parte* injunctive request. The Court denied the motion for a temporary restraining order with regard to the asset freeze, finding the request "unwarranted," and denied the seizure, finding the "request is far too broad and the Court is

2

unwilling to authorize it." (Temporary Restraining Order [ECF No. 9] at 3).

Apparently dissatisfied with the Court's ruling, Plaintiff created another "emergency," alleging that a server located at defendant John Ryan's residence was removed in violation of the TRO and requesting, on this basis alone, that the Court allow immediate seizure and copying of all the "evidence within the United States." (Emergency Mot. [ECF No. 60] at 3). The Court again denied Plaintiff's unwarranted seizure request, stating: "I still don't find [the seizure request] is appropriate, and it's pretty extraordinary relief . . . . And, in fact, it's perhaps more than a criminal prosecutor could even get." (Mar. 14 Hr'g Tr., attached as **Exhibit C** at 35:3–10). Undeterred, however, Plaintiff did not surrender its fishing expedition, requesting to depose all of the corporate defendants in advance of the April 4 hearing. (*See id.* 38:8–39:13). Notwithstanding that the Court did not grant Plaintiff's request (*see id.*), and that Plaintiff is not authorized to conduct discovery at this stage, Plaintiff improperly issued 60 subpoenas, 37 of which command defendants to produce documents at the April 4 hearing, and the remaining 23 which command certain of the defendants to testify at the hearing. (**Comp. Exhibit A**).

For example, on March 20, 2018, Plaintiff sent Defendants' counsel a letter enclosing subpoenas for Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, and Daniel Lutz, relating to the April 4 hearing, and requesting that counsel accept the subpoenas on behalf of these defendants.[2] (**Exhibit E** at 1). The subpoenas demand, for example, all documents relating to "[e]ach monthly or other statement during 2018 for any account in which You have any interest or over which You have any control." (*See, e.g.*, **Exhibit E** at 10). On that same day, Plaintiff sent a subpoena to Defendant BAC Florida Bank's counsel requesting, among other things, all monthly

---

[2] Defendants' counsel responded on March 22 asking Plaintiff's counsel what authority it relied on to issue the subpoenas at this stage of the litigation, but Plaintiff's counsel has yet to respond. *See* **Exhibit D**.

3

statements for any account in which any of the Defendants controls or has an interest. (**Exhibit F** at 10). In addition, on that day, Plaintiff served a subpoena on John Ryan by email transmission to his counsel for documents to be provided at the April 4 hearing. Despite the fact that Mr. Ryan remains in Switzerland and will be unavailable for the April 4 hearing, presently does not have access to any documents that conceivably might be responsive to the broadly framed requests, and is not able to meet with his U.S. counsel to discuss the subpoena, Plaintiff refuses to withdraw the subpoena. Then, on March 24, 2018, Plaintiff delivered a subpoena to Luis Liendo's attention requesting various documents and bank account statements. (**Exhibit G**). And, on March 26, 2018, defendant Jehu Holdings, Inc.—located in Saint Michael, Barbados—received a subpoena from Plaintiff requesting bank account statements and other information of Defendants.

When Defendants' counsel became aware Plaintiff's counsel was issuing numerous subpoenas without notice to Defendants in violation of Rule 45(a)(4), Defendants' counsel again contacted Plaintiff's counsel requesting the authority justifying Plaintiff's actions, and demanded that Plaintiff immediately send Defendants' counsel copies of all subpoenas Plaintiff served or was attempting to serve. (*See* **Exhibit H**). In response, Plaintiff's counsel sent Defendants' counsel the zip file that contained 60 subpoenas purporting to command the various defendants to produce documents and/or appear at the April 4 hearing to testify, but provided no other explanation or justification for its actions. (**Comp. Ex. A**).

During a meet and confer conference held on March 29, 2018, counsel for Plaintiff explained that a number of the other defendants—and specifically, the "oil company" defendants—have agreed to provide declarations in lieu of appearing at the hearing on April 4 pursuant to the subpoenas issued by Plaintiff to them. Defendants do not know the content of those declarations, but Defendants do know that the subpoenas to the "oil companies" seek, among

4

other documents:

> All documents relating to any payments or transfers made since January 1, 2018.
>
> > a. To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;
> >
> > b. To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercise any control.

*See, e.g.*, Subpoena to Glencore Ltd. (**Comp. Ex. A**).

All of the aforementioned actions taken by Plaintiff has necessitated the filing of this Motion. To be sure, the sheer number of subpoenas issued for this preliminary injunction hearing––particularly when no such discovery is authorized by the Court or the relevant rules—is alone a basis for quashing them.[3] And, even putting aside the clear oppressive intent behind the subpoenas, they are improper as a matter of law and were issued without the required notice mandated by the federal rules. Moreover, Plaintiff's has ignored the applicable rules relating to service of the subpoenas. Plaintiff's utter disregard for the law and repeated attempts to intimidate and harass Defendants simply cannot be tolerated.

## II.   ARGUMENT

Not only are the subpoenas issued by Plaintiff relating to the April 4 hearing clearly intended to harass and intimidate Defendants, they must be quashed as a matter of law for multiple reasons. First, the subpoenas improperly attempt to circumvent the federal rules, and this Court's

---

[3] At best, the sheer volume of evidence and testimony sought by Plaintiff for the April 4 hearing suggests Plaintiff had no evidentiary basis to seek a temporary restraining order or preliminary injunction in the first place and that Plaintiff is seeking to bolster its paltry claims through premature and unauthorized discovery. At worst, it suggests Plaintiff has an ulterior motive and is seeking discovery for use perhaps in another proceeding, such as the proceeding brought by Plaintiff in Switzerland.

5

directives, relating to discovery.  Second, Plaintiff completely disregards the notice requirements mandated by the federal rules relating to the issuance of such subpoenas.  Third, Plaintiff has not properly served the subpoenas, again in violation of the relevant rules.  Fourth, the plainly overbroad subpoenas request a multitude of documents and information that are not only irrelevant but also, in many instances, confidential.  Finally, the subpoenas do not provide a reasonable time for compliance.

### A. The subpoenas seek improper discovery.

The subpoenas issued by Plaintiff constitute improper discovery, and on this basis alone, the Court should issue an order quashing them.  Federal Rule of Civil Procedure 45, which governs the issuance and service of subpoenas,

> permits attorneys as officers of the court to issue and sign subpoenas on behalf of the court in which the attorney is authorized to practice.  In issuing a subpoena, an attorney is invoking the court's power to require a non-party to produce documents.  A subpoena is a *formal method of discovery*, and a party using a subpoena must comply with the notice requirements of Rule 45.

*Fla. Media, Inc. v. World Publ'ns, LLC*, 236 F.R.D. 693, 694 (M.D. Fla. 2006) (citing Fed. R. Civ. P. 45) (emphasis added).  Because, "a Rule 45 subpoena is a discovery vehicle" a plaintiff's use of subpoenas to obtain information from various defendants—before discovery has commenced— is inappropriate.  *Hatcher v. Precoat Metals*, 271 F.R.D. 674, 675 (N.D. Ala. 2010) (quashing subpoena issued by plaintiff to defendants because "the documents sought are, without question, the basic bare bones requests that would have been appropriate" under applicable discovery rules).

In addition, Federal Rule of Civil Procedure 26(d) states that "[a] party may not seek discovery from ***any*** source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  *See id.* (emphases added) (citing Fed. R. Civ. P. 26(d)).

6

Here, Plaintiff is attempting to circumvent the Federal Rules of Civil Procedure and Evidence, by yet again seeking discovery of information before discovery has commenced.  In particular, Plaintiff violated Rule 26(d) by seeking discovery from various sources before the Rule 26(f) conference.  Plaintiff's discovery requests are not exempted from Rule 26 and have not been authorized by the Court.  Moreover, although Plaintiff, at the March 14 hearing, requested to take depositions of the "corporate defendants" in advance of the preliminary injunction hearing, the Court did not grant Plaintiff's request.  (*See* **Exhibit C** 38:8–39:13).  Plaintiff's attempt to obtain discovery through the issuance of the subpoenas in violation of both the relevant rules and the Court's directive should not be tolerated.  *See Robinson v. Section 23 Prop. Owner's Ass'n, Inc.*, No. 212-CV-675-FTM-29CM, 2014 WL 2215757, at *5 (M.D. Fla. May 28, 2014) (granting the defendants' motion to quash and for a protective order because the plaintiff was seeking discovery before the parties had met and conferred under Rule 26(f)).  For this reason alone, the Court should quash Plaintiff's subpoenas and issue a protective order directing Plaintiff not to issue subpoenas—or command compliance with any subpoenas issued thus far—until following the Rule 26(f) conference.

**B.     Plaintiff failed to give prior notice of the subpoenas to Defendants.**

Plaintiff's issuance of the subpoenas also violates Federal Rule of Civil Procedure 45(b)(1) because Plaintiff failed to give prior notice to Defendants of its intent to serve the subpoenas against BAC Florida Bank, Jehu Holdings, Inc., and the other defendants.  Rule 45(a)(4) states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things . . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena *must be served on each party*."  Fed. R. Civ. P. 45(a)(4); *see also Bledsoe v. Remington Arms Co.*, No. 1:09-CV-69(WLS), 2010 WL 147052, at *1 (M.D. Ga. Jan. 11, 2010)

("Where a subpoena commands the production of documents, notice must be served on each party before the subpoena is served.").

Here, Plaintiff did not notify Defendants of its intent to issue the subpoenas; for this reason, too, the Court should quash the subpoenas. *See, e.g.*, *Mirra v. Jordan*, No. 13 CIV. 5519 AT, 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014) ("[T]he notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena.").

### C. Plaintiff did not properly serve the subpoenas.

Plaintiff also violated Federal Rule of Civil Procedure 45(b)(1) because it failed to properly serve the subpoenas. Rule 45(b)(1) provides clear instructions on how to serve subpoenas: "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[4] FED. R. CIV. P. 45(b)(1). "[A]uthority in this circuit suggests that personal service on the witness being subpoenaed is required." *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002).

Here, Plaintiff is unaware of any defendants who have been properly served with a subpoena or have received the fees and mileage required for attendance at the hearing. For example, with respect to BAC Florida Bank, Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, and Daniel Lutz, Plaintiff sent the subpoenas via e-mail to the defendants' counsel, which is deficient under Rule 45(b). *See, e.g.*, **Exhibit D**; *Harrison v. Prather*, 404 F. 2d 267, 273 (5th Cir. 1968) (subpoena served on the plaintiff's counsel instead of plaintiff "was not served in

---

[4] Pursuant to 28 U.S.C. § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 18 U.S.C. § 1821(b). In addition, witnesses are entitled to expenses for travel. 18 U.S.C. § 1821(c).

8

conformity" with Rule 45(b)). Similarly, with respect to defendant Liendo, the subpoena was served on his wife, which is equally deficient under Rule 45. *See Klockner*, 211 F.R.D. 685, 687 ("authority in this circuit suggests that personal service on the witness being subpoenaed is required" and thus "service on Burkart's wife at their residence did not satisfy the requirements of Rule 45 because Burkart himself was not personally served"). Likewise, although Defendants are unaware of the details surrounding the purported "service" of Jehu Holdings, Inc. (the Barbados entity), it is highly unlikely Plaintiff effectuated service in compliance with the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, to which Barbados is a signatory, given the tight time constraints within which the entity was "served" following the Court's issuance of the hearing date. With regard to the remaining defendants, Defendants' counsel is not aware whether service has been attempted, or how such service was effectuated, as Plaintiff has not provided any of that information. Finally, as far as Defendants are aware, none of the witnesses subpoenaed have received payments for attendance or travel.

Plaintiff's failure to serve the subpoenas in compliance with Rule 45(b)(1) is yet another reason this Motion should be granted.

### D. The subpoenas seek information that is overbroad and confidential.

Finally, the subpoenas should be quashed because they seek information that is irrelevant and confidential. For example, the subpoenas request records and financial information for "any account (a) in which to Your knowledge any Defendant has any interest or (b) over which any Defendant has any control." (*See, e.g.*, **Exhibit F** at 10). Not only is this request extremely broad, but it encompasses essentially all of Defendants' financial documents, to the extent they are located in the numerous banks to which subpoenas have been sent, without even purporting to justify the

9

relevance of such documents or limit the requests in an way. *See Winfield v. Div. of Pari–Mutuel Wagering, Dep't Bus. Regulation*, 477 So. 2d 544, 548 (Fla. 1985) ("[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records."); Fed. R. Civ. P. 26(b)(1) (permitting discovery only to the extent that it is "proportional to the needs of the case"); *see also TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3034547, at *6 (S.D. Fla. July 18, 2017) ("[A]ny relevancy is outweighed by the sensitive and private nature of the financial records requested."). For this reason too, the Court should quash the subpoenas and enter a protective order directing Plaintiff not to issue subpoenas—or command compliance with any subpoenas issued thus far—until following the Rule 26(f) conference.[5]

### E. The subpoenas do not allow a reasonable time for compliance.

Finally, the subpoenas, should be quashed because they do not provide a reasonable time for compliance. Under Rule 45(d)(3), a court "must quash or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3); *see also Fitzhugh v. Topetzes*, No. 1:04-CV-3258-RWS, 2005 WL 8154753, at *4 (N.D. Ga. Sept. 1, 2005) (finding eight business days to respond to broad document requests insufficient under Rule 45); *Mazariegos v. Am. Home Assurance Ins. Co.*, No. 4:07-CV-0107-HLM, 2008 WL 11334460, at *3 (N.D. Ga. Mar. 17, 2008)

---

[5] Although, "[o]rdinarily a party does not have standing to quash a subpoena served on a third party," it may do so where "the party seeks to quash based on a personal right or privilege relating to the documents being sought." *Maxwell v. Health Ctr. of Lake City, Inc*., No. 3:05CV1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006); *Armor Screen Corp. v. Storm Catcher, Inc*., 2008 WL 5049277, No. 07–81091–CIV, at *2 (S.D. Fla. Nov. 25, 2008) (same) (collecting cases). Here, the subpoenas issued to parties other than Defendants seek documents to which Defendants have a personal right—i.e., Defendant's bank records and financial transactions. *Daisy, Inc. v. Pollo Operations*, Inc., No. 2:14-CV-564-FTM-38CM, 2015 WL 12843189, at *2 (M.D. Fla. Apr. 16, 2015) ("A person has an individual right in his banking records, therefore, Priore has standing to challenge the subpoenas issued on his bank accounts."). Moreover, Plaintiff should not be allowed to shirk the Federal Rules of Civil Procedure and Defendants have the right to force Plaintiff to follow the rules.

10

(subpoena requiring compliance within five days did not allow reasonable time for compliance); *Lamar v. Clayton Cty. Sch. Dist.*, No. 1:13-CV-1600-RLV-ECS, 2014 WL 12650653, at *4 (N.D. Ga. Apr. 8, 2014) (quashing subpoena finding "six days is not a reasonable amount of time for Defendant [] to have produced the requested documents").

Here, the subpoenas, many of which were not even issued until March 26 (a week prior to the scheduled hearing), simply do not provide a reasonable time for compliance. And the fact that, as far as Defendants are aware, many of the subpoenas have not even been served, further exacerbates this deficiency. For this reasons, too, the subpoenas should be quashed.

### III. CONCLUSION

For the reasons set forth above, Defendants request that the Court enter an Order granting this motion and quashing all subpoenas issued by Plaintiff to date, entering a protective order directing Plaintiff not to issue subpoenas—or command compliance with any subpoenas issued thus far (including by accepting declarations, documents or other information in lieu of compliance)—until following the Rule 26(f) conference, and granting such other and further relief as the Court deems just and proper.

Dated:  March 29, 2018　　　　　　　　Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Attorneys for Defendants Helsinge Inc., Helsinge Ltd., Helsing Holdings, LLC, Daniel Lutz and Luis Liendo*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By**:** *s/Brian A. Briz*
　　Alex M. Gonzalez
　　Florida Bar No. 991200
　　alex.gonzalez@hklaw.com
　　Israel J. Encinosa
　　Florida Bar No. 0046083
　　israel.encinosa@hklaw.com
　　Brian A. Briz
　　Florida Bar No. 657557
　　brian.briz@hklaw.com
　　David Kully (admitted *pro hac vice*)
　　david.kully@hklaw.com

and

*s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

        Mark J. MacDougall (admitted *pro hac vice*)
        mmacdougall@akingump.com
        Thomas P. McLish (admitted *pro hac vice*)
        tmclish@akingump.com
        Stacey H. Mitchell (admitted *pro hac vice*)
        shmitchell@akingump.com
        Connor Mullin (admitted *pro hac vice*)
        cmullin@akingump.com

        *Attorneys for Defendants*
        *Francisco Morillo and Leonardo Baquero*

        and

        **MARK MIGDAL & HAYDEN**
        *Attorneys for John Ryan*
        80 SW 8th Street
        Suite 1999
        Miami, FL 33130
        Telephone: 305-374-0440

        By: *s/ Donald J. Hayden*
        Etan Mark, Esq.
        Florida Bar No. 720852
        etan@markmigdal.com
        Donald J. Hayden, Esq.
        Florida Bar No. 097136
        don@markmigdal.com
        Lara O'Donnell Grillo, Esq.
        Florida Bar No. 37735
        lara@markmigdal.com
        eservice@markmigdal.com

**CERTIFICATE OF GOOD FAITH CONFERENCE**

In accordance with Local Rule 7.1(a)(3)(A), Defendants' counsel has attempted in a good-faith effort to persuade counsel for Plaintiff to withdraw the subpoenas, without success. Defendants thus have no choice but to request that the Court enter an order quashing the subpoenas and protecting Defendants from Plaintiff's unwarranted conduct. By email sent earlier today, Defendants' counsel also attempted to confer with counsel for the other, non-moving defendants

to obtain their respective positions with respect to the relief requested herein, but Defendants' counsel has not been able to obtain their respective positions as of the time of filing, and due to the urgency of the situation (i.e., the subpoenas purport to demand compliance by April 4), Defendants could not delay this filing any further.

*s/Brian A. Briz*

### CERTIFICATE OF SERVICE

I certify that on March 29, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

*s/Brian A. Briz*