**From:** "Alex Cuda" <acuda@BSFLLP.com>
**To:** "Kully, David (WAS - X75415)" <David.Kully@hklaw.com>, "Gonzalez, Alex M (MIA - X27666)" <alex.gonzalez@hklaw.com>, "'ahudes@mayerbrown.com'" <ahudes@mayerbrown.com>, "'bbirenboim@paulweiss.com'" <bbirenboim@paulweiss.com>, "'David Burkoff'" <DBurkoff@huntermaclean.com>, "'etan@markmigdal.com'" <etan@markmigdal.com>, "'Gerald Greenberg'" <GGreenberg@gsgpa.com>, "'Swerdloff, Nicolas'" <nicolas.swerdloff@hugheshubbard.com>, "'Lee, Stephen H.'" <SLee@porterhedges.com>, "'kpathman@akingump.com'" <kpathman@akingump.com>, "'crodriguez@riveromestre.com'" <crodriguez@riveromestre.com>, "'emullins@reedsmith.com'" <emullins@reedsmith.com>, "'ethanglass@quinnemanuel.com'" <ethanglass@quinnemanuel.com>
**Cc:** "George Carpinello" <gcarpinello@BSFLLP.com>, "Jeff Shelly" <jshelly@BSFLLP.com>, "Teresa Monroe" <tmonroe@BSFLLP.com>
**Subject: PDVSA Litigation - Subpoenas**

Counsel,

Please see the attached subpoenas issued in this matter.


**Alex Cuda**
Paralegal

---

BOIES SCHILLER FLEXNER LLP

30 South Pearl St., 11th Floor
Albany, NY 12207
(t) +1 518 694 4243
(m) +1 518 434 0600
acuda@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Andrew Summers, Dew Pond House, Common Road, Chorleywood, Hertfordshire, England, WD3 5LT.

_____
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/20/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g)  Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.   The type of document (i.e., correspondence, memorandum, facsimile,

     b.   etc.);

     c.   The date of the document;

     d.   Any person(s) who signed the document;

     e.   Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Antonio Maarraoui, c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.  Maximiliano Poveda
32.  Gustavo Gabaldon
33.  Antonio Maarraoui
34.  Paul Rosado
35.  Andrew Summers
36.  Jose Larocca
37.  Luis Alvarez
38.  Sergio de La Vega
39.  Campo Elias Paez
40.  EFG International A.G.
41.  Blue Bank International N.V.

B.  "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.  "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.  "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

      6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

      7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

      8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

      9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            BAC Florida Bank, c/o attorney: Nicolas Swerdloff,
Hughes Hubbard & Reed LLP, 201 South Biscayne Boulevard, Suite 2500, Miami, FL 33131-4332

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/20/2018

CLERK OF COURT

                                                                  OR

_____            /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                *Server's signature*

                                                     _____
                                                                *Printed name and title*

                                                     _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as

defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS

LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern

District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Each monthly or other statement during 2018 for any account (a) in which to Your knowledge any Defendant has any interest or (b) over which any Defendant has any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Blue Bank Int'l N.V., Zeelandia Office Park, Kaya W.F.G. (Jombi), Mensing 14,
Ground Floor, PO Box 132, Willemstad, Curaçao

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/20/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                     *Server's signature*

                                                     _____
                                                     *Printed name and title*

                                                     _____
                                                     *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.   The type of document (i.e., correspondence, memorandum, facsimile,

     b.   etc.);

     c.   The date of the document;

     d.   Any person(s) who signed the document;

     e.   Any person(s) who received the document or a copy thereof;

    f.   Identify the person who presently possesses the document;

    g.   Specify the substance of the document; and

    h.   Identify the disposition of the document, including the date thereof.

**<u>DOCUMENTS REQUESTED</u>**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Each monthly or other statement during 2018 for any account (a) in which to Your knowledge any Defendant has any interest or (b) over which any Defendant has any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Campo Elias Paez, Agencies, Inc. - Miami, 1110 Brickell Ave., Suite 805, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | /s/ George F. Carpinello |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
PDVSA US LITIGATION TRUST                                                                    , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.    Waltrop Consultants, C.A.
11.    Godelheim, Inc.
12.    Hornberg, Inc.
13.    Societe Doberan, S.A.
14.    Societe Hedisson, S.A.
15.    Societe Hellin, S.A.
16.    Jehu Holding Inc.
17.    Glencore de Venezuela, C.A.
18.    BAC Florida Bank
19.    Colonial Group, Inc.
20.    Lukoil Pan Americas LLC
21.    Trafigura Trading LLC
22.    Vitol, Inc
23.    Glencore Energy UK LTD.
24.    Lukoil Petroleum LTD.
25.    Masefield A.G.
26.    Trafigura A.G.
27.    Trafigura Beheer BV
28.    Vitol Energy (Bermuda) LTD
29.    Vitol S.A.
30.    Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.  The type of document (i.e., correspondence, memorandum, facsimile,

     b.  etc.);

     c.  The date of the document;

     d.  Any person(s) who signed the document;

     e.  Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          COLONIAL GROUP, INC, c/o attorney: David M. Burkoff,
             200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

|                                  | CLERK OF COURT | OR |                              |
|---|---|---|---|
| | | | /s/ George F. Carpinello |
| | *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.     Leonardo Baquero
2.     Francisco Morillo
3.     Daniel Lutz
4.     Luis Liendo
5.     John Ryan
6.     Maria Fernanda Rodriguez
7.     Helsinge Holdings, LLC
8.     Helsinge LLC
9.     Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## DOCUMENTS REQUESTED

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
COLONIAL OIL INDUSTRIES, c/o attorney: David M. Burkoff,
200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:
George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.     Leonardo Baquero
2.     Francisco Morillo
3.     Daniel Lutz
4.     Luis Liendo
5.     John Ryan
6.     Maria Fernanda Rodriguez
7.     Helsinge Holdings, LLC
8.     Helsinge LLC
9.     Helsinge, Inc.
10.    Waltrop Consultants, C.A.
11.    Godelheim, Inc.
12.    Hornberg, Inc.
13.    Societe Doberan, S.A.
14.    Societe Hedisson, S.A.
15.    Societe Hellin, S.A.
16.    Jehu Holding Inc.
17.    Glencore de Venezuela, C.A.
18.    BAC Florida Bank
19.    Colonial Group, Inc.
20.    Lukoil Pan Americas LLC
21.    Trafigura Trading LLC
22.    Vitol, Inc
23.    Glencore Energy UK LTD.
24.    Lukoil Petroleum LTD.
25.    Masefield A.G.
26.    Trafigura A.G.
27.    Trafigura Beheer BV
28.    Vitol Energy (Bermuda) LTD
29.    Vitol S.A.
30.    Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  c/o Secretary of State:  GLENCORE DE VENEZUELA, C.A., 1221 Brickell Avenue, Suite 948, Miami, FL

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

| | |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | /s/ George F. Carpinello |
| Signature of Clerk or Deputy Clerk | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

| | |
|---|---|
| 31. | Maximiliano Poveda |
| 32. | Gustavo Gabaldon |
| 33. | Antonio Maarraoui |
| 34. | Paul Rosado |
| 35. | Andrew Summers |
| 36. | Jose Larocca |
| 37. | Luis Alvarez |
| 38. | Sergio de La Vega |
| 39. | Campo Elias Paez |
| 40. | EFG International A.G. |
| 41. | Blue Bank International N.V. |

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


**INSTRUCTIONS**


1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

   a.   The type of document (i.e., correspondence, memorandum, facsimile,

   b.   etc.);

   c.   The date of the document;

   d.   Any person(s) who signed the document;

   e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       GLENCORE ENERGY U.K., c/o atttorney: Bruce Birenboim
1285 Avenue of the Americas, New York, NY 10019-6064

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/20/2018

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### Exhibit "A"

### DEFINITIONS

The following definitions shall apply herein:

A.       "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           GLENCORE LTD, c/o atttorney: Bruce Birenboim
1285 Avenue of the Americas, New York, NY 10019-6064

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/20/2018

_CLERK OF COURT_

OR

_____          /s/ George F. Carpinello
_Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____         _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## **DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

      31.     Maximiliano Poveda
      32.     Gustavo Gabaldon
      33.     Antonio Maarraoui
      34.     Paul Rosado
      35.     Andrew Summers
      36.     Jose Larocca
      37.     Luis Alvarez
      38.     Sergio de La Vega
      39.     Campo Elias Paez
      40.     EFG International A.G.
      41.     Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

    a.   The type of document (i.e., correspondence, memorandum, facsimile,

    b.   etc.);

    c.   The date of the document;

    d.   Any person(s) who signed the document;

    e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      c/o Secretary of State:  Godelheim, 1221 Brickell Avenue, Suite 948, Miami, FL

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>     400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>     04/04/2018 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/20/2018

       *CLERK OF COURT*

                               OR

                                           /s/ George F. Carpinello

           *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

PDVSA US LITIGATION TRUST                       , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                               *Server's signature*

                                               _____
                                               *Printed name and title*

                                               _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.    Leonardo Baquero
2.    Francisco Morillo
3.    Daniel Lutz
4.    Luis Liendo
5.    John Ryan
6.    Maria Fernanda Rodriguez
7.    Helsinge Holdings, LLC
8.    Helsinge LLC
9.    Helsinge, Inc.
10.   Waltrop Consultants, C.A.
11.   Godelheim, Inc.
12.   Hornberg, Inc.
13.   Societe Doberan, S.A.
14.   Societe Hedisson, S.A.
15.   Societe Hellin, S.A.
16.   Jehu Holding Inc.
17.   Glencore de Venezuela, C.A.
18.   BAC Florida Bank
19.   Colonial Group, Inc.
20.   Lukoil Pan Americas LLC
21.   Trafigura Trading LLC
22.   Vitol, Inc
23.   Glencore Energy UK LTD.
24.   Lukoil Petroleum LTD.
25.   Masefield A.G.
26.   Trafigura A.G.
27.   Trafigura Beheer BV
28.   Vitol Energy (Bermuda) LTD
29.   Vitol S.A.
30.   Glencore International A.G.

31.   Maximiliano Poveda
32.   Gustavo Gabaldon
33.   Antonio Maarraoui
34.   Paul Rosado
35.   Andrew Summers
36.   Jose Larocca
37.   Luis Alvarez
38.   Sergio de La Vega
39.   Campo Elias Paez
40.   EFG International A.G.
41.   Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.  The type of document (i.e., correspondence, memorandum, facsimile,

     b.  etc.);

     c.  The date of the document;

     d.  Any person(s) who signed the document;

     e.  Any person(s) who received the document or a copy thereof;

    f.   Identify the person who presently possesses the document;

    g.   Specify the substance of the document; and

    h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

    a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Gustavo Gabaldon, c/o atttorney: Bruce Birenboim
1285 Avenue of the Americas, New York, NY 10019-6064

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:
George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                    _____
                                                         *Printed name and title*

                                                    _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.       "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

    a.  The type of document (i.e., correspondence, memorandum, facsimile,

    b.  etc.);

    c.  The date of the document;

    d.  Any person(s) who signed the document;

    e.  Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

        a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

        b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         HELSINGE HOLDINGS LLC, c/o attorney: David Kully,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                       *Server's signature*

                                              _____
                                                       *Printed name and title*

                                              _____
                                                       *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.


C.      "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.


D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.  The type of document (i.e., correspondence, memorandum, facsimile,

     b.  etc.);

     c.  The date of the document;

     d.  Any person(s) who signed the document;

     e.  Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
HELSINGE LLC, c/o attorney: David Kully,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| | |
|---|---|
| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

| | | |
|---|---|---|
| _CLERK OF COURT_ | OR | |
| | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

                                  on *(date)* _____ ; or

      ❒  I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

      I declare under penalty of perjury that this information is true.

Date: _____

                                 _____
                                            *Server's signature*

                                 _____
                                            *Printed name and title*

                                 _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

| | |
|---|---|
| 1. | Leonardo Baquero |
| 2. | Francisco Morillo |
| 3. | Daniel Lutz |
| 4. | Luis Liendo |
| 5. | John Ryan |
| 6. | Maria Fernanda Rodriguez |
| 7. | Helsinge Holdings, LLC |
| 8. | Helsinge LLC |
| 9. | Helsinge, Inc. |
| 10. | Waltrop Consultants, C.A. |
| 11. | Godelheim, Inc. |
| 12. | Hornberg, Inc. |
| 13. | Societe Doberan, S.A. |
| 14. | Societe Hedisson, S.A. |
| 15. | Societe Hellin, S.A. |
| 16. | Jehu Holding Inc. |
| 17. | Glencore de Venezuela, C.A. |
| 18. | BAC Florida Bank |
| 19. | Colonial Group, Inc. |
| 20. | Lukoil Pan Americas LLC |
| 21. | Trafigura Trading LLC |
| 22. | Vitol, Inc |
| 23. | Glencore Energy UK LTD. |
| 24. | Lukoil Petroleum LTD. |
| 25. | Masefield A.G. |
| 26. | Trafigura A.G. |
| 27. | Trafigura Beheer BV |
| 28. | Vitol Energy (Bermuda) LTD |
| 29. | Vitol S.A. |
| 30. | Glencore International A.G. |

31.   Maximiliano Poveda
32.   Gustavo Gabaldon
33.   Antonio Maarraoui
34.   Paul Rosado
35.   Andrew Summers
36.   Jose Larocca
37.   Luis Alvarez
38.   Sergio de La Vega
39.   Campo Elias Paez
40.   EFG International A.G.
41.   Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.     "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.     "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.     If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.     Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.     If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.     The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.     In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

       a.   The type of document (i.e., correspondence, memorandum, facsimile,

       b.   etc.);

       c.   The date of the document;

       d.   Any person(s) who signed the document;

       e.   Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.    All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.    Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.    All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.    All Documents relating to any payments or transfers made since January 1, 2018

    a.    To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.    To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.    Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.    All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
HELSINGE LTD, c/o attorney: David Kully,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.    Leonardo Baquero
2.    Francisco Morillo
3.    Daniel Lutz
4.    Luis Liendo
5.    John Ryan
6.    Maria Fernanda Rodriguez
7.    Helsinge Holdings, LLC
8.    Helsinge LLC
9.    Helsinge, Inc.
10.   Waltrop Consultants, C.A.
11.   Godelheim, Inc.
12.   Hornberg, Inc.
13.   Societe Doberan, S.A.
14.   Societe Hedisson, S.A.
15.   Societe Hellin, S.A.
16.   Jehu Holding Inc.
17.   Glencore de Venezuela, C.A.
18.   BAC Florida Bank
19.   Colonial Group, Inc.
20.   Lukoil Pan Americas LLC
21.   Trafigura Trading LLC
22.   Vitol, Inc
23.   Glencore Energy UK LTD.
24.   Lukoil Petroleum LTD.
25.   Masefield A.G.
26.   Trafigura A.G.
27.   Trafigura Beheer BV
28.   Vitol Energy (Bermuda) LTD
29.   Vitol S.A.
30.   Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.    The type of document (i.e., correspondence, memorandum, facsimile,

      b.    etc.);

      c.    The date of the document;

      d.    Any person(s) who signed the document;

      e.    Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      c/o Secretary of State:  HORNBERG INC, 1221 Brickell Avenue, Suite 948, Miami, FL

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1. Leonardo Baquero
2. Francisco Morillo
3. Daniel Lutz
4. Luis Liendo
5. John Ryan
6. Maria Fernanda Rodriguez
7. Helsinge Holdings, LLC
8. Helsinge LLC
9. Helsinge, Inc.
10. Waltrop Consultants, C.A.
11. Godelheim, Inc.
12. Hornberg, Inc.
13. Societe Doberan, S.A.
14. Societe Hedisson, S.A.
15. Societe Hellin, S.A.
16. Jehu Holding Inc.
17. Glencore de Venezuela, C.A.
18. BAC Florida Bank
19. Colonial Group, Inc.
20. Lukoil Pan Americas LLC
21. Trafigura Trading LLC
22. Vitol, Inc
23. Glencore Energy UK LTD.
24. Lukoil Petroleum LTD.
25. Masefield A.G.
26. Trafigura A.G.
27. Trafigura Beheer BV
28. Vitol Energy (Bermuda) LTD
29. Vitol S.A.
30. Glencore International A.G.

31.   Maximiliano Poveda
32.   Gustavo Gabaldon
33.   Antonio Maarraoui
34.   Paul Rosado
35.   Andrew Summers
36.   Jose Larocca
37.   Luis Alvarez
38.   Sergio de La Vega
39.   Campo Elias Paez
40.   EFG International A.G.
41.   Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.


C.      "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.


D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

        a.   The type of document (i.e., correspondence, memorandum, facsimile,

        b.   etc.);

        c.   The date of the document;

        d.   Any person(s) who signed the document;

        e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

**DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  JEHU HOLDING, SUITE 100, 1 FINANCIAL PLACE, LOWER COLLYMORE ROCK, ST. MICHAEL, BARBADOS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

CLERK OF COURT

OR

_____                    /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                        *Server's signature*

                                     _____

                                        *Printed name and title*


                                     _____

                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.   Maximiliano Poveda
32.   Gustavo Gabaldon
33.   Antonio Maarraoui
34.   Paul Rosado
35.   Andrew Summers
36.   Jose Larocca
37.   Luis Alvarez
38.   Sergio de La Vega
39.   Campo Elias Paez
40.   EFG International A.G.
41.   Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:      Jose Larocca, Trafigura, 1 rue de Jargonnant CH1207 Geneva, Switzerland

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/20/2018

*CLERK OF COURT*

                         OR

_____      /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

STEVEN DAVIS, BSF,100 SE Second Street Suite 2800, Miami, FL 33131, Phone 305 357 8424, sdavis@bsfllp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.  Maximiliano Poveda
32.  Gustavo Gabaldon
33.  Antonio Maarraoui
34.  Paul Rosado
35.  Andrew Summers
36.  Jose Larocca
37.  Luis Alvarez
38.  Sergio de La Vega
39.  Campo Elias Paez
40.  EFG International A.G.
41.  Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

   a.   The type of document (i.e., correspondence, memorandum, facsimile,

   b.   etc.);

   c.   The date of the document;

   d.   Any person(s) who signed the document;

   e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## DOCUMENTS REQUESTED

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

    a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Louis Liendo, 2562 Lake Debra Dr., Apt 28101 Orlando, FL 32835

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br>04/04/2018 9:30 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

          _CLERK OF COURT_

                                     OR

                                           /s/ George F. Carpinello

          _Signature of Clerk or Deputy Clerk_                       _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.       "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.       Leonardo Baquero
2.       Francisco Morillo
3.       Daniel Lutz
4.       Luis Liendo
5.       John Ryan
6.       Maria Fernanda Rodriguez
7.       Helsinge Holdings, LLC
8.       Helsinge LLC
9.       Helsinge, Inc.
10.      Waltrop Consultants, C.A.
11.      Godelheim, Inc.
12.      Hornberg, Inc.
13.      Societe Doberan, S.A.
14.      Societe Hedisson, S.A.
15.      Societe Hellin, S.A.
16.      Jehu Holding Inc.
17.      Glencore de Venezuela, C.A.
18.      BAC Florida Bank
19.      Colonial Group, Inc.
20.      Lukoil Pan Americas LLC
21.      Trafigura Trading LLC
22.      Vitol, Inc
23.      Glencore Energy UK LTD.
24.      Lukoil Petroleum LTD.
25.      Masefield A.G.
26.      Trafigura A.G.
27.      Trafigura Beheer BV
28.      Vitol Energy (Bermuda) LTD
29.      Vitol S.A.
30.      Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

    a.   The type of document (i.e., correspondence, memorandum, facsimile,

    b.   etc.);

    c.   The date of the document;

    d.   Any person(s) who signed the document;

    e.   Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Luis Alvarez, 28 Bramham Gardens, London England (SW5 0HE)

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

|  CLERK OF COURT  |  |  |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*


                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.  Maximiliano Poveda
32.  Gustavo Gabaldon
33.  Antonio Maarraoui
34.  Paul Rosado
35.  Andrew Summers
36.  Jose Larocca
37.  Luis Alvarez
38.  Sergio de La Vega
39.  Campo Elias Paez
40.  EFG International A.G.
41.  Blue Bank International N.V.

B.  "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.  "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.  "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

a.   The type of document (i.e., correspondence, memorandum, facsimile,

b.   etc.);

c.   The date of the document;

d.   Any person(s) who signed the document;

e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:           LUKOIL PAN AMERICAS LLC, c/o attorney:
              Adam Hudes, Mayer Brown LLP, 1999 K. Street, N.W., Washington, DC 20006-1101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/20/2018

              *CLERK OF COURT*
                                              OR
                                                     /s/ George F. Carpinello
_____          _____
  _Signature of Clerk or Deputy Clerk_                  _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1. Leonardo Baquero
2. Francisco Morillo
3. Daniel Lutz
4. Luis Liendo
5. John Ryan
6. Maria Fernanda Rodriguez
7. Helsinge Holdings, LLC
8. Helsinge LLC
9. Helsinge, Inc.
10. Waltrop Consultants, C.A.
11. Godelheim, Inc.
12. Hornberg, Inc.
13. Societe Doberan, S.A.
14. Societe Hedisson, S.A.
15. Societe Hellin, S.A.
16. Jehu Holding Inc.
17. Glencore de Venezuela, C.A.
18. BAC Florida Bank
19. Colonial Group, Inc.
20. Lukoil Pan Americas LLC
21. Trafigura Trading LLC
22. Vitol, Inc
23. Glencore Energy UK LTD.
24. Lukoil Petroleum LTD.
25. Masefield A.G.
26. Trafigura A.G.
27. Trafigura Beheer BV
28. Vitol Energy (Bermuda) LTD
29. Vitol S.A.
30. Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## DOCUMENTS REQUESTED

1.      All Documents relating to the destruction, alteration, movement, concealment, or

transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy,

and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants

regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

    a.   To or from any Morillo Defendant, or any account in which any Morillo

       Defendant has an interest or over which any Morillo Defendant exercises

       any control;

    b.   To or from any official or employee of PDVSA, or any account in which

       any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
LUKOIL PETROLEUM LTD, c/o attorney:
Adam Hudes, Mayer Brown LLP, 1999 K. Street, N.W., Washington, DC 20006-1101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.    "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.    Leonardo Baquero
2.    Francisco Morillo
3.    Daniel Lutz
4.    Luis Liendo
5.    John Ryan
6.    Maria Fernanda Rodriguez
7.    Helsinge Holdings, LLC
8.    Helsinge LLC
9.    Helsinge, Inc.
10.   Waltrop Consultants, C.A.
11.   Godelheim, Inc.
12.   Hornberg, Inc.
13.   Societe Doberan, S.A.
14.   Societe Hedisson, S.A.
15.   Societe Hellin, S.A.
16.   Jehu Holding Inc.
17.   Glencore de Venezuela, C.A.
18.   BAC Florida Bank
19.   Colonial Group, Inc.
20.   Lukoil Pan Americas LLC
21.   Trafigura Trading LLC
22.   Vitol, Inc
23.   Glencore Energy UK LTD.
24.   Lukoil Petroleum LTD.
25.   Masefield A.G.
26.   Trafigura A.G.
27.   Trafigura Beheer BV
28.   Vitol Energy (Bermuda) LTD
29.   Vitol S.A.
30.   Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.    A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.    If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.    These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.    In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

     a.    The type of document (i.e., correspondence, memorandum, facsimile,

     b.    etc.);

     c.    The date of the document;

     d.    Any person(s) who signed the document;

     e.    Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or

transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy,

and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants

regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

     a.   To or from any Morillo Defendant, or any account in which any Morillo

        Defendant has an interest or over which any Morillo Defendant exercises

        any control;

     b.   To or from any official or employee of PDVSA, or any account in which

        any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    DANIEL LUTZ, c/o attorney: David Kully,
        Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/20/2018

_CLERK OF COURT_

OR

_____          /s/ George F. Carpinello
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.

B. "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C. "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D. "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.     "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.     "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.     If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.     Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.     If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.     The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.     In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

a.   The type of document (i.e., correspondence, memorandum, facsimile,

b.   etc.);

c.   The date of the document;

d.   Any person(s) who signed the document;

e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

    a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

Civil Action No.  1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Maximiliano Poveda, c/o attorney: Stephen H. Lee,
PORTER HEDGES LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/20/2018

*CLERK OF COURT*

OR

_____        /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in
Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to
state the date, title, label, file number, or description code number, author, address (if any), and
persons to whom copies of the document were addressed or sent, type of document (such as letter,
memorandum, chart, or other descriptive term), and its present and last known location and
custodian.  If you claim that any such document was, but is no longer in your possession or subject
to your control, state what disposition was made of it and when.  Documents to be identified shall
include both documents in your possession, custody and control and all other documents of which
you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;
Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;
Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe
Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and
Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named
persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

     f.   Identify the person who presently possesses the document;

     g.   Specify the substance of the document; and

     h.   Identify the disposition of the document, including the date thereof.

## DOCUMENTS REQUESTED

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Paul Rosado c/o attorney: David M. Burkoff,
              200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit "A"

# DEFINITIONS

The following definitions shall apply herein:

A.        "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

| | |
|---|---|
| 1. | Leonardo Baquero |
| 2. | Francisco Morillo |
| 3. | Daniel Lutz |
| 4. | Luis Liendo |
| 5. | John Ryan |
| 6. | Maria Fernanda Rodriguez |
| 7. | Helsinge Holdings, LLC |
| 8. | Helsinge LLC |
| 9. | Helsinge, Inc. |
| 10. | Waltrop Consultants, C.A. |
| 11. | Godelheim, Inc. |
| 12. | Hornberg, Inc. |
| 13. | Societe Doberan, S.A. |
| 14. | Societe Hedisson, S.A. |
| 15. | Societe Hellin, S.A. |
| 16. | Jehu Holding Inc. |
| 17. | Glencore de Venezuela, C.A. |
| 18. | BAC Florida Bank |
| 19. | Colonial Group, Inc. |
| 20. | Lukoil Pan Americas LLC |
| 21. | Trafigura Trading LLC |
| 22. | Vitol, Inc |
| 23. | Glencore Energy UK LTD. |
| 24. | Lukoil Petroleum LTD. |
| 25. | Masefield A.G. |
| 26. | Trafigura A.G. |
| 27. | Trafigura Beheer BV |
| 28. | Vitol Energy (Bermuda) LTD |
| 29. | Vitol S.A. |
| 30. | Glencore International A.G. |

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

> a.   The type of document (i.e., correspondence, memorandum, facsimile,
>
> b.   etc.);
>
> c.   The date of the document;
>
> d.   Any person(s) who signed the document;
>
> e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## DOCUMENTS REQUESTED

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  JOHN RYAN, c/o attorneys: Etan Mark and Donald John Hayden,
Mark Migdal & Hayden, Brickell City Tower, 80 SW 8th Street, Suite 1999, Miami, FL 33130

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/20/2018

|  | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.        "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.        Leonardo Baquero
2.        Francisco Morillo
3.        Daniel Lutz
4.        Luis Liendo
5.        John Ryan
6.        Maria Fernanda Rodriguez
7.        Helsinge Holdings, LLC
8.        Helsinge LLC
9.        Helsinge, Inc.
10.      Waltrop Consultants, C.A.
11.      Godelheim, Inc.
12.      Hornberg, Inc.
13.      Societe Doberan, S.A.
14.      Societe Hedisson, S.A.
15.      Societe Hellin, S.A.
16.      Jehu Holding Inc.
17.      Glencore de Venezuela, C.A.
18.      BAC Florida Bank
19.      Colonial Group, Inc.
20.      Lukoil Pan Americas LLC
21.      Trafigura Trading LLC
22.      Vitol, Inc
23.      Glencore Energy UK LTD.
24.      Lukoil Petroleum LTD.
25.      Masefield A.G.
26.      Trafigura A.G.
27.      Trafigura Beheer BV
28.      Vitol Energy (Bermuda) LTD
29.      Vitol S.A.
30.      Glencore International A.G.

31.  Maximiliano Poveda
32.  Gustavo Gabaldon
33.  Antonio Maarraoui
34.  Paul Rosado
35.  Andrew Summers
36.  Jose Larocca
37.  Luis Alvarez
38.  Sergio de La Vega
39.  Campo Elias Paez
40.  EFG International A.G.
41.  Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

   a.   The type of document (i.e., correspondence, memorandum, facsimile,

   b.   etc.);

   c.   The date of the document;

   d.   Any person(s) who signed the document;

   e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.       All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.       Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.       All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.       All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.       Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.       All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

|  |  |  |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
SAINT-HELIER, c/o attorney: David Kully,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/20/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. ___1:18-CV-20818___

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                         _____
                                                          *Printed name and title*

                                         _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.        "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1. Leonardo Baquero
2. Francisco Morillo
3. Daniel Lutz
4. Luis Liendo
5. John Ryan
6. Maria Fernanda Rodriguez
7. Helsinge Holdings, LLC
8. Helsinge LLC
9. Helsinge, Inc.
10. Waltrop Consultants, C.A.
11. Godelheim, Inc.
12. Hornberg, Inc.
13. Societe Doberan, S.A.
14. Societe Hedisson, S.A.
15. Societe Hellin, S.A.
16. Jehu Holding Inc.
17. Glencore de Venezuela, C.A.
18. BAC Florida Bank
19. Colonial Group, Inc.
20. Lukoil Pan Americas LLC
21. Trafigura Trading LLC
22. Vitol, Inc
23. Glencore Energy UK LTD.
24. Lukoil Petroleum LTD.
25. Masefield A.G.
26. Trafigura A.G.
27. Trafigura Beheer BV
28. Vitol Energy (Bermuda) LTD
29. Vitol S.A.
30. Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.    "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.


C.    "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.


D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.    A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.    If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.    These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.    In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.  The type of document (i.e., correspondence, memorandum, facsimile,

      b.  etc.);

      c.  The date of the document;

      d.  Any person(s) who signed the document;

      e.  Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Sergio De la Vega, 266 Michigan Road, New Canaan, CT 06840

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/20/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                 _____
                                              *Printed name and title*

                                 _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### Exhibit "A"

### DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.


C.      "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.


D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

a.   The type of document (i.e., correspondence, memorandum, facsimile,

b.   etc.);

c.   The date of the document;

d.   Any person(s) who signed the document;

e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## <u>DOCUMENTS REQUESTED</u>

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

<table>
<tr><td>PDVSA US LITIGATION TRUST</td><td>)</td></tr>
<tr><td><i>Plaintiff</i></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td>LUKOIL PAN AMERICAS LLC ET AL</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td><i>Defendant</i></td><td>)</td></tr>
</table>

Civil Action No.   1:18-CV-20818

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        c/o Secretary of State:  SOCIETE HEDISSON, 1221 Brickell Avenue, Suite 948, Miami, FL

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

<table>
<tr><td>Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128</td><td>Date and Time:<br><br>04/04/2018 9:30 am</td></tr>
</table>

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
</table>

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/20/2018

<table>
<tr><td><i>CLERK OF COURT</i></td><td></td><td></td></tr>
<tr><td></td><td>OR</td><td></td></tr>
<tr><td>Signature of Clerk or Deputy Clerk</td><td></td><td>/s/ George F. Carpinello<br>Attorney's signature</td></tr>
</table>

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in

Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.


C.     "Identify" or "identification" when used in reference to a "document", means to

state the date, title, label, file number, or description code number, author, address (if any), and

persons to whom copies of the document were addressed or sent, type of document (such as letter,

memorandum, chart, or other descriptive term), and its present and last known location and

custodian.  If you claim that any such document was, but is no longer in your possession or subject

to your control, state what disposition was made of it and when.  Documents to be identified shall

include both documents in your possession, custody and control and all other documents of which

you have knowledge.


D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;

Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;

Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe

Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and

Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named

persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

  a.   The type of document (i.e., correspondence, memorandum, facsimile,

  b.   etc.);

  c.   The date of the document;

  d.   Any person(s) who signed the document;

  e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Trafigura Beheer BV,
Evert van de Beekstraat 1-82, The Base, Tower B, 5th Floor, 1118 CL Schiphol, The Netherlands

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/20/2018

| _CLERK OF COURT_ | OR | |
|---|---|---|
| | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* 
PDVSA US LITIGATION TRUST , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                     _____
                                                          *Printed name and title*

                                     _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.       "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.       Leonardo Baquero
2.       Francisco Morillo
3.       Daniel Lutz
4.       Luis Liendo
5.       John Ryan
6.       Maria Fernanda Rodriguez
7.       Helsinge Holdings, LLC
8.       Helsinge LLC
9.       Helsinge, Inc.
10.      Waltrop Consultants, C.A.
11.      Godelheim, Inc.
12.      Hornberg, Inc.
13.      Societe Doberan, S.A.
14.      Societe Hedisson, S.A.
15.      Societe Hellin, S.A.
16.      Jehu Holding Inc.
17.      Glencore de Venezuela, C.A.
18.      BAC Florida Bank
19.      Colonial Group, Inc.
20.      Lukoil Pan Americas LLC
21.      Trafigura Trading LLC
22.      Vitol, Inc
23.      Glencore Energy UK LTD.
24.      Lukoil Petroleum LTD.
25.      Masefield A.G.
26.      Trafigura A.G.
27.      Trafigura Beheer BV
28.      Vitol Energy (Bermuda) LTD
29.      Vitol S.A.
30.      Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Trafigura Trading LLC, c/o Registered Agent
CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, FL  33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         03/20/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                    _____
                                                            *Printed name and title*

                                                    _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1. Leonardo Baquero
2. Francisco Morillo
3. Daniel Lutz
4. Luis Liendo
5. John Ryan
6. Maria Fernanda Rodriguez
7. Helsinge Holdings, LLC
8. Helsinge LLC
9. Helsinge, Inc.
10. Waltrop Consultants, C.A.
11. Godelheim, Inc.
12. Hornberg, Inc.
13. Societe Doberan, S.A.
14. Societe Hedisson, S.A.
15. Societe Hellin, S.A.
16. Jehu Holding Inc.
17. Glencore de Venezuela, C.A.
18. BAC Florida Bank
19. Colonial Group, Inc.
20. Lukoil Pan Americas LLC
21. Trafigura Trading LLC
22. Vitol, Inc
23. Glencore Energy UK LTD.
24. Lukoil Petroleum LTD.
25. Masefield A.G.
26. Trafigura A.G.
27. Trafigura Beheer BV
28. Vitol Energy (Bermuda) LTD
29. Vitol S.A.
30. Glencore International A.G.

31.   Maximiliano Poveda
32.   Gustavo Gabaldon
33.   Antonio Maarraoui
34.   Paul Rosado
35.   Andrew Summers
36.   Jose Larocca
37.   Luis Alvarez
38.   Sergio de La Vega
39.   Campo Elias Paez
40.   EFG International A.G.
41.   Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

a.   The type of document (i.e., correspondence, memorandum, facsimile,

b.   etc.);

c.   The date of the document;

d.   Any person(s) who signed the document;

e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.       All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.       Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.       All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.       All Documents relating to any payments or transfers made since January 1, 2018.

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Vitol Energy (Bermuda) Ltd, c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/20/2018

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
PDVSA US LITIGATION TRUST                                      , who issues or requests this subpoena, are:
George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                              _____
                                                          *Printed name and title*

                                              _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.    Leonardo Baquero
2.    Francisco Morillo
3.    Daniel Lutz
4.    Luis Liendo
5.    John Ryan
6.    Maria Fernanda Rodriguez
7.    Helsinge Holdings, LLC
8.    Helsinge LLC
9.    Helsinge, Inc.
10.   Waltrop Consultants, C.A.
11.   Godelheim, Inc.
12.   Hornberg, Inc.
13.   Societe Doberan, S.A.
14.   Societe Hedisson, S.A.
15.   Societe Hellin, S.A.
16.   Jehu Holding Inc.
17.   Glencore de Venezuela, C.A.
18.   BAC Florida Bank
19.   Colonial Group, Inc.
20.   Lukoil Pan Americas LLC
21.   Trafigura Trading LLC
22.   Vitol, Inc
23.   Glencore Energy UK LTD.
24.   Lukoil Petroleum LTD.
25.   Masefield A.G.
26.   Trafigura A.G.
27.   Trafigura Beheer BV
28.   Vitol Energy (Bermuda) LTD
29.   Vitol S.A.
30.   Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

#### Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                             Vitol, Inc., c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       03/20/2018

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:
George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1. Leonardo Baquero
2. Francisco Morillo
3. Daniel Lutz
4. Luis Liendo
5. John Ryan
6. Maria Fernanda Rodriguez
7. Helsinge Holdings, LLC
8. Helsinge LLC
9. Helsinge, Inc.
10. Waltrop Consultants, C.A.
11. Godelheim, Inc.
12. Hornberg, Inc.
13. Societe Doberan, S.A.
14. Societe Hedisson, S.A.
15. Societe Hellin, S.A.
16. Jehu Holding Inc.
17. Glencore de Venezuela, C.A.
18. BAC Florida Bank
19. Colonial Group, Inc.
20. Lukoil Pan Americas LLC
21. Trafigura Trading LLC
22. Vitol, Inc
23. Glencore Energy UK LTD.
24. Lukoil Petroleum LTD.
25. Masefield A.G.
26. Trafigura A.G.
27. Trafigura Beheer BV
28. Vitol Energy (Bermuda) LTD
29. Vitol S.A.
30. Glencore International A.G.

    31.     Maximiliano Poveda
    32.     Gustavo Gabaldon
    33.     Antonio Maarraoui
    34.     Paul Rosado
    35.     Andrew Summers
    36.     Jose Larocca
    37.     Luis Alvarez
    38.     Sergio de La Vega
    39.     Campo Elias Paez
    40.     EFG International A.G.
    41.     Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

    f.   Identify the person who presently possesses the document;

    g.   Specify the substance of the document; and

    h.   Identify the disposition of the document, including the date thereof.

## <u>DOCUMENTS REQUESTED</u>

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     c/o Secretary of State:  WALTROP CONSULTANTS C.A., 1221 Brickell Avenue, Suite 948, Miami, FL

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  SEE EXHIBIT A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles | Date and Time: |
|---|---|
| 400 N. Miami Avenue, Miami, FL 33128 | 04/04/2018 9:30 am |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/20/2018

_CLERK OF COURT_

OR

_____          /s/ George F. Carpinello
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in
Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to
state the date, title, label, file number, or description code number, author, address (if any), and
persons to whom copies of the document were addressed or sent, type of document (such as letter,
memorandum, chart, or other descriptive term), and its present and last known location and
custodian.  If you claim that any such document was, but is no longer in your possession or subject
to your control, state what disposition was made of it and when.  Documents to be identified shall
include both documents in your possession, custody and control and all other documents of which
you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz;
Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.;
Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe
Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and
Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named
persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


## INSTRUCTIONS


1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

a.   The type of document (i.e., correspondence, memorandum, facsimile,

b.   etc.);

c.   The date of the document;

d.   Any person(s) who signed the document;

e.   Any person(s) who received the document or a copy thereof;

    f.   Identify the person who presently possesses the document;

    g.   Specify the substance of the document; and

    h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Alan Rudolph, 732 Euclid Avenue, Miami Beach Florida, 33139

---
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/23/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                                 _____
                                                    *Printed name and title*

                                                 _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.     Leonardo Baquero
2.     Francisco Morillo
3.     Daniel Lutz
4.     Luis Liendo
5.     John Ryan
6.     Maria Fernanda Rodriguez
7.     Helsinge Holdings, LLC
8.     Helsinge LLC
9.     Helsinge, Inc.
10.    Waltrop Consultants, C.A.
11.    Godelheim, Inc.
12.    Hornberg, Inc.
13.    Societe Doberan, S.A.
14.    Societe Hedisson, S.A.
15.    Societe Hellin, S.A.
16.    Jehu Holding Inc.
17.    Glencore de Venezuela, C.A.
18.    BAC Florida Bank
19.    Colonial Group, Inc.
20.    Lukoil Pan Americas LLC
21.    Trafigura Trading LLC
22.    Vitol, Inc
23.    Glencore Energy UK LTD.
24.    Lukoil Petroleum LTD.
25.    Masefield A.G.
26.    Trafigura A.G.
27.    Trafigura Beheer BV
28.    Vitol Energy (Bermuda) LTD
29.    Vitol S.A.
30.    Glencore International A.G.

31.    Maximiliano Poveda
32.    Gustavo Gabaldon
33.    Antonio Maarraoui
34.    Paul Rosado
35.    Andrew Summers
36.    Jose Larocca
37.    Luis Alvarez
38.    Sergio de La Vega
39.    Campo Elias Paez
40.    EFG International A.G.
41.    Blue Bank International N.V.


B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.     "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.     "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.     "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## INSTRUCTIONS

1.     If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.     Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.     If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.     The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.     In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to PDVSA or the Defendants.

2.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

3.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

4.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

5.      All Documents relating to any payments or transfers made since January 1, 2018

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

6.      Each monthly or other statement during 2018 for any account in which the Morillo Defendants have any interest or over which they have any control.

7.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

<table>
<tr><td>PDVSA US LITIGATION TRUST<br><br>_____<br><i>Plaintiff</i><br>v.<br>LUKOIL PAN AMERICAS LLC ET AL<br><br>_____<br><i>Defendant</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No.   1:18-CV-20818</td></tr>
</table>

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Leonardo Baquero, Calle de Alcalá, 88, 28009 Madrid, Spain

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

<table>
<tr><td>Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>400 N. Miami Avenue, Miami, FL 33128</td><td>Date and Time:<br><br>04/04/2018 9:30 am</td></tr>
</table>

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

<table>
<tr><td>Place:</td><td>Date and Time:</td></tr>
<tr><td><br><br></td><td></td></tr>
</table>

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/23/2018
         _____

                    *CLERK OF COURT*
                                                    OR
         _____          _____
         *Signature of Clerk or Deputy Clerk*          /s/ George F. Carpinello
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31. Maximiliano Poveda
32. Gustavo Gabaldon
33. Antonio Maarraoui
34. Paul Rosado
35. Andrew Summers
36. Jose Larocca
37. Luis Alvarez
38. Sergio de La Vega
39. Campo Elias Paez
40. EFG International A.G.
41. Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.    "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.     If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.     These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.     In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

      a.   The type of document (i.e., correspondence, memorandum, facsimile,

      b.   etc.);

      c.   The date of the document;

      d.   Any person(s) who signed the document;

      e.   Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.      All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018

     a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.      All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC ET AL | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      FRANCISCO MORILLO, 1643 Brickell Ave., Apartment 3302, Miami, FL 33131

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: S.D. Fla. Court Clerk, attn: the Hon. Judge Gayles<br>       400 N. Miami Avenue, Miami, FL 33128 | Date and Time:<br><br>     04/04/2018 9:30 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/23/2018

                 *CLERK OF COURT*
                                     OR

_____       /s/ George F. Carpinello
    *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida:

1.      Leonardo Baquero
2.      Francisco Morillo
3.      Daniel Lutz
4.      Luis Liendo
5.      John Ryan
6.      Maria Fernanda Rodriguez
7.      Helsinge Holdings, LLC
8.      Helsinge LLC
9.      Helsinge, Inc.
10.     Waltrop Consultants, C.A.
11.     Godelheim, Inc.
12.     Hornberg, Inc.
13.     Societe Doberan, S.A.
14.     Societe Hedisson, S.A.
15.     Societe Hellin, S.A.
16.     Jehu Holding Inc.
17.     Glencore de Venezuela, C.A.
18.     BAC Florida Bank
19.     Colonial Group, Inc.
20.     Lukoil Pan Americas LLC
21.     Trafigura Trading LLC
22.     Vitol, Inc
23.     Glencore Energy UK LTD.
24.     Lukoil Petroleum LTD.
25.     Masefield A.G.
26.     Trafigura A.G.
27.     Trafigura Beheer BV
28.     Vitol Energy (Bermuda) LTD
29.     Vitol S.A.
30.     Glencore International A.G.

31.     Maximiliano Poveda
32.     Gustavo Gabaldon
33.     Antonio Maarraoui
34.     Paul Rosado
35.     Andrew Summers
36.     Jose Larocca
37.     Luis Alvarez
38.     Sergio de La Vega
39.     Campo Elias Paez
40.     EFG International A.G.
41.     Blue Bank International N.V.


B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Identify" or "identification" when used in reference to a "document", means to state the date, title, label, file number, or description code number, author, address (if any), and persons to whom copies of the document were addressed or sent, type of document (such as letter, memorandum, chart, or other descriptive term), and its present and last known location and custodian.  If you claim that any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and when.  Documents to be identified shall include both documents in your possession, custody and control and all other documents of which you have knowledge.

D.      "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all  of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.       The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.


## INSTRUCTIONS

1.      If the recipient has no documents responsive to a particular Request, the recipient shall so state.

2.      Each Request shall be construed independently and not by reference to any other Request for the purpose of limitation.

3.      If any document requested herein is not produced because of any claim of privilege or work product protection, the recipient shall identify the document as set forth in the Definitions herein, and in addition specify the privilege or protection claimed.

4.      The recipient is requested to product responsive documents as they are kept in the ordinary course of business.

5.      In the event that any document responsive to any of these Requests has been lost or destroyed, the recipient shall identify such document as set forth in the Definitions herein, and shall, in addition, specify (a) the date of its loss or destruction; (b) the reason for its loss or destruction; (c)

the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

6.      A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document; any exhibits or attachments to the document; and any enclosures sent with the document.

7.      If the recipient has any uncertainty as to whether any document is within the scope of a particular Request, that document should be produced.

8.      These requests seek electronically stored information pursuant to Federal Rules of Civil Procedure 26(b) and 34(a). DOCUMENTS available in electronic format should be produced in their native electronic format as well as in the form of an electronic image using a Group 4 compression single-page tagged image file format. In addition, all native electronic files shall be produced together with all associated metadata- i.e., data describing the electronic file, such as "date last modified"- in a text format linked to the native electronic file and with a "load file" to accompany the electronic images in order to facilitate the use of common litigation support software in connection with the images.

9.      In the event that You withhold production of a document on the grounds of privilege or otherwise, please provide a privilege log stating the following with respect to each document in accordance with the rules of civil procedure:

    a.  The type of document (i.e., correspondence, memorandum, facsimile,

    b.  etc.);

    c.  The date of the document;

    d.  Any person(s) who signed the document;

    e.  Any person(s) who received the document or a copy thereof;

f.   Identify the person who presently possesses the document;

g.   Specify the substance of the document; and

h.   Identify the disposition of the document, including the date thereof.

## **DOCUMENTS REQUESTED**

1.     All Documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Documents sufficient to show Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     All Documents relating to any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     All Documents relating to any payments or transfers made since January 1, 2018

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.     Each monthly or other statement during 2018 for any account in which You have any interest or over which You have any control.

6.     All Documents showing any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Antonio Maarraoui, c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

For the Subjects of Testimony, see Exhibit A.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
        PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.    "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.    Lukoil Pan Americas LLC
2.    Lukoil Petroleum Ltd.
3.    Colonial Oil Industries, Inc.
4.    Colonial Group, Inc.
5.    Glencore Ltd.
6.    Glencore International, A.G.
7.    Glencore Energy UK Ltd.
8.    Masefield A.G.
9.    Trafigura A.G.
10.   Trafigura Trading LLC
11.   Trafigura Beheer B.V.
12.   Vitol Energy (Bermuda) Ltd
13.   Vitol S.A.
14.   Vitol, Inc.
15.   Francisco Morillo
16.   Leonardo Baquero
17.   Daniel Lutz
18.   Luis Liendo
19.   John Ryan
20.   Maria Fernanda Rodriguez
21.   Helsinge Holdings, LLC
22.   Helsinge, Inc.
23.   Helsinge Ltd. Saint-Hélier
24.   Waltrop Consultants, C.A.
25.   Godelheim, Inc.
26.   Hornberg Inc.
27.   Societe Doberan, S.A.
28.   Societe Hedisson, S.A.
29.   Societe Hellin, S.A.
30.   Glencore De Venezuela, C.A.
31.   Jehu Holding Inc.

1

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B. "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C. "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E. "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F. "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G. The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control which have received deposits from any of the Morillo Defendants.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: BAC Florida Bank, c/o attorney: Nicolas Swerdloff,
Hughes Hubbard & Reed LLP, 201 South Biscayne Boulevard, Suite 2500, Miami, FL 33131-4332

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.    "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.   Lukoil Pan Americas LLC
2.   Lukoil Petroleum Ltd.
3.   Colonial Oil Industries, Inc.
4.   Colonial Group, Inc.
5.   Glencore Ltd.
6.   Glencore International, A.G.
7.   Glencore Energy UK Ltd.
8.   Masefield A.G.
9.   Trafigura A.G.
10.  Trafigura Trading LLC
11.  Trafigura Beheer B.V.
12.  Vitol Energy (Bermuda) Ltd
13.  Vitol S.A.
14.  Vitol, Inc.
15.  Francisco Morillo
16.  Leonardo Baquero
17.  Daniel Lutz
18.  Luis Liendo
19.  John Ryan
20.  Maria Fernanda Rodriguez
21.  Helsinge Holdings, LLC
22.  Helsinge, Inc.
23.  Helsinge Ltd. Saint-Hélier
24.  Waltrop Consultants, C.A.
25.  Godelheim, Inc.
26.  Hornberg Inc.
27.  Societe Doberan, S.A.
28.  Societe Hedisson, S.A.
29.  Societe Hellin, S.A.
30.  Glencore De Venezuela, C.A.
31.  Jehu Holding Inc.

1

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## <u>SUBJECTS OF TESTIMONY</u>

1.     The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     Any Account (a) in which to Your knowledge any Defendant has any interest or (b) over which any Defendant has any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| _Defendant_ | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Campo Elias Paez, Agencies, Inc. - Miami, 1110 Brickell Ave., Suite 805, Miami, Florida 33131

_____

_(Name of person to whom this subpoena is directed)_

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

For the Subjects of Testimony, see Exhibit A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

_CLERK OF COURT_

                                       OR

| _Signature of Clerk or Deputy Clerk_ | /s/ George F. Carpinello |
|---|---|
| | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

    PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

32.  Andrew Summers
33.  Maximiliano Poveda
34.  Jose Larocca
35.  Luis Alvarez
36.  Gustavo Gabaldon
37.  Sergio De la Vega
38.  Antonio Maarraoui
39.  Campo Elias Paez
40.  Paul Rosado
41.  BAC Florida Bank
42.  EFG International A.G.
43.  Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.     "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.     "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.     The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

2

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control which have received deposits from any of the Morillo Defendants.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

Civil Action No.    1:18-CV-20818

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  COLONIAL GROUP, INC, c/o attorney: David M. Burkoff,
200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/26/2018

CLERK OF COURT

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST_____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.    Lukoil Pan Americas LLC
2.    Lukoil Petroleum Ltd.
3.    Colonial Oil Industries, Inc.
4.    Colonial Group, Inc.
5.    Glencore Ltd.
6.    Glencore International, A.G.
7.    Glencore Energy UK Ltd.
8.    Masefield A.G.
9.    Trafigura A.G.
10.   Trafigura Trading LLC
11.   Trafigura Beheer B.V.
12.   Vitol Energy (Bermuda) Ltd
13.   Vitol S.A.
14.   Vitol, Inc.
15.   Francisco Morillo
16.   Leonardo Baquero
17.   Daniel Lutz
18.   Luis Liendo
19.   John Ryan
20.   Maria Fernanda Rodriguez
21.   Helsinge Holdings, LLC
22.   Helsinge, Inc.
23.   Helsinge Ltd. Saint-Hélier
24.   Waltrop Consultants, C.A.
25.   Godelheim, Inc.
26.   Hornberg Inc.
27.   Societe Doberan, S.A.
28.   Societe Hedisson, S.A.
29.   Societe Hellin, S.A.
30.   Glencore De Venezuela, C.A.
31.   Jehu Holding Inc.

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.   The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## <u>SUBJECTS OF TESTIMONY</u>

1.       The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.       Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.       Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.       All Documents relating to any payments or transfers made since January 1, 2018.

       a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

       b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| _Defendant_ | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   COLONIAL OIL INDUSTRIES, c/o attorney: David M. Burkoff,
     200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

_____
*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place:   United States District Court<br>     Southern District of Florida<br>     400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.:   11-1 |
|---|---|
| | Date and Time:   04/04/2018 9:30 am |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

         *CLERK OF COURT*

                                     OR

_____       /s/ George F. Carpinello
     *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

     PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

1

32.    Andrew Summers
33.    Maximiliano Poveda
34.    Jose Larocca
35.    Luis Alvarez
36.    Gustavo Gabaldon
37.    Sergio De la Vega
38.    Antonio Maarraoui
39.    Campo Elias Paez
40.    Paul Rosado
41.    BAC Florida Bank
42.    EFG International A.G.
43.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.     The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## <u>SUBJECTS OF TESTIMONY</u>

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  GLENCORE ENERGY U.K., c/o atttorney: Bruce Birenboim
1285 Avenue of the Americas, New York, NY 10019-6064

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/26/2018

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ George F. Carpinello
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                                          *Server's signature*

                                                                  _____
                                                                          *Printed name and title*

                                                                  _____
                                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

1

32.    Andrew Summers
33.    Maximiliano Poveda
34.    Jose Larocca
35.    Luis Alvarez
36.    Gustavo Gabaldon
37.    Sergio De la Vega
38.    Antonio Maarraoui
39.    Campo Elias Paez
40.    Paul Rosado
41.    BAC Florida Bank
42.    EFG International A.G.
43.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  GLENCORE LTD, c/o atttorney: Bruce Birenboim
1285 Avenue of the Americas, New York, NY 10019-6064

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

CLERK OF COURT

OR

_____           /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.　"Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

1

32.  Andrew Summers
33.  Maximiliano Poveda
34.  Jose Larocca
35.  Luis Alvarez
36.  Gustavo Gabaldon
37.  Sergio De la Vega
38.  Antonio Maarraoui
39.  Campo Elias Paez
40.  Paul Rosado
41.  BAC Florida Bank
42.  EFG International A.G.
43.  Blue Bank International N.V.

B.  "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.  "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.  "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.  "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.  The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

2

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Gustavo Gabaldon, c/o atttorney: Bruce Birenboim,
        1285 Avenue of the Americas, New York, NY 10019-6064

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

    For the Subjects of Testimony, see Exhibit A.

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

        *CLERK OF COURT*

                                         OR

|  | |
|---|---|
| _____ | /s/ George F. Carpinello<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

    PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control which have received deposits from any of the Morillo Defendants.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  HELSINGE HOLDINGS LLC, c/o attorney: Alex M. Gonzalez,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court | Courtroom No.: 11-1 |
|---|---|
| Southern District of Florida | |
| 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

        *CLERK OF COURT*
                                        OR

_____        /s/ George F. Carpinello
   *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

   PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

1

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.  The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.  Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.  Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.  Any payments or transfers made since January 1, 2018

    a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.  Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.  Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.  1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

### SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   HELSINGE Inc., c/o attorney: David Kully, Alex M. Gonzalez,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/26/2018

        *CLERK OF COURT*
                            OR

_____    /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____          on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.     Lukoil Pan Americas LLC
2.     Lukoil Petroleum Ltd.
3.     Colonial Oil Industries, Inc.
4.     Colonial Group, Inc.
5.     Glencore Ltd.
6.     Glencore International, A.G.
7.     Glencore Energy UK Ltd.
8.     Masefield A.G.
9.     Trafigura A.G.
10.    Trafigura Trading LLC
11.    Trafigura Beheer B.V.
12.    Vitol Energy (Bermuda) Ltd
13.    Vitol S.A.
14.    Vitol, Inc.
15.    Francisco Morillo
16.    Leonardo Baquero
17.    Daniel Lutz
18.    Luis Liendo
19.    John Ryan
20.    Maria Fernanda Rodriguez
21.    Helsinge Holdings, LLC
22.    Helsinge, Inc.
23.    Helsinge Ltd. Saint-Hélier
24.    Waltrop Consultants, C.A.
25.    Godelheim, Inc.
26.    Hornberg Inc.
27.    Societe Doberan, S.A.
28.    Societe Hedisson, S.A.
29.    Societe Hellin, S.A.
30.    Glencore De Venezuela, C.A.
31.    Jehu Holding Inc.

1

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.   The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.      Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   HELSINGE LTD., c/o attorney: David Kully, Alex M. Gonzalez,
      Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

 **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below
to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court
officer allows you to leave.
Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who
is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court | Courtroom No.: 11-1 |
|---|---|
| Southern District of Florida | |
| 400 N. Miami Avenue, Miami, FL 33128 | Date and Time: 04/04/2018 9:30 am |

 The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

        *CLERK OF COURT*

                                            OR

_____          /s/ George F. Carpinello
  *Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  _____
      PDVSA US LITIGATION TRUST          , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.    "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.    Lukoil Pan Americas LLC
2.    Lukoil Petroleum Ltd.
3.    Colonial Oil Industries, Inc.
4.    Colonial Group, Inc.
5.    Glencore Ltd.
6.    Glencore International, A.G.
7.    Glencore Energy UK Ltd.
8.    Masefield A.G.
9.    Trafigura A.G.
10.   Trafigura Trading LLC
11.   Trafigura Beheer B.V.
12.   Vitol Energy (Bermuda) Ltd
13.   Vitol S.A.
14.   Vitol, Inc.
15.   Francisco Morillo
16.   Leonardo Baquero
17.   Daniel Lutz
18.   Luis Liendo
19.   John Ryan
20.   Maria Fernanda Rodriguez
21.   Helsinge Holdings, LLC
22.   Helsinge, Inc.
23.   Helsinge Ltd. Saint-Hélier
24.   Waltrop Consultants, C.A.
25.   Godelheim, Inc.
26.   Hornberg Inc.
27.   Societe Doberan, S.A.
28.   Societe Hedisson, S.A.
29.   Societe Hellin, S.A.
30.   Glencore De Venezuela, C.A.
31.   Jehu Holding Inc.

32.    Andrew Summers
33.    Maximiliano Poveda
34.    Jose Larocca
35.    Luis Alvarez
36.    Gustavo Gabaldon
37.    Sergio De la Vega
38.    Antonio Maarraoui
39.    Campo Elias Paez
40.    Paul Rosado
41.    BAC Florida Bank
42.    EFG International A.G.
43.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.      Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Louis Liendo, c/o attorney:
Alex M. Gonzalez, Holland & Knight, 701 Brickell Avenue, Suite 3300, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

    For the Subjects of Testimony, see Exhibit A.

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/26/2018

            *CLERK OF COURT*

                              OR

| | |
|---|---|
| _____ | /s/ George F. Carpinello<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
    PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

1

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.   The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

2

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

    a. To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b. To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.      Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Lukoil Pan Americas LLC, c/o attorney:
Adam Hudes, Mayer Brown LLP, 1999 K. Street, N.W., Washington, DC 20006-1101

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.
Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

          *CLERK OF COURT*

                              OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
          PDVSA US LITIGATION TRUST          , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.     Lukoil Pan Americas LLC
2.     Lukoil Petroleum Ltd.
3.     Colonial Oil Industries, Inc.
4.     Colonial Group, Inc.
5.     Glencore Ltd.
6.     Glencore International, A.G.
7.     Glencore Energy UK Ltd.
8.     Masefield A.G.
9.     Trafigura A.G.
10.    Trafigura Trading LLC
11.    Trafigura Beheer B.V.
12.    Vitol Energy (Bermuda) Ltd
13.    Vitol S.A.
14.    Vitol, Inc.
15.    Francisco Morillo
16.    Leonardo Baquero
17.    Daniel Lutz
18.    Luis Liendo
19.    John Ryan
20.    Maria Fernanda Rodriguez
21.    Helsinge Holdings, LLC
22.    Helsinge, Inc.
23.    Helsinge Ltd. Saint-Hélier
24.    Waltrop Consultants, C.A.
25.    Godelheim, Inc.
26.    Hornberg Inc.
27.    Societe Doberan, S.A.
28.    Societe Hedisson, S.A.
29.    Societe Hellin, S.A.
30.    Glencore De Venezuela, C.A.
31.    Jehu Holding Inc.

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

    a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | ) |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

Civil Action No.   1:18-CV-20818

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  DANIEL LUTZ, c/o attorney: David Kully, Alex M. Gonzalez
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

For the Subjects of Testimony, see Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

*CLERK OF COURT*

OR

_____          /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
PDVSA US LITIGATION TRUST _____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.       "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.       Lukoil Pan Americas LLC
2.       Lukoil Petroleum Ltd.
3.       Colonial Oil Industries, Inc.
4.       Colonial Group, Inc.
5.       Glencore Ltd.
6.       Glencore International, A.G.
7.       Glencore Energy UK Ltd.
8.       Masefield A.G.
9.       Trafigura A.G.
10.      Trafigura Trading LLC
11.      Trafigura Beheer B.V.
12.      Vitol Energy (Bermuda) Ltd
13.      Vitol S.A.
14.      Vitol, Inc.
15.      Francisco Morillo
16.      Leonardo Baquero
17.      Daniel Lutz
18.      Luis Liendo
19.      John Ryan
20.      Maria Fernanda Rodriguez
21.      Helsinge Holdings, LLC
22.      Helsinge, Inc.
23.      Helsinge Ltd. Saint-Hélier
24.      Waltrop Consultants, C.A.
25.      Godelheim, Inc.
26.      Hornberg Inc.
27.      Societe Doberan, S.A.
28.      Societe Hedisson, S.A.
29.      Societe Hellin, S.A.
30.      Glencore De Venezuela, C.A.
31.      Jehu Holding Inc.

1

32.  Andrew Summers
33.  Maximiliano Poveda
34.  Jose Larocca
35.  Luis Alvarez
36.  Gustavo Gabaldon
37.  Sergio De la Vega
38.  Antonio Maarraoui
39.  Campo Elias Paez
40.  Paul Rosado
41.  BAC Florida Bank
42.  EFG International A.G.
43.  Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.   The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.     The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     Any payments or transfers made since January 1, 2018

     a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

     b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.     Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.     Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Wilmer Maldonado c/o attorney:
Etan Mark, Mark Migdal & Hayden, Brickell City Tower, 80 SW 8th Street, Suite 1999, Miami, FL 33130

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:  United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

    For the Subjects of Testimony, see Exhibit A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/26/2018

              *CLERK OF COURT*

                                        OR

_____                    /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*                    _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
    PDVSA US LITIGATION TRUST         , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>**Exhibit "A"**</u>

<u>**DEFINITIONS**</u>

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## DOCUMENTS REQUESTED

1.      All documents relating to the destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the defendants since January 1, 2018, including, but not limited to, the server previously located at the residence of John Ryan and Wilmer Maldonado at 11241 NE 9th Avenue Biscayne Park, FL 33161.

2.      All documents relating to any communication with any defendants regarding the preservation of the destruction of documents including, but not limited to, the server previously located at the residence of John Ryan at 11241 NE 9th Avenue Biscayne Park, FL 33161.

## SUBJECTS OF TESTIMONY

1.      The destruction, alternation, movement, concealment, or transfer of any documents relating to PDVSA or the defendants since January 1, 2018, including, but not limited to, the server previously located at the residence of John Ryan and Wilmer Maldonado at 11241 NE 9th Avenue Biscayne Park, FL 33161.

2.      Any communication of any with any of the defendants regarding the preservation or destruction of documents including, but not limited to, the server previously located at the residence of John Ryan and Wilmer Maldonado at 11241 NE 9th Avenue Biscayne Park, FL 33161.

3.      All communications with any person regarding the removal of the server previously located at the residence of John Ryan and Wilmer Maldonado at 11241 NE 9th Avenue Biscayne Park, FL 33161.

4.      All actions taken by you or any other person with regard to the removal of the server previously located at the residence of John Ryan and Wilmer Maldonado at 11241 NE 9th Avenue Biscayne Park, FL 33161.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Maximiliano Poveda, c/o attorney: Stephen H. Lee,
PORTER HEDGES LLP, 1000 Main Street, 36th Floor, Houston, Texas 77002

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:   United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

     For the Subjects of Testimony, see Exhibit A.

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

         *CLERK OF COURT*

                            OR

| | |
|---|---|
| _____ | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

     PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

1

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B.     "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.     "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.     "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.     "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

      a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

      b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control which have received deposits from any of the Morillo Defendants.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   FRANCISCO MORILLO, c/o attorney: Kimberly A. Pathman,
Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, D.C. 20036

*(Name of person to whom this subpoena is directed)*

       **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place:   United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.:   11-1 |
|---|---|
| | Date and Time:   04/04/2018 9:30 am |

For the Subjects of Testimony, see Exhibit A.

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

         *CLERK OF COURT*

                                     OR

                                  /s/ George F. Carpinello

        *Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
PDVSA US LITIGATION TRUST      , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.     Lukoil Pan Americas LLC
2.     Lukoil Petroleum Ltd.
3.     Colonial Oil Industries, Inc.
4.     Colonial Group, Inc.
5.     Glencore Ltd.
6.     Glencore International, A.G.
7.     Glencore Energy UK Ltd.
8.     Masefield A.G.
9.     Trafigura A.G.
10.    Trafigura Trading LLC
11.    Trafigura Beheer B.V.
12.    Vitol Energy (Bermuda) Ltd
13.    Vitol S.A.
14.    Vitol, Inc.
15.    Francisco Morillo
16.    Leonardo Baquero
17.    Daniel Lutz
18.    Luis Liendo
19.    John Ryan
20.    Maria Fernanda Rodriguez
21.    Helsinge Holdings, LLC
22.    Helsinge, Inc.
23.    Helsinge Ltd. Saint-Hélier
24.    Waltrop Consultants, C.A.
25.    Godelheim, Inc.
26.    Hornberg Inc.
27.    Societe Doberan, S.A.
28.    Societe Hedisson, S.A.
29.    Societe Hellin, S.A.
30.    Glencore De Venezuela, C.A.
31.    Jehu Holding Inc.

32.    Andrew Summers
33.    Maximiliano Poveda
34.    Jose Larocca
35.    Luis Alvarez
36.    Gustavo Gabaldon
37.    Sergio De la Vega
38.    Antonio Maarraoui
39.    Campo Elias Paez
40.    Paul Rosado
41.    BAC Florida Bank
42.    EFG International A.G.
43.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## **SUBJECTS OF TESTIMONY**

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.      Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Paul Rosado, c/o attorney: David M. Burkoff,
    200 E. Saint Julian Street, P.O. Box 9848, Savannah, GA 31412-0048

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place:   United States District Court<br>      Southern District of Florida<br>      400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
| | Date and Time: 04/04/2018 9:30 am |

    For the Subjects of Testimony, see Exhibit A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/26/2018

| | | |
|---|---|---|
| | *CLERK OF COURT* | |
| | | OR |
| _____ | | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
    PDVSA US LITIGATION TRUST     , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.    "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.    Lukoil Pan Americas LLC
2.    Lukoil Petroleum Ltd.
3.    Colonial Oil Industries, Inc.
4.    Colonial Group, Inc.
5.    Glencore Ltd.
6.    Glencore International, A.G.
7.    Glencore Energy UK Ltd.
8.    Masefield A.G.
9.    Trafigura A.G.
10.   Trafigura Trading LLC
11.   Trafigura Beheer B.V.
12.   Vitol Energy (Bermuda) Ltd
13.   Vitol S.A.
14.   Vitol, Inc.
15.   Francisco Morillo
16.   Leonardo Baquero
17.   Daniel Lutz
18.   Luis Liendo
19.   John Ryan
20.   Maria Fernanda Rodriguez
21.   Helsinge Holdings, LLC
22.   Helsinge, Inc.
23.   Helsinge Ltd. Saint-Hélier
24.   Waltrop Consultants, C.A.
25.   Godelheim, Inc.
26.   Hornberg Inc.
27.   Societe Doberan, S.A.
28.   Societe Hedisson, S.A.
29.   Societe Hellin, S.A.
30.   Glencore De Venezuela, C.A.
31.   Jehu Holding Inc.

1

32.  Andrew Summers
33.  Maximiliano Poveda
34.  Jose Larocca
35.  Luis Alvarez
36.  Gustavo Gabaldon
37.  Sergio De la Vega
38.  Antonio Maarraoui
39.  Campo Elias Paez
40.  Paul Rosado
41.  BAC Florida Bank
42.  EFG International A.G.
43.  Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.     The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     Any payments or transfers made since January 1, 2018

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.     Any account in which You have any interest or over which You have any control which have received deposits from any of the Morillo Defendants.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| PDVSA US LITIGATION TRUST | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   JOHN RYAN, c/o attorneys: Etan Mark and Donald John Hayden,
     Mark Migdal & Hayden, Brickell City Tower, 80 SW 8th Street, Suite 1999, Miami, FL 33130

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place:   United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 | |
| | Date and Time: 04/04/2018 9:30 am | |

     For the Subjects of Testimony, see Exhibit A.

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

         *CLERK OF COURT*

                         OR

| | |
|---|---|
| _____ | /s/ George F. Carpinello<br>_____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

     PDVSA US LITIGATION TRUST          , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                            *Server's signature*

                                           _____
                                                            *Printed name and title*

                                           _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"

## DEFINITIONS

The following definitions shall apply herein:

A.     "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.  Lukoil Pan Americas LLC
2.  Lukoil Petroleum Ltd.
3.  Colonial Oil Industries, Inc.
4.  Colonial Group, Inc.
5.  Glencore Ltd.
6.  Glencore International, A.G.
7.  Glencore Energy UK Ltd.
8.  Masefield A.G.
9.  Trafigura A.G.
10.  Trafigura Trading LLC
11.  Trafigura Beheer B.V.
12.  Vitol Energy (Bermuda) Ltd
13.  Vitol S.A.
14.  Vitol, Inc.
15.  Francisco Morillo
16.  Leonardo Baquero
17.  Daniel Lutz
18.  Luis Liendo
19.  John Ryan
20.  Maria Fernanda Rodriguez
21.  Helsinge Holdings, LLC
22.  Helsinge, Inc.
23.  Helsinge Ltd. Saint-Hélier
24.  Waltrop Consultants, C.A.
25.  Godelheim, Inc.
26.  Hornberg Inc.
27.  Societe Doberan, S.A.
28.  Societe Hedisson, S.A.
29.  Societe Hellin, S.A.
30.  Glencore De Venezuela, C.A.
31.  Jehu Holding Inc.

1

32. Andrew Summers
33. Maximiliano Poveda
34. Jose Larocca
35. Luis Alvarez
36. Gustavo Gabaldon
37. Sergio De la Vega
38. Antonio Maarraoui
39. Campo Elias Paez
40. Paul Rosado
41. BAC Florida Bank
42. EFG International A.G.
43. Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## **SUBJECTS OF TESTIMONY**

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      Any payments or transfers made since January 1, 2018

    a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

    b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.      Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.      Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: SAINT-HELIER, c/o attorney: David Kully,
Holland & Knight LLP, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.:  11-1 |
|---|---|
| | Date and Time:  04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  03/26/2018

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ George F. Carpinello |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

PDVSA US LITIGATION TRUST _____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.   1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.      "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.      "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.      "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.      "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.      The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## SUBJECTS OF TESTIMONY

1.     The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     Any payments or transfers made since January 1, 2018

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

5.     Any account in which You have any interest or over which You have any control from which payments have been made to any official or employee of PDVSA or to any official or employee of any Defendant.

6.     Any payments made to, or received from, PDVSA or any Defendant since January 1, 2018.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Trafigura Trading LLC, c/o attorney:
Edward Mullins, Reed Smith LLP, 1001 Brickwll Bay Drive, Suite 900 Miami, FL 33131

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ George F. Carpinello |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  _____
PDVSA US LITIGATION TRUST_____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

1

32.    Andrew Summers
33.    Maximiliano Poveda
34.    Jose Larocca
35.    Luis Alvarez
36.    Gustavo Gabaldon
37.    Sergio De la Vega
38.    Antonio Maarraoui
39.    Campo Elias Paez
40.    Paul Rosado
41.    BAC Florida Bank
42.    EFG International A.G.
43.    Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.     The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## **SUBJECTS OF TESTIMONY**

1.    The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.    Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.    Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.    All Documents relating to any payments or transfers made since January 1, 2018.

   a.  To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.  To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Vitol Energy (Bermuda) Ltd, c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below
to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court
officer allows you to leave.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who
is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| | | |
|---|---|---|
| Place:  United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 | |
| | Date and Time: 04/04/2018 9:30 am | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:    03/26/2018

        *CLERK OF COURT*

                                OR

_____          /s/ George F. Carpinello
    *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
        PDVSA US LITIGATION TRUST
_____, who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before
trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to
whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1. Lukoil Pan Americas LLC
2. Lukoil Petroleum Ltd.
3. Colonial Oil Industries, Inc.
4. Colonial Group, Inc.
5. Glencore Ltd.
6. Glencore International, A.G.
7. Glencore Energy UK Ltd.
8. Masefield A.G.
9. Trafigura A.G.
10. Trafigura Trading LLC
11. Trafigura Beheer B.V.
12. Vitol Energy (Bermuda) Ltd
13. Vitol S.A.
14. Vitol, Inc.
15. Francisco Morillo
16. Leonardo Baquero
17. Daniel Lutz
18. Luis Liendo
19. John Ryan
20. Maria Fernanda Rodriguez
21. Helsinge Holdings, LLC
22. Helsinge, Inc.
23. Helsinge Ltd. Saint-Hélier
24. Waltrop Consultants, C.A.
25. Godelheim, Inc.
26. Hornberg Inc.
27. Societe Doberan, S.A.
28. Societe Hedisson, S.A.
29. Societe Hellin, S.A.
30. Glencore De Venezuela, C.A.
31. Jehu Holding Inc.

1

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.   "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.   "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.   "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.   "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## <u>SUBJECTS OF TESTIMONY</u>

1.     The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.     Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.     Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.     All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| PDVSA US LITIGATION TRUST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:18-CV-20818 |
| LUKOIL PAN AMERICAS LLC, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Vitol, Inc., c/o attorney:
Gerald Edward Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Ave., Suite 2010, Miami, FL 33131

*(Name of person to whom this subpoena is directed)*

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.
Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer who is competent to testify about the matters set forth in Exhibit A attached to this Subpoena.

| Place: United States District Court<br>Southern District of Florida<br>400 N. Miami Avenue, Miami, FL 33128 | Courtroom No.: 11-1 |
|---|---|
| | Date and Time: 04/04/2018 9:30 am |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/26/2018

        *CLERK OF COURT*

                                              OR

_____            /s/ George F. Carpinello
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
        PDVSA US LITIGATION TRUST_____ , who issues or requests this subpoena, are:

George F. Carpinello, BSF, 30 South Pearl St., 11th Floor, Albany, NY 12207, gcarpinello@bsfllp.com, (518) 434-0600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 1:18-CV-20818

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit "A"**

**DEFINITIONS**

The following definitions shall apply herein:

A.      "Defendant" or "Defendants" means the entities and individuals named as defendants in the civil action PDVSA US LITIGATION TRUST v. LUKOIL PAN AMERICAS LLC ET AL, Case No. 1:18-CV-20818, pending in the United States District Court of the Southern District of Florida and set forth below:

1.      Lukoil Pan Americas LLC
2.      Lukoil Petroleum Ltd.
3.      Colonial Oil Industries, Inc.
4.      Colonial Group, Inc.
5.      Glencore Ltd.
6.      Glencore International, A.G.
7.      Glencore Energy UK Ltd.
8.      Masefield A.G.
9.      Trafigura A.G.
10.     Trafigura Trading LLC
11.     Trafigura Beheer B.V.
12.     Vitol Energy (Bermuda) Ltd
13.     Vitol S.A.
14.     Vitol, Inc.
15.     Francisco Morillo
16.     Leonardo Baquero
17.     Daniel Lutz
18.     Luis Liendo
19.     John Ryan
20.     Maria Fernanda Rodriguez
21.     Helsinge Holdings, LLC
22.     Helsinge, Inc.
23.     Helsinge Ltd. Saint-Hélier
24.     Waltrop Consultants, C.A.
25.     Godelheim, Inc.
26.     Hornberg Inc.
27.     Societe Doberan, S.A.
28.     Societe Hedisson, S.A.
29.     Societe Hellin, S.A.
30.     Glencore De Venezuela, C.A.
31.     Jehu Holding Inc.

32.   Andrew Summers
33.   Maximiliano Poveda
34.   Jose Larocca
35.   Luis Alvarez
36.   Gustavo Gabaldon
37.   Sergio De la Vega
38.   Antonio Maarraoui
39.   Campo Elias Paez
40.   Paul Rosado
41.   BAC Florida Bank
42.   EFG International A.G.
43.   Blue Bank International N.V.

B.    "Document" includes documents or electronically stored information as defined in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

C.    "Morillo Defendant" or "Morillo Defendants" include Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Maria Fernanda Rodriguez; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd. Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg, Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore De Venezuela, C.A. and Jehu Holding, Inc., or any other entity formed or under the control of any of the above-named persons or entities.

E.    "PDVSA" includes Petróleos de Venezuela, S.A, and all of its affiliates and subsidiaries, including all officers, directors, employees, agents, attorneys and accountants.

F.    "Relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

G.    The term "You," "Your," and "Yours" refer to (a) the party to whom the subpoena is addressed, and (b) each of your partners, associates, employees, agents, and representatives.

## <u>SUBJECTS OF TESTIMONY</u>

1.      The destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or the Defendants since January 1, 2018.

2.      Your document retention and/or destruction policy, and the date it was implemented and dates of any changes or revisions.

3.      Any communication with any of the Defendants regarding the preservation or destruction or production of documents.

4.      All Documents relating to any payments or transfers made since January 1, 2018.

   a.   To or from any Morillo Defendant, or any account in which any Morillo Defendant has an interest or over which any Morillo Defendant exercises any control;

   b.   To or from any official or employee of PDVSA, or any account in which any PDVSA employee has an interest or exercises any control.