```
 1              IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2                            MIAMI
                     CASE NO. 18-CV-20818
 3  _____

 4   PDVSA US LITIGATION TRUST,
                        Plaintiff
 5         vs.                            March 14, 2018

 6   LUKOIL PAN AMERICAS, LLC, ET
     AL.,
 7                      Defendant.

 8  _____

 9                       MOTION HEARING

10          BEFORE THE HONORABLE DARRIN P. GAYLES,

11            UNITED STATES DISTRICT COURT JUDGE

12  _____

                         A P P E A R A N C E S
13
    FOR THE PLAINTIFF:       DAVID BOIES, ESQ
14  PDVSA US LITIGATION      GEORGE F. CARPINELLO, ESQ
    TRUST                    STEPHEN N. ZACK, ESQ
15                           STEVEN DAVIS, ESQ
                             Boies Schiller Flexner LLP
16                           100 SE 2nd Street, Suite 2800
                             Miami, FL 33131
17                           (305) 539-8400
                             Dboies@bsfllp.com
18                           Gcarpinello@bsfllp.com.
                             Sdavis@bsfllp.com.
19

20  FOR THE DEFENDANTS:      ISRAEL J. ENCINOSA, ESQ
    HELSINGE, INC.           DAYME SANCHEZ, ESQ
21  HELSINGE, LTD.           Holland and Knight LLP
    DANIEL LUTZ              701 Brickell Avenue, Suite 3000
22                           Miami, FL 33131
                             (305) 789-7602
23                           Israel.encinosa@hklaw.com
                             Dayme.sanchez@hklaw.com
24

25
```

```
                1   had been delivered that morning to FedEx and had already been
                2   shipped.
                3            I didn't find a basis to go beyond the relief I had
                4   granted in the TRO, meaning the seizure and the copying of
   03:44       5   evidence at stage.  I still don't find that that is
                6   appropriate, and it's pretty extraordinary relief.  It's a
                7   broad seizure of items which may or may not have evidentiary
                8   value.  I just don't think it's appropriate.
                9            And, in fact, it's perhaps more than a criminal
   03:44      10   prosecutor could even get without a showing of probable cause.
               11   And I think the appropriate procedure is the procedure that is
               12   in place in all cases and Rules of Evidence and Civil Procedure
               13   will apply and I will make appropriate determinations as the
               14   case goes forward.
   03:45      15            Now, as I indicated earlier when I reviewed the
               16   temporary restraining order, the relief was limited as to the
               17   plaintiff referred to as the Morillo defendants, but I found
               18   that there was a sufficient basis to grant the relief as to all
               19   defendants.  So I will modify the temporary restraining order
   03:45      20   to prohibit all the defendants from destroying any records
               21   related to their business with PDVSA, and there's no prejudice
               22   that would be required to retain that information anyway.
               23            Regarding the preliminary injunction, under the
               24   circumstances, there are several parties, they have not been
   03:46      25   served.  There's a multi-count complaint.  It's about 161 pages
```

```
 1  few days to inform the Court as to timing.
 2           Also, one thing that's difficult for us to predict is
 3  with respect to how many witnesses plaintiffs will call.
 4  There's only two declarations attached to their motions and it
 5  sounds like they're anticipating calling additional witnesses.
 6           THE COURT:  I'll set aside the whole day and hopefully
 7  that's enough time.
 8           MR. BOIES:  Your Honor, could I inquire whether the
 9  Court would permit us to take brief custodian of records
10  depositions, not to seek production of any documents, but just
11  to take brief custodian of records deposition of each of the
12  defendants so that by the time we get to the preliminary
13  injunction hearing, we know A) whether there have been
14  documents destroyed in the interim, and B) where the documents
15  are located?
16           MR. MARK:  Your Honor, if I may, Mr. Ryan is in
17  Switzerland.  He's in Genova certainly for the next few weeks.
18  I assume Mr. Boies is referring to corporate defendants and
19  records custodians of those corporate defendants?
20           MR. BOIES:  Yes, I was referring to the corporate
21  defendants.
22           MR. ENCINOSA:  Your Honor, we would object for the
23  same reasons as before.  It's plaintiff's burden on the
24  preliminary injunction.  We have enough work as it is to do
25  just getting up to speed on the complaint and meeting their
```

```
         1  potential witnesses, based on the two declarations we have.
         2           I was going to ask the Court that we be permitted to
         3  at least have declarations for additional individuals that they
         4  intend to call.  But we don't think that -- it's just, again,
03:52    5  this is now more discovery in advance of a hearing to discover
         6  what documents there may be, presumably, based on what
         7  Mr. Boies said, to try to discover, you know, additional facts,
         8  either they have a basis to seek a preliminary injunction, they
         9  can meet their standard or not.  For all the same reasons, we
03:52   10  discussed today we don't think --
        11           THE COURT:  So, presumably, within an hour of us
        12  concluding today, I'll issue a modified order extending the
        13  same relief that I previously granted as to all defendants.
        14           MR. SWERDLOFF:  I apologize for my late entry, Your
03:53   15  Honor.  My name is Nick Swerdloff, I'm with Hughes Hubbard, and
        16  we represent one of the bank defendants, BAC Florida Bank,
        17  which is alleged to have aided and abetted the alleged scheme
        18  at issue in this case, because of their accounts there that are
        19  maintained -- held on behalf of certain other defendants.
03:53   20           And I had no intention of appearing and speaking
        21  today, we just got served, I was just retained.  And I
        22  understood the purpose of today's meeting had nothing to do
        23  with any injunctive relief against my client, the bank, that
        24  was supposed to be -- the question of relief against my client
03:54   25  was supposed to be part of the PI hearing which -- and
```

## C E R T I F I C A T E

I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

03/19/2018

DATE COMPLETED          GIZELLA BAAN-PROULX, RPR, FCRR