# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

PDVSA US LITIGATION TRUST

       Plaintiff,

  vs.

LUKOIL PAN AMERICAS LLC; LUKOIL
PETROLEUM LTD.; COLONIAL OIL
INDUSTRIES, INC.; COLONIAL GROUP,
INC.; GLENCORE LTD.; GLENCORE
INTERNATIONAL A.G.; GLENCORE
ENERGY UK LTD.; MASEFIELD A.G.;
TRAFIGURA A.G.; TRAFIGURA
TRADING LLC; TRAFIGURA BEHEER
B.V.; VITOL ENERGY (BERMUDA) LTD.;
VITOL S.A.; VITOL, INC.; FRANCISCO
MORILLO; LEONARDO BAQUERO;
DANIEL LUTZ; LUIS LIENDO; JOHN
RYAN; MARIA FERNANDA RODRIGUEZ;
HELSINGE HOLDINGS, LLC; HELSINGE,
INC.; HELSINGE LTD., SAINT-HÉLIER;
WALTROP CONSULTANTS, C.A.;
GODELHEIM, INC.; HORNBERG INC.;
SOCIETE DOBERAN, S.A.; SOCIETE
HEDISSON, S.A.; SOCIETE HELLIN, S.A.;
GLENCORE DE VENEZUELA, C.A.; JEHU
HOLDING INC.; ANDREW SUMMERS;
MAXIMILIANO POVEDA; JOSE
LAROCCA; LUIS ALVAREZ; GUSTAVO
GABALDON; SERGIO DE LA VEGA;
ANTONIO MAARRAOUI; CAMPO ELIAS
PAEZ; PAUL ROSADO; BAC FLORIDA
BANK; EFG INTERNATIONAL A.G.; BLUE
BANK INTERNATIONAL N.V.

       Defendants.

Case No. 1:18-cv-20818-DPG

## JOINT REQUEST FOR STATUS CONFERENCE ON APRIL 4, 2018 AND A SCHEDULE FOR LIMITED AND EXPEDITED DISCOVERY, BRIEFING, AND HEARING REGARDING PLAINTIFF'S STANDING

Trafigura Trading, LLC; BAC Florida Bank; Colonial Oil Industries, Inc., Colonial Group, Inc., and Paul Rosado; Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, and Sergio De La Vega; Lukoil Pan Americas LLC; and Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui ("Joining Parties") respectfully request that the Court set a status conference in this matter for April 4, 2018 at 9:30 a.m.—when this Court already has scheduled the parties to appear on Plaintiff PDVSA US Litigation Trust's ("Plaintiff['s]") *Ex Parte* Motion for a … Preliminary Injunction [ECF No. 5].[1]

At that status conference, the Joining Parties seek: (1) a schedule for limited and expedited discovery into whether Plaintiff has standing to bring the claims it asserts in this action; (2) a schedule for briefing related to Plaintiff's standing following the limited discovery; (3) a date for a hearing at the Court's earliest convenience after the close of discovery and briefing on Plaintiff's alleged standing, where the Court can receive testimony, evidence, and argument regarding Plaintiff's standing; and (4) a stay of the remainder of this action, including all answers, motions, and other responses, until the issues with Plaintiff's alleged standing are finally resolved.[2]

---

[1]   In response to our request for Plaintiff to join in this request, it responded "[w]e do not oppose a request for a status conference to be set for April 4, 2018 so long as it follows the preliminary injunction hearing, long scheduled for that day.  We would oppose any attempt to avoid the preliminary injunction hearing.  We oppose your proposal to delay this case and alter the normal discovery procedures and priorities."  The other parties did not take a position by the time this request was filed.

[2]   There are many other issues that some or all of the Joining Parties, and presumably the other Defendants, likely will raise should Plaintiff establish standing, including lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief may be granted, premature merits discovery, the right to compel arbitration, and misuse of Rule 45 subpoenas—all of which are preserved under the Federal Rules.  *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(3) (allowing, "at any time,"

The Federal Rules unambiguously require that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  Standing to sue, a doctrine deeply rooted in the concept of a case or controversy, "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The "irreducible constitutional minimum" of standing consists of three elements.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo*, 136 S. Ct. at 1547.  "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements."  *Id.*; *see also Mejia v. Uber Technologies, Inc.*, No. 17-cv-61617, 2018 WL 930924, at *2-3 (S.D. Fla. Feb. 16, 2018) (dismissing *sua sponte* because plaintiff failed to prove standing, which the Court considered a "threshold jurisdictional question").

Because standing is a threshold issue, it is critical to resolve disputes over Plaintiff's alleged standing (both legal and factual) at the very outset of this litigation.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (rejecting "hypothetical jurisdiction").  It is especially important here because the existence of a case or controversy is in doubt and Plaintiff's lack of standing is separate from the underlying claims, with separate facts and separate legal principles.  In short, the Plaintiff is not PDVSA, but instead some ambiguous

parties to move, and the Court to consider, challenges to subject-matter jurisdiction).  This request is without prejudice to all other such claims and defenses that Defendants may assert.

structure described by Plaintiff as a "trust." There are obvious questions to whether that structure was validly constituted and has the capacity and authority to bring these claims. And, there is no evidence that Plaintiff actually and legally acquired the right to assert PDVSA's claims. In fact, there is evidence already in the record undermining, and raising serious questions with, Plaintiff's standing. *See* ECF No. 161-1 (attaching a document titled "PDVSA U.S. Litigation Trust Agreement" that appears legally invalid).

Where, as here, a defendant challenges the accuracy or existence of a plaintiff's standing (or if the Court has reason to question it), the Court may "inquire, by affidavits or otherwise, into the facts." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) (distinguishing between a motion to dismiss for failure to state a cause of action and a motion to dismiss for lack of jurisdiction); *see also* 2 James William Moore et al., Moore's Federal Practice § 12.30[3], at nn.8-9 (3d ed. 1997) (collecting cases for the proposition that "[a]lso unlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing"); 11 James William Moore et al., Moore's Federal Practice § 56.04[3][d][ii] (3d ed. 1997) ("If the parties dispute jurisdictional facts, the court is not limited to a summary judgment-like record; it may hold a full evidentiary hearing. Nor is the court restricted to determining whether there is a genuine dispute as to the facts. The court must decide the jurisdictional dispute by weighing the evidence and finding the facts."); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 160 (3d ed. 2004) (citing "a wide array of cases from the four corners of the federal judicial system involving the district court's broad discretion to consider relevant and competent evidence" in jurisdiction disputes). As Judge Easterbrook stated: "When jurisdiction or venue depends on contested facts—even facts closely linked to the merits of the claim—the district

judge is free to hold a hearing and resolve the dispute *before allowing the case to proceed*."

*Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001) (emphasis added); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352-53 (2011) (endorsing Judge Easterbrook's view).  Thus, limited and expedited discovery, briefing, a hearing, and a final decision about Plaintiff's alleged standing is critical here in the first instance.[3]

Finally, since standing is a threshold issue, everything else should be stayed pending the Court's final resolution of its jurisdiction.  That would include preserving all pleading and merits issues, motions, and discovery until this Court's jurisdiction is established.  There is no prejudice to Plaintiffs of such a necessary stay, as the Joining Parties have taken steps to preserve documents and sought to meet and confer on a reasonable document preservation stipulation. *See* ECF Nos. 155-160.

Therefore, the Joining Parties respectfully request that the Court order that:

1.      A status conference in this matter be set for April 4, 2018 at 9:30 a.m.

2.      Defendants may immediately conduct discovery (as detailed below) regarding Plaintiff's alleged standing.[4]

3.      Defendants may: (a) serve upon Plaintiff ten interrogatories under Rule 33, with Plaintiff's responses due within five days after being served, which do not count toward any limits in merits discovery; (b) serve upon Plaintiff ten requests for production or inspection under Rule 34, with Plaintiff's responses due within five days after being

---

[3]   The Joining Parties expect that the standing issues likely will include issues about foreign law.  "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Fed. R. Civ. P. 44.1.

[4]   Since Plaintiff and affiliated non-parties possess any relevant information about Plaintiff's alleged standing, there is no need or basis for Plaintiff to conduct discovery on any Defendant before standing is resolved.

served; and (c) take four depositions under Rule 30 or Rule 45, which do not count toward any limits in merits discovery.

      4.    Fact discovery into Plaintiff's alleged standing would close on April 27, 2018.

      5.    Plaintiff's expert reports on its alleged standing, if any, must be served by May 2, 2018.

      6.    Defendants' expert reports on Plaintiff's alleged standing, if any, must be served by May 7, 2018.

      7.    Depositions of Plaintiff's and Defendants' experts, if any, must occur on May 8 or May 9, 2018.

      8.    Plaintiff's opening briefs on its standing must be filed by May 20, 2018.

      9.    Defendants' responsive brief on Plaintiff's standing must be filed by May 31, 2018.

      10.    A hearing (where the Court can receive testimony and evidence on Plaintiff's alleged standing) be set at the Court's earliest convenience after May 31, 2018.

      11.    All other issues and discovery in this case, including all answers, motions, and other responses, are preserved and stayed until the issues with Plaintiff's alleged standing are finally resolved.

Dated: March 29, 2018                    Respectfully submitted,

                                      By: All Counsel Listed Below

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA
TRADING, LLC*

By: */s/ Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email:
srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON and SERGIO DE LA VEGA*

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email: Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA BANK*

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: */s/ Alex Kaplan*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing *Joint Request for Status Conference on April 4, 2018 and a Schedule for Limited and Expedited Discovery, Briefing, and Hearing Regarding Plaintiff's Standing* was filed and served by CM/ECF, on March 29, 2018, on all counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins
