UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

       Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

       Defendants.

_____/

**DEFENDANTS' JOINDER IN "JOINT REQUEST FOR STATUS CONFERENCE ON APRIL 4, 2018 AND SCHEDULE FOR LIMITED AND EXPEDITED DISCOVERY, BRIEFING, AND HEARING REGARDING PLAINTIFF'S STANDING" [ECF NO. 193] AND MOTION, IN THE ALTERNATIVE, TO CONTINUE PRELIMINARY INJUNCTION HEARING**[1]

Defendants Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, Daniel Lutz, Luis Liendo, Francisco Morillo, Leonardo Baquero, and John Ryan (collectively, "Defendants"), through this limited appearance, respectfully join in the "Joint Request for Status Conference on April 4, 2018 and a Schedule For Limited and Expedited Discovery, Briefing, and Hearing Regarding Plaintiff's Standing" filed by other defendants[2] (the "Joint Request") [ECF No. 193]. While Defendants were unable to convey their intention to join the Joint Request in time for filing, Defendants adopt the arguments and discussion raised therein subject to the reservation of

---

[1] In filing this Motion, Defendants do not waive any objections, defenses or rights available to them, including as to the sufficiency of service of process or lack of personal jurisdiction and to arbitrate any of the claims asserted by the Plaintiff.

[2] Trafigura Trading, LLC; BAC Florida Bank; Colonial Oil Industries, Inc., Colonial Group, Inc., and Paul Rosado; Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, and Sergio De La Vega; Lukoil Pan Americas LLC; and Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui.

rights above.³

If the Court, however, denies the Joint Request or grants it, but does not stay the Preliminary Injunction hearing, Defendants move the Court, *in the alternative*, for an order (i) continuing the hearings on Plaintiff's Motion for Preliminary Injunction [ECF No. 5], currently scheduled for April 4, 2018, and the April 3, 2018 Hearing on Motion [ECF No. 177] (1) Assertion of the Marital Communications Privilege, (2) Motion to Strike Declaration, (3) Motion to Exclude Testimony of Vanessa Acosta Friedman or, Alternatively, (4) Motion for Limited Expedited Discovery for an additional two weeks; (ii) directing that, at the preliminary injunction hearing, the issue of standing be heard and determined first before any other issue; and (iii) allowing Defendants to obtain discovery from Plaintiff limited to the issue of standing in advance of the hearing.⁴  In support of this request, Defendants state as follows:

---

³ Trafigura Trading, LLC does not oppose Defendants' joinder.  Trafigura Trading, LLC opposes any request to delay a decision or a stipulation on Trafigura Trading, LLC's document preservation obligations.  Trafigura Trading, LLC does not oppose a continuance if it only applies to Defendants Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, Daniel Lutz, Luis Liendo, Francisco Morillo, Leonardo Baquero, and John Ryan.

Lukoil Pan Americas LLC has no objection to Defendants' joinder, but opposes the alternative request to continue the preliminary injunction hearing.

Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, and Sergio de la Vega do not oppose Defendants' joinder, but do oppose (1) the alternative request for a continuance and (2) a continuance of the April 4, 2018 status hearing should the Court determine that a continuance of the preliminary injunction hearing is warranted.

⁴ Counsel for Plaintiff indicated that they would agree to a request to adjourn the hearing now scheduled for April 4, 2018 on the condition that Defendants' counsel (1) agree to the continuation of the Court's March 5, 2018 Temporary Restraining Order until the Court rules on Plaintiff's Motion for a Preliminary Injunction, and (2) provide a declaration "(a) stating that after an investigation, counsel represents that their clients have not destroyed, removed, or altered any documents subject to the Court's March 5 TRO subsequent to the issuance of that TRO and that procedures have been put in place to insure there will be no destruction, movement, or alteration of covered documents while the Court's TRO is in place, (b) setting forth any payments or movement of any assets made to, from, or on behalf of, any Morrillo

1. Plaintiff filed its Complaint [ECF No. 1] on March 3, 2018, and its Amended Complaint [ECF No. 12] on March 5, 2018—both were filed *ex parte* and under seal.

2. On March 3, 2018, Plaintiff filed under seal an *ex parte* Motion for a Temporary Restraining Order and Preliminary Injunction and Delayed Service (the "Motion") [ECF No. 5], requesting several categories of relief, including (1) the seizure of Defendants' electronic devices and records from six locations in Miami with the aid of law enforcement, (2) an asset freeze, and (3) and order to preserve records.

3. On March 5, 2018, the Court partially granted Plaintiff's Motion, issuing a limited Order directing Defendants to preserve records relating to the lawsuit, but declining to order the seizure of Defendants' assets and electronic devices [ECF No. 9].

4. On March 5, 2018, the Court set a hearing on Plaintiff's Motion for March 19, 2018 [ECF No. 9].

5. On March 14, 2018, the Court granted Defendants' Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and reset the hearing for April 4, 2018 at 9:30 a.m.

6. During the March 14, 2018 hearing, Plaintiff immediately sought to call "a couple of witnesses"[5] and referenced calling additional witnesses.

7. Following the March 14, 2018 hearing, Plaintiff apparently proceeded to serve subpoenas on approximately 60 parties, calling for the production of documents and testimony at the preliminary injunction hearing.

8. Plaintiff served these subpoenas in secret and without proper notice to the

---

Defendant since January 1, 2018; and (c) stating that no Morrillo Defendant, directly or indirectly, asked, encouraged, or sought to have any person destroy, remove, or alter any documents after learning of the existence of this litigation."

[5] March 14, 2018 Hr'g Tr. at 6:2-3.

3

Defendants under Federal Rule of Civil Procedure 45 in an apparent attempt to circumvent the Court's order and applicable discovery procedures. These subpoenas appear to seek expedited and early discovery without leave of the Court in violation of Federal Rule of Civil Procedure 26(d)(1).

9. Having provided declarations of only two individuals in support of its Motion, Plaintiff has apparently served—without proper notice to Defendants—subpoenas on at least twenty-three (23) individuals or entities to testify at the hearing.

10. Defendants have not received proper notice of Plaintiff's prospective hearing witnesses. Plaintiff expects to call multiple witnesses and has, as of March 29, 2018, provided to Defendants the names of some, but not all, of the witnesses Plaintiff expects to call.[6]

11. Defendants understand that Plaintiff intends to call as its primary witness Vanessa Acosta Friedman, who is Defendant Francisco Morillo's ex-wife and the subject of Mr. Morillo's Assertion of the Marital Communications Privilege, Motion to Strike Declaration, Motion to Exclude Testimony or, Alternatively, Motion for Limited Expedited Discovery [ECF No. 177], which was filed on March 28, 2018 and is scheduled for a hearing on April 3, 2018.

12. Counsel for Plaintiff have allegedly conducted an "investigation for *several months* involving undercover operations, visiting several countries, [and] surveilling residences and businesses in several places"[7] and now seek "emergency" relief based, in part, on the Declaration of John Thackray executed on February 12, 2018—nearly three weeks before

---

[6] Plaintiff represented it would provide Defendants with a list of all witnesses it intends to call at the preliminary injunction hearing by the morning March 30, 2018. As of the time of this filing, Defendants have not received such a list. Notwithstanding, Defendants object to Plaintiff being allowed to call any witness other than the two witnesses for whom declarations were submitted with Plaintiff's Motion for Preliminary Injunction [ECF No. 5] (Messrs. Brennan and Thackray).

[7] March 5, 2018 Hr'g Tr. at 10:23-25 (emphasis added).

Plaintiff moved for a preliminary injunction.

13. Plaintiff intends to file a 30-page reply brief on Monday, April 2, 2018—two days before the scheduled hearing.

14. As set forth in more detail in Defendants Helsinge, Inc. and John Ryan's Motion for an Order to Show Cause [ECF No. 191], Plaintiff has engaged in conduct that has had the effect of depriving Defendant Helsinge, Inc. of the rightful possession and use of its computer server and its contents.

15. Plaintiff's conduct has made it difficult for Defendants to effectively prepare for the hearing and provide the Court with evidence relevant to its determination of Plaintiff's Motion for Preliminary Injunction [ECF No. 5].

16. As the Court noted, Plaintiff is seeking "extraordinary" relief typically reserved for cases where a "[g]overnment agency is[] involved,"[8] including the seizure of Defendants' assets and private papers.

17. As set forth in the Joint Request of the Joining Parties [ECF No. 193] and Defendants' Joint Response [ECF No. 161], there are significant questions regarding whether Plaintiff has standing to file a lawsuit on behalf of Petróleos de Venezuela, S.A. ("PDVSA"). And, as also explained in the Joint Request of the Joining Parties [ECF No. 193] and Defendants' Joint Response [ECF No. 161], standing is a threshold issue and without it the Court lacks subject matter jurisdiction, including to conduct a preliminary injunction hearing. And although Defendants, in a short period of time, attempted to brief the issue of standing as fully as possible in their Joint Response [ECF No. 161], Defendants would like additional time to investigate and analyze the issue with the benefit of discovery from Plaintiff limited to the issue of standing.

---

[8] *Id.* at 3:4-7.

Furthermore, receiving Plaintiff's reply brief (and any attachments thereto, including expert declarations) only *two days* before the preliminary injunction hearing will not provide Defendants with a fair opportunity to oppose Plaintiff's request for a preliminary injunction as to the issue of standing.

18. In order for a court to issue a preliminary injunction, "the nonmoving party must have notice and an opportunity to present its opposition to the injunction." FED. R. CIV. P. 65(a)(1). The United States Supreme Court has stated that "[t]he notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the defendant is given *a fair opportunity to oppose the application and to prepare for such opposition.*" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 n.7 (1974) (emphases added).

19. Accordingly, to the extent the Court does not grant the Joint Request or grants it, but does not stay the April 4, 2018 preliminary injunction hearing, the Court should grant Defendants' request for an additional two weeks and for limited discovery, so that Defendants can effectively prepare for the hearing.[9] Additionally, the Court should order that, at the hearing, the issue of standing be heard and determined first before any other issue.

20. This request is made in good faith and will not prejudice Plaintiff (including given that the Court already entered a TRO in which it ordered Defendants to preserve documents and the Defendants are nonetheless obligated to do so), unreasonably delay the proceedings, or

---

[9] The relief sought by this motion is in addition to, less restrictive, and in the alternative to, the relief sought by defendants Helsinge, Inc. and John Ryan in their Motion for Order to Show Cause [ECF No. 191] in which they seek, in part, that: (i) the April 4, 2018 preliminary injunction hearing be postponed until such time as Helsinge, Inc. regains possession of its server and has sufficient time for its counsel to examining the contents of the server in preparation for the hearing; and (ii) the Court deny, without further hearing, Plaintiff's request, in its preliminary injunction motion, to seize and copy defendants' documents.

unreasonably delay resolution of the Motion.

WHEREFORE, Defendants respectfully request that the Court grant the Joint Request [ECF No. 193] or, in the alternative, continue the hearings—currently scheduled for April 3, 2018 and April 4, 2018—for an additional two weeks to a date and time convenient for the Court, grant Defendants leave to conduct limited discovery as to standing in advance of the hearing, and order that, at the hearing, the issue of standing be heard and determined first before any other issue.

Dated:  March 30, 2018					Respectfully submitted,

*s/ Kimberly Ann Pathman*_____
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

*Attorneys for Defendants*
*Francisco Morillo and Leonardo Baquero*

and

**HOLLAND & KNIGHT LLP**
*Attorneys for Defendants Daniel Lutz, Helsinge Inc., Helsinge Ltd., Saint-Hélier, Helsinge Holdings, LLC, and Luis Liendo*

      701 Brickell Avenue, Suite 3300
      Miami, Florida 33131
      Tel: (305) 374-8500
      Fax: (305) 789-7799

By**:** *s/ Alex M. Gonzalez*
    Alex M. Gonzalez
    Florida Bar No. 991200
    alex.gonzalez@hklaw.com
    Israel J. Encinosa
    Florida Bar No. 0046083
    israel.encinosa@hklaw.com

and

MARK MIGDAL & HAYDEN
*Attorneys for Defendant John Ryan*
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

By: *s/ Etan Mark*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com

**Certificate of Good-Faith Conference;
Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendants' counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised in this motion, but has been unable to resolve the issues.

*s/ Kimberly Ann Pathman*

**CERTIFICATE OF SERVICE**

I certify that on March 30, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

*s/ Kimberly Ann Pathman*