**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PDVSA US LITIGATION TRUST,

       Plaintiff,

   v.

LUKOIL PAN AMERICAS LLC, et al.,

       Defendants.

No. 1:18-cv-20818 (DPG)

**MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENAS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendants Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Trafigura Trading LLC, Vitol, Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, and BAC Florida Bank (collectively, the "Joining Defendants") respectfully move to quash subpoenas *duces tecum* and *ad testificandum* issued by Plaintiff PDVSA US Litigation Trust.[1]

## PRELIMINARY STATEMENT

In a continuation of the over-aggressive, wasteful and harassing litigation tactics that have defined Plaintiff's conduct in this action from the outset, Plaintiff recently issued *more than 40* subpoenas for documents and testimony to the Joining Defendants just days before a preliminary injunction hearing that itself seeks unnecessary and contrived "document preservation" relief that easily could have been addressed through the normal meet and confer process. The subpoenas unlawfully attempt to hale witnesses into Court from thousands of miles away to testify on barely a week's notice (on April 4, 2018) and seek documents on several topics, including one request for both testimony and documents that requires each Joining Defendant to search and potentially review *any* communication they have *ever* had with *all 43 other* Defendants in this case, before discovery in this action has even begun and without the Court's permission to circumvent the normal discovery process. The subpoenas are facially defective and impose substantial burdens on the parties without any justification—all in an effort

---

[1] The subpoenas issued to the Joining Defendants that are the subject of this motion were filed as an exhibit to Helsinge Holdings, LLC's Motion to Quash Subpoenas (ECF No. 192). Plaintiff also attempted to direct similar subpoenas to putative defendants overseas, including: Glencore International A.G. ("GIAG"), Trafigura A.G., Trafigura Beheer B.V., Vitol S.A., Andrew Summers, and Jose Larocca. These entities and individuals have not even been properly served with the summons and complaint and have not appeared.

The Joining Defendants submit this separate motion to quash because they are differently situated than the defendants that filed a similar motion on March 29, 2018. This is primarily because the Joining Defendants, by and large, were not named as the targets of the original preliminary injunction motion and have only since been pulled into that specific dispute by Plaintiff's actions at the March 14 temporary restraining order hearing.

to manufacture the appearance of the need for "emergency" relief related to document preservation where none exists as to the Joining Defendants.

For all these reasons, as discussed below, the Joining Defendants respectfully request that the Subpoenas be quashed in favor of an orderly discovery process consistent with the Federal Rules of Civil Procedure.[2]

## BACKGROUND

On March 3, 2018, Plaintiff filed under seal its *Ex Parte* Motion for a Preliminary Injunction (ECF No. 5) requesting that the Court enter a temporary restraining order and preliminary injunction relating to document preservation as well as the freezing of certain assets and seizure of electronic and hard copy records. On its face, the Motion sought a temporary restraining order against the Morillo Group Defendants alone.[3] The bulk of Plaintiff's allegations related to purported document destruction focused on the Morillo Group Defendants; and none of those allegations related to Glencore, Vitol, Lukoil, Trafigura, Colonial, or BAC Florida Bank at all. (*See generally* ECF No. 5.) The Proposed Order on the Motion similarly focused heavily on the Morillo Group Defendants. (*See generally* ECF No. 5-1.)

At the March 14 hearing on Plaintiff's request for a temporary restraining order,

---

[2]   The Joining Defendants make this motion without prejudice to any of their defenses to Plaintiff's Complaint, including lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief may be granted, premature merits discovery, and the right to compel arbitration—all of which are preserved under the Federal Rules. *See* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Fed. R. Civ. P. 12(h)(3) (allowing, "at any time," parties to move, and the Court to consider, challenges to subject-matter jurisdiction). This request is without prejudice to all other such claims and defenses that Defendants may assert.

[3]   As defined in Plaintiff's PI Motion (ECF No. 5 at p.4), the Morillo Group defendants are: Defendants Francisco Morillo, Leonardo Baquero, Daniel Lutz, Luis Liendo, John Ryan, and their various corporate entities, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd. Saint-Helier, Waltrop Consultants, C.A., Godelheim, Inc., Hornberg Inc., Societe Doberan, S.A., Societe Hedisson, S.A., Societe Hellin, S.A., Glencore de Venezuela, C.A., and Jehu Holding Inc.

Plaintiff's counsel again focused exclusively on the alleged conduct of the Morillo Group Defendants. *See* Mar. 14, 2018 Hr'g Tr. at 9-10, 27-29. Nevertheless, Plaintiff expanded its request for a preliminary injunction with respect to document preservation to cover *all* Defendants—without providing any justification as to why Plaintiff needed protections greater than those imposed by the Federal Rules of Civil Procedure, and despite the fact that, by Plaintiff's own admission, the "ones where we thought there was the most immediate threat [of preservation issues] were the Morillo-grouped Defendants." *Id.* at 10:23-13:1.

At the conclusion of the March 14 hearing, the Court set Plaintiff's motion for a hearing on April 4, 2018 (*Id.* at 37) and thereafter entered an order requiring preservation of documents (ECF No. 95). Notably, at the March 14 hearing, Plaintiff's counsel *specifically requested* that the Court permit Plaintiff to take early discovery in the form of custodian of records depositions in advance of the hearing. (Mar. 14, 2018 Hr'g Tr. at 38-39.) The Court did not grant that request.

Undeterred, and without seeking the Court's permission, on March 20, 2018, Plaintiff issued dozens of subpoenas *duces tecum* to the Joining Defendants returnable at the April 4, 2018 hearing on Plaintiff's preliminary injunction motion (the "Hearing"). (ECF No. 192-1.) The subpoenas seek documents relating to the Joining Defendants' preservation of documents and relationships to other Defendants. Specifically, Plaintiff's subpoenas each request:

- All documents relating to any purported destruction, alteration, movement, concealment, or transfer of any documents relating to PDVSA or any other defendant since January 1, 2018;

- Documents sufficient to show the Joining Defendants' document retention policies, the date they were implemented, and the dates of any changes or revisions;

- All documents concerning any communication between Defendants relating to the preservation, destruction, or production of documents; and

- All documents concerning any payments made since January 1, 2018 to (a) any PDVSA employee, or (b) any of the Helsinge-affiliated Defendants.[4]

Less than a week later, on March 26, 2018, after the Joining Defendants had filed their oppositions to Plaintiff's motion for a preliminary injunction, Plaintiff asked the Joining Defendants to accept service of yet more subpoenas, this time subpoenas *ad testificandum*. (*See* ECF No. 192-1.) These subpoenas seek to compel representatives of the corporate entity Joining Defendants (that are, with the exception of BAC Florida Bank, based elsewhere in the United States, as well as the United Kingdom and elsewhere overseas) as well as individual Joining Defendants (including many based overseas) to testify on these same topics at the Hearing.[5]

## ARGUMENT

Plaintiff's subpoenas run afoul of the Federal Rules of Civil Procedure and should be quashed for (at least) four reasons:

## I.     ALL OF THE SUBPOENAS SHOULD BE QUASHED AS PREMATURE

*First*, the subpoenas are patently premature. Rule 26(d)(1) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." The parties have not held a Rule 26(f) conference—nor are they obligated to do so at this time—and none of the other exceptions that would authorize such precipitous discovery is applicable. As a result,

---

[4]    Instead of seeking information related to transfers, BAC Florida Bank's subpoena was slightly different in that it sought information related to accounts held by other Defendants.

[5]    Plaintiff's counsel suggested that designees from the corporate entities need not appear in person at the Hearing or produce documents, so long as those entities supplied a sworn statement from a corporate officer (a) making clear that, after a "complete investigation," no documents coming within the scope of the Court's March 16, 2018 preservation order have been destroyed, and (b) detailing any payments made to the Helsinge-affiliated defendants since January 1, 2018. The Joining Defendants, however, include some of the largest corporations in the world. The option to provide a declaration does not obviate the need for the Joining Defendants to undertake substantial review of extensive documents, communications, and financial transactions, in about a week's time, in order to make a declaration, after "complete investigation," on these topics.

Plaintiff "may not seek discovery from any source."  *See, e.g.*, *Robinson* v. *Section 23 Prop. Owner's Ass'n, Inc.*, No. 2:12-cv-675, 2014 WL 2215757, at *5-6 (M.D. Fla. May 28, 2014) (quashing a subpoena served in violation of Rule 26(d)(1)).

One exception to this rule can be found in Rule 26(d)(2), but that exception is facially inapplicable.  Entitled "Early Rule 34 Requests," Rule 26(d)(2) permits a plaintiff to issue document requests under Rule 34 (not Rule 45, as Plaintiff has done) to defendants at least *21 days after* such initial service.  Here, even if every Joining Defendant had been served on the first day the summons had issued—March 8, 2018 (ECF No. 13)—Plaintiff's issuance of subpoenas on March 20 and March 26 would still have violated Rule 26(d)(2).  Furthermore, even if Plaintiff *had* used Rule 34 requests *and* had timely served them, compliance *still* could not be required at the April 4, 2018 hearing, since Rule 34(b)(2)(A) provides that the recipient need not respond to the requests until 30 days *after the initial Rule 26(f) conference*, which has not occurred here.

Simply put, each of the subpoenas is premature and violates the Federal Rules and should be quashed for that reason alone.

## II.   ALL OF THE SUBPOENAS SHOULD BE QUASHED AS AN END-RUN AROUND THE RULES APPLICABLE TO PARTY DISCOVERY

*Second*, the subpoenas are a transparent end-run around the orderly process of party discovery.  Even assuming *arguendo* that Rule 45 subpoenas may be served on parties to an action, courts in this district have made clear that "a subpoena may not [be] used to circumvent or do an 'end-run' around discovery rules that apply to a party."  *Tara Prods., Inc.* v. *Hollywood Gadgets, Inc.*, No. 09-61436-CIV, 2014 WL 1047411, at *3 (S.D. Fla. Mar. 18, 2014).  Here, these *party*-directed subpoenas seek, *inter alia*, documents and testimony relevant to topics, including purported communications and financial transactions between the Defendants, and between the Defendants and PDVSA—that Plaintiff can request in the course of discovery.  This improper attempt to erase the boundaries of party discovery is underscored by the fact that

6

Plaintiff's Rule 45 subpoenas to the corporate entities seek a corporate designee pursuant to Rule 30(b)(6)—the rule applicable to *depositions* of corporate entities during the normal course of discovery, not to compelling the presence of witnesses at preliminary injunction hearings.[6]  *See Panchoosingh* v. *General Labor Staffing Servs., Inc.*, No. 07-80818-CIV, 2009 WL 10667883, at *1 (S.D. Fla. Jan. 28, 2009) ("Rule 45 subpoenas are not to be used as an 'end-run' around the regular discovery rules that apply to parties, *i.e.*, notices of deposition in Rule 30, or for production of documents in Rule 34.") (quoting *Homes & Land Affiliates, LLC* v. *Homes & Loans Magazine, LLC*, No. 6:07-cv-1051, 2008 WL 4186989, at *2 (M.D. Fla. Sept. 8, 2008)).

Plaintiff should not be permitted to obtain discovery outside the bounds of the usual processes governing party discovery.  All of the subpoenas should be quashed for this reason as well.  *See Manzo-Pianelli* v. *United Servs. Auto. Ass'n*, No. 15-61324, 2015 WL 12806618, at *1-2 (S.D. Fla. Nov. 3, 2015) (observing that "a Rule 45 subpoena cannot circumvent other discovery rules that apply to a party" and denying a motion to compel, because "[b]y proceeding under Rule 45 instead of Rule 34, Plaintiff . . . circumvented the requirement of Rule 34 that a party has 30 days to respond to a request for production").

## III.   ALL OF THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY ARE DISPROPORTIONATE TO THE NEEDS OF THE CASE

*Third*, the subpoenas challenged by this motion are wholly disproportionate to any need demonstrated by Plaintiff.  Because "the discovery rules do not permit the [parties] to go on a fishing expedition," *Porter* v. *Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006), it is a requirement of Rule 26(b)(1) that a discovery device such as a subpoena be "proportional to the needs of the case."  The subpoenas served by Plaintiff do not come close to meeting this standard.  Indeed, in

---

[6]   Even if Rule 30(b)(6) could compel the presence of a corporate representative at a Court hearing—rather than a deposition—Plaintiff would be barred from using that device at this early stage in the litigation.  That is because Rule 30(a)(2) states that a party "must obtain leave of court" to utilize Rule 30 if "the party seeks to take the deposition before the time specified in Rule 26(d)."

stark contrast to the substantial burden compliance would impose, Plaintiff has articulated no

basis whatsoever supporting these extraordinary demands.  As set forth in the responses to

Plaintiff's preliminary injunction motion submitted by the Glencore-related Defendants (ECF No.

159), Lukoil Pan Americas LLC (ECF No. 157), the Trafigura-related Defendants (ECF No. 160),

the Vitol-related Defendants (ECF No. 155), the Colonial-related Defendants (ECF No. 156), and

BAC Florida Bank (ECF No. 158), Plaintiff has not made a single allegation that any of the

Joining Defendants are at risk of destroying evidence or have destroyed evidence in the past.  To

the contrary, these parties fully understand, and are abiding by, their legal obligations to retain

potentially relevant evidence—and, tellingly, despite filing serial motions and precipitating

several hearings, Plaintiff has not suggested otherwise.

   Moreover, there is no compelling need to take discovery before this case has left

the starting gate with respect to the parties' *past* document retention policies and the existence and

location of relevant documents, or financial transfers that have *already* occurred, so long as the

parties are preserving all existing documents going forward—which each of the Joining

Defendants are already obliged to do under prevailing law and practice.

   In any event, it was Plaintiff's obligation to have a good faith basis to bring its

preliminary injunction motion *before* it filed.  Plaintiff cannot now, after the fact, suddenly

demand extensive discovery from the Joining Defendants without any evidence identifying the

supposed need, and before the Defendants are even given an opportunity to address the multiple

deficiencies in the Amended Complaint.  Under such circumstances, the subpoenas are

disproportionate to any articulated need and should be quashed.

## IV. MANY OF THE SUBPOENAS SHOULD ALSO BE QUASHED BECAUSE THEY SEEK TO COMPEL PRODUCTION OR TESTIMONY BEYOND THE GEOGRAPHIC REACH OF RULE 45

   *Finally*, many of the subpoenas impermissibly seek to compel out-of-state parties

to testify or produce documents in Miami, Florida, thousands of miles from where they reside or regularly transact business.  Rule 45(c)(1) provides that a subpoena may only require attendance at a hearing, or the production of documents, in a recipient's home state or within 100 miles of where the person resides, is employed, or regularly transacts business in person.  This limitation is so important that the Federal Rules of Civil Procedure specifically provide that "the court for the district where compliance is required *must* quash or modify a subpoena that . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A) (emphasis added).  In light of the unambiguous text of Rule 45(c)(1) and 45(d)(3)(A), courts in this district have recognized that "courts are required to quash or modify subpoenas that require witnesses to travel more than 100 miles."  *Bartolon-Perez* v. *Island Granite & Stone, Inc.*, No. 14-Civ-21010, 2014 WL 12513973, at *3 (S.D. Fla.  Aug. 25, 2014).  A startling number of Plaintiff's subpoenas fail this basic requirement of Rule 45.

As for the Glencore-related Defendants, Glencore Ltd. and Mr. Gabaldon are located in New York City, Mr. de la Vega is located in Mexico City, and Glencore Energy UK Ltd. operates in London—all of which are far outside the territorial limits of the Rule 45 subpoenas.

Lukoil Pan Americas LLC is located in New York City and has no employees or business operations in Florida.  (*See* ECF No. 12 at ¶ 10.)  Despite being informed about these facts, Plaintiff has refused to withdraw its subpoenas to Lukoil Pan Americas LLC.  (*See* Ex. A.)

Trafigura Trading, LLC is based in Houston, Texas, which is more than 100 miles from the courthouse—as Trafigura Trading LLC notified Plaintiffs in asking them to withdraw the subpoenas.  (*See* Ex. B.)  Trafigura has no offices in Florida and does not regularly transact business here.  Furthermore, although they have not been served with the summons, complaint, or subpoenas, Trafigura A.G. and Trafigura Beheer B.V. are foreign corporations located outside of

9

the U.S., and Andrew Summers and Jose Larocca similarly live abroad and are not U.S. citizens. None of those entities or individuals regularly transacts business in Florida.

With respect to the Vitol-related Defendants, Vitol Inc. and Mr. Maarraoui are located in Houston, Texas (more than 100 miles from Miami) and Vitol Energy (Bermuda) Ltd. is based in Hamilton, Bermuda (also more than 100 miles from Miami).

As for the Colonial-related Defendants, Mr. Rosado (who has been retired for several years) resides in Magnolia, Texas (more than 1,200 miles away) and Colonial Group, Inc. and Colonial Oil Industries, Inc. are based in Savannah, Georgia (approximately 500 miles away). Most of Colonial Oil Industries, Inc.'s personnel are in Houston, Texas. Colonial Oil Industries, Inc. conducts some business in Florida, but not within 100 miles of Miami and, in any event, no officer competent to testify concerning the matters set forth in the subpoena to Colonial Oil Industries, Inc. resides in or regularly conducts any business in Florida.

Having been issued in plain violation of Rule 45's territorial limitations, these subpoenas should be quashed for this reason as well. *Merlin Petroleum Co., Inc.* v. *Sarabia*, No. 8:16–cv–1000, 2016 WL 9244728, at *1 (M.D. Fla. Aug. 4, 2016) ("[T]he subpoena violates Rule 45(c)(2), which requires production be made within 100 miles of where the person resides, is employed, or regularly transacts business in person. For this reason alone, the subpoena must be quashed.").

## CONCLUSION

Plaintiff's attempts to obtain premature, unauthorized, overbroad, contrived and unnecessary discovery are clearly improper, exceeding the permissible scope of discovery in this action and subpoena practice under the Federal Rules of Civil Procedure. Accordingly, the subpoenas should be quashed.

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies, in compliance with Local Rule 7.1(a)(3), that counsel for each of the movants has conferred with counsel for Plaintiff in a good faith attempt to resolve this motion.  The parties have been unable to do so.

*/s/ Bruce Birenboim*
Bruce Birenboim

Dated: March 30, 2018

Respectfully submitted,

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam Wolfson, Esq.
*Admitted Pro Hac Vice*
Email: adamwolfson@quinnemanuel.com]
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA
TRADING, LLC*

By: */s/ Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email:
srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000/Fax: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON, and SERGIO DE LA VEGA*

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email: Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA BANK*

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT,**
**P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Tel.: (305) 539-7228/Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY &**
**DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261/Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL*
*GROUP, INC., COLONIAL OIL*
*INDUSTRIES, INC. and PAUL ROSADO*

By: */s/ Alex Kaplan*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG,**
**P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950/Fax: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366/Fax: (713) 654-6666
*Attorneys for Defendants VITOL INC., VITOL*
*ENERGY (BERMUDA) LTD., and ANTONIO*
*MAARRAOUI*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on March 30, 2018 on all counsel or parties of record on the service list.

*/s/Stephen F. Rosenthal*_____
Stephen F. Rosenthal

## SERVICE LIST

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400
Fax: 539-1307
Email: sdavis@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200/Fax: 749-8300
Email: hmaher@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Stephen F. Rosenthal
Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131
305-358-2800
Email:  srosenthal@podhurst.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd., Sergio
De La Vega*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
2001 K. Street NW
Washington, DC 20006-1047
202-223-7341
Email: aschwartz@paulweiss.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd., Sergio
De La Vega*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com

*Counsel for Glencore LTD, Gustavo
Gabaldon, Glencore Energy UK Ltd., Sergio
De La Vega*

Gerald Edward Greenberg
Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950/Fax: 305-728-0951
Email: ggreenberg@gsgpa.com
Email: aschachter@gsgpa.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Alexander L. Kaplan
Michael Kelso
Neal S. Manne
Weston O'Black
Susman Godfrey, LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
713-651-9366
Email: akaplan@susmangodfrey.com
Email: mkelso@susmangodfrey.com
Email: nmanne@susmangodfrey.com
Email: woblack@susmangodfrey.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Michael Gervais
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
212-336-8330
Email: mgervais@susmangodfrey.com

*Counsel for Vitol, Inc., Vitol Energy
(Bermunda) Ltd., Antonio Maarraoui*

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574/Fax: (202) 887-4288
Email: kimberly.pathman@weil.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com

*Counsel for Francisco Morillo, Leonard
Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite 400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com

*Counsel for Daniel Lutz, Helsinge Ltd., Saint-
Helier, Helsinge, Inc.*

Alex M. Gonzalez
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
305-789-7666
Fax: 679-6332
Email: alex.gonzalez@hklaw.com

*Counsel for Daniel Lutz, Luis Liendo, Helsinge
Holdings, LLC, Helsinge, Inc., Helsinge, Ltd.*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Email: lara@markmigdal.com

*Counsel for John Ryan*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com

*Counsel for Daniel Lutz, Helsinge Ltd., Saint-
Helier, Helsinge, Inc.*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@markmigdal.com

*Counsel for John Ryan*

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street, Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com

*Counsel for John Ryan*

Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brickell Avenue, Suite 3100
Miami, FL 33131
786-913-4900/Fax: 786-913-4901
Email: jennifer.altman@pillsburylaw.com

*Counsel for John Doe*

Benjamine Reid
Carlton Fields Jorden Burt
100 SE 2nd Street, Suite 4200 (PO Box 019101)
Miami, FL 33131-9101
305-530-0050/Fax: 530-0055
Email: breid@carltonfields.com

*Counsel for Colonial Oil Industries,*
*Inc.,Colonial Group, Inc., Paul Rosado*

Allan C. Galis
David M. Burkoff
Heather H. Lundy
Hunter, Maclean, Exley & Dunn, P.C
200 E. Saint Julian Street (P.O. Box 9848)
Savannah, GA 31412
Tel 912-236-0261/Fax 236-4936
Email: agalis@huntermaclean.com
Email: dburkoff@huntermaclean.com
Email: hlundy@huntermaclean.com

*Counsel for Colonial Oil Industries, Inc.,*
*Colonial Group, Inc., Paul Rosado*

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
786-747-0200/Fax: 786-747-0299
Email: emullins@reedsmith.com

*Counsel for Trafigura Trading LLC*

Ethan Glass
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
Email: ethanglass@quinnemanuel.com

*Counsel for Trafigura Trading LLC*

William A. Burck
Quinn, Emanuel, Urquhart and Sullivan, LLP
777 6th Street, NW
11th Floor
Washington, DC 20001
202-538-8120
Email: williamburck@quinnemanuel.com

*Counsel for Trafigura Trading LLC*

Jeffrey B Goldberg
Nicolas Swerdloff
Hughes Hubbard and Reed
201 S. Biscayne Blvd., 25th Floor
Miami, FL 33131
(305) 379-5573
Email: jeffrey.goldberg@hugheshubbard.com
Email: Nicolas.swerdloff@hugheshubbard.com

*Counsel for BAC Florida Bank*

Jorge David Guttman
GUNSTER
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6054
Fax: 305-376-6010
Email: jguttman@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Jonathan H Kaskel
Gunster
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6023
Fax: 305-376-6010
Email: jkaskel@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Adam L. Hudes
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263- 3298
Email: ahudes@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Michael P. Lennon , Jr.
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
713-238-2667
Email: mlennon@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Stephen M. Medlock
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202- 263-3221
Email: smedlock@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Mark W. Ryan
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263-3338
Email: mryan@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*