# Exhibit A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA
 2                                  MIAMI
                          CASE NO. 18-CV-20818
 3       _____

 4       PDVSA US LITIGATION TRUST,
                              Plaintiff
 5                vs.                              March 14, 2018

 6       LUKOIL PAN AMERICAS, LLC, ET
         AL.,
 7                          Defendant.

 8       _____

 9                              MOTION HEARING

10              BEFORE THE HONORABLE DARRIN P. GAYLES,

11              UNITED STATES DISTRICT COURT JUDGE

12       _____

13                          A P P E A R A N C E S

         FOR THE PLAINTIFF:      DAVID BOIES, ESQ
14       PDVSA US LITIGATION     GEORGE F. CARPINELLO, ESQ
         TRUST                   STEPHEN N. ZACK, ESQ
15                               STEVEN DAVIS, ESQ
                                 Boies Schiller Flexner LLP
16                               100 SE 2nd Street, Suite 2800
                                 Miami, FL 33131
17                               (305) 539-8400
                                 Dboies@bsfllp.com
18                               Gcarpinello@bsfllp.com.
                                 Sdavis@bsfllp.com.
19

20       FOR THE DEFENDANTS:     ISRAEL J. ENCINOSA, ESQ
         HELSINGE, INC.          DAYME SANCHEZ, ESQ
21       HELSINGE, LTD.          Holland and Knight LLP
         DANIEL LUTZ             701 Brickell Avenue, Suite 3000
22                               Miami, FL 33131
                                 (305) 789-7602
23                               Israel.encinosa@hklaw.com
                                 Dayme.sanchez@hklaw.com
24

25
```

| | | |
|---|---|---|
| 1 | FOR THE DEFENDANT: | **ETAN MARK**, ESQ |
| | JOHN RYAN | **DONALD HAYDEN**, ESQ. |
| 2 | | Mark Migdal & Hayden. |
| | | 80 SW 8th Street, Suite 1999 |
| 3 | | Miami, FL  33130. |
| | | (305) 374-0440. |
| 4 | | Etan@markmigdal.com. |
| | | Don@markmigdal.com |
| 5 | | |
| 6 | FOR THE DEFENDANT: | **NICOLAS SWERDLOFF**, ESQ |
| | BAC FLORIDA BANK | **JEFFREY B. GOLDBERG**, ESQ |
| 7 | | Hughes Hubbard |
| | | 201 South Biscayne Boulevard |
| 8 | | Miami, FL 33131 |
| | | (305) 379-5571 |
| 9 | | Nicolas.swedloff@hugheshubbard.com |
| 10 | | |
| | FOR THE MATERIAL | **JENNIFER ALTMAN**, ESQ |
| 11 | WITNESS: JOHN DOE | Pillsbury Winthrop Shaw Pittman |
| | | 600 Brickell Avenue, Suite 3100 |
| 12 | | Miami,  FL  33131 |
| | | (786) 913-4900 |
| 13 | | Jennifer.altman@pillsburylaw.com |
| 14 | | |
| | REPORTED BY: | **GIZELLA BAAN-PROULX**, RPR, FCRR |
| 15 | | United States Court Reporter |
| | | 400 North Miami Avenue, Suite 8S32 |
| 16 | | Miami  FL  33128 |
| | | (305) 523-5294 |
| 17 | | gizella_baan-proulx@flsd.uscourts.gov |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |

```
 1              P R O C E E D I N G S

 2        (The following proceedings were held in open court.)

 3              THE COURTROOM DEPUTY:  Calling PDVSA US Litigation

 4    Trust v. Lukoil Pan Americas, LLC, et al., Case Number 18-CV-

 5    20818.

 6              Counsel, please make your appearances.

 7              MR. BOIES:  Good afternoon, Your Honor, David Boies

 8    representing the plaintiffs.  With me are my partners George

 9    Carpinello, Steve Zack and Steve Davis.

10              THE COURT:  Good afternoon.

11              MR. ENCINOSA:  Good afternoon, Your Honor, Israel

12    Encinosa and Dayme Sánchez of Holland and Knight, we're making

13    a limited appearance on behalf of defendants Helsinge, Inc,

14    Helsinge, Ltd., and Daniel Lutz.  We reserve the right to raise

15    objections regarding sufficiency of process.

16              THE COURT:  Okay.

17              MR. ENCINOSA:  To preserve jurisdiction.

18              MR. MARK:  Good afternoon, Your Honor, Etan Mark from

19    the law firm of Mark Migdal & Hayden representing nonparty

20    witness Wilmer Maldonado, and also defendant John Ryan, here

21    with my partner as well, Don Hayden.

22              THE COURT:  All right.  All right.  Why don't we

23    proceed?

24              MR. BOIES:  Thank you, Your Honor.  With the Court's

25    permission we'd like to call two, and perhaps three, very brief
```

1       THE COURT:  Don't you already have that, though?

2       MR. BOIES:  We have that.  When we went to the Court

3    for the TRO, we asked for that with respect to the Morillo-

4    grouped defendants.  And we set down for the 12th a motion for

03:00  5    a preliminary injunction hearing that would ask for that relief

6    against the other defendants.

7            One of the things that we have done when defendants

8    had contacted us about postponing that hearing is that we have

9    said to them that if they will simply give us an affidavit,

03:01 10   that there hasn't been any destruction of documents since

11   March 2nd, and stipulate to the application of the TRO to them,

12   the same TRO that was applied to the Morillo-grouped

13   defendants, that we would be prepared to put off the hearing as

14   to them because all we're really asking on the 2nd -- I mean,

03:01 15   on the 19th is that we, A) understand whether there have been

16   any documents destroyed, and B) get an application of exactly

17   the same provisions that the Court ordered applicable to the

18   Morillo-grouped defendants applicable to all the defendants.

19       THE COURT:  I was actually surprised when I got the

03:01 20   motion that it didn't ask for the relief for all defendants,

21   just those limited defendants, because, arguably, there was

22   enough information for all defendants.

23       MR. BOIES:  I think there was, but because we were

24   proceeding ex parte, we wanted to narrow it as much as we

03:02 25   could.  And the ones where we thought there was the most

1      MR. BOIES:  Either the 3rd or the 4th.

2      MR. ENCINOSA:  I apologize, Your Honor, I had my phone

3 turned off.

4      THE COURT:  The 3rd is open as well.  I'm available

03:49  5 the 3rd or the 4th.

6      MR. ENCINOSA:  I believe either of those days is fine

7 for myself.

8      MR. MARK:  Your Honor, for us the 4th is better.

9      THE COURT:  Can you live with the 4th?

03:49 10      MR. BOIES:  Yes.  The 4th would be great, Your Honor.

11      THE COURT:  I've got some trials, but I'm trying to

12 see if any of these are likely to go that are set for that

13 Monday.

14      All right.  So why don't we set this down for the

03:50 15 preliminary injunction hearing which will be an evidentiary

16 hearing for 9:30 a.m. on Wednesday, the 4th?

17      Do you have some indication of how long your case will

18 take?

19      MR. BOIES:  I don't think more than half a day, Your

03:50 20 Honor.

21      THE COURT:  Okay.  Any estimate?

22      MR. ENCINOSA:  Your Honor --

23      THE COURT:  I know you're still looking at everything.

24      MR. ENCINOSA:  -- it's difficult for me to predict

03:50 25 that at this point.  If it's okay with the Court, we'd like a

1　few days to inform the Court as to timing.

2　　　　Also, one thing that's difficult for us to predict is

3　with respect to how many witnesses plaintiffs will call.

4　There's only two declarations attached to their motions and it

03:51　5　sounds like they're anticipating calling additional witnesses.

6　　　　THE COURT:  I'll set aside the whole day and hopefully

7　that's enough time.

8　　　　MR. BOIES:  Your Honor, could I inquire whether the

9　Court would permit us to take brief custodian of records

03:51　10　depositions, not to seek production of any documents, but just

11　to take brief custodian of records deposition of each of the

12　defendants so that by the time we get to the preliminary

13　injunction hearing, we know A) whether there have been

14　documents destroyed in the interim, and B) where the documents

03:51　15　are located?

16　　　　MR. MARK:  Your Honor, if I may, Mr. Ryan is in

17　Switzerland.  He's in Genova certainly for the next few weeks.

18　I assume Mr. Boies is referring to corporate defendants and

19　records custodians of those corporate defendants?

03:52　20　　　　MR. BOIES:  Yes, I was referring to the corporate

21　defendants.

22　　　　MR. ENCINOSA:  Your Honor, we would object for the

23　same reasons as before.  It's plaintiff's burden on the

24　preliminary injunction.  We have enough work as it is to do

03:52　25　just getting up to speed on the complaint and meeting their

1  specifically the question of an injunction to preserve

2  documents.

3          We are a state chartered bank.  Perhaps you've seen us

4  on Miracle Mile in downtown Coral Gables.  It's right in the

03:54  5  building where Morton's Steakhouse is.  The big name is right

6  on top, BAC Florida Bank.  We've been a bank for over 30 years

7  here and we're regulated by state authorities and the FDIC.  Of

8  course, we are maintaining documents in the ordinary course of

9  business and certainly after receiving notice of this lawsuit.

03:54  10          There really is no basis to court order us on a TRO

11  basis today, before a preliminary injunction hearing, for us to

12  preserve documents.  We are preserving documents.  That's what

13  we do.  We're a bank.  We're not some other type of entity.

14          In reading through the papers which, honestly, I have

03:55  15  just recently seen, I see nothing in there suggesting any

16  concern about my client, a third party bank, destroying

17  evidence.  There's just nothing in there.  There's no basis for

18  that relief.

19          As Your Honor said earlier, in the ordinary course of

03:55  20  discovery you have obligations to preserve documents.  We are

21  preserving documents.  So I don't really see where this TRO

22  needs to be expanded to include this third party bank that's

23  just been added to this case.

24          So I will brief this, obviously, in connection with

03:55  25  the PI hearing, but I had no intention of speaking here today

1                          C E R T I F I C A T E
2
3              I hereby certify that the foregoing is an accurate
4      transcription of the proceedings in the above-entitled
5      matter.
6

8      03/19/2018
9      DATE COMPLETED          GIZELLA BAAN-PROULX, RPR, FCRR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25