**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

<table>
<tr><td>

PDVSA US LITIGATION TRUST

              Plaintiff,

      v.

LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.

              Defendants.

</td><td>

Case No. 1:18-CV-20818 (DPG)

</td></tr>
</table>

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**THE OIL COMPANY AND BANK DEFENDANTS' MOTION TO QUASH**
**RULE 45 SUBPOENAS [DKT. 200] AND IN SUPPORT OF**
**PLAINTIFF'S CROSS-MOTION TO COMPEL**

Plaintiff PDVSA US Litigation Trust ("Plaintiff") respectfully submits this opposition to Defendants Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Trafigura Trading LLC, Vitol, Inc., Vitol Energy (Bermuda) Ltd., and Antonio Maarraoui's (collectively, the "Oil Company Defendants") and BAC Florida Bank's (together with the Oil Company Defendants, the "Oil Company and Bank Defendants") motion to quash subpoenas for April 4 and in support of Plaintiff's cross motion to compel.

## INTRODUCTION

The Oil Company Defendants aided and abetted Helsinge, Inc., Helsinge Ltd., Helsinge Holdings, LLC, Francisco Morillo, Leonardo Baquero, Daniel Lutz, Luis Liendo, and John Ryan (collectively the "Morillo Group Defendants") and participated in a vast conspiracy to defraud PDVSA in the sale and purchase of petroleum products by means of bribery, price-fixing, coercion, theft of computer data and other crimes. BAC Florida Bank and other banks facilitated those bribe payments.

The Morillo Group Defendants and the Oil Company Defendants operated secretly and covered up their conspiratorial activity to avoid detection. Based on the preliminary evidence Plaintiff has of that secret and destructive activity, the Court issued a temporary restraining order against the Morillo Group Defendants on March 5, 2018, enjoining them from destroying records relating to their business, assets and finances or PDVSA. (Dkt. # 9). The Court found that Plaintiff had a likelihood of success on the merits and determined that, absent the restraining order, Plaintiff would be irreparably harmed because the "[Morillo Group] [D]efendants are likely to transfer or destroy the relevant data." Ordering preservation did not burden the Morillo

Group Defendants and "further[ed] the public interest."  The TRO required preservation pending a preliminary injunction hearing.  (Dkt. #9).

The following week, notwithstanding the Court's orders, a Helsinge server was moved from Miami to Switzerland and Plaintiff sought further preservation relief from the Court. Concerned about the potential destruction of evidence, at that hearing, on March 14, 2018 (and embodied in a March 16, 2018 Order) the Court extended the injunction to enjoin many of the remaining defendants – including most of the Oil Company Defendants – who acted in concert with and did business with the Morillo Group Defendants from destroying any records relating to the Morillo Group Defendants, their related businesses and PDVSA.  (Dkt. # 95). The Court clearly expressed its view that it thought "there was information" to warrant relief against "all defendants."  *See* Exhibit A, Excerpted Transcript of March 14, 2018 Motion Hearing, at 11 (hereinafter "3/14/18 Hrg. Tr. at _.").  The Court explained that the preliminary injunction would be addressed at the April 4, 2018 hearing.  Far from denying Plaintiff the opportunity to develop and obtain evidence in connection with the preliminary injunction hearing, as the Oil Company and Bank Defendants suggest, the Court specifically ordered an "evidentiary hearing" to be held on April 4, 2018 and "set aside the whole day" to hear evidence and witnesses.  *See* 4/14/18 Hrg. Tr. at 37-38.

Plaintiff's intention for the hearing is specific and narrow: it seeks limited, conventional preliminary relief to prevent the destruction of documents and the concealment or transfer of assets.

Consistent with that limited objective, and in order for the Court to hear relevant evidence to make a determination at the hearing, Plaintiff issued subpoenas returnable at the hearing for testimony and evidence on the limited issue of what documents have been preserved

and what assets have been transferred to or from PDVSA or the Morillo Defendants since January 1, 2018.  (The subpoenas are attached to the Morillo Group Defendants Mot., Dkt. # 192-1).  Contrary to the Oil Company and Bank Defendants' contention, the subpoenas are narrow and focused and simply seek an answer as to what documents have been preserved and what assets have been transferred since January 1, 2018 – the very question that Plaintiff understands is a subject of the April 4 hearing.  Indeed, counsel for BAC Florida Bank represented at the March 14 hearing that it would not be difficult to locate such evidence.  *See* 4/14/18 Hrg. Tr. at 40 ("We are maintaining documents in the ordinary course of business and certainly after receiving notice of this lawsuit . . . .  We are preserving documents.  That's what we do.  We're a bank.").

To make matters worse, all the subpoenas, motion practice and the hearing itself could have been avoided.  Several times Plaintiff made clear that it was willing to compromise and would withdraw the subpoenas and ask the Court to cancel the hearing if the Oil Company and Bank Defendants would agree to an order requiring Plaintiff and Defendants to preserve records concerning the issues in the case and transfers of assets since January 1, 2018.  The Oil Company and Bank Defendants refused to do so.

Given this intransigence, Plaintiff is entitled to develop evidence to present at the preliminary injunction hearing.  Subpoenas are the proper mechanism to obtain testimony and documents for that hearing.  The subpoenas are narrowly tailored to find out what documents have been preserved and assets transferred since January 1, 2018, and the Court has already heard enough evidence to determine that preliminary relief preventing destruction is necessary and would not burden the Oil Company and Bank Defendants.

The arguments raised in the motion to quash lack merit.  Subpoenas are properly issued before a Rule 26(f) conference for developing evidence for a preliminary injunction hearing concerning preservation; Plaintiff is not seeking to abuse the discovery process, but simply to gather evidence and witnesses for a preliminary hearing; and the subpoenas are narrowly tailored and the evidence sought is readily available to the Oil Company and Bank Defendants.  Moreover, given the Oil Company and Bank Defendants' transaction of business in Florida and the conspiracy's integral connection to Florida, the parties and parties' officers located in Florida must produce evidence.

For the foregoing reasons, the motion to quash should be denied and the Oil Company and Bank Defendants should be compelled to comply with the subpoenas.

## ARGUMENT

### A.  The Subpoenas Properly Seek Evidence and Testimony for the Preliminary Injunction Hearing and Are Not Premature

The Oil Company and Bank Defendants argue that the subpoenas are invalid because there has not yet been a Rule 26(f) meet and confer.  This argument ignores the actual events and posture of the case.  There already have been injunction hearings before the Court.  The Oil Company and Bank Defendants already have appeared at these hearings and temporary preservation orders already have been entered against them.  The Court has ordered the parties to appear at a further "evidentiary hearing" to take evidence and hear testimony for the "whole day" on the issue of what documents the defendants have preserved and what assets have they transferred.  3/14/18 Hrg. Tr. at 37-38.  It strains credulity to think that none of that is proper because the parties have not had a formal Rule 26(f) conference.  Indeed, the hearings address one of the primary concerns of Rule 26(f) – the preservation of evidence.

The Court has the power to control the manner and form of obtaining and hearing evidence for the preliminary injunction hearing. *Johnson v. Bd. Of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Bostwick Labs., Inc. v. Farley*, 2014 WL 12580031, at *2 (S.D. Fl. May 16, 2014) (ordering production of evidence to develop record for preliminary injunction hearing); *Nobelbiz, Inc. v. Wesson*, 2014 WL 1588715, at *1-2 (S.D. Cal. Apr. 18, 2014) (same); *Bonus of America, Inc. v. Angel Falls Services, LLC*, 2010 WL 2218574, at *4 (D. Minn. May 28, 2010) (same). And clearly parties can obtain evidence and secure witnesses for a preliminary injunction hearing, even before formal discovery has begun. *See, e.g., Hospitalists Mgmt. Group, LLC v. Florida Medial Affiliates, Inc*., 2014 WL 2565675, at *1-2 (M.D. Fl. June 6, 2014) (exercising discretion to order expedited discovery before Rule 26(f) conference); *Welsco, Inc. v. Brace*, 2012 WL 3025141, at * 2 (E.D. Ark. July 24, 2012) (ordering limited discovery in connection with a preliminary injunction hearing before formal discovery has started). *See also* Advisory Notes to Rule 26(d): 1993 Amendment ("Discovery can begin earlier . . . [and] will be appropriate in some cases, such as those involving request for a preliminary injunction . . . .").

Courts also have broad discretion in deciding whether to order that evidence be preserved. *Zaccone v. Ford Motor Co.*, 2016 WL 2744837, at *1 (M.D. Fla. May 11, 2016); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 431 (W.D. Pa. 2004) ("orders directing parties to preserve materials or documents are common" when "evidence is subject to being destroyed or lost").

Nothing in Rule 26(f) prohibits an order or obtaining evidence prior to the discovery planning meeting. In fact, parties are often required to provide evidence prior to formal discovery when that evidence relates to the preservation of documents and the transfer of assets. *Arkin v. Gracey-Danna, Inc.*, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016); *Swetlic*

*Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, 2016 WL 1657922, at *3 (S.D. Ohio Apr. 27, 2016) (ordering a subpoena for preservation evidence prior to a Rule 26(f) conference where there was a "real danger that relevant evidence . . . will be destroyed absent a court order"); *Haraburda v. Arcelor Mittal USA, Inc*., 2011 WL 2600756, at *2-3 (N.D. Ill. June 28, 2011) (requiring preservation prior to Rule 26(f) meeting). That is exactly what is required here.

There is an impending preliminary injunction hearing concerning the Oil Company and Bank Defendants' preservation or destruction of evidence and their transfer of assets. The Court has already heard sufficient evidence to warrant temporary relief against "all defendants," including most of the Oil Company and Bank Defendants requiring preservation of evidence. *See* 3/14/18 Hrg. Tr. at 11. The subpoenas follow up directly on those issues and narrowly seek evidence of what documents the Oil Company and Bank Defendants preserved (or destroyed) and what assets they have transferred since January 1, 2018. Under these circumstances, it is appropriate to seek limited evidence in connection with the preliminary injunction hearing that will also be relevant to Plaintiff's ultimate case on the merits. *See Loren v. Blue Cross and Blue Shield*, 2006 WL 587829 (E.D. Mich. Mar. 9, 2006) (denying motion to quash subpoenas that issued prior to discovery conference where the subpoenas were in connection with a preliminary injunction hearing and sought documents that were essential to the case).[1]

## B.    The Subpoenas Are Not an "End-Run" Around Discovery Rules

Contrary to the Oil Company and Bank Defendants' argument, Plaintiff is not circumventing federal discovery and evidence rules in seeking to obtain the subpoenaed

---

[1] The Oil Company and Bank Defendants' cases are not to the contrary because none involve subpoenas issued for a Court ordered preliminary injunction hearing prior to commencement of formal discovery.

evidence; it is properly using the Federal Rules of Civil Procedure to ensure that the evidence of document and asset preservation are presented to the Court on April 4.

Plaintiff seeks to use Rule 45 to accomplish exactly what it is designed to do: compel parties' and party officers' attendance at a hearing. Fed. R. Civ. P. 45(c)(1)(B)(i) ("A subpoena may command a person to attend a . . . hearing . . . if the person [ ] is a party or a party's officer."). Although the subpoenas to the Oil Company and Bank Defendant corporate entities reference Rule 30(b)(6), those subpoenas clearly mean in context that the Oil Company and Bank Defendants designate officers who are competent to testify *at the preliminary injunction hearing before the Court*—not at a Rule 30 deposition. Courts in this circuit have approved subpoenas seeking the testimony of unidentified corporate representatives under analogous circumstances. *Conyers v. Balboa Ins. Co.*, 2013 WL 2450108, at *1 (M.D. Fla. June 5, 2013) (denying motion to quash a subpoena to defendant demanding that a "Corporate Representative" of defendant "with the most knowledge as to the affirmative defenses [and] discovery responses" attend trial, and rejecting the argument "that Plaintiffs are 'obviously trying to invoke the provisions of Rule 30(b)(6) for securing deposition testimony of a corporation" as "not supported by persuasive authority"); *Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758, at *2 (M.D. Fla. Sept. 11, 2006) (denying motion to quash "a subpoena for a corporate representative with knowledge" of key issues). The testimonial subpoenas are therefore not an attempt to achieve an "end-run" around discovery rules governing deposition practice.

Nor are the subpoenas an end-run around document discovery. Plaintiff is seeking limited evidence to present at the upcoming preliminary injunction hearing. Although Plaintiff anticipates that such evidence will also be relevant to its ultimate case, the evidence will be particularly probative with respect to the subject matter of the hearing—defendants' retention

policies and the destruction or transfer of evidence—and ought to be produced in connection

therewith.  *Loren*, 2006 WL 587829, at *2 (denying motion to quash 27 subpoenas seeking

documents in connection with a preliminary injunction hearing prior to a Rule 26 discovery

conference).

**C.      The Subpoenas Are Proportionate and Not Unduly Burdensome**

Plaintiff seeks evidence sufficient to show the Oil Company and Bank Defendants'

document retention practices and concerning the transfer or destruction of evidence relating to

Plaintiff or Defendants since January 1, 2018.  Plaintiff alleges that the Oil Company and Bank

Defendants aided and abetted the conspiracy through direct participation and by means of

accounts they maintained on behalf of the Morillo Group Defendants.  The Oil Company and

Bank Defendants' therefore have evidence of the Morillo Group Defendants' illegal conduct,

even if the Oil Company and Bank themselves are currently preserving documents.

Although the Oil Company and Bank Defendants contend that the subpoenas impose a

substantial burden, Plaintiff is simply asking them to produce the kind of evidence that they have

already represented they have at their fingertips.  *See* 3/14/2018 Hrg. Tr. at 40 ("We are

maintaining documents in the ordinary course of business and certainly after receiving notice of

this lawsuit . . . .  We are preserving documents.  That's what we do.  We're a bank.").

Moreover, the demand concerning the transfer or destruction of evidence relating to Plaintiff or

Defendants is limited to just a three-month period.  Locating discrete evidence concerning

defined entities during a three-month period should not be unduly burdensome for entities in the

business of preserving such documents and no showing of burden has been made.

Finally, the Oil Company and Bank Defendants' suggestion that Plaintiff is on a fishing

expedition rings hollow.  Plaintiff has already submitted evidence of the Morillo Group

Defendants' prior practice of destroying evidence, and the Court has found there is a sufficient basis to seek temporary relief against all defendants. *See* 3/14/2018 Hrg. Tr. at 11 ("I was actually surprised when I got the motion that it didn't ask for the relief for all defendants, just those limited defendants, because, arguably, there was enough information for all defendants.").

**D.     The Subpoenas Comply with Rule 45's Geographical Limitations Because the Joining Defendants and Their Representatives Regularly Transact Business in Florida**

A subpoena may command a party or a party's officer to attend a hearing "within 100 miles of where the person resides, is employed, or regularly transacts business in person; *or* within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1) (emphasis added).   A subpoena may also command production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2).

The Oil Company and Bank Defendants regularly transact business in Florida.  While the Oil Company and Bank Defendants downplay their connections to Florida, publically available information indicates that they availed themselves of the benefits of doing business in Florida:

- Glencore:  Defendant Glencore Ltd., Inc. is an active corporation registered to do business in Florida.  *See* Exhibit B, Glencore Ltd., Inc., Florida Division of Corporations Search.

- Lukoil:  Defendant Lukoil Pan Americas LLC is an active limited liability company registered to do business in Florida.  *See* Exhibit C, Lukoil Pan Americas LLC, Florida Division of Corporations Search.  The Oil Company and Bank Defendants erroneously contend that "Lukoil Pan Americas LLC is located in New York City and *has no employees or business operations in Florida.*"

- Trafigura:  Defendant Trafigura Trading LLC is an active limited liability company registered to do business in Florida.  *See* Exhibit D, Trafigura Trading LLC, Florida Division of Corporations Search.  The Oil Company and Bank Defendants erroneously contend that "Trafigura has no offices in Florida and *does not regularly transact business here*."

- Vitol:  Defendant Vitol Inc. is an active corporation registered to do business in Florida.  *See* Exhibit E, Vitol Inc., Florida Division of Corporations Search.

- Colonial:   Defendant Colonial Oil Industries, Inc. is an active corporation registered to do business in Florida.  *See* Exhibit F, Colonial Oil Industries, Inc., Florida Division of Corporations Entry.  Indeed, Colonial Oil Industries, Inc.'s website indicates that it operates an ocean terminal in Jacksonville, Florida.  *See* Exhibit G, Colonial Oil Industries, Inc. Website.  The Oil Company and Bank Defendants concede that Colonial Oil Industries, Inc. transacts business in Florida.

- BAC Florida:  Defendant BAC Florida Bank is a Florida corporation with its principal place of business in Coral Gables, Florida.  *See* Exhibit H, BAC Florida Bank, Florida Division of Corporations Search.  The Oil Company and Bank Defendants do not dispute that Defendant BAC Florida Bank transacts business in Florida.

Moreover, as alleged in the complaint, Florida was the hub through which the Defendants committed a substantial part of the alleged illegal conspiracy.  Because the Oil Company and Bank Defendants regularly transact business in Florida, they must comply with the subpoenas' demands for evidence through Florida representatives, including by identifying an already knowledgeable representative located in Florida or by educating a representative located in Florida.  *See Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 99 (S.D.N.Y. 2014) ("Hapoalim presents no compelling arguments or evidence as to why it should not comply with this duty.  Even if Hapoalim is a non-party witness and all of the documents or knowledgeable persons are in Jerusalem, compliance with the 30(b)(6) subpoena is not an undue burden when weighed against BOC's need for the testimony.  A person in New York can easily be educated by a person in Israel by telephone, email or videoconference and relevant documents can easily be transmitted on a single flash drive or CD–ROM.").

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Oil Company and Bank Defendants' motion to quash subpoenas for April 4 and grant Plaintiff's cross motion to compel.


Dated:  April 2, 2018

                                                              **BOIES SCHILLER FLEXNER LLP**

                                              By: <u>*/s/ Steven W. Davis*</u>
                                                 Steven W. Davis
                                                 (Bar No.: 347442)

                                                 David Boies
                                               Nicholas A. Gravante, Jr.
                                               575 Lexington Avenue, 7th Floor
                                             New York, New York 10022
                                             Tel:  (212) 446-2300
                                             Fax: (212) 446-2350

                                               George F. Carpinello
                                             30 S. Pearl Street, 11th Floor
                                             Albany, New York 12207
                                             Tel:  (518) 434-0600
                                             Fax: (518) 434-0665

                                             *Attorneys for Plaintiff*