# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

PDVSA US LITIGATION TRUST

        Plaintiff,

      v.

LUKOIL PAN AMERICAS LLC; LUKOIL
PETROLEUM LTD.; COLONIAL OIL
INDUSTRIES, INC.; COLONIAL GROUP, INC.;
GLENCORE LTD.; GLENCORE
INTERNATIONAL A.G.; GLENCORE ENERGY
UK LTD.; MASEFIELD A.G.; TRAFIGURA
A.G.; TRAFIGURA TRADING LLC;
TRAFIGURA BEHEER B.V.; VITOL ENERGY
(BERMUDA) LTD.; VITOL S.A.; VITOL, INC.;
FRANCISCO MORILLO; LEONARDO
BAQUERO; DANIEL LUTZ; LUIS LIENDO;
JOHN RYAN; MARIA FERNANDA
RODRIGUEZ; HELSINGE HOLDINGS, LLC;
HELSINGE, INC.; HELSINGE LTD., SAINT-
HÉLIER; WALTROP CONSULTANTS, C.A.;
GODELHEIM, INC.; HORNBERG INC.;
SOCIETE DOBERAN, S.A.; SOCIETE
HEDISSON, S.A.; SOCIETE HELLIN, S.A.;
GLENCORE DE VENEZUELA, C.A.; JEHU
HOLDING INC.; ANDREW SUMMERS;
MAXIMILIANO POVEDA; JOSE LAROCCA;
LUIS ALVAREZ; GUSTAVO GABALDON;
SERGIO DE LA VEGA; ANTONIO
MAARRAOUI; CAMPO ELIAS PAEZ; PAUL
ROSADO; BAC FLORIDA BANK; EFG
INTERNATIONAL A.G.; BLUE BANK
INTERNATIONAL N.V.

        Defendants.

**Case No. 1:18-CV-20818 (DPG)**

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE THE SCHEDULED HEARINGS FOR APRIL 3 AND APRIL 4, 2018 [Dkt No. 197]

1.      On March 27, 2018, counsel for Defendant Francisco Morillo called Plaintiff's counsel asking if Plaintiff would consent to a motion (1) striking portions of the Brennan Declaration; (2) excluding testimony of Vanessa Acosta Friedman at the April 4, 2018 hearing; and (3) authorizing an expedited deposition of Ms. Friedman before the April 4, 2018 hearing. Plaintiff's counsel stated that Plaintiff would oppose such a motion.

2.      However, Plaintiff promptly informed Defendant Morillo by email that same day that "we will not oppose such a deposition but you need to make arrangements and seek consent from her counsel, Jennifer Altman." Plaintiff's response from March 27, 2018 is attached hereto as Exhibit A.

3.      On March 28, 2018, Defendant Morillo filed a motion to "(a) strike the March 1, 2018 Declaration of private investigator John Brennan, which purports to include confidential communications between Mr. Morillo and Ms. Friedman during the course of their marriage that are protected from disclosure under the marital communications privilege, (b) exclude evidence of Ms. Friedman's testimony from trial, evidentiary hearings and all other proceedings in this case, including without limitation, the hearing on Plaintiff's Motion for Preliminary Injunction or, in the alternative, (c) authorize Defendant on an expedited basis to obtain the testimony of Ms. Friedman on oral deposition prior to the hearing scheduled for April 4, 2018, so as to be able to move for the specific exclusion of her testimony and related evidence." (Dkt. No. 177 at 1-2.)

4.      To accommodate Defendant Morillo's request, Plaintiff contacted Jennifer Altman, Ms. Friedman's counsel, who is out of the country on vacation with her family, and arranged for a deposition of Ms. Friedman on April 3, 2018, the day before the scheduled Preliminary Injunction hearing.

5.      Ms. Altman agreed to accommodate Defendant Morillo's request and remains prepared to make her client available in her offices for an oral deposition on April 3, 2018.

6.      One day later, on March 29, 2018, counsel for Defendant Morillo wrote to Plaintiff ,apparently retracting the request to compel Ms. Friedman's deposition, and falsely representing that Defendant Morillo's motion "does not seek discovery."  Counsel also claimed, "I never asked you to make 'Vanessa Murillo', Vanessa Acosta Friedman or anyone else 'available for a pre-hearing deposition.' This is simply not true."  The e-mail from Defendant Morillo's counsel to Plaintiff is attached hereto as Exhibit B.

7.      Plaintiff responded by pointing out the apparent incongruity between Defendant Morillo's motion and the e-mail from his counsel and clarifying for Defendant Morillo that "(1) unless you withdraw your motion scheduled to be heard next Tuesday morning, we will respond to it on Monday in accordance with the deadline set by the Court and appear in Court to address it next Tuesday morning; and (2) the deposition of Ms. Friedman you have requested and now moved to compel will also commence next Tuesday at 9:30 am at Pillsbury's offices. We will alert all parties of their right to appear and depose Ms. Friedman at that time."  Plaintiff's e-mail to counsel for Defendant Morillo is attached hereto as Exhibit C.

8.      Counsel for the Trafigura Defendants have since objected to the scheduling of an oral deposition of Ms. Friedman because they not receive at least seven days' notice in writing pursuant to Local Rule 26.1(h).

9.      Plaintiff has sought to accommodate the barrage of requests from Defendants to the extent possible.  Defendant Morillo wanted to schedule a deposition within five days of his motion, notwithstanding the holiday weekend in between.  Plaintiff remains prepared to accommodate that request.

3

10.     Now, however, Defendant Morillo wants to postpone both the deposition and the hearing that just days ago he maintained needed to occur urgently.  Plaintiff respectfully submits that Defendant Morillo's request both to adjourn Ms. Friedman's now-scheduled deposition as well as the April 3 conference ought to be denied.

11.     The Morillo Group Defendants also object to the April 4 hearing on the ground that a list of witnesses at the hearing has not been provided.  Such a list was provided to their counsel on Friday, March 30, 2018.  Plaintiff, in turn, requested that the Morillo Group Defendants provide Plaintiff with a list of their witnesses and those Defendants refused.

12.     Finally, the Morillo Group Defendants assert that they have not had adequate time to prepare for the hearing.  This is patently false.  This Court entered the original TRO on March 5, 2018 and service or notice of the action was made to many of these Defendants, including Morillo, on March 8 and 9.  Thus, Defendants have had ample opportunity to respond to the primary issue before the Court on April 4, 2018, *i.e.*, whether an order should be entered requiring Defendants to preserve documents and assets.

Dated:  April 2, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
        Steven W. Davis (Bar No.: 347442)
        Bank of America Tower
        100 Southeast 2nd St., Suite 2800
        Miami, FL 33131
        Tel:  (305) 539-8400
        Fax:  (305) 539-1307

        Stephen N. Zack (Bar No.: 145215)
        Bank of America Tower
        100 Southeast 2nd St., Suite 2800
        Tel:  (305) 539-8400
        Fax:  (305) 539-1307

David Boies
Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel:  (914) 749-8200
Fax:  (914) 749-8300

Nicholas A. Gravante, Jr.
David Barrett
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel:  (212) 446-2300
Fax: (212) 446-2350

George Carpinello
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel:  (518) 434-0600
Fax:  (518) 434-0665

*Attorneys for Plaintiff*