**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>      Plaintiff,<br><br>vs.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>      Defendants. | Case No. **1:18-cv-20818-DPG** |

**DEFENDANT TRAFIGURA TRADING LLC'S OPPOSITION TO HELSINGE DEFENDANTS' "ALTERNATIVE" MOTION TO CONTINUE APRIL 4 HEARING**

Defendant Trafigura Trading LLC opposes the "Alternative" Motion of Defendants Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, Daniel Lutz, Luis Liendo, Francisco Morillo, Leonardo Baquero, and John Ryan ("Helsinge Defendants") to continue the hearing currently set for April 4, 2018 at 9:30 a.m.  [ECF No. 197.][1]

Simply stated: the April 4 hearing should go forward.

First, at that hearing, Trafigura Trading would appreciate being heard by the Court on the current *ex parte* temporary restraining order.  Trafigura Trading and its affiliated Defendants are unfairly prejudiced by being the subject of such an overly broad and unnecessary order.  As Trafigura Trading explained in its March 26, 2018 filings, there is no evidence that this "extraordinary and drastic remedy," *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000), is factually needed or legally appropriate.  [ECF No. 160.]  And Plaintiffs have all but refused to meet and confer on a reasonable document preservation protocol.  While Trafigura Trading proposed a reasonable document preservation protocol on March 25, 2018, and has continuously tried to meet and confer with Plaintiff on a document preservation stipulation, Plaintiff has refused to respond to our document preservation proposal—in fact, Trafigura Trading has asked *five* separate times over the past week, most recently on March 29, 2018, without any response on that proposal from Plaintiff.[2]  Thus, the April 4 hearing should go forward and Trafigura Trading's proposed document preservation protocol should be entered then.

---

[1] Trafigura Trading does not oppose the request by the Helsinge Defendants to join the request for a status conference and schedule for determining whether Plaintiff has standing. [ECF No. 193.]  Trafigura Trading also does not oppose a continuance for the Helsinge Defendants themselves, so long as Trafigura Trading's proposed document preservation protocol and its proposed schedule to assess Plaintiff's standing issues are still entered on April 4.

[2] Trafigura Trading spoke with Plaintiff on the phone twice this week: on March 26 by itself and on March 30 with many other Defendants.  Between these two calls, Trafigura Trading and others explained to Plaintiff  why the Court's order was unduly burdensome, how the

Second, there should be no delay to the Court's setting of an expedited process to determine whether Plaintiff has standing.  As Trafigura Trading, and other joining Defendants, explained in its March 29, 2018 filings, this Court likely is without jurisdiction.  [ECF No. 193.] Resolving that issue should be first and foremost—before anything else proceeds and before Plaintiff can burden the Court or the Defendants any further.

Third, Trafigura Trading, and likely many of the other Defendants, is prejudiced by the current state of disorder enveloping this action caused by Plaintiff—with filings every day on disparate topics.  *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (discussing the need to prevent "a plaintiff with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence." (internal citations and quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be…exposed at the point of minimum expenditure of time and money by the parties and the court" (internal quotations and citations omitted)); *see also* Frank H. Easterbrook, *Discovery As Abuse*, 69 B.U.L. REV. 635, 636 (1989) (describing discovery "as both a tool for uncovering facts essential to accurate adjudication and a weapon capable of imposing large and unjustifiable costs on one's adversary").  The April 4 hearing is a perfect opportunity to discuss with the Court and all parties how to move forward with this action in an orderly manner.

---

Trafigura Trading document preservation proposal was based on Plaintiff's own complaint, and Trafigura Trading sought comments from Plaintiff.  On March 31, Plaintiff sent a "final" effort to all Defendants—never responding to Trafigura Trading's proposal—that actually is broader than the Court's order.

Accordingly, Trafigura Trading opposes the Helsinge Defendants' "alternative" request to continue the April 4 hearing, or anything else that would potentially delay the prompt resolution of Trafigura Trading's document preservation obligations or the review of Plaintiff's standing. We respectfully request that the Court keep the currently scheduled April 4 hearing and at that time enter Trafigura Trading's proposed document preservation protocol and a schedule for reviewing Plaintiff's standing.

Dated: April 2, 2018

Respectfully submitted,

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA TRADING, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Opposition to Helsinge Defendants' "Alternative" Motion to Continue April 4 Hearing was filed and served by CM/ECF, on April 2, 2018, on all counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullin
