UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

      Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

      Defendants.
_____/

**MOTION TO STAY UNNOTICED AND UNAUTHORIZED
DEPOSITION OF WITNESS**[1]

Defendant Francisco Morillo, through this limited appearance of undersigned counsel, respectfully submits this Motion to Stay Unnoticed and Unauthorized Deposition of Witness Vanessa Acosta Friedman, Mr. Morillo's former spouse. Plaintiff's counsel has scheduled the deposition of Ms. Friedman for 9:30 a.m. on April 3, 2018, which is the same day on which the Court will hear Defendant's motion that Ms. Friedman's testimony in this case should be barred based upon the spousal privilege. The deposition should be stayed as both procedurally improper and inappropriate gamesmanship.

In support of his request, Defendant states as follows:

1. On March 28, 2018, Defendant filed a motion to (a) strike the March 1, 2018 Declaration of private investigator John Brennan, (b) exclude evidence of Ms. Friedman's testimony from trial, evidentiary hearings and all other proceedings in this case, including without limitation, the hearing on Plaintiff's Motion for Preliminary Injunction or, in the

---

[1] In filing this Motion, Defendant does not waive or intend to waive any arguments, objections, defenses or rights that may be available to him, including as to the sufficiency of service of process or whether this Court has personal jurisdiction over Defendant.

alternative, (c) authorize Defendant on an expedited basis to obtain the testimony of Ms. Friedman on oral deposition prior to the hearing scheduled for April 4, 2018 (the "Motion").

2.   Prior to filing the Motion, on March 27, 2018, Defendant's undersigned counsel had a telephone conversation with Plaintiff's counsel George Carpinello for the purpose of complying with the "meet and confer" requirements of Local Rule 7.1(a)(3).[2]  During that "meet and confer" telephone call, undersigned counsel informed Mr. Carpinello of the relief sought in the Motion and requested Plaintiff's position.  Mr. Carpinello stated that he would "oppose" the Motion.[3]

3.   Since then, as detailed in the accompanying Declaration of Connor Mullin, Plaintiff's counsel has used this exchange as a pretext to schedule an unnoticed, unauthorized deposition of Ms. Friedman, not only before any discovery is authorized, but before the Court has addressed Mr. Morillo's contention that her testimony would violate his spousal privilege. The purpose of the Motion is not to seek discovery, but to strike privileged portions of the March 1, 2018 Declaration of John Brennan [ECF No. 12-1] (the "Brennan Declaration"), exclude evidence of Ms. Friedman's testimony from all proceedings in this case. The Proposed Order [ECF 177-1] enclosed with the Motion does not reference discovery.  In the event that relief is denied, Defendant moved the Court, *in the alternative*, for limited expedited discovery from Ms. Friedman, so as to be able to move for the specific exclusion of her testimony and related evidence.

4.   Despite the plain language of the Motion, and Defendant's counsel's repeated statements confirming that we are not seeking an immediate deposition before the Court

---

[2] *See* Declaration of Connor Mullin ("Declaration") ¶ 2.
[3] *Id.*

addresses the privilege arguments, Plaintiff's counsel has inaccurately insisted that Defendant is demanding her deposition and that they have scheduled it at Defendant's request.

5. Based on this pretext, Plaintiff's counsel has announced via email to counsel for all parties that Ms. Friedman will appear for a deposition on April 3, 2018 at 9:30 a.m. Plaintiff's counsel purported to schedule the deposition for this date and time after the Court set a hearing for April 3, 2018 at 10:00 a.m. to address Mr. Morillo's Motion objecting to Ms. Friedman's testimony on the grounds of spousal privilege. Thus, if Plaintiff has its way, Ms. Friedman will testify as to matters that Mr. Morillo contends are privileged before this Court has heard, much less ruled upon, his pending Motion to prevent such testimony from occurring. The Court should not permit this gamesmanship.

6. Defendant objects to any deposition of Ms. Friedman before the Court has ruled on the privilege objections raised by Defendant in the Motion.

7. The deposition is also procedurally improper. Absent a Court order or stipulation, no discovery may take place prior to the Rule 26(c) conference. See Fed. R. Civ. P. 26(d)(1). No Rule 26(c) conference has occurred and no order or stipulation permitting the deposition of Ms. Friedman has been entered. Furthermore, Plaintiff has not properly noticed Ms. Friedman's deposition. Rather than serve a notice on the parties reasonably in advance of the deposition, Plaintiff's counsel mentioned the deposition in an email to all counsel approximately three business days before the purported deposition date. This does not constitute reasonable notice in compliance with Federal Rule of Civil Procedure 30(b)(1).

## **CONCLUSION**

For the reasons set forth above and in the accompanying Declaration of Connor Mullin, Defendant respectfully requests an Order staying the unnoticed and unauthorized deposition of Ms. Friedman until the Court rules on the privilege objections raised in the Motion.

Dated:  April 2, 2018                                   Respectfully submitted,


                                                                *s/ Kimberly Ann Pathman*
                                                                Kimberly A. Pathman
                                                                Florida Bar No. 118844
                                                                kpathman@akingump.com
                                                                Akin Gump Strauss Hauer & Feld LLP
                                                                1333 New Hampshire Avenue NW
                                                                Washington, DC 20036
                                                                Tel: (202) 887-4000
                                                                Fax: (202) 887-4288

                                                                and

                                                                Mark J. MacDougall (admitted *pro hac vice*)
                                                                mmacdougall@akingump.com
                                                                Thomas P. McLish (admitted *pro hac vice*)
                                                                tmclish@akingump.com
                                                                Stacey H. Mitchell (admitted *pro hac vice*)
                                                                shmitchell@akingump.com
                                                                Connor Mullin (admitted *pro hac vice*)
                                                                cmullin@akingump.com

                                                                *Attorneys for Defendant*
                                                                *Francisco Morillo*

**Certificate of Good-Faith Conference;**
**Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendant's counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised in this motion, but has been unable to resolve the issues.

*s/ Kimberly Ann Pathman*

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/ Kimberly Ann Pathman_____