**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

---

PDVSA US LITIGATION TRUST,

        Plaintiff,

    v.

LUKOIL PAN AMERICAS LLC, et al.,

        Defendants.

No. 1:18-cv-20818 (DPG)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE JOINING**
**DEFENDANTS' MOTION TO QUASH PLAINTIFF'S RULE 45 SUBPOENAS**

Joining Defendants respectfully submit this reply memorandum of law in further support of their motion to quash subpoenas *duces tecum* and *ad testificandum* issued by Plaintiff PDVSA US Litigation Trust and in opposition to Plaintiff's "cross-motion to compel."[1]

## PRELIMINARY STATEMENT

Plaintiff's opposition (ECF No. 205) confirms that the flurry of Rule 45 subpoenas Plaintiff issued to the Joining Defendants should be quashed and that this case should follow the ordinary course of discovery under the Federal Rules of Civil Procedure.  Contrary to Plaintiff's numerous attempts to insert exigencies into this proceeding, it has shown no good cause why the Joining Defendants should be required now to undertake the significant burden of producing documents and appearing for testimony relating to their document preservation obligations.  The most that Plaintiff has offered in support of the extraordinary relief it seeks— *i.e.*, to compel the Joining Defendants to respond to dozens of subpoenas *duces tecum* and *ad testificandum* before the initial Rule 26(f) conference in this action has even occurred—are vague concerns that *other* Defendants (the Morillo Group Defendants) may destroy evidence. But Plaintiff's opposition contains no suggestion that the same concern extends to the Joining Defendants.  Nor could it.  As set forth in the Joining Defendants' responses to Plaintiff's preliminary injunction motion, they are well aware of their obligations to preserve documents and have represented to the Court that they will abide by those obligations.  At bottom, Plaintiff's subpoenas amount to a wasteful and disruptive fishing expedition.

Given the Joining Defendants' representations concerning their document

---

[1]   Capitalized terms have the meanings specified in Joining Defendants' opening brief (ECF No. 200).  The Joining Defendants reiterate that this motion is made without prejudice to any of their defenses to the Complaint, including lack of personal jurisdiction, improper venue, insufficient service of process, failure to state a claim upon which relief may be granted, premature merits discovery, and the right to compel arbitration—all of which are preserved under the Federal Rules.  *See* Fed. R. Civ. P. 12(g)(2),12(h)(3).  This request is without prejudice to all other such claims and defenses that Defendants may assert.

preservation obligations and the lack of any compelling reason why the Joining Defendants should be burdened with responding to the subpoenas rather than following the normal, orderly process for discovery in this action, the subpoenas should be quashed.  Many of the subpoenas should also be quashed for the additional reason that they command testimony or production beyond the geographic reach of Rule 45; Plaintiff effectively concedes that its subpoenas to seven of the thirteen Joining Defendants are fatally defective for this reason (Opp. at 9-10), and another five subpoenas to the remaining Joining Defendants are similarly flawed.

## ARGUMENT

### A.    The Subpoenas Attempt an End-Run Around the Discovery Rules

As set forth in the Joining Defendants' opening brief, the subpoenas should be quashed for numerous reasons, including because they are an impermissible attempt to make an end-run around the normal discovery process.  (Br. at 6-7.)  In response, Plaintiff emphasizes the Court's general power to control discovery and issue orders for the preservation of evidence, propositions that are not in dispute here.  (Opp. at 6-7.)  What Plaintiff fails to acknowledge— despite Joining Defendants pointing this out in their opening brief—is that early discovery is authorized by Rule 26(d) only in very limited circumstances, none of which applies here.  For instance, early discovery may be authorized "by court order," but the Court did not order the discovery sought by the subpoenas.  At no point did the Court even suggest—in preparation for the preliminary injunction hearing or otherwise—that Plaintiff could serve dozens of subpoenas seeking documents and testimony from witnesses hundreds or thousands of miles away.  To the contrary, as Joining Defendants already noted, Plaintiff requested, and the Court ***did not grant***, the opportunity to take early discovery in the form of custodian of records depositions. (Br. at 4; Mar. 14 H'rg Tr. 38-39.)

Critically, Plaintiff also ignores that when issuing orders permitting pre-Rule

2

26(f) discovery, courts in this Circuit require a showing of "good cause," in order to prevent parties from seeking an end-run around the normal discovery processes. *See Malibu Media, LLC* v. *Doe*, No. 13-80178-CIV, 2013 WL 12145909, at *1 (S.D. Fla. Feb. 21, 2013) (permitting service of Rule 45 subpoenas on ISPs prior to Rule 26(f) conference for purposes of identifying Doe defendants).  The cases Plaintiff cites only reinforce this point.  *See, e.g., Hospitalists Mgmt. Grp., LLC* v. *Fla. Med. Affiliates, Inc.*, No. 2:14-cv-242, 2014 WL 2565675, at *1-2 (M.D. Fla. June 6, 2014) (applying the "good cause" standard to a motion for expedited discovery prior to a preliminary injunction hearing).  Nevertheless, despite the reams of briefing Plaintiff has already inflicted on the Court, Plaintiff has yet to point to one shred of evidence suggesting that any of the Joining Defendants are at risk of violating their Rule 26 preservation obligations.  As set forth in the Joining Defendants' opening brief (Br. at 6–7), Plaintiff's issuance of the subpoenas without good cause is an impermissible attempt at circumventing the normal discovery rules that should not be permitted.  *See Panchoosingh* v. *Gen. Labor Staffing Servs., Inc.*, No. 07-80818-CIV, 2009 WL 10667883, at *1 (S.D. Fla. Jan. 28, 2009) (noting that Rule 45 subpoenas should not be used as an "end-run" around regular discovery rules applying to parties, including Rule 34).

Plaintiff attempts to manufacture good cause by misleadingly suggesting that the Court issued a document preservation order to the Joining Defendants at the March 14, 2018 hearing because the Court was "[c]oncerned about the potential destruction of evidence" by those Defendants.  (Opp. at 3.)  But the Court said no such thing.  In fact, when certain Joining Defendants pointed out that Plaintiff had not presented ***any*** evidence to justify extending the temporary restraining order to them—because Plaintiff's motion was expressly limited to the Morillo Group Defendants—the Court declined to extend the order to cover those parties. (Mar.

14 H'rg Tr. at 42:12-45:20.)  The order was only extended to the Joining Defendants who had

not appeared at that early, *ex parte* hearing.  And, as the Court acknowledged at the more recent

April 4 status conference, the need for ***any*** order as to the Joining Defendants has now been

alleviated:

> Obviously, now that the defendants all have attorneys . . . it alleviates the concern that I have and presumably the plaintiff might have as well [concerning document preservation], considering you're officers of the court and you all know what obligations you have.

(Apr. 4 H'rg Tr. at 20:2-6.)

In sum, because the Court has not allowed early discovery in this matter and

Plaintiff has not shown good cause why such discovery should be allowed, the subpoenas

constitute an impermissible attempt at an end-run around normal discovery rules and should be

quashed.

### B.      The Subpoenas Seek to Impose Unwarranted Burdens

The subpoenas also should be quashed because they would impose an undue

burden on the Joining Defendants.  Plaintiff attempts to justify that burden as proportionate to the

needs of the case, claiming that it is "simply asking [the Joining Defendants] to produce the kind

of evidence that they have already represented they have at their fingertips."  (Opp. at 9.)

However, none of the Joining Defendants has indicated it has such evidence at its "fingertips"—

indeed, counsel for nine of the thirteen Joining Defendants were not even present at the March

14, 2018 hearing at which Plaintiff claims this "representation" was made, and the counsel

quoted by Plaintiff merely confirmed that his client was preserving documents.  Further, while

Plaintiff repeats that it is seeking documents relating to a finite time period (from January to the

present), not all of its requests are so limited.  Indeed, one broad request seeks "[a]ll Documents

relating to any communication with any of the Defendants regarding the preservation or

destruction of documents."  The search for these documents (not to mention their collection, review and production) would require time and expense that is not justified at this stage of the matter, prior to the Rule 26(f) conference, let alone before the discovery the Court recently permitted relating to Plaintiff's standing to bring this action.

As noted above, the only justification Plaintiff provides is that the *Morillo Group Defendants'* alleged prior conduct indicates there are preservation issues here.  This is facially non-responsive.  The Joining Defendants have unequivocally represented to the Court that they fully understand their legal obligations to retain potentially relevant evidence, and Plaintiff instead points to a different group of defendants' actions.  The subpoenas are thus unnecessary, as the Court acknowledged at the April 4 hearing, asking "is there really a need to operate really outside the normal schedule? . . . [T]he relief that I granted [at the March 14 hearing] is essentially what the parties would have to do anyway . . . retain records, not spoliate evidence.  I mean, there is nothing special here."  (Apr. 4 H'rg Tr. at 11:24-12:4.)

Plaintiff attempts to argue that it has taken steps to reduce the burden on the Joining Defendants, claiming that the "subpoenas, motion practice and the [preliminary injunction] hearing itself could have been avoided" if the Joining Defendants had been "willing to compromise."  (Opp. at 4.)  But Plaintiff neglects to mention that its "compromise" actually asked the Joining Defendants to agree to early discovery they were not obligated to provide, and likewise agree to an order that was essentially the same, if not broader than, the order the Court entered following Plaintiff's *ex parte* oral motion at the March 14, 2018 hearing.  Contrary to Plaintiff's representation, the Joining Defendants were not presented with any "compromise" at all, other than to give Plaintiff everything it wanted.  Such unilateral adventurism is not permitted by the Rules, and for good reason; the Rules of Civil Procedure delay discovery until

5

the Court and parties can come to understand the scope of the case and, as particularly relevant

here, address potentially dispositive issues first, such as a plaintiff's lack of standing and its

inadequate complaint.

In short, Plaintiff has failed to demonstrate any reason why the Joining

Defendants should be subject to burdensome subpoenas at this preliminary stage of the case.

Therefore, the subpoenas should be quashed.[2]

## C.    The Subpoenas Exceed Rule 45's Geographical Limitations

Plaintiff does not dispute that the subpoenas it served on Glencore Energy UK

Ltd., Gustavo Gabaldon, Sergio De la Vega, Vitol Energy (Bermuda) Ltd., Antonio Maarraoui,

Colonial Group, Inc., and Paul Rosado violate Rule 45's geographical limitations.  The

subpoenas as to these entities and individuals should be quashed for this reason alone.

As to the other Joining Defendants, Plaintiff argues that they "regularly transact

business in Florida," and can therefore be compelled to appear in Florida, because they are

registered to do business in Florida.  In other words—because these entities *can* engage in

business here, Plaintiff concludes they *do* engage in business here.  Plaintiff does not point to any

facts supporting this assertion, other than that one of the Joining Defendants (Colonial Oil

Industries, Inc.) operates a terminal in Jacksonville (Opp. at 11).  But Plaintiff has not shown,

nor could it, that any Colonial Oil Industries, Inc. officer competent to testify regarding the

subject matter of Plaintiff's subpoena resides, is employed, or regularly transacts business in

Florida, as Rule 45(c)(1) requires.  Moreover, Plaintiff does not cite any authority for its

---

[2]    Tellingly, Plaintiff admits that one of its aims in serving the subpoenas is to obtain evidence
"relevant to its ultimate case." (Opp. at 8.)  But Rule 45 subpoenas are not meant to give
parties an early glimpse into the discovery they expect later to obtain through the ordinary
course of discovery.  *See Manzo-Pianelli* v. *United Servs. Auto. Ass'n*, No. 15-61324, 2015
WL 12806618, at *1-2 (S.D. Fla. Nov. 3, 2015) (observing that "a Rule 45 subpoena cannot
circumvent other discovery rules that apply to a party").

logically fallacious assertion that simply maintaining a registered agent in a jurisdiction is sufficient to avoid Rule 45's geographical limitation—a notion that has been rejected by multiple courts.  *See, e.g., Rifkin/Miami Mgmt. Corp.* v. *Metropolitan Dade County*, No. 4:98MC24, 1998 WL 344368, at \*2 n.1 (N.D. Fla. Apr. 24, 1998) ("Most national corporations have registered agents in every state.  Thus, for example, if . . . service of a subpoena on a registered agent were sufficient to require a non-party corporation to . . . present witnesses wherever service was effected, any national corporation would be subject to subpoena in California or New York or Alaska or even Hawaii . . . .  This is nonsense."); *In re App'n of Inversiones y Gasolinera Petroleos Valenzuela, S. De R.L.*, No. 08-20378-MC, 2011 WL 181311, at \*16-17 (S.D. Fla. Jan. 19, 2011) (quashing a Rule 45 subpoena issued to Exxon Mobil, even though the court found it to have "continuous and systematic activities" in Florida, because its corporate headquarters and the corporate representative who would attend the deposition and produce responsive documents was situated in Texas, more than 100 miles from Florida).  The subpoenas directed to Glencore Ltd., Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Trafigura Trading LLC, and Vitol, Inc. should therefore be quashed for the additional reason that they fail to comply with Rule 45's geographical limitations.

**CONCLUSION**

For the reasons set forth above, the dozens of subpoenas issued by the Plaintiff are premature, without good cause, disproportionate to the case, and beyond the geographic limitations set forth in Rule 45.  Having been issued in violation of multiple separate and independent prohibitions in the Federal Rules of Civil Procedure, the subpoenas should be quashed.

Dated: April 9, 2018

Respectfully submitted,

By: */s/ Edward M. Mullins*

Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam Wolfson, Esq.
*Admitted Pro Hac Vice*
Email: adamwolfson@quinnemanuel.com]
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA
TRADING, LLC*

By: /s/ *Bruce Birenboim*

Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email:
srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON, and SERGIO DE LA VEGA*

8

By: */s/* Adam L. Hudes
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/* Alex Kaplan
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

9

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email:
Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA BANK*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

CM/ECF on April 9, 2018 on all counsel or parties of record on the service list.

*/s/Stephen F. Rosenthal*
Stephen F. Rosenthal

## SERVICE LIST

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400
Fax: 539-1307
Email: sdavis@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200
Fax: 749-8300
Email: hmaher@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Jonathan H. Kaskel
Gunster
600 Brickell Avenue, Suite 3500
Miami, FL 33131
(305) 376 6023
Email: jkaskel@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Jorge David Guttman
Gunster
600 Brickell Avenue, Suite 3500
Miami, FL 33131
(305) 376 6010
Email: jguttman@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Adam L. Hudes
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3298
Email: ahudes@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Michael P. Lennon, Jr.
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
(713) 238 2667
Email: mlennon@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Benjamine Reid
Carlton Fields Jorden Burt
100 SE 2nd Street, Suite 4200
Miami, FL 33131-9101
(305) 530 0050
Email: breid@carltonfields.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

David M. Burkoff
Hunter, Maclean, Exley & Dunn, P.C.
Email: dburkoff@huntermaclean.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
(786) 747 0200
Email: emullins@reedsmith.com

*Counsel for Trafigura Trading LLC*

Mark W. Ryan
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3339
Email: mryan@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Stephen M. Medlock
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3221
Email: smedlock@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Allan C. Galis
Hunter, Maclean, Exley & Dunn, P.C.
Email: agalis@huntermaclean.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

Heather H. Lundy
Hunter, Maclean, Exley & Dunn, P.C.
Email: hlundy@huntermaclean.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

Ethan Glass
Quinn Emanuel Urquhart & Sullivan LLP
1300 I Street N.W., Suite 900
Washington D.C. 20005
(202) 538 8000
Email: ethanglass@quinnemanuel.com

*Counsel for Trafigura Trading LLC*

Adam B. Wolfson
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street
Los Angeles, CA 90017
Email: adamwolfson@quinnemanuel.com

*Counsel for Trafigura Trading LLC*


William A. Burck
Quinn Emanuel Urquhart & Sullivan LLP
777 6th Street N.W., 11th Floor
Washington D.C. 20001
(202) 538 8120
Email: williamburck@quinnemanuel.com

*Counsel for Trafigura Trading LLC*


Gerald Edward Greenberg
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950
Fax: 305-728-0951
Email: ggreenberg@gsgpa.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol, Inc. and Antonio Maarraoui*


Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
(305) 728-0950
Email: aschachter@gsgpa.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol, Inc., and Antonio Maarraoui*


Neal S. Manne
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: nmanne@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd., Vitol
Inc., and Antonio Maarraoui*


Alexander L. Kaplan
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: akaplan@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd., Vitol
Inc., and Antonio Maarraoui*


Michael Kelso
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: mkelso@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd., Vitol
Inc., and Antonio Maarraoui*


Michael Gervais
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
(212) 336 8330
Email: mgervais@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd., Vitol
Inc., and Antonio Maarraoui*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com

*Counsel for Francisco Morillo, Leonard Baquero*

Weston O'Black
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: woblack@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui*

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574
Fax: (202) 887-4288
Email: kimberly.pathman@weil.com

*Counsel for Francisco Morillo, Leonardo Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite 400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com

*Counsel for Francisco Morillo, Leonardo Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com

*Counsel for Francisco Morillo, Leonardo Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com

*Counsel for Francisco Morillo, Leonardo Baquero*

Brian A. Briz
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789 7723
Email: brian.briz@hklaw.com

*Counsel for Daniel Lutz, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd, and Luis Liendo*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc., Helsinge Ltd., Saint-Helier*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc.,*
*Helsinge Ltd., Saint-Helier*

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street, Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com

*Counsel for John Ryan*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Email: lara@markmigdal.com

*Counsel for John Ryan*

Spencer Hal Silverglate
Clarke Silverglate P.A.
799 Brickell Plaza, 9th Floor
Miami, FL 33131
(305) 377 3001
Email: ssilverglate@cspalaw.com

*Counsel for Maximiliano Poveda*

Jeffrey B. Goldberg
Hughes Hubbard & Reed
201 S. Biscayne Blvd, 25th Floor
Miami, FL 33131
(305) 379 5573
Email: Jeffrey.goldberg@hugheshubbard.com

*Counsel for BAC Florida Bank*

Alex M. Gonzalez
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789 7666

*Counsel for Daniel Lutz, Helsinge Holdings,*
*LLC, Helsinge, Inc., Helsinge Ltd., Luis Liendo*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@markmigdal.com

*Counsel for John Ryan*

Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brickell Avenue, Suite 3100
Miami, FL 33131
786-913-4900
Fax: 786-913-4901
Email: jennifer.altman@pillsburylaw.com

*Counsel for John Doe*

Stephen H. Lee
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226 6686
Email: slee@porterhedges.com

*Counsel for Maximiliano Poveda*

Nicolas Swerdloff
Hughes Hubbard & Reed
201 S. Biscayne Blvd, Suite 2500
Miami, FL 33131-4332
(305) 379 5571
Email: Nicolas.swerdloff@hugheshubbard.com

*Counsel for BAC Florida Bank*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373 3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com

*Counsel for Glencore Ltd., Glencore Energy
UK Ltd., Gustavo Gabaldon, and Sergio De la
Vega*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
2011 K. Street N.W.
Washington D.C. 20006-1047
(202) 223 7341
Email: aschwartz@paulweiss.com

*Counsel for Glencore Ltd., Glencore Energy
UK Ltd., Gustavo Gabaldon, and Sergio De
la Vega*