## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

        Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

        Defendants.

_____/

### <u>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH</u>

Defendants Helsinge Inc., Helsinge Ltd., Helsinge Holdings, LLC, Francisco Morillo, Leonardo Baquero, Daniel Lutz, Luis Liendo, and John Ryan (collectively, "Defendants"), through this limited appearance,[1] along with nonparty Alan Rudolph ("Rudolph"),[2] submit this Reply in support of Defendants' Motion to Quash Plaintiff's Subpoenas for April 4 Hearing, and for a Protective Order [ECF No. 192] (the "Motion").

### I.    INTRODUCTION

In its Response to the Motion [ECF No. 204] ("the Response"), Plaintiff includes yet another recitation of its contrived distress over the Defendants' alleged failure to preserve evidence

---

[1] In filing this Motion, Defendants do not waive any objections, defenses or rights available to them, including as to the sufficiency of service of process or lack of personal jurisdiction and to arbitrate any of the claims asserted by the Plaintiff.

[2] Rudolph is a an independent contractor who provides information technology services to the Helsinge entities.  Defendants recently learned that, in addition to the subpoena for documents that Plaintiff issued to Rudolph, Plaintiff also issued a subpoena to testify at hearing to Rudolph, *see* **Exhibit A**, and he is therefore joining in Defendants' Motion to Quash.  To date, however, Plaintiff has not provided Defendants with notice of the latter subpoena.

relating to the computer server that was sent to Switzerland.  However, as discussed in Defendants'

Motion for an Order to Show Cause [ECF No. 191], the removal of the server from the jurisdiction

was a direct result of *Plaintiff's* actions, to the detriment of Defendants, who are now unable to

access their own server to conduct business and defend themselves against Plaintiff's fabricated

claims.  Plaintiff's Response is just another example of Plaintiff's efforts to distract the Court from

its failure to abide by the relevant rules.  And the Response fails to provide any justification for

Plaintiff's improper and premature discovery requests, especially in light of the substantial doubt

that Plaintiff even has standing to assert the claims it purports to bring in this case.  For these

reasons, further discussed below, the Motion should be granted.[3]

## II.  ARGUMENT

### A.  The Subpoenas seek improper discovery.

In its Response, Plaintiff does not dispute that the Rule 26(f) conference has not taken place

or that, under the Rules, discovery is not permitted prior to the conference.  Nor does Plaintiff

claim to have any authorization to serve discovery in advance of the conference.  Instead, Plaintiff

simply asserts that "the posture of the case" entitles it to discovery.  Resp. at 5.  But as the cases

cited by Plaintiff make clear, "[d]iscovery is normally barred prior to the Rule 26(f) conference."

*Hospitalists Mgmt. Grp., LLC v. Fla. Med. Affiliates, Inc.*, No. 2:14-CV-242-FTM-38, 2014 WL

2565675, at *1 (M.D. Fla. June 6, 2014).  And the only cases cited wherein discovery was allowed

prior to the 26(f) conference involve the resolution of motions for expedited discovery filed by the

---

[3] As a preliminary matter, because 23 of the subpoenas requested testimony at the April 4 hearing on Plaintiff's motion for preliminary injunction, and that hearing did not take place, the Motion as it relates to those subpoenas is now moot, and this Reply will refer only to the arguments relating to the 37 remaining subpoenas for the production of documents, including the nonparty subpoena issued to Rudolph.  Notwithstanding, Defendants continue to object to the 23 subpoenas for testimony for the reasons set forth in the Motion.

party seeking discovery, which were granted only where the parties demonstrated "good cause" for departure from the rules. *See id.*; *NobelBiz, Inc. v. Wesson*, No. 14CV0832 W JLB, 2014 WL 1588715, at *1 (S.D. Cal. Apr. 18, 2014); *Bostwick Labs., Inc. v. Farley*, 2014 WL 12580031 (S.D. Fla. May 16, 2014); *Bonus of Am., Inc. v. Angel Falls Servs., LLC*, 2010 WL 2218574 (D. Minn. May 28, 2010).

Here, Plaintiff filed no such motion, choosing instead to simply ignore the relevant rules and take it upon itself to issue discovery without court authorization. In fact, at the March 14, 2018 hearing, the Court rejected Plaintiff's request to conduct discovery before the preliminary injunction hearing. *See* Mot. 7 (citing March 14 Hr'g Tr., Ex. C 38:8–39:13). Notwithstanding, Plaintiff ignored the Court and rules and served 37 subpoenas seeking the production of documents from parties and one nonparty.

Moreover, Plaintiff has not even addressed the standard for granting such relief, despite that "the burden is on the moving party to show good cause for departing from the usual discovery procedures." *Hospitalists*, 2014 WL 2565675, at *1. This is not surprising as Plaintiff would not be able to meet such a burden. Indeed, there is good cause *not* to allow the massive, intrusive early discovery Plaintiff seeks here, because of the serious question whether the Plaintiff trust has standing to assert these claims on behalf of PDVSA.

In short, Plaintiff had no authorization from the Court to serve premature discovery nor has it demonstrated good cause for such discovery (particularly given that the preliminary injunction hearing is not going forward at this time). Accordingly, the Motion should be granted.[4]

---

[4] Moreover, although Plaintiff claims discovery is required in order to ensure the preservation of relevant evidence, Defendants, as parties, are already under an obligation to preserve documents and electronically stored information related to the issues raised in this proceeding. *See Keim v. ADF Midatlantic*, LLC, 12-CV-80577, 2016 WL 7048835, at *4 (S.D. Fla. Dec. 5, 2016).

**B.      Plaintiff failed to give prior notice of the subpoenas to Defendant.**

Plaintiff's claim that it gave Defendants sufficient notice of the subpoenas is untrue. Indeed, Plaintiff completely ignores the fact that it violated Federal Rule of Civil Procedure 45(b)(1) by issuing the 60 subpoenas[5] to defendants and Rudolph without notifying Defendants in advance.   Rule 45(b)(1) clearly states "prior notice"—not after the fact notice—must be given to all defendants before attempting to serve any subpoenas.  *See Morris v. Sequa Corp.*, 275 F.R.D. 562, 566 (N.D. Ala. 2011) (holding that simultaneous notice of subpoenas does not satisfy the notice requirement of Rule 45(b)(1)).   Notably, although Plaintiff states that the subpoenas were not issued in secret because it provided copies to "attorneys for all parties' [sic] that have appeared," it fails to mention that those copies were given to counsel only *after* Defendants' counsel questioned Plaintiff's counsel regarding the subpoenas on March 27, 2018, and *after* service of the subpoenas had been attempted.   *See* Mot. at 4, Exs. A, H.   Moreover, Plaintiff's counsel failed to provide Defendants with notice of the subpoena for testimony that it issued to nonparty Rudolph on March 26, 2018.  *See* Ex. A.   There may be other subpoenas Plaintiff secretly

---

[5] Plaintiff argues throughout its Response that Defendants lack standing to assert challenges to the subpoenas issued to third parties; however, this general rule does not apply when a "party seeks to quash based on a personal right or privilege relating to the documents being sought."  *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05CV1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006).  All of the subpoenas issued by Plaintiff seek private and confidential information about Defendants—and in particular, the subpoenas issued to the banks request Defendants' monthly account statements—therefore, Defendants have the right to protect their confidential and privileged information by seeking to quash these subpoenas.  *See Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.*, No. 11-24032-CIV, 2012 WL 1918704, at *2 (S.D. Fla. May 25, 2012) ("Generally, a party lacks standing to challenge a subpoena served on another unless that party alleges a violation of its own rights or privileges.").

issued to nonparties but Defendants are unaware of these subpoenas because Plaintiff has violated the notification requirement under Rule 45.

Moreover, in an attempt to cure its clear violation of Rule 45(b)(1), Plaintiff baldly asserts, without any support, that Defendants would not be prejudiced by the timing of the notice. However, Defendants would indeed be prejudiced because Plaintiff is seeking premature discovery of confidential information, such as Defendants' bank account statements, and Defendants must now attempt to contact every bank to which Plaintiff has issued subpoenas in order to prevent their confidential information from being produced.

The subpoenas should be quashed solely on the basis that Plaintiff violated Rule 45(b)(1) by not providing Defendants with "prior notice." Fed. R. Civ. P. 45(b)(1); *see Fla. Media, Inc.*, 236 F.R.D. at 695 (holding Plaintiff "was obligated to give prior notice to Defendant" of the subpoenas, and because it "failed to do so," the subpoenas were "void and unenforceable").

### C. Plaintiff did not properly serve the subpoenas.

With regard to its improper service of the subpoenas, Plaintiff cites cases which it admits represent the "minority position" relating to the requirements of Rule 45(b)—that personal service is not required. *In re Falcon Air Exp., Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799, at *1 (Bankr. S.D. Fla. May 8, 2008). The majority view, however, states that "personal service on the witness being subpoenaed *is required*." *Klockner Namasco Holdings Corp. v. Daily Access. Com. Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (emphasis added); *Tidwell-Williams v. Nw. Georgia Health Sys., Inc.*, No. 1:97-CV-1726A-JEC, 1998 WL 1674745, at *7 (N.D. Ga. Nov. 19, 1998) ("Federal Rule of Civil Procedure 45(b)(1) mandates that subpoenas be served personally."). As one judge in the Southern District of Florida explained, the legislature has not amended the Rule to conform to the minority view despite several opportunities to do so:

[T]he "longstanding interpretation of Rule 45 has been that personal service of subpoenas is required," based on the literal construction of the word "delivering" in the Rule. . . . 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (3d ed.2010); *see also, e.g., MAC Funding Corp. v. ASAP Graphics, Inc*., No. 08–61785–MC, 2009 WL 1564236, *1 (S.D. Fla. June 3, 2009) (court powerless to enforce subpoena because it was not personally served) (Zloch, J.); *Federal Trade Comm'n v. Compagnie e Sain tGobain-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person").

[H]owever, [there is] an "emerging minority position" that "service of a subpoena under Rule 45[is] proper absent personal service." Wright & Miller, § 2454. . . . Although Rule 45 was amended in 2001, 2005, 2006 and most recently December 1, 2007, when most of these "minority" decisions were handed down, the revisors did not expand the methods of service. *See* David D. Siegel, Practice Commentaries, Fed. R. Civ. P. 45, cmt. C45–9 (West Supp. 2010) (internet only) ("An effort by the revisors to expand the methods of service, at least in designated circumstances, would have been welcome. It was not to be, however, and personal delivery remains the sole method prescribed [under Rule 45(b) ]"), *see also* 139 F.R.D. 197 (1992). Authority in this circuit suggests that a subpoena such as the one served in this case must be personally handed to the person named on the subpoena. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity under Rule 45).

*In re Matter Under Investigation by Grand Jury No. 1*, No. 10-81252-Marra, 2011 WL 761234, at *1 (S.D. Fla. Feb. 24, 2011).  In light of the foregoing, the court agreed with "the majority of courts that have addressed this issue in concluding that service under Rule 45(b)(1) must be personal to the named individual." *Id.*  There is no reason this Court should not apply the majority rule.[6]

### D.    The Subpoenas seek information that is overbroad and confidential.

With regard to Defendants' argument relating to the overbreadth of the subpoenas, the Response asserts that the requests are narrowly tailored to seek information relating to "just a three-month period."  Resp. at 12.  But the limitation on time period does not negate the fact that Plaintiff's requests seek, for example, every "monthly or other statement . . . for any account" in

---

[6]  Because the subpoenas commanding testimonial evidence at the April 4 hearing are now moot, Defendants do not address the arguments relating to the provision of travel and mileage fees.

which any of the 41 Defendants "have any interest" or over which any of the Defendants "have any control." *See, e.g.*, Mot., Ex. A at 10, 28.   In other words, the requests seek every account statement in 2018 for every bank account relating in any way to any of the Defendants.  The overbreadth of this request is self-evident.  *See Smith v. Pefanis, No. 1:08-CV-1042-JOF-RGV,* 2008 WL 11333335, at *4, *8 (N.D. Ga. Oct. 30, 2008) (noting that defendants "clearly have a personal right" in their bank records and quashing overly broad subpoenas issued to banks); *Gov't Employees Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, No. 616-CV-2077-ORL-28TBS, 2017 WL 7370979, at *2 (M.D. Fla. Mar. 20, 2017) (finding subpoenas that requested monthly bank account transaction statements "overbroad on their face" and thus "unenforceable").

As to the subpoena Plaintiff issued nonparty Rudolph, Plaintiff requested "[a]ll documents relating to PDVSA or the Defendants."  Ex. A.  This request is impermissibly overbroad because it seeks any document related to Defendants whether or not the document has any relation to PDVSA or any of the allegations in this action.  Because the request seeks irrelevant information, it is improper and such a fishing expedition should be prohibited.  *See, e.g.*, *Mey v. Interstate Nat'l Dealer Servs., Inc.*, No. 1:14-CV-01846-ELR, 2015 WL 11257059, at *2 (N.D. Ga. June 23, 2015) (granting motion to quash because the subpoena sought private information irrelevant to the litigation and was thus overbroad, and stating "parties are not permitted to go on 'fishing expeditions' which extend beyond the legitimate scope of discover").

For this reason too, the Motion should be granted.

E.      **The subpoenas do not allow a reasonable time for compliance.**

Finally, Plaintiff maintains that it provided a reasonable time for compliance with the subpoenas and alleges that "[t]he majority of Plaintiff's document subpoenas . . . were served by March 22, 2018, well in advance of the hearing scheduled for April 4, 2018."  Resp. at 13.  As

discussed in the Motion, however, Defendants are unaware of any subpoenas that have been properly served, much less any that were served by March 22 as Plaintiff claims. Moreover, given the breadth and number of documents encompassed by Plaintiff's requests, a compliance date of April 4th was simply unfeasible. *See Fitzhugh v. Topetzes*, No. 1:04-CV-3258-RWS, 2005 WL 8154753, at *4 (N.D. Ga. Sept. 1, 2005) (finding eight business days to respond to broad document requests insufficient under Rule 45).

## III.   CONCLUSION

For all of the foregoing reasons, the Court should grant the Motion and enter an Order quashing all subpoenas issued by Plaintiff to date.

Dated:  April 9, 2018                    Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Attorneys for Defendants Helsinge Inc., Helsinge*
*Ltd., Helsing Holdings, LLC, Daniel Lutz and*
*Luis Liendo*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799

By**:** *s/Brian A. Briz*
      Alex M. Gonzalez
      Florida Bar No. 991200
      alex.gonzalez@hklaw.com
      Israel J. Encinosa
      Florida Bar No. 0046083
      israel.encinosa@hklaw.com
      Brian A. Briz
      Florida Bar No. 657557
      brian.briz@hklaw.com
      David Kully (admitted *pro hac vice*)
      david.kully@hklaw.com

and

*s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

9

*Attorneys for Defendants*
*Francisco Morillo and Leonardo Baquero*

and

**MARK MIGDAL & HAYDEN**
*Attorneys for John Ryan and Alan Rudolph*
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

By: *s/ Donald J. Hayden*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I certify that on April 9, 2018, I filed this document with the Clerk of Court using CM/ECF,

which will serve this document on all counsel of record.

*s/Brian A. Briz*