# Adam Wolfson

| | |
|---|---|
| **From:** | George Carpinello <gcarpinello@BSFLLP.com> |
| **Sent:** | Thursday, April 12, 2018 10:47 AM |
| **To:** | Ethan Glass |
| **Cc:** | alex.gonzalez@hklaw.com; Brian.Briz@hklaw.com; cmullin@akingump.com; David.Kully@hklaw.com; don@markmigdal.com; etan@markmigdal.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; shmitchell@akingump.com; tmclish@akingump.com; aschwartz@paulweiss.com; ahudes@mayerbrown.com; aschachter@gsgpa.com; Adam Wolfson; akaplan@SusmanGodfrey.com; agalis@huntermaclean.com; arivero@riveromestre.com; breid@carltonfields.com; bkarp@paulweiss.com; bbirenboim@paulweiss.com; crodriguez@riveromestre.com; DBurkoff@huntermaclean.com; EMullins@reedsmith.com; framos@cspalaw.com; ggreenberg@gsgpa.com; hlundy@huntermaclean.com; Israel.Encinosa@hklaw.com; jeffrey.goldberg@hugheshubbard.com; jcarey@paulweiss.com; jkasketl@gunster.com; jguttman@gunster.com; mryan@mayerbrown.com; mkelso@susmangodfrey.com; mgervais@susmangodfrey.com; mlennon@mayerbrown.com; nmanne@susmangodfrey.com; nicolas.swerdloff@hugheshubbard.com; rjosefsberg@podhurst.com; ssilverglate@cspalaw.com; srosenthal@podhurst.com; SLee@porterhedges.com; Stephen Hauss; smedlock@mayerbrown.com; woblack@susmangodfrey.com; William Burck |
| **Subject:** | RE: PDVSA v. Lukoil et al. |

Unless Defendants are at least willing to tell us which Defendants are contesting jurisdiction and service of process, we have no agreement going forward with regard to either scheduling or preservation.  Without an agreement on scheduling, the due date for answers is April 20, 2018.  We are prepared to continue negotiations on both the preservation order and the scheduling stipulation in good faith but we will not continue to engage in discovery without knowing which Defendants are objecting to jurisdiction or service of process.

**George F. Carpinello**
Partner

**BOIES SCHILLER FLEXNER LLP**
30 South Pearl St. 11th Floor
Albany, NY 12207
(t) +1 518-434-0600
gcarpinello@bsfllp.com
www.bsfllp.com

---

**From:** Ethan Glass [mailto:ethanglass@quinnemanuel.com]
**Sent:** Thursday, April 12, 2018 6:47 AM
**To:** Israel.Encinosa@hklaw.com
**Cc:** George Carpinello <gcarpinello@BSFLLP.com>; alex.gonzalez@hklaw.com; Brian.Briz@hklaw.com; cmullin@akingump.com; David.Kully@hklaw.com; don@markmigdal.com; etan@markmigdal.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; shmitchell@akingump.com; tmclish@akingump.com; aschwartz@paulweiss.com; ahudes@mayerbrown.com; aschachter@gsgpa.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; akaplan@SusmanGodfrey.com; agalis@huntermaclean.com; arivero@riveromestre.com; breid@carltonfields.com; bkarp@paulweiss.com; bbirenboim@paulweiss.com;

1

crodriguez@riveromestre.com; DBurkoff@huntermaclean.com; EMullins@reedsmith.com; framos@cspalaw.com; ggreenberg@gsgpa.com; hlundy@huntermaclean.com; jeffrey.goldberg@hugheshubbard.com; jcarey@paulweiss.com; jkasketl@gunster.com; jguttman@gunster.com; mryan@mayerbrown.com; mkelso@susmangodfrey.com; mgervais@susmangodfrey.com; mlennon@mayerbrown.com; nmanne@susmangodfrey.com; nicolas.swerdloff@hugheshubbard.com; rjosefsberg@podhurst.com; ssilverglate@cspalaw.com; srosenthal@podhurst.com; SLee@porterhedges.com; Stephen Hauss <stephenhauss@quinnemanuel.com>; smedlock@mayerbrown.com; woblack@susmangodfrey.com; William Burck <williamburck@quinnemanuel.com>
**Subject:** Re: PDVSA v. Lukoil et al.

Hi George, any further discussions about this schedule are premature until we have clear confirmation of the process we have been negotiating—standing resolved first, all of defendants' other motions/defenses are preserved and resolved after (starting with motions to dismiss on June 15), if plaintiff proves standing.

Best Regards,
Ethan Glass
Direct: (202) 538-8265
Mobile: (202) 531-2396

On Apr 12, 2018, at 1:50 AM, "Israel.Encinosa@hklaw.com" <Israel.Encinosa@hklaw.com> wrote:

George,

To avoid any confusion, and as discussed on our call earlier today, the "Morillo Group Defendants" do not and will not agree to the scheduling stipulation and/or the document preservation order until the "jurisdictional issue" (as you refer to it) is addressed, including by adding language to the proposed stipulation that makes clear that by entering into the stipulation and doing the things provided for in the stipulation (including taking part in discovery as to the issue of standing) the defendants are not waiving any defenses including, but not limited to, as to the sufficiency of service of process, personal jurisdiction, arbitrability, etc.  Although, as we mentioned on today's call, we understood this was always part of the proposed stipulation going back many days now (including because plaintiff never objected to the whereas clause regarding non-waiver of defenses), your email of last night called plaintiff's position on that issue into question for the first time.

We will review your most recent revisions to the proposed stipulation and preservation order, but will not comment and/or confirm our agreement thereto until Plaintiff has made clear that it agrees defendants have not waived any defenses by negotiating the stipulation and will not waive any defenses by doing any of the things provided for in the stipulation and language to be inserted in the stipulation to that effect is agreed upon.

Regards,
Israel

**Israel Encinosa | Holland & Knight**
Partner
701 Brickell Avenue, Suite 3300 | Miami FL 33131
Phone 305.789.7602 | Fax 305.789.7799
israel.encinosa@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** George Carpinello [mailto:gcarpinello@BSFLLP.com]
**Sent:** Wednesday, April 11, 2018 5:54 PM
**To:** 'Ethan Glass' <ethanglass@quinnemanuel.com>
**Cc:** Gonzalez, Alex M (MIA - X27666) <alex.gonzalez@hklaw.com>; Briz, Brian A (MIA - X27723) <Brian.Briz@hklaw.com>; cmullin@akingump.com; Kully, David (WAS - X75415) <David.Kully@hklaw.com>; don@markmigdal.com; etan@markmigdal.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; shmitchell@akingump.com; tmclish@akingump.com; aschwartz@paulweiss.com; ahudes@mayerbrown.com; aschachter@gsgpa.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; Gonzalez, Alex M (MIA - X27666) <alex.gonzalez@hklaw.com>; akaplan@SusmanGodfrey.com; agalis@huntermaclean.com; arivero@riveromestre.com; breid@carltonfields.com; bkarp@paulweiss.com; Briz, Brian A (MIA - X27723) <Brian.Briz@hklaw.com>; bbirenboim@paulweiss.com; crodriguez@riveromestre.com; cmullin@akingump.com; Kully, David (WAS - X75415) <David.Kully@hklaw.com>; DBurkoff@huntermaclean.com; don@markmigdal.com; EMullins@reedsmith.com; etan@markmigdal.com; framos@cspalaw.com; ggreenberg@gsgpa.com; hlundy@huntermaclean.com; jeffrey.goldberg@hugheshubbard.com; jcarey@paulweiss.com; jkasketl@gunster.com; jguttman@gunster.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; mryan@mayerbrown.com; mkelso@susmangodfrey.com; mgervais@susmangodfrey.com; mlennon@mayerbrown.com; nmanne@susmangodfrey.com; nicolas.swerdloff@hugheshubbard.com; rjosefsberg@podhurst.com; ssilverglate@cspalaw.com; shmitchell@akingump.com; srosenthal@podhurst.com; SLee@porterhedges.com; Stephen Hauss <stephenhauss@quinnemanuel.com>; smedlock@mayerbrown.com; tmclish@akingump.com; woblack@susmangodfrey.com; William Burck <williamburck@quinnemanuel.com>; Encinosa, Israel J (MIA - X27602) <Israel.Encinosa@hklaw.com>
**Subject:** RE: PDVSA v. Lukoil et al.

Ethan: I will not be able to get back to you by close of business today with regard to the jurisdictional issue. However, I am enclosing a blackline revision to the scheduling stipulation that reflects changes from the draft I sent you yesterday that were discussed in a meet and confer with the Morillo Group Defendants counsel today. Understanding your position on jurisdiction, but putting that aside for the moment, please let me know if this stipulation is acceptable in its terms. The blackline reflects changes made today in the meet and confer with the Morillo Group Defendants.

Also attached is a preservation order that, jurisdictional issues aside, I understand the Morillo Group Defendants counsel are prepared to enter into with regard to them. I would like to renew our request that the Non-Morillo Group Defendants consider this proposed preservation order which would obviate the need for a preliminary injunction hearing.

Thank you,

**George F. Carpinello**
Partner

**BOIES SCHILLER FLEXNER LLP**
30 South Pearl St. 11th Floor
Albany, NY 12207
(t) +1 518-434-0600
gcarpinello@bsfllp.com
www.bsfllp.com

**From:** Ethan Glass [mailto:ethanglass@quinnemanuel.com]
**Sent:** Wednesday, April 11, 2018 4:11 PM
**To:** Israel.Encinosa@hklaw.com; George Carpinello <gcarpinello@BSFLLP.com>
**Cc:** alex.gonzalez@hklaw.com; Brian.Briz@hklaw.com; cmullin@akingump.com; David.Kully@hklaw.com; don@markmigdal.com; etan@markmigdal.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; shmitchell@akingump.com; tmclish@akingump.com; aschwartz@paulweiss.com; ahudes@mayerbrown.com; aschachter@gsgpa.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; alex.gonzalez@hklaw.com; akaplan@SusmanGodfrey.com; agalis@huntermaclean.com; arivero@riveromestre.com; breid@carltonfields.com; bkarp@paulweiss.com; Brian.Briz@hklaw.com; bbirenboim@paulweiss.com; crodriguez@riveromestre.com; cmullin@akingump.com; David.Kully@hklaw.com; DBurkoff@huntermaclean.com; don@markmigdal.com; EMullins@reedsmith.com; etan@markmigdal.com; framos@cspalaw.com; ggreenberg@gsgpa.com; hlundy@huntermaclean.com; jeffrey.goldberg@hugheshubbard.com; jcarey@paulweiss.com; jkasketl@gunster.com; jguttman@gunster.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; mryan@mayerbrown.com; mkelso@susmangodfrey.com; mgervais@susmangodfrey.com; mlennon@mayerbrown.com; nmanne@susmangodfrey.com; nicolas.swerdloff@hugheshubbard.com; rjosefsberg@podhurst.com; ssilverglate@cspalaw.com; shmitchell@akingump.com; srosenthal@podhurst.com; SLee@porterhedges.com; Stephen Hauss <stephenhauss@quinnemanuel.com>; smedlock@mayerbrown.com; tmclish@akingump.com; woblack@susmangodfrey.com; William Burck <williamburck@quinnemanuel.com>
**Subject:** RE: PDVSA v. Lukoil et al.

Dear Plaintiff's Counsel:

I write on behalf of Trafigura Trading, LLC; BAC Florida Bank; Colonial Oil Industries, Inc., Colonial Group, Inc., and Paul Rosado; Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, and Sergio De La Vega; Lukoil Pan Americas LLC; and Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui.  We understand you have advanced the position in recent email correspondence with certain defendants and in Plaintiff's First Request for Production of Documents that any participation by a defendant in the standing discovery that the Court has permitted would constitute a waiver of that defendant's service of process and personal jurisdiction defenses.

We strongly disagree with plaintiff's position on this point.  A motion to dismiss based on insufficiency of service and/or personal jurisdiction is not waived so long as it is asserted in a defendant's first Rule 12(b) motion.  *See Pouyeh* v. *Public Health Trust of Jackson Health System*, --- Fed. Appx. ---, 2017 WL 5592268, at *3 (11th Cir. 2017).  Given that no Rule 12(b) motion has yet been made, and in fact they are set for June 15 by your agreement, there has been no waiver.  Moreover, discovery related to whether the Court even has subject matter jurisdiction does not waive any Rule 12(b) defenses.

Moreover, it was crystal clear in our March 29, 2018 request for this process, [ECF No. 193 at 2 n.2], and at the Court hearing on April 4, that the proposal that the Judge approved was to litigate the standing issue *first*, before proceeding to other motions to dismiss (including motions directed to service and personal jurisdiction) without any waivers of any defenses.  There was no suggestion by anyone attending the hearing (either before, then, or after) that by agreeing to the protocol to litigate plaintiff's standing, defendants would be waiving any defenses, nor did plaintiff or the Court say anything that suggested such a result.  Indeed, despite an extended back and forth between plaintiff and defendants regarding the schedule for standing discovery and defendants' time to respond to the Amended Complaint, which began immediately after the April 4 hearing and is continuing, last night—after defendants served their document requests—was the first time plaintiff has ever indicated that it is taking the position that defendants' participation in standing related discovery would operate as a waiver of anything.  Further, as you know, defendants have been explicit—including in my April 4 recap of the meet and confer on schedule and all drafts of the Scheduling Stipulation (which expressly state that the June 15 filing "would be the Defendants' first responsive pleadings, and thus all defenses and motions under Federal Rule[s] of Civil Procedure are preserved.")—that defendants have not and are not waiving any defenses,

4

including, specifically, service and personal jurisdiction, which would be litigated after the standing issues (beginning on June 15).

Please confirm—by the end of today—that you will not argue that defendants waived any defenses by participating in the process for determining whether plaintiff has standing so that the parties may proceed without further delay.  In the event you decide to maintain your position, it will stop any forward progress because we will be forced to take this issue to the Court for clarification before we proceed.

Best,
Ethan

---

**From:** Israel.Encinosa@hklaw.com [mailto:Israel.Encinosa@hklaw.com]
**Sent:** Tuesday, April 10, 2018 10:15 PM
**To:** gcarpinello@BSFLLP.com
**Cc:** alex.gonzalez@hklaw.com; Brian.Briz@hklaw.com; cmullin@akingump.com; David.Kully@hklaw.com; don@markmigdal.com; etan@markmigdal.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; shmitchell@akingump.com; tmclish@akingump.com; aschwartz@paulweiss.com; ahudes@mayerbrown.com; aschachter@gsgpa.com; Adam Wolfson <adamwolfson@quinnemanuel.com>; alex.gonzalez@hklaw.com; akaplan@SusmanGodfrey.com; agalis@huntermaclean.com; arivero@riveromestre.com; breid@carltonfields.com; bkarp@paulweiss.com; Brian.Briz@hklaw.com; bbirenboim@paulweiss.com; crodriguez@riveromestre.com; cmullin@akingump.com; David.Kully@hklaw.com; DBurkoff@huntermaclean.com; don@markmigdal.com; EMullins@reedsmith.com; etan@markmigdal.com; Ethan Glass <ethanglass@quinnemanuel.com>; framos@cspalaw.com; ggreenberg@gsgpa.com; hlundy@huntermaclean.com; Israel.Encinosa@hklaw.com; jeffrey.goldberg@hugheshubbard.com; jcarey@paulweiss.com; jkasketl@gunster.com; jguttman@gunster.com; kpathman@akingump.com; lara@markmigdal.com; mmacdougall@akingump.com; mryan@mayerbrown.com; mkelso@susmangodfrey.com; mgervais@susmangodfrey.com; mlennon@mayerbrown.com; nmanne@susmangodfrey.com; nicolas.swerdloff@hugheshubbard.com; rjosefsberg@podhurst.com; ssilverglate@cspalaw.com; shmitchell@akingump.com; srosenthal@podhurst.com; SLee@porterhedges.com; Stephen Hauss <stephenhauss@quinnemanuel.com>; smedlock@mayerbrown.com; tmclish@akingump.com; woblack@susmangodfrey.com; William Burck <williamburck@quinnemanuel.com>; Israel.Encinosa@hklaw.com
**Subject:** RE: PDVSA v. Lukoil et al.

George:

We will get back to you on the proposed changes to the Scheduling Stipulation and the Preservation Order tomorrow.  With respect your email below, we are frankly very surprised by your statement that anything we do on behalf of our clients "beyond entering into these stipulations or anything beyond litigating service of process or personal jurisdiction issues will, in our view, constitute a waiver of any such objections."  We have been negotiating the Scheduling Stipulation in good faith for the past week and not once during those negotiations did you take the position that our clients would be waiving service of process or personal jurisdiction defenses by engaging in the activities contemplated under the proposed Scheduling Stipulation.  Further, we have always maintained, including in language contained in the proposed Scheduling Stipulation itself, that by engaging in the activities contemplated therein, we would not be waiving any defenses.  At no time did you object to the language or state that Plaintiff would view the activity as a waiver of any defenses.  Finally, your position defeats the purpose of Judge Gayles having ordered the parties to deal with the threshold issue of standing first.  It defies logic that Judge Gayles understood or anticipated that the parties would waive any Rule 12(b) defenses or other defenses by dealing with the standing issue first, and dealing with other motion to dismiss grounds later, and only if necessary.

While certain of the defendants served Defendants' First Request for Production to Plaintiff earlier today, we understand the request was served only after you informed them that you had reached an agreement with us regarding the Scheduling Stipulation.  Our clients, however, were not aware that the discovery requests would be served prior to a final stipulation being agreed upon , and did not agree to the service of discovery requests, without a Scheduling Stipulation in place.  Given the position that you have taken at this late hour, we are withdrawing the Defendants' First Request for Production to Plaintiffs on behalf of our respective clients (which, to be clear, include Helsinge, Inc., Helsinge Holdings LLC, Helsinge Ltd., Francisco Morillo, Luis Liendo, Leonardo Baquero, Daniel Lutz and John Ryan).  We are copying counsel for the other defendants in case they desire to withdraw from Defendants' First Request for Production to Plaintiff in light of the position that you have taken, which we understand has also caught them by surprise.

Obviously, we need to discuss this issue tomorrow, and the earlier, the better.  Frankly, if we can't agree to bifurcate the motion to dismiss to deal with the issue of standing first, then this whole exercise makes little sense and the efficiencies that we were trying to create for the parties and the Court will go by the wayside.  Thus, if we can't reach an agreement tomorrow, we may need to revisit this issue with the Court.  Of course, since we have yet to reach a stipulation our clients also are under no obligation to respond to the requests for production Plaintiff has served this evening (or any other provision in the current draft stipulation).

Additionally, on a related note, we again ask that you identify which are the defendants you claim have been served with process and that you file returns of service with the Court as required under the rules.  We have been requesting this information for weeks and, to date, it has not been provided.

Lastly, under the current proposed draft stipulation you circulated earlier the proposed deadline for the parties to serve the initial production of documents regarding the standing is not today, it is tomorrow.

Regards,
Israel

**Israel Encinosa** | **Holland & Knight**
Partner
701 Brickell Avenue, Suite 3300 | Miami FL 33131
Phone 305.789.7602 | Fax 305.789.7799
israel.encinosa@hklaw.com | www.hklaw.com

Add to address book | View professional biography

> **From:** George Carpinello [mailto:gcarpinello@BSFLLP.com]
> **Sent:** Tuesday, April 10, 2018 7:16 PM
> **To:** Gonzalez, Alex M (MIA - X27666) <alex.gonzalez@hklaw.com>; Briz, Brian A (MIA - X27723) <Brian.Briz@hklaw.com>; 'Connor Mullin' <cmullin@akingump.com>; Kully, David (WAS - X75415) <David.Kully@hklaw.com>; 'Donald J. Hayden' <don@markmigdal.com>; 'Etan Mark' <etan@markmigdal.com>; Encinosa, Israel J (MIA - X27602) <Israel.Encinosa@hklaw.com>; 'Kimberly A.

Pathman' <kpathman@akingump.com>; 'Lara O'Donnell Grillo' <lara@markmigdal.com>; 'Mark J. MacDougall' <mmacdougall@akingump.com>; 'Stacey H. Mitchell' <shmitchell@akingump.com>; 'Thomas P. McLish' <tmclish@akingump.com>
**Subject:** PDVSA v. Lukoil et al.

Here are the proposed changes to the Scheduling Stipulation and the Preservation Order reflecting our discussion of this morning.

Two additional points:

1. We have no problem stipulating that entering into either stipulation does not waive any of your objections to service or process or personal jurisdiction.  However, we need to make clear that anything that you do on behalf of your clients beyond entering into these stipulations or anything beyond litigating service of process or personal jurisdiction issues will, in our view, constitute a waiver of any such objections.  That would include, of course, engaging in any discovery.

2. We've taken a look at the case law and we believe that our position with regard to the marital privilege is correct.  That is, the privilege only applies to testimony given in court and does not prevent a spouse from communicating marital conversations with law enforcement.  Please see the attached case *State of Florida v. Grady*. In light of this fact, please let us know how you would like to proceed.

**George F. Carpinello**
Partner

**BOIES SCHILLER FLEXNER LLP**
30 South Pearl St. 11th Floor
Albany, NY 12207
(t) +1 518-434-0600
gcarpinello@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]