**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA U.S. LITIGATION TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,<br><br>　　　　　　Defendants. | Case No. 1:18-CV-20818 (DPG) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR**
**EXPEDITED SCHEDULING ORDER [DKT. NO. 240]**

Plaintiff hereby responds to the motion of Defendants Trafigura Trading, LLC; BAC Florida Bank; Colonial Oil Industries, Inc., Colonial Group, Inc. and Paul Rosado; Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, and Sergio De La Vega; Lukoil Pan Americas LLC; and Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui (collectively, the "Moving Defendants") for entry of a scheduling order establishing deadlines for standing-related discovery and the time for Defendants to respond to the Amended Complaint.

As the Moving Defendants concede, the parties have been negotiating a scheduling order for at least the last 10 days. Moving Defendants have now decided to abort the process and ask the Court to enter an order favoring them, rather than continuing to negotiate in good faith.

The Moving Defendants are demanding that they be allowed to engage in discovery concerning Plaintiff's alleged lack of standing without advising Plaintiff whether these same Defendants are even contesting personal jurisdiction or venue. Plaintiff's position is simple: If Defendants are going to move to dismiss on the grounds that this Court lacks jurisdiction over them, or that service of process was improper, they should not be engaging in discovery on the issue of Plaintiff's standing. Plaintiff simply asked that Moving Defendants agree, as a condition of engaging in discovery, to advise Plaintiff which Defendants intend to challenge personal jurisdiction or service of process. Defendants have refused.

Moving Defendants claim that Plaintiff's jurisdictional position came from nowhere, but it was the Morillo Group Defendants that demanded that the scheduling stipulation contain a "Whereas" clause which states that entering into the stipulation would not result in a waiver of

jurisdictional defenses.  *See* Exhibit A hereto[1].  Plaintiff then advised Defendants that such a clause was acceptable to the extent that joining in the stipulation would not result in a waiver, but Plaintiff would not agree that Defendants who chose to engage in discovery could later argue that they should not even be before the Court.

As Defendants themselves concede, they are asking the Court to allow them to file a motion to dismiss on standing grounds, and later to file another motion to dismiss on jurisdictional grounds.  Defs.' Motion at 7.  But Defendants provide no reason why the Court should depart from the normal Rule 12 procedures.

Moving Defendants also suggest that Plaintiff has not negotiated in good faith.  But it is Defendants that have tried to sandbag Plaintiff.  Plaintiff's counsel sent the Moving Defendants a proposed scheduling stipulation on April 10, 2018.  The Moving Defendants adamantly refused to discuss the merits of the stipulation unless and until Plaintiff dropped its position on the jurisdictional issue.  Those Defendants *never* consented to the terms of the stipulation until they contacted Plaintiff's counsel by telephone on Friday afternoon, April 13, 2018, moments before they filed this motion, advising Plaintiff that, unless Plaintiff dropped its jurisdictional demand, they would ask the Court to enter the very same stipulation that they refused to negotiate with Plaintiff.

Plaintiffs respectfully ask the Court to adopt a straightforward procedure:  Defendants should file their answers or motions to dismiss on April 20, 2018[2] and should raise any Rule

---

[1] Defendants fail to provide the Court with the relevant draft of the proposed stipulation that contains the "Whereas" clause.

[2] Plaintiff had originally agreed to extend all Defendants' time to answer to April 20, 2018.  As a condition to entering into the stipulation, Plaintiff had agreed to extend that time further to June 15, 2018.  But Plaintiff is unwilling to engage in discovery with Defendants, only to have those Defendants contest personal jurisdiction on June 15, 2018.  Defendants argue that Plaintiff

12(b) ground for dismissal they wish, including a challenge to Plaintiff's standing. If, after review of the motion, this Court determines that the standing motion requires further discovery, the Court may order appropriate discovery at that time. Plaintiff should not be faced with *seriatim* motions to dismiss.

Further, as demonstrated in Plaintiffs' Reply Brief [Dkt. No. 221], the Act of State Doctrine bars any inquiry into the validity of PDVSA's assignment of its claims to the PDVSA U.S. Litigation Trust. *Id*. at 27-29. In any event, Defendants are simply wrong in their analysis of Venezuelan law. *See* Declaration of José Rogelio Pérez-Perdomo, dated April 9, 2018, submitted herewith.

Moreover, as Plaintiff further pointed out in its Reply, the issue of the Trust's capacity to sue is not a matter of Article III standing and, therefore, does not affect this Court's subject matter jurisdiction. Consequently, it does not prevent this Court from proceeding to decide all matters that may be raised in motions to dismiss, including prudential standing, in the normal cause. *Id*. at 27.

## CONCLUSION

Wherefore, Plaintiff respectfully requests that Defendants' motion be denied in its entirety.

---

should be bound by the June 15, 2018 date even though it was contingent on reaching agreement on the other terms of the stipulation. The parties had also agreed, contingent upon entry of the stipulation, to exchange documents concerning the standing issue on April 10, 2018. *See* Ethan Glass email of April 9, 2018; 5:16 p.m. [Dkt. No. 239-4] Exhibit B to the Wolfson Declaration of April 13, 2018. Plaintiff provided such documents; Defendants did not. Thus, it is clear that Defendants do not feel themselves bound by any of the terms of the stipulation, but insist on binding Plaintiff.

Dated:  April 14, 2018

        **BOIES SCHILLER FLEXNER LLP**

By:  */s/ Steven W. Davis*
     Steven W. Davis (Bar No.: 347442)
     Stephen N. Zack (Bar No.: 145215)
     Bank of America Tower
     100 Southeast 2nd St., Suite 2800
     Miami, FL 33131
     Tel:  (305) 539-8400
     Fax:  (305) 539-1307

     David Boies
     Helen M. Maher
     333 Main Street
     Armonk, New York 10504
     Tel: (914) 749-8200
     Fax: (914) 749-8300

     Nicholas A. Gravante, Jr.
     David A. Barrett
     575 Lexington Avenue
     New York, New York 10022
     Tel: (212) 446-2300
     Fax: (212) 446-2350

     George F. Carpinello
     30 S. Pearl Street, 11th Floor
     Albany, New York 12207
     Tel:  (518) 434-0600
     Fax:  (518) 434-0665

     *Attorneys for Plaintiff*