```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                         MIAMI DIVISION
                       CASE NO. 18-CV-20818-DPG
 3

 4   PDVSA US Litigation Trust,          Miami, Florida

 5        Plaintiff,                     April 16, 2018

 6            vs.                        10:15 a.m. to 12:00 a.m.

 7   LUKOIL PAN AMERICAS, LLC, et al.    Pages 1 to 64

 8        Defendants.
     _____
 9

10                         MOTION HEARINGS
              BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
11                 UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13

     FOR THE PLAINTIFF:        STEVEN W. DAVIS, ESQ.
14   PDVSA US LITIGATION       STEPHEN N. ZACK, ESQ.
                               NICHOLAS GRAVANTE, ESQ.
15                             BOIES SCHILLER FLEXNER, LLP
                               100 S.E. 2nd Street
16                             Suite 2800
                               Miami, Florida 33131
17                                   -and-
                               GEORGE F. CARPINELLO, ESQ.
18                             HELEN MAHER, ESQ.
                               BOIES SCHILLER FLEXNER, LLP
19                             30 South Pearl Street, 11th Floor
                               Albany, New York 12207
20

21   FOR THE DEFENDANTS:       ISRAEL J. ENCINOSA, ESQ.
     HELSINGE, INC.            ALEX GONZALES, ESQ.
22   HELSINGE, LTD            BRIAN BRIZ, ESQ.
     HELSINGE HOLDINGS         HOLLAND AND KNIGHT, LLP
23   DANIEL LUTZ               701 Brickell Avenue, Suite 3000
     MARIA F. RODRIGUEZ        Miami, Florida 33131
24   LUIS LIENDO

25                             ---CONTINUED---
```

```
 1   FOR THE DEFENDANT:        ETAN MARK, ESQ.
     JOHN RYAN                 MARK MIGDAL & HAYDEN
 2                             80 SW 8th Street, Suite 1999
                               Miami, Florida 33130
 3

 4   FOR THE DEFENDANT:        NICOLAS SWERDLOFF, ESQ.
     BAC FLORIDA BANK          JEFFREY B. GOLDBERG, ESQ.
 5                             HUGHES HUBBARD
                               201 South Biscayne Boulevard
 6                             Miami, Florida 33131

 7

 8   FOR THE DEFENDANTS:       MARK J. MACDOUGALL, ESQ.
     FRANCISCO MORILLO         STACY MITCHELL, ESQ.
     LEONARD BARQUERO          TOMAS P. MCLISH, ESQ.
 9                             AKIN GUMP STRAUSS HAUER & FELD, LLP
                               1331 New Hampshire Avenue, NW
10                             Washington, DC 20036

11

12   FOR THE DEFENDANT:        FRANK RAMOS, ESQ.
     MAXIMILIANO POVEDA        CLARKE SILVERGLATE, P.A.
                               799 Brickell Plaza, 9th Floor
13                             Miami, Florida 33131
                                      -and-
14                             STEPHEN H. LEE, ESQ.
                               PORTER HEDGES, LLP
15                             1000 Main Street, 36th Floor
                               Houston, Texas 77002
16

17   FOR THE DEFENDANTS:       JESSICA CAREY, ESQ.
     GLENCORE, LTD             PAUL WEISS RIFKIND
18   GLENCORE ENERGY, UK       WHARTON & GARRISON
     SERGIO DE LA VEGA         1285 Avenue of the Americas
19   GUSTAVO GABALDON          New York, New York 10019
                                      -and-
20                             ROBERT C. JOSEFSBERG, ESQ.
                               STEPHEN ROSENTHAL, ESQ.
21                             PODHURST ORSECK, P.A.
                               One SE Third Avenue, Suite 2700
22                             Miami, Florida 33131
                                      -and-
23                             ADAM B. SCHWARTZ, ESQ.
                               PAUL WEISS RIFKIND WHARTON & GARRISON
24                             2001 K. Street NW
                               WASHINGTON, DC 20006
25
                               ---CONTINUED---
```

```
 1
        FOR THE DEFENDANT:          ADAM L. HUDES, ESQ.
 2      LUKOIL PAN AMERICAS         MAYER BROWN, LLP
                                    1999 K Street N.W.
 3                                  Washington, DC 20006
                                             -and-
 4                                  JORGE GUTTMAN, ESQ.
                                    GUNSTER
 5                                  600 Brickell Avenue, Suite 3500
                                    Miami, Florida 33131
 6

 7      FOR THE DEFENDANTS:         MICHAEL C. KELSO, ESQ.
        VITOL ENERGY (BERMUDA)      SUSMAN GODFREY, LLP
 8      VITOL, INC.                 1000 Louisiana St, Suite 5100
        ANTONIO MAARRAOUI           Houston, Texas 77002
 9                                           -and-
                                    GERALD GREENBERG, ESQ.
10                                  GELBER, SCHACHTER & GREENBERG, P.A.
                                    1221 Brickell Avenue, Suite 2010
11                                  Miami, Florida 33131

12
        FOR THE DEFENDANT:          ETHAN GLASS, ESQ.
13      TRAFIGURA TRADING LLC       QUINN, EMANUEL, URQUHART AND SULLIVAN
                                    777 6th Street, NW
14                                  11th Floor
                                    Washington, DC 20001
15                                           -and-
                                    CHRISTINA OLIVOS, ESQ.
16                                  REED SMITH
                                    1001 Brickell Bay Drive, Suite 900
17                                  Miami, Florida 33131

18
        FOR THE DEFENDANTS:         BENJAMINE REID, ESQ.
19      COLONIAL GROUP, INC.        CARLTON FIELDS
        COLONIAL OIL INDUSTRIES     100 S.E. Second Street
20      PAUL ROSADO                 Suite 4200
                                    Miami, Florida 33131
21

22      FOR THE WITNESS:            JENNIFER ALTMAN, ESQ.
        VANESSA ACOSTA FRIEDMAN     PILLSBURY WINTHROP SHAW PITTMAN, LLP
23                                  600 Brickell Avenue
                                    Suite 3100
24                                  Miami, Florida 33131

25
```

1    STENOGRAPHICALLY REPORTED BY:

2                         PATRICIA DIAZ, FCRR, RPR, FPR
                          Official Court Reporter
3                         United States District Court
                          400 North Miami Avenue
4                         11th Floor
                          Miami, Florida 33128
5                         (305) 523-5178

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (Call to the order of the Court.)

 2         COURTROOM DEPUTY:  The United States District Court for

 3    the Southern District of Florida is now in session.  The

 4    Honorable Alicia M. Otazo-Reyes presiding.

 5         THE COURT:  Good morning everyone.

 6         COURTROOM DEPUTY:  PDVSA versus Lukoil Pan Americas,

 7    LLC, et al, case number 18-20818-CV-Gayles.

 8              Counsel, please state your appearances for the record.

 9         MR. CARPINELLO:  Good morning, Your Honor, for the

10    plaintiff, George Carpinello of Boies Schiller & Flexner.  With

11    me are, Helen Maher, Nicholas Gravante, Stephen Zack, Stephen

12    Davis all of Boies Schiller, Your Honor.

13         THE COURT:  All right.

14         MS. OLIVOS:  Good morning, Cristina Olivos and Ethan

15    Glass here on behalf of the Defendants Trafigura Trading, LLC.

16         THE COURT:  Slowly because you are not all appearing on

17    the order that I have you so that I can make sure I identify.

18    So, Trafigura Trading is Ms. Olivos and Mr. Glass.

19         MS. OLIVOS:  Yes, Your Honor.

20         THE COURT:  Next.

21         MS. CAREY:  Good morning, Your Honor, for Glencore

22    Limited, Glencore Energy UK Limited, Gustavo Gabaldon and

23    Sergio de la Vega, my name is Jessica Carey from Paul Weiss.

24         I am here with my colleagues Adam Schwartz and also

25    Stephen Rosenthal and Bob Josefsberg from Podhurst firm.
```

```
 1              THE COURT:  All right.  Next.

 2              MR. REID:  Your Honor, I am Ben Reid from Carlton

 3    Fields, I represent Colonial Oil, two defendants and

 4    Mr. Rosado.

 5              THE COURT:  All right.

 6              MR. MACDOUGALL:  Good morning, Your Honor, Mark

 7    MacDougall, Akin Gump Strauss in Washington, DC, representing

 8    the defendants Morillo and Baquero.  With me is Stacey Mitchell

 9    and Tom McLish.

10              THE COURT:  Thank you, Stacey Mitchell and Tom McLish.

11    Okay.

12              MR. ENCINOSA:  Good morning, Your Honor, Israel

13    Encinosa of Holland & Knight representing defendants Helsinge

14    Inc., Helsinge Limited, Helsinge Holdings, LLC, Dan Lutz, Luis

15    Liendo and Maria Fernandez Rodriguez.  With me also are Alex

16    Gonzales and Brian Briz of Holland & Knight.  This is a limited

17    appearance.

18              THE COURT:  All right.  Mr. Briz, Mr. Gonzalez.

19              All right.  Brian Briz.

20              COURTROOM DEPUTY:  Judge, I'm sorry, It's Brianna.

21              MR. ENCINOSA:  It's Brian.

22              THE COURT:  All right.  It's Brian A. Briz.

23              Okay.  So then you have, let's see, Daniel Lutz, Luis

24    Liendo, Helsinge Holdings, Helsinge, Inc., Helsinge, LTD.  And

25    what is Saint-Helier?
```

```
1              MR. ENCINOSA:  Sometimes I have seen it in the

2    pleadings after Helsinge Limited.

3              THE COURT:  Yes.

4              MR. ENCINOSA:  We refer to it as Helsinge Limited.

5              THE COURT:  Saint-Helier, what is that?

6              MR. ENCINOSA:  We believe the plaintiffs are calling

7    Helsinge Limited, Helsinge Limited Saint-Helier.

8              THE COURT:  But it's only one name Helsinge, Limited?

9              MR. ENCINOSA:  One more that I mentioned was Maria

10   Fernanda Rodriguez.

11             THE COURT:  Okay.  That I didn't know.

12             MR. ENCINOSA:  And our appearances on behalf of the

13   defendant is limited without waiver of any defenses.

14             THE COURT:  Right.  Okay.

15             MR. MARK:  Good morning, Your Honor, Etan Mark on

16   behalf from the law firm of Mark, Migdal and Hayden

17   representing the defendant, John Ryan.

18             THE COURT:  Good morning.  Okay.

19             MR. HUDES:  Good morning, Your Honor, Adam Hudes on

20   behalf of Mayer Brown on behalf of Lukoil Pan Americas.

21             THE COURT:  Okay.

22             MR. HUDES:  And with me today is our local counsel

23   Jorge Guttman from the Gunster firm.

24             THE COURT:  All right.

25             MR. KELSO:  Good morning, Your Honor, my name is
```

1  Michael Kelso.  I am with Susman Godfrey.  I am here with Gerry

2  Greenberg from Gelber, Schachter & Greenberg.  We represent

3  Vitol, Inc., Vitol Energy Bermuda Limited and Antonio

4  Maarraoui.

5       THE COURT:  All right.  Nice to see you, Mr. Greenberg.

6       MR. GREENBERG:  Same to you, Your Honor.  Thanks.

7       MR. SWERDLOFF:  Good morning, my name is Nick Swerdloff

8  from Hughes Hubbard and Reid.  With me is Jeff Goldberg.  We

9  represent BAC Florida bank.

10      THE COURT:  All right.  Mr. Swerdloff and Mr. Goldberg.

11      Good morning.

12      MR. LEE:  Good morning, Your Honor, Stephen Lee with

13  Porter Hedges, along with Frank Ramos from Clark Silverglate.

14  We represent the defendants, Maximiliano Poveda.

15      THE COURT:  All right.  Stephen Lee and Frank Ramos.

16      MR. LEE:  Yes, Your Honor.  Thank you, Judge.

17      MR. MACDOUGALL:  Your Honor, Mark MacDougall again for

18  Baquero Morillo, I just want to make clear as my client did

19  that our appearance is also limited and without waiver.

20      THE COURT:  All right.  I have everybody.

21      All right.  So, I just got back from New Orleans so I

22  have the complete set of motions that were referred to me.  I

23  had the opportunity to review them.  I have reviewed the

24  transcript of the status -- I'm sorry, did I miss you?

25      MR. GLASS:  No, Your Honor, I am listening to you very

1    carefully.  Thank you, Your Honor.

2         THE COURT:  We just have to proceed in order in terms

3    of so many people but I just wanted to make these preliminary

4    remarks.

5         As I said, I have reviewed the transcript of the status

6    conference that was held before Judge Gayles on April 4th.  He

7    has referred, from what I can tell and if anybody disagrees,

8    let me know -- he has referred all the outstanding motions to

9    me, except he retained the motion for preliminary injunction

10   and the show cause matter is my understanding and then

11   everything else he has asked for me to address.  And even

12   though the standing issue was raised in connection with the

13   preliminary injunction response and reply, he is, from what I

14   could tell from the discussions in the status conference, he

15   wants me to address that and the parties have that same

16   understanding.

17        I have all of the motions that have been filed.  I

18   would like to address them in the order that they were filed

19   and then that way we don't miss anything.  So, as I addressed

20   them, the filer of the motion can come up first and answer my

21   questions or elaborate as I request on the motions.  I can

22   assure you I have read through everything, so I don't need to

23   hear what's in the papers again, but I always like to have

24   things clarified for me if I have questions or elaborated or if

25   anything has changed since the matters were filed.  So, the

1    first motion in the docket that has been referred to me as

2    Docket Entry 177, that's the motion that was filed by

3    defendant, Francisco Morillo, and that is an assertion of the

4    marital communications privilege and motion to strike

5    declaration, a motion to exclude testimony of Vanessa Acosta

6    Friedman, who is the former wife of Mr. Morillo and then

7    alternatively a motion for limited expedited discovery.

8         Now, with the postponement of the hearing on the motion

9    for preliminary injunction, obviously to the extent that things

10   were addressed as to something that was going to happen on

11   April 4th, that is no longer exactly as it was postured but

12   still there are the issues present, I think that declaration

13   was something that was a private investigator John Brennan

14   which apparently included some communications provided by

15   Ms. Friedman.

16        So, with that, let me hear from counsel for

17   Mr. Morillo.  Update me on, you know, what the present posture

18   of the motion is given the postponement of the preliminary

19   injunction hearing and exactly the relieve that you are

20   seeking.

21        MR. MACDOUGALL:  Thank you, Your Honor, again, Mark

22   MacDougall from Akin Gump Strauss for Francisco Morillo and

23   Leonardo Baquero.

24        Your Honor first asked about the current posture of the

25   motion.  Obviously, with the change in schedule the relief we

```
 1   are seeking is modified and I'd like to address that in just a

 2   moment, if I may.

 3            THE COURT:  Yes.

 4            MR. MACDOUGALL:  Again, our appearance here is limited

 5   without waiver of service of process for personal jurisdiction

 6   outstanding or any other rights that Mr. Morillo and Mr.

 7   Baquero currently have.

 8            Your Honor, marital communications privilege I believe

 9   is well established in this district.

10            THE COURT:  Yes, I don't need to hear what you wrote

11   already.

12            MR. MACDOUGALL:  Thank you.

13            THE COURT:  I know about it.  So, tell me basically the

14   update on what's changed and exactly what you are seeking.

15            MR. MACDOUGALL:  What we seek, Your Honor, the relief

16   we seek, Your Honor, remains to strike the Brennan declaration.

17            May I explain briefly why?

18            THE COURT:  Yes.

19            MR. MACDOUGALL:  The Brennan declaration, Your Honor,

20   if you look at it, begins with -- and that is the one that is

21   not under seal -- begins with a description of Mr. Morillo's

22   former wife, Vanessa Acosta Friedman and then follows with a

23   series of factual declarations without attribution for

24   declaration statements referring to an informant without saying

25   who that informant is.
```

1           We believe that certainly encompasses statements that

2      were made within the marital privilege that Mr. Morillo has

3      invoked.  So, we would ask that that be --

4           THE COURT:  You want the entire declaration to be

5      stricken?

6           MR. MACDOUGALL:  Yes, only because we can't discern

7      based upon what's there which of Mr. Brennan's statements are

8      essentially channelling Ms. Friedman and which ones are not.

9           THE COURT:  Okay.

10          MR. MACDOUGALL:  That would be the first element of the

11     relief we are seeking.

12          The second one would be until this matter is resolved

13     in discovery and the case proceeds, if it proceeds, that

14     Ms. Friedman not continue to essentially testify through

15     surrogates.  There are two declarations under seal that I would

16     point out to the Court were prepared after our motion was

17     filed, that I would argue tend to shape her testimony, shade

18     Mr. Brennan's testimony in a way that tends to make take it

19     outside of privilege.

20          We believe the way to address that is in the ordinary

21     course of the case, once the discovery order is entered, if

22     it's entered and the case gets that far, then it can go that

23     far, but there is no continued filing of declarations which

24     contain a great deal of allegation and innuendo that has

25     nothing to do with this case.

1          THE COURT:  Which declarations are those that you are

2    concerned about?

3          MR. MACDOUGALL:  I'm sorry, Your Honor.

4          THE COURT:  Which declarations are those that you are

5    concerned about?

6          MR. MACDOUGALL:  The Gravante declaration and the

7    Friedman which are both under seal.

8          THE COURT:  The Gravante which is one of the attorneys

9    for the plaintiffs.  What do you wanted to do about those?

10          MR. MACDOUGALL:  We ask that they remain under seal,

11   that Brennan's declaration be struck or placed under seal.  If

12   the Court looks at some of the allegations on there it will be

13   clear why we are seeking that relief.

14          THE COURT:  They remain under seal.  They are under

15   seal.  I don't think I need to do anything about that and you

16   want for the Brennan declaration to be stricken or placed under

17   seal?

18          MR. MACDOUGALL:  Yes, Your Honor.

19          THE COURT:  Got that.

20          MR. MACDOUGALL:  One more item of relief, Your Honor,

21   if I may.  With respect to -- if the Court is hesitant to enter

22   any of the relief we are seeking, only if there is a

23   preliminary injunction hearing scheduled, that's really our

24   threshold, if a preliminary injunction hearing is scheduled --

25   there isn't one now -- we would ask that a deposition of

1   Ms. Friedman be ordered within ten days, no sooner than ten

2   days of that hearing.

3        We are not advocating the beginning of wholesale

4   discovery in any way but only if a preliminary hearing is to go

5   forward and she is to testify, that we be able to probe and

6   examine her credibility and testimony to identify the areas why

7   the marital privileges apply.

8        THE COURT:  All right.  Whenever that date is selected,

9   which it hasn't been, the relief you are seeking is to depose

10  her if she is going to testify at the hearing ten days before

11  the hearing.  So, are you looking for any kind of substantive

12  ruling at this point in time on your assertion of the marital

13  communications privilege or are you reserving on that at

14  whatever time Ms. Friedman testifies?

15       MR. MACDOUGALL:  Your Honor, with respect to the

16  assertion of the privilege and the validity of it, I'd like to

17  make the record complete.  We do have a triple sealed copy of

18  the marriage certificate that's been as Defendant's Exhibit 1.

19       THE COURT:  We can make that an exhibit.  We can make

20  that Morillo Number One.

21       (Defendant Morillo Exhibit 1 was marked for

22  identification.)

23       MR. MACDOUGALL:  May I approach, Your Honor?

24       THE COURT:  Yes.

25       MR. MACDOUGALL:  Your Honor, for the record, the

1    Exhibit 1 is the original triple sealed from the Dade County

2    Clerk of Court.

3            THE COURT:  All right.  We will -- make sure you call

4    it Morillo number one, Stephanie, so we can hold the defendants

5    straight.

6            Any objections to this being admitted for purposes of

7    the record?

8            MS. MAHER:  No objection, Your Honor.

9            THE COURT:  All right.  It will be admitted.

10           (Defendant Morillo Exhibit 1 was admitted in evidence.)

11           THE COURT:  Anything else from you?

12           MR. MACDOUGALL:  That's the relief we are seeking.  If

13   you have any questions, you have to ask them.

14           THE COURT:  Let me hear from the plaintiff with regards

15   to the statement of Mr. Morillo's counsel and as to the relief

16   that he is seeking.

17           MS. MAHER:  Good morning, Your Honor, my name is Helen

18   Maher.  I am with Boies Schiller & Flexner.  We don't think any

19   part of Mr. Brennan's affidavit should be stricken at all.  We

20   think that the declaration contains Ms. Friedman's observations

21   and is based on her observation.  It is also based on her

22   witnessing conversations between her husband and third parties.

23           THE COURT:  Do you object to it being placed under

24   seal?

25           MS. MAHER:  We do not object to that, Your Honor.

```
 1            THE COURT:  All right.  What else?

 2            Do you object to having Ms. Friedman's deposition being

 3     conducted ten days before the preliminary injunction hearing

 4     should she be testifying at that hearing?

 5            MS. MAHER:  We don't object to that, and her attorney

 6     is actually in the courtroom today.

 7            THE COURT:  All right.

 8            MS. MAHER:  But we would like a ruling?

 9            THE COURT:  Does her attorney want to speak?

10            MS. ALTMAN:  Good morning, Your Honor, we would present

11     Ms. Friedman for a deposition at a mutually agreeable point in

12     time.

13            THE COURT:  Do you want to state your appearance?

14            MS. ALTMAN:  I apologize, Judge.  Jennifer Altman from

15     Pillsbury Winthrop Shaw Pittman, LLP.

16            THE COURT:  All right.  Thank you.  So, there is no

17     disagreement to Ms. Friedman testifying at deposition ten days

18     before a preliminary injunction hearing.  There is no

19     disagreement as to placing Mr. Brennan's declaration under seal

20     and the other two declarations are under seal and will remain

21     under seal.

22            Anything else?

23            MS. MAHER:  No, Your Honor.

24            THE COURT:  Thank you.

25            That was the first matter.
```

1          The next matter I have is Docket Entry 192.  It's

2    Defendant Helsinge and Company's -- well, Helsinge and several

3    others' motion to quash plaintiff subpoenas for April 4th

4    hearing and for a protective order.  And I know, even though I

5    said I was going to take things in order, I note that there is

6    another Docket Entry 200 motion to quash plaintiff's Rule 45

7    subpoenas but that one has a cross motion to compel Docket

8    Entry 205, and a joinder in the motion.

9          So, let me hear with regard to Docket Entry 192 the

10   ones who have filed and whatever decisions we made with regards

11   to that one they can spill over to the other one just to keep

12   things flowing smoothly.  So, whoever filed Docket Entry 192 --

13         MR. MACDOUGALL:  Your Honor, if I may, I didn't mean to

14   interrupt the Court on the last motion.  We couldn't hear in

15   that corner of the courtroom.

16         THE COURT:  Oh, I'm sorry, you can't hear me.

17         MR. MACDOUGALL:  I can now, yes.

18         THE COURT:  Let me talk louder.

19         MR. MACDOUGALL:  I want to make sure we perfectly

20   understood the Court's direction that a deposition would go

21   forward only if a preliminary injunction hearing is ordered and

22   only within ten days of the hearing.  Is that correct?

23         THE COURT:  Yes.  You will get a written order after

24   this hearing that will confirm all of that.

25         MR. MACDOUGALL:  Thank you, Your Honor.

```
 1              THE COURT:  All right.

 2              MS. CAREY:  Your Honor, Jessica Carey from Paul Weiss

 3    on behalf of the Glencore entities that have filed appearances

 4    on Docket ECF Number 200.

 5              THE COURT:  No, you got it wrong.  I am addressing 192

 6    first.  Sorry.

 7              MS. CAREY:  Your Honor, we had discussed beforehand

 8    because we have a lot of similar arguments coordinating --

 9              THE COURT:  You rather argue on 192 even though you

10    filed 200?

11              MS. CAREY:  Your Honor, I will let the floor go to my

12    colleague here.

13              MR. BRIZ:  Good morning, Your Honor, Brian Briz of

14    Holland & Knight, again, on behalf of the defendants Helsinge

15    Inc., Helsinge Limited, Helsinge Holdings, LLC, Luis Liendo,

16    Daniel Lutz.  And we are also with respect to this motion

17    representing other defendants, Francisco Morillo, Leonardo

18    Baquero, John Ryan and non-party Alan Rudolph have joined in on

19    the motion.  We filed a motion without waiver of any defenses

20    to the jurisdiction or service.

21              THE COURT:  Again, let's address what is still, you

22    know -- let's kind of update the motion.  The hearing is not

23    going forward.

24              MR. BRIZ:  Originally there were 60 subpoenas when we

25    filed the earlier motion.  We later found out there was one
```

```
 1    other so there are 61 subpoenas that we are aware were issued.

 2    It's unclear as to how many of those were served.  Twenty-four

 3    of those subpoenas did seek testimony at the hearing.  That

 4    issue is moot for the time being because the hearing,

 5    obviously, did not occur.  We don't -- we still have objections

 6    to the subpoenas but we understand it's moot.

 7         With respect to the 37 other subpoenas, those subpoenas

 8    sought the production of documents and our position is those

 9    subpoenas should be quashed and we are requesting that the

10    Court enter a protective order prohibiting further subpoena

11    seeking discovery of that nature or any nature, specifically

12    because --

13         THE COURT REPORTER:  Give me a second, please.  My

14    machine is sliding.

15         MR. BRIZ:  Specifically under Rule 26(d) discovery is

16    not permitted until following the Rule 26(f) conference or

17    unless there is stipulation by the parties or an order by the

18    Court.

19         Here the Rule 26 conference has not occurred.  There

20    has been no stipulation by the parties agreeing to discovery

21    and there has been no order from the Court.  In fact, the

22    plaintiff requested permission to conduct discovery but the

23    Court did not grant it.  I think that was at the March 14th

24    hearing.

25         So, our position is, any subpoena seeking discovery at
```

 1    this moment, those subpoenas are premature and they are not

 2    allowed under Rule 26(f) and we cited case law for that matter.

 3           THE COURT:  Okay.

 4           MR. BRIZ:  We have also objected to the subpoenas

 5    because we were not provided notice pursuant to Rule 45 which

 6    requires if the subpoena seeks documents --

 7           THE COURT:  Okay.  Lack of notice.

 8           What else?

 9           MR. BRIZ:  Lack of notice, correct.

10           In addition, we object at least to the subpoenas that

11    we are aware of were served purportedly on some of our clients.

12    We object to the form of service in that they were not served

13    on those individuals or entities or personally served on those

14    individuals or entities, or served through means that are not

15    permitted, you know, for example, for entities outside of the

16    United States.

17           THE COURT:  All right.

18           MR. BRIZ:  We have also objected to the scope of the

19    subpoena themselves or the scope of the document request for

20    the subpoenas which seek all financial information regarding

21    all respective clients from the beginning of the year to the

22    present.  We have objected to those as being overbroad and

23    those are the objections.

24           THE COURT:  All right.  Bear with me.

25           Let me hear from plaintiffs regarding this business of

```
 1   serving the subpoenas before the Rule 26(f) conference and let

 2   me hear either from plaintiffs or anyone else, when is that

 3   conference going to be conducted?

 4        MR. CARPINELLO:  Your Honor, George Carpinello of Boies

 5   Schiller and for the plaintiff.  Your Honor, virtually all the

 6   objections the defendants raise are procedural objections about

 7   timing before the April 4th hearing.  It did not take place.

 8   At some point Judge Gayles is going to hold a preliminary

 9   injunction hearing and the point before the Court is do we get

10   either discovery from the defendants prior to that hearing or

11   do we get -- will the Court enforce the subpoenas to bring

12   witnesses in at the hearing.

13        The issues about notice are, obviously, no longer

14   meritorious.  They have all gotten notice.  All the defendants

15   have had notice for several weeks.

16        THE COURT:  I asked you about serving the subpoenas

17   before the Rule 26(f) conference and when is that going to take

18   place.  What is the answer to that?

19        MR. CARPINELLO:  Two answers.  One, the Court can

20   certainly order discovery before the 26(f).

21        THE COURT:  The Court did not order it.

22        MR. CARPINELLO:  Not yet.  That's why we cross moved.

23        Secondly, the case law clearly holds that discovery can

24   be held before 26(f) when you have a motion for preliminary

25   hearing.
```

1            THE COURT:  Subject to an order from the Court pursuant

2    to discovery.

3            MR. CARPINELLO:  Which is what we are asking for.

4            THE COURT:  You moved for discovery before Judge Gayles

5    and he denied it?

6            MR. CARPINELLO:  That's incorrect.  At the March 14th

7    hearing Mr. Boies said we are going to want to have discovery.

8    The judge simply did not respond.  The parties went on to

9    something else.  The judge did not respond.  There is

10   nothing --

11           THE COURT:  Did you have a formal request for expedited

12   discovery ahead of the preliminary injunction hearing?  Did you

13   file any kind of motion or did you make an ore tenus motion to

14   that effect?

15           MR. CARPINELLO:  We cross moved in response to their

16   motion.

17           THE COURT:  I am asking before you served the

18   subpoenas.

19           MR. CARPINELLO:  We did not, but we are asking now that

20   either --

21           THE COURT:  That's in your cross motion to compel on

22   number 200.  I will hear about that in a moment.  You answered

23   my question to part one.

24           Question number two, when does the Rule 26(f)

25   conference end?  Is that something you have all talked about or

23

1   am I going to address that when I address this other motion

2   about joint scheduling?

3          MR. CARPINELLO:  We discussed scheduling it.  We

4   haven't scheduled it.  There has been no agreement with the

5   parties.  We'd like to have it as soon as possible, preferably

6   before the PI hearing, so that there be no procedural issue

7   about doing discovery before 26(f).  These parties have all --

8   these counsel have all been here now in this case for a month

9   and I think Judge Gayles indicated that he wanted the 26(f)

10  earlier rather than later.

11         THE COURT:  Okay.  But you all have not been able to

12  agree on a date yet?

13         MR. CARPINELLO:  We have not discussed the date.  We

14  have discussed many, many other issues as you will hear.

15         THE COURT:  I know.  I read.

16         MR. CARPINELLO:  But when we have the 25(f) it will all

17  -- all these procedural arguments will be moot.

18         THE COURT:  All right.  So, I am granting the motion to

19  quash the subpoenas for the time being and we will address this

20  issue of when the subpoenas can be served again and in what

21  form and so on.

22         MR. CARPINELLO:  Thank you, Your Honor.

23         THE COURT:  So, I will make that part of the ruling on

24  192 which extends to 200.

25         So, what else do I need to hear about 200?

1       Now it's your turn.

2       MS. CAREY:  Thank you, Your Honor.  I will try again.

3       This is Jessica Carey from Paul Weiss for the Glencore

4  entities that have appeared, the individual defendants

5  associated with Glencore that have appeared, and I am also

6  speaking on behalf of the oil trading defendants and the bank

7  defendants that have appeared on the matter.

8       Your Honor, I think having quashed the subpoenas, there

9  is not much more for me to say.  However, you know, the one

10  point that I think hasn't been fully addressed is that the

11  cases that plaintiff cited in its cross motion to compel all

12  required a showing of good cause for there to be pre Rule 26(f)

13  discovery by order of the court the circumstances that they

14  laid out for you, and as for the oil trading defendants and the

15  bank defendant, we think there has been no showing of good

16  cause and, you know, indeed we have, I think, briefed that

17  fully for Your Honor and are happy to take questions about it.

18  But we think that the record so far including each of the

19  hearings that the Court has had in this matter have been about

20  other defendants and their conduct and there have been no

21  factual assertions relating to the oil trading defendants or

22  the bank defendant that would give the Court any reason to be

23  concerned that the parties are not doing precisely what they

24  indicated at the April 4th hearing and in their court filings.

25  That is, they are aware of their discovery preservation

1    obligations.  They are abiding by those obligations and intend

2    to argue at the preliminary injunction hearing, when it is

3    scheduled, if it is scheduled, that there is no reason for the

4    Court's order that currently requires them to preserve to be

5    maintained because they are already doing, essentially, what

6    they should be doing under the law.

7              THE COURT:  Okay.  That's for Judge Gayles to enter.

8    Is that correct?

9              MS. CAREY:  Correct, Your Honor.

10             THE COURT:  Everything that I ruled on, quashing the

11   subpoenas that were served that the motion that I just

12   addressed, Docket Entry 192, is made applicable to this motion

13   that you filed, Docket Entry 200.  So, those subpoenas are

14   equally quashed and then we will address the matter of when

15   they can be served again in conjunction with the discussion

16   about scheduling.

17             Making that ruling kind of moots the motion to compel,

18   unless you want me to address something special about it.

19             MR. CARPINELLO:  Is that directed to me, Your Honor?

20             THE COURT:  Yes.

21             MR. CARPINELLO:  No, I think the proper way to proceed

22   is to get quickly to 26(f) and await Your Honor's decision on

23   when we can serve the subpoenas again.

24             THE COURT:  All right.  That takes care of 192 and 200.

25             All right.  No.

1      MR. GLASS:  Only one small thing, Your Honor, Ethan

2  Glass on behalf of Trafigura, LLC, Ms. Carey and I have split

3  up the responses so I also speak for BAC Florida Bank, Colonial

4  Oil Industries, Inc., Colonial Group, Inc., Mr. Rosado,

5  Glencore Limited, Glencore Energy U.K. Limited, Gustavo

6  Gabaldon, Sergio de la Vega, Lukoil Pan Americas, LLC, Vitol

7  Energy Bermuda, Vitol Inc., and Antonio Maarraoui.

8      Your Honor, the only slight thing before we move onto

9  the schedule that I would like to note is when I met and

10  conferred with Mr. Boies, who is not here today, on behalf of

11  all the oil trading and banks and him on behalf of the

12  plaintiffs, we did agree on a date for our Rule 26 conference.

13  In fact, that was reflected --

14      THE COURT:  All right.  I will address that in that

15  context.

16      MR. GLASS:  All right.  Thank you, Your Honor.

17      MS. CAREY:  Your Honor, just one point of

18  clarification.  Because codefendants didn't address the

19  subpoenas for testimony in their oral presentation to you, I

20  wanted to make sure it was clear on the record that all of the

21  subpoenas are quashed pursuant to Your Honor 's order,

22  testimonial and document subpoenas.

23      THE COURT:  Yes.  That's what I said, all of them.

24      All right.  But we will revisit the issue.

25      All right.  So, I think that everything else relates to

1    the scheduling issue.  I have the joint request for status

2    conference on April 4th, which Judge Gayles took care of, and

3    the schedule for limited and expedited discovery briefing and

4    hearing regarding plaintiff's standing, that's Docket Entry

5    193.

6         Then I have defendant's joinder in the joint request,

7    which apparently they didn't get their name in the original

8    motion so they filed this.  That's Docket Entry 197, and then I

9    have certain defendants' expedited motion for a scheduling

10   order as Docket Entry 240, with the response and the reply.

11   So, basically, what we are addressing now is this issue of what

12   you all seem to agree before Judge Gayles that you were going

13   to be able to successfully work out a schedule, and there seems

14   to have been a hiccup, my word, because of some issues that

15   have arisen from plaintiffs' standpoint as to wanting to have

16   some definition by defendants as to whether they are invoking

17   lack of personal jurisdiction, improper service and so on.

18        And I think somewhere in these papers there is what

19   defendants are asking be the schedule that I guess would

20   require court order now that the parties have not been able to

21   agree.  So, if somebody points me to whatever that schedule is

22   in these papers, I will take a look at it and then we can

23   address all the issues on that basis.

24        MR. GLASS:  Hello, again, Your Honor, Ethan Glass on

25   behalf of Trafigura Trading, LLC.  This time I believe and I

1    will be corrected by my colleagues if I am incorrect, that I

2    not only speak for the oil trading companies, the bank, but all

3    defendants.

4              THE COURT:  You speak for everybody back there?

5              MR. GLASS:  Yes, Your Honor.  We are trying to make it

6    as easy as possible on the Court.

7              THE COURT:  Thank you.  I appreciate that.

8              MR. GLASS:  Your Honor, there are two issues regarding

9    the schedule that we would like Your Honor to address.

10             The first, and candidly the most acute, issue is the

11   deadline for defendants to answer, move to dismiss or otherwise

12   respond.

13             THE COURT:  April 20th, I know.

14             MR. GLASS:  Yes, Your Honor.

15             THE COURT:  Okay.  What else?

16             MR. GLASS:  The second is to institute a schedule, as I

17   believe we had come to an agreement with Mr. Boies, to have a

18   prompt, definite and short discovery process so that the Court

19   could then be presented with a fulsome record to determine

20   whether or not this entity called the PDVSA Trust, which is not

21   PDVSA, actually has standing, actually has been injured in this

22   case, which, of course, as the Court knows, is fundamental

23   predicate to any of the things that we are talking about today

24   is establishing first Plaintiff's standing.

25             THE COURT:  Okay.  Where is your latest version of the

```
 1   schedule?
 2          MR. GLASS:  So, the latest version of the schedule,
 3   Your Honor is Docket Entry 240-1.  So, that was attached to
 4   the --
 5          THE COURT:  I got it.
 6          MR. DAVIS:  Thank you, Your Honor.
 7          MR. GLASS:  I thank you, Your Honor.
 8          Now, there were some discussions about moving some of
 9   these dates back a few days to accommodate for some of the
10   defendants, and now, to accommodate for our inability to have
11   proceeded forward with the schedule.  So, Your Honor, now that
12   we are here on the 16th, there may be some slight adjustments
13   that may need to be done to some of these dates.
14          However, I believe so long as there is a clear date by
15   which defendants will answer, move or otherwise respond on all
16   nonstanding issues, that includes personal jurisdiction,
17   service, all Rule 12 motions and there is a separate process
18   for determining whether or not this PDVSA Trust agency has
19   standing and, thus, whether the Court has jurisdiction, I
20   believe that all of the defendants are in agreement that this
21   or something very close to this is workable.
22          What I would note, Your Honor, is it's very fast.  You
23   know, the one thing that we heard from Mr. Boies when we
24   appeared in front of Judge Gayles was that Mr. Boies did not
25   want to put this on the deep freeze.
```

 1          So, we heard him loud and clear.  After the hearing

 2   with Judge Gayles, Mr. Boies and I went out into the hallway of

 3   Judge Gayles courtroom, and we hammered the schedule at that

 4   time.

 5          So, I think this is a schedule that is fair to both

 6   sides.  It's aggressive but it resolves the concern of

 7   plaintiffs that there be some definite dates by which the

 8   standing issue is resolved and it address the issue the

 9   defendants have which is this Court may not actually have

10   jurisdiction to proceed forward.

11          THE COURT:  Where is the date in here for the Rule

12   26 --

13          MR. GLASS:  Your Honor, the way that we described it is

14   Local Rule 16.1.  So, we had agreed with Mr. Boies that the

15   defendants would send Local Rule 16.1 proposal to plaintiffs on

16   May 9th, that on May 15th would be the deadline for plaintiffs

17   to tell us what they thought about that Rule 16.1 proposal and

18   we would have our in-person Local Rule 16.1 scheduling

19   conference on May 16th.  Those were dates that Mr. Boies and I

20   had agreed to in the hallway.

21          THE COURT:  All right.  So, you don't want to have the

22   Rule 26(f) conference until after all the standing discovery

23   has happened?

24          MR. GLASS:  Your Honor, it seems premature to talk

25   about merits before the Court has established it has

1    jurisdiction and even before the Court, if it has jurisdiction,

2    has decided whether or not there are proper Rule 12 motions.

3    So, Your Honor, we think an orderly way to proceed with this

4    case is on a prompt but fair schedule to first establish

5    whether or not this PDVSA trust has actually been injured and

6    thus has standing.  That then would tell us whether or not the

7    Court has jurisdiction.

8         Then we would proceed to Rule 12 motions where I

9    believe all the defendants will probably be making Rule 12

10   motions.  If any of the case remains after that, then, of

11   course, we would reconfer about what is left to structure a

12   discovery plan.

13        THE COURT:  Okay.  Let me hear plaintiff's view of this

14   whole thing.

15        MR. CARPINELLO:  George Carpinello again, Your Honor.

16   First, we have not agreed to any of these dates.  I was out in

17   the hallway with Mr. Glass and Mr. Boies.  I tried to get the

18   defendants to agree to the schedule and Mr. Glass for the last

19   four days refused to negotiate on any of the dates unless we

20   dropped our position that we wanted to know before we engaged

21   in depositions, which one of these defendants are in the case

22   and which ones are out of the case.

23        If the defendants are arguing that this Court has no

24   personal jurisdiction over them, that service of process was

25   improper, they should not be taking depositions of people.  So,

1    our position was at least tell us, are there any defendants

2    here that want to take deposition of our people that will

3    consent to jurisdiction or are contesting jurisdiction.

4        Mr. Glass said I will not tell you that and I will not

5    agree to any of these dates.  In fact, on April 10th I said,

6    can we at least agree on dates leaving the jurisdictional issue

7    aside.  He sent me an e-mail which said, I am not going to talk

8    to you, I'm not going to negotiate anything.

9        THE COURT:  Okay.  Let's bring it down a notch.

10       MR. CARPINELLO:  Okay.  Then on Friday afternoon I got

11   a phone call from one of the defense counsel saying, in

12   essence, will you drop the jurisdictional issue.  We do not

13   agree on that, and within minutes they filed a motion to this

14   Court asking the Court to adopt the schedule that Mr. Glass

15   would not even discuss with me.

16       So, we have not agreed on any of the dates.  Our

17   position is pretty simple.  Before there is depositions of our

18   people, there should be at least a -- they should raise with

19   the Court whether they think they are in the Court or outside

20   the Court.

21       THE COURT:  Why?

22       MR. CARPINELLO:  Because -- simply because we think the

23   prima facie issue should be does this Court have jurisdiction

24   over them.

25       THE COURT:  Why?  Isn't the whole concept -- and I

1    thought that was endorsed at the status conference -- that you

2    all want to know if the Court has subject matter jurisdiction.

3    Isn't that the first point that you all seem to agree?

4         And I thought I saw some discussion as to whether the

5    matter should be addressed by me or by Judge Gayles but there

6    seemed to be some, maybe I read too much into it but there

7    seemed to be some sort of agreement about whether the Court has

8    or does not have jurisdiction.  So, now this business of

9    whether there is personal jurisdiction seems to kind of be

10   clouding what seemed clear.

11        MR. CARPINELLO:  Two points, as a matter of law, this

12   Court has subject matter jurisdiction.

13        THE COURT:  That's your position?

14        MR. CARPINELLO:  Yes.

15        THE COURT:  But that has not been decided by the court.

16        MR. CARPINELLO:  Granted, but the premise of their

17   whole argument that we should be doing all this discovery

18   before they even state whether the Court has personal

19   jurisdiction is that our standing affects subject matter

20   jurisdiction.  That's the whole premise to --

21        THE COURT:  The way people say whether they are

22   challenging personal jurisdiction is by way of a Rule 12

23   motion.  Right?

24        MR. CARPINELLO:  Right.

25        THE COURT:  And there seemed to be that there was some

1   kind of agreement -- I can't tell if there was or not -- that

2   the Rule 12 motions would be pushed out and there was talk of a

3   down the line.  So, you are saying that you want these people

4   to tell you if they are or not challenging personal

5   jurisdiction and service of process in order to get a ticket to

6   the depositions.  Is that your position?

7        MR. CARPINELLO:  Yes.  And the way we suggested in our

8   answering papers that were filed over the weekend is let them

9   make their Rule 12 motion, let them raise standing, let them

10  raise personal jurisdiction.  That's the orderly way to do it.

11       Then, whether Your Honor or Judge Gayles hears the Rule

12  12 motion, that's the appropriate time then to decide whether

13  there needs to be discovery outstanding.

14       THE COURT:  That doesn't seem to be in keeping with the

15  concept that standing would be addressed first and that Judge

16  Gayles sent to me the standing issue to take care of it because

17  he would be out of pocket.  That just doesn't seem to give with

18  what happened before.

19       MR. CARPINELLO:  Well, there was no discussion before

20  about the personal jurisdiction issue.  During the

21  negotiations, I think I described in our brief how this issue

22  came up from our perspective and we felt that they should --

23       THE COURT:  Okay.  I am going to stay with the concept

24  that I derived from the hearing which seemed to be endorsed,

25  and I may be wrong but that's how I read it, we would be

1    addressing the standing issue first and there would be some

2    very limited discovery because the defendant seemed to feel

3    that they don't have all the facts as to how this trust was

4    created and so on so it would be very limited to that.

5         At the same time, I don't see pushing -- totally

6    pushing out the Rule 26(f) conference all the way to May 15th.

7    Well, that's not that far away but all the way there.

8         So, let's come up with some kind of schedule that given

9    that ruling that you all can agree on in terms of that standing

10   discovery and what appeared to be some limitations, no more

11   than ten document request and a limitation on depositions.

12        I am going to take a short break and let the lead

13   people work with that, come up with a better date for the Rule

14   26(f) conference, come up -- decide whether they do or do not

15   agree with this standing discovery schedule and also come up

16   with a date that you would propose for me to have the hearing

17   on the standing issue so that I can issue a report and

18   recommendation to Judge Gayles on what my finding is and I

19   don't know if you all have lead people that can work through

20   this Docket Entry 240-1 seems to be a good starting point and

21   then I will give you -- what do you need, ten minutes?

22        MR. CARPINELLO:  Probably about 20 minutes, I think.

23        THE COURT:  Okay.  I will give you a 20-minute break.

24   Work through this and then whatever you have, you know, still

25   issues with, I will play with but just give me some framework

1   from which I can work.

2          All right.  20 minutes break.

3          MR. GLASS:  Your Honor, what would be very helpful is a

4   clear direction from the Court that while we are handling the

5   PDVSA Trust standing issue, all other defenses are preserved to

6   be addressed by the Court after standing is established.  Is

7   that fair, Your Honor?

8          THE COURT:  I will give you that direction once we

9   discuss the scheduling.  All right.

10         MR. GLASS:  Thank you, Your Honor.

11         THE COURT:  But I need to have something that has a

12  little bit better framework.  I don't see pushing out the Rule

13  26(f) conference that far.

14         You don't necessarily -- on the one hand you can

15  preserve your defenses in some fashion if I rule that way but

16  on the other hand, I don't see this, you know, halting

17  everything even the Rule 26(f) conference for that longer

18  period of time.  So, hopefully that direction will be enough

19  for you.

20         MR. GLASS:  Thank you, Your Honor.

21         COURTROOM DEPUTY:  All rise.  Court is in recess.

22         (Brief recess.)

23         COURTROOM DEPUTY:  All rise.  Court is again in

24  session.

25         THE COURT:  Thank you.  Please be seated.

1            All right.

2            MR. GLASS:  Hello, Your Honor, Ethan Glass on behalf of

3    Trafigura Trading, LLC and now I am putting on my other hat.  I

4    am speaking on behalf of the oil traders and the banks but not

5    every defendant.

6            THE COURT:  Okay.

7            MR. GLASS:  With me is Mr. Campinello.

8            MR. CARPINELLO:  It's Carpinello.

9            MR. GLASS:  Carpinello.

10           MR. CARPINELLO:  We have reached agreement with the

11   defendants on a number of dates working off of 240-1.

12           Towards the end there is disagreement amongst the

13   defendants and us.  We agree, but there are other defendants

14   that don't.  So, when we get to that -- what we propose is work

15   off 240.1 we give you the new dates that we have reached

16   agreement.  Is that appropriate, Your Honor?

17           THE COURT:  As long as there is agreement, I am happy.

18           MR. CARPINELLO:  Great.

19           MR. GLASS:  Hopefully I get this right.

20           So, Your Honor, if we can look at 240-1, the proposed

21   order, the first row that says April 10th, 2018, will now be

22   April 17th, 2018.

23           THE COURT:  Tomorrow?

24           MR. GLASS:  Tomorrow, Your Honor.

25           THE COURT:  Okay.

1           All right.

2           MR. GLASS:  The April 12th date will now be April 19th.

3           THE COURT:  Okay.

4           MR. GLASS:  The April 13th date will now be April 20th.

5           THE COURT:  All right.

6           MR. GLASS:  The April 16th date will now be April 23rd.

7           THE COURT:  So, we modified the description there and

8    changed that to the April 17th document request.  Right?

9           MR. GLASS:  Thank you, Your Honor.

10          THE COURT:  All right.

11          MR. GLASS:  The April 20th date will be April 27th.

12          THE COURT:  That April 16th date have now become the

13   23rd.

14          MR. GLASS:  Correct, Your Honor.  The April 16th date

15   referenced in the row that is now April 27th will be

16   April 23rd.  So, parties will identify potential deponent as

17   promptly after April 23rd as possible.

18          THE COURT:  Okay.  Let me just briefly.  I think for

19   the sake of efficiency, whenever you say, you know, that you

20   would need -- like on here if the parties are unable to agree,

21   the Court may enlarge or reduce the number of depositions upon

22   a showing of good cause, the way I handled discovery for both

23   Judge Gayles and Judge Martinez with whom I am paired is there

24   is no discovery motions.  You can -- we can probably provide

25   you a copy of our procedure but, basically, you all try to

1   agree and if you can't, you call us, you know, for a discovery

2   hearing.  That will save us a lot of time and, you know, I will

3   address the matter.

4         Judge Gayles mentioned that he will be at the Eleventh

5   Circuit conference, so will I, and that's May -- I believe

6   May 1st through the 3rd, but other than that I am pretty much

7   available so just a little brief intermission on that.

8         MR. GLASS:  Thank you, Your Honor.

9         THE COURT:  All right.  Go on.

10         MR. GLASS:  Now, if now I may, we agreed on a Rule 26

11   conference that would go right here in chronological order

12   would be April 25th.

13         MR. CARPINELLO:  Okay.  Your Honor, to accommodate this

14   moving, we ask Your Honor if she will be amenable to allowing

15   us to have our Rule 26 conference by telephone.

16         THE COURT:  It makes sense since you are so spread out.

17         MR. GLASS:  Excuse me, Your Honor, that's why I have

18   these attorneys at my side.

19         THE COURT:  Plus, I have been helping.

20         MR. GLASS:  I need all the help I can get, Your Honor.

21         Your Honor, May 3rd is the date for the Rule 26

22   conference and we are asking that we be able to do it by

23   telephone.

24         THE COURT:  All right.

25         MR. GLASS:  April 25th I believe might be obviated by

 1    the Court's offering that we do it by telephone.

 2          MR. CARPINELLO:  No.  You are confusing two issues.

 3    Can I?

 4          MR. GLASS:  You please can.

 5          MR. CARPINELLO:  I think we all agree what was supposed

 6    to be on the 25th, we are asking the Court, if necessary, have

 7    a telephonic conference with the Court if there was

 8    disagreement as to who was going to be deposed.

 9          THE COURT:  Okay.  So, that's sort of like what I was

10    alluding to, except you wouldn't have to -- we would pre-set

11    the date.

12          MR. CARPINELLO:  In other words, if we could have a

13    conference by telephone, if necessary, if we could not agree on

14    the people that we are designating to be deposed.

15          THE COURT:  Okay.  Hang on a second.  Let me make sure

16    I have that date available for you.  I have time in the

17    morning.  I have hearings in the afternoon but we can set that

18    tentatively for 10 o'clock.  Is everybody east coast time or

19    are we going to make anybody wake up at 7 in the morning?

20          MR. CARPINELLO:  We don't care about the morning.

21          MR. GLASS:  10 a.m. works for us.

22          THE COURT:  All right.  10 o'clock on the 25th

23    tentative discovery conference we can call it.

24          MR. ENCINOSA:  Yes, Your Honor, Israel Encinosa, if we

25    can call it a discovery conference, then we can also accomplish

```
 1    not just issues with respect to depositions on where there may
 2    be objections but also on the 23rd is when objections are due
 3    to request for production so we can address those issues on
 4    that day as well.
 5             THE COURT:  All right.  It's probably not going to be
 6    so tentative.  Right?
 7             You are probably going to have issues.
 8             All right.  10 o'clock.
 9             MR. CARPINELLO:  If we can have just a second, Your
10    Honor, I think there is an actual discrepancy here.
11             THE COURT:  One final point on that tentative discovery
12    conference, the way you would do it is file a notice and you
13    would tell me what, just basically what the disputes are just
14    to have, you know, like a little heads up.
15             MR. ENCINOSA:  Thank you, Your Honor.
16             MR. GLASS:  Thank you, Your Honor.
17             THE COURT:  Okay.  Go ahead.
18             MR. GLASS:  So, just to make sure I correct my mistake,
19    so we've got April 25th at 10:00 a.m. is the conference with
20    Your Honor by telephone, a discovery conference, May 3rd would
21    be the parties' Rule 26 conference.
22             THE COURT:  So, you want the conference with me
23    telephonic and also your Rule 26(f) conference telephonic?
24             MR. GLASS:  Please, Your Honor.
25             THE COURT:  Okay.  That's fine.
```

```
 1              We will put in the order the instructions on -- because
 2   you all can call in to this number that we have.  Okay?
 3              MR. GLASS:  Thank you, Your Honor.  Now I am back on
 4   the script.  So, the next row used to be May -- April 27th,
 5   thank you, Your Honor.  That will now be May 4th.
 6              THE COURT:  All right.
 7              MR. GLASS:  The May 2nd date will now be May 9th.
 8              THE COURT:  Okay.
 9              MR. GLASS:  The May 7th date will now be May 14th.
10              THE COURT:  Okay.
11              MR. GLASS:  The May 8th date will be May 15th.
12              THE COURT:  All right.
13              MR. GLASS:  And, Your Honor, we agreed to strike the
14   intermediate dates for us to exchange proposal.  We will do so
15   in advance of our Rule 26.
16              THE COURT:  Okay.  So May 9th goes?
17              MR. GLASS:  Yes, Your Honor, both May 9th and May 15th
18   both go.
19              THE COURT:  All right.
20              MR. GLASS:  The May 14th date will now be May 21st.
21              THE COURT:  Okay.  Let me just give you some guidance
22   there.  I know there has been briefing on this issue, but I
23   will just let you -- I am going to give you enough pages so you
24   can stipulate and incorporate your discovery.  So, will 20
25   pages be enough for the respective briefs?
```

1          If you need more, I will let you have more.

2          MR. GLASS:  Your Honor, I don't know but I don't think

3     20 pages will probably be enough.

4          THE COURT:  Okay.

5          MR. GLASS:  Can we meet and confer about that and

6     produce a proposal?

7          THE COURT:  I will give you 30 pages -- is 30 pages

8     enough?

9          MR. CARPINELLO:  Thirty pages is plenty.

10         MR. GLASS:  Thirty for the briefings and then

11    attachments.

12         THE COURT:  Well, attachments don't count on the brief.

13    Right?

14         Okay.  Limit 30 pages.

15         All right.

16         MR. GLASS:  Now, Your Honor, we are to the point where

17    I believe I am going to step aside because we have --

18         THE COURT:  Wait a minute.  So, oh, okay.  You haven't

19    agreed on when you are going to do the Rule 16.

20         MR. GLASS:  Your Honor, we would do that at the same

21    time as our Rule 26.  We agree to the same day, Your Honor.

22         THE COURT:  All right.  May 16th for those.

23         MR. CARPINELLO:  May 3rd, Your Honor.

24         May 16th becomes May 3rd.

25         THE COURT:  Right.  You want me to do the Rule 26 and

```
 1   Rule 16?

 2           MR. CARPINELLO:  We understood that to be a conference

 3   among counsel.

 4           THE COURT:  Yes.

 5           MR. CARPINELLO:  Then after conference we present a

 6   proposed plan with the Court.

 7           THE COURT:  Yes.  Yes.  And you want to conflate the

 8   two of them and do them both at the same time on May 3rd?

 9           MR. CARPINELLO:  Yes.

10           THE COURT:  On the May 3rd, Rule 26(f) conference and

11   Local Rule 16.1 conference.  Agreed?

12           MR. GLASS:  And then Your Honor will say if she wants

13   to hear from us on whatever we discuss.

14           THE COURT:  The Court.  Yes, I don't think I would be

15   doing that because then that would be Judge Gayles setting a

16   trial date and things like that.  So, it would be only a matter

17   of when you would submit your scheduling report.

18           MR. GLASS:  We'd submit in accordance with Federal

19   Rules, I assume.  I don't think we need a separate date for

20   submissions.

21           THE COURT:  All right.

22           MR. GLASS:  And I am going to yield to counsel, I

23   believe there is a dispute about a date.

24           MR. ENCINOSA:  Your Honor, Israel Encinosa again.  In

25   addition to the clients I referenced earlier, I believe I also
```

1    speak for at this time additional defendants, defendants

2    Morillo, Mr. Baquero and Mr. Ryan.  The issue that we have,

3    Your Honor, is we'd like to keep a day for there to be a

4    response, an exchange of response briefs.  I believe the

5    plaintiff and the other group of defendants are okay having no

6    response briefs so we would like to have a response brief and,

7    also, the timing is an issue.

8         Plaintiffs have indicated that the two hearing dates

9    that were set, May 23rd, 2018, for the hearing on standing and,

10   obviously, Your Honor, that's subject to your availability and

11   the May 21st, 2018, date for a hearing on the preliminary

12   injunction, opposing counsel said that Mr. Boies, their lead

13   counsel has already scheduled those two dates and is not

14   available on those dates and is willing to move those dates.

15        What we propose, so that there is substantial time for

16   briefing and for the Court to be able to review the briefing

17   that we stick with the date that we all agreed on, May 21st,

18   which is the day that simultaneously initial briefs are

19   submitted on the issue of standing.

20        We propose that then what is currently the May 18th

21   deadline for the parties to file response briefs be changed

22   seven days back to May 21st, like every other day has been, and

23   then in order to accommodate Mr. Boies's schedule, we propose

24   to move what is the May 23rd hearing on plaintiff's standing

25   subject to Your Honor's availability to May 31st, which is the

```
 1    day that had already been set aside for the preliminary

 2    injunction motion; therefore, Mr. Boies will be available that

 3    date and then we propose to push back and this would be subject

 4    to Judge Gayles' availability.

 5          THE COURT:  May 31st, unfortunately, does not work for

 6    me but May 30th does.

 7          MR. CARPINELLO:  I think counsel misspoke because I

 8    think he suggested that both the opening briefs and reply

 9    briefs be on May 21.

10          THE COURT:  Yes, I don't think he meant that.

11          MR. ENCINOSA:  I believe I meant May 25th for the

12    response.  Thank you.

13          MR. CARPINELLO:  Your Honor, I would ask that we get

14    back to the Court within 48 hours on these tiering dates

15    because I am just -- I cannot schedule for Mr. Boies and I know

16    he wants to argue both the PI motion and the standing motion.

17          We had agreed on these dates as well, tentatively

18    agreed subject to everything else, of course, and I just ask

19    that -- Mr. Boies is out of the country and I ask that we have

20    48 hours to try to reach agreement on the hearing dates and

21    therefore that would affect the briefing.

22          I have no problem with May 21st being the day we file

23    our opening briefs and I philosophically have no problem with

24    the reply brief.

25          Mr. Glass and I agreed that there would be no reply.
```

1    We just both file briefs at the same time and have the hearing

2    two days later but the Morillo group of defendants have

3    objected that they want to reply and then a hearing a week or

4    ten days later.

5           THE COURT:  But is Mr. Boies available on that date of

6    May 23rd?

7           MR. CARPINELLO:  Yes, that date is available because

8    that's what we tentatively agreed to but they are objecting to

9    the 23rd.

10          THE COURT:  You are objecting to the 23rd because?

11          MR. ENCINOSA:  Your Honor, we are objecting because

12   that wouldn't give the parties under the schedule -- under the

13   schedule that's been agreed upon, the initial brief would be

14   submitted on the 21st.

15          THE COURT:  Yes.

16          MR. ENCINOSA:  So we would like an opportunity if the

17   Court would allow it for the parties to submit response briefs

18   on those briefs and if the hearing is on the 23rd, we would

19   only have a day to submit it.

20          THE COURT:  Yes.

21          MR. ENCINOSA:  And I don't know if the Court would have

22   time to review it at that point.

23          THE COURT:  Yes.

24          MR. ENCINOSA:  That would be our issues.

25          THE COURT:  Okay.  May 22nd for the response and we

1    keep the hearing on the 23rd.  The response will be limited to

2    15 pages.  All right.  May 23rd at 10:00 a.m. and I can set

3    aside the whole thing.

4            MR. GLASS:  Thank you, Your Honor.

5            THE COURT:  Okay.  So, then you will all work out the

6    day for the preliminary injunction hearing with Judge Gayles.

7            So, the response date for the, the filing date for the

8    Rule 12 motions.

9            MR. GLASS:  Yes, Your Honor.  So, I believe June 15th

10   is a date that we are still in agreement on, but it's important

11   for defendants to know that by participating in the schedule

12   and by participating in the standing process we aren't waiving

13   any of the defenses we might bring on June 15th.

14           THE COURT:  Okay.  That verbiage will be incorporated.

15   This would be the defendants' first responsive, all defenses

16   and motions under Federal Rules of Civil Procedure are

17   preserved.

18           MR. GLASS:  Thank you, Your Honor.

19           THE COURT:  So, I will just leave open the preliminary

20   injunction hearing date.

21           MR. ENCINOSA:  Your Honor, I mention one brief matter,

22   just because we would only have one day to file a response

23   brief.  Could the -- could the initial briefs be filed by

24   5:00 p.m., and no later?

25           THE COURT:  Oh, instead of 11:59.

```
 1              MR. ENCINOSA:  Correct, Your Honor, I appreciate that.
 2              THE COURT:  All right.  5:00 p.m.
 3              MR. GLASS:  Your Honor, if we are talking about
 4   process, how many pages would you like to see in those
 5   responsive briefs?
 6              THE COURT:  I said 15.
 7              MR. GLASS:  Oh, thank you, Your Honor.  Sorry.
 8              THE COURT:  All right.  Are you going to file the
 9   response briefs at midnight?
10              I can get up at midnight and read them if you need me
11   to.
12              MR. ENCINOSA:  Your Honor, we would hope to file it by
13   5:00 p.m., Your Honor.  I mean, we haven't discussed this.  I
14   guess another possibility would be filing the initial briefs a
15   day or two earlier to provide the court and the parties a
16   little extra time and we can keep the May 23rd date.
17              THE COURT:  Yes, but your latest date is May 15th.
18   That's a Tuesday.  That's the depos of the experts and you need
19   to get the -- I imagine even with expedited, I guess that's
20   what you are all counting on, right, getting the transcripts of
21   the depos from the experts?
22              MR. GLASS:  Yes.  I am now speaking only for Trafigura
23   Trading.  I believe we need those days to provide you with an
24   initial brief, a pre-hearing brief that is really going to make
25   the day useful to you.
```

```
 1              I would propose -- I have not spoken with anybody in

 2    this room about this but I would propose that the initial

 3    pre-hearing brief would be due at 5:00 and then the responsive

 4    briefs due at 5:00 so Your Honor will at least have 15 hours to

 5    review them.

 6              MR. CARPINELLO:  We agreed to that.

 7              MR. GLASS:  5:00 and 5:00?

 8              MR. CARPINELLO:  Yes, 5:00 and 5:00.

 9              THE COURT:  All right.  5:00 p.m., 15 pages.

10              MR. CARPINELLO:  If you make it even shorter, I think

11    would be better, actually.

12              THE COURT:  Well, I was making it half of the 30.

13              MR. CARPINELLO:  That's fine, Your Honor, I am just

14    being facetious.

15              THE COURT:  That's fine.

16              MR. CARPINELLO:  I think we are done on the scheduling

17    order.

18              THE COURT:  Okay.  You wanted me -- well, I can kind of

19    reserve a little bit on the issue of the subpoenas.  I think

20    maybe that's what you want to address.

21              MR. CARPINELLO:  The subpoenas on?

22              THE COURT:  I said I was quashing them but I would

23    address the issue of, you know, whether you want to serve them

24    and then would they be for the hearings, subpoenas for the

25    hearing?  Is that what you are thinking of?
```

```
 1              MR. CARPINELLO:  Well, now we are talking about for the
 2    preliminary injunction?
 3              THE COURT:  Exactly.
 4              MR. CARPINELLO:  We originally served the subpoenas
 5    because we had no time to take depositions.  We really have no
 6    objection.  The defendants, even though they are all -- the oil
 7    companies are all authorized to do business in Florida have
 8    raised issues about distance and all of that.  We would be
 9    perfectly agreeable to getting discovery and taking whatever
10    depositions that we feel necessary with regard to the
11    preliminary injunction.  Maybe we can work that out, maybe we
12    can't.
13              We have been negotiating, maybe obviating the
14    preliminary injunction, but if we don't get some discovery
15    through depositions, we are going to want to serve subpoenas
16    again for the PI hearing.
17              THE COURT:  All right.
18              MR. CARPINELLO:  Should we try to work that out and if
19    we don't make an appropriate motion for the Court.
20              THE COURT:  You can file another discovery hearing
21    notice.  I think April 25th might be a bit too soon and might
22    make it too crowded, but if you are ready to discuss that I can
23    just make it an open discovery hearings and you can bring to me
24    at that point in time anything that you need my help resolving.
25    Maybe that would be one of them?
```

1      MR. CARPINELLO:  That would be fine, Your Honor.  If we

2  can't work it out by then, we will raise the issue with Your

3  Honor.

4      THE COURT:  Okay.

5      MR. GLASS:  Just for the record, Your Honor, I am

6  certain that the oil trading bank defendants will object to any

7  depositions by document preservation.  We are all abiding by

8  our document preservation.  Your Honor having a hearing makes a

9  lot of sense.  I am certain there will be motion practice if

10  plaintiffs insist on trying to take premature merits discovery

11  in the guise of document preservation.

12      THE COURT:  All they need for the preliminary

13  injunction from my understanding, because I saw that's all the

14  TRO did, is this document not to destroy documents issue.

15  Right?

16      MR. CARPINELLO:  That's right.  Well, the judge held

17  open on the -- he granted a TRO with regard to preservation.

18  Our PI asks with regard to preserving documents and also the

19  issue of moving of assets.  We have very limited requests and I

20  do want to correct, I think defense counsel misspoke earlier.

21  We are not -- we did not ask for discovery of all of their

22  assets or all of their money movements.  It was very particular

23  directed -- if you look at the subpoenas, it's a very directed

24  request with regard to movement of funds between the Morillo

25  defendants and the other defendants since January 1.  We can

1    certainly negotiate that with the defendants but still on for

2    the PI, just to be technical, is what we requested was

3    preservation of documents and the non dissipation of the

4    Morillo defendants' assets.  That's on for the PI hearing.

5           THE COURT:  All right.  See what you can work out and

6    if you need my help you can bring it up added to your notice

7    for the April 25th, and if you are not ready then on the 25th,

8    remind me and we can pick another date then ahead of the -- by

9    then you will have a date for the preliminary injunction

10   hearing hopefully and then we can pick another date to address

11   any of those other issues ahead of the preliminary injunction

12   hearing.

13          Then again, of course, we still have -- I think

14   Ms. Altman left but we still have ten days ahead of the

15   preliminary injunction hearing, the deposition of Ms. Friedman.

16          I think you will -- because of the marital issues.

17          MR. CARPINELLO:  Yes, Your Honor.

18          THE COURT:  All right.  So, that will be in the order.

19          All right.  Anything else I can do for you at this

20   time?

21          MR. CARPINELLO:  I don't believe so, Your Honor.

22          MR. GLASS:  Thank you, Your Honor.

23          THE COURT:  So, we will issue the order that has the

24   rulings on those other motions and then basically that has this

25   schedule, which is basically the ruling on all the scheduling

 1    motions.  All right.  You will get a written order from us on

 2    that.

 3         All right.  Thank you.  It's been a pleasure.  I look

 4    forward to seeing you by phone on the 25th and any other time.

 5         All right.

 6         MR. CARPINELLO:  Thank you, Your Honor.

 7         MR. GLASS:  Thank you, Your Honor.

 8         THE COURT:  All rise.  The Court is adjourned.

 9         (Proceedings were concluded at 12:00 p.m.)

10

11              C E R T I F I C A T E

12

13

14         I hereby certify that the foregoing is an

15    accurate transcription of the proceedings in the

16    above-entitled matter.

17

18    April 17, 2018        /s/Patricia Diaz
      DATE                  PATRICIA DIAZ, FCRR, RPR, FPR
19                          Official Court Reporter
                            United States District Court
20                          400 North Miami Avenue, 11th Floor
                            Miami, Florida 33128
21                          (305) 523-5178

22

23

24

25

## /

/s/Patricia [1] - 54:18

## 1

**1** [5] - 14:18, 14:21, 15:1, 15:10, 52:25
**10** [4] - 40:18, 40:21, 40:22, 41:8
**100** [1] - 3:19
**1000** [1] - 3:8
**1001** [1] - 3:16
**10:00** [2] - 41:19, 48:2
**10th** [2] - 32:5, 37:21
**11:59** [1] - 48:25
**11th** [3] - 3:14, 4:4, 54:20
**12** [9] - 29:17, 31:2, 31:8, 31:9, 33:22, 34:2, 34:9, 34:12, 48:8
**1221** [1] - 3:10
**12:00** [1] - 54:9
**12th** [1] - 38:2
**13th** [1] - 38:4
**14th** [4] - 19:23, 22:6, 42:9, 42:20
**15** [4] - 48:2, 49:6, 50:4, 50:9
**15th** [7] - 30:16, 35:6, 42:11, 42:17, 48:9, 48:13, 49:17
**16** [2] - 43:19, 44:1
**16.1** [5] - 30:14, 30:15, 30:17, 30:18, 44:11
**16th** [7] - 29:12, 30:19, 38:6, 38:12, 38:14, 43:22, 43:24
**17** [1] - 54:18
**177** [1] - 10:2
**17th** [2] - 37:22, 38:8
**18-20818-CV-Gayles** [1] - 5:7
**18th** [1] - 45:20
**192** [8] - 17:1, 17:9, 17:12, 18:5, 18:9, 23:24, 25:12, 25:24
**193** [1] - 27:5
**197** [1] - 27:8
**1999** [1] - 3:2
**19th** [1] - 38:2
**1st** [1] - 39:6

## 2

**20** [4] - 35:22, 36:2, 42:24, 43:3
**20-minute** [1] - 35:23
**200** [8] - 17:6, 18:4, 18:10, 22:22, 23:24, 23:25, 25:13, 25:24
**20001** [1] - 3:14
**20006** [1] - 3:3
**2010** [1] - 3:10
**2018** [5] - 37:21, 37:22, 45:9, 45:11, 54:18
**205** [1] - 17:8
**20th** [3] - 28:13, 38:4, 38:11
**21** [1] - 46:9
**21st** [6] - 42:20, 45:11, 45:17, 45:22, 46:22, 47:14
**22nd** [1] - 47:25
**23rd** [14] - 38:6, 38:13, 38:16, 38:17, 41:2, 45:9, 45:24, 47:6, 47:9, 47:10, 47:18, 48:1, 48:2, 49:16
**240** [1] - 27:10
**240-1** [4] - 29:3, 35:20, 37:11, 37:20
**240.1** [1] - 37:15
**25(f** [1] - 23:16
**25th** [10] - 39:12, 39:25, 40:6, 40:22, 41:19, 46:11, 51:21, 53:7, 54:4
**26** [10] - 19:19, 26:12, 30:12, 39:10, 39:15, 39:21, 41:21, 42:15, 43:21, 43:25
**26(d** [1] - 19:15
**26(f** [16] - 19:16, 20:2, 21:1, 21:17, 21:24, 22:24, 23:9, 24:12, 25:22, 30:22, 35:6, 35:14, 36:13, 36:17, 41:23, 44:10
**26(f)** [2] - 21:20, 23:7
**27th** [3] - 38:11, 38:15, 42:4
**2nd** [1] - 42:7

## 3

**30** [4] - 43:7, 43:14, 50:12
**305** [2] - 4:5, 54:21

**30th** [1] - 46:6
**3100** [1] - 3:23
**31st** [2] - 45:25, 46:5
**33128** [2] - 4:4, 54:20
**33131** [5] - 3:5, 3:11, 3:17, 3:20, 3:24
**3500** [1] - 3:5
**37** [1] - 19:7
**3rd** [7] - 39:6, 39:21, 41:20, 43:23, 43:24, 44:8, 44:10

## 4

**400** [2] - 4:3, 54:20
**4200** [1] - 3:20
**45** [2] - 17:6, 20:5
**48** [2] - 46:14, 46:20
**4th** [7] - 9:6, 10:11, 17:3, 21:7, 24:24, 27:2, 42:5

## 5

**5100** [1] - 3:8
**523-5178** [2] - 4:5, 54:21
**5:00** [10] - 48:24, 49:2, 49:13, 50:3, 50:4, 50:7, 50:8, 50:9

## 6

**60** [1] - 18:24
**600** [2] - 3:5, 3:23
**61** [1] - 19:1
**6th** [1] - 3:13

## 7

**7** [1] - 40:19
**77002** [1] - 3:8
**777** [1] - 3:13
**7th** [1] - 42:9

## 8

**8th** [1] - 42:11

## 9

**900** [1] - 3:16
**9th** [4] - 30:16, 42:7, 42:16, 42:17

## A

**a.m** [3] - 40:21, 41:19, 48:2
**abiding** [2] - 25:1, 52:7
**able** [6] - 14:5, 23:11, 27:13, 27:20, 39:22, 45:16
**above-entitled** [1] - 54:15
**accommodate** [4] - 29:9, 29:10, 39:13, 45:23
**accomplish** [1] - 40:25
**accordance** [1] - 44:18
**accurate** [1] - 54:14
**ACOSTA** [1] - 3:22
**Acosta** [2] - 10:5, 11:22
**actual** [1] - 41:10
**acute** [1] - 28:10
**Adam** [2] - 5:24, 7:19
**ADAM** [1] - 3:1
**added** [1] - 53:6
**addition** [2] - 20:10, 44:25
**additional** [1] - 45:1
**address** [21] - 9:11, 9:15, 9:18, 11:1, 12:20, 18:21, 23:1, 23:19, 25:14, 25:18, 26:14, 26:18, 27:23, 28:9, 30:8, 39:3, 41:3, 50:20, 50:23, 53:10
**addressed** [7] - 9:19, 10:10, 24:10, 25:12, 33:5, 34:15, 36:6
**addressing** [3] - 18:5, 27:11, 35:1
**adjourned** [1] - 54:8
**adjustments** [1] - 29:12
**admitted** [3] - 15:6, 15:9, 15:10
**adopt** [1] - 32:14
**advance** [1] - 42:15
**advocating** [1] - 14:3
**affect** [1] - 46:21
**affects** [1] - 33:19
**affidavit** [1] - 15:19
**afternoon** [2] - 32:10, 40:17
**agency** [1] - 29:18
**aggressive** [1] - 30:6
**agree** [17] - 23:12, 26:12, 27:12, 27:21,

**31:18, 32:5, 32:6, 32:13, 33:3, 35:9, 35:15, 37:13, 38:20, 39:1, 40:5, 40:13, 43:21
**agreeable** [2] - 16:11, 51:9
**agreed** [15] - 30:14, 30:20, 31:16, 32:16, 39:10, 42:13, 43:19, 44:11, 45:17, 46:17, 46:18, 46:25, 47:8, 47:13, 50:6
**agreeing** [1] - 19:20
**agreement** [10] - 23:4, 28:17, 29:20, 33:7, 34:1, 37:10, 37:16, 37:17, 46:20, 48:10
**ahead** [5] - 22:12, 41:17, 53:8, 53:11, 53:14
**Akin** [2] - 6:7, 10:22
**al** [1] - 5:7
**Alan** [1] - 18:18
**Alex** [1] - 6:15
**Alicia** [1] - 5:4
**allegation** [1] - 12:24
**allegations** [1] - 13:12
**allow** [1] - 47:17
**allowed** [1] - 20:2
**allowing** [1] - 39:14
**alluding** [1] - 40:10
**alternatively** [1] - 10:7
**Altman** [2] - 16:14, 53:14
**ALTMAN** [3] - 3:22, 16:10, 16:14
**amenable** [1] - 39:14
**AMERICAS** [1] - 3:2
**Americas** [3] - 5:6, 7:20, 26:6
**AND** [1] - 3:13
**answer** [4] - 9:20, 21:18, 28:11, 29:15
**answered** [1] - 22:22
**answering** [1] - 34:8
**answers** [1] - 21:19
**ANTONIO** [1] - 3:8
**Antonio** [2] - 8:3, 26:7
**apologize** [1] - 16:14
**appearance** [4] - 6:17, 8:19, 11:4, 16:13
**appearances** [3] - 5:8, 7:12, 18:3
**appeared** [5] - 24:4,

24:5, 24:7, 29:24,
35:10
  **appearing** [1] - 5:16
  **applicable** [1] -
25:12
  **apply** [1] - 14:7
  **appreciate** [2] - 28:7,
49:1
  **approach** [1] - 14:23
  **appropriate** [3] -
34:12, 37:16, 51:19
  **April** [31] - 9:6,
10:11, 17:3, 21:7,
24:24, 27:2, 28:13,
32:5, 37:21, 37:22,
38:2, 38:4, 38:6, 38:8,
38:11, 38:12, 38:14,
38:15, 38:16, 38:17,
39:12, 39:25, 41:19,
42:4, 51:21, 53:7,
54:18
  **areas** [1] - 14:6
  **argue** [4] - 12:17,
18:9, 25:2, 46:16
  **arguing** [1] - 31:23
  **argument** [1] - 33:17
  **arguments** [2] -
18:8, 23:17
  **arisen** [1] - 27:15
  **aside** [4] - 32:7,
43:17, 46:1, 48:3
  **assertion** [3] - 10:3,
14:12, 14:16
  **assertions** [1] -
24:21
  **assets** [3] - 52:19,
52:22, 53:4
  **associated** [1] - 24:5
  **assume** [1] - 44:19
  **assure** [1] - 9:22
  **attached** [1] - 29:3
  **attachments** [2] -
43:11, 43:12
  **attorney** [2] - 16:5,
16:9
  **attorneys** [2] - 13:8,
39:18
  **attribution** [1] -
11:23
  **authorized** [1] - 51:7
  **availability** [3] -
45:10, 45:25, 46:4
  **available** [6] - 39:7,
40:16, 45:14, 46:2,
47:5, 47:7
  **Avenue** [5] - 3:5,
3:10, 3:23, 4:3, 54:20
  **await** [1] - 25:22
  **aware** [3] - 19:1,
20:11, 24:25

**B**

  **BAC** [2] - 8:9, 26:3
  **Bank** [1] - 26:3
  **bank** [6] - 8:9, 24:6,
24:15, 24:22, 28:2,
52:6
  **banks** [2] - 26:11,
37:4
  **Baquero** [6] - 6:8,
8:18, 10:23, 11:7,
18:18, 45:2
  **based** [2] - 12:7,
15:21
  **basis** [1] - 27:23
  **Bay** [1] - 3:16
  **Bear** [1] - 20:24
  **become** [1] - 38:12
  **becomes** [1] - 43:24
  **beforehand** [1] -
18:7
  **beginning** [2] - 14:3,
20:21
  **begins** [2] - 11:20,
11:21
  **behalf** [14] - 5:15,
7:12, 7:16, 7:20, 18:3,
18:14, 24:6, 26:2,
26:10, 26:11, 27:25,
37:2, 37:4
  **Ben** [1] - 6:2
  **BENJAMINE** [1] -
3:18
  **Bermuda** [2] - 8:3,
26:7
  **BERMUDA** [1] - 3:7
  **better** [3] - 35:13,
36:12, 50:11
  **between** [2] - 15:22,
52:24
  **bit** [3] - 36:12, 50:19,
51:21
  **Bob** [1] - 5:25
  **Boies** [18] - 5:10,
5:12, 15:18, 21:4,
22:7, 26:10, 28:17,
29:23, 29:24, 30:2,
30:14, 30:19, 31:17,
45:12, 46:2, 46:15,
46:19, 47:5
  **Boies's** [1] - 45:23
  **break** [3] - 35:12,
35:23, 36:2
  **Brennan** [4] - 10:13,
11:16, 11:19, 13:16
  **Brennan's** [5] - 12:7,
12:18, 13:11, 15:19,
16:19
  **Brian** [3] - 6:16, 6:19,

6:21, 6:22, 18:13
  **Brianna** [1] - 6:20
  **Brickell** [4] - 3:5,
3:10, 3:16, 3:23
  **brief** [12] - 34:21,
36:22, 39:7, 43:12,
45:6, 46:24, 47:13,
48:21, 48:23, 49:24,
50:3
  **briefed** [1] - 24:16
  **briefing** [5] - 27:3,
42:22, 45:16, 46:21
  **briefings** [1] - 43:10
  **briefly** [2] - 11:17,
38:18
  **briefs** [16] - 42:25,
45:4, 45:6, 45:18,
45:21, 46:8, 46:9,
46:23, 47:1, 47:17,
47:18, 48:23, 49:5,
49:9, 49:14, 50:4
  **bring** [5] - 21:11,
32:9, 48:13, 51:23,
53:6
  **BRIZ** [6] - 18:13,
18:24, 19:15, 20:4,
20:9, 20:18
  **Briz** [5] - 6:16, 6:18,
6:19, 6:22, 18:13
  **Brown** [1] - 7:20
  **BROWN** [1] - 3:2
  **business** [3] - 20:25,
33:8, 51:7
  **BY** [1] - 4:1

**C**

  **Campiello** [1] -
37:7
  **candidly** [1] - 28:10
  **cannot** [1] - 46:15
  **care** [4] - 25:24,
27:2, 34:16, 40:20
  **carefully** [1] - 9:1
  **CAREY** [7] - 5:21,
18:2, 18:7, 18:11,
24:2, 25:9, 26:17
  **Carey** [4] - 5:23,
18:2, 24:3, 26:2
  **Carlton** [1] - 6:2
  **CARLTON** [1] - 3:19
  **CARPINELLO** [55] -
5:9, 21:4, 21:19,
21:22, 22:3, 22:6,
22:15, 22:19, 23:3,
23:13, 23:16, 23:22,
25:19, 25:21, 31:15,
32:10, 32:22, 33:11,
33:14, 33:16, 33:24,

34:7, 34:19, 35:22,
37:8, 37:10, 37:18,
39:13, 40:2, 40:5,
40:12, 40:20, 41:9,
43:9, 43:23, 44:2,
44:5, 44:9, 46:7,
46:13, 47:7, 50:6,
50:8, 50:10, 50:13,
50:16, 50:21, 51:1,
51:4, 51:18, 52:1,
52:16, 53:17, 53:21,
54:6
  **Carpinello** [5] - 5:10,
21:4, 31:15, 37:8,
37:9
  **case** [13] - 5:7,
12:13, 12:21, 12:22,
12:25, 20:2, 21:23,
23:8, 28:22, 31:4,
31:10, 31:21, 31:22
  **cases** [1] - 24:11
  **certain** [3] - 27:9,
52:6, 52:9
  **certainly** [3] - 12:1,
21:20, 53:1
  **certificate** [1] - 14:18
  **certify** [1] - 54:13
  **challenging** [2] -
33:22, 34:4
  **change** [1] - 10:25
  **changed** [4] - 9:25,
11:14, 38:8, 45:21
  **channelling** [1] -
12:8
  **CHRISTINA** [1] -
3:15
  **chronological** [1] -
39:11
  **Circuit** [1] - 39:5
  **circumstances** [1] -
24:13
  **cited** [2] - 20:2,
24:11
  **Civil** [1] - 48:16
  **clarification** [1] -
26:18
  **clarified** [1] - 9:24
  **Clark** [1] - 8:13
  **clear** [7] - 8:18,
13:13, 26:20, 29:14,
30:1, 33:10, 36:4
  **clearly** [1] - 21:23
  **Clerk** [1] - 8:13
  **client** [1] - 8:18
  **clients** [3] - 20:11,
20:21, 44:25
  **close** [1] - 29:21
  **clouding** [1] - 33:10
  **coast** [1] - 40:18
  **codefendants** [1] -

26:18
  **colleague** [1] - 18:12
  **colleagues** [2] -
5:24, 28:1
  **COLONIAL** [2] -
3:19, 3:19
  **Colonial** [3] - 6:3,
26:3, 26:4
  **communications** [4]
- 10:4, 10:14, 11:8,
14:13
  **companies** [2] -
28:2, 51:7
  **Company's** [1] - 17:2
  **compel** [4] - 17:7,
22:21, 24:11, 25:17
  **complete** [2] - 8:22,
14:17
  **concept** [3] - 32:25,
34:15, 34:23
  **concern** [1] - 30:6
  **concerned** [3] - 13:2,
13:5, 24:23
  **concluded** [1] - 54:9
  **conduct** [2] - 19:22,
24:20
  **conducted** [2] - 16:3,
21:3
  **confer** [1] - 43:5
  **conference** [35] -
9:6, 9:14, 19:16,
19:19, 21:1, 21:3,
21:17, 22:25, 26:12,
27:2, 30:19, 30:22,
33:1, 35:6, 35:14,
36:13, 36:17, 39:5,
39:11, 39:15, 39:22,
40:7, 40:13, 40:23,
40:25, 41:12, 41:19,
41:20, 41:21, 41:22,
41:23, 44:2, 44:5,
44:10, 44:11
  **conferred** [1] - 26:10
  **confirm** [1] - 17:24
  **conflate** [1] - 44:7
  **confusing** [1] - 40:2
  **conjunction** [1] -
25:15
  **connection** [1] - 9:12
  **consent** [1] - 32:3
  **contain** [1] - 12:24
  **contains** [1] - 15:20
  **contesting** [1] - 32:3
  **context** [1] - 26:15
  **continue** [1] - 12:14
  **continued** [1] - 12:23
  **conversations** [1] -
15:22
  **coordinating** [1] -
18:8

**copy** [2] - 14:17, 38:25
**corner** [1] - 17:15
**correct** [8] - 17:22, 20:9, 25:8, 25:9, 38:14, 41:18, 49:1, 52:20
**corrected** [1] - 28:1
**counsel** [12] - 5:8, 7:22, 10:16, 15:15, 23:8, 32:11, 44:3, 44:22, 45:12, 45:13, 46:7, 52:20
**count** [1] - 43:12
**counting** [1] - 49:20
**country** [1] - 46:19
**County** [1] - 15:1
**course** [5] - 12:21, 28:22, 31:11, 46:18, 53:13
**Court** [54] - 4:2, 4:3, 5:1, 5:2, 12:16, 13:12, 13:21, 15:2, 17:14, 19:10, 19:18, 19:21, 19:23, 21:9, 21:11, 21:19, 21:21, 22:1, 24:19, 24:22, 28:6, 28:18, 28:22, 29:19, 30:9, 30:25, 31:1, 31:7, 31:23, 32:14, 32:19, 32:20, 32:23, 33:2, 33:7, 33:12, 33:18, 36:4, 36:6, 38:21, 40:6, 40:7, 44:6, 44:14, 45:16, 46:14, 47:17, 47:21, 51:19, 54:8, 54:19, 54:19
**court** [7] - 24:13, 24:24, 27:20, 33:15, 36:21, 36:23, 49:15
**COURT** [168] - 5:5, 5:13, 5:16, 5:20, 6:1, 6:5, 6:10, 6:18, 6:22, 7:3, 7:5, 7:8, 7:11, 7:14, 7:18, 7:21, 7:24, 8:5, 8:10, 8:15, 8:20, 9:2, 11:3, 11:10, 11:13, 11:18, 12:4, 12:9, 13:1, 13:4, 13:8, 13:14, 13:19, 14:8, 14:19, 14:24, 15:3, 15:9, 15:11, 15:14, 15:23, 16:1, 16:7, 16:9, 16:13, 16:16, 16:24, 17:16, 17:18, 17:23, 18:1, 18:5, 18:9, 18:21, 19:13, 20:3, 20:7, 20:17, 20:24, 21:16, 21:21,

22:1, 22:4, 22:11, 22:17, 22:21, 23:11, 23:15, 23:18, 23:23, 25:7, 25:10, 25:20, 25:24, 26:14, 26:23, 28:4, 28:7, 28:13, 28:15, 28:25, 29:5, 30:11, 30:21, 31:13, 32:9, 32:21, 32:25, 33:13, 33:15, 33:21, 33:25, 34:14, 34:23, 35:23, 36:8, 36:11, 36:25, 37:6, 37:17, 37:23, 37:25, 38:3, 38:5, 38:7, 38:10, 38:12, 38:18, 39:9, 39:16, 39:19, 39:24, 40:9, 40:15, 40:22, 41:5, 41:11, 41:17, 41:22, 41:25, 42:6, 42:8, 42:10, 42:12, 42:16, 42:19, 42:21, 43:4, 43:7, 43:12, 43:18, 43:22, 43:25, 44:4, 44:7, 44:10, 44:14, 44:21, 46:5, 46:10, 47:5, 47:10, 47:15, 47:20, 47:23, 47:25, 48:5, 48:14, 48:19, 48:25, 49:2, 49:6, 49:8, 49:17, 50:9, 50:12, 50:15, 50:18, 50:22, 51:3, 51:17, 51:20, 52:4, 52:12, 53:5, 53:18, 53:23, 54:8
**Court's** [3] - 17:20, 25:4, 40:1
**courtroom** [3] - 16:6, 17:15, 30:3
**COURTROOM** [5] - 5:2, 5:6, 6:20, 36:21, 36:23
**created** [1] - 35:4
**credibility** [1] - 14:6
**Cristina** [1] - 5:14
**cross** [5] - 17:7, 21:22, 22:15, 22:21, 24:11
**crowded** [1] - 51:22
**current** [1] - 10:24

**D**

**Dade** [1] - 15:1
**Dan** [1] - 6:14
**Daniel** [2] - 6:23, 18:16
**date** [38] - 14:8, 23:12, 23:13, 26:12,

29:14, 30:11, 35:13, 35:16, 38:2, 38:4, 38:6, 38:11, 38:12, 38:14, 39:21, 40:11, 40:16, 42:7, 42:9, 42:11, 42:20, 44:16, 44:19, 44:23, 45:11, 45:17, 46:3, 47:5, 47:7, 48:7, 48:10, 48:20, 49:16, 49:17, 53:8, 53:9, 53:10
**DATE** [1] - 54:18
**dates** [19] - 29:9, 29:13, 30:7, 30:19, 31:16, 31:19, 32:5, 32:6, 32:16, 37:11, 37:15, 42:14, 45:8, 45:13, 45:14, 46:14, 46:17, 46:20
**Davis** [1] - 5:12
**DAVIS** [1] - 29:6
**days** [13] - 14:1, 14:2, 14:10, 16:3, 16:17, 17:22, 29:9, 31:19, 45:22, 47:2, 47:4, 49:23, 53:14
**DC** [3] - 3:3, 3:14, 6:7
**de** [2] - 5:23, 26:6
**deadline** [3] - 28:11, 30:16, 45:21
**deal** [1] - 12:24
**decide** [2] - 34:12, 35:14
**decided** [2] - 31:2, 33:15
**decision** [1] - 25:22
**decisions** [1] - 17:10
**declaration** [1] - 10:5, 10:12, 11:16, 11:19, 11:24, 12:4, 13:6, 13:11, 13:16, 15:20, 16:19
**declarations** [6] - 11:23, 12:15, 12:23, 13:1, 13:4, 16:20
**deep** [1] - 29:25
**defendant** [7] - 7:13, 7:17, 10:3, 24:15, 24:22, 35:2, 37:5
**DEFENDANT** [2] - 3:1, 3:12
**Defendant** [3] - 14:21, 15:10, 17:2
**defendant's** [1] - 27:6
**Defendant's** [1] - 14:18
**defendants** [43] - 6:3, 6:8, 6:13, 8:14, 15:4, 18:14, 18:17,

21:6, 21:10, 21:14, 24:4, 24:6, 24:7, 24:14, 24:20, 24:21, 27:16, 27:19, 28:3, 28:11, 29:10, 29:15, 29:20, 30:9, 30:15, 31:9, 31:18, 31:21, 31:23, 32:1, 37:11, 37:13, 45:1, 45:5, 47:2, 48:11, 51:6, 52:6, 52:25, 53:1
**Defendants** [1] - 5:15
**DEFENDANTS** [2] - 3:7, 3:18
**defendants'** [3] - 27:9, 48:15, 53:4
**defense** [2] - 32:11, 52:20
**defenses** [6] - 7:13, 18:19, 36:5, 36:15, 48:13, 48:15
**definite** [2] - 28:18, 30:7
**definition** [1] - 27:16
**denied** [1] - 22:5
**deponent** [2] - 38:16, 49:21
**depos** [2] - 49:18, 49:21
**depose** [1] - 14:9
**deposed** [2] - 40:8, 40:14
**deposition** [7] - 13:25, 16:2, 16:11, 16:17, 17:20, 32:2, 53:15
**depositions** [11] - 31:21, 31:25, 32:17, 34:6, 35:11, 38:21, 41:1, 51:5, 51:10, 51:15, 52:7
**DEPUTY** [5] - 5:2, 5:6, 6:20, 36:21, 36:23
**derived** [1] - 34:24
**described** [2] - 30:13, 34:21
**description** [2] - 11:21, 38:7
**designating** [1] - 40:14
**destroy** [1] - 52:14
**determine** [1] - 28:19
**determining** [1] - 29:18
**DIAZ** [2] - 4:2, 54:18
**Diaz** [1] - 54:18
**directed** [2] - 25:19, 52:23
**direction** [4] - 17:20,

36:4, 36:8, 36:18
**disagreement** [4] - 16:17, 16:19, 37:12, 40:8
**disagrees** [1] - 9:7
**discern** [1] - 12:6
**discovery** [42] - 10:7, 12:13, 12:21, 14:4, 19:11, 19:15, 19:20, 19:22, 19:25, 21:10, 21:20, 21:23, 22:2, 22:4, 22:7, 22:12, 23:7, 24:13, 24:25, 27:3, 28:18, 30:22, 31:12, 33:17, 34:13, 35:2, 35:10, 35:15, 38:22, 38:24, 39:1, 40:23, 40:25, 41:11, 41:20, 42:24, 51:9, 51:14, 51:20, 51:23, 52:10, 52:21
**discrepancy** [1] - 41:10
**discuss** [4] - 32:15, 36:9, 44:13, 51:22
**discussed** [5] - 18:7, 23:3, 23:13, 23:14, 49:13
**discussion** [3] - 25:15, 33:4, 34:19
**discussions** [2] - 9:14, 29:8
**dismiss** [1] - 28:11
**dispute** [1] - 44:23
**disputes** [1] - 41:13
**dissipation** [1] - 53:3
**distance** [1] - 51:8
**district** [1] - 11:9
**District** [4] - 4:3, 5:2, 5:3, 54:19
**docket** [1] - 10:1
**Docket** [14] - 10:2, 17:1, 17:6, 17:7, 17:9, 17:12, 18:4, 25:12, 25:13, 27:4, 27:8, 27:10, 29:3, 35:20
**document** [8] - 20:19, 26:22, 35:11, 38:8, 52:7, 52:8, 52:11, 52:14
**documents** [5] - 19:8, 20:6, 52:14, 52:18, 53:3
**done** [2] - 29:13, 50:16
**down** [2] - 32:9, 34:3
**Drive** [1] - 3:16
**drop** [1] - 32:12
**dropped** [1] - 31:20
**due** [3] - 41:2, 50:3,

50:4
**during** [1] - 34:20

# E

**e-mail** [1] - 32:7
**east** [1] - 40:18
**easy** [1] - 28:6
**ECF** [1] - 18:4
**effect** [1] - 22:14
**efficiency** [1] - 38:19
**either** [3] - 21:2, 21:10, 22:20
**elaborate** [1] - 9:21
**elaborated** [1] - 9:24
**element** [1] - 12:10
**Eleventh** [1] - 39:4
**EMANUEL** [1] - 3:13
**ENCINOSA** [18] - 6:12, 6:21, 7:1, 7:4, 7:6, 7:9, 7:12, 40:24, 41:15, 44:24, 46:11, 47:11, 47:16, 47:21, 47:24, 48:21, 49:1, 49:12
**Encinosa** [3] - 6:13, 40:24, 44:24
**encompasses** [1] - 12:1
**end** [2] - 22:25, 37:12
**endorsed** [2] - 33:1, 34:24
**ENERGY** [1] - 3:7
**Energy** [4] - 5:22, 8:3, 26:5, 26:7
**enforce** [1] - 21:11
**engaged** [1] - 31:20
**enlarge** [1] - 38:21
**enter** [3] - 13:21, 19:10, 25:7
**entered** [2] - 12:21, 12:22
**entire** [1] - 12:4
**entities** [5] - 18:3, 20:13, 20:14, 20:15, 24:4
**entitled** [1] - 54:15
**entity** [1] - 28:20
**Entry** [13] - 10:2, 17:1, 17:6, 17:8, 17:9, 17:12, 25:12, 25:13, 27:4, 27:8, 27:10, 29:3, 35:20
**equally** [1] - 25:14
**ESQ** [8] - 3:1, 3:4, 3:7, 3:9, 3:12, 3:15, 3:18, 3:22
**essence** [1] - 32:12

**essentially** [3] - 12:8, 12:14, 25:5
**establish** [1] - 31:4
**established** [3] - 11:9, 30:25, 36:6
**establishing** [1] - 28:24
**et** [1] - 5:7
**Etan** [1] - 7:15
**ETHAN** [1] - 3:12
**Ethan** [4] - 5:14, 26:1, 27:24, 37:2
**evidence** [1] - 15:10
**exactly** [4] - 10:11, 10:19, 11:14, 51:3
**examine** [1] - 14:6
**example** [1] - 20:15
**except** [2] - 9:9, 40:10
**exchange** [2] - 42:14, 45:4
**exclude** [1] - 10:5
**excuse** [1] - 39:17
**Exhibit** [4] - 14:18, 14:21, 15:1, 15:10
**exhibit** [1] - 14:19
**expedited** [5] - 10:7, 22:11, 27:3, 27:9, 49:19
**experts** [2] - 49:18, 49:21
**explain** [1] - 11:17
**extends** [1] - 23:24
**extent** [1] - 10:9
**extra** [1] - 49:16

# F

**facetious** [1] - 50:14
**facie** [1] - 32:23
**fact** [3] - 19:21, 26:13, 32:5
**facts** [1] - 35:3
**factual** [2] - 11:23, 24:21
**fair** [3] - 30:5, 31:4, 36:7
**far** [5] - 12:22, 12:23, 24:18, 35:7, 36:13
**fashion** [1] - 36:15
**fast** [1] - 29:22
**FCRR** [2] - 4:2, 54:18
**Federal** [2] - 44:18, 48:16
**felt** [1] - 34:22
**Fernanda** [1] - 7:10
**Fernandez** [1] - 6:15
**few** [1] - 29:9
**FIELDS** [1] - 3:19

**Fields** [1] - 6:3
**file** [9] - 22:13, 41:12, 45:21, 46:22, 47:1, 48:22, 49:8, 49:12, 51:20
**filed** [16] - 9:17, 9:18, 9:25, 10:2, 12:17, 17:10, 17:12, 18:3, 18:10, 18:19, 18:25, 25:13, 27:8, 32:13, 34:8, 48:23
**filer** [1] - 9:20
**filing** [3] - 12:23, 48:7, 49:14
**filings** [1] - 24:24
**final** [1] - 41:11
**financial** [1] - 20:20
**fine** [4] - 41:25, 50:13, 50:15, 52:1
**firm** [3] - 5:25, 7:16, 7:23
**first** [15] - 9:20, 10:1, 10:24, 12:10, 16:25, 18:6, 28:10, 28:24, 31:4, 31:16, 33:3, 34:15, 35:1, 37:21, 48:15
**Flexner** [2] - 5:10, 15:18
**floor** [1] - 18:11
**Floor** [3] - 3:14, 4:4, 54:20
**Florida** [11] - 3:5, 3:11, 3:17, 3:20, 3:24, 4:4, 5:3, 8:9, 26:3, 51:7, 54:20
**flowing** [1] - 17:12
**following** [1] - 19:16
**follows** [1] - 11:22
**FOR** [5] - 3:1, 3:7, 3:12, 3:18, 3:22
**foregoing** [1] - 54:13
**form** [2] - 20:12, 23:21
**formal** [1] - 22:11
**former** [2] - 10:6, 11:22
**forward** [6] - 14:5, 17:21, 18:23, 29:11, 30:10, 54:4
**four** [2] - 19:2, 31:19
**FPR** [2] - 4:2, 54:18
**framework** [1] - 35:25, 36:12
**Francisco** [3] - 10:3, 10:22, 18:17
**Frank** [2] - 8:13, 8:15
**freeze** [1] - 29:25
**Friday** [1] - 32:10
**Friedman** [11] - 10:6,

10:15, 11:22, 12:8, 12:14, 13:7, 14:1, 14:14, 16:11, 16:17, 53:15
**FRIEDMAN** [1] - 3:22
**Friedman's** [2] - 15:20, 16:2
**front** [1] - 29:24
**fully** [2] - 24:10, 24:17
**fulsome** [1] - 28:19
**fundamental** [1] - 28:22
**funds** [1] - 52:24

# G

**Gabaldon** [2] - 5:22, 26:6
**Gayles** [18] - 9:6, 21:8, 22:4, 23:9, 25:7, 27:2, 27:12, 29:24, 30:2, 30:3, 33:5, 34:11, 34:16, 35:18, 38:23, 39:4, 44:15, 48:6
**Gayles'** [1] - 46:4
**Gelber** [1] - 8:2
**GELBER** [1] - 3:10
**George** [3] - 5:10, 21:4, 31:15
**GERALD** [1] - 3:9
**Gerry** [1] - 8:1
**given** [2] - 10:18, 35:8
**Glass** [10] - 5:15, 5:18, 26:2, 27:24, 31:17, 31:18, 32:4, 32:14, 37:2, 46:25
**GLASS** [62] - 3:12, 8:25, 26:1, 26:16, 27:24, 28:5, 28:8, 28:14, 28:16, 29:2, 29:7, 30:13, 30:24, 36:3, 36:10, 36:20, 37:2, 37:7, 37:9, 37:19, 37:24, 38:2, 38:4, 38:6, 38:9, 38:11, 38:14, 39:8, 39:10, 39:17, 39:20, 39:25, 40:4, 40:21, 41:16, 41:18, 41:24, 42:3, 42:7, 42:9, 42:11, 42:13, 42:17, 42:20, 43:2, 43:5, 43:10, 43:16, 43:20, 44:12, 44:18, 44:22, 48:4, 48:9, 48:18, 49:3, 49:7, 49:22,

50:7, 52:5, 53:22, 54:7
**Glencore** [7] - 5:21, 5:22, 18:3, 24:3, 24:5, 26:5
**Godfrey** [1] - 8:1
**GODFREY** [1] - 3:7
**Goldberg** [2] - 8:8, 8:10
**Gonzales** [1] - 6:16
**Gonzalez** [1] - 6:18
**grant** [1] - 19:23
**granted** [2] - 33:16, 52:17
**granting** [1] - 23:18
**Gravante** [3] - 5:11, 13:6, 13:8
**great** [2] - 12:24, 37:18
**Greenberg** [2] - 8:2, 8:5
**GREENBERG** [3] - 3:9, 3:10, 8:6
**group** [2] - 45:5, 47:2
**GROUP** [1] - 3:19
**Group** [1] - 26:4
**guess** [2] - 27:19, 49:14, 49:19
**guidance** [1] - 42:21
**guise** [1] - 52:11
**Gump** [2] - 6:7, 10:22
**GUNSTER** [1] - 3:4
**Gunster** [1] - 7:23
**Gustavo** [2] - 5:22, 26:5
**Guttman** [1] - 7:23
**GUTTMAN** [1] - 3:4

# H

**half** [1] - 50:12
**hallway** [3] - 30:2, 30:20, 31:17
**halting** [1] - 36:16
**hammered** [1] - 30:3
**hand** [2] - 36:14, 36:16
**handled** [1] - 38:22
**handling** [1] - 36:4
**hang** [1] - 40:15
**happy** [2] - 24:17, 37:17
**hat** [1] - 37:3
**Hayden** [1] - 7:16
**heads** [1] - 41:14
**hear** [14] - 9:23, 10:16, 11:10, 15:14, 17:9, 17:14, 17:16,

20:25, 21:2, 22:22, 23:14, 23:25, 31:13, 44:13
**heard** [2] - 29:23, 30:1
**hearing** [55] - 10:8, 10:19, 13:23, 13:24, 14:2, 14:4, 14:10, 14:11, 16:3, 16:4, 16:18, 17:4, 17:21, 17:22, 17:24, 18:22, 19:3, 19:4, 19:24, 21:7, 21:9, 21:10, 21:12, 21:25, 22:7, 22:12, 23:6, 24:24, 25:2, 27:4, 30:1, 34:24, 35:16, 39:2, 45:8, 45:9, 45:11, 45:24, 46:20, 47:1, 47:3, 47:18, 48:1, 48:6, 48:20, 49:24, 50:3, 50:25, 51:16, 51:20, 52:8, 53:4, 53:10, 53:12, 53:15
**hearings** [4] - 24:19, 40:17, 50:24, 51:23
**hears** [1] - 34:11
**Hedges** [1] - 8:13
**held** [3] - 9:6, 21:24, 52:16
**Helen** [2] - 5:11, 15:17
**Helier** [3] - 6:25, 7:5, 7:7
**hello** [1] - 27:24, 37:2
**help** [3] - 39:20, 51:24, 53:6
**helpful** [1] - 36:3
**helping** [1] - 39:19
**Helsinge** [6] - 6:13, 6:14, 6:24, 7:2, 7:4, 7:7, 7:8, 17:2, 18:14, 18:15
**hereby** [1] - 54:13
**hesitant** [1] - 13:21
**hiccup** [1] - 27:14
**hold** [2] - 15:4, 21:8
**Holdings** [3] - 6:14, 6:24, 18:15
**holds** [1] - 21:23
**Holland** [3] - 6:13, 6:16, 18:14
**Honor** [124] - 5:9, 5:12, 5:19, 5:21, 6:2, 6:6, 6:12, 7:15, 7:19, 7:25, 8:6, 8:12, 8:16, 8:17, 8:25, 9:1, 10:21, 10:24, 11:8, 11:15, 11:16, 11:19, 13:3,

13:18, 13:20, 14:15, 14:23, 14:25, 15:8, 15:17, 15:25, 16:10, 16:23, 17:13, 17:25, 18:2, 18:7, 18:11, 18:13, 21:4, 21:5, 23:22, 24:2, 24:8, 24:17, 25:9, 25:19, 26:1, 26:8, 26:16, 26:17, 26:21, 27:24, 28:5, 28:8, 28:9, 28:14, 29:3, 29:6, 29:7, 29:11, 29:22, 30:13, 30:24, 31:3, 31:15, 34:11, 36:3, 36:7, 36:10, 36:20, 37:2, 37:16, 37:20, 37:24, 38:9, 38:14, 39:8, 39:13, 39:14, 39:17, 39:20, 39:21, 40:24, 41:10, 41:15, 41:16, 41:20, 41:24, 42:3, 42:5, 42:13, 42:17, 43:2, 43:16, 43:20, 43:21, 43:23, 44:12, 44:24, 45:3, 45:10, 46:13, 47:11, 48:4, 48:9, 48:18, 48:21, 49:1, 49:3, 49:7, 49:12, 49:13, 50:4, 50:13, 52:1, 52:3, 52:5, 52:8, 53:17, 53:21, 53:22, 54:6, 54:7
**Honor's** [2] - 25:22, 45:25
**Honorable** [1] - 5:4
**hope** [1] - 49:12
**hopefully** [3] - 36:18, 37:19, 53:10
**hours** [3] - 46:14, 46:20, 50:4
**Houston** [1] - 3:8
**Hubbard** [1] - 8:8
**HUDES** [3] - 3:1, 7:19, 7:22
**Hudes** [1] - 7:19
**Hughes** [1] - 8:8
**husband** [1] - 15:22

**I**

**identification** [1] - 14:22
**identify** [3] - 5:17, 14:6, 38:16
**imagine** [1] - 49:19
**important** [1] - 48:10
**improper** [2] - 27:17, 31:25

**in-person** [1] - 30:18
**inability** [1] - 29:10
**INC** [2] - 3:8, 3:19
**Inc** [7] - 6:14, 6:24, 8:3, 18:15, 26:4, 26:7
**included** [1] - 10:14
**includes** [1] - 29:16
**including** [1] - 24:18
**incorporate** [1] - 42:24
**incorporated** [1] - 48:14
**incorrect** [2] - 22:6, 28:1
**indeed** [1] - 24:16
**indicated** [2] - 23:9, 24:24, 45:8
**individual** [1] - 24:4
**individuals** [2] - 20:13, 20:14
**INDUSTRIES** [1] - 3:19
**Industries** [1] - 26:4
**informant** [2] - 11:24, 11:25
**information** [1] - 20:20
**initial** [6] - 45:18, 47:13, 48:23, 49:14, 49:24, 50:2
**injunction** [23] - 9:9, 9:13, 10:9, 10:19, 13:23, 13:24, 16:3, 16:18, 17:21, 21:9, 22:12, 25:2, 45:12, 46:2, 48:6, 48:20, 51:2, 51:11, 51:14, 52:13, 53:9, 53:11, 53:15
**injured** [2] - 28:21, 31:5
**innuendo** [1] - 12:24
**insist** [1] - 52:10
**instead** [1] - 48:25
**institute** [1] - 28:16
**instructions** [1] - 42:1
**intend** [1] - 25:1
**intermediate** [1] - 42:14
**intermission** [1] - 39:7
**interrupt** [1] - 17:14
**investigator** [1] - 10:13
**invoked** [1] - 12:3
**invoking** [1] - 27:16
**Israel** [3] - 6:12, 40:24, 44:24
**issue** [30] - 9:12,

19:4, 23:6, 23:20, 26:24, 27:1, 27:11, 28:10, 30:8, 32:6, 32:12, 32:23, 34:16, 34:20, 34:21, 35:1, 35:17, 36:5, 42:22, 45:2, 45:7, 45:19, 50:19, 50:23, 52:2, 52:14, 52:19, 53:23
**issued** [1] - 19:1
**issues** [16] - 10:12, 12:13, 23:14, 27:14, 27:23, 28:8, 29:16, 35:25, 40:2, 41:1, 41:3, 41:7, 47:24, 51:8, 53:11, 53:16
**item** [1] - 13:20

**J**

**January** [1] - 52:25
**Jeff** [1] - 8:8
**Jennifer** [1] - 16:14
**JENNIFER** [1] - 3:22
**Jessica** [3] - 5:23, 18:2, 24:3
**John** [3] - 7:17, 10:13, 18:18
**joinder** [2] - 17:8, 27:6
**joined** [1] - 18:18
**joint** [3] - 23:2, 27:1, 27:6
**JORGE** [1] - 3:4
**Jorge** [1] - 7:23
**Josefsberg** [1] - 5:25
**judge** [3] - 22:8, 22:9, 52:16
**Judge** [23] - 6:20, 8:16, 9:6, 16:14, 21:8, 22:4, 23:9, 25:7, 27:2, 27:12, 29:24, 30:2, 30:3, 33:5, 34:11, 34:15, 35:18, 38:23, 39:4, 44:15, 46:4, 48:6
**June** [2] - 48:9, 48:13
**jurisdiction** [23] - 11:5, 18:20, 27:17, 29:16, 29:19, 30:10, 31:1, 31:7, 31:24, 32:3, 32:23, 33:2, 33:8, 33:9, 33:12, 33:19, 33:20, 33:22, 34:5, 34:10, 34:20
**jurisdictional** [2] - 32:6, 32:12

**K**

**keep** [4] - 17:11, 45:3, 48:1, 49:16
**keeping** [1] - 34:14
**Kelso** [1] - 8:1
**KELSO** [2] - 3:7, 7:25
**kind** [8] - 14:11, 18:22, 22:13, 25:17, 33:9, 34:1, 35:8, 50:18
**Knight** [3] - 6:13, 6:16, 18:14
**knows** [1] - 28:22

**L**

**lack** [3] - 20:7, 20:9, 27:17
**laid** [1] - 24:14
**last** [2] - 17:14, 31:18
**latest** [3] - 28:25, 29:2, 49:17
**law** [5] - 7:16, 20:2, 21:23, 25:6, 33:11
**lead** [1] - 35:12, 35:19, 45:12
**least** [5] - 20:10, 32:1, 32:6, 32:18, 50:4
**leave** [1] - 48:19
**leaving** [1] - 32:6
**LEE** [2] - 8:12, 8:16
**Lee** [2] - 8:12, 8:15
**left** [2] - 31:11, 53:14
**Leonardo** [2] - 10:23, 18:17
**Liendo** [3] - 6:15, 6:24, 18:15
**limit** [1] - 43:14
**limitation** [1] - 35:11
**limitations** [1] - 35:10
**Limited** [12] - 5:22, 6:14, 7:2, 7:4, 7:7, 7:8, 8:3, 18:15, 26:5
**limited** [10] - 6:16, 7:13, 8:19, 10:7, 11:4, 27:3, 35:2, 35:4, 48:1, 52:19
**line** [1] - 34:3
**listening** [1] - 8:25
**LLC** [9] - 3:13, 5:7, 5:15, 6:14, 18:15, 26:2, 26:6, 27:25, 37:3
**LLP** [4] - 3:2, 3:7,

3:22, 16:15
 **local** [1] - 7:22
 **Local** [4] - 30:14,
30:15, 30:18, 44:11
 **look** [5] - 11:20,
27:22, 37:20, 52:23,
54:3
 **looking** [1] - 14:11
 **looks** [1] - 13:12
 **loud** [1] - 30:1
 **louder** [1] - 17:18
 **Louisiana** [1] - 3:8
 **LTD** [1] - 6:24
 **Luis** [3] - 6:14, 6:23,
18:15
 **Lukoil** [3] - 5:6, 7:20,
26:6
 **LUKOIL** [1] - 3:2
 **Lutz** [3] - 6:14, 6:23,
18:16

## M

 **MAARRAOUI** [1] -
3:8
 **Maarraoui** [2] - 8:4,
26:7
 **MACDOUGALL** [22]
- 6:6, 8:17, 10:21,
11:4, 11:12, 11:15,
11:19, 12:6, 12:10,
13:3, 13:6, 13:10,
13:18, 13:20, 14:15,
14:23, 14:25, 15:12,
17:13, 17:17, 17:19,
17:25
 **MacDougall** [3] - 6:7,
8:17, 10:22
 **machine** [1] - 19:14
 **MAHER** [6] - 15:8,
15:17, 15:25, 16:5,
16:8, 16:23
 **Maher** [2] - 5:11,
15:18
 **mail** [1] - 32:7
 **maintained** [1] - 25:5
 **March** [2] - 19:23,
22:6
 **Maria** [2] - 6:15, 7:9
 **marital** [6] - 10:4,
11:8, 12:2, 14:7,
14:12, 53:16
 **MARK** [1] - 7:15
 **Mark** [5] - 6:6, 7:15,
7:16, 8:17, 10:21
 **marked** [1] - 14:21
 **marriage** [1] - 14:18
 **Martinez** [1] - 38:23
 **matter** [17] - 9:10,

12:12, 16:25, 17:1,
20:2, 24:7, 24:19,
25:14, 33:2, 33:5,
33:11, 33:12, 33:19,
39:3, 44:16, 48:21,
54:15
 **matters** [1] - 9:25
 **Maximiliano** [1] -
8:14
 **MAYER** [1] - 3:2
 **Mayer** [1] - 7:20
 **McLish** [2] - 6:9,
6:10
 **mean** [2] - 17:13,
49:13
 **means** [1] - 20:14
 **meant** [2] - 46:10,
46:11
 **meet** [1] - 43:5
 **mention** [1] - 48:21
 **mentioned** [2] - 7:9,
39:4
 **meritorious** [1] -
21:14
 **merits** [2] - 30:25,
52:10
 **met** [1] - 26:9
 **Miami** [9] - 3:5, 3:11,
3:17, 3:20, 3:24, 4:3,
4:4, 54:20, 54:20
 **Michael** [1] - 8:1
 **MICHAEL** [1] - 3:7
 **midnight** [2] - 49:9,
49:10
 **Migdal** [1] - 7:16
 **might** [4] - 39:25,
48:13, 51:21
 **minute** [1] - 43:18
 **minutes** [4] - 32:13,
35:21, 35:22, 36:2
 **miss** [2] - 8:24, 9:19
 **misspoke** [2] - 46:7,
52:20
 **mistake** [1] - 41:18
 **Mitchell** [2] - 6:8,
6:10
 **modified** [2] - 11:1,
38:7
 **moment** [3] - 11:2,
20:1, 22:22
 **money** [1] - 52:22
 **month** [1] - 23:8
 **moot** [3] - 19:4, 19:6,
23:17
 **moots** [1] - 25:17
 **Morillo** [17] - 6:8,
8:18, 10:3, 10:6,
10:17, 10:22, 11:6,
12:2, 14:20, 14:21,
15:4, 15:10, 18:17,

45:2, 47:2, 52:24,
53:4
 **Morillo's** [2] - 11:21,
15:15
 **morning** [19] - 5:5,
5:7, 5:14, 5:21, 6:6,
6:12, 7:15, 7:18, 7:19,
7:25, 8:7, 8:11, 8:12,
15:17, 16:10, 18:13,
40:17, 40:19, 40:20
 **most** [1] - 37:20
 **motion** [43] - 9:9,
9:20, 10:1, 10:2, 10:4,
10:5, 10:7, 10:8,
10:18, 10:25, 12:16,
17:3, 17:6, 17:7, 17:8,
17:14, 18:16, 18:19,
18:22, 18:25, 21:24,
22:13, 22:16, 22:21,
23:1, 23:18, 24:11,
25:11, 25:12, 27:7,
27:8, 27:9, 32:13,
33:23, 34:9, 34:12,
46:2, 46:16, 51:19,
52:9
 **motions** [14] - 8:22,
9:8, 9:17, 9:21, 29:17,
31:2, 31:8, 31:10,
34:2, 38:24, 48:8,
48:16, 53:24, 54:1
 **move** [2] - 26:8,
28:11, 29:15, 45:14,
45:24
 **moved** [3] - 21:22,
22:4, 22:15
 **movement** [1] -
52:24
 **movements** [1] -
52:22
 **moving** [3] - 29:8,
39:14, 52:19
 **MR** [172] - 5:9, 6:2,
6:6, 6:12, 6:21, 7:1,
7:4, 7:6, 7:9, 7:12,
7:15, 7:19, 7:22, 7:25,
8:6, 8:7, 8:12, 8:16,
8:17, 8:25, 10:21,
11:4, 11:12, 11:15,
11:19, 12:6, 12:10,
13:3, 13:6, 13:10,
13:18, 13:20, 14:15,
14:23, 14:25, 15:12,
17:13, 17:17, 17:19,
17:25, 18:13, 18:24,
19:15, 20:4, 20:9,
20:18, 21:4, 21:19,
21:22, 22:3, 22:6,
22:15, 22:19, 23:3,
23:13, 23:16, 23:22,
25:19, 25:21, 26:1,

26:16, 27:24, 28:5,
28:8, 28:14, 28:16,
29:2, 29:6, 29:7,
30:13, 30:24, 31:15,
32:10, 32:22, 33:11,
33:14, 33:16, 33:24,
34:7, 34:19, 35:22,
36:3, 36:10, 36:20,
37:2, 37:7, 37:8, 37:9,
37:10, 37:18, 37:19,
37:24, 38:2, 38:4,
38:6, 38:9, 38:11,
38:14, 39:8, 39:10,
39:13, 39:17, 39:20,
39:25, 40:2, 40:4,
40:5, 40:12, 40:20,
40:21, 40:24, 41:9,
41:15, 41:16, 41:18,
41:24, 42:3, 42:7,
42:9, 42:11, 42:13,
42:17, 42:20, 43:2,
43:5, 43:9, 43:10,
43:16, 43:20, 43:23,
44:2, 44:5, 44:9,
44:12, 44:18, 44:22,
44:24, 46:7, 46:11,
46:13, 47:7, 47:11,
47:16, 47:21, 47:24,
48:4, 48:9, 48:18,
48:21, 49:1, 49:3,
49:7, 49:12, 49:22,
50:6, 50:7, 50:8,
50:10, 50:13, 50:16,
50:21, 51:1, 51:4,
51:18, 52:1, 52:5,
52:16, 53:17, 53:21,
53:22, 54:6, 54:7
 **MS** [17] - 5:14, 5:19,
5:21, 15:8, 15:17,
15:25, 16:5, 16:8,
16:10, 16:14, 16:23,
18:2, 18:7, 18:11,
24:2, 25:9, 26:17
 **mutually** [1] - 16:11

## N

 **N.W** [1] - 3:2
 **name** [6] - 5:23, 7:8,
7:25, 8:7, 15:17, 27:7
 **nature** [2] - 19:11
 **necessarily** [1] -
36:14
 **necessary** [3] - 40:6,
40:13, 51:10
 **need** [9] - 9:22,
11:10, 13:15, 23:25,
29:13, 35:21, 36:11,
38:20, 39:20, 43:1,
44:19, 49:10, 49:18,

49:23, 51:24, 52:12,
53:6
 **needs** [1] - 34:13
 **negotiate** [3] - 31:19,
32:8, 53:1
 **negotiating** [1] -
51:13
 **negotiations** [1] -
34:21
 **new** [1] - 37:15
 **New** [1] - 8:21
 **next** [4] - 5:20, 6:1,
17:1, 42:4
 **nice** [1] - 8:5
 **Nicholas** [1] - 5:11
 **Nick** [1] - 8:7
 **non** [2] - 18:18, 53:3
 **non-party** [1] - 18:18
 **nonstanding** [1] -
29:16
 **North** [2] - 4:3, 54:20
 **notch** [1] - 32:9
 **note** [3] - 17:5, 26:9,
29:22
 **nothing** [2] - 12:25,
22:10
 **notice** [9] - 20:5,
20:7, 20:9, 21:13,
21:14, 21:15, 41:12,
51:21, 53:6
 **Number** [2] - 14:20,
18:4
 **number** [7] - 5:7,
15:4, 22:22, 22:24,
37:11, 38:21, 42:2
 **NW** [1] - 3:13

## O

 **o'clock** [3] - 40:18,
40:22, 41:8
 **object** [7] - 15:23,
15:25, 16:2, 16:5,
20:10, 20:12, 52:6
 **objected** [4] - 20:4,
20:18, 20:22, 47:3
 **objecting** [3] - 47:8,
47:10, 47:11
 **objection** [2] - 15:8,
51:6
 **objections** [7] - 15:6,
19:5, 20:23, 21:6,
41:2
 **obligations** [1] - 25:1
 **observation** [1] -
15:21
 **observations** [1] -
15:20
 **obviated** [1] - 39:25

**obviating** [1] - 51:13
**obviously** [5] - 10:9, 10:25, 19:5, 21:13, 45:10
**occur** [1] - 19:5
**occurred** [1] - 19:19
**offering** [1] - 40:1
**Official** [1] - 54:19
**official** [1] - 4:2
**oil** [8] - 24:6, 24:14, 24:21, 26:11, 28:2, 37:4, 51:6, 52:6
**OIL** [1] - 3:19
**Oil** [2] - 6:3, 26:4
**Olivos** [2] - 5:14, 5:18
**OLIVOS** [3] - 3:15, 5:14, 5:19
**once** [2] - 12:21, 36:8
**one** [25] - 7:8, 7:9, 11:20, 12:12, 13:8, 13:20, 13:25, 15:4, 17:7, 17:11, 18:25, 21:19, 22:23, 24:9, 26:1, 26:17, 29:23, 31:21, 32:11, 36:14, 41:11, 48:21, 48:22, 51:25
**One** [1] - 14:20
**ones** [3] - 12:8, 17:10, 31:22
**open** [3] - 48:19, 51:23, 52:17
**opening** [2] - 46:8, 46:23
**opportunity** [2] - 8:23, 47:16
**opposing** [1] - 45:12
**oral** [1] - 26:19
**order** [28] - 5:1, 5:17, 9:2, 9:18, 12:21, 17:4, 17:5, 17:23, 19:10, 19:17, 19:21, 21:20, 21:21, 22:1, 24:13, 25:4, 26:21, 27:10, 27:20, 34:5, 37:21, 39:11, 42:1, 45:23, 50:17, 53:18, 53:23, 54:1
**ordered** [2] - 14:1, 17:21
**orderly** [2] - 31:3, 34:10
**ordinary** [1] - 12:20
**ore** [1] - 22:13
**original** [2] - 15:1, 27:7
**originally** [2] - 18:24, 51:4

**Orleans** [1] - 8:21
**Otazo** [1] - 5:4
**Otazo-Reyes** [1] - 5:4
**others'** [1] - 17:3
**otherwise** [2] - 28:11, 29:15
**outside** [3] - 12:19, 20:15, 32:19
**outstanding** [3] - 9:8, 11:6, 34:13
**overbroad** [1] - 20:22

## P

**P.A** [1] - 3:10
**p.m** [5] - 48:24, 49:2, 49:13, 50:9, 54:9
**pages** [10] - 42:23, 42:25, 43:3, 43:7, 43:9, 43:14, 48:2, 49:4, 50:9
**paired** [1] - 38:23
**PAN** [1] - 3:2
**Pan** [3] - 5:6, 7:20, 26:6
**papers** [4] - 9:23, 27:18, 27:22, 34:8
**part** [3] - 15:19, 22:23, 23:23
**participating** [2] - 48:11, 48:12
**particular** [1] - 52:22
**parties** [15] - 9:15, 15:22, 19:17, 19:20, 22:8, 23:5, 23:7, 24:23, 27:20, 38:16, 38:20, 45:21, 47:12, 47:17, 49:15
**parties'** [1] - 41:21
**party** [1] - 18:18
**PATRICIA** [2] - 4:2, 54:18
**Paul** [3] - 5:23, 18:2, 24:3
**PAUL** [1] - 3:20
**PDVSA** [6] - 5:6, 28:20, 28:21, 29:18, 31:5, 36:5
**people** [9] - 9:3, 31:25, 32:2, 32:18, 33:21, 34:3, 35:13, 35:19, 40:14
**perfectly** [2] - 17:19, 51:9
**period** [1] - 36:18
**permission** [1] - 19:22

**permitted** [2] - 19:16, 20:15
**person** [1] - 30:18
**personal** [10] - 11:5, 27:17, 29:16, 31:24, 33:9, 33:18, 33:22, 34:4, 34:10, 34:20
**personally** [1] - 20:13
**perspective** [1] - 34:22
**philosophically** [1] - 46:23
**phone** [2] - 32:11, 54:4
**PI** [6] - 23:6, 46:16, 51:16, 52:18, 53:2, 53:4
**pick** [2] - 53:8, 53:10
**PILLSBURY** [1] - 3:22
**Pillsbury** [1] - 16:15
**PITTMAN** [1] - 3:22
**Pittman** [1] - 16:15
**place** [2] - 21:7, 21:18
**placed** [3] - 13:11, 13:16, 15:23
**placing** [1] - 16:19
**plaintiff** [7] - 5:10, 15:14, 17:3, 19:22, 21:5, 24:11, 45:5
**Plaintiff's** [1] - 28:24
**plaintiff's** [4] - 17:6, 27:4, 31:13, 45:24
**plaintiffs** [10] - 7:6, 13:9, 20:25, 21:2, 26:12, 30:7, 30:15, 30:16, 45:8, 52:10
**plaintiffs'** [1] - 27:15
**plan** [2] - 31:12, 44:6
**play** [1] - 35:25
**pleadings** [1] - 7:2
**pleasure** [1] - 54:3
**plenty** [1] - 43:9
**plus** [1] - 39:19
**pocket** [1] - 34:17
**Podhurst** [1] - 5:25
**point** [13] - 12:16, 14:12, 16:11, 21:8, 21:9, 24:10, 26:17, 33:3, 35:20, 41:11, 43:16, 47:22, 51:24
**points** [2] - 27:21, 33:11
**Porter** [1] - 8:13
**position** [7] - 19:8, 19:25, 31:20, 32:1, 32:17, 33:13, 34:6
**possibility** [1] -

49:14
**possible** [3] - 23:5, 28:6, 38:17
**postponement** [2] - 10:8, 10:18
**posture** [2] - 10:17, 10:24
**postured** [1] - 10:11
**potential** [1] - 38:16
**Poveda** [1] - 8:14
**practice** [1] - 52:9
**pre** [4] - 24:12, 40:10, 49:24, 50:3
**pre-hearing** [2] - 49:24, 50:3
**pre-set** [1] - 40:10
**precisely** [1] - 24:23
**predicate** [1] - 28:23
**preferably** [1] - 23:5
**preliminary** [26] - 9:3, 9:9, 9:13, 10:9, 10:18, 13:23, 13:24, 14:4, 16:3, 16:18, 17:21, 21:8, 21:24, 22:12, 25:2, 45:11, 46:1, 48:6, 48:19, 51:2, 51:11, 51:14, 52:12, 53:9, 53:11, 53:15
**premature** [3] - 20:1, 30:24, 52:10
**premise** [3] - 33:16, 33:20
**prepared** [1] - 12:16
**present** [5] - 10:12, 10:17, 16:10, 20:22, 44:5
**presentation** [1] - 26:19
**presented** [1] - 28:19
**preservation** [6] - 24:25, 52:7, 52:8, 52:11, 52:17, 53:3
**preserve** [1] - 25:4, 36:15
**preserved** [2] - 36:5, 48:17
**preserving** [1] - 52:18
**presiding** [1] - 5:4
**pretty** [2] - 32:17, 39:6
**prima** [1] - 32:23
**private** [1] - 10:13
**privilege** [6] - 10:4, 11:8, 12:2, 12:19, 14:13, 14:16
**privileges** [1] - 14:7
**probe** [1] - 14:5
**problem** [2] - 46:22,

46:23
**procedural** [3] - 21:6, 23:6, 23:17
**Procedure** [1] - 48:16
**procedure** [1] - 38:25
**proceed** [5] - 9:2, 25:21, 30:10, 31:3, 31:8
**proceeded** [1] - 29:11
**Proceedings** [1] - 54:9
**proceedings** [1] - 54:14
**proceeds** [2] - 12:13
**process** [7] - 1:15, 28:18, 29:17, 31:24, 34:5, 48:12, 49:4
**produce** [1] - 43:6
**production** [2] - 19:8, 41:3
**prohibiting** [1] - 19:10
**prompt** [2] - 28:18, 31:4
**promptly** [1] - 38:17
**proper** [2] - 25:21, 31:2
**proposal** [4] - 30:15, 30:17, 42:14, 43:6
**propose** [8] - 35:16, 37:14, 45:15, 45:20, 45:23, 46:3, 50:1, 50:2
**proposed** [2] - 37:20, 44:6
**protective** [2] - 17:4, 19:10
**provide** [3] - 38:24, 49:15, 49:23
**provided** [2] - 10:14, 20:5
**purportedly** [1] - 20:11
**purposes** [1] - 15:6
**pursuant** [3] - 20:5, 22:1, 26:21
**push** [1] - 46:3
**pushed** [1] - 34:2
**pushing** [2] - 35:5, 35:6, 36:12
**put** [2] - 29:25, 42:1
**putting** [1] - 37:3

## Q

**quash** [3] - 17:3,

17:6, 23:19
  **quashed** [4] - 19:9,
24:8, 25:14, 26:21
  **quashing** [2] - 25:10,
50:22
  **questions** [4] - 9:21,
9:24, 15:13, 24:17
  **quickly** [1] - 25:22
  **QUINN** [1] - 3:13

**R**

  **raise** [1] - 21:6,
32:18, 34:9, 34:10,
52:2
  **raised** [2] - 9:12,
51:8
  **Ramos** [2] - 8:13,
8:15
  **rather** [2] - 18:9,
23:10
  **reach** [1] - 46:20
  **reached** [2] - 37:10,
37:15
  **read** [5] - 9:22,
23:15, 33:6, 34:25,
49:10
  **ready** [2] - 51:22,
53:7
  **really** [3] - 13:23,
49:24, 51:5
  **reason** [2] - 24:22,
25:3
  **recess** [2] - 36:21,
36:22
  **recommendation** [1]
- 35:18
  **reconfer** [1] - 31:11
  **record** [8] - 5:8,
14:17, 14:25, 15:7,
24:18, 26:20, 28:19,
52:5
  **reduce** [1] - 38:21
  **REED** [1] - 3:16
  **refer** [1] - 7:4
  **referenced** [2] -
38:15, 44:25
  **referred** [4] - 8:22,
9:7, 9:8, 10:1
  **referring** [1] - 11:24
  **reflected** [1] - 26:13
  **refused** [1] - 31:19
  **regard** [5] - 17:9,
51:10, 52:17, 52:18,
52:24
  **regarding** [4] -
20:20, 20:25, 27:4,
28:8
  **regards** [2] - 15:14,

17:10
  **Reid** [2] - 6:2, 8:8
  **REID** [2] - 3:18, 6:2
  **relates** [1] - 26:25
  **relating** [1] - 24:21
  **relief** [9] - 10:25,
11:15, 12:11, 13:13,
13:20, 13:22, 14:9,
15:12, 15:15
  **relieve** [1] - 10:19
  **remain** [3] - 13:10,
13:14, 16:20
  **remains** [2] - 11:16,
31:10
  **remarks** [1] - 9:4
  **remind** [1] - 53:8
  **reply** [6] - 9:13,
27:10, 46:8, 46:24,
46:25, 47:3
  **report** [2] - 35:17,
44:17
  **REPORTED** [1] - 4:1
  **REPORTER** [1] -
19:13
  **Reporter** [2] - 4:2,
54:19
  **represent** [4] - 6:3,
8:2, 8:9, 8:14
  **representing** [4] -
6:7, 6:13, 7:17, 18:17
  **request** [9] - 9:21,
20:19, 22:11, 27:1,
27:6, 35:11, 38:8,
41:3, 52:24
  **requested** [2] -
19:22, 53:2
  **requesting** [1] - 19:9
  **requests** [1] - 52:19
  **require** [1] - 27:20
  **required** [1] - 24:12
  **requires** [2] - 20:6,
25:4
  **reserve** [1] - 50:19
  **reserving** [1] - 14:13
  **resolved** [2] - 12:12,
30:8
  **resolves** [1] - 30:6
  **resolving** [1] - 51:24
  **respect** [5] - 13:21,
14:15, 18:16, 19:7,
41:1
  **respective** [2] -
20:21, 42:25
  **respond** [4] - 22:8,
22:9, 28:12, 29:15
  **response** [15] - 9:13,
22:15, 27:10, 45:4,
45:6, 45:21, 46:12,
47:17, 47:25, 48:1,
48:7, 48:22, 49:9

  **responses** [1] - 26:3
  **responsive** [3] -
48:15, 49:5, 50:3
  **retained** [1] - 9:9
  **review** [4] - 8:23,
45:16, 47:22, 50:5
  **reviewed** [2] - 8:23,
9:5
  **revisit** [1] - 26:24
  **Reyes** [1] - 5:4
  **rights** [1] - 11:6
  **rise** [3] - 36:21,
36:23, 54:8
  **Rodriguez** [2] - 6:15,
7:10
  **room** [1] - 50:2
  **ROSADO** [1] - 3:20
  **Rosado** [2] - 6:4,
26:4
  **Rosenthal** [1] - 5:25
  **row** [3] - 37:21,
38:15, 42:4
  **RPR** [2] - 4:2, 54:18
  **Rudolph** [1] - 18:18
  **rule** [1] - 36:15
  **Rule** [42] - 17:6,
19:15, 19:16, 19:19,
20:2, 20:5, 21:1,
21:17, 22:24, 24:12,
26:12, 29:17, 30:11,
30:14, 30:15, 30:17,
30:18, 30:22, 31:2,
31:8, 31:9, 33:22,
34:2, 34:9, 34:11,
35:6, 35:13, 36:12,
36:17, 39:10, 39:15,
39:21, 41:21, 41:23,
42:15, 43:19, 43:21,
43:25, 44:1, 44:10,
44:11, 48:8
  **ruled** [1] - 25:10
  **Rules** [2] - 44:19,
48:16
  **ruling** [6] - 14:12,
16:8, 23:23, 25:17,
35:9, 53:25
  **rulings** [1] - 53:24
  **Ryan** [3] - 7:17,
18:18, 45:2

**S**

  **S.E** [1] - 3:19
  **Saint** [3] - 6:25, 7:5,
7:7
  **Saint-Helier** [3] -
6:25, 7:5, 7:7
  **sake** [1] - 38:19
  **save** [1] - 39:2

  **saw** [2] - 33:4, 52:13
  **SCHACHTER** [1] -
3:10
  **Schachter** [1] - 8:2
  **schedule** [24] -
10:25, 26:9, 27:3,
27:13, 27:19, 27:21,
28:9, 28:16, 29:1,
29:2, 29:11, 30:3,
30:5, 31:4, 31:18,
32:14, 35:8, 35:15,
45:23, 46:15, 47:12,
47:13, 48:11, 53:25
  **scheduled** [6] -
13:23, 13:24, 23:4,
25:3, 45:13
  **scheduling** [10] -
23:2, 23:3, 25:16,
27:1, 27:9, 30:18,
36:9, 44:17, 50:16,
53:25
  **Schiller** [4] - 5:10,
5:12, 15:18, 21:5
  **Schwartz** [1] - 5:24
  **scope** [2] - 20:18,
20:19
  **script** [1] - 42:4
  **seal** [12] - 11:21,
12:15, 13:7, 13:10,
13:11, 13:14, 13:15,
13:17, 15:24, 16:19,
16:20, 16:21
  **sealed** [2] - 14:17,
15:1
  **seated** [1] - 36:25
  **second** [5] - 12:12,
19:13, 28:16, 40:15,
41:9
  **Second** [1] - 3:19
  **secondly** [1] - 21:23
  **see** [7] - 6:23, 8:5,
35:5, 36:12, 36:16,
49:4, 53:5
  **seeing** [1] - 54:4
  **seek** [4] - 11:15,
11:16, 19:3, 20:20
  **seeking** [11] - 10:20,
11:1, 11:14, 12:11,
13:13, 13:22, 14:9,
15:12, 15:16, 19:11,
19:25
  **seeks** [1] - 20:6
  **seem** [4] - 27:12,
33:3, 34:14, 34:17
  **selected** [1] - 14:8
  **send** [1] - 30:15
  **sense** [2] - 39:16,
52:9
  **sent** [2] - 32:7, 34:16
  **separate** [2] - 29:17,

44:19
  **Sergio** [1] - 5:23,
26:6
  **series** [1] - 11:23
  **serve** [3] - 25:23,
50:23, 51:15
  **served** [10] - 19:2,
20:11, 20:12, 20:13,
20:14, 22:17, 23:20,
25:11, 25:15, 51:4
  **service** [7] - 11:5,
18:20, 20:12, 27:17,
29:17, 31:24, 34:5
  **serving** [2] - 21:1,
21:16
  **session** [2] - 5:3,
36:24
  **set** [6] - 8:22, 40:10,
40:17, 45:9, 46:1,
48:2
  **setting** [1] - 44:15
  **seven** [1] - 45:22
  **several** [2] - 17:2,
21:15
  **shade** [1] - 12:17
  **shape** [1] - 12:17
  **SHAW** [1] - 3:22
  **Shaw** [1] - 16:15
  **short** [2] - 28:18,
35:12
  **shorter** [1] - 50:10
  **show** [1] - 9:10
  **showing** [3] - 24:12,
24:15, 38:22
  **side** [1] - 39:18
  **sides** [1] - 30:6
  **Silverglate** [1] - 8:13
  **similar** [1] - 18:8
  **simple** [1] - 32:17
  **simply** [2] - 22:8,
32:22
  **simultaneously** [1] -
45:18
  **sliding** [1] - 19:14
  **slight** [2] - 26:8,
29:12
  **slowly** [1] - 5:16
  **small** [1] - 26:1
  **SMITH** [1] - 3:16
  **smoothly** [1] - 17:12
  **sometimes** [1] - 7:1
  **somewhere** [1] -
27:18
  **soon** [2] - 23:5,
51:21
  **sooner** [1] - 14:1
  **sorry** [6] - 6:20, 8:24,
13:3, 17:16, 18:6,
49:7
  **sort** [2] - 33:7, 40:9

**sought** [1] - 19:8

**Southern** [1] - 5:3

**speaking** [3] - 24:6, 37:4, 49:22

**special** [1] - 25:18

**specifically** [2] - 19:11, 19:15

**spill** [1] - 17:11

**split** [1] - 26:2

**spoken** [1] - 50:1

**spread** [1] - 39:16

**St** [1] - 3:8

**Stacey** [2] - 6:8, 6:10

**standing** [23] - 9:12, 27:4, 28:21, 28:24, 29:19, 30:8, 30:22, 31:6, 33:19, 34:9, 34:15, 34:16, 35:1, 35:9, 35:15, 35:17, 36:5, 36:6, 45:9, 45:19, 45:24, 46:16, 48:12

**standpoint** [1] - 27:15

**starting** [1] - 35:20

**state** [3] - 5:8, 16:13, 33:18

**statement** [1] - 15:15

**statements** [3] - 11:24, 12:1, 12:7

**States** [4] - 4:3, 5:2, 20:16, 54:19

**status** [5] - 8:24, 9:5, 9:14, 27:1, 33:1

**stay** [1] - 34:23

**STENOGRAPHICA LLY** [1] - 4:1

**step** [1] - 43:17

**Stephanie** [1] - 15:4

**Stephen** [5] - 5:11, 5:25, 8:12, 8:15

**stick** [1] - 45:17

**still** [8] - 10:12, 18:21, 19:5, 35:24, 48:10, 53:1, 53:13, 53:14

**stipulate** [1] - 42:24

**stipulation** [2] - 19:17, 19:20

**straight** [1] - 15:5

**Strauss** [2] - 6:7, 10:22

**Street** [3] - 3:2, 3:13, 3:19

**stricken** [3] - 12:5, 13:16, 15:19

**strike** [3] - 10:4, 11:16, 42:13

**struck** [1] - 13:11

**structure** [1] - 31:11

**subject** [8] - 22:1, 33:2, 33:12, 33:19, 45:10, 45:25, 46:3, 46:18

**submissions** [1] - 44:20

**submit** [4] - 44:17, 44:18, 47:17, 47:19

**submitted** [2] - 45:19, 47:14

**subpoena** [4] - 19:10, 19:25, 20:6, 20:19

**subpoenas** [32] - 17:3, 17:7, 18:24, 19:1, 19:3, 19:6, 19:7, 19:9, 20:1, 20:4, 20:10, 20:20, 21:1, 21:11, 21:16, 22:18, 23:19, 23:20, 24:8, 25:11, 25:13, 25:23, 26:19, 26:21, 26:22, 50:19, 50:21, 50:24, 51:4, 51:15, 52:23

**substantial** [1] - 45:15

**substantive** [1] - 14:11

**successfully** [1] - 27:13

**suggested** [2] - 34:7, 46:8

**Suite** [6] - 3:5, 3:8, 3:10, 3:16, 3:20, 3:23

**SULLIVAN** [1] - 3:13

**supposed** [1] - 40:5

**surrogates** [1] - 12:15

**Susman** [1] - 8:1

**SUSMAN** [1] - 3:7

**SWERDLOFF** [1] - 8:7

**Swerdloff** [2] - 8:7, 8:10

**T**

**technical** [1] - 53:2

**telephone** [5] - 39:15, 39:23, 40:1, 40:13, 41:20

**telephonic** [3] - 40:7, 41:23

**ten** [10] - 14:1, 14:10, 16:3, 16:17, 17:22, 35:11, 35:21, 47:4, 53:14

**tend** [1] - 12:17

**tends** [1] - 12:18

**tentative** [3] - 40:23, 41:6, 41:11

**tentatively** [2] - 40:18, 46:17, 47:8

**tenus** [1] - 22:13

**terms** [2] - 9:2, 35:9

**testifies** [1] - 14:14

**testify** [3] - 12:14, 14:5, 14:10

**testifying** [2] - 16:4, 16:17

**testimonial** [1] - 26:22

**testimony** [6] - 10:5, 12:17, 12:18, 14:6, 19:3, 26:19

**Texas** [1] - 3:8

**THE** [173] - 3:1, 3:7, 3:12, 3:18, 3:22, 5:5, 5:13, 5:16, 5:20, 6:1, 6:5, 6:10, 6:18, 6:22, 7:3, 7:5, 7:8, 7:11, 7:14, 7:18, 7:21, 7:24, 8:5, 8:10, 8:15, 8:20, 9:2, 11:3, 11:10, 11:13, 11:18, 12:4, 12:9, 13:1, 13:4, 13:8, 13:14, 13:19, 14:8, 14:19, 14:24, 15:3, 15:9, 15:11, 15:14, 15:23, 16:1, 16:7, 16:9, 16:13, 16:16, 16:24, 17:16, 17:18, 17:23, 18:1, 18:5, 18:9, 18:21, 19:13, 20:3, 20:7, 20:17, 20:24, 21:16, 21:21, 22:1, 22:4, 22:11, 22:17, 22:21, 23:11, 23:15, 23:18, 23:23, 25:7, 25:10, 25:20, 25:24, 26:14, 26:23, 28:4, 28:7, 28:13, 28:15, 28:25, 29:5, 30:11, 30:21, 31:13, 32:9, 32:21, 32:25, 33:13, 33:15, 33:21, 33:25, 34:14, 34:23, 35:23, 36:8, 36:11, 36:25, 37:6, 37:17, 37:23, 37:25, 38:3, 38:5, 38:7, 38:10, 38:12, 38:18, 39:9, 39:16, 39:19, 39:24, 40:9, 40:15, 40:22, 41:5, 41:11, 41:17, 41:22, 41:25, 42:6, 42:8, 42:10, 42:12, 42:16, 42:19, 42:21, 43:4, 43:7, 43:12,

43:18, 43:22, 43:25, 44:4, 44:7, 44:10, 44:14, 44:21, 46:5, 46:10, 47:5, 47:10, 47:15, 47:20, 47:23, 47:25, 48:5, 48:14, 48:19, 48:25, 49:2, 49:6, 49:8, 49:17, 50:9, 50:12, 50:15, 50:18, 50:22, 51:3, 51:17, 51:20, 52:4, 52:12, 53:5, 53:18, 53:23, 54:8

**themselves** [1] - 20:19

**therefore** [2] - 46:2, 46:21

**thinking** [1] - 50:25

**third** [1] - 15:22

**thirty** [2] - 43:9, 43:10

**threshold** [1] - 13:24

**ticket** [1] - 34:5

**tiering** [1] - 46:14

**timing** [2] - 21:7, 45:7

**today** [4] - 7:22, 16:6, 26:10, 28:23

**Tom** [2] - 6:9, 6:10

**tomorrow** [2] - 37:23, 37:24

**took** [1] - 27:2

**totally** [1] - 35:5

**towards** [1] - 37:12

**traders** [1] - 37:4

**TRADING** [1] - 3:13

**trading** [6] - 24:6, 24:14, 24:21, 26:11, 28:2, 52:6

**Trading** [5] - 5:15, 5:18, 27:25, 37:3, 49:23

**TRAFIGURA** [1] - 3:13

**Trafigura** [6] - 5:15, 5:18, 26:2, 27:25, 37:3, 49:22

**transcript** [2] - 8:24, 9:5

**transcription** [1] - 54:14

**transcripts** [1] - 49:20

**trial** [1] - 44:16

**tried** [1] - 31:17

**triple** [2] - 14:17, 15:1

**TRO** [2] - 52:14, 52:17

**Trust** [3] - 28:20,

29:18, 36:5

**trust** [2] - 31:5, 35:3

**try** [4] - 24:2, 38:25, 46:20, 51:18

**trying** [2] - 28:5, 52:10

**Tuesday** [1] - 49:18

**turn** [1] - 24:1

**twenty** [1] - 19:2

**twenty-four** [1] - 19:2

**two** [13] - 6:3, 12:15, 16:20, 21:19, 22:24, 28:8, 33:11, 40:2, 44:8, 45:8, 45:13, 47:2, 49:15

**U**

**U.K** [1] - 26:5

**UK** [1] - 5:22

**unable** [1] - 38:20

**unclear** [1] - 19:2

**under** [18] - 11:21, 12:15, 13:7, 13:10, 13:11, 13:14, 13:16, 15:23, 16:19, 16:20, 16:21, 19:15, 20:2, 25:6, 47:12, 48:16

**understood** [2] - 17:20, 44:2

**unfortunately** [1] - 46:5

**united** [1] - 4:3

**United** [3] - 5:2, 20:16, 54:19

**unless** [3] - 19:17, 25:18, 31:19

**up** [11] - 9:20, 26:3, 34:22, 35:8, 35:13, 35:14, 35:15, 40:19, 41:14, 49:10, 53:6

**update** [3] - 10:17, 11:14, 18:22

**URQUHART** [1] - 3:13

**useful** [1] - 49:25

**V**

**validity** [1] - 14:16

**VANESSA** [1] - 3:22

**Vanessa** [2] - 10:5, 11:22

**Vega** [2] - 5:23, 26:6

**verbiage** [1] - 48:14

**version** [2] - 28:25, 29:2

**versus** [1] - 5:6
**view** [1] - 31:13
**virtually** [1] - 21:5
**Vitol** [4] - 8:3, 26:6, 26:7
**VITOL** [2] - 3:7, 3:8

## W

**wait** [1] - 43:18
**waiver** [4] - 7:13, 8:19, 11:5, 18:19
**waiving** [1] - 48:12
**wake** [1] - 40:19
**wants** [3] - 9:15, 44:12, 46:16
**Washington** [3] - 3:3, 3:14, 6:7
**week** [1] - 47:3
**weekend** [1] - 34:8
**weeks** [1] - 21:15
**Weiss** [3] - 5:23, 18:2, 24:3
**whole** [5] - 31:14, 32:25, 33:17, 33:20, 48:3
**wholesale** [1] - 14:3
**wife** [2] - 10:6, 11:22
**willing** [1] - 45:14
**WINTHROP** [1] - 3:22
**Winthrop** [1] - 16:15
**WITNESS** [1] - 3:22
**witnesses** [1] - 21:12
**witnessing** [1] - 15:22
**word** [1] - 27:14
**words** [1] - 40:12
**workable** [1] - 29:21
**works** [1] - 40:21
**written** [2] - 17:23, 54:1
**wrote** [1] - 11:10

## Y

**year** [1] - 20:21
**yield** [1] - 44:22

## Z

**Zack** [1] - 5:11