**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>plaintiff,<br><br>v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>defendants. | **Case No. 1:18-CV-20818 (DPG)** |

**CAMPO ELIAS PAEZ'S[1] MOTION TO QUASH SERVICE OF PROCESS**

---

[1] By filing this motion, Campo Elias Paez makes a limited appearance for the sole purpose of contesting the validity of plaintiff's attempted service and does not otherwise submit to this Court's jurisdiction.

1

Campo Elias Paez ("Mr. Paez") respectfully requests that the Court quash plaintiff's purported service of process on him because it failed to satisfy the requirements of Fed. R. Civ. P. 4(e) or (f) in two ways. **First**, plaintiff attempted to serve Mr. Paez by delivering a copy of the summons to an individual other than himself located at an office of Seaport Hub Agencies, Inc., in Miami, Florida, when that individual was not authorized to accept service on his behalf, which is not an appropriate means of service under Fed. R. Civ. P 4(e) or (f). **Second**, plaintiff did not otherwise serve as required by Florida law. For these reasons, the Court should quash plaintiff's purported service on Mr. Paez.

## FACTUAL BACKGROUND

Plaintiff PDVSA US Litigation Trust ("PDVSA") filed its original complaint in this matter on March 3, 2018. *See* D.E. 1. Two days later, on March 5, 2018, PDVSA filed its Amended Complaint [D.E. 12], which the Court sealed that same day. *See* D.E. 11. The summons for Mr. Paez [D.E. 53] was issued on March 9, 2018. On March 8—the day before the summons was even issued for Mr. Paez, PDVSA purported to serve Mr. Paez with, *inter alia*, the Amended Complaint by email. That same day, PDVSA filed its *Ex Parte* Motion for (1) an Extension of Time for Service and (2) Authorization for Alternate Service [D.E. 72] (the "Motion"). In its Motion, PDVSA argued that it should be allowed to serve several putative defendants, including Mr. Paez, "by first class mail, at their last known address, or by email if a working email address is known." D.E. 72 at 4. PDVSA also informed the Court that Mr. Paez "already ha[s] been served via email." *Id*. at 5. The Court denied that request, finding that it was "premature in this case" because PDVSA "attempted service over the course of just four days, and then

immediately asked for the Court's intervention authorizing alternate service." *See* March 16, 2018 Order [D.E. 98], at 3-4.

On March 13, 2018, PDVSA made its first effort to serve "Elias Campo Paez" by hand-delivering a package to office of Seaport Hub. However, the person who delivered the documents did not serve them on Campo Elias Paez but, instead, on an employee named Jorge Enrique Paez. Jorge Enrique Paez told the server that he was not Campo Elias Paez and that Campo was not at the office. *See* Declaration of Jorge Enrique Paez at 1-2, attached as **Exhibit A**. Jorge Enrique Paez is not authorized to accept service on behalf of Campo Elias Paez. *Id*.

## ANALYSIS

Federal Rule of Civil Procedure 4 mandates that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Rule 4 further details the precise methods by which an individual may be served, depending on whether he or she is located within or without the United States. *See* Fed. R. Civ. P. 4(e) ("Serving an Individual Within a Judicial District of the United States"); Fed. R. Civ. P. 4(f) ("Serving an Individual in a Foreign Country.").

Rule 4(e) specifies four specific ways in which a person may be served within the United States:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Similarly, Rule 4(f) sets out the ways in which an individual in a foreign country may be served:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

PDVSA's attempted service at the Seaport Hub's office was ineffective under Rule 4, for two reasons.

*First*, PDVSA did not "deliver[] a copy of the summons and of the complaint to [Mr. Paez] individually,[2] nor did it "leav[e] a copy of each at [Mr. Paez's] usual place of abode . . .,[3] nor did it "deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

*Second*, PDVSA did not "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Florida law, service of process is governed by Fla. Stat. § 48.031. Much like Fed. R. Civ. P. 4, Florida law provides that an individual may be served in one of two ways:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

Fla. Stat. § 48.031(1)(a).[4] PDVSA did not satisfy either method of service under Florida law by leaving the package with Jose Enrique Paez.

---

[2] Fed. R. Civ. P. 4(e)(2)(A)
[3] Fed. R. Civ. P. 4(e)(2)(B)
[4] Florida law also provides for substituted service on a spouse, which is not at issue here. *See* Fla. Stat. § 48.031(2)(a).

5

Accordingly, because PDVSA failed to follow the requirements of Fed. R. Civ. P. 4 this Court should quash that purported service.

**RESPECTFULLY SUBMITTED** in Miami, Florida, on April 20, 2018.

> RIVERO MESTRE LLP
> *Attorneys for Campo Elias Paez*
> 2525 Ponce de Leon Boulevard
> Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500
> Fax: (305) 445-2505
> Email: arivero@riveromestre.com
>         crodriguez@riveromestre.com
>
> By:      /s/ Andres Rivero
>       ANDRÉS RIVERO
>       Florida Bar No. 613819
>       CARLOS RODRIGUEZ
>       Florida Bar No. 91616

## CERTIFICATE OF SERVICE

I CERTIFY that on April 20, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

>         s/ Andres Rivero
>       ANDRES RIVERO