

April 24, 2018

<u>VIA ECF</u>
Magistrate Judge Alicia M. Otazo-Reyes
C. Clyde Atkins U.S. Courthouse
301 North Miami Avenue, 10th Floor
Miami, Florida 33128

    Re:    *PDVSA U.S. Litigation Trust v. Lukoil Pan Americas LLC et al.*
               Case No.: 1:18-CV-20818 (DPG)

Dear Magistrate Judge:

    We represent Plaintiff in the above-entitled matter.

    At the conference held on April 16, 2018, this Court scheduled a telephonic discovery conference for 10AM April 25, 2018. The Court also directed that the parties provide to the Court a letter, in advance, raising issues that should be addressed at the hearing. We believe the following issues should be addressed:

    1. In response to our very limited document requests, Defendants raised numerous boilerplate objections and produced only 51 pages of documents consisting of a resolution of the PDVSA shareholders adopting amended by-laws; debate in the National Assembly concerning the validity of the Trust Agreement; resolutions creating a commission to investigate the Trust; and an earlier version of the Trust Agreement. *See* Exhibit A hereto. They produced no documents raising any questions of fact. Nor can there be any questions of fact since the only issue raised by Defendants is the validity under Venezuelan law of the transfer of the claims from PDVSA to the Trust. Either the parties signing the Trust Agreement had authority to authorize such transfer or they did not. Of course, it is Plaintiff's position that the Court need not even decide that issue since the Act of State Doctrine precludes any inquiry into the validity of the acts of Venezuelan government officials.

    In addition, in a meet and confer held this evening Defendants declined to identify what factual issues they wish to explore in discovery that relate to standing and declined to identify what witnesses they would produce addressing the standing issue.

    Thus, it appears that the only discovery that seems appropriate going forward is the taking of depositions of the experts who have opined on the validity of the transfer. In this

BOIES SCHILLER FLEXNER LLP

30 South Pearl Street, 11th Floor, Albany, NY 12207 | (t) 518 434 0600 | (f) 518 434 0665 | www.bsfllp.com



April 24, 2018
Magistrate Judge Alicia M. Otazo-Reyes
Page 2

regard, Defendants have asked Plaintiff whether it has control or would produce a number of individuals, almost all non-parties, as possible deponents but there do not appear to be any facts that these individuals could testify to that would be relevant to the standing question. *See* Exhibit B hereto.

However, should the Court conclude that fact depositions are appropriate, then both sides should submit to such depositions and each side should identify, when seeking a deposition, what facts relating to standing the deponent is expected to testify to. Otherwise, we fear that Defendants will use these depositions as a fishing expedition on the merits before they make their Rule 12(b) motions.

2. At the April 16 hearing, the Court quashed the subpoenas that had been served in anticipation of the preliminary injunction hearing previously scheduled for April 4, 2018. The Court nonetheless stated that it would hear Plaintiff again with regard to either discovery prior to the anticipated preliminary injunction hearing (which Judge Gayles indicated would be in June or July) or discovery in anticipation of that hearing. On April 19, 2018, we asked each of the Defendants to advise us as to whether they would designate Rule 30 (b)(6) witnesses for the corporate defendants and make the individual defendants available for depositions on the preservation issues in anticipation of the preliminary injunction hearing. *See* Exhibit C hereto. We have heard nothing from Defendants since we have sent that e-mail. We request that the Court order that Defendants make such individuals available on the limited issues of document preservation and the preservation of the assets of the Morillo Group Defendants.

Respectfully Submitted,

David Boies /G.F.C.

David Boies

GFC/lmr

Cc via ECF: All Counsel of Record