# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **PDVSA US LITIGATION TRUST,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 1:18-cv-20818-DPG |
| **LUKOIL PAN AMERICAS LLC, et al.,** | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS**

Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, John Ryan, and Luis Alvarez (collectively "Defendants"), pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1(a), respond as follows to Plaintiff's First Request for Production of Documents dated April 17, 2018 (the "Requests").[1]

**GENERAL OBJECTIONS**

1. Defendants object to the Requests to the extent they suggest an obligation on the part of any Defendant to prove Plaintiff's lack of standing. Rather, it is Plaintiff's burden to prove its standing to pursue its claims. *See* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016); Mejia v. Uber Technologies, Inc., No. 17-cv-61617-BLOOM/Valle, 2018 WL 930924, at

---

[1] In responding to the Requests, Defendants expressly reserve all claims, defenses, and objections, including but not limited to defenses and objections to personal and subject matter jurisdiction, venue, service of process, and all other defenses under Fed. R. Civ. P. 12.

1

*2-3 (S.D. Fla. Feb. 15, 2018).  Further, Plaintiff must prove its standing as a threshold issue. *See* Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).

2. Defendants object to the Requests to the extent they could be construed as requiring any Defendant to produce documents as to which that Defendant, after reasonable investigation, is not currently aware of their responsiveness, but upon which one or more experts to be identified by Defendants in accordance with the Court's April 16, 2018 Scheduling Order (ECF No. 253) may ultimately rely.  Defendants will produce any expert reports and supporting documents not yet produced on or before May 9, 2018 in accordance with the Scheduling Order.

3. Defendants object to the Requests to the extent they could be construed as requiring Defendants to reproduce to Plaintiff any of the documents that Plaintiff has already produced to Defendants in connection with this lawsuit.  Defendants reserve their right to argue that any document produced by Plaintiff ostensibly in support of its standing to pursue its claims in fact supports Defendants' position that Plaintiff lacks standing to pursue its claims.

4. Defendants object to the Requests to the extent they seek the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, or any other applicable privilege or protection.  Further, communications between and among Defendants and their counsel since the commencement of this lawsuit concerning Plaintiff's standing or lack thereof are beyond the proper scope of discovery and will not be identified on any privilege log.  After diligent search, Defendants are not aware of any other documents within the scope of the Requests that are being withheld from production on the basis of any privilege or protection.

7. None of these objections or responses is an admission as to (a) the existence of any documents or information; (b) Defendants' possession, custody or control of any documents

or information; (c) the relevance or admissibility of any documents or information; or (d) the truth or accuracy of any statement or characterization contained in the Requests.

8. Defendants specifically incorporate each of these general objections into each response below.

## SPECIFIC OBJECTIONS AND RESPONSES

1. Documents that show that the Minister of the People's Petroleum Power does not have the legal authority to enter into the Trust or assign litigation claims to the Trust on behalf of PDVSA.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

2. Documents that show that the Procurador General of the Bolivarian Republic of Venezuela does not have the legal authority to approve the Trust or the assignment of litigation claims to the Trust.

3

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

3. Documents that show that the National Assembly must approve the Trust, including but not limited to, documents that show that "Articles 150 and 187(9) of the Venezuelan Constitution" require that the Trust be approved by the National Assembly.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather

than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

    4.      Documents that show that the claims were not properly transferred to the Trust.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

    5.      Documents that show that the Trust is invalid.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants

5

further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

6. Documents that show that the Trust Agreement is a "Public Interest Contract."

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

7. Documents that show that PDVSA is a "Public Company."

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object

6

to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants.  Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.  Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures.  Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

8.     Documents that show that only PDVSA's Board of Directors or only PDVSA's President of the Board of Directors can empower, create, or authorize a Trust on behalf of PDVSA.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents.  Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants.  Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control.  Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges.  Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures.  Subject to the foregoing general and specific objections, any non-privileged responsive documents in the

possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

9. All communications concerning the validity or formation of the Trust, including but not limited to, all communications with Venezuelan or PDVSA authorities.

RESPONSE: Defendants object to this Request to the extent it calls for a legal conclusion in determining the responsiveness of requested documents. Defendants further object to this Request as overbroad and unduly burdensome to the extent it seeks "all communications with Venezuelan or PDVSA authorities." In responding to the Request, Defendants interpret it as limited to communications concerning the validity or formation of the Trust. Defendants further object to this Request to the extent it seeks documents that are in the public domain and thus equally available to Plaintiff as they are to Defendants. Defendants further object to this Request to the extent it seeks documents not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges. Defendants further object to this Request to the extent it seeks early production of expert disclosures rather than at the time and by the deadlines established by the Court for such disclosures. Subject to the foregoing general and specific objections, any non-privileged responsive documents in the possession, custody or control of any Defendant have already been produced (*see* Helsinge-Standing 001 – 051).

Dated: April 23, 2018

Respectfully submitted,

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam B. Wolfson, Esq.
Email: adamwolfson@quinnemanuel.com
*Admitted Pro Hac Vice*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA TRADING, LLC*

By: /s/ *Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email: srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,*

9

GLENCORE ENERGY UK LTD., GUSTAVO GABALDON, SERGIO DE LA VEGA, and LUIS ALVAREZ

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email: Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA BANK*

By: */s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

*Attorneys for Defendants FRANCISCO MORILLO AND LEONARDO BAQUERO*

10

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*


By: */s/Israel J. Encinosa*
Alex M. Gonzalez
Florida Bar No. 991200
alex.gonzalez@hklaw.com
Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com
Brian A. Briz
Florida Bar No. 657557

By: */s/ Alex Kaplan*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*


By: /s/ Etan Mark
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com

11

brian.briz@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
David Kully (admitted *pro hac vice*)
david.kully@hklaw.com

*Attorneys for Defendants HELSINGE, INC., HELSINGE LTD., HELSINGE HOLDINGS, LLC, DANIEL LUTZ, LUIS LIENDO AND MARIA FERNANDA RODRIGUEZ*

Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

*Attorneys for Defendant JOHN RYAN*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2018 I caused the foregoing Defendants' Response to Plaintiff's First Request for Production of Documents to be served by e-mail to all counsel of record at the addresses shown on the attached Service List.

/s/ David M. Burkoff
David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

**SERVICE LIST**

Stephen F. Rosenthal
Podhurst Orseck, P.A.
One S.E. 3rd Ave., Suite 2300
Miami, FL  33131
Email:  srosenthal@podhurst.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3rd Ave., Suite 2300
Miami, FL  33131
Email:  rjosefsberg@podhurst.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Bruce Birenboim
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  bbirenboim@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Brad S. Karp
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  bkarp@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  jcarey@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, D.C.  20006
Email:  aschwartz@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de le Vega*

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400/Fax: 539-1307
Email: sdavis@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Stephen F. Rosenthal
Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3r$^d$ Avenue, Suite 2300
Miami, Florida 33131
305-358-2800
Email: srosenthal@podhurst.com
*Counsel for Glencore LTD, Gustavo Gabaldon, Glencore Energy UK Ltd., Sergio De La Vega*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com
*Counsel for Glencore LTD, Gustavo Gabaldon, Glencore Energy UK Ltd., Sergio De La Vega*

Alexander L. Kaplan
Michael Kelso
Neal S. Manne
Weston 0 'Black
Susman Godfrey, LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
713-651-9366
Email: akaplan@susmangodfrey.com
Email: mkelso@susmangodfrey.com
Email: nmanne@susmangodfrey.com
Email: woblack@susmangodfrey.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda) Ltd., Antonio Maarraoui*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200/Fax: 749-8300
Email: hmaher@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
2001 K. Street NW
Washington, DC 20006-1047
202-223-7341
Email: aschwartz@paulweiss.com
*Counsel for Glencore LTD, Gustavo Gabaldon, Glencore Energy UK Ltd., Sergio De La Vega*

Gerald Edward Greenberg
Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950/Fax: 305-728-0951
Email: ggreenberg@gsgpa.com
Email: aschachter@gsgpa.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda) Ltd., Antonio Maarraoui*

Michael Gervais
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
212-336-8330
Email: mgervais@susmangodfrey.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda) Ltd., Antonio Maarraoui*

15

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574/Fax: (202) 887-4288
Email: kimberly.pathman@weil.com
*Counsel for Francisco Morillo, Leonardo Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite 400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com
*Counsel for Francisco Morillo, Leonardo Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com
*Counsel for Francisco Moral°, Leonardo Baquero*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com
*Counsel for Daniel Lutz, Helsinge Ltd., Saint-Helier, Helsinge, Inc.*

Alex M. Gonzalez
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
305-789-7666
Fax: 679-6332
Email: alex.gonzalez@hklaw.com
*Counsel for Daniel Lutz, Luis Liendo, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge, Ltd.*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com
*Counsel for Francisco Morillo, Leonard Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com
*Counsel for Francisco Morillo, Leonardo Baquero*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com
*Counsel for Daniel Lutz, Helsinge Ltd., Saint-Helier, Helsinge, Inc.*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@marlunigdal.com
*Counsel for John Ryan*

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street, Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com
*Counsel for John Ryan*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Email: lara@markmigdal.com
*Counsel for John Ryan*

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
786-747-0200/Fax: 786-747-0299
Email: emullins@reedsmith.com
*Counsel for Trafigura Trading LLC*

William A. Burck
Quinn, Emanuel, Urquhart and Sullivan, LLP
777 6th Street, NW
1 1 th Floor
Washington, DC 20001
202-538-8120
Email: williamburck@quinnemanuel.com
*Counsel for Trafigura Trading LLC*

Jorge David Guttman
GUNSTER
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6054
Fax: 305-376-6010
Email: jguttman@gunster.com
*Counsel for Lukoil Pan Americas LLC*

Adam L. Hudes
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263- 3298
Email: ahudes@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brockell Avenue, Suite 3100
Miami, FL 33131
Email: Jennifer.altman@pillsburylaw.com
*Counsel for John Doe*

Ethan Glass
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
Email: ethanglass@quinnemanuel.com
*Counsel for Trafigura Trading LLC*

Jeffrey B Goldberg
Nicolas Swerdloff
Hughes Hubbard and Reed
201 S. Biscayne Blvd., 25th Floor
Miami, FL 33131
(305) 379-5573
Email: jeffrey.goldberg@hugheshubbard.com
Email: Nicolas.swerdloff@hugheshubbard.com
*Counsel for BAC Florida Bank*

Jonathan H Kaskel
Gunster
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6023
Fax: 305-376-6010
Email: jkaskel@gunster.com
*Counsel for Lukoil Pan Americas LLC*

Michael P. Lennon , Jr.
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
713-238-2667
Email: mlennon@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

17

Stephen M. Medlock
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202- 263-3221
Email: smedlock@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Stephen H. Lee
Porter Hedges LLP
1000 Main Street
36th Floor
Houston, TX 77002
713-226-6686
Email: slee@porterhedges.com
*Counsel for Maximiliano Poveda*

Mark W. Ryan
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263-3338
Email: mryan@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Spencer Hal Silverglate
Clarke Silverglate, P.A.
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-377-0700
Fax: 305-377-3001
Email: ssilverglate@cspalaw.com
*Counsel for Maximiliano Poveda*