**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:18-cv-20818-DPG**

PDVSA US LITIGATION TRUST,

      Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, et al.,

      Defendants.

_____/

**NOTICE OF ISSUES TO BE ADDRESSED DURING
APRIL 25, 2018 TELEPHONIC DISCOVERY CONFERENCE**

In accordance with the Court's Scheduling Order [ECF No. 253 at 2] and Discovery Procedure [ECF No. 254], as well as Federal Rules of Civil Procedure 26, 34, and 37(a) and Southern District of Florida Local Rule 26.1, Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, John Ryan, and Luis Alvarez (collectively "Defendants"), hereby submit this Notice of Issues to be Addressed During April 25, 2018 Telephonic Discovery Conference.

**BACKGROUND**[1]

1.      On April 16, 2018, the Court granted Defendants' Motion for Limited Discovery

---

[1] Defendants believe that the following background facts will be helpful to the Court in understanding the issues to be addressed during the hearing.  In the event that the Court does not wish to review these background facts, Defendants have provided brief descriptions of the issues and Defendants' and Plaintiff's positions below at pages 3 to 7.

on the issue of Plaintiff's standing and entered a scheduling order setting forth deadlines for conducting discovery on issues of standing.

2.     On April 10, 2018, Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC Helsinge, Inc., Helsinge, Ltd., Daniel Lutz, Luis Liendo, and John Ryan served Plaintiff with Defendants' First Requests for Production, attached hereto as Exhibit "A" (the "Requests").  In compliance with the Court's scheduling order, these requests were narrowly tailored to address only standing issues.

3.     On April 19, 2018, Plaintiff produced 268 pages of documents.  These documents consist of copies of the Trust Agreement and final amendments thereto, declarations that have already been filed with this Court, letters and emails almost entirely post-dating this case, and certain excerpts from public Venezuelan documents.  The production included no pre-Trust Agreement communications, nor any other contemporaneous communications with PDVSA regarding the formation of the Trust. Importantly, the production did not include various documents incorporated by reference and therefore part of the Trust Agreement.

4.     On April 23, 2018, Plaintiff served its Responses and Objections to Defendants' First Set of Requests for the Production of Documents, in which Plaintiff made several objections.  *See* Plaintiff's Responses and Objections to Defendants' First Set of Requests for the Production of Documents, attached hereto as Exhibit "B" (the "Response").  Among other things, Plaintiff refused to produce any documents other than those it or other parties had already

produced and claimed privilege surrounding the negotiation and execution of the Trust Agreement.

5.     On April 21, 2018, counsel for Defendants Helsinge Holding, LLC, Helsinge, Inc., Helsinge, Ltd., Saint-Helier, and Daniel Lutz sent counsel for Plaintiff email correspondence listing ten potential deponents on the issue of standing, including 30(b)(6) witnesses for the Plaintiff and for PDVSA, as well as individuals who signed and/or were supposed to sign the Trust Agreement, among others, and requesting that Plaintiff's counsel apprise which of them Plaintiff controls and/or otherwise has the ability to make available for deposition, so that Defendants could then determine which of the ten potential deponents listed would be deposed in accordance with the Scheduling Order.  *See* 4/21/18 email from Israel Encinosa, attached hereto as Exhibit "C."

6.     On April 24, 2018, counsel for Plaintiff stated via email that Plaintiff controls none of the ten potential deponents other than the Trust.  *See* 4/24/18 email from George Carpinello, attached hereto as Exhibit "D."

7.     Also on April 24, 2014, Defendants and Plaintiff conferred regarding the issues raised by Plaintiff's Responses to Defendants' Requests and the scheduling of depositions.  Of note, Plaintiff's position is that it will not make anyone (including the Trust itself) available for deposition unless Defendants demonstrate to Plaintiff's satisfaction that relevant information may be elicited from the deponent.  As noted below in the Certificate of Conferral, Defendants and Plaintiff were not able to resolve their differences.

## ISSUES TO BE ADDRESSED

As explained below, the discovery disputes between Defendants and Plaintiff center on issues raised by: (1) Plaintiff's Responses to Defendants' Requests; and (2) depositions regarding

the Trust's standing, to be conducted next week.  The following list sets forth the particular issues to be addressed at the hearing.

## I.  ISSUES RELATED TO DOCUMENT REQUESTS REGARDING STANDING

**A.  Responses Subject to Objections:**  Plaintiff repeatedly responds to the Requests subject to its "General Objections", without explaining what it will or will not produce.  *E.g.*, Ex. B at 3-6 (responses to Request Nos. 1-5, 7, 8, and 10).  Defendants contend that responding "subject to objections" is improper, as it violates Rule 34 by leaving Defendants to guess whether all responsive documents have been produced or whether some or all responsive documents are being withheld on the basis of Plaintiff's objections.  *See* Fed. R. Civ. P. 34(b)(2)(C) (requiring a responding party to identify "whether any responsive materials are being withheld on the basis of that objection"); *see also Polycarpe v. Seterus, Inc.*, 2017 WL 2257571, at *1 (M.D. Fla. May 23, 2017) (noting the December 2015 amendment to Rule 34 now required objections "with specificity," meaning that "[s]o-called generalized objections are inadequate and tantamount to not making any objection at all," requiring that they be overruled and ignored entirely).  Plaintiff contends that responding subject to its objections is proper.

**B.  Boilerplate Objections:**  Defendants contend that Plaintiff raises several improper boilerplate objections and has therefore waived any potentially viable objections.  *E.g.*, Ex. B at 2 (raising overbreadth, vagueness, burden, and privilege objections without explanation); *id.* at 4 (objecting on relevance grounds without an explanation); *id.* at 5 (objecting on privilege grounds without explanation); *id.* at 6 (objecting on relevance, vagueness, and overbreadth grounds without explanation); *see also Polycarpe*, 2017 WL 2257571, at *2 (overruling and rejecting boilerplate objections made by "attorneys who are supposed to know

better" because they "serve no purpose other than to waste the reader's time").  Plaintiff contends

that its objections were properly raised and provided sufficient explanation.

       **C.**    **"Agreement" Concerning Document Production and Privilege Log:**  Plaintiff

states that it "only agreed to produce those documents that [it] contends support its standing,"

and that it "did not agree to produce a privilege log as part of the limited discovery relating to

standing."  Ex. B at 2.  Defendants contend that Plaintiff is required, under the Federal and Local

rules, to produce all documents relevant to its alleged standing – whether those documents

support or refute Plaintiff's position.  Likewise, Defendants contend that Plaintiff is required by

the Federal and Local Rules to provide a privilege log if it is withholding documents on the basis

of a privilege or work-product objection, which appears to be the case.  *Compare* Ex. B at 2

(stating that Plaintiff "has no ***such*** documents") (emphasis added), *with id.* at 5 & 8 (stating that

Plaintiff "has ***no such non-privileged*** documents") (emphasis added).  Without a privilege log,

Defendants have no way of challenging any improperly raised claims of privilege or work-

product.  Plaintiff contends that its position is justified based on an agreement between Plaintiff

and Defendants.  Defendants are aware of no such agreement.

       **D.**    **Relevance Issues:**  Plaintiff contends that the information sought through Request

Nos. 5, 9, and 10 is "not relevant to Plaintiff's standing."  Ex. B at 6.  Defendants contend that

the information sought through those Requests is likely to lead to the discovery of admissible

evidence regarding Plaintiff's alleged standing to pursue this case, which is currently the main

issue in this matter.

       **E.**    **Possession, Custody, and Control Issues:**  Plaintiff appears to be taking the

position that it will not produce information in the possession, custody, and control of PDVSA.

*See* Ex. B at 2 (Plaintiff stating that it objects to producing information that is "not within

Plaintiff's possession, custody, or control"); *see also* Ex. D (email from Plaintiff counsel claiming that Plaintiff has no control over PDVSA employees or directors for the purposes of standing-related depositions). Defendants contend that, as an alleged assignee of PDVSA, Plaintiff must produce all responsive documents in PDVSA's possession, custody, or control.

## II.    ISSUES RELATED TO DEPOSITIONS REGARDING STANDING

A.    Plaintiff has failed to make available for deposition even a single one of the ten individuals listed by Plaintiff as potential deponents as to the issue of standing. As the scheduling order provides for four (non-expert) depositions as of right as to the issue of standing (with leave to take additional depositions upon a showing of good cause), Defendants seek to depose:

1.    30(b)(6) Representative of Plaintiff (PDVSA U.S. Litigation Trust) as to issues of standing;

2.    30(b)(6) Representative of PDVSA as to issues of standing;

3.    Alexis Arellano – who is the PDVSA-appointed Trustee of the Trust and a signatory of the Trust Agreement; and

4.    Reinaldo Munoz Pedroza – who signed both versions of the Trust Agreement as Procurador General of Venezuela.

If any of the foregoing individual deponents are unavailable, Defendants would seek to depose one or more of the following additional individuals/entities:

5.    Nelson Martinez – who signed both versions of the Trust Agreement as Minister of the People's Petroleum Power;

6.    Manuel Quevedo – who is the President of PDVSA and whose agreement is necessary for a valid assignment of PDVSA's claims;

7.      Miguel Bolivar – who was supposed to sign the original version of the Trust Agreement as the PDVSA appointed trustee but did not;

8.      30(b)(6) Representative of Algamex as to issues of standing – an entity referred to in the Trust Agreement as providing funding for the litigation; and

9.      Wilmer Ruperti – believed to be providing funding for the litigation.

Defendants asked Plaintiff to identify which ones Plaintiff would make available for deposition so that Defendants could determine which to request to depose.  Plaintiff, however, has refused to make *any* of them available for deposition, as explained above.

Additionally, Plaintiff has taken the position that to the extent it makes (or is forced to make) anyone available for deposition that is located in Venezuela, that the deposition may have to occur in Venezuela.  Defendants disagree and believe that as the Plaintiff, and as the party with the burden to prove standing, Plaintiff should be required to make deponents available for deposition in Miami.  Also, in light of the security risks and other difficulties associated with traveling to Venezuela, the Court should not require depositions to be held in Venezuela.

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(A)(3), counsel for Defendants hereby certify that they conferred with counsel for Plaintiff PDVSA U.S. Litigation Trust on the issues set forth above, and, despite best efforts, the foregoing discovery issues remain unresolved and disputed.

Dated: April 24, 2018

Respectfully submitted,

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam B. Wolfson, Esq.
Email: adamwolfson@quinnemanuel.com
*Admitted Pro Hac Vice*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA
TRADING, LLC*

By: */s/ Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email:
srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

114596298.2
114604758.1                                    -8-

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON, SERGIO DE LA VEGA, and
LUIS ALVAREZ*

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email:
Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA
BANK*

By: */s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

*Attorneys for Defendants FRANCISCO*

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
Clifton R. Gruhn, Esq.
Florida Bar Number 72542
Email: cgruhn@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: */s/Israel J. Encinosa*
Alex M. Gonzalez
Florida Bar No. 991200
alex.gonzalez@hklaw.com

*MORILLO AND LEONARDO BAQUERO*

By: */s/ Alex Kaplan*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

By: */s/ Etan Mark*
Etan Mark, Esq.

-10-

Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com
Brian A. Briz
Florida Bar No. 657557
brian.briz@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
David Kully (admitted *pro hac vice*)
david.kully@hklaw.com

*Attorneys for Defendants HELSINGE,
INC., HELSINGE LTD., HELSINGE
HOLDINGS, LLC, DANIEL LUTZ, LUIS
LIENDO AND MARIA FERNANDA
RODRIGUEZ*

Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

*Attorneys for Defendant JOHN RYAN*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


/s/ *Clifton R. Gruhn*_____

114596298.2