```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2                          MIAMI DIVISION
                     CASE NO. 18-CV-20818-DPG
 3

 4   PDVSA US Litigation Trust,        Miami, Florida

 5        Plaintiff,                   April 30, 2018

 6           vs.                       3:00 p.m. to 4:30 p.m.

 7   LUKOIL PAN AMERICAS, LLC, et al.  Pages 1 to 57

 8        Defendants.
     _____
 9

10
                      TELEPHONIC MOTION HEARING
11          BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
                  UNITED STATES MAGISTRATE JUDGE
12
     APPEARANCES:
13

14   FOR THE PLAINTIFF:       DAVID BOIES, ESQ.
     PDVSA US LITIGATION       STEVEN DAVIS, ESQ.
15                            ADAM SHAW, ESQ.
                             ALEXANDER BOIES, ESQ.
16                           BRAD SMITH, ESQ.
                             BOIES SCHILLER FLEXNER, LLP
17                           100 S.E. 2nd Street
                             Suite 2800
18                           Miami, Florida 33131
                                   -and-
19                           GEORGE F. CARPINELLO, ESQ.
                             BOIES SCHILLER FLEXNER, LLP
20                           30 South Pearl Street, 11th Floor
                             Albany, New York 12207
21

22   FOR THE DEFENDANTS:      ISRAEL J. ENCINOSA, ESQ.
     HELSINGE, INC.           ALEX M. GONZALEZ, ESQ.
23   HELSINGE, LTD            HOLLAND AND KNIGHT, LLP
     HELSINGE HOLDINGS        701 Brickell Avenue, Suite 3000
24   DANIEL LUTZ              Miami, Florida 33131
     MARIA F. RODRIGUEZ
25   LUIS LIENDO
```

```
 1                          ---CONTINUED---

 2
    FOR THE DEFENDANT:        ETAN MARK, ESQ.
 3  JOHN RYAN                 DONALD J. HAYDEN, ESQ.
                              MARK MIGDAL & HAYDEN
 4                            80 SW 8th Street, Suite 1999
                              Miami, Florida 33130
 5

 6  FOR THE DEFENDANT:        NICOLAS SWERDLOFF, ESQ.
    BAC FLORIDA BANK          JEFFREY B. GOLDBERG, ESQ.
 7                            HUGHES HUBBARD
                              201 South Biscayne Boulevard
 8                            Miami, Florida 33131

 9
    FOR THE DEFENDANTS:       TOMAS McLISH, ESQ.
10  FRANCISCO MORILLO         STACY MITCHELL, ESQ.
    LEONARD BARQUERO          MARK MACDOUGALL, ESQ.
11                            JILLIE RICHARDS, ESQ.
                              AKIN GUMP STRAUSS HAUER & FELD, LLP
12                            1331 New Hampshire Avenue, NW
                              Washington, DC 20036
13

14  FOR THE DEFENDANTS:       JESSICA CAREY, ESQ.
    GLENCORE, LTD             BRUCE BIRENBOIM, ESQ.
15  GLENCORE ENERGY, UK       1285 Avenue of the Americas
    GUSTAVO GABALDON          New York, New York 10019
16  SERGIO DE LA VEGA                  -and-
    LUIS ALVAREZ              STEPHEN ROSENTHAL, ESQ.
17                            PODHURST ORSECK
                              1 SE 3rd Avenue, Suite 2300
18                            Miami, Florida 33131

19
    FOR THE DEFENDANT:        MARK RYAN, ESQ.
20  LUKOIL PAN AMERICAS       MICHAEL LENNON, JR.
                              MAYER BROWN, LLP
21                            1999 K Street N.W.
                              Washington, DC 20006
22                                     -and-
                              JORGE GUTTMAN, ESQ.
23                            GUNSTER
                              600 Brickell Avenue, Suite 3500
24                            Miami, Florida 33131

25
```

```
 1                        ---CONTINUED---

 2   FOR THE DEFENDANTS:     MICHAEL C. KELSO, ESQ.
     VITOL ENERGY (BERMUDA)  ALEXANDER KAPLAN, ESQ.
 3   VITOL, INC.             MIKAYLA ESPINOSA, ESQ.
     ANTONIO MAARRAOUI       SUSMAN GODFREY, LLP
 4                           1000 Louisiana St, Suite 5100
                             Houston, Texas 77002
 5

 6   FOR THE DEFENDANT:      ETHAN GLASS, ESQ.
     TRAFIGURA TRADING LLC   WILLIAM BURCK, ESQ.
 7                           QUINN, EMANUEL, URQUHART AND SULLIVAN
                             777 6th Street, NW
 8                           11th Floor
                             Washington, DC 20001
 9

10   FOR THE DEFENDANTS:     DAVID BURKOFF, ESQ.
     COLONIAL GROUP, INC.    HEATHER LUNDY, ESQ.
11   COLONIAL OIL INDUSTRIES HUNTER MACLEAN EXLEY & DUNN, P.C.
     PAUL ROSADO             200 E. Saint Julian Street
12   P.O. Box 9848           Savannah, Georgia 31412
                                     -and-
13                           CLIFTON GRUHN, ESQ.
                             CARLTON FIELDS
14                           100 SE Second Street
                             Suite 4200
15                           Miami, Florida 33131

16

17   STENOGRAPHICALLY REPORTED BY:

18                           PATRICIA DIAZ, FCRR, RPR, FPR
                             Official Court Reporter
19                           United States District Court
                             400 North Miami Avenue
20                           11th Floor
                             Miami, Florida 33128
21                           (305) 523-5178

22

23

24

25
```

4

```
 1              (Call to the Order of the Court.)

 2              COURTROOM DEPUTY:  PDVSA U.S. Litigation Trust versus

 3    Lukoil Pan Americas, LLC, et al., case number

 4    18-20818-CV-Gayles.

 5              THE COURT:  All right.  I will do the same thing we did

 6    last time.  All right.  For plaintiff?

 7              MR. D. BOIES:  For plaintiff, Your Honor, we have David

 8    Boies, Steven Davis, George Carpinello, Alexander Boies, Brad

 9    Smith and Adam Shaw.

10              THE COURT:  All right.  Then the next I have is

11    defendant Lukoil Pan Americas.

12              MR. RYAN:  Yes, Your Honor, Mark Ryan for Lukoil, and

13    there may be other counsel for Lukoil, as well.

14              THE COURT:  Let's see, do we have Mr. Lennon?

15              MR. LENNON:  Yes, Your Honor, Michael Lennon from Mayer

16    Brown and Jorge Guttman from Gunster is also on.

17              THE COURT:  All right.  Then I have Colonial Oil

18    Industries, Colonial Group and Paul Rosado.

19              MR. BURKOFF:  Good afternoon, Your Honor, this is Dave

20    Burkoff and I have with me Heather Lundy and Cliff Gruhn is

21    also with us.

22              THE COURT:  All right.  Then we have Glencore, LTD.,

23    Glencore Energy, UK, Gustavo Gabaldon, Sergio de la Vega and

24    Luis Alvarez.

25              MS. CAREY:  Good afternoon, Your Honor, Jessica Carey
```

1    and Bruce Birenboim from Paul Weiss and Stephen Rosenthal, as

2    well, from Podhurst.

3            THE COURT:  For Trafigura Trading?

4            MR. GLASS:  Good morning, Ethan Glass from Trafigura

5    LLC.  Joining me today are William Burck, B-U-R-C-K, and Edward

6    Mullins.

7            THE COURT:  All right.  Then I have defendant Vitol

8    Energy Bermuda, Vitol, Inc. and Antonio Maarraoui.

9            MR. KAPLAN:  Good afternoon, Your Honor, you have Alex

10   Kaplan, Michael Kelso and Mikayla Espinosa.

11           THE COURT:  Then I have defendants Francisco Morillo

12   and Eduardo McLish.

13           MR. MCLISH:  Good afternoon, Your Honor, you have Tom

14   McLish, Mark MacDougall and Stacy Mitchell from Akin Gump.

15           THE COURT:  Let's see.  I'm sorry Tom McLish, Mark

16   MacDougall and Stacy Mitchell?

17           MR. MCLISH:  Correct, Your Honor.

18           THE COURT:  I don't have Jillie Richards?

19           MR. MCLISH:  She is here, Your Honor, she is with us.

20   She hasn't noticed her appearance.

21           THE COURT:  Okay.  Then Daniel Lutz, Helsinge, Inc. and

22   Helsinge LTD.

23           MR. ENCINOSA:  Good afternoon, Your Honor, Israel

24   Encinosa from Holland & Knight.  Also with me is Alex Gonzalez.

25   We also represent Mr. Liendo and Ms. Maria Fernanda Rodriguez.

1                  THE COURT:  All right.  I had them split them up into

2      two but I guess we will combine them for the next time.

3                  And then John Ryan.

4                  MR. MARK:  Good afternoon, Your Honor, Etan Mark and

5      Don Hayden from Mark Migdal Hayden.

6                  THE COURT:  Okay.  Then I have Maximiliano Poveda but I

7      don't think anybody, Mr. Silverglate or Lee, I don't think I

8      have them.

9                  Then BAC Florida Bank.

10                 MR. SWERDLOFF:  Good afternoon, Your Honor, Nick

11     Swerdloff and Jeff Goldberg from Hughes, Hubbard and Reed.

12                 THE COURT:  Okay.  Then, again, I don't think I have

13     Mr. Rivero for defendant Campos Elias Paez.

14                 All right.  I issued an order for the last hearing.  It

15     sets out what we need to discuss today.  The items are -- the

16     order is Docket Entry 278.  The items are deadline for

17     plaintiff's supplemental production of non-privileged documents

18     to be obtained for PDVSA and the submission of a privilege log.

19     And you all were going to discuss this and hopefully have it

20     resolved it by Friday.

21                 Then I have item two, the witnesses both sides intend

22     to depose and their availability.

23                 Item three, any additional discovery or scheduling

24     matters related to the issue of plaintiff's standing.

25                 Item four that keeps getting dragged along the issue of

1    discovery in preparation of the preliminary injunction hearing.

2            So, I guess I should hear from Mr. Boies first.  I know

3    you were going to consult and see when these PDVSA documents

4    were going to be made available to you.  Can you give me an

5    update on that?

6            MR. D. BOIES:  Yes, Your Honor.  And if I could go

7    through a series of dates that the parties have agreed to

8    subject to the Court's review, of course.

9            THE COURT:  Okay.

10           MR. D. BOIES:  Which will include both the supplemental

11   production and the privilege log.

12           THE COURT:  Okay.

13           MR. D. BOIES:  On May 2nd, that is, on Wednesday, we

14   will make a supplemental production of documents that are in

15   the Trust's possession that are responsive to the defendant's

16   documents related to standing.

17           On May 3rd, we will have the 26(f) conference.  On

18   May 7th, a week from today, we will make a production of PDVSA

19   documents and we will also provide a privilege log for

20   documents that are dated before -- on or before August 8th, and

21   the reason for that is that is the date that the Trust was

22   established and there is an expectation that the documents that

23   precede that day or before Your Honor precede that date are

24   most likely to relate to issues relative to standing such as

25   the trust organization and authorization and the like.

1           On May 11th, that's Friday, we will provide a privilege

2    log for the documents that were dated after August 8th, but

3    which went to people outside of the lawyers and the experts who

4    were actually preparing the case, that is, if it went to one of

5    the trustees, to PDVSA, to the general attorney, people outside

6    of so-called law group because, again, A, those are fewer

7    documents and, B, they are less likely to be the documents that

8    simply relate to the PDVSA case.

9           Then on May 18th we will provide a privilege log for

10   the remaining documents that precede the filing of the

11   complaint which would be the documents subsequent to August 8th

12   but which now just include lawyers and experts working on the

13   case.

14          In each case those privilege logs may be over inclusive

15   in the sense that we will have identified the documents, we

16   will be able to use technology to log the documents.  The thing

17   that will take time is to review the document individually to

18   determine whether they are responsive to the standing issue,

19   and if we get too close to those dates and that review is not

20   complete, we will simply log all -- we will log all of the

21   documents so they may be overinclusive.  We are going to try to

22   avoid that but that's a possibility.

23          Then on May 22nd, that will be the last day to depose

24   fact witnesses.  On May 28th, expert reports will be exchanged.

25   On June 4, the defendants will take the deposition of

9

```
 1    plaintiff's experts.  On May 5th the plaintiff's --

 2           THE COURT:  I'm sorry, wait, June 4th?

 3           MR. D. BOIES:  On June 4th.

 4           THE COURT:  You said May 5th but I think you meant

 5    June 5th.

 6           MR. D. BOIES:  I meant June 5th, I apologize.

 7           THE COURT:  Okay.

 8           MR. D. BOIES:  And on June 4th the defendants will

 9    depose the plaintiff's experts.

10           THE COURT:  Right.

11           MR. D. BOIES:  On June 5 the plaintiffs will depose the

12    defense experts.

13           On May -- excuse me, on June, June 11th, the parties

14    will exchange opening briefs.

15           On June 14th, the parties will exchange responsive

16    briefs and subject to the Court's schedule, we would propose a

17    hearing on standing for June 25th and, if necessary, June 26th.

18           THE COURT:  Okay.  Let me check my calendar right now

19    to see how those dates look.

20           MR. ENCINOSA:  Your Honor, this is Israel Encinosa.

21           THE COURT:  Yes.

22           MR. ENCINOSA:  I don't know, Mr. Boies probably did not

23    send the e-mail to the defense before this call, but among the

24    defendants through the day that was June 28th --

25           THE COURT:  Say again.
```

1      MR. ENCINOSA:  June 28th was the date that the Court is

2  available on that date.  I believe that is the date that works

3  for all parties.

4      MR. D. BOIES:  June 28th would work for the plaintiffs

5  as well.  This is for the standing hearing?

6      MR. ENCINOSA:  Correct.

7      THE COURT:  June 28th works for me.

8      MS. CAREY:  This is Jessica from Paul Weiss, might I

9  suggest that if that's going to be the date for this hearing

10  that the responsive reply briefs on standing be due on

11  June 18th rather than June 14th, just to give us a weekend to

12  prepare those materials?

13      MR. D. BOIES:  That would certainly be acceptable to

14  the plaintiffs.

15      THE COURT:  All right.  So, initial briefs June 11th,

16  responsive briefs June 18th.

17      So, June 28th I have availability.  Do you see the need

18  for reserving June 29th also?  I can do that now before I

19  commit to anything else?

20      MR. D. BOIES:  I think just -- I think we can probably

21  do it in one day, but I think to be on the safe side it would

22  be good to reserve a second day if that's possible.

23      THE COURT:  Okay.  So, we are talking June 28th at

24  10:00 a.m. and then an overflow date June 29th, also starting

25  at 10:00 a.m.

1          Okay.  So, that resolves the scheduling issues and

2     the -- it looks like everything has been sliding.

3          What dates -- I know Judge Gayles was asking for dates,

4     June and July for the preliminary injunction, but I am assuming

5     that you will now go with July only.

6          MR. BURKOFF:  Your Honor, this is Dave Burkoff.  We

7     have been meeting and conferring on this schedule up until this

8     hearing and defendants as a group have agreed to get back to

9     the plaintiffs with some proposed dates in July, promptly.  So,

10    we expect to be able to provide those proposed dates shortly.

11         Then the one other date that hasn't been discussed is

12    the deadline for the defendants to respond to the complaint to

13    answer, move or otherwise respond which we have discussed

14    earlier today a date of July 6th for that deadline.  Given the

15    July 4th holiday, as Mr. Boies gave that date to me, we revised

16    that to proposed July 13th to give the defense counsel a little

17    breathing room in all of this.

18         THE COURT:  All right.  So, instead of June 15th, which

19    is the present day, you all want which date exactly?

20         MR. BURKOFF:  July 13th.

21         MR. D. BOIES:  And, Your Honor, that is agreeable to us

22    as well, given the schedule.  We, obviously, had pushed for

23    earlier times but I think given everything the parties are

24    doing I think it's fair to extend it to from June to July 13th.

25         THE COURT:  All right.  Then that's the -- I am happy

 1    to adopt your revised schedule.  Then what about the -- you

 2    have a new date for depositions of experts' reports.  You have

 3    the new date for deposing fact witnesses of May 22nd.

 4          Are there any issues with who will be deposed or are

 5    you still working on that?

 6          MR. D. BOIES:  Your Honor, I think there are the

 7    following issues.

 8          THE COURT REPORTER:  Who is speaking?

 9          THE COURT:  I'm sorry, Mr. Boies.

10          MR. D. BOIES:  Excuse me, Your Honor, this is David.

11          THE COURT:  Yes.  Go ahead.

12          MR. D. BOIES:  Under the scheduling order, each side

13    was given the opportunity to take four depositions.  The

14    defendants gave us a list of witnesses in the order in which

15    they would like them to be made available.  We have been able

16    to arrange to make available the first three witnesses that

17    they requested, which is the 30(b)(6) deposition of the Trust,

18    a 30(b)(6) deposition of PDVSA and a deposition of the

19    Procurador General or General Attorney of Venezuela, Reynaldo

20    Muñoz.

21          The next several deponents who they had requested we

22    have not yet been able to either locate or arrange for them to

23    appear for deposition.  We have arranged for Algamex to give a

24    30(b)(6) deposition, but there are people who the defendants

25    would rather take than Algamex if they can be made available.

1          So, what we have agreed to do is to produce the first

2     three, to continue to work on producing one of the next

3     requested priority deponents, but if that fails, to produce

4     Algamex.

5          THE COURT:  All right.  And the Procurador General can

6     you say the name again because that didn't come through

7     clearly?

8          MR. D. BOIES:  It's Reynaldo M-U-N-R-O-Z.

9          THE COURT:  M-U-N --

10          MR. D. BOIES:  M-U-N-R-O-Z.

11          THE COURT:  M-U-N-R?

12          MR. D. BOIES:  M, U as in United, N as in Nancy, R as

13     in Robert, O as in Ohio, Z as in zoo.

14          THE COURT:  Munroz?

15          MR. ENCINOSA:  Your Honor, this is Israel Encinosa.  I

16     believe it's Muñoz.

17          THE COURT:  Muñoz, that's what I thought.

18          MR. D. BOIES:  You may be right.

19          THE COURT:  All right.  Reynaldo Muñoz.

20          All right.  The name is somewhere in the pleadings or

21     in my notes, but I was doing it for the benefit of the court

22     reporter.

23          MR. D. BOIES:  He is a signatory of the Trust, so we

24     can --

25          THE COURT:  Yes, the name pops up.

```
1              All right.  So, that's defendants' depositions.

2              Then what about the plaintiffs taking depositions?

3              MR. GLASS:  Your Honor --

4              THE COURT:  Hold on.  Hold on.  Finish up, Mr. Boies.

5              MR. D. BOIES:  With respect to the depositions of the

6    defendants, as deposition of the plaintiffs, we have identified

7    our first three deponent, who are Mr. Morillo, Mr. Baquero and

8    a 30(b)(6) deposition of Trafigura.  We have had discussions

9    with the defendants, and my understanding is that counsel for

10   each of those defendants does not want to have their defendant

11   deposed.

12             My understanding from the last counsel we had with the

13   Court was that the Court had indicated that we were entitled to

14   take four of the defendants, but that is now an issue, I think,

15   that comes back to the Court in view of the objections that the

16   defendants had raised to the taking of these three depositions.

17             THE COURT:  All right.  Who wants to address that?

18             MR. GLASS:  Your Honor, Ethan Glass for Trafigura

19   Trading, LLC.

20             THE COURT:  Yes.

21             MR. GLASS:  Your Honor, we are moving for a protective

22   order under Rule 26(c) to protect Trafigura against annoyance

23   and undue burden because -- and I can't state it more smoothly

24   than this -- Trafigura has no non-privileged knowledge about

25   the standing of the Trust.  We aren't aware of any good faith
```

1    reason to believe that Trafigura would know about a trust with

2    which it has had absolutely no involvement.

3          And I note, Your Honor, that today Mr. Boies when

4    talked about the privilege log he mentioned it was less likely

5    that information after August 8th, 2017, would relate to

6    standing issues.  So, information after the Trust was signed --

7    the first time that Trafigura became aware that a trust even

8    existed was when the complaint of March 3rd, 2018 was unsealed.

9          Your Honor, we asked plaintiffs to identify what its

10   good-faith basis for believing that Trafigura might have

11   non-privileged information about the Trust, and plaintiff

12   refused.  And, Your Honor, we looked very carefully at the Rule

13   30(b)(6) deposition notice that plaintiff served on Trafigura

14   Trading, LLC, and Your Honor, all it is is the plaintiffs took

15   defendants' Rule 30(b)(6) deposition notices as well as

16   defendants' document requests and turned them into Rule

17   30(b)(6) deposition notice of Trafigura.

18         And, Your Honor, it makes complete sense when

19   defendants are asking the Trust about information about the

20   Trust.  It makes complete sense that defendants when they asked

21   for the people that Mr. Boies has identified as deponents

22   defense one who are closely related to the Trust would have

23   relevant information.

24         Your Honor, we have explained many times to plaintiff

25   the type of information that we intend to seek from them,

1    information about the creation of the Trust, whether or not it

2    has the proper assignments, etcetera.  Your Honor has heard

3    these quite a bit.  However, Your Honor, those deposition

4    topics make no sense when they are served on an entity that is

5    completely removed from the Trust like Trafigura.

6         Trafigura is an oil trader.  Trafigura has no privity

7    or relationship with the Trust.  Trafigura did not even know

8    the Trust exited and we told the plaintiffs on numerous

9    occasion that we are not aware of any information within

10   Trafigura that would be relevant to the question of the Trust

11   statement.

12        Now, we are willing to listen if plaintiffs do have a

13   good-faith basis, but since to this point they have been

14   unwilling to provide us with an explanation of why they have

15   chosen Trafigura, we can only assume it's because Trafigura is

16   one of the biggest or because Trafigura may be engaging with

17   the real PDVSA on business.  And, of course, those are not

18   appropriate topics when we are talking about the Trust

19   standing.

20        So, Your Honor, we object to -- Trafigura LLC objects

21   and seeks a protective order, both because it would be a

22   complete waste of time and it would be burdensome on Trafigura

23   to produce a witness and merely say what I just said, and

24   second, there is not proper -- a reasonable particularity under

25   Rule 30(b)(6) notice.

```
 1              THE COURT:  Okay.  Tell me a little bit more about
 2     Trafigura.  You said it's an oral (sic) trader?
 3              MR. GLASS:  Yes, Your Honor, so, what Trafigura does is
 4     it purchases oil from the oil companies and it resells it.  And
 5     I am way oversimplifying what Trafigura does, but Trafigura
 6     does not produce oil.  Trafigura is what we call an oil trader.
 7              THE COURT:  Oil trader.
 8              MR. GLASS:  We purchase and resell oil all across the
 9     world.
10              Trafigura is a large company, thousands of employees
11     all across the world everywhere that buys or sells oil.  So,
12     Your Honor, we received a notice to Trafigura Trading LLC,
13     which is our Houston corporation that seeks generally
14     information about the PDVSA Trust, which Trafigura has no
15     relationship and didn't even know about before this litigation.
16              THE COURT:  Let me hear from defendants' counsel for
17     Morillo and Baquero.  What is your position?
18              MR. MACDOUGALL:  Thank you.  That is Mark MacDougall
19     and Akin Gump for Francisco Morillo and Leonardo Baquero.  Not
20     to restate anything that Mr. Glass said, but we likewise are
21     convinced that there is no good-faith basis for deposing either
22     of the individuals.
23              Briefly, Your Honor, we had not asked for leave to file
24     a motion for protective order because, frankly, we haven't been
25     served with anything yet.
```

1          The issue here is standing.  There is no reason to

2    speculate that these defendants or individuals know anything

3    about how the Trust was formed, which is largely, we believe, a

4    creature of the plaintiff's law firm.

5          We believe that Mr. Morillo and Baquero are situated

6    just like the plaintiff's witnesses who are unavailable.

7    Neither of these individuals are parties to the litigation.

8    They have not been served.  They are not before the Court, and

9    we believe ultimately will be shown to not be subject to

10   personal jurisdiction.

11         Also, Your Honor, we have a professional responsibility

12   to these individual clients.  We have made a limited

13   appearance.  The case hasn't begun yet.  The complaint contains

14   extremely grave and inflammatory allegations, and we can't put

15   these defendants in a position without any development of the

16   case at all and without being present in the case to answer any

17   questions.

18         And, finally, Your Honor, Mr. Boies makes something of

19   the idea that each side had agreed that the other can take four

20   depositions.  No one ever agreed that these individuals would

21   be subjected to deposition.  So, we would likewise object Your

22   Honor and, if necessary, would likewise move to leave to file a

23   motion for protective order.

24         THE COURT:  All right.  Mr. Boies, now you can respond

25   to both arguments.

1          MR. D. BOIES:  Thank you, Your Honor.

2          First, the Court will recall that at the last

3    conference with the Court, I took the position that the

4    deposition that they were seeking, the documents that they were

5    seeking were not relevant and went way beyond the relevance on

6    any standing issue.

7          They were asking for communications relating to the

8    National Assembly.  They were asking for communications in

9    which somebody either questioned or supported the authority.

10   They went way beyond simply asking questions about how was the

11   Trust created, how was it formed, what were the assignments.

12         Those basic questions were questions that we agreed

13   were relevant, but their document demand and their deposition

14   notices go way beyond that.  And one of the things that counsel

15   says, which is accurate, is that we simply took their 30(b)(6)

16   deposition and their document requests, which they can't claim

17   are irrelevant because they made them to us and we simply said

18   that we are going to ask you the same question that you have

19   said are relevant.  And the scheduling order clearly

20   contemplates that we will have an opportunity to take

21   depositions.  They knew when they agreed to that scheduling

22   order that they were not involved in the creation of the Trust.

23         The arguments that they make now for why they should

24   not have a deposition should have been made before and if they

25   were going to be taking that position, we would not have agreed

1    to depositions.

2         It was a two-way street that we agreed to, and they are

3    now trying to turn it into a one-way street.

4         With respect to what we want to accomplish from the

5    deposition, the Court will again recall that at the last

6    conference I argued vigorously for the point of view that

7    whoever was taking the deposition should explain what they plan

8    to get and why it was relevant, and they successfully argued

9    that they didn't have to do that.  What they are now trying to

10   do is impose on us a requirement that they unsuccessfully

11   avoided for themselves.

12        Again, if they don't have any information, then the

13   deponent will say that, but I think that we are entitled to get

14   that from the deponent, not -- under oath who has complied with

15   Rule 30(b)(6), not simply an argument from counsel.

16        With respect to the argument that we have not given

17   them reasonable particularity, again, Your Honor, what we have

18   done is we have given them exactly what they have given us.

19   So, if there is reasonable particularity when they give it to

20   us, I suggest, respectfully, that there is reasonable

21   particularity when we give it to them.

22        Now, with respect to the arguments by Mr. Morillo and

23   Mr. Baquero that they are not parties and haven't been served,

24   first, we believe they have been served.  Second, the Court

25   will recall that we took the position that the issue of service

1    should precede the issue of standing for this very purpose.  We

2    did not win that argument but what we did win was the argument

3    that said that both sides would be subject to discovery with

4    respect to the standing issue.

5         Again, I respectfully submit that the defendants cannot

6    come in here and say we are going to be parties to this

7    litigation to take discovery of the plaintiff but we are not

8    going to be parties to the litigation to take discovery of us.

9         They can make a special appearance, perhaps, to

10   challenge standing, but in that special appearance they have

11   got to at least participate in the litigation with respect to

12   standing both ways.  That is, they can't come in and be parties

13   to this litigation for purposes of making arguments to the

14   Court on standing, take discovery of plaintiff on standing and,

15   yet, say we are not going to prevent us, ourselves, to be

16   discovered.

17        So, A, we believe they are before the Court because we

18   believe they have been served and we have been arguing from the

19   beginning that the issues of personal jurisdiction and standing

20   should precede personal -- personal jurisdiction and service

21   should precede the litigation of standing.  But if they have

22   successfully avoided that, we'd argue most vigorously that they

23   cannot avoid the discovery obligation to come from that.

24        THE COURT:  All right.  Well, let me just say, the

25   issue of proceeding with standing is something that was handed

```
 1    to me and I am acting upon it pursuant to a referral order, so

 2    I don't think that we need to revisit that issue.  We are going

 3    forward with the standing issue ahead of the other things.

 4    That's sort of like a done deal from my point of view.

 5          I also -- when I expressed the statements I expressed

 6    regarding the objections that were made to conducting

 7    depositions of defendants or defendants' representatives, I

 8    particularly looked at the entry next to April 27th, 2018,

 9    which said -- first they said defendant shall take no more than

10    four fact witness depositions as to the issue of standing and

11    plaintiff shall take no more than four fact witness depositions

12    as to the issue of standing, and then so on about more people.

13    And then parties will identify.  So, I was operating off of an

14    agreed document which presumed that this is what the parties

15    had come to the Court with.  So, I am not changing or in any

16    way undoing what has been done to date.

17          The defendants did make an argument which I don't

18    think, Mr. Boies, you addressed directly.  You addressed the

19    fact that -- you know, the relevance and the specificity and so

20    on, but they are saying that you have not provided a good-faith

21    basis for seeking to depose these individuals and

22    representatives on the issue of standing.

23          I don't know if they mean these particular ones and

24    maybe there are some other defendant representatives out there

25    that might know something about it or if this is sort of like
```

1    defendants' way of saying there is no way anybody on the

2    defendant camp could possibly know anything about standing

3    because this is all plaintiff's doing, my words.  Don't read

4    anything into it.

5         So, can you express your good-faith basis for pursuing

6    discovery from these particular people?

7         What do you seek to get out of them in the sense of do

8    you sincerely believe that they have information that is

9    responsive to this depo notice on the 30(b)(6) and then that

10   these individuals will have information because, of course, you

11   know, all attorneys practicing before the Court, you know, have

12   the duty as officers of the court to proceed in an ethical

13   fashion and I think that's what they are getting at.

14        I don't know, maybe you have a reason, Mr. Boies, for

15   picking Mr. Morillo and Mr. Baquero as opposed to other

16   individual plaintiffs -- I'm sorry, defendants, and you have a

17   reason for picking Trafigura corporate rep as opposed to other

18   corporate entities for deposition.

19        I think it would be helpful for me to make a

20   dispositive ruling on this matter setting aside all the issues

21   of personal jurisdiction and reservation of rights and all of

22   that as to why you picked these people as opposed to others.

23        MR. D. BOIES:  Thank you, Your Honor.

24        I will say that there is a distinction between

25   Mr. Morillo and Mr. Baquero on one hand and Trafigura on the

1    other, and I begin with the proposition that the issues as to

2    what are relevant to standing is the issue about which the

3    plaintiff and the defendants disagree.  As I think the Court is

4    aware from prior hearings, the plaintiffs believe this is,

5    essentially, an issue of law and that issues with respect to

6    what communications were made, what was said to whom, is not

7    going to be relevant.

8            However, the defendants have made these issues relevant

9    and it is certainly the case that Mr. Baquero and Mr. Morillo,

10   according to our belief, have made statements concerning the

11   Trust and its operation and its authorization and formation and

12   how it either will or should operate and whether it should be

13   in existence and whether it is authorized or not.

14           Now, with respect to Trafigura, it is harder for me to

15   distinguish between Trafigura and some other defendants.  Our

16   information at this point, because we have not had discovery,

17   is much more limited in terms of whether Trafigura is the one

18   that we should be deposing or some other.

19           I can say to the Court that I have confidence that in

20   selecting Mr. Morillo and Mr. Baquero I have made a sensible

21   choice compared to other individual defendants.

22           With respect to Trafigura, I have more uncertainty as

23   to exactly which of the corporate defendants is really the most

24   appropriate one for me to depose.  What I do believe is with

25   respect to Trafigura, this is a defendant that I believe will

1    have information related to some or all of the topics that we

2    have listed, all of which are topics that the defendants have

3    identified as being relevant.

4         If the Court were to say to me, well, which of these

5    topics are you most confident of, that is something that I

6    can't answer until I have actually taken the deposition.

7         What the defendants are asking me to do is before I

8    take the deposition, tell me what the deposition is going to

9    say.  I can't do that.  I don't think any lawyer could, and I

10   think that's what the purpose of discovery is.

11        What I can say is that I believe that Trafigura does

12   have information with respect to one or more of the topics, and

13   what I have done is simply taken the topics they have defined

14   as relevant.

15        THE COURT:  All right.  So, your good-faith basis is

16   that Mr. Morillo and Mr. Baquero have made statements regarding

17   the legitimacy of the Trust and things of that nature and that

18   you think that Trafigura does have information regarding at

19   least some of the topics but you don't know any more than that.

20        MR. D. BOIES:  And I will also say, Your Honor, that I

21   would like to have a representation from the defendants that

22   they have a good-faith basis for believing that, for example,

23   the trustees have information relevant to the standing of the

24   Trust.  I mean, the trustees themselves, as opposed to grantors

25   of the Trust, I don't know what additional information they are

1    going to have other than what's in the Trust documents

2    themselves.

3         So, I thank you for talking about good-faith basis.  It

4    ought to be a two-way street.

5         THE COURT:  Mr. Boies, you all have agreed on a

6    30(b)(6) representative of the Trust and PDVSA and the

7    Procurador General.  I don't see any trustee here on the list.

8         You said you were willing to negotiate on those, so I

9    don't think that we need to revisit that issue sort of like the

10   shoe on the other foot kind of argument you are making.

11        MR. D. BOIES:  Okay, Your Honor.  I am kind of shoe on

12   the other foot, yes, Your Honor.  I agree with that.

13        THE COURT:  All right.  To those statements, let me

14   hear again, then, what counsel for Mr. Morillo and Mr. Baquero

15   and counsel for Trafigura were saying that there is no

16   good-faith basis.

17        This is what Mr. Boies is saying that these individuals

18   have made statements regarding the Trust and that he thinks

19   that Trafigura has some information regarding the topics.  He

20   is making that representation to me as an officer of the court.

21   So, what is your response to that?

22        I will hear from counsel for Trafigura first and then

23   counsel for the individuals.

24        MR. GLASS:  Thank you, Your Honor.  Ethan Glass again.

25        Your Honor, I think this exposes the real issue that

1    Trafigura has with this notice.  It's not an individual notice.

2    It's a Rule 30(b)(6) notice and even Mr. Boies cannot explain

3    which of the categories he thinks Trafigura has responsive

4    information and which it doesn't.  In fact, in his answers to

5    your question, Your Honor's question, while he said that he

6    believes Trafigura has information, he didn't identify who

7    would have that information within the company that has

8    thousands of employees across the world, where those people

9    are, what that information pertains to.

10        So, this is our issue as a company is that he wants to

11   go and take a deposition when we have already made statements

12   on the Court and in writing that we are not aware of any

13   information that Trafigura has that is privileged relating to

14   the Trust.

15        Your Honor, I believe this dichotomy that Mr. Boies

16   wants to set up is false.  It's not about one way discovery or

17   a shoe on the other foot.  The trustees, PDVSA Trust, the

18   people who signed on to the Trust document, on their face

19   have -- we have a good-faith basis for believing that they have

20   information about the Trust.  It almost seems silly to me to

21   have an argument about whether trustees have information about

22   the trust they are the trustee for, let alone whether we have a

23   good-faith basis.

24        Your Honor, it's the opposite for Trafigura.  There is

25   nothing about Trafigura -- and Mr. Boies I believe intimated

1    this.   There is nothing about Trafigura that suggests that it

2    would have information about the Trust.

3          You know, it's not in Venezuela.  It doesn't have a

4    relationship with the Trust.  It doesn't represent PDVSA, and

5    so where we are really having trouble, Your Honor, and we are

6    not arguing -- Trafigura Trading is not arguing that Mr. Boies

7    should get no deposition.  We are not.

8          He is entitled to those depositions, but there is a

9    limit on those depositions, and the limit is you have to have a

10   reason for sitting people down to depose them, for selecting

11   the ones they did, particularly for a Rule 30(b)(6) deposition

12   will require us to identify some representative and educate

13   them.

14         So, Your Honor, I believe Mr. Boies's hints really

15   explain what the trouble Trafigura is having.  We have told him

16   we have no information about the Trust.  We have told him that

17   we don't believe there is any reason to believe we would have

18   information about the Trust, and we have asked him to explain

19   and give us some idea what he is looking for so we can have a

20   real meet and confer, and the answers you got today is what we

21   received on Friday, which really has gotten us nowhere.

22         We still don't understand why they want to depose

23   Trafigura and why they think that Trafigura should have

24   relevant information and, in fact, we believe Trafigura

25   doesn't.  Thank you, Your Honor.

1            THE COURT:  All right.

2            Now for the individuals.

3            MR. MACDOUGALL:  Thank you, Your Honor, Mark MacDougall

4     again for defendants Morillo and Baquero.

5            We agree with something Mr. Boies said that this is

6     fundamentally an issue of law.  Whether standing exists or not

7     is completely unrelated to what anybody may have said they

8     thought about it.  Neither Mr. Morillo nor Baquero are lawyers.

9     They don't live in the United States.  I have no idea, in

10    truth, what statements or references Mr. Boies may be wanting

11    to examine these individuals on, but what they think, what they

12    may have said has nothing to do with whether standing exists.

13    Either it does or it doesn't and that's for the Court to

14    decide.  So, we don't believe that Mr. Boies' representation to

15    the Court provides any sufficient basis to overcome the other

16    equities that we have pointed out with respect to these two

17    defendants, and what they may or may not have said has no

18    relevance to whether standing exists and whether the Court will

19    ultimately find that there is standing in this case.

20           Thank you.

21           THE COURT:  All right.  Well, it sounds to me that the

22    best Mr. Boies could come up with for the individuals was

23    Mr. Morillo and Mr. Baquero, based on them having made some

24    statements.  Obviously, statements of lay people are not legal

25    pronouncements but Mr. Boies seems intent to get his four

```
 1    depositions.

 2            The agreed order provided for him to get them.  He

 3    picked these two individuals and, as I said before, I am

 4    perfectly willing to limit the time because it sounds to me

 5    like there is not a lot to be obtained and I would not allow

 6    these two individuals to be harassed by questions backwards and

 7    forward and so on.

 8            So, I will -- and as I said before, you can make all

 9    kinds of caveats and conditions and say that you are not

10    submitting your clients to personal jurisdiction, you are not

11    accepting process as served.  Whatever other 12(b) defenses you

12    want to preserve you are free to preserve, but as I said, you

13    know, the train left the station before so I am not taking it

14    back.

15            So, these individuals I will allow them to be deposed

16    subject to whatever reservation of rights want to be made.  I

17    don't know what the logistics are going to be, whether you are

18    going to take them telephonically.  I don't know if the country

19    where they are allows that but you all will have to work that

20    out.

21            For each one of them I am willing to limit it to no

22    more than two hours, unless I hear something that convinces me,

23    Mr. Boies, that you need more than two hours for somebody who

24    presumably will tell you that they don't have answers to your

25    questions.
```

1          MR. D. BOIES:  I think two hours may well be

2    sufficient.

3          THE COURT:  All right.

4          MR. MACDOUGALL:  Your Honor, if I may, Mark MacDougall

5    for Mr. Morillo and Mr. Baquero.  We would like to ask the

6    Court leave to move for protective order and make a submission

7    on this to perfect the record.

8          THE COURT:  Well, you can do that but, let's see, what

9    is the time line that we are talking about?

10         The last day to depose fact witnesses is May 22nd.

11         Do you want me to take this as an ore tenus motion for

12   protective order and deal with it that way because it sounds to

13   me like you have set forth all of your arguments already and

14   there is a court reporter here who is transcribing it?

15         MR. MACDOUGALL:  I'd like to make a submission, Your

16   Honor, with the Court's permission.

17         THE COURT:  You can make the submission but the ruling

18   will be the same as I have made unless you bring up something

19   new.  But from my understanding, you have kind of thrown at me

20   all of your objections already.  So, that's my ruling.

21         I have addressed your personal jurisdiction rulings and

22   so on.  If your plan is to appeal my discovery rulings to Judge

23   Gayles, then, of course, you are welcome to do that.  That's

24   your right and so you can go ahead and make your submission and

25   I don't know, Mr. Boies, do you want to respond?  Should I have

1    it scheduled for that submission and that response?

2         MR. D. BOIES:  We will respond within 48 hours from

3    whenever they put in the objection.

4         THE COURT:  That's all right.  Work out your logistics.

5    I am making no rulings how you are going to make these

6    depositions.  Where are these people, in Spain?

7         MR. MACDOUGALL:  They are both in Latin America, Your

8    Honor.

9         THE COURT:  In Latin America.

10        I don't know, you have to be careful with different

11   countries with whether they allow voluntary depositions or not.

12   I have no jurisdiction over Latin America, so I am not

13   presuming to allow those depositions to take place unless the

14   laws of those countries allow them.  So, that's on the

15   individuals.

16        Now, on Trafigura, again, Mr. Boies is exercising what

17   appears to be his right based on the agreed schedule to take a

18   corporate representative deposition, although I don't know that

19   technically the schedule spells out corporate representative

20   but it says of defendant.  So, if the defendant is a corporate

21   entity, then obviously, it would be a corporate deposition.

22   Again, Trafigura was the lucky winner of that drawing.

23   Mr. Boies doesn't seem to have any better choice.  I am

24   assuming that for the other ones he couldn't even say that he

25   thinks the other ones have information regarding the topics.

1          I will, again, make the same ruling, require deposition

2    of Trafigura.  I will limit it to two hours.  That one would

3    be -- it would need to take place -- I think you said the

4    headquarters are in Houston, counsel for Trafigura?

5          MR. GLASS:  Yes, Your Honor, although I don't know

6    where the best place to take the deposition would be.

7          THE COURT:  Okay.  So, you all work that out and, of

8    course, that's in the states so we don't have to worry about

9    whether it can or cannot take place.  Obviously, it may be that

10   the smartest way to do it would be to do it via video or

11   telephonically but, again, I leave that up to you all.

12         Mr. Boies, when do you plan to announce the fourth

13   lucky winner of the deposition drawing?

14         MR. D. BOIES:  We will do that by this coming Monday,

15   Your Honor.

16         THE COURT:  Okay.  Monday.

17         MR. GLASS:  Your Honor, Ethan Glass on behalf of

18   Trafigura.  Can I make sure that I am clear?  Do we have the

19   same two-hour limit for the Trafigura deposition?

20         THE COURT:  Yes, of course.

21         MR. GLASS:  Thank you, Your Honor.

22         If I also may just say -- I understand Your Honor's

23   ruling.  We are at significant difficulty for trying to prepare

24   a witness to testify for such a large company but we will do

25   our best.  And I expect that it will be a -- it will be

```
 1   unfruitful.  We will do our best but I want to flag that it is
 2   very difficult to prepare a witness and I don't know what the
 3   scope of the deposition is going to be.
 4        THE COURT:  Didn't they say they have the topics, the
 5   30(b)(6) topics already?
 6        MR. D. BOIES:  Yes, we gave them the topics as well as
 7   they know the topics of their depositions.
 8        MR. GLASS:  Your Honor, this is Ethan Glass.  The
 9   topics are non-specific to Trafigura.  This is the whole
10   problem we had is that by copying the deposition topics that
11   the defendants served on the Trust, which related to
12   information and reasonable particularity for the Trust, it
13   doesn't make sense to serve those same identical topics on
14   Trafigura, which is, of course, not the Trust and have nothing
15   to do with the Trust.
16        THE COURT:  But that is what Mr. Boies has chosen to do
17   and, of course, if there is no information or there is no way
18   that your client can have information about, for example -- and
19   I am just coming up with an example -- I am being facetious,
20   what was the trustee wearing on the day he signed the trust
21   agreement, right, obviously, your client has no information
22   about that so that's not something that you are in a position
23   to respond.  Treat it as you would any 30(b)(6) and if you, you
24   know, fulfilling your discovery obligations can provide
25   information that is responsive to the topic, then you provide
```

1    it and if you cannot, then, obviously, you cannot.

2          MR. GLASS:  All right.  Thank you, Your Honor.

3          THE COURT:  All right.  Then Monday the 7th is when you

4    are planning to come up with your fourth?

5          MR. D. BOIES:  Yes, Your Honor.  Then I am assuming

6    that the parties will be able to apply these rulings to whoever

7    else it is and if the selected candidate wants to file a motion

8    for protective order along the lines of the other ones, do

9    that.  But you know where I am coming from so you can keep

10   moving along.

11         THE COURT:  All right.  I think we have covered items

12   one and two and three because we --

13         MR. ENCINOSA:  Your Honor, this is Israel Encinosa.

14   I'd like to be heard briefly.  I don't think the Court asked as

15   to the individuals that the defendants want to take depositions

16   of and specifically I am referring on page three of Your

17   Honor's order to the topic of availability of Mr. Muñoz Pedrosa

18   Mr. Martinez, Mr. Arellano, Mr. Quevedo.

19         Can I just be heard on that briefly, Your Honor?

20         THE COURT:  Yes.  Oh, good, I have Reynaldo Muñoz

21   Pedrosa on page three of my order, so there we are.  He is

22   Muñoz Pedrosa.

23         All right.  So, I thought Mr. Boies was saying that he

24   was making the corporate representatives available for

25   deposition, that you had resolved that and that Mr. Muñoz

1    Pedrosa would be available for deposition.  So, tell me,

2    Mr. Encinosa, what issue you want to bring up.

3              MR. ENCINOSA:  That is correct, Your Honor, and based

4    on the dates that Mr. Boies provided, we came up with a

5    May 22nd cutoff for a fact deposition.

6              But I would like to raise issues with respect to

7    Mr. Nelson Martinez, Mr. Alexis Arellano and Mr. Manuel

8    Quevedo.

9              Per Your Honor's order, we were to meet and confer on

10   the availability of those witness on Friday, April 27th.  At

11   that meet and confer with respect to Mr. Nelson Martinez, who

12   was the former minister of the Ministry of Petroleum and signed

13   the trust agreement, that lore, we were told that -- this is

14   the individual that Your Honor will recall, as you understood,

15   had been jailed and removed from his position.

16             We understand from plaintiff that they are unable to

17   locate Mr. Martinez whatsoever and perhaps more concerning with

18   respect to Mr. Alexis Arellano, who is one of the three

19   trustees of the Trust, and Your Honor may recall, this Trust

20   has three trustees.  Two of them are appointed by the law firm,

21   one by Boies Schiller law firm, another by the other law firm,

22   and the third is the only PDVSA appointed or purported PDVSA

23   appointed trustee.

24             We were told, as with Mr. Martinez, that Mr. Arellano

25   is nowhere to be located.  They cannot find him.  This is

1    different from Mr. Quevedo who I will talk in a second who they

2    hadn't reached out to by the time of our telephone conference.

3    Apparently, this individual is missing and cannot be located.

4         Obviously, this raises significant threshold issues,

5    given that, you know, the language of the Trust, which is the

6    language that is filed, show that the trustees are the ones

7    that manage the Trust and make decisions for the Trust, you

8    know, and calls into question the larger issues whether the

9    plaintiff can even proceed without having a trustee or knowing

10   where the trustee is.

11        But among other issues, it just serves to highlight the

12   reasons we really need Mr. Arellano's deposition, including

13   that we question even the authenticity of the trust agreement,

14   its signatures.  Just by way of example, it isn't notarized.

15   It isn't stamped like the other ones.

16        The other individuals they can't locate as well,

17   Mr. Bolivar, was supposed to sign the trust document

18   originally, and he didn't.  He was replaced at some point by

19   Mr. Arellano.  We can't get him either in order for plaintiff

20   to provide him, but it's very important that we be able to take

21   this deposition.

22        Part of the reason I wanted to inquire with the Court

23   is to see whether the Court would like us to formally file a

24   motion to compel bringing out the case law regarding the

25   obligations of an assignee as the Trust is here with respect to

1    the discovery and the Court's ability to compel the plaintiffs

2    in this case and even the assignor, PDVSA, in this case to

3    produce these individuals.

4          The other individual -- so, we were told with respect

5    to Mr. Arellano, Mr. Martinez, they inquired but apparently

6    these individuals are nowhere to be found.

7          With respect to Mr. Manuel Quevedo, he is the president

8    of PDVSA, and as of the meet and confer despite being required

9    to meet and confer as to his availability we were told that

10   they had not yet reached out to Mr. Quevedo.

11         So, we have significant issues here, Your Honor.  We

12   believe the Court can compel these depositions to go forward

13   and we ask for Your Honor's guidance on how to proceed.

14         THE COURT:  I understood Mr. Boies to say that you had

15   all settled on three out of the four and that you were working

16   on the fourth and that if you couldn't get these individuals

17   then you would go for the 30(b)(6) of Algamex or whatever that

18   name is but you seem to differ with that assessment.

19         MR. ENCINOSA:  Yes, Your Honor.  I apologize.  I tried

20   to chime in at that point in time but I understood Your Honor

21   wanted to move on to other issues.  That's why I didn't raise

22   it.

23         THE COURT:  That's all right.

24         Let me see.  So, your position is that because these

25   individuals, Martinez, who is supposedly in jail; Arellano, who

1    is nowhere to be found, and Quevedo who is a representative of

2    PDVSA -- which one of those people do you want to compel?

3           MR. ENCINOSA:  So, Your Honor, we would begin -- we

4    ranked them, Your Honor, last time.  We would begin with

5    Mr. Alexis Arellano.  He is the PDVSA appointed Trust.

6           THE COURT:  So, Martinez, the jailed guy, you are

7    giving up on?

8           MR. ENCINOSA:  Your Honor, what we described to the

9    Court last time and we described to opposing counsel is that we

10   would rank them and assert an order.  We always understood

11   based on the earlier meet and confer conference that Mr. Nelson

12   Martinez because of his status, which we understood he was in

13   jail.

14          Now that maybe has changed because he can't be located.

15   We always understood that might be almost impossible even if

16   ordered to compel for him to be produced.

17          So that's why the next one would be Mr. Arellano.

18          THE COURT:  Okay.  You are saying that this Arellano,

19   Mr. Arellano is a trustee who signed the trust documents and,

20   therefore, you want to -- and again, I am using my own words.

21   You want to kind of put the plaintiffs on the spot so if they

22   cannot possibly produce Mr. Arellano you can use that against

23   them and, again, it's my colloquial way of talking.

24          MR. ENCINOSA:  Your Honor, Mr. -- well, there are many

25   issues that we want to ask Mr. Arellano about, but it goes even

1  to the most fundamental issues of whether the Trust even was

2  actually properly executed.

3      THE COURT:  Right, but your point on not moving on to

4  the next person but insisting on Arellano is if they cannot

5  produce their own trustee they're in trouble.

6      MR. ENCINOSA:  Well, Your Honor, we believe the issue

7  would apply equally with the other individuals.  The issue with

8  respect to this plaintiff's requirement to produce in discovery

9  provide witnesses, provide its own people as deponents doesn't

10  just apply to Mr. Arellano.  It would apply to Mr. Quevedo, who

11  is the president of the board.  It would apply to Mr. Bolivar,

12  who is a PDVSA employee who was asked originally to be the

13  trustee.  And I would argue it applies even to Nelson Martinez,

14  who is one of the signators of the trust and reports.

15      THE COURT:  Right.  That's all well and good but you

16  only get to pick one.  So, you can't really say to me they

17  can't produce anybody if only you are asking for one.  So,

18  that's why I want to know, are you ready to commit that you are

19  asking for Mr. Arellano?  Is that your position?

20      MR. ENCINOSA:  Your Honor, that is my personal

21  position.  I will mention that, you know, I was essentially

22  designated at the last hearing and for purposes of this hearing

23  to speak generally on behalf of all of the defendants, and to

24  the extent that anybody does not agree with that, you know, I

25  would like them to speak up but that is my position.

```
 1          THE COURT:  Well, I think you all need to get together
 2    and agree on who is the fourth candidate for deposition and if
 3    Mr. -- if you get a straight answer on that person from
 4    Mr. Boies, I cannot produce that person, then you can file
 5    whatever document you want to file in the record to show that
 6    plaintiff cannot produce its own trustees.
 7          But you need to pick one before you proceed that way
 8    because if you have Manuel Quevedo next on your list and they
 9    can't produce Manuel Quevedo and you are willing to take him,
10    then they have produced somebody.
11          Then maybe -- you know, you may later make arguments,
12    oh, we tried to get this person and that person and that didn't
13    work and you may try to use that as persuasive arguments when
14    we have the standing hearing and the briefing and all of that.
15    But right now we're taking things one at a time and what we
16    need to do is zero in on who you want, can Mr. Boies produce
17    him or her.  And if he can't, are you willing to go to the next
18    person or are you saying, no, it's this person or no one for
19    number four and we are done and we are going to, you know, let
20    the chips fall where they may.
21          You need to define that and I don't think that I can
22    take that argument from you now if you are not a hundred
23    percent sure that all of the defendants are in agreement.  So,
24    why don't we come up -- like Mr. Boies said that he would have
25    his fourth candidate by May 7th, why don't we come up with who
```

1   exactly is your fourth candidate going to be that you are

2   committed to by a date certain and then we can go from there.

3          MR. ENCINOSA:  That sounds good to me.  Again, I know

4   what my answer would be today, but I would appreciate having at

5   least 24 hours to discuss it with the other defendants.

6          THE COURT:  Well, I can give you the same deadline of

7   May 7th for the fourth candidate.

8          MR. ENCINOSA:  Very well, Your Honor, I am fine with

9   that.

10          THE COURT:  Okay.  Then if plaintiffs cannot produce

11   that fourth candidate, then you can file whatever motion you

12   want to make the record on.  All right.

13          MR. ENCINOSA:  Thank you, Your Honor.

14          THE COURT:  All right.  Now, is there any other issues

15   on item three of my order to address before we go to item four?

16          Okay.  I don't hear anybody speak up.

17          So, Mr. Boies, you alluded that maybe you had some

18   suggestions on item four?

19          MR. D. BOIES:  Yes, Your Honor.  There are issues with

20   respect to discovery on the preliminary injunction hearing.

21   That hearing is going to be at least two months from now and I

22   think that it would -- it may very well be productive if the

23   parties have an additional week or so to see what they can work

24   out.

25          As we did with standing, it may be that we can work out

1    a substantial portion of it and then there will be certain

2    things for the Court to decide, but I think we can at least

3    narrow and maybe totally resolve the issues among ourselves if

4    we took another week.  I think that reflects the view of

5    defendants, but I ask them to let the Court now how they feel

6    about that.

7         MS. CAREY:  This is Jessica Carey from Paul Weiss on

8    behalf of the Glencore defendants as well as the defense group

9    really only for purposes of the additional meet and confers

10   with the plaintiff.

11        We expect that different defendants are going to have

12   different positions on the issue of discovery as to the

13   preliminary injunction hearing and that the certain defendants

14   may want to file a motion for protection or seek other relief

15   from the Court in connection with those requests to depose

16   30(b)(6) witnesses and individuals.

17        Right now we understand that plaintiff is seeking the

18   deposition of every single one of the defendants in the matter,

19   but we haven't had an opportunity to review plaintiff's latest

20   proposal which we expect would be coming perhaps today.

21        We just got with plaintiff providing that proposal on

22   Friday, and I think that all of defendants can take a look at

23   it and the defendants would figure out which among them are

24   able to reach an agreement and which are not.

25        THE COURT:  All right.  When did you -- what's the time

```
 1    frame that you think it will take you to do that meet and
 2    confer?
 3         MS. CAREY:  Given everything else that's going on, I
 4    suggest that two weeks would probably be appropriate given the
 5    number of individual parties that would meet and confer, I
 6    expect, with plaintiff but that would be my suggestion.
 7         MR. D. BOIES:  Your Honor, this is David Boies.  I
 8    think two weeks would be acceptable to us given the fact that
 9    the hearing itself is two months away.
10         THE COURT:  Well, remember that in this case we have
11    adopted the discovery methods of not filing motions.  There is
12    notices that are put forward for things that need to be
13    addressed.
14         Now that we don't have the hearing on standing on the
15    23rd, I could tentatively set a telephonic hearing again on
16    that if that works for you -- I don't know how busy you are --
17    to address that without the need for motions, but basically to
18    address and then at that point in time whoever has objections
19    to their representative being deposed or whatever discovery
20    ahead of the preliminary injunction hearing we can address that
21    if that works for everybody.  If you'd rather push it out some
22    more, I am amenable to that.
23         MR. D. BOIES:  That would be -- we would recommend
24    that, Your Honor, to set a telephonic hearing for two weeks
25    from now and if we have resolved everything, we can still
```

1    report to the Court and if not we can ask the Court for a

2    decision on issues where we have not reached agreement.

3          THE COURT:  All right.  Go ahead, ma'am.

4          MS. CAREY:  Sorry, this is Jessica Carey.  I think we

5    have misunderstood the Court.  I thought it was being suggested

6    that all these issues be heard on the 23rd of May.

7          THE COURT:  No, you can all try to resolve them and

8    then whatever you haven't resolved, that's sort of like the

9    standard MO in this non-motion discovery procedure.

10          You try to resolve them.  Whatever you haven't

11    resolved, whoever wants me to address it files a notice for

12    that hearing and lists whatever you need me to resolve without

13    any need for any motion practice.

14          MS. CAREY:  Understood, Your Honor.  I was just

15    confused about the dates.  I thought that if rather than in two

16    weeks that hearing would be on the 23rd.

17          THE COURT:  Well, that's kind of close to two weeks.

18    Right?  It's a little bit more than two weeks.  I am Duty

19    Magistrate Judge of the week of the 14th, so we couldn't do it

20    that week anyway.

21          All right.  So, May 23rd at 10:00 a.m. I will set a

22    discovery hearing only for the purpose of addressing that item

23    number four, and ahead of that hearing, whoever is interested

24    in having issues addressed at that hearing will file a brief

25    notice in accordance with my procedure, which has been made a

```
 1   part of this record and indicate just briefly what issue you
 2   want me to address.
 3          MS. CAREY:  Thank you, Your Honor.
 4          THE COURT:  Okay.  Going back to the fourth candidate
 5   that each side will reveal on May the 7th, do you need me to
 6   set aside a time for that or are you all going to be able to
 7   then work it out, produce, not produce?
 8          I am just looking logistically.  As I said, I am Duty
 9   Magistrate Judge the week of the 14th.  The depositions need to
10   be completed the 22nd, so if I am going to talk to you about
11   that issue, it needs to be shortly after the 7th.
12          MR. D. BOIES:  Your Honor, this is David Boies.  I
13   think it would be useful for the Court to set a time when we
14   could have a hearing if any party feels it's necessary --
15   perhaps no party will feel it's necessary, but if some party
16   does, I think it would be helpful for us to have a telephonic
17   hearing time scheduled that we can work around.
18          THE COURT:  All right.  I can give you either the 8th
19   at 4 o'clock or the 9th at 5 o'clock.  Those are the spots I
20   have available, those two dates.  And I don't have availability
21   the rest of that week.
22          MR. D. BOIES:  Either of those times will be acceptable
23   to the plaintiffs, Your Honor.
24          THE COURT:  All right.  Is the 8th at 4 o'clock good
25   for everybody?
```

```
1              MR. D. BOIES:  It is for us, Your Honor.

2              THE COURT:  All right.  So, 5/8 at 4 o'clock.  It would

3    be a follow-up hearing to address the issue of the fourth

4    deposition candidate from each side.

5              Okay.  Anything else I can do for you at this time?

6              MR. D. BOIES:  Not from us, Your Honor.

7              THE COURT:  Okay.  I will revise the scheduling order

8    in accordance with the dates that were announced on the record

9    and publish an amended scheduling order that reflects those

10   dates, starting with the May 2nd date.

11             April 27th has come and gone.  So, we will get that one

12   and then you will get rulings on the depositions that I am

13   requiring to go forward.  Then I will set the hearings, the one

14   on the 8th and the one on the 23rd.

15             All right.  Thank you very much, and we will talk

16   again.  The hearings will, of course, be telephonic again.  I

17   think we are doing good with these telephonic hearings.

18   Everybody is very courteous to each other, which I really

19   appreciate.  Thank you.

20             MR. D. BOIES:  Thank you, Your Honor.

21             MS. CAREY:  Thank you, Your Honor.

22             MR. ENCINOSA:  Thank you, Your Honor.

23             MR. GLASS:  Thank you, Your Honor.

24             COURTROOM DEPUTY:  Court is adjourned.

25             (Proceedings were concluded at 4:30 p.m.)
```

```
1                        C E R T I F I C A T E
2

3
            I hereby certify that the foregoing is an
4
   accurate transcription of the proceedings in the
5
   above-entitled matter.
6

7

8  May 2, 2018              /s/Patricia Diaz
   DATE                     PATRICIA DIAZ, FCRR, RPR, FPR
9                           Official Court Reporter
                            United States District Court
10                          400 North Miami Avenue, 11th Floor
                            Miami, Florida 33128
11                          (305) 523-5178
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**/**

**/s/Patricia** [1] - 48:8

**1**

**100** [1] - 3:14
**1000** [1] - 3:4
**10:00** [3] - 10:24, 10:25, 45:21
**11th** [6] - 3:8, 3:20, 8:1, 9:13, 10:15, 48:10
**12(b** [1] - 30:11
**13th** [3] - 11:16, 11:20, 11:24
**14th** [4] - 9:15, 10:11, 45:19, 46:9
**15th** [1] - 11:18
**18-20818-CV-Gayles** [1] - 4:4
**18th** [3] - 8:9, 10:11, 10:16

**2**

**2** [1] - 48:8
**200** [1] - 3:11
**20001** [1] - 3:8
**2017** [1] - 15:5
**2018** [3] - 15:8, 22:8, 48:8
**22nd** [5] - 8:23, 12:3, 31:10, 36:5, 46:10
**23rd** [5] - 44:15, 45:6, 45:16, 45:21, 47:14
**24** [1] - 42:5
**25th** [1] - 9:17
**26(c** [1] - 14:22
**26(f** [1] - 7:17
**26th** [1] - 9:17
**278** [1] - 6:16
**27th** [3] - 22:8, 36:10, 47:11
**28th** [7] - 8:24, 9:24, 10:1, 10:4, 10:7, 10:17, 10:23
**29th** [2] - 10:18, 10:24
**2nd** [2] - 7:13, 47:10

**3**

**30(b)(6** [18] - 12:17, 12:18, 12:24, 14:8, 15:13, 15:15, 15:17,

16:25, 19:15, 20:15, 23:9, 26:6, 27:2, 28:11, 34:5, 34:23, 38:17, 43:16
**305** [2] - 3:21, 48:11
**31412** [1] - 3:12
**33128** [2] - 3:20, 48:10
**33131** [1] - 3:15
**3rd** [2] - 7:17, 15:8

**4**

**4** [4] - 8:25, 46:19, 46:24, 47:2
**400** [2] - 3:19, 48:10
**4200** [1] - 3:14
**48** [1] - 32:2
**4:30** [1] - 47:25
**4th** [4] - 9:2, 9:3, 9:8, 11:15

**5**

**5** [2] - 9:11, 46:19
**5/8** [1] - 47:2
**5100** [1] - 3:4
**523-5178** [2] - 3:21, 48:11
**5th** [4] - 9:1, 9:4, 9:5, 9:6

**6**

**6th** [2] - 3:7, 11:14

**7**

**77002** [1] - 3:4
**777** [1] - 3:7
**7th** [6] - 7:18, 35:3, 41:25, 42:7, 46:5, 46:11

**8**

**8th** [7] - 7:20, 8:2, 8:11, 15:5, 46:18, 46:24, 47:14

**9**

**9848** [1] - 3:12
**9th** [1] - 46:19

**A**

**a.m** [3] - 10:24, 10:25, 45:21
**ability** [1] - 38:1
**able** [8] - 8:16, 11:10, 12:15, 12:22, 35:6, 37:20, 43:24, 46:6
**above-entitled** [1] - 48:5
**absolutely** [1] - 15:2
**acceptable** [3] - 10:13, 44:8, 46:22
**accepting** [1] - 30:11
**accomplish** [1] - 20:4
**accordance** [2] - 45:25, 47:8
**according** [2] - 24:10
**accurate** [2] - 19:15, 48:4
**acting** [1] - 22:1
**Adam** [1] - 4:9
**additional** [4] - 6:23, 25:25, 42:23, 43:9
**address** [8] - 14:17, 42:15, 44:17, 44:18, 44:20, 45:11, 46:2, 47:3
**addressed** [5] - 22:18, 31:21, 44:13, 45:24
**addressing** [1] - 45:22
**adjourned** [1] - 47:24
**adopt** [1] - 12:1
**adopted** [1] - 44:11
**afternoon** [7] - 4:19, 4:25, 5:9, 5:13, 5:23, 6:4, 6:10
**agree** [4] - 26:12, 29:5, 40:24, 41:2
**agreeable** [1] - 11:21
**agreed** [5] - 7:7, 11:8, 13:1, 18:19, 18:20, 19:12, 19:21, 19:25, 20:2, 22:14, 26:5, 30:2, 32:17
**agreement** [6] - 34:21, 36:13, 37:13, 41:23, 43:24, 45:2
**ahead** [6] - 12:11, 22:3, 31:24, 44:20, 45:3, 45:23
**Akin** [2] - 5:14, 17:19
**al** [1] - 4:3
**Alex** [2] - 5:9, 5:24
**ALEXANDER** [1] -

3:2
**Alexander** [1] - 4:8
**Alexis** [3] - 36:7, 36:18, 39:5
**Algamex** [4] - 12:23, 12:25, 13:4, 38:17
**allegations** [1] - 18:14
**allow** [5] - 30:5, 30:15, 32:11, 32:13, 32:14
**allows** [1] - 30:19
**alluded** [1] - 42:17
**almost** [2] - 27:20, 39:15
**alone** [1] - 27:22
**Alvarez** [1] - 4:24
**amenable** [1] - 44:22
**amended** [1] - 47:9
**America** [3] - 32:7, 32:9, 32:12
**Americas** [2] - 4:3, 4:11
**AND** [1] - 3:7
**announce** [1] - 33:12
**announced** [1] - 47:8
**annoyance** [1] - 14:22
**answer** [5] - 11:13, 18:16, 25:6, 41:3, 42:4
**answers** [3] - 27:4, 28:20, 30:24
**ANTONIO** [1] - 3:3
**Antonio** [1] - 5:8
**anyway** [1] - 45:20
**apologize** [2] - 9:6, 38:19
**appeal** [1] - 31:22
**appear** [1] - 12:23
**appearance** [4] - 5:20, 18:13, 21:9, 21:10
**applies** [1] - 40:13
**apply** [5] - 35:6, 40:7, 40:10, 40:11
**appointed** [4] - 36:20, 36:22, 36:23, 39:5
**appreciate** [2] - 42:4, 47:19
**appropriate** [3] - 16:18, 24:24, 44:4
**April** [3] - 22:8, 36:10, 47:11
**Arellano** [1] - 35:18, 36:7, 36:18, 36:24, 37:19, 38:5, 38:25, 39:5, 39:17, 39:18, 39:19, 39:22, 39:25,

40:4, 40:10, 40:19
**Arellano's** [1] - 37:12
**argue** [2] - 21:22, 40:13
**argued** [2] - 20:6, 20:8
**arguing** [3] - 21:18, 28:6
**argument** [8] - 20:15, 20:16, 21:2, 22:17, 26:10, 27:21, 41:22
**arguments** [7] - 18:25, 19:23, 20:22, 21:13, 31:13, 41:11, 41:13
**arrange** [2] - 12:16, 12:22
**arranged** [1] - 12:23
**aside** [2] - 23:20, 46:6
**Assembly** [1] - 19:8
**assert** [1] - 39:10
**assessment** [1] - 38:18
**assignee** [1] - 37:25
**assignments** [2] - 16:2, 19:11
**assignor** [1] - 38:2
**assume** [1] - 16:15
**assuming** [3] - 11:4, 32:24, 35:5
**attorney** [1] - 8:5
**Attorney** [1] - 12:19
**attorneys** [1] - 23:11
**August** [4] - 7:20, 8:2, 8:11, 15:5
**authenticity** [1] - 37:13
**authority** [1] - 19:9
**authorization** [2] - 7:25, 24:11
**authorized** [1] - 24:13
**availability** [6] - 6:22, 10:17, 35:17, 36:10, 38:9, 46:20
**available** [7] - 7:4, 10:2, 12:15, 12:16, 12:25, 35:24, 36:1, 46:20
**Avenue** [2] - 3:19, 48:10
**avoid** [2] - 8:22, 21:23
**avoided** [2] - 20:11, 21:22
**aware** [5] - 14:25, 15:7, 16:9, 24:4, 27:12

## B

**BAC** [1] - 6:9
**backwards** [1] - 30:6
**Bank** [1] - 6:9
**Baquero** [15] - 14:7,
17:17, 17:19, 18:5,
20:23, 23:15, 23:25,
24:9, 24:20, 25:16,
26:14, 29:4, 29:8,
29:23, 31:5
**based** [4] - 29:23,
32:17, 36:3, 39:11
**basic** [1] - 19:12
**basis** [12] - 15:10,
16:13, 17:21, 22:21,
23:5, 25:15, 25:22,
26:3, 26:16, 27:19,
27:23, 29:15
**became** [1] - 15:7
**begin** [3] - 24:1,
39:3, 39:4
**beginning** [1] - 21:19
**begun** [1] - 18:13
**behalf** [3] - 33:17,
40:23, 43:8
**belief** [1] - 24:10
**believes** [1] - 27:6
**benefit** [1] - 13:21
**Bermuda** [1] - 5:8
**BERMUDA** [1] - 3:2
**best** [4] - 29:22,
33:6, 33:25, 34:1
**better** [1] - 32:23
**between** [2] - 23:24,
24:15
**beyond** [3] - 19:5,
19:10, 19:14
**biggest** [1] - 16:16
**Birenboim** [1] - 5:1
**bit** [3] - 16:3, 17:1,
45:18
**board** [1] - 40:11
**BOIES** [38] - 4:7, 7:6,
7:10, 7:13, 9:3, 9:6,
9:8, 9:11, 10:4, 10:13,
10:20, 11:21, 12:6,
12:10, 12:12, 13:8,
13:10, 13:12, 13:18,
13:23, 14:5, 19:1,
23:23, 25:20, 26:11,
31:1, 32:2, 33:14,
34:6, 35:5, 42:19,
44:7, 44:23, 46:12,
46:22, 47:1, 47:6,
47:20
**Boies** [39] - 4:8, 7:2,
9:22, 11:15, 12:9,
14:4, 15:3, 15:21,

18:18, 18:24, 22:18,
23:14, 26:5, 26:17,
27:2, 27:15, 27:25,
28:6, 29:5, 29:10,
29:22, 29:25, 30:23,
32:15, 32:16, 32:23,
33:12, 34:16, 35:23,
36:4, 36:21, 38:14,
41:4, 41:16, 41:24,
42:17, 44:7, 46:12
**Boies'** [1] - 29:14
**Boies's** [1] - 28:14
**Bolivar** [2] - 37:17,
40:11
**Box** [1] - 3:12
**Brad** [1] - 4:8
**breathing** [1] - 11:17
**brief** [1] - 45:24
**briefing** [1] - 41:14
**briefly** [4] - 17:23,
35:14, 35:19, 46:1
**briefs** [5] - 9:14,
9:16, 10:10, 10:15,
10:16
**bring** [2] - 31:18,
36:2
**bringing** [1] - 37:24
**Brown** [1] - 4:16
**Bruce** [1] - 5:1
**BURCK** [2] - 3:6, 5:5
**Burck** [1] - 5:5
**burden** [1] - 14:23
**burdensome** [1] -
16:22
**Burkoff** [2] - 4:20,
11:6
**BURKOFF** [4] - 3:10,
4:19, 11:6, 11:20
**business** [1] - 16:17
**busy** [1] - 44:16
**buys** [1] - 17:11
**BY** [1] - 3:17

## C

**calendar** [1] - 9:18
**camp** [1] - 23:2
**Campos** [1] - 6:13
**candidate** [8] - 35:7,
41:2, 41:25, 42:1,
42:7, 42:11, 46:4,
47:4
**cannot** [13] - 21:5,
21:23, 27:2, 33:9,
35:1, 36:25, 37:3,
39:22, 40:4, 41:4,
41:6, 42:10
**careful** [1] - 32:10
**carefully** [1] - 15:12

**CAREY** [8] - 4:25,
10:8, 43:7, 44:3, 45:4,
45:14, 46:3, 47:21
**Carey** [3] - 4:25,
43:7, 45:4
**CARLTON** [1] - 3:13
**Carpinello** [1] - 4:8
**case** [14] - 4:3, 8:4,
8:8, 8:13, 8:14, 18:13,
18:16, 24:9, 29:19,
37:24, 38:2, 44:10
**categories** [1] - 27:3
**caveats** [1] - 30:9
**certain** [3] - 42:2,
43:1, 43:13
**certainly** [2] - 10:13,
24:9
**certify** [1] - 48:3
**challenge** [1] - 21:10
**changed** [1] - 39:14
**changing** [1] - 22:15
**check** [1] - 9:18
**chime** [1] - 38:20
**chips** [1] - 41:20
**choice** [2] - 24:21,
32:23
**chosen** [2] - 16:15,
34:16
**claim** [1] - 19:16
**clear** [1] - 33:18
**clearly** [2] - 13:7,
19:19
**client** [2] - 34:18,
34:21
**clients** [2] - 18:12,
30:10
**Cliff** [1] - 4:20
**CLIFTON** [1] - 3:13
**close** [2] - 8:19,
45:17
**closely** [1] - 15:22
**colloquial** [1] - 39:23
**COLONIAL** [2] -
3:10, 3:11
**Colonial** [2] - 4:17,
4:18
**combine** [1] - 6:2
**coming** [4] - 33:14,
34:19, 35:9, 43:20
**commit** [2] - 10:19,
40:18
**committed** [1] - 42:2
**communications** [3]
- 19:7, 19:8, 24:6
**companies** [1] - 17:4
**company** [4] - 17:10,
27:7, 27:10, 33:24
**compared** [1] - 24:21
**compel** [5] - 37:24,
38:1, 38:12, 39:2,

39:16
**complaint** [4] - 8:11,
11:12, 15:8, 18:13
**complete** [4] - 8:20,
15:18, 15:20, 16:22
**completed** [1] -
46:10
**completely** [2] -
16:5, 29:7
**complied** [1] - 20:14
**concerning** [2] -
24:10, 36:17
**concluded** [1] -
47:25
**conditions** [1] - 30:9
**conducting** [1] -
22:6
**confer** [8] - 28:20,
36:9, 36:11, 38:8,
38:9, 39:11, 44:2,
44:5
**conference** [5] -
7:17, 19:3, 20:6, 37:2,
39:11
**conferring** [1] - 11:7
**confers** [1] - 43:9
**confidence** [1] -
24:19
**confident** [1] - 25:5
**confused** [1] - 45:15
**connection** [1] -
43:15
**consult** [1] - 7:3
**contains** [1] - 18:13
**contemplates** [1] -
19:20
**continue** [1] - 13:2
**CONTINUED** [1] -
3:1
**convinced** [1] -
17:21
**convinces** [1] -
30:22
**copying** [1] - 34:10
**corporate** [8] -
23:17, 23:18, 24:23,
32:18, 32:19, 32:20,
32:21, 35:24
**corporation** [1] -
17:13
**correct** [3] - 5:17,
10:6, 36:3
**counsel** [13] - 4:13,
11:16, 14:9, 14:12,
17:16, 19:14, 20:15,
26:14, 26:15, 26:22,
26:23, 33:4, 39:9
**countries** [2] - 32:11,
32:14
**country** [1] - 30:18

**course** [9] - 7:8,
16:17, 23:10, 31:23,
33:8, 33:20, 34:14,
34:17, 47:16
**court** [5] - 13:21,
23:12, 26:20, 31:14,
47:24
**Court** [38] - 3:18,
3:19, 4:1, 10:1, 14:13,
14:15, 18:8, 19:2,
19:3, 20:5, 20:24,
21:14, 21:17, 22:15,
23:11, 24:3, 24:19,
25:4, 27:12, 29:13,
29:15, 29:18, 31:6,
35:14, 37:22, 37:23,
38:12, 39:9, 43:2,
43:5, 43:15, 45:1,
45:5, 46:13, 48:9,
48:9
**COURT** [84] - 4:5,
4:10, 4:14, 4:17, 4:22,
5:3, 5:7, 5:11, 5:15,
5:18, 5:21, 6:1, 6:6,
6:12, 7:9, 7:12, 9:2,
9:4, 9:7, 9:10, 9:18,
9:21, 9:25, 10:7,
10:15, 10:23, 11:18,
11:25, 12:8, 12:9,
12:11, 13:5, 13:9,
13:11, 13:14, 13:17,
13:19, 13:25, 14:4,
14:17, 14:20, 17:1,
17:7, 17:16, 18:24,
21:24, 25:15, 26:5,
26:13, 29:1, 29:21,
31:3, 31:8, 31:17,
32:4, 32:9, 33:7,
33:16, 33:20, 34:4,
34:16, 35:3, 35:11,
35:20, 38:14, 38:23,
39:6, 39:18, 40:3,
40:15, 41:1, 42:6,
42:10, 42:14, 43:25,
44:10, 45:3, 45:7,
45:17, 46:4, 46:18,
46:24, 47:2, 47:7
**Court's** [4] - 7:8,
9:16, 31:16, 38:1
**courteous** [1] -
47:18
**COURTROOM** [2] -
4:2, 47:24
**covered** [1] - 35:11
**created** [1] - 19:11
**creation** [2] - 16:1,
19:22
**creature** [1] - 18:4
**cutoff** [1] - 36:5

## D

**Daniel** [1] - 5:21
**DATE** [1] - 48:8
**date** [16] - 7:21, 7:23, 10:1, 10:2, 10:9, 10:24, 11:11, 11:14, 11:15, 11:19, 12:2, 12:3, 22:16, 42:2, 47:10
**dated** [2] - 7:20, 8:2
**dates** [12] - 7:7, 8:19, 9:19, 11:3, 11:9, 11:10, 36:4, 45:15, 46:20, 47:8, 47:10
**Dave** [2] - 4:19, 11:6
**David** [4] - 4:7, 12:10, 44:7, 46:12
**DAVID** [1] - 3:10
**Davis** [1] - 4:11
**DC** [1] - 3:8
**de** [1] - 4:23
**deadline** [4] - 6:16, 11:12, 11:14, 42:6
**deal** [2] - 22:4, 31:12
**decide** [2] - 29:14, 43:2
**decision** [1] - 45:2
**decisions** [1] - 37:7
**DEFENDANT** [1] - 3:6
**defendant** [10] - 4:11, 5:7, 6:13, 14:10, 22:9, 22:24, 23:2, 24:25, 32:20
**defendant's** [1] - 7:15
**defendants** [43] - 5:11, 8:25, 9:8, 9:24, 11:8, 11:12, 12:14, 12:24, 14:6, 14:9, 14:10, 14:14, 14:16, 15:19, 15:20, 18:2, 18:15, 21:5, 22:7, 22:17, 23:16, 24:3, 24:8, 24:15, 24:21, 24:23, 25:2, 25:7, 25:21, 29:4, 29:17, 34:11, 35:15, 40:23, 41:23, 42:5, 43:5, 43:8, 43:11, 43:13, 43:18, 43:22, 43:23
**DEFENDANTS** [2] - 3:2, 3:10
**defendants'** [6] - 14:1, 15:15, 15:16, 17:16, 22:7, 23:1
**defense** [5] - 9:12, 9:23, 11:16, 15:22,
43:8
**defenses** [1] - 30:11
**define** [1] - 41:21
**defined** [1] - 25:13
**demand** [1] - 19:13
**depo** [1] - 23:9
**deponent** [3] - 14:7, 20:13, 20:14
**deponents** [4] - 12:21, 13:3, 15:21, 40:9
**depose** [10] - 6:22, 8:23, 9:9, 9:11, 22:21, 24:24, 28:10, 28:22, 31:10, 43:15
**deposed** [2] - 12:4, 14:11, 30:15, 44:19
**deposing** [3] - 12:3, 17:21, 24:18
**deposition** [42] - 8:25, 12:17, 12:18, 12:23, 12:24, 14:6, 14:8, 15:13, 15:15, 15:17, 16:3, 18:21, 19:4, 19:13, 19:16, 19:24, 20:5, 20:7, 23:18, 25:6, 25:8, 27:11, 28:7, 28:11, 32:18, 32:21, 33:1, 33:6, 33:13, 33:19, 34:3, 34:10, 35:25, 36:1, 36:5, 37:12, 37:21, 41:2, 43:18, 47:4
**depositions** [23] - 12:2, 12:13, 14:1, 14:2, 14:5, 14:16, 18:20, 19:21, 20:1, 22:7, 22:10, 22:11, 28:8, 28:9, 30:1, 32:6, 32:11, 32:13, 34:7, 35:15, 38:12, 46:9, 47:12
**DEPUTY** [2] - 4:2, 47:24
**described** [2] - 39:8, 39:9
**designated** [1] - 40:22
**despite** [1] - 38:8
**determine** [1] - 8:18
**development** [1] - 18:15
**Diaz** [1] - 48:8
**DIAZ** [2] - 3:18, 48:8
**dichotomy** [1] - 27:15
**differ** [1] - 38:18
**different** [4] - 32:10, 37:1, 43:11, 43:12
**difficult** [1] - 34:2
**difficulty** [1] - 33:23
**directly** [1] - 22:18
**disagree** [1] - 24:3
**discovered** [1] - 21:16
**discovery** [21] - 6:23, 7:1, 21:3, 21:7, 21:8, 21:14, 21:23, 23:6, 24:16, 25:10, 27:16, 31:22, 34:24, 38:1, 40:8, 42:20, 43:12, 44:11, 44:19, 45:9, 45:22
**discuss** [3] - 6:15, 6:19, 42:5
**discussed** [2] - 11:11, 11:13
**discussions** [1] - 14:8
**dispositive** [1] - 23:20
**distinction** [1] - 23:24
**distinguish** [1] - 24:15
**District** [2] - 3:19, 48:9
**Docket** [1] - 6:16
**document** [8] - 8:17, 15:16, 19:13, 19:16, 22:14, 27:18, 37:17, 41:5
**documents** [18] - 6:17, 7:3, 7:14, 7:16, 7:19, 7:20, 7:22, 8:2, 8:7, 8:10, 8:11, 8:15, 8:16, 8:21, 19:4, 26:1, 39:19
**Don** [1] - 6:5
**done** [5] - 20:18, 22:4, 22:16, 25:13, 41:19
**down** [1] - 28:10
**dragged** [1] - 6:25
**drawing** [2] - 32:22, 33:13
**due** [1] - 10:10
**DUNN** [1] - 3:11
**Duty** [2] - 45:18, 46:8
**duty** [1] - 23:12

## E

**e-mail** [1] - 9:23
**Eduardo** [1] - 5:12
**educate** [1] - 28:12
**Edward** [1] - 5:5
**either** [8] - 12:22,

17:21, 19:9, 24:12, 29:13, 37:19, 46:18, 46:22
**Elias** [1] - 6:13
**EMANUEL** [1] - 3:7
**employee** [1] - 40:12
**employees** [2] - 17:10, 27:8
**ENCINOSA** [18] - 5:23, 9:20, 9:22, 10:1, 10:6, 13:15, 35:13, 36:3, 38:19, 39:3, 39:8, 39:24, 40:6, 40:20, 42:3, 42:8, 42:13, 47:22
**Encinosa** [5] - 5:24, 9:20, 13:15, 35:13, 36:2
**ENERGY** [1] - 3:2
**Energy** [2] - 4:23, 5:8
**engaging** [1] - 16:16
**entities** [1] - 23:18
**entitled** [4] - 14:13, 20:13, 28:8, 48:5
**entity** [2] - 16:4, 32:21
**entry** [1] - 22:8
**Entry** [1] - 6:16
**equally** [1] - 40:7
**equities** [1] - 29:16
**Espinosa** [1] - 5:10
**ESPINOSA** [1] - 3:3
**ESQ** [8] - 3:2, 3:2, 3:3, 3:6, 3:6, 3:10, 3:10, 3:13
**essentially** [2] - 24:5, 40:21
**established** [1] - 7:22
**et** [1] - 4:3
**Etan** [1] - 6:4
**etcetera** [1] - 16:2
**Ethan** [5] - 5:4, 14:18, 26:24, 33:17, 34:8
**ETHAN** [1] - 3:6
**ethical** [1] - 23:12
**everywhere** [1] - 17:11
**exactly** [4] - 11:19, 20:18, 24:23, 42:1
**examine** [1] - 29:11
**example** [4] - 25:22, 34:18, 34:19, 37:14
**exchange** [2] - 9:14, 9:15
**exchanged** [1] - 8:24
**excuse** [2] - 9:13, 12:10
**executed** [1] - 40:2

**exercising** [1] - 32:16
**existed** [1] - 15:8
**existence** [1] - 24:13
**exists** [3] - 29:6, 29:12, 29:18
**exited** [1] - 16:8
**EXLEY** [1] - 3:11
**expect** [5] - 11:10, 33:25, 43:11, 43:20, 44:6
**expectation** [1] - 7:22
**expert** [1] - 8:24
**experts** [5] - 8:3, 8:12, 9:1, 9:9, 9:12
**experts'** [1] - 12:2
**explain** [4] - 20:7, 27:2, 28:15, 28:18
**explained** [1] - 15:24
**explanation** [1] - 16:14
**exposes** [1] - 26:25
**express** [1] - 23:5
**expressed** [2] - 22:5
**extend** [1] - 11:24
**extent** [1] - 40:24
**extremely** [1] - 18:14

## F

**face** [1] - 27:18
**facetious** [1] - 34:19
**fact** [10] - 8:24, 12:3, 22:10, 22:11, 22:19, 27:4, 28:24, 31:10, 36:5, 44:8
**fails** [1] - 13:3
**fair** [1] - 11:24
**faith** [12] - 14:25, 15:10, 16:13, 17:21, 22:20, 23:5, 25:15, 25:22, 26:3, 26:16, 27:19, 27:23
**fall** [1] - 41:20
**false** [1] - 27:16
**fashion** [1] - 23:13
**FCRR** [2] - 3:18, 48:8
**Fernanda** [1] - 5:25
**fewer** [1] - 8:6
**FIELDS** [1] - 3:13
**figure** [1] - 43:23
**file** [9] - 17:23, 18:22, 35:7, 37:23, 41:4, 41:5, 42:11, 43:14, 45:24
**filed** [1] - 37:6
**files** [1] - 45:11
**filing** [2] - 8:10,

44:11
**finally** [1] - 18:18
**fine** [1] - 42:8
**finish** [1] - 14:4
**firm** [4] - 18:4, 36:20, 36:21
**first** [9] - 7:2, 12:16, 13:1, 14:7, 15:7, 19:2, 20:24, 22:9, 26:22
**flag** [1] - 34:1
**Floor** [3] - 3:8, 3:20, 48:10
**Florida** [4] - 3:15, 3:20, 6:9, 48:10
**follow** [1] - 47:3
**follow-up** [1] - 47:3
**following** [1] - 12:7
**foot** [3] - 26:10, 26:12, 27:17
**FOR** [3] - 3:2, 3:6, 3:10
**foregoing** [1] - 48:3
**formally** [1] - 37:23
**formation** [1] - 24:11
**formed** [2] - 18:3, 19:11
**former** [1] - 36:12
**forth** [1] - 31:13
**forward** [5] - 22:3, 30:7, 38:12, 44:12, 47:13
**four** [12] - 6:25, 12:13, 14:14, 18:19, 22:10, 22:11, 29:25, 38:15, 41:19, 42:15, 42:18, 45:23
**fourth** [10] - 33:12, 35:4, 38:16, 41:2, 41:25, 42:1, 42:7, 42:11, 46:4, 47:3
**FPR** [2] - 3:18, 48:8
**frame** [1] - 44:1
**Francisco** [2] - 5:11, 17:19
**frankly** [1] - 17:24
**free** [1] - 30:12
**Friday** [5] - 6:20, 8:1, 28:21, 36:10, 43:22
**fulfilling** [1] - 34:24
**fundamental** [1] - 40:1
**fundamentally** [1] - 29:6

## G

**Gabaldon** [1] - 4:23
**Gayles** [2] - 11:3, 31:23

**general** [1] - 8:5
**General** [4] - 12:19, 13:5, 26:7
**generally** [2] - 17:13, 40:23
**George** [1] - 4:8
**Georgia** [1] - 3:12
**given** [11] - 11:14, 11:22, 11:23, 12:13, 20:16, 20:18, 37:5, 44:3, 44:4, 44:8
**GLASS** [14] - 3:6, 5:4, 14:3, 14:18, 14:21, 17:3, 17:8, 26:24, 33:5, 33:17, 33:21, 34:8, 35:2, 47:23
**Glass** [6] - 5:4, 14:18, 17:20, 26:24, 33:17, 34:8
**Glencore** [3] - 4:22, 4:23, 43:8
**GODFREY** [1] - 3:3
**Goldberg** [1] - 6:11
**Gonzalez** [1] - 5:24
**good-faith** [11] - 15:10, 16:13, 17:21, 22:20, 23:5, 25:15, 25:22, 26:3, 26:16, 27:19, 27:23
**grantors** [1] - 25:24
**grave** [1] - 18:14
**group** [3] - 8:6, 11:8, 43:8
**GROUP** [1] - 3:10
**Group** [1] - 4:18
**GRUHN** [1] - 3:13
**Gruhn** [1] - 4:20
**guess** [2] - 6:2, 7:2
**guidance** [1] - 38:13
**Gump** [2] - 5:14, 17:19
**Gunster** [1] - 4:16
**Gustavo** [1] - 4:23
**Guttman** [1] - 4:16
**guy** [1] - 39:6

## H

**hand** [1] - 23:25
**handed** [1] - 21:25
**happy** [1] - 11:25
**harassed** [1] - 30:6
**harder** [1] - 24:14
**Hayden** [2] - 6:5
**headquarters** [1] - 33:4
**hear** [6] - 7:2, 17:16, 26:14, 26:22, 30:22,

42:16
**heard** [4] - 16:2, 35:14, 35:19, 45:6
**hearing** [25] - 6:14, 7:1, 9:17, 10:5, 10:9, 11:8, 40:22, 41:14, 42:20, 42:21, 43:13, 44:9, 44:14, 44:15, 44:20, 44:24, 45:12, 45:16, 45:22, 45:23, 45:24, 46:14, 46:17, 47:3
**hearings** [4] - 24:4, 47:13, 47:16, 47:17
**Heather** [1] - 4:20
**HEATHER** [1] - 3:10
**helpful** [2] - 23:19, 46:16
**Helsinge** [2] - 5:21, 5:22
**hereby** [1] - 48:3
**highlight** [1] - 37:11
**hints** [1] - 37:16
**hold** [2] - 14:4
**holiday** [1] - 11:15
**Holland** [1] - 5:24
**Honor** [91] - 4:7, 4:12, 4:15, 4:19, 4:25, 5:9, 5:13, 5:17, 5:19, 5:23, 6:4, 6:10, 7:6, 7:23, 9:20, 11:6, 11:21, 12:6, 12:10, 13:15, 14:3, 14:18, 14:21, 15:3, 15:9, 15:12, 15:14, 15:18, 15:24, 16:2, 16:3, 16:20, 17:3, 17:12, 17:23, 18:11, 18:18, 18:22, 19:1, 20:17, 23:23, 25:20, 26:11, 26:12, 26:24, 26:25, 27:15, 27:24, 28:5, 28:14, 28:25, 29:3, 31:4, 31:16, 32:8, 33:5, 33:15, 33:17, 33:21, 34:8, 35:2, 35:5, 35:13, 35:19, 36:3, 36:14, 36:19, 38:11, 38:19, 38:20, 39:3, 39:4, 39:8, 39:24, 40:6, 40:20, 42:8, 42:13, 42:19, 44:7, 44:24, 45:14, 46:3, 46:12, 46:23, 47:1, 47:6, 47:20, 47:21, 47:22, 47:23
**Honor's** [5] - 27:5, 33:22, 35:17, 36:9, 38:13
**hopefully** [1] - 6:19

**hour** [1] - 33:19
**hours** [6] - 30:22, 30:23, 31:1, 32:2, 33:2, 42:5
**Houston** [3] - 3:4, 17:13, 33:4
**Hubbard** [1] - 6:11
**Hughes** [1] - 6:11
**hundred** [1] - 41:22
**HUNTER** [1] - 3:11

## I

**idea** [3] - 18:19, 28:19, 29:9
**identical** [1] - 34:13
**identified** [4] - 8:15, 14:6, 15:21, 25:3
**identify** [4] - 15:9, 22:13, 27:6, 28:12
**important** [1] - 37:20
**impose** [1] - 20:10
**impossible** [1] - 39:15
**INC** [2] - 3:3, 3:10
**Inc** [2] - 5:8, 5:21
**include** [2] - 7:10, 8:12
**including** [1] - 37:12
**inclusive** [1] - 8:14
**indicate** [1] - 46:1
**indicated** [1] - 14:13
**individual** [8] - 18:12, 23:16, 24:21, 27:1, 36:14, 37:3, 38:4, 44:5
**individually** [1] - 8:17
**individuals** [23] - 17:22, 18:2, 18:7, 18:20, 22:21, 23:10, 26:17, 26:23, 29:2, 29:11, 29:22, 30:3, 30:6, 30:15, 32:15, 35:15, 37:16, 38:3, 38:6, 38:16, 38:25, 40:7, 43:16
**INDUSTRIES** [1] - 3:11
**Industries** [1] - 4:18
**inflammatory** [1] - 18:14
**information** [36] - 15:5, 15:6, 15:11, 15:19, 15:23, 15:25, 16:1, 16:9, 17:14, 20:12, 23:8, 23:10, 24:16, 25:1, 25:12, 25:18, 25:23, 25:25,

26:19, 27:4, 27:6, 27:7, 27:9, 27:13, 27:20, 27:21, 28:2, 28:16, 28:18, 28:24, 32:25, 34:12, 34:17, 34:18, 34:21, 34:25
**initial** [1] - 10:15
**injunction** [5] - 7:1, 11:4, 42:20, 43:13, 44:20
**inquire** [1] - 37:22
**inquired** [1] - 38:5
**insisting** [1] - 40:4
**instead** [1] - 11:18
**intend** [2] - 6:21, 15:25
**intent** [1] - 29:25
**interested** [1] - 45:23
**intimated** [1] - 27:25
**involved** [1] - 19:22
**involvement** [1] - 15:2
**irrelevant** [1] - 19:17
**Israel** [4] - 5:23, 9:20, 13:15, 35:13
**issue** [28] - 6:24, 6:25, 8:18, 14:14, 18:1, 19:6, 20:25, 21:1, 21:4, 21:25, 22:2, 22:3, 22:10, 22:12, 22:22, 24:2, 24:5, 26:9, 26:25, 27:10, 29:6, 36:2, 40:6, 40:7, 43:12, 46:1, 46:11, 47:3
**issued** [1] - 6:14
**issues** [24] - 7:24, 11:1, 12:4, 12:7, 15:6, 21:19, 23:20, 24:1, 24:5, 24:8, 36:6, 37:4, 37:8, 37:11, 38:11, 38:21, 39:25, 40:1, 42:14, 42:19, 43:3, 45:2, 45:6, 45:24
**item** [7] - 6:21, 6:23, 6:25, 42:15, 42:18, 45:22
**items** [3] - 6:15, 6:16, 35:11
**itself** [1] - 44:9

## J

**jail** [2] - 38:25, 39:13
**jailed** [1] - 36:15, 39:6
**Jeff** [1] - 6:11
**Jessica** [4] - 4:25, 10:8, 43:7, 45:4

**Jillie** [1] - 5:18
**John** [1] - 6:3
**joining** [1] - 5:5
**Jorge** [1] - 4:16
**Judge** [4] - 11:3, 31:22, 45:19, 46:9
**Julian** [1] - 3:11
**July** [8] - 11:4, 11:5, 11:9, 11:14, 11:15, 11:16, 11:20, 11:24
**June** [27] - 8:25, 9:2, 9:3, 9:5, 9:6, 9:8, 9:11, 9:13, 9:15, 9:17, 9:24, 10:1, 10:4, 10:7, 10:11, 10:15, 10:16, 10:17, 10:18, 10:23, 10:24, 11:4, 11:18, 11:24
**jurisdiction** [7] - 18:10, 21:19, 21:20, 23:21, 30:10, 31:21, 32:12

### K

**KAPLAN** [2] - 3:2, 5:9
**Kaplan** [1] - 5:10
**keep** [1] - 35:9
**keeps** [1] - 6:25
**Kelso** [1] - 5:10
**KELSO** [1] - 3:2
**kind** [5] - 26:10, 26:11, 31:19, 39:21, 45:17
**kinds** [1] - 30:9
**Knight** [1] - 5:24
**knowing** [1] - 37:9
**knowledge** [1] - 14:24

### L

**language** [2] - 37:5, 37:6
**large** [2] - 17:10, 33:24
**largely** [1] - 18:3
**larger** [1] - 37:8
**last** [10] - 4:6, 6:14, 8:23, 14:12, 19:2, 20:5, 31:10, 39:4, 39:9, 40:22
**latest** [1] - 43:19
**Latin** [3] - 32:7, 32:9, 32:12
**law** [8] - 8:6, 18:4, 24:5, 29:6, 36:20, 36:21, 37:24

**laws** [1] - 32:14
**lawyer** [1] - 25:9
**lawyers** [3] - 8:3, 8:12, 29:8
**lay** [1] - 29:24
**least** [5] - 21:11, 25:19, 42:5, 42:21, 43:2
**leave** [4] - 17:23, 18:22, 31:6, 33:11
**Lee** [1] - 6:7
**left** [1] - 30:13
**legal** [1] - 29:24
**legitimacy** [1] - 25:17
**Lennon** [2] - 4:14, 4:15
**LENNON** [1] - 4:15
**Leonardo** [1] - 17:19
**less** [2] - 8:7, 15:4
**Liendo** [1] - 5:25
**likely** [3] - 7:24, 8:7, 15:4
**likewise** [3] - 17:20, 18:21, 18:22
**limit** [6] - 28:9, 30:4, 30:21, 33:2, 33:19
**limited** [2] - 18:12, 24:17
**line** [1] - 31:9
**lines** [1] - 35:8
**list** [3] - 12:14, 26:7, 41:8
**listed** [1] - 25:2
**listen** [1] - 16:12
**lists** [1] - 45:12
**litigation** [7] - 17:15, 18:7, 21:7, 21:8, 21:11, 21:13, 21:21
**Litigation** [1] - 4:2
**live** [1] - 29:9
**LLC** [7] - 3:6, 4:3, 5:5, 14:19, 15:14, 16:20, 17:12
**LLP** [1] - 3:3
**locate** [3] - 12:22, 36:17, 37:16
**located** [3] - 36:25, 37:3, 39:14
**log** [9] - 6:18, 7:11, 7:19, 8:2, 8:9, 8:16, 8:20, 15:4
**logistically** [1] - 46:8
**logistics** [2] - 30:17, 32:4
**logs** [1] - 8:14
**look** [2] - 9:19, 43:22
**looked** [2] - 15:12, 22:8
**looking** [2] - 28:19,

46:8
**looks** [1] - 11:2
**lore** [1] - 36:13
**Louisiana** [1] - 3:4
**LTD** [2] - 4:22, 5:22
**lucky** [2] - 32:22, 33:13
**Luis** [1] - 4:24
**Lukoil** [4] - 4:3, 4:11, 4:12, 4:13
**LUNDY** [1] - 3:10
**Lundy** [1] - 4:20
**Lutz** [1] - 5:21

### M

**M-U-N-R-O-Z** [2] - 13:8, 13:10
**ma'am** [1] - 45:3
**Maarraoui** [1] - 5:8
**MAARRAOUI** [1] - 3:3
**MACDOUGALL** [5] - 17:18, 29:3, 31:4, 31:15, 32:7
**MacDougall** [5] - 5:14, 5:16, 17:18, 29:3, 31:4
**MACLEAN** [1] - 3:11
**Magistrate** [2] - 45:19, 46:9
**mail** [1] - 9:23
**manage** [1] - 37:7
**Manuel** [4] - 36:7, 38:7, 41:8, 41:9
**March** [1] - 15:8
**Maria** [1] - 5:25
**Mark** [8] - 4:12, 5:14, 5:15, 6:4, 6:5, 17:18, 29:3, 31:4
**MARK** [1] - 6:4
**Martinez** [10] - 35:18, 36:7, 36:11, 36:17, 36:24, 38:5, 38:25, 39:6, 39:12, 40:13
**materials** [1] - 10:12
**matter** [3] - 23:20, 43:18, 48:5
**matters** [1] - 6:24
**Maximiliano** [1] - 6:6
**Mayer** [1] - 4:15
**McLish** [3] - 5:12, 5:14, 5:15
**MCLISH** [3] - 5:13, 5:17, 5:19
**mean** [2] - 22:13, 25:24
**meant** [2] - 9:4, 9:6
**meet** [9] - 28:20,

36:9, 36:11, 38:8, 38:9, 39:11, 43:9, 44:1, 44:5
**meeting** [1] - 11:7
**mention** [1] - 40:21
**mentioned** [1] - 15:4
**merely** [1] - 16:23
**methods** [1] - 44:11
**Miami** [5] - 3:15, 3:19, 3:20, 48:10, 48:10
**Michael** [2] - 4:15, 5:10
**MICHAEL** [1] - 3:2
**Migdal** [1] - 6:5
**might** [4] - 10:8, 15:10, 22:25, 39:15
**MIKAYLA** [1] - 3:3
**Mikayla** [1] - 5:10
**minister** [1] - 36:12
**Ministry** [1] - 36:12
**missing** [1] - 37:3
**misunderstood** [1] - 45:5
**Mitchell** [2] - 5:14, 5:16
**MO** [1] - 45:9
**Monday** [3] - 33:14, 33:16, 35:3
**months** [2] - 42:21, 44:9
**Morillo** [16] - 5:11, 14:7, 17:17, 17:19, 18:5, 20:22, 23:15, 23:25, 24:9, 24:20, 25:16, 26:14, 29:4, 29:8, 29:23, 31:5
**morning** [1] - 5:4
**most** [5] - 7:24, 21:22, 24:23, 25:5, 40:1
**motion** [2] - 17:24, 18:23, 31:11, 35:7, 37:24, 42:11, 43:14, 45:9, 45:13
**motions** [2] - 44:11, 44:17
**move** [4] - 11:13, 18:22, 31:6, 38:21
**moving** [3] - 14:21, 35:10, 40:3
**MR** [85] - 4:7, 4:12, 4:15, 4:19, 5:4, 5:9, 5:13, 5:17, 5:19, 5:23, 6:4, 6:10, 7:6, 7:10, 7:13, 7:19, 8:6, 9:8, 9:11, 9:20, 9:22, 10:1, 10:4, 10:6, 10:13, 10:20, 11:6, 11:20, 11:21, 12:6, 12:10,

12:12, 13:8, 13:10, 13:12, 13:15, 13:18, 13:23, 14:3, 14:5, 14:18, 14:21, 17:3, 17:8, 17:18, 19:1, 23:23, 25:20, 26:11, 26:24, 29:3, 31:1, 31:4, 31:15, 32:2, 32:7, 33:5, 33:14, 33:17, 33:21, 34:6, 34:8, 35:2, 35:5, 35:13, 36:3, 38:19, 39:3, 39:8, 39:24, 40:6, 40:20, 42:3, 42:8, 42:13, 42:19, 44:7, 44:23, 46:12, 46:22, 47:1, 47:6, 47:20, 47:22, 47:23
**MS** [8] - 4:25, 10:8, 43:7, 44:3, 45:4, 45:14, 46:3, 47:21
**Mullins** [1] - 5:6
**MUN** [1] - 13:9
**MUNR** [1] - 13:11
**Munroz** [1] - 13:14
**Muñoz** [8] - 12:20, 13:16, 13:17, 13:19, 35:17, 35:20, 35:22, 35:25

### N

**name** [4] - 13:6, 13:20, 13:25, 38:18
**Nancy** [1] - 13:12
**narrow** [1] - 43:3
**National** [1] - 19:8
**nature** [1] - 25:17
**necessary** [4] - 9:17, 18:22, 46:14, 46:15
**need** [17] - 6:15, 10:17, 22:2, 26:9, 30:23, 33:3, 37:12, 41:1, 41:7, 41:16, 41:21, 44:12, 44:17, 45:12, 45:13, 46:5, 46:9
**needs** [1] - 46:11
**negotiate** [1] - 26:8
**Nelson** [4] - 36:7, 36:11, 39:11, 40:13
**new** [3] - 12:2, 12:3, 31:19
**next** [4] - 4:10, 6:2, 12:21, 13:2, 22:8, 39:17, 40:4, 41:8, 41:17
**Nick** [1] - 6:10
**non** [5] - 6:17, 14:24,

15:11, 34:9, 45:9
 **non-motion** [1] -
45:9
 **non-privileged** [3] -
6:17, 14:24, 15:11
 **non-specific** [1] -
34:9
 **North** [2] - 3:19,
48:10
 **notarized** [1] - 37:14
 **note** [1] - 15:3
 **notes** [1] - 13:21
 **nothing** [4] - 27:25,
28:1, 29:12, 34:14
 **notice** [10] - 15:13,
15:17, 16:25, 17:12,
23:9, 27:1, 27:2,
45:11, 45:25
 **noticed** [1] - 5:20
 **notices** [3] - 15:15,
19:14, 44:12
 **nowhere** [4] - 28:21,
36:25, 38:6, 39:1
 **number** [4] - 4:3,
41:19, 44:5, 45:23
 **numerous** [1] - 16:8
 **NW** [1] - 3:7

## O

 **o'clock** [4] - 46:19,
46:24, 47:2
 **oath** [1] - 20:14
 **object** [2] - 16:20,
18:21
 **objection** [1] - 32:3
 **objections** [4] -
14:15, 22:6, 31:20,
44:18
 **objects** [1] - 16:20
 **obligation** [1] - 21:23
 **obligations** [2] -
34:24, 37:25
 **obtained** [2] - 6:18,
30:5
 **obviously** [7] -
11:22, 29:24, 32:21,
33:9, 34:21, 35:1,
37:4
 **occasion** [1] - 16:9
 **officer** [1] - 26:20
 **officers** [1] - 23:12
 **Official** [1] - 48:9
 **official** [1] - 3:18
 **Ohio** [1] - 13:13
 **OIL** [1] - 3:11
 **Oil** [1] - 4:17
 **oil** [8] - 16:6, 17:4,
17:6, 17:7, 17:8,

17:11
 **one** [31] - 8:4, 10:21,
11:11, 13:2, 15:22,
16:16, 18:20, 19:14,
20:3, 23:25, 24:17,
24:24, 25:12, 27:16,
30:21, 33:2, 35:12,
36:18, 36:21, 39:2,
39:17, 40:14, 40:16,
40:17, 41:7, 41:15,
41:18, 43:18, 47:11,
47:13, 47:14
 **one-way** [1] - 20:3
 **ones** [7] - 22:23,
28:11, 32:24, 32:25,
35:8, 37:6, 37:15
 **opening** [1] - 9:14
 **operate** [1] - 24:12
 **operating** [1] - 22:13
 **operation** [1] - 24:11
 **opportunity** [3] -
12:13, 19:20, 43:19
 **opposed** [1] - 24:15,
23:17, 23:22, 25:24
 **opposing** [1] - 39:9
 **opposite** [1] - 27:24
 **oral** [1] - 17:2
 **order** [23] - 6:14,
6:16, 12:12, 12:14,
14:22, 16:21, 17:24,
18:23, 19:19, 19:22,
22:1, 30:2, 31:6,
31:12, 35:8, 35:17,
35:21, 36:9, 37:19,
39:10, 42:15, 47:7,
47:9
 **Order** [1] - 4:1
 **ordered** [1] - 39:16
 **ore** [1] - 31:11
 **organization** [1] -
7:25
 **originally** [2] - 37:18,
40:12
 **otherwise** [1] - 11:13
 **ought** [1] - 26:4
 **ourselves** [2] -
21:15, 43:3
 **outside** [2] - 8:3, 8:5
 **overcome** [1] - 29:15
 **overflow** [1] - 10:24
 **overinclusive** [1] -
8:21
 **oversimplifying** [1] -
17:5
 **own** [4] - 39:20, 40:5,
40:9, 41:6

## P

 **P.C** [1] - 3:11
 **p.m** [1] - 47:25
 **P.O** [1] - 3:12
 **Paez** [1] - 6:13
 **page** [2] - 35:16,
35:21
 **Pan** [2] - 4:3, 4:11
 **part** [2] - 37:22, 46:1
 **participate** [1] -
21:11
 **particular** [2] -
22:23, 23:6
 **particularity** [5] -
16:24, 20:17, 20:19,
20:21, 34:12
 **particularly** [2] -
22:8, 28:11
 **parties** [15] - 7:7,
9:13, 9:15, 10:3,
11:23, 18:7, 20:23,
21:6, 21:8, 21:12,
22:13, 22:14, 35:6,
42:23, 44:5
 **party** [3] - 46:14,
46:15
 **PATRICIA** [2] - 3:18,
48:8
 **PAUL** [1] - 3:11
 **Paul** [4] - 4:18, 5:1,
10:8, 43:7
 **PDVSA** [19] - 4:2,
6:18, 7:3, 7:18, 8:5,
8:8, 12:18, 16:17,
17:14, 26:6, 27:17,
28:4, 36:22, 38:2,
38:8, 39:2, 39:5,
40:12
 **Pedrosa** [4] - 35:17,
35:21, 35:22, 36:1
 **people** [14] - 8:3, 8:5,
12:24, 15:21, 22:12,
23:6, 23:22, 27:8,
27:18, 28:10, 29:24,
32:6, 39:2, 40:9
 **per** [1] - 36:9
 **percent** [1] - 41:23
 **perfect** [1] - 31:7
 **perfectly** [1] - 30:4
 **perhaps** [4] - 21:9,
36:17, 43:20, 46:15
 **permission** [1] -
31:16
 **person** [7] - 40:4,
41:3, 41:4, 41:12,
41:18
 **personal** [8] - 18:10,
21:19, 21:20, 23:21,

30:10, 31:21, 40:20
 **persuasive** [1] -
41:13
 **pertains** [1] - 27:9
 **Petroleum** [1] -
36:12
 **pick** [2] - 40:16, 41:7
 **picked** [2] - 23:22,
30:3
 **picking** [2] - 23:15,
23:17
 **place** [4] - 32:13,
33:3, 33:6, 33:9
 **plaintiff** [17] - 4:6,
4:7, 15:11, 15:13,
15:24, 21:7, 21:14,
22:11, 24:3, 36:16,
37:9, 37:19, 41:6,
43:10, 43:17, 43:21,
44:6
 **plaintiff's** [10] - 6:17,
6:24, 9:1, 9:9, 18:4,
18:6, 23:3, 40:8,
43:19
 **plaintiffs** [16] - 9:11,
10:4, 10:14, 11:9,
14:2, 14:6, 15:9,
15:14, 16:8, 16:12,
23:16, 24:4, 38:1,
39:21, 42:10, 46:23
 **plan** [2] - 20:7,
31:22, 33:12
 **planning** [1] - 35:4
 **pleadings** [1] - 13:20
 **Podhurst** [1] - 5:2
 **point** [8] - 16:13,
20:6, 22:4, 24:16,
37:18, 38:20, 40:3,
44:18
 **pointed** [1] - 29:16
 **pops** [1] - 13:25
 **portion** [1] - 43:1
 **position** [11] - 17:17,
18:15, 19:3, 19:25,
20:25, 34:22, 36:15,
38:24, 40:19, 40:21,
40:25
 **positions** [1] - 43:12
 **possession** [1] -
7:15
 **possibility** [1] - 8:22
 **possible** [1] - 10:22
 **possibly** [2] - 23:2,
39:22
 **Poveda** [1] - 6:6
 **practice** [1] - 45:13
 **practicing** [1] - 23:11
 **precede** [6] - 7:23,
8:10, 21:1, 21:20,
21:21

 **preliminary** [5] - 7:1,
11:4, 42:20, 43:13,
44:20
 **preparation** [1] - 7:1
 **prepare** [3] - 10:12,
33:23, 34:2
 **preparing** [1] - 8:4
 **present** [2] - 11:19,
18:16
 **preserve** [2] - 30:12
 **president** [2] - 38:7,
40:11
 **presumably** [1] -
30:24
 **presumed** [1] - 22:14
 **presuming** [1] -
32:13
 **prevent** [1] - 21:15
 **priority** [1] - 13:3
 **privilege** [7] - 6:18,
7:11, 7:19, 8:1, 8:9,
8:14, 15:4
 **privileged** [4] - 6:17,
14:24, 15:11, 27:13
 **privity** [1] - 16:6
 **problem** [1] - 34:10
 **procedure** [2] - 45:9,
45:25
 **proceed** [4] - 23:12,
37:9, 38:13, 41:7
 **proceeding** [1] -
21:25
 **Proceedings** [1] -
47:25
 **proceedings** [1] -
48:4
 **process** [1] - 30:11
 **Procurador** [3] -
12:19, 13:5, 26:7
 **produce** [16] - 13:1,
13:3, 16:23, 17:6,
38:3, 39:22, 40:5,
40:8, 40:17, 41:4,
41:6, 41:9, 41:16,
42:10, 46:7
 **produced** [2] -
39:16, 41:10
 **producing** [1] - 13:2
 **production** [4] -
6:17, 7:11, 7:14, 7:18
 **productive** [1] -
42:22
 **professional** [1] -
18:11
 **promptly** [1] - 11:9
 **pronouncements** [1]
- 29:25
 **proper** [2] - 16:2,
16:24
 **properly** [1] - 40:2

**proposal** [2] - 43:20, 43:21
**propose** [1] - 9:16
**proposed** [3] - 11:9, 11:10, 11:16
**proposition** [1] - 24:1
**protect** [1] - 14:22
**protection** [1] - 43:14
**protective** [7] - 14:21, 16:21, 17:24, 18:23, 31:6, 31:12, 35:8
**provide** [10] - 7:19, 8:1, 8:9, 11:10, 16:14, 34:24, 34:25, 37:20, 40:9
**provided** [3] - 22:20, 30:2, 36:4
**provides** [1] - 29:15
**providing** [1] - 43:21
**publish** [1] - 47:9
**purchase** [1] - 17:8
**purchases** [1] - 17:4
**purported** [1] - 36:22
**purpose** [3] - 21:1, 25:10, 45:22
**purposes** [3] - 21:13, 40:22, 43:9
**pursuant** [1] - 22:1
**pursuing** [1] - 23:5
**push** [1] - 44:21
**pushed** [1] - 11:22
**put** [4] - 18:14, 32:3, 39:21, 44:12

**Q**

**questioned** [1] - 19:9
**questions** [6] - 18:17, 19:10, 19:12, 30:6, 30:25
**Quevedo** [3] - 35:18, 36:8, 37:1, 38:7, 38:10, 39:1, 40:10, 41:8, 41:9
**QUINN** [1] - 3:7
**quite** [1] - 16:3

**R**

**raise** [2] - 36:6, 38:21
**raised** [1] - 14:16
**raises** [1] - 37:4
**rank** [1] - 39:10
**ranked** [1] - 39:4

**rather** [4] - 10:11, 12:25, 44:21, 45:15
**reach** [1] - 43:24
**reached** [3] - 37:2, 38:10, 45:2
**read** [1] - 23:3
**ready** [1] - 40:18
**real** [3] - 16:17, 26:25, 28:20
**really** [8] - 24:23, 28:5, 28:14, 28:21, 37:12, 40:16, 43:9, 47:18
**reason** [8] - 7:21, 15:1, 18:1, 23:14, 23:17, 28:10, 28:17, 37:22
**reasonable** [5] - 16:24, 20:17, 20:19, 20:20, 34:12
**reasons** [1] - 37:12
**received** [2] - 17:12, 28:21
**recommend** [1] - 44:23
**record** [5] - 31:7, 41:5, 42:12, 46:1, 47:8
**Reed** [1] - 6:11
**references** [1] - 29:10
**referral** [1] - 22:1
**referring** [1] - 35:16
**reflects** [2] - 43:4, 47:9
**refused** [1] - 15:12
**regarding** [7] - 22:6, 25:16, 25:18, 26:18, 26:19, 32:25, 37:24
**relate** [3] - 7:24, 8:8, 15:5
**related** [5] - 6:24, 7:16, 15:22, 25:1, 34:11
**relating** [2] - 19:7, 27:13
**relationship** [3] - 16:7, 17:15, 28:4
**relative** [1] - 7:24
**relevance** [3] - 19:5, 22:19, 29:18
**relevant** [13] - 15:23, 16:10, 19:5, 19:13, 19:19, 20:8, 24:2, 24:7, 24:8, 25:3, 25:14, 25:23, 28:24
**relief** [1] - 43:14
**remaining** [1] - 8:10
**remember** [1] - 44:10
**removed** [2] - 16:5,

36:15
**rep** [1] - 23:17
**replaced** [1] - 37:18
**reply** [1] - 10:10
**report** [1] - 45:1
**REPORTED** [1] - 3:17
**REPORTER** [1] - 12:8
**reporter** [2] - 13:22, 31:14
**Reporter** [2] - 3:18, 48:9
**reports** [3] - 8:24, 12:2, 40:14
**represent** [2] - 5:25, 28:4
**representation** [3] - 25:21, 26:20, 29:14
**representative** [6] - 26:6, 28:12, 32:18, 32:19, 39:1, 44:19
**representatives** [4] - 22:7, 22:22, 22:24, 35:24
**requested** [3] - 12:17, 12:21, 13:3
**requests** [3] - 15:16, 19:16, 43:15
**require** [2] - 28:12, 33:1
**required** [1] - 38:8
**requirement** [2] - 20:10, 40:8
**requiring** [1] - 47:13
**resell** [1] - 17:8
**resells** [1] - 17:4
**reservation** [2] - 23:21, 30:16
**reserve** [1] - 10:22
**reserving** [1] - 10:18
**resolve** [4] - 43:3, 45:7, 45:10, 45:12
**resolved** [5] - 6:20, 35:25, 44:25, 45:8, 45:11
**resolves** [1] - 11:1
**respect** [20] - 14:5, 20:4, 20:16, 20:22, 21:4, 21:11, 24:5, 24:14, 24:22, 24:25, 25:12, 29:16, 36:6, 36:11, 36:18, 37:25, 38:4, 38:7, 40:8, 42:20
**respectfully** [2] - 20:20, 21:5
**respond** [6] - 11:12, 11:13, 18:24, 31:25, 32:2, 34:23

**response** [2] - 26:21, 32:1
**responsibility** [1] - 18:11
**responsive** [8] - 7:15, 8:18, 9:15, 10:10, 10:16, 23:9, 27:3, 34:25
**rest** [1] - 46:21
**restate** [1] - 17:20
**reveal** [1] - 46:5
**review** [4] - 7:8, 8:17, 8:19, 43:19
**revise** [1] - 47:7
**revised** [2] - 11:15, 12:1
**revisit** [2] - 22:2, 26:9
**Reynaldo** [4] - 12:19, 13:8, 13:19, 35:20
**Richards** [1] - 5:18
**rights** [2] - 23:21, 30:16
**Rivero** [1] - 6:13
**Robert** [1] - 13:13
**Rodriguez** [1] - 5:25
**room** [1] - 11:17
**Rosado** [1] - 4:18
**ROSADO** [1] - 3:11
**Rosenthal** [1] - 5:1
**RPR** [2] - 3:18, 48:8
**Rule** [8] - 14:22, 15:12, 15:15, 15:16, 16:25, 20:15, 27:2, 28:11
**ruling** [5] - 23:20, 31:17, 31:20, 33:1, 33:23
**rulings** [5] - 31:21, 31:22, 32:5, 35:6, 47:12
**RYAN** [1] - 4:12
**Ryan** [2] - 4:12, 6:3

**S**

**safe** [1] - 10:21
**Saint** [1] - 3:11
**Savannah** [1] - 3:12
**schedule** [6] - 9:16, 11:7, 11:22, 12:1, 32:17, 32:19
**scheduled** [2] - 32:1, 46:17
**scheduling** [7] - 6:23, 11:1, 12:12, 19:19, 19:21, 47:7, 47:9
**Schiller** [1] - 36:21

**scope** [1] - 34:3
**SE** [1] - 3:14
**second** [4] - 10:22, 16:24, 20:24, 37:1
**Second** [1] - 3:14
**see** [10] - 4:14, 5:15, 7:3, 9:19, 10:17, 26:7, 31:8, 37:23, 38:24, 42:23
**seek** [3] - 15:25, 23:7, 43:14
**seeking** [4] - 19:4, 19:5, 22:21, 43:17
**seeks** [2] - 16:21, 17:13
**seem** [2] - 32:23, 38:18
**selected** [1] - 35:7
**selecting** [2] - 24:20, 28:10
**sells** [1] - 17:11
**send** [1] - 9:23
**sense** [6] - 8:15, 15:18, 15:20, 16:4, 23:7, 34:13
**sensible** [1] - 24:20
**Sergio** [1] - 4:23
**series** [1] - 7:7
**serve** [1] - 34:13
**served** [9] - 15:13, 16:4, 17:25, 18:8, 20:23, 20:24, 21:18, 30:11, 34:11
**serves** [1] - 37:11
**service** [2] - 20:25, 21:20
**set** [8] - 27:16, 31:13, 44:15, 44:24, 45:21, 46:6, 46:13, 47:13
**sets** [1] - 6:15
**setting** [1] - 23:20
**settled** [1] - 38:15
**several** [1] - 12:21
**shall** [2] - 22:9, 22:11
**Shaw** [1] - 4:9
**shoe** [3] - 26:10, 26:11, 27:17
**shortly** [2] - 11:10, 46:11
**show** [2] - 37:6, 41:5
**shown** [1] - 18:9
**sic** [1] - 17:2
**side** [5] - 10:21, 12:12, 18:19, 46:5, 47:4
**sides** [2] - 6:21, 21:3
**sign** [1] - 37:17
**signators** [1] - 40:14
**signatory** [1] - 13:23
**signatures** [1] -

37:14
**signed** [5] - 15:6, 27:18, 34:20, 36:12, 39:19
**significant** [3] - 33:23, 37:4, 38:11
**silly** [1] - 27:20
**Silverglate** [1] - 6:7
**simply** [7] - 8:8, 8:20, 19:10, 19:15, 19:17, 20:15, 25:13
**sincerely** [1] - 23:8
**single** [1] - 43:18
**sitting** [1] - 28:10
**situated** [1] - 18:5
**sliding** [1] - 11:2
**smartest** [1] - 33:10
**Smith** [1] - 4:9
**smoothly** [1] - 14:23
**so-called** [1] - 8:6
**somewhere** [1] - 13:20
**sorry** [5] - 5:15, 9:2, 12:9, 23:16, 45:4
**sort** [4] - 22:4, 22:25, 26:9, 45:8
**sounds** [4] - 29:21, 30:4, 31:12, 42:3
**Spain** [1] - 32:6
**speaking** [1] - 12:8
**special** [2] - 21:9, 21:10
**specific** [1] - 34:9
**specifically** [1] - 35:16
**specificity** [1] - 22:19
**speculate** [1] - 18:2
**spells** [1] - 32:19
**split** [1] - 6:1
**spot** [1] - 39:21
**spots** [1] - 46:19
**St** [1] - 3:4
**Stacy** [2] - 5:14, 5:16
**stamped** [1] - 37:15
**standard** [1] - 45:9
**standing** [35] - 6:24, 7:16, 7:24, 8:18, 9:17, 10:5, 10:10, 14:25, 15:6, 16:19, 18:1, 19:6, 21:1, 21:4, 21:10, 21:12, 21:14, 21:19, 21:21, 21:25, 22:3, 22:10, 22:12, 22:22, 23:2, 24:2, 25:23, 29:6, 29:12, 29:18, 29:19, 41:14, 42:25, 44:14
**starting** [2] - 10:24, 47:10

**state** [1] - 14:23
**statement** [1] - 16:11
**statements** [9] - 22:5, 24:10, 25:16, 26:13, 26:18, 27:11, 29:10, 29:24
**states** [1] - 33:8
**States** [3] - 3:19, 29:9, 48:9
**station** [1] - 30:13
**status** [1] - 39:12
**STENOGRAPHICALLY** [1] - 3:17
**Stephen** [1] - 5:1
**Steven** [1] - 4:8
**still** [3] - 12:5, 28:22, 44:25
**straight** [1] - 41:3
**street** [1] - 20:2, 20:3, 26:4
**Street** [3] - 3:7, 3:11, 3:14
**subject** [5] - 7:8, 9:16, 18:9, 21:3, 30:16
**subjected** [1] - 18:21
**submission** [6] - 6:18, 31:6, 31:15, 31:17, 31:24, 32:1
**submit** [1] - 21:5
**submitting** [1] - 30:10
**subsequent** [1] - 8:11
**substantial** [1] - 43:1
**successfully** [2] - 20:8, 21:22
**sufficient** [2] - 29:15, 31:2
**suggest** [3] - 10:9, 20:20, 44:4
**suggested** [1] - 45:5
**suggestion** [1] - 44:6
**suggestions** [1] - 42:18
**suggests** [1] - 28:1
**Suite** [2] - 3:4, 3:14
**SULLIVAN** [1] - 3:7
**supplemental** [3] - 6:17, 7:10, 7:14
**supported** [1] - 19:9
**supposed** [1] - 37:17
**supposedly** [1] - 38:25
**SUSMAN** [1] - 3:3
**SWERDLOFF** [1] - 6:10
**Swerdloff** [1] - 6:11

**T**

**technically** [1] - 32:19
**technology** [1] - 8:16
**telephone** [1] - 37:2
**telephonic** [5] - 44:15, 44:24, 46:16, 47:16, 47:17
**telephonically** [2] - 30:18, 33:11
**tentatively** [1] - 44:15
**tenus** [1] - 31:11
**terms** [1] - 24:17
**testify** [1] - 33:24
**Texas** [1] - 3:4
**THE** [87] - 3:2, 3:6, 3:10, 4:5, 4:10, 4:14, 4:17, 4:22, 5:3, 5:7, 5:11, 5:15, 5:18, 5:21, 6:1, 6:6, 6:12, 7:9, 7:12, 9:2, 9:4, 9:7, 9:10, 9:18, 9:21, 9:25, 10:7, 10:15, 10:23, 11:18, 11:25, 12:8, 12:9, 12:11, 13:5, 13:9, 13:11, 13:14, 13:17, 13:19, 13:25, 14:4, 14:17, 14:20, 17:1, 17:7, 17:16, 18:24, 21:24, 25:15, 26:5, 26:13, 29:1, 29:21, 31:3, 31:8, 31:17, 32:4, 32:9, 33:7, 33:16, 33:20, 34:6, 34:16, 35:3, 35:11, 35:20, 38:14, 38:23, 39:6, 39:18, 40:3, 40:15, 41:1, 42:6, 42:10, 42:14, 43:25, 44:10, 45:3, 45:7, 45:17, 46:4, 46:16, 46:24, 47:2, 47:7
**themselves** [3] - 20:11, 25:24, 26:2
**therefore** [1] - 39:20
**thinks** [3] - 26:18, 27:3, 32:25
**third** [1] - 36:22
**thousands** [2] - 17:10, 27:8
**three** [12] - 6:23, 12:16, 13:2, 14:7, 14:16, 35:12, 35:16, 35:21, 36:18, 36:20, 38:15, 42:15
**threshold** [1] - 37:4

**thrown** [1] - 31:19
**today** [8] - 5:5, 6:15, 7:18, 11:14, 15:3, 28:20, 42:4, 43:20
**together** [1] - 41:1
**Tom** [2] - 5:13, 5:15
**took** [5] - 15:14, 19:3, 19:15, 20:25, 43:4
**topic** [2] - 34:25, 35:17
**topics** [17] - 16:4, 16:18, 25:1, 25:2, 25:5, 25:12, 25:13, 25:19, 26:19, 32:25, 34:4, 34:5, 34:6, 34:7, 34:9, 34:10, 34:13
**totally** [1] - 43:3
**trader** [4] - 16:6, 17:2, 17:6, 17:7
**TRADING** [1] - 3:6
**Trading** [5] - 5:3, 14:19, 15:14, 17:12, 28:6
**TRAFIGURA** [1] - 3:6
**Trafigura** [61] - 5:3, 5:4, 14:8, 14:18, 14:22, 14:24, 15:1, 15:7, 15:10, 15:13, 15:17, 16:5, 16:6, 16:7, 16:10, 16:15, 16:16, 16:20, 16:22, 17:2, 17:3, 17:5, 17:6, 17:10, 17:12, 17:14, 23:17, 23:25, 24:14, 24:15, 24:17, 24:22, 24:25, 25:11, 25:18, 26:15, 26:19, 26:22, 27:1, 27:3, 27:6, 27:13, 27:24, 27:25, 28:1, 28:6, 28:15, 28:23, 28:24, 32:16, 32:22, 33:2, 33:4, 33:18, 33:19, 34:9, 34:14
**train** [1] - 30:13
**transcribing** [1] - 31:14
**transcription** [1] - 48:4
**treat** [1] - 34:23
**tried** [2] - 38:19, 41:12
**trouble** [3] - 28:5, 28:15, 40:5
**Trust** [47] - 4:2, 7:21, 12:17, 13:23, 14:25, 15:6, 15:11, 15:19, 15:20, 15:22, 16:1, 16:5, 16:7, 16:8,

16:10, 16:18, 17:14, 18:3, 19:11, 19:22, 24:11, 25:17, 25:24, 25:25, 26:1, 26:6, 26:18, 27:14, 27:17, 27:18, 27:20, 28:2, 28:4, 28:16, 28:18, 34:11, 34:12, 34:14, 34:15, 36:19, 37:5, 37:7, 37:25, 39:5, 40:1
**trust** [10] - 7:25, 15:1, 15:7, 27:22, 34:20, 36:13, 37:13, 37:17, 39:19, 40:14
**Trust's** [1] - 7:15
**trustee** [9] - 26:7, 27:22, 34:20, 36:23, 37:9, 37:10, 39:19, 40:5, 40:13
**trustees** [9] - 8:5, 25:23, 25:24, 27:17, 27:21, 36:19, 36:20, 37:6, 41:6
**truth** [1] - 29:10
**try** [4] - 8:21, 41:13, 45:7, 45:10
**trying** [2] - 20:3, 20:9, 33:23
**turn** [1] - 20:3
**turned** [1] - 15:16
**two** [23] - 6:2, 6:21, 20:2, 26:4, 29:16, 30:3, 30:6, 30:22, 30:23, 31:1, 33:2, 33:19, 35:12, 36:20, 42:21, 44:4, 44:8, 44:9, 44:24, 45:15, 45:17, 45:18, 46:20
**two-hour** [1] - 33:19
**two-way** [2] - 20:2, 26:4
**type** [1] - 15:25

**U**

**U.S** [1] - 4:2
**UK** [1] - 4:23
**ultimately** [2] - 18:9, 29:19
**unable** [1] - 36:16
**unavailable** [1] - 18:6
**uncertainty** [1] - 24:22
**under** [4] - 12:12, 14:22, 16:24, 20:14
**understood** [7] - 36:14, 38:14, 38:20,

39:10, 39:12, 39:15, 45:14
**undoing** [1] - 22:16
**undue** [1] - 14:23
**unfruitful** [1] - 34:1
**united** [1] - 3:19
**United** [3] - 13:12, 29:9, 48:9
**unless** [3] - 30:22, 31:18, 32:13
**unrelated** [1] - 29:7
**unsealed** [1] - 15:8
**unsuccessfully** [1] - 20:10
**unwilling** [1] - 16:14
**up** [18] - 6:1, 11:7, 13:25, 14:4, 27:16, 29:22, 31:18, 33:11, 34:19, 35:4, 36:2, 36:4, 39:7, 40:25, 41:24, 41:25, 42:16, 47:3
**update** [1] - 7:5
**URQUHART** [1] - 3:7
**useful** [1] - 46:13

## V

**Vega** [1] - 4:23
**Venezuela** [2] - 12:19, 28:3
**versus** [1] - 4:2
**via** [1] - 33:10
**video** [1] - 33:10
**view** [4] - 14:15, 20:6, 22:4, 43:4
**vigorously** [2] - 20:6, 21:22
**Vitol** [2] - 5:7, 5:8
**VITOL** [2] - 3:2, 3:3
**voluntary** [1] - 32:11

## W

**wait** [1] - 9:2
**wants** [5] - 14:17, 27:10, 27:16, 35:7, 45:11
**Washington** [1] - 3:8
**waste** [1] - 16:22
**ways** [1] - 21:12
**wearing** [1] - 34:20
**Wednesday** [1] - 7:13
**week** [7] - 7:18, 42:23, 43:4, 45:19, 45:20, 46:9, 46:21
**weekend** [1] - 10:11

**weeks** [6] - 44:4, 44:8, 44:24, 45:16, 45:17, 45:18
**Weiss** [3] - 5:1, 10:8, 43:7
**welcome** [1] - 31:23
**whatsoever** [1] - 36:17
**whole** [1] - 34:9
**WILLIAM** [1] - 3:6
**William** [1] - 5:5
**willing** [6] - 16:12, 26:8, 30:4, 30:21, 41:9, 41:17
**win** [2] - 21:2
**winner** [2] - 32:22, 33:13
**witness** [6] - 16:23, 22:10, 22:11, 33:24, 34:2, 36:10
**witnesses** [9] - 6:21, 8:24, 12:3, 12:14, 12:16, 18:6, 31:10, 40:9, 43:16
**words** [2] - 23:3, 39:20
**works** [4] - 10:2, 10:7, 44:16, 44:21
**world** [3] - 17:9, 17:11, 27:8
**worry** [1] - 33:8
**writing** [1] - 27:12

## Z

**zero** [1] - 41:16
**zoo** [1] - 13:13