**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

PDVSA US LITIGATION TRUST

        Plaintiff,

  v.

LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.

        Defendants

Case No. 1:18-CV-20818 (DPG)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO CAMPO ELIAS PAEZ'S MOTION TO QUASH SERVICE OF PROCESS AND IN SUPPORT OF PLAINTIFF'S CROSS MOTION TO AUTHORIZE ALTERNATIVE SERVICE**

Plaintiff files this Memorandum of Law in Opposition to the Motion by Defendant Campo Elias Paez to Quash Service of Process and in Support of Plaintiff's Cross Motion for Authorization for Alternative Service.

## STATEMENT OF FACTS

This case involves a world-wide conspiracy centered in Miami, Florida involving price fixing, the rigging of bids, and the elimination of competition in the purchase and sale of crude oil and hydrocarbon products by PDVSA.  Plaintiff commenced this case on March 3, 2018 and filed its Amended Complaint on March 5, 2018 in this Court.  As soon as the case was unsealed, Plaintiff immediately began efforts to notify all Defendants of the lawsuit and to locate and serve all Defendants.[1]

An email with the Summons and Amended Complaint was sent to Defendant Campo Elias Paez ("Defendant Paez") on March 8, 2018 and he was served on March 13, 2018 at 4:52 p.m. at his place of business through Jorge Enrique Paez[2], the operations manager for Seaport Agencies.[3]  Jorge Paez told the process server that he had authorization to accept service on behalf of Defendant Paez.[4]  Jorge Paez subsequently changed his story, and with the filing of Defendant's motion now claims that he had no authorization to accept service.[5]

After the motion was filed, Plantiff again attempted service on Defendant Paez starting April 23, 2018 at the Seaport Agencies at 1110 Brickell Ave, Suite 805, Miami, FL 33131.[6]  The

---

[1]   See May 4, 2018 Declaration of George F. Carpinello ("Carpinello Decl."), at ¶6.
[2]   Though Jorge Paez does not indicate whether or not he is related to Defendant Paez, a public record search names Jorge Paez as a relative of Defendant Paez.
[3]   Carpinello Decl., at ¶5.
[4]   Carpinello Decl., at ¶6; See also Dkt. No. 316 (Affidavit of Service on Campo Elias Paez).
[5]   Carpinello Decl., at ¶7.
[6]   Carpinello Decl., at ¶8; May 4, 2018 Declaration of Sylvio Morales ("Morales Decl."), at ¶¶ 4-5.

1

process server was told that Defendant Paez was not able to come to the front desk for service. The process server then learned that Defendant Paez often came outside with co-workers for a smoke break in the late afternoon and the process server waited outside for more than an hour for Defendant Paez, who did not appear with his co-workers. [7]

After further inquiries, the process server learned Defendant Paez was no longer in the office and the receptionist was not sure when he would return. On April 24, 2018, the process server went back to Seaport Agencies and, again, was unable to serve Defendant Paez. On April 26, 2018, the process server was told by the receptionist that Defendant Paez was last in the office on April 20, 2018 and she did not know when he would be back. The receptionist obtained Defendant Paez's cell phone number from Jorge Paez, but Defendant Paez did not answer and there was no voicemail to leave a message.[8]

On April 30, 2018, the process server was able to locate a home address for Defendant Paez through public records and attempted to serve him at 355 Isla Dorada Blvd, Coral Gables, FL 33143. An older female answered the door at 8 p.m. and stated that she was the babysitter and that Defendant Paez was out of the country and that Defendant Paez's wife was not at home. The babysitter indicated that the best time to find Mrs. Paez at home was after 3 p.m. The process server noted that on April 30, 2018 there was a 2017 LandRover in the driveway with Florida license tag number GYFS59. The process server returned to the house between 3 p.m. and 5 p.m. on May 1, 2018 and May 2, 2018, but was unable to find anyone there and there were no cars in the driveway. [9]

---

[7] Morales Decl., at ¶¶ 5-6.
[8] *Id*.
[9] *Id*., at ¶¶ 7-9.

On May 4, 2018, the process server returned to Defendant Paez's home address at 7 a.m. and waited outside. The babysitter came out with the children around 8:35 a.m. and stated that Defendant Paez and his wife are away. She also reiterated that she does not live at the residence. A private van came shortly afterward and picked up the children. The process server waited until 10 minutes after 9 a.m., but no one else came out of the house.[10]

On May 2, 2018, a packet that included the Summons and Amended Complaint was sent by FedEx overnight service to the home address of Defendant Paez, along with the required Waiver of Service forms under Rule 4 of the Federal Rules of Civil Procedure.[11]

### ARGUMENT

The motion to quash should be denied because Defendant Paez has evaded service in this action, he has actual notice of the lawsuit, he has received the Summons and Amended Complaint through multiple channels and he has had an attorney appear on his behalf.

It is well-established that once a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed. *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999), citing *Nichols v. Surgitool, Inc*., 419 F.Supp. 58 (W.D.N.Y. 1976); See also *Concepcion v. VEB Backereimaschenbau Halle*, 120 F.R.D. 482 (D.N.J.1988) ("While there must be substantial compliance with the rules of service of process they are to be liberally construed where a defendant has sufficient notice of a complaint."). "Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction where a party is evading service of process." *Banco Latino*, 53 F. Supp. 2d at 1281, citing *Avianca, Inc. v. Corriea*, 705 F.Supp. 666 (D.D.C.1989). In addition, the courts will not require a plaintiff

---

[10]   *Id*., at ¶ 10.
[11]   Carpinello Decl., at ¶12.

3

to expend limitless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service. *Nappi v. Welcom Products, Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014); *Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 4922855, at *2 (M.D. Fla. Oct. 31, 2017).

Plaintiff has made no less than 9 attempts through a process server to personally serve Defendant Paez, and Plaintiff continues to attempt to serve him. Defendant Paez in his motion to quash does not deny that he has actual notice of the action (nor could he), nor does he deny that he has received multiple copies of the Summons and Amended Complaint through email, FedEx and personal service. Defendant Paez simply denies that Jorge Paez had authority to accept service on his behalf, despite Jorge Paez's assertions to the contrary to the process server. Under these circumstances, where the Defendant has actual notice of the action, Plaintiff has made diligent efforts to serve the Defendant through multiple channels, and where Defendant is evading service, the motion to quash should be denied.

Alternatively, if the Court decides to grant the motion to quash, Plaintiff requests that the Court authorize alternative service for Defendant Paez and allow Plaintiff to serve him through certified mail at both his home and work addresses.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that Defendant Paez's motion to quash be denied, or in the alternative that the Court grant Plaintiff's cross-motion and authorize Plaintiff to serve Defendant Paez through certified mail at his business and home addresses.

Dated: May 4, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
 Steven W. Davis (Bar No.: 347442)

4

Stephen N. Zack (Bar No.: 145215)
Bank of America Tower
100 Southeast 2nd St., Suite 2800
Miami, FL 33131
Tel:  (305) 539-8400
Fax:  (305) 539-1307

David Boies
Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Nicholas A. Gravante, Jr.
David A. Barrett
Ellen Brockman
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

George F. Carpinello
Teresa A. Monroe
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel:  (518) 434-0600
Fax:  (518) 434-0665

*Attorneys for Plaintiff*

5