UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

       Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

       Defendants.
_____/

### UNSERVED DEFENDANTS FRANCISCO MORILLO AND LEONARDO BAQUERO'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(1), FRANCISCO MORILLO and LEONARDO BAQUERO ("Unserved Defendants"), through this limited appearance of undersigned counsel, respectfully file this Motion for Protective Order in response to Plaintiff's proposed two-hour depositions of the Unserved Defendants. Second Disc. Order 2, ECF No. 355. For the reasons described below, the Court should enter a protective order preventing Plaintiff from noticing their depositions.

### INTRODUCTION

Plaintiff demands deposition testimony from Mr. Morillo and Mr. Baquero regarding Plaintiff's standing. Mr. Morillo and Mr. Baquero reside and are currently located outside of the United States, have not been properly served with the summons and complaint, and are not subject to the personal jurisdiction of this Court. Their counsel has made a limited appearance in this case to (a) represent their interests with respect to the Plaintiff's efforts to obtain a preliminary injunction against them and (b) to demonstrate, with the more than 40 defendants named in the Amended Complaint, that the Court lacks subject matter jurisdiction because the

1

Plaintiff lacks standing. The Court has properly and appropriately decided to address the threshold issue of Plaintiff's standing before turning to other grounds for dismissal, which will be moot if Plaintiff lacks standing.[1]

Mr. Morillo and Mr. Baquero objected to Plaintiff's demand for their depositions. Second Disc. Order 2, ECF No. 355. The Magistrate Judge overruled these objections, allowing Plaintiff to proceed with the depositions. This ruling should be reconsidered because: (1) Mr. Morillo and Mr. Baquero are not parties to the action and have not been served; (2) Plaintiff has no good-faith basis to believe that the testimony of Mr. Morillo and Mr. Baquero can provide any relevant information with respect to Plaintiff's standing and is at best a "fishing expedition" outside of the scope of discovery permitted by the Federal Rules of Civil Procedure; and (3) the requested discovery is outside the scope of the agreed upon Discovery Order and can be obtained from other sources that are more convenient, less burdensome, and less expensive. Therefore, Unserved Defendants respectfully move this Court to enter a protective order preventing Plaintiff from noticing or otherwise taking Mr. Morillo's and Mr. Baquero's depositions.

## STATEMENT OF FACTS

1. On March 29, 2018, Defendants Trafigura Trading, LLC ("Trafigura"), BAC Florida Bank, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio De La Vega, Lukoil Pan Americas LLC, Vitol Energy (Bermuda) Ltd., Vitol Inc., and Antonio Maarraoui moved for limited and expedited discovery, briefing, and hearing regarding Plaintiff's standing and a stay pending resolution of the issue of Plaintiff's standing. The next day, Defendants Helsinge, Inc., Helsinge Ltd.,

---

[1] The Unserved Defendants will file motions to dismiss the claims against them for lack of service and personal jurisdiction by July 13, 2018, which is the date set by the Court for Rule 12 motions in this case. In filing this Motion, the Unserved Defendants do not waive or intend to waive any arguments, objections, defenses or rights that may be available to them, including as to the sufficiency of service of process or whether this Court has personal jurisdiction over the Unserved Defendants.

Helsinge Holdings, LLC, Daniel Lutz, Luis Liendo, Francisco Morillo, Leonardo Baquero, and John Ryan joined the motion for expedited and limited discovery in order to resolve the threshold issue of standing before forcing Defendants to incur the time and expense of moving to dismiss, answering, or otherwise responding to the Amended Complaint.

2. Defendants reiterated their request for standing-related discovery and to otherwise stay the proceedings during the April 4, 2018 hearing before the U.S. District Judge Gayles. *See* Apr. 4, 2018 Hr'g Tr. at 13-15. Judge Gayles agreed that standing-related discovery is appropriate and should proceed before any other activity in this case. Further, the Courts asked the parties to set a deadline for motions to dismiss following this initial discovery and instructed the parties to confer on a schedule. *Id.*

3. Counsel for Plaintiff and several defendants met and conferred regarding a schedule for both standing-related discovery and responses to the Amended Complaint. These parties reached an agreement on most material dates. ECF No. 240, Ex. 1.

4. On April 16, 2018, the Court considered Defendants' motion for expedited and limited standing-related discovery. Over Plaintiff's objections, the Court granted discovery on the issue of Plaintiff's standing to obtain information relating to the circumstances of the creation of the PDVSA US Litigation Trust (the "Trust"), the authority of the Trust's grantor, and related communications. Order, ECF No. 251. In turn, Plaintiff demanded discovery from Defendants relating to the Trust's creation and validity. The Court ultimately granted Defendants' request for limited discovery and entered a Scheduling Order allowing both Plaintiff and Defendants to take no more than four fact depositions on the issue of standing. Scheduling Order, ECF No. 253 at 2. Further, the Court ordered Plaintiff and "the Non-Morillo Group Defendants to meet and

confer on Plaintiff's list of individuals from whom it seeks testimony" and "identify potential deponents as promptly after April 23, 2018 as possible." *Id*.

5. There was a dispute whether participating in the standing discovery would waive Rule 12 defenses (including service and personal jurisdiction defenses). The Court held that participating in standing discovery would not waive Rule 12 defenses and held that all such defenses are preserved. *See* Scheduling Order 3, ECF No. 253.

6. On April 24, 2018, Defendants and Plaintiff conferred regarding preliminary discovery matters, including the scheduling of depositions. At that conference, Plaintiff did not identify which defendants, if any, Plaintiff would seek to depose.

7. On April 25, 2018, Plaintiff requested the depositions of Unserved Defendants Morillo, Baquero, Liendo, and "a 30(b)(6) deposition." Apr. 25, 2018 Hr'g Tr. 69:3-4. During a telephonic hearing with the Court later that day, Counsel for Mr. Morillo and Mr. Baquero objected based on lack of service, personal jurisdiction and relevance because "there is no reason to believe [the requested depositions] could lead to any information that's relevant to the standing issue." *Id.* at 70:10-21. The Court did not issue a ruling, but noted that Mr. Morillo and Baquero "[i]n a sense, . . . would be testifying *not* even as parties yet because they haven't been served." *Id.* at 74:12-13 (emphasis added).

8. On April 25, 2018, Defendants noticed depositions of the Trust and PDVSA on topics for which these entities possess direct knowledge. *See* Notice, ECF No. 277. On April 28, 2018, Plaintiff noticed the Rule 30(b)(6) deposition of Trafigura on the same topics listed in Defendants' notice of depositions of the Trust and PDVSA and Defendants' document requests to Plaintiff. April 28, 2018 Notice of Deposition of Trafigura Trading, attached as Exhibit 1.

9. Plaintiff's proposed depositions of Mr. Morillo and Mr. Baquero were addressed again during a telephonic hearing before the Court on April 30, 2018. Plaintiff claimed that the good-faith basis for the proposed depositions of Mr. Morillo and Mr. Baquero involved "statements concerning the Trust and its operation and its authorization and formation and how it either will or should operate and whether it should be in existence and whether it is authorized or not." Apr. 30, 2018 Hr'g Tr. 24:10-13. Plaintiff did not contend that Mr. Morillo, Mr. Baquero or any of the other defendants were involved in any way in the Trust's formation, authorization or operation, nor did they identify any basis for believing that such statements existed or explain why any such statements would have any bearing on Plaintiff's standing. To the contrary, Plaintiff's counsel stated that information "most likely to relate to issues relative to standing such as the trust organization and authorization" would pre-date August 8, 2017, the date the Trust was established. *See id.* at 7:17-25. Plaintiff's counsel did not contend that the Unserved Defendants were even aware of the Trust's existence before its identity as the Plaintiff in this case was revealed on March 8, 2018.

10. On April 30, 2018, the Court issued an order overruling Defendants' objections to the depositions of Messrs. Morillo and Baquero and limiting each deposition to two hours. Second Discover Order, ECF No. 355. The Order states that Defendants Morillo, Baquero, and Trafigura may continue to reserve on the issues of personal jurisdiction and service of process notwithstanding their appearances for depositions. *Id.*

## **MEMORANDUM OF LAW**

### I. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26 permits "any person from whom discovery is sought may move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c). Pursuant to Rule 26(c), any person, upon a showing of good cause, may obtain from the Court an order to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Discovery requests "must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit." FED. R. CIV. P. 26(b).

### II. THE COURT SHOULD ISSUE A PROTECTIVE ORDER PREVENTING PLAINTIFF FROM NOTICING THE DEPOSITIONS OF MESSRS. MORILLO AND BAQUERO

#### A. Messrs. Morillo and Baquero are Not Parties to the Action and Cannot be Compelled to be Deposed Absent a Subpoena

Mr. Morillo and Mr. Baquero have not been properly served and are not parties to the action. An individual who has not been served "is not a party to a lawsuit until, such time as she is served with process." *See Karakis v. Foreva Jens Inc.*, No. 08-61470-CIV, 2009 WL 113456, at *3 (S.D. Fla. Jan. 19, 2009). Absent valid service of process, a court does not have personal jurisdiction over an unserved individual. *Id.* Further, non-parties cannot be compelled to appear for deposition absent a subpoena. *See Johnson Law Grp. v. Elimadebt USA, LLC*, No. 09-81331-CIV, 2010 WL 11558230 (S.D. Fla. Oct. 28, 2010); *see also Rosen v. J.M. Auto, Inc.*, No. 07-61234-CIV, 2009 WL 10667558 (S.D. Fla. Jan. 23, 2009).

#### 1. Mr. Morillo has not been properly served

Federal Rule of Civil Procedure 4(e) governs service of process on "an Individual Within a Judicial District of the United States." Specifically, Rule 4(e) permits service either by (a)

delivering a copy of the summons and complaint to the individual personally, (b) "leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," (c) "delivering a copy to an agent authorized by appointment or by law to receive service of process," or (d) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* FED. R. CIV. P. 4(e)(1), (2).

Although Rule 4(e)(1) authorizes service under the law of the forum state, the requirements of Florida law are essentially the same as Rule 4(e)(2). Florida statutes governing service of process require (1) delivering a copy of the summons and complaint to the person to be served or (2) "leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

On March 14, 2018, Plaintiff filed a Notice of Filing Affidavit of Service of Francisco Morillo [ECF No. 86], attaching an Affidavit of Service, which alleges that a process server attempted service on Mr. Morillo

> on 03/12/2018 at 8:13 PM at 1643 Brickell Avenue, Apt. 3302, Miami, FL 33129 [the "attempted service address"] . . . by delivering . . . a true copy of each to 'Jane Doe' (refused to give her first and last name), a person of suitable age and discretion. Said premises is defendant's dwelling place/usual place of abode within the state. Deponent was accompanied by security, security knocked on the door of said premises and a female answered from the other side of the door. Security advised her a process server is here for said defendant. She stated the defendant was not home and she did not want to open the door. Deponent advised her of the contents he had for Francisco Morillo, announced service and left the said documents by the door.

Notice 3, ECF No. 86.

The property located at the attempted service address is neither Mr. Morillo's dwelling nor his usual place of abode. *Id.* Indeed, Mr. Morillo does not live in the United States and is

7

not a United States citizen, permanent resident, or taxpayer.  *See* April 28, 2018 Declaration of Julio Lara ("Lara Declaration") at ¶¶ 2-3, attached as Exhibit 2.  Mr. Morillo maintains personal residences and personal effects in Venezuela and Switzerland.  *Id.* at ¶ 4.  Moreover, Mr. Morillo is not the owner of the property located at the attempted service address.  *See* May 3, 2018 Declaration of William L. Rafferty, Jr., attached as Exhibit 3.

Plaintiff's attempted service on Mr. Morillo failed to comply with federal or state law because the process server left the documents by the door of an address that is not Mr. Morillo's dwelling or usual place of abode.  *See Blueskygreenland Envtl. Sols., LLC v. Rentar Envtl. Sols,, Inc.,* No. 12-81234-CIV-HURLEY, 2013 WL 12095152, at *1 (S.D. Fla. Apr. 3, 2013) ("Sliding the papers under a door after an unidentified person within refuses entry, however, is not good tender as it provides no way of knowing whether the papers landed in physical proximity to the intended recipient or some other person authorized to accept delivery.").  *See also Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954–55 (Fla. 2001) (collecting cases where courts have invalidated service of process "in cases where the defendant was not actually living at the place where service was made").

### 2. Mr. Baquero has not been properly served

Federal Rule of Civil Procedure 4(f) governs service of individuals in a foreign country. FED. R. CIV. P. 4(f).  Rule 4(f) permits service on individuals located outside the United States by "an internationally agreed means of service," including "those authorized by the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents."  *Id.* at 4(f)(1).  Article 10(a) of the Hague Service Convention contemplates the use of "postal channels," such as FedEx, to be used to send judicial documents "directly to persons abroad."  Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638.

On April 26, 2018, Plaintiff emailed undersigned counsel an Affidavit of Service, executed by a paralegal at employed by Boies Schiller—Plaintiff's counsel—and dated March 30, 2018, alleging that on March 13, 2018, the affiant attempted service on Mr. Baquero under "Article 10a [sic] of the Hague Convention, return receipt/signature required via Fed Ex." March 30, 2018 Alexander Cuda Affidavit of Service at ¶ 3, attached as Exhibit 4.  The attempted service address is identified as "Calle De Alcala 88, Madrid ES, 28009." *Id.* According to the affidavit of service, the service papers were "signed for by" an individual named Carlos Garcia. *Id.*

Mr. Baquero is not a United States citizen, permanent resident or taxpayer. *See* May 3, 2018 Second Declaration of Julio Lara at ¶¶ 2-3, attached as Exhibit 5.  He maintains his personal residence and personal effects in Venezuela. *Id.* at ¶ 4.  Mr. Baquero does not reside at the attempted service address of Calle De Alcala 88, Madrid ES, 28009, or anywhere else in the Kingdom of Spain.  Rather, Mr. Baquero's daughter rents an apartment and lives at that address. *See* April 30, 2018 Declaration of Carlos Garcia at ¶¶ 4-5, attached as Exhibit 6; *see also* May 7, 2018 Declaration of Edson Rodrigues at ¶2-4, attached as Exhibit 7 and May 7, 2018 Declaration of Elba Baquero Caranama at ¶2-3, attached as Exhibit 8.

Plaintiff's purported attempt to serve Mr. Baquero failed to comply with applicable laws because the service documents were mailed to an address where Mr. Baquero does not reside. *See Atl. Specialty Ins. Co. v. M2 Motor Yachts*, No. 14-62822-CIV-DIMITROULEAS/Snow, 2017 U.S. Dist. LEXIS 16375, at *5 (S.D. Fla. Feb. 3, 2017).  Serving an apartment rented by Mr. Baquero's daughter—at a location and in a country where Mr. Baquero does not reside— fails to constitute the requisite "direct" service  under Article 10(a) of the Hague Service Convention.

Neither Mr. Morillo nor Mr. Baquero have been served, are not parties to this action, and cannot be compelled to provide oral testimony absent a subpoena.

B.  **Plaintiff Lacks a Good-Faith Basis to Believe that the Requested Depositions Will Provide Information Relevant to Plaintiff's Standing**

Under Federal Rule of Civil Procedure 26(b), requested information is not relevant to the action "'if the inquiry is based on the par[t]y's mere suspicion or speculation.'" *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. CV 05-8493-AG(SHx), 2007 WL 4302701, at *3 (C.D. Cal. Jun. 27, 2007) (quoting *Micro Motion, Inv. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990)). The standard of relevance in discovery "is a liberal one, [but] it is not so liberal as to allow a party to roam in the shadow zones of relevancy." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) (citations and internal quotation marks omitted).

Plaintiff seeks to depose Mr. Morillo and Mr. Baquero based on the sheer speculation that they have knowledge relevant to the validity of the trust. Mr. Morillo and Mr. Baquero are not attorneys licensed to practice law in the United States, Venezuela, or any other country. They are also not officials of the Venezuelan government nor are they officers, directors, or board members of PDVSA or of any of its related entities, including Plaintiff. Moreover, neither Mr. Morillo nor Mr. Baquero claim any expertise in the field of trust establishment or the authorization of trusts in Venezuela, nor does Plaintiff contend that they do have such expertise. Any testimony by Messrs. Morillo and Baquero could offer would be either speculation or unqualified opinions that have no bearing on the authorization or validity of the Trust, and would therefore be irrelevant to Plaintiff's standing.

Plaintiff's counsel has taken the position that information that arose or was learned after the date of the formation of the Trust on August 8, 2017 has little probative value as to the Trust's standing. Plaintiff does not contend that Mr. Morillo or Mr. Baquero were even aware of the

10

Trust's existence until this Court unsealed the Trust's Complaint on March 8, 2018. Yet, Plaintiff's counsel demands testimony from Mr. Morillo and Mr. Baquero about statements they may have made about the validity of the Trust, which could only have been made many months after the formation of the Trust, when this litigation was already underway. Even if there is reason to believe that Mr. Morillo or Mr. Baquero made such statements, they almost certainly would have been made to counsel or otherwise in anticipation of litigation, and therefore subject to attorney-client privilege. There is no good faith basis for the requested depositions and the Plaintiff's request is nothing more than a "fishing expedition."

### C. The Hague Evidence Convention Procedures Have Not Been Followed

Mr. Morillo and Mr. Baquero are residing in Mexico and travel to Venezuela for business. Under the Hague Evidence Convention, a party seeking evidence abroad must, as a general rule, prepare a Letter of Request and submit it—or have the U.S. court submit it—to the authority designated in the Convention to receive notice, which, in this case, is the Mexican Ministry of Foreign Affairs. *See* Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444. As this Court noted, there are distinct legal frameworks in Latin America with respect to voluntary depositions and the Court may "not presum[e] to allow . . . depositions to take place unless the laws of those countries allowed them." Apr. 30, 2018 Hr'g. Tr. 32:13-14; *see also id.* at 30:16-20. Given the likely delay and undue burden associated with deposing unserved, non-parties in a foreign country—and the limited relevant information to be obtained from Messrs. Morillo and Baquero on the subject of Plaintiff's standing—the Court should not order that Plaintiff may take their depositions.

11

### D. Subjecting Messrs. Morillo and Baquero to Depositions Would Impose an Undue Burden and Expense on Non-Parties

A court is obligated to limit discovery by deposition when it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Seeking to compel Mr. Morillo and Mr. Baquero to provide deposition testimony for the purpose of satisfying Plaintiff's pure speculation is not "proportional to the needs of the case" at this stage of discovery which relates only to Plaintiff's standing. *Id*. at 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) allows "a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. When discovery is being sought from a third or non-party, a burden or expense resulting from proposed discovery generally weighs against permitting discovery. *See id.*

Here, the standing issue that the Court is addressing is whether the Trust was lawfully and validly constituted and whether the people who established the Trust had the appropriate authority to do so under Venezuelan law. The factual information relevant to this issue is in the hands of those involved in creating the Trust. Accordingly, Defendants have appropriately sought discovery from the Trust, its trustees, its alleged assignor, PDVSA, and government officials of Venezuela—the individuals and entities involved in the authorization of the Trust. *See* Defs.' Notice of Filing Subpoenas, ECF No. 277. By contrast, Mr. Morillo and Mr. Baquero do not have personal knowledge of the establishment and validity of the Trust. Plaintiff has not—and cannot—make any showing as to why Messrs. Morillo and Baquero would possibly

have information relevant to the *Plaintiff's* authority to bring this lawsuit. The proper sources for discovery are the people and entities involved in creating the Trust, such as PDVSA, government officials, the trustees, and funders.

Plaintiff claims it is merely seeking to depose Mr. Morillo and Mr. Baquero on the same topics that Defendants have noticed for depositions of PDVSA and the PDVSA US Litigation Trust, and specifically about "statements about the authority of the Trust, authorizations and the like." Apr. 25, 2018 Hr'g Tr. 54:6-12. *See also* Apr. 30, 2018 Hr'g Tr. 24:8-13. This tit-for-tat approach, however, ignores the reality of the situation, which is that the factual information relevant to the standing issue is not in the possession of the Defendants but rather the Plaintiff and its associated individuals and entities.

As stated above, neither Mr. Morillo nor Mr. Baquero are government officials of Venezuela, representatives of PDVSA or the Trust in any capacity, attorneys, or experts on trusts, and, as the Magistrate Judge noted, can only provide "statements of lay people" with respect to Plaintiff's standing. Apr. 30, 2018 Hr'g Tr. at 29:24. Consequently, no relevant information can be obtained from their prospective testimony.[2]

Furthermore, requiring a foreign deposition of Mr. Morillo and Mr. Baquero would be annoying, oppressive, and impose an undue burden and expense. Because Mr. Morillo and Mr. Baquero are not yet proper parties, Plaintiff is generally required to issue a subpoena to compel their testimony at foreign depositions. *See* FED. R. CIV. P. 45. As a general rule, a subpoena—not a notice of deposition—is the appropriate method for obtaining oral testimony from a non-party. *See Karakis*, 2009 WL 113456, at *3. *See also Triple Crown Am., Inc. v. Biosynth AG,* No. CIV.A. 96-7476, 1998 WL 227886, at *1 (E.D. Pa. Apr. 30, 1998) ("Only a party to

---

[2] By agreeing to a schedule that included potential depositions by Plaintiff, the Unserved Defendants did not agree that Plaintiff could properly depose anyone it chose, regardless of relevance or other considerations.

13

litigation may be compelled to give testimony pursuant to a notice of deposition.") (quoting *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y.1994)).  Courts "should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position."  *Societe Nationale Industrielle Aerospatiale v. District Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

United States courts must consider the law of foreign countries and the sovereign interests of foreign states when authorizing a deposition in a foreign country.  *See Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1362 n.1 (D.C. Cir. 1968) ("The effectiveness, and even the availability of a particular method [of depositions in foreign countries] depends largely upon the law of the foreign country in which the deposition is to be taken.").  *Cf. Société Nationale Industrielle Aérospatiale*, 482 U.S. at 56 ("American courts should . . . take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state.  We do not articulate specific rules to guide this delicate task of adjudication.").

Mr. Morillo and Mr. Baquero reside outside of the United States and are not proper parties to this action.  The potential location of any deposition has not yet been determined.  Moreover subpoenas must be issued in compliance with the laws of one or more foreign countries, to the extent each respective country authorizes a subpoena in the first instance.  Plaintiff cannot justify the time and expense required to secure foreign depositions where, as here, the testimony is unlikely to have any bearing Plaintiff's standing.

Moreover, the requested depositions have implications beyond the instant case.  Allegations relevant to this litigation are also the basis for a criminal investigation in

Switzerland.³  It is possible that Plaintiff's counsel may seek to obtain oral testimony relevant to the Swiss investigation, but irrelevant to Plaintiff's standing.  Under those circumstances, defense counsel would have a professional obligation to stop the deposition, but may have a limited ability to instruct the witnesses not to answer.  *See* FED. R. CIV. P. 30(c)(2).  *See Summit Towers Condo. Ass'n v. QBE Ins. Corp.*, No. 11-60601-CIV-SEITZ/SIMONTON, 2012 U.S. Dist. Lexis 59633, at *9 (S.D. Fla. Apr. 5, 2012) (citing *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999)).  The Federal Rules of Civil Procedure contemplate motions to terminate a deposition "conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party."  FED. R. CIV. P. 30(d)(3)(A).  Inviting such motion practice at this stage of the litigation in connection with depositions of no apparent relevance would place an unnecessary burden on the Court's limited judicial resources.  Subjecting Mr. Morillo and Mr. Baquero to depositions, even for two hours, is an inconvenient, unduly burdensome expense, and an unnecessary use of the Court's resources.

WHEREFORE, Defendants request that the Court enter a protective order preventing Plaintiff from noticing their depositions.

---

³ *See* Jamey Keaten, *Swiss Arrest 2 in Alleged Oil Corruption Case*, CHICAGO TRIBUNE (Mar. 12, 2018, 6:00 PM), http://www.chicagotribune.com/news/nationworld/sns-bc-eu--switzerland-venezuela-oil-corruption-20180312-story.html.

Dated:  May 7, 2018	Respectfully submitted,

*s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com
Jason Gangwer (admitted *pro hac vice*)
jgangwer@akingump.com

*Attorneys for Defendants
Francisco Morillo and
Leonardo Baquero*

**Certificate of Good-Faith Conference;
Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendant's counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised in this motion, but has been unable to resolve the issues.

*s/ Kimberly Ann Pathman*

**CERTIFICATE OF SERVICE**

I certify that on May 7, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/ Kimberly Ann Pathman