UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

PDVSA U.S. LITIGATION TRUST,

        Plaintiff,

v.

LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,

        Defendants.

Case No. 1:18-CV-20818 (DPG)

**PLANTIFF'S COUNTER-NOTICE OF ISSUES TO BE ADDRESSED
DURING THE MAY 8, 2018 TELEPHONIC HEARING**

Plaintiff submits this counter-notice with regard to the issues to be addressed at today's hearing and response to Defendants' notice served earlier today.

## NEW ISSUES PLAINTIFF WISH TO HAVE ADDRESSED

1. Defendants continue to refuse to provide a date or location for the depositions of Mr. Morillo and Mr. Baquero. In addition, they have now refused to provide a date or location for the depositions of either Defendant Lutz or Ricardo Ramos, an employee of Defendant Helsinge. This Court previously ordered in the telephonic hearing held on April 25, 2018, that neither the fact that Defendants have allegedly not been served nor the fact that they are challenging personal jurisdiction is a basis for them to refuse to submit to the depositions agreed to by counsel and ordered by the Court.

2. In a meet and confer held on May 7, 2018, Plaintiff asked Defendants to confirm if there were any communications between Defendants and anyone in Venezuela or elsewhere concerning the validity of the Trust, including any discussions with representatives or agents in the National Assembly. Defendants stated moments ago that they have no such non-privileged documents, and that work product documents created after commencement of the action need not be logged. But communications with members or agents of the National Assembly are not subject to work product privilege. We ask the Court to direct Defendants to fully respond to Plaintiff's document requests in that regard.

## RESPONSE TO DEFENDANTS' NOTICE OF ISSUES TO BE ADDRESSED

1. Contrary to Defendants' assertions, this Court did not order the production of the drafts of the Trust Agreement. Rather, this Court ordered that they either be produced or logged as privileged documents. Plaintiff advised the Court that it would log the drafts as privileged. (April 25, 2018, Tr. at 27, 35.) Nonetheless, Plaintiff has offered to produce the drafts if Defendants will sign a formal stipulation that the production of such drafts are not taken as a waiver of any privilege other than any privilege applying to the drafts themselves. In a meet and confer

held yesterday, Plaintiff's counsel advised defense counsel that, given the importance of the privilege issue, any such agreement to that effect should be by virtue of a stipulation.

2. Contrary to Defendants' assertion, Plaintiff did not wait "several days to demand a as a condition of producing drafts of the Trust Agreement that Defendants each sign a formal stipulation." (Defs' Notice at 3.) What has held up the production of the drafts was the Defendants' belated insistence that Plaintiff's produce metadata relating to the drafts. Plaintiff is willing to wave the privilege with regard to the drafts, but not with regard to the metadata.

3. Plaintiff has produced all non-privileged documents in its custody and control. Plaintiff has also been advised by PDVSA that it has no non-privileged documents responsive to Defendants' request. Plaintiff so advised Defendants in a meet and confer held yesterday, May 7, 2018. We will obtain a written statement from PDVSA to that effect.

4. Yesterday, Plaintiff produced the first part of its privilege log, containing 565 entries of documents created prior to August 8, 2017 relating to the documents the Court ordered to be produced or logged.

5. Plaintiff advised Defendants' counsel that PDVSA's 30(b)(6) witness, General Counsel, Hilda Cabeza, is available for deposition in Venezuela after May 20, 2018. At this time, we believe that it is unlikely that she will be available in the United States for deposition. We have offered to take her deposition via teleconferencing. The Procurator General, Mr. Munoz Pedroza, is available for deposition via teleconference the week of May 14, 2018 or in New York City the week of May 28, 2018.

6. With regard to the individuals whose deposition Defendants wish to take, Defendants have consistently changed their list after Plaintiff has advised Defendants that the original designees were available. For example, Defendants have consistently asked, up until

recently, for a 30(b)(6) of the Trust. Plaintiff advised Defendants that such a deponent would be available. Defendants no longer wish to take such a deposition and now demand the deposition of two individuals whom Plaintiff has consistently advised Defendants are not available, i.e., Mr. Martinez and Mr. Arellano. Mr. Martinez is incarcerated in Venezuela and we do not know the location of Mr. Arellano.

Dated: May 8, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*

| | |
|---|---|
| Steven W. Davis (Bar No.: 347442) | Nicholas A. Gravante, Jr. |
| Stephen N. Zack (Bar No.: 145215) | David A. Barrett |
| Bank of America Tower | Ellen Brockman |
| 100 Southeast 2nd St., Suite 2800 | 575 Lexington Avenue |
| Miami, FL 33131 | New York, New York 10022 |
| Tel: (305) 539-8400 | Tel: (212) 446-2300 |
| Fax: (305) 539-1307 | Fax: (212) 446-2350 |
| | |
| David Boies | George F. Carpinello |
| Helen M. Maher | Teresa A. Monroe |
| 333 Main Street | 30 S. Pearl Street, 11th Floor |
| Armonk, New York 10504 | Albany, New York 12207 |
| Tel: (914) 749-8200 | Tel: (518) 434-0600 |
| Fax: (914) 749-8300 | Fax: (518) 434-0665 |

*Attorneys for Plaintiff*