**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA U.S. LITIGATION TRUST,<br><br>  Plaintiff,<br><br> v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,<br><br>  Defendants. | Case No. 1:18-CV-20818 (DPG) |

**PLAINTIFF'S RESPONSE TO TRAFIGURA TRADING, LLC'S NOTICE [DKT. 361] REGARDING THE COURT'S DOCUMENT PRESERVATION ORDER**

Plaintiff responds to Defendant, Trafigura Trading, LLC's (Trafigura) "Notice Regarding the Court's Document Preservation Order" as follows:

1. Trafigura seeks to unilaterally truncate the Court's existing Document Preservation Order of March 16, 2018 (Dkt. No. 95) prior to the evidentiary hearing to which Plaintiff is entitled and without any showing of any burden imposed by the existing Order.

2. Trafigura fails even to acknowledge that it is subject to this Court's Order that it preserve all documents relevant to this action. Trafigura was reminded of this fact by the Court on April 4, 2018 (Tr. at 19:15-21) and by Plaintiff's counsel on April 21, 2018. *See* Exhibit A hereto.

3. Trafigura also fails to advise this Court as to the reasons why Plaintiff expressed concern about a key-word-search approach for the preservation of documents. As Plaintiff explained to Trafigura, it is reluctant to limit Trafigura's preservation of documents to only those containing certain key words because there has been no substantive discovery on the merits and Plaintiff has no assurance that, at this early stage of litigation, it has sufficient understanding of the words, terms and names that Defendants would use in communicating with each other.

4. Nonetheless, Plaintiff repeatedly advised Trafigura that it would consider a key-word-search approach if Trafigura could show any evidence of burden in complying with the Court's existing Order. In a meet and confer held on April 5, 2018, Plaintiff asked Trafigura to tell Plaintiff the nature of any burden that Trafigura claims requires it to preserve only documents containing certain key words. On April 6, 2018, Plaintiff provided Trafigura with a proposal for additional key terms to search as part of Trafigura's document preservation proposal, demonstrating Plaintiff's willingness to consider a key-word-search approach if justified by a showing of burden. *See* Exhibit B. Plaintiff's counsel also told Trafigura's counsel, in a meet and confer held on April 27, 2018, that it was willing to continue discussions concerning a key-word-search approach.

5. As late as Wednesday, May 2, 2018, Plaintiff again advised Trafigura's counsel that, although Plaintiff did not consider the key-word-search approach to be appropriate, if Trafigura would respond to Plaintiff's long-standing request that is set forth any undue burden caused by the Court's existing Order, Plaintiff would reconsider such an approach. *See* Exhibit C hereto.[1] Trafigura never responded to Plaintiff's request that it show burden.

6. Even now, in its "notice" to the Court, Trafigura fails to explain what burden it would suffer by simply complying with the terms of this Court's March 16, 2018, Order.

7. Trafigura also fails to advise the Court that Plaintiff, has, on several occasions, asked Trafigura if it would agree to enter into a consent preliminary injunction order. Plaintiff first proposed that consent order on March 31, 2018. *See* Exhibit D. Trafigura has never substantively responded to that proposal.

For all the foregoing reasons, Plaintiff respectfully requests that the Court reject Trafigura's "notice" and its unilateral attempt to nullify this Court's Order.

Dated: May 9, 2018

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
Steven W. Davis (Bar No.: 347442)   Nicholas A. Gravante, Jr.
Stephen N. Zack (Bar No.: 145215)   David A. Barrett
Bank of America Tower   Ellen Brockman
100 Southeast 2nd St., Suite 2800   575 Lexington Avenue
Miami, FL 33131   New York, New York 10022
Tel: (305) 539-8400   Tel: (212) 446-2300
Fax: (305) 539-1307   Fax: (212) 446-2350

David Boies   George F. Carpinello
Helen M. Maher   Teresa A. Monroe
333 Main Street   30 S. Pearl Street, 11th Floor
Armonk, New York 10504   Albany, New York 12207

---

[1] Trafigura misrepresents Plaintiff's May 2, 2018 email by failing to advise the Court that Plaintiff explained in that email that it would consider a key-word-search approach if Trafigura justified such an approach through a showing of burden.

| | |
|---|---|
| Tel: (914) 749-8200 | Tel:  (518) 434-0600 |
| Fax: (914) 749-8300 | Fax:  (518) 434-0665 |

*Attorneys for Plaintiff*