```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2                        MIAMI DIVISION
                     CASE NO. 18-CV-20818-DPG
 3

 4   PDVSA US Litigation Trust,          Miami, Florida

 5        Plaintiff,                     May 8, 2018

 6            vs.                        4:00 p.m. to 5:30 p.m.

 7   LUKOIL PAN AMERICAS, LLC, et al.    Pages 1 to 57

 8        Defendants.
                                    _____
 9   _____

10                  TELEPHONIC MOTION HEARING
             BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
11               UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13
     FOR THE PLAINTIFF:        DAVID BOIES, ESQ.
14   PDVSA US LITIGATION       STEVEN DAVIS, ESQ.
                               STEVE ZACK, ESQ.
15                             ELLEN BROCKMAN, ESQ.
                               TERESA MONROE, ESQ.
16                             ALEXANDER BOIES, ESQ.
                               BRAD SMITH, ESQ.
17                             BOIES SCHILLER FLEXNER, LLP
                               100 S.E. 2nd Street
18                             Suite 2800
                               Miami, Florida 33131
19                                   -and-
                               GEORGE F. CARPINELLO, ESQ.
20                             BOIES SCHILLER FLEXNER, LLP
                               30 South Pearl Street, 11th Floor
21                             Albany, New York 12207

22
     FOR THE DEFENDANTS:       ISRAEL J. ENCINOSA, ESQ.
23   HELSINGE, INC.            ALEX M. GONZALEZ, ESQ.
     HELSINGE, LTD             HOLLAND AND KNIGHT, LLP
24   HELSINGE HOLDINGS         701 Brickell Avenue, Suite 3000
     DANIEL LUTZ               Miami, Florida 33131
25   MARIA F. RODRIGUEZ
     LUIS LIENDO
```

```
 1                        ---CONTINUED---

 2
      FOR THE DEFENDANT:       ETAN MARK, ESQ.
 3    JOHN RYAN                MARK MIGDAL & HAYDEN
                               80 SW 8th Street, Suite 1999
 4                             Miami, Florida 33130

 5
      FOR THE DEFENDANT:       JEFFREY B. GOLDBERG, ESQ.
 6    BAC FLORIDA BANK         HUGHES HUBBARD
                               201 South Biscayne Boulevard
 7                             Miami, Florida 33131

 8
      FOR THE DEFENDANTS:      MARK MACDOUGALL ESQ.
 9    FRANCISCO MORILLO        STACY MITCHELL, ESQ.
      LEONARD BARQUERO         AKIN GUMP STRAUSS HAUER & FELD, LLP
10                             1331 New Hampshire Avenue, NW
                               Washington, DC 20036
11

12    FOR THE DEFENDANTS:      JESSICA CAREY, ESQ.
      GLENCORE, LTD            ADAM B. SCHWARTZ, ESQ.
13    GLENCORE ENERGY, UK      1285 Avenue of the Americas
      GUSTAVO GABALDON         New York, New York 10019
14    SERGIO DE LA VEGA                -and-
      LUIS ALVAREZ             STEPHEN ROSENTHAL, ESQ.
15                             PODHURST ORSECK
                               1 SE 3rd Avenue, Suite 2300
16                             Miami, Florida 33131

17
      FOR THE DEFENDANT:       MICHAEL LENNON, JR.
18    LUKOIL PAN AMERICAS      MAYER BROWN, LLP
                               1999 K Street N.W.
19                             Washington, DC 20006
                                      -and-
20                             JORGE GUTTMAN, ESQ.
                               GUNSTER
21                             600 Brickell Avenue, Suite 3500
                               Miami, Florida 33131
22

23    FOR THE DEFENDANTS:      MICHAEL C. KELSO, ESQ.
      VITOL ENERGY (BERMUDA)   SUSMAN GODFREY, LLP
24    VITOL, INC.              1000 Louisiana St. Suite 5100
      ANTONIO MAARRAOUI        Houston, Texas 77002
25                                      -and-
```

```
 1                        --- CONTINUED ---

 2    ALSO FOR DEFENDANTS:      GERALD E. GREENBERG, ESQ.
      VITOL ENERGY BERMUDA      GELBER, SCHACHTER & GREENBERG, P.A.
 3    VITOL, INC.              1221 Brickell Avenue, Suite 2010
      ANTONIO MAARRAOUI         Miami, Florida 33131
 4

 5

 6    FOR THE DEFENDANT:       WILLIAM BURCK, ESQ.
      TRAFIGURA TRADING LLC     QUINN, EMANUEL, URQUHART AND SULLIVAN
 7                             777 6th Street, NW
                               11th Floor
 8                             Washington, DC 20001
                                       -and-
 9                             EDWARD M. MULLINS, ESQ.
                               REED SMITH
10                             1001 Brickell Bay Drive, Suite 900
                               Miami, Florida 33131
11

12    FOR THE DEFENDANTS:      DAVID BURKOFF, ESQ.
      COLONIAL GROUP, INC.      ALLAN GALIS, ESQ.
13    COLONIAL OIL INDUSTRIES   HUNTER MACLEAN EXLEY & DUNN, P.C.
      PAUL ROSADO              200 E. Saint Julian Street
14    P.O. Box 9848            Savannah, Georgia 31412
                                       -and-
15                             CLIFTON GRUHN, ESQ.
                               BENJAMIN REID, ESQ.
16                             CARLTON FIELDS
                               100 SE Second Street
17                             Suite 4200
                               Miami, Florida 33131
18

19
      STENOGRAPHICALLY REPORTED BY:
20
                               PATRICIA DIAZ, FCRR, RPR, FPR
21                             Official Court Reporter
                               United States District Court
22                             400 North Miami Avenue
                               11th Floor
23                             Miami, Florida 33128
                               (305) 523-5178
24

25
```

```
 1              (Call to the Order of the Court.)

 2              COURTROOM DEPUTY:  PDVSA U.S. Litigation Trust versus

 3     Lukoil Pan Americas, LLC, et al., Case number

 4     18-20818-CV-Gayles.

 5              THE COURT:  All right.

 6              Let's do it the way we have been doing it.  I will call

 7     out the parties, and counsel can announce their appearances.

 8              So, for plaintiff?

 9              MR. D. BOIES:  Good afternoon, Your Honor, this is

10     David Boies, Boies Schiller and Flexner.  With me from my firm

11     are George Carpinello, Ellen Brockman, Alexander Boies, Teresa

12     Monroe, Steve Zack, Steve Davis and Brad Smith.

13              THE COURT:  Is there a David Barrett?

14              MR. D. BOIES:  Not from Boies Schiller, Your Honor.

15              THE COURT:  I have a David Barrett here on the list

16     with a checkmark.  That's why I was asking.

17              MR. D. BOIES:  He is not from Boies Schiller.  He does

18     not represent the plaintiffs.

19              Was that David Barrett?

20              THE COURT:  Yes.

21              MR. D. BOIES:  David Barrett is with Boies Schiller,

22     but he is not on the call.

23              THE COURT:  Okay.  So, we will leave his name on the

24     list but not check him for today.

25              MR. D. BOIES:  Thank you, Your Honor.
```

5

```
 1          THE COURT:  All right.  Lukoil Pan Americas.
 2          MR. LENNON:  Good afternoon, Your Honor, Mike Lennon
 3   from Mayer Brown and Jorge Guttman from Gunster are here for
 4   Lukoil.
 5          THE COURT:  All right.  Colonial Oil Industries,
 6   Colonial Oil Group and Paul Rosado.
 7          MR. BURKOFF:  Good afternoon, Your Honor, this is David
 8   Burkoff.  I am here with Allan Galis, and Clifton Gruhn and Ben
 9   Reid are on the phone from Carlton Fields.
10          THE COURT:  All right.  Thank you.  Then I have
11   Glencore Ltd., Glencore Energy U.K., Ltd., Gustavo Gabaldon,
12   Sergio de la Vega and Luis Alvarez.
13          MS. CAREY:  Good afternoon, Your Honor, Jessica Carey
14   and Adam Schwartz from Paul Weiss, and Stephen Rosenthal from
15   Podhurst.
16          THE COURT:  All right.  Next is Trafigura Trading?
17          MR. BURKOFF:  Good afternoon, Your Honor, this is
18   William Burck from Quinn Emmanuel and Edward Mullins from Reed
19   Smith.
20          THE COURT:  All right.  Vitol Energy Bermuda, Vitol,
21   Inc., and Antonio Maarraoui.
22          MR. KELSO:  Good afternoon, Your Honor, Michael Kelso
23   from Susman Godfrey and Gerry Greenberg with Gelber, Schachter
24   & Greenberg.
25          THE COURT:  All right.  For Francisco Morillo and
```

```
 1    Leonardo Baquero.

 2            MR. MACDOUGALL:  Good afternoon, Mark MacDougall and

 3    Stacey Mitchell with Akin Gump Strauss.

 4            THE COURT:  Daniel Lutz from Helsinge, Inc., and

 5    Helsinge, Ltd., Saint-Helier, I think also Luis Liendo and

 6    Helsinge Holdings.

 7            MR. ENCINOSA:  That is correct, Your Honor, and Maria

 8    Fernanda Rodriguez.

 9            Good afternoon, Your Honor, Israel Encinosa together

10    with Alex Gonzalez and Brian Briz from Holland & Knight.

11            THE COURT:  All right.  I think we are missing from our

12    list Maria Fernanda -- what's her last name?

13            MR. ENCINOSA:  Rodriguez.

14            THE COURT:  Okay.  Maria Fernanda Rodriguez.  Okay.

15            Then John Ryan.

16            MR. MARK:  Good afternoon, Your Honor, Etan Mark from

17    Mark, Migdal Hayden.

18            THE COURT:  All right.  Maximiliano Poveda.

19            MR. LEE:  Yes, Your Honor, Stephen Lee from Porter

20    Hedges.

21            THE COURT:  Okay.  BAC Florida Bank.

22            MR. GOLDBERG:  Good afternoon, Your Honor, this is Jeff

23    Goldberg from Hughes, Hubbard and Reed.

24            All right.  Is that it?  Did I miss anybody?  No.

25            All right.  So, pursuant to my second discovery order
```

```
 1   we were just going to discuss today the fourth deponent per
 2   side, but I have received notices from both sides that
 3   apparently there is additional issues that have arisen.
 4           So, let me see.  I have defendant's notice.  I have
 5   plaintiff's counter notice.  I also have received the motion
 6   for protective order filed by unserved defendants, Francisco
 7   Morillo and Leonardo Baquero which their counsel had announced
 8   that they intended to file, and basically it's a rechallenge to
 9   the rulings that I had made to the prior hearing.
10           I think those are the matters that have been brought to
11   my attention, so let me start with the Morillo and Baquero
12   motion for protective order.  I re-read the motion and I
13   think -- let me see if I get the right person, Mr. MacDougall?
14           MR. MACDOUGALL:  Yes, Your Honor.
15           THE COURT:  I see that in the motion you restate your
16   objections and concerns.  My rulings, of course, are the same
17   as before.  I do note that you express a concern that during
18   the course of the depositions plaintiff may seek to inquire
19   into things that are not related to the standing issue which is
20   the sole issue for which the depositions have been authorized.
21           I would anticipate that if a deposition is authorized
22   for a limited purpose that counsel would know better than to go
23   outside those boundaries, but I do take that seriously in terms
24   of your concern and I re-stress that the depositions at this
25   time are limited to the standing issue.
```

```
 1              I also reemphasize the comment I made before at the

 2    prior hearing that by authorizing these depositions in the

 3    context of this discovery hearings, I am not in any way

 4    attempting to bypass or in any fashion countermand any

 5    requirements that foreign nations may have with regard to

 6    conducting depositions within their jurisdictional boundaries.

 7              I am aware that there is a number of countries that

 8    allow voluntary depositions to go forward without having to go

 9    through the Hague Convention and other treatise for gathering

10    evidence in foreign countries.  If that can be done in that

11    fashion, then obviously that is with the consent of those

12    countries.  I am not -- and I am again emphasizing -- presuming

13    in any fashion to dictate how things would be done in foreign

14    countries that is totally outside of our jurisdiction.

15              So, with those caveats, I will deny the motion for

16    protective order, reaffirm my prior ruling regarding

17    Mr. Morillo and Mr. Baquero making themselves available for

18    deposition while preserving all of their objections to service,

19    to personal jurisdiction and so on.  If the intent of this

20    motion was to have the record built so that my discovery ruling

21    can be appealed to Judge Gayles as presumably contrary to law

22    or clearly erroneous, you are free to do so, Mr. MacDougall.

23              Very well, I have taken care of that matter.

24              MR. MACDOUGALL:  Thank you.

25              Your Honor, can I ask for clarification on one point?
```

```
 1              THE COURT:  Of course.

 2              MR. MACDOUGALL:  At the prior hearing, Your Honor, you

 3     quite correctly, and you reiterated just now, concern about the

 4     local requirements, the local Hague Convention requirements for

 5     the taking of depositions outside the United States.  In the

 6     motion that we filed -- I recognize it was filed quite late

 7     last night and the Court may have had limited time look at it

 8     -- we do disclose that Mr. Morillo and Mr. Baquero are

 9     residents in Mexico although they travel periodically to

10     Venezuela for business.

11              Our reading of the requirements of the law of Mexico is

12     that they cannot be compelled to submit to a non-voluntary

13     deposition without the Hague Convention procedures being

14     followed.

15              With that fact or that position in mind, I am not clear

16     on what the Court's direction is with regard to how we would go

17     ahead invoking that other than what we have already done with

18     the motion.

19              THE COURT:  Well, contrary to your assumption I did

20     read through your whole motion, and I do notice that -- I do

21     note that you said that they live in Mexico but they travel to

22     Venezuela.  I also note that it's possible that they could make

23     themselves available somewhere else.

24              My intention on saying that is I would not force

25     somebody to sit in a deposition contrary to that country's law,
```

1    but it seems to me that the parties have been cooperating

2    amongst each other to get the standing issue resolved and where

3    there is a will there is a way, so if you all can work around

4    this issue, be my guest, more power to you.  If you cannot,

5    then that's an issue that would then have to be resolved in

6    some other fashion.

7         I, obviously, cannot require that a deposition take

8    place contrary to the laws of a nation but you can always work

9    around that and agree to a different location for deposition if

10   that's your intention.  If you insist on saying no, they will

11   not travel anywhere outside of Mexico and they will not sit for

12   deposition.  Then maybe some other relief may need to be sought

13   from the Court, but that is where I am coming from.

14        Does that clarify for you my logic and rationale?

15        MR. MACDOUGALL:  It does, Your Honor, thank you.

16        MR. D. BOIES:  Your Honor, this is David Boies.  So,

17   during the pendency of the lawsuit, Mr. Baquero and Mr. Morillo

18   have, according to our information, been both in Venezuela and

19   in the United States where they obviously could be deposed.

20   So, they do travel both to those places, and if they are

21   staying in Mexico now, it is simply to avoid the depositions.

22        THE COURT:  Well, if that's the case and you want to

23   seek relief from the Court, Mr. Boies, you're welcome to do so,

24   but I recommend that you all try to work things out among

25   yourselves like you appear to have been doing so far.

```
 1              MR. D. BOIES:  We will do that, Your Honor.
 2              THE COURT:  All right.
 3              Next.  Then I have the defendants' notice and then I
 4    have plaintiff's counter notice and plaintiff is responding to
 5    some of the issues raised by defendants.  So, let me see what
 6    the best way to look at this is.
 7              Issues to be addressed:  Issues related to plaintiff's
 8    document production, assertion of privilege regarding drafts of
 9    the trust agreement and metadata and potential issues with
10    plaintiff's privilege log.
11              I pulled my first discovery order, and it reads on page
12    two, as to defendants' request for production number one,
13    plaintiff shall produce non-privileged responsive documents.
14    This includes drafts of the trust agreement, the engagement
15    letter and agreements concerning Algamex.
16              Maybe I could have drafted this a little better.  The
17    first sentence is meant to qualify the second sentence.  So,
18    it's not that I am saying that I am deeming the trust
19    agreement, engagement letter and Algamex to be non-privileged.
20    I am saying, non-privileged documents, including those, to the
21    extent that they are non-privileged.
22              So, to the extent that that may have been read due to
23    maybe some lack of clarity on my part, my apologies but the
24    intention there was obviously to say plaintiff can assert their
25    privilege and that's why we go through and we gave dates for
```

1    the privilege logs, but I wanted to make sure that the

2    documents to the extent they are not privileged encompassed

3    within that request for production included drafts of a trust

4    agreement, engagement letter and agreements concerning Algamex.

5         Now, the plaintiff is claiming privilege as to the

6    drafts of the trust agreement.  The parties seem to have been

7    engaging in some attempt to resolve this issue with some kind

8    of stipulation that the production of the drafts does not waive

9    privilege.  And then there is some other dispute now about

10   metadata, so let me hear in a concise fashion from Mr. Boies

11   what you are willing to produce, under what conditions and then

12   I will let the defense spokesperson address that.

13        MR. D. BOIES:  Thank you, Your Honor.

14        In order to move things along, we have offered,

15   pursuant to a stipulated order to produce the drafts, even

16   though they are internal drafts and we believe privileged, so

17   long as we have a stipulated order that doing so will not waive

18   any claim of privilege with respect to documents or

19   communications other than the drafts that are being produced

20   themselves that we might otherwise have.  That is, we are

21   willing to produce the drafts, let them have them, and they

22   could use them but they can't claim that because we produced

23   the drafts we have to produce, for example, communications

24   about the draft or any other documents or communications.

25        THE COURT:  All right.  What do you mean by stipulated

1    order?  Do you mean something that the Court says that this

2    does not constitute a waiver or do you want people to sign

3    stipulations?

4         That was not very clear.

5         MR. D. BOIES:  We have given them a stipulation, a

6    formal of stipulation that we would ask the defendants to sign,

7    and we said any defendant who signs it can get the drafts.  And

8    we would ask the Court to so order the stipulation.

9         THE COURT:  All right.  So, everybody signs it and then

10   the Court goes, so ordered.  That's what you envision and then

11   you still don't want to produce metadata?

12        MR. D. BOIES:  With respect to metadata, Your Honor, I

13   think that is a decision that could go either way, and I think

14   the only thing that we would ask is that we decide that issue

15   one way or the other so that it applies generally.

16        If we are going to produce documents, there is an

17   argument that says you ought to produce the metadata as well.

18   There is also argument that says the metadata may be

19   privileged.

20        From our perspective, we think the Court could rule

21   either way.  All we want to do is be sure that we have a rule

22   that applies to all the documents that are going to be produced

23   equally to both the defendants and plaintiffs here.

24        THE COURT:  All right.  So, with regard to that

25   production, you are willing to produce and you are willing to

1    let the Court decide whether you have or don't have to produce

2    metadata and let me hear then what is the defendant's take on

3    this offer.

4         MR. BURKOFF:  Your Honor, thank you.  This is Dave

5    Burkoff designated to speak to some of the document-related

6    issues.

7         Part of the issue here has been a moving target on the

8    deadline for production of the drafts.  We are told, "We think

9    they are privilege, but if you will agree that our production

10   of the drafts won't operate as a waiver and you won't later

11   claim that it does, then we will produce them."

12        That was on the 2nd when this production deadline per

13   the Court's order -- that was the deadline.  We didn't hear

14   from plaintiffs for a couple of days.  They came back with a

15   written stipulation, which would have only let the defendants

16   who signed the stipulation to see the drafts and wouldn't let

17   the defendants view the drafts with experts or with witnesses.

18        We came back and said, "Well, if we are going to do a

19   stipulation we need it to say that we could share the drafts

20   with experts and witnesses."

21        Then today -- I believe we got late last night we got a

22   new version that has that in but then it says, "Anybody who

23   looks at something needs to sign something."

24        So, again, it's sort of a moving target.  We have said

25   very clearly on behalf of all defendants, we will not treat

1    production of the drafts of the trust agreement (unintelligible

2    due) with respect to any other document.

3          And, you know, our view is, to move this along, that

4    statement on the record at this hearing should suffice.

5          With regard to metadata, we believe that metadata is

6    important to see.  We formally requested it.  The plaintiff has

7    requested metadata on us, and I tend to agree with Mr. Boies, I

8    think to the extent that documents have metadata associated

9    with them as the case goes on, the metadata should be produced.

10          THE COURT:  All right.  For the sake of continuing the

11   progress of this case, I will at this time make it an order of

12   the Court that production of the drafts does not constitute a

13   waiver of the privilege claims that plaintiff may have as to

14   any other documents and that production shall include metadata

15   and that anyone who sees the documents is subject to not

16   disclosing it or using it for anything other than for purposes

17   of the litigation, and use of viewing of such document shall

18   constitute agreement to abide by this restriction.

19          So, with that, and I will include that in what will be

20   my third discovery order.

21          Does that satisfy your concerns, Mr. Boies, or do you

22   want me to throw anything else in there?

23          MR. D. BOIES:  The only thing I would ask, Your Honor,

24   is when you said it does not waive any claim that we may have

25   with respect to any other document, that the Court add, "any

1   other document or communication" because, obviously, there are

2   oral communications we will have a privilege on.

3           THE COURT:  Okay.  Document or communications, I will

4   throw that in.

5           MR. D. BOIES:  Thank you.

6           THE COURT:  All right.  Does that resolve the

7   production of the drafts?

8           MR. D. BOIES:  Yes, I believe it does, Your Honor.

9           MR. BURKOFF:  Yes, it does.

10          THE COURT:  All right.  Then let me see the next issue.

11          MR. BURKOFF:  Your Honor, this is Dave Burkoff.  Can we

12  have clarification from Mr. Boies, will they be produced today?

13  Is that possible?

14          MR. D. BOIES:  I think we could do that.  I am actually

15  not -- I am actually in California but George Carpinello, can

16  we produce those tonight?

17          MR. CARPINELLO:  We can get hard copies out tonight.  I

18  don't think we can get the metadata out today.  We can get it

19  out by tomorrow, sure.

20          MR. D. BOIES:  Is that acceptable?

21          THE COURT:  Can you live with that?

22          MR. BURKOFF:  We will live with what we can get but we

23  would prefer the metadata but --

24          THE COURT:  Okay.  Documents today, metadata tomorrow.

25          All right.  I think that that covers -- all right.  I

1    guess I jumped around.

2            There was sub A, whether plaintiff has produced all

3    responsive non-privileged documents.  Defendants want to ensure

4    that all non-privileged documents responsive to their request

5    have been produced.

6            Mr. Boies, can you address that and assure them aside

7    from what we just discussed about the drafts of the trust

8    agreement that you have produced all non-privileged responsive

9    documents to date?

10           MR. D. BOIES:  Yes, Your Honor, we have told them that.

11           THE COURT:  Okay.

12           MR. D. BOIES:  And we have asked for the same

13   representation of defendants.

14           THE COURT:  All right.  I think I had that

15   representation already at one of the last hearings and it's --

16   that was made by defendants that they had produced everything

17   that they had.  So --

18           MR. BURKOFF:  Your Honor, excuse me, this is Dave

19   Burkoff.  There was an open question as of the parties' meet

20   and confer yesterday as to whether all non-privileged

21   responsive agreements had been produced.  For example,

22   plaintiff's counsel was going to check whether there were any

23   responsive non-privileged agreements with the Brennan Group.

24   That's an open question.

25           Then for the sake of clarity, plaintiff's counsel has

```
 1    indicated they represent both the Trust, the plaintiff in this

 2    case, and also PDVSA.  So we want to be clear that plaintiff

 3    has produced all non-privileged responsive documents both in

 4    the Trust's possession, custody and control, and in PDVSA's

 5    possession, custody and control.

 6              MR. D. BOIES:  This is David Boies, Your Honor.

 7              I think there is a clarification there.  We represent

 8    the Trust.  The Trust is a distinct entity.  We have also been

 9    retained by PDVSA.  In particular, we have been retained by

10    PDVSA to represent the Trust.  We have not represented PDVSA in

11    its production of documents.  PDVSA in its production of

12    documents has been represented by its General Counsel.

13              We have, however, undertaken to try to assure PDVSA

14    produces any documents that it has in addition to the documents

15    that we already have gotten from PDVSA and that we are

16    producing.  We have been assured by PDVSA's General Counsel

17    that all of the documents that they have that are responsive

18    have been produced by us.  We have told the defendants that we

19    would get a statement from PDVSA, representation from PDVSA to

20    that effect to them in writing.

21              THE COURT:  Well, from the last hearing my

22    understanding was, Mr. Boies, that you were, as you just said,

23    undertaking to receive documents from PDVSA and then in turn

24    produce them because PDVSA technically is not the plaintiff.

25    It's the Trust that's the plaintiff.
```

1          So, non-parties don't produce documents under the

2    rules.  That was my understanding, and you are telling me that

3    you have undertaken that and that on top of that you are

4    willing to have a statement made by PDVSA saying they have

5    nothing more to give?

6          MR. D. BOIES:  Yes, Your Honor.  That is exactly right.

7          THE COURT:  All right.  That's a matter of record now

8    and you are welcome to exchange that document with the defense

9    counsel.

10          So, do I need to address anything else about anything

11    that needs to be produced before I address the issues that

12    appear to be arising in connection with the privilege log?

13          MR. CARPINELLO:  Your Honor, I apologize, George

14    Carpinello for the plaintiffs.  Mr. Burkoff said that we

15    represented that we would provide agreements with the Brennan

16    Group.  Is he referring to the agreements with the Trust and

17    the Brennan Group, because I don't --

18          MR. D. BOIES:  I think what he said was we would

19    produce non-privileged documents that were responsive that we

20    had in our possession, custody or control, which is, I think,

21    an act of --

22          THE COURT REPORTER:  I'm sorry?  And act of what?

23          MR. BURKOFF:  In the Court's order of April 25th, the

24    Court directed the plaintiff to produce side agreements and,

25    you know, our understanding is if there is an agreement related

1   to formation of the Trust with the Brennan Group, it would be a

2   side agreement or letter agreement or something of that nature

3   and during our meet and confer yesterday there was a commitment

4   to see whether there are such agreements.

5          MR. D. BOIES:  Yes.  That is exactly right.

6          MR. CARPINELLO:  That clarification is fine.

7          THE COURT:  All right.  So, you are all clear on that

8   now or do you need anything else from me?

9          MR. BURKOFF:  I take it from plaintiff's counsel's

10  response there are no such responsive agreements.

11         MR. D. BOIES:  Yes.

12         THE COURT:  Okay.  So, then, moving onto the issues of

13  the privilege log, first iteration was provided after 8:00 p.m.

14  yesterday and to the extent that your analysis, defendants'

15  analysis of plaintiff's privilege log raises issues, they

16  wanted to address them if in a position to do so.

17         Do you want to address any issues related to the

18  privilege log?

19         I don't know, we are kind of expanding this hearing way

20  beyond its original intent, but if I can help you in any way, I

21  am happy to do so.

22         MR. BURKOFF:  Your Honor, this is Dave Burkoff.  I will

23  be very brief on this.  I recognize the Court does not have --

24  you don't have before you a copy of the log produced last

25  night.

1          Our initial take is that it's not comprehensive enough

2    in terms of complying with the local rules in terms of

3    disclosing the subject matter of the withheld communications.

4    So, in other words, it doesn't provide enough information for

5    the defendants to be able to mount a challenge where

6    appropriate to any of the withheld documents.

7          For example, the type of privilege.  The type of

8    description of the documents you see is, "communication

9    containing legal discussion and strategy concerning the trust."

10          That's with respect to the e-mails.  Then there are

11   attachments listed, and the attachments don't reflect what type

12   of document they are or anything else, frankly, other than the

13   basis for withholding.  So, again, this is the preliminary case

14   but Your Honor asked is there a way in which she can be helpful

15   at this point in time and I think the direction to plaintiff

16   that they need to comply with the local rule and give us

17   sufficient descriptive information so that we can evaluate the

18   privilege is what we are really looking for.

19          THE COURT:  Well, I shouldn't need to tell counsel that

20   they need to comply with the local rules.  That's sort of like

21   a given that everybody who practices in the Southern District

22   of Florida knows.  Generally, the format of the privilege log

23   is generally pretty clear.  The information needs to be

24   provided sufficient so that a challenge can be mounted.  The

25   subject of the e-mail communication or whatever it is needs to

1    be told, the parties to the communication, the date and so on.

2           If the privilege log does not strictly comply with the

3    local rule, then I would recommend that you revisit it and

4    supplement it as necessary.

5           We can tag this issue for our next hearing if you'd

6    like, but it seems that at this point in time plaintiff has

7    produced a privilege log.  Defendant doesn't seem to think that

8    it gives enough detail, so I would recommend that the parties

9    meet and confer, see if they can resolve their differences and

10   if not then I will be happy to address them with more

11   specificity.  Okay.

12          MR. BURKOFF:  Thank you, Your Honor.

13          MR. D. BOIES:  We will do that, Your Honor.

14          THE COURT:  All right.  Then the matter that the

15   hearing was set for which is the depositions regarding

16   standing.

17          So, I thought we were only going to have to discuss the

18   fourth deponent, but now other issues have arisen.  Now,

19   plaintiff, we had already three people or three individuals

20   designated by defendants for plaintiff to produce.  That was

21   the 30(b)(6) of PDVSA, the 30(b)(6) of the PDVSA Trust and the

22   Procurador, Mr. Muñoz Pedrosa.

23          Now there seems to be change in the defendants' take on

24   it.  They now don't want to take the corporate representative

25   of the Trust and they want to take two other people, Nelson

1    Martinez and Alexis Arellano.

2         Nelson Martinez, from my recollection, is the guy who

3    is in jail.  I forget who this Alexis Arellano is.  Plaintiff

4    is saying that if -- I'm sorry, defendants are saying that if

5    plaintiff cannot produce these people that I should issue an

6    order compelling them to produce them.

7         I don't know what I can do, tell plaintiff's counsel to

8    go to the jail wherever that is and grab this guy.

9         Give me a little bit more so I can figure out what you

10   want me to do.

11        MR. ENCINOSA:  Hi, Your Honor, this is Israel Encinosa.

12   I am speaking for defendants on this issue.

13        THE COURT:  Israel Encinosa.

14        MR. ENCINOSA:  I'm sorry.

15        THE COURT:  I repeated your name for the court

16   reporter.  That's fine.  I am the assistant court reporter.

17        MR. ENCINOSA:  Thank you, Your Honor.

18        Your Honor is correct.  We -- the last hearing, if Your

19   Honor will recall, we were discussing the fourth individual and

20   both Mr. Martinez and Mr. Arellano were next on the list.  It

21   was shortly before the last hearing on a meet and confer with

22   the opposing counsel that we learned for the first time that

23   Mr. Arellano -- and Mr. Arellano is -- there are three trustees

24   to the Trust and only one of them is appointed by PDVSA.

25        Mr. Arellano is the single PDVSA-appointed trustee, and

```
 1    just by way of background, under the trust agreement, the one
 2    the plaintiff claims to be the operative trust agreement, it's
 3    these litigation trustees -- three of them, only one from
 4    PDVSA -- that are responsible for all decision and duties with
 5    respect to the litigation trust and the trust assets and are
 6    the ones that hold the sole responsibility to pursue and
 7    prosecute the claims that were purportedly assigned.
 8          So, apparently the PDVSA-appointed trustee is a key
 9    individual and we have been told by plaintiff that they, thus
10    far, are unable to locate this individual.  Obviously, that
11    raises issues that go even beyond standing regarding the
12    ability for the plaintiff to pursue any action or continue to
13    participate in this litigation without the trustee and confirm
14    he is still the trustee, but just can't be located and be made
15    to participate in the litigation.
16          We take the position that as the party, the Trust that
17    this person was the managing agent, clearly, must be made
18    available and the Court has the power to compel them to be made
19    available.
20          You know, it's not a circumstance we have created.
21    There are issues regarding, for instance, among others, the
22    authenticity of the Trust, the authenticity of Mr. Arellano's
23    signature in the first place.  For instance, of the three
24    individuals in Venezuela that signed the trust agreement, there
25    is -- it's not a notary stamp technically, but no "buena vista
```

1    or buena visto" type stamp next to his name.  He was not

2    originally supposed to sign these.

3         There are a number of things.  Mr. Martinez, who was

4    the former minister of oil, he is the other individual.  He is

5    -- the plaintiff, their official position is that -- and I

6    think this is a direct quote, as far as they know he is in jail

7    in Venezuela, but they claim not to be able to locate this

8    individual in jail despite that as the plaintiff has

9    acknowledged they are working very closely with, among other

10   people, the Attorney General of Venezuela.

11        Mr. Martinez is a central figure in this case.  There

12   is also doubt regarding his signature and the authenticity of

13   his signature especially because he was jailed and removed from

14   his position.  He is, we just found out recently, also the

15   individual who signed the engagement letter for the law firm

16   that was just produced within the last several days, and he,

17   under the trust agreement, is the individual who purportedly

18   appointed Mr. Arellano in the first place.  So, pursuant to the

19   rules of civil procedure as managing agent, the Court can

20   compel them and should compel them to attend.

21        Separate and apart from that, aside from the cases that

22   are noted for separate reasons that because these

23   individuals -- rather, because the plaintiff as the assignee of

24   the claims here stands in the shoes of PDVSA with respect to

25   discovery that for the separate and second reasons the Court

1    can surely compel these individuals to appear.

2         THE COURT:  These two people are trustees of the

3    litigation trust?

4         MR. ENCINOSA:  Your Honor, Mr. Arellano is one of the

5    three trustees of the litigation trust.  He is the only trustee

6    appointed by PDVSA.  The other two trustees are appointed by

7    U.S. law firms.  One by Boies Schiller, and the other by a

8    second U.S. law firm.

9         Mr. Martinez is not a trustee but he is named -- he

10   signs the trust as the minister of oil, so the plaintiff claims

11   that he was authorized to assign the claims as the minister of

12   oil to the trust.  That's an issue that's in dispute and is

13   highly contested as to the issue of standing.  Within the trust

14   agreement he is also the one listed as the person with the

15   power to appoint the one PDVSA-appointed trustee, in this case

16   Mr. Arellano.  And he is also the individual who in the

17   capacity of the Minister of Oil purportedly signed the

18   engagement letter with Boies Schiller on behalf of PDVSA.

19        Of course, again, the same assignment would apply with

20   respect to -- even if he was Minister of Oil at the time he

21   signed the engagement letter that was, in fact, signed by him

22   before he was jailed, that he does not have the power under

23   Venezuelan law to do that.

24        THE COURT:  Okay.  So, Arellano is a trustee of the

25   Trust.  So, you are saying that the Trust, who is the plaintiff

1   in this case, needs to produce him.

2        I don't see that the assignee argument goes there

3   because this is a trustee of the actual trust who is a

4   plaintiff in this case.

5        So, you want an order compelling plaintiff to produce

6   one of its own trustees and then on Martinez you want an order

7   compelling plaintiff to produce the former oil minister of

8   Venezuela who presumably is in jail, but we don't really know.

9        We don't have any clarity on that and I don't know what

10  power the plaintiff, itself, has to compel to produce this

11  person or what power I have to -- obviously, I have power over

12  the plaintiff in this case.  I don't know that I have power to

13  tell the plaintiff in this case to get somebody who presumably

14  is in jail in Venezuela.

15       But let's concentrate first on the trustee of the

16  Trust, who is a plaintiff.  Let me hear from Mr. Boies the

17  story on Mr. Arellano.

18       MR. D. BOIES:  Yes, Your Honor, thank you.  And let me

19  clarify one statement counsel made.  Counsel said that we had

20  confirmed that Mr. Arellano was still a trustee of the trust.

21  That is not accurate.  Mr. Arellano was one of the three

22  original trustees.  However, under the trust agreement and

23  under New York law, if a trustee is unable or unwilling to

24  fulfill the duties of a trustee, that person ceases to be a

25  trustee.  Mr. Arellano has been absent, gone and in a place not

```
 1    known by us.
 2         We have inquired of the Procurador General.  He is
 3    unable to locate Mr. Arellano.
 4         Then, as I told counsel in a meet and confer, it is my
 5    understanding that PDVSA, the appropriate people that had the
 6    power to appoint a successor trustee to Mr. Arellano, will
 7    appoint a successor trustee to Mr. Arellano.
 8         That has not, I believe, happened, and the only two
 9    trustees that currently exist are the two Americans who
10    obviously are available to testify but, A, even if Mr. Arellano
11    were still a trustee, if we can't find him, if no one knows
12    where he is, I don't think it's possible to order us to do an
13    impossible act which is to produce him.
14         Second, they asked to have a 30(b)(6) witness from the
15    trustee that would address these issues.  We offered to give
16    them a 30(b)(6) witness from the Trust to address these issues.
17    They then changed their mind instead of asking -- taking a
18    30(b)(6) witness, which is available, they are asking for
19    somebody who they know and have known is unavailable.  So, we
20    don't think it's possible to order us to produce somebody who
21    can't be produced.
22         Moreover, because of his vacating of the office of
23    trustee, he is actually not at the present time, in our view,
24    under New York law and under the terms of a trust agreement a
25    continuing trustee.
```

1        THE COURT:  All right.  So, you are telling me that you

2   cannot locate Mr. Arellano, that you have made due diligence

3   efforts.  You are representing as an officer of the court that

4   you have exhausted your abilities to locate Mr. Arellano and

5   are not able to determine his whereabouts at this time.

6        Is that correct?

7        MR. D. BOIES:  That is correct, Your Honor.  Moreover,

8   I have told counsel that if we were able to locate him we would

9   immediately tell them that we have located him, but I represent

10  to the Court that we have used every mean means that I know of

11  that we could use to try to locate him.  And we have been

12  unable to do so and they are going to take the Procurador

13  General's deposition and they can ask him, and I believe he

14  will confer, that he tried as well to find this person in

15  Venezuela.

16       THE COURT:  All right.  So, let me ask defendants'

17  counsel, you are not satisfied to take the deposition of the

18  30(b)(6) representative of the Trust?  That is no longer your

19  objective?

20       MR. ENCINOSA:  Your Honor, this is correct.  Again,

21  this is contentious between all defendants.  This is Israel

22  Encinosa.

23       This is to highlight one issue.  For example, how can

24  the 30(b)(6) deposition who presumably has no access to

25  Mr. Arellano confirm the authenticity of the signature or

```
 1    issues like that?

 2         We agree that this is difficult and we think it's an

 3    untenable position for the plaintiff to come into the Court

 4    relying on a time and a claim based on one document and then to

 5    simply say, you know, the document says that this entire

 6    litigation and the people responsible for that are three

 7    trustees and one of them can't be found or cannot be located.

 8         So, we think generally it's just an untenable

 9    situation.  That is the individual we want to depose for the

10    reasons I mentioned and for the individuals' position.

11         I don't know what else to say on that subject other

12    than we believe the Court has the power to compel them and then

13    if the plaintiff trust cannot even produce its trustee, then,

14    you know, if that happens, we will have to ask the Court to

15    take some action.

16         THE COURT:  So, you are willing to forgo the

17    possibility of taking the deposition of the 30(b)(6)

18    representative of the plaintiff for the sake of getting an

19    order compelling plaintiff to do something which based on

20    Mr. Boies's representation as an officer of the court plaintiff

21    cannot do?  That is the position of defendants?

22         MR. ENCINOSA:  Your Honor, I think that is the position

23    generally.  I will mention that we already -- we met and

24    conferred and I believe there is agreement on this confirmed by

25    e-mail today, Mr. Boies will correct me if I am wrong, that
```

1    they have agreed -- the plaintiff has agreed in the meantime at

2    our option if the trustee is -- if a new trustee is appointed

3    as the PDVSA trustee in replacement of Mr. Arellano to

4    potentially take that deposition.  But the trustee, the PDVSA

5    appointed trustee especially is an important person to depose.

6    So, essentially, by for whatever reason claiming that he is

7    still -- and that was confirmed in an e-mail by Mr. Carpinello

8    today, that he has not been replaced, Mr. Arellano has not been

9    replaced as trustee but then saying, oh, we can't find him but

10   we haven't replaced the trustee with a new trustee and

11   therefore you cannot take any trustee is an issue.

12           Now, I want to make clear, even if we are told that a

13   purported new trustee is appointed, I am not waiving the right

14   on behalf of defendant to still push for these depositions of

15   Mr. Arellano.  And between now and the deadline of taking

16   depositions, Mr. Arellano, I presume, may still appear or come

17   back or be located.  So, that is the position that defendants,

18   as a group, have taken again today at the last hearing.

19           I am speaking for a group of defendants so we have to

20   come to a consensus and this is the consensus for today.

21           I will mention, Your Honor, the consensus is based in

22   part on what I understood Your Honor to have said last time

23   which is we have to select the four individuals that we want to

24   depose on this case on the issue of standing and if that

25   individual happens to be somebody who is unavailable to be

```
1    deposed, so be it.  We have to elect that individual and if
2    they are unable to make that individual available for
3    deposition, then we can raise whatever arguments there are.  So
4    our position of the defendants is based on our understanding of
5    Your Honor's direction at the last hearing.
6               THE COURT:  Well, as I said, that's your strategy.  I
7    am not one to tell you how to do your strategy.
8               What I am trying to do is get this case moving along.
9    So, from three and missing one we are now at two and missing
10   two.  So, you want to keep holding off and see if Mr. Arellano
11   shows up?
12              Do you want an order telling plaintiff to, you have X
13   amount of days to produce Mr. Arellano and absent that X amount
14   of days to produce his substitute?
15              What kind of order do you want me to issue here?
16              MR. ENCINOSA:  Yes, Your Honor, that would be the best
17   order we would like to be issued, compelling him to show up.
18              THE COURT:  Well, not compelling him to show up.  I
19   have no power over the man.  He is somewhere else, compelling
20   the plaintiff to produce him for deposition.
21              Let me see, what is our current deadline for -- I guess
22   that gets us into the other discussion about when the other
23   people are available.  We had a deadline for the depositions
24   based on the last schedule of --
25              MR. ENCINOSA:  May 22nd, Your Honor.
```

1        THE COURT:  -- May 22nd.  The last day for depositions.

2        MR. ENCINOSA:  Correct.

3        THE COURT:  All right.  And there is some indication

4 that the two that we have, apparently, agreement on, which is

5 the Procurador General and the 30(b)(6) representative of PDVSA

6 whose names appears to be Hilda Cabeza, those two can't travel

7 and are not available and there is some indication that you all

8 want to extend that deadline.

9        So, let's figure out that deadline and then let's

10 figure out deadlines for Mr. Arellano to be produced or his

11 substitute to be produced and then we will deal with the fourth

12 person.

13        So, let's sort of sidetrack ourselves into Mr. Muñoz

14 Pedrosa and Ms. Cabeza and their availabilities and when their

15 depositions will take place.

16        MR. ENCINOSA:  Your Honor, Mr. Muñoz Pedrosa we have

17 been told by plaintiff can be available for deposition in the

18 United States.  They said New York.

19        We may have to agree to New York even though the

20 obligation should be to produce him in the forum, during the

21 week of May 28th and the defendants are generally in agreement

22 to slightly extend the schedule to accommodate that deposition

23 occurring during the week of May 28th.

24        With respect to Ms. Cabeza, although initially we are

25 told she might also be in New York or in the United States, we

```
 1      were told today, I believe, by plaintiff that she is not

 2      available or willing to travel to the United States for

 3      deposition and could only be made available for deposition

 4      according to the defendant by video conference during the week

 5      of May 21st.

 6              The defendants' position with respect to that is that

 7      the PDVSA 30(b)(6) should be, pursuant to the default rule,

 8      made available for deposition in the forum here in Miami.

 9              We are fine to do it the week of May 21st.  We are fine

10      to extend it out to the week of May 28th as we are willing to

11      do it to Mr. Pedrosa Muñoz.

12              THE COURT:  Is Ms. Cabeza willing to travel sometime

13      before May 28th or she doesn't want to travel at all?

14              MR. D. BOIES:  Your Honor, this is David Boies.

15              We have not been able to get her to agree to travel,

16      and contrary to what defendant keeps saying, I don't think that

17      there is any obligation on the part of the Trust to compel

18      people who it does not control to come to the United States.

19              We have convinced the Procurador General to come to the

20      United States.  We tried to convince Dr. Cabeza, but, I mean,

21      for example, in terms of the forum, we are taking the

22      deposition of Trafigura.  Trafigura is producing their 30(b)(6)

23      deponent not in the forum.  They are producing them in Houston

24      Texas.

25              THE COURT:  Hang on just one second.
```

35

1           Ms. Cabeza is the representative of PDVSA who

2    technically is not a party.  It's the Litigation Trust who is

3    the parties.  I know there are all those issues.  So, I am not

4    going to require that she travel to the United States.  She is

5    not a party.  She is a witness.

6           So, what do you want to do with her?  Do you want to

7    take her video deposition by May 21st or do you want to hold

8    out hope that she will travel to the U.S. and extend her

9    deadline to May 28th?

10           It's up to you.

11           MR. ENCINOSA:  Your Honor, for the sake of clarity and

12    for the record, the argument we are making is based on the case

13    law we cited regarding the assignment of claims and that the

14    assignor stands in the shoes for full respect of discovery of

15    the assignee.

16           THE COURT:  Right, and the cases you cited to me have

17    to do with production of discoverable information and

18    documents.  I did not see any case there talking about

19    depositions or location of deposition or anything along those

20    lines.  So, that's my ruling.

21           What do you want to do?  Do you want to take her by May

22    21st?  Do you want to extend her time to the 28th to see if she

23    changes her mind?

24           MR. ENCINOSA:  Your Honor, to the extent that she

25    changes her mind, we would be willing to extend it to the 28th

1    and to the fact Your Honor requires the deposition to proceed

2    by video conference if she is not willing to travel here, we

3    can do it the week of the 21st.  So, if Your Honor wants to

4    leave it open in the order for her to change her mind, we will

5    be happy to do that.

6         THE COURT:  All right.  I will leave it open for

7    Mr. Muñoz Pedrosa and Ms. Cabeza, their depositions to be taken

8    by May 28th.

9         MR. ENCINOSA:  Your Honor, I believe the plaintiffs

10   said they are available the week of May 28.

11        THE COURT:  Yes, the week of May 28th -- I'm sorry, the

12   week of May 28th is the week of Memorial Day.

13        MR. D. BOIES:  Your Honor, this is David Boies.  We

14   will work with defendants.  With this guidance from the Court,

15   I think we can work with defendants to come up with specific

16   dates that are convenient for everybody.

17        THE COURT:  All right.  I will keep it as the week of

18   May 28th.

19        Now, with that deadline of the week of May 28th, what

20   do defendants want me to do as far as giving a deadline for the

21   plaintiff to produce Mr. Arellano or his substitute?

22        MR. ENCINOSA:  I believe, Your Honor, we can use the

23   same deadline would be fine or we can cut it off at the

24   original deadline, May 22nd, so we don't have too many

25   depositions then.

```
1              THE COURT:  Okay.  By May 22nd then plaintiff must
2   produce the PDVSA-appointed trustee, Mr. Arellano or his
3   replacement?
4              MR. D. BOIES:  Your Honor, can I be heard on that?
5              THE COURT:  Yes.
6              MR. D. BOIES:  If Mr. Arellano were dead, there
7   wouldn't be any suggestion that we had to produce him.
8              THE COURT:  Well, that's why I said or his replacement.
9   So, that means you better hustle and get a replacement if he is
10  dead.
11             MR. D. BOIES:  Here is the problem, Your Honor.  We
12  don't have the power to appoint a replacement.
13             THE COURT:  Mr. Boies, I sympathize with you, but that
14  is my ruling.  By the 22nd Mr. Arellano or his replacement.
15             All right.  So, then, that's three people.  That leaves
16  the jailed guy, Mr. Martinez.  I don't see how we can get him.
17             MR. ENCINOSA:  Your Honor, with respect to
18  Mr. Martinez, the position -- I already explained why he is a
19  key figure but always the plaintiff has represented to us and
20  including in an e-mail today and this is a quote, as far as
21  they know he is in jail.  Mr. Boies explained efforts
22  undertaken to locate Mr. Arellano.
23             Again, they don't dispute, I guess, or understand that
24  he is in jail, but I'd like to know if the Court would inquire
25  as to steps that have been taken to locate Mr. Martinez.  He is
```

1    a key figure in that he is the one who purports, again, in his

2    capacity as Minister of Oil to have assigned these claims to

3    the Trust and also the one who signed -- the only person who

4    signed the engagement letter or for PDVSA.

5         THE COURT:  You know, this is not a trustee of the

6    Trust.  This is somebody who signed some documents.  I don't

7    know what they can do to locate him, to find him.  I don't know

8    that they can even produce him.  I don't know that they have

9    the power to produce him.  He is not one of the trustees like

10   Mr. Arellano or his replacement.

11        You want to insist on Mr. Martinez, I can give a

12   deadline that his deposition take place by May 28th if he

13   appears and if he doesn't then you have given up your fourth

14   deposition.

15        MR. ENCINOSA:  Your Honor, just for the sake of

16   clarification, Mr. Martinez is referenced in the Trust as the

17   person with the power to appoint trustee, so he does have power

18   within the trust document.

19        THE COURT:  Yes, but he exercised supposedly that power

20   but he doesn't hold a position with the Trust like the trustees

21   do.  That's what I am saying.  I don't know what I can do to

22   tell the Trust you got to go find this guy who signed some

23   things in the trust and who is now disappeared somewhere.

24        I can -- all I can do for you is give a deadline by

25   which he needs to be deposed and if he doesn't get deposed by

```
 1   that time, you lose that fourth spot.  That's all I can do for
 2   you with Mr. Martinez.
 3           MR. ENCINOSA:  Your Honor, in light of the fact, again,
 4   that I am speaking on behalf of approximately 40 defendants,
 5   can Your Honor include in the order that that would be the
 6   ruling but that the defendants have 24 hours to advise the
 7   Court and plaintiff?
 8           THE COURT:  If they want to pick some other person?
 9           MR. ENCINOSA:  Yes, Your Honor.
10           THE COURT:  All right.
11           MR. ENCINOSA:  Thank you, Your Honor.
12           THE COURT:  Okay.  So that's it for the four defense
13   deponents.
14           The plaintiff's deponents I think I have addressed
15   already the issue with Mr. Morillo and Mr. Baquero.
16           The other is the corporate rep of Trafigura, and then
17   who is the fourth?
18           MR. D. BOIES:  The fourth we have asked for Mr. Ramos
19   who we understood was an employee or agent of the Morillo
20   group, including Helsinge.
21           Now, today the defendants have asserted that maybe he
22   is not.  If they are unable to produce him -- he is still our
23   first choice if they can produce him.  If they are telling us,
24   if they are making a representation as officers of the court
25   that they do not have the power to produce him because he is
```

1    not their agent or employee, then we take Mr. Lutz.

2         Our first choice would be Mr. Ramos unless they tell us

3    contrary to what we had thought he is not related to the

4    Morillo group of defendants.

5         THE COURT:  What is Mr. Ramos's first name?

6         MR. D. BOIES:  Mr. Carpinello, can you --

7         MR. CARPINELLO:  Ricardo Ramos.

8         THE COURT:  Ricardo Ramos.  Okay.  The first one for

9    you is Ricardo Ramos or Daniel Lutz?

10        MR. D. BOIES:  Yes, Your Honor.

11        THE COURT:  And when do you want to know if Mr. Ramos

12   is available for deposition?

13        MR. D. BOIES:  As promptly as they relatively can.  I

14   think they must know -- because we asked for him before.  They

15   must know whether he is their employee or agent or not.  If

16   they need more time to figure that out, I don't object to that

17   but they ought to be able to -- if he is their employee or

18   agent, they ought to be able to make him available for

19   deposition either in the United States or Venezuela.

20        If he is not, then we would go to Mr. Lutz.

21        THE COURT:  Are we keeping the May 22nd deadline for

22   these depositions or are we pushing all of them to May 28th?

23        MR. D. BOIES:  We would be prepared on behalf of the

24   plaintiffs, Your Honor, to do either one.  If they need until

25   the 28th to produce them, we don't have any objection to that.

1    If we can produce them before May 28th, before May 22nd, we

2    would take them earlier.  We will leave that up to them whether

3    they need that additional time or not.

4            THE COURT:  I am trying to figure out a date by which

5    they need to tell you it's going to be Ramos or Lutz.

6            MR. D. BOIES:  Can we ask them to tell us that this

7    Friday, Your Honor?

8            THE COURT:  This Friday?  That would be May the 11th?

9            MR. D. BOIES:  Yes.

10           THE COURT:  Can you all do that?  Who is addressing

11   that, Mr. Encinosa?

12           MR. ENCINOSA:  Yes, Your Honor, there is Mr. Encinosa.

13           First, as to the general point I think as a general

14   proposition, we should have the same deadline for the

15   completion of depositions for both plaintiffs and defendants.

16           THE COURT:  I'm sorry, you were drifting off.

17           What was your first statement about general

18   proposition?

19           MR. ENCINOSA:  Yes, Your Honor, I apologize.  What I

20   meant to say is as a general proposition I think that there

21   should be the same deadline or cutoff for plaintiff's and

22   defendants' deposition.

23           THE COURT:  Okay.  So, you want to extend to May 28th

24   the present deadline of May 22nd but you wanted Arellano or his

25   replacement and Martinez by the 22nd?

1          MR. ENCINOSA:  I believe that's what I have said, Your

2    Honor, yes.

3          THE COURT:  All right.  But you want your -- you want

4    defendants not to be deposed as a deadline until May the 28th?

5          MR. ENCINOSA:  Yes, consistent with the base for

6    Mr. Pedroso Muñoz that --

7          THE COURT:  Okay.  But can you tell plaintiffs by

8    May 11th whether it's going to be Mr. Ramos or Mr. Lutz?

9          MR. ENCINOSA:  Yes, Your Honor, we are happy to comply

10   with that deadline.

11         Just so the Court is aware, yesterday was the Court's

12   deadline for the defendants to designate -- the plaintiffs,

13   rather, to designate the four individuals.  Yesterday was the

14   first time that we were informed by the plaintiff of their

15   desire -- well, plaintiff since has asked for the availability

16   of Mr. Lutz and Mr. Ramos generally.

17         THE COURT:  Yes.

18         MR. ENCINOSA:  We have already informed the plaintiffs

19   that Mr. Ramos is not an employee and will not be made

20   available and then we have the issue with Mr. Lutz.

21         So, we were hoping to get clarification today on who

22   the fourth individual would be to determine what course of

23   action to take.

24         THE COURT:  So, the fourth individual is either Ramos

25   or Lutz.  Right?

1          MR. D. BOIES:  Yes, Your Honor.

2          THE COURT:  That's what I thought I heard.

3          MR. D. BOIES:  Yes, I think that is absolutely clear.

4          THE COURT:  I mean, we have Morillo, Baquero, the

5     Trafigura corporate rep and the fourth lucky winner of the

6     deposition lottery is one of these two people.

7          MR. ENCINOSA:  Understood, Your Honor.  Just so that I

8     understand, we were happy to tell plaintiff our position by

9     May 11th.

10         THE COURT:  Okay.  But Mr. Encinosa, you are already

11    saying today, which is May the 8th, that Ramos is not available

12    because he is not an employee.  Is that the position of

13    defendants already?

14         MR. ENCINOSA:  Yes, Your Honor, I was trying to preempt

15    the position by explaining that that we have already

16    communicated to the plaintiff that --

17         THE COURT:  Okay.  We don't need a May 11th deadline.

18         We need Daniel Lutz is the fourth winner.

19         MR. D. BOIES:  It sounds that way, Your Honor.

20         THE COURT:  Okay.  I am glad we are all talking the

21    same language.

22         All right.  So, then all of the deposition deadlines

23    are extended to May the 28th but you want to know -- defendants

24    want to know by May 22nd whether the plaintiff can produce

25    Arellano or his replacement and whether plaintiffs can produce

```
 1   Martinez.  Did I state that correctly?

 2           MR. ENCINOSA:  Yes, Your Honor, I believe that's

 3   correct.  Sorry, there was one other issue I wanted to raise

 4   with respect to Mr. Lutz.

 5           Mr. Lutz is in a very similar position to Mr. Baquero

 6   and Mr. Morillo and we understand Your Honor's ruling with

 7   respect to them and identified -- we'd like the opportunity, I

 8   am not saying we would file a motion, but we may file a similar

 9   motion but he is in a similar position so I just want to

10   confirm that all the same restrictions that Your Honor has

11   already discussed with respect to the length of time and scope

12   of the deposition for Mr. Baquero Morillo would apply to

13   Mr. Lutz.

14           THE COURT:  Yes, two hour limit, limited to standing

15   issues only.  Do not go outside of that and where does he

16   reside?

17           MR. ENCINOSA:  Your Honor, my understanding is he -- I

18   believe he is -- he is outside of the country.  I believe he is

19   in Mexico.

20           THE COURT:  In Mexico?

21           MR. ENCINOSA:  I believe so, Your Honor.

22           THE COURT:  All right.  Well, if he does not travel out

23   of Mexico and depositions cannot be taken in Mexico, then

24   that's a different issue.

25           If he is willing to travel if you all can work it out,
```

1    if you can do a remote deposition without offending the laws of

2    Mexico, I leave all that for you to work out.  But all of my

3    rulings with regards to Mr. Morillo and Mr. Baquero are equally

4    applicable to Mr. Lutz.

5            All right.

6            MR. D. BOIES:  Your Honor, this is Davis Boies.

7            Could I just ask the Court, in light of the fact that

8    you changed the deadlines to May 28th for everything, except

9    for Arellano or his successor whether that deadline can also be

10   May 28th, the reason I say that is I understand the Court's

11   ruling but what I have to do is I have to somehow get the

12   appointing authority in Venezuela that I don't have any control

13   over to appoint a successor trustee and given the difficulties

14   of what's going on in Venezuela right now, as much time as we

15   can possibly get to do that would be appreciated because what

16   we are -- what I've got to do is without any power to control

17   them, I've got to accelerate their selection process.

18           THE COURT:  Well, but what I said -- notice what I said

19   and that's why I wanted to clarify.

20           I said by May 22nd you would let defendants know

21   whether it would be Mr. Arellano or his replacement.

22           The deposition deadline is still May 28th for

23   everybody.

24           The same thing for Mr. Martinez, by May 22nd, whether

25   you can produce him or not.  That gives the defendants a little

1   bit of wiggle room to see what else they want to do because if

2   we push it out to the 28th, then they are out of time.

3        So, that was the rationale for that and that's why I

4   reemphasized it and I thought I got agreement that that's what

5   that deadline meant.

6        MR. D. BOIES:  I understand, Your Honor.  I understand.

7        THE COURT:  All right.  Then I am giving you 24 hours,

8   defendants, to decide if you want to pick somebody else instead

9   of insisting on Mr. Martinez.  So, that will be in the order.

10       MR. ENCINOSA:  Your Honor, this is Israel Encinosa.  I

11  just wanted to point out because the deadline for fact

12  depositions is being extended, we think it could make sense or

13  we can do this off line and try to come to agreement with the

14  plaintiffs if Your Honor would prefer to slightly modify the

15  dates that come after that because given that June 28th was

16  selected as a hearing date, there is additional time that could

17  be worked with so that there would be a gap between the fact

18  depositions and the report.

19       THE COURT:  All right.  So, submit agreed dates for

20  anything that is, you know, that ripples down from the

21  extension from May 22nd to May 28th, leaving the hearing date

22  of June 28th and June 29th intact and you can just submit that

23  as a joint proposal and then I will issue a third scheduling

24  order reflecting those dates.

25       Anything else I can do for you at this time?

1          MR. D. BOIES:  Not for the plaintiffs, Your Honor.

2     Thank you very much.

3          THE COURT:  All right.  Mr. Encinosa, Mr. Burkoff,

4     anything else?

5          MR. ENCINOSA:  Nothing from Mr. Encinosa.

6          MR. BURKOFF:  No, Your Honor, thank you very much.

7          THE COURT:  All right.  We have a hearing set for

8     May 23rd.  I don't have any other hearings between now and

9     then.  If anything should come up that needs my immediate

10    attention, follow the procedure outlined in the discovery

11    procedure notice that I filed in the record.

12         Thank you very much.

13         MR. D. BOIES:  Thank you, Your Honor.

14         MR. ENCINOSA:  Thank you, Your Honor.

15         MR. BURKOFF:  Thank you.

16         COURTROOM DEPUTY:  Court is adjourned.

17         (Proceedings were concluded at 5:30 p.m.)

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E
 2

 3
           I hereby certify that the foregoing is an
 4
    accurate transcription of the proceedings in the
 5
    above-entitled matter.
 6

 7

 8  May 9, 2018           /s/Patricia Diaz
    DATE                  PATRICIA DIAZ, FCRR, RPR, FPR
 9                        Official Court Reporter
                          United States District Court
10                        400 North Miami Avenue, 11th Floor
                          Miami, Florida 33128
11                        (305) 523-5178

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**/**

**/s/Patricia** [1] - 48:8

**1**

**100** [1] - 3:16
**1001** [1] - 3:10
**11th** [7] - 3:7, 3:22, 41:8, 42:8, 43:9, 43:17, 48:10
**1221** [1] - 3:3
**18-20818-CV-Gayles** [1] - 4:4

**2**

**200** [1] - 3:13
**20001** [1] - 3:8
**2010** [1] - 3:3
**2018** [1] - 48:8
**21st** [5] - 34:5, 34:9, 35:7, 35:22, 36:3
**22nd** [13] - 32:25, 33:1, 36:24, 37:1, 37:14, 40:21, 41:1, 41:24, 41:25, 43:24, 45:20, 45:24, 46:21
**23rd** [1] - 47:8
**24** [2] - 39:6, 46:7
**25th** [1] - 19:23
**28** [1] - 36:10
**28th** [26] - 33:21, 33:23, 34:10, 34:13, 35:9, 35:22, 35:25, 36:8, 36:11, 36:12, 36:18, 36:19, 38:12, 40:22, 40:25, 41:1, 41:23, 42:4, 43:23, 45:8, 45:10, 45:22, 46:2, 46:15, 46:21, 46:22
**29th** [1] - 46:22
**2nd** [1] - 14:12

**3**

**30(b)(6** [11] - 22:21, 28:14, 28:16, 28:18, 29:18, 29:24, 30:17, 33:5, 34:7, 34:22
**305** [2] - 3:23, 48:11
**31412** [1] - 3:14
**33128** [2] - 3:23, 48:10
**33131** [3] - 3:3, 3:10, 3:17

**4**

**40** [1] - 39:4
**400** [2] - 3:22, 48:10
**4200** [1] - 3:17

**5**

**523-5178** [2] - 3:23, 48:11
**5:30** [1] - 47:17

**6**

**6th** [1] - 3:7

**7**

**777** [1] - 3:7

**8**

**8:00** [1] - 20:13
**8th** [1] - 43:11

**9**

**9** [1] - 48:8
**900** [1] - 3:10
**9848** [1] - 3:14

**A**

**abide** [1] - 15:18
**abilities** [1] - 29:4
**ability** [1] - 24:12
**able** [7] - 21:5, 25:7, 29:5, 29:8, 34:15, 40:17, 40:18
**above-entitled** [1] - 48:5
**absent** [2] - 27:25, 32:13
**absolutely** [1] - 43:3
**accelerate** [1] - 45:17
**acceptable** [1] - 16:20
**access** [1] - 29:24
**accommodate** [1] - 33:22
**according** [2] - 10:18, 34:4
**accurate** [1] - 27:21, 48:4

**acknowledged** [1] - 25:9
**act** [3] - 19:21, 19:22, 28:13
**action** [3] - 24:12, 30:15, 42:23
**actual** [1] - 27:3
**Adam** [1] - 5:14
**add** [1] - 15:25
**addition** [1] - 18:14
**additional** [3] - 7:3, 41:3, 46:16
**address** [9] - 12:12, 17:6, 19:10, 19:11, 20:16, 20:17, 22:10, 28:15, 28:16
**addressed** [2] - 11:7, 39:14
**addressing** [1] - 41:10
**adjourned** [1] - 47:16
**advise** [1] - 39:6
**afternoon** [10] - 4:9, 5:2, 5:7, 5:13, 5:17, 5:22, 6:2, 6:9, 6:16, 6:22
**agent** [6] - 24:17, 25:19, 39:19, 40:1, 40:15, 40:18
**agree** [6] - 10:9, 14:9, 15:7, 30:2, 33:19, 34:15
**agreed** [3] - 31:1, 46:19
**agreement** [23] - 11:9, 11:14, 11:19, 12:4, 12:6, 15:1, 15:18, 17:8, 19:25, 20:2, 24:1, 24:2, 24:24, 25:17, 26:14, 27:22, 28:24, 30:24, 33:4, 33:21, 46:4, 46:13
**agreements** [9] - 11:15, 12:4, 17:21, 17:23, 19:15, 19:16, 19:24, 20:4, 20:10
**ahead** [1] - 9:17
**Akin** [1] - 6:3
**al** [1] - 4:3
**Alex** [1] - 6:10
**Alexander** [1] - 4:11
**Alexis** [2] - 23:1, 23:3
**Algamex** [3] - 11:15, 11:19, 12:4
**ALLAN** [1] - 3:12
**Allan** [1] - 5:8
**allow** [1] - 8:8

**ALSO** - 3:2
**Alvarez** [1] - 5:12
**Americans** [1] - 28:9
**Americas** [2] - 4:3, 5:1
**amount** [2] - 32:13
**analysis** [2] - 20:14, 20:15
**AND** [1] - 3:6
**announce** [1] - 4:7
**announced** [1] - 7:7
**anticipate** [1] - 7:21
**Antonio** [1] - 5:21
**ANTONIO** [1] - 3:3
**apart** [1] - 25:21
**apologies** [1] - 11:23
**apologize** [2] - 19:13, 41:19
**appealed** [1] - 8:21
**appear** [4] - 10:25, 19:12, 26:1, 31:16
**appearances** [1] - 4:7
**applicable** [1] - 45:4
**applies** [2] - 13:15, 13:22
**apply** [2] - 26:19, 44:12
**appoint** [6] - 26:15, 28:6, 28:7, 37:12, 38:17, 45:13
**appointed** [11] - 23:24, 23:25, 24:8, 25:18, 26:6, 26:15, 31:2, 31:5, 31:13, 37:2
**appointing** [1] - 45:12
**appreciated** [1] - 45:15
**appropriate** [2] - 21:6, 28:5
**April** [1] - 19:23
**Arellano** [38] - 23:1, 23:3, 23:20, 23:23, 23:25, 25:18, 26:4, 26:16, 26:24, 27:17, 27:20, 27:21, 27:25, 28:3, 28:6, 28:7, 28:10, 29:2, 29:4, 29:25, 31:3, 31:8, 31:15, 31:16, 32:10, 32:13, 33:10, 36:21, 37:2, 37:6, 37:14, 37:22, 38:10, 41:24, 43:25, 45:9, 45:21
**Arellano's** [1] - 24:22
**argument** [4] - 13:17, 13:18, 27:2, 35:12

**arguments** [1] - 32:3
**arisen** [2] - 7:3, 22:18
**arising** [1] - 19:12
**aside** [2] - 17:6, 25:21
**assert** [1] - 11:24
**asserted** [1] - 39:21
**assertion** [1] - 11:8
**assets** [1] - 24:5
**assign** [1] - 26:11
**assigned** [2] - 24:7, 38:2
**assignee** [3] - 25:23, 27:2, 35:15
**assignment** [2] - 26:19, 35:13
**assignor** [1] - 35:14
**assistant** [1] - 23:16
**associated** [1] - 15:8
**assumption** [1] - 9:19
**assure** [2] - 17:6, 18:13
**assured** [1] - 18:16
**attachments** [2] - 21:11
**attempt** [1] - 12:7
**attempting** [1] - 8:4
**attend** [1] - 25:20
**attention** [2] - 7:11, 47:10
**Attorney** [1] - 25:10
**authenticity** [4] - 24:22, 25:12, 29:25
**authority** [1] - 45:12
**authorized** [3] - 7:20, 7:21, 26:11
**authorizing** [1] - 8:2
**availabilities** [1] - 33:14
**availability** [1] - 42:15
**available** [18] - 8:17, 9:23, 24:18, 24:19, 28:10, 28:18, 32:2, 32:23, 33:7, 33:17, 34:2, 34:3, 34:8, 36:10, 40:12, 40:18, 42:20, 43:11
**Avenue** [3] - 3:3, 3:22, 48:10
**avoid** [1] - 10:21
**aware** [2] - 8:7, 42:11

**B**

**BAC** [1] - 6:21
**background** [1] -

24:1
**Bank** [1] - 6:21
**Baquero** [11] - 6:1, 7:7, 7:11, 8:17, 9:8, 10:17, 39:15, 43:4, 44:5, 44:12, 45:3
**Barrett** [4] - 4:13, 4:15, 4:19, 4:21
**base** [1] - 42:5
**based** [6] - 30:4, 30:19, 31:21, 32:4, 32:24, 35:12
**basis** [1] - 21:13
**Bay** [1] - 3:10
**behalf** [5] - 14:25, 26:18, 31:14, 39:4, 40:23
**Ben** [1] - 5:8
**BENJAMINE** [1] - 3:15
**Bermuda** [1] - 5:20
**BERMUDA** [1] - 3:2
**best** [2] - 11:6, 32:16
**better** [3] - 7:22, 11:16, 37:9
**between** [4] - 29:21, 31:15, 46:17, 47:8
**beyond** [2] - 20:20, 24:11
**bit** [2] - 23:9, 46:1
**BOIES** [44] - 4:9, 4:14, 4:17, 4:21, 4:25, 10:16, 11:1, 12:13, 13:5, 13:12, 15:23, 16:5, 16:8, 16:14, 16:20, 17:10, 17:12, 18:6, 19:6, 19:18, 20:5, 20:11, 22:13, 27:18, 29:7, 34:14, 36:13, 37:4, 37:6, 37:11, 39:18, 40:6, 40:10, 40:13, 40:23, 41:6, 41:9, 43:1, 43:3, 43:19, 45:6, 46:6, 47:1, 47:13
**Boies** [24] - 4:10, 4:11, 4:14, 4:17, 4:21, 10:16, 10:23, 12:10, 15:7, 15:21, 16:12, 17:6, 18:6, 18:22, 26:7, 26:18, 27:16, 30:25, 34:14, 36:13, 37:13, 37:21, 45:6
**Boies's** [1] - 30:20
**boundaries** [2] - 7:23, 8:6
**Box** [1] - 3:14
**Brad** [1] - 4:12
**Brennan** [4] - 17:23, 19:15, 19:17, 20:1

**Brian** [1] - 6:10
**Brickell** [2] - 3:3, 3:10
**brief** [1] - 20:23
**Briz** [1] - 6:10
**Brockman** [1] - 4:11
**brought** [1] - 7:10
**Brown** [1] - 5:3
**buena** [2] - 24:25, 25:1
**built** [1] - 8:20
**BURCK** [1] - 3:6
**Burck** [1] - 5:18
**Burkoff** [7] - 5:8, 14:5, 16:11, 17:19, 19:14, 20:22, 47:3
**BURKOFF** [14] - 3:12, 5:7, 5:17, 14:4, 16:9, 16:11, 16:22, 17:18, 19:23, 20:9, 20:22, 22:12, 47:6, 47:15
**business** [1] - 9:10
**BY** [1] - 3:19
**bypass** [1] - 8:4

## C

**Cabeza** [7] - 33:6, 33:14, 33:24, 34:12, 34:20, 35:1, 36:7
**California** [1] - 16:15
**cannot** [10] - 9:12, 10:4, 10:7, 23:5, 29:2, 30:7, 30:13, 30:21, 31:11, 44:23
**capacity** [2] - 26:17, 38:2
**care** [1] - 8:23
**CAREY** [1] - 5:13
**Carey** [1] - 5:13
**Carlton** [1] - 5:9
**CARLTON** [1] - 3:16
**CARPINELLO** [4] - 16:17, 19:13, 20:6, 40:7
**Carpinello** [5] - 4:11, 16:15, 19:14, 31:7, 40:6
**case** [16] - 4:3, 10:22, 15:9, 15:11, 18:2, 21:13, 25:11, 26:15, 27:1, 27:4, 27:12, 27:13, 31:24, 32:8, 35:12, 35:18
**cases** [2] - 25:21, 35:16
**caveats** [1] - 8:15
**ceases** [1] - 27:24

**central** [1] - 25:11
**certify** [1] - 48:3
**challenge** [2] - 21:5, 21:24
**change** [2] - 22:23, 36:4
**changed** [2] - 28:17, 45:8
**changes** [2] - 35:23, 35:25
**check** [2] - 4:24, 17:22
**checkmark** [1] - 4:16
**choice** [2] - 39:23, 40:2
**circumstance** [1] - 24:20
**cited** [2] - 35:13, 35:16
**civil** [1] - 25:19
**claim** [6] - 12:18, 12:22, 14:11, 15:24, 25:7, 30:4
**claiming** [2] - 12:5, 31:6
**claims** [8] - 15:13, 24:2, 24:7, 25:24, 26:10, 26:11, 35:13, 38:2
**clarification** [6] - 8:25, 16:12, 18:7, 20:6, 38:16, 42:21
**clarify** [3] - 10:14, 17:19, 45:19
**clarity** [4] - 11:23, 17:25, 27:9, 35:11
**clear** [7] - 9:15, 13:4, 20:7, 21:23, 31:12, 43:3
**clearly** [3] - 8:22, 14:25, 24:17
**CLIFTON** [1] - 3:15
**Clifton** [1] - 5:8
**closely** [1] - 25:9
**COLONIAL** [2] - 3:12, 3:13
**Colonial** [2] - 5:5, 5:6
**coming** [1] - 10:13
**comment** [1] - 8:1
**commitment** [1] - 20:3
**communicated** [1] - 43:16
**communication** [4] - 16:1, 21:8, 21:25, 22:1
**communications** [6] - 12:19, 12:23, 12:24, 16:2, 16:3, 21:3

**compel** [7] - 24:18, 25:20, 26:1, 27:10, 30:12, 34:17
**compelled** [1] - 9:12
**compelling** [7] - 23:6, 27:5, 27:7, 30:19, 32:17, 32:18, 32:19
**completion** [1] - 41:15
**comply** [4] - 21:16, 21:20, 22:2, 42:9
**complying** [1] - 21:2
**comprehensive** [1] - 21:1
**concentrate** [1] - 27:15
**concern** [3] - 7:17, 7:24, 9:3
**concerning** [3] - 11:15, 12:4, 21:9
**concerns** [2] - 7:16, 15:21
**concise** [1] - 12:10
**concluded** [1] - 47:17
**conditions** [1] - 12:11
**conducting** [1] - 8:6
**confer** [6] - 17:20, 20:3, 22:9, 23:21, 28:4, 29:14
**conference** [2] - 34:4, 36:2
**conferred** [1] - 30:24
**confirm** [2] - 24:13, 29:25, 44:10
**confirmed** [3] - 27:20, 30:24, 31:7
**connection** [1] - 19:12
**consensus** [3] - 31:20, 31:21
**consent** [1] - 8:11
**consistent** [1] - 42:5
**constitute** [3] - 13:2, 15:12, 15:18
**containing** [1] - 21:9
**contentious** [1] - 29:21
**contested** [1] - 26:13
**context** [1] - 8:3
**continue** [1] - 24:12
**CONTINUED** [1] - 3:1
**continuing** [2] - 15:10, 28:25
**contrary** [6] - 8:21, 9:19, 9:25, 10:8, 34:16, 40:3

**control** [6] - 18:4, 18:5, 19:20, 34:18, 45:12, 45:16
**convenient** [1] - 36:16
**Convention** [3] - 8:9, 9:4, 9:13
**convince** [1] - 34:20
**convinced** [1] - 34:19
**cooperating** [1] - 10:1
**copies** [1] - 16:17
**copy** [1] - 20:24
**corporate** [3] - 22:24, 39:16, 43:5
**correct** [8] - 6:7, 23:18, 29:6, 29:7, 29:20, 30:25, 33:2, 44:3
**correctly** [2] - 9:3, 44:1
**Counsel** [2] - 18:12, 18:16
**counsel** [14] - 4:7, 7:7, 7:22, 17:22, 17:25, 19:9, 21:19, 23:7, 23:22, 27:19, 28:4, 29:8, 29:17
**counsel's** [1] - 20:9
**counter** [2] - 7:5, 11:4
**countermand** [1] - 8:4
**countries** [4] - 8:7, 8:10, 8:12, 8:14
**country** [1] - 44:18
**country's** [1] - 9:25
**couple** [1] - 14:14
**course** [5] - 7:16, 7:18, 9:1, 26:19, 42:22
**Court** [29] - 3:21, 3:21, 4:1, 9:7, 10:13, 10:23, 13:1, 13:8, 13:10, 13:20, 14:1, 15:12, 15:25, 19:24, 20:23, 24:18, 25:19, 25:25, 29:10, 30:3, 30:12, 30:14, 36:14, 37:24, 39:7, 42:11, 45:7, 48:9, 48:9
**court** [6] - 23:15, 23:16, 29:3, 30:20, 39:24, 47:16
**COURT** [91] - 4:5, 4:13, 4:15, 4:20, 4:23, 5:1, 5:5, 5:10, 5:16, 5:20, 5:25, 6:4, 6:11, 6:14, 6:18, 6:21, 7:15,

9:1, 9:19, 10:22, 11:2, 12:25, 13:9, 13:24, 15:10, 16:3, 16:6, 16:10, 16:21, 16:24, 17:11, 17:14, 18:21, 19:7, 19:22, 20:7, 20:12, 21:19, 22:14, 23:13, 23:15, 26:2, 26:24, 29:1, 29:16, 30:16, 32:6, 32:18, 33:1, 33:3, 34:12, 34:25, 35:16, 36:6, 36:11, 36:17, 37:1, 37:5, 37:8, 37:13, 38:5, 38:19, 39:8, 39:10, 39:12, 40:5, 40:8, 40:11, 40:21, 41:4, 41:8, 41:10, 41:16, 41:23, 42:3, 42:7, 42:17, 42:24, 43:2, 43:4, 43:10, 43:17, 43:20, 44:14, 44:20, 44:22, 45:18, 46:7, 46:19, 47:3, 47:7

**Court's** [5] - 9:16, 14:13, 19:23, 42:11, 45:10
**COURTROOM** [2] - 4:2, 47:16
**covers** [1] - 16:25
**created** [1] - 24:20
**current** [1] - 32:21
**custody** [3] - 18:4, 18:5, 19:20
**cut** [1] - 36:23
**cutoff** [1] - 41:21

# D

**Daniel** [3] - 6:4, 40:9, 43:18
**date** [5] - 17:9, 22:1, 41:4, 46:16, 46:21
**DATE** [1] - 48:8
**dates** [5] - 11:25, 36:16, 46:15, 46:19, 46:24
**Dave** [4] - 14:4, 16:11, 17:18, 20:22
**DAVID** [1] - 3:12
**David** [10] - 4:10, 4:13, 4:15, 4:19, 4:21, 5:7, 10:16, 18:6, 34:14, 36:13
**Davis** [2] - 4:12, 45:6
**days** [4] - 14:14, 25:16, 32:13, 32:14
**DC** [1] - 3:8

---

**de** [1] - 5:12
**dead** [2] - 37:6, 37:10
**deadline** [27] - 14:8, 14:12, 14:13, 31:15, 32:21, 32:23, 33:8, 33:9, 35:9, 36:19, 36:20, 36:23, 36:24, 38:12, 38:24, 40:21, 41:14, 41:21, 41:24, 42:4, 42:10, 42:12, 43:17, 45:9, 45:22, 46:5, 46:11
**deadlines** [3] - 33:10, 43:22, 45:8
**deal** [1] - 33:11
**decide** [3] - 13:14, 14:1, 46:8
**decision** [2] - 13:13, 24:4
**deeming** [1] - 11:18
**default** [1] - 34:7
**DEFENDANT** [1] - 3:6
**defendant** [5] - 13:7, 22:7, 31:14, 34:4, 34:16
**defendant's** [2] - 7:4, 14:2
**DEFENDANTS** [2] - 3:2, 3:16
**defendants** [36] - 7:6, 11:5, 13:6, 13:23, 14:15, 14:17, 14:25, 17:3, 17:13, 17:16, 18:18, 21:5, 22:20, 23:4, 23:12, 29:21, 30:21, 31:17, 31:19, 32:4, 33:21, 36:14, 36:15, 36:20, 39:4, 39:6, 39:21, 40:4, 41:15, 42:4, 42:12, 43:13, 43:23, 45:20, 45:25, 46:8
**defendants'** [7] - 11:3, 11:12, 20:14, 22:23, 29:16, 34:6, 41:22
**defense** [3] - 12:12, 19:8, 39:12
**deny** [1] - 8:15
**deponent** [3] - 7:1, 22:18, 34:23
**deponents** [2] - 39:13, 39:14
**depose** [3] - 30:9, 31:5, 31:24
**deposed** [5] - 10:19, 32:1, 38:25, 42:4
**deposition** [33] -

---

7:21, 8:18, 9:13, 9:25, 10:7, 10:9, 10:12, 29:13, 29:17, 29:24, 30:17, 31:4, 32:3, 32:20, 33:17, 33:22, 34:3, 34:8, 34:22, 35:7, 35:19, 36:1, 38:12, 38:14, 40:12, 40:19, 41:22, 43:6, 43:22, 44:12, 45:1, 45:22
**depositions** [22] - 7:18, 7:20, 7:24, 8:2, 8:6, 8:8, 9:5, 10:21, 22:15, 31:14, 31:16, 32:23, 33:1, 33:15, 35:19, 36:7, 36:25, 40:22, 41:15, 44:23, 46:12, 46:18
**DEPUTY** [2] - 4:2, 47:16
**description** [1] - 21:8
**descriptive** [1] - 21:17
**designate** [2] - 42:12, 42:13
**designated** [2] - 14:5, 22:20
**desire** [1] - 42:15
**despite** [1] - 25:8
**detail** [1] - 22:8
**determine** [2] - 29:5, 42:22
**Diaz** [1] - 48:8
**DIAZ** [2] - 3:20, 48:8
**dictate** [1] - 8:13
**differences** [1] - 22:9
**different** [2] - 10:9, 44:24
**difficult** [1] - 30:2
**difficulties** [1] - 45:13
**diligence** [1] - 29:2
**direct** [1] - 25:6
**directed** [1] - 19:24
**direction** [3] - 9:16, 21:15, 32:5
**disappeared** [1] - 38:23
**disclose** [1] - 9:8
**disclosing** [2] - 15:16, 21:3
**discoverable** [1] - 35:17
**discovery** [8] - 6:25, 8:3, 8:20, 11:11, 12:50, 25:25, 35:14, 47:10
**discuss** [2] - 7:1,

---

22:17
**discussed** [2] - 17:7, 44:11
**discussing** [1] - 23:19
**discussion** [2] - 21:9, 32:22
**dispute** [3] - 12:9, 26:12, 37:23
**distinct** [1] - 18:8
**District** [3] - 3:21, 21:21, 48:9
**document** [12] - 11:8, 14:5, 15:2, 15:17, 15:25, 16:1, 16:3, 19:8, 21:12, 30:4, 30:5, 38:18
**document-related** [1] - 14:5
**documents** [27] - 11:13, 11:20, 12:2, 12:18, 12:24, 13:16, 13:22, 15:8, 15:14, 15:15, 16:24, 17:3, 17:4, 17:9, 18:3, 18:11, 18:12, 18:14, 18:17, 18:23, 19:1, 19:19, 21:6, 21:8, 35:18, 38:6
**done** [3] - 8:10, 8:13, 9:17
**doubt** [1] - 25:12
**down** [1] - 46:20
**Dr** [1] - 34:20
**draft** [1] - 12:24
**drafted** [1] - 11:16
**drafts** [20] - 11:8, 11:14, 12:3, 12:6, 12:8, 12:15, 12:16, 12:19, 12:21, 12:23, 13:7, 14:8, 14:10, 14:16, 14:17, 14:19, 15:1, 15:12, 16:7, 17:7
**drifting** [1] - 41:16
**Drive** [1] - 3:10
**due** [3] - 11:22, 15:2, 29:2
**DUNN** [1] - 3:13
**during** [6] - 7:17, 10:17, 20:3, 33:20, 33:23, 34:4
**duties** [2] - 24:4, 27:24

---

# E

**e-mail** [4] - 21:25, 30:25, 31:7, 37:20

---

**e-mails** [1] - 21:10
**Edward** [1] - 5:18
**EDWARD** [1] - 3:9
**effect** [1] - 18:20
**efforts** [2] - 29:3, 37:21
**either** [5] - 13:13, 13:21, 40:19, 40:24, 42:24
**elect** [1] - 32:1
**Ellen** [1] - 4:11
**EMANUEL** [1] - 3:6
**Emmanuel** [1] - 5:18
**emphasizing** [1] - 8:12
**employee** [6] - 39:19, 40:1, 40:15, 40:17, 42:19, 43:12
**ENCINOSA** [35] - 6:7, 6:13, 23:11, 23:14, 23:17, 26:4, 29:20, 30:22, 32:16, 32:25, 33:2, 33:16, 35:11, 35:24, 36:9, 36:22, 37:17, 38:15, 39:3, 39:9, 39:11, 41:12, 41:19, 42:1, 42:5, 42:9, 42:18, 43:7, 43:14, 44:2, 44:17, 44:21, 46:10, 47:5, 47:14
**Encinosa** [10] - 6:9, 23:11, 23:13, 29:22, 41:11, 41:12, 43:10, 46:10, 47:3, 47:5
**encompassed** [1] - 12:2
**ENERGY** [1] - 3:2
**Energy** [2] - 5:11, 5:20
**engagement** [7] - 11:14, 11:19, 12:4, 25:15, 26:18, 26:21, 38:4
**engaging** [1] - 12:7
**ensure** [1] - 17:3
**entire** [1] - 30:5
**entitled** [1] - 48:5
**entity** [1] - 18:8
**envision** [1] - 13:10
**equally** [2] - 13:23, 45:3
**erroneous** [1] - 8:22
**especially** [2] - 25:13, 31:5
**ESQ** [7] - 3:2, 3:6, 3:9, 3:12, 3:12, 3:15, 3:15
**essentially** [1] - 31:6
**et** [1] - 4:3

**Etan** [1] - 6:16
**evaluate** [1] - 21:17
**evidence** [1] - 8:10
**exactly** [2] - 19:6, 20:5
**example** [5] - 12:23, 17:21, 21:7, 29:23, 34:21
**except** [1] - 45:8
**exchange** [1] - 19:8
**excuse** [1] - 17:18
**exercised** [1] - 38:19
**exhausted** [1] - 29:4
**exist** [1] - 28:9
**EXLEY** [1] - 3:13
**expanding** [1] - 20:19
**experts** [2] - 14:17, 14:20
**explained** [2] - 37:18, 37:21
**explaining** [1] - 43:15
**express** [1] - 7:17
**extend** [7] - 33:8, 33:22, 34:10, 35:8, 35:22, 35:25, 41:23
**extended** [2] - 43:23, 46:12
**extension** [1] - 46:21
**extent** [6] - 11:21, 11:22, 12:2, 15:8, 20:14, 35:24

## F

**fact** [7] - 9:15, 26:21, 36:1, 39:3, 45:7, 46:11, 46:17
**far** [5] - 10:25, 24:10, 25:6, 36:20, 37:20
**fashion** [3] - 8:4, 8:11, 8:13, 10:6, 12:10
**FCRR** [2] - 3:20, 48:8
**Fernanda** [3] - 6:8, 6:12, 6:14
**FIELDS** [1] - 3:16
**Fields** [1] - 5:9
**figure** [8] - 23:9, 25:11, 33:9, 33:10, 37:19, 38:1, 40:16, 41:4
**file** [3] - 7:8, 44:8
**filed** [4] - 7:6, 9:6, 47:11
**fine** [5] - 20:6, 23:16, 34:9, 36:23
**firm** [3] - 4:10, 25:15,

26:8
**firms** [1] - 26:7
**first** [14] - 11:11, 11:17, 20:13, 23:22, 24:23, 25:18, 27:15, 39:23, 40:2, 40:5, 40:8, 41:13, 41:17, 42:14
**Flexner** [1] - 4:10
**Floor** [3] - 3:7, 3:22, 48:10
**Florida** [7] - 3:3, 3:10, 3:17, 3:23, 6:21, 21:22, 48:10
**follow** [1] - 47:10
**followed** [1] - 9:14
**FOR** [3] - 3:2, 3:6, 3:12
**force** [1] - 9:24
**foregoing** [1] - 48:3
**foreign** [3] - 8:5, 8:10, 8:13
**forget** [1] - 23:3
**forgo** [1] - 30:16
**formal** [1] - 13:6
**formally** [1] - 15:6
**format** [1] - 21:22
**formation** [1] - 20:1
**former** [2] - 25:4, 27:7
**forum** [4] - 33:20, 34:8, 34:21, 34:23
**forward** [1] - 8:8
**four** [3] - 31:23, 39:12, 42:13
**fourth** [12] - 7:1, 22:18, 23:19, 33:11, 38:13, 39:1, 39:17, 39:18, 42:22, 42:24, 43:5, 43:18
**FPR** [2] - 3:20, 48:8
**Francisco** [2] - 5:25, 7:6
**frankly** [1] - 21:12
**free** [1] - 8:22
**Friday** [2] - 41:7, 41:8
**fulfill** [1] - 27:24
**full** [1] - 35:14

## G

**Gabaldon** [1] - 5:11
**GALIS** [1] - 3:12
**Galis** [1] - 5:8
**gap** [1] - 46:17
**gathering** [1] - 8:9
**Gayles** [1] - 8:21
**Gelber** [1] - 5:23

**GELBER** [1] - 3:2
**General** [6] - 18:12, 18:16, 25:10, 28:2, 33:5, 34:19
**general** [4] - 41:13, 41:17, 41:20
**General's** [1] - 29:13
**generally** [7] - 13:15, 21:22, 21:23, 30:8, 30:23, 33:21, 42:16
**George** [3] - 4:11, 16:15, 19:13
**Georgia** [1] - 3:14
**GERALD** [1] - 3:2
**Gerry** [1] - 5:23
**given** [5] - 13:5, 15:21, 38:13, 45:13, 46:15
**glad** [1] - 43:20
**Glencore** [2] - 5:11
**Godfrey** [1] - 5:23
**GOLDBERG** [1] - 6:22
**Goldberg** [1] - 6:23
**Gonzalez** [1] - 6:10
**grab** [1] - 23:8
**GREENBERG** [2] - 3:2, 3:2
**Greenberg** [2] - 5:23, 5:24
**group** [4] - 31:18, 31:19, 39:20, 40:4
**Group** [5] - 5:6, 17:23, 19:16, 19:17, 20:1
**GROUP** [1] - 3:12
**GRUHN** [1] - 3:15
**Gruhn** [1] - 5:8
**guess** [3] - 17:1, 32:21, 37:23
**guest** [1] - 10:4
**guidance** [1] - 36:14
**Gump** [1] - 6:3
**Gunster** [1] - 5:3
**Gustavo** [1] - 5:11
**Guttman** [1] - 5:3
**guy** [4] - 23:2, 23:8, 37:16, 38:22

## H

**Hague** [3] - 8:9, 9:4, 9:13
**hang** [1] - 34:25
**happy** [5] - 20:21, 22:10, 36:5, 42:9, 43:8
**hard** [1] - 16:17
**Hayden** [1] - 6:17

**hear** [4] - 12:10, 14:2, 14:13, 27:16
**heard** [2] - 37:4, 43:2
**hearing** [15] - 7:9, 8:2, 9:2, 15:4, 18:21, 20:19, 22:5, 22:15, 23:18, 23:21, 31:18, 32:5, 46:16, 46:21, 47:7
**hearings** [3] - 8:3, 17:15, 47:8
**Hedges** [1] - 6:20
**Helier** [1] - 6:5
**help** [1] - 20:20
**helpful** [1] - 21:14
**Helsinge** [4] - 6:4, 6:5, 6:6, 39:20
**hereby** [1] - 48:3
**Hi** [1] - 23:11
**highlight** [1] - 29:23
**highly** [1] - 26:13
**Hilda** [1] - 33:6
**hold** [3] - 24:6, 35:7, 38:20
**holding** [1] - 32:10
**Holdings** [1] - 6:6
**Holland** [1] - 6:10
**Honor** [87] - 4:9, 4:14, 4:25, 5:2, 5:7, 5:13, 5:17, 5:22, 6:7, 6:9, 6:16, 6:19, 6:22, 7:14, 8:25, 9:2, 10:15, 10:16, 11:1, 12:13, 13:12, 14:4, 15:23, 16:8, 16:11, 17:10, 17:18, 18:6, 19:6, 19:13, 20:22, 21:14, 22:12, 22:13, 23:11, 23:17, 23:18, 23:19, 26:4, 27:18, 29:7, 29:20, 30:22, 31:21, 31:22, 32:16, 32:25, 33:16, 34:14, 35:11, 35:24, 36:1, 36:3, 36:9, 36:13, 36:22, 37:4, 37:11, 37:17, 38:15, 39:3, 39:5, 39:9, 39:11, 40:10, 40:24, 41:7, 41:12, 41:19, 42:2, 42:9, 43:1, 43:7, 43:14, 43:19, 44:2, 44:10, 44:17, 44:21, 45:6, 46:6, 46:10, 46:14, 47:1, 47:6, 47:13, 47:14
**Honor's** [2] - 32:5, 44:6
**hope** [1] - 35:8
**hoping** [1] - 42:21

**hour** [1] - 44:14
**hours** [2] - 39:6, 46:7
**Houston** [1] - 34:23
**Hubbard** [1] - 6:23
**Hughes** [1] - 6:23
**HUNTER** [1] - 3:13
**hustle** [1] - 37:9

## I

**identified** [1] - 44:7
**immediate** [1] - 47:9
**immediately** [1] - 29:9
**important** [2] - 15:6, 31:5
**impossible** [1] - 28:13
**INC** [2] - 3:3, 3:12
**Inc** [2] - 5:21, 6:4
**include** [3] - 15:14, 15:19, 39:5
**included** [1] - 12:3
**includes** [1] - 11:14
**including** [3] - 11:20, 37:20, 39:20
**indicated** [1] - 18:1
**indication** [2] - 33:3, 33:7
**individual** [14] - 23:19, 24:9, 24:10, 25:4, 25:8, 25:15, 25:17, 26:16, 30:9, 31:25, 32:1, 32:2, 42:22, 42:24
**individuals** [6] - 22:19, 24:24, 25:23, 26:1, 31:23, 42:13
**individuals'** [1] - 30:10
**Industries** [1] - 5:5
**INDUSTRIES** [1] - 3:13
**information** [5] - 10:18, 21:4, 21:17, 21:23, 35:17
**informed** [2] - 42:14, 42:18
**initial** [1] - 21:1
**inquire** [2] - 7:18, 37:24
**inquired** [1] - 28:2
**insist** [2] - 10:10, 38:11
**insisting** [1] - 46:9
**instance** [2] - 24:21, 24:23
**instead** [2] - 28:17, 46:8

**intact** [1] - 46:22
**intended** [1] - 7:8
**intent** [2] - 8:19, 20:20
**intention** [3] - 9:24, 10:10, 11:24
**internal** [1] - 12:16
**invoking** [1] - 9:17
**Israel** [5] - 6:9, 23:11, 23:13, 29:21, 46:10
**issue** [24] - 7:19, 7:20, 7:25, 10:2, 10:4, 10:5, 12:7, 13:14, 14:7, 16:10, 22:5, 23:5, 23:12, 26:12, 26:13, 29:23, 31:11, 31:24, 32:15, 39:15, 42:20, 44:3, 44:24, 46:23
**issued** [1] - 32:17
**issues** [18] - 7:3, 11:5, 11:7, 11:9, 14:6, 19:11, 20:12, 20:15, 20:17, 22:18, 24:11, 24:21, 28:15, 28:16, 30:1, 35:3, 44:15
**iteration** [1] - 20:13
**itself** [1] - 27:10

**J**

**jail** [8] - 23:3, 23:8, 25:6, 25:8, 27:8, 27:14, 37:21, 37:24
**jailed** [2] - 25:13, 26:22, 37:16
**Jeff** [1] - 6:22
**Jessica** [1] - 5:13
**John** [1] - 6:15
**joint** [1] - 46:23
**Jorge** [1] - 5:3
**Judge** [1] - 8:21
**Julian** [1] - 3:13
**jumped** [1] - 17:1
**June** [3] - 46:15, 46:22
**jurisdiction** [2] - 8:14, 8:19
**jurisdictional** [1] - 8:6

**K**

**keep** [2] - 32:10, 36:17
**keeping** [1] - 40:21
**keeps** [1] - 34:16

**KELSO** [1] - 5:22
**Kelso** [1] - 5:22
**key** [3] - 24:8, 37:19, 38:1
**kind** [3] - 12:7, 20:19, 32:15
**Knight** [1] - 6:10
**known** [2] - 28:1, 28:19
**knows** [2] - 21:22, 28:11

**L**

**lack** [1] - 11:23
**language** [1] - 43:21
**last** [14] - 6:12, 9:7, 14:21, 17:15, 18:21, 20:24, 23:18, 23:21, 25:16, 31:18, 31:22, 32:5, 32:24, 33:1
**late** [2] - 9:6, 14:21
**law** [8] - 8:21, 9:11, 9:25, 25:15, 26:7, 26:8, 26:23, 27:23, 28:24, 35:13
**laws** [2] - 10:8, 45:1
**lawsuit** [1] - 10:17
**learned** [1] - 23:22
**leave** [5] - 4:23, 36:4, 36:6, 41:2, 45:2
**leaves** [1] - 37:15
**leaving** [1] - 46:21
**LEE** [1] - 6:19
**Lee** [1] - 6:19
**legal** [1] - 21:9
**length** [1] - 44:11
**LENNON** [1] - 5:2
**Lennon** [1] - 5:2
**Leonardo** [2] - 6:1, 7:7
**letter** [8] - 11:15, 11:19, 12:4, 20:2, 25:15, 26:18, 26:21, 38:4
**Liendo** [1] - 6:5
**light** [2] - 39:3, 45:7
**limit** [1] - 44:14
**limited** [1] - 7:22, 7:25, 9:7, 44:14
**line** [1] - 46:13
**lines** [1] - 35:20
**list** [4] - 4:15, 4:24, 6:12, 23:20
**listed** [1] - 21:11, 26:14
**Litigation** [1] - 4:2, 35:2
**litigation** [8] - 15:17,

24:3, 24:5, 24:13, 24:15, 26:3, 26:5, 30:6
**live** [3] - 9:21, 16:21, 16:22
**LLC** [2] - 3:6, 4:3
**local** [6] - 9:4, 21:2, 21:16, 21:20, 22:3
**locate** [10] - 24:10, 25:7, 28:3, 29:2, 29:4, 29:8, 29:11, 37:22, 37:25, 38:7
**located** [4] - 24:14, 29:9, 30:7, 31:17
**location** [2] - 10:9, 35:19
**log** [9] - 11:10, 19:12, 20:13, 20:15, 20:18, 20:24, 21:22, 22:2, 22:7
**logic** [1] - 10:14
**logs** [1] - 12:1
**look** [2] - 9:7, 11:6
**looking** [1] - 21:18
**looks** [1] - 14:23
**lose** [1] - 39:1
**lottery** [1] - 43:6
**Ltd** [3] - 5:11, 6:5
**lucky** [1] - 43:5
**Luis** [2] - 5:12, 6:5
**Lukoil** [3] - 4:3, 5:1, 5:4
**Lutz** [14] - 6:4, 40:1, 40:9, 40:20, 41:5, 42:8, 42:16, 42:20, 42:25, 43:18, 44:4, 44:5, 44:13, 45:4

**M**

**MAARRAOUI** [1] - 3:3
**Maarraoui** [1] - 5:21
**MACDOUGALL** [5] - 6:2, 7:14, 8:24, 9:2, 10:15
**MacDougall** [3] - 6:2, 7:13, 8:22
**MACLEAN** [1] - 3:13
**mail** [4] - 21:25, 30:25, 31:7, 37:20
**mails** [1] - 21:10
**man** [1] - 32:19
**managing** [2] - 24:17, 25:19
**Maria** [3] - 6:7, 6:12, 6:14
**MARK** [1] - 6:16
**Mark** [3] - 6:2, 6:16,

6:17
**Martinez** [17] - 23:1, 23:2, 23:20, 25:3, 25:11, 26:9, 27:6, 37:16, 37:18, 37:25, 38:11, 38:16, 39:2, 41:25, 44:1, 45:24, 46:9
**matter** [8] - 8:23, 19:7, 21:3, 22:14, 48:5
**matters** [1] - 7:10
**Maximiliano** [1] - 6:18
**Mayer** [1] - 5:3
**mean** [5] - 12:25, 13:1, 29:10, 34:20, 43:4
**means** [2] - 29:10, 37:9
**meant** [3] - 11:17, 41:20, 46:5
**meantime** [1] - 31:1
**meet** [5] - 17:19, 20:3, 22:9, 23:21, 28:4
**Memorial** [1] - 36:12
**mention** [2] - 30:23, 31:21
**mentioned** [1] - 30:10
**met** [1] - 30:23
**metadata** [16] - 11:9, 12:10, 13:11, 13:12, 13:17, 13:18, 14:2, 15:5, 15:7, 15:8, 15:9, 15:14, 16:18, 16:23, 16:24
**Mexico** [10] - 9:9, 9:11, 9:21, 10:11, 10:21, 44:19, 44:20, 44:23, 45:2
**Miami** [8] - 3:3, 3:10, 3:17, 3:22, 3:23, 34:8, 48:10, 48:10
**Michael** [1] - 5:22
**Migdal** [1] - 6:17
**might** [2] - 12:20, 33:25
**Mike** [1] - 5:22
**mind** [5] - 9:15, 28:17, 35:23, 35:25, 36:4
**minister** [4] - 25:4, 26:10, 26:11, 27:7
**Minister** [3] - 26:17, 26:20, 38:2
**miss** [1] - 6:24
**missing** [3] - 6:11, 32:9

**Mitchell** [1] - 6:3
**modify** [1] - 46:14
**Monroe** [1] - 4:12
**moreover** [2] - 28:22, 29:7
**Morillo** [13] - 5:25, 7:7, 7:11, 8:17, 9:8, 10:17, 39:15, 39:19, 40:4, 43:4, 44:6, 44:12, 45:3
**motion** [11] - 7:5, 7:12, 7:15, 8:15, 8:20, 9:6, 9:18, 9:20, 44:8, 44:9
**mount** [1] - 21:5
**mounted** [1] - 21:24
**move** [2] - 12:14, 15:3
**moving** [4] - 14:7, 14:24, 20:12, 32:8
**MR** [106] - 4:9, 4:14, 4:17, 4:21, 4:25, 5:2, 5:7, 5:17, 5:22, 6:2, 6:7, 6:13, 6:16, 6:19, 6:22, 7:14, 8:24, 9:2, 10:15, 10:16, 11:1, 12:13, 13:5, 13:12, 14:4, 15:23, 16:5, 16:8, 16:9, 16:11, 16:14, 16:17, 16:20, 16:22, 17:10, 17:12, 17:18, 18:6, 19:6, 19:13, 19:18, 19:23, 20:5, 20:6, 20:9, 20:11, 20:22, 22:12, 22:13, 23:11, 23:14, 23:17, 26:4, 27:18, 29:7, 29:20, 30:22, 32:16, 32:25, 33:2, 33:16, 34:14, 35:11, 35:24, 36:9, 36:13, 36:22, 37:4, 37:6, 37:11, 37:17, 38:15, 39:3, 39:9, 39:11, 39:18, 40:6, 40:7, 40:10, 40:13, 40:23, 41:6, 41:9, 41:12, 41:19, 42:1, 42:5, 42:9, 42:18, 43:1, 43:3, 43:7, 43:14, 43:19, 44:2, 44:17, 44:21, 45:6, 46:6, 46:10, 47:1, 47:5, 47:6, 47:13, 47:14, 47:15
**MS** [1] - 5:13
**MULLINS** [1] - 3:9
**Mullins** [1] - 5:18
**must** [4] - 24:17, 37:1, 40:14, 40:15

**Muñoz** [6] - 22:22, 33:13, 33:16, 34:11, 36:7, 42:6

## N

**name** [5] - 4:23, 6:12, 23:15, 25:1, 40:5
**named** [1] - 26:9
**names** [1] - 33:6
**nation** [1] - 10:8
**nations** [1] - 8:5
**nature** [1] - 20:2
**necessary** [1] - 22:4
**need** [13] - 10:12, 14:19, 19:10, 20:8, 21:16, 21:19, 21:20, 40:16, 40:24, 41:3, 41:5, 43:17, 43:18
**needs** [7] - 14:23, 19:11, 21:23, 21:25, 27:1, 38:25, 47:9
**Nelson** [2] - 22:25, 23:2
**new** [4] - 14:22, 31:2, 31:10, 31:13
**New** [5] - 27:23, 28:24, 33:18, 33:19, 33:25
**next** [6] - 5:16, 11:3, 16:10, 22:5, 23:20, 25:1
**night** [3] - 9:7, 14:21, 20:25
**non** [13] - 9:12, 11:13, 11:19, 11:20, 11:21, 17:3, 17:4, 17:8, 17:20, 17:23, 18:3, 19:1, 19:19
**non-parties** [1] - 19:1
**non-privileged** [11] - 11:13, 11:19, 11:20, 11:21, 17:3, 17:4, 17:8, 17:20, 17:23, 18:3, 19:19
**non-voluntary** [1] - 9:12
**North** [2] - 3:22, 48:10
**notary** [1] - 24:25
**note** [3] - 7:17, 9:21, 9:22
**noted** [1] - 25:22
**nothing** [2] - 19:5, 47:5
**notice** [7] - 7:4, 7:5, 9:20, 11:3, 11:4,

45:18, 47:11
**notices** [1] - 7:2
**number** [4] - 4:3, 8:7, 11:12, 25:3
**NW** [1] - 3:7

## O

**object** [1] - 40:16
**objection** [1] - 40:25
**objections** [2] - 7:16, 8:18
**objective** [1] - 29:19
**obligation** [2] - 33:20, 34:17
**obviously** [8] - 8:11, 10:7, 10:19, 11:24, 16:1, 24:10, 27:11, 28:10
**occurring** [1] - 33:23
**offending** [1] - 45:1
**offer** [1] - 14:3
**offered** [2] - 12:14, 28:15
**office** [1] - 28:22
**officer** [2] - 29:3, 30:20
**officers** [1] - 39:24
**official** [2] - 3:21, 25:5
**Official** [1] - 48:9
**Oil** [5] - 5:5, 5:6, 26:17, 26:20, 38:2
**oil** [4] - 25:4, 26:10, 26:12, 27:7
**OIL** [1] - 3:13
**one** [28] - 8:25, 11:12, 13:15, 17:15, 23:24, 24:1, 24:3, 26:4, 26:7, 26:14, 26:15, 27:6, 27:19, 27:21, 28:11, 29:23, 30:4, 30:7, 32:7, 32:9, 34:25, 38:1, 38:3, 38:9, 40:8, 40:24, 43:6, 44:3
**ones** [1] - 24:6
**open** [4] - 17:19, 17:24, 36:4, 36:6
**operate** [1] - 14:10
**operative** [1] - 24:2
**opportunity** [1] - 44:7
**opposing** [1] - 23:22
**option** [1] - 31:2
**oral** [1] - 16:2
**order** [27] - 6:25, 7:6, 7:12, 8:16, 11:11, 12:14, 12:15, 12:17,

13:1, 13:8, 14:13, 15:11, 15:20, 19:23, 23:6, 27:5, 27:6, 28:12, 28:20, 30:19, 32:12, 32:15, 32:17, 36:4, 39:5, 46:9, 46:24
**Order** [1] - 4:1
**ordered** [1] - 13:10
**original** [3] - 20:20, 27:22, 36:24
**originally** [1] - 25:2
**otherwise** [1] - 12:20
**ought** [3] - 13:17, 40:17, 40:18
**ourselves** [1] - 33:13
**outlined** [1] - 47:10
**outside** [6] - 7:23, 8:14, 9:5, 10:11, 44:15, 44:18
**own** [1] - 27:6

## P

**P.A** [1] - 3:2
**P.C** [1] - 3:13
**p.m** [2] - 20:13, 47:17
**P.O** [1] - 3:14
**page** [1] - 11:11
**Pan** [2] - 4:3, 5:1
**part** [4] - 11:23, 14:7, 31:22, 34:17
**participate** [2] - 24:13, 24:15
**particular** [1] - 18:9
**parties** [7] - 4:7, 10:1, 12:6, 19:1, 22:1, 22:8, 35:3
**parties'** [1] - 17:19
**party** [3] - 24:16, 35:2, 35:5
**PATRICIA** [2] - 3:20, 48:8
**Paul** [2] - 5:6, 5:14
**PAUL** [1] - 3:13
**PDVSA** [31] - 4:2, 18:2, 18:9, 18:10, 18:11, 18:13, 18:15, 18:19, 18:23, 18:24, 19:4, 22:21, 23:24, 23:25, 24:4, 24:8, 25:24, 26:6, 26:15, 26:18, 28:5, 31:3, 31:4, 33:5, 34:7, 35:1, 37:2, 38:4
**PDVSA's** [2] - 18:4, 18:16
**PDVSA-appointed**

[4] - 23:25, 24:8, 26:15, 37:2
**Pedrosa** [5] - 22:22, 33:14, 33:16, 34:11, 36:7
**Pedroso** [1] - 42:6
**pendency** [1] - 10:17
**people** [12] - 13:2, 22:19, 22:25, 23:5, 25:10, 26:2, 28:5, 30:6, 32:23, 34:18, 37:15, 43:6
**per** [2] - 7:1, 14:12
**periodically** [1] - 9:9
**person** [11] - 7:13, 24:17, 26:14, 27:11, 27:24, 29:14, 31:5, 33:12, 38:3, 38:17, 39:8
**personal** [1] - 8:19
**perspective** [1] - 13:20
**phone** [1] - 5:9
**pick** [2] - 39:8, 46:8
**place** [6] - 10:8, 24:23, 25:18, 27:25, 33:15, 38:12
**places** [1] - 10:20
**plaintiff** [54] - 4:8, 7:18, 11:4, 11:13, 11:24, 12:5, 15:6, 15:13, 17:2, 18:1, 18:2, 18:24, 18:25, 19:24, 21:15, 22:6, 22:19, 22:20, 23:3, 23:5, 24:2, 24:9, 24:12, 25:5, 25:8, 25:23, 26:10, 26:25, 27:4, 27:5, 27:7, 27:10, 27:12, 27:13, 27:16, 30:3, 30:13, 30:18, 30:19, 30:20, 31:1, 32:12, 32:20, 33:17, 34:1, 36:21, 37:1, 37:19, 39:7, 42:14, 42:15, 43:8, 43:16, 43:24
**plaintiff's** [11] - 7:5, 11:4, 11:7, 11:10, 17:22, 17:25, 20:9, 20:15, 23:7, 39:14, 41:21
**plaintiffs** [13] - 4:18, 13:23, 14:14, 19:14, 36:9, 40:24, 41:15, 42:7, 42:12, 42:18, 43:25, 46:14, 47:1
**Podhurst** [5] - 5:15
**point** [5] - 8:25, 21:15, 22:6, 41:13,

46:11
**Porter** [1] - 6:19
**position** [19] - 9:15, 20:16, 24:16, 25:5, 25:14, 30:3, 30:10, 30:21, 30:22, 31:17, 32:4, 34:6, 37:18, 38:20, 43:8, 43:12, 43:15, 44:5, 44:9
**possession** [3] - 18:4, 18:5, 19:20
**possibility** [1] - 30:17
**possible** [4] - 9:22, 16:13, 28:12, 28:20
**possibly** [1] - 45:15
**potential** [1] - 11:9
**potentially** [1] - 31:4
**Poveda** [1] - 6:18
**power** [18] - 10:4, 24:18, 26:15, 26:22, 27:10, 27:11, 27:12, 28:6, 30:12, 32:19, 37:12, 38:9, 38:17, 38:19, 39:25, 45:16
**practices** [1] - 21:21
**preempt** [1] - 43:14
**prefer** [2] - 16:23, 46:14
**preliminary** [1] - 21:13
**prepared** [1] - 40:23
**present** [2] - 28:23, 41:24
**preserving** [1] - 8:18
**presumably** [4] - 8:21, 27:8, 27:13, 29:24
**presume** [1] - 31:16
**presuming** [1] - 8:12
**pretty** [1] - 21:23
**privilege** [19] - 11:8, 11:10, 11:25, 12:1, 12:5, 12:9, 12:18, 14:9, 15:13, 16:2, 19:12, 20:13, 20:15, 20:18, 21:7, 21:18, 21:22, 22:2, 22:7
**privileged** [14] - 11:13, 11:19, 11:20, 11:21, 12:2, 12:16, 13:19, 17:3, 17:4, 17:8, 17:20, 17:23, 18:3, 19:19
**problem** [1] - 37:11
**procedure** [3] - 25:19, 47:10, 47:11
**procedures** [1] - 9:13
**proceed** [1] - 36:1

**Proceedings** [1] - 47:17

**proceedings** [1] - 48:4

**process** [1] - 45:17

**Procurador** [5] - 22:22, 28:2, 29:12, 33:5, 34:19

**produce** [43] - 11:13, 12:11, 12:15, 12:21, 12:23, 13:11, 13:16, 13:17, 13:25, 14:1, 14:11, 16:16, 18:24, 19:1, 19:19, 19:24, 22:20, 23:5, 23:6, 27:1, 27:5, 27:7, 27:10, 28:13, 28:20, 30:13, 32:13, 32:14, 32:20, 33:20, 36:21, 37:2, 37:7, 38:8, 38:9, 39:22, 39:23, 39:25, 40:25, 41:1, 43:24, 43:25, 45:25

**produced** [19] - 12:19, 12:22, 13:22, 15:9, 16:12, 17:2, 17:5, 17:8, 17:16, 17:21, 18:3, 18:18, 19:11, 20:24, 22:7, 25:16, 28:21, 33:10, 33:11

**produces** [1] - 18:14

**producing** [3] - 18:16, 34:22, 34:23

**production** [15] - 11:8, 11:12, 12:3, 12:8, 13:25, 14:8, 14:9, 14:12, 15:1, 15:12, 15:14, 16:7, 18:11, 35:17

**progress** [1] - 15:11

**promptly** [1] - 40:13

**proposal** [1] - 46:23

**proposition** [3] - 41:14, 41:18, 41:20

**prosecute** [1] - 24:7

**protective** [3] - 7:6, 7:12, 8:16

**provide** [2] - 19:15, 21:4

**provided** [2] - 20:13, 21:24

**pulled** [1] - 11:11

**purported** [1] - 31:13

**purportedly** [3] - 24:7, 25:17, 26:17

**purports** [1] - 38:1

**purpose** [1] - 7:22

**purposes** [1] - 15:16

**pursuant** [4] - 6:25,

12:15, 25:18, 34:7

**pursue** [2] - 24:6, 24:12

**push** [2] - 31:14, 46:2

**pushing** [1] - 40:22

## Q

**qualify** [1] - 11:17

**QUINN** [1] - 3:6

**Quinn** [1] - 5:18

**quite** [2] - 9:3, 9:6

**quote** [2] - 25:6, 37:20

## R

**raise** [2] - 32:3, 44:3

**raised** [1] - 11:5

**raises** [2] - 20:15, 24:11

**Ramos** [12] - 39:18, 40:2, 40:7, 40:8, 40:9, 40:11, 41:5, 42:8, 42:16, 42:19, 42:24, 43:11

**Ramos's** [1] - 40:5

**rather** [2] - 25:23, 42:13

**rationale** [2] - 10:14, 46:3

**re** [2] - 7:12, 7:24

**re-read** [1] - 7:12

**re-stress** [1] - 7:24

**read** [3] - 7:12, 9:20, 11:22

**reading** [1] - 9:11

**reads** [1] - 11:11

**reaffirm** [1] - 8:16

**really** [2] - 21:18, 27:8

**reason** [2] - 31:6, 45:10

**reasons** [3] - 25:22, 25:25, 30:10

**receive** [1] - 18:23

**received** [2] - 7:2, 7:5

**recently** [1] - 25:14

**rechallenge** [1] - 7:8

**recognize** [2] - 9:6, 20:23

**recollection** [1] - 23:2

**recommend** [3] - 10:24, 22:3, 22:8

**record** [5] - 8:20,

15:4, 19:7, 35:12, 47:11

**REED** [1] - 3:9

**Reed** [2] - 5:18, 6:23

**reemphasize** [1] - 8:1

**reemphasized** [1] - 46:4

**referenced** [1] - 38:16

**referring** [1] - 19:16

**reflect** [1] - 21:11

**reflecting** [1] - 46:24

**regard** [4] - 8:5, 9:16, 13:24, 15:5

**regarding** [7] - 8:16, 11:8, 22:15, 24:11, 24:21, 25:12, 35:13

**regards** [1] - 45:3

**Reid** [1] - 5:9

**REID** [1] - 3:15

**reiterated** [1] - 9:3

**related** [6] - 7:19, 11:7, 14:5, 19:25, 20:17, 40:3

**relatively** [1] - 40:13

**relief** [2] - 10:12, 10:23

**relying** [1] - 30:4

**remote** [1] - 45:1

**removed** [1] - 25:13

**rep** [2] - 39:16, 43:5

**repeated** [1] - 23:15

**replaced** [2] - 31:8, 31:9, 31:10

**replacement** [10] - 31:3, 37:3, 37:8, 37:9, 37:12, 37:14, 38:10, 41:25, 43:25, 45:21

**report** [1] - 46:18

**REPORTED** [1] - 3:19

**REPORTER** [1] - 19:22

**reporter** [2] - 23:16

**Reporter** [2] - 3:21, 48:9

**represent** [4] - 4:18, 18:1, 18:7, 18:10, 29:9

**representation** [5] - 17:13, 17:15, 18:19, 30:20, 39:24

**representative** [5] - 22:24, 29:18, 30:18, 33:5, 35:1

**represented** [4] - 18:10, 18:12, 19:15, 37:19

**representing** [1] -

29:3

**request** [3] - 11:12, 12:3, 17:4

**requested** [2] - 15:6, 15:7

**require** [2] - 10:7, 35:4

**requirements** [4] - 8:5, 9:4, 9:11

**requires** [1] - 36:1

**reside** [1] - 44:16

**residents** [1] - 9:9

**resolve** [2] - 12:7, 16:6, 22:9

**resolved** [2] - 10:2, 10:5

**respect** [15] - 12:18, 13:12, 15:2, 15:25, 21:10, 24:5, 25:24, 26:20, 33:24, 34:6, 35:14, 37:17, 44:4, 44:7, 44:11

**responding** [1] - 11:4

**response** [1] - 20:10

**responsibility** [1] - 24:6

**responsible** [2] - 24:4, 30:6

**responsive** [10] - 11:13, 17:3, 17:4, 17:8, 17:21, 17:23, 18:3, 18:17, 19:19, 20:10

**restate** [1] - 7:15

**restriction** [1] - 15:18

**restrictions** [1] - 44:10

**retained** [2] - 18:9

**revisit** [1] - 22:3

**Ricardo** [3] - 40:7, 40:8, 40:9

**ripples** [1] - 46:20

**Rodriguez** [3] - 6:8, 6:13, 6:14

**room** [1] - 46:1

**Rosado** [1] - 5:6

**ROSADO** [1] - 3:13

**Rosenthal** [1] - 5:14

**RPR** [2] - 3:20, 48:8

**rule** [5] - 13:20, 13:21, 21:16, 22:3, 34:7

**rules** [4] - 19:2, 21:2, 21:20, 25:19

**ruling** [7] - 8:16, 8:20, 35:20, 37:14, 39:6, 44:6, 45:11

**rulings** [3] - 7:9,

7:16, 45:3

**Ryan** [1] - 6:15

## S

**Saint** [2] - 3:13, 6:5

**Saint-Helier** [1] - 6:5

**sake** [5] - 15:10, 17:25, 30:18, 35:11, 38:15

**satisfied** [1] - 29:17

**satisfy** [1] - 15:21

**Savannah** [1] - 3:14

**Schachter** [1] - 5:23

**SCHACHTER** [1] - 3:2

**schedule** [2] - 32:24, 33:22

**scheduling** [1] - 46:23

**Schiller** [6] - 4:10, 4:14, 4:17, 4:21, 26:7, 26:18

**Schwartz** [1] - 5:14

**scope** [1] - 44:11

**SE** [1] - 3:16

**second** [6] - 6:25, 11:17, 25:25, 26:8, 28:14, 34:25

**Second** [1] - 3:16

**see** [17] - 7:4, 7:13, 7:15, 11:5, 14:16, 15:6, 16:10, 20:4, 21:8, 22:9, 27:2, 32:10, 32:21, 35:18, 35:22, 37:16, 46:1

**seek** [2] - 7:18, 10:23

**seem** [2] - 12:6, 22:7

**sees** [1] - 15:15

**select** [1] - 31:23

**selected** [1] - 46:16

**selection** [1] - 45:17

**sense** [1] - 46:12

**sentence** [2] - 11:17

**separate** [3] - 25:21, 25:22, 25:25

**Sergio** [1] - 5:12

**seriously** [1] - 7:23

**service** [1] - 8:18

**set** [2] - 22:15, 47:7

**several** [1] - 25:16

**shall** [3] - 11:13, 15:14, 15:17

**share** [1] - 14:19

**shoes** [2] - 25:24, 35:14

**shortly** [1] - 23:21

**show** [2] - 32:17, 32:18

**shows** [1] - 32:11

**side** [3] - 7:2, 19:24, 20:2

**sides** [1] - 7:2

**sidetrack** [1] - 33:13

**sign** [4] - 13:2, 13:6, 14:23, 25:2

**signature** [4] - 24:23, 25:12, 25:13, 29:25

**signed** [10] - 14:16, 24:24, 25:15, 26:17, 26:21, 38:3, 38:4, 38:6, 38:22

**signs** [3] - 13:7, 13:9, 26:10

**similar** [3] - 44:5, 44:8, 44:9

**simply** [2] - 10:21, 30:5

**single** [1] - 23:25

**sit** [2] - 9:25, 10:11

**situation** [1] - 30:9

**slightly** [2] - 33:22, 46:14

**Smith** [2] - 4:12, 5:19

**SMITH** [1] - 3:9

**sole** [2] - 7:20, 24:6

**sometime** [1] - 34:12

**somewhere** [1] - 9:23, 32:19, 38:23

**sorry** [6] - 19:22, 23:4, 23:14, 36:11, 41:16, 44:3

**sort** [3] - 14:24, 21:20, 33:13

**sought** [1] - 10:12

**sounds** [1] - 43:19

**Southern** [1] - 21:21

**speaking** [3] - 23:12, 31:19, 39:4

**specific** [1] - 36:15

**specificity** [1] - 22:11

**spokesperson** [1] - 12:12

**spot** [1] - 39:1

**Stacey** [1] - 6:3

**stamp** [2] - 24:25, 25:1

**standing** [8] - 7:19, 7:25, 10:2, 22:16, 24:11, 26:13, 31:24, 44:14

**stands** [2] - 25:24, 35:14

**start** [1] - 7:11

**state** [1] - 44:1

**statement** [5] - 15:4, 18:19, 19:4, 27:19, 41:17

**States** [11] - 3:21, 9:5, 10:19, 33:18, 33:25, 34:2, 34:18, 34:20, 35:4, 40:19, 48:9

**staying** [1] - 10:21

**STENOGRAPHICALLY** [1] - 3:19

**Stephen** [2] - 5:14, 6:19

**steps** [1] - 37:25

**Steve** [2] - 4:12

**still** [9] - 13:11, 24:14, 27:20, 28:11, 31:7, 31:14, 31:16, 39:22, 45:22

**stipulated** [3] - 12:15, 12:17, 12:25

**stipulation** [7] - 12:8, 13:5, 13:6, 13:8, 14:15, 14:16, 14:19

**stipulations** [1] - 13:3

**story** [1] - 27:17

**strategy** [3] - 21:9, 32:6, 32:7

**Strauss** [1] - 6:3

**Street** [3] - 3:7, 3:13, 3:16

**stress** [1] - 7:24

**strictly** [1] - 22:2

**sub** [1] - 17:2

**subject** [4] - 15:15, 21:3, 21:25, 30:11

**submit** [3] - 9:12, 46:19, 46:22

**substitute** [3] - 32:14, 33:11, 36:21

**successor** [4] - 28:6, 28:7, 45:9, 45:13

**suffice** [1] - 15:4

**sufficient** [2] - 21:17, 21:24

**suggestion** [1] - 37:7

**Suite** [3] - 3:3, 3:10, 3:17

**SULLIVAN** [1] - 3:6

**supplement** [1] - 22:4

**supposed** [1] - 25:2

**supposedly** [1] - 38:19

**surely** [1] - 26:1

**Susman** [1] - 5:23

**sympathize** [1] - 37:13

**T**

**tag** [1] - 22:5

**target** [2] - 14:7, 14:24

**technically** [3] - 18:24, 24:25, 35:2

**tend** [1] - 15:7

**Teresa** [1] - 4:11

**terms** [5] - 7:23, 21:2, 28:24, 34:21

**testify** [1] - 34:24

**Texas** [1] - 34:24

**THE** [93] - 3:6, 3:12, 4:5, 4:13, 4:15, 4:20, 4:23, 5:1, 5:5, 5:10, 5:16, 5:20, 5:25, 6:4, 6:11, 6:14, 6:18, 6:21, 7:15, 9:1, 9:19, 10:22, 11:2, 12:25, 13:9, 13:24, 15:10, 16:3, 16:6, 16:10, 16:21, 16:24, 17:11, 17:14, 18:21, 19:7, 19:22, 20:7, 20:12, 21:19, 22:14, 23:13, 23:15, 26:2, 26:24, 29:1, 29:16, 30:16, 32:6, 32:18, 33:1, 33:3, 34:12, 34:25, 35:16, 36:6, 36:11, 36:17, 37:1, 37:5, 37:8, 37:13, 38:5, 38:19, 39:8, 39:10, 39:12, 40:5, 40:8, 40:11, 40:21, 41:4, 41:8, 41:10, 41:16, 41:23, 42:3, 42:7, 42:17, 42:24, 43:2, 43:4, 43:10, 43:17, 43:20, 44:14, 44:20, 44:22, 45:18, 46:7, 46:19, 47:3, 47:7

**themselves** [3] - 8:17, 9:23, 12:20

**therefore** [1] - 31:11

**third** [2] - 15:20, 46:23

**three** [10] - 22:19, 23:23, 24:3, 24:23, 26:5, 27:21, 30:6, 32:9, 37:15

**throw** [2] - 15:22, 16:4

**today** [15] - 4:24, 7:1, 14:21, 16:12, 16:18, 16:24, 30:25, 31:8, 31:18, 31:20, 34:1, 37:20, 39:21, 42:21,

43:11

**together** [1] - 6:9

**tomorrow** [2] - 16:19, 16:24

**tonight** [2] - 16:16, 16:17

**top** [1] - 19:3

**totally** [1] - 8:14

**TRADING** [1] - 3:6

**Trading** [1] - 5:16

**TRAFIGURA** [1] - 3:6

**Trafigura** [5] - 5:16, 34:22, 39:16, 43:5

**transcription** [1] - 48:4

**travel** [14] - 9:9, 9:21, 10:11, 10:20, 33:6, 34:2, 34:12, 34:13, 34:15, 35:4, 35:8, 36:2, 44:22, 44:25

**treat** [1] - 14:25

**treatise** [1] - 8:9

**tried** [2] - 29:14, 34:20

**Trust** [25] - 4:2, 18:1, 18:8, 18:10, 18:25, 19:16, 20:1, 22:21, 22:25, 23:24, 24:16, 24:22, 26:25, 27:16, 28:16, 29:18, 34:17, 35:2, 38:3, 38:6, 38:16, 38:20, 38:22

**trust** [26] - 11:9, 11:14, 11:18, 12:3, 12:6, 15:1, 17:7, 21:9, 24:1, 24:2, 24:5, 24:24, 25:17, 26:3, 26:5, 26:10, 26:12, 26:13, 27:3, 27:20, 27:22, 28:24, 30:13, 38:18, 38:23

**Trust's** [1] - 18:4

**trustee** [35] - 23:25, 24:8, 24:13, 24:14, 26:5, 26:9, 26:15, 26:24, 27:3, 27:15, 27:20, 27:23, 27:24, 27:25, 28:6, 28:7, 28:11, 28:15, 28:23, 28:25, 30:13, 31:2, 31:3, 31:4, 31:5, 31:9, 31:10, 31:11, 31:13, 37:2, 38:5, 38:17, 45:13

**trustees** [1] - 23:23, 24:3, 26:2, 26:5, 26:6, 27:6, 27:22, 28:9, 30:7, 38:9, 38:20

**try** [4] - 10:24, 18:13, 29:11, 46:13

**trying** [3] - 32:8, 41:4, 43:14

**turn** [1] - 18:23

**two** [12] - 11:12, 22:25, 26:2, 26:6, 28:8, 28:9, 32:9, 32:10, 33:4, 33:6, 43:6, 44:14

**type** [4] - 21:7, 21:11, 25:1

**U**

**U.K** [1] - 5:11

**U.S** [4] - 4:2, 26:7, 26:8, 35:8

**unable** [6] - 24:10, 27:23, 28:3, 29:12, 32:2, 39:22

**unavailable** [2] - 28:19, 31:25

**under** [9] - 12:11, 19:1, 24:1, 25:17, 26:22, 27:22, 27:23, 28:24

**understood** [3] - 31:22, 39:19, 43:7

**undertaken** [3] - 18:13, 19:3, 37:22

**undertaking** [1] - 18:23

**unintelligible** [1] - 15:1

**United** [10] - 9:5, 10:19, 33:18, 33:25, 34:2, 34:18, 34:20, 35:4, 40:19, 48:9

**united** [1] - 3:21

**unless** [1] - 40:2

**unserved** [1] - 7:6

**untenable** [2] - 30:3, 30:8

**unwilling** [1] - 27:23

**up** [8] - 32:11, 32:17, 32:18, 35:10, 36:15, 38:13, 41:2, 47:9

**URQUHART** [1] - 3:6

**V**

**vacating** [1] - 28:22

**Vega** [1] - 5:12

**Venezuela** [12] - 9:10, 9:22, 10:18, 24:24, 25:7, 25:10, 27:8, 27:14, 29:15, 40:19, 45:12, 45:14

**Venezuelan** [1] - 26:23

**version** [1] - 14:22
**versus** [1] - 4:2
**video** [3] - 34:4,
35:7, 36:2
**view** [3] - 14:17,
15:3, 28:23
**viewing** [1] - 15:17
**vista** [1] - 24:25
**visto** [2] - 25:1
**Vitol** [2] - 5:20
**VITOL** [2] - 3:2, 3:3
**voluntary** [2] - 8:8,
9:12

## W

**waive** [3] - 12:8,
12:17, 15:24
**waiver** [3] - 13:2,
14:10, 15:13
**waiving** [1] - 31:13
**wants** [1] - 36:3
**Washington** [1] - 3:8
**week** [12] - 33:21,
33:23, 34:4, 34:9,
34:10, 36:3, 36:10,
36:11, 36:12, 36:17,
36:19
**Weiss** [1] - 5:14
**welcome** [2] - 10:23,
19:8
**whereabouts** [1] -
29:5
**whole** [1] - 9:20
**wiggle** [1] - 46:1
**WILLIAM** [1] - 3:6
**William** [1] - 5:18
**willing** [12] - 12:11,
12:21, 13:25, 19:4,
30:16, 34:2, 34:10,
34:12, 35:25, 36:2,
44:25
**winner** [2] - 43:5,
43:18
**withheld** [2] - 21:3,
21:6
**withholding** [1] -
21:13
**witness** [4] - 28:14,
28:16, 28:18, 35:5
**witnesses** [2] -
14:17, 14:20
**words** [1] - 21:4
**writing** [1] - 18:20
**written** [1] - 14:15

## Y

**yesterday** [5] -
17:20, 20:3, 20:14,
42:11, 42:13
**York** [5] - 27:23,
28:24, 33:18, 33:19,
33:25
**yourselves** [1] -
10:25

## Z

**Zack** [1] - 4:12