# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

           Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

           Defendants.

_____/

## UNSERVED AND NONSUBPOENAED DEFENDANTS LEONARDO BAQUERO AND FRANCISCO MORILLO'S OBJECTION TO THE MAGISTRATE JUDGE'S SECOND AND THIRD DISCOVERY ORDERS[*]

Kimberly A. Pathman (Florida Bar No. 118844)
Mark J. MacDougall (admitted *pro hac vice*)
Thomas P. McLish (admitted *pro hac vice*)
Stacey H. Mitchell (admitted *pro hac vice*)
Connor Mullin (admitted *pro hac vice*)
Jason Gangwer (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288
kpathman@akingump.com
mmacdougall@akingump.com
tmclish@akingump.com
shmitchell@akingump.com
cmullin@akingump.com
jgangwer@akingump.com

*Counsel for Defendants Francisco Morillo and Leonardo Baquero*

---

[*] Counsel for Baquero and Morillo has made a limited appearance in this case to (a) represent their interests with respect to the Plaintiff's efforts to obtain a preliminary injunction against them and (b) demonstrate that the Court lacks subject matter jurisdiction.  In filing this Motion, Baquero and Morillo do not waive or intend to waive any arguments, objections, defenses, or rights that may be available to them, including as to the insufficiency of service of process and this Court's lack of personal jurisdiction over Baquero and Morillo.

Plaintiff PDVSA US Litigation Trust ("Trust") demands deposition testimony from Leonardo Baquero and Francisco Morillo, foreign persons named as defendants in this action who are located outside the United States, who have not been served with the summons and complaint, and who have not been subpoenaed—and over whom, therefore, this Court lacks jurisdiction. Moreover, neither Baquero nor Morillo has any knowledge relevant to Plaintiff's standing, which is the only ground for discovery this Court has granted. The depositions Plaintiff seeks thus fall outside this Court's jurisdiction to compel, run afoul of the Federal Rules, and impose undue burden with no material benefit to this Court's resolution of this case—particularly since, under U.S. law and the laws of Mexico and Venezuela, they may not be conducted absent compliance with the Hague Evidence Convention.

The Magistrate Judge nevertheless entered orders compelling Baquero and Morillo's depositions and denying their motion for a protective order. Her rulings, while motivated by a desire to faithfully implement this Court's proper decision to resolve the challenge to Plaintiff's standing as a threshold issue, incorrectly assumed that this Court's procedural direction, and the named Defendants' agreement to participate in discovery pursuant to it, mooted Baquero and Morillo's jurisdiction- and relevance-based objections. That was clearly erroneous and contrary to law: Neither this Court's decision to allow discovery on standing nor the named Defendants' agreement concerning it conferred on this Court the authority to compel deposition testimony from unserved and nonsubpoenaed nonparties who are not subject to the Court's jurisdiction and who cannot offer any testimony relevant to standing. Accordingly, Baquero and Morillo respectfully move the Court, pursuant to Federal Rule of Civil Procedure 72(a) and Magistrate Judge Rule 4(a)(1), to set aside the parts of the Second and Third Discovery Orders compelling Baquero and Morillo's depositions and denying their motion for a protective order.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I.   RELEVANT FACTUAL BACKGROUND

Leonardo Baquero and Francisco Morillo are among the forty-plus named Defendants listed on the operative complaint in the above-captioned case.  Neither Baquero nor Morillo was involved in the establishment of the Trust or has knowledge concerning its validity.

Plaintiff has not properly served Baquero or Morillo.  With respect to Baquero, Plaintiff purports to have attempted service under "Article 10a [sic] of the Hague Convention, return receipt/signature required via Fed Ex."  March 30, 2018 Alexander Cuda Affidavit of Service ¶ 3 (Ex. 1).  The attempted service address is identified as "Calle De Alcala 88, Madrid ES, 28009." *Id.*  The service papers were "signed for by" an individual named Carlos Garcia.  *Id.*

Baquero is not a U.S. citizen, permanent resident, or taxpayer.  *See* May 3, 2018 Decl. of Julio Lara ¶¶ 2-3 (Ex. 2).  He is a citizen of Venezuela and Spain, maintains his personal residence and personal effects in Venezuela, and pays taxes in Venezuela.  *Id.* ¶¶ 2, 4.  He currently resides in Mexico.  Baquero does not reside or own property at the attempted service address, or anywhere else in the Kingdom of Spain.  Rather, Baquero's daughter rents an apartment and lives at that address.  *See* Apr. 30, 2018 Decl. of Carlos Garcia ¶¶ 4-5 (Ex. 3); May 7, 2018 Decl. of Edson Rodrigues ¶ 2-4 (Ex. 4); May 7, 2018 Decl. of Elba Baquero Caranama ¶ 2-3 (Ex. 5).

With respect to Morillo, Plaintiff purports to have attempted service as follows:

> on 03/12/2018 at 8:13 PM at 1643 Brickell Avenue, Apt. 3302, Miami, FL 33129 [the "attempted service address"] . . . by delivering . . . a true copy of each to 'Jane Doe' (refused to give her first and last name), a person of suitable age and discretion. Said premises is defendant's dwelling place/usual place of abode within the state.  Deponent was accompanied by security, security knocked on the door of said premises and a female answered from the other side of the door. Security advised her a process server is here for said defendant.  She stated the defendant was not home and she did not want to open the door.  Deponent advised

her of the contents he had for Francisco Morillo, announced service and left the said documents by the door.

ECF No. 86.  Morillo, however, does not reside or own property at the attempted service address. *See* Apr. 28, 2018 Decl. of Julio Lara ("Lara Decl.") ¶¶ 2-3 (Ex. 6); May 14, 2018 Decl. of Jason Gangwer ¶¶ 3-5 (Ex. 7).  Indeed, Morillo does not live in the United States and is not a U.S. citizen, permanent resident, or taxpayer.  Lara Decl. 2-3 (Ex. 6).  He is a citizen of Venezuela and France, maintains personal residences and personal effects in Switzerland and Venezuela, and pays taxes in Switzerland and Venezuela.  *Id.* ¶¶ 4-5; Geneva Residency Certificate (Ex. 8).  He currently resides in Mexico.

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action on March 3, 2018, by filing a sealed Complaint alleging an ongoing conspiracy among domestic and foreign companies and individuals relating to the energy sector.  The Complaint was amended on March 5, 2018, and unsealed on March 8, 2018.

The Plaintiff Trust purports to assert claims belonging to Petróleos de Venezuela, S.A. ("PDVSA"), the Venezuelan national oil company, as an assignee of those claims.  On March 29 and 30, several named Defendants, including Baquero and Morillo, moved for a status conference and schedule for limited expedited discovery, briefing, and hearing on whether the Plaintiff Trust has standing to bring the claims in this action.  ECF Nos. 193, 197.  At a hearing on April 4, the Court agreed that standing-related discovery is appropriate and should proceed before any other activity in this case.  *See* Apr. 4, 2018 Hr'g Tr. at 13-15.

After meet-and-confers failed to result in agreement among counsel on a schedule for discovery concerning the Trust's standing, the named Defendants filed a motion for an expedited discovery order.  ECF No. 240, 247 & 248.  On April 16, the Court granted Defendants' request for standing-limited discovery and entered a Scheduling Order allowing both Plaintiff and named

Defendants to take four fact depositions on the issue of standing.  Scheduling Order, ECF No. 253 at 2.  The Court expressly held that Rule 12 defenses are preserved and participation in standing-related discovery would not waive them.  *Id*.

During a meet-and-confer and a telephonic hearing with the Magistrate Judge on April 25, Plaintiff requested the depositions of Baquero and Morillo.  Apr. 25, 2018 Hr'g Tr. 69:3-4.[1] Counsel for Baquero and Morillo objected immediately based on lack of service, personal jurisdiction, and relevance.  *Id*. at 70:10-21.  The Court did not issue a ruling, but noted that Baquero and Morillo "[i]n a sense, . . . would be testifying not even as parties yet because they haven't been served."  *Id*. at 74:12-13.  During a telephonic hearing on April 30, Plaintiff claimed that the good-faith basis for the proposed depositions of Baquero and Morillo involved "statements concerning the Trust and its operation and its authorization and formation and how it either will or should operate and whether it should be in existence and whether it is authorized or not."  Apr. 30, 2018 Hr'g Tr. 24:10-13.  Plaintiff did not contend that Baquero or Morillo has personal knowledge regarding, or was involved in any way in, the Trust's formation, authorization, or operation.  Plaintiff likewise did not identify any basis for believing that such statements existed or that they would have any bearing on Plaintiff's standing.  To the contrary, Plaintiff's counsel stated that information "most likely to relate to issues relative to standing such as the trust organization and authorization" would pre-date August 8, 2017, the date the Trust was established.  *See id*. at 7:17-25.  Plaintiff's counsel did not contend that Baquero or Morillo was even aware of the Trust's existence before the complaint was unsealed seven months later.

The Magistrate Judge overruled Baquero and Morillo's objections during the telephonic hearing and subsequently memorialized her decision in a written order.  *See* Apr. 30, 2018 Hr'g

---

[1] Plaintiff also sought two additional depositions which are not discussed herein.

Tr. 29-30; Second Discover Order, ECF No. 355.  Baquero and Morillo formally moved for a protective order on May 7.  ECF No. 362.  The Magistrate Judge denied that motion and reaffirmed her prior ruling.  ECF No. 370.  The Order expressly notes that the depositions are "subject to compliance with any applicable foreign country regulations, if appropriate."  *Id*.

Baquero and Morillo have offered, in place of appearing for depositions, to answer written interrogatories limited to the issue of standing.  Plaintiff has refused their proposal, thereby necessitating the present timely objection.

## STANDARD OF REVIEW

When reviewing a timely filed objection to the Magistrate Judge's order, this Court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a).  "[T]he question of whether service of process was adequate is purely a question of law which the Court must resolve."  *Intelsat Corp. v. Multivision TV LLC*, 736 F. Supp. 2d 1334, 1341 (S.D. Fla. 2010).  Requested discovery must be "relevant . . . and proportional to the needs of the case, considering," *inter alia*, "the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  FED. R. CIV. P. 26(b)(1).  Any person, upon a showing of good cause, may obtain from the Court an order to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* 26(C).

## ARGUMENT

## I.   THIS COURT LACKS JURISDICTION TO COMPEL THE DEPOSITIONS OF FOREIGN NONPARTIES BAQUERO AND MORILLO

The Second and Third Discovery Orders are clearly erroneous and contrary to law because this Court lacks jurisdiction to compel the depositions of Baquero and Morillo.  This conclusion follows from the unremarkable application of three sets of straightforward facts to

well-established legal principles.  *First*, because there can be no genuine dispute that Baquero and Morillo have not been validly served, the Court has no jurisdiction over them.  *Second*, the Court did not act pursuant to the only Federal Rule that would confer such jurisdiction, since neither Morillo nor Baquero has been validly subpoenaed under Rule 45.  *Finally*, compelling depositions of Morillo and Baquero under the Federal Rules is incompatible with the appropriate procedures for compelling the depositions of foreign nonparties under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 ("Hague Convention").

Although Plaintiffs and Defendants agreed to limited discovery concerning the threshold issue of Plaintiff's standing, that agreement in no way obviated Plaintiff's clear legal obligation to effectuate valid service of process, issue and serve a valid subpoena, or apply for a letter of request under the governing international convention.  Because Plaintiff has not followed any of these procedures, the Magistrate Judge erred in compelling the depositions.

**A.    This Court Lacks Jurisdiction Over Baquero And Morillo Because They Have Not Been Properly Served**

**1.   A Court Lacks Jurisdiction Over Unserved Persons**

"[A]n individual or entity is not obliged to engage in litigation unless officially notified of the action . . . under a court's authority, by formal process."  *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (internal quotation marks, citation, and alternations omitted) (ellipsis in original).  That is because "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Thus, setting aside other defects in personal jurisdiction (of which there are many in this case), this Court lacks authority over a named defendant that has not been validly served.

6

*Karakis v. Foreva Jeans Inc.*, 2009 WL 113456, at *3 (S.D. Fla. Jan. 19, 2009) ("[A]bsent valid service of process (or waiver thereof), a court does not have personal jurisdiction over the unserved individual (or entity)."). The consequences of proceeding absent such authority are grave: Disregarding these "rules of personal jurisdiction" not only discredits the Court's orders; it also denies "an individual's rights." *Pardazi*, 896 F.2d at 1317.

These principles hold as forcefully in the context of discovery as at any other point in a case—indeed, that is often where they are first put to the test. Just as defendants may relinquish personal-jurisdiction objections through voluntary "participation in the discovery process," 5C FED. PRAC. & PROC. CIV. § 1391 (3d ed.), valid personal-jurisdiction objections generally protect against compulsory participation in the same process, *see, e.g.*, *Chavez v. Hagen*, 2016 WL 6538400, at *1-2 (S.D. Fla. Jan. 13, 2016) (explaining that defendants' refusal to appear at depositions was "consistent with their position that service of process was insufficient"). Simply put, "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997).

Although the Eleventh Circuit recognizes a "*qualified* right to conduct jurisdictional discovery," *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (emphasis added), one important qualification is that such discovery is only permitted where a plaintiff has made a *prima facie* case of personal jurisdiction, *see Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case . . . [of] jurisdiction, the district court abused its discretion in . . . granting discovery on the jurisdictional issue."); *see also, e.g.*, *Gen-Tran Corp. v. Universal Prod. Concepts, Inc.*, 2009 WL 10664931, at *5 (N.D. Ga. Nov. 5, 2009) (denying jurisdictional discovery where plaintiff "has not carried its burden of making a prima facie case" of personal jurisdiction). Plaintiff's mere

allegations of a defendant's personal jurisdiction are insufficient to grant jurisdictional discovery where there is no "genuine dispute on a material jurisdictional fact." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014). That is particularly true with respect to validity of service, given that Plaintiff has or "should have had" all the relevant facts "before coming through the courthouse doors" to request a deposition. *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (internal quotation marks omitted).[2]

### 2.      Plaintiff Has Not Properly Served Process On Morillo Or Baquero

There is no genuine dispute on any material fact concerning Plaintiff's failure to properly serve the summons and complaint on Baquero or Morillo.

**a.**      Baquero is not a U.S. citizen, permanent (or even occasional) resident, or taxpayer. May 3, 2018 Decl. of Julio Lara ¶ 3 (Ex. 2). Instead, he is a citizen of Venezuela and Spain who currently is, and at all times since the filing of this action has been, residing abroad. The applicable Federal Rule provides for service abroad in one of three ways: (1) "by any internationally agreed means of service that is reasonably calculated to give notice"; (2) by means prescribed or not prohibited by the foreign country's law "if there's no internationally agreed means" or no such means is specified; or (3) by "other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f).

Plaintiff represents that it attempted to serve Baquero under "Article 10a of the Hague Convention, return receipt/signature required via Fed Ex," by mailing the summons to a

---

[2] Even if there is a genuine dispute on a material fact relating to personal jurisdiction, the Court may exercise jurisdiction over named parties properly raising personal-jurisdiction challenges only "to the extent necessary to determine whether or not they are subject to personal jurisdiction in this forum." *In re Vitamins Antitrust Litigation*, 120 F. Supp. 2d 45, 49 (D.D.C. 2000). Likewise, although real factual questions about Plaintiff's standing may give rise to jurisdictional discovery *on that issue*, the Court's jurisdiction to order participation in such discovery extends only to named Defendants that have been validly served, since no amount of discovery on the standing issue will generate a genuine material-fact dispute concerning the insufficiency of service.

residential address in Spain.  Mar. 30, 2018 Alexander Cuda Aff. of Service ¶ 3 (Ex. 1).  Article 10(a) of the Hague Service Convention provides that "the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, *directly to* persons abroad." Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 (emphasis added). Plaintiff, however, did not send the summons and Complaint "directly to" Baquero:  Baquero was not present at the attempted service address, does not reside or otherwise maintain a regular presence at the attempted service address (or anywhere else in Spain), and never received the summons.  *See* Apr. 30, 2018 Decl. of Carlos Garcia ¶¶ 5-6 (Ex. 3).  Instead, Carlos Garcia, the doorman of the apartment building where Baquero's daughter lives, received the FedEx package and returned it because Baquero "doesn't live in the building."  *Id.* ¶ 5.

Because "the summons and Complaint were delivered to an incorrect address [abroad] and the recipient was . . . a non-party which is not authorized to accept service on [Baquero's] behalf," it is plainly evident that Baquero "was not properly served" under Rule 4(f).  *Atl. Specialty Ins. Co. v. M2 Motor Yachts*, 2017 U.S. Dist. LEXIS 16375, at *5 (S.D. Fla. Feb. 3, 2017).  No principle of treaty interpretation permits the phrase "directly to persons abroad" to encompass delivery to an incorrect address in a country where the intended recipient has no presence, precluding the "internationally agreed means" required under Rule 4(f)(1).  Even if the plain language of the Convention could be so stretched, such means of service would not be "reasonably calculated to give notice."  FED. R. CIV. P. 4(f)(1).  Consequently, Baquero has not been validly served and this Court lacks jurisdiction to compel his appearance.[3]

---

[3] Neither Rule 4(f)(2) nor Rule 4(f)(3) allows for a different outcome, given that, in relevant part, these subsections respectively insist that the court either address and send the papers itself or find that such mailing is not prohibited by international agreement.  *See* FED. R.

**b.**     Morillo also is a foreign citizen with no presence in the United States.  Lara Decl. ¶ 3 (Ex. 6).  But Plaintiff has not even attempted to serve him as required under Rule 4(f).  Instead, Plaintiff represents that a process server left the summons and Complaint at the door of an apartment in Miami, Florida, after an unidentified woman refused to open it.  *See* ECF No. 86.  Both Federal Rule of Civil Procedure 4(e) and Florida law allow for "leaving a copy . . . at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B); Fla. Stat. § 48.031(1)(a) (substantially similar).

The property where the papers allegedly were left is neither Morillo's dwelling nor his usual place of abode.  Morillo is not the owner of the property located at the attempted service address, and he does not maintain a presence there or elsewhere in Miami, in Florida, or in the United States.  *See* Apr. 28, 2018 Lara Decl. ¶ 3 (Ex. 6); Geneva Residency Certificate (Ex. 8).  Rather, he maintains personal residences and personal effects in Venezuela and Switzerland.  *Id*.  Even a cursory review of the relevant state and federal case law leaves no doubt that service is invalid "where the defendant was not actually living at the place where service was made."  *Shurman v. Atl. Mortg. & Inv. Corp*., 795 So. 2d 952, 954–55 (Fla. 2001) (collecting cases where courts invalidated service, including, *e.g.*, where defendant owned property where papers were delivered to wife but defendant was abroad); *see also, e.g.*, *McGee v. Cook*, 2011 WL 1365024, *3 (M.D. Fla. Apr. 11, 2011) (finding service defective despite delivery to residence of defendant's relative, which defendant used as business address).

Indeed, this Court has found service to be improper under much closer facts than those at bar, including where there was no genuine dispute that the papers reached defendant's correct

---

Civ. P. 4(f)(2), (3).  Notwithstanding that the Court took no such action, service under either subsection "must be proved . . . by a receipt signed *by the addressee*, or by other evidence satisfying the court that the summons and complaint were delivered *to the addressee*."  *Id.* 4(l)(2)(B) (emphasis added).

residential address.  For example, this Court held that a plaintiff did not validly effect service by sliding the papers under the door of the defendant's apartment after a woman refused to open it, even though the building concierge confirmed that the defendant was in the apartment and notified him that the process server was there.  *Blueskygreenland Envtl. Sols., LLC v. Rentar Envtl. Sols,, Inc.*, 2013 WL 12095152, at *1 (S.D. Fla. Apr. 3, 2013) (finding plaintiff had "no way of knowing whether the papers landed in physical proximity to the intended recipient or some other person authorized to accept delivery").  There can be no genuine dispute here that Plaintiff's attempted service failed to comply with federal or state law when the process server left documents at the closed door of an address that was not Morillo's dwelling or usual abode, where Morillo was not present, and where the process server did not identify the occupant.  By every legal measure, this Court lacks jurisdiction to compel him to appear at a deposition.[4]

## B.   This Court Lacks Jurisdiction Over Baquero And Morillo Because They Have Not Been Properly Subpoenaed

### 1.   A Subpoena Is Required To Compel The Deposition Of A Nonparty

Were there any doubt that this Court lacks jurisdiction to compel the noticed deposition of an unserved defendant, the Federal Rules confirm this conclusion by providing a specific procedure to *obtain* jurisdiction in such circumstances.  *See* FED. R. CIV. P. 45 (subpoena process).  It is well established that "[a]n individual is not a party to a lawsuit, until such time as she is served with process."  *Karakis*, 2009 WL 113456, at *3 (citing Supreme Court and Eleventh Circuit cases).  And, as courts in this and other Circuits have recognized, when "a prospective deponent is not a party to the litigation, the proper procedure for obtaining the jurisdiction necessary to compel attendance is the issuance of a subpoena pursuant to Federal

---

[4] These facts preclude service under Rule 4(e)(1) and Rule 4(e)(2)(B), and Plaintiff has not (and cannot) allege that service was made by delivery to Morillo himself or his agent, as would be required for valid service under Rule 4(e)(2)(A) or Rule 4(e)(2)(C).

Rule of Civil Procedure 45." *McKinstry v. Ikon Office Sols., Inc.*, 2006 WL 8432450, at *2 (N.D. Ga. Aug. 10, 2006) (internal quotation marks and citation omitted). Absent a subpoena, therefore, this Court may not compel the deposition of a nonparty.

This Court consistently and scrupulously follows this rule. In *Karakis v. Foreva Jen Inc.*, for example, where an individual was not properly served though he was a named defendant and was alleged to be a trustee of a defendant trust that had received valid service, this Court held that "he is a non-party, and, therefore, he cannot be compelled to appear for deposition absent a subpoena." 2009 WL 113456, at *3. Several other cases stand for the same conclusion: "Without doubt, a non-party who does not voluntarily agree to attend a deposition must be subpoenaed." *Hamilton Grp. Funding, Inc. v. Basel*, 2017 WL 7726732, at *1 (S.D. Fla. July 20, 2017); *see also, e.g.*, *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2009 WL 2058800, at *3 (S.D. Fla. July 15, 2009) ("The depositions Defendants seek [of nonparty employees of corporate plaintiff] cannot be compelled without a subpoena); *Parrot, Inc. v. Nicestuff Distributing Int'l, Inc.*, 2009 WL 197979 (S.D. Fla. Jan. 26, 2009).

### 2. Neither Baquero Nor Morillo Has Been Properly Subpoenaed

Neither Baquero nor Morillo has been served with a valid subpoena under Rule 45. Plaintiff issued sixty subpoenas directed to Defendants, including Baquero and Morillo, relating to a hearing before this Court on April 4, 2018. *See* ECF 192. Following motions by all named Defendants to quash the subpoenas on the basis that the subpoenas "are both improper and deficient," ECF 192, at 2, the Magistrate Judge granted the motions and entered a protective order, ECF 251. Plaintiff has not issued any other subpoena on Baquero or Morillo.

Because "[a] subpoena is required to compel the attendance of a non-party at a deposition," the Magistrate Judge lacked authority under the Federal Rules to compel their depositions. *Hamilton Group Funding, Inc.*, 2017 WL 7726732, at *1. Moreover, it is far from

clear that Baquero or Morillo even could be subpoenaed:  Neither the federal rules nor the relevant statute provides for service of a subpoena on foreign nonparties who are outside the United States.  *See* FED. R. CIV. P. 45(b); 28 U.S.C. 1783.

### C.   The Magistrate Judge Has Not Followed The Proper Procedure To Compel The Deposition Of A Foreign Nonparty Abroad

Baquero and Morillo are foreign nonparties who live abroad, and therefore are not subject to the jurisdiction of the Court.  "[W]here, as here, a litigant seeks to depose a foreign *non-party* who is not subject to the court's *in personam* jurisdiction," the "appropriate" procedure to compel the deposition is issuance of a letter of request pursuant to the Hague Convention.  *In re Chiquita Brands Int'l*, 2015 WL 12601043, at *7-8 (S.D. Fla. Apr. 7, 2015) (emphasis in original).  In stark contrast to a situation "[w]here discovery is sought from a foreign *party*, over whom a federal court has *in personam* jurisdiction," and in which case "there is no rule of first resort requiring the discovery party to use the procedures of the Hague Convention before resorting to the Federal Rules of Civil Procedure," here the Court lacks any authority to compel depositions of Baquero and Morillo absent use of the Convention.  *Id.* at *8 (emphasis in original); *accord Société Nationale Industrielle Aerospatiale v. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987) (rejecting a rule of first resort to the Convention in case involving foreign defendant over whom the trial court had undisputed personal jurisdiction).[5]  As other courts have recognized,

---

[5]  Although the Hague Convention may not be a rule of first resort with respect to depositions of parties in the United States, Venezuela and Mexico nevertheless require use of Hague Convention procedures for depositions there, regardless of whether the deponent consents.  *See* State Dep't, Judicial Assistance Country Information, Bolivarian Republic of Venezuela, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VenezuelaBolivarianRepublicof.html. ("[D]epositions of willing witnesses in Venezuela must be undertaken pursuant to a request to the Venezuelan Central Authority and in the context of the Venezuelan court system."); *see also* State Dep't, Judicial Assistance Country Information, Mexico, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Mexico.html ("Voluntary depositions of Mexican

when a foreign nonparty "is overseas, the procedures of the Hague Convention or other applicable treaty *must be utilized*." *Newmarkets Partners, LLC v. Oppenheim*, 2009 WL 1447504 (S.D.N.Y. May 22, 2009) (emphasis added) (quotation marks omitted).[6]

The Magistrate Court noted that there are distinct legal frameworks in Latin America with respect to depositions, such that the Court may "not presum[e] to allow . . . depositions to take place unless the laws of those countries allow[ed] them." Apr. 30, 2018 Hr'g. Tr. 32:13-14; *see also id.* at 30:16-20. And the Third Discovery Order expressly states that the depositions of Baquero and Morillo are "subject to compliance with any applicable foreign country regulations, if appropriate." ECF No. 370; *see also* May 8, 2018 Hr'g Tr. 8:3-6 (explaining order is not "in any way attempting to bypass or in any fashion countermand any requirements that foreign nations may have with regard to conducting depositions within their jurisdictional boundaries"). Notwithstanding these observations, however, the Magistrate Judge purported to compel Baquero and Morillo's depositions under the Federal Rules—which are inapplicable absent valid service or subpoena—rather than issue a letter of request—which is the proper procedure (and, here, the *only* available procedure under U.S. law and the laws of the relevant foreign nations) to seek the depositions of foreign nonparties.

---

and third country nationals require prior permission from the Mexican Central Authority for the Hague Evidence Convention.").

[6] Even if the Hague Convention procedures were not the only available method of compelling testimony here, the Court would be required to engage in a balancing test to determine whether to proceed under the Federal Rules over the Hague Convention procedures. *See In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 45, 51-55 (D.D.C. 2000). In making that determination, the Court "must look to considerations of comity, the relative interests of the parties, including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery." *Chiquita Brands Int'l*, 2015 WL 12601043 at 7. For the reasons explained below, *see* pp. 18-20, *infra* (discussing burden of compelling irrelevant testimony by these foreign nonparties), each of these factors weighs heavily in favor of proceeding under the Hague Convention procedures here.

**D. Neither The Court's Decision To Resolve The Standing Issue Nor The Named Defendants' Agreement To It Confers Jurisdiction Over Baquero Or Morillo**

The Magistrate Judge did not adequately address whether she had jurisdiction to compel a deposition of Baquero or Morillo, whether a subpoena was necessary, or whether she was required to follow the Hague Convention procedures.  Instead, the Magistrate Judge ordered Baquero and Morillo to appear at depositions because, in her view, "[t]he agreed order [previously entered] provided for [Plaintiff's counsel] to get them."  Apr. 30, 2018 Hr'g Tr. 30: 2; *see also id.* at 22:13-16 ("I was operating off of an agreed document which presumed that this is what the parties had come to the Court with. So, I am not changing or in any way undoing what has been done to date.").  In specific response to Baquero and Morillo's challenges to the Court's jurisdiction to depose them, the Magistrate Judge stated that "the issue of proceeding with standing is something that was handed to me . . . , so I don't think that we need to revisit that issue. We are going forward with the standing issue ahead of the other things. That's sort of like a done deal from my point of view."  *Id.* at 21:24-22:4; *see also id.* at 30: 2, 13-14.

Neither this Court's decision to set standing as the threshold issue in the case, nor the named Defendants' agreement to permit each side four depositions concerning that issue, confers personal jurisdiction over Baquero or Morillo that the Court otherwise lacks.  As stated above, *see* note 2, *supra*, jurisdictional discovery must be limited to the specific jurisdictional issue challenged.  Absent at least a genuine material dispute over Baquero and Morillo's invalid service, the Court cannot compel them to engage in *any* jurisdictional discovery, and certainly cannot compel them to participate in jurisdictional discovery unrelated to their challenge of sufficiency of service, without trampling on each "individual's rights" which "the rules of personal jurisdiction protect."  *Pardazi*, 896 F.2d at 1317.

Baquero and Morillo have not waived these rights.  "By submitting to the jurisdiction of the court for the limited purpose of challenging jurisdiction" *related to standing*, Baquero and Morillo agreed only "to abide by th[is] court's determination on *th[at]* issue of jurisdiction." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982) (emphasis added).  This Court has at all times recognized that Baquero and Morillo have preserved these rights, even while deciding that efficient case management counseled in favor of resolving the standing challenge before resolving Defendants' other defenses.  *See* May 8, 2018 Hr'g Tr. at 8:15-19.   Indeed, the Magistrate Judge expressly recognized that her ability to order the depositions of Baquero and Morillo was "subject to whatever reservation of [these] rights [named Defendants] want to be made."  Apr. 30, 2018 Hr'g Tr. 30: 15-16.  Although Plaintiff and named Defendants agreed that each side would be afforded four depositions *concerning standing*, neither Baquero nor Morillo agreed that these deponents could include foreign nonparties who have not been validly served, subpoenaed, or compelled pursuant to the Hague Convention, and who have no knowledge relevant to Plaintiff's standing.  Restricting discovery on standing to the parties over which this Court has personal jurisdiction (and any other individuals who consent or whom the court may properly compel to appear) is completely consistent with this Court's and the named Defendants' agreement to resolve standing as a threshold issue while preserving all Rule 12 defenses, including insufficiency of service.

## II.    Depositions Of Baquero And Morillo Would Not Yield Relevant Testimony

Apart from this Court's lack of jurisdiction to compel the depositions of Baquero and Morillo, such depositions would run afoul of the Federal Rules because they would not yield testimony "relevant . . . and proportional to the needs" of determining whether *Plaintiff* has standing.  FED. R. CIV. P. 26(b)(1); *see* Order, ECF, No. 251 (limiting discovery to issue of

standing).   That is because *neither Baquero nor Morillo has any knowledge bearing on the authorization or validity of the Trust that was established to prosecute this case.*

Plaintiff attempted to obfuscate this basic fact by alleging that depositions of Baquero and Morillo are proper because they "have made statements concerning the Trust and its operation and its authorization and formation and how it either will or should operate and whether it should be in existence and whether it is authorized or not."  Apr. 30, 2018 Hr'g Tr. 24:10-13.  That argument is specious.  As an initial point, it is inconsistent with Plaintiff's own position that information arising or learned after the date of the formation of the Trust on August 8, 2017, has little probative value concerning the Trust's standing.  *Id*. at 7:20-25.  Plaintiff does not (and cannot) contend that Baquero or Morillo were even aware of the Trust's existence until this Court unsealed the complaint on March 8, 2018.  Therefore, any statements Baquero or Morillo has made about the Trust would, by Plaintiff's own admission, lack relevance. Moreover, any such statement would have been made in anticipation of litigation—considering that Baquero and Morillo had already been named as Defendants when they learned of the Trust—and are thus privileged.  *Contra* FED. R. CIV. P. 26(b)(1) (limiting scope of discovery to "nonprivileged matter").

Notwithstanding Plaintiff's contrived justification, it is clear that neither Baquero nor Morillo could offer any testimony relevant to the validity of a Trust they played no role in establishing and had no knowledge of prior to this suit.  Baquero and Morillo are not officials of the Venezuelan government, nor officers, directors or board members of PDVSA or any of its related entities.  They are not attorneys licensed to practice law in any country, nor do they have expertise in the field of trust establishment in New York or the authorization of trusts in Venezuela.  As the Magistrate Judge recognized, their testimony would amount to nothing more

than "statements of lay people" offering speculation or unqualified opinion on Plaintiff's standing.  Apr. 30, 2018 Hr'g Tr. at 29:24; *see also id.* 30:4-5 ("[I]t sounds to me like there is not a lot to be obtained [from their testimony].").

The Magistrate Judge nonetheless ordered the depositions because "[Plaintiff's counsel] seems intent to get his four depositions" and "the agreed order provided for him to get them." Apr. 30, 2018 Hr'g Tr. 29:25-30:2.  However, as discussed above with respect to the Court's lack of jurisdiction, *see* pp. 15-16, *supra*, although the named Defendants agreed that Plaintiff could take four depositions, they in no way agreed that deponents could include persons with no knowledge relevant to standing—the only grounds for which the Court had ordered discovery. "While the standard of relevancy in discovery is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane."  *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) (citations, internal quotation marks, and alterations omitted).  It is hard to square compelling depositions that cannot yield relevant information with the Federal Rules' insistence on such relevance.  *See* FED. R. CIV. P. 26(b)(1) (providing that court may "otherwise limit[]" scope of discovery, but cannot expand it to include information that is not "relevant" and "proportional").

## III.   Depositions Of Baquero And Morillo Would Impose Undue Burden and Expense

While Baquero and Morillo lack any knowledge relevant to *Plaintiff's* authority to bring this lawsuit, there are several people and entities that likely *do* have such knowledge: the Trust, its trustees, its alleged assignor, and certain Venezuelan government officials. The named Defendants' efforts to obtain limited discovery from these individuals and entities involved in the authorization of the Trust comport with Rule 26(b).  Plaintiff may seek discovery from these same deponents or from any other person for whom Plaintiff has a good-faith basis to believe the prospective testimony will be relevant and proportional to the standing issue.

Although Plaintiff has attempted to couch its request to depose Baquero and Morillo as nothing more than a mirror to Defendants' discovery, *see*, *e.g.*, Apr. 25, 2018 Hr'g Tr. 54:6-12 (seeking "statements about the authority of the Trust, authorizations and the like"), this blatant "'tit for tat' approach to litigation" lacks any legitimate basis, *Acushnet Co. v. Birdie Golf Ball Co.,* 166 F.R.D. 42, 43 (S.D. Fla. 1996) (explaining that "counsel should not seek this Court's approval" of such an approach).  Because neither Baquero nor Morillo could offer *any* testimony relevant to standing, there can be no question that "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive," particularly when the factual information relevant to the Trust's creation and validity is in the hands of the sources involved in establishing it, many of which are related to Plaintiff.  FED. R. CIV. P. 26(b)(2)(C)(i); *see also id.* 26(b)(1) (court must weigh "parties' relative access to relevant information" when determining scope and methods of discovery).

This obvious point is made even more apparent in light of the annoyance, oppression, and undue burden and expense that depositions of Baquero and Morillo would impose.  Because Baquero and Morillo reside abroad and are not subject to the jurisdiction of this Court, they may not be deposed outside strict compliance with the Hague Convention and local law.  *See* pp. 13-15 & n.5, *supra*.  The delay that would result from placing such burden on foreign ministries and judicial systems (not to mention the comity considerations implicated), and the substantial preparation and travel that would be necessary, cannot be justified when, as the Magistrate Judge noted, "there is not a lot to be obtained" from Baquero and Morillo's testimony.  Apr. 30, 2018 Hr'g Tr. at 30:4-5.  There *is* a lot at stake, however, beyond the instant case.  Most critically, allegations relevant to this litigation (but wholly irrelevant to standing) are also the basis for a

criminal investigation in Switzerland that was evidently instigated by the Plaintiff in this case.[7] Although Baquero and Morillo could not offer any testimony probative of Plaintiff's standing in this action, any testimony they offer here would risk implicating liability in that criminal case.[8]

Notwithstanding their jurisdictional and relevancy objections, Baquero and Morillo have offered to answer interrogatories limited to the issue of standing. Plaintiff has refused and continues to insist on depositions.[9] Subjecting Baquero and Morillo to depositions, even for two hours, would impose "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(C)(1). Given that Baquero and Morillo have no knowledge relevant to standing, these "burden[s] [and] expense[s] of the proposed discovery outweigh[] its likely benefit." *Id.* 26(b)(1). Because the depositions would be improper, there is good cause for this Court to enter an order protecting Baquero and Morillo from appearing at them.

## CONCLUSION

For the foregoing reasons, this Court should set aside the parts of the Magistrate Judge's Second and Third Discovery Orders compelling depositions of Baquero and Morillo and denying Baquero and Morillo's motion for a protective order.

---

[7] *See* Jamey Keaten, *Swiss Arrest 2 in Alleged Oil Corruption Case*, CHICAGO TRIBUNE (Mar. 12, 2018), *available at* http://www.chicagotribune.com/news/nationworld/sns-bc-eu-switzerland-venezuela-oil-corruption-20180312-story.html.

[8] While the Federal Rules contemplate terminating a deposition "conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party," FED. R. CIV. P. 30(d)(3)(A), inviting such motion practice at this stage of the litigation in connection with depositions of no apparent relevance would also place an unnecessary burden on the Court's limited resources.

[9] Counsel for Plaintiff represented that it would agree to written interrogatories of Baquero and Morillo only if all deponents were so examined. For the reasons stated herein, however, Baquero and Morillo are differently situated from other prospective deponents who have knowledge relevant to the Trust's standing.

Dated:  May 14, 2018                      Respectfully submitted,


                                          *s/ Kimberly Ann Pathman*
                                          Kimberly A. Pathman
                                          Florida Bar No. 118844
                                          kpathman@akingump.com
                                          AKIN GUMP STRAUSS HAUER & FELD LLP
                                          1333 New Hampshire Avenue NW
                                          Washington, DC 20036
                                          Tel: (202) 887-4000
                                          Fax: (202) 887-4288

                                          and

                                          Mark J. MacDougall (admitted *pro hac vice*)
                                          mmacdougall@akingump.com
                                          Thomas P. McLish (admitted *pro hac vice*)
                                          tmclish@akingump.com
                                          Stacey H. Mitchell (admitted *pro hac vice*)
                                          shmitchell@akingump.com
                                          Connor Mullin (admitted *pro hac vice*)
                                          cmullin@akingump.com
                                          Jason Gangwer (admitted *pro hac vice*)
                                          jgangwer@akingump.com

                                          *Counsel for Defendants*
                                          *Francisco Morillo and*
                                          *Leonardo Baquero*

**Certificate of Good-Faith Conference;**
**Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendant's counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised in this motion, but has been unable to resolve the issues.

*s/ Kimberly Ann Pathman*

## CERTIFICATE OF SERVICE

I certify that on May 14, 2018, I filed this document with the Clerk of Court using CM/ECF, which will serve this document on all counsel of record.

s/ Kimberly Ann Pathman