**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

---

PDVSA U.S. LITIGATION TRUST,

        Plaintiff,

      v.

LUKOIL PAN AMERICAS LLC; LUKOIL
PETROLEUM LTD.; COLONIAL OIL INDUSTRIES,
INC.; COLONIAL GROUP, INC.; GLENCORE LTD.;
GLENCORE INTERNATIONAL A.G.; GLENCORE
ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA
A.G.; TRAFIGURA TRADING LLC; TRAFIGURA
BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.;
VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO;
LEONARDO BAQUERO; DANIEL LUTZ; LUIS
LIENDO; JOHN RYAN; MARIA FERNANDA
RODRIGUEZ; HELSINGE HOLDINGS, LLC;
HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER;
WALTROP CONSULTANTS, C.A.; GODELHEIM,
INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.;
SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.;
GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING
INC.; ANDREW SUMMERS; MAXIMILIANO
POVEDA; JOSE LAROCCA; LUIS ALVAREZ;
GUSTAVO GABALDON; SERGIO DE LA VEGA;
ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ;
PAUL ROSADO; BAC FLORIDA BANK; EFG
INTERNATIONAL A.G.; BLUE BANK
INTERNATIONAL N.V.,

        Defendants.

---

Case No. 1:18-CV-20818 (DPG)

**PLANTIFF'S RESPONSE TO DEFENDANTS MORILLO AND
BAQUERO'S OBJECTION TO THE MAGISTRATE JUDGE'S
DISCOVERY ORDERS [DKT. NO. 376]**

Plaintiff files this response in opposition to the "Unserved and Non-subpoenaed

Defendants Leonardo Baquero and Francisco Morillo's Objection to the Magistrate Judge's

Second and Third Discovery Orders."

1

## PRELIMINARY STATEMENT

Defendants Morillo and Baquero assert that their objection is based upon "the unremarkable application of three sets of straightforward facts to well-established legal principles." (Objectors' Br. 5-6.)  Not only is Defendants' argument backwards ("legal principles" are applied to facts, not *vice versa*), it is meritless.

First, Defendants say that, because Morillo and Baquero allegedly have not been validly served, the Court has no jurisdiction over them.  This is wrong.  Both Defendants in fact have been properly served).  In any event, they have submitted themselves to jurisdiction for purposes of discovery on standing because, as they concede, they have appeared in this Court, affirmatively raised the standing issue, and sought and obtained discovery from Plaintiff on that issue. (Def. Br. at 3, 6.)

Second, Defendants assert that the Court, in requiring Morillo and Baquero to sit for depositions, did not act pursuant to "the only federal rule that would confer such jurisdiction" *i.e.*, Rule 45.  Again, that is incorrect.  Morillo and Baquero are voluntarily before the Court for purposes of moving to dismiss for Plaintiff's alleged lack of standing.  With respect to this issue, at least, they are subject to the jurisdiction as parties and can be ordered to appear for a deposition as the Court in its discretion so directs.

Third, Defendants assert that the depositions of Morillo and Baquero are incompatible with the Hague Convention.  Again, the statement is incorrect.  Morillo and Baquero, in an attempt to evade service, are currently hiding out in Mexico at an undisclosed location, where, as they concede, neither is a citizen.  But a federal court need not follow the Hague Convention in order to require parties, who purportedly are in Mexico, to sit for a deposition.  The Hague Convention is an available alternative method of service for persons in Mexico, but its existence does not

prevent a court from ordering a deposition pursuant to the Federal Rules of Civil Procedure. Indeed, because Defendants are parties with respect to their motion to dismiss on standing grounds, the Court has the power to order them to appear in Miami for deposition.

Finally, Morillo and Baquero argue that their depositions would be unduly burdensome because they have no knowledge of the Trust or of the basis for the Trust's standing. They acknowledge, however, that they agreed to a discovery procedure that requires both Plaintiff and Defendants to produce documents with regard to standing and for each side to take four depositions of persons of their choice concerning standing. Moreover, Morillo and Baquero have put in issue certain actions of the Venezuelan National Assembly with regard to the assignment of PDVSA claims to the Trust. Accordingly, Plaintiff is entitled to depose them concerning their communications and those of their counsel with members of the National Assembly and other individuals through whom they sought to subvert the Trust by importuning the National Assembly to pass resolutions or otherwise challenge the Trust.

## **FACTUAL BACKGROUND**

In response to Plaintiff's Motion for a Preliminary Injunction, Defendants Morillo and Baquero, along with the Helsinge Companies they own and operate, were the initial parties to raise the issue of standing (Dkt. No. 161 at 6-7). In a brief on March 26, 2018, they made an elaborate argument that the Trust lacked standing due to: (1) the purported need to obtain the approval of the Venezuela National Assembly in to create the Trust, which was not done; and (2) the claim that the actions of the Minister of the People's Petroleum Power and the Procurator General of Venezuela -- in creating and executing the Trust documents -- were unauthorized. *Id.*

On March 28, 2018, Morillo filed papers asserting a purported marital communications privilege and filed a motion to strike the declaration and exclude the testimony of his ex-wife,

3

Vanessa Friedman, or for limited expedited discovery. (Dkt. No. 177). On March 29, 2018, Morillo and Baquero filed a motion to quash the taking of Ms. Freidman's deposition. (Dkt. No. 192). On March 30, 2018, they joined in a motion for discovery concerning Plaintiff's standing (Dkt. No. 197). On April 2, 2018, Morillo filed a motion to stay Ms. Friedman's deposition (Dkt. No. 214), which was granted (Dkt. No. 218).

On April 4, 2018, counsel for Morillo and Baquero appeared in Court to argue the Trust's lack of standing (*see* Dkt. No. 234), as Defendants admit. Def. Br. at 3. Thereafter, they agreed to a schedule that the Court ordered for each side to take four depositions as well as document discovery, all limited to the issue of standing. (Dkt. No. 253) Plaintiff produced the documents requested by Defendants, who then demanded a privilege log from Plaintiff. After receipt of that log, Defendants demanded a more detailed log, which Plaintiff also provided. On May 3, 2018, all of the parties, including Morillo and Baquero, participated in the Rule 26(f) discovery conference (*see* Dkt. No. 357 at 7).

Morillo and Baquero also successfully argued, to this Court and to the Magistrate Judge, that any ruling on personal jurisdiction should be deferred pending a ruling on their standing challenge. But now, after they were noticed and ordered to personally sit for depositions on the standing issue, Morillo and Baquero are attempting to withdraw their appearance on the very issue *that they raised*, *i.e.,* the standing of the Trust. (Dkt. No. 362) Magistrate Judge Otazo-Reyes understandably and properly rejected this one-sided attempt first to use the Court's jurisdictional powers, and then to evade that jurisdiction. (Dkt. No. 370).

The Magistrate Judge found that Morillo and Baquero's statements concerning the legitimacy of the Trust and their prior agreement to four depositions compelled them to sit for individual depositions on the issue of standing. *Id.* at 25. As Plaintiff pointed out, Morillo and

Baquero had made statements concerning the operation, authorization, and formation of the Trust. (*id.* at 24). Plaintiff also seeks to depose Morillo and Baquero concerning their communications and efforts to influence the National Assembly of Venezuela to support their position that the Trust was not properly constituted. *Id.* at 19. (Defendants requested production of communications relating to the National Assembly, and Plaintiff requested same); *see* Dkt. No. 314 at 25 (Defendants state that a pronouncement of National Assembly raises "a key set of factual issues"); 72 (Mr. Boies: "We ought to be able to ask them about any communications with the National Assembly").

## STANDARD OF REVIEW

Defendants object to the Magistrate Judge's Order pursuant to Rule 72(a) Fed.R.Civ.P. Defendants can prevail only if they establish that the Order was clearly erroneous or contrary to law. *See* Rule 72(a); 28 U.S.C. § 636(b)(1)(A); *Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, No. 14-62277-CV, 2015 WL 11197793, at *1 (S.D. Fla. Aug. 11, 2015); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981); *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corr.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sen. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

"[A] magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and quotations omitted). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.' " *Botta v.*

*Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting *Catskill Dev., LLC, v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); *see* also *Piaott v. Sanibel Dev*., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar).

## I.  MORILLO AND BAQUERO ARE SUBJECT TO THIS COURT'S JURISDICTION.

Morillo and Baquero seek to use jurisdiction as both a sword and a shield.  They initially asked this Court to find that it lacks subject matter jurisdiction because Plaintiff purportedly lacks standing. Now, they ask the Court to find that it does not have personal jurisdiction to compel them to be deposed on the very issue they first raised.  As Plaintiff pointed out before Magistrate Judge Otazo-Reyes: "It was a two-way street that we agreed to, and they are now trying to turn it into a one-way street." (Dkt. No. 357 at 20).  Indeed, Plaintiff had previously argued that determination of the Rule 12(b) issue of standing *should not precede* all other Rule 12(b) issues such as the personal jurisdiction, but Plaintiff lost that argument.  (*Id*. at 20-21 and Dkt. No. 234 at 14-15).

The Magistrate Judge also did not accept Plaintiff's argument that no Defendant who is challenging service of process should be allowed to participate in discovery on standing.  (Dkt. No. 267 at 31-35).  Rather, the Court made it clear that *all* parties, including Morillo and Baquero, would be subject to discovery on the issue of standing (Dkt. No.  357 at 21), specifically including the depositions of Morillo and Baquero.  (Dkt. No. 314 at 72-74; Dkt. No. 357 at 30).

Having fully participated before the Court on the issue of standing; having made or joined in six motions;[1] having sought and received discovery from Plaintiff on the standing issue; and having participated in the Rule 26(f) conference, Defendants Morillo and Baquero cannot now refuse to appear for a deposition with regard to standing.  They have submitted to jurisdiction at least for the limited purpose of that issue and therefore are subject to the Court's orders like any

---

[1] Seven with this Objection.

other party.  *See*, e.g., *Aster Research Technologies v. Raba-Kistner Infrastructure, Inc.,* 2007 WL 9706985, at *3 (W.D. Tex. March 20, 2007) (notwithstanding possible service of process deficiencies, defendants who participated in Rule 26(f) conference were compelled to respond to Plaintiff's discovery requests); *Schmelzer v. Donahoe*, 2012 WL 6721094, *2 (Dec. 27, 2012 S.D. Ohio) (defendants' taking of deposition, moving to compel, and seeking extensions of deadlines, waived defense of insufficient service); *Miccosukee Tribe of Indians v. U.S.,* 2010 WL 337653 at *3 (Jan. 22, 2010 S.D. Fla.) (defendants seeking discovery from plaintiff must respond to plaintiff's requests and deposition notices); *Higgs v. Sanford,* 2009 WL 1734467, *1, n. 1 (defendant "cannot selectively decide to participate when it behooves him to do so . . . and then decide to evade his responsibility when it does not"). ).

Accordingly, given the lead role Morillo and Baquero have taken by initiating the challenge to Plaintiff's standing, by using discovery allowed by the Court, and having had explicit notice from the Court that they could be deposed,  they have fallen far short of meeting their burden under Rule 72(a)'s "highly deferential standard of review."  At least for purposes of their argument that Plaintiff lacks standing, Morillo and Baquero have unequivocally submitted themselves to the Court's jurisdiction.  The instant Objection should be denied.

Moreover, if Morillo and Baquero are entitled to limited discovery on Plaintiff's standing, Plaintiff should be entitled to similar limited discovery concerning the personal jurisdiction defense raised by Morillo and Baquero in seeking to avoid their depositions. *See RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.,* 579 Fed. Appx. 779, 790-91 (11th Cir. 2014) (allowing limited jurisdictional discovery where the information sought would give rise to jurisdiction); *Don King Production, Inc. v. Mosley,* 2016 WL 3950930, *2, n. 1 (Jan. 27, 2016 S.D. Fla.); *Evans v. Andy & Evan Industries, Inc.,* 2015 WL 13260392, *1 (Nov. 23, 2015 S.D. Fla.).  "Resolution of a

pretrial motion that turns on findings of fact – for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) – may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997).

### A. MORILLO AND BAQUERO WERE VALIDLY SERVED.

In addition to filing multiple motions under Rule 12(b)(6) while reserving their rights to file additional 12(b) motions, Morillo and Baquero have attempted to evade service of process, have fled to an undisclosed location in Mexico, and in their motion affirmatively misrepresent their ties to Florida.  Their duplicity should not be rewarded.

#### 1. Defendant Morillo Misrepresents His Ties to Florida.

Defendant Morillo was served on March 12, 2018 by delivering a copy of the Summons and Amended Complaint to his wife at 8:31 p.m. at Apartment 3302, 1643 Brickell Avenue, Miami, Florida. See Dkt. No. 86 [Affidavit of Service].  Morillo now claims that the "property where the papers allegedly were left is neither Morillo's dwelling nor his usual place of abode . . . and he does not maintain a presence there or elsewhere in Miami, in Florida, or in the United States."  Defs' Obj., at 10.

This outright fabrication is belied by publicly available records.

Public documents show that Defendant Morillo owns a BMW motorcycle with Florida license plate number 2509LG that was first registered at his 1643 Brickell Avenue address in 2011. See 5/17/2018 Declaration of William Fredericks ("Fredericks Decl."), at ¶4, and Exhibt A thereto. On April 16, 2015, Defendant Morillo received a traffic ticket in Broward County for going 91 mph (Citation Number:A3WNXOE, Case Number: 15028013TI30A), and listed his home address as 1643 Brickell Avenue in Miami.  *Id*., at ¶5 and Exhibit B thereto.  Defendant Morillo obtained

a private pilot's license (No. A4694839) several years ago and listed himself in the Federal Aviation Administration's database as having a home address, current as of 4/12/2018, at 1643 Brickell Avenue, Apt. 3302, in Miami, Florida.  *Id*. at ¶6, and Exhibit C thereto.  Security guards at 1643 Brickell Avenue identified Mr. Morillo as recently as March 2018 as a current resident of Apartment 3302, along with his wife, Gertrudis, and their children, including his youngest child who was recently born in Miami.  *Id*. at ¶10.  Security camera footage at 1643 Brickell Avenue includes extensive video of Mr. Morillo's family making multiple entries and exits to and from the building.  *Id*. at ¶11.

Service on Francisco Morillo at his Brickell Avenue apartment was valid and should be upheld by this Court.

### 2. Baquero Has Extensive Ties to Miami and Was Properly Served through Article 10(a) of the Hague Convention in Spain.

Defendant Baquero was properly served through Article 10(a) of the Hague Convention with a copy of the Summons and Complaint at his apartment in Madrid, Spain.  See Dkt. No. 280 (Affidavit of Service).  In attempting to invalidate service, he now claims not to live in the Madrid apartment, but notably fails to submit his own affidavit to that effect or to identify his actual residence.  Instead, he uses surrogates of dubious relevance, including his daughter's boyfriend, a doorman, and a lawyer who purportedly knows Baquero's tax situation, but fails to identify his current residence that is presumably needed to file tax returns.  Indeed, Defendants' brief makes contradictory statements about Baquero's residence:

> He is a citizen of Venezuela and Spain, maintains his personal residence and personal effects in Venezuela . . .
>
> He currently resides in Mexico.

Defs' Objections, at 2.

Baquero also misrepresents his contacts with Florida, claiming he is not a "permanent (or even occasional) resident" of the U.S. *Id.* But Baquero fails to mention that he owns at least one apartment in Florida, Unit #4702 at 1643 Brickell Avenue in Miami, in the same complex as Defendant Morillo's apartment, and that this residence is listed in Baquero's credit report as his permanent address. Fredericks Decl., at ¶12, and Exhibit D thereto. Baquero also pays utility bills for Unit # 4702, and uses a U.S. Social Security number. *Id.* at ¶13 and Exhibit E thereto. He has cable service at Unit #4702 and a local phone number. *Id.* at ¶14 and Exhibit H thereto. Public records also indicate that Baquero can be located at 1221 Brickell Avenue, Suite 900, where the Helsinge entities named in this action do business. Clearly Baquero's assertions that he is not even an "occasional" resident in the U.S. are false. He certainly has a real and permanent presence in this District.

## B. EVEN IF MORILLO AND BAQUERO WERE NOT VALIDLY SERVED (AND THEY WERE) THE COURT SHOULD LIBERALLY CONSTRUE RULE 4.

"When a defect in process is found, Rule 4(h) does not require that the party be served anew as if the first service of process did not exist . . . [r]ather, the court may allow amendment of the process to perfect the original process." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990). Once a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are liberally construed. *See Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1281 (S.D. Fla. 1999), citing *Nichols v. Surgitool, Inc.*, 419 F.Supp. 58 (W.D.N.Y. 1976); *Concepcion v. VEB Backereimaschenbau Halle*, 120 F.R.D. 482 (D.N.J.1988) ("While there must be substantial compliance with the rules of service of process they are to be liberally construed where a defendant has sufficient notice of a complaint."). "Notice of a complaint coupled with good faith attempted service is sufficient to confer jurisdiction

where a party is evading service of process." *Banco Latino*, 53 F. Supp. 2d at 1281, citing *Avianca, Inc. v. Corriea*, 705 F.Supp. 666 (D.D.C.1989).

In addition, a plaintiff is not required to expend endless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service. *See Nappi v. Welcom Products, Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 1418284, at *2 (M.D. Fla. Apr. 11, 2014); *Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 4922855, at *2 (M.D. Fla. Oct. 31, 2017).

Both Morillo and Baquero have actual knowledge of the lawsuit, the Summonses, the Amended Complaint and the allegations therein as shown, among other things, by their counsel's extensive motion practice, discovery demands, deposition requests to Plaintiff, and participation in the Rule 26(f) conference.  Morillo and Baquero have attempted to evade service of process and have fled to Mexico to avoid being deposed.

Where a Plaintiff has attempted to provide notice, and where "Defendant does have actual notice of suit, and [where] Defendant has been evading service, it seems futile to require Plaintiffs to expend countless additional resources in order to effect service upon Defendants." *Chamberlain v. Integraclick, Inc.,* No. 4:10-CV-00477-SPM, 2011 WL 1456878, at *4 (N.D. Fla. Apr. 15, 2011); *Lancaster v. Bottle Club, LLC*, No. 8:17-CV-634-T-33JSS, 2017 WL 4922855, at *2 (M.D. Fla. Oct. 31, 2017)(finding valid service of process where defendant has notice of the Amended Complaint and is evading service).

Furthermore, because Baquero and Morillo have now fled to an undisclosed location in Mexico, if the Court were to determine that service of process was not effective on either Defendant, Plaintiff requests that the Court allow alternative service by certified mail to their apartments at 1643 Brickell Avenue in Miami.

### C. PLAINTIFF IS NOT REQUIRED TO USE TO THE HAGUE CONVENTION TO DEPOSE DEFENDANTS

Morillo and Baquero insist that Plaintiff must utilize the lengthy and unwieldy process through the Hague Convention and Mexico's Central Authority in order to depose them.  This is wrong.

*First*, Morillo and Baquero bear the burden of "persuading the court of the necessity of proceeding pursuant to the Hague Evidence Convention based on the specific facts and sovereign interests involved."  *In re Chiquita Brands Int'l, Inc*., No. 07-60821-CV, 2015 WL 12601043, at *7 (S.D. Fla. Apr. 7, 2015), citing *In re: Automotive Refinishing Paint Antitrust Litigation*, 358 F.3d 288, 300 (3d Cir. 2004).

*Second*, the Hague Convention's procedures are not mandatory and discovery of litigants located in a foreign country may instead proceed under the Federal Rules.  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 541–42 (1987); *Costa v. Kerzner Int'l Resorts, Inc*., 277 F.R.D. 468, 473 (S.D. Fla. 2011) ("the Hague Convention was intended as a permissive supplement, not a preemptive replacement, for other means of obtaining evidence located abroad")(internal citations omitted). "The Hague Convention does not provide the exclusive or even preferred method for obtaining discovery from foreign individuals." *In re Photochromic Lens Antitrust Litig*., No. 8:10-MD-2173-T-27EAJ, 2012 WL 12904331, at *3 (M.D. Fla. May 2, 2012) (internal citations omitted).

*Third*, proceeding outside of the Hague Convention's rules to take a deposition of a foreign national located in Mexico poses no "affront to sovereignty", nor is there any other impediment posed by Mexican law.  Although Defendants cite the U.S. Department of State website for the proposition that depositions of foreign nationals in Mexico must be taken pursuant to the Hague

Evidence Convention, they cite no cases to that effect.[2]  (Def. Br. 2-3)  On the contrary, cases hold

that there is no bar to taking depositions in Mexico, and no requirement that the Hague Convention

must be used.  *See e.g. Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. de

C.V.*, 292 F.R.D. 19, 24 (D.D.C. 2013); *Mendoza v. Pascual*, No. CV 615-40, 2015 WL 13650770,

at *2 (S.D. Ga. May 5, 2015), citing Fed. R. Civ. P. 28(b)(1)(C).

### D.  MORILLO AND BAQUERO SHOULD BE DEPOSED IN MIAMI.

The general rule favors Florida as the location for a party's deposition "when the

practicalities of the situation favor Florida and there is no showing of 'hardship' to justify a

location other than this District."  *Marrero Enterprises of Palm Beach, Inc. v. Estefan Enterprises,

Inc.*, No. 06-81036-CIV, 2009 WL 3048698, at *3 (S.D. Fla. Sept. 18, 2009)

Here, the practicalities favor Morillo and Baquero appearing for depositions in Miami.

Both Defendants are wealthy individuals with access to private jets, and both have personal

residences located in the Miami area.  Morillo and Baquero routinely travel extensively all over

the world, and have lived for substantial periods in Florida as shown by their extensive contacts

with Florida.  Fredericks Decl., at ¶¶3-16.  The offices that Morillo and Baquero used to perpetrate

the fraud underlying this lawsuit are located in Miami. Dkt. No. 12, at ¶¶ 30-39, 111.   Until this

lawsuit was filed, both Morillo and Baquero spent significant time in Miami.  Morillo's wife and

children, one an infant, have been here recently.  Morillo and Baquero have attorneys in Miami,

as do most of the other defendants.  Hence, the most practical location for the depositions of

---

[2]      The State Department website is ambiguous.  It says in one sentence that voluntary
depositions may be conducted in Mexico "regardless of the nationality of the witness, provided
no compulsion is used," then goes on to say that "Voluntary depositions of Mexican and third
country nationals require prior permission from the Mexican Central Authority."
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
Information/Mexico.html

Morillo and Baquero is Miami.  There is no reason to require multiple lawyers for Plaintiff and Defendants to travel to an unknown location in Mexico for depositions of parties to this action on the very issue they have injected into the case.

## II.   MORILLO AND BAQUERO'S DEPOSITION TESTIMONY IS RELEVANT TO THE ISSUE OF STANDING.

Morillo and Baquero's deposition testimony is relevant to the issue of the Trust's standing to bring this lawsuit.  Morillo and Baquero have affirmatively come into this Court to challenge the standing of the Trust, claiming the Trust is invalid for various reasons.  They have put at issue the actions of the Venezuelan National Assembly with regard to the Trust and the authority of those who signed it, as well as the assignment of claims by PDVSA to the Trust.

As Plaintiff explained to Magistrate Judge Otazo-Reyes, Plaintiff has reason to believe, based on statements Morillo and Baquero have made regarding the Trust and whether or not it is authorized, that Morillo and Baquero may have had communications about the Trust with members of the National Assembly and other individuals, either in Venezuela or elsewhere.  Apr. 30 Tr. at 24:10-13.  Tacitly acknowledging that such communications may exist, Morillo and Baquero assert that any such communications would have been "in anticipation of litigation."[3]  Obj. at 17. But they cite no authority for that proposition, and no such communications would be privileged. To the contrary, there is no privilege against discovery of communications made by a party or its agents to lobby a governmental body.  *See, e.g., Egiazaryan v. Zalmayev,* 290 F.R.D. 421, 436 (S.D.N.Y. 2013) ("Materials prepared in furtherance of lobbying activities, even when conducted by a lawyer, are generally unprotected under the work product doctrine."); *In re Grand Jury*

---

[3] The sole basis for this assertion by Morillo and Baquero is that they had already been named as defendants by the time the communications occurred, but they admit that they are not officials of the government or PDVSA, or lawyers.  Obj. at 17.

_Subpoenas,_ 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001) ("[i]f a lawyer happens to act as a lobbyist, matters conveyed to the attorney for the purpose of having the attorney fulfill the lobbyist role do not become privileged by virtue of the fact that the lobbyist has a law degree").   If such communications exist, they are directly relevant, nonprivileged communications that may include efforts to subvert the Trust through importuning of National Assembly members to take steps that Defendants have described to the Court, including investigating the Trust and passing resolutions challenging the constitutionality of the Trust.

For example:

- Morillo and Baquero argued in one of their earliest submissions to the Court that the Trust Agreement "must be approved by the National Assembly," which "has not occurred," so "the Trust Agreement is null and void." Dkt. 161 at 6 (brief opposing Plaintiff's Motion for a Preliminary Injunction).

- Morillo and Baquero requested documents from Plaintiff related to "the investigation into the Trust by the National Assembly announced on April 3, 2018," as well as any other "investigation into the Trust by any executive, legislative, or judicial body" and "including any documents produced to or by the National Assembly or any investigator." Defendants' First Requests for Production to Plaintiff (expressly including Morillo and Baquero), April 10, 2018, at 4 (Request No. 2) (Carpinello Decl. Ex. A).  _See_ Apr. 25 Tr. at 14:6-10 (counsel for Defendants acknowledging document requests are "hinting at what facts [Defendants] are looking for").

- Morillo and Baquero objected to Plaintiff's request for their communications with persons in Venezuela or elsewhere concerning the validity of the Trust, claiming such communications were "work product material created after commencement of the action." _See_ Defendants' Response to Plaintiff's First Request for Production of Documents, dated April 23, 2018, at 8 (Response to Request No. 9); e-mail from George Carpinello to counsel for Defendants, dated May 7, 2018 at 10:30 a.m.; e-mail from David Burkoff to George Carpinello, dated May 8, 2018 3:14 p.m. (attached as Exhibits B, C & D to the Carpinello Decl.).

- Counsel for Defendants told Magistrate Judge Otazo-Reyes on April 25 that "the National Assembly now just yesterday in this fast-moving set of circumstances has issued a pronouncement that the Trust and the assignment are unconstitutional under Venezuelan law. ***This is a key set of factual issues that we are entitled to take discovery on.***" Apr. 25 Tr. at 25:6-11.  (emphasis added)  Of course, that is a two-way street.

- During that hearing, Defendants justified their document requests to Plaintiff by saying that the issue of litigation funding "goes to this issue that the National Assembly raised yesterday.  In their estimation this whole effort is an effort to unlawfully divert assets of the Venezuelan state and people to a United States based trust where those – you know, the proceeds are not going to flow back to the people of Venezuela."  Apr. 25 Tr. at 26:3-8.[4]

- During the same hearing, Defendants argued that "there is dispute" concerning the Procurador General of Venezeula, who signed the Trust Agreement, "because the National Assembly recognized that he is not validly -- does not validly hold this title of Procurador General of Venezuela."  Apr. 25 Tr. at 60:23-25 – 61:1.

- Morillo and Baquero produced, on May 3, 2018, a copy of a National Assembly resolution. Carpinello Decl. Ex. E (document Bates numbered 052-057).  Morillo and Baquero refuse to state what discussions they, their agents, representatives or counsel had with representatives or agents of the National Assembly of Venezuela about that very resolution. *See* e-mail from George Carpinello (May 7, 2018 at 10:30 a.m.); e-mail from David Burkoff to George Carpinello (May 8, 2018 3:14 p.m.) (attached as Exhibits C & D to the Carpinello Decl.).

Thus, Morillo and Baquero (along with other Defendants) have themselves invoked actions taken after March 8, 2018, by the National Assembly of Venezuela that they assert undermine the standing of the Trust and justify discovery of Plaintiff.  Based on these and other statements made by Morillo and Baquero, Plaintiff is entitled to know what role, if any, Morillo and Baquero and their counsel have played in lobbying the National Assembly to make, for example, the claimed "investigation;" the "pronouncement" on April 24 that the Trust and assignment are unconstitutional; the claimed "issue" regarding litigation funding; or the "dispute" over the "validity" of the Procurador's title and the Trust.  This includes whatever communications Morillo and Baquero or their counsel have had relating to these subjects.

---

[4] *See* Apr. 25 Tr. at 37:14-18 (Defendants seek documents related to litigation funding "most pertinently the extent to which any benefits from this lawsuit will flow back to the people from Venezuela, which is the issue that is the primary issue that's been raised back in the country, in the legislature and otherwise we will be raising in our briefing").  Plaintiff has not objected to the substance of this request.  Apr. 25 Tr. at 38:16-19 (agreeing defendants "are entitled to know how the Trust proceeds are going to be distributed and they are entitled to know, you know, who is going to benefit from this").

Morillo and Baquero have argued that "what they may or may not have said has no relevance to the whether standing exists," in part because the statements would have been made after March 8, 2018. Apr. 30 Tr. at 29:17-18; Obj. at 17. But that misses the point. It is not just their statements that matter, but what their statements indicate. If Morillo and Baquero have, in fact, directly or indirectly communicated with the National Assembly or other, before or after March 8, 2018, and if those communications relate to the standing of the Trust, Plaintiff is entitled to discover that information. As Plaintiff pointed out to Magistrate Judge Otazo-Reyes, Defendants "are taking the position that they can inquire as to whether people have challenged the Trust authority. We ought to be able to similarly inquire whether people have recognized the Trust authority." Apr. 25 Tr. at 71:22-25 – 72:1.[5]

## III.   LIMITED PURPOSE DEPOSITIONS POSE MINIMAL BURDEN AND ANY BURDEN IS OUTWEIGHED BY THE LIKELY BENEFIT.

Morillo and Baquero argue that it would be burdensome and a hardship for them to have to sit for a deposition because they have no knowledge concerning the Trust's standing. They further claim Plaintiff will misuse the depositions to gain information on the merits. They are wrong on both points. First, as demonstrated above, Morillo and Baquero have knowledge that is potentially highly relevant to standing and to Plaintiff's defense on that issue.

Second, in ordering the depositions of Morillo and Baquero, the Magistrate Judge ruled that the depositions are limited to the issue of standing, and thus there is no basis for asserting that they will include merits discovery.

---

[5] *See* Apr. 25 Tr. at 72:2-5 ("They have said that they are going to ask us about any communications with the National Assembly. We ought to be able to ask them about any communications with the National Assembly.").

Pursuant to their "limited appearance," Morillo and Baquero voluntarily and expressly agreed to a discovery protocol that allows *each side* to take four depositions of persons of their choice on the issue of standing. *See* Dkt. 253 at 2 (Scheduling Order); Apr. 30 Tr. at 22:13-16 (THE COURT: "I was operating off of an agreed document which presumed that this is what the parties had come to the Court with. So, I am not changing or in any undoing what has been done to date.").

Morillo and Baquero now express buyer's remorse. They protest that by voluntarily agreeing to the Scheduling Order, "they in no way agreed" that the deponents could include *themselves*. Obj. at 18. But as the Magistrate Judge correctly noted, that is not what their agreement says. *See* Dkt. 253 at 2; Apr. 30 Tr. at 30:2 (THE COURT: "The agreed order provided for [Plaintiff] to get them."). They may now have regrets, but that is no basis for their objection.

The depositions Plaintiff seeks are limited to standing issues, and thus are squarely within the scope of the "limited purpose" of Morillo and Baquero's "limited appearance," and Magistrate Judge Otazo-Reyes correctly so ruled. Apr. 25 Tr. at 72:12-13; May 8 Tr. at 7:17-25. Any burden on Morillo and Baquero is further minimized by the rulings of Judge Otazo-Reyes limiting the length of the depositions to two hours and limiting the scope of the depositions to standing. Apr. 25 Tr. 73:6-8; Apr. 30 Tr. at 30:16-25; May 8 Tr. at 44:14-16 (THE COURT: "Yes, two hour limit, limited to standing issues only.").

And all of the Magistrate Judge's rulings are without prejudice to Morillo's and Baquero's "asserting objections to personal jurisdiction service." Apr. 25 Tr. at 74:10-13; Apr. 30 Tr. at 30:8-16. *See* Dkt. 253 (Scheduling Order) at 3 ("Any defendants participating in the standing-related discovery permitted by the above schedule will not waive any defenses they may assert under Fed. R. Civ. P. 12 by virtue of their participation in that discovery.").

18

Morillo and Baquero also suggest that they face potential criminal prosecution,[6] and would be prejudiced by being required to give any deposition testimony at all.  Obj. at 19-20.  They apparently wish to avoid invoking their Fifth Amendment right not to testify in U.S. litigation because an adverse inference could be drawn in civil litigation.  However, by voluntarily submitting themselves to the jurisdiction of the Court for the "limited purpose" of challenging standing, this a choice they have already made.  *See, e.g., S.E.C. v. Monterosso*, 746 F.Supp.2d 1253 (S.D. Fla. 2010) ("The courts consistently have held that the Fifth Amendment privilege may be used only as a shield and not as a sword that frees claimant from adducing proof in support of his burden" in a civil case) (citations omitted).

Morillo and Baquero further suggest that answering interrogatories would be sufficient. For the reasons demonstrated above, they have potentially highly relevant testimony on the issue of standing that is before the Court.  They are central players in the events at the heart of the case, and thus are not "differently situated" from other potential deponents.  Obj. at 20 & n.9.

Morillo and Baquero argue that Plaintiff's request to conduct the discovery they, along with the other Defendants, agreed to, is "tit-for-tat" and therefore not consistent with Rule 26.  But the sole case on which they rely stands for precisely the opposite.  In *Acushnet Co. v. Birdie Golf Ball Co., Inc.*, 166 F.R.D. 42 (S.D. Fla. 1996), the defendants sought to delay their discovery responses until after the plaintiffs had responded to defendants' requests.  The Court held that the parties could not *avoid* their obligations based on "the perceived faults of their adversaries."  166 F.R.D. at 43.

---

[6] Of course, if Morillo and Baquero did not commit any of the wrongs alleged by Plaintiff in the Amended Complaint, they would face no such risk.

Here, the reverse is true.  Morillo and Baquero are the ones who are seeking to *avoid* their own discovery obligations on the ground that the discovery is "burdensome," while affirmatively seeking discovery from Plaintiff.  In fact, Plaintiff seeks their depositions pursuant to the agreement, which Morillo and Baquero voluntarily joined, that both sides would take depositions of each other on the issue of standing.

As Plaintiff pointed out to Magistrate Judge Otazo-Reyes: "The way the parties agreed to this scheduling order was that it was a two-way street and each side got the ability to have the same rights as the other.  Otherwise, we never would have agreed to it."  Apr. 25 Tr. 71:22-25 – 72:1-8.

## CONCLUSION

For all of the foregoing reasons, Defendants have failed to overcome the "highly deferential standard of review," *Holton,* 425 F.3d at 1350, applicable to Rule 72(a) objections.  Plaintiff respectfully requests that the Court deny Defendants' objection to the Second and Third Discovery Orders, and reject Defendants' attempts to evade appearing for depositions on the standing issue that they themselves expressly raised.  Alternatively, if the Court determines that Defendants' jurisdictional defenses should be addressed at this time, Plaintiff asks that the Court adjourn the inquiry into Plaintiff's standing until it can be briefed as part of Defendants' 12(b) motions, or that jurisdictional discovery be allowed now.

Dated:  May 17, 2018


**BOIES SCHILLER FLEXNER LLP**

By:  /S/ Steven W. Davis

Steven W. Davis (Bar No.: 347442)
Stephen N. Zack (Bar No.: 145215)
Bank of America Tower
100 Southeast 2nd St., Suite 2800
Miami, FL 33131
Tel:  (305) 539-8400
Fax:  (305) 539-1307

David Boies
Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Nicholas A. Gravante, Jr.
David A. Barrett
Randall Jackson
Ellen Brockman
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

George F. Carpinello
Teresa A. Monroe
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel:  (518) 434-0600
Fax:  (518) 434-0665

*Attorneys for Plaintiff*