# Exhibit E

Ir arriba

- Inicio
- La Asamblea
  - Junta Directiva
  - Sedes Legislativas
- Noticias
- Diputados Diputados
  - Todos
  - Principales
  - Suplentes
- Comisiones
- Agenda Legislativa
  - Toda la agenda
  - Agenda de la Junta Directiva
- Leyes Leyes
  - Sancionadas
  - Proyectos
  - Consulta Pública
- Actos Legislativos
- Transparencia
- Sala de prensa
- Galerías

Menu

- 
- 
- 
- 
- 
- 

Caracas - Venezuela
24 de Abril 2018 / 02:56 pm

Helsinge-Standing-00052



- Inicio
- La Asamblea
  - Junta Directiva
  - Sedes Legislativas
- Noticias
- Diputados Diputados
  - Todos
  - Principales
  - Suplentes
- Comisiones
- Agenda Legislativa
  - Toda la agenda
  - Agenda de la Junta Directiva
- Leyes Leyes
  - Sancionadas
  - Proyectos
  - Consulta Pública
- Actos Legislativos
- Transparencia
- Sala de prensa
- Galerías



ACUERDO PARA DENUNCIAR LA INCONSTITUCIONALIDADDE LA CONSTITUCIÓN DEL FIDEICOMISO "PDVSA US LITIGATION TRUST", POR PARTE DE LA SOCIEDAD ANÓNIMAPETRÓLEOS DE VENEZUELA
Fecha: 24/04/2018

### LA ASAMBLEA NACIONAL

### DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

*Como vocera del Pueblo Libre, Soberano y Democrático*

**ACUERDO PARA DENUNCIAR LA INCONSTITUCIONALIDAD
DE LA CONSTITUCIÓN DEL FIDEICOMISO "PDVSA US LITIGATION TRUST", POR PARTE DE LA SOCIEDAD ANÓNIMA
PETRÓLEOS DE VENEZUELA**

#### CONSIDERANDO

Que conforme a lo previsto en el artículo 2 de nuestra Carta Magna, Venezuela se constituye como un Estado de Derecho, lo que comporta, entre otras cosas, el respeto a principios fundamentales tales como el principio de legalidad o sumisión plena de los Poderes Públicos a la ley y al ordenamiento jurídico y el principio de responsabilidad;

#### CONSIDERANDO

Que conforme al artículo 187 numeral 3 de la Constitución de la República Bolivariana de Venezuela, la Asamblea Nacional ejerce el control político del Gobierno y de la Administración Pública;

#### CONSIDERANDO

Que la Sociedad Anónima Petróleos de Venezuela, forma parte de la estructura general de la Administración Pública Nacional, que los recursos generados y la totalidad de su patrimonio pertenecen a la República, quien, conforme a lo previsto en el artículo 303 de la

Helsinge-Standing-00053

Constitución, posee la totalidad de las acciones por razones de soberanía económica, política y de estrategia nacional; por lo que los daños denunciados ocurrieron directamente contra el patrimonio de la República;

**CONSIDERANDO**

Que se interpuso demanda civil ante la Corte del Distrito Sur de la Florida (EEUU), destinada a recuperar determinados bienes propiedad de la Sociedad Anónima Petróleos de Venezuela;

**CONSIDERANDO**

Que la demanda civil fue ejercida por el fideicomiso denominado "PDVSA US LITIGATION TRUST", representado legalmente por el escritorio jurídico "Boies Sch Ller Flexner LLP"; contra "la empresa Helsinge" y contra un grupo de más de cuarenta (40) personas naturales y jurídicas;

**CONSIDERANDO**

Que la causa principal de la denuncia se fundamenta en una "conspiración" que de manera continuada desde el año 2004 venían desarrollando compañías, comerciantes internacionales de petróleo, sus bancos y co-conspiradores, agentes corruptos y funcionarios de la Sociedad Anónima Petróleos de Venezuela; que ocasionó pérdidas cuantificadas en más de diez mil millones de dólares;

**CONSIDERANDO**

Que a través del "PDVSA US LITIGATION TRUST", la Sociedad Anónima Petróleos de Venezuela transfirió irrevocablemente todos sus derechos, títulos e intereses relacionados con los reclamos y las acciones que se ejerzan para la recuperación de los bienes objetos de la demanda civil que cursa ante la Corte del Distrito Sur de la Florida (EEUU);

**CONSIDERANDO**

Que el valor económico-estratégico que tiene la Sociedad Anónima Petróleos de Venezuela (PDVSA) para la República, hizo que el Constituyente lo elevara a rango constitucional, con el fin de proteger esa "soberanía económica", razón por la cual la referida empresa no puede actuar con la libertad con la que pudieran desenvolverse tanto económica como jurídicamente cualquier otro ente u órgano descentralizado;

**CONSIDERANDO**

Que es evidente que el cumplimiento, incumplimiento o negligencia en el desempeño y ejecución del fideicomiso afecta directamente el interés público, pues es innegable que su objeto es determinante para la realización de los fines y cometidos del Estado venezolano en procura de dar satisfacción a los intereses individuales y coincidentes de la comunidad nacional, por lo que para la celebración del contrato de fideicomiso debió haberse cumplido con el requisito del control previo por parte de la Asamblea Nacional, conforme a lo establecido en el artículo 187, numeral 9 de la Constitución de la República Bolivariana de Venezuela;

**CONSIDERANDO**

Que los hechos de corrupción, calificados en la demanda como conspiración, configuran un daño al patrimonio de la República y en el supuesto negado que las acciones civiles ejercidas por parte de la Sociedad Anónima Petróleos de Venezuela se hubieren hecho dentro del marco de la legalidad, esta Asamblea Nacional observa que no hay constancia de que PDVSA haya ejercido acciones penales ni en la República ni fuera del territorio nacional; como tampoco se observa que se hayan ejercido las acciones correspondientes a los fines de la determinación de responsabilidad administrativa de los involucrados;

**CONSIDERANDO**

Que el Contrato de Fideicomiso de Litigios fue autorizado por el Procurador General, ciudadano Reinaldo Muñoz Pedroza, conforme a lo previsto en los artículos 107, 76, 21, 5 y 9 numeral 1º de la Ley Orgánica de la Procuraduría General de la República; según se desprende del Capítulo IX "Otras Disposiciones" del fideicomiso, punto 9.8 referido a la "Autorización por parte del Procurador General";

**CONSIDERANDO**

Que el conforme al artículo 249 de la Constitución de la República Bolivariana de Venezuela el Procurador General de la República reunirá las mismas condiciones exigidas para ser magistrado del Tribunal Supremo de Justicia; y debe ser nombrado por el Presidente de la República con la autorización de la Asamblea Nacional;

**CONSIDERANDO**

Que el ciudadano Reinaldo Muñoz Pedroza, no tiene facultad para autorizar la celebración del fideicomiso, tampoco para ejercer ninguna actuación como Procurador General de la República ni como titular ni en condición de encargado del Despacho, puesto que no existe una designación que satisfaga los supuestos previstos en el artículo 249 de la Constitución de la República Bolivariana de Venezuela.

**ACUERDA**

Case 1:18-cv-20818-DPG   Document 378-6   Entered on FLSD Docket 05/17/2018   Page 5 of 13

**PRIMERO:** Recordar a la comunidad internacional la serie hechos que han sido denunciados, investigados y hasta juzgados fuera del territorio nacional, por los delitos e irregularidades en el manejo de fondos públicos en la empresa estatal Petróleos de Venezuela S.A. (PDVSA); por lo que la constitución del "PDVSA US LITIGATION TRUST" pudiera constituirse como un mecanismo para desviar los fondos y recursos objeto de la demanda civil incoada ante la Corte del Distrito Sur de la Florida (EEUU); y como consecuencia de ello la imposibilidad de recuperación o regreso de esos recursos al erario público.

**SEGUNDO:** Advertir a la comunidad internacional que la celebración del "PDVSA US LITIGATION TRUST" es inconstitucional por cuanto viola lo previsto en el artículo 187 numeral 9 de la Constitución de la República Bolivariana de Venezuela, al omitir los mecanismos de control a los que debía someterse el referido fideicomiso, ya que es evidente que el cumplimiento, incumplimiento o negligencia en la ejecución del mismo afecta directamente el interés público pues es innegable que la recuperación del patrimonio de la República es determinante para la realización de los fines y cometidos del Estado venezolano en la procura de dar satisfacción a los intereses individuales y coincidentes de la comunidad nacional, convirtiéndolo, por sus características en un típico supuesto de contrato de interés público

**TERCERO:** Exhortar a la comunidad internacional continúe con las investigaciones destinadas a condenar los hechos de conspiración denunciados a los fines de establecer las sanciones penales a los demandados.

**CUARTO:** Solicitar al Ministerio Público conforme a lo dispuesto en los artículos 51 y 285 numeral 3, 5 y 6 de la Constitución de la República Bolivariana de Venezuela, que se designe un Fiscal con competencia nacional para que dé apertura a una investigación por los hechos calificados como conspiración que dieron origen a la demanda civil; y de acuerdo con el artículo 139 de la Constitución de la República Bolivariana de Venezuela, que se abran las investigaciones para determinar responsabilidades, que hubieren a lugar.

**QUINTO:** Solicitar a la Contraloría General de la República en cumplimiento a lo previsto en el artículo 2 de la Ley Orgánica de la Contraloría General de la República y del Sistema Nacional de Control Fiscal en concordancia con el artículo 44, 45 y 46 de la Ley Contra la Corrupción, que dé inicio a los procedimientos administrativos de determinación de responsabilidad administrativa dada las amplias competencias para investigar y fiscalizar todos los actos que tengan relación con el patrimonio público, y una vez determinada la responsabilidad administrativa remita al Ministerio Público el resultado de sus actuaciones para que éste ejerza las acciones correspondientes, por los delitos cometidos contra el patrimonio público.

**SEXTO:** Denunciar tanto a los órganos nacionales como los internacionales, que el contrato de fideicomiso no puede producir efecto jurídico alguno por cuanto que fue suscrito y autorizado por el ciudadano Reinaldo Muñoz Pedroza, quien ostenta írritamente el cargo de Procurador General de la República, presuntamente en condición de encargado.

**SÉPTIMO:** Denunciar una vez más, tal como se denunciara en esta sala en sesión celebrada en fecha 10 de noviembre 2016, que el ciudadano Reinaldo Muñoz Pedroza, usurpa las funciones de Procurador General al ejercer un cargo para el cual no fue designado, pues su designación bien como titular o en condición de encargado debió efectuarla el Presidente de la República y autorizarla la Asamblea Nacional conforme a lo previsto en el artículo 249 de la Constitución de la República Bolivariana de Venezuela.

**OCTAVO:** Dar publicidad al presente Acuerdo.

Dado, firmado y sellado en el Palacio Federal Legislativo, sede de la Asamblea Nacional de la República Bolivariana de Venezuela, en Caracas, a los veinticuatro días del mes de abril de dos mil dieciocho. Años 208° de la Independencia y 159° de la Federación.

**OMAR ENRIQUE BARBOZA GUTIÉRREZ**

Presidente de la Asamblea Nacional

**JULIO CÉSAR REYES**   Helsinge-Standing-00055   **ALFONSO JOSÉ MARQUINA**

Primer Vicepresidente

Segundo Vicepresidente

**NEGAL MANUEL MORALES LLOVERA** Secretario

**JOSÉ LUIS CARTAYA**

Subsecretario

Buscador

Buscar…

Buscar

La Asamblea

- Junta Directiva
- Sedes Legislativas

Diputados

- Principales
- Suplentes

Agenda Legislativa

- Sesiones AN
- Eventos
- Ruedas de Prensa

Comisiones

- Permanentes
- Ordinarias
- Especiales

Leyes

- Vigentes
- Proyectos
- Consulta Pública

Sala de Prensa

- Noticias
- Convocatorias
- Comunicados
- Notas de Prensa

Helsinge-Standing-00056

- 

http://www.asambleanacional.gob.ve/actos/_acuerdo-para-denunciar-la-inconstitucionalidadde-la-constitucion-del-fideicomiso-pdvsa-us-litigation-trust-por-parte-de-la-

- 

- 

Palacio Federal Legislativo, Caracas - Venezuela / Teléfono: +58 212 7783322
X

Helsinge-Standing-00057

# LA ASAMBLEA NACIONAL
# (THE NATIONAL ASSEMLY)
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA
## (OF THE BOLIVARIAN REPUBLIC OF VENEZUELA)

*Como vocera del Pueblo Libre, Soberano y Democrático*

*(As the spokesperson for a Free, Sovereign and Democratic People)*

**ACUERDO PARA DENUNCIAR LA INCONSTITUCIONALIDAD DE LA CONSTITUCIÓN DEL FIDEICOMISO "PDVSA US LITIGATION TRUST", POR PARTE DE LA SOCIEDAD ANÓNIMA PETRÓLEOS DE VENEZUELA**

**(ACCORD TO DECLARE THE UNCONSTITUTIONALITY OF THE CONSTITUTION OF THE TRUST "PDVSA US LITIGATION TRUST", BY THE CORPORATION PETRÓLEOS DE VENEZUELA)**

**WHEREAS**

That in accordance with the provisions of Article 2 of our Constitution, Venezuela is constituted as a State of Law, which entails, among other things, respect for fundamental principles such as the principle of legality or full submission of Public Powers to the law and the legal system and the principle of responsibility;

**WHEREAS**

Pursuant to Article 187 numeral 3 of the Constitution of the Bolivarian Republic of Venezuela, the National Assembly exercises political control of the Government and Public Administration;

**WHEREAS**

The Petróleos de Venezuela corporation is part of the general structure of the National Public Administration, the resources generated and all of its assets belong to the Republic, which, in accordance with the provisions of article 303 of the Constitution, possesses the totality of its shares for reasons of "economic sovereignty", politics and national strategy; so, the damages disclosed occurred directly against the patrimony of the

Republic;

**WHEREAS**

A civil action was filed before the Court of the Southern District of Florida (USA), aimed at recovering certain property owned by the Petróleos de Venezuela corporation;

**WHEREAS**

The civil claim was undertaken by the trust named "PDVSA US LITIGATION TRUST", legally represented by the law firm "Boies Schiller Flexner LLP"; against "the company Helsinge" and against a group of more than forty (40) natural and juridic persons;

**WHEREAS**

The main cause of the complaint is based on a "conspiracy" that has been ongoing since 2004 by companies, international oil traders, their banks and co-conspirators, corrupt agents and officials of the Petróleos de Venezuela corporation that caused quantified losses of more than ten billion dollars;

**WHEREAS**

Through the "PDVSA US LITIGATION TRUST", the Petróleos de Venezuela corporation irrevocably transferred all of its rights, titles and interests related to the claims and the causes of action that are undertaken for the recovery of the damages described in the civil suit in progress before the Court of the Southern District of Florida (USA);

**WHEREAS**

The economic-strategic value to the Republic represented by the Petroleos de Venezuela corporation (PDVSA) caused it to be elevated to constitutional rank, in order to protect the "economic sovereignty" it represents, which is why the aforementioned company cannot act with the freedom with which any other decentralized entity or body can function economically and legally;

**WHEREAS**

It is evident that the fulfillment, breach or negligence in the performance and execution of the Trust directly affects the public interest, since it is undeniable that its purpose is determinative with respect to the

realization of the purposes and tasks of the Venezuelan State in order to satisfy the various individual and combined interests of the national community, which means the execution of the Trust Agreement should have complied with the requirement of prior control by the National Assembly, as established in Article 187, numeral 9 of the Constitution of the Bolivarian Republic of Venezuela;

### WHEREAS

The acts of corruption, characterized in the lawsuit as a conspiracy, constitute an injury to the patrimony of the Republic and assuming that the civil actions undertaken by the Petróleos de Venezuela corporation have been undertaken legally, this National Assembly observes that there is no evidence that PDVSA has brought criminal actions either in the Republic or outside the national territory; nor does it observe that the corresponding procedures have been undertaken for the purpose of determining the administrative responsibility of those involved;

### WHEREAS

The Trust Agreement was authorized by the Procurator General, citizen Reinaldo Muñoz Pedroza, in accordance with the provisions of Articles 107, 76, 21, 5 and 9 numeral 1 of the Organic Law of the Procurator General of the Republic; according to Article IX "Other Provisions" of the Trust Agreement, Section 9.8 referred to as "[Due] Authorization by the [General Attorney]";

### WHEREAS

Pursuant to Article 249 of the Constitution of the Bolivarian Republic of Venezuela, the Procurator General of the Republic will meet the same conditions required to be a judge of the Supreme Tribunal of Justice; and must be appointed by the President of the Republic with the authorization of the National Assembly;

### WHEREAS

Citizen Reinaldo Muñoz Pedroza has no power to authorize the execution of the Trust Agreement, nor to act as Procurator General of the Republic or to hold that Office as titular or in an acting capacity, since there is no designation that meets the requirements set forth in Article 249 of the Constitution of the Bolivarian Republic of Venezuela.

# ACCORD

**FIRST:** To remind the international community of the facts that have been reported, investigated and even tried outside the national territory, for crimes and irregularities in the handling of public funds in the state company Petroleos de Venezuela S.A. (PDVSA); therefore, the constitution of the "PDVSA US LITIGATION TRUST" could have created it as a mechanism to divert the funds and resources subject to the civil suit brought before the Court of the Southern District of Florida (USA); a consequence of this will be the impossibility of recovery or return of those resources to the Public Treasury.

**SECOND:** To warn the international community that the execution of the "PDVSA US LITIGATION TRUST" is unconstitutional inasmuch as it violates the provisions of Article 187, numeral 9 of the Constitution of the Bolivarian Republic of Venezuela, by omitting the control mechanisms to which the above-referenced trust is required to submit, since it is evident that the fulfillment, breach or negligence in the execution of the same affects directly the public interest since it is undeniable that its purpose is determinative with respect to the realization of the purposes and tasks of the Venezuelan State in order to satisfy the various individual and combined interests of the national community, converting it, as a result of its characteristics, into a typical public interest contract.

**THIRD:** To urge the international community to continue with the investigations aimed at developing the facts of the alleged conspiracy for the purpose of establishing criminal penalties for defendants.

**FOURTH:** To request that the Public Ministry, in accordance with the provisions of Articles 51 and 285 numerals 3, 5 and 6 of the Constitution of the Bolivarian Republic of Venezuela, designate a Prosecutor with national competence to open an investigation into the facts qualified as a conspiracy that gave rise to the civil suit; and in accordance with Article 139 of the Constitution of the Bolivarian Republic of Venezuela, that investigations be opened to determine whatever responsibilities there may be.

**FIFTH:** To request that the Comptroller General of the Republic, in compliance with the provisions of Article 2 of the Organic Law of the

General Comptroller of the Republic, and that the National Fiscal Control System in accordance with Articles 44, 45 and 46 of the Law Against Corruption, start the administrative procedures for determining administrative responsibility given the broad powers to investigate and oversee all acts related to public property, and once the administrative responsibility is determined, send the Public Ministry the result of their actions for it to exercise the corresponding actions for crimes committed against public property.

**SIXTH:** To declare to both national and international bodies that the Trust Agreement cannot produce any legal effect insofar as it was signed and authorized by the citizen Reinaldo Muñoz Pedroza, who holds the office of Procurator General of the Republic, presumably in an acting capacity.

**SEVENTH:** To declare one more time, as was done in this Chamber in session held on November 10, 2016, that citizen Reinaldo Muñoz Pedroza, usurps the functions of Procurator General when acting in a position for which he was not appointed, as his designation either as titular of the office or in an acting capacity should have been made the President of the Republic and authorized by the National Assembly in accordance with the provisions of Article 249 of the Constitution of the Bolivarian Republic of Venezuela.

**EIGHTH:** To publicize this Accord**.**

**Given, signed and sealed at the Federal Legislative Palace, headquarters of the National Assembly of the Bolivarian Republic of Venezuela, in Caracas, on the twenty-fourth day of the month of April two thousand and eighteen. In the 208th year of Independence and the 159th year of the Federation.**

**OMAR ENRIQUE BARBOZA GUTIÉRREZ**

Presidente de la Asamblea Nacional

**JULIO CÉSAR REYES**

Primer Vicepresidente

**ALFONSO JOSÉ MARQUINA**

Segundo Vicepresidente

**NEGAL MANUEL MORALES LLOVERA**

Secretario

**JOSÉ LUIS CARTAYA**

Subsecretario