UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

        Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

        Defendants.

_____/

REPLY OF UNSERVED AND NONSUBPOENAED
DEFENDANTS LEONARDO BAQUERO AND FRANCISCO MORILLO
IN SUPPORT OF THEIR OBJECTION TO THE
MAGISTRATE JUDGE'S SECOND AND THIRD DISCOVERY ORDERS

        Unserved and nonsubpoenaed Defendants Baquero and Morillo recognize that this Court

is understandably anxious to resolve this discovery issue. Accordingly, they respectfully submit

this brief reply, pursuant to Magistrate Rule 4(a)(1), only to clarify several distortions of law and

fact in Plaintiff's response and to assist this Court in its resolution of this important issue.[1]

**I.    Plaintiff's Jurisdictional Arguments Ignore This Court's Ruling That Baquero and Morillo Have Not Waived Challenges To Service And Jurisdiction**

        Plaintiff's primary argument is that Baquero and Morillo have effectively waived their

defenses on service and jurisdiction through their counsel's limited appearance to challenge

Plaintiff's standing. But Plaintiff's argument conspicuously omits any mention of the Magistrate

---

[1] Counsel for Baquero and Morillo has made a limited appearance in this case to (a) represent their interests with respect to the Plaintiff's efforts to obtain a preliminary injunction against them and (b) demonstrate that the Court lacks subject matter jurisdiction. In filing this Motion, Baquero and Morillo do not waive or intend to waive any arguments, objections, defenses or rights that may be available to them, including as to the insufficiency of service of process and this Court's lack of personal jurisdiction over Baquero and Morillo.

Judge's consistent rulings to the contrary.  Plaintiff did not properly object to those rulings and should not be allowed to do so now, *sub silentio*, in the guise of responding to Baquero and Morillo's objection to different issues in different rulings.  This Court's express and settled holding that Rule 12 defenses are preserved and participation in standing-related discovery would not waive them, *see, e.g.*, ECF No. 253, forecloses any attempt by Plaintiff now to contend that Baquero and Morillo have "unequivocally submitted themselves to the Court's jurisdiction," Pl.'s Resp. 7.  The inapposite cases Plaintiff cites in support of their jurisdictional argument (most of which are from other jurisdictions) suffer from the same infirmity.[2]

## II.  Plaintiff Introduces No Genuine Dispute Of Material Fact Concerning Baquero and Morillo's Invalid Service

This Court should reject Plaintiff's attempt to introduce a genuine question of material fact concerning Baquero and Morillo's invalid service through irrelevant documents and the conjecture of a private investigator who is also, in fact, a *de facto* principal in this case. As an initial matter, Plaintiff makes no allegation whatsoever that Baquero was adequately served. Rather, Plaintiff effectively concedes (as it must) that the Madrid address where service was attempted is *not* Baquero's home.  Unable to allege that service was delivered directly to Baquero as required under the Hague Service Convention, Plaintiff instead attacks the individuals who submitted affidavits demonstrating that fact, critically stating that Baquero "uses

---

[2] In several of the cases Plaintiff cites, such as *Schmelzer v. Donahoe*, 2012 WL 6721094 (Dec. 27, 2012 S.D. Ohio), defendants waived their service defense. *See also Higgs v. Sanford*, 2009 WL 1734467, *1, n.1 (W.D. Ky. Jun. 17, 2009)  ("[Defendant] waived any arguments regarding ineffective service by filing an answer and participating in this litigation.").  Another case Plaintiff cites, *Miccosukee Tribe of Indians v. U.S.*, 2010 WL 337653 (Jan. 22, 2010 S. D. Fla.), does not even mention a challenge to service, or any jurisdictional challenge at all. In the only case Plaintiff cites where insufficiency of service was even raised, *Aster Research Technologies v. Raba-Kistner Infrastructure, Inc.*, 2007 WL 9706985 (W.D. Tex. March 20, 2007), the defendant did not challenge the court's jurisdiction and admitted that valid service ultimately occurred.

surrogates of dubious relevance, including his daughter's boyfriend [and] a doorman."  Pl.'s Resp. 9.  Baquero *agrees* that these individuals are of little relevance to this case:  Delivery of the summons and complaint to them, as Plaintiff alleges, hardly constitutes adequate service. Moreover, Plaintiff's assertions about Baquero's "extensive ties" to Miami are, in addition to being wrong, of no moment here.  Plaintiff has made no allegation whatsoever that it ever even attempted to serve Baquero in Florida.   Plaintiff's attempted use of the Hague Service Convention to attempt service in Spain belies any contrary suggestion.

Plaintiff marshals an affidavit from a private investigator it has hired to try to bolster its argument that the address where it attempted to serve the summons and complaint on Morillo is his dwelling or usual place of abode.   But each document cited is outdated.   Plaintiff acknowledges, for example, that the motorcycle registration was first registered in 2011, that the traffic ticket was from 2015, and the pilot's license was from "several years ago."  Plaintiff otherwise relies on conjecture and hearsay statements of security guards or footage from security cameras to imply that Morillo lives at the attempted service address.  However, the investigator's affidavit that Plaintiff cites actually indicates the opposite:  The affidavit claims that from March 6 through March 14, 2018, a date range that includes the March 12 date of attempted service, video footage of the attempted service address allegedly shows "20 instances" of Morillo's family in the lobby, but not a single instance of Morillo.  ECF No. 378-7.  That Morillo's family would be present at this address, or that Morillo may have cited this address years ago, is of little surprise or significance.   As Plaintiff's affidavit recognizes, Morillo's mother owns the

apartment.  Moreover, Morillo's family has spent time there to avoid the extreme risk of violence and other dangers currently facing any resident of Venezuela.[3]

Federal Rule of Civil Procedure 4(e)(2)(B) would be strained mightily if service could be effected by delivering the summons and complaint to the home of the named defendant's relative in a jurisdiction foreign from the named defendants' actual dwelling or usual place of abode. Indeed, as made plain by the cases Morillo and Baquero cited in their objection, *see* Obj. 10-11, even if all the facts alleged by Plaintiff were true and carried the intimations Plaintiff asks this Court to make, they still would not create a genuine dispute of a material fact concerning the insufficiency of Plaintiff's attempted service on Morillo.  *See, e.g., Blueskygreenland Envtl. Sols., LLC v. Rentar Envtl. Sols,, Inc.*, 2013 WL 12095152, at *1 (S.D. Fla. Apr. 3, 2013) (finding insufficiency of service where papers were indisputably left outside the door of defendant's home, because plaintiff had "no way of knowing whether the papers landed in physical proximity to the intended recipient or some other person authorized to accept delivery"); *McGee v. Cook*, 2011 WL 1365024, *3 (M.D. Fla. Apr. 11, 2011) (finding service defective despite delivery to residence of defendant's relative, which defendant used as business address); *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954–55 (Fla. 2001) (collecting cases where courts invalidated service, including, e.g., where defendant owned property where papers were delivered to wife but defendant was abroad).  Tellingly, Plaintiff does not grapple with any of this case law, or offer a single case of its own to support its theory that service may

---

[3] U.S. State Dep't, Bureau of Consular Affairs, Venezuela Travel Advisory (Jan. 10, 2018), https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/venezuela-travel-advisory.html. *See also* Anthony Faiola and Rachelle Krygier, *Blackouts, Hyperinflation, Hunger: Maduro Faces Reelection as Venezuela Deteriorates*, THE WASHINGTON POST, May 16, 2018, https://www.washingtonpost.com/world/the_americas/blackouts-hyperinflation-hunger-maduro-faces-reelection-as-venezuela-deteriorates/2018/05/16/2ec5bb60-56f5-11e8-9889-07bcc1327f4b_story.html?noredirect=on&utm_term=.f6c2ae724b49 (describing the collapse of Venezuela's economy, public services, security, and health care).

be properly effectuated by leaving papers outside a home that may belong to a named defendant's relative.

Hedging its argument that service was valid, Plaintiff appeals to a liberal construction of Rule 4 because they allege that "Baquero and Morillo have now fled to an undisclosed location in Mexico." Plaintiff has absolutely no basis for that extreme and false accusation. Nor could it: The precarious political, social, and security situation in Venezuela, rather than any attempt to evade service, prompted Baquero and Morillo to relocate to Mexico to safely conduct their business. *See supra* note 4.[4] Apart from its baseless accusation, Plaintiff argues for a rule that service is valid because Plaintiff has actual knowledge of the suit, but "it is well recognized that a 'defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements.'" *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991) (quoting *Way v. Mueller Brass Company*, 840 F.2d 303, 306 (5th Cir. 1988)); *see also De Gazelle Group, Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016) ("The magistrate judge's reliance . . . on evidence showing that [defendant's] registered agent[] had actual notice of the lawsuit was misplaced, since notice does not confer personal jurisdiction on a defendant when it has not been served in accordance with Rule 4.") If this Court were to accept Plaintiff's proposed construction of Rule 4, it would mean that any named defendant who files any motion to dismiss including service- and other jurisdiction-challenges, would nevertheless concede knowledge of the suit and effectively waive service. That is not the law and should not be the ruling in this instance. Finally, Plaintiff's argument that it should not be forced to "expend endless resources in order to effect service" falls flat given that Plaintiff has never even

---

[4] Moreover, Plaintiff does not explain why effectuating service in Venezuela, where Morillo and Baquero have otherwise resided, would be any more efficient than in Mexico, such that "fleeing" to Mexico evades service, as both countries are signatories to the Hague Service Convention.

5

represented that it has attempted service beyond the single instance identified for each of Morillo and Baquero.[5] Pl.'s Resp. 11.

### III.    Plaintiff Is Confused Concerning Application Of The Hague Convention Procedures

While recognizing that the process of using "the Hague Convention and Mexico's Central Authority" are "lengthy and unwieldy," Plaintiff incorrectly argues that they can be evaded here. Pl.'s Resp. 12.   The cases Plaintiff cite for the proposition that "the Hague Convention's procedures are not mandatory and discovery of litigants located in a foreign country may instead proceed under the Federal Rules," Pl.'s Resp. 12, concern discovery from *parties*, and as explained in the Objection, neither Morillo nor Baquero is "a party to a lawsuit, until such time as []he is served with process."  *Karakis, v. Foreva Jeans Inc.*, 2009 WL 113456, at *3 (S.D. Fla. Jan. 19, 2009) (citing Supreme Court and Eleventh Circuit cases).  Indeed, the case from this Court that Plaintiff cites in its preceding paragraph recognizes this distinction between discovery from parties and nonparties, explaining in no uncertain terms that "where, as here, a litigant seeks to depose a foreign *non-party* who is not subject to the court's *in personam* jurisdiction," the "appropriate" procedure to compel the deposition is issuance of a letter of request pursuant to the Hague Convention. *In re Chiquita Brands Int'l*, 2015 WL 12601043, at *7-8 (S.D. Fla. Apr. 7, 2015) (emphasis in original).

Plaintiff claims that there is no "impediment posed by Mexican law" to "proceeding outside the Hague Convention's rules." Pl.'s Resp. 12.  In an attempt to argue that Mexican law is ambiguous on this point, Plaintiff misleadingly omits  highly relevant language from the State

---

[5] Plaintiff also contends that "if Morillo and Baquero are entitled to limited discovery on Plaintiff's standing, Plaintiff should be entitled to similar limited discovery concerning the personal jurisdiction defense raised by Morillo and Baquero in seeking to avoid their depositions." Pl.'s Resp. 7.  This argument baldly illustrates the tit-for-tat nature of the discovery Plaintiff seeks. Moreover, because there is no genuine dispute of a material fact concerning service, Plaintiff is not entitled to such jurisdictional discovery.

Department website it quotes in support of its proposition. Pl.'s Resp. 13 n.2. The website actually states: "Voluntary depositions of *U.S. citizen* witnesses may be conducted in Mexico regardless of the nationality of the witness, provided no compulsion is used.   Voluntary depositions of Mexican and third country nationals require prior permission from the Mexican Central Authority for the Hague Evidence Convention." State Dep't, Judicial Assistance Country Information, Mexico, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Mexico.html (emphasis added).   There is no question that Baquero and Morillo are "third country nationals" and not U.S. citizens, and therefore "permission from the Mexican Central Authority for the Hague Evidence Convention" is indisputably required. *See id.*   Indeed, courts have taken judicial notice of the State Department's views in finding that depositions in foreign countries must be conducted pursuant to the Hague Convention. *See, e.g., See Life Bliss Foundation v. Sun TV Network Ltd.*, 2014 WL 12598859 (C.D. Cal. May 8, 2014).[6]

As the Magistrate Judge clearly recognized, the Court may "not presum[e] to allow . . . depositions to take place unless the laws of those countries allow them." Apr. 30, 2018 Hr'g. Tr. 32:13-14; *see also id.* at 30:16-20; May 8, 2018 Hr'g Tr. 8:3-6.   Indeed, the Third Discovery Order expressly states that the depositions of Baquero and Morillo are "subject to compliance with any applicable foreign country regulations, if appropriate." ECF No. 370.   Therefore, even if this Court were to consider Baquero and Morillo  parties, notwithstanding the insufficiency of

---

[6] Plaintiff attempts to skirt this requirement by arguing that "the practicalities favor" deposing Morillo and Baquero in Miami, even though they are foreign nonparties who do not live in the United States.  That suggestion runs contrary to the Supreme Court's insistence that, even for depositions of parties, courts "should exercise special vigilance to protect foreign litigants from the danger" of "unnecessary, or unduly burdensome, discovery" and "[o]bjections to 'abusive' discovery that foreign litigants advance should therefore receive the most careful consideration." *Société Nationale Industrielle Aerospatiale v. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

service, Plaintiffs would still be required to use the process they recognize is "lengthy and unwieldy."

## IV.     Baquero And Morillo Cannot Provide Testimony Relevant To Plaintiff's Standing

Plaintiff argues that Baquero and Morillo's testimony is relevant to the issue of the Trust's standing because it suspects that they "may have had communications about the Trust with members of the National Assembly and other individuals, either in Venezuela or elsewhere." Pl.'s Resp. 14.  This contention suffers from several fatal infirmities.  As an initial matter, Plaintiff claims that the "reason to believe" that such speculative testimony is relevant is "based on statements Morillo and Baquero have made regarding the Trust."  But in its discussion of such statements (*see* Pl.'s Resp. 15-17), Plaintiff misleadingly switches between "Defendants" and "Morillo and Baquero" to give the impression that things done and said by *other* Defendants or by the forty-plus group of Defendants as a whole were actually done and said by Morillo and Baquero.

Even if Plaintiff's attribution of these statements and actions to Morillo and Baquero could be taken at face value, that hardly demonstrate the necessary relevance.  Plaintiff essentially contends that Morillo and Baquero have lobbied individual members of the National Assembly, who then persuaded the body as a whole, to take actions that would undermine the Trust's political position in Venezuela.  That evinces the tangential nature of the standing-related discovery Plaintiff seeks from Morillo and Baquero.  The information Plaintiff supposedly seeks is many steps removed from the actual issue to which discovery is currently limited—*Plaintiff's* standing.  Indeed, given that any such statements would necessarily have occurred after the Trust was created and after Defendants learned of it, Plaintiff's contrived argument for relevance is inconsistent with Plaintiff's own position that information arising or learned after the date of the

8

formation of the Trust on August 8, 2017, has little probative value concerning the Trust's standing.  Apr. 30, 2018 Hr'g Tr. at 7:20-25.

Even if any such information could have marginal relevance to the issue of Plaintiff's standing (and it could not), it would hardly be "proportional" to the Court's resolution of this threshold issue. FED R. CIV. P. 26(b)(1).  And, given that Plaintiff has control over the people that established the Trust and who are in the best position to explain its source of authority, coercing testimony from Morillo and Baquero cannot be squared with the requirement that discovery be limited in scope and method based on the "parties' relative access to relevant information" and whether the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive," *id.* 26(b)(1), (b)(2)(C)(i).   Indeed, the Magistrate Judge noted that "there is not a lot to be obtained" from Baquero and Morillo's testimony but only permitted it because she thought this Court and the parties had agreed to it. Apr. 30, 2018 Hr'g Tr. at 30:4-5.  As explained in the Objection and restated above, the Court's decision to set standing as the initial issue in this case- and Morillo and Baquero's agreement to limited discovery on that issue- in no way implied that Plaintiff could depose named defendants who have not been properly served, subpoenaed, or compelled to testify under the Hague Convention, and whose testimony could not have any relevance to the issue of *Plaintiff's* standing.

## V.     Plaintiff Disregards The Undue Burden Of Compelling Baquero and Morillo's Testimony

Plaintiff hardly addresses the undue burden and expense that depositions of Baquero and Morillo would impose, other than to state  that Baquero and Morillo have "buyer's remorse" for a scheduling order to which they agreed. Pl.'s Resp. 18.  As stated above and in the Objection,

however, Baquero and Morillo have consistently asserted their objections concerning insufficiency of service and the Court's lack of jurisdiction, and the Court has consistently held that discovery on standing would not waive them. There is nothing inconsistent with the Court's prior orders or Baquero and Morillo's prior agreements and their position that their depositions on standing would be improper.

Plaintiff's only other arguments are that the burden on Morillo and Baquero is "further minimized" by its pledge to adhere to the limited length and scope of the depositions, *id.*, and that Morillo and Baquero have effectively waived their ability to object to providing testimony that may implicate criminal liability in another case, *see id.* at 19. As to the former, that argument rings hollow in light of Plaintiff's recent deposition of another defendant's 30(b)(6) witness, wherein that defendant's counsel had to object to questions that were outside the scope of the issue of standing no less than 10 times in the two-hour deposition. *See* Corey Prologo (Trafigura Trading LLC) Dep. 19:24-25-20:1-4; 21:6-9; 23:12-13, 20-21; 24:5-6, 9-10; 31 (Ex. 1). As to the latter, Plaintiff's argument amounts to little more than a remarkable claim that Morillo and Baquero should not be entitled to the protections afforded to every other litigant by the Federal Rules because Morillo and Baquero may have been accused of criminal activity by a foreign prosecutor under dubious circumstances in which Plaintiff and its counsel have pivotal role. *See* Pl.'s Resp. 19 n.6 (stating that Morillo and Baquero would "face no such risk" of being asked to give irrelevant testimony if they "did not commit any of the wrongs alleged").[7] *See also* Ex. 2.

---

[7] The parenthetical quotation Plaintiff includes alongside its citation of *S.E.C. v. Monterosso*, 746 F. Supp.2d 1253 (S.D. Fla. 2010), reveals Plaintiff's confusion regarding the purpose of the discovery on standing and Morillo and Baquero's position. Morillo and Baquero are not attempting to use their risk of criminal liability in the other case as a "sword that frees [them] from adducing proof in support of [their] burden." Rather, Plaintiff bears the burden of

Because compelling Morillo and Baquero's testimony would impose extreme burdens of extensive time and travel, and would require adherence to the "lengthy and unwieldy" Hague Convention process, and ultimately would result in testimony that is irrelevant to Plaintiff's standing – but that would almost certainly damage the ability of Morillo and Baquero to defend themselves against criminal charges in other litigation brought by the same Plaintiff, this Court should not order their depositions.  As stated in the Objection and directly to Plaintiff, Morillo and Baquero stand ready, notwithstanding their jurisdiction- and relevance-objections, to answer written interrogatories limited to standing.  Plaintiff has not explained why such an offer is unreasonable.

<u>CONCLUSION</u>

For the foregoing reasons and those explained more fully in the Objection, this Court should set aside the parts of the Magistrate Judge's Second and Third Discovery Orders compelling depositions of Baquero and Morillo and denying Baquero and Morillo's motion for a protective order.

---

proving standing, and Morillo and Baquero have agreed to limited discovery *relevant to that burden*.  Morillo and Baquero raise the risk of liability in the Swiss case that Plaintiff has also instigated to demonstrate the burden they would face if forced to provide testimony here that is wholly irrelevant to the issue of standing.

Dated:  May 18, 2018                    Respectfully submitted,


                                        *s/ Kimberly Ann Pathman*
                                        Kimberly A. Pathman
                                        Florida Bar No. 118844
                                        kpathman@akingump.com
                                        Akin Gump Strauss Hauer & Feld LLP
                                        1333 New Hampshire Avenue NW
                                        Washington, DC 20036
                                        Tel: (202) 887-4000
                                        Fax: (202) 887-4288

                                        and

                                        Mark J. MacDougall (admitted *pro hac vice*)
                                        mmacdougall@akingump.com
                                        Thomas P. McLish (admitted *pro hac vice*)
                                        tmclish@akingump.com
                                        Stacey H. Mitchell (admitted *pro hac vice*)
                                        shmitchell@akingump.com
                                        Connor Mullin (admitted *pro hac vice*)
                                        cmullin@akingump.com
                                        Jason Gangwer (admitted *pro hac vice*)
                                        jgangwer@akingump.com

                                        *Attorneys for Defendants*
                                        *Francisco Morillo and*
                                        *Leonardo Baquero*

**Certificate of Good-Faith Conference;**
**Conferred but Unable to Resolve the Issues Presented in the Motion**

In accordance with Local Rule 7.1(a)(3)(A), the undersigned certifies that Defendant's

counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve the issues raised in

the Objection that this reply supports, but has been unable to resolve the issues.

*s/ Kimberly Ann Pathman*

**CERTIFICATE OF SERVICE**

I certify that on May 18, 2018, I filed this document with the Clerk of Court using

CM/ECF, which will serve this document on all counsel of record.

s/ Kimberly Ann Pathman