**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>plaintiff,<br><br>v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>defendants. | **Case No. 1:18-CV-20818 (DPG)** |

1

## CAMPO ELIAS PAEZ'S[1]
## REPLY IN SUPPORT OF HIS MOTION TO QUASH SERVICE

Defendant Campo Elias Paez has not been served as required by Fed. R. Civ. P. 4(e) or (f). He does not reside in the United States, and plaintiffs' claims that it has made service, or even diligent efforts to make service, are false. Plaintiff attempted to make service on Mr. Paez's son, with whom Mr. Paez shares the same name, by serving an employee at the son's business. This entire lawsuit is an ill-conceived effort to shoehorn a Venezuelan dispute into a U.S. forum and, quite apart from its dubious merit, plaintiff has not even attempted to make service on Mr. Paez.

In its Opposition to the Motion to Quash Service of Process [D.E. 359] (the "Opposition" or "Opp."), plaintiff claims it has been diligent in trying to serve Mr. Paez, and that he has been evading service such that plaintiff should be allowed to use "alternative" means of service. This is nonsense. Attempting to serve the wrong person does not, and never could demonstrate diligence. Before plaintiff accuses anyone of evading service, it might want to invest some diligence in figuring out who it actually needs to serve. Plaintiff claims that a third party purportedly accepted service on behalf of Mr. Paez, but that is false, too. That person was not authorized to accept service, and plaintiff has not come close to demonstrating that Mr. Paez is evading service, making alternative service inappropriate.

---

[1] By moving to quash service, Campo Elias Paez has made a limited appearance, solely to contest the validity of plaintiff's attempted service, and has not otherwise submitted to this Court's jurisdiction.

### I. MR. PAEZ HAS NOT BEEN SERVED AS REQUIRED BY FED. R. CIV. P. 4(e) or (f)

In its opposition, plaintiff focuses on its assertion that Jorge Enrique Paez supposedly "changed his story" about whether he was authorized to accept service on behalf of Mr. Paez.[2] Opp. at 1. But Jorge Enrique Paez never "changed" any "story." He has consistently stated that he was not authorized to accept service. *See* Affidavit of Jorge Enrique Paez [D.E. 272-1]. Further, the relevant inquiry under Fed. R. Civ. P. 4(e)(1)(c) is whether he was *in fact* authorized to accept service—not whether he *said (or thought)* he was. As a matter of fact and law, Jorge Enrique Paez was not authorized to accept service of process on his employer's father who resides in Venezuela.

---

[2] Plaintiff claims "Jorge Paez told the process server that he had authorization to accept service on behalf of Defendant Paez." Opp. at 1. In support, Plaintiff cites D.E. 316 and the Carpinello Declaration ¶ 6 [D.E. 359-1]. Neither supports this claim. First, D.E. 316 is a Pacer-generated email that says nothing about any purported representations of Jorge Paez. Second, Carpinello's Declaration is hearsay, and he doesn't even claim to have been present when the purported service took place, which leaves him no basis to say anything about what supposedly was said to the process server. Carpinello also cites the meaningless D.E. 316 in support. Even if Plaintiff had meant to cite the Morales Declaration [D.E. 359-2], that also couldn't have cured the hearsay defect. Morales declared, in paragraph 3, that he "understands" that his "colleague, Michael Rubi, served Defendant Paez… and that Jorge Paez indicated he was authorized to accept service." In support of that multiple hearsay statement, Morales cites an "Exhibit A," (which purports to be an affidavit of service). No such exhibit was attached to the declaration submitted to the Court. If the Court were to overlook that omission (it shouldn't), that affidavit (which can be found at D.E. 289), simply states that the deponent served "Elias Campo Paez, by delivering thereat a true copy of each to Jorge Paez, Operation Manager (Authorized To Accept Service)." The process server did not state why he believed that Jorge Paez was "authorized," and plainly did not state that "Jorge Paez **told the process server** that he had authorization to accept service on behalf of Defendant Paez." Opp. at 1 (emphasis added). In sum, Plaintiff has not submitted any admissible evidence to support its position, and would not have not carried its burden of establishing the validity of service, even if it had been attempting to make service on Mr. Paez and not his son. *Nappi v. Welcom Prod., Inc.*, 2014 WL 1418284, at *2 (M.D. Fla. 2014).

3

Plaintiff's service efforts would have been insufficient even if the process server hadn't been visiting a Miami office of the wrong Mr. Paez. "Numerous authorities indicate that simply leaving copies of the summons and the complaint at an individual's place of employment with an individual who is not authorized to accept process for the defendant is insufficient service of process." *Anyaibe v. Gilbert Sec. Serv., Inc.,* 1995 WL 322452, at *3, n. 6 (D.D.C. 1995) (collecting cases); *Lowe v. Hart,* 157 F.R.D. 550, 552 (M.D. Fla. 1994) (same). Regardless of what Jorge Enrique Paez may have told the process server, the plain fact is that the senior Mr. Paez (the one plaintiff purports to have sued) was not served in accordance with Fed. R. Civ. P. 4(e)(1)(c).

There is no basis for plaintiff's claim that Mr. Paez should be "deemed" served because he might have knowledge of this lawsuit. Nothing in Rules 4(e) or 4(f) equates "knowledge" with service, and no rule permits a plaintiff to claim that service has been made based on a defendant's "knowledge" that a plaintiff has sued him, even where "proof" is offered (unlike here). Process must be served. This was the fundamental doctrinal basis for the Court's denial of plaintiff's motion to make some sort of purported "notice" service by email or mail. *See* March 16, 2018 Order [D.E. 98] at 2-3. It's bad enough that this plaintiff purports to bring a Venezuelan dispute among Venezuelans in a U.S. court. It's even worse that this plaintiff assumes it can also avoid actually having to make service on Venezuelan defendants who live in Venezuela.

Moreover, it is well established that "ineffective service cannot become effective simply through the defendant's knowledge of a proceeding. This would essentially waive a defendant's right to be served properly upon a showing that they possess knowledge of a legal proceeding." *In re Greater Ministries Int'l, Inc.,* 282 B.R. 496, 501–02 (Bankr.

4

M.D. Fla. 2002). Plaintiff argues that *Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F. Supp. 2d 1273 (S.D. Fla. 1999), stands for the proposition that the "requirements of Fed. R. Civ. P. 4 are to be liberally construed" after "a defendant has actual notice of the pendency of an action," Opp. at 3, but that case is inapposite here. In *Banco Latino,* the process server placed the summons in the hand of the ***actual*** defendant (not his son's employee), but was unable to hand the defendant the complaint, because he "exited quickly down the street." *Banco Latino*, 53 F. Supp. 2d at 1276. In that case "actual notice" existed because the process server and defendant were face to face when a summons was handed to the defendant, unlike here, where a summons was handed to an employee of the son of a defendant who was in another country.

Moreover, in *Banco Latino*, one day after being served with the summons, the defendant abandoned his apartment and then "relocated on a regular basis." 53 F. Supp. 2d at 1281. Based on those specific (and unusual) facts, the court held that the defendant was evading service and that the incomplete service of the summons alone was nonetheless effective because the defendant had actual knowledge of the action through actual service of the summons. *Id.* Here, neither the summons nor the complaint were properly served on Mr. Paez. Thus, plaintiff's scurrilous accusation that he is "evading service" is completely unfounded and results either from a sanctionable lack of diligence or a willful attempt to bamboozle the Court by attempting to "serve" Mr. Paez's son. Either way, Mr. Paez is not "evading service," and plaintiff's reliance on *Banco Latino* is misplaced.

## II. MR. PAEZ IS NOT EVADING SERVICE AND ALTERNATE SERVICE IS NOT APPROPRIATE

It its Opposition, plaintiff again demands alternative service, arguing that it has been diligent in trying to serve Mr. Paez, who supposedly has been "evading service." Opp. at 4. In support, plaintiff recounts its unsuccessful attempts to serve Mr. Paez at the business address of Seaport Agencies and a purported residential address in Coral Gables. As noted above, that business and residence do not belong to Mr. Paez.[3] Moreover, plaintiff is wrong on the law as well as the facts. A plaintiff's failure to serve a putative defendant—despite multiple attempts at service—does not mean that putative defendant is evading service. This is borne out by *Nappi v. Welcom Prod., In*c., 2014 WL 1418284 (M.D. Fla. 2014), on which plaintiff relies. In that case, the plaintiff argued that the defendant was evading service because plaintiff had attempted to serve the defendant more than seven times without success. *Id.* at *1. While the court acknowledged that plaintiffs are not required to "to expend limitless resources in order to effect service upon a defendant who has actual notice of suit and who intentionally evades service," it refused to find that the plaintiff's mere inability to serve the defendant constituted an evasion of service, and distinguished the *Banco Latino* case discussed above. *See id.* at *3 (citing *Banco Latino,* 53 F. Supp. 2d at 1281). So, too, should this Court.

Further, even when a plaintiff has made multiple attempts at service on the actual defendant at his actual address, *and even when those attempts have repeatedly been foiled by gatekeepers*, courts of this Circuit and District have refused to find that the defendant

---

[3] Plaintiff's amended complaint correctly alleges that Mr. Paez resides in Caracas, Venezuela, but its entire opposition is premised on its attempts to serve Mr. Paez in Florida. *Cf.* Complaint ¶ 48. As noted above, plaintiff has negligently or willfully confused Mr. Paez with his son, who resides in Florida.

was evading service. In the case of *In re Greater Ministries Int'l, Inc.,* 282 B.R. 496 (Bankr. M.D. Fla. 2002), a process server "made several attempts to serve [the defendant] by delivering copies of the summons to his residence [not his son's], [which was] part of a condominium complex," and "each time service was attempted, the concierge of the condominium complex refused to allow [the processer server] inside." *Id.* at 498. Nonetheless, the court found that the "record has not shown that [the defendant] has in fact evaded service of process." *Id.* at 501. Similarly, in *Soffin v. eChannel Network, Inc.*, 2014 WL 2938532, (S.D. Fla. 2014), the plaintiff had made at least five attempts at service, at three different addresses, and each time the process server was told by the defendants' mother or a contractor that the defendants either were not available or not at the address. *Id.* at *1. However, the court still found that service had not been evaded and alternate service was inappropriate. *Id*. at *4-5.

Only where there is evidence of a deliberate effort to evade or refuse service, is it appropriate for a district court to find that a defendant has been evading service. As demonstrated above, in *Banco Latino,* the court found that the defendant was evading service because he ran away from the process server, then abandoned his home and relocated to another address. Similarly, in *Lancaster v. Bottle Club, LLC*—also relied on by plaintiff—a plaintiff made multiple attempts to serve a defendant corporation's registered agent (who already was a defendant in her personal capacity), but she actively refused to accept service, stating that "she is not excepting [sic] any paperwork on a frivolous lawsuit." 2017 WL 4922855, at *2 (M.D. Fla. 2017). Nothing remotely resembling that happened here, where the plaintiff's "evasion of service" argument arises

7

from attempts to make service on a non-resident defendant by serving an employee of the non-resident's son's local company.

In its Opposition, plaintiff simply recites its unsuccessful attempts[4] to serve Mr. Paez by serving his son, but demonstrates no facts indicating that Mr. Paez ever took any deliberate steps to evade service. Plaintiff states that on April 23, 2018, [the wrong] Mr. Paez was unable to come to the front desk of Seaport Agencies to accept service and did not go outside for a smoke break at a time the process server expected him to. *See* Opp. at 2. Plaintiff also states that it was informed on April 26, 2018, that [the wrong] Mr. Paez hadn't been in the office since April 20, 2016. *Id.* Even if plaintiff had been attempting to serve Mr. Paez and not his son, there would have been nothing "evasive" about a person who wasn't there being unable to go to the front desk or not taking a smoke break.

As for plaintiff's attempts to serve [the wrong] Mr. Paez at a Coral Gables residence, plaintiff asserts four failed attempts over five days, during two narrow time bands, which wouldn't amount to evasion of service, either. *See Calabro v. Leiner*, 464 F. Supp. 2d 470, 473 (E.D. Pa. 2006) ("Aside from the fact that the U.S. Marshal knocked on the door three times (presumably with some force) and received no answer, there is no evidence that defendants are attempting to evade service; nor is there any other indication why future attempts at service, at different times or on different days, would be futile."). Here, there is no evidence indicating that Mr. Paez even was in Florida when plaintiff attempted to make service at a residence in Coral Gables that was not his. Moreover, there is not (and cannot be) any evidence that Mr. Paez refused to accept service, fled

---

[4] Plaintiff claims it "made no less than 9 attempts" to serve Mr. Paz, but details only 8. *See* Opp.

from the process server, abandoned his home, or relocated to another address.[5] To allow alternative service on these facts would offend the federal rules and due process.

## CONCLUSION

For all the foregoing reasons, the Court should grant Mr. Paez's motion to quash plaintiff's purported service and deny plaintiff's cross-motion for alternative service.

**RESPECTFULLY SUBMITTED** in Miami, Florida, on May 18, 2018.

                RIVERO MESTRE LLP
                *Attorneys for Campo Elias Paez*
                2525 Ponce de Leon Boulevard
                Suite 1000
                Miami, Florida 33134
                Telephone: (305) 445-2500
                Fax: (305) 445-2505
                Email: arivero@riveromestre.com
                        crodriguez@riveromestre.com

By:    /s/ Andres Rivero
      ANDRÉS RIVERO
      Florida Bar No. 613819
      CARLOS RODRIGUEZ
      Florida Bar No. 91616

## CERTIFICATE OF SERVICE

I CERTIFY that on May 18, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                s/ Andres Rivero
                ANDRES RIVERO

---

[5] Further, as noted above in note four, *supra*, Plaintiff admits (and alleges) that Mr. Paez resides in Venezuela. *See* Complaint ¶ 48. Plaintiff should not have been surprised that Mr. Paez was unavailable to accept service at Seaport Agencies or the Coral Gables residence.

9