**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA U.S. LITIGATION TRUST,<br><br>              Plaintiff,<br><br>     v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,<br><br>              Defendants. | Case No. 1:18-CV-20818 (DPG) |

**PLANTIFF'S NOTICE OF ISSUES TO BE ADDRESSED DURING THE**
**MAY 23, 2018 TELEPHONIC HEARING**

Plaintiff submits this notice with regard to the issues to be addressed at the telephonic hearing to be held on Wednesday, May 23, 2018, in accordance with the Court's discovery procedure as set forth in the Order of April 16, 2018 (Dkt. No. 254):

1. **Preliminary Injunction Discovery**.  In preparation for the preliminary injunction hearing, Plaintiff requests an Order from the Court granting permission to take the depositions of each of the Individual Defendants and a Rule 30(b)(6) deposition of each of the corporate Defendants who objects to the continuation of the Court's existing Preservation Orders entered by the Court on March 3, 2019 (Dkt. No. 9) and March 19, 2018 (Dkt. No. 95).  The depositions would be limited to the deponent's compliance with the Preservation Orders and the burden, if any, associated with continuing compliance.  Plaintiff has asked Defendants to provide declarations addressing these issues, but Defendants have either refused or not responded.

In an effort to avoid discovery and a preliminary injunction hearing, Plaintiff has made numerous offers to Defendants to enter into consent orders with regard to preservation of documents and assets.  For example, Plaintiff sent a proposed preservation order to each of the Defendants on May 2, 2018 and advised Defendants that, if they would consent to that order and submit a declaration to the effect that each Defendant has not destroyed or altered documents subject to the Court's Orders and identifying any payments or movement of assets to or from the Morillo Group Defendants since January 1, 2018, Plaintiff would withdraw its motion for a preliminary injunction and withdraw its request for discovery relevant to that motion.  A copy of Plaintiff's communications to Defendants with the proposed order and terms of the declaration are attached hereto as Exhibit A.  Defendants have rejected this proposal.

2. **Standing – Morillo, Baquero and Lutz Depositions**.  The District Court today overruled the objections of Defendants Morillo and Baquero to this Court's Second and Third Discovery Orders with regard to their depositions.  Nonetheless, in a meet and confer today, counsel for Morillo and Baquero again refused to agree to make them available for deposition.  As we have noted, this Court can clearly order Morillo and Baquero to appear for a deposition in

Miami. *See* Plaintiff's Response to Defendants' Objection (Dkt. No. 378, at 12-14).  Defendants Morillo and Baquero, along with all other Defendants stipulated, and the Court ordered, that Plaintiff could take depositions on standing.  This Court and the District Court have now three times told Defendants that they cannot both seek relief from this Court, make motions, take discovery, and argue for dismissal of Plaintiff's claims on standing grounds without themselves providing limited discovery relating to Defendants' motions, arguments, and requested relief.  It is time for Defendants to comply with their Court-ordered obligations without further attempts at avoidance.  In addition, Defendant Lutz has not given Plaintiff a date or place for his deposition and has said he would advise us soon whether he would appear.

      3.      **<u>Standing – Trafigura Deposition</u>**.  In its Order dated May 1, 2018 (Dkt. No. 355), this Court ordered Trafigura Trading LLC to produce a Rule 30(b)(6) witness for deposition with regard to Defendants' challenge to Plaintiff's standing.  That deposition was held in Houston, Texas on May 15, 2018.  The witness produced by Trafigura, Mr. Corey Prologo, wholly failed to comply with his obligations as a Rule 30(b)(6) witness and was completely unprepared to answer questions within the scope of the topics specifically delineated in Plaintiff's Notice of Deposition, attached hereto as Exhibit B.

Mr. Prologo had done no investigation of Trafigura's knowledge of the Trust or challenges to its standing.  He testified that:  (1) he had never seen the deposition notice (Tr. 10:14-20; 12:23-13:1); (2) he did not examine any documents in the possession of Trafigura (Tr. 13:16-18); (3) he had not spoken to any employees at Trafigura to try to determine if Trafigura had any information responsive to the issues for the deposition (Tr. 13:19-15:4); (4) he had no idea whether Trafigura had done any analysis regarding the standing issue (Tr. 32:11-33:2); (5) he generally had no idea whether Trafigura was in possession of documents, emails, communications or information

3

responsive to any of the topics for the deposition (*e.g.* Tr. 37:21-38:5); and (6) he spent only "one to two hours" preparing for the deposition (Tr. 51:10-13).

At multiple points in his testimony, Mr. Prologo said he did no investigation to become knowledgeable other than talk to attorneys. But he refused to say what he talked to attorneys about in the course of their communications (Tr. 53:9-55:22). As Trafigura's designee, Mr. Prologo clearly failed to fulfill his obligations under Rule 30(b)(6). *QBE Insurance Corp. v. Jorda Enterprises*, Inc. 277 F.R.D. 676, 687-691 (S.D. Fla. 2012) (Rule 30(b)(6) deponent must review available materials from corporation's files and, if necessary, interview employees, including former employees, so that the deponent can testify as to the corporation's full knowledge of the relevant facts); *Seven Sea Cruises S. DE R.L. V. v. Ships Leisure Sam*, 2010 WL 5187680, at *3 (S.D. Fla., Dec. 10, 2010) (corporation cannot shield discovery by having counsel review documents and then claim privilege with regard to communications between the Rule 30(b)(6) deponent and counsel.) Given this failure, we request that Trafigura be ordered to designated another Rule 30(b)(6) witness who is knowledgeable on the topics set forth in our deposition notice and to reimburse us our fees and expenses for the deposition of Mr. Prologo.

A copy of the deposition transcript is attached hereto as Exhibit C.

4. **Standing – Document Production**. Via email on May 7, 2018, Plaintiff's counsel asked Defendants' counsel to advise Plaintiff of any communications Defendants had with anyone in Venezuela concerning the validity of the Trust, including any documents concerning communications Defendants or their agents, including counsel, had with any representatives in the National Assembly about a certain resolution that was produced by Defendants in discovery. A copy of that email is attached as Exhibit D. Plaintiff made that request to confirm that Defendants were not withholding any documents that came within the scope of Plaintiff's First Request for

Production of Documents No. 9 (attached hereto as Exhibit E and erroneously referred to as Request No. 10 in the email).  Those requests were the subject of a meet and confer that was held later in the day on May 7, 2018.

On May 8, 2018, Helsinge counsel David Burkoff, speaking on behalf of all the Defendants, stated that Defendants stood by their earlier response that they have produced all non-privileged responsive documents, subject to Local Rule 26.1(e)(c) under which "work product material created after commencement of the action" need not be listed on a privilege log.  *See* Exhibit F attached hereto.  However, communications made by Defendants or their counsel with members or agents of the National Assembly or any other outside persons not part of the litigation team of any of the Defendants are not subject to work product protection.  Plaintiff requests that the Court direct Defendants to fully respond to Plaintiff's document requests in that regard.

5. **Standing – Defendants' Selection of Witnesses**.  The Court should order Defendants to finally designate the four individuals whom they wish to depose on standing issues in compliance with the parties' agreement and the orders of this Court.   Plaintiffs have advised Defendants several times with respect to witnesses whom Defendants initially identified that (1) the Procurator General, Reinaldo Muňoz Pedroza, is available for deposition in New York City; (ii) Hilda Cabeza is available as Rule 30(b)(6) representative of PDVSA by video deposition in Venezuela; (iii) Alexis Arellano is, to the best of our knowledge, not available for deposition; and (iv) Nelson Martinez is incarcerated in Venezuela and, therefore, not available for deposition.

**CERTIFICATE OF CONFERRAL**

Pursuant to Southern District of Florida Local Rule 7.1(A)(3), Plaintiff PDVSA U.S. Litigation Trust hereby certifies that they conferred with counsel for Defendants on the issues set forth above, and, despite best efforts, the foregoing discovery issues remain unresolved and disputed.

Dated:  May 22, 2018                                Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
Steven W. Davis (Bar No.: 347442)
Stephen N. Zack (Bar No.: 145215)
Bank of America Tower
100 Southeast 2nd St., Suite 2800
Miami, FL 33131
Tel:  (305) 539-8400
Fax:  (305) 539-1307

David Boies
Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Randall Jackson
Nicholas A. Gravante, Jr.
David A. Barrett
Ellen Brockman
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

George F. Carpinello
Teresa A. Monroe
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel:  (518) 434-0600
Fax:  (518) 434-0665

*Attorneys for Plaintiff*