```
 1                     UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA
 2                            MIAMI DIVISION
                       CASE NO. 18-CV-20818-DPG
 3

 4    PDVSA US Litigation Trust,           Miami, Florida

 5         Plaintiff,                      May 23, 2018

 6            vs.                          10:30 a.m. to 12:15 p.m.

 7    LUKOIL PAN AMERICAS, LLC, et al.    Pages 1 to 75

 8         Defendants.
      _____
 9

10                           MOTION HEARING
              BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
11                 UNITED STATES MAGISTRATE JUDGE

12    APPEARANCES:

13    FOR THE PLAINTIFF:        DAVID BOIES, ESQ.
      PDVSA US LITIGATION       BOIES SCHILLER FLEXNER, LLP
14                              333 Main Street
                                Armonk, New York
15                                   -and-
                                STEVEN DAVIS, ESQ.
16                              STEVEN ZACK, ESQ.
                                ADAM SHAW, ESQ.
17                              BOIES SCHILLER FLEXNER, LLP
                                100 S.E. 2nd Street
18                              Suite 2800
                                Miami, Florida 33131
19                                   -and-
                                GEORGE F. CARPINELLO, ESQ.
20                              BOIES SCHILLER FLEXNER, LLP
                                30 South Pearl Street, 11th Floor
21                              Albany, New York 12207
                                     -and-
22                              RANDALL JACKSON, ESQ.
                                BRAD SMITH, ESQ.
23                              BOIES SCHILLER FLEXNER, LLP
                                575 Lexington Avenue
24                              7th Floor
                                New York, New York 10022

25
```

```
 1    FOR THE DEFENDANT:        NICOLAS SWERDLOFF, ESQ.
      BAC FLORIDA BANK          JEFFREY B. GOLDBERG, ESQ.
 2                              HUGHES HUBBARD
                                201 South Biscayne Boulevard
 3                              Miami, Florida 33131

 4
      FOR THE DEFENDANTS:       DAVID BURKOFF, ESQ.
 5    COLONIAL GROUP, INC.      HUNTER MACLEAN EXLEY & DUNN, P.C.
      COLONIAL OIL INDUSTRIES   200 E. Saint Julian Street
 6    PAUL ROSADO              P.O. Box 9848
                                Savannah, Georgia 31412
 7                                     -and-
                                CLIFTON GRUHN, ESQ.
 8                              CARLTON FIELDS
                                100 SE Second Street, Suite 4200
 9                              Miami, Florida 33131

10
      FOR THE DEFENDANTS:       JESSICA CAREY, ESQ.
11    GLENCORE, LTD             BRUCE BIRENBOIM, ESQ.
      GLENCORE ENERGY, UK       PAUL WEISS RIFKIND WHARTON & GARRISON
12                              1285 Avenue of the Americas
      GUSTAVO GABALDON          New York, New York 10019
13    SERGIO DE LA VEGA               -and-
      LUIS ALVAREZ              STEPHEN ROSENTHAL, ESQ.
14                              PODHURST ORSECK
                                1 SE 3rd Avenue, Suite 2300
15                              Miami, Florida 33131

16
      FOR THE DEFENDANTS:       ISRAEL J. ENCINOSA, ESQ.
17    HELSINGE, INC.            ALEX M. GONZALEZ, ESQ.
      HELSINGE, LTD             BRIAN BRIZ, ESQ.
18    HELSINGE HOLDINGS         DAYME SANCHEZ, ESQ.
      DANIEL LUTZ               HOLLAND AND KNIGHT, LLP
19    MARIA F. RODRIGUEZ        701 Brickell Avenue, Suite 3000
      LUIS LIENDO               Miami, Florida 33131
20
21    FOR THE DEFENDANT:        STEPHEN MEDLOCK, ESQ.
      LUKOIL PAN AMERICAS       MAYER BROWN, LLP
22                              1999 K Street N.W.
                                Washington, DC 20006
23                                     -and-
                                MICHAEL P. LENNON, ESQ.
24                              MAYER BROWN, LLP
                                700 Louisiana Street, Suite 3400
25                              Houston, Texas 77002
                                       -and-
```

```
 1   LUKOIL PAN AMERICAS:      JORGE GUTTMAN, ESQ.
                               GUNSTER
 2                             600 Brickell Avenue, Suite 3500
                               Miami, Florida 33131
 3

 4   FOR THE DEFENDANTS:       TOMAS McLISH, ESQ.
     FRANCISCO MORILLO         STACY MITCHELL, ESQ.
 5   LEONARD BARQUERO          MARK MACDOUGALL, ESQ.
                               AKIN GUMP STRAUSS HAUER & FELD, LLP
 6                             1331 New Hampshire Avenue, NW
                               Washington, DC 20036
 7

 8   FOR THE DEFENDANT:        STEPHEN H. LEE, ESQ.
     MAXIMILIANO POVEDA        PORTER HEDGES, LLP
 9                             1000 Main Street, 36th Floor
                               Houston, Texas 77002
10

11   FOR THE DEFENDANT:        DONALD J. HAYDEN, ESQ.
     JOHN RYAN                 MARK MIGDAL & HAYDEN
12                             80 SW 8th Street, Suite 1999
                               Miami, Florida 33130
13

14   FOR THE DEFENDANT:        ETHAN GLASS, ESQ.
     TRAFIGURA TRADING LLC     WILLIAM BURCK, ESQ.
15                             QUINN, EMANUEL, URQUHART AND SULLIVAN
                               777 6th Street, NW
16                             11th Floor
                               Washington, DC 20001
17                                      -and-
                               CHRISTINA OLIVOS, ESQ.
18                             REED SMITH
                               1001 Brickell Bay Drive, Suite 900
19                             Miami, Florida 33131

20
     FOR THE DEFENDANTS:       MICHAEL C. KELSO, ESQ.
21   VITOL ENERGY (BERMUDA)    ALEXANDER KAPLAN, ESQ
     VITOL, INC.               SUSMAN GODFREY, LLP
22   ANTONIO MAARRAOUI         1000 Louisiana St, Suite 5100
                               Houston, Texas 77002
23                                      -and-
                               ALEX SCHACHTER, ESQ.
24                             GELBER, SCHACHTER & GREENBERG, P.A.
                               1221 Brickell Avenue, Suite 2010
25                             Miami, Florida 33131
```

1    STENOGRAPHICALLY REPORTED BY:

2                        PATRICIA DIAZ, FCRR, RPR, FPR
                         Official Court Reporter
3                        United States District Court
                         400 North Miami Avenue
4                        11th Floor
                         Miami, Florida 33128
5                        (305) 523-5178

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              (Call to the Order of the Court.)

 2              THE COURT:  PDVSA U.S. Litigation Trust versus Lukoil

 3   Pan Americas, LLC, et al, case number 18-20818-CV-Gayles.

 4              All right.  As usual, I will do the roll call.  Counsel

 5   for plaintiff?

 6              MR. D. BOIES:  Good morning, Your Honor, this is David

 7   Boies, B-O-I-E-S.  I know on the call is also my partners

 8   Randall Jackson and George Carpinello.  I am not sure who else

 9   is on for plaintiff.

10              MR. SMITH:  Brad Smith.

11              MR. SHAW:  Adam Shaw is also on the call for plaintiff.

12              THE COURT:  All right.  And before Mr. Shaw, who was

13   it?  I didn't catch that.

14              MR. SMITH:  Brad Smith.

15              THE COURT:  Brad Smith, okay.

16              Anyone else for plaintiff?

17              MR. DAVIS:  Steve Davis and Steve Zack, Your Honor.

18              THE COURT:  All right.  Thank you.  For Lukoil Pan

19   Americas?

20              MR. LENNON:  Good morning, Your Honor, Michael Lennon

21   is on.  I believe also is Steve Medlock and Jorge Guttman are

22   on for Lukoil.

23              THE COURT:  All right.  Colonial and Rosado.

24              MR. BURKOFF:  Good morning, this is Dave Burkoff, and I

25   believe Cliff Gruhn is on from Miami.
```

```
 1            MR. GRUHN:  Yes, Your Honor, Cliff Gruhn from Carlton

 2   Fields.

 3            THE COURT:  Thank you.

 4            Glencore and De la Vega.

 5            MR. BIRENBOIM:  Good morning, Your Honor.  This is

 6   Bruce Birenboim from Paul Weiss.  I am here with my partner,

 7   Jessica Carey and Stephen Rosenthal from the Podhurst law firm.

 8            THE COURT:  My apologies.  That's Glencore, Sergio de

 9   la Vega and Luis Alvarez.

10            MR. BIRENBOIM:  Yes, Your Honor.

11            THE COURT:  Trafigura.

12            MR. GLASS:  Good morning, Your Honor, Ethan Glass, Bill

13   Burck and Cristina Olivos for Trafigura Trading, LLC.

14            THE COURT:  All right.  Vitol and Antonio Maarraoui.

15            MR. KAPLAN:  Good morning, Your Honor.  You have Alex

16   Kaplan and Michael Kelso from Susman Godfrey, as well as Adam

17   Schachter from the Gelber Schachter firm in Miami.

18            THE COURT:  All right.  Morillo and Baquero.

19            MR. MACDOUGALL:  Good morning, Your Honor, from Akin

20   Gump Strauss, Mark MacDougall, Stacey Mitchell and Tom McLish.

21            THE COURT:  All right.  Daniel Lutz and the Helsinge

22   entities and Luis Liendo.

23            MR. ENCINOSA:  Good morning, Your Honor, Israel

24   Encinosa, Alex Gonzalez, Brian Briz and Dayme Sanchez of

25   Holland & Knight.
```

```
 1              THE COURT:  And Ms. Sanchez, that's a new name here.

 2              MR. ENCINOSA:  It's spelled D-A-Y-M-E, Your Honor.

 3              THE COURT:  Yes.  And for that one is Lutz, the

 4   Helsinge entities and Luis Liendo.

 5              MR. ENCINOSA:  Yes, Your Honor.

 6              THE COURT:  All right.  John Ryan.

 7              MR. HAYDEN:  Good morning, Your Honor, Don Hayden of

 8   Mark Migdal & Hayden for John Ryan.

 9              THE COURT:  All right.  Maximiliano Poveda.

10              MR. LEE:  Good morning, Your Honor, Stephen Lee of

11   Porter Hedges for Maximiliano Poveda.

12              THE COURT:  For BAC Florida Bank.

13              MR. SWERDLOFF:  Good morning, Your Honor, Nick

14   Swerdloff and Jeff Goldberg from Hughes Hubbard on behalf of

15   BAC Florida Bank.

16              THE COURT:  For Campo Elias Paez, do we have

17   Mr. Rivero?  No.  Okay.

18              I think that's everybody.

19              Did I miss any parties?  Did I miss any attorneys?

20              No.  Okay.  I asked my courtroom deputy to extend my

21   apologies.  The earlier hearing took longer than expected.  I

22   am usually pretty much of a stickler for timeliness but

23   sometimes things take their own pace, so to the extent you all

24   had to wait, please accept my apologies.

25              I set this matter pursuant to my order of May 1st on
```

```
 1    the issue of discovery in preparation of the preliminary

 2    injunction hearing.  Last night I was flooded with a bunch of

 3    notices of hearing.  I had set aside two hours for this matter.

 4    We are starting late.  I am not very hopeful that we can cover

 5    everything but we will do as much as we can until I need to

 6    stop at 12 for another hearing, and if we don't see that we can

 7    finish, then we can try for something else.

 8           I want to give you a heads-up.  I will be out of the

 9    country June 1st through the 11th.  I would like to take care

10    of as much as I can before I leave.  If we need to have another

11    hearing before I leave, I will try to accommodate it.

12    Otherwise, it would have to be after I return.

13           So, on the issue that I set the hearing for, discovery

14    in preparation for the preliminary injunction hearing, I have a

15    submission from the joining defendants, they call themselves

16    the joining defendants, that's Glencore, Lukoil, Trafigura,

17    Vitol, BAC, Gabaldon, De la Vega, Alvarez and Maarraoui and

18    that's Docket Entry 387.

19           I have the matter listed in the plaintiff's notice as

20    item number one.  That's Docket Entry 386, and I also have the

21    matter addressed by the submission Docket Entry 388.  I think

22    there is a little bit of overlap there, preliminary injunction

23    hearing the Helsinge Group, and I think they claim to be in a

24    little bit different situation.

25           I also pulled the orders in this regard that have been
```

1  entered already by Judge Gayles.  The temporary restraining

2  order Docket Entry 9 and what I think is being referred to as

3  the document preservation order that's Docket Entry 95.

4       I want to address first the matter brought out by the

5  Helsinge defendants because the point that they are making is

6  that the plaintiff said if you don't object to those orders

7  then we don't need to do discovery from you.  They say they

8  don't object to the order and that -- to the continuation of

9  the TRO or the preservation order.  The latter does not apply

10  to them and so they do not believe that they should be subject

11  to any injunction discovery or anything along those lines.

12       I am reading from Docket Entry 388, pages 15 through

13  16.  So, let me ask plaintiff's counsel to address the position

14  of the Helsinge Group defendants given that they have in

15  writing said what you all wanted people to say, which is they

16  don't object to the continuation of those orders entered by

17  Judge Gayles.

18       Do you want anything more from the Helsinge defendants?

19       MR. D. BOIES:  Thank you, Your Honor.  This is David

20  Boies.

21       No, I don't think we need anything more from the

22  Helsinge defendants.  We have agreed that as long as they

23  stipulate to the continuation of the existing document

24  preservation order, we will not need to take discovery of them

25  at this time.  That discovery would have been in aid of

```
 1   supporting a continuation of the order.

 2           I believe we have also reached the same agreement with

 3   Colonial Oil Industries, Inc. and Colonial Group, Inc. so that

 4   those defendants as well would not be subject to our request

 5   for a discovery or a declaration.

 6           THE COURT:  All right.  Hang on a second.  Let's make

 7   sure that the record is clear.

 8           You have the representation from the Helsinge

 9   defendants in Docket Entry 388.  I am assuming that you have

10   privately received a similar representation from the Colonial

11   Group defendants and Paul Rosado.  So, even though that's

12   not -- I don't think it's a matter of record, you are

13   representing to the Court that you have the desired

14   representation and you do not seek any preliminary injunction

15   discovery from either of those two groups of defendants.

16           Would you corroborate that for me, Mr. Boies?

17           MR. D. BOIES:  Yes, I do, Your Honor, do corroborate.

18           THE COURT:  All right.  Now, what is the situation with

19   the other defendants?  Are any of the other defendants willing

20   to make this same representation as the Helsinge Group

21   defendants have made to, my word, get them off the hook?

22           MS. CAREY:  Your Honor, this is Jessica Carey for Paul

23   Weiss for the joining defendants groups that Your Honor listed.

24   I am happy to address the points that we made in our notice

25   relating to the objection to the taking of discovery.
```

1          We are not, at this time, in agreement with plaintiff

2     on continuing the Court's orders relating to document

3     preservation.  That is Docket Number 95 that pertains to that

4     particular group of defendants.

5          THE COURT:  Okay.  So you are not prepared to agree to

6     the continuation of the preservation order.

7          Anybody who is in agreement to continuation of the

8     order?

9          MR. GLASS:  Your Honor, Ethan Glass on behalf of

10    Trafigura Trading, LLC.

11         THE COURT:  Yes.

12         MR. GLASS:  Your Honor, we also do not agree to the

13    freezing that Mr. Boies has articulated.

14         In fact, we believe that now that the Helsinge folks

15    have stipulated to plaintiff's request, it's further reason why

16    we and other traders and potentially the bank shouldn't need to

17    be subject to anything greater than the Federal Rules of Civil

18    Procedure obligations as Judge Gayles said in the hearing.

19         THE COURT:  Hang on.  Hold on just a second.  I am

20    trying to do in some fashion of order.

21         Are you or are you not willing to agree as the Helsinge

22    Group has done to the continuation of Judge Gayles' orders?

23         That is like the bottom line request from the

24    plaintiffs and they are willing to not seek discovery from

25    anybody who is willing to enter into that stipulation?

```
1              Are you or are you not willing to do that?

2              MR. GLASS:  Your Honor, again, Ethan Glass, to the

3    extent that plaintiffs are seeking an agreement to something

4    greater than the Federal Rules of Civil Procedure, we do not

5    agree.

6              THE COURT:  So, can I get a straight answer from you?

7    Do you agree to continuation of the orders entered in the

8    docket as Docket Entry 9 and 95, a simple yes or no?

9              MR. GLASS:  Your Honor, then I guess the answer is no,

10   although there is a dispute, I believe, between plaintiffs and

11   Trafigura as to the proper interpretation of those orders.  So,

12   we don't agree to the interpretation that the plaintiffs have

13   made and we don't agree to stipulate.

14             THE COURT:  Okay.  All right.  Thank you for that

15   straight answer.  You don't agree.

16             Then that leaves everybody else other than the Helsinge

17   Group and the Colonial Group to debate whether the plaintiffs

18   are entitled to any kind of discovery in preparation for the

19   preliminary injunction hearing that I am not sure I have seen

20   any entry scheduling that yet.  I think the last I saw was

21   there was some indication of scheduling it sometime in June or

22   July.

23             I don't know if I have missed it.  If somebody has seen

24   it, let me know.

25             MR. BURKOFF:  Your Honor, this is David Burkoff for the
```

```
 1    Colonial defendants.  Can I verify the agreement between the
 2    plaintiffs and the Colonial Group?
 3         THE COURT:  I read what was submitted by the Helsinge
 4    people in their court submission so that's clear.  That's why I
 5    was asking if you all had some private agreement if you want to
 6    put it on the record I think that would be useful.
 7         MR. BURKOFF:  We do.  That's why I am interjecting.  It
 8    is not particularly different other than I want to make sure
 9    the three so-called Colonial defendants, the two corporate
10    entities and Mr. Rosado and the agreement also includes
11    plaintiff withdrawing its preliminary injunction motion as to
12    those three defendants.
13         THE COURT:  Okay.  Is that correct, Mr. Boies?  Is that
14    the agreement you reached?
15         MR. D. BOIES:  Yes, because they have agreed to
16    continue the order that is currently in effect.
17         THE COURT:  All right.  So that's a matter of record
18    and I presume that that's the same terms as with the Helsinge
19    Group defendants.
20         MR. D. BOIES:  That is our understanding, our Honor.
21         THE COURT:  All right.  Thank you very much for that
22    clarification, Mr. Burkoff.
23         All right.  Moving on to the contours of the discovery
24    that is sought by the plaintiff and let me see if I find that
25    in their submission.
```

1          Okay.  So, plaintiff then first said if they get no

2     objection to the continuation they wouldn't seek anything else

3     but then they say otherwise they are seeking depositions

4     limited to deponent's compliance with the preservation orders

5     and the burden, if any, associated with continuing compliance.

6     I am reading from Docket Entry 386.

7          Then to avoid the depositions like door number three

8     for defendants is that they would sign a proposed preservation

9     order and make a declaration and those have been submitted by

10    plaintiff.

11         Now, I am assuming that nobody wants to sign that

12    proposed preservation order or the declaration because they are

13    pretty much -- well, the preservation order is similar to what

14    has been entered already.

15         So, what -- maybe I can flip it and I can ask, what are

16    defendants willing to do, if anything?

17         I think I heard somebody say we are willing to abide by

18    the Federal Rules of Civil Procedure.  Obviously, everybody has

19    to do that.

20         Anything else beyond abiding by the Federal Rules of

21    Civil Procedure relating to document preservation?

22         MS. CAREY:  Your Honor, this is Jessica Carey again

23    from Paul Weiss for Glencore and on behalf of the joining

24    defendants.  I submitted a notice speaking of protective order

25    on this issue, Your Honor.

1              As we set forth on that request for protective order,

2    we believe that abiding by the Federal Rules is what is

3    required of us and we have acknowledged that we are abiding by

4    the Federal Rules and that we are aware of our obligations, and

5    indeed the Court acknowledged in April when we had a hearing

6    before Judge Gayles on this issue that in March when the

7    preservation order was initially entered it was at a time when

8    a number of the parties were not represented by counsel and,

9    the Court didn't enter the preservation order as to those

10   defendants that appeared at that hearing and were represented

11   by counsel.

12             Later, in April when we were by the Court, Judge Gayles

13   recognized that now that everyone was represented the concern

14   about document preservation was alleviated.  And, you know, as

15   we cited in our papers to Judge Gayles in opposition to

16   plaintiff's motion for preliminary injunction, document

17   preservation orders are extraordinary remedies that require

18   some showing that they are necessary.  And as we set forth,

19   Your Honor, notice both in our motion and in prior briefing

20   particularly with respect to our motion to quash, as to these

21   joining defendants, there has never been any allegations that

22   support a need for a preservation order for the oil trading and

23   the bank defendants.

24             Really, as I think plaintiffs would agree, back in

25   March when this issue was first being raised it was with

1    respect to the Morillo group defendants, and the request that

2    plaintiffs have at the time of the temporary restraining order

3    that was entered by the Court went far beyond document

4    preservation and it also included asset preservation as well.

5          Now that there has been an agreement reached with those

6    defendants, as my colleague, Mr. Glass from Quinn Emmanuel

7    said, we really don't understand why plaintiff would continue

8    to pursue discovery from the oil trading and the bank

9    defendants who have not been involved in any of those

10   allegations that necessitated or plaintiff necessitated its

11   application in the first instance.

12         Your Honor, we will add, plaintiffs will have a chance

13   in the ordinary course of discovery, obviously, if the

14   complaint is sustained, to take depositions which will cover

15   these topics which are quite ordinary to be covered during the

16   ordinary course of discovery and plaintiffs will have the

17   ability to see the 30(b)(6) witnesses and ask their questions

18   about preservation.  And if there are issues -- if they find

19   that despite the good faith representations of this defense

20   group if there are issues, we assume they will raise those with

21   the Court at the time.

22         Mr. Boies said to the Court back in March that really

23   what this was about, this need for a preservation order, this

24   request for a preservation order was about the ability to have

25   a contempt remedy against this group of defendants.

```
 1              We just don't see why the Court's and the parties'

 2     resources should be expended further on allowing that sort of,

 3     you know, order on behalf of the defendant or on behalf of the

 4     plaintiff, I should say, without any showing at all.

 5              So, we submit there is no good reason now to have this

 6     discovery pursued.  If the complaint is sustained, we will get

 7     to it later.  This is an extraordinary remedy for which there

 8     has been not one shred, we think, of good evidence that there

 9     is a need for it as to this particular group and, therefore,

10     Your Honor, we would like to dispose of this issue for now to

11     seek protection that the plaintiff cannot pursue the

12     depositions at this time.

13              MR. GLASS:  Your Honor, Ethan Glass.  If I may, I have

14     two extra points.

15              THE COURT:  Yes.

16              MR. GLASS:  Your Honor, Trafigura Trading, LLC, agrees

17     with everything Ms. Carey said.  Two additional points.

18     Trafigura Trading filed a notice with this Court that

19     identified it would be complying with the Federal Rules of

20     Civil Procedure as Judge Gayles instructed us at the hearing as

21     Ms. Carey described.  The response from plaintiffs did not

22     identify a single reason why that was insufficient.

23              The second point I would like to make, Your Honor, is

24     about the depositions themselves.  We found -- and I am sure

25     Your Honor has read and will hear more about this -- that
```

```
 1    plaintiff is using depositions for a limited purpose, even when
 2    directed by the Court to be contained to seek merits of
 3    discovery and to well exceed the Court-ordered limitations on
 4    depositions.  So, we submit that those are two additional
 5    reasons why Trafigura Trading, LLC, joins with Glencore and the
 6    other traders who have joined.
 7            THE COURT:  All right.
 8            Let me hear from plaintiffs on the idea of putting this
 9    off sort of like, again my words, in the back burner until we
10    get closer to the potential of a preliminary injunction
11    hearing, which, again, based on my knowledge of the record, has
12    not yet been scheduled so that we can concentrate on what
13    appeared to be some substantial disputes regarding the
14    discovery that has been ordered related to standing.
15            What is your position, Mr. Boies, on that?
16            MR. D. BOIES:  Your Honor, I agree that as far as we
17    know, the exact date for the preliminary injunction hearing has
18    not been set.  However, we do think that we ought to start with
19    discovery.  We can stay with the discovery so that it doesn't
20    interfere with the standing discovery but we want to be sure
21    that we have been able to complete the discovery prior to the
22    hearing.
23            I should note that at the April hearing Judge Gayles
24    expressly continued the preservation order.  Judge Gayles did
25    not say that there was not a need for the preservation order
```

1    because people were represented by counsel.  Judge Gayles did

2    not say that there was not a need for the preservation order

3    because of the Federal Rules.  Judge Gayles -- expressly, over

4    arguments that the defendants had made to Judge Gayles just

5    like they are making to Your Honor, Judge Gayles expressly

6    continued that order to expressly determine that there would be

7    a hearing on whether the order ought to be continued until the

8    preliminary injunction.

9         So, I think that Judge Gayles made clear that we are

10   entitled to a hearing on this issue.

11        In preparation for that hearing, it certainly makes

12   sense to have limited discovery.  There are many things that

13   Ms. Carey and Mr. Glass say that I simply disagree with.

14        I don't think it's productive to argue all of those

15   today but I don't think there is any evidence that we have any

16   of the depositions exceeded the limitations.

17        I disagree with Mr. Glass's assertion that we would not

18   indicate reasons why seeking this proposal is sufficient.  This

19   proposal is a key word approach that's left off many of the key

20   words if you were going use a key word approach.

21        We pointed out that none of the defendants have come

22   forward with any evidence that the preservation order requires

23   any burden from them at all.  That is obviously going to be an

24   important issue with the hearing.  We think that we are

25   entitled to discovery on that that's very limited.

1          Obviously, if they violated the preservation order

2     already, that is cogent evidence why it has to be continued.

3     Again, that's very limited discovery.

4          These are depositions that can be taken in two hours,

5     Your Honor.  These are not extensive depositions.  Judge Gayles

6     had ordered the parties to have a hearing on a preliminary

7     injunction and I think we ought to get prepared for that with

8     very limited discovery.

9          We have tried to work out this and we got with the

10    Colonial Group defendants, the Helsinge Group defendants.  We

11    would like to work it out with other defendants, but if we

12    can't do that, we think we are entitled to the very limited

13    discovery that we would need to prepare for the hearing.

14          MS. CAREY:  Your Honor, may I briefly respond?  This is

15    Jessica Carey again.

16          THE COURT:  Briefly.

17          MS. CAREY:  Your Honor, Judge Gayles expressly did not

18    order any discovery in connection with the preliminary

19    injunction hearing.

20          I agree with Mr. Boies.  He will have that hearing and

21    he will rule at that hearing whether the preservation order

22    should be extended as to this group of defendants or not but,

23    respectfully, I think Mr. Boies has a couple of things

24    backwards.  It is plaintiff's obligation when making the

25    preliminary injunction motion to come forward with evidence of

1   why that preservation order would be required in the first

2   place.  It is not the idea that he gets to take the discovery

3   in order to support the preliminary injunction motion.

4          And to the extent that there is a need for the

5   submission of information about burden, that is on defendants

6   to put forward their arguments about the burden of complying

7   with the order.  There is no need for the plaintiffs to have

8   deposition of the defendants in order to assess those burden

9   claims.  That's on us.

10          And if we aren't able to make the showing of burden and

11   the Court decides to extend that order, then the Court decides

12   to extend that order.  But the Court didn't expressly order

13   discovery.  We don't believe there has been any showing why

14   discovery was required and, respectfully, we believe that the

15   plaintiff should not be allowed to further distract the parties

16   from the important work we have to do in order to take some

17   discovery so that they can get prepared for a hearing that we

18   think shouldn't occur in the first place.

19          As I said at the beginning, I think if the complaint is

20   the same and this matter proceeds to discovery, there will be

21   ample opportunity for the parties to explore one another's

22   preservation obligations, including what plaintiff has done to

23   preserve the relevant discovery during the time period.

24          We certainly plan to do that, and we assume they will

25   plan to seek discovery from us on that basis as well but we

```
 1    respectfully submit now is not the time for this.

 2         THE COURT:  All right.  Now, let me just say that

 3    generally when people file a motion for preliminary injunction,

 4    and it is customary, I see it quite often, that some discovery

 5    is taken ahead of the preliminary injunction hearing.

 6         I don't think that if Judge Gayles did not expressly

 7    order discovery, that does not mean the converse that he

 8    prohibited discovery.  He has referred all these matters to me

 9    placing that trust on me, so I do believe that concentrating on

10    this matter at this time is diluting the effort of our standing

11    issues that apparently are not so clean cut as we all had hoped

12    based on all this multitudinous notices of hearings that I have

13    received.

14         What I am going to do in this regard is I am going to

15    give the parties a further opportunity to see if they can reach

16    some accommodation.  If I were in some of the defendants'

17    shoes -- and I just went through and read the preservation

18    order, Docket Entry 95.  It does not seem to me that you are

19    giving away the family jewels by agreeing to the continuance of

20    this order, but that's just my opinion as opposed to exposing

21    the parties to depositions and so on, which is what plaintiffs

22    are asking for.  But I think that this is something that I

23    think people are -- you know, in this case people seem to be

24    fighting about every little thing and I think people need to

25    take a little bit longer view of things.
```

```
 1              I am going to give one more opportunity for the parties

 2      to hopefully try to work out something along the lines of what

 3      the Helsinge Group people and the Colonial Group people have

 4      been able to accomplish.  I know the position, we don't have to

 5      do anything more than what the Federal Rules of Procedure

 6      require us but sometimes you gain a little by giving a little.

 7              So, I am going -- as I said, I will be out of the

 8      country.  I am going to give you a period of time to work this

 9      out and let me just give you a little bit of a sense ever where

10      I am coming from.

11              I do believe that prior to preliminary injunction

12      hearings the parties are entitled to some discovery on the

13      issue to be presented at the preliminary injunction that makes

14      the parties be more prepared and it lets the Court give a more

15      thorough and complete ruling.

16              So, if the parties are not able to reach some sort of

17      agreement after this period of time, I will seriously consider

18      some very, very limited discovery so that the plaintiffs can

19      come to the Court and say we are seeking a preliminary

20      injunction because parties X, Y and Z are doing X, Y and Z and

21      we need protection by way of an injunction.

22              I think that scenario is what would properly proceed as

23      opposed to showing up at the preliminary injunction and not

24      knowing what is happening.

25              So, I will give you a period of time to try to work
```

1    this out and if that is not worked out at the hearing, I will

2    decide a date on that.  Be prepared for me to direct some

3    limited discovery to get things teed off for the preliminary

4    injunction hearing that, again, has not been scheduled but I

5    believe it will be sometime in July.

6          So, let me find a date for that right now so that we

7    can then move onto the more what I consider exigent matters

8    that seem to be keeping the parties from advancing on getting

9    ready for the standing hearing that has been scheduled.

10         So, my week of June the 11th I have some availability.

11   On June 14th I have availability in the morning.  If that works

12   for you all I can set this matter for June 14th at 10 o'clock.

13         MR. D. BOIES:  That works for the plaintiff, Your

14   Honor.

15         THE COURT:  So the matter that this hearing was

16   originally set for has been resolved for two groups of

17   defendants and will continue to be addressed pending further

18   meet and confer efforts by the remaining defendants for

19   Thursday, June 14th, at 10:00 a.m.

20         All right.  Now, tell me what is the thing that is most

21   pressing with regards to the standing discovery?

22         The last time we addressed the depositions I have

23   something from the plaintiff.  They want to compel defendant to

24   schedule deposition of Sharon Luna for June 5th or 6th, which

25   is around the corner, Docket Entry 78.

```
 1            Do defendants still want to take the deposition of
 2   Sharon Luna on June 5th or 6th?  Who is speaking to that?
 3        Anybody?
 4        MR. BIRENBOIM:  Your honor, this is Bruce Birenboim
 5   from Paul Weiss, the Glencore defendants.  We are actually not
 6   familiar with that request so we may have missed something.
 7        THE COURT:  Well, let me ask plaintiff then.
 8        MR. D. BOIES:  Your Honor, from the plaintiffs, our --
 9        THE COURT:  I'm sorry.  Listen, listen.  My apologies.
10   These things happen.  Totally wrong case, how is that?
11        MR. D. BOIES:  Much better.
12        THE COURT:  All right.  I got bombarded with a lot of
13   papers and stuck the wrong piece of paper in the wrong file so
14   disregard that question.
15        All right.  Back on the saddle, what is the question
16   that needs the -- I mean, let me get an update on what we
17   talked about on the depositions.  What is happening there?
18        MR. D. BOIES:  Your Honor, this is David Boies for the
19   plaintiffs.  I think there are -- in terms of the depositions,
20   there are two sets of questions.
21        There are the questions that the plaintiffs have and
22   the questions that the defendants have.  I think the most
23   pressing issues for the plaintiff is that we are still trying
24   despite two orders from Your Honor and an order from Judge
25   Gayles, we are still trying to get scheduled depositions of
```

```
 1    defendants Morillo, Baquero and Lutz.

 2           I think the second issue that's most pressing for us is

 3    that we took a 30(b)(6) deposition of Trafigura that we believe

 4    was not an appropriate one because the witness that was

 5    produced we believe was not an appropriate 30(b)(6) witness and

 6    simply did not have knowledge.  Those are the two issues we

 7    think are most pressing from our standpoints.

 8           I know the defendants can identify issues they think

 9    are most pressing from their point.

10           MR. BIRENBOIM:  Your Honor, this is Bruce Birenboim

11    from Paul Weiss for Glencore and the trading and bank

12    defendants.

13           Our issues on depositions are that we have been trying

14    for many weeks to get commitments from plaintiffs for the

15    depositions we seek.  We did not get a firm date for anyone

16    until yesterday for the first time and, more importantly, as

17    Your Honor is aware, the central issue on standing, one of the

18    central issues on standing is the nature of this trust -- this

19    agreement, this assignment agreement or trust agreement.

20           We initially sought the deposition of Mr. Martinez who

21    is the only one we are aware of who has the power to assign the

22    claims.  It turns out he is in jail.

23           We then sought the deposition of Mr. Queveda.  He

24    declined to appear.

25           We then sought the deposition of Mr. Arellano, who was
```

1  a PDVSA-appointed trustee.  Apparently, he can't be found

2  either.

3       There has been discussion of a replacement trustee but

4  we were advised by plaintiff's counsel yesterday that they

5  still have not come up with the replacement trustee, and,

6  frankly, a replacement trustee doesn't do anyone any good

7  because that person would have no knowledge.

8       So, the pressing issue for us is we have four requests

9  for depositions; Mr. Muñoz, a PDVSA 30(b)(6) deposition, a

10  deposition of Mr. Boies or someone from his firm, and a

11  deposition of Algamex 30(b)(6), and we would like Your Honor's

12  assistance in making those happen prior to the time we have to

13  submit our papers.

14       THE COURT:  What happened to Ms. Cabeza as PDVSA's Rule

15  30(b)(6) representative?  What happened to her?

16       MR. BIRENBOIM:  The 30(b)(6), our four includes a PDVSA

17  30(b)(6) representative.

18       THE COURT:  And that would be Ms. Cabeza.  I thought we

19  had her pinned down.

20       MR. D. BOIES:  Yes, that is Dr. Cabeza, Your Honor.

21       This is David Boies.

22       THE COURT:  Right.  I thought we had, at least, you

23  know, made some progress because I said defendants may depose

24  Dr. Cabeza as PDVSA's Rule 30(b)(6) representative and

25  Mr. Pedrosa.  I thought those two had been resolved, but you

```
1    are now back to four.  So, what happened to those two?

2             MR. BIRENBOIM:  Your Honor, this is Bruce Birenboim.

3             Mr. Pedrosa, that's Mr. Muñoz.  That is the one

4    deposition that plaintiffs committed to with a date yesterday,

5    so you are correct, Your Honor, that we had that one.  The

6    30(b)(6) PDVSA deposition plaintiffs have not given us a date,

7    and moreover, Your Honor, they had indicated at least in the

8    past that that deposition would have to happen in Venezuela.

9    And under the extant law and rules in Venezuela, it is unlawful

10   for us to take a deposition in Venezuela even if the deponent

11   is willing to do it.  And we are not going to participate in a

12   deposition that violates the law.  So for that reason, together

13   with the fact that this is a representative of PDVSA, the

14   assignor, under the cases we believe the assignee has an

15   obligation to bring the assignor to the district in which the

16   case was filed.  So, we would insist that that deposition occur

17   in Florida or in some other agreeable jurisdiction outside

18   Venezuela.

19            THE COURT:  Okay.  Mr. Boies, when is the deposition of

20   Mr. Reynaldo Muñoz Pedrosa taking place and where?

21            MR. D. BOIES:  It is taking place, Your Honor, on

22   May 30th in New York, and I think the parties have agreed to

23   that.

24            MR. BIRENBOIM:  That's correct, Your Honor.

25            THE COURT:  One down, three to two.
```

```
 1              What is the story with Dr. Cabeza?

 2              MR. D. BOIES:  She is available.  Your Honor, we went

 3    over this before.  She is available to be taken by video in

 4    Venezuela.  She will be in Venezuela.  We will take her by

 5    video conference.  We have conferred with officials in

 6    Venezuela.

 7              (Thereupon there was an interruption with music.)

 8              THE COURT:  The music sounds very appropriate, Game of

 9    Thrones.  Can I ask everybody to hang up and dial in again?

10              MR. D. BOIES:  Can you hear me?

11              THE COURT:  No.

12              Okay.  Do we have everybody?

13              MR. D. BOIES:  You have the plaintiffs, Your Honor.

14              THE COURT REPORTER:  Your Honor, when they are all

15    saying the name of the defendants back to back, I don't know

16    who is speaking at the moment.

17              THE COURT:  Let's just go forward.  I am assuming that

18    whoever got knocked off the line will dial back in.

19              MR. D. BOIES:  Your Honor, I was saying that Dr. Cabeza

20    is available to have her deposition taken.  She will be in

21    Venezuela.  We will take it by video conference.

22              We have confirmed with the officials in Venezuela that

23    there is no impediment to doing that so she is available to do

24    that at this time.

25              THE COURT:  On what date?
```

```
 1            Do you have a date for that before we go on with the
 2    objections?  Do you have a date?
 3            MR. D. BOIES:  We had a date before.  The defendants
 4    said they didn't want to take it.
 5            George Carpinello, do we have a date now that we can
 6    give them again?
 7            MR. CARPINELLO:  The week of May 28th.  I think I
 8    believe she is open the bulk of the week.  We said that and we
 9    can confirm off line with the defendants to a mutually
10    agreeable date on the week of the 28th.
11            MR. BIRENBOIM:  Your Honor, may I speak to this issue?
12    This is Mr. Birenboim.
13            THE COURT:  Yes, you will have an opportunity.  Let me
14    finish hearing from plaintiff's counsel.
15            Week of May 28th, Venezuela, videoconferencing, that is
16    what you are offering, Mr. Boies.  Correct?
17            MR. D. BOIES:  Yes, Your Honor.
18            THE COURT:  All right.  Identify yourself and tell me
19    what your problem is.
20            MR. BIRENBOIM:  This is Bruce Birenboim for Paul Weiss
21    for Glencore and the other defendants.  Your Honor, we sent
22    this to Mr. Boies and his colleagues.  I am reading from the
23    State Department official position on this.  It's called quote,
24    "Taking Voluntary Depositions of Willing Witnesses" and it
25    states, and I am quoting, "Venezuela objected to the provisions
```

1    of chapter two of the Hague Evidence Convention regarding the

2    taking of voluntary depositions of willing witnesses by

3    commissioners, including private attorneys and consular

4    officers.

5         "Consequently, depositions of willing witnesses in

6    Venezuela must be undertaken pursuant to a request to the

7    Venezuelan Central Authority and in the context of the

8    Venezuela court system.  Depositions of willing witnesses

9    regardless of nationality by U.S. consular offices in Venezuela

10   are not permitted.  Likewise, private attorneys from the United

11   States attempting to conduct voluntary depositions of willing

12   witnesses in Venezuela are subject to the penalties of local

13   Venezuelan law."

14        That is what the state department said.  Those are the

15   authorities and at least for Paul Weiss, we are not willing to

16   participate in a deposition that violates Venezuelan law.

17        THE COURT:  Mr. Boies, you said that you had cleared

18   this with Venezuelan authorities?

19        MR. D. BOIES:  We have, Your Honor.  We contacted the

20   Procurador General about this very issue.  He confirmed that

21   there is no problem with taking a video deposition of somebody

22   located in Venezuela and he, in fact, said that there were

23   numerous examples that he was aware of where such depositions

24   had been taken.

25        I don't know the source of the state department's

1    statement that was read.  I don't even know that the Venezuelan

2    Central Authority is, but what I do know is that we have been

3    informed by the officials that this is not a problem.

4        THE COURT:  And this official is the very same

5    Mr. Muñoz Pedrosa, the Procurador General of Venezuela?

6        MR. D. BOIES:  Exactly, Your Honor.  If necessary, if

7    the Court wishes, we can submit declarations from experts in --

8    Dr. Pedrosa, and the defendants can produce an expert from

9    Venezuelan law and the Court can make the decision.

10        But if you look at the actual law of Venezuela in terms

11   of a video deposition taken of somebody in Venezuela by people

12   here in the United States by video conference, everything that

13   we have indicated to that is not in any way unlawful.

14        THE COURT:  Are you willing to produce a declaration

15   from whom saying that this may go forward and with what

16   authority?

17        MR. D. BOIES:  Well, we can produce it from the

18   Procurador General.  He conveyed that information to us and I

19   am sure he would be prepared to put that in the form of

20   declarations.

21        THE COURT:  Okay.  Would that satisfy Paul Weiss or do

22   you still have concerns?

23        MR. BIRENBOIM:  Your Honor, our concern is that we just

24   comply with Venezuelan law.  I don't know who would be

25   submitting this with what authority and whether they comply

1    with the central authority noted in state department's

2    directive.

3          I think it's telling that Mr. Boies concedes that he

4    doesn't even know who the Venezuelan Central Authority is.  And

5    with respect to producing experts, I don't see the need for

6    that, Your Honor.  I think the law that applies here, as

7    articulated in the state department directive, is crystal clear

8    and I would just note again, Your Honor, that this is the

9    assignor that we are talking about.

10         THE COURT:  I know.  I got that part.  So, I am trying

11   to get this done.

12         MR. BIRENBOIM:  I think the Winnick case is right on

13   point, Your Honor.

14         THE COURT:  I understand.  I am fully aware of that but

15   there seems to be some issues with this lady traveling to the

16   United States.  Is that right?

17         MR. D. BOIES:  Yes, Your Honor, there is.

18         You know, I don't think Mr. Birenboim has ever heard of

19   a Venezuelan Central Authority either other than in that state

20   department board.  If anybody on this call has ever dealt with

21   Venezuelan Central Authority and even knows what it is, I

22   invite them to tell the Court.

23         THE COURT:  Let's not get distracted.  Everybody, just

24   hold on just a second.

25         Mr. Boies is willing to provide a declaration from the

1   Procurador General of Venezuela which I may be wrong but it

2   sounds like it is the equivalent of the Attorney General of

3   Venezuela.  Am I on the right track there?

4        MR. D. BOIES:  You are, Your Honor.  There are two

5   individuals that divide the authority of what are combined in

6   United States Attorney General.  One of those is the Procurador

7   General.

8        THE COURT:  All right.  So, somebody who is like our

9   Attorney General is willing to produce a declaration that says

10  that a video conference deposition of a witness sitting in

11  Venezuela by people here in the States does not violate

12  Venezuelan law.  That's what he is willing to produce.

13       And from what I remember Dr. Cabeza has said that she

14  doesn't want to travel to the U.S. or that she cannot travel to

15  the U.S.?

16       What are her circumstances?

17       MR. D. BOIES:  She cannot travel to the United States

18  at this point in time, Your Honor, in a time frame that would

19  permit her deposition to take place on the standing issue.

20       THE COURT:  And the reason for that is personal,

21  political?  What is the reason?

22       MR. D. BOIES:  I think it is political, Your Honor.  It

23  is not personal, as I understand it.

24       THE COURT:  All right.  Then given that declaration

25  from somebody in authority, I believe that that should solve

```
 1    the problem of taking the deposition of Dr. Cabeza via video
 2    conference if notwithstanding the offer of that declaration the
 3    defendants do not want to take that deposition because they are
 4    concerned that they don't want to take risks, then it's going
 5    to have to be somebody else to speak on behalf of PDVSA.
 6           So, those are the choices that defendants have.  I
 7    don't know that I can do any more for you.
 8           MR. BIRENBOIM:  Your Honor, you could do more.  You
 9    could compel the plaintiffs to produce someone.  It is their
10    obligation as the plaintiff but may I just clarify, Your Honor,
11    what you just said.
12           THE COURT:  I'm sorry, you just said produce someone.
13    That's what I was telling you.  If it's not Dr. Cabeza, it
14    would be somebody else.
15           Do you want me to compel somebody to appear in the
16    United States as the 30(b)(6) representative of PDVSA who is
17    not Dr. Cabeza?  Do you want me to do that?  That I am willing
18    to do if that's what you want.
19           MR. D. BOIES:  Your Honor, this is David Boies.
20           Could I be heard on that for a minute?
21           THE COURT:  I know you want it to be Dr. Cabeza but it
22    seems to be that she has a problem.
23           MR. D. BOIES:  The problem is going to be, Your Honor,
24    that in terms of somebody who is going to be able to speak to
25    these issues, Dr. Cabeza is going to be the person who could
```

1   speak to them.  I am concerned that if we go with somebody

2   other than Dr. Cabeza, they are not going to have somebody who

3   can actually speak to these issues.

4          THE COURT:  Well, but under the rules the 30(b)(6)

5   deponent can inform himself or herself of all of the issues by

6   speaking to somebody else and I don't know, to some extent,

7   maybe we could make some arrangement where Dr. Cabeza could be

8   available by telephone to clarify things.  That might be one

9   way to handle it.

10         MR. D. BOIES:  Your Honor, we will pursue that if the

11  Court would like us to proceed that way.  We simply thought

12  given her position and her knowledge Dr. Cabeza was the right

13  person.

14         THE COURT:  I agree and that's my understanding, but if

15  she cannot come to the states and the defendants

16  notwithstanding this declaration that you are promising have

17  concerns and I can't -- you know, I cannot put myself in their

18  shoes and tell them it's okay, you can do it, because I don't

19  have the authority to tell people what the law is in Venezuela.

20         I can give them choices on what they want to do and I

21  agree that you need to produce somebody here as the plaintiff

22  who has brought this lawsuit here.  I was accommodating the

23  issue of Dr. Cabeza because the position that you took that she

24  was the most knowledgeable, but if she can educate somebody

25  else, then that deposition -- hopefully somebody from Venezuela

1    can travel to the U.S. who can be educated and be the 30(b)(6).

2         MR. D. BOIES:  I think, Your Honor, we could -- if

3    necessary, we could find a representative from PDVSA who could

4    be educated and could investigate and could be informed of the

5    facts in order to speak on PDVSA's behalf.  I think we could do

6    that.  Again, I think that --

7         THE COURT:  Would it be possible to have Dr. Cabeza on

8    standby should an issue come up that needs to be clarified and

9    then you can take a break from the depo and clarify that?  Is

10   that feasible?

11        MR. D. BOIES:  I think that also would be feasible,

12   Your Honor.  We would certainly try to arrange that.  I

13   would -- I would remind the Court of what the Court observed on

14   a prior conference, which is that there is a distinction

15   between the trust, who is the plaintiff, and PDVSA who made the

16   assignment.

17        THE COURT:  Right, but the counsel have cited to cases

18   that says you know, they are the assignor, you are the assignee

19   and you need to produce somebody because, otherwise, we are

20   just not going to get anywhere here.

21        MR. D. BOIES:  Yes, but, Your Honor, as those cases

22   indicate, that is not the kind of deponent that those cases are

23   talking about.

24        THE COURT:  I agree, and I recall my comments before

25   and it was for the production of documents and so on but we

1    need to find a way out of this situation and if you are willing

2    to get somebody who can travel from Venezuela to Miami who can

3    be educated, that seems to be a solution.  Sometimes we need to

4    be practical.

5         MR. D. BOIES:  And if we can't find somebody to travel

6    from Venezuela to Miami, we can perhaps find somebody in the

7    United States who can be designated as a representative of

8    PDVSA.

9         THE COURT:  Okay.  But you need to make sure that that

10   person is fully educated and you don't end up with a deposition

11   where the person says I don't know, I don't know, I don't know.

12        MR. D. BOIES:  Yes, we will be conscious of that, Your

13   Honor, and that obviously provides some complication.  We

14   understand what the Court wants and we will do our very best to

15   do that.

16        THE COURT:  All right.  So, can we agree on a time

17   frame to get that done?

18        MR. D. BOIES:  If we are not going to take Dr. Cabeza,

19   if the decision is that they are not going to take Dr. Cabeza

20   and we are going to have to find somebody and educate them, we

21   need to make sure that we have somebody who is reasonably fully

22   educated.  I am just trying to think through, Your Honor, how

23   long that's going to take.

24        I think it would -- I would ask that we have two weeks

25   to do that, to find the right person and to educate them

1    because if it's not going to be Dr. Cabeza that's going to be

2    fair amount of information that's going to have to be

3    accumulated.

4          THE COURT:  Well, let me ask defendants.  Are

5    defendants united in the view that they do not want to take a

6    video deposition of Dr. Cabeza while she sits in Venezuela?

7          MR. GLASS:  Your Honor, this is Ethan Glass on behalf

8    of Trafigura Trading.  We are of that view.

9          One thing I will add is that if Ms. Cabeza is unwilling

10   to come to the United States but there is an alternative

11   country which doesn't have such strict position on depositions,

12   at least Trafigura Trading will be willing to travel to that

13   country to take her deposition.

14         THE COURT:  Okay.  Now we are talking about a

15   deposition maybe in Colombia or Peru?

16         MR. D. BOIES:  Possibly -- this is David Boies, Your

17   Honor.  That's an interesting suggestion because either

18   Colombia or Aruba or Curacao, are very close to Venezuela.

19         It might be possible to get Dr. Cabeza to one of those

20   places for deposition and if the defendants would prefer to do

21   that, we would try to do that as well.  We will try to

22   accommodate the defendants, and Your Honor, either have the

23   deposition by video in Venezuela or try to bring her to a

24   nearby country on -- for a deposition of Dr. Cabeza or to find

25   somebody who we can locate who can be a representative in the

 1   United States who can be educated as a 30(b)(6) witness will

 2   testify.

 3          THE COURT:  Okay.  When is that decision going to be

 4   made because I don't want us to be back at another hearing

 5   where, again, we can't figure out who it's going to be?

 6          When are you all going to decide, who, when, how the

 7   30(b)(6) representative of PDVSA is going to be deposed?

 8          When can you make that decision?

 9          MR. D. BOIES:  Can I make a suggestion, Your Honor?

10          This is David Boies.  Since we are prepared to do one

11   of those three, if the defendants will tell us, if they prefer

12   to do it in the United States with an educated 30(b)(6)

13   witness, we will arrange for that deposition to take place two

14   weeks from now.  If they tell us they would prefer to take

15   Dr. Cabeza in Colombia or Curacao or Aruba, we will contact

16   Dr. Cabeza immediately and see if she is able to do that.

17          If she is, we will give them a date on the week of

18   May 28th.  If she can't do that, then we will fall back on the

19   deposition two weeks from now in the United States with a

20   designated representative.

21          MR. GLASS:  Your Honor, this is Ethan Glass with

22   Trafigura Trading.  Respectfully, I think that's backwards.

23          I think Ms. Cabeza needs to tell us what she is willing

24   to do and then based upon what she is willing to do, I think

25   defendants need to caucus and decide which of the alternatives

1    they are willing to propose.  I think the first step is if

2    Ms. Cabeza will travel anywhere.

3         THE COURT:  Listen, Mr. Glass, I don't really need to

4    get in the wits of that.

5         I just need a date by which you are going to agree, a

6    time by which you are prepared to file a little notice that

7    says the 30(b)(6) deposition of PDVSA is going to take place at

8    such and such a place, at such and such a place.  I want a date

9    by which everybody commits so we get this off the table.  When

10   can you all reach agreement?

11        MR. BIRENBOIM:  Your Honor, this is Bruce Birenboim.

12   Obviously, the defense counsel haven't all spoken to each other

13   but I don't see why we can't do this by Friday.

14        THE COURT:  Friday the parties will file a notice

15   stating when and where the 30(b)(6) deposition of the PDVSA

16   representative will take place.  All right.

17        All right.  That's two down, two to go.  Who are the

18   other two deponents?

19        MR. BIRENBOIM:  Your Honor, Bruce Birenboim again.  The

20   third deponent that we are deposing is Mr. Boies or some other

21   representative of the Boies Schiller firm who has the most

22   knowledge about the trust agreement.  While we certainly

23   recognize that deposing counsel is not the ordinary course,

24   this is not the ordinary case.

25        Boies Schiller, the law firm, under the trust agreement

```
 1    controls the trust, appoints to the trustees.  They get two

 2    thirds of the recovery to be shared with the thunders and their

 3    investigator and they were also on the scene at the time all of

 4    this was happening.  And since we have had such a difficult

 5    time getting others who signed and purported Todd assign their

 6    rights, we think this is appropriate.

 7            And I would just mention and then I will let Mr. Boies

 8    speak, that the defendants have a number of arguments that

 9    relate to whether this trust agreement violates the law of

10    Champerty and Maintenance in New York, whether it is voidable

11    as a result of ethical issues and whether, in fact, it violates

12    New York law in other ways.  Therefore, in this situation

13    taking the deposition of the Boies firm as a principal, Your

14    Honor, not as counsel, but as a principal that controls the

15    trust and created the trust, is central to a number of our

16    standing arguments.

17            THE COURT:  Okay.  So, you are giving up on

18    Mr. Martinez and Mr. Arellano because they are either in jail

19    or cannot be found?  Are those off the table?

20            MR. BIRENBOIM:  To be clear, Your Honor, we've been

21    told they can't be produced.

22            THE COURT:  Is this still Mr. Birenboim?

23            MR. BIRENBOIM:  Yes, Your Honor, I'm sorry.

24            THE COURT:  In my role of assistant court reporter

25    there.
```

```
 1          MR. BIRENBOIM:  Yes, Your Honor, it is.  I apologize.

 2          THE COURT:  That's all right.

 3          MR. BIRENBOIM:  Your Honor, we asked for those two

 4   because each of them signed the trust agreement and they were

 5   the obvious first choices, but in their absence, and we have

 6   been told they were not able to be produced, and because of

 7   these other arguments that relate to Champerty and Maintenance

 8   and issues like that a representative of the Boies firm is the

 9   next best thing which we think entirely appropriate under these

10   circumstances.

11          THE COURT:  Well, the reason I mention that is in my

12   last order I said by May 22nd, the plaintiffs had to say

13   whether they could produce Mr. Arellano or Mr. Martinez, and my

14   understanding is they cannot.  Is that right?

15          MR. BOIES:  Right.

16          THE COURT:  So, they cannot be produced.  We cannot

17   keep waiting for them until the end of time.  So now the third

18   volunteer is a principal of the Boies Schiller firm to testify

19   regarding the formation of the trust.  Is that what you are

20   looking for?

21          MR. BIRENBOIM:  Yes, Your Honor.  This is Bruce

22   Birenboim.  Yes, Your Honor.

23          THE COURT:  Okay.  Let me hear from Mr. Boies.

24          MR. D. BOIES:  First, Your Honor, the first choice that

25   they told Your Honor that they wanted a deposition of was a
```

1    30(b)(6) deposition of the trust itself.  That made a lot of

2    sense.  We offered to produce a 30(b)(6) witness of the trust

3    itself.  After we did that, they withdrew that request.  One of

4    the reasons that we have had difficulty with them is they keep

5    changing them, who they want.

6          When they first talked to Your Honor, Your Honor will

7    recall --

8          THE COURT:  Okay.  I remember what happened.  Let me

9    ask Mr. Birenboim.

10          Why don't you want a 30(b)(6) representative of the

11    trust that you can ask all those questions of that 30(b)(6)

12    representative because it can act, in essence, as the principal

13    of the trust?

14          MR. BIRENBOIM:  Because, Your Honor, under the issues

15    of Champerty and Maintenance and some of these ethical issues

16    that are raised, it is important, in our view, to have a

17    deposition of the law firm which is also acting as a principal

18    with respect to exactly how this trust came into existence, who

19    asked for it to be created and issues like that.

20          I mean, under the law of Champerty and Maintenance in

21    New York, there is a question of intent and the only people who

22    can answer questions of intent are members of the Boies firm

23    because our understanding is that they were principally

24    involved in creating this trust, and they controlled the trust.

25    And I think it's a defendant's right to ask for specific people

```
 1   who we know have knowledge as opposed to some person who is

 2   educated.

 3          I think the only standard here is whether the

 4   deposition is likely to lead to admissible evidence and I think

 5   we more than meet that standard.

 6          THE COURT:  All right.  But you don't want ever -- are

 7   you forever giving up taking the deposition of the trust

 8   30(b)(6) representative?

 9          MR. BIRENBOIM:  Yes, Your Honor, with one more

10   addition.  These are the four deponents that we collectively

11   asking are for at this time.

12          THE COURT:  The fourth one is who?

13          MR. BIRENBOIM:  The fourth one is a 30(b)(6) of the

14   Algamex which is the financing entity.

15          THE COURT:  Correct.  We had spoken about that one as a

16   potential before.  Right?

17          MR. D. BOIES:  Yes, and Algamex can be made available

18   as a 30(b)(6) witness.

19          THE COURT:  So the third one which is Algamex we don't

20   have an issue with that.

21          Now we are down to the fourth.  They don't want to take

22   the 30(b)(6) of the trust.  They want to take a principal of

23   the Boies Schiller firm, Mr. Boies.

24          MR. D. BOIES:  Right.  Boies Schiller has no role here

25   other than as a legal representative.  If they want I can tell
```

1    you somebody about the appointment of the trustee, of the

2    identification of the trustees.  That is something that

3    somebody from Boies Schiller could testify to or somebody from

4    the Meister firm can testify to, but other than that,

5    everything else is going to be subject to claims of privilege

6    and work product.

7         If they want to waste one of their depositions on a

8    deponent with respect to whom almost all of the answers are

9    going to be instructions not to answer on privilege and work

10   product grounds, you know, perhaps the Court would like to do

11   that.  But I think that starting down the road taking counsel's

12   deposition is not a particularly productive way to proceed, and

13   although there are a lot of questions we can ask of their

14   counsel as well, we find that is not an appropriate way to

15   proceed.

16        The idea that Boies Schiller is the principal here

17   really is baseless.

18        MR. BIRENBOIM:  Your Honor, may I respond to that?

19        THE COURT:  All right.  I am not going to get into

20   accusations back and forth.  Just tell me, this is what you

21   want with the potential that they will be invoking

22   attorney-client work-product privilege for most of the

23   depositions?

24        MR. BIRENBOIM:  Your Honor, it is our position that a

25   great deal of what they engaged in is not subject to privilege.

```
 1    We understand they will invoke it.  If they invoke it to answer

 2    every question, in all likelihood we will be back before Your

 3    Honor because, in fact, Boies Schiller controls the trust and

 4    appoints the trustees.  That's in the trust agreement.

 5         THE COURT:  We will go down that route.  You can take

 6    that deposition and they can, as is their right, invoke those

 7    privileges and if there is dispute about invocation of the

 8    privilege, then I will have to address it.  So, you now have

 9    your four deponents --

10         MR. BIRENBOIM:  We understand that, Your Honor.

11         THE COURT:  So you now have your four deponents.  We

12    have a date for Mr. Pedrosa, May 30th in New York.  We have a

13    date of Friday for the notice saying specifically who, when and

14    where for 30(b)(6) PDVSA.

15         Do you all have a date for 30(b)(6) Algamex?

16         MR. BIRENBOIM:  We do not, Your Honor.

17         THE COURT:  When can we do that?

18         MR. D. BOIES:  This is the first time, Your Honor, that

19    they specifically selected Algamex.

20         THE COURT:  All right.  So the Friday notice will also

21    tell me when and where the 30(b)(6) of Algamex will be.  Not

22    that I really care about where but so you are all pinned down,

23    the when and where.

24         Then the Boies Schiller firm, also the notice on

25    Friday, for the date?
```

```
 1              MR. D. BOIES:  Your Honor, if they want to take the

 2    30(b)(6) deposition of Boies Schiller we can arrange that.  If

 3    they want to take a deposition of me personally, in particular,

 4    that deposition will have to take place Friday of this week --

 5              THE COURT:  Okay.

 6              MR. D. BOIES:  -- as I leave to go out of the country

 7    on Monday.

 8              THE COURT:  Oh, Mr. Boies, we are both going to be out

 9    of the country.

10              MR. D. BOIES:  Yes.

11              THE COURT:  All right.  Friday for Mr. Boies or some

12    other date for 30(b)(6).

13              MR. D. BOIES:  Or I can do it on Saturday if they want

14    it.  I can do it Friday and Saturday.

15              THE COURT:  Okay.  So the notice is going to give me

16    dates for the people other than Mr. Pedrosa.

17              Okay.  I hope to pin down at that point in time all the

18    depositions and not have to address that again so we can keep

19    moving them all.

20              Let me in the little time I have left before my 12 noon

21    hearing address the issues of Mr. Morillo, Baquero and Lutz and

22    the purported deficiencies of the Trafigura deposition that

23    took place already.

24              Let me address the Trafigura matters first.

25              MR. BIRENBOIM:  Your Honor, this is Bruce Birenboim
```

```
 1    again with apologies.  May I just ask for clarification because
 2    -- can we ask Mr. Boies when he will be back because with all
 3    respect, it is sort of unfair to say Friday or nothing when
 4    they, in fact, have been the parties that have not been able to
 5    produce any of the witnesses.
 6             MR. D. BOIES:  I said Friday or Saturday.
 7             THE COURT:  Yes, after that, when are you coming back,
 8    Mr. Boies?
 9             MR. D. BOIES:  I do not return until June 23rd.
10             THE COURT:  Thanks.  There we go.  Friday or Saturday
11    or June 23rd or you can go for a 30(b)(6) off the Boies
12    Schiller firm.
13             MR. D. BOIES:  Or I could take it by telephone while he
14    is out of the country.
15             THE COURT:  You all work that out and give me a notice
16    that says when and where.  Work it out.
17             Trafigura, let me hear.  Mr. Boies did not seem happy
18    with the Trafigura deposition.
19             MR. D. BOIES:  Your Honor, I did not and my partner,
20    Randall Jackson, who took the deposition, is on the phone and
21    with the Court's permission, I will let him address this.
22             THE COURT:  Okay.  Mr. Jackson, go ahead.
23             What are the problems that you have and what remedy do
24    you want?  Try to be concise, please.
25             MR. JACKSON:  Yes, thank you, Your Honor.  I can be
```

1    very concise.

2         In the deposition, we asked Trafigura's 30(b)(6)

3    representatives a number of questions about whether he had

4    taken any steps to determine whether there were any

5    complications, whether there were any documents or individual

6    with the most information relevant to the question of standing

7    at Trafigura, and he repeatedly said that he either did not

8    know whether such information existed and that he had not taken

9    any steps to determine whether or not any such information

10   existed.

11        We think on the surface that is just a blatant

12   violation of what Trafigura was required to do in terms of

13   preparing a 30(b)(6) witness.  So, to our mind there is no

14   question this is a violation.  So, we are requesting, Your

15   Honor, that the Court order Trafigura to produce an appropriate

16   30(b)(6) witness for us to depose on the standing issues.

17        THE COURT:  So your contention is that they did not

18   properly prepare the 30(b)(6) deponent because when asked how

19   did he prepare for it he said he did nothing.  That's basically

20   your contention.

21        MR. JACKSON:  That's basically our contention.  He said

22   all he had done was spoken with counsel but he said repeatedly

23   that he had no idea whether information, e-mails,

24   communications, etcetera existed at Trafigura that were

25   responsive to the various deposition topics that we went

1   through one by one.  So, we think that was in complete

2   violation of what they were required to do with 30(b)(6).

3          THE COURT:  Mr. Glass.

4          MR. GLASS:  Thank you, Your Honor.  It's Ethan Glass

5   for Trafigura.

6          Your Honor, we produced our head of U.S. Oil Trading,

7   the person who would know if there were any such documents,

8   people or communications.

9          As we told the Boies firm many times before and we

10  represented to the Court, we have looked and nobody at

11  Trafigura Trading, LLC, had any information regarding the

12  standing of the trust.  It doesn't make sense they would.  They

13  are not a principal.  They have no participation with the

14  trust.  They have not done business with the trust.

15         Your Honor, we did prepare the witness.  The witness

16  testified as a 30(b)(6) on behalf of Trafigura Trading, LLC,

17  and all the deposition showed is how much of a waste of time it

18  was.

19         Your Honor, I would also add that as Your Honor reviews

20  the transcript, you will see that there are two real problems.

21  The first is when plaintiff was arguing for a Trafigura Trading

22  deposition, plaintiffs told the Court, and I quote, "What I do

23  believe is with respect to Trafigura this is a defendant that I

24  believe will have information related to some or all of the

25  topics we have listed."

1        And, Your Honor, when you look at the transcript, you

2    will see there were no specific questions related to that

3    alleged information.  There were no questions about other

4    people who work at Trafigura potentially having that

5    information and there were no exhibits or documents used.

6        So, Your Honor, we believe that there was no basis and

7    this alleged information was a misrepresentation.

8        One other thing you will see in reviewing the

9    transcript is plaintiffs continuously went off topic.  Instead

10   of asking Trafigura specific questions in this just over one

11   hour deposition, they asked a number of questions that are

12   facially outside of issues of the plaintiff's standing,

13   including whether Trafigura Trading does business in Venezuela.

14       So, Your Honor, we are respectfully requesting an order

15   to show cause why the plaintiff shouldn't be sanctioned for

16   saying that there was information that they would discover from

17   Trafigura Trading, when there was none, and continuously going

18   outside of the scope of the deposition that Your Honor clearly

19   stated should only be about the trust standing.

20       Thank you, Your Honor.

21       THE COURT:  All right.

22       MR. JACKSON:  Your Honor, may I respond briefly?

23       THE COURT:  Hold on.  I am looking here.  Page 13,

24   "What did you do to prepare?"

25       "I was briefed by the attorneys."

1          "Did you examine any documents?"

2          "No."

3          "Did you speak with anyone at the press department?"

4          "No."

5          "Are there people in the charge of strategy?"

6          "Yes."

7          "Did you speak to any one of them?"

8          "No."

9          "Do you know what the C suite of Trafigura is?"

10         "I do.  It's the executive level of the company."

11         "And did you speak to any one of those people?"

12         "No."

13         So, your contention is that he should have spoken to

14    all of these people to prepare for the deposition?  Is that

15    your contention?

16         MR. JACKSON:  Not precisely, Your Honor, our contention

17    is that he should have done something so that he could state

18    with some degree of confidence speaking on behalf of the

19    company that the information that is relevant to the deposition

20    topic either does or does not exist.  And, you know, if I could

21    direct Your Honor's attention to later in the deposition, he

22    states --

23         MR. D. BOIES:  What page?

24         MR. JACKSON:  Your Honor, if you go, for example, to

25    page 46 of the deposition, we ask him, do you know -- we made a

1   qualification about privilege communications.

2          We asked him, "Do you know whether any attorneys on

3   behalf of your company have had any communications regarding

4   the standing of the Trust in this case with anyone outside of

5   the company?

6          And his answer is, no, he does not know.

7          And, Your Honor, our -- we respectfully submit, first

8   of all, we didn't ask any questions outside of the subject.  We

9   maybe asked a couple of prefatory questions like do you do

10  business in Venezuela.  We only asked for that to prepare for

11  questions that would be relevant with regard to standing.

12         THE COURT:  All right.  Here is what I am going to do.

13  I have a copy of the deposition notice.  I have a copy of the

14  transcript.

15         Do I have a copy of the deposition notice?  Hopefully

16  yes.

17         MR. JACKSON:  Yes, Your Honor.  And we can submit one

18  to you if the Court doesn't have one.

19         THE COURT:  Notice of deposition of Trafigura.  Here we

20  go, deposition topics.  I have it.  I am going to look at that.

21  I am going to look at the deposition transcript and I am going

22  to decide if he complied with Rule 30(b)(6) or not, and I will

23  give you an order.  If he didn't, then I will require that he

24  present himself again.

25         Let me hear about Morillo, Baquero and Lutz.

```
 1              MR. D. BOIES:  Your Honor, this is David Boies.  I will

 2     be very brief.  This Court has twice ordered and they appealed

 3     it from Judge Gayles and he affirmed this Court that we would

 4     like to take the deposition of Morillo, Baquero and Lutz.  We

 5     entered a stipulated order which the defendants agreed we get

 6     to take four depositions.  They picked their four.  We picked

 7     our four.  Three of the people that we picked simply have not

 8     shown up.  Their excuse is they went to Mexico.

 9              They were in the United States.  They then went to

10     Mexico where they don't live, where they don't reside so that

11     they can claim that we can't take a deposition of them other

12     than through the Hague.

13              The Court has the power to order them to appear here in

14     the United States.  The Court is asking us to bring people to

15     the United States.  These are people we would like to depose.

16     The Court has ordered them to come to be deposed and at some

17     point they have got to stop fighting it and just show up to the

18     deposition.

19              THE COURT:  Okay.  I haven't ordered them to come here.

20     I haven't done that.  I just -- I just addressed that issue

21     with you with regard to the 30(b)(6) representative of the

22     assignor of the trust.  These people are defendants.  They are

23     not in the same category as the PDVSA representative.  I want

24     to clarify that and I am looking at my order.  I said plaintiff

25     may depose Lutz, Morillo and Baquero.
```

1            I already took care of the 30(b)(6) of Trafigura

2      subject to compliance with any applicable foreign county

3      regulations if appropriate.

4            Now, I understand what you're saying.  You are saying

5      Morillo and Baquero are staying in Mexico so as not to make

6      themselves available for deposition.  That's your theory.  I

7      don't know that I have -- that them as defendants have to come

8      here to the United States unless I find something in the

9      history of what has transpired that says that they cannot be

10     deposed in Mexico.

11           Can we reach some agreement where they can make

12     themselves available for deposition in some country that allows

13     the deposition to go forward without having to go through the

14     Hague, and let me ask the counsel for Morillo and Baquero first

15     and Mr. Lutz next.

16           I don't know where Mr. Lutz is at, if there is any

17     issues with his telephonic deposition.

18           Let me address Morillo and Baquero first because I know

19     they are in Mexico.

20           MR. MACDOUGALL:  Thank you, Your Honor, this is Mark

21     MacDougall for Mr. Morillo and Mr. Baquero.

22           THE COURT:  Yes, sir.

23           MR. MACDOUGALL:  The defendants are currently residing

24     in Mexico.  Mr. Boies has no basis for saying that they have

25     been in the United States since this suit was filed.  They

```
 1    haven't been.  They are in Mexico because life is way too

 2    dangerous in Venezuela, as anybody who reads the newspaper

 3    knows.  The law of Mexico and where they are -- you know, they

 4    are guests in that country -- provides clearly and I am reading

 5    from the state department advisory --

 6              THE COURT:  I got that part.  We are short of time.

 7              It cannot happen in Mexico without the Hague or

 8    InterAmerican or whatever.

 9              Can they go somewhere where it can happen or where they

10    can make themselves available by telephone or video?  Is that a

11    possibility?

12              MR. MACDOUGALL:  I don't know the answer to that, Your

13    Honor, because of their personal situation.  We have offered --

14    what I would like to offer again is the prospect if Mr. Boies

15    believes there is critical information they have, if he submits

16    written questions we would provide him with certified answers

17    to those written questions.  That's the solution we are

18    offering and we have offered before.

19              THE COURT:  I am assuming that's not good enough for

20    you, Mr. Boies.

21              MR. D. BOIES:  No, Your Honor, just like the defendants

22    wouldn't want to take our depositions by written questions, we

23    don't want to take our depositions of them by written

24    questions.

25              THE COURT:  Okay.  Let me just make this clear,
```

1    Mr. MacDougall.  Plaintiffs are entitled to take four

2    depositions just like defendants are.  Plaintiffs have selected

3    Morillo and Baquero.  I will not require that they be deposed

4    under circumstances that violate the laws of the country where

5    the deposition would take place, but I will require that they

6    make themselves available for deposition in some way that does

7    not violate the laws of where the deposition will take place.

8            They can go to Panama or to Texas or somewhere nearby

9    and make themselves available.  They don't have to travel to

10   the United States if they don't want to but they need to make

11   themselves available for deposition.  Is that clear?

12           MR. MACDOUGALL:  That's clear, Your Honor.  But may I

13   ask for one point of clarification?  I know the Court is out of

14   time.

15           THE COURT:  Yes, go ahead.

16           MR. MACDOUGALL:  We'd like to have the opportunity to

17   briefly and very quickly advise the Court in writing and

18   perhaps under seal as to some facts that we think the Court

19   should be aware of before seeking to enforce that order.

20           THE COURT:  Are you telling me without going into

21   details that they cannot leave Mexico?

22           MR. MACDOUGALL:  I believe that to be true and I would

23   I believe we could document that.  It would create risks they

24   believe are unacceptable and that would make it inconsistent

25   with the Court's order.

```
 1            THE COURT:  All right.  I would allow you to submit
 2   something under seal in writing by the close of business today.
 3            And if we cannot find a way out of this dilemma and it
 4   is a matter of personal security or risk, I obviously cannot
 5   make somebody put themselves at personal risk.
 6            We need to come up with some other solution for this.
 7            What's the story with Mr. Lutz?  Where is he and what's
 8   his story?
 9            MR. ENCINOSA:  This is Israel Encinosa of Holland &
10   Knight.  I want to clear the record.  There was no issue.  I
11   believe Mr. Boies misspoke when he bumped Mr. Baquero, Mr.
12   Morillo and Mr. Lutz together as far as orders entered by Judge
13   Gayles as well as Your Honor.
14            We wrote plaintiff's counsel yesterday.  Yesterday for
15   the first time they inquired about dates of availability as
16   Mr. Lutz, and as we promised by the end of the day we told them
17   we would work with them to make them available for deposition
18   by video conference but, again, we just started working on that
19   request so we just request to have until tomorrow to come up
20   with an exact time and date.
21            THE COURT:  Add Mr. Lutz to that notice that you all
22   are giving me on Friday on the scheduling of depositions,
23   please, when and where and by what means.
24            All right.  Then I will make a decision.
25            MR. D. BOIES:  Your Honor, could I just inquire, where
```

```
 1    is Mr. Lutz now?  What country is he in?

 2          MR. ENCINOSA:  Your Honor, I am not a hundred percent

 3    sure.  I believe he is in Mexico.

 4          THE COURT:  Okay.  Hopefully he can travel.

 5          MR. GLASS:  Your Honor, I --

 6          THE COURT REPORTER:  Who is that, I'm sorry?

 7          THE COURT:  I'm sorry, who just spoke?

 8          MR. GLASS:  I'm sorry, Your Honor, it's Ethan Glass and

 9    I will be very, very quick.

10          Your Honor, we would also ask that as part of the meet

11    and confer between now and Friday and what be included on the

12    notice would be new dates.  I am looking at your schedule and

13    it appears as if the only deposition that will happen before

14    the exchange of expert reports will be the Trafigura Trading

15    deposition and, of course, we would need all of the fact

16    depositions to be taken prior to the expert reports.

17          THE COURT:  Okay.  I can't go into scheduling right

18    now.  We can revisit that.  Give me a minute and I will give

19    you another hearing before I leave, hopefully after Friday and

20    before I leave so that we can address any other issues that we

21    need to address.  But for the moment on Friday I just want the

22    deposition schedule.  Okay.

23          MR. BURKOFF:  Your Honor, this is Dave Burkoff, in

24    15 seconds, with depositions now looming, there are some

25    significant concerns we have about documents that haven't been
```

1  produced.  Is there a time for a hearing in the next few days

2  when we can address those with Your Honor?

3          THE COURT:  Yes.  I will give you a time and date to

4  address as much as I can before I leave.  So, we will put

5  everything on the table for the next hearing.  Give me a

6  moment.  Let me finish with the depos and let me give you my

7  schedules and see what I can fit in.

8          So, Mr. Encinosa, you are going to square away Mr. Lutz

9  by Friday.  Right?

10         MR. ENCINOSA:  Yes, Your Honor.

11         THE COURT:  Okay.  I will look at the issue of the

12  personal safety of Mr. Morillo and Mr. Baquero.  If they cannot

13  be part -- if I am satisfied based on the submission that they

14  cannot safely leave Mexico to a country where their deposition

15  can be taken without offending that country's laws, then

16  Mr. Boies, you are going to need to come up with some

17  alternative plan for your other two deponents.

18         All right?

19         MR. D. BOIES:  Yes, Your Honor.

20         MR. CARPINELLO:  Judge, George Carpinello, the document

21  that's being filed under seal, are we getting a copy of that?

22         THE COURT:  I think there is a concern about their

23  safety.  Isn't that right, Mr. MacDougall?

24         MR. MACDOUGALL:  Yes, Your Honor, we would like to

25  submit it to the Court in camera.

1          MR. D. BOIES:  Your Honor, we would object to its

2    submission in camera.

3          THE COURT:  If it has to, it will be limited to

4    personal safety issues only.  Okay.

5          MR. D. BOIES:  Your Honor, we think we need to -- it

6    can be attorney's eyes only but we think we need an opportunity

7    to respond to that.  I find it extraordinarily difficult to

8    believe that there is going to be a personal safety issue with

9    these people traveling to Texas to take a deposition.

10         THE COURT:  Okay.  If I don't find a personal safety

11   issue with them leaving Mexico, that's how it was presented to

12   me, leaving Mexico, if I don't find any sufficient then I will

13   require that they make themselves available for deposition.  I

14   will not require that they expose their personal safety

15   concerns.

16         This is sort of like private information.  I will not

17   require that it be disclosed from Mr. MacDougall.  Let me tell

18   you better make a very good case that they cannot travel

19   outside of Mexico, that travel outside of Mexico would expose

20   them to personal danger.  All right.

21         MR. MACDOUGALL:  I understand, Your Honor.

22         THE COURT:  If not, then they will have to go somewhere

23   to be deposed.

24         All right.  I think we are done.  You will get an

25   order.  Let me find you a date before I leave to see how much

1    more we can address.

2         Give me a minute, and I know you wanted me to address

3    all of these privilege log things.

4         Okay.  I can do May 27th at one o'clock and I have the

5    afternoon free.  So, we should be able to take the time we need

6    to resolve everything.

7         MR. GLASS:  May 27th, that's a Sunday, Your Honor.

8         THE COURT:  I am in the wrong month.  It's been a long

9    morning.

10        MR. GLASS:  You are the assistant court reporter.  I am

11   the assistant scheduler.

12        THE COURT:  I am in June now.

13        It looked pretty good May 27th before I leave to be so

14   free.  All right.  Hang on just a second.  Let me see what I

15   have.  The 29th I -- I have the morning of the 29th free.  I

16   have something at 1:00 and 2:00.  We could start at 9:00 on the

17   29th.  I don't know if some people in the west coast, that

18   would make you get up at 6:00 in the morning.

19        MR. BURKOFF:  Your Honor, this is Dave Burkoff, the

20   defense counsel charged with addressing some of these issues on

21   behalf of all defendants.  I would appreciate you starting in

22   the afternoon rather than a morning commitment after your one

23   o'clock afternoon hearing.

24        THE COURT:  It would have to be 3:00 and then we would

25   have to keep going, and then May 30th you all have a deposition

```
 1   so that's out.  All right.  I can do the 29th at 3:00.

 2           MR. BURKOFF:  Thank you.

 3           THE COURT:  Then just keep going, do as much as we can.

 4           MR. GLASS:  Thank you, Your Honor.

 5           THE COURT:  And it would be whatever matters we could

 6   not address in those notices that you filed.  Don't pile on

 7   anything else because we would never get done.

 8           MR. BIRENBOIM:  Thank you, Your Honor.

 9           MR. D. BOIES:  Thank you, Your Honor.

10           MR. GLASS:  Thank you, Your Honor.

11           COURTROOM DEPUTY:  Court is adjourned.

12           (Proceedings were adjourned at 12:15 p.m.)

13

14                    C E R T I F I C A T E

15

16           I hereby certify that the foregoing is an

17   accurate transcription of the proceedings in the

18   above-entitled matter.

19

20

21   May 24, 2018          /s/Patricia Diaz
     DATE                  PATRICIA DIAZ, RPR, FPR
22                         Official Court Reporter
                           United States District Court
23                         400 North Miami Avenue, 11th Floor
                           Miami, Florida 33128
24                         (305) 523-5178

25
```

**/**

**/s/Patricia** [1] - 64:21

**1**

**10** [1] - 24:12
**1000** [2] - 3:9, 3:22
**1001** [1] - 3:18
**10:00** [1] - 24:19
**11th** [5] - 3:16, 4:4, 8:9, 24:10, 64:23
**12** [2] - 8:6, 48:20
**1221** [1] - 3:24
**12:15** [1] - 64:12
**13** [1] - 52:23
**1331** [1] - 3:6
**14th** [3] - 24:11, 24:12, 24:19
**15** [2] - 9:12, 60:24
**16** [1] - 9:13
**18-20818-CV-Gayles** [1] - 5:3
**1999** [1] - 3:12
**1:00** [1] - 63:16
**1st** [2] - 7:25, 8:9

**2**

**20001** [1] - 3:16
**20036** [1] - 3:6
**2010** [1] - 3:4
**2018** [1] - 64:21
**22nd** [1] - 43:12
**23rd** [2] - 49:9, 49:11
**24** [1] - 64:21
**27th** [3] - 63:4, 63:7, 63:13
**28th** [4] - 30:7, 30:10, 30:15, 40:18
**29th** [4] - 63:15, 63:17, 64:1
**2:00** [1] - 63:16

**3**

**30(b)(6** [38] - 16:17, 26:3, 26:5, 27:9, 27:11, 27:15, 27:16, 27:17, 27:24, 28:6, 35:16, 36:4, 40:1, 40:7, 40:12, 41:7, 41:15, 44:1, 44:2, 44:10, 44:11, 45:8, 45:13, 45:18, 45:22, 47:14, 47:15, 47:21, 48:2, 49:11, 50:2,

50:13, 50:16, 50:18, 51:16, 54:22, 55:21, 56:1
**30(b)(6)** [3] - 37:1, 48:12, 51:2
**305** [2] - 4:5, 64:24
**30th** [3] - 28:22, 47:12, 63:25
**33128** [2] - 4:4, 64:23
**33130** [1] - 3:12
**33131** [3] - 3:2, 3:19, 3:25
**3500** [1] - 3:2
**36th** [1] - 3:9
**386** [2] - 8:20, 14:6
**387** [1] - 8:18
**388** [3] - 8:21, 9:12, 10:9
**3:00** [2] - 63:24, 64:1

**4**

**400** [2] - 4:3, 64:23
**46** [1] - 53:25

**5**

**5100** [1] - 3:22
**523-5178** [2] - 4:5, 64:24
**5th** [2] - 24:24, 25:2

**6**

**600** [1] - 3:2
**6:00** [1] - 63:18
**6th** [3] - 3:15, 24:24, 25:2

**7**

**77002** [2] - 3:9, 3:22
**777** [1] - 3:15
**78** [1] - 24:25

**8**

**80** [1] - 3:12
**8th** [1] - 3:12

**9**

**9** [2] - 9:2, 12:8
**900** [1] - 3:18
**95** [4] - 9:3, 11:3, 12:8, 22:18

**9:00** [1] - 63:16

**A**

**a.m** [1] - 24:19
**abide** [1] - 14:17
**abiding** [3] - 14:20, 15:2, 15:3
**ability** [2] - 16:17, 16:24
**able** [9] - 18:21, 21:10, 23:4, 23:16, 35:24, 40:16, 43:6, 49:4, 63:5
**above-entitled** [1] - 64:18
**absence** [1] - 43:5
**accept** [1] - 7:24
**accommodate** [2] - 8:11, 39:22
**accommodating** [1] - 36:22
**accommodation** [1] - 22:16
**accomplish** [1] - 23:4
**accumulated** [1] - 39:3
**accurate** [1] - 64:17
**accusations** [1] - 46:20
**acknowledged** [2] - 15:3, 15:5
**act** [1] - 44:12
**acting** [1] - 44:17
**actual** [1] - 32:10
**Adam** [2] - 5:11, 6:16
**add** [4] - 16:12, 39:9, 51:19, 59:21
**addition** [1] - 45:10
**additional** [2] - 17:17, 18:4
**address** [16] - 9:4, 9:13, 10:24, 47:8, 48:18, 48:21, 48:24, 49:21, 56:18, 60:20, 60:21, 61:2, 61:4, 63:1, 63:2, 64:6
**addressed** [4] - 8:21, 24:17, 24:22, 55:20
**addressing** [1] - 63:20
**adjourned** [2] - 64:11, 64:12
**admissible** [1] - 45:4
**advancing** [1] - 24:8
**advise** [1] - 58:17
**advised** [1] - 27:4
**advisory** [1] - 57:5

**affirmed** [1] - 55:3
**afternoon** [3] - 63:5, 63:22, 63:23
**agree** [16] - 11:5, 11:12, 11:21, 12:5, 12:7, 12:12, 12:13, 12:15, 15:24, 18:16, 20:20, 36:14, 36:21, 37:24, 38:16, 41:5
**agreeable** [2] - 28:17, 30:10
**agreed** [4] - 9:22, 13:15, 28:22, 55:5
**agreeing** [1] - 22:19
**agreement** [20] - 10:2, 11:1, 11:7, 12:3, 13:1, 13:5, 13:10, 13:14, 16:5, 23:17, 26:19, 41:10, 41:22, 41:25, 42:9, 43:4, 47:4, 56:11
**agrees** [1] - 17:16
**ahead** [2] - 22:5, 49:22, 58:15
**aid** [1] - 9:25
**Akin** [1] - 6:19
**AKIN** [1] - 3:5
**al** [1] - 5:3
**Alex** [2] - 6:15, 6:24
**ALEX** [1] - 3:23
**ALEXANDER** [1] - 3:21
**Algamex** [7] - 27:11, 45:14, 45:17, 45:19, 47:15, 47:19, 47:21
**allegations** [2] - 15:21, 16:10
**alleged** [2] - 52:3, 52:7
**alleviated** [1] - 15:14
**allow** [1] - 59:1
**allowed** [1] - 21:15
**allowing** [1] - 17:2
**allows** [1] - 56:12
**almost** [1] - 46:8
**alternative** [2] - 39:10, 61:17
**alternatives** [1] - 40:25
**Alvarez** [2] - 6:9, 8:17
**AMERICAS** [1] - 3:1
**Americas** [2] - 5:3, 5:19
**amount** [1] - 39:2
**ample** [1] - 21:21
**AND** [1] - 3:15
**another's** [1] - 21:21
**answer** [8] - 12:6, 12:9, 12:15, 44:22,

46:9, 47:1, 54:6, 57:12
**answers** [2] - 46:8, 57:16
**Antonio** [1] - 6:14
**ANTONIO** [1] - 3:22
**apologies** [5] - 6:8, 7:21, 7:24, 25:9, 49:1
**apologize** [1] - 43:1
**appealed** [1] - 55:2
**appear** [3] - 26:24, 35:15, 55:13
**appeared** [2] - 15:10, 18:13
**applicable** [1] - 56:2
**application** [1] - 16:11
**applies** [1] - 33:6
**apply** [1] - 9:9
**appointed** [1] - 27:1
**appointment** [1] - 46:1
**appoints** [2] - 42:1, 47:4
**appreciate** [1] - 63:21
**approach** [2] - 19:19, 19:20
**appropriate** [8] - 26:4, 26:5, 29:8, 42:6, 43:9, 46:14, 50:15, 56:3
**April** [3] - 15:5, 15:12, 18:23
**Arellano** [3] - 26:25, 42:18, 43:13
**argue** [1] - 19:14
**arguing** [1] - 51:21
**arguments** [5] - 19:4, 21:6, 42:8, 42:16, 43:7
**arrange** [3] - 37:12, 40:13, 48:2
**arrangement** [1] - 36:7
**articulated** [2] - 11:13, 33:7
**Aruba** [2] - 39:18, 40:15
**aside** [1] - 8:3
**assertion** [1] - 19:17
**assess** [1] - 21:8
**asset** [1] - 16:4
**assign** [2] - 26:21, 42:5
**assignee** [2] - 28:14, 37:18
**assignment** [2] - 26:19, 37:16
**assignor** [5] - 28:14,

28:15, 33:9, 37:18, 55:22

**assistance** [1] - 27:12

**assistant** [3] - 42:24, 63:10, 63:11

**associated** [1] - 14:5

**assume** [2] - 16:20, 21:24

**assuming** [4] - 10:9, 14:11, 29:17, 57:19

**attempting** [1] - 31:11

**attention** [1] - 53:21

**attorney** [1] - 46:22

**Attorney** [3] - 34:2, 34:6, 34:9

**attorney's** [1] - 62:6

**attorney-client** [1] - 46:22

**attorneys** [5] - 7:19, 31:3, 31:10, 52:25, 54:2

**authorities** [2] - 31:15, 31:18

**authority** [6] - 32:16, 32:25, 33:1, 34:5, 34:25, 36:19

**Authority** [5] - 31:7, 32:2, 33:4, 33:19, 33:21

**availability** [3] - 24:10, 24:11, 59:15

**available** [14] - 29:2, 29:3, 29:20, 29:23, 36:8, 45:17, 56:6, 56:12, 57:10, 58:6, 58:9, 58:11, 59:17, 62:13

**Avenue** [5] - 3:2, 3:6, 3:24, 4:3, 64:23

**avoid** [1] - 14:7

**aware** [6] - 15:4, 26:17, 26:21, 31:23, 33:14, 58:19

## B

**B-O-I-E-S** [1] - 5:7

**BAC** [3] - 7:12, 7:15, 8:17

**backwards** [2] - 20:24, 40:22

**Bank** [2] - 7:12, 7:15

**bank** [4] - 11:16, 15:23, 16:8, 26:11

**Baquero** [3] - 6:18, 26:1, 48:21, 54:25, 55:4, 55:25, 56:5,

56:14, 56:18, 56:21, 58:3, 59:11, 61:12

**BARQUERO** [1] - 3:5

**based** [4] - 18:11, 22:12, 40:24, 61:13

**baseless** [1] - 46:17

**basis** [3] - 21:25, 52:6, 56:24

**Bay** [1] - 3:18

**beginning** [1] - 21:19

**behalf** [12] - 7:14, 11:9, 14:23, 17:3, 35:5, 37:5, 39:7, 51:16, 53:18, 54:3, 63:21

**believes** [1] - 57:15

**BERMUDA** [1] - 3:21

**best** [2] - 38:14, 43:9

**better** [2] - 25:11, 62:18

**between** [4] - 12:10, 13:1, 37:15, 60:11

**beyond** [2] - 14:20, 16:3

**Bill** [1] - 6:12

**BIRENBOIM** [28] - 6:5, 6:10, 25:4, 26:10, 27:16, 28:2, 28:24, 30:11, 30:20, 32:23, 33:12, 35:8, 41:11, 41:19, 42:20, 42:23, 43:1, 43:3, 43:21, 44:14, 45:9, 45:13, 46:18, 46:24, 47:10, 47:16, 48:25, 64:8

**Birenboim** [13] - 6:6, 25:4, 26:10, 28:2, 30:12, 30:20, 33:18, 41:11, 41:19, 42:22, 43:22, 44:9, 48:25

**bit** [4] - 8:22, 8:24, 22:25, 23:9

**blatant** [1] - 50:11

**board** [1] - 33:20

**BOIES** [57] - 5:6, 9:19, 10:17, 13:15, 13:20, 18:16, 24:13, 25:8, 25:11, 25:18, 27:20, 28:21, 29:2, 29:10, 29:13, 29:19, 30:3, 30:17, 31:19, 32:6, 32:17, 33:17, 34:4, 34:17, 34:22, 35:19, 35:23, 36:10, 37:2, 37:11, 37:21, 38:5, 38:12, 38:18, 39:16, 40:9, 43:15, 43:24, 45:17, 45:24, 47:18, 48:1, 48:6, 48:10, 48:13, 49:6,

49:9, 49:13, 49:19, 53:23, 55:1, 57:21, 59:25, 61:19, 62:1, 62:5, 64:9

**Boies** [51] - 5:7, 9:20, 10:16, 11:13, 13:13, 16:22, 18:15, 20:20, 20:23, 25:18, 27:10, 27:21, 28:19, 30:16, 30:22, 31:17, 35:13, 35:23, 35:19, 39:16, 40:10, 41:20, 41:21, 41:25, 42:7, 42:13, 43:8, 43:18, 43:23, 44:22, 45:23, 45:24, 46:3, 46:16, 47:3, 47:24, 48:2, 48:8, 48:11, 49:2, 49:8, 49:11, 49:17, 51:9, 55:1, 56:24, 57:14, 57:20, 59:11, 61:16

**bombarded** [1] - 25:12

**bottom** [1] - 11:23

**Brad** [3] - 5:10, 5:14, 5:15

**break** [1] - 37:9

**Brian** [1] - 6:24

**Brickell** [3] - 3:2, 3:18, 3:24

**brief** [1] - 55:2

**briefed** [1] - 52:25

**briefing** [1] - 15:19

**briefly** [4] - 20:14, 20:16, 52:22, 58:17

**bring** [3] - 28:15, 39:23, 55:14

**Briz** [1] - 6:24

**brought** [2] - 9:4, 36:22

**Bruce** [9] - 6:6, 25:4, 26:10, 28:2, 30:20, 41:11, 41:19, 43:21, 48:25

**bulk** [1] - 30:8

**bumped** [1] - 59:11

**bunch** [1] - 8:2

**BURCK** [1] - 3:14

**Burck** [1] - 6:13

**burden** [6] - 14:5, 19:23, 21:5, 21:6, 21:8, 21:10

**BURKOFF** [6] - 5:24, 12:25, 13:7, 60:23, 63:19, 64:2

**Burkoff** [5] - 5:24, 12:25, 13:22, 60:23, 63:19

**burner** [1] - 18:9

**business** [4] - 51:14, 52:13, 54:10, 59:2

**BY** [1] - 4:1

## C

**Cabeza** [28] - 27:14, 27:18, 27:20, 27:24, 29:1, 29:19, 34:13, 35:1, 35:13, 35:17, 35:21, 35:25, 36:2, 36:7, 36:12, 36:23, 37:7, 38:18, 38:19, 39:1, 39:6, 39:9, 39:19, 39:24, 40:15, 40:16, 40:23, 41:2

**camera** [2] - 61:25, 62:2

**Campo** [1] - 7:16

**cannot** [17] - 17:11, 34:14, 34:17, 36:15, 36:17, 42:19, 43:14, 43:16, 56:9, 57:7, 58:21, 59:3, 59:4, 61:12, 61:14, 62:18

**care** [3] - 8:9, 47:22, 56:1

**CAREY** [4] - 10:22, 14:22, 20:14, 20:17

**Carey** [7] - 6:7, 10:22, 14:22, 17:17, 17:21, 19:13, 20:15

**Carlton** [1] - 6:1

**CARPINELLO** [2] - 30:7, 61:20

**Carpinello** [3] - 5:8, 30:5, 61:20

**case** [8] - 5:3, 22:23, 25:10, 28:16, 33:12, 41:24, 54:4, 62:18

**cases** [4] - 28:14, 37:17, 37:21, 37:22

**catch** [1] - 5:13

**category** [1] - 55:23

**caucus** [1] - 40:25

**Central** [5] - 31:7, 32:2, 33:4, 33:19, 33:21

**central** [4] - 26:17, 26:18, 33:1, 42:15

**certainly** [4] - 19:11, 21:24, 37:12, 41:22

**certified** [1] - 57:16

**certify** [1] - 64:16

**Champerty** [4] - 42:10, 43:7, 44:15, 44:20

**chance** [1] - 16:12

**changing** [1] - 44:5

**chapter** [1] - 31:1

**charge** [1] - 53:5

**charged** [1] - 63:20

**choice** [1] - 43:24

**choices** [3] - 35:6, 36:20, 43:5

**CHRISTINA** [1] - 3:17

**circumstances** [3] - 34:16, 43:10, 58:4

**cited** [2] - 15:15, 37:17

**Civil** [5] - 11:17, 12:4, 14:18, 14:21, 17:20

**claim** [2] - 8:23, 55:11

**claims** [3] - 21:9, 26:22, 46:5

**clarification** [3] - 13:22, 49:1, 58:13

**clarified** [1] - 37:8

**clarify** [4] - 35:10, 36:8, 37:9, 55:24

**clean** [1] - 22:11

**clear** [9] - 10:7, 13:4, 19:9, 33:7, 42:20, 57:25, 58:11, 58:12, 59:10

**cleared** [1] - 31:17

**clearly** [2] - 52:18, 57:4

**client** [1] - 46:22

**Cliff** [5] - 5:25, 6:1

**close** [2] - 39:18, 59:2

**closer** [1] - 18:10

**coast** [1] - 63:17

**cogent** [1] - 20:2

**colleague** [1] - 16:6

**colleagues** [1] - 30:22

**collectively** [1] - 45:10

**Colombia** [3] - 39:15, 39:18, 40:15

**Colonial** [10] - 5:23, 10:3, 10:10, 12:17, 13:1, 13:2, 13:9, 20:10, 23:3

**combined** [1] - 34:5

**coming** [2] - 23:10, 49:7

**comments** [1] - 37:24

**commissioners** [1] - 31:3

**commitment** [1] - 63:22

**commitments** [1] -

26:14
**commits** [1] - 41:9
**committed** [1] - 28:4
**communications** [4]
- 50:24, 51:8, 54:1,
54:3
**company** [4] - 53:10,
53:19, 54:3, 54:5
**compel** [3] - 24:23,
35:9, 35:15
**complaint** [3] -
16:14, 17:6, 21:19
**complete** [3] - 18:21,
23:15, 51:1
**compliance** [3] -
14:4, 14:5, 56:10
**complication** [1] -
38:13
**complications** [1] -
50:5
**complied** [1] - 54:22
**comply** [2] - 32:24,
32:25
**complying** [2] -
17:19, 21:6
**concedes** [1] - 33:3
**concentrate** [1] -
18:12
**concentrating** [1] -
22:9
**concern** [3] - 15:13,
32:23, 61:22
**concerned** [2] - 35:4,
36:1
**concerns** [4] - 32:22,
36:17, 60:25, 62:15
**concise** [2] - 49:24,
50:1
**conduct** [1] - 31:11
**confer** [2] - 24:18,
60:11
**conference** [7] -
29:5, 29:21, 32:12,
34:10, 35:2, 37:14,
59:18
**conferred** [1] - 29:5
**confidence** [1] -
53:18
**confirm** [1] - 30:9
**confirmed** [2] -
29:22, 31:20
**connection** [1] -
20:18
**conscious** [1] -
38:12
**consequently** [1] -
31:5
**consider** [2] - 23:17,
24:7
**consular** [2] - 31:3,

31:9
**contact** [1] - 40:15
**contacted** [1] - 31:19
**contained** [1] - 18:2
**contempt** [1] - 16:25
**contention** [6] -
50:17, 50:20, 50:21,
53:13, 53:15, 53:16
**context** [1] - 31:7
**continuance** [1] -
22:19
**continuation** [9] -
9:8, 9:16, 9:23, 10:1,
11:6, 11:7, 11:22,
12:7, 14:2
**continue** [3] - 13:16,
16:7, 24:17
**continued** [4] -
18:24, 19:6, 19:7,
20:2
**continuing** [2] -
11:2, 14:5
**continuously** [2] -
52:9, 52:17
**contours** [1] - 13:23
**controlled** [1] -
44:24
**controls** [3] - 42:1,
42:14, 47:3
**Convention** [1] -
31:1
**converse** [1] - 22:7
**conveyed** [1] - 32:18
**copy** [4] - 54:13,
54:15, 61:21
**corner** [1] - 24:25
**corporate** [1] - 13:9
**correct** [5] - 13:13,
28:5, 28:24, 30:16,
45:15
**corroborate** [2] -
10:16, 10:17
**counsel** [16] - 5:4,
9:13, 15:8, 15:11,
19:1, 27:4, 30:14,
37:17, 41:12, 41:23,
42:14, 46:14, 50:22,
56:14, 59:14, 63:20
**counsel's** [1] - 46:11
**country** [13] - 8:9,
23:8, 39:11, 39:13,
39:24, 48:6, 48:9,
49:14, 56:12, 57:4,
58:4, 60:1, 61:14
**country's** [1] - 61:15
**county** [1] - 56:2
**couple** [2] - 20:23,
54:9
**course** [4] - 16:13,
16:16, 41:23, 60:15

**Court** [41] - 4:2, 4:3,
5:1, 10:13, 15:5, 15:9,
15:12, 16:3, 16:21,
16:22, 17:18, 18:2,
18:3, 21:11, 21:12,
23:14, 23:19, 32:7,
32:9, 33:22, 36:11,
37:13, 38:14, 46:10,
50:15, 51:10, 51:22,
54:18, 55:2, 55:3,
55:13, 55:14, 55:16,
58:13, 58:17, 58:18,
61:25, 64:22, 64:22
**COURT** [127] - 5:2,
5:12, 5:15, 5:18, 5:23,
6:3, 6:8, 6:11, 6:14,
6:18, 6:21, 7:1, 7:3,
7:6, 7:9, 7:12, 7:16,
10:6, 10:18, 11:5,
11:11, 11:19, 12:6,
12:14, 13:3, 13:13,
13:17, 13:21, 17:15,
18:7, 20:16, 22:2,
24:15, 25:7, 25:9,
25:12, 27:14, 27:18,
27:22, 28:19, 28:25,
29:8, 29:11, 29:14,
29:17, 29:25, 30:13,
30:18, 31:17, 32:4,
32:14, 32:21, 33:10,
33:14, 33:23, 34:8,
34:20, 34:24, 35:12,
35:21, 36:4, 36:14,
37:7, 37:17, 37:24,
38:9, 38:16, 39:4,
39:14, 40:3, 41:3,
41:14, 42:17, 42:22,
42:24, 43:2, 43:11,
43:16, 43:23, 44:8,
45:6, 45:12, 45:15,
45:19, 46:19, 47:5,
47:11, 47:17, 47:20,
48:5, 48:8, 48:11,
48:15, 49:7, 49:10,
49:15, 49:22, 50:17,
51:3, 52:21, 52:23,
54:12, 54:19, 55:19,
56:22, 57:6, 57:19,
57:25, 58:15, 58:20,
59:1, 59:21, 60:4,
60:6, 60:7, 60:17,
61:3, 61:11, 61:22,
62:3, 62:10, 62:22,
63:8, 63:12, 63:24,
64:3, 64:5
**court** [5] - 13:4, 31:8,
42:24, 63:10, 64:11
**Court's** [4] - 11:2,
17:1, 49:21, 58:25
**Court-ordered** [1] -

18:3
**COURTROOM** [1] -
64:11
**courtroom** [1] - 7:20
**cover** [2] - 8:4, 16:14
**covered** [1] - 16:15
**create** [1] - 58:23
**created** [2] - 42:15,
44:19
**creating** [1] - 44:24
**Cristina** [1] - 6:13
**critical** [1] - 57:15
**crystal** [1] - 33:7
**Curacao** [2] - 39:18,
40:15
**customary** [1] - 22:4
**cut** [1] - 22:11

## D

**danger** [1] - 62:20
**dangerous** [1] - 57:2
**Daniel** [1] - 6:21
**date** [23] - 18:17,
24:2, 24:6, 26:15,
28:4, 28:6, 29:25,
30:1, 30:2, 30:3, 30:5,
30:10, 40:17, 41:5,
41:8, 47:12, 47:13,
47:15, 47:25, 48:12,
59:20, 61:3, 62:25
**DATE** [1] - 64:21
**dates** [3] - 48:16,
59:15, 60:12
**Dave** [3] - 5:24,
60:23, 63:19
**David** [9] - 5:6, 9:19,
12:25, 25:18, 27:21,
35:19, 39:16, 40:10,
55:1
**DAVIS** [1] - 5:17
**Davis** [1] - 5:17
**Dayme** [1] - 6:24
**DAYME** [1] - 7:2
**days** [1] - 61:1
**DC** [2] - 3:6, 3:16
**de** [1] - 6:8
**De** [2] - 6:4, 8:17
**deal** [1] - 46:25
**dealt** [1] - 33:20
**debate** [1] - 12:17
**decide** [4] - 24:2,
40:6, 40:25, 54:22
**decides** [2] - 21:11
**decision** [5] - 32:9,
38:19, 40:3, 40:8,
59:24
**declaration** [9] -
10:5, 14:9, 14:12,

32:14, 33:25, 34:9,
34:24, 35:2, 36:16
**declarations** [2] -
32:7, 32:20
**declined** [1] - 26:24
**DEFENDANT** [3] -
3:8, 3:11, 3:14
**defendant** [3] - 17:3,
24:23, 51:23
**defendant's** [1] -
44:25
**DEFENDANTS** [2] -
3:4, 3:20
**defendants** [68] -
8:15, 8:16, 9:5, 9:14,
9:18, 9:22, 10:4, 10:9,
10:11, 10:15, 10:19,
10:21, 10:23, 11:4,
13:1, 13:9, 13:12,
13:19, 14:8, 14:16,
14:24, 15:10, 15:21,
15:23, 16:1, 16:6,
16:9, 16:25, 19:4,
19:21, 20:10, 20:11,
20:22, 21:5, 21:8,
24:17, 24:18, 25:1,
25:5, 25:22, 26:1,
26:8, 26:12, 27:23,
29:15, 30:3, 30:9,
30:21, 32:8, 35:3,
35:6, 36:15, 39:4,
39:5, 39:20, 39:22,
40:11, 40:25, 42:8,
55:5, 55:22, 56:7,
56:23, 57:21, 58:2,
63:21
**defendants'** [1] -
22:16
**defense** [3] - 16:19,
41:12, 63:20
**deficiencies** [1] -
48:22
**degree** [1] - 53:18
**Department** [1] -
30:23
**department** [5] -
31:14, 33:7, 33:20,
53:3, 57:5
**department's** [2] -
31:25, 33:1
**depo** [1] - 37:9
**deponent** [6] - 28:10,
36:5, 37:22, 41:20,
46:8, 50:18
**deponent's** [1] - 14:4
**deponents** [5] -
41:18, 45:10, 47:9,
47:11, 61:17
**depos** [1] - 61:6
**depose** [4] - 27:23,

50:16, 55:15, 55:25
**deposed** [5] - 40:7,
55:16, 56:10, 58:3,
62:23
**deposing** [2] - 41:20,
41:23
**deposition** [85] -
21:8, 24:24, 25:1,
26:3, 26:20, 26:23,
26:25, 27:9, 27:10,
27:11, 28:4, 28:6,
28:8, 28:10, 28:12,
28:16, 28:19, 29:20,
31:16, 31:21, 32:11,
34:10, 34:19, 35:1,
35:3, 36:25, 38:10,
39:6, 39:13, 39:15,
39:20, 39:23, 39:24,
40:13, 40:19, 41:7,
41:15, 42:13, 43:25,
44:1, 44:17, 45:4,
45:7, 46:12, 47:6,
48:2, 48:3, 48:4,
48:22, 49:18, 49:20,
50:2, 50:25, 51:17,
51:22, 52:11, 52:18,
53:14, 53:19, 53:21,
53:25, 54:13, 54:15,
54:19, 54:20, 54:21,
55:4, 55:11, 55:18,
56:6, 56:12, 56:13,
56:17, 58:5, 58:6,
58:7, 58:11, 59:17,
60:13, 60:15, 60:22,
61:14, 62:9, 62:13,
63:25
**depositions** [34] -
14:3, 14:7, 16:14,
17:12, 17:24, 18:1,
18:4, 19:16, 20:4,
20:5, 22:21, 24:22,
25:17, 25:19, 25:25,
26:13, 26:15, 27:9,
31:2, 31:5, 31:8,
31:11, 31:23, 39:11,
46:7, 46:23, 48:18,
55:6, 57:22, 57:23,
58:2, 59:22, 60:16,
60:24
**Depositions** [1] -
30:24
**deputy** [1] - 7:20
**DEPUTY** [1] - 64:11
**described** [1] - 17:21
**designated** [2] -
38:7, 40:20
**desired** [1] - 10:13
**despite** [2] - 16:19,
25:24
**details** [1] - 58:21

**determine** [3] - 19:6,
50:4, 50:9
**dial** [2] - 29:9, 29:18
**DIAZ** [2] - 4:2, 64:21
**Diaz** [1] - 64:21
**different** [2] - 8:24,
13:8
**difficult** [2] - 42:4,
62:7
**difficulty** [1] - 44:4
**dilemma** [1] - 59:3
**diluting** [1] - 22:10
**direct** [2] - 24:2,
53:21
**directed** [1] - 18:2
**directive** [2] - 33:2,
33:7
**disagree** [2] - 19:13,
19:17
**disclosed** [1] - 62:17
**discover** [1] - 52:16
**discovery** [42] - 8:1,
8:13, 9:7, 9:11, 9:24,
9:25, 10:5, 10:15,
10:25, 11:24, 12:18,
13:23, 16:8, 16:13,
16:16, 17:6, 18:3,
18:14, 18:19, 18:20,
18:21, 19:12, 19:25,
20:3, 20:8, 20:13,
20:18, 21:2, 21:13,
21:14, 21:17, 21:20,
21:23, 21:25, 22:4,
22:7, 22:8, 23:12,
23:18, 24:3, 24:21
**discussion** [1] - 27:3
**dispose** [1] - 17:10
**dispute** [2] - 12:10,
47:7
**disputes** [1] - 18:13
**disregard** [1] - 25:14
**distinction** [1] -
37:14
**distract** [1] - 21:15
**distracted** [1] - 33:23
**district** [1] - 28:15
**District** [2] - 4:3,
64:22
**divide** [1] - 34:5
**Docket** [12] - 8:18,
8:20, 8:21, 9:2, 9:3,
9:12, 10:9, 11:3, 12:8,
14:6, 22:18, 24:25
**docket** [1] - 12:8
**document** [9] - 9:3,
9:23, 11:2, 14:21,
15:14, 15:16, 16:3,
58:23, 61:20
**documents** [6] -
37:25, 50:5, 51:7,

52:5, 53:1, 60:25
**Don** [1] - 7:7
**DONALD** [1] - 3:11
**done** [10] - 11:22,
21:22, 33:11, 38:17,
50:22, 51:14, 53:17,
55:20, 62:24, 64:7
**door** [1] - 14:7
**down** [8] - 27:19,
28:25, 41:17, 45:21,
46:11, 47:5, 47:22,
48:17
**Dr** [24] - 27:20,
27:24, 29:1, 29:19,
32:8, 34:13, 35:1,
35:13, 35:17, 35:21,
35:25, 36:2, 36:7,
36:12, 36:23, 37:7,
38:18, 38:19, 39:1,
39:6, 39:19, 39:24,
40:15, 40:16
**Drive** [1] - 3:18
**during** [2] - 16:15,
21:23

## E

**e-mails** [1] - 50:23
**educate** [3] - 36:24,
38:20, 38:25
**educated** [8] - 37:1,
37:4, 38:3, 38:10,
38:22, 40:1, 40:12,
45:2
**effect** [1] - 13:16
**effort** [1] - 22:10
**efforts** [2] - 24:18
**either** [8] - 10:15,
27:2, 33:19, 39:17,
39:22, 42:18, 50:7,
53:20
**Elias** [1] - 7:16
**EMANUEL** [1] - 3:15
**Emmanuel** [1] - 16:6
**ENCINOSA** [6] -
6:23, 7:2, 7:5, 59:9,
60:2, 61:10
**Encinosa** [3] - 6:24,
59:9, 61:8
**end** [3] - 38:10,
43:17, 59:16
**ENERGY** [1] - 3:21
**enforce** [1] - 58:19
**engaged** [1] - 46:25
**enter** [2] - 11:25,
15:9
**entered** [8] - 9:1,
9:16, 12:7, 14:14,
15:7, 16:3, 55:5,

59:12
**entirely** [1] - 43:9
**entities** [3] - 6:22,
7:4, 13:10
**entitled** [7] - 12:18,
19:10, 19:25, 20:12,
23:12, 58:1, 64:18
**entity** [1] - 45:14
**Entry** [11] - 8:18,
8:20, 8:21, 9:2, 9:3,
9:12, 10:9, 12:8, 14:6,
22:18, 24:25
**entry** [1] - 12:20
**equivalent** [1] - 34:2
**ESQ** [12] - 3:1, 3:4,
3:4, 3:5, 3:8, 3:11,
3:14, 3:14, 3:17, 3:20,
3:21, 3:23
**essence** [1] - 44:12
**et** [1] - 5:3
**etcetera** [1] - 50:24
**ETHAN** [1] - 3:14
**Ethan** [8] - 6:12,
11:9, 12:2, 17:13,
39:7, 40:21, 51:4,
60:8
**ethical** [2] - 42:11,
44:15
**evidence** [6] - 17:8,
19:15, 19:22, 20:2,
20:25, 45:4
**Evidence** [1] - 31:1
**exact** [2] - 18:17,
59:20
**exactly** [2] - 32:6,
44:18
**examine** [1] - 53:1
**example** [1] - 53:24
**examples** [1] - 31:23
**exceed** [1] - 18:3
**exceeded** [1] - 19:16
**exchange** [1] - 60:14
**excuse** [1] - 55:8
**executive** [1] - 53:10
**exhibits** [1] - 52:5
**exigent** [1] - 24:7
**exist** [1] - 53:20
**existed** [3] - 50:8,
50:10, 50:24
**existence** [1] - 44:18
**existing** [1] - 9:23
**expected** [1] - 7:21
**expended** [1] - 17:2
**expert** [2] - 32:8,
60:14, 60:16
**experts** [2] - 32:7,
33:5
**explore** [1] - 21:21
**expose** [2] - 62:14,
62:19

**exposing** [1] - 22:20
**expressly** [7] -
18:24, 19:3, 19:5,
19:6, 20:17, 21:12,
22:6
**extant** [1] - 28:9
**extend** [3] - 7:20,
21:11, 21:12
**extended** [1] - 20:22
**extensive** [1] - 20:5
**extent** [4] - 7:23,
12:3, 21:4, 36:6
**extra** [1] - 17:14
**extraordinarily** [1] -
62:7
**extraordinary** [2] -
15:17, 17:7
**eyes** [1] - 62:6

## F

**facially** [1] - 52:12
**fact** [7] - 11:14,
28:13, 31:22, 42:11,
47:3, 49:4, 60:15
**facts** [2] - 37:5,
58:18
**fair** [1] - 39:2
**faith** [1] - 16:19
**fall** [1] - 40:18
**familiar** [1] - 25:6
**family** [1] - 22:19
**far** [3] - 16:3, 18:16,
59:12
**fashion** [1] - 11:20
**FCRR** [1] - 4:2
**feasible** [2] - 37:10,
37:11
**Federal** [9] - 11:17,
12:4, 14:18, 14:20,
15:2, 15:4, 17:19,
19:3, 23:5
**FELD** [1] - 3:5
**few** [1] - 61:1
**Fields** [1] - 6:2
**fighting** [2] - 22:24,
55:17
**figure** [1] - 40:5
**file** [4] - 22:3, 25:13,
41:6, 41:14
**filed** [5] - 17:18,
28:16, 56:25, 61:21,
64:6
**financing** [1] - 45:14
**finish** [3] - 8:7,
30:14, 61:6
**firm** [16] - 6:7, 6:17,
26:15, 27:10, 41:21,
41:25, 42:13, 43:8,

43:18, 44:17, 44:22, 45:23, 46:4, 47:24, 49:12, 51:9
**first** [19] - 9:4, 14:1, 15:25, 16:11, 21:1, 21:18, 26:16, 41:1, 43:5, 43:24, 44:6, 47:18, 48:24, 51:21, 54:7, 56:14, 56:18, 59:15
**fit** [1] - 61:7
**flip** [1] - 14:15
**flooded** [1] - 8:2
**Floor** [4] - 3:9, 3:16, 4:4, 64:23
**Florida** [9] - 3:2, 3:12, 3:19, 3:25, 4:4, 7:12, 7:15, 28:17, 64:23
**folks** [1] - 11:14
**FOR** [5] - 3:4, 3:8, 3:11, 3:14, 3:20
**foregoing** [1] - 64:16
**foreign** [1] - 56:2
**forever** [1] - 45:7
**form** [1] - 32:19
**formation** [1] - 43:19
**forth** [3] - 15:1, 15:18, 46:20
**forward** [6] - 19:22, 20:25, 21:6, 29:17, 32:15, 56:13
**four** [10] - 27:8, 27:16, 28:1, 45:10, 47:9, 47:11, 55:6, 55:7, 58:1
**fourth** [3] - 45:12, 45:13, 45:21
**FPR** [2] - 4:2, 64:21
**frame** [2] - 34:18, 38:17
**FRANCISCO** [1] - 3:4
**frankly** [1] - 27:6
**free** [3] - 63:5, 63:14, 63:15
**freezing** [1] - 11:13
**Friday** [16] - 41:13, 41:14, 47:13, 47:20, 47:25, 48:4, 48:11, 48:14, 49:3, 49:6, 49:10, 59:22, 60:11, 60:19, 60:21, 61:9
**fully** [3] - 33:14, 38:10, 38:21

## G

**Gabaldon** [1] - 8:17

**gain** [1] - 23:6
**Game** [1] - 29:8
**Gayles** [20] - 9:1, 9:17, 11:18, 15:6, 15:12, 15:15, 17:20, 18:23, 18:24, 19:1, 19:3, 19:4, 19:5, 19:9, 20:5, 20:17, 22:6, 25:25, 55:3, 59:13
**Gayles'** [1] - 11:22
**GELBER** [1] - 3:24
**Gelber** [1] - 6:17
**General** [8] - 31:20, 32:5, 32:18, 34:1, 34:2, 34:6, 34:7, 34:9
**generally** [1] - 22:3
**George** [3] - 5:8, 30:5, 61:20
**given** [4] - 9:14, 28:6, 34:24, 36:12
**Glass** [12] - 6:12, 11:9, 12:2, 16:6, 17:19, 19:13, 39:7, 40:21, 41:3, 51:3, 51:4, 60:8
**GLASS** [17] - 3:14, 6:12, 11:9, 11:12, 12:2, 12:9, 17:13, 17:16, 39:7, 40:21, 51:4, 60:5, 60:8, 63:7, 63:10, 64:4, 64:10
**Glass's** [1] - 19:17
**Glencore** [8] - 6:4, 6:8, 8:16, 14:23, 18:5, 25:5, 26:11, 30:21
**GODFREY** [1] - 3:21
**Godfrey** [1] - 6:16
**Goldberg** [1] - 7:14
**Gonzalez** [1] - 6:24
**great** [1] - 46:25
**greater** [2] - 11:17, 12:4
**GREENBERG** [1] - 3:24
**grounds** [1] - 46:10
**Group** [14] - 8:23, 9:14, 10:3, 10:11, 10:20, 11:22, 12:17, 13:2, 13:19, 20:10, 23:3
**group** [6] - 11:4, 16:1, 16:20, 16:25, 17:9, 20:22
**groups** [3] - 10:15, 10:23, 24:16
**Gruhn** [2] - 5:25, 6:1
**GRUHN** [1] - 6:1
**guess** [1] - 12:9
**guests** [1] - 57:4
**GUMP** [1] - 3:5

**Gump** [1] - 6:20
**GUNSTER** [1] - 3:1
**Guttman** [1] - 5:21
**GUTTMAN** [1] - 3:1

## H

**Hague** [4] - 31:1, 55:12, 56:14, 57:7
**Hampshire** [1] - 3:6
**handle** [1] - 36:9
**hang** [4] - 10:6, 11:19, 29:9, 63:14
**happy** [2] - 10:24, 49:17
**HAUER** [1] - 3:5
**Hayden** [2] - 7:7, 7:8
**HAYDEN** [3] - 3:11, 3:11, 7:7
**head** [1] - 51:6
**heads** [1] - 8:8
**heads-up** [1] - 8:8
**hear** [6] - 17:25, 18:8, 29:10, 43:23, 49:17, 54:25
**heard** [3] - 14:17, 33:18, 35:20
**hearing** [39] - 7:21, 8:2, 8:3, 8:6, 8:11, 8:13, 8:14, 8:23, 11:18, 12:19, 15:5, 15:10, 17:20, 18:11, 18:17, 18:22, 18:23, 19:7, 19:10, 19:11, 19:24, 20:6, 20:13, 20:19, 20:20, 20:21, 21:17, 22:5, 24:1, 24:4, 24:9, 24:15, 30:14, 40:4, 48:21, 60:19, 61:1, 61:5, 63:23
**hearings** [2] - 22:12, 23:12
**HEDGES** [1] - 3:8
**Hedges** [1] - 7:11
**Helsinge** [16] - 6:21, 7:4, 8:23, 9:5, 9:14, 9:18, 9:22, 10:8, 10:20, 11:14, 11:21, 12:16, 13:3, 13:18, 20:10, 23:3
**hereby** [1] - 64:16
**herself** [1] - 36:5
**himself** [2] - 36:5, 54:24
**history** [1] - 56:9
**hold** [3] - 11:19, 33:24, 52:23
**Holland** [2] - 6:25,

59:9
**honor** [1] - 25:4
**Honor** [149] - 5:6, 5:17, 5:20, 6:1, 6:5, 6:10, 6:12, 6:15, 6:19, 6:23, 7:2, 7:5, 7:7, 7:10, 7:13, 9:19, 10:17, 10:22, 10:23, 11:9, 11:12, 12:2, 12:9, 12:25, 13:20, 14:22, 14:25, 15:19, 16:12, 17:10, 17:13, 17:16, 17:23, 17:25, 18:16, 19:5, 20:5, 20:14, 20:17, 24:14, 25:8, 25:18, 25:24, 26:10, 26:17, 27:20, 28:2, 28:5, 28:7, 28:21, 28:24, 29:2, 29:13, 29:14, 29:19, 30:11, 30:17, 30:21, 31:19, 32:6, 32:23, 33:6, 33:8, 33:13, 33:17, 34:4, 34:18, 34:22, 35:8, 35:10, 35:19, 35:23, 36:10, 37:2, 37:12, 37:21, 38:13, 38:22, 39:7, 39:17, 39:22, 40:9, 40:21, 41:11, 41:19, 42:14, 42:20, 42:23, 43:1, 43:3, 43:21, 43:22, 43:24, 43:25, 44:6, 44:14, 45:9, 46:18, 46:24, 47:3, 47:10, 47:16, 47:18, 48:1, 48:25, 49:19, 49:25, 50:15, 51:4, 51:6, 51:15, 51:19, 52:1, 52:6, 52:14, 52:18, 52:20, 52:22, 53:16, 53:24, 54:7, 54:17, 55:1, 56:20, 57:13, 57:21, 58:12, 59:13, 59:25, 60:2, 60:5, 60:8, 60:10, 60:23, 61:2, 61:10, 61:19, 61:24, 62:1, 62:5, 62:21, 63:7, 63:19, 64:4, 64:8, 64:9, 64:10
**Honor's** [2] - 27:11, 53:21
**hook** [1] - 10:21
**hope** [1] - 48:17
**hoped** [1] - 22:11
**hopeful** [1] - 8:4
**hopefully** [5] - 23:2, 36:25, 54:15, 60:4, 60:19

**hour** [1] - 52:11
**hours** [2] - 8:3, 20:4
**Houston** [2] - 3:9, 3:22
**Hubbard** [1] - 7:14
**Hughes** [1] - 7:14
**hundred** [1] - 60:2

## I

**idea** [4] - 18:8, 21:2, 46:16, 50:23
**identification** [1] - 46:2
**identified** [1] - 17:19
**identify** [3] - 17:22, 26:8, 30:18
**immediately** [1] - 40:16
**impediment** [1] - 29:23
**important** [3] - 19:24, 21:16, 44:16
**importantly** [1] - 26:16
**INC** [1] - 3:21
**Inc** [2] - 10:3
**included** [2] - 16:4, 60:11
**includes** [2] - 13:10, 27:16
**including** [3] - 21:22, 31:3, 52:13
**inconsistent** [1] - 58:24
**indeed** [1] - 15:5
**indicate** [2] - 19:18, 37:22
**indicated** [2] - 28:7, 32:13
**indication** [1] - 12:21
**individual** [1] - 50:5
**individuals** [1] - 34:5
**Industries** [1] - 10:3
**inform** [1] - 36:5
**information** [16] - 21:5, 32:18, 39:2, 50:6, 50:8, 50:9, 50:23, 51:11, 51:24, 52:3, 52:5, 52:7, 52:16, 53:19, 57:15, 62:16
**informed** [2] - 32:3, 37:4
**injunction** [23] - 8:2, 8:14, 8:22, 9:11, 10:14, 12:19, 13:11, 15:16, 18:10, 18:17, 19:8, 20:7, 20:19,

20:25, 21:3, 22:3, 22:5, 23:11, 23:13, 23:20, 23:21, 23:23, 24:4
  **inquire** [1] - 59:25
  **inquired** [1] - 59:15
  **insist** [1] - 28:16
  **instance** [1] - 16:11
  **instead** [1] - 52:9
  **instructed** [1] - 17:20
  **instructions** [1] - 46:9
  **insufficient** [1] - 17:22
  **intent** [2] - 44:21, 44:22
  **InterAmerican** [1] - 57:8
  **interesting** [1] - 39:17
  **interfere** [1] - 18:20
  **interjecting** [1] - 13:7
  **interpretation** [2] - 12:11, 12:12
  **interruption** [1] - 29:7
  **investigate** [1] - 37:4
  **investigator** [1] - 42:3
  **invite** [1] - 33:22
  **invocation** [1] - 47:7
  **invoke** [3] - 47:1, 47:6
  **invoking** [1] - 46:21
  **involved** [2] - 16:9, 44:24
  **Israel** [2] - 6:23, 59:9
  **issue** [23] - 8:1, 8:13, 14:25, 15:6, 15:25, 17:10, 19:10, 19:24, 23:13, 26:2, 26:17, 27:8, 30:11, 31:20, 34:19, 36:23, 37:8, 45:20, 55:20, 59:10, 61:11, 62:8, 62:11
  **issues** [24] - 16:18, 16:20, 22:11, 25:23, 26:6, 26:8, 26:13, 26:18, 33:15, 35:25, 36:3, 36:5, 42:11, 43:8, 44:14, 44:15, 44:19, 48:21, 50:16, 52:12, 56:17, 60:20, 62:4, 63:20
  **item** [1] - 8:20
  **itself** [2] - 44:1, 44:3

**J**

  **Jackson** [3] - 5:8, 49:20, 49:22
  **JACKSON** [6] - 49:25, 50:21, 52:22, 53:16, 53:24, 54:17
  **jail** [2] - 26:22, 42:18
  **Jeff** [1] - 7:14
  **Jessica** [4] - 6:7, 10:22, 14:22, 20:15
  **jewels** [1] - 22:19
  **John** [2] - 7:6, 7:8
  **JOHN** [1] - 3:11
  **joined** [1] - 18:6
  **joining** [5] - 8:15, 8:16, 10:23, 14:23, 15:21
  **joins** [1] - 18:5
  **Jorge** [1] - 5:21
  **JORGE** [1] - 3:1
  **Judge** [22] - 9:1, 9:17, 11:18, 11:22, 15:6, 15:12, 15:15, 17:20, 18:23, 18:24, 19:1, 19:3, 19:4, 19:5, 19:9, 20:5, 20:17, 22:6, 25:24, 55:3, 59:12, 61:20
  **July** [2] - 12:22, 24:5
  **June** [11] - 8:9, 12:21, 24:10, 24:11, 24:12, 24:19, 24:24, 25:2, 49:9, 49:11, 63:12
  **jurisdiction** [1] - 28:17

**K**

  **Kaplan** [1] - 6:16
  **KAPLAN** [2] - 3:21, 6:15
  **keep** [5] - 43:17, 44:4, 48:18, 63:25, 64:3
  **keeping** [1] - 24:8
  **KELSO** [1] - 3:20
  **Kelso** [1] - 6:16
  **key** [3] - 19:19, 19:20
  **kind** [2] - 12:18, 37:22
  **Knight** [2] - 6:25, 59:10
  **knocked** [1] - 29:18
  **knowing** [1] - 23:24
  **knowledge** [6] - 18:11, 26:6, 27:7,

36:12, 41:22, 45:1
  **knowledgeable** [1] - 36:24
  **knows** [2] - 33:21, 57:3

**L**

  **lady** [1] - 33:15
  **last** [4] - 8:2, 12:20, 24:22, 43:12
  **late** [1] - 8:4
  **latter** [1] - 9:9
  **law** [17] - 6:7, 28:9, 28:12, 31:13, 31:16, 32:9, 32:10, 32:24, 33:6, 34:12, 36:19, 41:25, 42:9, 42:12, 44:17, 44:20, 57:3
  **laws** [3] - 58:4, 58:7, 61:15
  **lawsuit** [1] - 36:22
  **lead** [1] - 45:4
  **least** [4] - 27:22, 28:7, 31:15, 39:12
  **leave** [10] - 8:10, 8:11, 48:6, 58:21, 60:19, 60:20, 61:4, 61:14, 62:25, 63:13
  **leaves** [1] - 12:16
  **leaving** [2] - 62:11, 62:12
  **Lee** [1] - 7:10
  **LEE** [2] - 3:8, 7:10
  **left** [2] - 19:19, 48:20
  **legal** [1] - 45:25
  **LENNON** [1] - 5:20
  **Lennon** [1] - 5:20
  **LEONARD** [1] - 3:5
  **level** [1] - 53:10
  **Liendo** [2] - 6:22, 7:4
  **life** [1] - 57:1
  **likelihood** [1] - 47:2
  **likely** [1] - 45:4
  **likewise** [1] - 31:10
  **limitations** [2] - 18:3, 19:16
  **limited** [10] - 14:4, 18:1, 19:12, 19:25, 20:3, 20:8, 20:12, 23:18, 24:3, 62:3
  **line** [3] - 11:23, 29:18, 30:9
  **lines** [2] - 9:11, 23:2
  **listed** [3] - 8:19, 10:23, 51:25
  **listen** [3] - 25:9, 41:3
  **Litigation** [1] - 5:2
  **live** [1] - 55:10

**LLC** [8] - 3:14, 5:3, 6:13, 11:10, 17:16, 18:5, 51:11, 51:16
  **LLP** [3] - 3:5, 3:8, 3:21
  **local** [1] - 31:12
  **locate** [1] - 39:25
  **located** [1] - 31:22
  **log** [1] - 63:3
  **look** [5] - 32:10, 52:1, 54:20, 54:21, 61:11
  **looked** [2] - 51:10, 63:13
  **looking** [4] - 43:20, 52:23, 55:24, 60:12
  **looming** [1] - 60:24
  **Louisiana** [1] - 3:22
  **Luis** [3] - 6:9, 6:22, 7:4
  **Lukoil** [4] - 5:2, 5:18, 5:22, 8:16
  **LUKOIL** [1] - 3:1
  **Luna** [2] - 24:24, 25:2
  **Lutz** [15] - 6:21, 7:3, 26:1, 48:21, 54:25, 55:4, 55:25, 56:15, 56:16, 59:7, 59:12, 59:16, 59:21, 60:1, 61:8

**M**

  **MAARRAOUI** [1] - 3:22
  **Maarraoui** [2] - 6:14, 8:17
  **MACDOUGALL** [10] - 3:5, 6:19, 56:20, 56:23, 57:12, 58:12, 58:16, 58:22, 61:24, 62:21
  **MacDougall** [5] - 6:20, 56:21, 58:1, 61:23, 62:17
  **mails** [1] - 50:23
  **Main** [1] - 3:9
  **Maintenance** [4] - 42:10, 43:7, 44:15, 44:20
  **March** [3] - 15:6, 15:25, 16:22
  **Mark** [3] - 6:20, 7:8, 56:20
  **MARK** [2] - 3:5, 3:11
  **Martinez** [2] - 26:20, 42:18, 43:13
  **matter** [13] - 7:25,

8:3, 8:19, 8:21, 9:4, 10:12, 13:17, 21:20, 22:10, 24:12, 24:15, 59:4, 64:18
  **matters** [4] - 22:8, 24:7, 48:24, 64:5
  **MAXIMILIANO** [1] - 3:8
  **Maximiliano** [2] - 7:9, 7:11
  **McLish** [2] - 3:4, 6:20
  **mean** [3] - 22:7, 25:16, 44:20
  **means** [1] - 59:23
  **Medlock** [1] - 5:21
  **meet** [3] - 24:18, 45:5, 60:10
  **Meister** [1] - 46:4
  **members** [1] - 44:22
  **mention** [2] - 42:7, 43:11
  **merits** [1] - 18:2
  **Mexico** [16] - 55:8, 55:10, 56:5, 56:10, 56:19, 56:24, 57:1, 57:3, 57:7, 58:21, 60:3, 61:14, 62:11, 62:12, 62:19
  **Miami** [12] - 3:2, 3:12, 3:19, 3:25, 4:3, 4:4, 5:25, 6:17, 38:2, 38:6, 64:23, 64:23
  **MICHAEL** [1] - 3:20
  **Michael** [2] - 5:20, 6:16
  **Migdal** [1] - 7:8
  **MIGDAL** [1] - 3:11
  **might** [2] - 36:8, 39:19
  **mind** [1] - 50:13
  **minute** [3] - 35:20, 60:18, 63:2
  **misrepresentation** [1] - 52:7
  **miss** [2] - 7:19
  **missed** [2] - 12:23, 25:6
  **misspoke** [1] - 59:11
  **MITCHELL** [1] - 3:4
  **Mitchell** [1] - 6:20
  **moment** [3] - 29:16, 60:21, 61:6
  **Monday** [1] - 48:7
  **month** [1] - 63:8
  **moreover** [1] - 28:7
  **Morillo** [14] - 6:18, 16:1, 26:1, 48:21, 54:25, 55:4, 55:25, 56:5, 56:14, 56:18,

56:21, 58:3, 59:12, 61:12

**MORILLO** [1] - 3:4
**morning** [16] - 5:6, 5:20, 5:24, 6:5, 6:12, 6:15, 6:19, 6:23, 7:7, 7:10, 7:13, 24:11, 63:9, 63:15, 63:18, 63:22
**most** [9] - 24:20, 25:22, 26:2, 26:7, 26:9, 36:24, 41:21, 46:22, 50:6
**motion** [7] - 13:11, 15:16, 15:19, 15:20, 20:25, 21:3, 22:3
**move** [1] - 24:7
**moving** [2] - 13:23, 48:19
**MR** [140] - 5:6, 5:10, 5:11, 5:14, 5:17, 5:20, 5:24, 6:1, 6:5, 6:10, 6:12, 6:15, 6:19, 6:23, 7:2, 7:5, 7:7, 7:10, 7:13, 9:19, 10:17, 11:9, 11:12, 12:2, 12:9, 12:25, 13:7, 13:15, 13:20, 17:13, 17:16, 18:16, 24:13, 25:4, 25:8, 25:11, 25:18, 26:10, 27:16, 27:20, 28:2, 28:21, 28:24, 29:2, 29:10, 29:13, 29:19, 30:3, 30:7, 30:11, 30:17, 30:20, 31:19, 32:6, 32:17, 32:23, 33:12, 33:17, 34:4, 34:17, 34:22, 35:8, 35:19, 35:23, 36:10, 37:2, 37:11, 37:21, 38:5, 38:12, 38:18, 39:7, 39:16, 40:9, 40:21, 41:11, 41:19, 42:20, 42:23, 43:1, 43:3, 43:15, 43:21, 43:24, 44:14, 45:9, 45:13, 45:17, 45:24, 46:18, 46:24, 47:10, 47:16, 47:18, 48:1, 48:6, 48:10, 48:13, 48:25, 49:6, 49:9, 49:13, 49:19, 49:25, 50:21, 51:4, 52:22, 53:16, 53:23, 53:24, 54:17, 55:1, 56:20, 56:23, 57:12, 57:21, 58:12, 58:16, 58:22, 59:9, 59:25, 60:2, 60:5, 60:8, 60:23, 61:10,

61:19, 61:20, 61:24, 62:1, 62:5, 62:21, 63:7, 63:10, 63:19, 64:2, 64:4, 64:8, 64:9, 64:10
**MS** [4] - 10:22, 14:22, 20:14, 20:17
**multitudinous** [1] - 22:12
**music** [2] - 29:7, 29:8
**must** [1] - 31:6
**mutually** [1] - 30:9
**Muñoz** [4] - 27:9, 28:3, 28:20, 32:5

## N

**name** [2] - 7:1, 29:15
**nationality** [1] - 31:9
**nature** [1] - 26:18
**nearby** [2] - 39:24, 58:8
**necessary** [3] - 15:18, 32:6, 37:3
**necessitated** [2] - 16:10
**need** [34] - 8:5, 8:10, 9:7, 9:21, 9:24, 11:16, 15:22, 16:23, 17:9, 18:25, 19:2, 20:13, 21:4, 21:7, 22:24, 23:21, 33:5, 36:21, 37:19, 38:1, 38:3, 38:9, 38:21, 40:25, 41:3, 41:5, 58:10, 59:6, 60:15, 60:21, 61:16, 62:5, 62:6, 63:5
**needs** [3] - 25:16, 37:8, 40:23
**never** [2] - 15:21, 64:7
**New** [6] - 3:6, 28:22, 42:10, 42:12, 44:21, 47:12
**new** [2] - 7:1, 60:12
**newspaper** [1] - 57:2
**next** [4] - 43:9, 56:15, 61:1, 61:5
**Nick** [1] - 7:13
**night** [1] - 8:2
**nobody** [2] - 14:11, 51:10
**none** [2] - 19:21, 52:17
**noon** [1] - 48:20
**North** [2] - 4:3, 64:23
**note** [2] - 18:23, 33:8

**noted** [1] - 33:1
**nothing** [2] - 49:3, 50:19
**notice** [17] - 8:19, 10:24, 14:24, 15:19, 17:18, 41:6, 41:14, 47:13, 47:20, 47:24, 48:15, 49:15, 54:13, 54:15, 54:19, 59:21, 60:12
**notices** [3] - 8:3, 22:12, 64:6
**notwithstanding** [2] - 35:2, 36:16
**number** [8] - 5:3, 8:20, 14:7, 15:8, 42:8, 42:15, 50:3, 52:11
**Number** [1] - 11:3
**numerous** [1] - 31:23
**NW** [2] - 3:6, 3:15

## O

**o'clock** [2] - 24:12, 63:4, 63:23
**object** [4] - 9:6, 9:8, 9:16, 62:1
**objected** [1] - 30:25
**objection** [2] - 10:25, 14:2
**objections** [1] - 30:2
**obligation** [3] - 20:24, 28:15, 35:10
**obligations** [3] - 11:18, 15:4, 21:22
**observed** [1] - 37:13
**obvious** [1] - 43:5
**obviously** [7] - 14:18, 16:13, 19:23, 20:1, 38:13, 41:12, 59:4
**occur** [2] - 21:18, 28:16
**offending** [1] - 61:15
**offer** [1] - 35:2, 57:14
**offered** [3] - 44:2, 57:13, 57:18
**offering** [2] - 30:16, 57:18
**officers** [1] - 31:4
**offices** [1] - 31:9
**Official** [1] - 64:22
**official** [4] - 4:2, 30:23, 32:4
**officials** [3] - 29:5, 29:22, 32:3
**often** [1] - 22:4
**oil** [2] - 15:22, 16:8

**Oil** [2] - 10:3, 51:6
**Olivos** [1] - 6:13
**OLIVOS** [1] - 3:17
**one** [34] - 7:3, 8:20, 17:8, 21:21, 23:1, 26:4, 26:17, 26:21, 28:3, 28:5, 28:25, 34:6, 36:8, 39:9, 39:19, 40:10, 44:3, 45:9, 45:12, 45:13, 45:15, 45:19, 46:7, 51:1, 52:8, 52:10, 53:7, 53:11, 54:17, 54:18, 58:13, 63:4, 63:22
**open** [1] - 30:8
**opinion** [1] - 22:20
**opportunity** [6] - 21:21, 22:15, 23:1, 30:13, 58:16, 62:6
**opposed** [3] - 22:20, 23:23, 45:1
**opposition** [1] - 15:15
**order** [55] - 7:25, 9:2, 9:3, 9:8, 9:9, 9:24, 10:1, 11:6, 11:8, 11:20, 13:16, 14:9, 14:12, 14:13, 14:24, 15:1, 15:7, 15:9, 15:22, 16:2, 16:23, 16:24, 17:3, 18:24, 18:25, 19:2, 19:6, 19:7, 19:22, 20:1, 20:18, 20:21, 21:1, 21:3, 21:7, 21:8, 21:11, 21:12, 21:16, 22:7, 22:18, 22:20, 25:24, 37:5, 43:12, 50:15, 52:14, 54:23, 55:5, 55:13, 55:24, 58:19, 58:25, 62:25
**Order** [1] - 5:1
**ordered** [6] - 18:3, 18:14, 20:6, 55:2, 55:16, 55:19
**orders** [11] - 8:25, 9:6, 9:16, 11:2, 11:22, 12:7, 12:11, 14:4, 15:17, 25:24, 59:12
**ordinary** [5] - 16:13, 16:15, 16:16, 41:23, 41:24
**originally** [1] - 24:16
**otherwise** [3] - 8:12, 14:3, 37:19
**ought** [3] - 18:18, 19:7, 20:7
**outside** [7] - 28:17, 52:12, 52:18, 54:4,

54:8, 62:19
**overlap** [1] - 8:22
**own** [1] - 7:23

## P

**P.A** [1] - 3:24
**p.m** [1] - 64:12
**pace** [1] - 7:23
**Paez** [1] - 7:16
**page** [3] - 52:23, 53:23, 53:25
**pages** [1] - 9:12
**Pan** [2] - 5:3, 5:18
**PAN** [1] - 3:1
**Panama** [1] - 58:8
**paper** [1] - 25:13
**papers** [3] - 15:15, 25:13, 27:13
**part** [4] - 33:10, 57:6, 60:10, 61:13
**participate** [2] - 28:11, 31:16
**participation** [1] - 51:13
**particular** [3] - 11:4, 17:9, 48:3
**particularly** [3] - 13:8, 15:20, 46:12
**parties** [17] - 7:19, 15:8, 20:6, 21:15, 21:21, 22:15, 22:21, 23:1, 23:12, 23:14, 23:16, 23:20, 24:8, 28:22, 41:14, 49:4
**parties'** [1] - 17:1
**partner** [2] - 6:6, 49:19
**partners** [1] - 5:7
**past** [1] - 28:8
**PATRICIA** [2] - 4:2, 64:21
**Paul** [9] - 6:6, 10:11, 10:22, 14:23, 25:5, 26:11, 30:20, 31:15, 32:21
**PDVSA** [16] - 5:2, 27:1, 27:9, 27:16, 28:6, 28:13, 35:5, 35:16, 37:3, 37:15, 38:8, 40:7, 41:7, 41:15, 47:14, 55:23
**PDVSA's** [3] - 27:14, 27:24, 37:5
**PDVSA-appointed** [1] - 27:1
**Pedrosa** [7] - 27:25, 28:3, 28:20, 32:5, 32:8, 47:12, 48:16

**penalties** [1] - 31:12
**pending** [1] - 24:17
**people** [26] - 9:15,
13:4, 19:1, 22:3,
22:23, 22:24, 23:3,
32:11, 34:11, 36:19,
44:21, 44:25, 48:16,
51:8, 52:4, 53:5,
53:11, 53:14, 55:7,
55:14, 55:15, 55:22,
62:9, 63:17
  **percent** [1] - 60:2
  **perhaps** [3] - 38:6,
46:10, 58:18
  **period** [4] - 21:23,
23:8, 23:17, 23:25
  **permission** [1] -
49:21
  **permit** [1] - 34:19
  **permitted** [1] - 31:10
  **person** [8] - 27:7,
35:25, 36:13, 38:10,
38:11, 38:25, 45:1,
51:7
  **personal** [11] -
34:20, 34:23, 57:13,
59:4, 59:5, 61:12,
62:4, 62:8, 62:10,
62:14, 62:20
  **personally** [1] - 48:3
  **pertains** [1] - 11:3
  **Peru** [1] - 39:15
  **phone** [1] - 49:20
  **picked** [3] - 55:6,
55:7
  **piece** [1] - 25:13
  **pile** [1] - 64:6
  **pin** [1] - 48:17
  **pinned** [2] - 27:19,
47:22
  **place** [14] - 21:2,
21:18, 28:20, 28:21,
34:19, 40:13, 41:7,
41:8, 41:16, 48:4,
48:23, 58:5, 58:7
  **places** [1] - 39:20
  **placing** [1] - 22:9
  **plaintiff** [27] - 5:5,
5:9, 5:11, 5:16, 9:6,
11:1, 13:11, 13:24,
14:1, 14:10, 16:7,
16:10, 17:4, 17:11,
18:1, 21:15, 21:22,
24:13, 24:23, 25:7,
25:23, 35:10, 36:21,
37:15, 51:21, 52:15,
55:24
  **plaintiff's** [9] - 8:19,
9:13, 11:15, 15:16,
20:24, 27:4, 30:14,

52:12, 59:14
  **plaintiffs** [28] -
11:24, 12:3, 12:10,
12:12, 12:17, 13:2,
15:24, 16:2, 16:12,
16:16, 17:21, 18:8,
21:7, 22:21, 23:18,
25:8, 25:19, 25:21,
26:14, 28:4, 28:6,
29:13, 35:9, 43:12,
51:22, 52:9, 58:1,
58:2
  **plan** [3] - 21:24,
21:25, 61:17
  **Podhurst** [1] - 6:7
  **point** [8] - 9:5, 17:23,
26:9, 33:13, 34:18,
48:17, 55:17, 58:13
  **pointed** [1] - 19:21
  **points** [3] - 10:24,
17:14, 17:17
  **political** [2] - 34:21,
34:22
  **Porter** [1] - 7:11
  **PORTER** [1] - 3:8
  **position** [8] - 9:13,
18:15, 23:4, 30:23,
36:12, 36:23, 39:11,
46:24
  **possibility** [1] -
57:11
  **possible** [2] - 37:7,
39:19
  **possibly** [1] - 39:16
  **potential** [3] - 18:10,
45:16, 46:21
  **potentially** [2] -
11:16, 52:4
  **Poveda** [2] - 7:9,
7:11
  **POVEDA** [1] - 3:8
  **power** [2] - 26:21,
55:13
  **practical** [1] - 38:4
  **precisely** [1] - 53:16
  **prefatory** [1] - 54:9
  **prefer** [3] - 39:20,
40:11, 40:14
  **preliminary** [21] -
8:1, 8:14, 8:22, 10:14,
12:19, 13:11, 15:16,
18:10, 18:17, 19:8,
20:6, 20:18, 20:25,
21:3, 22:3, 22:5,
23:11, 23:13, 23:19,
23:23, 24:3
  **preparation** [4] - 8:1,
8:14, 12:18, 19:11
  **prepare** [7] - 20:13,
50:18, 50:19, 51:15,

52:24, 53:14, 54:10
  **prepared** [8] - 11:5,
20:7, 21:17, 23:14,
24:2, 32:19, 40:10,
41:6
  **preparing** [1] - 50:13
  **present** [1] - 54:24
  **presented** [2] -
23:13, 62:11
  **preservation** [29] -
9:3, 9:9, 9:24, 11:3,
11:6, 14:4, 14:8,
14:12, 14:13, 14:21,
15:7, 15:9, 15:14,
15:17, 15:22, 16:4,
16:18, 16:23, 16:24,
18:24, 18:25, 19:2,
19:22, 20:1, 20:21,
21:1, 21:22, 22:17
  **preserve** [1] - 21:23
  **press** [1] - 53:3
  **pressing** [6] - 24:21,
25:23, 26:2, 26:7,
26:9, 27:8
  **presume** [1] - 13:18
  **pretty** [3] - 7:22,
14:13, 63:13
  **principal** [8] - 42:13,
42:14, 43:18, 44:12,
44:17, 45:22, 46:16,
51:13
  **principally** [1] -
44:23
  **private** [4] - 13:5,
31:3, 31:10, 62:16
  **privately** [1] - 10:10
  **privilege** [7] - 46:5,
46:9, 46:22, 46:25,
47:8, 54:1, 63:3
  **privileges** [1] - 47:7
  **problem** [6] - 30:19,
31:21, 32:3, 35:1,
35:22, 35:23
  **problems** [2] - 49:23,
51:20
  **Procedure** [6] -
11:18, 12:4, 14:18,
14:21, 17:20, 23:5
  **proceed** [3] - 23:22,
36:11, 46:12, 46:15
  **Proceedings** [1] -
64:12
  **proceedings** [1] -
64:17
  **proceeds** [1] - 21:20
  **Procurador** [5] -
31:20, 32:5, 32:18,
34:1, 34:6
  **produce** [13] - 32:8,
32:14, 32:17, 34:9,

34:12, 35:9, 35:12,
36:21, 37:19, 43:13,
44:2, 49:5, 50:15
  **produced** [6] - 26:5,
42:21, 43:6, 43:16,
51:6, 61:1
  **producing** [1] - 33:5
  **product** [3] - 46:6,
46:10, 46:22
  **production** [1] -
37:25
  **productive** [2] -
19:14, 46:12
  **progress** [1] - 27:23
  **prohibited** [1] - 22:8
  **promised** [1] - 59:16
  **promising** [1] -
36:16
  **proper** [1] - 12:11
  **properly** [2] - 23:22,
50:18
  **proposal** [2] - 19:18,
19:19
  **propose** [1] - 41:1
  **proposed** [2] - 14:8,
14:12
  **prospect** [1] - 57:14
  **protection** [2] -
17:11, 23:21
  **protective** [2] -
14:24, 15:1
  **provide** [2] - 33:25,
57:16
  **provides** [2] - 38:13,
57:4
  **provisions** [1] -
30:25
  **pulled** [1] - 8:25
  **purported** [2] - 42:5,
48:22
  **purpose** [1] - 18:1
  **pursuant** [2] - 7:25,
31:6
  **pursue** [3] - 16:8,
17:11, 36:10
  **pursued** [1] - 17:6
  **put** [6] - 13:6, 21:6,
32:19, 36:17, 59:5,
61:4
  **putting** [1] - 18:8

─────
**Q**
─────

  **qualification** [1] -
54:1
  **quash** [1] - 15:20
  **questions** [19] -
16:17, 25:20, 25:21,
25:22, 44:11, 44:22,

46:13, 50:3, 52:2,
52:3, 52:10, 52:11,
54:8, 54:9, 54:11,
57:16, 57:17, 57:22,
57:24
  **Queveda** [1] - 26:23
  **quick** [1] - 60:9
  **quickly** [1] - 58:17
  **Quinn** [1] - 16:6
  **QUINN** [1] - 3:15
  **quite** [2] - 16:15,
22:4
  **quote** [2] - 30:23,
51:22
  **quoting** [1] - 30:25

─────
**R**
─────

  **raise** [1] - 16:20
  **raised** [2] - 15:25,
44:16
  **Randall** [2] - 5:8,
49:20
  **rather** [1] - 63:22
  **reach** [4] - 22:15,
23:16, 41:10, 56:11
  **reached** [3] - 10:2,
13:14, 16:5
  **read** [4] - 13:3,
17:25, 22:17, 32:1
  **reading** [4] - 9:12,
14:6, 30:22, 57:4
  **reads** [1] - 57:2
  **ready** [1] - 24:9
  **real** [1] - 51:20
  **really** [6] - 15:24,
16:7, 16:22, 41:3,
46:17, 47:22
  **reason** [7] - 11:15,
17:5, 17:22, 28:12,
34:20, 34:21, 43:11
  **reasonably** [1] -
38:21
  **reasons** [3] - 18:5,
19:18, 44:4
  **received** [2] - 10:10,
22:13
  **recognize** [1] - 41:23
  **recognized** [1] -
15:13
  **record** [6] - 10:7,
10:12, 13:6, 13:17,
18:11, 59:10
  **recovery** [1] - 42:2
  **REED** [1] - 3:18
  **referred** [2] - 9:2,
22:8
  **regard** [4] - 8:25,
22:14, 54:11, 55:21

**regarding** [5] - 18:13, 31:1, 43:19, 51:11, 54:3
**regardless** [1] - 31:9
**regards** [1] - 24:21
**regulations** [1] - 56:3
**relate** [2] - 42:9, 43:7
**related** [3] - 18:14, 51:24, 52:2
**relating** [3] - 10:25, 11:2, 14:21
**relevant** [4] - 21:23, 50:6, 53:19, 54:11
**remaining** [1] - 24:18
**remedies** [1] - 15:17
**remedy** [3] - 16:25, 17:7, 49:23
**remember** [2] - 34:13, 44:8
**remind** [1] - 37:13
**repeatedly** [2] - 50:7, 50:22
**replacement** [3] - 27:3, 27:5, 27:6
**REPORTED** [1] - 4:1
**REPORTER** [2] - 29:14, 60:6
**Reporter** [2] - 4:2, 64:22
**reporter** [2] - 42:24, 63:10
**reports** [2] - 60:14, 60:16
**representation** [4] - 10:8, 10:10, 10:14, 10:20
**representations** [1] - 16:19
**representative** [19] - 27:15, 27:17, 27:24, 28:13, 35:16, 37:3, 38:7, 39:25, 40:7, 40:20, 41:16, 41:21, 43:8, 44:10, 44:12, 45:8, 45:25, 55:21, 55:23
**representatives** [1] - 50:3
**represented** [5] - 15:8, 15:10, 15:13, 19:1, 51:10
**representing** [1] - 10:13
**request** [11] - 10:4, 11:15, 11:23, 15:1, 16:1, 16:24, 25:6, 31:6, 44:3, 59:19
**requesting** [2] - 50:14, 52:14

**requests** [1] - 27:8
**require** [8] - 15:17, 23:6, 54:23, 58:3, 58:5, 62:13, 62:14, 62:17
**required** [5] - 15:3, 21:1, 21:14, 50:12, 51:2
**requires** [1] - 19:22
**reside** [1] - 55:10
**residing** [1] - 56:23
**resolve** [1] - 63:6
**resolved** [2] - 24:16, 27:25
**resources** [1] - 17:2
**respect** [7] - 15:20, 16:1, 33:5, 44:18, 46:8, 49:3, 51:23
**respectfully** [6] - 20:23, 21:14, 22:1, 40:22, 52:14, 54:7
**respond** [4] - 20:14, 46:18, 52:22, 62:7
**response** [1] - 17:21
**responsive** [1] - 50:25
**restraining** [2] - 9:1, 16:2
**result** [1] - 42:11
**return** [2] - 8:12, 49:9
**reviewing** [1] - 52:8
**reviews** [1] - 51:19
**revisit** [1] - 60:18
**Reynaldo** [1] - 28:20
**rights** [1] - 42:6
**risk** [2] - 59:4, 59:5
**risks** [2] - 35:4, 58:23
**Rivero** [1] - 7:17
**road** [1] - 46:11
**role** [2] - 42:24, 45:24
**roll** [1] - 5:4
**Rosado** [3] - 5:23, 10:11, 13:10
**Rosenthal** [1] - 6:7
**route** [1] - 47:5
**RPR** [2] - 4:2, 64:21
**rule** [1] - 20:21
**Rule** [3] - 27:14, 27:24, 54:22
**Rules** [9] - 11:17, 12:4, 14:18, 14:20, 15:2, 15:4, 17:19, 19:3, 23:5
**rules** [2] - 28:9, 36:4
**ruling** [1] - 23:15
**Ryan** [2] - 7:6, 7:8
**RYAN** [1] - 3:11

# S

**saddle** [1] - 25:15
**safely** [1] - 61:14
**safety** [6] - 61:12, 61:23, 62:4, 62:8, 62:10, 62:14
**Sanchez** [2] - 6:24, 7:1
**sanctioned** [1] - 52:15
**satisfied** [1] - 61:13
**satisfy** [1] - 32:21
**Saturday** [4] - 48:13, 48:14, 49:6, 49:10
**saw** [1] - 12:20
**scenario** [1] - 23:22
**scene** [1] - 42:3
**Schachter** [2] - 6:17
**SCHACHTER** [2] - 3:23, 3:24
**schedule** [3] - 24:24, 60:12, 60:22
**scheduled** [4] - 18:12, 24:4, 24:9, 25:25
**scheduler** [1] - 63:11
**schedules** [1] - 61:7
**scheduling** [4] - 12:20, 12:21, 59:22, 60:17
**Schiller** [11] - 41:21, 41:25, 43:18, 45:23, 45:24, 46:3, 46:16, 47:3, 47:24, 48:2, 49:12
**scope** [1] - 52:18
**seal** [3] - 58:18, 59:2, 61:21
**second** [6] - 10:6, 11:19, 17:23, 26:2, 33:24, 63:14
**seconds** [1] - 60:24
**security** [1] - 59:4
**see** [15] - 8:6, 13:24, 16:17, 17:1, 22:4, 22:15, 33:5, 40:16, 41:13, 51:20, 52:2, 52:8, 61:7, 62:25, 63:14
**seek** [7] - 10:14, 11:24, 14:2, 17:11, 18:2, 21:25, 26:15
**seeking** [5] - 12:3, 14:3, 19:18, 23:19, 58:19
**seem** [4] - 22:18, 22:23, 24:8, 49:17
**selected** [2] - 47:19,

58:2
**sense** [4] - 19:12, 23:9, 44:2, 51:12
**sent** [1] - 30:21
**Sergio** [1] - 6:8
**seriously** [1] - 23:17
**set** [8] - 7:25, 8:3, 8:13, 15:1, 15:18, 18:18, 24:12, 24:16
**sets** [1] - 25:20
**shared** [1] - 42:2
**Sharon** [2] - 24:24, 25:2
**SHAW** [1] - 5:11
**Shaw** [2] - 5:11, 5:12
**shoes** [2] - 22:17, 36:18
**short** [1] - 57:6
**show** [2] - 52:15, 55:17
**showed** [1] - 51:17
**showing** [5] - 15:18, 17:4, 21:10, 21:13, 23:23
**shown** [1] - 55:8
**shred** [1] - 17:8
**sign** [2] - 14:8, 14:11
**signed** [2] - 42:5, 43:4
**significant** [1] - 60:25
**similar** [2] - 10:10, 14:13
**simple** [1] - 12:8
**simply** [4] - 19:13, 26:6, 36:11, 55:7
**single** [1] - 17:22
**sits** [1] - 39:6
**sitting** [1] - 34:10
**situation** [5] - 8:24, 10:18, 38:1, 42:12, 57:13
**SMITH** [3] - 3:18, 5:10, 5:14
**Smith** [3] - 5:10, 5:14, 5:15
**so-called** [1] - 13:9
**solution** [2] - 38:3, 57:17, 59:6
**solve** [1] - 34:25
**someone** [2] - 27:10, 35:9, 35:12
**sometime** [2] - 12:21, 24:5
**sometimes** [3] - 7:23, 23:6, 38:3
**somewhere** [3] - 57:9, 58:8, 62:22
**sorry** [6] - 25:9, 35:12, 42:23, 60:6,

60:7, 60:8
**sort** [5] - 17:2, 18:9, 23:16, 49:3, 62:16
**sought** [4] - 13:24, 26:20, 26:23, 26:25
**sounds** [2] - 29:8, 34:2
**source** [1] - 31:25
**speaking** [5] - 14:24, 25:2, 29:16, 36:6, 53:18
**specific** [3] - 44:25, 52:2, 52:10
**specifically** [2] - 47:13, 47:19
**spelled** [1] - 7:2
**spoken** [4] - 41:12, 45:15, 50:22, 53:13
**square** [1] - 61:8
**St** [1] - 3:22
**Stacey** [1] - 6:20
**STACY** [1] - 3:4
**standard** [2] - 45:3, 45:5
**standby** [1] - 37:8
**standing** [16] - 18:14, 18:20, 22:10, 24:9, 24:21, 26:17, 26:18, 34:19, 42:16, 50:6, 50:16, 51:12, 52:12, 52:19, 54:4, 54:11
**standpoints** [1] - 26:7
**start** [2] - 18:18, 63:16
**started** [1] - 59:18
**starting** [3] - 8:4, 46:11, 63:21
**State** [1] - 30:23
**state** [7] - 31:14, 31:25, 33:1, 33:7, 33:19, 53:17, 57:5
**statement** [1] - 32:1
**States** [20] - 4:3, 31:11, 32:12, 33:16, 34:6, 34:11, 34:17, 35:16, 38:7, 39:10, 40:1, 40:12, 40:19, 55:9, 55:14, 55:15, 56:8, 56:25, 58:10, 64:22
**states** [3] - 30:25, 36:15, 53:22
**stating** [1] - 41:15
**stay** [1] - 18:19
**staying** [1] - 56:5
**STENOGRAPHICA LLY** [1] - 4:1
**step** [1] - 41:1

**Stephen** [2] - 6:7,
7:10
**STEPHEN** [1] - 3:8
**steps** [2] - 50:4, 50:9
**Steve** [3] - 5:17, 5:21
**stickler** [1] - 7:22
**still** [6] - 25:1, 25:23,
25:25, 27:5, 32:22,
42:22
**stipulate** [2] - 9:23,
12:13
**stipulated** [2] -
11:15, 55:5
**stipulation** [1] -
11:25
**stop** [2] - 8:6, 55:17
**story** [3] - 29:1, 59:7,
59:8
**straight** [2] - 12:6,
12:15
**strategy** [1] - 53:5
**Strauss** [1] - 6:20
**STRAUSS** [1] - 3:5
**Street** [3] - 3:9, 3:12,
3:15
**strict** [1] - 39:11
**stuck** [1] - 25:13
**subject** [8] - 9:10,
10:4, 11:17, 31:12,
46:5, 46:25, 54:8,
56:2
**submission** [7] -
8:15, 8:21, 13:4,
13:25, 21:5, 61:13,
62:2
**submit** [9] - 17:5,
18:4, 22:1, 27:13,
32:7, 54:4, 54:17,
59:1, 61:25
**submits** [1] - 57:15
**submitted** [3] - 13:3,
14:9, 14:24
**submitting** [1] -
32:25
**substantial** [1] -
18:13
**sufficient** [2] - 19:18,
62:12
**suggestion** [2] -
39:17, 40:9
**suit** [1] - 56:25
**Suite** [5] - 3:2, 3:12,
3:18, 3:22, 3:24
**suite** [1] - 53:9
**SULLIVAN** [1] - 3:15
**Sunday** [1] - 63:7
**support** [2] - 15:22,
21:3
**supporting** [1] - 10:1
**surface** [1] - 50:11

**Susman** [1] - 6:16
**SUSMAN** [1] - 3:21
**sustained** [2] -
16:14, 17:6
**SW** [1] - 3:12
**SWERDLOFF** [1] -
7:13
**Swerdloff** [1] - 7:14
**system** [1] - 31:8

# T

**table** [3] - 41:9,
42:19, 61:5
**teed** [1] - 24:3
**telephone** [3] - 36:8,
49:13, 57:10
**telephonic** [1] -
56:17
**temporary** [2] - 9:1,
16:2
**terms** [5] - 13:18,
25:19, 32:10, 35:24,
50:12
**testified** [1] - 51:16
**testify** [4] - 40:2,
43:18, 46:3, 46:4
**Texas** [4] - 3:9, 3:22,
58:8, 62:9
**THE** [132] - 3:4, 3:8,
3:11, 3:14, 3:20, 5:2,
5:12, 5:15, 5:18, 5:23,
6:3, 6:8, 6:11, 6:14,
6:18, 6:21, 7:1, 7:3,
7:6, 7:9, 7:12, 7:16,
10:6, 10:18, 11:5,
11:11, 11:19, 12:6,
12:14, 13:3, 13:13,
13:17, 13:21, 17:15,
18:7, 20:16, 22:2,
24:15, 25:7, 25:9,
25:12, 27:14, 27:18,
27:22, 28:19, 28:25,
29:8, 29:11, 29:14,
29:17, 29:25, 30:13,
30:18, 31:17, 32:4,
32:14, 32:21, 33:10,
33:14, 33:23, 34:8,
34:20, 34:24, 35:12,
35:21, 36:4, 36:14,
37:7, 37:17, 37:24,
38:9, 38:16, 39:4,
39:14, 40:3, 41:3,
41:14, 42:17, 42:22,
42:24, 43:2, 43:11,
43:16, 43:23, 44:8,
45:6, 45:12, 45:15,
45:19, 46:19, 47:5,
47:11, 47:17, 47:20,

48:5, 48:8, 48:11,
48:15, 49:7, 49:10,
49:15, 49:22, 50:17,
51:3, 52:21, 52:23,
54:12, 54:19, 55:19,
56:22, 57:6, 57:19,
57:25, 58:15, 58:20,
59:1, 59:21, 60:4,
60:6, 60:7, 60:17,
61:3, 61:11, 61:22,
62:3, 62:10, 62:22,
63:8, 63:12, 63:24,
64:3, 64:5
**themselves** [10] -
8:15, 17:24, 56:6,
56:12, 57:10, 58:6,
58:9, 58:11, 59:5,
62:13
**theory** [1] - 56:6
**therefore** [2] - 17:9,
42:12
**Thereupon** [1] - 29:7
**third** [3] - 41:20,
43:17, 45:19
**thirds** [1] - 42:2
**thorough** [1] - 23:15
**three** [6] - 13:9,
13:12, 14:7, 28:25,
40:11, 55:7
**Thrones** [1] - 29:9
**thunders** [1] - 42:2
**Thursday** [1] - 24:19
**timeliness** [1] - 7:22
**today** [2] - 19:15,
59:2
**Todd** [1] - 42:5
**together** [2] - 28:12,
59:12
**Tom** [1] - 6:20
**TOMAS** [1] - 3:4
**tomorrow** [1] - 59:19
**took** [6] - 7:21, 26:3,
36:23, 48:23, 49:20,
56:1
**topic** [2] - 52:9,
53:20
**topics** [4] - 16:15,
50:25, 51:25, 54:20
**totally** [1] - 25:10
**track** [1] - 34:3
**traders** [2] - 11:16,
18:6
**trading** [3] - 15:22,
16:8, 26:11
**TRADING** [1] - 3:14
**Trading** [15] - 6:13,
11:10, 17:16, 17:18,
18:5, 39:8, 39:12,
40:22, 51:6, 51:11,
51:16, 51:21, 52:13,

52:17, 60:14
**TRAFIGURA** [1] -
3:14
**Trafigura** [33] - 6:11,
6:13, 8:16, 11:10,
12:11, 17:16, 17:18,
18:5, 26:3, 39:8,
39:12, 40:22, 48:22,
48:24, 49:17, 49:18,
50:7, 50:12, 50:15,
50:24, 51:5, 51:11,
51:16, 51:21, 51:23,
52:4, 52:10, 52:13,
52:17, 53:9, 54:19,
56:1, 60:14
**Trafigura's** [1] - 50:2
**transcript** [5] -
51:20, 52:1, 52:9,
54:14, 54:21
**transcription** [1] -
64:17
**transpired** [1] - 56:9
**travel** [12] - 34:14,
34:17, 37:1, 38:2,
38:5, 39:12, 41:2,
58:9, 60:4, 62:18,
62:19
**traveling** [2] - 33:15,
62:9
**tried** [1] - 20:9
**TRO** [1] - 9:9
**true** [1] - 58:22
**Trust** [2] - 5:2, 54:4
**trust** [28] - 22:9,
26:18, 26:19, 37:15,
41:22, 41:25, 42:1,
42:9, 42:15, 43:4,
43:19, 44:1, 44:2,
44:11, 44:13, 44:18,
44:24, 45:7, 45:22,
47:3, 47:4, 51:12,
51:14, 52:19, 55:22
**trustee** [5] - 27:1,
27:3, 27:5, 27:6, 46:1
**trustees** [3] - 42:1,
46:2, 47:4
**try** [9] - 8:7, 8:11,
23:2, 23:25, 37:12,
39:21, 39:23, 49:24
**trying** [6] - 11:20,
25:23, 25:25, 26:13,
33:10, 38:22
**turns** [1] - 26:22
**twice** [1] - 55:2
**two** [26] - 8:3, 10:15,
13:9, 17:14, 17:17,
18:4, 20:4, 24:16,
25:20, 25:24, 26:6,
27:25, 28:1, 28:25,
31:1, 34:4, 38:24,

40:13, 40:19, 41:17,
41:18, 42:1, 43:3,
51:20, 61:17

# U

**U.S** [6] - 5:2, 31:9,
34:14, 34:15, 37:1,
51:6
**unacceptable** [1] -
58:24
**under** [11] - 28:9,
28:14, 36:4, 41:25,
43:9, 44:14, 44:20,
58:4, 58:18, 59:2,
61:21
**undertaken** [1] -
31:6
**unfair** [1] - 49:3
**united** [2] - 4:3, 39:5
**United** [18] - 31:10,
32:12, 33:16, 34:6,
34:17, 35:16, 38:7,
39:10, 40:1, 40:12,
40:19, 55:9, 55:14,
55:15, 56:8, 56:25,
58:10, 64:22
**unlawful** [2] - 28:9,
32:13
**unless** [1] - 56:8
**unwilling** [1] - 39:9
**up** [14] - 8:8, 23:23,
27:5, 29:9, 37:8,
38:10, 42:17, 45:7,
55:8, 55:17, 59:6,
59:19, 61:16, 63:18
**update** [1] - 25:16
**URQUHART** [1] -
3:15
**useful** [1] - 13:6
**usual** [1] - 5:4

# V

**various** [1] - 50:25
**Vega** [3] - 6:4, 6:9,
8:17
**Venezuela** [32] -
28:8, 28:9, 28:10,
28:18, 29:4, 29:6,
29:21, 29:22, 30:15,
30:25, 31:6, 31:8,
31:9, 31:12, 31:22,
32:5, 32:10, 32:11,
34:1, 34:3, 34:11,
36:19, 36:25, 38:2,
38:6, 39:6, 39:18,
39:23, 52:13, 54:10,
57:2

**Venezuelan** [11] - 31:7, 31:13, 31:16, 31:18, 32:1, 32:9, 32:24, 33:4, 33:19, 33:21, 34:12

**verify** [1] - 13:1

**versus** [1] - 5:2

**via** [1] - 35:1

**video** [12] - 29:3, 29:5, 29:21, 31:21, 32:11, 32:12, 34:10, 35:1, 39:6, 39:23, 57:10, 59:18

**videoconferencing** [1] - 30:15

**view** [4] - 22:25, 39:5, 39:8, 44:16

**violate** [3] - 34:11, 58:4, 58:7

**violated** [1] - 20:1

**violates** [4] - 28:12, 31:16, 42:9, 42:11

**violation** [3] - 50:12, 50:14, 51:2

**Vitol** [2] - 6:14, 8:17

**VITOL** [2] - 3:21, 3:21

**voidable** [1] - 42:10

**Voluntary** [1] - 30:24

**voluntary** [2] - 31:2, 31:11

**volunteer** [1] - 43:18

**W**

**wait** [1] - 7:24

**waiting** [1] - 43:17

**wants** [2] - 14:11, 38:14

**Washington** [2] - 3:6, 3:16

**waste** [2] - 46:7, 51:17

**ways** [1] - 42:12

**week** [7] - 24:10, 30:7, 30:8, 30:10, 30:15, 40:17, 48:4

**weeks** [4] - 26:14, 38:24, 40:14, 40:19

**Weiss** [8] - 6:6, 10:23, 14:23, 25:5, 26:11, 30:20, 31:15, 32:21

**west** [1] - 63:17

**WILLIAM** [1] - 3:14

**willing** [23] - 10:19, 11:21, 11:24, 11:25, 12:1, 14:16, 14:17, 28:11, 31:2, 31:5,

31:8, 31:11, 31:15, 32:14, 33:25, 34:9, 34:12, 35:17, 38:1, 39:12, 40:23, 40:24, 41:1

**Willing** [1] - 30:24

**Winnick** [1] - 33:12

**wishes** [1] - 32:7

**withdrawing** [1] - 13:11

**withdrew** [1] - 44:3

**witness** [11] - 26:4, 26:5, 34:10, 40:1, 40:13, 44:2, 45:18, 50:13, 50:16, 51:15

**witnesses** [6] - 16:17, 31:2, 31:5, 31:8, 31:12, 49:5

**Witnesses** [1] - 30:24

**wits** [1] - 41:4

**word** [3] - 10:21, 19:19, 19:20

**words** [2] - 18:9, 19:20

**work-product** [1] - 46:22

**works** [2] - 24:11, 24:13

**writing** [3] - 9:15, 58:17, 59:2

**written** [4] - 57:16, 57:17, 57:22, 57:23

**wrote** [1] - 59:14

**Y**

**yesterday** [5] - 26:16, 27:4, 28:4, 59:14

**York** [5] - 28:22, 42:10, 42:12, 44:21, 47:12

**yourself** [1] - 30:18

**Z**

**Zack** [1] - 5:17