UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES/OTAZO-REYES

PDVSA US LITIGATION TRUST,

    Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

    Defendants.
_____/

## FIFTH DISCOVERY ORDER

THIS CAUSE came before the Court for Telephonic Hearing held on May 29, 2018. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 220]. Prior to the Telephonic Hearing, the undersigned indicated that the following items would be addressed:

1. Issues related to document production by Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, John Ryan, and Luis Alvarez's (collectively "Defendants") regarding Plaintiff PDVSA US Litigation Trust's ("Plaintiff") standing, as set forth in Item 4 of Plaintiff's Notice of Issues to be Addressed During the May 23, 2018 Telephonic Hearing (hereafter, "Plaintiff's Notice") [D.E. 386 at 4-5];

2. Issues related to Plaintiff's privilege log, withholding of documents, and document production, as set forth in Items I(A-H) of Defendants' Notice of Issues to be Addressed

During May 23, 2018 Telephonic Hearing (hereafter, "Defendants' Notice") [D.E. 388 at 2-9];

3. Whether Plaintiff should submit to a Rule 30(b)(6) deposition regarding the privilege log, as set forth in Item II(A) of Defendants' Notice [D.E. 388 at 9];

4. The timing of privilege dispute resolutions, as set forth in Item II(B) of Defendants' Notice [D.E. 388 at 9]; and

5. Whether the Court should adjust the schedule to accommodate privilege disputes and the full list of depositions, as set forth in Item II(F) of Defendants' Notice [D.E. 388 at 13].

6. Plaintiff's demand that Defendant Trafigura Trading, LLC's ("Trafigura") corporate representative appear for supplemental deposition, as set forth in Item 3 of Plaintiff's Notice [D.E. 386 at 3-4].

7. The depositions of Defendants Francisco Morillo ("Morillo") and Leonardo Baquero ("Baquero") on the issue of Plaintiff's standing.

See Fourth Discovery Order [D.E. 390 at 3-4]; Supplement to Fourth Discovery Order [D.E. 399]. In accordance with the undersigned's rulings at the Telephonic Hearing, it is

ORDERED AND ADJUDGED as follows:

➢ As to Item No. 4 of Plaintiff's Notice [D.E. 386 at 4-5], that issue was resolved by Defendants' joint statement at the Telephonic Hearing that they are not withholding as privileged any communications concerning Plaintiff with members of the Venezuelan National Assembly.

➢ As to Item Nos. I(A) and I(F) of Defendants' Notice [D.E. 388 at 2-3, 6-7], **within 24 hours of the Telephonic Hearing**, Plaintiff shall review the documents listed in its privilege log and produce any documents that relate

2

solely to Plaintiff's financial arrangements with Carlos Spinelli, William Duker, John Brennan, Algamex and The Brennan Group.

- As to Item Nos. I(B) and I(C) of Defendants' Notice [D.E. 388 at 4-5], by **Monday, June 4, 2018**, Plaintiff shall supplement its privilege log with an explanation of the nature of its common interest privilege claims and the participants in the asserted common interest.

- As to Item No. I(D) of Defendants' Notice [D.E. 388 at 5], by **Monday, June 4, 2018**, Plaintiff shall review its privilege log and produce any documents that relate only to communications about money during the negotiation of the financial terms of the Trust Agreement.

- As to Item No. I(E) of Defendants' Notice [D.E. 388 at 6], that issue was resolved by Defendants' acceptance of Plaintiff's representation that there are no responsive documents for the period of August 9, 2017 to March 3, 2018.

- As to Item No. I(G) of Defendants' Notice [D.E. 388 at 7-8], the parties shall submit a Joint Proposed Confidentiality Order. Pending that submission, Plaintiff's designations of documents as "Confidential" and "Attorneys' Eyes Only" shall remain in place. Thereafter, Defendants may contest Plaintiff's designations in accordance with the procedure established in the Joint Proposed Confidentiality Order.

- As to Item No. I(H) of Defendants' Notice [D.E. 388 at 8-9], Defendants may inquire at PDVSA's corporate representative deposition whether all documents in PDVSA's possession have been produced in response to Defendants' Request for Production.

> As to Item No. II(A) of Defendants' Notice [D.E. 388 at 9], which contemplates the potential for Plaintiff to submit to a Rule 30(b)(6) deposition regarding its privilege log, the undersigned reserves ruling pending further conferral between the parties regarding the privilege log.

> As to Item Nos. II(B) and II(F) of Defendants' Notice [D.E. 388 at 9, 13], the parties may submit a Proposed Second Supplemental and Amended Scheduling Order for the undersigned's consideration.

> As to Item No. 3 of Plaintiff's Notice [D.E. 386 at 3-4], the undersigned finds that no further deposition of Trafigura's corporate representative is necessary. However, by **Tuesday, June 5, 2018**, Plaintiff shall submit to Trafigura any additional questions to which Plaintiff seeks answers from Trafigura's corporate representative. The parties shall then meet and confer as to an agreed method for obtaining the answers to these questions.

> With regard to the pending fact depositions on the issue of Plaintiff's standing, those depositions must be completed by **June 11, 2018**.

> As to the depositions of Morillo and Baquero on the issue of Plaintiff's standing, the undersigned will address that matter in a separate sealed order.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of May, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Counsel of Record