## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>      Plaintiff,<br><br>  vs.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>      Defendants. | **Case No. 1:18-cv-20818-DPG** |

## DEFENDANT TRAFIGURA TRADING, LLC'S MOTION FOR CLARIFICATION REGARDING PRESERVATION ORDER

**I.     PRELIMINARY STATEMENT**

Defendant Trafigura Trading, LLC ("Trafigura") respectfully moves the Court to clarify the scope of the temporary preservation order [ECF No. 95] (the "Order"). Although the Court has repeatedly urged Plaintiff PDVSA US Litigation Trust ("Plaintiff") to meet and confer with Trafigura regarding a reasonable document preservation protocol, Plaintiff has taken the position in those meetings that Trafigura must preserve every single document in its possession, custody, or control relating to PDVSA and the other topics in the Order, regardless of the reasonableness and proportionality of such a demand. Trafigura, however, is a company with tens of thousands of current and ex-employees worldwide with literally millions of documents that mention PDVSA and other entities named in this case, yet are wholly irrelevant to the allegations. Trafigura's understanding from the Court's statements is that the temporary preservation order does not impose additional burdens beyond those required of any litigant by the Federal Rules of Civil Procedure. Accordingly, Trafigura has repeatedly proposed a search term protocol to Plaintiff tailored to the Amended Complaint's allegations that has been just as repeatedly rejected for no discernible reason other than an overly expansive interpretation of the Order.

Given Trafigura's size—one of the largest Defendants in this case—this is a not insubstantial issue for the company, and is all the more exasperating because Plaintiff's original motion for a temporary restraining order included no evidence regarding Trafigura. Accordingly, clarifying the scope of the preservation order will go far toward helping the parties determine whether they can reach an amicable resolution. If Trafigura is correct that the Court entered an order confirming that it must abide by the Federal Rules' typical document preservation requirements, that should end the dispute now. If, however, the Court believes there is some extra preservation requirement Trafigura must meet, then understanding what that requirement is

will help frame the parties' continuing discussions.

Given the length of this dispute, that it has been briefed multiple times already, and that the request on this motion is simply one of clarification of the Court's previous Order, Trafigura does not believe more briefing is necessary at this time.

**MEMORANDUM OF LAW**

**II.     BACKGROUND**

At the very beginning of this case, Plaintiff filed a motion for a temporary restraining order against the Morillo Group Defendants, based solely on evidence relating to those defendants and no others. [ECF No. 5]  The Proposed Order Plaintiff included with its motion referenced only the Morillo Group Defendants and did not mention Trafigura (or any other defendant).  [ECF No. 5-1]  At the March 14 hearing on Plaintiff's request for a temporary restraining order, the evidence Plaintiff's counsel cited for the supposed need for a preservation order again focused exclusively on the Morillo Group Defendants.  *See* Mar. 14, 2018 Hr'g Tr. at 9-10, 27-29.  Nevertheless, Plaintiff expanded its request for a preliminary injunction against all defendants at that hearing without explaining what evidence supported that request, why it needed protections more fulsome than the default Federal Rules of Civil Procedure, and despite that  the only "ones where we thought there was the most immediate threat [of preservation issues] were the Morillo-grouped defendants." *Id.* at 10:23-13:1.

The Court subsequently entered a preservation order against all Defendants, including Trafigura, on March 16, 2018.  [ECF No. 95]  However, at the April 4, 2018 hearing, the Court clarified that "the relief that I granted is essentially what the parties would have to do anyway, right, retain records, not spoliate evidence. I mean, there is nothing special here. … Obviously, now that the defendants all have attorneys, I mean, it alleviates the concern that I have and

3

presumably that the plaintiff might have as well, considering you're officers of the court and you all know what obligations you have." *See* Apr. 4, 2018 Hr'g Tr. at 12:1-4, 20:2-6.

Following the April 4 hearing, Trafigura spent several weeks attempting to negotiate with Plaintiff in good faith by making numerous proposals using search terms that it derived from the Amended Complaint. As part of these conversations, Trafigura explained on multiple occasions that utilizing ultra-broad search terms (*e.g.*, "Petróleos de Venezuela," "PDVSA," "glencore", "vitol," "colonial," "lukoil," etc.) was unduly burdensome, because the sheer number of such hits was enormous (*i.e.*, in the millions) simply due to day-to-day business reasons having nothing to do with this lawsuit.

Despite these problems and the unreasonableness of preserving literally every document relating to PDVSA or the other Defendants, Plaintiff informed Trafigura on May 2, 2018 that it would not agree to *any* "key word approach." Trafigura therefore filed a notice with the Court on May 7, 2018, relating Plaintiff's refusal to negotiate and noting that "pending any additional instructions from the Court, Trafigura intends to proceed with a document preservation protocol in accordance with the Federal Rules and to otherwise apply its regular-course-of-business document retention policy." [ECF No. 361] In response, Plaintiff disputed Trafigura's interpretation of the Court's Order and subsequent clarification, and argued that the preservation order requires the preservation of *all* potentially relevant documents, regardless of proportionality or reasonableness of search methodology. [ECF No. 372]

### III. ARGUMENT

The parties' continuing dispute comes down to a simple issue: In issuing the preservation order, did the Court mean to impose any additional obligations beyond the Federal Rules' requirements that litigants preserve documents located via a reasonable and proportional search?

4

If not, then Trafigura understands that its search term proposal—tailored as it is to the Amended Complaint—satisfies its preservation and search obligations, and it will proceed accordingly. If, however, the Court meant to impose any additional obligations with the preservation order, then that is valuable information, because it will allow Trafigura to assess whether its search proposal complies with the full scope of the Court's preservation order.

The scope of the Court's Order has enormous implications on Trafigura's approach to preservation. The ESI archives in Trafigura's files include over 27,000 current and ex-employees. As Trafigura has explained to Plaintiff multiple times, an extraordinarily small subset of those employees are even potentially relevant here, yet documents in their files may mention PDVSA or multiple other entities named in this lawsuit for a variety of business reasons wholly unrelated to Plaintiff's allegations. Accordingly, Trafigura has proposed what would, in any ordinary situation, constitute a reasonable and proportional search. Plaintiff, however, refuses to engage with that proposal in any meaningful fashion. By clarifying Trafigura's obligations, the Court will help cut the proverbial knot here and potentially allow the parties to resolve this dispute before the upcoming preliminary injunction hearing.

## IV. CONCLUSION

For all the foregoing reasons, Trafigura respectfully requests that the Court confirm that the preservation order does not impose any additional obligations beyond the Federal Rules' requirements that litigants preserve documents located via a reasonable and proportional search.

Dated: June 5, 2018

                                      Respectfully submitted,

By: */s/ Edward M. Mullins*
       Edward Mullins, Esq.
       Florida Bar No. 863920
       Email: emullins@reedsmith.com
       **REED SMITH LLP**
       1001 Brickell Bay Drive, Suite 900
       Miami, FL 33131
       Telephone: (786) 747-0200
       Facsimile: (786) 747-0299

       William A. Burck, Esq.
       *Admitted Pro Hac Vice*
       Email: williamburck@quinnemanuel.com
       Ethan Glass, Esq.
       *Admitted Pro Hac Vice*
       Email: ethanglass@quinnemanuel.com
       Adam B. Wolfson, Esq.
       *Admitted Pro Hac Vice*
       Email: adamwolfson@quinnemanuel.com
       **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
       1300 I Street NW, Suite 900
       Washington, DC 20005
       Telephone: (202) 538-8000
       Facsimile: (202) 538-8100

       *Attorneys for Defendant TRAFIGURA TRADING, LLC*

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*/s/ Edward M. Mullins*
Edward M. Mullins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Clarification of Temporary Restraining Order was filed and served by CM/ECF, on June 5, 2018, on all counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins