1          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF FLORIDA
2                MIAMI DIVISION

3
PDVSA U.S. LITIGATION TRUST,)
4                           )
         Plaintiff,         )        Case Number
5                           )
              v.            )     1:18-cv-20818-DPG
6                           )
LUKOIL PAN AMERICAS LLC,    )
7  et al.,                  )
                            )
8        Defendants.        )
   _____ )
9

10

11

12      Transcript of a telephonic discovery hearing

13    before Chief Magistrate Judge Andrea M. Simonton

14            June 7, 2018; 8:36 a.m.

15                Miami, Florida

16

17

18

19  (Appearances on page two)

20

21      Proceedings recorded by mechanical stenography,
   transcript produced by computer.
22  _____

23          Diane Peede, RMR, CRR, CRC
           Federal Official Court Reporter
24      400 North Miami Avenue, Eighth Floor
               Miami, Florida  33128
25

```
 1    Appearances:

 2    For the Plaintiff: BOIES SCHILLER FLEXNER LLP
                         BY:  GEORGE CARPINELLO, ESQ.
 3                            HELEN BROCKMAN, ESQ.
                         30 South Pearl Street, 11th Floor
 4                       Albany, New York 12207
        - and -
 5                       BOIES SCHILLER FLEXNER, LLP
                         BY:  RANDALL JACKSON, ESQ.
 6                       575 Lexington Avenue, 7th Floor
                         New York, New York  10022
 7      - and -
                         BOIES SCHILLER FLEXNER, LLP
 8                       BY:  STEVEN W. DAVIS
                         100 SE 2nd Street, Suite 2800
 9                       Miami, Florida  33131
        - and -
10                       BRAD SMITH, ESQ.
                         MARILYN KUNSTLER, ESQ.
11

12    For the Defendant
         Lukoil Pan
13       Americas LLC:    GUNSTER
                         BY:  JORGE D. GUTTMAN, ESQ.
14                       600 Brickell Avenue, Suite 3500
                         Miami, Florida  33131
15      - and -
                         MAYER BROWN LLP
16                       BY:  ADAM L. HUDES, ESQ.
                         1999 K Street NW
17                       Washington, D.C.  20006

18
      For the Defendant
19       Colonial Oil,
         Colonial Group,
20       and Paul Rosado: CARLTON FIELDS JORDEN BURT, P.A.
                         BY:  CLIFTON R. GRUHN, ESQ.
21                       100 SE Second Street, Suite 4200
                         Miami, Florida  33131
22      - and -
                         HUNTER, MACLEAN, EXLEY & DUNN, P.C.
23                       BY:  DAVID M. BURKOFF, ESQ.

24

25
```

```
1    Appearances (continued):

2    For the Defendants
       Glencore, Gabaldon
3      de la Vega, and
       Alvarez:          PAUL, WEISS, RIFKIND, WHARTON & GARRISON
4                        BY:  BRUCE BIRENBOIM, ESQ.
                              JESSICA S. CAREY, ESQ.
5                             ADAM B. SCHWARTZ, ESQ.
                         1285 Avenue of the Americas
6                        New York, New York  10019
     - and -
7                        PODHURST ORSECK, P.A.
                         BY:  ROBERT C. JOSEFSBERG, ESQ.
8                        SunTrust International Center
                         One SE Third Avenue, Suite 2700
9                        Miami, Florida  33131

10

11   For the Defendant
       Trafigura:        QUINN EMANUEL URQUHART & SULLIVAN, LLP
12                       BY:  ETHAN GLASS, ESQ.
                         1300 I Street NW, Suite 900
13                       Washington, D.C.  20005
     - and -
14                       REED SMITH LLP
                         BY:  CHRISTINA OLIVOS, ESQ.
15                       1001 Brickell Bay Drive, Suite 900
                         Miami, Florida  33131

16

17   For the Defendants
       Vitol, and
18     Maarraoui:        GELBER SCHACHTER & GREENBERG, P.A.
19                       BY:  GERALD E. GREENBERG, ESQ.
                         1221 Brickell Avenue, Suite 2010
20                       Miami, Florida  33131
     - and -
21                       SUSMAN GODFREY, LLP
                         BY:  MICHAEL KELSO, ESQ.
22                       1000 Louisiana, Suite 5100
                         Houston, Texas  77002

23

24

25
```

```
 1    Appearances (continued):

 2

 3    For the Defendant
         Morillo and
 4       Baquero:            AKIN GUMP STRAUSS HAUER & FELD, LLP
                             BY:   THOMAS P. McLISH, ESQ.
 5                                 STACEY H. MITCHELL, ESQ.
                             133 New Hampshire Avenue NW, Suite 400
 6                           Washington, D.C.  20036

 7    For the Defendants
         Lutz, Liendo,
 8       Helsinge:           HOLLAND & KNIGHT LLP
                             BY:  BRIAN A. BRIZ, ESQ.
 9                                DAYME SANCHEZ, ESQ.
                             701 Brickell Avenue, Suite 3000
10                           Miami, Florida  33131

11

12    For the Defendant
         John Ryan:         MARK MIGDAL & HAYDEN
                             BY:  DONALD J. HAYDEN, ESQ.
13                           80 SW 8th Street, Suite 2185
                             Miami, Florida  33130
14

15    For the Defendant
         Maximiliano
16       Poveda:            PORTER HEDGES LLP
                             BY:  STEPHEN H. LEE, ESQ.
17                           1000 Main Street, Suite 36th Floor
                             Houston, Texas  77002
18

19

20    For the Defendant
         BAC Florida
21       Bank:              HUGHES HUBARD AND REED
                             BY:  JEFFREY B. GOLDBERG, ESQ.
22                           201 South Biscayne Boulevard, 25th Floor
                             Miami, Florida 33131

23

24

25
```

PROCEEDINGS

(Call to the order of the Court.)

THE COURT:  Good morning.  Calling case number 18-20818-civil-Judge Gayles, PDVSA U.S. Litigation Trust versus Lukoil Pan Americas LLC, et al.

This is Chief Magistrate Judge Andrea Simonton presiding at the request of Judge Otazo-Reyes.

I'd like to begin by having counsel note your appearances for the record, and the way that I want to do this is I will call the party and counsel will announce your presence, if there is anybody here on behalf of that party.

I have a very limited amount of time for this case. I'm on criminal duty.  I have search warrants coming at 9:00. So we need to proceed expeditiously.

Beginning with the Plaintiff, PDVSA U.S. Litigation Trust, who is present?

MR. CARPINELLO:  George Carpinello of Boies Schiller and Flexner, Your Honor.

THE COURT:  Thank you.

MS. BROCKMAN:  Helen Brockman, Boies Schiller Flexner.

THE COURT:  I'm sorry.  I don't have you listed on the schedule.  Was it -- did it used to be Helen Maher?

MS. BROCKMAN:  No.  There was a Helen Maher, but she's not on this call.

```
 1              THE COURT:  Okay.

 2              MS. BROCKMAN:  Helen Brockman, B-r-o-c-k-m-a-n.

 3              THE COURT:  Okay.

 4              Anybody else for plaintiff?

 5              MR. DAVIS:  Steve Davis, Your Honor.

 6              THE COURT:  Thank you.

 7              MR. JACKSON:  Randall Jackson, Your Honor.

 8              THE COURT:  Okay.  Thank you.

 9              A SPEAKER:  (Unintelligible), Your Honor.

10              THE COURT:  I'm sorry.  Who is that?

11              MR. JACKSON:  I'm sorry, Your Honor.  Randall

12   Jackson on behalf of plaintiffs, Your Honor.

13              THE COURT:  Okay.  I have Randall Jackson.

14              Who was after Randall Jackson?

15              MR. SMITH:  Brad Smith, Your Honor.

16              THE COURT:  Okay.  Are you counsel of record?

17              (No response.)

18              THE COURT:  Well, whatever.  You're not on the list

19   that I have.  But Brad Smith.  Okay.

20              And who else?

21              MS. KUNSTLER:  Your Honor, Marilyn Kunstler,

22   K-u-n-s-t-l-e-r.  I am not listed as counsel of record,

23   but also for the plaintiffs.

24              THE COURT:  Okay.

25              Anybody else for the plaintiffs?
```

```
 1              (No response.)

 2              THE COURT:  Thank you.

 3              Okay.  Defendant Lukoil?

 4              MR. GUTTMAN:  Good morning, Your Honor.  Jorge

 5  Guttman, G-u-t-t-m-a-n, from Gunster on behalf of Lukoil.

 6              THE COURT:  Anybody else?

 7              MR. HUDES:  Yes, Your Honor.  This is Adam Hudes,

 8  H-u-d-e-s, with Mayer Brown on behalf of Lukoil.

 9              THE COURT:  Thank you.

10              Anybody else on behalf of Lukoil?

11              (No response.)

12              A SPEAKER:  That should be it.

13              THE COURT:  Okay.

14              Defendants Colonial Oil, Colonial Group, and Paul

15  Rosado?

16              MR. BURKOFF:  Good morning, Your Honor.  It's Dave

17  Burkoff of Hunter Maclean.  And Cliff Gruhn at Carlton Fields

18  is also on the line.

19              THE COURT:  Okay.

20              Anybody else?

21              MR. BURKOFF:  That should be it.

22              THE COURT:  Okay.  Thank you.

23              Defendants Glencore?

24              MR. BIREMBOIM:  Good morning, Your Honor.  Bruce

25  Birenboim, Jessica Carey and Adam Schwartz from Paul Weiss.
```

```
1          THE COURT:  Anybody else?

2          (No response.)

3          THE COURT:  Okay.  Thank you.

4          Defendant Trafigura?

5          MR. GLASS:  Good morning, Your Honor.  Ethan Glass

6   and Christina Olivos for Trafigura Trading LLC.

7          THE COURT:  Okay.  Thank you.

8          Defendants Vitol Energy, Vitol, Inc., and Antonio

9   Maarraoui?

10         MR. KELSO:  Good morning, Your Honor.  Michael

11  Kelso with Susman Godfrey.  And also Jerry Greenberg with

12  Gelber Schachter and Greenberg for Vitol, Inc., Vitol Energy

13  Limited, and Antonio Maarraoui.

14         THE COURT:  Thank you.

15         Francisco Morillo and Leonardo Baquero?

16         MR. McLISH:  Tom McLish and Stacey Mitchell from

17  Akin Gump.  Your Honor, good morning.

18         THE COURT:  Okay.  Thank you.

19         On behalf of Defendants Daniel Lutz, Luis Liendo,

20  Helsinge, Inc., Helsinge Limited, Saint-Helier, and Helsinge

21  Holdings, LLC?

22         MR. BRIZ:  Good morning, Your Honor.  Brian Briz

23  from Holland and Knight.  Also with me is Dayme Sanchez.

24         THE COURT:  Thank you.

25         And on behalf of Defendant John Ryan?
```

1        MR. HAYDEN:  Good morning, Your Honor.  Donald

2   Hayden on behalf of John Ryan.

3        THE COURT:  Okay.  Was that Donald Hayden?

4        MR. HAYDEN:  That's correct, Your Honor.

5        THE COURT:  Okay.  You're a little bit muffled and

6   the court reporter had some trouble hearing you.  So whatever

7   it is you're doing, you might want to try to -- if you're on

8   a speaker phone, you might want to take it off if you're

9   going to be speaking at the hearing.

10        On behalf of Defendant Maximiliano Poveda?

11        MR. LEE:  Good morning, Your Honor.  Stephen Lee at

12   Porter Hedges.

13        THE COURT:  Thank you.

14        On behalf of BAC Florida Bank?

15        MR. GOLDBERG:  Good morning, Your Honor.  This is

16   Jeff Goldberg from Hughes Hubbard and Reed.

17        THE COURT:  Thank you.

18        And on behalf of Defendant Campo Elias Paez?

19        (No response.)

20        THE COURT:  Is anybody present?

21        (No response.)

22        THE COURT:  Okay.  On behalf of -- is there anybody

23   else who is present on this call?

24        MR. JOSEFSBERG:  Yes, Your Honor.

25        THE COURT:  Yes.  And who is that?

1        MR. JOSEFSBERG:  Your Honor, Bob Josefsberg on

2   behalf of Glencore, along with the Paul Weiss lawyers.

3        THE COURT:  Okay.  And are you going to be speaking

4   at this hearing?

5        MR. JOSEFSBERG:  No.

6        THE COURT:  Okay.

7        I will advise the parties that I typically recuse

8   myself from all cases where the Podhurst firm is involved

9   based upon a representation many years ago, I would say in

10  excess probably of ten years ago, by that firm.  And so if

11  there is -- but I don't see that this particular discovery

12  dispute, which is a discrete issue that that firm is not

13  going to be arguing, has any basis on that.  And, in fact,

14  I've been debating recently whether to continue that practice

15  of recusal or not.  But I will call that to the parties'

16  attention and you can take whatever action you deem

17  appropriate on that basis.

18        So I just point that out in case somebody raises it

19  later on.  But as I said, that was many, many years ago.  And

20  so I just call that to the parties' attention.

21        Quite frankly, I didn't realize the Podhurst firm

22  was involved in this case, since there are so many attorneys

23  who are involved, until I just saw the list of attorneys.

24        So what I'd like to do is I'd like to proceed -- I

25  have been briefed on the case by the law clerk assigned to

1  this case, who is Judge Otazo-Reyes' law clerk.  And what I

2  will tell you is Judge Otazo-Reyes wants these depositions to

3  go forward, she has conveyed that from Ireland, and she does

4  not want any delays in this matter.

5          My view of privilege issues, generally speaking, is

6  that privilege needs to be decided on a question-by-question

7  basis where a response -- an interrogatory-by-interrogatory

8  basis.  And so where there are privileges -- and she has

9  confirmed that that is her view as well.

10          And so with respect to those issues, if the

11  objection is based on privilege, unless you can convince me

12  that there is no conceivable question that could be asked

13  that relates to this matter that is not privileged, the

14  deposition needs to go forward and you can raise any claims

15  of privilege on a question-by-question basis.

16          I'm also concerned about the fact that apparently

17  PDVSA is not going to appear in Madrid, according to the

18  response that I received.  So I would like to take that issue

19  up at the outset.  And so I don't know who is the best person

20  to address that.

21          And the only thing that I will say is that whenever

22  you speak, you need to make sure you state your name before

23  you say anything, and that way the court reporter and I will

24  know who is talking.  It's very difficult to recognize voices

25  on a telephonic hearing unless, for example, it was my

1  husband, which, trust me, is not involved in this case.

2          So I guess the plaintiff would be the best person

3  to address that.  Is that correct that PDVSA is not going to

4  appear in Madrid?

5          MR. CARPINELLO:  George Carpinello, Your Honor.

6  Good morning.

7          THE COURT:  Good morning.

8          MR. CARPINELLO:  It is correct.  We were advised

9  very late in the evening two days ago that the President of

10 the Republic had directed Ms. Cabeza not to attend the

11 deposition.

12         We were -- we had made plans to attend.  We had

13 made travel plans, as I'm sure many of the defendants did.

14 We had reserved the location and hotels, and we were

15 surprised by that development.

16         We have -- we obviously do not control PDVSA.  And

17 given the political situation in Venezuela, it's difficult

18 for us to predict how the republic will respond on any issue.

19 But we are trying -- we are working with the republic and

20 making an attempt to get that remedied and to arrange the

21 deposition and are considering alternatives, including

22 another 30(b)(6) representative.

23         We have offered -- consistently offered to do a

24 deposition by video from Venezuela.  The defendants contend

25 that's illegal.  We have assurances from the procurator

1  general of Venezuela that it is not.  And that offer still

2  stands.

3      We think the videotape deposition, frankly, would

4  resolve the problem, because Ms. Cabeza is ready, willing,

5  and able to testify; but we -- as I say, we were given this

6  order late, I believe it was, Tuesday night, and we

7  immediately, within minutes, notified the defendants as soon

8  as we learned of that fact.

9      I understand that the parties are discussing a

10 hearing on standing on August 2nd or 3rd, that the Judge has

11 cleared her calendar for that.  And we're confident that

12 probably not by the 11th, but at some point certainly well

13 before that date we will work out an arrangement to get a

14 30(b)(6) deposition of PDVSA well in time before the briefing

15 is due.

16      And we apologize to the Court for this development.

17 We were taken as much by surprise as the Court was.

18      So we're working on that.  We're trying to get

19 either that decision overruled or to make alternative

20 arrangements.  And as we notified the defendants, as soon as

21 we know, we will advise the defendants as to alternative

22 means to get the PDVSA deposition.

23      THE COURT:  Okay.

24      What is the defendants' response?  What relief do

25 you want?

1        And you'll need to announce your appearance and

2    which defendant you represent.

3        Hopefully, the parties have designated somebody to

4    address these issues on behalf of all of the defendants.  If

5    not, this will be a hearing that lasts all day and occurs in

6    20-minute increments.

7        So let me hear from the defendants.

8        MR. BIRENBOIM:  Your Honor, this is Bruce Birenboim

9    from Paul Weiss on behalf of the Glencore entities.  And we

10   have organized ourselves so I can address the issue.

11       We appreciate counsel's courtesy in advising us

12   that this deposition was canceled at the last minute.

13       We have spoken amongst ourselves.  The smaller

14   issue is the defendants have incurred significant costs

15   preparing for this deposition and arranging to go to Spain.

16   So we're considering whether we will seek costs as a result

17   of the last-minute cancellation.

18       The much broader point, which we're not asking Your

19   Honor to rule on today, is that, first, a deposition in

20   Venezuela by videotape is not permitted under the Hague

21   Convention in the form that Venezuela signed it.  So the

22   defendants are not prepared to violate Venezuelan law and the

23   Hague Convention by going forward with the videotape.

24       THE COURT:  Okay.  I don't want to interrupt you,

25   but it will be useful for me in reviewing this is if you just

1    first tell me the relief that you're seeking from me at

2    today's hearing, because if you're not seeking relief from me

3    at today's hearing but you want to set this on a discovery

4    calendar in front of Judge Otazo-Reyes, then I don't need to

5    deal with it.  But like I say, I have limited time today.  I

6    agreed to handle emergency matters for her while she was out

7    of the country, and this came to me in that framework because

8    she wants these depositions to go forward, because the rest

9    of the briefing schedule is dependent upon that.  So --

10            MR. BIRENBOIM:  We totally understand, Your Honor.

11   We're not -- the defendants are not seeking any relief from

12   Your Honor today in this connection.

13            THE COURT:  Okay.

14            So in that regard, I will leave it to the parties

15   to bring this to Judge Otazo-Reyes' attention in the form of

16   a discovery notice in accordance with her procedures.  You

17   know, a sentence buried at the end of a response isn't

18   exactly the way in which things would come up.

19            I mean, as it stands, she has an order that the

20   deposition will go forward.  The plaintiff, as a matter of

21   courtesy, has said they're not showing up.  And so I think

22   it's ripe for somebody to bring it to -- you know, to seek

23   some sort of relief.

24            But let me just move on to the issues that you are

25   seeking to have me resolve in this case.  And so since it is

1    the plaintiff's notice of hearing, I'll let, you know, PDVSA

2    raise the issues they want resolved.

3            And I don't know who's going to be speaking, if

4    that's you, Mr. Carpinello.

5            MR. CARPINELLO:  Yes, Your Honor.  Thank you.

6            On behalf of the Trust, we felt it important to

7    file the notice to put both the Court and the defendants on

8    notice.

9            One, the privilege issues we will raise and we will

10   raise them in the deposition.  We think the case law is very

11   clear that most of the questions being asked are privileged

12   under Florida law and the law of many other states; and the

13   scope issue, because the Judge made it clear that these

14   depositions were to be strictly limited to the scope of

15   standing.

16           We got here -- I understand Your Honor is new to

17   this whole case, but we got here because in response to the

18   motion for a preliminary injunction, certain defendants

19   argued that the Trust Agreement violated Venezuelan law and

20   violated certain formalities of New York trust law.

21           The involvement of the funder and the

22   communications the funder has are, respectfully, beside the

23   point and not relevant to the issue of standing.

24           Defendants have now raised in various conferences

25   this argument of champerty.  Two responses to that.  Under

1   Florida law, it's very clear they have no standing to raise

2   champerty.  They're not a party to the Trust Agreement.  But,

3   more importantly, if the involvement of the funder raises a

4   champerty issue, they have those facts.  They know the

5   involvement of Algamex.  They know the conditions and the

6   terms of Algamex's involvement.

7          The case law is very clear, and we cited Florida

8   law directly on point, that communications by the funder with

9   the plaintiff either discussing the case or the terms of the

10   funding are clearly work product privilege and, in any event,

11   could not in any way relate to the issue of standing.

12          The standing, the Trust is not going to -- the

13   briefing on the standing of the Trust is not going to involve

14   communications that Algamex may have had with either the

15   Trust or PDVSA officials about the merits of the case or even

16   the terms of the funder's involvement.

17          So following the magistrate judge's directive that

18   the scope be strictly limited to standing, most of the

19   requests are well beyond the scope of the deposition, and

20   we're seeking to limit the deposition strictly to the

21   standing issues.

22          THE COURT:  Okay.

23          Let me hear from the defendants.

24          MR. McLISH:  Your Honor, this is Tom McLish from

25   Akin Gump on behalf of Defendants Francisco Morillo and

1  Leonardo Baquero.

2         I want to be very respectful of Your Honor's time.

3  So I'll try to be brief.

4         I think that the short answer is that, as you

5  stated at the outset, the best practice here would be to

6  allow the deposition to go forward, allow objections to be

7  made in the normal course; and if there are any issues that

8  come out of it that need to be resolved, the Court can

9  resolve them then.

10        That's exactly what happened with the deposition of

11 David Boies, who's the lead attorney for the plaintiff in

12 this case.   The defendant took his deposition a couple of

13 weeks ago.   There was no advance rulings as to the scope of

14 that deposition or privilege issues.

15        The deposition went forward without much of a

16 hitch.   There were a handful of objections on privilege, but

17 counsel for defendants was very respectful of privilege and

18 respectful of the scope of the deposition being limited to

19 standing.   And we expect that to happen tomorrow as well in

20 the Algamex deposition.

21        There's obviously a difference of opinion between

22 plaintiff and defendants as to what the standing issues are

23 and what the true scope of that is, but we do not expect

24 that -- if the deposition goes forward on the topics we have

25 identified, that there is going to be a tremendous amount of

1   dispute about whether the questions we're asking go to the

2   standing issues.

3        The validity of the Trust and the validity of the

4   purpose of the Trust are obvious standing issues here that

5   are going to be the subject of the briefing on whether the

6   Trust has standing.

7        Algamex, who is the deponent tomorrow, is mentioned

8   directly in the Trust Agreement as an entity that may, not

9   shall, but may fund this litigation.  It's referenced in the

10  engagement letter between PDVSA and the Boies Schiller firm

11  as a party that will -- shall receive a portion of the

12  proceeds of this litigation.

13       And Algamex -- it's not clear at all that Algamex's

14  role here is limited to that of a funder.  It is one of a

15  number of people and entities that were involved in the

16  creation of the Trust and whose interlocking relationships

17  and agreements among themselves go directly to whether the

18  Trust is a valid Trust under New York and Venezuelan law and

19  whether its purpose is a legal one under New York law,

20  Venezuelan law and U.S. law, given the existence of sanctions

21  by the United States against Venezuela and restrictions on

22  the types of transactions that can be done by U.S. persons

23  for the benefit of Venezuela and its entities such as PDVSA.

24       So, Your Honor, we think the deposition should go

25  forward.  We don't think it made sense at all for the Court

1   to try to summarily rule on these topics in advance.  We

2   think that if there are any issues that come out of the

3   deposition that need to be resolved by Judge Otazo-Reyes when

4   she returns, those issues can be identified and brought to

5   her attention and resolved that way.  Thank you.

6          THE COURT:  Thank you.  Okay.

7          I'll hear a response from the plaintiff.

8          MR. CARPINELLO:  Your Honor, we don't object to the

9   deposition going forward.  We never did.

10          THE COURT:  Okay.  And you're Mr. Carpinello again,

11   correct?

12          MR. CARPINELLO:  I'm sorry, Your Honor.  Yes,

13   George Carpinello.

14          THE COURT:  Okay.

15          MR. CARPINELLO:  We obviously did not ask that the

16   deposition not go forward.  We agreed to have the deposition.

17   And we thought it was important to -- as I said before, to

18   put the Court and the parties on notice that we think most of

19   the topics are clearly beyond the scope of standing.

20          I did not hear counsel articulate a reason why

21   communications that the funder has or actual disbursements by

22   the funder are relevant to standing.

23          If he's asking whether the role of the funder is

24   limited to funding, that's certainly a legitimate question he

25   can ask.  But beyond that, beyond the nature of the role of

1    Algamex, we think questions about other business of Algamex,

2    other cases that it may or may not have funded, its

3    organization and all those questions are clearly beyond the

4    scope of the standing issue.

5                THE COURT:  Okay.

6                Well, let me tell you my views and then I'll let

7    the parties respond to my views on this.

8                In general, I disfavor rulings on the scope of a

9    deposition and what questions are permitted and not permitted

10   in advance of a deposition, particularly when the deposition

11   is occurring in this district.  I engage in a little more

12   discretion in terms of my practice with respect to

13   depositions that occur in other parts of this country; and I

14   try very hard to resolve matters if they involve

15   international depositions, just based on the nature of

16   things.

17               So -- and the reason for that is that many times

18   there are areas that it's just not clear whether it will be

19   within the scope or not within the scope.

20               In this particular case, the answers that Algamex

21   gives to certain questions may have a bearing on whether

22   there needs to be further inquiry.

23               The whole issue regarding the standing of the Trust

24   depends on how the Trust was formed, who is part of the

25   Trust.  It seems to me the financial arrangements are

1    certainly a part of that, and the formation of the Trust

2    Agreement is certainly fair game.

3         And those folks who are -- who participated in the

4    creation of the Trust in one way, shape or form need to have

5    their depositions taken.  And then, you know, if Algamex is

6    merely a funder hoping to get a return on its investor, they

7    can clearly state that and the defendants may not feel the

8    need to go further.

9         However, depending on what the nature of that

10   funding is and the return on their investment, they may have

11   standing or -- excuse me -- they may be a critical part of

12   the standing inquiry.

13        And it seems to me that all of the topics -- I can

14   foresee circumstances in which all of the topics that are

15   listed in the deposition may be relevant to the issue of

16   standing.  There may be areas where they are not relevant to

17   the issue of standing.

18        But I will tell you this.  The plaintiff chose to

19   bring the litigation.  I noted that with respect to certain

20   matters, you have said, well, it may be relevant to merits,

21   but we're not there yet.

22        Well, I think that very frequently issues related

23   to standing are intertwined with issues related to the

24   merits.  And although, for good reason, in the interest of

25   efficiency, this initial wave of discovery has been limited

to the issue of standing, I think that the plaintiffs are not in a good position to object on the grounds that it invades into the merits, because the Court is not required to limit discovery to the issue of standing.  It could have allowed full merits discovery for the defendants and just limited the plaintiff's discovery to the issue of standing since it's the defendants who would be availing themselves of that defense.

I understand that didn't happen in this case.  I'm just saying it is a scenario.

And so I think the plaintiff treads on dangerous territory when you are saying, well, this relates to the merits but not standing in a situation where the two arguably bleed into each other.

If the plaintiff chooses to object as beyond the scope of discovery, you do so at your peril and with the risk that you will be required to pay for the cost of any subsequent expedited deposition that might occur in that regard.

But it seems to me that the deposition needs to go forward.  When I looked at the notice, it seemed to me that depending on whether -- on what Algamex's role actually is with respect to the trust and what they are claiming, you know, I have not -- that this is relevant.

I have not done extensive -- I have not done any research, quite frankly, on the particular issue of standing

1    in this particular case.  I've only looked at briefly what

2    has been filed, how the issue arose.  But it would seem to me

3    that the trust only has standing to the extent that it has

4    either received an assignment of benefits from the members of

5    the -- from the persons who are actually harmed by the

6    alleged activity or that the persons who are harmed by the

7    alleged activity that forms the basis for the Complaint are

8    members or a part of the Trust and are entitled to those

9    benefits; and, therefore, there needs to be inquiry into the

10   relationships between those particular parties.

11            Obviously, some matters are privileged but other

12   matters aren't.  And I know that Judge Otazo-Reyes has had

13   hearings on that issue and has issued rulings to give the

14   parties -- and those rulings give the parties a basis for

15   knowing when something is considered work product and when

16   something is considered privileged.

17            So, you know, I just believe that the deposition

18   needs to go forward.  You can object on a question-by-

19   question basis.  But I would -- I would suggest that the

20   plaintiff provide as much information as possible with

21   respect to the questions that are asked.

22            And in terms of Algamex, the parties haven't raised

23   this.  So I assume that, Mr. Carpinello, that you have, you

24   know, a basis for raising objections to answers given by

25   Algamex, who is not a direct party in this case.

1          Now, I know you always have the ability to raise,

2    you know, attorney-client work product privilege if it's the

3    Trust's privilege, regardless of who's testifying, obviously.

4    But beyond that, I'm not sure what your basis is for raising

5    various objections.  It has to be on behalf of the Trust

6    itself, unless you also represent Algamex, which I don't

7    know.  Maybe you can address that, Mr. Carpinello.

8          MR. CARPINELLO:  Yes, Your Honor.  George

9    Carpinello.  We -- for this purpose, we are representing

10   Algamex.  And we do think that many of the questions or the

11   topics do invade the privilege of the Trust because they seek

12   to have communications Algamex had with the Trust.  And also,

13   obviously, we claim common interest with PDVSA, as we've

14   explained in previous conferences.

15         For a period of time we had attorney-client

16   communications with PDVSA, discussing the creation of a trust

17   to prosecute the PDVSA claims, and with Venezuelan officials

18   who had a direct involvement in PDVSA and had, under

19   Venezuelan law, supervision of those claims.  So we do

20   represent both entities.

21         I will -- I understand Your Honor's admonition.  I

22   will point out that Judge Otazo-Reyes has severely cautioned

23   the parties to question only with regard to standing and not

24   to get into the merits.  Trafigura objected strenuously when

25   in their deposition we asked some precatory questions about

1   the nature of their business.  They objected strenuously as

2   being irrelevant to the issue of standing.

3        I recognize that the formation of the Trust and the

4   involvement of the various entities in the formation of the

5   Trust is obviously relevant to the issue of standing.  And as

6   to that, we have certainly -- we certainly have no problem

7   giving complete and fulsome testimony.

8        THE COURT:  Complete and full what?

9        (No response.)

10        THE COURT:  I'm sorry.  You drifted off.

11        MR. CARPINELLO:  I'm sorry.  With regard to the

12   involvement of the various parties in the formation of the

13   Trust, the roles they played, we can give complete testimony.

14        Where we intend to draw the line is -- as their

15   topic suggests, if they ask about all communications that

16   Algamex had with various people, including PDVSA officials

17   and the trustees, and we think the case law is very clear

18   that communications with the funder and documents shared with

19   the funder are work product clearly under Florida law and

20   many, many other courts, as we've cited in our papers.

21        THE COURT:  Well, that depends in part on whether,

22   in fact, they are limited to a funder or whether they have a

23   direct interest in the merits of the case.  And so, you know,

24   I think in part, that's why I said at the outset that it

25   depends upon the answers that are given by Algamex.

1          Now, I know you believe you know the answers that

2     will be given, but sometimes attorneys are surprised by

3     things that their clients say upon further questioning.  And

4     it may be helpful to you, in fact, what their answer is in

5     terms of establishing standing.

6          But at this point, I think that the deposition does

7     need to go forward.  The issues are limited to standing.  And

8     the defendants are entitled to probe the credibility of the

9     answers given by Algamex, and I think that that relates to

10    certain questions concerning what Algamex is and the nature

11    of Algamex as an entity.  And so I think that there is some

12    appropriate information that is relevant with respect to the

13    plaintiff that may not be relevant with respect to the

14    defendants because it's not the defendants' standing that's

15    at issue here.

16         And so, therefore, I think that there may be

17    certain areas of inquiry into the parties that created the

18    Trust that would be relevant to the issue of standing,

19    whereas those same inquiries with respect to defendants would

20    not be relevant to the issue of the plaintiff's standing.

21         So I don't know if -- my guess is that this is not

22    giving you extensive advice or the rulings that both sides

23    might have wished; but I think that -- you know, I think

24    that's probably the best that I can do in the absence of

25    seeing the -- you know, the deposition.

1          So, you know, I think there's already a background

2     here where the financial arrangements have already been

3     disclosed between Algamex and the plaintiff.  And so it seems

4     to me that follow-up on that is certainly permissible.  So,

5     you know, I just encourage you to answer the questions the

6     best that you can.

7          One question that I have is how -- how long is this

8     deposition anticipated to take?

9          I don't know who's in the best position to tell me

10    that, because I don't know if, Mr. McLish, you are the one

11    who is taking it or if somebody else is taking it.

12         MR. McLISH:  Your Honor, this is Tom McLish.  I am

13    not taking it.  Mr. Encinosa from Holland and Knight, who

14    couldn't be on this morning, is taking the deposition.  And

15    my understanding is that it's not expected to exceed the

16    seven-hour limit.

17         THE COURT:  Okay.  Well, it won't exceed the seven-

18    hour limit since you don't have permission to do so.  So

19    that's one thing that I can assure you.  I didn't know if

20    this was anticipated to be a two-hour deposition or a very

21    brief deposition or not.

22         It would seem to me that it isn't necessary for it

23    to take all that long, given the very limited nature of the

24    inquiry here.  But in any event, it won't exceed seven hours

25    because you haven't asked for that, absent the agreement of

1   the other side.

2          Now, if the plaintiff agrees that it should exceed

3   it based upon what occurs during the deposition, then the

4   Court really has no dog in that fight.

5          But, in any event, to summarize my ruling is the

6   deposition goes forward.  The topics are permissible on their

7   face, depending on answers given by Algamex to certain

8   initial questions regarding their role.  I would say -- and

9   I'll just ask the defendant.

10          Mr. McLish, if, in fact, the role is limited to

11   funding and basic questions regarding the nature of Algamex's

12   business, which I will permit, show that they have no

13   business relationship with PDVSA regarding the subject matter

14   of the lawsuit, I don't think you need to go any further into

15   their detailed organization or other matters.  Do you?

16          MR. McLISH:  This is Tom McLish, Your Honor.  I

17   think I agree with that.  Like you said, I think it depends

18   on what the answers are.

19          I think it's clear already from the evidence in the

20   case that Algamex -- people associated with Algamex, such as

21   Mr. Duker, are involved in the case in a way other than as a

22   funder, and that Algamex does have relationships, we think,

23   with PDVSA and others who are involved in the creation of the

24   Trust, and we think it's fair game to find out what those

25   relationships are in order to fill in the picture on what

1   this Trust is and what it's doing and why it exists and why

2   these claims are being brought by the Trust rather than PDVSA

3   itself.

4           THE COURT:  Okay.  Well, as I said, it seems to me,

5   as I said, that at this stage the topics are permissible.

6   The questions will need to be limited to standing.  There is

7   some background questioning regarding the business that is

8   conducted by Algamex, generally the nature of that business,

9   that are permissible, and the relationships that they have

10  with other persons who are -- who created the Trust and PDVSA

11  are permissible.

12          And you can object if you think that it goes beyond

13  the scope of standing, Mr. Carpinello.  I don't know if

14  you're taking the deposition or not.  But if it goes beyond

15  the scope of standing to an extent that there is no

16  reasonable relationship to the issue, then you can object on

17  that basis.

18          But as I said, I rely on the good faith of the

19  parties.  I know that counsel is very -- you know, all

20  counsel in this case are very highly regarded and conduct

21  themselves professionally.  But I will also say that I know

22  this is a very hard-fought litigation and that both sides

23  feel very strongly about their positions.

24          So I would just say that if you do object, if you

25  do instruct the witness not to answer within this guidance

 1  that I've given you, you'll have to answer to Judge Otazo-

 2  Reyes and Judge Gayles to explain your position.

 3          So is there anything further on behalf of the

 4  plaintiffs, Mr. Carpinello?

 5          MR. CARPINELLO:  No, Your Honor.

 6          THE COURT:  Okay.

 7          Is there anything further on the part of the

 8  defendants, Mr. McLish?

 9          MR. McLISH:  No, Your Honor.

10          THE COURT:  Okay.  Thank you.

11          We'll be in recess.

12          (Proceedings concluded at 9:17 a.m.)

13                  - - - - - - - -

14                  Reporter's Certification

15  I certify that the foregoing is a correct transcript from the

16  record of proceedings in the above-entitled matter.

17                          s/Diane Peede, RMR, CRR, CRC
                            Official Court Reporter
18                          United States District Court
    Date:   June 7, 2018    Southern District of Florida
19

20

21

22

23

24

25