# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

PDVSA US LITIGATION TRUST

        Plaintiff,

   vs.

LUKOIL PAN AMERICAS LLC; LUKOIL
PETROLEUM LTD.; COLONIAL OIL
INDUSTRIES, INC.; COLONIAL GROUP,
INC.; GLENCORE LTD.; GLENCORE
INTERNATIONAL A.G.; GLENCORE
ENERGY UK LTD.; MASEFIELD A.G.;
TRAFIGURA A.G.; TRAFIGURA
TRADING LLC; TRAFIGURA BEHEER
B.V.; VITOL ENERGY (BERMUDA) LTD.;
VITOL S.A.;  VITOL,  INC.; FRANCISCO
MORILLO; LEONARDO BAQUERO;
DANIEL LUTZ; LUIS LIENDO; JOHN
RYAN; MARIA FERNANDA RODRIGUEZ;
HELSINGE HOLDINGS, LLC; HELSINGE,
INC.; HELSINGE LTD., SAINT-HÉLIER;
WALTROP CONSULTANTS, C.A.;
GODELHEIM, INC.; HORNBERG INC.;
SOCIETE DOBERAN, S.A.; SOCIETE
HEDISSON, S.A.; SOCIETE HELLIN, S.A.;
GLENCORE DE VENEZUELA, C.A.; JEHU
HOLDING INC.; ANDREW SUMMERS;
MAXIMILIANO POVEDA; JOSE
LAROCCA; LUIS ALVAREZ; GUSTAVO
GABALDON; SERGIO DE LA VEGA;
ANTONIO MAARRAOUI; CAMPO ELIAS
PAEZ; PAUL ROSADO; BAC FLORIDA
BANK; EFG INTERNATIONAL A.G.; BLUE
BANK INTERNATIONAL N.V.

        Defendants.

Case No. 1:18-cv-20818-DPG

---

## DEFENDANTS' MOTION, BY ORDER TO SHOW CAUSE, FOR SANCTIONS AND OTHER RELIEF AGAINST PLAINTIFF

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ............................................................................1

MEMORANDUM OF LAW ....................................................................................4

II.     BACKGROUND .............................................................................................4

III.    ARGUMENT ..................................................................................................9

      A.     Plaintiff Has an Obligation to Produce PDVSA Discovery.....................................9

      B.     Plaintiff Has Violated this Court's Orders and Fed. R. Civ. P. 37(b)(2), 37(d)(1) ...............................................................................11

IV.     CONCLUSION..............................................................................................14

CERTIFICATE OF SERVICE ...............................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Cases

*Bank of New York v. Meridien Biao Bank Tanzania Ltd.*,
    171 F.R.D. 135 (S.D.N.Y. 1997) ........................................................................ 9

*Betty K Agencies, Ltd. v. M/V MONADA*,
    432 F.3d 1333 (11th Cir. 2005) ....................................................................... 13

*Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*,
    105 F.R.D. 16 (S.D.N.Y. 1984) ...................................................................... 11

*In re Infant Formula Antitrust Litig.*,
    No. MDL 878, 1992 WL 503465 (N.D. Fla. Jan. 13, 1992)................................. 10

*JPMorgan Chase Bank v. Winnick*,
    228 F.R.D. 505 (S.D.N.Y. 2005) ................................................................ 9, 10

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
    427 U.S. 639 (1976).................................................................................... 13

*Natta v. Hogan*,
    392 F.2d 686 (10th Cir. 1968) ....................................................................... 10

*Navarro v. Cohan*,
    856 F.2d 141 (11th Cir. 1988) ....................................................................... 11

*Phipps v. Blakeney*,
    8 F.3d 788 (11th Cir. 1993) ...................................................................... 11, 13

*Properties Int'l Ltd. v. Turner*,
    706 F.2d 308 (11th Cir. 1983) ....................................................................... 11

*Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*,
    314 F.R.D. 341 (S.D.N.Y. 2016) .................................................................... 10

*Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*,
    2017 WL 384350 (S.D.N.Y. Jan. 25, 2017) ...................................................... 10

*Travelers Indemnity Co. of Am. v. Kendrick Bros. Roofing, Inc.*,
    2013 WL 6681240 (D. Idaho Dec. 18, 2013) .................................................... 10

### Rules and Regulations

Fed. R. Civ. P. 30(b)(6)................................................................................ 5, 7, 11, 12

Fed. R. Civ. P. 37(b)(2) ................................................................................................... 1, 10

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................................. 12

Fed. R. Civ. P. 37(b)(2)(A)(i) ........................................................................................ 10, 13

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) ....................................................................................... 11

Fed. R. Civ. P. 37(b)(2)(A)(ii) ............................................................................................. 13

Fed. R. Civ. P. 37(b)(2)(B) .................................................................................................. 11

Fed. R. Civ. P. 37(b)(2)(C) ............................................................................................ 11, 14

Fed. R. Civ. P. 37(d) ............................................................................................................ 11

Fed. R. Civ. P. 37(d)(1) ................................................................................................ 1, 11, 12

Fed. R. Civ. P. 37(d)(3) ................................................................................................. 11, 14

Pursuant to Federal Rules of Civil Procedure 37(b)(2) and 37(d)(1), Defendants Trafigura Trading, LLC, Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, John Ryan, and Luis Alvarez (collectively "Defendants"), given Plaintiff PDVSA US Litigation Trust's ("Plaintiff" or the "Trust") complete inability to provide critical, court-ordered discovery from Petróleos de Venezuela, S.A. ("PDVSA") on the issue of standing, move, by an Order to Show Cause, for an order imposing sanctions and other appropriate relief, including, *inter alia*, an order precluding Plaintiff and its experts from either claiming that PDVSA properly created the Trust or properly assigned claims to the Trust, and/or from offering or relying on any evidence from PDVSA in attempting to prove its standing.  The Court should also award Defendants their attorneys' fees and costs.

I.     **PRELIMINARY STATEMENT**

Plaintiff was purportedly created in 2017 for the sole purpose to assert—in U.S. courts and elsewhere—the claims of the Venezuelan state-owned oil company, PDVSA.  As the purported assignee of PDVSA's claims, it is axiomatic that Plaintiff is obligated to provide discovery from PDVSA in this action.  After all, many of the issues in dispute here undeniably derive from facts and evidence solely in PDVSA's control; otherwise stated, it is self-evident that Plaintiff would not have in its control the witnesses and documents that are in the control of PDVSA.  And PDVSA cannot use a so-called "trust" to avoid the consequences of bringing claims in this Court, including discovery.  Yet time and again, despite its obligations under the

Federal Rules of Civil Procedure, the case law, and numerous court orders, Plaintiff has consistently failed to provide discovery from PDVSA.

The present motion focuses on Plaintiff's total failure to produce key witnesses for deposition and key documents on the issue of Plaintiff's standing to bring this action. Despite Defendants' requests, repeated extensions of time, and successive discovery orders from this Court, Plaintiff has failed to make available for deposition *any* PDVSA-related witness or produce *any* documents from PDVSA. More specifically:

- Plaintiff cannot provide Dr. Hilda Cabeza, the designee of PDVSA for a 30(b)(6) deposition—while she initially agreed to be deposed outside of Venezuela on at least two occasions, Plaintiff cancelled the latest agreed-to date just 48 hours before her deposition was scheduled to take place in Madrid, Spain;

- Plaintiff has not produced for deposition three officials of the Venezuelan Government:

  o the *Procurador General*, Reinaldo Munoz Pedroza, an alleged signatory to the Trust Agreement who purported to ratify the conveyance of PDVSA's claims to the Trust—Plaintiff originally agreed to produce him in New York, but then cancelled the deposition a few days before it was set to occur;

  o the former Minister of the People's Petroleum Power ("PPP"), Nelson Martinez, also an alleged signatory to the Trust Agreement who purported to convey PDVSA's claims to the Trust—Plaintiff has indicted he is currently incarcerated in Venezuela;

  o the current Minister of the PPP and current President of PDVSA, Manuel Quevedo—Plaintiff claims he has refused to sit for a deposition;

- Plaintiff has not produced for deposition the two different PDVSA employees who were supposed to, or purported to, sign versions of the Trust Agreement as the PDVSA Trustee (Miguel Bolivar, who appears to have not signed, and his replacement Alexis Arellano, who purported to sign)—Plaintiff claims it cannot locate either of them; and

- Plaintiff has not provided a single document from PDVSA—just a letter from Dr. Cabeza stating that "Confirmo que, despues de una busqueda razonable, PDVSA no ha encontrado ningun documento adicional…." ("I confirm that, after a reasonable search, PDVSA has not found any additional document….").

2

Plaintiff's inability to produce key discovery from its assignor, PDVSA, apparently originates from the highest echelon of political power: its President, Nicolas Maduro. Indeed, according to Plaintiff, Mr. Maduro himself was involved in the cancellation of the previously scheduled depositions: "the President of Venezuela and the President of PDVSA have instructed Dr. Cabeza that she is not permitted to leave the country for her deposition scheduled for Friday, June 8 in Madrid;" and canceling the deposition of the *Procurador General* because "the President of Venezuela had restricted travel of government officials outside the country." Ultimately, however, the critical point is that Plaintiff chose to file this action in this Court as an assignee of PDVSA; having sought the benefits of litigating its claims in the U.S. courts Plaintiff and PDVSA must also abide by the obligations that go along with these benefits, including the discovery obligations.

Plaintiff's failure to make *any* PDVSA-related individuals available for deposition or produce *any* PDVSA documents over the past two months has prejudiced Defendants in their attempts to gather the facts showing that Plaintiff lacks standing. In fact, one can infer that the reason Plaintiffs or PDVSA are depriving Defendants of this discovery is that these PDVSA witnesses and documents would show that Plaintiff lacks standing for one or more of the many reasons Defendants have already articulated. Defendants also have been prejudiced by Plaintiff's last-minute cancellations of the only two PDVSA-related depositions scheduled. Those cancellations resulted in substantial fees, costs and attorney time spent preparing for those depositions.

Enough is enough. For all of these reasons, and for those that follow, Defendants respectfully request that the Court enter an order due to PDVSA's refusal to provide discovery, precluding Plaintiff from either claiming that PDVSA properly created the Trust or properly

assigned claims to the Trust, and/or offering or relying on any evidence from PDVSA in attempting to prove its standing.  The Court should also award Defendants their attorneys' fees and costs.

## MEMORANDUM OF LAW

## II. <u>BACKGROUND</u>

Recognizing that standing is an important threshold issue to resolve before the Defendants are forced to incur the time and expense of moving to dismiss the Amended Complaint, the Court entered an order on April 16, 2018, that set a schedule for standing-related discovery and permitted each party to take up to four fact depositions as to the issue of standing. [ECF No. 253.]  That order set May 4, 2018, as the deadline for fact depositions.  [*Id.*]

Over the next several weeks, Defendants diligently pursued this discovery, including by issuing document requests to Plaintiff relating to PDVSA and seeking numerous PDVSA-related depositions.  On April 21, 2018, Defendants identified a list of ten potential deponents, a number of whom are representatives or employees of PDVSA.  Then, in its First Discovery Order, the Court ordered the parties to meet and confer regarding, *inter alia,* the availability of the following:

- "PDVSA's corporate representative for deposition by Defendants";

- "Reinaldo Munoz Pedroza," the *Procurador General*;

- "Nelson Martinez," the former Minister of the PPP;

- "Alexis Arellano," who signed a version of the Trust Agreement as the PDVSA Trustee; and

- "Manuel Quevedo," the current President of PDVSA and Minister of the PPP.

[ECF No. 278, at 3.]   Defendants also inquired about Miguel Bolivar, who preceded Mr. Arellano as the PDVSA trustee, but Plaintiffs have not provided any information on his availability.

In the subsequent Court-ordered meet and confers, Plaintiff made clear that all of these requested PDVSA-related witnesses are unavailable for deposition: Mr. Martinez—who is unquestionably one of the most important witnesses—has been arrested and incarcerated by Mr. Maduro's regime in Venezuela; Mr. Arellano and Mr. Bolivar are missing; and Mr. Quevedo outright refused to appear.  That said, Mr. Munoz Pedroza and Dr. Hilda Cabeza (as PDVSA's Rule 30(b)(6) corporate representative) supposedly agreed to appear in New York for deposition, at that time.   The Court subsequently confirmed this agreement and ordered these two depositions in its May 1, 2018 Second Discovery Order.  [ECF No. 355, at 2.]  The same day, the Court ordered the parties to make their respective deponents available for deposition by May 22, 2018.  [ECF No. 356.]

Plaintiff subsequently represented that it could not provide these witnesses by May 22, and the Court therefore set new timelines.  In its Fourth Discovery Order, the Court stated that "the deposition of Mr. Reinaldo Munoz Pedroza is scheduled to take place on May 30, 2018 in New York, New York."  [ECF No. 390, at 3.]  After Dr. Cabeza allegedly said she would not travel to the United States, Defendants offered to depose her in a country that allows voluntary depositions.[1]  Consequently, in its Fourth Discovery Order, the Court also ordered Plaintiff to provide "the agreed deponent, date and location for…the Rule 30(b)(6) representative of PDVSA" for inclusion in a Joint Notice to be filed by the parties.  [Id. at 4]

---

[1]     Venezuela prohibits even voluntary depositions except under specific procedures Plaintiff has not implemented here.

Despite these Court orders, however, three days before Mr. Munoz Pedroza's deposition, Plaintiff unilaterally canceled it, purportedly because Mr. Maduro, "the President of Venezuela[,] had restricted travel of government officials outside the country." Declaration of Adam B. Wolfson ("Wolfson Decl."), Ex. A.   Plaintiff has failed to reschedule that Court-ordered deposition.   The parties once again returned to the Court to resolve certain other discovery disputes, and the Court, faced with this and other delays, extended the deadline for standing-related depositions in its Fifth Discovery Order, this time until June 11, 2018.  [ECF No. 404, at 4.]

Following the Fifth Discovery Order, Dr. Cabeza agreed to sit for her deposition in Madrid, Spain on June 8.  Defendants began preparing for that deposition and were prepared to travel to Madrid when, on the morning of June 6, Plaintiff informed them that "the President of Venezuela [Mr. Maduro] and the President of PDVSA [Mr. Quevedo] have instructed Dr. Cabeza that she is not permitted to leave the country for her deposition."  Declaration of Adam B. Wolfson ("Wolfson Decl."), Ex. B.  Plaintiff has again failed to reschedule that Court-ordered deposition.

The parties met and conferred regarding these issues on June 12, 2018, after the deadline for depositions passed.  *Id.* ¶ 4.  Plaintiff's counsel acknowledged the deadline had passed and stated that Plaintiff still could not confirm whether Mr. Munoz Pedroza or Dr. Cabeza could appear for deposition at all, let alone in the next few weeks before the hearing.  *Id.*  Plaintiff again offered to have a video deposition taken in Venezuela, but acknowledged its understanding that Defendants have raised U.S. sanctions and laws that prohibit a deposition to be taken under

these circumstances. *Id.* ¶ 5.[2]  Plaintiff has said on several occasions that Mr. Munoz and Ms. Cabeza can be made available for deposition by videoconference from Venezuela and that a videoconference deposition would comply with applicable law.  Plaintiff has not, however, provided any authority for that assertion.  Defendants remain unwilling to violate Venezuelan law as Plaintiff has urged.  Plaintiff's counsel also floated the idea of a Rule 30(b)(6) representative outside of Venezuela, but offered no concrete representative or deposition date for that option.  *Id.*

As the Court is aware, Plaintiff purports to have been assigned PDVSA's claims.  For standing purposes, Defendants intended to question these PDVSA-related witnesses about the creation of the Trust (including whether the Trust is invalid under New York champerty/maintenance law, federal sanctions law, or creditor laws), their alleged power and authority to assign the claims, the authenticity of the signatures, and the corporate approvals and processes these people employed (or not) in the lead up to, and the signing of, the Trust Agreement.  Moreover, the PDVSA discovery is critical to understand why, if an assignment of this kind was in fact authorized and valid, PDVSA conveyed (for no consideration) 66% of any

---

[2] In any event, Defendants have also pointed out that *Venezuela* does not allow depositions by U.S. attorneys in Venezuela without going through the proper procedures.  *See* Chapter II of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=566&disp=resdn (noting that Venezuela "will not allow commissioners as provided in Chapter II of this convention to act in obtaining evidence") (last visited June 14, 2018).  Accordingly, "depositions of willing witnesses in Venezuela must be undertaken pursuant to a request to the Venezuelan Central Authority and in the context of the Venezuelan court system . . . [P]rivate attorneys from the United States attempting to conduct voluntary depositions of willing witnesses in Venezuela are subject to the penalties of local Venezuelan law."  State Department, Judicial Assistance Country Information:  Venezuela, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information.html (last visited June 14, 2018).

recovery to the attorneys and consultants and otherwise empowered the Trust to be controlled by trustees appointed by attorneys.

Dr. Cabeza, as PDVSA's corporate representative, is also relevant to certain document production-related issues in this case.  Following Plaintiff's deficient document production, which purportedly included documents obtained by the Trust from PDVSA, Dr. Cabeza signed a letter certifying that those documents were the full extent of what PDVSA could locate after a reasonable and diligent search.  Wolfson Decl., Ex. C.  Dr. Cabeza's representation requires exploration at deposition, particularly since Plaintiff represented to the Court that it was not involved in PDVSA's collection of documents and that Dr. Cabeza oversaw that process.  May 8, 2018 Hr'g Tr. at 18:6-20.  Otherwise, Dr. Cabeza's letter raises more questions than it answers (such as what did PDVSA do to search, what does the word "additional" mean, and how could it possibly have no "additional" responsive documents) and Plaintiff's compliance with its document production obligations is deficient.

Mr. Munoz Pedroza also is central to this dispute.  As noted, he is an alleged signatory to the Trust Agreement, under which he supposedly has supervisory authority (which Defendants contest), as well as the ability choose the Trust's counsel.  Wolfson Decl., Ex. D.  With respect to standing, Plaintiff's counsel testified at deposition that Mr. Munoz Pedroza, *inter alia*:

- Provided him with the signature of the PDVSA trustee, Mr. Arellano, and was the one who could verify whether or not the signature appearing on the Trust Agreement was authentic, Wolfson Decl., Ex. E (Boies Dep. Tr.), at 17:5-13;

- Is the individual who could also verify the authenticity of Mr. Martinez's signature on the Trust Agreement, as well as the validity of seal of the Ministry of People's Petroleum, *id.* at 33:15-22;

- Signed the Trust Agreement on PDVSA's behalf as its "representative," *id.* at 100:5-13, 112:10-16, 126:8-127:10; and

- Is the representative of PDVSA for matters related to the Trust Agreement, *id.* at 99:9-21.

8

As this testimony makes clear, Mr. Munoz Pedroza is a key witness on the issues of who represented PDVSA in the Trust Agreement negotiations; whether the signatories to the Agreement had the authority to sign on PDVSA's behalf; and, at the most basic level, whether the signatures on the document are even authentic.

Indeed, Dr. Cabeza and Mr. Munoz Pedroza are all the more important, because the other PDVSA-related witnesses are either incarcerated (Mr. Martinez) or missing (Messrs. Arellano and Bolivar) or simply unwilling to be deposed (Mr. Quevedo). No other PDVSA-related witnesses of which Defendants are aware signed the Trust Agreement or were personally involved in establishing the Trust and purportedly assigning the claims.

## III.   ARGUMENT

### A.   Plaintiff Has an Obligation to Produce PDVSA Discovery

As the plaintiff in this action, the Trust's obligations to comply with the Court's orders and participate in standing-related discovery do not extend solely to the Trust itself. To the contrary, the Trust, as the assignee of the claims in this case, is legally obligated to obtain the cooperation of the alleged assignor, PDVSA, in complying with discovery obligations, since the Trust purports to be standing in PDVSA's shoes. *See JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (requiring assignee to produce its assignor's documents because "the assignees are suing in the shoes of the original lenders, having purchased the right to bring the lawsuit, there is nothing unfair about imposing on them the cost of purchasing cooperation or otherwise complying with discovery obligations"); *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997) ("It would be patently unfair if [the assignee] were able to continue to discover relevant information from [its adversary] while relegating [its adversary] to seek information from [the assignor] as a non-party"); *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992)

9

(courts treat both the "assignor and the assignee as parties for discovery") (citing *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968) (internal citations omitted)).

This requirement applies with equal force to witnesses for depositions. *Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*, 2017 WL 384350, at *1 (S.D.N.Y. Jan. 25, 2017) ("'[T]he assignee of a claim in litigation has a duty to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claim themselves.' U.S. Bank is correct that ***this principle is equally applicable to witnesses as it is to documents***." (emphasis added) (quoting *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Trust Co.*, 314 F.R.D. 341, 344 (S.D.N.Y. 2016))); *see also JPMorgan*, 228 F.R.D. at 507 ("JPM and the Real Parties in Interest have the duty to produce the documents, information, ***and witness testimony*** to which defendants would be entitled in discovery from parties under the Federal Rules of Civil Procedure, just as if the Banks had brought this action themselves on their own claims.") (emphasis added); *Travelers Indemnity Co. of Am. v. Kendrick Bros. Roofing, Inc.*, 2013 WL 6681240, at *2 (D. Idaho Dec. 18, 2013) ("Travelers, as the assignee of Okland's claims, has a duty to produce the documents, information, ***and witness testimony*** to which the subcontractor defendants would be entitled in discovery from parties under the Federal Rules of Civil Procedure") (emphasis added).

It is well established that "a third party [assignor] with a substantial interest in the litigation cannot be allowed to frustrate the rules of discovery to the disadvantage of another party." *Infant Formula*, 1992 WL 503465, at *10 (quoting *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 34 (S.D.N.Y. 1984)). If that third party assignor does prevent discovery, then sanctions against the assignee are appropriate. *Properties Int'l Ltd. v. Turner*, 706 F.2d 308, 311 (11th Cir. 1983) (awarding

dismissal sanctions where plaintiff assignee claimed, *inter alia*, that it could not produce copy of assigned mortgage and note because they were still in assignor's possession).  This is particularly the case here, given that the Trust has no business or operations and exists for no other reason than to litigate this case, and the assignor is a rogue country on which the U.S. has imposed severe sanctions.

### B.     Plaintiff Has Violated this Court's Orders and Fed. R. Civ. P. 37(b)(2), 37(d)(1)

Federal Rule of Civil Procedure 37(b)(2)(B) empowers district courts to impose sanctions where a party fails to comply with a discovery order.  Rule 37(d)(1)(A)(i) similarly allows the Court to order relief if a party fails to make its Rule 30(b)(6) representative available for deposition.  Any award of sanctions is committed to the Court's sound discretion.  *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("We review a district court order of sanctions for abuse of discretion.") (citing *Navarro v. Cohan,* 856 F.2d 141 (11th Cir. 1988)).

The relief available under both of the above Rules includes, *inter alia*, dismissing a disobedient plaintiff's claims, directing that certain facts be taken as true for purposes of the action, and prohibiting the disobedient party from opposing designated defenses (or from introducing designated matters into evidence).  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) (setting forth the various sanctions available for violating discovery orders), 37(d)(3) ("Sanctions [for violating Rule 37(d) by not making a Rule 30(b)(6) representative available for deposition] may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)").  Unless the Court finds that the failure to comply with discovery obligations is substantially justified, the Court also *must* award the prevailing party its "reasonable expenses, including attorneys' fees, caused by the failure."  Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3).

In its Fifth Discovery Order, the Court (after multiple delays by Plaintiff) scheduled the deposition deadline for June 11, 2018.  [ECF No. 404]  Plaintiff's failure to make Dr. Cabeza or Mr. Munoz Pedroza available by that date directly violates the Court's order, and therefore warrants relief under Fed. R. Civ. P. 37(b)(2)(A).  Further, since Plaintiff's co-party (at least for discovery purposes), PDVSA, failed to make a Rule 30(b)(6) representative available for deposition, sanctions under Rule 37(d)(1) are also appropriate.

To the extent Plaintiff provides *post hac* rationalizations for the deposition cancellations in its opposition to this motion (such as post-election issues, economic conditions, PDVSA's business struggles, etc.), they should be given no weight.  Plaintiff already articulated clearly the reasons that the PDVSA witnesses have not appeared:  Mr. Maduro does not want them to.  Any *post hac* excuses also would ignore that PDVSA clearly created the Trust to avail itself of the powers and jurisdiction of this Court, which requires PDVSA to abide by the Court's rules and orders.  Furthermore, if in its opposition Plaintiff seeks additional time to convince Mr. Maduro to change his mind or to find alternative witnesses, the Court should reject any further delay.  The Court set and extended numerous deadlines that Plaintiff and PDVSA have missed.  Both the Court and Defendants have been patient with Plaintiff and PDVSA, at considerable cost, but that patience cannot be endless (especially with the prejudice suffered by Defendants as they wait for Plaintiff and PDVSA to comply with this Court's orders).  And, even if Plaintiff suddenly claims the depositions will proceed, history shows there is no reason to believe that such a promise will be fulfilled.

Dismissal of Plaintiff's claims is one possible sanction for Plaintiff and PDVSA's discovery failures.  As the Eleventh Circuit has observed, dismissal is appropriate "when a plaintiff's recalcitrance is due to wilfulness [sic], bad faith or fault."  *Phipps v. Blakeney*, 8 F.3d

788, 790 (11th Cir. 1993) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639 (1976)).   "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005).   This is certainly the case here, where a dictator who is an avowed enemy of the U.S. Government has engaged in a repeated pattern of denying Defendants access to critical evidence, and there is no reason to believe this will change, particularly when the issue prompting Defendants' discovery is the Trust's basic ability to assert PDVSA's claims at all.   Thus, the prejudice to Defendants of Plaintiff and PDVSA's discovery failure is great.   Defendants are deprived of evidence from the central actors who supposedly had the power and authority to assign PDVSA's claim, and supposedly did knowingly assign those claims—the key evidence in contesting standing.   This includes Defendants' ability to show that PDVSA did not properly create the Trust or assign its claims to Plaintiff, that the alleged claim assignments were invalid, that the Venezuelan signatures cannot be authenticated, and that the proper corporate processes were not followed and approvals were not obtained.

In the event the Court is not prepared to dismiss the case outright, at a very minimum the Court should impose a preclusion sanction.   Specifically, the Court should enter an order precluding Plaintiff from claiming that PDVSA properly created the Trust or properly assigned claims to the Trust, and/or from offering or relying on any evidence from PDVSA in attempting to prove its standing.   *See* Fed. R. Civ. P. 37(b)(2)(A)(i) & (ii) (respectively permitting the Court to "designate[] facts be taken as established for purposes of the action," and "prohibit[] the disobedient party from supporting or opposing designated claims or defenses [*e.g.*, Defendants' standing defense], or from introducing designated matters in evidence").

Regardless of the sanction that the Court adopts, Defendants are entitled to their costs and attorneys' fees for preparing for the depositions that Plaintiff then cancelled at the eleventh hour. For months now, Defendants have sought discovery into Plaintiff's standing, a critical piece of which is evidence from PDVSA itself.  Those efforts have been consistently frustrated, despite Plaintiff's assurances to the Court that it would make both Dr. Cabeza and Mr. Munoz Pedroza available for deposition (after claiming that multiple other key witnesses were unavailable), and produce responsive documents.  Defendants' attorneys prepared for the depositions and, in Dr. Cabeza's case, made various international travel and logistical arrangements.  Plaintiff's failure to make either or both of the witnesses available for deposition by the Court's June 11 deadline carries mandatory cost and fee sanctions.  Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3).  Accordingly, in addition to whatever other relief the Court imposes, it should also award Defendants their costs and attorneys' fees incurred pursuing these depositions, preparing to take them, and making the present motion.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the Court issue an Order to Show Cause why it should not preclude Plaintiff from either claiming that PDVSA properly created the Trust or properly assigned claims to the Trust, and award Defendants their attorneys' fees and costs.

14

Dated: June 14, 2018

By: */s/ Christina Olivos*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
M. Cristina Cardenas, Esq.
Florida Bar No. 672491
Email: ccardenas@reedsmith.com
Christina Olivos, Esq.
Florida Bar No. 119580
Email: colivos@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam B. Wolfson, Esq.
Email: adamwolfson@quinnemanuel.com
*Admitted Pro Hac Vice*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant TRAFIGURA
TRADING, LLC*

By: */s/ Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458 Email:
srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Direct Tel: (305) 789-5905
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON, SERGIO DE LA VEGA, and
LUIS ALVAREZ*

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americas LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ Nicolas Swerdloff*
Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email:
Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA*
*BANK*

By: */s/ Kimberly Ann Pathman*
Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

*Attorneys for Defendants FRANCISCO*
*MORILLO AND LEONARDO BAQUERO*

16

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: */s/ Gerald E. Greenberg*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

By: /s/ Etan Mark
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

*Attorneys for Defendant JOHN RYAN*

<u>By: /s/Israel J. Encinosa</u>
Alex M. Gonzalez
Florida Bar No. 991200
alex.gonzalez@hklaw.com
Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com
Brian A. Briz
Florida Bar No. 657557
brian.briz@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
David Kully (admitted *pro hac vice*)
david.kully@hklaw.com

*Attorneys for Defendants HELSINGE, INC., HELSINGE LTD., HELSINGE HOLDINGS, LLC, DANIEL LUTZ, LUIS LIENDO AND MARIA FERNANDA RODRIGUEZ*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 14, 2018 I electronically filed the foregoing Motion, By Order To Show Cause, For Sanctions and Other Relief Against Plaintiff with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Christina Olivos*
Christina Olivos
