# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA US LITIGATION TRUST<br><br>   Plaintiff,<br><br> vs.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.<br><br>   Defendants. | Case No. **1:18-cv-20818-DPG** |

**DECLARATION OF ADAM B. WOLFSON**

I, Adam B. Wolfson, hereby declare as follows:

1.      I am an attorney admitted to practice law in the States of California and New York.  I am a partner with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Trafigura Trading, LLC ("Trafigura") in the above-captioned matter.  Unless otherwise noted, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2.      I make this declaration in support of Certain Defendants' Motion for an Order to Show Cause and Other Relief.

3.      Attached as **<u>Exhibit A</u>** is a true and correct copy of a May 27, 2018 email from Plaintiff's counsel, George Carpinello, informing Defendants' counsel that they could no longer depose Reinaldo Munoz Pedroza on the agreed date.

4.      Attached as **<u>Exhibit B</u>** is a true and correct copy of a June 6, 2018 email from Plaintiff's counsel, David Barrett, informing Defendants' counsel that they could no longer depose PDVSA's Rule 30(b)(6) representative, Dr. Hilda Cabeza, on the agreed date.

5.      On June 12, 2018, Defendants' counsel met and conferred by phone with Plaintiff's counsel, including David Boies, Adam Shaw, and others.  On that call, we discussed the depositions of Reinaldo Munoz Pedroza and PDVSA's Rule 30(b)(6) representative, Dr. Hilda Cabeza, both of which had been postponed by Plaintiff.  During that meet and confer, I pointed out to Mr. Boies that the Court-ordered deadline for depositions had passed.  He acknowledged that fact, but then continued to discuss the potential for depositions in the next few weeks.  With respect to both witnesses, Mr. Boies stated that he could not confirm one way or another whether they would appear for deposition, even at a later date.

6.     Instead of the in-person Munoz Pedroza and Cabeza depositions, Mr. Boies floated the idea that Defendants might be able to take a video deposition.  However, he also acknowledged that Defendants had previously raised serious concerns with that possibility due to U.S. sanctions and other laws, and he did not offer any alternative authority suggesting Defendants were incorrect in their positions.  Mr. Boies also suggested that Plaintiff might be able to find a PDVSA employee that was currently located outside of Venezuela—and therefore could presumably act as a replacement Rule 30(b)(6) representative.  However, he offered no concrete suggestions about who that might be, why Plaintiff had not offered such a representative before, during the deposition period, nor why that would be appropriate, given that Plaintiff has previously represented Dr. Cabeza is the person most knowledgeable on the topics Defendants noticed when requesting PDVSA's Rule 30(b)(6) deposition.

7.     Attached as **<u>Exhibit C</u>** is a true and correct copy of a letter dated May 14, 2018 and purportedly signed by Dr. Cabeza.  The letter states that PDVSA has no additional documents other than those Plaintiff produced in this action.  Plaintiff served this letter on Defendants on May 22, 2018.

8.     Attached as **<u>Exhibit D</u>** is a true and correct copy of a document entitled "PDVSA U.S. Litigation Trust Agreement," which Plaintiff produced in this action with Bates numbers PDVSATRUST-0000001-19.

9.     Attached as **<u>Exhibit E</u>** is a true and correct copy of excerpts from the deposition of David Boies, which was taken in this action on May 25, 2018.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this

14th day of June, 2018, in Los Angeles, California.

_____
Adam Wolfson

# EXHIBIT A

**Adam Wolfson**

---

| | |
|---|---|
| **From:** | George Carpinello <gcarpinello@BSFLLP.com> |
| **Sent:** | Sunday, May 27, 2018 8:20 PM |
| **To:** | 'Schwartz, Adam B'; 'Adam Hudes '; 'Adam Michael Schachter '; Adam Wolfson; 'Alex M. Gonzalez'; 'Alexander L. Kaplan '; 'Allan C. Galis '; 'Andr?s Rivero'; 'Benjamine Reid '; 'Karp, Brad S'; 'Brian A. Briz'; 'Birenboim, Bruce'; 'Carlos Rodriguez'; 'Christina Olivos'; 'Clifton R. Gruhn'; 'Connor Mullin'; 'David Kully'; 'David M. Burkoff '; 'Donald J. Hayden'; 'Edward (Ed) Mullins '; 'Etan Mark'; Ethan Glass; 'Francisco Ramos, Jr.'; 'Gerald Edward Greenberg'; 'Heather H. Lundy '; 'Israel J. Encinosa'; 'Jason E. Gangwer'; 'Jeffrey B. Goldberg'; 'Carey, Jessica'; 'Jonathan H. Kaskel '; 'Jorge D. Guttman '; 'Kimberly A. Pathman'; 'Lara O?Donnell Grillo'; 'Mark J. MacDougall'; 'Mark W. Ryan '; 'Michael C. Kelso'; 'Michael Gervais'; 'Michael P. Lennon, Jr'; 'Neal S. Manne'; 'Nicolas Swerdloff'; 'Robert C. Josefsberg '; 'Spencer H. Silverglate'; 'Stacey H. Mitchell'; 'Stephen Frederick Rosenthal'; 'Stephen H. Lee'; Stephen Hauss; 'Stephen M. Medlock '; 'Thomas P. McLish'; 'Weston O?Black'; William Burck |
| **Subject:** | RE: Deposition of Reinaldo Munos Pedroza |

The Procurador's deposition will not take place on May 30. We will give you additional information as we have it.

Sent with Good (www.good.com)

-----Original Message-----
**From:** Schwartz, Adam B [aschwartz@paulweiss.com]
**Sent:** Sunday, May 27, 2018 04:32 PM Eastern Standard Time
**To:** George Carpinello; 'Adam Hudes '; 'Adam Michael Schachter '; 'Adam Wolfson'; 'Alex M. Gonzalez'; 'Alexander L. Kaplan '; 'Allan C. Galis '; 'Andr?s Rivero'; 'Benjamine Reid '; Karp, Brad S; 'Brian A. Briz'; Birenboim, Bruce; 'Carlos Rodriguez'; 'Christina Olivos'; 'Clifton R. Gruhn'; 'Connor Mullin'; 'David Kully'; 'David M. Burkoff '; 'Donald J. Hayden'; 'Edward (Ed) Mullins '; 'Etan Mark'; 'Ethan Glass'; 'Francisco Ramos, Jr.'; 'Gerald Edward Greenberg'; 'Heather H. Lundy '; 'Israel J. Encinosa'; 'Jason E. Gangwer'; 'Jeffrey B. Goldberg'; Carey, Jessica; 'Jonathan H. Kaskel '; 'Jorge D. Guttman '; 'Kimberly A. Pathman'; 'Lara O?Donnell Grillo'; 'Mark J. MacDougall'; 'Mark W. Ryan '; 'Michael C. Kelso'; 'Michael Gervais'; 'Michael P. Lennon, Jr'; 'Neal S. Manne'; 'Nicolas Swerdloff'; 'Robert C. Josefsberg '; 'Spencer H. Silverglate'; 'Stacey H. Mitchell'; 'Stephen Frederick Rosenthal'; 'Stephen H. Lee'; 'Stephen Hauss'; 'Stephen M. Medlock '; 'Thomas P. McLish'; 'Weston O?Black'; 'William A. Burck'
**Subject:** Deposition of Reinaldo Munos Pedroza

George:

Please confirm that the deposition of Procurador General Reinaldo Munoz Pedroza, scheduled for May 30, is postponed as a result of the travel restrictions referenced in your email. Thank you.

Adam B. Schwartz | Counsel
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7341 (Direct Phone) | +1 202 527 0941 (Cell)

+1 202 204 7358 (Direct Fax)
aschwartz@paulweiss.com | http://www.paulweiss.com


-----Original Message-----
From: George Carpinello <gcarpinello@BSFLLP.com>
Sent: Sunday, May 27, 2018 3:50 PM
To: Schwartz, Adam B <aschwartz@paulweiss.com>; 'Adam Hudes ' <ahudes@mayerbrown.com>; 'Adam Michael Schachter ' <aschachter@gsgpa.com>; 'Adam Wolfson' <adamwolfson@quinnemanuel.com>; 'Alex M. Gonzalez' <alex.gonzalez@hklaw.com>; 'Alexander L. Kaplan ' <akaplan@SusmanGodfrey.com>; 'Allan C. Galis ' <agalis@huntermaclean.com>; 'Andr?s Rivero' <arivero@riveromestre.com>; 'Benjamin Reid ' <breid@carltonfields.com>; Karp, Brad S <bkarp@paulweiss.com>; 'Brian A. Briz' <Brian.briz@hklaw.com>; Birenboim, Bruce <bbirenboim@paulweiss.com>; 'Carlos Rodriguez' <crodriguez@riveromestre.com>; 'Christina Olivos' <colivos@reedsmith.com>; 'Clifton R. Gruhn' <CGruhn@carltonfields.com>; 'Connor Mullin' <cmullin@akingump.com>; 'David Kully' <david.kully@hklaw.com>; 'David M. Burkoff ' <DBurkoff@huntermaclean.com>; 'Donald J. Hayden' <don@markmigdal.com>; 'Edward (Ed) Mullins ' <EMullins@reedsmith.com>; 'Etan Mark' <etan@markmigdal.com>; 'Ethan Glass' <ethanglass@quinnemanuel.com>; 'Francisco Ramos, Jr.' <framos@cspalaw.com>; 'Gerald Edward Greenberg' <ggreenberg@gsgpa.com>; 'Heather H. Lundy ' <hlundy@huntermaclean.com>; 'Israel J. Encinosa' <israel.encinosa@hklaw.com>; 'Jason E. Gangwer' <jgangwer@akingump.com>; 'Jeffrey B. Goldberg' <jeffrey.goldberg@hugheshubbard.com>; Carey, Jessica <jcarey@paulweiss.com>; 'Jonathan H. Kaskel ' <jkaskel@gunster.com>; 'Jorge D. Guttman ' <jguttman@gunster.com>; 'Kimberly A. Pathman' <kpathman@akingump.com>; 'Lara O?Donnell Grillo' <lara@markmigdal.com>; 'Mark J. MacDougall' <mmacdougall@akingump.com>; 'Mark W. Ryan ' <mryan@mayerbrown.com>; 'Michael C. Kelso' <mkelso@susmangodfrey.com>; 'Michael Gervais' <mgervais@susmangodfrey.com>; 'Michael P. Lennon, Jr' <mlennon@mayerbrown.com>; 'Neal S. Manne' <nmanne@susmangodfrey.com>; 'Nicolas Swerdloff' <nicolas.swerdloff@hugheshubbard.com>; 'Robert C. Josefsberg ' <rjosefsberg@podhurst.com>; 'Spencer H. Silverglate' <ssilverglate@cspalaw.com>; 'Stacey H. Mitchell' <shmitchell@akingump.com>; 'Stephen Frederick Rosenthal' <srosenthal@podhurst.com>; 'Stephen H. Lee' <SLee@porterhedges.com>; 'Stephen Hauss' <stephenhauss@quinnemanuel.com>; 'Stephen M. Medlock ' <smedlock@mayerbrown.com>; 'Thomas P. McLish' <tmclish@akingump.com>; 'Weston O?Black' <woblack@susmangodfrey.com>; 'William A. Burck' <williamburck@quinnemanuel.com>
Subject:

Counsel: We have been advised that, after the election, the President of Venezuela had restricted travel of government officials outside the country. We will advise you of alternative arrangements with regard to depositions as soon as we know them.



Sent with Good (www.good.com)

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# EXHIBIT B

**Adam Wolfson**

| | |
|---|---|
| **From:** | David Barrett <dbarrett@BSFLLP.com> |
| **Sent:** | Wednesday, June 06, 2018 4:09 AM |
| **To:** | George Carpinello; 'Adam B. Schwartz'; 'Adam Hudes '; 'Adam Michael Schachter '; Adam Wolfson; 'Alex M. Gonzalez'; 'Alexander L. Kaplan '; 'Allan C. Galis '; 'Andrés Rivero '; 'Benjamine Reid '; 'Brad S. Karp'; 'Brian A. Briz'; 'Bruce Birenboim'; 'Carlos Rodriguez'; 'Christina Olivos'; 'Clifton R. Gruhn'; 'Connor Mullin'; 'David Kully'; 'David M. Burkoff '; 'Donald J. Hayden'; 'Edward (Ed) Mullins '; 'Etan Mark'; Ethan Glass; 'Francisco Ramos, Jr.'; 'Gerald Edward Greenberg'; 'Heather H. Lundy '; 'Israel J. Encinosa'; 'Jason E. Gangwer'; 'Jeffrey B. Goldberg'; 'Jessica S. Carey'; 'Jonathan H. Kaskel '; 'Jorge D. Guttman '; 'Kimberly A. Pathman'; 'Lara O'Donnell Grillo'; 'Mark J. MacDougall'; 'Mark W. Ryan '; 'Michael C. Kelso'; 'Michael Gervais'; 'Michael P. Lennon, Jr'; 'Neal S. Manne'; 'Nicolas Swerdloff'; 'Robert C. Josefsberg '; 'Spencer H. Silverglate'; 'Stacey H. Mitchell'; 'Stephen Frederick Rosenthal'; 'Stephen H. Lee'; Stephen Hauss; 'Stephen M. Medlock '; 'Thomas P. McLish'; 'Weston O'Black'; William Burck; Randall Jackson; Steven W. Davis |
| **Cc:** | David Boies |
| **Subject:** | Deposition of PDVSA |

Dear Counsel –

We have just been informed that the President of Venezuela and the President of PDVSA have instructed Dr. Cabeza that she is not permitted to leave the country for her deposition scheduled for Friday, June 8 in Madrid.  We are seeking clarification and will let you know as soon as we know more.

**David A. Barrett**
Partner

**BOIES SCHILLER FLEXNER** LLP

575 Lexington Avenue
New York, NY 10022
(t)   +1 212 446 2310
(m) +1 917 359 3364
dbarrett@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

# EXHIBIT C



Caracas, 14 de mayo de 2018.

Ciudadanos
**In the United States District Court for**
**The southern district of florida Miami División.**
Presentes.

De mi mayor consideración,

Soy la Representante Judicial (*General Counsel*) de Petróleos de Venezuela, S.A. ("PDVSA").

Entiendo que: (i) los Demandados en la acción pendiente ante el Tribunal Federal en Miami titulada *PDVSA US Litigation Trust (el "Fideicomiso")v. Lukoil Pan Americas LLC et al. Caso: 1: 18-CV-20818 (DPG)* le han presentado al Fideicomiso solicitudes de documentos (*véase* el Anexo A adjunto); y (ii) estas solicitudes de documentos han sido modificadas por una Orden del Tribunal con fecha del 25 de abril de 2018 (Dkt. No. 278) (*véase* el Anexo B adjunto).

Confirmo que, después de una búsqueda razonable, PDVSA no ha encontrado ningún documento adicional que responda a las solicitudes referenciadas en los numerales (i) y (ii) del párrafo inmediatamente anterior que ya no esté en posesión de los abogados para el Fideicomiso.

Sin más a que hacer referencia, hago propicia la ocasión para reiterarle la seguridad de mi alta estima y consideración,

**HILDA MARIA CABEZA MORILLO**
Representante Judicial, PDVSA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| **PDVSA US LITIGATION TRUST,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:18-cv-20818-DPG |
| | ) |
| **LUKOIL PAN AMERICAS LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, and John Ryan serve the following Requests for Production upon Plaintiff PDVSA US Litigation Trust pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1(a).[1]

### DEFINITIONS AND INSTRUCTIONS

1.      "Lawsuit" shall mean the case captioned above.

2.      "PDVSA" shall mean Petróleos de Venezuela S.A. and any of its subsidiaries, affiliates, successors, assigns, officers, directors, employees, agents, or representatives.

3.      "Trust" shall mean the PDVSA US Litigation Trust, and any of its trustees, officers, directors, employees, agents, or representatives.

4.      "You" shall mean the Trust, PDVSA, and Algamex.

---

[1] In serving these requests, Defendants expressly reserve and do not waive all claims, defenses, and objections, including but not limited to defenses or objections to personal and subject matter jurisdiction, venue, service of process, and all other defenses under Fed. R. Civ. P. 12.

5.      "Trust Agreement" shall mean the PDVSA US Litigation Trust Agreement dated July 27, 2017.  (*See* ECF No. 161 Ex. A; ECF No. 221-14).

6.      "Contributed Claims" shall have the meaning set forth in the Trust Agreement.

7.      "Engagement Letter" shall have the meaning set forth in the Trust Agreement.

8.      "Algamex" shall have the meaning set forth in the Trust Agreement.

9.      "Defendants" shall mean the entities and individuals named as defendants in the Amended Complaint in the Lawsuit.

10.     "Document" shall mean any stored or retained data or information in any form, including electronic form, and including but not limited to all memoranda (including written memoranda of telephone conversations, other oral communications, discussions, agreements, acts and activities), letters, postcards, telegrams, intra-office and inter-office communications, correspondence, emails, text messages, handwritten or typewritten notes, pamphlets, diaries, records of every kind, sound recordings, transcripts of sounds recordings, contracts, agreements, books, letters, reports, catalogs, price lists, financial statements, books of account, journals, ledgers, purchase orders, invoices, indices, data processing cards, other data processing materials (including computer programs and related materials), data sheets, tapes, photographs, photostats, microfilm, maps, directives, bulletins, circulars, notices, messages, reports, tabulations, notes, economic or statistical studies, surveys, polls, minutes, instructions, requests, canceled checks, calendars, desk pads, drawings, diagrams, sketches, and writings of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced.

11.     "Concerning" shall mean relating to, referring to, describing, supporting, evidencing, or constituting.

12.      "And" and "or" shall mean and include both the conjunctive and the disjunctive as necessary to bring within the scope of the requests all documents that might otherwise arguably be construed as outside the scope of the requests.

13.      "Any" shall mean and include the words "each" and "all."

14.      "Including" shall mean including, without limitation.

15.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within its scope all responses that might otherwise be construed to be outside its scope.

16.      The singular form of a word includes the plural and vice versa whenever necessary to bring within its scope all responses that might otherwise be construed to be outside its scope.

17.      You should produce all documents responsive to the request that are within your possession, custody, and control.

18.      To the extent there are copies of responsive documents in multiple languages within your possession, custody, or control, you should produce copies of such documents in each language in which they are written.

19.      You should make original copies of the responsive documents available for inspection at a mutually-agreeable location for the parties.

20.      If you object to any definition, instruction or request as ambiguous, set forth the matter deemed "ambiguous" and respond to the applicable request by indicating the construction chosen and used in responding.

21.     If you contend you are unable to respond in full to any request after exercising due diligence to obtain and produce responsive documents, set forth the basis for your inability to do so.

22.     If you object to any request on the basis of the attorney-client privilege, the work product doctrine, or any other claim of privilege or protection, set forth the basis for the objection and produce a privilege log in accordance with Local Rule 26.1(e).

## REQUESTS

1.     Any documents concerning the establishment of the Trust "to investigate and pursue claims against Defendants and others," (Amended Complaint (ECF No. 12) ¶ 8), including any drafts thereof, exhibits, attachments, addenda, annexes, side agreements or amendments to the Trust Agreement, such as but not limited to the Engagement Letter and any agreements concerning Algamex.

2.     Any documents concerning any investigation into the Trust by any executive, legislative, or judicial body (including the investigation into the Trust by the National Assembly announced on April 3, 2018), including any documents produced to or by the National Assembly or any investigator.

3.     Any documents concerning the Trust's assertion that it has authority or standing to pursue the Contributed Claims against the Defendants in the Lawsuit, including any delegation of authority or authorization or approval by PDVSA, audit letters, or other opinions prepared by or on behalf of PDVSA or any Venezuelan government official or Ministry concerning whether the Trust Agreement itself, and/or any of the purported assignments in the Trust Agreement are valid or invalid.  (*E.g.*, ECF No. 221 at 24-30).

4. Any documents concerning any consideration, authorization or approval by any official or agent of PDVSA, the Venezuelan government, or any Venezuelan agency (including the Ministry of the People's Petroleum Power or the Procurator General), concerning the establishment of the Trust or the transfer, assignment, delivery, or scope of the Contributed Claims to the Trust.

5. Any documents concerning fees, benefits, loans, distributions of proceeds from the Lawsuit, intended recipients of any amounts generated by the Lawsuit (whether in judgment or settlement), or other financial arrangements with the Trust's trustees, the Trust's attorneys, PDVSA, Algamex, and any other entity that stands to receive or provide any sort of payment regarding the Trust, the Trust's activities, or the Lawsuit, including documents concerning sources of funding for the Trust, the terms for the payment or re-payment of Trust expenses (without limitation including legal fees, expert and consulting fees, and other costs and expenses related to the prosecution of legal claims on behalf of the Trust), and whether the participants to such arrangements were each independently advised by legal counsel.

6. Any documents concerning the negotiation, execution or notarization of the Trust Agreement, and the dates in which the Trust Agreement (including any exhibits, attachments, addenda, annexes, side agreements or amendments to the Trust Agreement) or any prior versions of same, was/were signed and/or notarized, in whole or in part.

7. Any documents concerning the selection, appointment, replacement, substitution, removal, or resignation of any trustee of the Trust or any of the putative trustees identified in any prior versions of the Trust Agreement (whether or not such persons ultimately actually became trustees of the Trust).

8.      Any documents concerning any commitment by PDVSA to be bound by or comply with discovery requests, trial subpoenas, court orders, and any judgments in the Lawsuit (including judgments on any counterclaims).

9.      Any documents concerning approvals, licenses, consents, or other authorizations considered, requested, or obtained from U.S. agencies or regulatory bodies (including the Department of Treasury or Office of Foreign Assets Control) relating to the Trust or this Lawsuit, including by Algamex and the Trust's attorneys.

10.     Any documents that refer or relate to the authority of PDVSA or any other entity or individual to direct litigation strategy, to hire or replace litigation counsel, to enter into settlement agreements, or to voluntarily dismiss or otherwise compromise claims in the Lawsuit.

Dated: April 10, 2018

Respectfully submitted,

| | |
|---|---|
| By: */s/ Edward M. Mullins* | By: /s/ *Bruce Birenboim* |
| Edward Mullins, Esq. | Stephen F. Rosenthal, Esq. |
| Florida Bar No. 863920 | Florida Bar No. 0131458 Email: |
| Email: emullins@reedsmith.com | srosenthal@podhurst.com |
| **REED SMITH LLP** | Robert C. Josefsberg, Esq. |
| 1001 Brickell Bay Drive, Suite 900 | Florida Bar No. 040856 |
| Miami, FL 33131 | Email: rjosefsberg@podhurst.com |
| Telephone: (786) 747-0200 | **PODHURST ORSECK, P.A.** |
| Facsimile: (786) 747-0299 | One S.E. 3rd Ave., Suite 2300 |
| | Miami, FL 33131 |
| William A. Burck, Esq. | Main Tel: (305) 358-2800 |
| *Admitted Pro Hac Vice* | Direct Tel: (305) 789-5905 |
| Email: williamburck@quinnemanuel.com | Facsimile: (305) 358-2382 |
| Ethan Glass, Esq. | |
| *Admitted Pro Hac Vice* | Bruce Birenboim, Esq. |
| Email: ethanglass@quinnemanuel.com | *Admitted Pro Hac Vice* |
| Adam B. Wolfson, Esq. | Email: bbirenboim@paulweiss.com |
| Email: adamwolfson@quinnemanuel.com | Brad S. Karp, Esq. |
| *Admitted Pro Hac Vice* | *Admitted Pro Hac Vice* |
| **QUINN EMANUEL URQUHART &** | Email: bkarp@paulweiss.com |
| **SULLIVAN, LLP** | Jessica S. Carey, Esq. |
| 1300 I Street NW, Suite 900 | *Admitted Pro Hac Vice* |
| Washington, DC 20005 | Email: jcarey@paulweiss.com |
| Telephone: (202) 538-8000 | **PAUL, WEISS, RIFKIND, WHARTON &** |
| Facsimile: (202) 538-8100 | **GARRISON, LLP** |
| | |
| *Attorneys for Defendant TRAFIGURA* | 1285 Avenue of the Americas |
| *TRADING, LLC* | New York, NY 10019-6064 |
| | Telephone: (212) 373-3000 |
| | Facsimile: (212) 757-3990 |
| | |
| | Adam B. Schwartz, Esq. |
| | *Admitted Pro Hac Vice* |
| | Email: aschwartz@paulweiss.com |
| | **PAUL, WEISS, RIFKIND, WHARTON &** |
| | **GARRISON, LLP** |
| | 2001 K Street, NW |
| | Washington, DC 20006 |
| | Telephone: (202) 223-7300 |
| | Facsimile: (202) 223-7420 |
| | |
| | *Attorneys for Defendants GLENCORE LTD.,* |

*GLENCORE ENERGY UK LTD., GUSTAVO GABALDON, and SERGIO DE LA VEGA*

By: */s/ Adam L. Hudes*

Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ Nicolas Swerdloff*

Nicolas Swerdloff, Esq.
Florida Bar No. 070416
Email:
Nicolas.swerdloff@hugheshubbard.com
Jeffrey B. Goldberg, Esq.
Florida Bar No. 118689
Email: Jeffrey.goldberg@hugheshubbard.com
**HUGHES HUBBARD & REED LLP**
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 358-1666
Facsimile: (305) 371-8759

*Attorneys for Defendant BAC FLORIDA BANK*

By: */s/ Kimberly Ann Pathman*

Kimberly A. Pathman
Florida Bar No. 118844
kpathman@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

and

Mark J. MacDougall (admitted *pro hac vice*)
mmacdougall@akingump.com
Thomas P. McLish (admitted *pro hac vice*)
tmclish@akingump.com
Stacey H. Mitchell (admitted *pro hac vice*)
shmitchell@akingump.com
Connor Mullin (admitted *pro hac vice*)
cmullin@akingump.com

*Attorneys for Defendants FRANCISCO MORILLO AND LEONARDO BAQUERO*

By: /s/ David M. Burkoff
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
Heather H. Lundy, Esq.
*Admitted Pro Hac Vice*
Email: hlundy@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: /s/ Alex Kaplan
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsspa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsspa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsspa.com

Neal S. Manne, Esq.
*Admitted Pro Hac Vice*
Email: nmanne@susmangodfrey.com
Alex Kaplan, Esq.
*Admitted Pro Hac Vice*
Email: akaplan@susmangodfrey.com
Weston O'Black, Esq.
*Admitted Pro Hac Vice*
Email: woblack@susmangodfrey.com
Michael Kelso, Esq.
*Admitted Pro Hac Vice*
Email: mkelso@susmangodfrey.com
Michael Gervais, Esq.
*Admitted Pro Hac Vice*
Email: mgervais@susmangodfrey.com
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

By: */s/Israel J. Encinosa*
Alex M. Gonzalez
Florida Bar No. 991200
alex.gonzalez@hklaw.com
Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com
Brian A. Briz
Florida Bar No. 657557
brian.briz@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
David Kully (admitted *pro hac vice*)
david.kully@hklaw.com

*Attorneys for Defendants HELSINGE,
INC., HELSINGE LTD., HELSINGE
HOLDINGS, LLC, DANIEL LUTZ, LUIS
LIENDO AND MARIA FERNANDA
RODRIGUEZ*

By: */s/ Etan Mark*
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

*Attorneys for Defendant JOHN RYAN*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on April 10, 2018, I caused the foregoing Defendants' First Requests for Production to Plaintiff to be served by e-mail and U.S. mail to all counsel of record at the addresses shown on the attached Service List.

<u>*/s/* Allan C. Galis</u>
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

## SERVICE LIST

Stephen F. Rosenthal
Podhurst Orseck, P.A.
One S.E. 3rd Ave., Suite 2300
Miami, FL  33131
Email:  srosenthal@podhurst.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3rd Ave., Suite 2300
Miami, FL  33131
Email:  rjosefsberg@podhurst.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Bruce Birenboim
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  bbirenboim@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Brad S. Karp
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  bkarp@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Email:  jcarey@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
2001 K Street, NW
Washington, D.C.  20006
Email:  aschwartz@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega*

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400/Fax: 539-1307
Email: sdavis@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200/Fax: 749-8300
Email: hmaher@bsfllp.com
*Counsel for PDVSA US Litigation Trust*

Stephen F. Rosenthal
Robert C. Josefsberg
Podhurst Orseck, P.A.
One S.E. 3r$^d$ Avenue, Suite 2300
Miami, Florida 33131
305-358-2800
Email: srosenthal@podhurst.com
*Counsel for Glencore LTD, Gustavo*
*Gabaldon, Glencore Energy UK Ltd., Sergio De*
*La Vega*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton
& Garrison, LLP
2001 K. Street NW
Washington, DC 20006-1047
202-223-7341
Email: aschwartz@paulweiss.com
*Counsel for Glencore LTD, Gustavo*
*Gabaldon, Glencore Energy UK Ltd., Sergio De*
*La Vega*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
212-373-3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com
*Counsel for Glencore LTD, Gustavo*
*Gabaldon, Glencore Energy UK Ltd., Sergio De*
*La Vega*

Gerald Edward Greenberg
Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950/Fax: 305-728-0951
Email: ggreenberg@gsgpa.com
Email: aschachter@gsgpa.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda)*
*Ltd., Antonio Maarraoui*

Alexander L. Kaplan
Michael Kelso
Neal S. Manne
Weston 0 'Black
Susman Godfrey, LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
713-651-9366
Email: akaplan@susmangodfrey.com
Email: mkelso@susmangodfrey.com
Email: nmanne@susmangodfrey.com
Email: woblack@susmangodfrey.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda)*
*Ltd., Antonio Maarraoui*

Michael Gervais
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
212-336-8330
Email: mgervais@susmangodfrey.com
*Counsel for Vitol, Inc., Vitol Energy (Bermunda)*
*Ltd., Antonio Maarraoui*

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574/Fax: (202) 887-4288
Email: kimberly.pathman@weil.com
*Counsel for Francisco Morillo, Leonardo Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite 400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com
*Counsel for Francisco Morillo, Leonardo Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com
*Counsel for Francisco Moral°, Leonardo Baquero*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com
*Counsel for Daniel Lutz, Helsinge Ltd., Saint-Helier, Helsinge, Inc.*

Alex M. Gonzalez
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
305-789-7666
Fax: 679-6332
Email: alex.gonzalez@hklaw.com
*Counsel for Daniel Lutz, Luis Liendo, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge, Ltd.*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com
*Counsel for Francisco Morillo, Leonard Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com
*Counsel for Francisco Morillo, Leonardo Baquero*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com
*Counsel for Daniel Lutz, Helsinge Ltd., Saint-Helier, Helsinge, Inc.*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@marlunigdal.com
*Counsel for John Ryan*

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street, Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com
*Counsel for John Ryan*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL  33131-2803
Email:  lara@markmigdal.com
*Counsel for John Ryan*

Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brockell Avenue, Suite 3100
Miami, FL  33131
Email:  Jennifer.altman@pillsburylaw.com
*Counsel for John Doe*

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
786-747-0200/Fax: 786-747-0299
Email: emullins@reedsmith.com
*Counsel for Trafigura Trading LLC*

Ethan Glass
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000
Email: ethanglass@quinnemanuel.com
*Counsel for Trafigura Trading LLC*

William A. Burck
Quinn, Emanuel, Urquhart and Sullivan, LLP
777 6th Street, NW
1 1th Floor
Washington, DC 20001
202-538-8120
Email: williamburck@quinnemanuel.com
*Counsel for Trafigura Trading LLC*

Jeffrey B Goldberg
Nicolas Swerdloff
Hughes Hubbard and Reed
201 S. Biscayne Blvd., 25th Floor
Miami, FL 33131
(305) 379-5573
Email: jeffrey.goldberg@hugheshubbard.com
Email: Nicolas.swerdloff@hugheshubbard.com
*Counsel for BAC Florida Bank*

Jorge David Guttman
GUNSTER
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6054
Fax: 305-376-6010
Email: jguttman@gunster.com
*Counsel for Lukoil Pan Americas LLC*

Jonathan H Kaskel
Gunster
600 Brickell Avenue
Suite 3500
Miami, FL 33131
305-376-6023
Fax: 305-376-6010
Email: jkaskel@gunster.com
*Counsel for Lukoil Pan Americas LLC*

Adam L. Hudes
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263- 3298
Email: ahudes@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Michael P. Lennon , Jr.
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
713-238-2667
Email: mlennon@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Stephen M. Medlock
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202- 263-3221
Email: smedlock@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Mark W. Ryan
Mayer Brown LLP
1999 K Street N.W.
Washington, DC 20006
202-263-3338
Email: mryan@mayerbrown.com
*Counsel for Lukoil Pan Americas LLC*

Stephen H. Lee
Porter Hedges LLP
1000 Main Street
36th Floor
Houston, TX 77002
713-226-6686
Email: slee@porterhedges.com
*Counsel for Maximiliano Poveda*

Spencer Hal Silverglate
Clarke Silverglate, P.A.
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-377-0700
Fax: 305-377-3001
Email: ssilverglate@cspalaw.com
*Counsel for Maximiliano Poveda*

EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-20818-CIV-GAYLES/OTAZO-REYES

PDVSA US LITIGATION TRUST,

     Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

     Defendants.

_____/

### FIRST DISCOVERY ORDER

THIS CAUSE came before the Court on Plaintiff PDVSA US Litigation Trust's ("Plaintiff") Letter re: Issues to be Addressed at the April 25, 2018 Hearing April 25, 2018 (hereafter, "Letter") [D.E. 275] and Defendants Lukoil Pan Americas LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading, LLC, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, John Ryan, and Luis Alvarez's (collectively "Defendants") Notice of Issues to be Addressed During April 25, 2018 Telephonic Discovery Conference (hereafter, "Notice") [D.E. 276].   These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 220].   The undersigned held a Telephonic Discovery Conference on these matters on April 25, 2018.   In accordance with the undersigned's rulings at the Telephonic Discovery Conference, it is

ORDERED AND ADJUDGED as follows:

I.      <u>Plaintiff's Letter</u>

➤ As to Plaintiff's First Request for Production of Documents, Defendants confirmed that they have produced all responsive documents and are not withholding any documents based on objections or privilege. Pursuant to Southern District of Florida Local Rule 26.1(e)(2)(C), Defendants need not produce a privilege log as to any privileged documents after this lawsuit was filed.

➤ Plaintiff's request to foreclose discovery on the grounds that the standing issue is purely legal is DENIED.

II.    <u>Defendants' Notice</u>

➤ Plaintiff shall supplement its responses to Defendant's First Request for Production with non-privileged, responsive documents to be obtained from the entity PDVSA.

➤ As to Defendants' Request for Production No. 1, Plaintiff shall produce non-privileged, responsive documents. This includes drafts of the Trust Agreement; the Engagement Letter; and agreements concerning Algamex.

➤ As to Defendants' Request for Production No. 5, Plaintiff shall produce non-privileged, responsive documents sufficient to show the requested information for all listed entities, excluding vendors.

➤ As to Defendants' Request for Production No. 6, Plaintiff shall produce non-privileged, responsive documents.

➤ As to Defendants' Request for Production No. 7, Plaintiff shall produce non-privileged, responsive documents sufficient to show the requested information.

➤ As to Defendants' Request for Production No. 9, Plaintiff shall produce non-privileged, responsive documents, except for internal communications within the

Boies Schiller firm concerning whether or not there was a need to make certain applications or communicate otherwise with regulators.

➢ As to Defendants' Requests for Production Nos. 2-4, 8 and 10, the parties were able to resolve their disputes.

➢ Plaintiff shall produce non-privileged, responsive documents in its possession in accordance with the foregoing rulings by **Wednesday, May 2, 2018.**

➢ To the extent that Plaintiff objects to the production of documents on the basis of privilege, Plaintiff shall submit a privilege log for those documents.

III. By **Friday, April 27, 2018**, the parties shall meet and confer on the following issues:

➢ Deadlines for the production of non-privileged documents to be obtained from PDVSA and for the submission of Plaintiff's privilege log;

➢ Availability of PDVSA's corporate representative for deposition by Defendants;

➢ Availability of Reinaldo Munoz Pedroza ("Pedroza"), Nelson Martinez ("Martinez"), Alexis Arellano ("Arellano"), and Manuel Quevedo ("Quevedo") for deposition by Defendants; and

➢ Availability of Defendants Francisco Morillo, Leonardo Baquero and Luis Liendo and a 30(b)(6) representative of a corporate Defendant for deposition by Plaintiff.

It is further

ORDERED AND ADJUDGED that a Continued Telephonic Discovery Conference is **SET** for **Monday, April 30, 2018** at **3:00 P.M. at 301 North Miami Avenue, Tenth Floor, Miami, Florida, 33128. Counsel shall call the conference number 1-888-684-8852 at the appointed time, then enter access code 4791317 and security code 0430.** At the Continued Telephonic Discovery Conference, the undersigned will address:

3

1. Deadlines for Plaintiff's supplemental production of non-privileged documents to be obtained from PDVSA and the submission of a privilege log;

2. The witnesses that each side intends to depose and their availability;

3. Any additional discovery or scheduling matters related to the issue of Plaintiff's standing.

4. The issue of discovery in preparation of the Preliminary Injunction hearing.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of April, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Darrin P. Gayles
       Counsel of Record

# EXHIBIT D

## PDVSA U.S. LITIGATION TRUST AGREEMENT

This PDVSA U.S. Litigation Trust Agreement (the **"Litigation Trust Agreement"** or "**Agreement**"), made this 27th day of July, 2017, by and between (a) Petróleos de Venezuela S.A. (with all affiliates, subsidiaries, successors and assigns, **"PDVSA"**), acting in this matter through the Minister of the People's Petroleum Power, as a representative duly authorized to take action on behalf of PDVSA, by virtue of Number 14 of Article 78 of the *Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública,* as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 6.147 *Extraordinaria,* dated November 17, 2014, and Article 8 of the *Ley Orgánica de Hidrocarburos,* as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 38.493, dated August 4, 2006, and (b) the individuals designated as trustees for the liquidating trust established pursuant to this Litigation Trust Agreement (each such person and each successor trustee, the **"Litigation Trustees"**), is executed to facilitate the prosecution of claims PDVSA has against various entities and individuals and the distribution of the Proceeds thereof. Each of PDVSA and the Litigation Trustees are sometimes referred to individually as a **"Party"** and collectively as the **"Parties."**

### RECITALS

WHEREAS, PDVSA is an oil and gas company owned by the Bolivarian Republic of Venezuela (**"Venezuela"**); and

WHEREAS, PDVSA is the owner of claims against multiple individuals and entities (the **"Conspirators"**) arising out of (1) the Conspirators' depression of prices for PDVSA's futures contracts; (2) the Conspirators' systematic failure to pay the ten percent (10%) balance for the futures contracts; (3) the Conspirators' inflation of the prices PDVSA pays for Naphtha; and (4) the Conspirators' systematic failure to deliver the full amount of Naphtha purchased by PDVSA (the **"Contributed Claims"**); and

WHEREAS, the Conspirators' misconduct has caused and continues to cause vast damages to PDVSA and the people of Venezuela; and

WHEREAS, in order to obtain compensation for PDVSA and the people of Venezuela, PDVSA is authorizing the engagement of United States law firms and investigators to further investigate, commence one or more civil actions (the **"Assigned Actions"**), and prosecute the Assigned Actions to conclusion; and

WHEREAS, PDVSA is also authorizing the engagement of counsel in other jurisdictions where ancillary litigation and legal services may be required in connection with the Contributed Claims and the Assigned Actions; and

WHEREAS, PDVSA is entering into this Litigation Trust Agreement in order to ensure the engagement of legal counsel and the investigators who have already expended substantial time, effort, and money investigating, analyzing and preparing the forthcoming litigation, and to provide for the orderly and consensual distribution of the Proceeds of the Assigned Actions, whether by pre-suit settlement, post-suit settlement, or judgment, to PDVSA; and

WHEREAS, PDVSA and Boies Schiller Flexner LLP and Meister Seelig & Fein LLP (the **"US Law Firm Appointers"**) are appointing the Litigation Trustees to hold and pursue the Assigned Actions; and

1

NOW, THEREFORE, in consideration of the promises, the mutual agreements of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For all purposes of this Litigation Trust Agreement, capitalized terms used herein and not otherwise defined shall have the meanings assigned to such terms: (i) in Annex A attached hereto and made part hereof; or (ii) that certain engagement letter agreement, dated as of July 12, 2017 (the **"Engagement Letter"**), between PDVSA and the Firm.  Unless otherwise specified, Article, Section and Paragraph references herein are to Articles, Sections and Paragraphs of this Litigation Trust Agreement.

## ARTICLE II
## ESTABLISHMENT OF THE LITIGATION TRUST

2.1     Establishment of Litigation Trust and Appointment of Litigation Trustees.

(a)     The Parties hereby establish a trust which shall be known as the "PDVSA US Litigation Trust" (defined herein as the **"Litigation Trust"**) on behalf of PDVSA.

(b)     The Litigation Trustees are hereby appointed as trustees of the Litigation Trust effective as of the full execution and delivery of this Litigation Trust Agreement and agree to accept and hold the assets of the Litigation Trust in trust for PDVSA subject to the terms of this Litigation Trust Agreement and the engagement letters entered into between PDVSA and the law firms and investigators engaged to investigate and prosecute the Assigned Actions.  The Litigation Trustees and each successor trustee serving from time to time hereunder shall have all the rights, powers and duties set forth herein.

(c)     The Litigation Trustees may serve without bond.

2.2     Transfer of Litigation Trust Assets.

(a)     PDVSA hereby irrevocably transfers, assigns, and delivers to the Litigation Trust, without recourse, all of its respective rights, title, and interests in and to the Contributed Claims and the Assigned Actions; and

(b)     PDVSA hereby irrevocably transfers, assigns, and delivers to the Litigation Trust and the Litigation Trustees, without waiver, all of their respective rights, title and interests in and to any privilege or immunity attaching to any documents or communications (whether written or oral) associated with the Contributed Claims (collectively, **"Privileges"** and, together with Contributed Claims, **"Assigned Actions"**), which shall vest in the Litigation Trustees and the Litigation Trust, in trust, for the benefit of PDVSA.  For purposes of the transfer of documents, the Litigation Trust is an assignee and successor to PDVSA in respect of the Contributed Claims and shall be treated as such in any review of confidentiality restrictions in requested documents. For purposes of this Section 2.2(b), "privileged" means attorney-client privilege or work product protection (or both as the case may be) as those terms are defined in Federal Rule of Evidence 502(g).



2

PDVSATRUST-0000002

2.3    Funding of the Litigation Trust.

(a)    From time to time, Algamex may provide funding to fund the fees, expenses, and costs of the Litigation Trust.  To the extent that a portion of any funding provided to the Litigation Trust by Algamex is not needed or reasonably likely to be used to defray the costs and expenses of the Litigation Trust, such funds shall be returned to Algamex.

(b)    Any failure or inability of the Litigation Trust to obtain funding will not affect the enforceability of the Litigation Trust.

2.4    Title to the Litigation Trust Assets.  The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 2.2 hereof is being made by PDVSA for the sole benefit, and on behalf of, PDVSA. Upon the transfer of the initial Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of PDVSA's rights, title and interests in the Litigation Trust Assets and no other entity shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Litigation Trust Assets upon their assignment and transfer to the Litigation Trust, other than as provided herein.

2.5    Nature and Purpose of the Litigation Trust.

(a)    Purpose.  The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustees, subject to the terms and conditions contained herein, is to (i) hold the Litigation Trust Assets and dispose of the same in accordance with this Litigation Trust Agreement, and (ii) oversee and direct the expeditious but orderly liquidation of the Litigation Trust Assets.   The primary purpose of the Litigation Trust is to facilitate the prosecution and resolution of the Assigned Actions and to liquidate the Litigation Trust Assets with no objective to continue or engage in the conduct of a trade or business.

(b)    Relationship.  This Litigation Trust Agreement is intended to create a trust and a trust relationship and is to be governed and construed in all respects as a trust.   The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Litigation Trustees or PDVSA, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of PDVSA to the Litigation Trustees shall be solely that of beneficiary of a trust and shall not be deemed a principal and agency relationship, and its rights shall be limited to those conferred upon it by this Litigation Trust Agreement.

## ARTICLE III
## RIGHTS, POWERS AND DUTIES OF LITIGATION TRUSTEES

3.1    Role of the Litigation Trustees.  In furtherance of and consistent with the purpose of the Litigation Trust, subject to the terms and conditions contained herein, the Litigation Trustees shall (i) hold the Litigation Trust Assets for the benefit of PDVSA , and (ii) make distributions of Proceeds and other Litigation Trust Assets. The Litigation Trustees shall be responsible for all decisions and duties with respect to the Litigation Trust and the Litigation Trust Assets.  In all circumstances, the Litigation Trustees shall act in the best interests of PDVSA and in furtherance of the purpose of the Litigation Trust, and shall use commercially

3

reasonable efforts to dispose of the Litigation Trust Assets and to make timely distributions and not unduly prolong the duration of the Litigation Trust.

3.2     Prosecution of Assigned Actions.   Subject to the provisions of this Litigation Trust Agreement, the Litigation Trustees shall hold, pursue, prosecute, release, settle or abandon, as the case may be, any and all Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the Proceeds of any such causes of action).

3.3     Authority to Settle Assigned Actions.

(a)     The Litigation Trustees, by unanimous consent, after consultation with the *Procurador General de la República Bolivariana de Venezuela* (the "**General Attorney**") shall be empowered and authorized to settle, dispose of or abandon any Assigned Actions (including any counterclaims to the extent such counterclaims are set off against the Proceeds of any such Assigned Actions).

(b)     Any determinations by the Litigation Trustees with regard to the amount or timing of settlement or other disposition of any Assigned Action shall be conclusive and binding on PDVSA and all other parties in interest.

3.4     Retention of Litigation Counsel and Other Professionals.   Subject to the Engagement Letter, the Litigation Trustees may (a) retain such independent experts and advisors (including, but not limited to, counsel, tax advisors, consultants, or other professionals) as the Litigation Trustees deem necessary to aid them in the performance of their duties and responsibilities hereunder and to perform such other functions as may be appropriate in furtherance of the intent and purpose of this Litigation Trust Agreement, and (b) commit the Litigation Trust to provide such professional persons or entities compensation and reimbursement in accordance with the Engagement Letter for services rendered and expenses incurred, *provided, however,* that all litigation counsel shall be approved in advance by the General Attorney.   Subject to the foregoing, the Litigation Trustees may select any of the foregoing professionals in their sole discretion, and such professionals' affiliation with the Litigation Trustees shall not preclude the Litigation Trust's retention of such professionals. Without limiting the foregoing, the Litigation Trustees may engage such professionals on a contingency fee basis, such that the professionals will be paid based upon recoveries from the Assigned Actions, in accordance with the Engagement Letter.

3.5     Trust Expenses.   The Litigation Trustees may incur any reasonable and necessary expenses in liquidating the Litigation Trust Assets.

(a)     The Litigation Trustee may maintain an expense fund (the "**Expense Fund**") and expend the assets of the Expense Fund (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the assets of the Litigation Trust during liquidation, (ii) to pay administrative expenses (including but not limited to, the costs and expenses of the Litigation Trustees (including reasonable fees, costs, and expenses of professionals incurred in the administration of the Litigation Trust) any taxes imposed on the Litigation Trust or in respect of the Litigation Trust Assets or fees and expenses in connection



4

PDVSATRUST-0000004

with, arising out of or related to the Litigation Trust Assets, and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject).

(b)      The Litigation Trustees may retain from the Proceeds and add to the Expense Fund, at any time and from time to time, such amounts as the Litigation Trustee deems reasonable and appropriate to ensure that the Expense Fund will be adequate to meet the expenses and liabilities described in Section 3.5(a) above.

(c)      Notwithstanding any other provision of this Litigation Trust Agreement to the contrary, the Litigation Trustees shall not be required to take any action or enter into or maintain any claim, demand, action or proceeding relating to the Litigation Trust unless it shall have sufficient funds in the Expense Fund for that purpose.

(d)      In accordance with the Engagement Letter, all expenses of prosecuting the Assigned Actions, including payments to all professionals, shall be borne by parties receiving 66% of the Proceeds of the Assigned Actions.

3.6      <u>Distributions.</u>

(a)      In the reasonable discretion of the Litigation Trustees by unanimous consent, the Litigation Trustees shall distribute all Proceeds on hand to PDVSA subject to approval of the General Attorney pursuant to the *Ley Orgánica de la Procuraduría General de la República,* as most recently published and promulgated in the *Gaceta Oficial de la República Bolivariana de Venezuela* N° 6.220 *Extraordinaria,* dated March 15, 2016, as the same may be amended from time to time ("**Ley Orgánica de la Procuraduría General de la República**").

(b)      The Litigation Trust may withhold from amounts distributable to any Person any and all amounts, determined in the Litigation Trustees' reasonable sole discretion, required by any law, regulation, rule, ruling, directive, or other governmental requirement (including, without limitation, tax withholding relating to wage claims).

(c)      The Litigation Trustees may retain a distribution agent for the effective administration and distribution of amounts payable to PDVSA and all costs and expenses of such distribution agent shall be paid from the Expense Fund.

3.7      <u>Management of Litigation Trust Assets.</u>

(a)      Except as otherwise provided in this Litigation Trust Agreement, and subject to Treasury Regulations governing liquidating trusts, but without prior or further authorization, the Litigation Trustees may, control and exercise authority over the Litigation Trust Assets, over the acquisition, management and disposition thereof and over the management and conduct of the Litigation Trust, in each case, to the extent necessary to enable the Litigation Trustees to fulfill the intents and purposes of this Litigation Trust Agreement. No person dealing with the Litigation Trust will be obligated to inquire into the authority of the Litigation Trustees in connection with the acquisition, management or disposition of the Litigation Trust Assets.

(b)      In connection with the management and use of the Litigation Trust Assets and except as otherwise expressly limited in this Litigation Trust Agreement, the Litigation

5

PDVSATRUST-0000005

Trustees will have, in addition to any powers conferred upon the Litigation Trustee by any other provision of this Litigation Trust Agreement, the power to take any and all actions as, in the Litigation Trustees' discretion, are necessary or advisable to effectuate the primary purposes of the Litigation Trust, including, without limitation, the power and authority (i) to distribute the Litigation Trust Assets to PDVSA in accordance with the terms of this Litigation Trust Agreement, (ii) to pay all expenses of the Litigation Trust, (iii) to sell, convey, transfer, assign, liquidate or abandon the Litigation Trust Assets, or any part thereof or any interest therein, upon such terms and for such consideration as may be commercially reasonable, (iv) to endorse the payment of notes or other obligations of any Person or to make contracts with respect thereto, and (v) to borrow such sums of money, at any time and from time to time, for such periods of time, upon such terms and conditions, from such Persons, for such purposes as may be commercially reasonable. The Litigation Trustees will not at any time, on behalf of the Litigation Trust or PDVSA, enter into or engage in any trade or business, and no part of the Litigation Trust Assets will be used or disposed of by the Litigation Trustees in furtherance of any trade or business.

(c)       All decisions and actions by the Litigation Trustees under the authority of this Litigation Trust Agreement will be binding upon PDVSA and the Litigation Trust.

3.8       <u>Additional Powers of the Litigation Trustees.</u> In addition to any and all of the powers enumerated above, and except as otherwise provided in this Litigation Trust Agreement, and subject to the Treasury Regulations governing liquidating trusts, the Litigation Trustees, shall be empowered to:

(a)       hold legal title to any and all rights of PDVSA in or arising from the Litigation Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Litigation Trust;

(b)       protect and enforce the rights of the Litigation Trust to the Litigation Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(c)       determine and satisfy any and all liabilities created, incurred or assumed by the Litigation Trust;

(d)       assert or waive any privilege or defense on behalf of the Litigation Trust;

(e)       make all payments relating to the Litigation Trust Assets;

(f)       obtain insurance coverage with respect to the potential liabilities and obligations of the Litigation Trust, the Litigation Trustees (in the form of a directors and officers policy, an errors and omissions policy or otherwise);

(g)       file, if necessary, any and all tax and information returns with respect to the Litigation Trust and pay taxes properly payable by the Litigation Trust, if any;



6

PDVSATRUST-0000006

    (h) request any appropriate tax determination with respect to the Litigation Trust;

    (i) retain and reasonably compensate for services rendered and expenses incurred an accounting firm or financial consulting firm to perform such reviews and/or audits of the financial books and records of the Litigation Trust as may be appropriate in the Litigation Trustee's discretion and to prepare and file any tax returns or informational returns for the Litigation Trust as may be required;

    (j) take or refrain from taking any and all actions the Litigation Trustee reasonably deems necessary for the continuation, protection, and maximization of the Litigation Trust Assets consistent with the purposes hereof;

    (k) take all steps and execute all instruments and documents the Litigation Trustee reasonably deems necessary to effectuate the Litigation Trust; and

    (m) take all actions the Litigation Trustee reasonably deems necessary to comply with this Litigation Trust Agreement and the obligations hereunder.

  3.9 <u>Limitations on Power and Authority of the Litigation Trustees.</u> Notwithstanding anything in this Trust Agreement to the contrary, the Litigation Trustees will not have the authority to do any of the following:

    (a) take any action in contravention of this Litigation Trust Agreement;

    (b) take any action which would make it impossible to carry on the activities of the Litigation Trust;

    (c) possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for other than Litigation Trust purposes and as provided herein;

    (d) permit the Litigation Trust to receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including without limitation expected expenses) or to maintain the value of its assets during liquidation;

    (e) exercise any investment power other than the power to invest in demand; and time deposits in banks or savings institutions, or temporary investments such as short term certificates of deposit or Treasury bills or other investments that may be held by a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

    (f) take any other action that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

  3.10 <u>Books and Records.</u> The Litigation Trustees shall maintain in respect of the Litigation Trust, the books and records relating to the Litigation Trust Assets and income of the Litigation Trust and the payment of expenses, liabilities and claims against or assumed

PDVSATRUST-0000007

by, the Litigation Trust in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust. Nothing in this Litigation Trust Agreement requires the Litigation Trustees to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for managing any payment or distribution out of the Litigation Trust Assets.

      3.11    Reports

      (a)    Financial and Status Reports. Within 90 days after the calendar year-end following the Effective Date and for each calendar year end thereafter, and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustees shall make available upon request to PDVSA a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a description of any action taken by the Litigation Trust which materially affects the Litigation Trust and of which notice has not previously been given to the holders of Litigation Trust Interests; and (iii) a description of the progress of liquidating Litigation Trust Assets and making distributions to PDVSA and any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust.

      (b)    Annual Plan and Budget. The Litigation Trustees may, but shall not be required to, prepare and submit to PDVSA an annual plan and budget in such detail as is reasonably requested.

      3.12    Compliance with Laws. Any and all distributions of Litigation Trust Assets and Proceeds of borrowings, if any, shall be in compliance with applicable laws, including, but not limited to, applicable federal and state laws.

**ARTICLE IV**
**THE LITIGATION TRUSTEES**

      4.1    Number and Appointment of Litigation Trustees.

      (a)    There shall at all times be three (3) Litigation Trustees.

      (b)    The initial three (3) Litigation Trustees hereby appointed are Alexis Arellano Bolivar, Vincent Andrews, and Edward P. Swyer.

      (c)    Alexis Arellano (the **"PDVSA Appointee"**) has been appointed by The Minister of the People's Petroleum Power (the **"PDVSA Appointer"**), and Vincent Andrews and Edward P. Swyer (together, the **"US Law Firm Appointees"**) have been jointly appointed by the US Law Firm Appointers. The PDVSA Appointer has the sole authority to select the successor(s) of the original PDVSA Appointee and the US Law Firm Appointers have the sole authority to appoint the successor(s) of the original US Law Firm Appointees. For the avoidance of doubt, and notwithstanding



8

anything contained to the contrary herein, at all times the Litigation Trustees shall be comprised of one person appointed by the PDVSA Appointer and two persons appointed by the US Law Firm Appointers.

4.2     Independent Trustees. The Litigation Trustees may not be a beneficiary hereunder.

4.3     Decisions and Actions of the Litigation Trustees.  Except as specified otherwise herein, all decisions and actions of the Litigation Trustees shall be by majority vote and shall require approval of at least two (2) of the three (3) Litigation Trustees.

4.4     Trustees' Compensation and Reimbursement. The Litigation Trustees shall receive compensation from the Litigation Trust as follows:

(a)     Compensation. The Litigation Trustees shall receive reasonable compensation as agreed to by PDVSA and the US Law Firm Appointers.  The Litigation Trustees' compensation may only be modified by unanimous consent of the Litigation Trustees and PDVSA.

(b)     Expenses. In addition, the Litigation Trust will reimburse the Litigation Trustees (out of the Litigation Trust Assets) for all reasonable, out-of-pocket expenses incurred by the Litigation Trustees in connection with the performance of their duties hereunder.

4.5     Resignation. The Litigation Trustees may resign by giving not less than ninety (90) days' prior written notice. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice, and (b) the appointment of a successor by the applicable appointer pursuant to Section 4.1 of this Litigation Trust Agreement for the Litigation Trustee position being vacated and the acceptance by such successor of such appointment.  If a successor Litigation Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the resigning Litigation Trustee may petition any court of competent jurisdiction for the appointment of a successor Litigation Trustee.

4.6     Removal. The Litigation Trustees may be removed for Cause.

4.7     Appointment of Successor Litigation Trustee. In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the applicable appointer under Section 4.1 shall designate a successor Litigation Trustee. Such appointment shall specify the date on which such appointment shall be effective. Every successor Litigation Trustee appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trust an instrument accepting the appointment under this Litigation Trust Agreement and agreeing to be bound thereto, and thereupon the successor Litigation Trustee, without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Litigation Trustee; provided, however, that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation



9

Trustee under the Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Litigation Trustee.

4.8 <u>Confidentiality.</u> The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Litigation Trust Agreement and following the termination of this Litigation Trust Agreement or following its removal or resignation hereunder, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

## ARTICLE V
## LIABILITY AND INDEMNIFICATION

5.1 <u>No Further Liability.</u> Each of the Litigation Trustees shall have no liability for any actions or omissions in accordance with this Litigation Trust Agreement unless arising out of their gross negligence or willful misconduct. In performing their duties under this Litigation Trust Agreement, the Litigation Trustees shall have no liability for any action taken by the Litigation Trustee in accordance with the advice of counsel, accountants, appraisers and other professionals retained by the Litigation Trust. Without limiting the generality of the foregoing, the Litigation Trustees may rely without independent investigation on copies of documents reasonably believed by the Litigation Trustee to be genuine, and shall have no liability for actions taken in reliance thereon. None of the provisions of this Litigation Trust Agreement shall require the Litigation Trustees to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Notwithstanding the foregoing, nothing in this Section 5.1 shall relieve the Litigation Trustees from any liability for any actions or omissions arising out of their gross negligence or willful misconduct.

5.2 <u>Indemnification of the Litigation Trustees.</u>

(a) To the fullest extent permitted by law, the Litigation Trust, to the extent of its assets legally available for that purpose, will indemnify and hold harmless the Litigation Trustees and each of their respective directors, members, shareholders, partners, officers, agents, professionals or employees (collectively, the **"Indemnified Persons"**) from and against any and all loss, cost, damage, expense (including, without limitation, fees and expenses of attorneys and other advisors and any court costs incurred by any Indemnified Person) or liability by reason of anything any Indemnified Person did, does or refrains from doing for the business or affairs of the Litigation Trust, except to the extent that it is finally judicially determined by a court of competent jurisdiction that the loss, cost, damage, expense or liability resulted from the Indemnified Person's gross negligence or willful misconduct. This indemnification shall apply only to the Litigation Trustees in the exercise of their duties hereunder and shall not apply to the actions of other persons involved in the prosecution of the Assigned Actions.

(b) Notwithstanding any provision herein to the contrary, the Indemnified Persons shall be entitled to obtain advances from the Litigation Trust to cover their reasonable

10

PDVSATRUST-0000010

expenses of defending themselves in any action brought against them as a result of the acts and omissions, actual or alleged, of an Indemnified Person in its capacity as such, *provided, however,* that the Indemnified Persons receiving such advances shall repay the amounts so advanced to the Litigation Trust immediately upon the entry of a final, non-appealable judgment or order finding that such Indemnified Persons were not entitled to any indemnity under the provisions of this Section 5.2. The foregoing indemnity in respect of any Indemnified Person shall survive the termination of such Indemnified Person from the capacity for which they are indemnified. Termination or modification of this Litigation Trust Agreement shall not affect any indemnification rights or obligations then existing.

(c)     The Litigation Trust, with the unanimous approval of the Litigation Trustees, may indemnify any of the Indemnified Persons for any loss, cost, damage, expense or liability for which the Indemnified Persons would not be entitled to mandatory indemnification under this Section 5.2.

(d)     Any Indemnified Person may waive the benefits of indemnification under this Section 5.2, but only by an instrument in writing executed by such Indemnified Person.

(e)     The rights to indemnification under this Section 5.2 are not exclusive of other rights which any Indemnified Person may otherwise have at law or in equity, including without limitation common law rights to indemnification or contribution. Nothing in this Section 5.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party.

5.3     Litigation Trust Liabilities. All liabilities of the Litigation Trust, including without limitation indemnity obligations under Section 5.2 of this Litigation Trust Agreement, will be liabilities of the Litigation Trust as an entity, and will be paid or satisfied from Litigation Trust Assets. No liability of the Litigation Trust will be owed in whole or in part by PDVSA individually or in PDVSA's capacity as a Beneficiary, by the Litigation Trustees individually or in the Litigation Trustees' capacity as Litigation Trustees, or by any member, partner, shareholder, director, officer, professional, employees, agent, affiliate or advisor of PDVSA or Litigation Trustee.

5.4     Limitation of Liability. Neither the Litigation Trustee nor their agents, employees and professionals will be liable for punitive, exemplary, consequential, special or other damages for a breach of this Trust Agreement under any circumstances.

5.5     Burden of Proof. In making a determination with respect to entitlement to exculpation or indemnification hereunder, the person, persons or entity making such determination shall presume that the Indemnified Person is entitled to exculpation and indemnification under this Litigation Trust Agreement, and any person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

### ARTICLE VI
### REPRESENTATIONS AND WARRANTIES

PDVSA hereby represent and warrant that (i) the signatories hereto have full authority to execute this Agreement on its behalf; (ii) this Agreement has been duly authorized, executed and

11

PDVSATRUST-0000011

delivered by it or on its behalf and is its valid and binding agreement, enforceable against it in accordance with the Agreement's terms; (iii) its execution, delivery, and performance under this Agreement will not contravene or constitute a default under any provision of applicable law or regulation or its charter documents (if any), any agreement or other instrument binding upon it or any of its subsidiaries or assets, or any judgment, order or decree of any governmental body, agency, official, or court having jurisdiction over it; and (iv) it has received all necessary approvals and authorizations from any governmental bodies, agencies, officials, self-regulatory organizations, or courts or other tribunals, whether foreign or domestic.

**ARTICLE VII**
**TERMINATION OF LITIGATION TRUST**

The Litigation Trustees and the Litigation Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Litigation Trustees determine that the pursuit of additional Assigned Actions is not likely to yield sufficient additional Proceeds to justify further pursuit of such Claims and (b) all distributions of Proceeds and other Litigation Trust Assets required to be made by the Litigation Trustees under this Litigation Trust Agreement have been made and all expenses of the Litigation Trust have been paid. Upon dissolution of the Litigation Trust, any remaining Cash on hand and other Litigation Trust Assets shall be distributed to PDVSA. Article V of this Litigation Trust Agreement shall survive any termination of the Litigation Trust Agreement.

**ARTICLE VIII**
**AMENDMENT AND WAIVER**

Any provision of this Litigation Trust Agreement may be amended or waived only in writing by unanimous consent of the Litigation Trustees; *provided, however,* that all amendments of this Litigation Trust Agreement shall be consistent with the purpose and intention of the Litigation Trust to facilitate the commencement and the prosecution of the Assigned Actions and to provide for the distribution of the Proceeds.

**ARTICLE IX**
**MISCELLANEOUS PROVISIONS**

9.1     Effectiveness. This Litigation Trust Agreement shall become effective as of the date that it is fully executed and delivered (the "**Effective Date**").

9.2     Counterparts. This Litigation Trust Agreement may be executed in two or more counterparts, all of which shall be taken together to constitute one and the same instrument.

9.3     Governing Law. This Litigation Trust Agreement shall be governed by, and construed and enforced in accordance the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

9.4     Dispute Resolution.   The Parties hereby agree that any dispute, claim or controversy arising out of or relating to this Litigation Trust Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration in

12

New York City before three arbitrators. The arbitration shall be administered by the ICC pursuant to its Comprehensive Arbitration Rules and Procedures. The arbitrators shall award to the prevailing party its costs, including reasonable attorneys' fees, arbitrator fees, filing fees, and other costs of the arbitration. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. The arbitrator's decision and award shall be final and binding and may be entered in any court of competent jurisdiction.

9.5    Venue and Jurisdiction. Subject to Section 9.4, the Parties irrevocably consent to the exclusive jurisdiction of the state and federal courts located within the State of New York, County of New York for any action or proceeding relating to the Litigation Trust or this Litigation Trust Agreement, provided, however, to the extent necessary or advisable, court approval of the Litigation Trust or this Litigation Trust Agreement may be sought in any court of competent jurisdiction that is presiding over an Assigned Action.

9.6    Headings. Sections, subheadings and other headings used in this Litigation Trust Agreement are for convenience only and shall not affect the construction or interpretation of this Litigation Trust Agreement or any provision thereof.

9.7    Severability. If any provision of this Litigation Trust Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Litigation Trust Agreement, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provisions of this Litigation Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

9.8    Due Authorization by the General Attorney. This Litigation Trust Agreement has been duly authorized by the General Attorney, Citizen Reinaldo Muñoz Pedroza, by virtue of, and in accordance with, Articles 107, 76, 21, 5 and 9 (1) of the Ley Orgánica de la Procuraduría General de la República.

9.9    Notices. All notices, requests or other communications, required or permitted to be made in accordance with this Litigation Trust Agreement including any change of address of PDVSA for the purposes of receiving distributions from the Litigation Trust shall be in writing and shall be delivered personally or by first class or express mail, return receipt requested or fax with confirmation of receipt or email with receipt acknowledgement. Notices should be directed to:

(a)    If to the Litigation Trust or the Litigation Trustees:

Vincent Andrews
Private Capital Adv
150 East 52nd St. Suite 21002
NY, NY 10022
vandrews@privatecapitaladv.com





13

Edward P. Swyer
The Swyer Companies
10 Executive Park Drive
Stuyvesant Plaza
Albany, New York 12203
eswyer@stuyvesantplaza.com

Alexis Arellano
Gerente General de Administración
Ministerio del Poder Popular para el Petróleo
Avenida Libertador, cruce con calle El Empalme
Complejo MinPetróleo - PDVSA
La Campiña, Caracas
VENEZUELA

(b)   If to PDVSA:

José Gabriel Oroño
Consultor Jurídico
Ministerio del Poder Popular para el Petróleo
Avenida Libertador, cruce con calle El Empalme
Complejo MinPetróleo - PDVSA
La Campiña, Caracas
VENEZUELA
oronojg@pdvsa.com

(c)   If to Procuraduría General de la República:

Despacho del Procurador General
Av. Los Ilustres, cruce con Calle Francisco Lazo Martí
Urb. Santa Mónica Caracas.
La Campiña, Caracas
VENEZUELA
rmunoz@pgr.gob.ve
rmunoz.pgr@gmail.com




PDVSATRUST-0000014

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**Dated: July 27, 2017**

_____
Alexis Arellano

_____
Edward P. Swyer

_____
Vincent Andrews

_____
Nelson Martínez
Minister of the People's Petroleum Power
Bolivarian Republic of Venezuela

_____
Reinaldo Muñoz Pedroza
Procurador General de la República
Bolivarian Republic of Venezuela



15

PDVSATRUST-0000015

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Litigation Trust Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

**Dated: July 27, 2017**

Alexis Arellano

Edward P. Swyer

Vincent Andrews

Nelson Martínez
**Minister of the People's Petroleum Power**
**Bolivarian Republic of Venezuela**

Reinaldo Muñoz Pedroza
**Procurador General de la República**
**Bolivarian Republic of Venezuela**





15

## ANNEX A

### DEFINITIONS

"**Cause**" shall be defined as: (i) a person's willful failure to perform his material duties hereunder, which is not remedied within thirty (30) days of notice; (ii) a person's commission of an act of fraud, theft or embezzlement during the duties of his employment hereunder; or (iii) the Person's conviction for the commission of a felony with all appeals having been exhausted or appeal periods lapsed; *provided,* that no Cause shall exist involving subsection (i) above until the person first has failed to cure such failure within thirty (30) days of having been given written notice of such failure. For purposes of the foregoing, no act or failure to act on the part of a person shall be considered "willful" unless it is done, or permitted to be done, by the Person without reasonable belief that such person's action or omission was in the best interests of the Trust.

"**Interests**" means beneficial interests in the Litigation Trust.

"**Litigation Trust Assets**" includes the Assigned Actions and any Proceeds, or other results, from the Assigned Actions, directly or indirectly.

"**Proceeds**" means the actual consideration, if any, received as a result of any judgment, settlement, or compromise of any of the Assigned Actions, *provided, however,* that, as contemplated in the Engagement Letter, the Litigation Trust shall not receive more than 34% of the final amount of Proceeds.

"**Treasury Regulation**" means any regulation promulgated under the Internal Revenue Code of 1986, as amended.





16

State of New York      )
                       ) ss
County of _Albany_     )

On the _2nd_ day of April in the year 2018 before me, the undersigned, personally appeared Edward P. Swyer personally known to me or proved to me on the basis of satisfactory evidence to be the individual who name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, executed the instrument.

_____
Edward P. Swyer


Sworn to before me this _2nd_ day
of April, 2018

_____
Notary Public

        SANDRA L. TATEM
    Notary Public, State of New York
            No. 4655309
      Qualified in Albany County
    Commission Expires March 30, 20_19_

PDVSATRUST-0000018

State of New York      )
                       ) ss
County of _New York_   )

On the _2nd_ day of April in the year 2018 before me, the undersigned, personally appeared Vincent Andrews personally known to me or proved to me on the basis of satisfactory evidence to be the individual who name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, executed the instrument.

_____
Vincent Andrews

Sworn to before me this _2nd_ day
of April, 2018

_____
Notary Public

ANN MARGARET TORREGROSSA
Notary Public - State of New York
NO. 01TO6212102
Qualified in Rockland County
My Commission Expires _10.5.21_

PDVSATRUST-0000019

# CONFIDENTIAL EXHIBIT E

*Pending Order on Defendants' Motion to File Under Seal*