UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

PDVSA U.S. LITIGATION TRUST,

    Plaintiff,

v.

LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,

    Defendants.

Case No. 1:18-CV-20818 (DPG)

**PLAINTIFF'S RESPONSE TO DEFENDANT TRAFIGURA TRADING, LLC'S MOTION FOR CLARIFICATION REGARDING THE PRESERVATION ORDER [DKT NO. 414]**

For the third time, Defendant Trafigura Trading, LLC ("Trafigura") complains about the fact that this Court entered a Preservation Order (Dkt. No. 95) requiring various Defendants to preserve documents relating to (1) PDVSA; (2) the Morillo Group Defendants' assets or

finances; or (3) any business operated by the Morillo Group Defendants.  That Order is clear and unequivocal.

At the April 4, 2018 hearing, Trafigura asked the Court to relieve it from the terms of the Preservation Order.  This Court declined to do so and expressly found good cause to keep the Preservation Order in effect.  Tr. of April 4, 2018 Hearing (Dkt. No. 234) at 15-19.

On May 7, 2018, Trafigura sent what it called a "Notice" (Dkt No. 361) that it will "proceed with a document preservation protocol in accordance with the Federal Rules and otherwise apply its regular-course-of-business document retention policy."  Dkt. No. 361, at *2. In this notice, Trafigura also suggested that it unsuccessfully attempted to convince Plaintiff to adopt a "key word approach" to preservation of its documents.

Plaintiff responded to this notice (Dkt. No. 372) by pointing out that Trafigura was subject to this Court's Document Preservation Order and that Trafigura was reminded by this Court of Trafigura's obligation to comply with that Order at the hearing on April 4, 2018. Plaintiff further pointed out the reasons why it believed that a key word search was not an appropriate methodology of preserving relevant documents and complying with this Court's Order, specifically, that Plaintiff could not be this certain at this early stage, before merits discovery, of all the key terms that were used by the conspirators and their communications. Nonetheless, Plaintiff stated that it would consider Trafigura's request if there was a tangible showing of burden.  Plaintiff also provided the Court with a copy of Plaintiff's May 2, 2018 email which reiterated that Plaintiff would consider a key word search methodology if Trafigura could set forth evidence of actual burden.  *See* Exhibit A attached hereto.  But, Trafigura failed to explain, either to Plaintiff or in its notice to the Court, what burden it would suffer by simply complying with the express terms of this Court's Preservation Order.

Now, once again, Trafigura is before the Court suggesting the adoption of a "search term proposal" for satisfying its obligations under this Court's Preservation Order. And, once again, Trafigura fails to cite any case law or set forth any specific facts to support a claim that complying with the express terms of this Court's Order would pose any burden on Trafigura.

Trafigura also continues to assert that there is no reason why it should be subject to the Preservation Order when there is no specific showing that it destroyed documents. Yet, the Declaration of John Brennan, Exhibit A to the Amended Complaint (Dkt. No. 12-1), references and attaches a number of communications between the Morillo Group Defendants and Trafigura's traders discussing numerous corrupt payments and bid rigging. These documents show beyond a doubt that Trafigura was part of an illicit conspiracy, easily justifying the entry of the Preservation Order.

The Court's Order is clear and Trafigura should be reminded that it must comply with the Court Order pending the hearing on the Motion for a Preliminary Injunction. Plaintiff is prepared at any time to present its case at such a hearing but Trafigura successfully argued to the Court that the hearing on the Preliminary Injunction should be deferred until after the standing issue had been resolved. April 4, 2018 Tr. at 12. Now, two months later, the standing issue is still not resolved and it appears that the hearing on standing will not take place until August, at the earliest. Until such time as the hearing occurs, the Preservation Order should stay in place.

Dated: June 21, 2018

Respectfully Submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
Steven W. Davis (Bar No.: 347442)

Stephen N. Zack (Bar No.: 145215)
Bank of America Tower
100 Southeast 2nd St., Suite 2800
Miami, FL 33131
Tel:  (305) 539-8400
Fax:  (305) 539-1307

David Boies
Helen M. Maher
333 Main Street
Armonk, New York 10504
Tel: (914) 749-8200
Fax: (914) 749-8300

Nicholas A. Gravante, Jr.
David A. Barrett
Randall Jackson
Ellen Brockman
575 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

George F. Carpinello
Teresa A. Monroe
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel:  (518) 434-0600
Fax:  (518) 434-0665

*Attorneys for Plaintiff*