# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

PDVSA US LITIGATION TRUST

       Plaintiff,

   v.

LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.

       Defendants

Case No. 1:18-CV-20818 (DPG)

## DECLARATION OF ADAM R. SHAW

**ADAM R. SHAW**, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner at the law firm of Boies Schiller Flexner LLP, counsel for Plaintiff and I am licensed to practice law in the State of New York and admitted *pro hac vice* before this Court.

2.      I make this Declaration in opposition to Defendants' motion, by order to show cause, for sanctions and other relief against Plaintiff (Dkt. No. 430).

3.      Attached hereto as Exhibit A is a true and correct copy of an e-mail chain, which includes an e-mail from Israel Encinosa, counsel for Defendants Daniel Lutz, Helsinge Ltd., Saint-Helier, and Helsinge, Inc., to George Carpinello, counsel for Plaintiff, dated April 21, 2018 at 1:28 p.m, and an email from George Carpinello to Israel Encinosa, dated April 24, 2018 at 10:05 a.m.

4.      Attached hereto as Exhibit B is a true and correct copy of an e-mail chain, which includes an e-mail from Israel Encinosa to George Carpinello, dated May 4, 2018 at 4:06 p.m., and an email from George Carpinello to Israel Encinosa, dated May 5, 2018 at 1:30 p.m.

5.      Attached hereto as Exhibit C is a true and correct copy of a letter from Dr. Hilda Maria Cabeza Morillo ("Dr. Cabeza"), the General Counsel of PDVSA, to the United States District Court for the Southern District of Florida, dated May 14, 2018.

6.      Attached hereto as Exhibit D is a true and correct copy of an e-mail from George Carpinello to Reinaldo Muñoz Pedroza and Henry Facchinetti dated July 11, 2017 at 9:43 p.m., which was produced by Plaintiff on May 30, 2018, bearing production number PDVSATRUST 0000791.

7.      Attached hereto as Exhibit E is a true and correct copy of an Engagement Letter from Nicholas Gravante, Jr., Counsel for Plaintiff, to Nelson Martinez, Minister of Oil of the Bolivarian Republic of Venezuela, dated May 16, 2018, which was produced by Plaintiff on May 2, 2018, bearing production numbers PDVSATRUST 0000285-289.

8.  Attached hereto as Exhibit F is a true and correct copy of excerpts from the transcript of the deposition of David Boies, which was taken on May 25, 2018.

9.  Attached hereto as Exhibit G is a true and correct copy of an e-mail from Israel Encinosa to George Carpinello, dated May 16, 2018 at 4:30 p.m.

10.  Attached hereto as Exhibit H is a true and correct copy of excerpts from the transcript of the telephone hearing held on June 19, 2018 at 2:05 p.m. before United States Magistrate Judge Otazo-Reyes.

11.  Attached hereto as Exhibit I is a true and correct copy of the "Country Profile" of the Bolivarian Republic of Venezuela, downloaded from the Hague Convention website, *available at* https://assets.hcch.net/docs/fd1e1037-4832-41b0-b510-9465e4ead3b3.pdf, which contains the Venezuelan Central Authority's responses to a questionnaire entitled "Taking of Evidence by Video-Link Under the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters."

12.  On May 22, 2018, Plaintiff's counsel and Defendants' counsel met and conferred via teleconference.  During the teleconference, Plaintiff's lead counsel, David Boies, explained to Defendants' counsel that Plaintiff had been advised Dr. Cabeza cannot be produced in the United States.  Mr. Boies explained that multiple options remained available to Defendants should they wish to depose Dr. Cabeza as a designee for PDVSA pursuant to Federal Rule of Civil Procedure 30(b)(6), including:  (1) noticing the deposition under the procedures set out in the Hague Convention; and/or (2) arranging a deposition by video conference from the American Embassy in Caracas.  Plaintiff urged Defendants to agree to one of these alternatives so that a deposition could move forward.

13.  On June 12, 2018, Plaintiff's counsel and Defendants' counsel met and conferred again via teleconference.  Again, Mr. Boies explained there are multiple ways a Rule 30(b)(6)

deposition of PDVSA could be arranged, notwithstanding Dr. Cabeza's inability to travel outside Venezuela. Defendants could:  (1) continue to try to procure an in-person deposition of Dr. Cabeza, although given the ongoing issues in Venezuela, Plaintiff could not at that time represent that an in-person deposition outside Venezuela is likely to happen; (2) conduct a deposition by video conference of Dr. Cabeza; or (3) conduct an in-person deposition of an alternative Rule 30(b)(6) designee for PDVSA who is either already outside Venezuela or who is authorized to travel outside Venezuela.  In addition, Mr. Boies explained that the situation in Venezuela is also preventing the Procurador General from traveling to the United States for a deposition, but that the Procurador General similarly could be made available for a deposition by video conference, and that such a deposition could be conducted in compliance with all relevant law.

**I hereby declare under penalties of perjury that the foregoing is true and correct.**

Executed on June 28, 2018

/s/ Adam R. Shaw
Adam R. Shaw