UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES

PDVSA US LITIGATION TRUST,

       Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

       Defendants.

_____/

**NOTICE OF FACTS IN SUPPORT OF DEFENDANTS' MOTION [Dkt. No. 430]**

Defendants Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, Luis Liendo, and Maria Fernanda Rodriguez ("Defendants") provide this notice for the Court's consideration as a supplement to Defendants' Motion, by Order to Show Cause, for Sanctions and Other Relief [Dkt. No. 430]. Plaintiff has provided a series of excuses, without ever offering proof, for its inability to produce a single PDVSA representative for deposition. Originally, Plaintiff claimed that Venezuelan officials could not travel abroad in anticipation of the Venezuelan elections on May 20, 2018. After that date passed, Plaintiff then claimed that Venezuela's President barred state officials from travelling abroad, including noticed deponents Dr. Hilda Cabeza and Mr. Reinaldo Munoz Pedroza. June 7, 2018 Hr'g Tr. 12-13 [Dkt. No. 424]. Contrary to these assertions, however, Venezuelan officials have engaged in extensive and widely publicized official foreign travel during this same time period.

Plaintiff has represented to Defendants' counsel and this Court that there is a moratorium on travel abroad for Venezuelan and PDVSA officials. Ex. A.; June 7, 2018 Hr'g Tr. 12-13 [Dkt.

1

No. 424]. If any factual basis existed for these assertions, Plaintiff (a) failed to seek corroboration of the statements before making them to the Court and to Defendants' counsel and (b) did not inform the Court or correct those statements after the fact that Venezuelan officials continue to engage in regular international travel became known. This Court has already admonished Plaintiff's counsel for its failure to correct representations made to parties and this Court during this case. *See* June 6, 2018 Hr'g Tr. 55:15-25 – 56:1-3 [Dkt. No. 421].

> I. **Plaintiff has represented that Venezuelan officials cannot travel abroad for political reasons.**

This Court has granted limited discovery related to the issue of Plaintiff's standing because the Court does not have jurisdiction to review Plaintiff's claims unless Plaintiff can make that threshold showing. The parties agreed to limited discovery, including depositions, to develop a factual record on that issue. To that end, Defendants identified as possible deponents PDVSA (via Rule 30(b)(6) representative) and a series of individuals who have knowledge concerning Plaintiff's standing, and Plaintiff initially agreed to make those witnesses available for deposition on oral testimony. Apr. 30, 2018 Hr'g Tr. 12:15-20. *See* Ex. B.

In a conference with defense counsel on April 27, 2018, Plaintiff represented that no Venezuelan officials would be available for deposition in light of the election scheduled for May 20, 2018. Defendants agreed to postpone depositions of state officials until after that date.

After the May 20 election, Plaintiff agreed that several individuals could be made available for deposition, including Cabeza and Pedroza. Ex. C. Defendants noticed those depositions and made arrangements as described in their prior Motion [Dkt. No. 430]. Defendants even made arrangements to take the deposition of Dr. Cabeza in Spain based on Plaintiff's representation that she could not travel to the United States for political reasons. May

2

23, 2018 Hr'g Tr. 34:16-23.  Plaintiff then abruptly cancelled both depositions just two days before they were scheduled to take place, by the following email on May 27, 2018:

> "Counsel: We have been advised that, after the election, the President of Venezuela had restricted travel of government officials outside the country. We will advise you of alternative arrangements with regard to depositions as soon as we know them."

Ex. A. Specifically, Plaintiff's counsel claimed that Cabeza was barred from travelling abroad by Venezuela's President.  June 7, 2018 Hr'g Tr. 12-13 [Dkt. No. 424].

## II. Numerous Venezuelan officials, including PDVSA representatives, have travelled abroad in recent weeks.

Defendants have become aware of numerous instances of Venezuelan officials, including PDVSA officials, travelling abroad in the same time frame as the alleged moratorium on official travel.  Two PDVSA officials, Manuel Quevedo,[1] Venezuelan Oil Minister and President of PDVSA, and his wife, Mary Quevedo, who is also a PDVSA executive, traveled to Vienna, Austria, for the Seventh International Seminar of OPEC on June 21, 2018. Ex. D. Other examples of Venezuelan officials travelling abroad include, but are not limited to:

- The Minister of Popular Power for Productive Agriculture and the Land and Minister of People's Power for Ecological Mining Development were in St. Petersburg, Russia, on May 25, 2018. Ex. E.
- Venezuelan Supreme Court Justices were in Cuba on May 29, 2018. Ex. F.
- Ali Padron, Deputy Minister of International Tourism, represented the Ministry of Popular Power for Tourism in Beijing, China on June 18, 2018. Ex. G.

---

[1] Defendants have previously requested the deposition of Mr. Quevedo in this case. However, Plaintiff claims that it does not control Mr. Quevedo and he has refused to sit for a deposition.

- Maria Alejandra Diaz and Diva Guzman, members of the Constitutional Assembly and representatives of the United Socialist Party of Venezuela, were in Paraguay on June 19, 2018. Ex. H.

- Employees of the Central Bank of Venezuela and Ministry of Popular Power for Ecological Mining Development were in Belgium on June 20, 2018. Ex. I.

- William Jesus Rincones Azavache, General Director from Ministry of Planning of Venezuela, delivered a speech at the opening ceremony of the Seminar on Geographic Information Science in Shanghai, China on June 20, 2018. Exs. J and K.

- A Venezuelan delegation participated in the XX High Level Meeting of the Mechanism of Coordination and Cooperation on drugs in Sofia, Bulgaria, on June 20-21, 2018. Exs. L and M.

### III. Conclusion

Defendants submit this additional notice in order to provide the Court with a full factual record upon which to consider Defendants' Motion, by Order to Show Cause, for Sanctions and Other Relief.  The facts provided here illustrate that Plaintiff  (a) intentionally represented to Defendants and this Court that  official travel by Venezuelan officials was prohibited by executive action of that government, (b) failed to seek corroboration of the statements before repeating such statements  to Defendants' Counsel and the Court, and  (c) failed to correct those false statements after the fact that Venezuelan officials are frequently leaving the country on official business became known and was widely publicized.

Dated: June 29, 2018

        Respectfully submitted,

| | |
|---|---|
| *By: /s/Israel J. Encinosa* | *By: /s/ Kimberly Ann Pathman* |
| Alex M. Gonzalez | Kimberly A. Pathman |
| Florida Bar No. 991200 | Florida Bar No. 118844 |
| alex.gonzalez@hklaw.com | kpathman@akingump.com |
| Israel J. Encinosa | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| Florida Bar No. 0046083 | 1333 New Hampshire Avenue NW |
| israel.encinosa@hklaw.com | Washington, DC 20036 |
| Brian A. Briz | Tel: (202) 887-4000 |
| Florida Bar No. 657557 | Fax: (202) 887-4288 |
| brian.briz@hklaw.com | |
| **HOLLAND & KNIGHT LLP** | and |
| 701 Brickell Avenue, Suite 3300 | |
| Miami, Florida 33131 | Mark J. MacDougall (admitted *pro hac vice*) |
| Tel: (305) 374-8500 | mmacdougall@akingump.com |
| Fax: (305) 789-7799 | Thomas P. McLish (admitted *pro hac vice*) |
| David Kully (admitted *pro hac vice*) | tmclish@akingump.com |
| david.kully@hklaw.com | Stacey H. Mitchell (admitted *pro hac vice*) |
| | shmitchell@akingump.com |
| *Attorneys for Defendants HELSINGE, INC., HELSINGE LTD., HELSINGE HOLDINGS, LLC, DANIEL LUTZ, LUIS LIENDO AND MARIA FERNANDA RODRIGUEZ* | Connor Mullin (admitted *pro hac vice*) |
| | cmullin@akingump.com |
| | *Attorneys for Defendants FRANCISCO MORILLO AND LEONARDO BAQUERO* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Jason Gangwer*