UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20818-CIV-GAYLES/OTAZO-REYES

PDVSA US LITIGATION TRUST,

    Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

    Defendants.
_____/

## SEVENTH DISCOVERY ORDER

THIS CAUSE came before the Court upon Defendants Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Luis Alvarez, Maximiliano Poveda, Francisco Morillo, Leonardo Baquero, Helsinge Holdings, LLC, Helsinge, Inc., Helsinge Ltd., Daniel Lutz, and Luis Liendo's (collectively, "Defendants") Notice of Issues Requested to be Addressed in Advance of the July 5, 2018 Supplemental Deposition of Algamex (hereafter, "Defendants' Notice") [D.E. 463]; and Plaintiff PDVSA US Litigation Trust's ("Plaintiff" or the "Trust") and Algamex's Response to Defendants' Notice [D.E. 473]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 220]. The undersigned held a Telephonic Hearing on these matters on July 3, 2018. In accordance with the undersigned's rulings at the Telephonic Hearing with regard to the Supplemental Deposition of Algamex's corporate representative scheduled for July 5, 2018, it is

    ORDERED AND ADJUDGED as follows:

1. Algamex's corporate representative, William Duker ("Mr. Duker"), may only be instructed not to answer questions at the Supplemental Deposition based on privilege objections, not on scope objections.

2. As to Topics Nos. 1-8 in Defendants' Notice [D.E. 463 at 3-4], the undersigned finds that the questions set out in those Topics do not seek attorney-client communications or work product, but rather facts. As such, they are not covered under the attorney-client privilege or work product privilege invoked by Plaintiff and Algamex either directly or under common interest or agency theories. Therefore, Algamex's corporate representative shall answer those questions at the Supplemental Deposition.

3. As to Topic No. 9 in Defendants' Notice [D.E. 463 at 4], the undersigned finds that the following questions are permissible: 1) who Mr. Duker or any other Algamex representative spoke to about the Trust and the issues underlying this litigation before the Trust was formed; 2) when those conversations occurred; 3) the general subject matter of those conversations; and 4) who was present during those conversations. However, Plaintiff's counsel may raise privilege objections and instruct Mr. Duker not to answer subject matter questions about the conversations if the conversations included attorneys or referenced communications from attorneys or their mental impressions or strategies.

4. As to Mr. Duker's relationship with other companies, the undersigned finds that Questions Nos. 1 and 2 in Defendants' Notice [D.E. 463 at 7] are permissible. Therefore, Algamex's corporate representative shall answer those questions at the Supplemental Deposition. However, Questions Nos. 3-6 in Defendants' Notice

[D.E. 463 at 7] are too far removed from the issue of Plaintiff's standing. Thus, Defendants may not ask those questions at the Supplemental Deposition.

5. As to Defendants' contention that Plaintiff has waived privilege objections to certain questions as to which David Evans ("Mr. Evans") did not know the answer by not raising them during the initial deposition of Algamex's corporate representative, the undersigned finds that the objections have been waived only for those questions as to which no privilege objection was asserted.

6. Plaintiff's *ore tenus* request to delay the Supplemental Deposition of Algamex's corporate representative and Defendants' *ore tenus* request to extend the time limitation beyond 2 hours are DENIED. The Supplemental Deposition shall go forward as scheduled on **July 5, 2018** and shall be limited to **2 hours**.

7. The parties' joint *ore tenus* request to extend the July 2, 2018 deadline to submit a proposed agreed confidentiality order is GRANTED. The parties shall submit a proposed agreed confidentiality order by **July 3, 2018**.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of July, 2018.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Counsel of Record