# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

22 de enero de 2018

Ciudadanos
Mr. Guerric Canonica
Canonica Valticos de Preux & Associés
Gcanonica@cvpartners.ch
Presente.-



**RE: Solicitud de Opinión**

*Opinión jurídica sobre la cualidad del Procurador General de la República para actuar en juicio en nombre de Petróleos de Venezuela S.A.*

Estimado Señor,

Tengo el agrado de dirigirme a usted, con la finalidad de dar respuesta a las interrogantes relativas a *la cualidad del Procurador General de la República para actuar en juicio en nombre de Petróleos de Venezuela S.A*, una vez revisadas las normas constitucionales, legales y sublegales y la jurisprudencia que regula la materia en referencia, tengo a bien observar lo siguiente:

La Procuraduría General de la República Bolivariana de Venezuela es un órgano constitucional cuya principal función es asesorar, representar y defender judicial y extrajudicialmente los derechos e intereses patrimoniales de la República, tanto a nivel nacional como internacional.[1]

---

[1] Ver: **Constitución de la República Bolivariana de Venezuela**. "**Artículo 247**. La Procuraduría General de la República asesora, defiende y representa judicial y extrajudicialmente los intereses patrimoniales de la República, y será consultada para la aprobación de los contratos de interés público nacional. La ley orgánica determinará su organización, competencia y funcionamiento"; y **Ley Orgánica de la Procuraduría General de la República "Artículo 2 .** En ejercicio de las potestades que le confiere la Constitución de la República Bolivariana de Venezuela, son competencias exclusivas de la Procuraduría General de la República asesorar jurídicamente a los órganos del Poder Público Nacional y ejercer la defensa y representación judicial y extrajudicial de los derechos, bienes e intereses patrimoniales de la República, tanto a nivel nacional como internacional. Las potestades y competencias de representación y defensa previstas en este artículo no podrán ser ejercidas por ningún otro órgano o funcionario del Estado, sin que medie previa y expresa sustitución otorgada por el Procurador o Procuradora General de la República" "**Competencias específicas en la actuación internacional.**



1

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

La Ley Orgánica de la Procuraduría General de la República, especifica que su ámbito de actuación en la representación y defensa se extiende a la afectación directa o indirecta de los bienes, derechos e intereses patrimoniales de la República.[2]

Tal indicación sobre los intereses directos e indirectos de la República, implica que su competencia se ejercita ante i) la afectación *directa*: desarrollando la representación y defensa de la República y todos sus órganos –de personalidad jurídica indistinta o indiferenciada con ésta-, al igual que ante ii) la afectación *indirecta*: que incluye la intervención en aras de la defensa patrimonial de los entes públicos descentralizados funcionalmente, aun los constituidos con fines empresariales –de personalidad jurídica distinta o diferenciada de la República-. Con ello, el ordenamiento jurídico, configura un régimen constitucional de defensa legal del Estado, con amplio alcance y concepción para un resguardo adecuado y equilibrado del conjunto de bienes, derechos e intereses que componen la Hacienda Pública Nacional.

Por su parte, *Petróleos de Venezuela S.A.*, es una empresa del Estado, pues sus acciones le pertenecen absoluta e íntegramente a la República,

---

**Artículo 14.** La Procuraduría General de la República, en el ejercicio de su competencia sobre la defensa judicial y extrajudicial de los bienes, derechos e Intereses patrimoniales de la República, en el territorio nacional y fuera de él..." **"Plena representación. Artículo 30.** La Procuraduría General de la República conserva en toda su plenitud la representación y defensa de los derechos, bienes e Intereses patrimoniales de la República tanto nacional como internacionalmente, aun cuando otro otros funcionarios sean investidos de la misma atribución por sustitución otorgada por el Procurador o Procuradora General de la República" **"Intervención en procesos judiciales. Artículo 76.** La Procuraduría General de la República puede intervenir en todos los procesos judiciales en que sean parte los Institutos autónomos, Institutos públicos, órganos y entes públicos nacionales, así como las entidades estadales y municipales, cuando, a su juicio, los mismos afecten derechos bienes e intereses patrimoniales de la República"
[2] Ver: **Ley Orgánica de la Procuraduría General de la República** "Competencias. **Artículo 9. 1.** Representar y defender judicial y extrajudicialmente la afectación directa o indirecta de los derechos e intereses patrimoniales de la República, tanto nacional como internacionalmente.



2

**CONFIDENTIAL**

PDVSATRUST-0000259

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

incluso por imperativo constitucional[3]. En ese sentido, cabe tener en cuenta que la legislación venezolana delimita expresamente la naturaleza jurídica de las empresas del Estado, definiéndolas como personas jurídicas de derecho público constituidas de acuerdo a las normas de derecho privado, en las cuales la República, los estados, los distritos metropolitanos y los municipios, o alguno de los entes descentralizados funcionalmente, solos o conjuntamente, tengan una participación mayor al cincuenta por ciento (50%) del capital social[4].

Esta sociedad mercantil está constituida bajo la forma de sociedad anónima que conforme a lo establecido en las Cláusulas Séptima, Décima Sexta, Trigésima Segunda, Trigésima Tercera y Trigésima Sexta del Acta Constitutiva-Estatutos de *Petróleos de Venezuela, S.A.*, cuenta en su estructura básica con una Asamblea de Accionistas; Junta Directiva la cual es su órgano de administración, y además con: i) un representante legal (responsabilidad que recae en cabeza de su Presidente) quien puede constituir apoderados extrajudiciales fijando sus facultades en el instrumento poder que les confiera y ii) un representante judicial (responsabilidad que recae en cabeza del Consultor Jurídico Corporativo) facultado entre otros aspectos legales para intentar, contestar y sostener todo género de acciones en defensa de los derechos e intereses de la sociedad mercantil y que en virtud de la naturaleza de su cargo puede otorgar los poderes judiciales generales o especiales que se requieran con las limitaciones establecidas para el ejercicio de sus atribuciones.

---

[3]Ver: **Constitución de la República Bolivariana de Venezuela**. "**Artículo 303**. Por razones de soberanía económica, política y de estrategia nacional, el Estado conservará la totalidad de las acciones de Petróleos de Venezuela, S.A., o del ente creado para el manejo de la industria petrolera, exceptuando la de las filiales, asociaciones estratégicas, empresas y cualquier otra que se haya constituido o se constituya como consecuencia del desarrollo de negocios de Petróleos de Venezuela"

[4] Ver: **Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública. "Empresas del Estado. Artículo 103.** Las Empresas del Estado son personas jurídicas de derecho público constituidas de acuerdo a las normas de derecho privado, en las cuales la República, los estados, los distritos metropolitanos y los municipios, o alguno de los entes descentralizados funcionalmente a los que se refiere el presente



3

**CONFIDENTIAL**

PDVSATRUST-0000260

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Asimismo, *Petróleos de Venezuela, S.A.* es beneficiaria de las prerrogativas procesales que la Ley Orgánica de la Procuraduría General de la República y demás leyes aplicables le confieren a la República Bolivariana de Venezuela, conforme al criterio reiterado en los fallos del Tribunal Supremo de Justicia[5]. Precisamente, superando anteriores disquisiciones legales en este tema, es un hecho indubitado la cobertura de los privilegios y prerrogativas de la República a favor de las empresas del Estado, respecto a lo cual, desde luego, debe entenderse incluida *Petróleos de Venezuela, S.A.* Así, la Sala Constitucional en su reciente sentencia número 735 de fecha 25 de octubre de 2017, dictaminó definitivamente que:

> *"[R]esulta un hecho de carácter público, notorio y comunicacional que actualmente el Estado venezolano posee participación en un sinfín de empresas, tanto en carácter mayoritario como minoritario, es por ello que, conforme a la potestad conferida a esta Sala Constitucional en el artículo 335 de la Constitución de la República Bolivariana de Venezuela, se establece con carácter vinculante que **las prerrogativas y privilegios procesales en los procesos donde funja como parte el Estado, deben ser extensibles a todas aquellas empresas donde el Estado venezolano**, a nivel municipal, estadal y nacional, **posea participación**, es decir, se le aplicará a los procesos donde sea parte todas las prerrogativas legales a que haya lugar, e igualmente dichas prerrogativas y privilegios son extensibles a los municipios y estados, como entidades político territoriales locales".*

---

Decreto con Rango, Valor y Fuerza de Ley Orgánica, solos o conjuntamente, tengan una participación mayor al cincuenta por ciento del capital social".
[5] Ver: **Sala Constitucional en la decisión N° 281 del 26 de febrero de 2007** (caso: Robert Prado, Onelsy Suárez y otros vs. SECOGOCA y PDVSA Petróleo, S.A.) *"…en virtud de que a la sociedad mercantil PDVSA PETRÓLEO, S.A. y sus empresas filiales le son aplicables todos los privilegios de la República conforme a la "(…) doctrina vinculante de la Sala Constitucional sobre la aplicación de los privilegios de la República Bolivariana de Venezuela* extensibles a PDVSA Petróleos S.A*., el cual ha sido reiterado por sentencias Nros. 00671, 00863 y 01083 de fechas 4 de junio de 2008, 23 de julio de 2008 y 3 de noviembre de 2010"*; y por la **Sala Político Administrativa mediante sentencias N° 237 del 21 de marzo de 2012** (caso: Servicio Nacional Integrado de Administración Aduanera y Tributaria, SENIAT vs. Bitúmenes Orinoco, C.A.); y **Sentencia N 0025 del 31 de enero de 2013 del Juzgado de Sustanciación de la Sala Político Administrativa del Tribunal Supremo de Justicia** (caso: Manuel Antonio Hurtado González y otros vs. PDVSA Petróleo y Gas, S.A)



4

CONFIDENTIAL

PDVSATRUST-0000261

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Ahora bien, siendo que *Petróleos de Venezuela S.A.*, como fue señalado anteriormente, es una empresa que pertenece en su totalidad a la República, en caso de cualquier acto o hecho que le ocasione daños patrimoniales forzosamente se verían afectados los derechos e intereses de la República, precisamente por ser su propietaria exclusiva. De ese modo, resulta palmario que la participación de *Petróleos de Venezuela, S.A.* en un proceso judicial, implica la ventilación en juicio de los bienes, derechos e intereses de la República, no sólo por ser el máximo ente empresarial público de la Nación –siendo la única empresa pública indicada expresamente en el texto de la Constitución de la República Bolivariana de Venezuela-, que aporta en gran proporción los ingresos fiscales, sino que atiende un sector vital para lo económico y lo social, como lo es la actividad petrolera y otras industrias, explotaciones, servicios y bienes de interés público y de carácter estratégico, que el Estado se reserva, mediante la ley orgánica respectiva, y por razones de conveniencia nacional.[6]

En tal virtud, resulta claro que, en este supuesto de la actuación en juicio de *Petróleos de Venezuela, S.A.* la Procuraduría General, y más precisamente el Procurador General de la República, a cuyo cargo corre la dirección de ésta[7], tiene plena cualidad, para intervenir judicial y extrajudicialmente, tanto nacional como internacionalmente, en la defensa de los derechos e intereses patrimoniales de la República, en virtud que la competencia de la Procuraduría es de orden constitucional y legal, *máxime* cuando las normas contenidas en la Ley Orgánica de la

---

[6] Ver: **Artículo 302 de la Constitución de la República Bolivariana de Venezuela**. "El Estado se reserva, mediante la ley orgánica respectiva, y por razones de conveniencia nacional, la actividad petrolera y otras industrias, explotaciones, servicios y bienes de interés público y de carácter estratégico. El Estado promoverá la manufactura nacional de materias primas provenientes de la explotación de los recursos naturales no renovables, con el fin de asimilar, crear e innovar tecnologías, generar empleo y crecimiento económico, y crear riqueza y bienestar para el pueblo".

[7] Ver: Artículo 43 de la **Ley Orgánica de la Procuraduría General de la República.** "La Procuraduría General de la República está a cargo y bajo la dirección del Procurador o



5

**CONFIDENTIAL**

PDVSATRUST-0000262

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Procuraduría General de la República son de orden público y se aplican con preferencia a otras leyes[8]. Ello así dictaminado, sin perjuicio de la actuación del representante judicial de la empresa o los abogados mandatarios de ésta, la Procuraduría General no requiere autorización expresa o instrumento poder alguno para el ejercicio de sus competencias, las cuales –como se dijo- incluyen la defensa de los bienes, derechos e intereses patrimoniales indirectos de la República, cuales son precisamente los de *Petróleos de Venezuela, S.A.*, principal empresa del Estado.

Aunado a lo anterior, la prenombrada Acta Constitutiva- Estatutos *de Petróleos de Venezuela S.A,* establece que para el cumplimiento del objeto social de la referida Sociedad mercantil debe sujetarse a lo preceptuado por la Constitución y demás normativa de rango legal y sublegal de la República Bolivariana de Venezuela.

Cabe señalar igualmente que esta cualidad que posee el Procurador General de la República para actuar en juicio en nombre de *Petróleos de Venezuela, S.A.*, es de carácter multifactorial, toda vez que no está limitada por el género o la tipología de la acción, la materia en que versa el proceso judicial de que se trate, ni por la posición que ocupe la empresa en el juicio. De tal manera que el Procurador General podrá intervenir en defensa de los bienes, derechos e intereses patrimoniales de *Petróleos de Venezuela, S.A.* en cualquier tipo de juicio, sea cual fuere la materia, instancia, foro o jurisdicción, tanto nacional como internacional, aun ante organismos u organizaciones multilaterales de resolución de disputas, así como en cualquier posición subjetiva que corresponda a ésta 

---

Procuradora General de la República, quien debe ejercer las atribuciones establecidas en la Constitución y las leyes".

[8] Ver: **Ley Orgánica de la Procuraduría General de la República "Artículo 8.** Las normas de este Decreto con Rango, Valor y Fuerza de Ley son de orden público y se aplican con preferencia a otras leyes".

6

CONFIDENTIAL

PDVSATRUST-0000263

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

en el proceso, sea activa –como demandante o accionante- o pasiva –como demandada o accionada--.

Particularmente, puede destacarse que en casos de naturaleza penal o criminal, cuando se presuma o se haya afectado como consecuencia del delito o hecho antijurídico, el patrimonio de *Petróleos de Venezuela, S.A.*, y por vía indirecta, el de la República, el Procurador General de la República, podrá ejercer la defensa que correspondería a ambas entidades en su rol de víctimas, sin perjuicio de la actuación de abogados defensores apoderados por la empresa y del Ministerio Público, cuyas competencias están delimitadas en la Constitución de la República Bolivariana de Venezuela[9].

La jurisprudencia de máxima instancia emanada del Tribunal Supremo de Justicia, ha sido pacífica y reiterada en reconocer la cualidad que ejerce la figura del Procurador General de la República en los procesos en los cuales la víctima sea la República Bolivariana de Venezuela, sea cual fuere la naturaleza de la materia en litigio. Ejemplo de ello se halla en la sentencia de la Sala de Casación Penal número 742 de fecha 18 de diciembre de 2007, caso: "*Bandagro*", a saber: "*la ciudadana (…) Procuradora General de la República,* **actuando en representación de la República Bolivariana de Venezuela (víctima) según lo establecido**

---

[9] Ver: **Artículos 284 y 285 de la Constitución de la República Bolivariana de Venezuela.** "**Artículo 284**. El Ministerio Público estará bajo la dirección y responsabilidad del Fiscal o la Fiscal General de la República, quien ejercerá sus atribuciones directamente con el auxilio de los funcionarios o funcionarias que determine la ley (…). **Artículo 285**. Son atribuciones del Ministerio Público: 1. Garantizar en los procesos judiciales el respeto a los derechos y garantías constitucionales, así como a los tratados, convenios y acuerdos internacionales suscritos por la República. 2. Garantizar la celeridad y buena marcha de la administración de justicia, el juicio previo y el debido proceso. 3. Ordenar y dirigir la investigación penal de la perpetración de los hechos punibles para hacer constar su comisión con todas las circunstancias que puedan influir en la calificación y responsabilidad de los autores o las autoras y demás participantes, así como el aseguramiento de los objetos activos y pasivos relacionados con la perpetración. 4. Ejercer en nombre del Estado la acción penal en los casos en que para intentarla o proseguirla no fuere necesaria instancia de parte, salvo las excepciones establecidas en la ley (…)".



7

**CONFIDENTIAL**

PDVSATRUST-0000264

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

***en el artículo 247 Constitucional,*** *presentó ante la Sala Penal informe relacionado con las acciones civiles y mercantiles incoadas contra la República Bolivariana de Venezuela en tribunales extranjeros, derivadas de acciones de cobro de las falsas notas promisorias cuya emisión se pretende atribuir al extinto Banco de Desarrollo Agropecuario (BANDAGRO) en 1981 durante el proceso de intervención seguido al mismo (…)"*.

Por su parte, la Sala Constitucional también ha apuntalado la cualidad del Procurador General de la República, para ejercer la defensa de la República cuando ésta es víctima en un hecho delictual o criminal, delimitando de ese modo el rol que corresponde al órgano procurador, por una parte, y por la otra, al Ministerio Público, en cabeza de la Fiscalía General de la República.[10]

Aun con mayor precisión sustantiva en cuanto a este punto, la jurisprudencia del Tribunal Supremo ha determinado la obligación de todos los jueces de la República, esto es, de todas las instancias y competencias materiales y territoriales, de practicar la notificación al Procurador General de la República cuando los bienes, derechos e intereses de *Petróleos de Venezuela, S.A.* estén siendo objeto de un proceso judicial, considerando que por igual lo estarían los del Estado venezolano. A tal efecto, puede citarse la sentencia de la Sala

---

[10] Ver: **Sentencia de la Sala Constitucional número 386 del 24 de marzo de 2011**. *"[D]ebe aclararse que el representante legal de la víctima en un proceso penal en el que ésta sea una entidad federal y estén involucrados sus bienes, derechos o intereses patrimoniales, es su Procurador General y no el Ministerio Público. En efecto, el artículo 247 de la Constitución de la República, establece: La Procuraduría General de la República asesora, defiende y representa judicial y extrajudicialmente los intereses patrimoniales de la República, y será consultada para la aprobación de los contratos de interés público nacional (Omissis). En este orden de ideas, resulta patente para esta Sala Constitucional que el Procurador General del Estado Monagas es la autoridad regional competente para el ejercicio de la defensa de los bienes, derechos e intereses patrimoniales de ese Estado, incluso en su eventual calidad de víctima en un proceso penal. Así lo declaró la Sala de Casación Penal en sentencia n.° 742 de 18.12.07, caso: Bandagro (Cfr., en sentido análogo, s.S.C. n.° 1019 de 26.05.05 en un caso en el que la víctima fue PDVSA)".*



8

**CONFIDENTIAL**

PDVSATRUST-0000265

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Constitucional número 1.019 de fecha 26 de mayo de 2005, caso: "*P.D.V.S.A. Petróleo S.A.*", en la que se examinó lo siguiente:

> "*[P]udo advertir esta Sala, que en el caso de autos, cuando **PDVSA** solicitó la medida de suspensión condicional del proceso prevista en el artículo 42 del Código Orgánico Procesal Penal, admitió los hechos que le fueron imputados por el Ministerio Público y **ofreció reparar el daño causado por dichos delitos, actuación con la cual comprometió el patrimonio del Estado, en cuyo caso es necesaria la notificación de la Procuraduría General de la República** de conformidad con lo previsto en el artículo 95 de la Ley Orgánica de la Procuraduría General de la República (Omissis). De tal forma que, ante la obligación que posee esta Sala de mantener el orden público constitucional, esto es, la integridad de las normas y postulados constitucionales, se ve en la necesidad de señalar que en lo sucesivo **cuando se presenten casos como el de autos, donde la propuesta de reparación presentada por el imputado comprometa el patrimonio del Estado, deberá acordarse la notificación a la Procuraduría General de la República**, con la imperiosa suspensión del proceso por un lapso de treinta (30) días continuos, o hasta obtener una respuesta por parte de la Procuraduría General, conforme a lo dispuesto en el artículo 95 de la Ley Orgánica de la Procuraduría General de la República. De conformidad con lo dispuesto en el artículo 335 de la Constitución, la doctrina contenida en el presente fallo tiene carácter vinculante (…)*". (Subrayado de esta Firma)

En idéntico sentido, en sentencia de la Sala Constitucional número 2.291 de fecha 14 de diciembre de 2006, caso: "*Elecentro*", se ratificó que "*el deber de notificación de la Procuraduría General de la República, actualmente recogido en el transcrito artículo 94 del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República, representa una **formalidad esencial en el juicio** y constituye la expresión de las prerrogativas jurisdiccionales del Estado, que **no sólo se circunscriben a los intereses patrimoniales directos de la República, sino que las mismas, debe hacerse extensivas a los entes descentralizados funcionalmente**"*. Efectivamente, para enfatizar la subsunción de este extracto jurisprudencial al asunto examinado en la presente opinión, cabe



9

CONFIDENTIAL

PDVSATRUST-0000266

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

subrayar que *Petróleos de Venezuela, S.A.* es un ente descentralizado funcionalmente, que persigue fines empresariales.

En consecuencia, a tenor del análisis efectuado y considerando los asertos, dispositivos e instituciones jurídicas en que se fundamenta la presente opinión jurídica, es imperativo concluir que el Procurador General de la República, a cuyo cargo se halla la Procuraduría General de la República como Órgano de rango constitucional, posee cualidad integral de pleno derecho que le faculta para intervenir en cualquier grado o género de acción, en defensa de los bienes, derechos e intereses patrimoniales de *Petróleos de Venezuela, S.A.*, máxima empresa estatal venezolana de propiedad exclusiva de la República Bolivariana de Venezuela, en juicios o procesos arbitrales de cualquier naturaleza, independientemente de la materia, instancia, sede, foro o jurisdicción, tanto nacional como internacional, aun ante organismos u organizaciones multilaterales de resolución de disputas, así como en cualquier rol subjetivo que corresponda a esta sociedad mercantil en el proceso, sea activo –como demandante o accionante- o pasivo –como demandada o accionada-, sin perjuicio de las actuaciones de representantes judiciales propios con los que cuente la empresa estatal de petróleo.

Queda así expuesta nuestra opinión jurídica sobre el asunto sometido a consulta.

Permaneciendo a su entera disposición para efectuar ampliaciones, aclaratorias o resolver cualesquiera inquietudes que puedan surgir con ocasión de los criterios devenidos del análisis efectuado, se despide. 

Atentamente.

10

**CONFIDENTIAL**

PDVSATRUST-0000267

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

_____
ROBERTO I. MIRABAL ACOSTA
**Director**

11

**CONFIDENTIAL**

PDVSATRUST-0000268