# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

January 22, 2018

MSSRS. Guerric Canonica
Canonica Valticos de Preux & Associés
Gcanonica@cvpartners.ch
Presente.

**SUBJECT: Request for an Opinion**

*Legal opinion on the quality of the Attorney General of the Republic to act in a proceeding on behalf of Petróleos de Venezuela SA*

Dear Sir,

I have the pleasure of addressing you, with the purpose of answering the questions regarding *the quality of the Attorney General of the Republic to act in a proceeding on behalf of Petróleos de Venezuela SA*. After reviewing the constitutional, legal, sub-legal, and jurisprudence that regulates the matter in question, I observe the following:

The Attorney General of the Bolivarian Republic of Venezuela is a constitutional body whose main function is to advise, represent and defend, judicially and out-of-court, the rights and interests of the Republic, both nationally and internationally.[1]

---

[1] See: **Constitution of the Bolivarian Republic of Venezuela. "Article 247**. The Attorney General's Office advises, defends and represents judicially and out-of-court the interests of the Republic, and will be consulted for the approval of contracts that are of national public interest. The organic law will determine its organization, competence and operation" and **Organic Law of the Attorney General of the Republic" Article 2**. In exercise of the powers conferred to it by the Constitution of the Bolivarian Republic of Venezuela, the Attorney General of the Republic has the exclusive powers to provide legal advice to the entities of the national government and exercise, judicial and out-of-court, the defense and representation of rights, assets and interests of the Republic, both nationally and internationally. The powers and competences of representation and defense provided for in this article may not be exercised by any other body or official of the State, without previous and express substitution granted by the Attorney General of the Republic" "**Specific competences in international proceedings.**
**Article 14** The Office of the Attorney General of the Republic , exercising its functions over the judicial and out-of-court defense of property, rights and interests of the Republic, in the national territory and abroad... " "**Full representation. Article 30** The Office of the Attorney General of the Republic fully preserves the representation and defense of the rights, assets and economic interests of the Republic, both nationally and internationally, even when other officials are vested with the same functions by substitution granted by the Attorney General of the Republic " " **Intervention in judicial proceedings. Article 76** The Attorney General's Office of the Republic may intervene in all judicial proceedings involving the autonomous institutes, public institutes, national public entities and agencies, as well as the state and municipal entities, when, in its opinion, these affect the rights of property and interests of the Republic "

PLAINTIFF'S
EXHIBIT
– 40A
tabbies

1

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

The Organic Law of the Attorney General of the Republic specifies that its sphere of activity in representation and defense extends to the direct or indirect influence of assets, rights, and interests of the Republic. [2]

Such indication on the Republic's direct and indirect interests implies that its powers are exercised in the face of i) direct impact: conducting the representation and defense of the Republic and all its agencies - of indistinct or undifferentiated legal status-, as well as in the case of ii) indirect impact: that includes the intervention for the sake of defense of the functionally decentralized public entities, even those constituted for business purposes - of distinct or differentiated legal status from the Republic. Therefore, the legal system sets up a constitutional regime of the legal defense of the State with a broad scope and conception for adequate and balanced protection of the set of assets, rights, and interests that make up National Public Assets.

Meanwhile, Petróleos de Venezuela SA is a state-owned company because its shares belong absolutely and completely to the Republic, even by the constitutional imperative.[3] In this regard, keep in mind that Venezuelan legislation expressly defines the legal nature of State enterprises; it defines these as legal persons under public law, constituted according to the rules of private law, in which the Republic, states, metropolitan districts, municipalities, or any of the functionally decentralized entities, alone or jointly, have a participation greater than fifty percent (50%) of the share capital. [4]

---

[2] See: **Organic Law of the Attorney General's Office of the Republic**" Competencies. **Article 9 1** Represent and defend, judicially and out-of-court, the direct or indirect influence of the rights and interests of the Republic , both nationally and internationally.

[3] See: **Constitution of the Bolivarian Republic of Venezuela. "Article 303.** For sovereignty reasons of finance, policies and national strategy, the State will retain all of the shares of Petróleos de Venezuela, SA, or of the entity created for the management of the oil industry, with the exception subsidiaries, strategic associations, companies, and any other that has been constituted or is constituted as a result of business conducted by Petróleos de Venezuela.

[4] See: **Decree with Decree with Rank, Value and Force of Organic Law of the Public Administration. "State companies. Article 103** State Enterprises are legal persons of public law constituted according to the rules of private law, in which the Republic, states, metropolitan districts, municipalities or any of the functionally decentralized entities referred to in this Decree, with status, validity, and force of Organic Law, alone or jointly, that have a participation greater than fifty percent of the share capital ".

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

According to clause seven, six, thirty-two, thirty-three, and thirty-six of the Articles of Incorporation - Statutes of Petróleos de Venezuela, SA, this company is constituted as a corporation that has, in its basic structure, an Assembly of Shareholders, Board of Directors acting as its administrative body, and also i) a legal representative, which is a responsibility placed on the President, who can appoint out-of-court agents, specifying the powers thereof in the authorizing instrument, and ii) a judicial representative, which is a responsibility that falls on the Corporate Legal Consultant, who can, among other legal aspects, answer and lodge all kinds of actions to defend the rights and interests of the company and, by virtue of the nature of its position, can grant the general or special judicial powers that are required with the limitations established for the exercising its powers.



3

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

Likewise, Petróleos de Venezuela, SA is a beneficiary of the procedural prerogatives that the Organic Law of the Attorney General's Office of the Republic and other applicable laws confer upon the Bolivarian Republic of Venezuela, in accordance with the criterion reiterated in the rulings of the Supreme Court of Justice. [5] Precisely, overcoming previous legal disquisitions on this issue, the privileges and prerogatives covered by the Republic in favor of state companies is an undoubted fact, with regard to which, Petróleos de Venezuela, SA is most certainly included. Thus, The Constitutional Court, in its recent judgment number 735 dated October 25, 2017, issued the final ruling that:

> "It is a public, notorious and known fact that the Venezuelan State currently has a stake in a number of companies, both in a majority and minority nature, which is why, according to the power conferred on this Constitutional Court in Article 335 of the Constitution of the Bolivarian Republic of Venezuela, it is established in a binding manner that **the prerogatives and procedural privileges in the processes where the State has activities must be extended to all those companies where the Venezuelan State**, at the municipal, state, and national levels, **has participation**; i.e., it will be applied to the processes where all the legal prerogatives apply, and likewise, these privileges and prerogatives are extendable to the municipalities and states, as well as to local political entities".

---

[5] See: **Constitutional Court in judgment No. 281 of February 26, 2007** (case: Robert Prado, Onelsy Suarez and others vs. SECOGOCA and PDVSA Petróleo, SA) "... by virtue of the fact that the company PDVSA PETRÓLEO, SA and its subsidiary companies are subject to all the privileges of the Republic pursuant to the" (... ) binding doctrine of the Constitutional Court on the application of the privileges of the Bolivarian Republic of Venezuela extendable to PDVSA Petróleos SA, which has been reiterated by judgments numbers 00671, 00863, and 01083, dated June 4, 2008, July 23, 2008, and November 3, 2010"; and by the **Political and Administrative Court through judgments numbers 237 of March 21, 2012** (case: Integrated National Service of Customs and Tax Administration, SENIAT Vs. Bitúmenes Orinoco, CA); and **judgment number 0025 of January 31, 2013 of the trial court of the Administrative Court of the Supreme Court of Justice** (case: Manuel Antonio Hurtado González and others vs. PDVSA Petróleo y Gas, SA)

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

However, Petróleos de Venezuela SA, as indicated above, is a company that completely belongs to the Republic, and the Republic's rights and interests would be affected in any act or event that leads to property damage because the Republic is its exclusive owner. Thus, it is clear that the participation of Petróleos de Venezuela, SA in a judicial process implies the ventilation of assets, rights and interests of the Republic, not only because it is nation's main public business entity (it is the only public company expressly indicated in the Constitution of the Bolivarian Republic of Venezuela) that contributes a large proportion of revenues, but serves a vital sector for the economy and society, such as the oil industry and other activities, operations, services and assets of public interest and strategic nature, which the State reserves, through the corresponding organic law and for reasons of national convenience. [6]

Therefore, it is clear that, in this case of the action in the trial of Petróleos de Venezuela, SA, the Attorney General's Office, and more precisely the Attorney General of the Republic, whose responsible for the direction thereof, [7] has fully qualified to intervene judicially and out-of-courtly, both nationally and internationally, in the defense of the rights and interests of the Republic given that the competence of the Attorney General's Office's is a constitutional and legal matter, especially when the rules contained in the Organic Law of the Attorney General's Office of the Republic are of public order and are applied with preference over other laws. [8] [Translator's note: paragraph continues on next page]

---

[6] See: **Article 302 of the Constitution of the Bolivarian Republic of Venezuela** . "The State reserves, through the respective organic law, and for reasons of national convenience, the oil industry and other industries, operations, services and assets of public interest and strategic nature. The State will promote the national manufacture of raw materials from the exploitation of non-renewable natural resources, in order to assimilate, create and innovate technologies, generate employment and economic growth, and create wealth and welfare for the people."

[7] See: Article 43 of the **Organic Law of the Attorney General's Office of the Republic** . "The Attorney General's Office of the Republic is under the directions and responsibility of the Attorney General of the Republic, who must exercise the powers established in the Constitution and the laws."

[8] See: **Organic Law of the Attorney General's Office of the Republic  "Article 8**. The norms of this Decree with Status, Validity and Force of Law are of public order and are applied with preference over other laws ".

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

Thus ruled, notwithstanding the actions of the company's judicial representative or the presiding attorneys thereof, the Attorney General's Office does not require express authorization or any power to exercise its powers, which - as stated - include the defense of assets, rights and indirect interests of the Republic, which are precisely those of Petróleos de Venezuela, SA, the State's main company.

In addition to the preceding, the pre-established Articles of Incorporation - Statutes of Petróleos de Venezuela SA, stipulates that to fulfill the corporate purpose of the aforementioned company, it is bound to the provisions of the Constitution and other regulations of legal and sublegal of the Bolivarian Republic from Venezuela.

It should also be noted that this quality that the Attorney General of the Republic possesses to act in court on behalf of Petróleos de Venezuela, SA is multifactorial in nature because it is not limited by the type or genre of action nor by the matter in question in the judicial process nor by the company's stance in the trial. Therefore, the Attorney General may intervene in defense of the assets, rights, and interests of Petróleos de Venezuela, SA in any type of proceeding, whatever the matter, instance, forum or jurisdiction, both national and international, even before multilateral organizations or entities for the resolution of disputes, as well as in any subjective position that corresponds thereto in the process, whether active, as a plaintiff, or passive, as a defendant.



## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

In particular, in cases of a penal or criminal nature, when the assets of Petroleos de Venezuela allegedly or have been affected as a consequence of a crime or unlawful act, and therefore affecting the Republic via an indirect way, the Attorney General may exercise the defense that corresponds to both entities in their role as victims, notwithstanding the actions of defense lawyers empowered by the company and the Public Ministry, whose powers are defined in the Constitution of the Bolivarian Republic of Venezuela. [9]

The highest instance of the Supreme Court of Justice has been non-contentious and reiterated in recognizing the quality exercised by the Attorney General of the Republic in the processes in which the victim is the Bolivarian Republic of Venezuela, whatever the nature of the matter in dispute. An example of this can be found in the judgment rendered by the Court of Criminal Cassation number 742 dated December 18, 2007, case: "Bandagro", namely: "the citizen (...) Attorney General of the Republic, **acting on behalf of the Bolivarian Republic of Venezuela (victim) as established in article 247 of the Constitution**, presented before the Criminal Court a report related to the civil and commercial actions filed against the Republic Bolivariana de Venezuela in foreign courts, derived from collection actions of false promissory notes whose issuance is to be attributed to the former Agricultural Development Bank (BANDAGRO) in 1981 during the intervention against it (...).

---

[9] See: **Articles 284 and 285 of the Constitution of the Bolivarian Republic of Venezuela. "Article 284** . The Public Ministry shall be under the direction and responsibility of the Prosecutor general of the Republic, who performs duties with the direct assistance of officials as specified by law (...). **Article 285** The attributions of the Public Ministry are: 1. Guarantee in judicial processes respect for constitutional rights and guarantees, as well as international treaties, conventions and agreements signed by the Republic. 2. Ensure the speed and proper administration of justice, trial and due process. 3. Order and direct the criminal investigation to document the perpetration of punishable acts with all the circumstances that may influence the qualification and responsibility of the perpetrators and other participants, as well as the seizure of active and passive objects related to the perpetration of the crime. 4. Exercise in the name of the State penal action in cases in which the principle of initiative or filing by the party concerned is not required, excluding the exceptions established by law (...) ".

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

For its part, the Constitutional Court has also underpinned the quality of the Attorney General of the Republic, to exercise the defense of the Republic when it is a victim in a criminal or unlawful act, thus defining the role that corresponds to the prosecuting entity, on one hand, and on the other, the Public Ministry headed by the Prosecutor's Office of the Republic. [10]

Even with greater substantive precision regarding this point, the jurisprudence of the Supreme Court has determined the obligation of all the judges of the Republic, that is, of all instances and material and territorial competences, to notify the Attorney General of the Republic when the assets, rights, and interests of Petróleos de Venezuela, SA are subject to a judicial process, considering that the Venezuelan State would be equally affected. For this purpose, the Constitutional Court judgment number 1,019, dated May 26, 2005, can be cited, case: "PDVSA Petróleo SA ", in which the following were examined:

---

[10] See: **Constitutional Court judgment number 386 of March 24, 2011**. *"It should be clarified that the legal representative of the victim in a criminal proceeding concerning a federal entity and its assets, rights or interests is the Attorney General and not the Public Ministry. In effect, Article 247 of the Constitution of the Republic stipulates, "The Attorney General's Office of the Republic advises, defends, and represents, judicially and out-of-court, the Republic's interests, and it will be consulted for the approval of contracts of national public interest (Omissis). In this order of ideas, it is clear to this Constitutional Court that the Attorney General of the state of Monagas is the competent regional authority for the defense of assets, rights and interests of that state, even in its eventual victim status in a criminal process. This was stated by the Criminal Cassation Court in judgment number 742 of Dec. 18, 2007, case: Bandagro (Cfr., analogously, sSC number 1019 of May 26, 2005 in a case in which the victim was PDVSA)."*

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

> *"This Court was able to warn that, in this case, when **PDVSA** requested the measure of conditional suspension of the proceedings stipulated in Article 42 of the Organic Code of Criminal Procedure, it admitted the facts that were attributed to it by the Public Ministry and **offered to repair the damage caused by said crimes, an action with which it compromised the State's assets, in which case it is necessary to notify the Attorney General's Office of the Republic** in accordance with the provisions of Article 95 of the Organic Law of the Attorney General's Office of the Republic (Omissis). Therefore, in view of the obligation that this Court has to maintain the constitutional public order, that is, the integrity of the constitutional norms and stipulations, it points out that, in the future, **when cases arise such as this case, where the proposal for reparation presented by the accused compromises the State's assets, the notification to the Attorney General of the Republic must be made** with the imperative suspension of the process for a period of thirty (30) continuous days, or until the Attorney General's Office receives a response, according to the provisions of Article 95 of the Organic Law of the Attorney General of the Republic. According to the provisions of article 335 of the Constitution, the doctrine contained in this judgment is binding (...) ". (Underlining of this Signature)*

In an identical manner, Constitutional Court judgment number 2,291, dated December 14, 2006, case: "Elecentro", it was ratified that "the notification duty of the Attorney General of the Republic, currently included in the transcribed article 94 of the Decree in force of Organic Law of the Attorney General of the Republic, represents an essential formality in the proceeding and it constitutes the expression of the jurisdictional prerogatives of the State, which are not only limited to the direct patrimonial interests of the Republic, but they must be extended to the "functionally" decentralized entities. Indeed, to emphasize the assumption of this jurisprudential extract to the matter examined in this opinion, it should be underlined that Petróleos de Venezuela, SA is a functionally decentralized entity that pursues business purposes.



9

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

Consequently, based on the analysis made and considering the legal assertions, decisions and institutions on which this legal opinion is based, it is imperative to conclude that the Attorney General of the Republic, who is in charge of the Attorney General's Office of the Republic, as an entity of constitutional rank, fully qualifies with full rights that empowers it to intervene in any degree or genre of action, in defense of the assets, rights and interests of Petróleos de Venezuela, SA, the main Venezuelan state-owned company of the Bolivarian Republic of Venezuela, in trials or arbitration proceedings of any nature, regardless of the matter, instance, venue, forum or jurisdiction, both nationally and internationally, even before multilateral organizations or entities for the resolution of disputes, as well as in any subjective role that may correspond to this company in the process, whether active, as plaintiff, or passive, as defendant, notwithstanding the actions of judicial representatives of the state-owned oil company.

Our legal opinion on the matter submitted for consultation is thus rendered.

We are at your disposal to explain, clarify or resolve any concern that may arise in the criteria resulting from the analysis carried out. Farewell.



10

## MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Crystal Park, East Tower, 13th Floor, Ofic.10, Los Palos Grandes, Caracas.

Best regards.

[Signature]

ROBERTO I. MIRABAL ACOSTA

**Director**



# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

22 de enero de 2018

Ciudadanos
Mr. Guerric Canonica
Canonica Valticos de Preux & Associés
Gcanonica@cvpartners.ch
Presente.-

**RE: Solicitud de Opinión**

*Opinión jurídica sobre la cualidad del Procurador General de la República para actuar en juicio en nombre de Petróleos de Venezuela S.A.*

Estimado Señor,

Tengo el agrado de dirigirme a usted, con la finalidad de dar respuesta a las interrogantes relativas a *la cualidad del Procurador General de la República para actuar en juicio en nombre de Petróleos de Venezuela S.A,* una vez revisadas las normas constitucionales, legales y sublegales y la jurisprudencia que regula la materia en referencia, tengo a bien observar lo siguiente:

La Procuraduría General de la República Bolivariana de Venezuela es un órgano constitucional cuya principal función es asesorar, representar y defender judicial y extrajudicialmente los derechos e intereses patrimoniales de la República, tanto a nivel nacional como internacional.[1]

---

[1] Ver: **Constitución de la República Bolivariana de Venezuela. "Artículo 247**. La Procuraduría General de la República asesora, defiende y representa judicial y extrajudicialmente los intereses patrimoniales de la República, y será consultada para la aprobación de los contratos de interés público nacional. La ley orgánica determinará su organización, competencia y funcionamiento"; y **Ley Orgánica de la Procuraduría General de la República** "**Artículo 2 .** En ejercicio de las potestades que le confiere la Constitución de la República Bolivariana de Venezuela, son competencias exclusivas de la Procuraduría General de la República asesorar jurídicamente a los órganos del Poder Público Nacional y ejercer la defensa y representación judicial y extrajudicial de los derechos, bienes e intereses patrimoniales de la República, tanto a nivel nacional como internacional. Las potestades y competencias de representación y defensa previstas en este artículo no podrán ser ejercidas por ningún otro órgano o funcionario del Estado, sin que medie previa y expresa sustitución otorgada por el Procurador o Procuradora General de la República" **"Competencias específicas en la actuación internacional.**



1

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

La Ley Orgánica de la Procuraduría General de la República, especifica que su ámbito de actuación en la representación y defensa se extiende a la afectación directa o indirecta de los bienes, derechos e intereses patrimoniales de la República.[2]

Tal indicación sobre los intereses directos e indirectos de la República, implica que su competencia se ejercita ante i) la afectación *directa*: desarrollando la representación y defensa de la República y todos sus órganos –de personalidad jurídica indistinta o indiferenciada con ésta-, al igual que ante ii) la afectación *indirecta*: que incluye la intervención en aras de la defensa patrimonial de los entes públicos descentralizados funcionalmente, aun los constituidos con fines empresariales –de personalidad jurídica distinta o diferenciada de la República-. Con ello, el ordenamiento jurídico, configura un régimen constitucional de defensa legal del Estado, con amplio alcance y concepción para un resguardo adecuado y equilibrado del conjunto de bienes, derechos e intereses que componen la Hacienda Pública Nacional.

Por su parte, *Petróleos de Venezuela S.A.*, es una empresa del Estado, pues sus acciones le pertenecen absoluta e íntegramente a la República,

---

**Artículo 14.** La Procuraduría General de la República, en el ejercicio de su competencia sobre la defensa judicial y extrajudicial de los bienes, derechos e Intereses patrimoniales de la República, en el territorio nacional y fuera de él..." "**Plena representación. Artículo 30.** La Procuraduría General de la República conserva en toda su plenitud la representación y defensa de los derechos, bienes e Intereses patrimoniales de la República tanto nacional como internacionalmente, aun cuando otro otros funcionarios sean investidos de la misma atribución por sustitución otorgada por el Procurador o Procuradora General de la República" "**Intervención en procesos judiciales. Artículo 76.** La Procuraduría General de la República puede intervenir en todos los procesos judiciales en que sean parte los Institutos autónomos, Institutos públicos, órganos y entes públicos nacionales, así como las entidades estadales y municipales, cuando, a su juicio, los mismos afecten derechos bienes e intereses patrimoniales de la República"
[2] Ver: **Ley Orgánica de la Procuraduría General de la República** "Competencias. **Artículo 9. 1.** Representar y defender judicial y extrajudicialmente la afectación directa o indirecta de los derechos e intereses patrimoniales de la República, tanto nacional como internacionalmente.



# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

incluso por imperativo constitucional[3]. En ese sentido, cabe tener en cuenta que la legislación venezolana delimita expresamente la naturaleza jurídica de las empresas del Estado, definiéndolas como personas jurídicas de derecho público constituidas de acuerdo a las normas de derecho privado, en las cuales la República, los estados, los distritos metropolitanos y los municipios, o alguno de los entes descentralizados funcionalmente, solos o conjuntamente, tengan una participación mayor al cincuenta por ciento (50%) del capital social[4].

Esta sociedad mercantil está constituida bajo la forma de sociedad anónima que conforme a lo establecido en las Cláusulas Séptima, Décima Sexta, Trigésima Segunda, Trigésima Tercera y Trigésima Sexta del Acta Constitutiva-Estatutos de *Petróleos de Venezuela, S.A.*, cuenta en su estructura básica con una Asamblea de Accionistas; Junta Directiva la cual es su órgano de administración, y además con: i) un representante legal (responsabilidad que recae en cabeza de su Presidente) quien puede constituir apoderados extrajudiciales fijando sus facultades en el instrumento poder que les confiera y ii) un representante judicial (responsabilidad que recae en cabeza del Consultor Jurídico Corporativo) facultado entre otros aspectos legales para intentar, contestar y sostener todo género de acciones en defensa de los derechos e intereses de la sociedad mercantil y que en virtud de la naturaleza de su cargo puede otorgar los poderes judiciales generales o especiales que se requieran con las limitaciones establecidas para el ejercicio de sus atribuciones.

---

[3]Ver: **Constitución de la República Bolivariana de Venezuela**. "**Artículo 303**. Por razones de soberanía económica, política y de estrategia nacional, el Estado conservará la totalidad de las acciones de Petróleos de Venezuela, S.A., o del ente creado para el manejo de la industria petrolera, exceptuando la de las filiales, asociaciones estratégicas, empresas y cualquier otra que se haya constituido o se constituya como consecuencia del desarrollo de negocios de Petróleos de Venezuela"

[4] Ver: **Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública. "Empresas del Estado. Artículo 103.** Las Empresas del Estado son personas jurídicas de derecho público constituidas de acuerdo a las normas de derecho privado, en las cuales la República, los estados, los distritos metropolitanos y los municipios, o alguno de los entes descentralizados funcionalmente a los que se refiere el presente



3

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Asimismo, *Petróleos de Venezuela, S.A.* es beneficiaria de las prerrogativas procesales que la Ley Orgánica de la Procuraduría General de la República y demás leyes aplicables le confieren a la República Bolivariana de Venezuela, conforme al criterio reiterado en los fallos del Tribunal Supremo de Justicia[5]. Precisamente, superando anteriores disquisiciones legales en este tema, es un hecho indubitado la cobertura de los privilegios y prerrogativas de la República a favor de las empresas del Estado, respecto a lo cual, desde luego, debe entenderse incluida *Petróleos de Venezuela, S.A.* Así, la Sala Constitucional en su reciente sentencia número 735 de fecha 25 de octubre de 2017, dictaminó definitivamente que:

> *"[R]esulta un hecho de carácter público, notorio y comunicacional que actualmente el Estado venezolano posee participación en un sinfín de empresas, tanto en carácter mayoritario como minoritario, es por ello que, conforme a la potestad conferida a esta Sala Constitucional en el artículo 335 de la Constitución de la República Bolivariana de Venezuela, se establece con carácter vinculante que **las prerrogativas y privilegios procesales en los procesos donde funja como parte el Estado, deben ser extensibles a todas aquellas empresas donde el Estado venezolano**, a nivel municipal, estadal y nacional, **posea participación**, es decir, se le aplicará a los procesos donde sea parte todas las prerrogativas legales a que haya lugar, e igualmente dichas prerrogativas y privilegios son extensibles a los municipios y estados, como entidades político territoriales locales".*

---

Decreto con Rango, Valor y Fuerza de Ley Orgánica, solos o conjuntamente, tengan una participación mayor al cincuenta por ciento del capital social".

[5] Ver: **Sala Constitucional en la decisión N° 281 del 26 de febrero de 2007** (caso: Robert Prado, Onelsy Suárez y otros vs. SECOGOCA y PDVSA Petróleo, S.A.) *"…en virtud de que a la sociedad mercantil PDVSA PETRÓLEO, S.A. y sus empresas filiales le son aplicables todos los privilegios de la República conforme a la "(…) doctrina vinculante de la Sala Constitucional sobre la aplicación de los privilegios de la República Bolivariana de Venezuela* extensibles a PDVSA Petróleos S.A., *el cual ha sido reiterado por sentencias Nros. 00671, 00863 y 01083 de fechas 4 de junio de 2008, 23 de julio de 2008 y 3 de noviembre de 2010"*; y por la **Sala Político Administrativa mediante sentencias N° 237 del 21 de marzo de 2012** (caso: Servicio Nacional Integrado de Administración Aduanera y Tributaria, SENIAT vs. Bitúmenes Orinoco, C.A.); y **Sentencia N 0025 del 31 de enero de 2013 del Juzgado de Sustanciación de la Sala Político Administrativa del Tribunal Supremo de Justicia** (caso: Manuel Antonio Hurtado González y otros vs. PDVSA Petróleo y Gas, S.A)



4

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Ahora bien, siendo que *Petróleos de Venezuela S.A.*, como fue señalado anteriormente, es una empresa que pertenece en su totalidad a la República, en caso de cualquier acto o hecho que le ocasione daños patrimoniales forzosamente se verían afectados los derechos e intereses de la República, precisamente por ser su propietaria exclusiva. De ese modo, resulta palmario que la participación de *Petróleos de Venezuela, S.A.* en un proceso judicial, implica la ventilación en juicio de los bienes, derechos e intereses de la República, no sólo por ser el máximo ente empresarial público de la Nación –siendo la única empresa pública indicada expresamente en el texto de la Constitución de la República Bolivariana de Venezuela-, que aporta en gran proporción los ingresos fiscales, sino que atiende un sector vital para lo económico y lo social, como lo es la actividad petrolera y otras industrias, explotaciones, servicios y bienes de interés público y de carácter estratégico, que el Estado se reserva, mediante la ley orgánica respectiva, y por razones de conveniencia nacional.[6]

En tal virtud, resulta claro que, en este supuesto de la actuación en juicio de *Petróleos de Venezuela, S.A.* la Procuraduría General, y más precisamente el Procurador General de la República, a cuyo cargo corre la dirección de ésta[7], tiene plena cualidad, para intervenir judicial y extrajudicialmente, tanto nacional como internacionalmente, en la defensa de los derechos e intereses patrimoniales de la República, en virtud que la competencia de la Procuraduría es de orden constitucional y legal, *máxime* cuando las normas contenidas en la Ley Orgánica de la

---

[6] Ver: **Articulo 302 de la Constitución de la República Bolivariana de Venezuela**. "El Estado se reserva, mediante la ley orgánica respectiva, y por razones de conveniencia nacional, la actividad petrolera y otras industrias, explotaciones, servicios y bienes de interés público y de carácter estratégico. El Estado promoverá la manufactura nacional de materias primas provenientes de la explotación de los recursos naturales no renovables, con el fin de asimilar, crear e innovar tecnologías, generar empleo y crecimiento económico, y crear riqueza y bienestar para el pueblo".

[7] Ver: Artículo 43 de la **Ley Orgánica de la Procuraduría General de la República**. "La Procuraduría General de la República está a cargo y bajo la dirección del Procurador o



5

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Procuraduría General de la República son de orden público y se aplican con preferencia a otras leyes[8]. Ello así dictaminado, sin perjuicio de la actuación del representante judicial de la empresa o los abogados mandatarios de ésta, la Procuraduría General no requiere autorización expresa o instrumento poder alguno para el ejercicio de sus competencias, las cuales –como se dijo- incluyen la defensa de los bienes, derechos e intereses patrimoniales indirectos de la República, cuales son precisamente los de *Petróleos de Venezuela, S.A.*, principal empresa del Estado.

Aunado a lo anterior, la prenombrada Acta Constitutiva- Estatutos *de Petróleos de Venezuela S.A,* establece que para el cumplimiento del objeto social de la referida Sociedad mercantil debe sujetarse a lo preceptuado por la Constitución y demás normativa de rango legal y sublegal de la República Bolivariana de Venezuela.

Cabe señalar igualmente que esta cualidad que posee el Procurador General de la República para actuar en juicio en nombre de *Petróleos de Venezuela, S.A.*, es de carácter multifactorial, toda vez que no está limitada por el género o la tipología de la acción, la materia en que versa el proceso judicial de que se trate, ni por la posición que ocupe la empresa en el juicio. De tal manera que el Procurador General podrá intervenir en defensa de los bienes, derechos e intereses patrimoniales de *Petróleos de Venezuela, S.A.* en cualquier tipo de juicio, sea cual fuere la materia, instancia, foro o jurisdicción, tanto nacional como internacional, aun ante organismos u organizaciones multilaterales de resolución de disputas, así como en cualquier posición subjetiva que corresponda a ésta



---

Procuradora General de la República, quien debe ejercer las atribuciones establecidas en la Constitución y las leyes".

[8] Ver: **Ley Orgánica de la Procuraduría General de la República "Artículo 8.** Las normas de este Decreto con Rango, Valor y Fuerza de Ley son de orden público y se aplican con preferencia a otras leyes".

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

en el proceso, sea activa –como demandante o accionante- o pasiva –como demandada o accionada-.

Particularmente, puede destacarse que en casos de naturaleza penal o criminal, cuando se presuma o se haya afectado como consecuencia del delito o hecho antijurídico, el patrimonio de *Petróleos de Venezuela, S.A.*, y por vía indirecta, el de la República, el Procurador General de la República, podrá ejercer la defensa que correspondería a ambas entidades en su rol de víctimas, sin perjuicio de la actuación de abogados defensores apoderados por la empresa y del Ministerio Público, cuyas competencias están delimitadas en la Constitución de la República Bolivariana de Venezuela[9].

La jurisprudencia de máxima instancia emanada del Tribunal Supremo de Justicia, ha sido pacífica y reiterada en reconocer la cualidad que ejerce la figura del Procurador General de la República en los procesos en los cuales la víctima sea la República Bolivariana de Venezuela, sea cual fuere la naturaleza de la materia en litigio. Ejemplo de ello se halla en la sentencia de la Sala de Casación Penal número 742 de fecha 18 de diciembre de 2007, caso: "*Bandagro*", a saber: "*la ciudadana (...) Procuradora General de la República, **actuando en representación de la República Bolivariana de Venezuela (víctima) según lo establecido***

---

[9] Ver: **Artículos 284 y 285 de la Constitución de la República Bolivariana de Venezuela.** "**Artículo 284**. El Ministerio Público estará bajo la dirección y responsabilidad del Fiscal o la Fiscal General de la República, quien ejercerá sus atribuciones directamente con el auxilio de los funcionarios o funcionarias que determine la ley (...). **Artículo 285**. Son atribuciones del Ministerio Público: 1. Garantizar en los procesos judiciales el respeto a los derechos y garantías constitucionales, así como a los tratados, convenios y acuerdos internacionales suscritos por la República. 2. Garantizar la celeridad y buena marcha de la administración de justicia, el juicio previo y el debido proceso. 3. Ordenar y dirigir la investigación penal de la perpetración de los hechos punibles para hacer constar su comisión con todas las circunstancias que puedan influir en la calificación y responsabilidad de los autores o las autoras y demás participantes, así como el aseguramiento de los objetos activos y pasivos relacionados con la perpetración. 4. Ejercer en nombre del Estado la acción penal en los casos en que para intentarla o proseguirla no fuere necesaria instancia de parte, salvo las excepciones establecidas en la ley (...)".



# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

**en el artículo 247 Constitucional,** *presentó ante la Sala Penal informe relacionado con las acciones civiles y mercantiles incoadas contra la República Bolivariana de Venezuela en tribunales extranjeros, derivadas de acciones de cobro de las falsas notas promisorias cuya emisión se pretende atribuir al extinto Banco de Desarrollo Agropecuario (BANDAGRO) en 1981 durante el proceso de intervención seguido al mismo (...)".*

Por su parte, la Sala Constitucional también ha apuntalado la cualidad del Procurador General de la República, para ejercer la defensa de la República cuando ésta es víctima en un hecho delictual o criminal, delimitando de ese modo el rol que corresponde al órgano procurador, por una parte, y por la otra, al Ministerio Público, en cabeza de la Fiscalía General de la República.[10]

Aun con mayor precisión sustantiva en cuanto a este punto, la jurisprudencia del Tribunal Supremo ha determinado la obligación de todos los jueces de la República, esto es, de todas las instancias y competencias materiales y territoriales, de practicar la notificación al Procurador General de la República cuando los bienes, derechos e intereses de *Petróleos de Venezuela, S.A.* estén siendo objeto de un proceso judicial, considerando que por igual lo estarían los del Estado venezolano. A tal efecto, puede citarse la sentencia de la Sala

---

[10] Ver: **Sentencia de la Sala Constitucional número 386 del 24 de marzo de 2011**. *"[D]ebe aclararse que el representante legal de la víctima en un proceso penal en el que ésta sea una entidad federal y estén involucrados sus bienes, derechos o intereses patrimoniales, es su Procurador General y no el Ministerio Público. En efecto, el artículo 247 de la Constitución de la República, establece: La Procuraduría General de la República asesora, defiende y representa judicial y extrajudicialmente los intereses patrimoniales de la República, y será consultada para la aprobación de los contratos de interés público nacional (Omissis). En este orden de ideas, resulta patente para esta Sala Constitucional que el Procurador General del Estado Monagas es la autoridad regional competente para el ejercicio de la defensa de los bienes, derechos e intereses patrimoniales de ese Estado, incluso en su eventual calidad de víctima en un proceso penal. Así lo declaró la Sala de Casación Penal en sentencia n.° 742 de 18.12.07, caso: Bandagro (Cfr., en sentido análogo, s.S.C. n.° 1019 de 26.05.05 en un caso en el que la víctima fue PDVSA)".*



8

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

Constitucional número 1.019 de fecha 26 de mayo de 2005, caso: "*P.D.V.S.A. Petróleo S.A.*", en la que se examinó lo siguiente:

> "*[P]udo advertir esta Sala, que en el caso de autos, cuando **PDVSA** solicitó la medida de suspensión condicional del proceso prevista en el artículo 42 del Código Orgánico Procesal Penal, admitió los hechos que le fueron imputados por el Ministerio Público y **ofreció reparar el daño causado por dichos delitos, actuación con la cual comprometió el patrimonio del Estado, en cuyo caso es necesaria la notificación de la Procuraduría General de la República** de conformidad con lo previsto en el artículo 95 de la Ley Orgánica de la Procuraduría General de la República (Omissis). De tal forma que, ante la obligación que posee esta Sala de mantener el orden público constitucional, esto es, la integridad de las normas y postulados constitucionales, se ve en la necesidad de señalar que en lo sucesivo **cuando se presenten casos como el de autos, donde la propuesta de reparación presentada por el imputado comprometa el patrimonio del Estado, deberá acordarse la notificación a la Procuraduría General de la República**, con la imperiosa suspensión del proceso por un lapso de treinta (30) días continuos, o hasta obtener una respuesta por parte de la Procuraduría General, conforme a lo dispuesto en el artículo 95 de la Ley Orgánica de la Procuraduría General de la República. De conformidad con lo dispuesto en el artículo 335 de la Constitución, la doctrina contenida en el presente fallo tiene carácter vinculante (...)*". (Subrayado de esta Firma)

En idéntico sentido, en sentencia de la Sala Constitucional número 2.291 de fecha 14 de diciembre de 2006, caso: "*Elecentro*", se ratificó que *"el deber de notificación de la Procuraduría General de la República, actualmente recogido en el transcrito artículo 94 del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República, representa una **formalidad esencial en el juicio** y constituye la expresión de las prerrogativas jurisdiccionales del Estado, que **no sólo se circunscriben a los intereses patrimoniales directos de la República, sino que las mismas, debe hacerse extensivas a los entes descentralizados funcionalmente"*. Efectivamente, para enfatizar la subsunción de este extracto jurisprudencial al asunto examinado en la presente opinión, cabe



9

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

subrayar que *Petróleos de Venezuela, S.A.* es un ente descentralizado funcionalmente, que persigue fines empresariales.

En consecuencia, a tenor del análisis efectuado y considerando los asertos, dispositivos e instituciones jurídicas en que se fundamenta la presente opinión jurídica, es imperativo concluir que el Procurador General de la República, a cuyo cargo se halla la Procuraduría General de la República como Órgano de rango constitucional, posee cualidad integral de pleno derecho que le faculta para intervenir en cualquier grado o género de acción, en defensa de los bienes, derechos e intereses patrimoniales de *Petróleos de Venezuela, S.A.*, máxima empresa estatal venezolana de propiedad exclusiva de la República Bolivariana de Venezuela, en juicios o procesos arbitrales de cualquier naturaleza, independientemente de la materia, instancia, sede, foro o jurisdicción, tanto nacional como internacional, aun ante organismos u organizaciones multilaterales de resolución de disputas, así como en cualquier rol subjetivo que corresponda a esta sociedad mercantil en el proceso, sea activo –como demandante o accionante- o pasivo –como demandada o accionada-, sin perjuicio de las actuaciones de representantes judiciales propios con los que cuente la empresa estatal de petróleo.

Queda así expuesta nuestra opinión jurídica sobre el asunto sometido a consulta.

Permaneciendo a su entera disposición para efectuar ampliaciones, aclaratorias o resolver cualesquiera inquietudes que puedan surgir con ocasión de los criterios devenidos del análisis efectuado, se despide.

Atentamente.

# MIRABAL, SALINAS & ASOCIADOS. LTD

Av. Francisco de Miranda, Parque Cristal, Torre Este, Piso 13, Ofic.10, Los Palos Grandes, Caracas.

ROBERTO I. MIRABAL ACOSTA
**Director**

11



715 SW 73RD Avenue | Miami | Florida 33144
**Tel** 305.373.7874 | **Fax** 305.381.7874
**Toll Free** 1.888.304.7874
**eMail** info@pretran.com

**Certificate of Accuracy**



State of Florida)
County of Miami-Dade)

**Vicente de la Vega**, certified by the Administrative Office of the United States Court and by the Court Interpreters Certification Board of the State of Florida, swears, deposes and states that the attached certified translation is accurate and has been performed by a translator fully qualified to translate in the **SPANISH** and **ENGLISH** languages, as engaged to this effect by and on behalf of Precision Translating Services, Inc.



_____
**Vicente de la Vega**

The foregoing instrument was acknowledged, sworn to and subscribed before me Wednesday, June 27, 2018 by **Vicente de la Vega**, who is personally known to me or who has produced a Florida Driver's License as identification.

My commission expires:



ALICIA A. MUINA
MY COMMISSION # FF 191408
EXPIRES: May 18, 2019
Bonded Thru Notary Public Underwriters

_____
Notary Public State of Florida at Large

**The utmost care has been taken to ensure the accuracy of all translations. Precision Translating Services, Inc. and its employees shall not be liable for any damages due to its own negligence or errors in typing or translation, nor shall it be liable for the negligence of third parties.**