# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

| | | |
|---|---|---|
| AÑO CXLIII - MES VI | Caracas, martes 15 de marzo de 2016 | N° 6.220 Extraordinario |

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**

Decreto N° 2.173, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Procuraduría General de la República.- (Se reimprime por fallas en los originales).

Decreto N° 2.178, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de la Actividad Aseguradora.- (Se reimprime por fallas en los originales).

---

## PRESIDENCIA DE LA REPÚBLICA

**DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA**

### EXPOSICIÓN DE MOTIVOS

La Procuraduría General de la República es un Organismo de rango constitucional, que no puede permanecer ajeno a las efectivas transformaciones, tanto orgánicas como normativas de la Administración Pública, las cuales ameritan que la Institución se mantenga en constante actualización a los fines de la adecuación a una nueva concepción de nuestro ordenamiento jurídico y el perfeccionamiento de las competencias atribuidas a este Organismo, que día a día debe desplegar con firmeza la doble función que le asigna la Constitución de la República Bolivariana de Venezuela, la representación y defensa judicial y extrajudicial y el rol de órgano superior de consulta de la Administración Pública.

Así, la institución debe afianzar el derecho a la autodeterminación de la República Bolivariana de Venezuela o el derecho de nuestro pueblo a la libre determinación, ya que este derecho tiene un lugar privilegiado en la Carta de la Organización de las Naciones Unidas (ONU) y en los dos Pactos Internacionales de Derechos Humanos de 1.966, y en muchos otros tratados internacionales, así pues se regula la posibilidad de que la Procuraduría General de la República extienda su rol como garante de los intereses de la República a través de sus servidores quienes con ocasión de su gestión pudieran ser afectados por acciones injerencistas de Poderes Extranjeros.

Es por ello que puede afirmarse que el derecho de los pueblos a la autodeterminación constituye la base fundamental del Derecho Internacional Contemporáneo; sin embargo, es frecuente observar como los principios democráticos y los derechos humanos son vaciados de contenido por la promoción y la puesta en práctica de un orden económico injusto y desigual, derivado de la privatización y la mercantilización de casi todos los ámbitos de la vida, en detrimento de la soberanía por excelencia de los Estados, menoscabando el derecho a la defensa de sus intereses, entre ellos los intereses patrimoniales.

A fin de rehabilitar el derecho a la soberanía de los pueblos sobre sus recursos naturales, y sus riquezas, componente esencial del derecho a la autodeterminación, se considera entonces que siendo deber constitucional de la Procuraduría General de la República asesorar, defender y representar judicial y extrajudicialmente los intereses patrimoniales de la República, ésta debe velar por la protección de la soberanía y de esta manera evitar que gobierno extranjero alguno pueda intervenir en el libre y soberano ejercicio de ese derecho fundamental.

De esta manera, uno de los objetivos de este Decreto Ley es garantizar el derecho a la autodeterminación de los pueblos, el refuerzo de la actuación frente a acciones o amenazas injerencistas de estados o poderes extranjeros, siendo el deber de la Procuraduría General de la República velar por la protección de estos derechos, y como consecuencia de ello, incidir en el reconocimiento expreso de su carácter constitucional de representante exclusivo -judicial y extrajudicial-, tanto a nivel nacional como internacional, en la defensa de los derechos, bienes e intereses patrimoniales de la República.

Se instituye entonces, en este Decreto Ley, de manera formal, el deber de la Procuraduría General de la República de velar por el derecho a la soberanía del pueblo y su autodeterminación, pudiendo actuar de oficio o a instancias de las máximas autoridades en pro de ese derecho; incluyéndose además, un Capítulo que tiende a facilitar aún más, la actuación judicial de este Organismo a nivel internacional, a través de la posibilidad de convertir recursos en divisas para sufragar los gastos asociados a la representación de la República cuando trascienda las fronteras patrias.

Por otra parte, se regula lo relativo a las faltas del Procurador o Procuradora General de la República, clasificando las faltas en absolutas y temporales, estableciendo en forma legal y expresa, la suplencia de las faltas temporales e interinarias a cargo del Viceprocurador o Viceprocuradora General de la República, esto como necesaria garantía a la permanente protección de los intereses de la República.

Decreto N° 2.173                    30 de diciembre de 2015

**NICOLÁS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, la refundación de la Patria venezolana, basado en principios humanistas, sustentado en condiciones morales y éticas que persiguen el progreso del país y del colectivo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido en el numeral 1 del artículo 1° de la Ley que Autoriza al Presidente de la República para dictar Decretos, con Rango, Valor y Fuerza de Ley, para reforzar la soberanía y protección del pueblo venezolano y el orden constitucional de la República, en Consejo de Ministros,

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A.
www.jurisprudencia...



PLAINTIFF'S EXHIBIT
53
tabbies®



Jπ EXHIBIT
Deponent: Hernandez
Date: Mejihabock
WWW.DEPOBOOK.COM

**DICTO**

El siguiente,

**DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA**

**TÍTULO I**
**DISPOSICIONES FUNDAMENTALES**

**Objeto**

**Artículo 1º.** Este Decreto con Rango, Valor y Fuerza de Ley tiene por objeto establecer las normas relativas a la competencia, organización y funcionamiento de la Procuraduría General de la República; su actuación en la defensa de los derechos, bienes e intereses patrimoniales de la República, a nivel nacional e internacional y en el ejercicio de su función consultiva, así como, las normas generales sobre procedimientos administrativos previos a las demandas contra la República.

**Potestad constitucional**

**Artículo 2º.** En ejercicio de las potestades que le confiere la Constitución de la República Bolivariana de Venezuela, son competencias exclusivas de la Procuraduría General de la República asesorar jurídicamente a los órganos del Poder Público Nacional y ejercer la defensa y representación judicial y extrajudicial de los derechos, bienes e intereses patrimoniales de la República, tanto a nivel nacional como internacional.

Las potestades y competencias de representación y defensa previstas en este artículo no podrán ser ejercidas por ningún otro órgano o funcionario del Estado, sin que medie previa y expresa sustitución otorgada por el Procurador o Procuradora General de la República.

**Principio de Colaboración**

**Artículo 3º.** Para el cumplimiento de los fines previstos en este Decreto con Rango, Valor y Fuerza de Ley Orgánica, los servidores públicos y los particulares están obligados a colaborar con la Procuraduría General de la República y, a tal efecto, deben atender sus convocatorias y requerimientos de cualquier información, documento u otro instrumento necesarios para la formación de criterio o para la actuación judicial.

**Informes de los sustitutos y periodicidad**

**Artículo 4º.** Los abogados y abogadas en quienes el Procurador o Procuradora General de la República haya otorgado sustitución deben remitir informes trimestrales sobre sus actuaciones en ejercicio de ésta. Sin perjuicio de que el Procurador o Procuradora General de la República determine la forma, alcance y otra periodicidad.

**Opinión previa de la Procuraduría General de la República por actos de convenimiento**

**Artículo 5º.** Los funcionarios públicos o funcionarias públicas que, en el ejercicio de sus atribuciones pretendan suscribir en sede administrativa convenimientos, desistimientos, compromiso en árbitros, conciliaciones, transacciones, o cualquier otro acto de disposición relacionados directamente con los derechos, bienes e intereses patrimoniales de la República, deberán solicitar opinión previa y expresa de la Procuraduría General de la República.

El incumplimiento de la obligación prevista en este artículo acarreará al funcionario que realice el acto, las responsabilidades administrativas, civiles y penales que le sean imputables, por los daños causados a los derechos, bienes e intereses patrimoniales de la República.

**Acceso a los expedientes**

**Artículo 6º.** Los funcionarios públicos o funcionarias públicas de la Procuraduría General de la República y quienes actúen en su nombre, tienen acceso a los expedientes que se encuentren en los tribunales, registros, notarías y demás órganos

nacionales, estadales y municipales, vinculados con las actuaciones que los mismos adelanten, aún en horario no hábil.

**Gratuidad e Información a la Procuraduría General de la República**

**Artículo 7º.** Los funcionarios o funcionarias judiciales, registradores, notarios y demás autoridades nacionales, estadales y municipales, están obligados a prestar gratuitamente los oficios legales de su ministerio a la Procuraduría General de la República; a informar a ésta de cualquier hecho o acto que afecte algún derecho, bien o interés a favor de la República del cual tuvieran conocimiento en ejercicio de sus atribuciones y a remitirle, si fuere el caso, copia certificada de la documentación respectiva.

**Orden Público**

**Artículo 8º.** Las normas de este Decreto con Rango, Valor y Fuerza de Ley son de orden público y se aplican con preferencia a otras leyes.

**TÍTULO II**
**DE LAS ATRIBUCIONES DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA**

**CAPÍTULO I**
**EN MATERIA DE REPRESENTACIÓN Y DEFENSA DE LOS DERECHOS, BIENES E INTERESES PATRIMONIALES DE LA REPÚBLICA**

**Competencias**

**Artículo 9º.** Es competencia de la Procuraduría General de la República:

1. Representar y defender judicial y extrajudicialmente la afectación directa o indirecta de los derechos e intereses patrimoniales de la República, tanto nacional como internacionalmente.

2. Representar y defender a la República, en los juicios que se susciten entre ésta y personas públicas o privadas, por nulidad, caducidad, resolución, alcance, interpretación y cumplimiento de contratos que suscriban los órganos del Poder Público Nacional; así como todo lo atinente al régimen de tierras baldías y contratos en materia minera, energética y ambiental que celebre el Ejecutivo Nacional.

3. Representar y defender a la República en los juicios de nulidad incoados contra los actos administrativos del Poder Ejecutivo Nacional.

4. Redactar y suscribir, conforme a las instrucciones de las máximas autoridades de los órganos del Poder Público Nacional, los documentos contentivos de actos, contratos o negocios de su respectiva gestión, relacionados con los derechos, bienes e intereses patrimoniales de la República, cuya competencia no les esté atribuida expresamente por mandato constitucional o legal.

5. Emitir opinión jurídica sobre los proyectos de los convenios o tratados internacionales a ser suscritos por la República, cuyo contenido esté vinculado con sus derechos, bienes e intereses patrimoniales, así como participar en las negociaciones de los convenios o tratados internacionales a ser suscritos por la República.

6. Redactar y suscribir los documentos de transferencias de titularidad de las tierras, en la cual estén involucrados los derechos e intereses patrimoniales de la República.

7. Recibir y tramitar a través de los organismos competentes, las denuncias sobre hechos o actos que, a su juicio, afecten los derechos, bienes e intereses patrimoniales de la República.

8. Demandar la nulidad de cualquier acto de los órganos y entes del Poder Público Nacional, Estadal y Municipal, por razones de inconstitucionalidad o de ilegalidad.

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A
RIF: J-00170804-6

9. Las demás que atribuyan las leyes y demás actos normativos.

## CAPÍTULO II
## EN MATERIA DE INGRESOS PÚBLICOS NACIONALES

**Competencias específicas en materia de ingresos públicos**
**Artículo 10.** Corresponde a la Procuraduría General de la República:

1. Representar y defender judicial y extrajudicialmente, los derechos e intereses de la República, relacionados con los ingresos públicos nacionales; y

2. Redactar, conforme a las instrucciones impartidas por el Ejecutivo Nacional, los documentos contentivos de actos, contratos o negocios relacionados con los ingresos públicos nacionales.

## CAPÍTULO III
## EN MATERIA DE CONTRATOS

**Competencias específicas en materia de contratos**
**Artículo 11.** Corresponde a la Procuraduría General de la República emitir su opinión sobre los contratos de interés público nacional y sobre cualquier acuerdo o convención que de manera directa o indirecta afecte los intereses patrimoniales de la República.

**Cláusulas de arbitraje**
**Artículo 12.** Los contratos a ser suscritos por la República que establezcan cláusulas de arbitraje, tanto nacional como internacional, deben ser sometidos a la opinión previa y expresa de la Procuraduría General de la República.

**Remisión por parte de máximas autoridades**
**Artículo 13.** A los fines previstos en el artículo anterior, las máximas autoridades de los órganos del Poder Público Nacional, deben remitir a la Procuraduría General de la República los proyectos de contratos a suscribirse, con sus respectivos soportes y la opinión de la Consultoría Jurídica, la cual debe hacer pronunciamiento expreso, sobre la procedencia de las cláusulas de arbitraje nacional o internacional.

## CAPÍTULO IV
## EN MATERIA INTERNACIONAL

**Competencias específicas en la actuación internacional**
**Artículo 14.** La Procuraduría General de la República, en el ejercicio de su competencia sobre la defensa judicial y extrajudicial de los bienes, derechos e intereses patrimoniales de la República, en el territorio nacional y fuera de él, podrá actuar en defensa de los derechos de servidores públicos afectados por actos de injerencia provenientes de organismos, Estados, autoridades y poderes extranjeros, dirigidos a menoscabar la soberanía y la libre autodeterminación de los pueblos, o a la intervención en asuntos internos de la República. La oportunidad de dicha representación será consultada con el Ministerio con competencia en materia de relaciones exteriores y autorizada por el Presidente o Presidenta de la República.

**Representaciones internacionales**
**Artículo 15.** La Procuraduría General de la República en coordinación con el Ministerio del Poder Popular con competencia en materia de relaciones exteriores, podrá establecer sedes permanentes o temporales fuera del territorio de la República Bolivariana de Venezuela o designar representaciones en el extranjero, con el objeto de defender los derechos, bienes e intereses patrimoniales de la República.

**Fondo**
**Artículo 16.** La Procuraduría General de la República, previa autorización del Ejecutivo Nacional, y en observancia de las

regulaciones de la autoridad nacional en materia monetaria y cambiaria, podrá constituir un fondo en divisas con cargo a su presupuesto, a fin de sufragar los costos y gastos necesarios para la defensa judicial y extrajudicial de los bienes, derechos e intereses patrimoniales de la República en el exterior.

## CAPÍTULO V
## EN MATERIA DE CONTRATACIONES DE ASESORÍA JURÍDICA Y REPRESENTACIÓN JUDICIAL

**Sistema Integral de Asesoría Jurídica**
**Artículo 17.** La Procuraduría General de la República en su condición de Órgano Superior de Consulta, desarrollará un Sistema Integral de Asesoría Jurídica bajo su dirección, destinado a homogeneizar la política jurídica del Estado.

El Procurador o la Procuradora General de la República mediante Resolución, fijará todo lo relativo al funcionamiento del referido Sistema.

**Autorización para suscribir Contratos por honorarios profesionales de asesoría jurídica y de representación judicial**
**Artículo 18.** Los contratos bajo la modalidad de honorarios profesionales de asesoría jurídica y de representación judicial, a ser suscritos por los órganos y entes de la Administración Pública Nacional central y descentralizada, requieren la autorización previa y expresa de la Procuraduría General de la República, de conformidad con la normativa correspondiente.
El incumplimiento de la obligación prevista en este artículo, acarreará al funcionario competente las responsabilidades administrativas, civiles y penales correspondientes.

**Debida Justificación**
**Artículo 19.** La solicitud de la autorización a que se refiere el artículo anterior debe evidenciar la necesidad y justificación de la contratación, respecto a lo cual se pronunciará la Procuraduría General de la República dentro de los veinte (20) días hábiles siguientes a su recepción.

**Registro**
**Artículo 20.** La Procuraduría General de la República llevará un Registro de los contratos autorizados o denegados, en el cual constarán los documentos y demás datos correspondientes al contrato, así como la información referente a su ejecución.

Los órganos y entes de la Administración Pública Nacional central y descentralizada deben informar periódicamente a la Procuraduría General de la República sobre las actuaciones desempeñadas por los asesores y representantes como resultados de la ejecución de los contratos.

El Procurador o la Procuradora General de la República establecerá lo relativo al funcionamiento del Registro y las formas de supervisión y seguimiento de la ejecución de los contratos.

## CAPÍTULO VI
## EN MATERIA DE ASESORÍA JURÍDICA

**Sección Primera**
**Asesoría a los Órganos del Poder Público**

**Función asesora**
**Artículo 21.** Corresponde a la Procuraduría General de la República asesorar jurídicamente a los órganos del Poder Público Nacional, a solicitud de sus máximas autoridades.

La Procuraduría General de la República asesorará jurídicamente a los institutos autónomos o públicos, a las fundaciones, asociaciones y sociedades civiles del Estado, empresas públicas y demás establecimientos públicos nacionales y a los Estados y Municipios, cuando a su juicio, el asunto objeto de la consulta esté relacionado directa o indirectamente con los derechos, bienes e intereses patrimoniales de la República.

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A.
RIF: J-00178041-6

Los institutos autónomos, empresas del Estado, fundaciones y asociaciones civiles del Estado y demás establecimientos públicos nacionales deben tramitar sus consultas a través del respectivo órgano de adscripción. Dichas consultas serán remitidas a la Procuraduría General de la República por las máximas autoridades de los órganos de adscripción, acompañadas de los expedientes respectivos, debidamente sustanciados, los cuales deberán contener la opinión jurídica de los titulares de sus correspondientes consultorías jurídicas.

Los Estados y los Municipios tramitarán sus consultas a través de sus máximas autoridades ejecutivas, acompañadas del expediente respectivo debidamente sustanciado, el cual debe contener la opinión jurídica de sus correspondientes órganos asesores.

### Obligación de los Consultores Jurídicos

**Artículo 22.** Los Consultores Jurídicos de los órganos y entes de la Administración Pública están obligados a prestar la mayor colaboración a la Procuraduría General de la República, en los términos que establezca este Decreto con Rango, Valor y Fuerza de Ley Orgánica, su Reglamento y demás normas aplicables; a tal efecto, deben:

1. Sustanciar y foliar los expedientes a ser sometidos a la consideración de la Procuraduría General de la República y realizar oportunamente la remisión de éstos cuando le fuera requerida;

2. Remitir, en cada caso, la opinión jurídica actualizada que les merezca el asunto sometido a consulta a la Procuraduría General de la República, así como los documentos y demás recaudos que sustenten dicha opinión;

3. Remitir las exposiciones de motivos de los proyectos de instrumentos jurídicos a ser sometidos al estudio y consideración jurídica de la Procuraduría General de la República, debidamente conformados por la respectiva Consultoría Jurídica;

4. Remitir los recaudos sobre los asuntos que deba conocer la Procuraduría General de la República y que ésta les requiera; y

5. Atender oportunamente las convocatorias que le efectuare la Procuraduría General de la República a fin de tratar asuntos relativos al desempeño de sus funciones.

Los funcionarios referidos en el encabezamiento de este artículo, deben enviar a la Procuraduría General de la República copia de los dictámenes y opiniones emitidos en el desempeño de sus funciones, relacionados con los derechos, bienes e intereses patrimoniales de la República, a los fines de coordinar y armonizar los criterios jurídicos de la Administración Pública.

### Devolución de expedientes

**Artículo 23.** Las solicitudes de consulta que no cumplan con los requisitos previstos en este Decreto con Rango, Valor y Fuerza de Ley Orgánica, serán devueltas a fin de subsanar las omisiones a que haya lugar.

### Revisión previa de proyectos de leyes

**Artículo 24.** Corresponde a la Procuraduría General de la República la revisión jurídica previa de los proyectos de leyes a ser sometidos a la Asamblea Nacional, cuya iniciativa corresponda al Poder Ejecutivo Nacional.

Igualmente, en atención al principio de colaboración entre los Poderes Públicos, la Procuraduría General de la República podrá participar en los procesos de formación de leyes en el seno de la Asamblea Nacional.

### Sección Segunda
### Del Consejo de Asesoría Jurídica de la Administración Pública Nacional

### Función del Consejo de Asesoría Jurídica de la Administración Pública Nacional

**Artículo 25.** El Consejo de Asesoría Jurídica de la Administración Pública Nacional (CAJAP), tiene por función

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A.
RIF: J-00170041-5

coordinar y armonizar los criterios y actuaciones jurídicas de la Administración Pública Nacional, el cual está integrado por el Procurador o Procuradora General de la República, quien lo preside, por los jefes de las unidades jurídicas superiores de la Procuraduría General de la República, por el Consultor Jurídico de la Vicepresidencia Ejecutiva, por los consultores jurídicos de los Ministerios y cualquier otro funcionario o autoridad cuya presencia sea requerida.

Corresponde al Procurador o Procuradora General de la República designar al secretario del Consejo de Asesoría Jurídica de la Administración Pública Nacional.

### Convocatoria

**Artículo 26.** El Consejo de Asesoría Jurídica de la Administración Pública Nacional, debe reunirse por convocatoria del Procurador o Procuradora General de la República, para conocer y opinar sobre los proyectos de las leyes, reglamentos y demás instrumentos normativos, así como sobre otras materias jurídicas de interés para la República.

La asistencia a las reuniones del Consejo de Asesoría Jurídica de la Administración Pública Nacional tiene carácter obligatorio. No obstante, sus miembros pueden hacerse representar por otro funcionario, cuando así lo autorice expresamente la máxima autoridad del organismo respectivo.

### Disentimiento de criterios

**Artículo 27.** El miembro del Consejo de Asesoría Jurídica de la Administración Pública Nacional que disienta del criterio adoptado por la mayoría debe consignar por escrito su opinión debidamente razonada.

### Reuniones

**Artículo 28.** De cada reunión del Consejo de Asesoría Jurídica de la Administración Pública Nacional debe levantarse acta que, una vez leída, firmarán su Presidente y su Secretario.

El desarrollo de las reuniones del Consejo de Asesoría Jurídica de la Administración Pública Nacional podrá ser registrado y grabado, a objeto de conservar el contenido de los asuntos tratados.

### Reglamento Interno

**Artículo 29.** El Procurador o Procuradora General de la República dictará el Reglamento Interno de funcionamiento del Consejo de Asesoría Jurídica de la Administración Pública Nacional, el cual se publicará en la Gaceta Oficial de la República Bolivariana de Venezuela.

### TÍTULO III
### DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA, DEL PROCURADOR O PROCURADORA GENERAL DE LA REPÚBLICA, DEL PERSONAL DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA Y DEL RÉGIMEN DE JUBILACIONES DEL PERSONAL DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

### CAPÍTULO I
### DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

### Plena representación

**Artículo 30.** La Procuraduría General de la República conserva en toda su plenitud la representación y defensa de los derechos, bienes e intereses patrimoniales de la República, tanto nacional como internacionalmente, aun cuando otro u otros funcionarios sean investidos de la misma atribución por sustitución otorgada por el Procurador o Procuradora General de la República.

### Autonomía

**Artículo 31.** La Procuraduría General de la República tiene autonomía organizativa, funcional, administrativa y presupuestaria.

### Alcance de la autonomía organizativa

**Artículo 32.** A los fines de este Decreto con Rango, Valor y Fuerza de Ley Orgánica, se entiende por autonomía

y exponer concretamente sus pretensiones en el caso. De la presentación de ese escrito se debe dar recibo al interesado y su recepción debe constar en el mismo.

### Formación del expediente

**Artículo 69.** El órgano respectivo, dentro de los veinte (20) días hábiles siguientes a la consignación del escrito contentivo de la pretensión, debe proceder a formar expediente del asunto sometido a su consideración, el cual debe contener, según el caso, los instrumentos donde conste la obligación, fecha en que se causó, certificación de la deuda, acta de conciliación suscrita entre el solicitante y el representante de la República y la opinión jurídica respecto a la procedencia o improcedencia de la pretensión, así como cualquier otro documento que considere indispensable.

### Opinión jurídica y su carácter vinculante

**Artículo 70.** Al día hábil siguiente de concluida la sustanciación del expediente administrativo, el órgano respectivo debe remitirlo a la Procuraduría General de la República, debidamente foliado, en original o en copia certificada, a objeto de que ésta, en un plazo no mayor de treinta (30) días hábiles, formule y remita al órgano o ente respectivo, su opinión jurídica respecto a la procedencia o no de la reclamación. En el caso de improcedencia, a los fines del resguardo de los bienes, derechos e intereses patrimoniales de la República, la opinión de la Procuraduría General de la República tendrá carácter vinculante para el órgano respectivo.

No se requiere la opinión de la Procuraduría General de la República, cuando se trate de reclamaciones cuyo monto sea igual o inferior a quinientas Unidades Tributarias (500 U.T.) y hayan sido declaradas procedentes por la máxima autoridad del órgano respectivo.

### Notificación

**Artículo 71.** El órgano respectivo debe notificar al interesado su decisión, dentro de los cinco (5) días hábiles siguientes a la recepción del criterio sostenido por la Procuraduría General de la República.

### Respuesta al órgano

**Artículo 72.** Dentro de los diez (10) días hábiles siguientes a la notificación, el interesado debe dar respuesta al órgano que corresponda, acerca de si acoge o no la decisión notificada. En caso de desacuerdo, queda facultado para acudir a la vía judicial.

### Procedencia de acudir a la vía judicial

**Artículo 73.** La ausencia de oportuna respuesta, por parte de la Administración, dentro de los lapsos previstos en este Decreto con Rango, Valor y Fuerza de Ley Orgánica, faculta al interesado para acudir a la vía judicial.

### Declaratoria de inadmisibilidad en caso de incumplimiento de formalidades

**Artículo 74.** Los funcionarios judiciales deben declarar inadmisibles las acciones o tercerías que se intenten contra la República, sin que se acredite el cumplimiento de las formalidades del procedimiento administrativo previo a que se refiere este Capítulo.

### CAPÍTULO II
### DE LA ACTUACIÓN DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA EN JUICIO

#### Sección Primera
#### Disposiciones Generales

### Competencia de representación y defensa judicial

**Artículo 75.** Corresponde a la Procuraduría General de la República representar al Poder Ejecutivo Nacional y defender sus actos ante la jurisdicción contencioso administrativa y constitucional. El ejercicio de esta atribución no exime a los respectivos órganos de la obligación de colaborar con la Procuraduría General de la República.

### Intervención en procesos judiciales

**Artículo 76.** La Procuraduría General de la República puede intervenir en todos los procesos judiciales en que sean parte los institutos autónomos, institutos públicos, órganos y entes públicos nacionales, así como las entidades estadales y municipales, cuando, a su juicio, los mismos afecten derechos, bienes e intereses patrimoniales de la República.

### Privilegios y prerrogativas procesales

**Artículo 77.** Los privilegios y prerrogativas procesales de la República son irrenunciables y deben ser aplicados por las autoridades judiciales en todos los procedimientos ordinarios y especiales en que sea parte la República.

### Notificaciones y citaciones

**Artículo 78.** Las notificaciones y citaciones realizadas al Procurador o Procuradora General de la República, sin el cumplimiento de las formalidades y requisitos establecidos en este Decreto con Rango, Valor y Fuerza de Ley Orgánica, se consideran como no practicadas.

### Presentación de actuaciones procesales

**Artículo 79.** Todas las actuaciones procesales que efectúe la Procuraduría General de la República, incluyendo los recursos ordinarios, extraordinarios y especiales establecidos por las leyes, pueden presentarse por escrito, diligencia u oficio.

### Falta de asistencia a los actos

**Artículo 80.** Cuando el Procurador o Procuradora General de la República, o los abogados que ejerzan la representación de la República, no asistan a los actos de contestación de demandas intentadas contra ésta, o de las cuestiones previas que les hayan sido opuestas, las mismas se tienen como contradichas en todas sus partes, sin perjuicio de la responsabilidad personal del funcionario por los daños causados a los derechos, bienes e intereses patrimoniales de la República.

### Obligación de remisión de información y documentación

**Artículo 81.** Los órganos y entes de la Administración Pública deben remitir a la Procuraduría General de la República, dentro del lapso que le sea indicado, la información y documentación que ésta les requiera para actuar en representación y defensa de los derechos, bienes e intereses patrimoniales de la República.

### Autorización expresa del Procurador o Procuradora General de la República

**Artículo 82.** Los abogados que ejerzan en juicio la representación de la República no pueden convenir, desistir, transigir, comprometer en árbitros, conciliar o utilizar cualquiera otro medio alternativo para la solución del conflicto, sin la expresa autorización del Procurador o Procuradora General de la República, previa instrucción escrita de la máxima autoridad del órgano respectivo.

### Excepción a la prestación de caución

**Artículo 83.** La República no está obligada a prestar caución para ninguna actuación judicial.

### Consulta de sentencia definitiva en contra de la República

**Artículo 84.** Toda sentencia definitiva contraria a la pretensión, excepción o defensa de la República, debe ser consultada al Tribunal Superior competente.

### Agotamiento de recursos

**Artículo 85.** Los abogados que actúen en nombre de la Procuraduría General de la República deben hacer valer en los juicios todos los recursos ordinarios, extraordinarios y especiales establecidos por las leyes, salvo instrucción contraria de la máxima autoridad del órgano respectivo, dada por escrito. Los lapsos para interponer los referidos recursos no comenzarán a correr hasta tanto no se practique la correspondiente notificación al Procurador o Procuradora General de la

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A.
RIF: J-00178041-5

de utilidad pública o a un servicio público, el Tribunal debe acordar la fijación del precio mediante avalúo realizado por tres peritos, nombrados uno por cada parte y el tercero de común acuerdo. En caso de desacuerdo, el tercer perito es nombrado por el Tribunal.

**Corrección monetaria**
**Artículo 101.** En los juicios en que sea parte la República, la corrección monetaria debe ser fijada sobre la base del promedio de la tasa pasiva anual de los seis (6) primeros bancos comerciales del país.

**Estimación del valor sobre actuaciones**
**Artículo 102.** En los juicios en que haya recaído sentencia definitiva a favor de la República, el Procurador o Procuradora General de la República, o quien actúe en su nombre, debe estimar el valor de las respectivas actuaciones, de conformidad con lo establecido en la Ley de Abogados, a los efectos de la respectiva condenatoria en costas.

**Sección Tercera**
**De las Medidas Cautelares**

**Medidas Cautelares**
**Artículo 103.** La Procuraduría General de la República puede solicitar las siguientes medidas cautelares:

1.     El embargo;

2.     La prohibición de enajenar y gravar;

3.     El secuestro;

4.     Cualquier medida nominada e innominada que sea necesaria para la defensa de los derechos, bienes e intereses de la República.

**Examen previo de medidas preventivas solicitadas**
**Artículo 104.** Cuando la Procuraduría General de la República solicite medidas preventivas o ejecutivas, el Juez para decretarlas, deberá examinar si existe un peligro grave de que resulte ilusoria la ejecución del fallo, o si del examen del caso, emerge una presunción de buen derecho a favor de la pretensión, bastando para que sea procedente la medida, la existencia de cualquiera de los dos requisitos mencionados. Podrán suspenderse las medidas decretadas cuando hubiere caución o garantía suficiente para responder a la República de los daños y perjuicios que se le causaren, aceptada por el Procurador o Procuradora General de la República o quien actúe en su nombre, en resguardo de los bienes, derechos e intereses patrimoniales de la República.

**Medidas sobre bienes**
**Artículo 105.** Las medidas preventivas a que se refieren los artículos anteriores, pueden ejecutarse sobre bienes que se encuentren en posesión de aquél contra quien se libren.

**Límite de las medidas preventivas**
**Artículo 106.** El Juez debe limitar las medidas preventivas a los bienes que sean estrictamente necesarios para garantizar las resultas del juicio. A tal fin, si se comprueba que los bienes afectados exceden la cantidad por la cual se decretó la medida, el Juez debe limitar los efectos de ésta a los bienes suficientes, señalándolos con toda precisión.

**Sección Cuarta**
**De la actuación de la Procuraduría General de la**
**República cuando la República no es parte en juicio**

**Intervención en juicio**
**Artículo 107.** El Procurador o Procuradora General de la República puede intervenir en aquellos juicios en los que, si bien la República no es parte, son afectados directa o indirectamente los derechos, bienes e intereses patrimoniales de la República.

**Notificación sobre demandas al Procurador o**
**Procuradora General de la República**
**Artículo 108.** Los funcionarios judiciales están obligados a notificar al Procurador o Procuradora General de la República de la admisión de toda demanda que obre directa o indirectamente contra los intereses patrimoniales de la República. Las notificaciones deben ser hechas por oficio y estar acompañadas de copias certificadas de todo lo que sea conducente para formar criterio acerca del asunto.

El proceso se suspenderá por un lapso de noventa (90) días continuos, el cual comienza a transcurrir a partir de la fecha de la consignación de la notificación, practicada en el respectivo expediente. Vencido este lapso, el Procurador o Procuradora se tendrá por notificado. Esta suspensión es aplicable únicamente a las demandas cuya cuantía es superior a un mil Unidades Tributarias (1.000 U.T.).

El Procurador o Procuradora General de la República o quien actúe en su nombre, debe contestar dichas notificaciones durante este lapso, manifestando la ratificación de la suspensión, o su renuncia a lo que quede del referido lapso, en cuyo caso se tendrá igualmente por notificado.

**Obligación de notificación por parte**
**de los funcionarios judiciales**
**Artículo 109.** Los funcionarios judiciales están igualmente obligados a notificar al Procurador o Procuradora General de la República de toda oposición, excepción, providencia, sentencia o solicitud de cualquier naturaleza que directa o indirectamente obre contra los intereses patrimoniales de la República. Estas notificaciones deben ser hechas por oficio y estar acompañadas de copias certificadas de todo lo que sea conducente para formar criterio acerca del asunto.

En tales casos, el proceso se suspenderá por un lapso de treinta (30) días continuos, contados a partir de la fecha de la consignación de la notificación practicada en el respectivo expediente. El Procurador o Procuradora General de la República, o quien actúe en su nombre, debe contestar dichas notificaciones durante este lapso, manifestando la ratificación de la suspensión o su renuncia a lo que quede del lapso, en cuyo caso se tendrá igualmente por notificado.

**Causal de reposición**
**Artículo 110.** La falta de notificación al Procurador o Procuradora General de la República, así como las notificaciones defectuosas, son causal de reposición en cualquier estado y grado de la causa, la cual podrá ser declarada de oficio por el tribunal o a instancia del Procurador o Procuradora General de la República.

**Notificación y envío de documentos**
**Artículo 111.** Cuando se decrete medida procesal, de embargo, secuestro, ejecución interdictal y, en general, alguna medida de ejecución preventiva o definitiva sobre bienes de institutos autónomos, empresas del Estado o empresas en que éste tenga participación; de otras entidades públicas o de particulares, que estén afectadas al uso público, a un servicio de interés público, a una actividad de utilidad pública nacional o a un servicio privado de interés público, antes de su ejecución, el juez debe notificar al Procurador o Procuradora General de la República, acompañando copias certificadas de todo lo que sea conducente para formar criterio acerca del asunto, a fin de que la entidad pública o privada que corresponde adopte las previsiones necesarias para que no se interrumpa la actividad o servicio a la que esté afectado el bien. En estos casos el proceso se suspende por un lapso de cuarenta y cinco días (45) continuos, contados a partir de la consignación en el expediente de la constancia de la notificación al Procurador o Procuradora General de la República. El Procurador o Procuradora General de la República o quien actúe en su nombre, debe contestar dichas notificaciones durante este lapso, manifestando la ratificación de la suspensión, o su renuncia a lo que quede del lapso, en cuyo caso se tendrá igualmente por notificado.

Adoptadas las previsiones del caso el organismo correspondiente debe comunicar al Procurador o Procuradora General de la República, quien a su vez debe informar al juez de la causa.

EDICIONES JURISPRUDENCIA DEL TRABAJO, C.A
RIF: J-00176041-8

**Prior opinion of the Procurator General of the Republic via conventions**

**Article 5.** Public officials who, in the exercise of their functions, intend to sign, in their administrative office, conventions, waivers, commitments in arbitrations, conciliations, transactions or any other act of disposal directly related to the rights, goods and financial interests of the Republic, shall request the prior and express opinion of the Procurator General of the Republic.

A breach of the obligation stipulated herein will incur, for the official performing the act, the administrative, civil and penal liabilities that are applicable for the damages caused to the rights, goods and financial interests of the Republic.

**Competencies**

**Article 9.** The following is within the competence of the Procurator General of the Republic:

1.   To represent and judicially and extrajudicially defend the direct or indirect encumbrance of the rights and financial interests of the Republic, both domestically and internationally.

**Advisory role**

**Article 21.** The Procurator General of the Republic is responsible for legally advising the bodies of the National Government, at the request of its highest authorities.

The Procurator General of the Republic will legally advise autonomous or public institutions, foundations, associations and civil societies of the State, public companies and other public national, State and Municipal establishments when, in its opinion, the matter subject to inquiry is directly or indirectly related to the rights, goods and financial interests of the Republic.

Autonomous institutes, State companies, foundations and civil associations of the State and other public national establishments must handle inquiries via the respective appointed body. Said inquiries will be sent to the Procurator General of the Republic by the highest authorities of the appointed bodies, accompanied by the respective files, duly substantiated, which will contain the legal opinions of the holders of the corresponding legal offices.

States and Municipalities will handle inquiries via their highest executive authorities, including the respective file, duly substantiated, which must contain the legal opinions of the corresponding advisory bodies.

**Involvement in legal processes**

**Article 76.** The Procurator General of the Republic may be involved in all the legal processes in which autonomous institutes, public institutes, bodies and national public entities are a party, in addition to state and municipal entities, when, in its opinion, these processes affect the rights, goods and financial interests of the Republic.

**Involvement in trials**

**Article 107.** The Procurator or Procurator General of the Republic may be involved in those trials that, although the Republic is not a party therein, may directly or indirectly affect the rights, goods and financial interests of the Republic.

City of New York, State of New York, County of New York

I, Jennifer R. Mosby, hereby certify that I am competent to translate from Spanish to English and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the following documents from Spanish to English:

Organic Law of the Procurador General, Articles 5, 9(1), 21, 76, and 107

*Jennifer R. Mosby*

Jennifer R. Mosby

Sworn to before me this
5/29/18

*Cassie Sammons*

Signature, Notary Public

CASSIE SAMMONS
Notary Public-Notary Seal
State of Missouri, Mc Donald County
Commission # 15141645
My Commission Expires Feb 9, 2019

Stamp, Notary Public