# GACETA OFICIAL

## DE LA REPUBLICA BOLIVARIANA DE VENEZUELA

AÑO CXXXIII — MES X     Caracas, viernes 4 de agosto de 2006     Número 38.493

## SUMARIO

**Asamblea Nacional**
Ley de reforma parcial del Decreto N° 1.510 con Fuerza de Ley Orgánica de Hidrocarburos.- ( Se reimprime por error material del ente emisor).

**Presidencia de la República**
Decreto N° 4.705, mediante la cual se nombra Ministro del Despacho de la Presidencia al ciudadano Adán Chávez Frías.

**Vicepresidencia de la República**
Resolución por la cual se designa para integrar el Area Técnica de la Comisión de Licitaciones permanente de esta Vicepresidencia al ciudadano René Arreaza.

**Ministerio de Relaciones Exteriores**
Resolución por la cual se designa a la ciudadana María Jacqueline Mendoza Ortega, como Embajadora Extraordinaria y Plenipotenciaria, Representante Permanente de la República Bolivariana de Venezuela ante el Programa de las Naciones Unidas para los asentamientos Humanos (UN-HABITAT).

Resolución mediante la cual se designa a la Vicecónsul Mireya de Francesco Mur, como Jefe Interino en el Consulado General de la República Bolivariana de Venezuela en Barcelona, Reino de España, del 10 de julio al 14 de agosto de 2006.

Resolución mediante la cual se designa al Ministro Consejero Félix Plasencia, como Encargado de Negocios Ad Interim en la Embajada de la República Bolivariana de Venezuela ante el Reino Unido de Gran Bretaña e Irlanda del Norte, del 27 de mayo al 13 de junio de 2006.

Resoluciones mediante las cuales se confiere la Condecoración «Orden Francisco de Miranda» en su Primera Clase, a los ciudadanos que en ellas se señalan.

**Ministerio de la Defensa**
Resoluciones por las cuales se nombra a los ciudadanos que en ellas se mencionan en los cargos que en ellas se indican.

**Ministerio de Salud**
Resolución por la cual se delega en el ciudadano José Rafael Mendoza Garcés, Viceministro de Salud la firma de los actos o documentos que en ella se especifican.

Resolución por la cual se designa para integrar la Comisión de Licitación para la Adquisición de Medicamentos Antirretrovirales a los ciudadanos que en ella se mencionan.

Resolución por la cual se designa a la ciudadana Keren Happuch Contreras Montes, Adjunto al Director de la Dirección General de Salud Ambiental y Contraloría Sanitaria.

Resolución mediante la cual se delega en el ciudadano Jesús Querales Castillo, la firma del Memorando que en ella se especifica.

**Ministerio del Ambiente y de los Recursos Naturales**
Resolución por la cual se designa a la ciudadana Solymar González, Coordinadora General del Despacho de la Ministra de este Organismo.

Resolución mediante la cual se designa a la ciudadana Adriana Domínguez, como Consultora Jurídica Encargada de este Organismo.

Resolución por la cual se designa en el ciudadano Fidel Francisco Ferrer Hajos, como Director de la Dirección Estadal Ambiental Mérida, de este Organismo.

**Ministerio de Planificación y Desarrollo**
Instituto Nacional de Estadística
Providencia por la cual se designa al ciudadano Leonardo Cerrada, como Gerente en la Gerencia Estadal de Apure, de este Instituto.

Providencia por la cual se designa a la ciudadana Ana Cañizález, Gerente en la Gerencia del Sistema de Información Geográfica y Estadística, de este Instituto.

**Ministerio para la Vivienda y el Hábitat**
(INAVI)
Resolución mediante la cual se delega en el Presidente Encargado de la Junta Liquidadora del Instituto Nacional de la Vivienda (INAVI), ciudadano Teniente Coronel (Ej) Jorge Isaac Pérez Prado, la firma de los actos y documentos que en ella se mencionan.

**Consejo Nacional Electoral**
Resolución mediante la cual se delega en la ciudadana, Socióloga Kathiuska Veitía, la firma de los Contratos de Trabajo que en ella se señalan.

## ASAMBLEA NACIONAL

LA ASAMBLEA NACIONAL
DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

En uso de sus atribuciones, y en concordancia con lo establecido en el artículo 4° de la Ley de Publicaciones Oficiales, reimprímase por error material en la *Gaceta Oficial de la República Bolivariana de Venezuela* la LEY DE REFORMA PARCIAL DEL DECRETO N° 1.510 CON FUERZA DE LEY ORGÁNICA DE HIDROCARBUROS, sancionada en sesión del día 16 de mayo de 2006 y publicada en la *Gaceta Oficial de la República Bolivariana de Venezuela* N° 38.443 de fecha 24 de mayo de 2006, por incurrirse en el siguiente error:

**DONDE DICE:**

ARTÍCULO 5. Se modifica el artículo 48, en la forma siguiente:

Artículo 48. (omissis ...)

3. Impuesto de Consumo General. Por cada litro de producto derivado de los hidrocarburos vendido en el mercado interno entre el treinta y cincuenta por ciento (30% y 50%) del precio pagado por el consumidor final, cuya alícuota entre ambos límites será fijada anualmente en la Ley de Presupuesto. Este impuesto a ser pagado por el consumidor final será retenido en la fuente de suministro para ser enterado anualmente al Fisco Nacional.

**DEBE DECIR:**

ARTÍCULO 5. Se modifica el artículo 48, en la forma siguiente:

Artículo 48. (omissis ...)

3. Impuesto de Consumo General. Por cada litro de producto derivado de los hidrocarburos vendido en el mercado interno entre el treinta y cincuenta por ciento (30% y 50%) del precio pagado por el consumidor final, cuya alícuota entre ambos límites será fijada anualmente en la Ley de Presupuesto. Este impuesto a ser pagado por el consumidor final será retenido en la fuente de suministro para ser enterado mensualmente al Fisco Nacional.

Acto legislativo realizado en el Palacio Federal Legislativo, sede de la Asamblea Nacional, en Caracas, a los tres días del mes de agosto de dos mil seis. Año 196° de la Independencia y 147° de la Federación.

NICOLÁS MADURO MOROS
Presidente de la Asamblea Nacional

DESIRÉE SANTOS AMARAL    ROBERTO HERNÁNDEZ WOHNSIEDLER
Primera Vicepresidenta           Segundo Vicepresidente

IVÁN ZERPA GUERRERO        JOSÉ GREGORIO VIANA
Secretario                        Subsecretario

PLAINTIFF'S EXHIBIT 54

EXHIBIT 6
WIT: Baduel
DATE: 7/13/18
DARLINE MARIE WEST, RPR

LA ASAMBLEA NACIONAL
DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

DECRETA

la siguiente,

LEY DE REFORMA PARCIAL DEL DECRETO N° 1.510 CON FUERZA DE LEY ORGÁNICA DE HIDROCARBUROS

ARTÍCULO 1. Se modifica el Título de la Ley, en la forma siguiente:

LEY ORGÁNICA DE HIDROCARBUROS

ARTÍCULO 2. Se modifica el artículo 2, en la forma siguiente:

Artículo 2. Las actividades relativas a los hidrocarburos gaseosos se rigen por la Ley Orgánica de Hidrocarburos Gaseosos, salvo la extracción de hidrocarburos gaseosos asociados con el petróleo que se regirán por la presente Ley.

ARTÍCULO 3. Se modifica el artículo 33, en la forma siguiente:

Artículo 33. La constitución de empresas mixtas y las condiciones que regirán la realización de las actividades primarias, requerirán la aprobación previa de la Asamblea Nacional, a cuyo efecto el Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, deberá informarla de todas las circunstancias pertinentes a dicha constitución y condiciones, incluidas las ventajas especiales previstas a favor de la República. La Asamblea Nacional podrá modificar las condiciones propuestas o establecer las que considere convenientes. Cualquier modificación posterior de dichas condiciones deberá también ser aprobada por la Asamblea Nacional, previo informe favorable del Ministerio de Energía y Petróleo y de la Comisión Permanente de Energía y Minas. Las empresas mixtas se regirán por la presente Ley y, en cada caso particular, por los términos y condiciones establecidos en el Acuerdo que conforme a la ley dicte la Asamblea Nacional, basado en el Informe que emita la Comisión Permanente de Energía y Minas, mediante el cual apruebe la creación de la respectiva empresa mixta en casos especiales y cuando así convenga al interés nacional. Supletoriamente se aplicarán las normas del Código de Comercio y las demás leyes que les fueran aplicables.

ARTÍCULO 4. Se modifica el artículo 44, en la forma siguiente:

Artículo 44. De los volúmenes de hidrocarburos extraídos de cualquier yacimiento, el Estado tiene derecho a una participación de treinta por ciento (30%) como regalía.

El Ejecutivo Nacional, en caso de que se demuestre a su satisfacción que un yacimiento maduro o de petróleo extrapesado de la Faja del Orinoco, no es económicamente explotable con la regalía del treinta por ciento (30%) establecida en esta Ley, podrá rebajarla hasta un límite del veinte por ciento (20%) a fin de lograr la economicidad de la explotación y queda facultado igualmente para restituirla, total o parcialmente, hasta alcanzar de nuevo el treinta por ciento (30%), cuando se demuestre que la economicidad del yacimiento pueda mantenerse con dicha restitución.

ARTÍCULO 5. Se modifica el artículo 48, en la forma siguiente:

Artículo 48. Sin perjuicio de lo que en materia impositiva establezcan otras leyes nacionales, las personas que realicen las actividades a que se refiere la presente Ley, deberán pagar los impuestos siguientes:

1. Impuesto superficial. Por la parte de la extensión superficial otorgada que no estuviere en explotación el equivalente a cien unidades tributarias (100 U.T.) por cada km2 o fracción del mismo, por cada año transcurrido. Este impuesto se incrementará anualmente en un dos por ciento (2%) durante los primeros cinco (5) años y en un cinco por ciento (5%) en los años subsiguientes.

2. Impuesto de Consumo Propio. Un diez por ciento (10%) del valor de cada metro cúbico (m3) de productos derivados de los hidrocarburos producidos y consumidos como combustible en operaciones propias, calculados sobre el precio al que se venda al consumidor final, en el caso de que dicho producto no sea vendido en el mercado nacional, el Ministerio de Energía y Petróleo fijará su precio.

3. Impuesto de Consumo General. Por cada litro de producto derivado de los hidrocarburos vendido en el mercado interno entre el treinta y cincuenta por ciento (30% y 50%) del precio pagado por el consumidor final, cuya alícuota entre ambos límites será fijada anualmente en la Ley de Presupuesto. Este impuesto a ser pagado por el consumidor final será retenido en la fuente de suministro para ser enterado mensualmente al Fisco Nacional.

4. Impuesto de Extracción. Un tercio (1/3) del valor de todos los hidrocarburos líquidos extraídos de cualquier yacimiento, calculado sobre la misma base establecida en el artículo 47 de esta Ley para el cálculo de la regalía en dinero. Este impuesto será pagado mensualmente junto con la regalía prevista en el artículo 44 de esta Ley, por la empresa operadora que extraiga dichos hidrocarburos. Al calcular el Impuesto de Extracción, el contribuyente tiene el derecho a deducir lo que hubiese pagado por regalía, inclusive la regalía adicional que esté pagando como ventaja especial. El contribuyente también tiene el derecho a deducir del Impuesto de Extracción lo que hubiese pagado por cualquier ventaja especial pagable anualmente, pero solamente en períodos subsecuentes al pago de dicha ventaja especial anual.

El Ejecutivo Nacional, cuando así lo estime justificado según las condiciones de mercado, o de un proyecto de inversión específico para incentivar, entre otros, proyectos de recuperación secundaria, podrá rebajar, por el tiempo que determine, el Impuesto de Extracción hasta un mínimo de veinte por ciento (20%). Puede igualmente restituir el Impuesto de Extracción a su nivel original cuando estime que las causas de la exoneración hayan cesado.

5. Impuesto de Registro de Exportación. Uno por mil (0,1%) del valor de todos los hidrocarburos exportados de cualquier puerto desde el territorio nacional, calculado sobre el precio al que se venda al comprador de dichos hidrocarburos. A tal efecto, el vendedor informará al Ministerio de Energía y Petróleo, antes de zarpar, sobre el volumen, grado API, contenido de azufre y el destino del cargamento. El vendedor presentará copia de la factura correspondiente al Ministerio de Energía y Petróleo dentro de los cuarenta y cinco (45) días continuos a la fecha de haber zarpado el buque junto con el comprobante de pago del Impuesto de Registro de Exportación.

El Ejecutivo Nacional podrá exonerar total o parcialmente por el tiempo que determine el Impuesto de Consumo General, a fin de incentivar determinadas actividades de interés público o general. Puede igualmente restituir el impuesto a su nivel original cuando cesen las causas de la exoneración.

ARTÍCULO 6. Se modifica el artículo 57, en la forma siguiente:

Artículo 57. Las actividades de comercialización de los hidrocarburos naturales, así como la de los productos derivados que mediante Decreto señale el Ejecutivo Nacional, sólo podrán ser ejercidas por las empresas a que se refiere el artículo 27 de la presente Ley. A tal efecto, las empresas mixtas que desarrollen actividades primarias sólo podrán vender los hidrocarburos naturales que produzcan a las empresas a que se refiere el artículo 27 de la presente Ley.

ARTÍCULO 7. Se modifica la Disposición Final Única, en la forma siguiente:

Única. La presente Ley entrará en vigencia a los cinco (5) días continuos a su publicación salvo por lo que respecta al Impuesto de Registro de Exportación, que entrará en vigencia a los sesenta (60) días continuos de dicha publicación.

ARTÍCULO 8. De conformidad con lo establecido en el artículo 5 de la Ley de Publicaciones Oficiales, imprímase en un solo texto el Decreto de Ley N° 1.510 con Fuerza de Ley Orgánica de Hidrocarburos, publicado en la *Gaceta Oficial* de la República Bolivariana de Venezuela N° 37.323 de fecha 13 de noviembre de 2001, con las reformas aquí sancionadas, en el correspondiente texto íntegro, corríjase "Decreto Ley" por "Ley", "Ministerio de Energía y Minas" por "Ministerio de Energía y Petróleo" y sustitúyanse las fechas, firmas y demás datos de sanción y promulgación.

Dada, firmada y sellada en el Palacio Federal Legislativo, sede de la Asamblea Nacional, en Caracas a los dieciséis días del mes de mayo de dos mil seis. Año 196° de la Independencia y 147° de la Federación.

NICOLÁS MADURO MOROS
Presidente de la Asamblea Nacional

DESIRÉE SANTOS AMARAL          ROBERTO HERNÁNDEZ WOHNSIEDLER
Primera Vicepresidenta              Segundo Vicepresidente

IVÁN ZERPA GUERRERO
Secretario

Dado en Caracas, a los veinticuatro días del mes de mayo de dos mil seis. Años 196° de la Independencia y 147° de la Federación.

Ejecútese,
(L.S.)

HUGO CHAVEZ FRIAS

Refrendado
El Vicepresidente Ejecutivo
(L.S.)
JOSE VICENTE RANGEL

Refrendado
El Ministro del Interior y Justicia
(L.S.)
JESSE CHACON ESCAMILLO

Refrendado
El Ministro de Relaciones Exteriores
(L.S.)
ALI RODRIGUEZ ARAQUE

Refrendado
El Ministro de Finanzas
(L.S.)
NELSON JOSE MERENTES DIAZ

Refrendado
El Ministro de la Defensa
(L.S.)
RAMON ORLANDO MANIGLIA FERREIRA

Refrendado
La Ministra de Industrias Ligeras y Comercio
(L.S.)
MARIA CRISTINA IGLESIAS

Refrendado
El Ministro de Industrias Básicas y Minería
(L.S.)
VICTOR ALVAREZ

Refrendado
El Ministro del Turismo
(L.S.)
WILMAR CASTRO SOTELDO

Refrendado
El Ministro de Agricultura y Tierras
(L.S.)
ELIAS JAUA MILANO

Refrendado
El Ministro de Educación Superior
(L.S.)
SAMUEL MONCADA ACOSTA

Refrendado
El Ministro de Educación y Deportes
(L.S.)
ARISTOBULO ISTURIZ ALMEIDA

Refrendado
El Ministro de Salud
(L.S.)
FRANCISCO ARMADA

Refrendado
El Ministro del Trabajo
(L.S.)
RICARDO DORADO CANO-MANUEL

Refrendado
El Ministro de Infraestructura
(L.S.)
RAMON ALONZO CARRIZALEZ RENGIFO

Refrendado
El Ministro de Energía y Petróleo
(L.S.)
RAFAEL DARIO RAMIREZ CARREÑO

Refrendado
La Ministra del Ambiente
Y de los Recursos Naturales
(L.S.)
JACQUELINE COROMOTO FARIA PINEDA

Refrendado
El Ministro de Planificación y Desarrollo
(L.S.)
JORGE GIORDANI

Refrendado
La Ministra de Ciencia y tecnología
(L.S.)
MARLENE YADIRA CORDOVA

Refrendado
El Ministro de Comunicación
e Información
(L.S.)
WILLIAN RAFAEL LARA

Refrendado
La Ministra para la Economía Popular
(L.S.)
OLY MILLAN CAMPOS

Refrendado
La Ministra para la Alimentación
(L.S.)
ERIKA DEL VALLE FARIAS PEÑA

Refrendado
El Ministro de la Cultura
(L.S.)
FRANCISCO DE ASIS SESTO NOVAS

Refrendado
El Ministro para
la Vivienda y Hábitat
(L.S.)
LUIS CARLOS FIGUEROA ALCALA

Refrendado
El Ministro de Participación
Popular y Desarrollo Social
(L.S.)
JORGE LUIS GARCIA CARNEIRO

Refrendado
La Ministra del Despacho de la Presidencia
(L.S.)
DELCY RODRIGUEZ GOMEZ

Refrendado
El Ministro de Estado
para la Integración y
el Comercio Exterior
(L.S.)
GUSTAVO ADOLFO MARQUEZ MARIN

LA ASAMBLEA NACIONAL
DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA
DECRETA

la siguiente,

LEY ORGÁNICA DE HIDROCARBUROS

CAPÍTULO I
DISPOSICIONES FUNDAMENTALES

Sección primera: Del ámbito de la Ley

Artículo 1. Todo lo relativo a la exploración, explotación, refinación, industrialización, transporte, almacenamiento, comercialización, conservación de los hidrocarburos, así como lo referente a los productos refinados y a las obras que la realización de estas actividades requiera, se rige por esta Ley.

Artículo 2. Las actividades relativas a los hidrocarburos gaseosos se rigen por la Ley Orgánica de Hidrocarburos Gaseosos, salvo la extracción de hidrocarburos gaseosos asociados con el petróleo que se regirán por la presente Ley.

Sección segunda: De la propiedad de los yacimientos

Artículo 3. Los yacimientos de hidrocarburos existentes en el territorio nacional, cualquiera que sea su naturaleza, incluidos aquéllos que se encuentren bajo el lecho del mar territorial, en la plataforma continental, en la zona económica exclusiva y dentro de las fronteras nacionales, pertenecen a la República y son bienes del dominio público, por lo tanto inalienables e imprescriptibles.

CAPÍTULO II
DE LAS ACTIVIDADES RELATIVAS A LOS HIDROCARBUROS

Sección primera: Disposiciones Generales

Artículo 4. Las actividades a las cuales se refiere esta Ley, así como las obras que su realización requiera, se declaran de utilidad pública y de interés social.

Artículo 5. Las actividades reguladas por esta Ley estarán dirigidas a fomentar el desarrollo integral, orgánico y sostenido del país, atendiendo al uso racional del recurso y a la preservación del ambiente. A tal fin se promoverá el fortalecimiento del sector productivo nacional y la transformación en el país de materias primas provenientes de los hidrocarburos, así como la incorporación de tecnologías avanzadas.

Los ingresos que en razón de los hidrocarburos reciba la Nación propenderán a financiar la salud, la educación, la formación de fondos de estabilización macroeconómica y la inversión productiva, de manera que se logre una apropiada vinculación del petróleo con la economía nacional, todo ello en función del bienestar del pueblo.

Artículo 6. Las decisiones que adopte la República con motivo de los acuerdos o tratados internacionales en materia de hidrocarburos por ella celebrados, se aplicarán a quienes realicen las actividades a las cuales se refiere esta Ley.

Artículo 7. Las actividades señaladas en esta Ley están sujetas tanto a las disposiciones de la misma, como a las contenidas en otras leyes, decretos o resoluciones, dictadas o que se dictaren, en todo cuanto les fuere aplicable.

Sección segunda: De la competencia

Artículo 8. Corresponde al Ministerio de Energía y Petróleo la formulación, regulación y seguimiento de las políticas y la planificación, realización y fiscalización de las actividades en materia de hidrocarburos, lo cual comprende lo relativo al desarrollo, conservación, aprovechamiento y control de dichos recursos; así como al estudio de mercados, al análisis y fijación de precios de los hidrocarburos y de sus productos. En tal sentido, el Ministerio de Energía y Petróleo es el órgano nacional competente en todo lo relacionado con la administración de los hidrocarburos y en consecuencia tiene la facultad de inspeccionar los trabajos y actividades inherentes a los mismos, así como las de fiscalizar las operaciones que causen los impuestos, tasas o contribuciones establecidos en esta Ley y revisar las contabilidades respectivas.

El Ministerio de Energía y Petróleo realizará la función de planificación a que se refiere este artículo, en concordancia con el Plan Nacional de Desarrollo. A los fines del cumplimiento de estas funciones, el Ejecutivo Nacional proveerá los recursos necesarios conforme a las normas legales pertinentes.

Los funcionarios y particulares prestarán a los empleados nacionales que realicen las anteriores funciones, las más amplias facilidades para el cabal desempeño de las mismas.

Sección tercera: De las actividades primarias

Artículo 9. Las actividades relativas a la exploración en busca de yacimientos de los hidrocarburos comprendidos en esta Ley, a la extracción de ellos en estado natural, a su recolección, transporte y almacenamiento iniciales, se denominan actividades primarias a los efectos de esta Ley.

De conformidad con lo previsto en el artículo 302 de la Constitución de la República Bolivariana de Venezuela, las actividades primarias indicadas, así como las relativas a las obras que su manejo requiera, quedan reservadas al Estado en los términos establecidos en esta Ley.

### Sección cuarta: De las actividades de refinación y comercialización

**Artículo 10.** Las actividades relativas a la destilación, purificación y transformación de los hidrocarburos naturales comprendidos en esta Ley, realizadas con el propósito de añadir valor a dichas sustancias y la comercialización de los productos obtenidos, configuran actividades de refinación y comercialización y pueden ser realizadas por el Estado y los particulares, conjunta o separadamente, conforme a lo dispuesto en el Capítulo VIII de esta Ley.

Las instalaciones y obras existentes, sus ampliaciones y modificaciones, propiedad del Estado o de las empresas de su exclusiva propiedad, dedicadas a las actividades de refinación de hidrocarburos naturales en el país y al transporte principal de productos y gas, quedan reservadas al Estado en los términos establecidos en esta Ley.

**Artículo 11.** Las refinerías a ser construidas deberán responder a un plan nacional para su instalación y operación y deberán estar vinculadas a proyectos determinados aprobados por el Ejecutivo Nacional por órgano del Ministerio de Energía y Petróleo. Estas refinerías deberán estar dirigidas, principalmente, a la modernización de los procesos a ser utilizados y a la obtención de combustibles limpios.

**Artículo 12.** Las empresas para ejercer las actividades de refinación de los hidrocarburos naturales, deberán obtener licencia del Ministerio de Energía y Petróleo, quien podrá otorgarla previa definición del correspondiente proyecto y conforme a lo establecido por esta Ley y su Reglamento.

La cesión, traspaso o gravamen de las licencias deberá contar con la previa aprobación del Ministerio de Energía y Petróleo, sin la cual no surtirán efectos. En caso de traspasos forzosos por ejecución, el Estado podrá sustituir al ejecutante previo pago del monto de la ejecución.

**Artículo 13.** Para la obtención de la licencia a que se refiere el artículo anterior, deberán cumplirse los siguientes requisitos mínimos:

1. Identificación de las empresas y sus representantes.
2. Descripción del proyecto, con indicación de la tecnología aplicable y del destino de los productos, así como de los recursos económicos aplicables al proyecto.
3. Duración de la empresa o del proyecto, la cual no será superior a veinticinco (25) años, prorrogables por un lapso a ser acordado no mayor de quince (15) años, si se han cumplido los requisitos del proyecto.
4. Indicación de las ventajas especiales que se ofrezcan a favor de la República.

**Artículo 14.** Quienes se dediquen en el país a las actividades de refinación de los hidrocarburos naturales, deberán inscribirse en el registro que al efecto llevará el Ministerio de Energía y Petróleo. Igualmente deberán asentarse en dicho registro, las cesiones, traspasos, gravámenes o ejecuciones de las licencias.

**Artículo 15.** En las licencias que se otorguen para las actividades relacionadas con la refinación de hidrocarburos naturales, deberán indicarse expresamente las disposiciones contenidas en el artículo 34, numeral 3, literales a y b de esta Ley, y de no aparecer expresamente, se tendrán como insertas en el texto de la licencia.

**Artículo 16.** La cesión, gravamen y ejecución de los derechos que otorgan las licencias para las actividades relacionadas con la refinación de hidrocarburos naturales, requerirán la autorización previa del Ministerio de Energía y Petróleo.

**Artículo 17.** Las licencias otorgadas conforme a esta Ley, serán revocables por el Ministerio de Energía y Petróleo, por la ocurrencia de causas de revocatoria establecidas en la propia licencia o por realizarse su cesión, gravamen o ejecución sin la autorización de dicho Ministerio.

### Sección quinta: De la participación del capital nacional y de la utilización de Bienes y servicios nacionales

**Artículo 18.** El Ejecutivo Nacional adoptará medidas que propicien la formación de capital nacional para estimular la creación y consolidación de empresas operadoras, de servicios, de fabricación y suministro de bienes de origen nacional para las actividades previstas en esta Ley. En tal sentido, el Estado, los entes y las empresas a que se refiere esta Ley, deberán incorporar en sus procesos de contratación, la participación de empresas de capital nacional en condiciones tales que se asegure el uso óptimo y efectivo de bienes, servicios, recursos humanos y capital de origen venezolano.

### Sección sexta: De las obligaciones derivadas de las actividades sobre hidrocarburos

**Artículo 19.** Las personas que realicen las actividades a las cuales se refiere esta Ley, deberán hacerlo en forma continua y eficiente, conforme a las normas aplicables y a las mejores prácticas científicas y técnicas disponibles sobre seguridad e higiene, protección ambiental y aprovechamiento y uso racional de los hidrocarburos, la conservación de la energía de los mismos y el máximo recobro final de los yacimientos.

**Artículo 20.** Las personas que realicen las actividades a las cuales se refiere esta Ley, están en la obligación de suministrar al Ejecutivo Nacional toda la información que éste requiera, relacionada con el ejercicio de dichas actividades. A tal fin aquéllas que realicen actividades primarias conjuntamente con actividades industriales y comerciales, deberán llevar y presentar por separado las cuentas relativas a tales actividades. El Ejecutivo Nacional guardará la confidencialidad de la información suministrada, cuando el interesado así lo solicite y sea procedente.

**Artículo 21.** Las personas que realicen las actividades de almacenamiento, transporte y distribución previstas en esta Ley, están obligadas a permitir el uso de sus instalaciones a otros almacenadores, transportistas o distribuidores, cuando dichas instalaciones tengan capacidad disponible para ello y así lo exija el interés público o social. Tal uso se realizará en las condiciones que las partes convengan. A falta de acuerdo, el Ministerio de Energía y Petróleo fijará las condiciones para la prestación del servicio.

## CAPÍTULO III
## DEL EJERCICIO DE LAS ACTIVIDADES PRIMARIAS

### Sección primera: De la forma y condiciones para realizar las actividades primarias

**Artículo 22.** Las actividades primarias indicadas en el artículo 9 de esta Ley, serán realizadas por el Estado, ya directamente por el Ejecutivo Nacional o mediante empresas de su exclusiva propiedad. Igualmente podrá hacerlo mediante empresas donde tenga control de sus decisiones, por mantener una participación mayor del cincuenta por ciento (50%) del capital social, las cuales a los efectos de esta Ley se denominan empresas mixtas. Las empresas que se dediquen a la realización de actividades primarias serán empresas operadoras.

**Artículo 23.** El Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, delimitará las áreas geográficas donde las empresas operadoras realizarán las actividades primarias. Dichas áreas, serán divididas en lotes con una superficie máxima de cien kilómetros cuadrados (100 km$^2$).

**Artículo 24.** El Ejecutivo Nacional mediante Decreto podrá transferir a las empresas operadoras, el derecho al ejercicio de las actividades primarias. Asimismo, podrá transferirles la propiedad u otros derechos sobre bienes muebles o inmuebles del dominio privado de la República, requeridos para el eficiente ejercicio de tales actividades. El Ejecutivo Nacional podrá revocar esos derechos cuando las operadoras no den cumplimiento a sus obligaciones, de tal manera que impida lograr el objeto para el cual dichos derechos fueron transferidos.

**Artículo 25.** Las empresas operadoras podrán realizar las gestiones necesarias para el ejercicio de las actividades que se les hayan transferido y celebrar los correspondientes contratos, todo conforme a las disposiciones de esta Ley u otras que les fueren aplicables.

**Artículo 26.** Las empresas operadoras podrán establecer o contribuir al mantenimiento de institutos de experimentación, investigación, desarrollo tecnológico y universidades, que sirvan de soporte técnico a sus operaciones, así como crear y mantener centros de entrenamiento de personal vinculado a las actividades contempladas en esta Ley, debidamente armonizados con el funcionamiento y desarrollo de otros centros e institutos que con similares propósitos existan en el país.

### Sección segunda: De las empresas del Estado

**Artículo 27.** El Ejecutivo Nacional podrá, mediante Decreto en Consejo de Ministros, crear empresas de la exclusiva propiedad del Estado para realizar las actividades establecidas en esta Ley y adoptar para ellas las formas jurídicas que considere convenientes, incluida la de sociedad anónima con un solo socio.

**Artículo 28.** Sin desmejorar la reserva establecida en esta Ley, las empresas a que se refiere el artículo anterior, podrán crear otras empresas para el desarrollo de sus actividades, previa aprobación de la respectiva Asamblea de Accionistas. Así mismo, deberá obtenerse esta aprobación para modificar el objeto de las empresas creadas, así como para fusionarlas, asociarlas, disolverlas, liquidarlas o para cualquier otra modificación estatutaria. Igual autorización será necesaria para las empresas a ser creadas por las empresas filiales.

**Artículo 29.** Las empresas petroleras estatales se regirán por esta Ley y su Reglamento, por sus propios estatutos, por las disposiciones que dicte el Ejecutivo Nacional por órgano del Ministerio de Energía y Petróleo, y por las del derecho común que les sean aplicables.

**Artículo 30.** El Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, ejercerá las funciones de inspección y fiscalización de las empresas petroleras estatales y sus filiales, tanto en el ámbito nacional como en el internacional y dictará los lineamientos y las políticas que deban cumplirse sobre las materias a que se refiere esta Ley.

**Artículo 31.** La constitución, los aumentos de capital social de las empresas del Estado o de sus filiales, provenientes de la revaluación de activos o de dividendos, que impliquen la emisión de acciones que sean suscritas por el Estado o dichas empresas, así como la fusión de empresas del Estado o sus filiales y la transferencia de activos entre las mismas, no estarán sujetas al pago de tributos relativos al registro de esas operaciones.

**Artículo 32.** Los trabajadores y trabajadoras de las empresas petroleras estatales, con excepción de los integrantes de las Juntas Directivas de las empresas, gozarán de estabilidad en el trabajo y sólo podrán ser despedidos por las causales expresamente consagradas en la legislación laboral. Igualmente, el

Case 1:18-cv-20818-DPG   Document 583-38   Entered on FLSD Docket 08/16/2018   Page 5 of 16

Estado garantizará el régimen actual de contratación colectiva y el goce de las reivindicaciones sociales, económicas, asistenciales, sindicales, de mejoramiento profesional y todas aquellas establecidas en la contratación colectiva y en la legislación laboral, así como aquellos bonos o primas y demás percepciones y emolumentos que, como incentivo a la eficiencia y que por uso y costumbre y por aplicación de normas de administración de personal, tradicionalmente vienen disfrutando los trabajadores conforme a la política seguida por las empresas en esa materia.

Asimismo, el Estado garantizará el disfrute de los planes de jubilación y sus respectivas pensiones para los trabajadores jubilados antes de la promulgación. Estos planes de jubilación, así como también todos los otros planes de beneficio al trabajador instituidos por las empresas, incluidos los de fondos de ahorros de los trabajadores se mantendrán en vigencia y sin perjuicio de la contratación colectiva.

Las disposiciones contenidas en la ley que creó al Instituto Nacional de Cooperación Educativa, continuarán aplicándose a las empresas creadas de conformidad con la ley que reservó al Estado la industria y el comercio de los hidrocarburos.

Los fideicomisos constituidos en beneficio de los trabajadores se regirán por las modalidades de la contratación colectiva convenida.

Sección tercera: De las empresas mixtas

Artículo 33. La constitución de empresas mixtas y las condiciones que regirán la realización de las actividades primarias, requerirán la aprobación previa de la Asamblea Nacional, a cuyo efecto el Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, deberá informarla de todas las circunstancias pertinentes a dicha constitución y condiciones, incluidas las ventajas especiales previstas a favor de la República. La Asamblea Nacional podrá modificar las condiciones propuestas o establecer las que considere convenientes. Cualquier modificación posterior de dichas condiciones deberá también ser aprobada por la Asamblea Nacional, previo informe favorable del Ministerio de Energía y Petróleo y de la Comisión Permanente de Energía y Minas. Las empresas mixtas se regirán por la presente Ley y, en cada caso particular, por los términos y condiciones establecidos en el Acuerdo que conforme a la ley dicte la Asamblea Nacional, basado en el Informe que emita la Comisión Permanente de Energía y Minas, mediante el cual apruebe la creación de la respectiva empresa mixta en casos especiales y cuando así convenga al interés nacional. Supletoriamente se aplicarán las normas del Código de Comercio y las demás leyes que les fueran aplicables.

Artículo 34. Las condiciones a las cuales se refiere el artículo anterior deberán cumplir los requisitos mínimos siguientes:

1. Duración máxima de veinticinco (25) años, prorrogable por un lapso a ser acordado por las partes, no mayor de quince (15) años. Esta prórroga debe ser solicitada después de cumplirse la mitad del período para el cual fue otorgado el derecho a realizar las actividades y antes de los cinco (5) años de su vencimiento.

2. Indicación de la ubicación, orientación, extensión y forma del área donde haya de realizarse las actividades y las demás especificaciones que establezca el Reglamento.

3. En las condiciones deberán estar incluidas y cuando no aparezcan expresamente, se tendrán como incorporadas en las mismas las cláusulas siguientes:

   a. Las tierras y obras permanentes, incluyendo las instalaciones, accesorios y equipos que formen parte integrante de ellas, cualesquiera otros bienes adquiridos con destino a la realización de dichas actividades, sea cual fuere su naturaleza o título de adquisición, deberán ser conservados en buen estado para ser entregados en propiedad a la República, libre de gravámenes y sin indemnización alguna, al extinguirse por cualquier causa los derechos otorgados, de manera que se garantice la posibilidad de continuar las actividades, si fuere el caso, o su cesación con el menor daño económico y ambiental.

   b. Las dudas y controversias de cualquier naturaleza que puedan suscitarse con motivo de la realización de actividades y que no puedan ser resueltas amigablemente por las partes, incluido el arbitraje en los casos permitidos por la ley que rige la materia, serán decididas por los Tribunales competentes de la República, de conformidad con sus leyes, sin que por ningún motivo ni causa puedan dar origen a reclamaciones extranjeras.

Artículo 35. La República no garantiza la existencia de las sustancias ni se obliga al saneamiento. La realización de las actividades se efectuará a todo riesgo de quienes las realicen en lo que se refiere a la existencia de dichas sustancias. Tales circunstancias en todo caso, deberán hacerse constar en el instrumento mediante el cual se otorgue el derecho a realizar las actividades y para el caso de no constar expresamente, se tendrán como incorporadas en el texto del mismo.

Artículo 36. En los instrumentos mediante los cuales se otorgue el derecho a realizar las actividades, se podrán establecer ventajas especiales para la República, tales como el aumento de la regalía, de las contribuciones u otras contraprestaciones previstas en esta Ley; el empleo y cesión de nuevas y avanzadas tecnologías, así como el otorgamiento de becas, oportunidades de entrenamiento técnico u otras actividades de desarrollo del factor humano.

Artículo 37. Para la selección de las operadoras, el organismo público competente promoverá la concurrencia de diversas ofertas. A éstos efectos, el Ejecutivo Nacional por órgano del Ministerio de Energía y Petróleo, creará los respectivos comités para fijar las condiciones necesarias y seleccionar a las empresas. El Ministerio de Energía y Petróleo podrá suspender el proceso de selección o declararlo desierto, sin que ello genere indemnización alguna por parte de la República.

Por razones de interés público o por circunstancias especiales de las actividades podrá hacerse escogencia directa de las operadoras, previa aprobación del Consejo de Ministros.

## CAPÍTULO IV
### DE LOS DERECHOS COMPLEMENTARIOS

Sección primera: Ocupación temporal, expropiación y servidumbres

Artículo 38. Las personas autorizadas para ejercer las actividades de exploración, extracción, recolección, transporte y almacenamiento iniciales, procesamiento y refinación de los hidrocarburos naturales, tendrán el derecho de solicitar la ocupación temporal o la expropiación de bienes, según fuere el caso, así como la constitución de servidumbres a favor de la actividad.

Artículo 39. En lo referente a la expropiación, se aplicarán las disposiciones contenidas en la ley especial que rige la materia.

Sección segunda: De los procedimientos

Artículo 40. Cuando las servidumbres hayan de constituirse sobre terrenos de propiedad privada, las personas autorizadas celebrarán con los propietarios los contratos necesarios. De no lograrse avenimiento, las personas interesadas podrán ocurrir a un Tribunal de Primera Instancia en lo Civil, con jurisdicción en la localidad, para que éste autorice el comienzo de los trabajos. El solicitante señalará con precisión las áreas y bienes que serán afectados y los trabajos a realizarse y llenará en dicha solicitud todos los requisitos que fueren procedentes. La solicitud de constitución de servidumbre indicará: 1. El nombre del propietario, así como el de quienes tengan algún derecho sobre el bien objeto de la servidumbre, si fuere conocido. 2. Los bienes que serán afectados por la servidumbre, así como las áreas que se requieran y los trabajos a realizarse. Asimismo los datos concernientes a la propiedad y gravámenes que pudieran existir sobre el bien. 3. El plazo de duración y demás condiciones de la servidumbre. 4. Otros datos que el concesionario considere necesarios para ilustrar al juez.

Recibida la solicitud anterior, el Tribunal, el mismo día, ordenará la citación del afectado para que comparezca al tercer día de despacho siguiente al de la citación, al acto de designación de expertos para determinar los posibles daños. Si no se logra la citación, el Tribunal, ordenará publicar un cartel en un periódico de mayor circulación nacional y regional, emplazando al afectado a comparecer al tercer día de despacho después de la consignación de la referida publicación, en cuya oportunidad se procederá a nombrar los expertos indicados para que dictaminen sobre los posibles daños y el monto de la indemnización a que haya lugar. En la oportunidad señalada para la comparecencia del afectado, el solicitante designará un experto y el afectado designará un segundo experto. Si no compareciere el afectado o se negare a nombrar el experto, el Tribunal lo hará por él. El Tribunal designará el tercer experto.

Los expertos designados deberán estar presentes en el acto de designación a los efectos de su aceptación y juramentación, en caso contrario, el Tribunal designará sus sustitutos. Los expertos deberán consignar su informe dentro de los cinco (5) días de despacho siguientes a su designación.

Una vez consignado el informe, el solicitante dentro de los cinco (5) días de despacho siguientes deberá depositar en el Tribunal el monto de la indemnización estimada y dentro de los cinco (5) días de despacho siguientes éste autorizará el comienzo de los trabajos. Si el afectado acepta la indemnización, el Tribunal dictará decisión para constituir la servidumbre en los términos solicitados. En caso de desacuerdo, el proceso seguirá por los trámites del juicio ordinario y a tal efecto, la solicitud se asimilará a la demanda y a partir de la manifestación del desacuerdo, comenzará a correr el lapso para la contestación de la misma. Dentro de este lapso el solicitante podrá hacer las reformas y mejoras que considere oportunas a su solicitud.

Artículo 41. Para la constitución de servidumbres sobre terrenos baldíos las personas autorizadas deberán celebrar los convenios necesarios con el Ejecutivo Nacional y pagar las contraprestaciones convenidas, salvo que el Ejecutivo Nacional resuelva exonerarlas del pago.

Cuando en los terrenos objeto de la servidumbre hubiere mejoras de particulares, la indemnización que corresponda a éstos, la pagará el beneficiario de la servidumbre y se establecerá de conformidad con el procedimiento previsto en el artículo anterior.

## CAPÍTULO V
### UNIFICACIÓN DE YACIMIENTOS

Sección primera: De los yacimientos nacionales y limítrofes con otros países

Artículo 42. Cuando un yacimiento de hidrocarburos se extienda bajo áreas sobre las cuales actúe más de un explotador, las partes celebrarán un convenio de unificación para su explotación, el cual estará sujeto a la aprobación del Ministerio de Energía y Petróleo. A falta de acuerdo, ese despacho establecerá las normas que regirán la explotación.

Cuando el yacimiento se extienda desde áreas atribuidas para su explotación hacia áreas que no lo hayan sido, el Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, adoptará las medidas necesarias en salvaguarda de los derechos de la República.

Artículo 43. Cuando un yacimiento de hidrocarburos se extienda bajo las áreas indicadas en el artículo 3 de esta Ley y bajo áreas que formen parte del dominio de países limítrofes, su explotación no podrá realizarse sin la previa celebración de un convenio de unificación con los países limítrofes. A falta de oportuno acuerdo, el Ejecutivo Nacional adoptará las medidas necesarias para salvaguardar los intereses de la República, incluida la revocatoria del derecho de explotación.

## CAPÍTULO VI
## DEL REGÍMEN DE REGALÍA E IMPUESTOS

### Sección primera: De la regalía

Artículo 44. De los volúmenes de hidrocarburos extraídos de cualquier yacimiento, el Estado tiene derecho a una participación de treinta por ciento (30%) como regalía.

El Ejecutivo Nacional, en caso de que se demuestre a su satisfacción que un yacimiento maduro o de petróleo extrapesado de la Faja del Orinoco, no es económicamente explotable con la regalía del treinta por ciento (30%) establecida en esta Ley, podrá rebajarla hasta un límite del veinte por ciento (20%) a fin de lograr la economicidad de la explotación y queda facultado igualmente para restituirla, total o parcialmente, hasta alcanzar de nuevo el treinta por ciento (30%), cuando se demuestre que la economicidad del yacimiento pueda mantenerse con dicha restitución.

Artículo 45. La regalía podrá ser exigida por el Ejecutivo Nacional, en especie o en dinero, total o parcialmente. Mientras no la exigiere de otra manera, se entenderá que opta por recibirla totalmente y en dinero.

Artículo 46. Cuando el Ejecutivo Nacional decida recibir la regalía en especie, podrá utilizar para los efectos del transporte y almacenamiento, los servicios de la empresa explotadora, la cual deberá prestarlos hasta el lugar que le indique el Ejecutivo Nacional, quien pagará el precio que se convenga por tales servicios.

Artículo 47. Cuando el Ejecutivo Nacional decida recibir la regalía en dinero, el explotador deberá pagarle el precio de los volúmenes de hidrocarburos correspondientes, medidos en el campo de producción y a valor de mercado, o a valor convenido o, en defecto de ambos a un valor fiscal fijado por el liquidador. A tal efecto el Ministerio de Energía y Petróleo liquidará la planilla correspondiente, la cual deberá ser cancelada al Fisco Nacional dentro de los cinco (5) días hábiles siguientes a la recepción de la misma.

### Sección segunda: De los Impuestos

Artículo 48. Sin perjuicio de lo que en materia impositiva establezcan otras leyes nacionales, las personas que realicen las actividades a que se refiere la presente Ley, deberán pagar los impuestos siguientes:

1. **Impuesto superficial.** Por la parte de la extensión superficial otorgada que no estuviere en explotación el equivalente a cien unidades tributarias (100 U.T.) por cada km2 o fracción del mismo, por cada año transcurrido. Este impuesto se incrementará anualmente en un dos por ciento (2%) durante los primeros cinco (5) años y en un cinco por ciento (5%) en los años subsiguientes.

2. **Impuesto de Consumo Propio.** Un diez por ciento (10%) del valor de cada metro cúbico (m3) de productos derivados de los hidrocarburos producidos y consumidos como combustible en operaciones propias, calculados sobre el precio al que se venda al consumidor final, en el caso de que dicho producto no sea vendido en el mercado nacional, el Ministerio de Energía y Petróleo fijará su precio.

3. **Impuesto de Consumo General.** Por cada litro de producto derivado de los hidrocarburos vendido en el mercado interno entre el treinta y cincuenta por ciento (30% y 50%) del precio pagado por el consumidor final, cuya alícuota entre ambos límites será fijada anualmente en la Ley de Presupuesto. Este impuesto a ser pagado por el consumidor final será retenido en la fuente de suministro para ser enterado mensualmente al Fisco Nacional.

4. **Impuesto de Extracción.** Un tercio (1/3) del valor de todos los hidrocarburos líquidos extraídos de cualquier yacimiento, calculado sobre la misma base establecida en el artículo 47 de esta Ley para el cálculo de la regalía en dinero. Este impuesto será pagado mensualmente junto con la regalía prevista en el artículo 44 de esta Ley, por la empresa operadora que extraiga dichos hidrocarburos. Al calcular el Impuesto de Extracción, el contribuyente tiene el derecho a deducir lo que hubiese pagado por regalía, inclusive la regalía adicional que esté pagando como ventaja especial. El contribuyente también tiene el derecho a deducir del Impuesto de Extracción lo que hubiese pagado por cualquier ventaja especial pagable anualmente, pero solamente en períodos subsecuentes al pago de dicha ventaja especial anual.

El Ejecutivo Nacional, cuando así lo estime justificado según las condiciones de mercado, o de un proyecto de inversión específico para incentivar, entre otros, proyectos de recuperación secundaria, podrá rebajar, por el tiempo que determine, el Impuesto de Extracción hasta un mínimo de veinte por ciento (20%). Puede igualmente restituir el Impuesto de Extracción a su nivel original cuando estime que las causas de la exoneración hayan cesado.

5. **Impuesto de Registro de Exportación.** Uno por mil (0,1%) del valor de todos los hidrocarburos exportados de cualquier puerto desde el territorio nacional, calculado sobre el precio al que se venda al comprador de dichos hidrocarburos. A tal efecto, el vendedor informará al Ministerio de Energía y Petróleo, antes de zarpar, sobre el volumen, grado API, contenido de azufre y el destino del cargamento. El vendedor presentará copia de la factura correspondiente al Ministerio de Energía y Petróleo dentro de los cuarenta y cinco (45) días continuos a la fecha de haber zarpado el buque junto con el comprobante de pago del Impuesto de Registro de Exportación.

El Ejecutivo Nacional podrá exonerar total o parcialmente por el tiempo que determine el Impuesto de Consumo General, a fin de incentivar determinadas actividades de interés público o general. Puede igualmente restituir el impuesto a su nivel original cuando cesen las causas de la exoneración.

## CAPÍTULO VII
## DE LAS ACTIVIDADES INDUSTRIALES

### Sección primera: Forma y condiciones de las actividades

Artículo 49. La industrialización de los hidrocarburos refinados comprende las actividades de separación, destilación, purificación, conversión, mezcla y transformación de los mismos, realizadas con el propósito de añadir valor a dichas sustancias mediante la obtención de especialidades de petróleo u otros derivados de hidrocarburos.

Artículo 50. Las actividades industriales con hidrocarburos refinados podrán ser realizadas directamente por el Estado, por empresas de su exclusiva propiedad, por empresas mixtas con participación de capital estatal y privado, en cualquier proporción, y por empresas privadas.

Artículo 51. El Ejecutivo Nacional adoptará las medidas necesarias para la industrialización en el país de los hidrocarburos refinados, las cuales, entre otras deberán cumplir las orientaciones siguientes:

1. Estimular la mayor y más profunda transformación de los hidrocarburos refinados.

2. Fomentar las inversiones en proyectos generadores de sustancias que apoyen el desarrollo del sector industrial nacional.

3. Asegurar que las refinerías y plantas procesadoras de hidrocarburos bajo el control del Estado garanticen con carácter prioritario, respecto a la alternativa de exportación, el suministro oportuno para su posterior procesamiento de las sustancias básicas en cantidad y calidad y con esquemas de precios y condiciones comerciales que permitan el desarrollo de empresas competitivas en los mercados internacionales.

4. Desarrollar parques industriales alrededor de las refinerías y en zonas donde se facilite el suministro de hidrocarburos o sus derivados.

5. Que se estimule la creación y participación de entes financieros en la industrialización de los hidrocarburos en el país.

6. Que las empresas que realicen actividades de industrialización de hidrocarburos en el país fomenten a su vez la industrialización, aguas abajo, de los insumos que producen.

7. Cualesquiera otras que señalen los Reglamentos.

Artículo 52. El Ejecutivo Nacional dará prioridad a los proyectos de industrialización de los hidrocarburos refinados que estimulen la formación de capital nacional y vinculen éste a una mayor agregación de valor a los insumos procesados y cuyos productos sean competitivos en el mercado exterior.

Artículo 53. Las empresas privadas que se dediquen en el país a las actividades de industrialización de hidrocarburos refinados, deben obtener un permiso que será otorgado por el Ministerio de Energía y Petróleo, previo el cumplimiento de los siguientes requisitos:

1. Identificación de las empresas y sus representantes.

2. Indicación de la fuente de suministro de la materia prima.

3. Definición del proyecto con señalamiento del destino de los productos.

Artículo 54. Quienes se dediquen en el país a las actividades de industrialización de los hidrocarburos refinados, deberán inscribirse en el registro que al efecto llevará el Ministerio de Energía y Petróleo.

### Sección segunda: De otras sustancias obtenidas

Artículo 55. Cuando en los procesos de refinación de hidrocarburos naturales y en los de industrialización de los productos refinados, aparecieren sustancias, con valor comercial, industrial o estratégico, distintas a las previstas en las licencias o permisos, las empresas deberán notificarlo al Ejecutivo Nacional, quien decidirá sobre las condiciones para el destino y utilización de las mismas.

## CAPÍTULO VIII
## DE LAS ACTIVIDADES DE COMERCIALIZACIÓN

### Sección primera: De las personas que pueden ejercerlas

Artículo 56. Las actividades de comercialización a que se refiere esta Ley, comprenden el comercio interior y el comercio exterior, tanto de los hidrocarburos naturales, como de sus productos derivados.

Artículo 57. Las actividades de comercialización de los hidrocarburos naturales, así como la de los productos derivados que mediante Decreto señale el Ejecutivo Nacional, sólo podrán ser ejercidas por las empresas a que se refiere el artículo 27 de la presente Ley. A tal efecto, las empresas mixtas que desarrollen actividades primarias sólo podrán vender los hidrocarburos naturales que produzcan a las empresas a que se refiere el artículo 27 de la presente Ley.

Artículo 58. Las actividades de comercialización de los productos derivados que estuvieren excluidos conforme a lo previsto en el artículo anterior, podrán ser realizadas por el Estado directamente, o por empresas de su exclusiva propiedad, o por empresas mixtas con participación del capital estatal y privado en cualquier proporción y por empresas privadas.

### Sección segunda: Del comercio interior

Artículo 59. Serán objeto de las regulaciones sobre comercio interior establecidas en esta Ley, aquellos productos derivados de los hidrocarburos que mediante Resolución señale el Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo.

Artículo 60. Constituyen un servicio público las actividades de suministro, almacenamiento, transporte, distribución y expendio de los productos derivados de los hidrocarburos, señalados por el Ejecutivo Nacional conforme al artículo anterior, destinados al consumo colectivo interno. El Ejecutivo Nacional, por órgano del Ministerio de Energía y Petróleo, fijará los precios de los productos derivados de los hidrocarburos y adoptará medidas para garantizar el suministro, la eficiencia del servicio y evitar su interrupción. En la fijación de los precios el Ejecutivo Nacional atenderá a las disposiciones de esta Ley y a las previsiones que se establezcan en su Reglamento. Estos precios podrán fijarse mediante bandas o cualquier otro sistema que resulte adecuado a los fines previstos en esta Ley, tomando en cuenta las inversiones y la rentabilidad de las mismas.

Artículo 61. Las personas naturales o jurídicas que deseen ejercer las actividades de suministro, almacenamiento, transporte, distribución y expendio de los productos derivados de hidrocarburos, deberán obtener previamente permiso del Ministerio de Energía y Petróleo. Estos permisos estarán sujetos a las normas establecidas en esta Ley, su Reglamento y las Resoluciones respectivas. Las personas naturales o jurídicas que ejerzan las actividades antes señaladas, podrán realizar más de una actividad, siempre que exista la separación jurídica y contable entre ellas.

La cesión o traspaso de dichos permisos requerirán la autorización previa del Ministerio de Energía y Petróleo.

Artículo 62. La construcción, modificación, ampliación, destrucción o desmantelamiento de establecimientos, instalaciones o equipos, destinados al comercio interior de los productos derivados de hidrocarburos, deberán ser previamente autorizados por el Ministerio de Energía y Petróleo.

Artículo 63. El Ministerio de Energía y Petróleo podrá revocar los permisos cuando el incumplimiento de las disposiciones establecidas en esta Ley, su Reglamento o en Resoluciones, comprometan la eficiencia o continuidad del servicio o pongan en peligro la seguridad de personas y bienes.

Artículo 64. Las oficinas subalternas de registro y notarías se abstendrán de dar curso a documentos relacionados con actos que requieran autorización del Ministerio de Energía y Petróleo, si no están acompañados de dicha autorización. Los documentos que se otorguen en contravención de lo aquí previsto no tendrán valor alguno a los efectos de esta Ley.

Artículo 65. Las personas naturales o jurídicas que actualmente ejercen las actividades de comercialización interna de los productos derivados de hidrocarburos objeto de esta Ley, en igualdad de condiciones, tendrán derecho preferente ante terceras personas para continuar ejerciéndolas. En caso de que la industria petrolera nacional o cualquiera otra persona decida ofrecer en venta los bienes inmuebles destinados al ejercicio de dichas actividades, las personas que actualmente las ejercen, en igualdad de condiciones, tendrán derecho preferente para adquirirlas.

En toda transmisión de derechos sobre expendios de combustibles se reconocerá y pagará el valor del fondo de comercio perteneciente a quien esté ejerciendo la actividad.

## CAPÍTULO IX
## DE LAS INFRACCIONES Y SANCIONES

### Sección primera: De las multas y sus cuantías

Artículo 66. Las infracciones a esta Ley, a su Reglamento y a las demás disposiciones que se dicten para su debido cumplimiento, referidas a seguridad y protección de instalaciones, personas y bienes, construcción de obras e instalaciones, prestación de servicio, normas de calidad, transporte y distribución de hidrocarburos y productos, de precios y tarifas, serán sancionadas con multa entre cincuenta (50) y cincuenta mil (50.000) unidades tributarias o suspensión de actividades hasta por seis (6) meses o con ambas sanciones, que impondrá el Ejecutivo Nacional por órgano del Ministerio de Energía y Petróleo, de acuerdo con la gravedad de la falta y la actuación pasada del infractor en el ejercicio de sus actividades.

Las sanciones anteriores se aplicarán sin perjuicio de las acciones civiles, penales, fiscales o administrativas que la infracción origine, de las medidas policiales que deban tomarse para impedir la infracción o para restituir la situación legal infringida y de las sanciones establecidas en otras leyes.

Artículo 67. Cuando las multas previstas en el artículo anterior fueren aplicadas a una empresa del Estado, ésta abrirá las averiguaciones correspondientes, con el fin de adoptar los correctivos de la situación y determinar las responsabilidades que pudieren recaer sobre los miembros del respectivo Directorio o Junta Directiva o cualquier otra persona al servicio de ella, y aplicar las medidas a que hubiere lugar. Los resultados de dichas averiguaciones deberán estar concluidos dentro de un plazo de cuarenta y cinco (45) días y deberán ser comunicados al Ministerio de Energía y Petróleo, dentro de un plazo de cinco (5) días hábiles después de finalizadas aquéllas. El Ministro de Energía y Petróleo podrá reabrir o ampliar dichas averiguaciones cuando lo juzgue conveniente.

Artículo 68. Contra las resoluciones del Ministro de Energía y Petróleo proceden los recursos administrativos y contencioso administrativos en los términos y condiciones permitidos por la ley.

### DISPOSICION DEROGATORIA

ÚNICA. Se deroga la Ley de Hidrocarburos del 13 de marzo de 1943, reformada parcialmente por las Leyes de Reforma Parcial de la Ley de Hidrocarburos del 10 de agosto de 1955 y la del 29 de agosto de 1967; la Ley Sobre Bienes Afectos a Reversión en las Concesiones de Hidrocarburos del 6 de agosto de 1971; la Ley que Reserva al Estado la Explotación del Mercado Interno de los Productos Derivados de Hidrocarburos, del 22 de junio de 1973; la Ley Orgánica que Reserva al Estado la Industria y el Comercio de los Hidrocarburos, del 29 de agosto de 1975; la Ley Orgánica de Apertura del Mercado Interno de la Gasolina y Otros Combustibles Derivados de los Hidrocarburos para Uso en Vehículos Automotores, del 11 de septiembre de 1998; y cualesquiera otras disposiciones legales que colidan con esta Ley.

### DISPOSICIONES TRANSITORIAS

PRIMERA. Hasta tanto se dicten nuevas normas que las deroguen expresamente, se continuarán aplicando en todo cuanto no colidan con esta Ley, las disposiciones de rango sublegal que sobre las materias aquí reguladas hubieren sido dictadas antes de la fecha de entrada en vigencia de esta Ley.

SEGUNDA. Las asignaciones de ingresos petroleros calculados sobre los montos de regalía contemplados en la Ley de Hidrocarburos del 13 de marzo de 1943, continuarán estimándose con base en dichos montos, hasta tanto sean modificadas las leyes que contemplan las referidas asignaciones o repartos.

TERCERA. La alícuota del impuesto de consumo general prevista en el numeral 3 del artículo 48 de esta Ley, se fija en treinta por ciento (30%), para el período correspondiente al ejercicio fiscal del año 2002.

### DISPOSICIÓN FINAL

ÚNICA. La presente Ley entrará en vigencia a los cinco (5) días continuos a su publicación salvo por lo que respecta al Impuesto de Registro de Exportación, que entrará en vigencia a los sesenta (60) días continuos de dicha publicación.

Dada, firmada y sellada en el Palacio Federal Legislativo, sede la Asamblea Nacional, en Caracas a los dieciséis días del mes de mayo de dos mil seis. Año 196° de la Independencia y 147° de la Federación.

NICOLÁS MADURO MOROS
Presidente de la Asamblea Nacional

DESIRÉE SANTOS AMARAL　　ROBERTO HERNÁNDEZ WOHNSIEDLER
Primera Vicepresidenta　　　　Segundo Vicepresidente

IVÁN ZERPA GUERRERO
Secretario

Dado en Caracas, a los veinticuatro días del mes de mayo de dos mil seis. Años 196° de la Independencia y 147° de la Federación.

Ejecútese,
(L.S.)

HUGO CHAVEZ FRIAS

Refrendado
El Vicepresidente Ejecutivo
(L.S.)

JOSE VICENTE RANGEL

Refrendado
El Ministro del Interior y Justicia
(L.S.)
JESSE CHACON ESCAMILLO

Refrendado
El Ministro de Relaciones Exteriores
(L.S.)
ALI RODRIGUEZ ARAQUE

Refrendado
El Ministro de Finanzas
(L.S.)
NELSON JOSE MERENTES DIAZ

Refrendado
El Ministro de la Defensa
(L.S.)
RAMON ORLANDO MANIGLIA FERREIRA

Refrendado
La Ministra de Industrias Ligeras y Comercio
(L.S.)
MARIA CRISTINA IGLESIAS

Refrendado
El Ministro de Industrias Básicas y Minería
(L.S.)
VICTOR ALVAREZ

Refrendado
El Ministro del Turismo
(L.S.)
WILMAR CASTRO SOTELDO

Refrendado
El Ministro de Agricultura y Tierras
(L.S.)
ELIAS JAUA MILANO

Refrendado
El Ministro de Educación Superior
(L.S.)
SAMUEL MONCADA ACOSTA

Refrendado
El Ministro de Educación y Deportes
(L.S.)
ARISTOBULO ISTURIZ ALMEIDA

Refrendado
El Ministro de Salud
(L.S.)
FRANCISCO ARMADA

Refrendado
El Ministro del Trabajo
(L.S.)
RICARDO DORADO CANO-MANUEL

Refrendado
El Ministro de Infraestructura
(L.S.)
RAMON ALONZO CARRIZALEZ RENGIFO

Refrendado
El Ministro de Energía y Petróleo
(L.S.)
RAFAEL DARIO RAMIREZ CARREÑO

Refrendado
La Ministra del Ambiente
Y de los Recursos Naturales
(L.S.)
JACQUELINE COROMOTO FARIA PINEDA

Refrendado
El Ministro de Planificación y Desarrollo
(L.S.)
JORGE GIORDANI

Refrendado
La Ministra de Ciencia y tecnología
(L.S.)
MARLENE YADIRA CORDOVA

Refrendado
El Ministro de Comunicación
e Información
(L.S.)
WILLIAN RAFAEL LARA

Refrendado
La Ministra para la Economía Popular
(L.S.)
OLY MILLAN CAMPOS

Refrendado
La Ministra para la Alimentación
(L.S.)
ERIKA DEL VALLE FARIAS PEÑA

Refrendado
El Ministro de la Cultura
(L.S.)
FRANCISCO DE ASIS SESTO NOVAS

Refrendado
El Ministro para
la Vivienda y Hábitat
(L.S.)
LUIS CARLOS FIGUEROA ALCALA

Refrendado
El Ministro de Participación
Popular y Desarrollo Social
(L.S.)
JORGE LUIS GARCIA CARNEIRO

Refrendado
La Ministra del Despacho de la Presidencia
(L.S.)
DELCY RODRIGUEZ GOMEZ

Refrendado
El Ministro de Estado
para la Integración y
el Comercio Exterior
(L.S.)
GUSTAVO ADOLFO MARQUEZ MARIN

## PRESIDENCIA DE LA REPUBLICA

Decreto N° 4.705     03 de agosto de 2006

**HUGO CHAVEZ FRIAS**
**Presidente de la República**

En ejercicio de la atribución que me confiere el numeral 3 del artículo 236 de la Constitución de la República Bolivariana de Venezuela,

**DECRETO**

**Artículo Unico.** Nombro Ministro del Despacho de la Presidencia al ciudadano **ADAN CHAVEZ FRIAS**, Cédula de Identidad N° 3.915.103.

Dado en Caracas, a los tres días del mes de agosto de dos mil seis. Años 196° de la Independencia y 147° de la Federación.

Ejecútese,
(L.S.)

**HUGO CHAVEZ FRIAS**

## VICEPRESIDENCIA DE LA REPUBLICA

000006615
República Bolivariana de Venezuela
Vicepresidencia de la República
Despacho

Caracas, 27 de julio de 2006

*RESOLUCIÓN N° 110*

De conformidad con lo dispuesto en el artículo 11 del Decreto con Fuerza de Ley de Reforma Parcial de la Ley de Licitaciones, en concordancia con el artículo 13 de la Ley Orgánica de la Administración Pública,

**RESUELVE**

Artículo 1: Se designa para integrar el Área Técnica de la Comisión de Licitaciones permanente de la Vicepresidencia de la República Bolivariana de Venezuela, referente a la adquisición equipos de computación, al ciudadano RENE ARREAZA, titular de la cédula de identidad N° 3.228.310, en sustitución del ciudadano OCTAVIO GUEVARA, titular de la cédula de identidad N° 11.411.506.

Artículo 2: Se designa como suplente en el Área Técnica referente a la adquisición de equipos de computación, al ciudadano ALEXIS ONTIVEROS, titular de la cédula de identidad N° 9.368.922, en sustitución del ciudadano JESÚS RIVAS, titular de la cédula de identidad N° 13.139.192.

Particípese a los efectos legales a la Unidad de Auditoría Interna de la Vicepresidencia de la República.

Comuníquese y publíquese.

**JOSE VICENTE RANGEL**
Vicepresidente Ejecutivo

---

# MINISTERIO DE RELACIONES EXTERIORES

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE RELACIONES EXTERIORES
DESPACHO DEL MINISTRO

DM N° 222

Caracas, 12 de julio de 2006

196° Y 147°

**RESOLUCIÓN**

Por disposición del ciudadano Presidente de la República Bolivariana de Venezuela, Hugo Rafael Chávez Frías, según consta en Punto de Cuenta N° 13 de fecha 28 de septiembre de 2005, previo cumplimiento del requisito establecido en el artículo 236, numerales 15 y 16 de la Constitución de la República Bolivariana de Venezuela, en concordancia con lo dispuesto en los artículos 7 y 57 de la Ley de Servicio Exterior;

**CONSIDERANDO**

Que el Ministro de Relaciones Exteriores, Alí Rodríguez Araque, de conformidad con el Decreto N° 3.262 del 20 de Noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.070 de fecha 22 de Noviembre de 2004, y en ejercicio de las atribuciones que le confieren los artículos 62 y 76 numerales 4 y 18 de la Ley Orgánica de la Administración Pública; en concordancia con los artículos 8 numeral 1 y 52 del Reglamento N° 1 de la Ley Orgánica de la Administración Financiera del Sector Público sobre el Sistema Presupuestario

**RESUELVE**

Designar a la ciudadana MARÍA JACQUELINE MENDOZA ORTEGA, titular de la Cédula de Identidad N°V-8.370.743, como Embajadora Extraordinaria y Plenipotenciaria, Representante Permanente de la República Bolivariana de Venezuela ante el Programa de las Naciones Unidas para los Asentamientos Humanos (UN-HABITAT).-

Comuníquese y publíquese.


**ALÍ RODRÍGUEZ ARAQUE**
MINISTRO DE RELACIONES EXTERIORES

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE RELACIONES EXTERIORES
DESPACHO DEL MINISTRO

DM N° 222-A

Caracas, 12 de julio de 2006

196° y 147°

**RESOLUCIÓN**

El Ministro de Relaciones Exteriores, Alí Rodríguez Araque, de conformidad con el Decreto N° 3.262 del 20 de noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.070 de fecha 22 de Noviembre de 2004, de acuerdo a lo previsto en los Artículos 62 y 76 numeral 18 de la Ley Orgánica de la Administración Pública; Artículos 7 y 14 de la Ley de Servicio Exterior, en concordancia con los Artículos 52 y 8 numeral 1 del Reglamento N° 1 de la Ley Orgánica de la Administración Financiera del Sector Público sobre el Sistema Presupuestario;

**Resuelve**

Designar a la Vicecónsul MIREYA DE FRANCESCO MUR, titular de la Cédula de Identidad N° V.- 11.311.303, como Jefe Interino en el Consulado General de la República Bolivariana de Venezuela en Barcelona, Reino de España, del 10 de julio al 14 de agosto de 2006.

Comuníquese y publíquese,

**ALÍ RODRÍGUEZ ARAQUE**
MINISTRO DE RELACIONES EXTERIORES

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE RELACIONES EXTERIORES
DESPACHO DEL MINISTRO

DM N° 224-A

Caracas, 12 de julio de 2006

196° y 147°

**RESOLUCIÓN**

El Ministro de Relaciones Exteriores, Alí Rodríguez Araque, de conformidad con el Decreto N° 3.262 del 20 de noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.070 de fecha 22 de Noviembre de 2004, de acuerdo a lo previsto en los Artículos 62 y 76 numeral 18 de la Ley Orgánica de la Administración Pública; Artículos 7 y 12 de la Ley de Servicio Exterior, en concordancia con los Artículos 52 y 8 numeral 1 del Reglamento N° 1 de la Ley Orgánica de la Administración Financiera del Sector Público sobre el Sistema Presupuestario;

**Resuelve**

Designar al Ministro Consejero FELIX PLASENCIA, titular de la Cédula de Identidad N° V.- 6.366.780, como Encargado de Negocios Ad Interim en la Embajada de la República Bolivariana de Venezuela ante el Reino Unido de Gran Bretaña e Irlanda del Norte, del 27 de mayo al 13 de junio de 2006.

Comuníquese y publíquese,


**ALÍ RODRÍGUEZ ARAQUE**
MINISTRO DE RELACIONES EXTERIORES

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE RELACIONES EXTERIORES
DIRECCIÓN GENERAL DEL PROTOCOLO

DGPROT. N° 230-B

CARACAS, 14 de julio de 2006

196° y 147°

**RESOLUCIÓN:**

Por disposición del Señor Presidente de la República, de conformidad con lo establecido en el numeral 3 del artículo 156 de la Constitución de la República Bolivariana de

Venezuela y con lo previsto en los artículos 3°, 14° y 15° literal "a" de la Ley sobre la Condecoración "ORDEN FRANCISCO DE MIRANDA", se confiere la citada Orden, en su Primera Clase, al Excelentísimo Señor Embajador ALFRED LAWRENCE LAM, Embajador Extraordinario y Plenipotenciario Concurrente de la Federación de St. Kitts & Nevis ante la República Bolivariana de Venezuela, en reconocimiento a la excelente labor desempeñada y servicios prestados en beneficio de las relaciones entre ambos pueblos.

Comuníquese y publíquese,



ALÍ RODRÍGUEZ ARAQUE
Ministro de Relaciones Exteriores

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE RELACIONES EXTERIORES
DIRECCIÓN GENERAL DEL PROTOCOLO

DGPROT. N° 230-A

CARACAS, 14 de julio de 2006

196° y 147°

RESOLUCIÓN :

Por disposición del Señor Presidente de la República, de conformidad con lo establecido en el numeral 3 del artículo 156 de la Constitución de la República Bolivariana de Venezuela y con lo previsto en los artículos 3°, 14° y 15° literal "c" de la Ley sobre la Condecoración "ORDEN FRANCISCO DE MIRANDA", se confiere la citada Orden, en su Primera Clase, a la Excelentísima Señora Embajadora SHEELAGH MARILYN DE OSUNA, Embajadora Extraordinaria y Plenipotenciaria de la República de Trinidad y Tobago ante la República Bolivariana de Venezuela, con motivo de finalizar su Misión Diplomática en el país.

Comuníquese y publíquese,



ALÍ RODRÍGUEZ ARAQUE
Ministro de Relaciones Exteriores

# MINISTERIO DE LA DEFENSA

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE LA DEFENSA
DIRECCIÓN DEL DESPACHO

N° DD.- 036488     Caracas, 01 AGO 2006
196° y 147°

### RESOLUCIÓN:

Por disposición del ciudadano Presidente de la República Bolivariana de Venezuela, de conformidad con lo dispuesto en los Artículos 15 y 47 de la Ley Orgánica de la Fuerza Armada Nacional, se efectúan los siguientes nombramientos:

**DIRECCIÓN GENERAL DEL MINISTERIO DE LA DEFENSA**
DIRECCIÓN GENERAL SECTORIAL DE ADMINISTRACIÓN
Dirección de Contratos

- Coronel (Ejército) ÁNGEL ATILIO HUÉRFANO QUIROZ, C.I. N° 5.020.723, Director, e/r del Coronel (Ejército) LUIS SALVADOR CASTILLO GRIMAN, C.I. N° 4.483.244.

Dirección de Habilitaduría

- Teniente Coronel (Ejército) HERNÁN JOSÉ MEDINA MARVAL, C.I. N° 6.221.785, Director, e/r de la Capitán de Fragata ROSANA GONZÁLEZ DE MARTÍNEZ, C.I. N° 6.441.097.

Dirección de Tramitación de Pagos

- Teniente Coronel (Ejército) ALÍ NICOLÁS RIVAS ROMERO, C.I. N° 6.932.042, Director, e/r del Capitán de Navío JOSÉ LUIS SUÁREZ LLAMEDO, C.I. N° 5.968.616.

Dirección de Adquisiciones

- Teniente Coronel (Ejército) ALFREDO ALONSO MARTÍNEZ, C.I. N° 6.549.988, Director, e/r del Capitán de Navío RAÚL ERNESTO RODRÍGUEZ MAZA, C.I. N° 5.698.657.

Dirección de Presupuesto

- Teniente Coronel (Ejército) EDGAR ENRIQUE MAESTRE LOBO, C.I. N° 9.272.001, Director, e/r de la Capitán de Fragata ELSA YLIANA GUTIÉRREZ GRAFFE, C.I. N° 7.227.725.

Comuníquese y publíquese.

Por el Ejecutivo Nacional,

RAÚL ISAÍAS BADUEL
General en Jefe (Ej)
Ministro de la Defensa

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE LA DEFENSA
DIRECCIÓN DEL DESPACHO

N° DD.- 036489     Caracas, 01 AGO 2006
196° y 147°

### RESOLUCIÓN:

Por disposición del ciudadano Presidente de la República Bolivariana de Venezuela, de conformidad con lo dispuesto en los Artículos 15 y 47 de la Ley Orgánica de la Fuerza Armada Nacional, se efectúan los siguientes nombramientos:

**ESTADO MAYOR CONJUNTO**
DIRECCIÓN GENERAL SECTORIAL DE PLANIFICACIÓN Y PRESUPUESTO
Ayudantía

- Sargento Técnico de Primera (Ejército) OSWALDO ANTONIO MARÍN CABRITA, C.I. N° 12.797.602, Auxiliar.

Dirección de Presupuesto

- Coronel (Ejército) ROBERTO LUÍS VÁSQUEZ MORALES, C.I. N° 5.523.060, Director, e/r de la Capitán de Navío XIOMARA ELENA SANOJA DE MERCADO, C.I. N° 6.044.226.

Dirección de Estadística e Informática

- Coronel (Ejército) FRANK ALBERTO SALAZAR VIERA, C.I. N° 6.351.642, Director, e/r de la Capitán de Navío ARIANNE ARACELIS ADRIAN ARRAIZ, C.I. N° 6.520.307.

Dirección de Crédito Público

- Coronel (Ejército) LUÍS EDUARDO BELISARIO BERMÚDEZ, C.I. N° 4.832.730, Director, e/r del Coronel (Ejército) JULIO D'GREGORIO PITOCCO, C.I. N° 4.405.933.

Dirección de Administración y Servicios

- Coronel (Ejército) PEDRO ASAEL PÉREZ RAVELO, C.I. N° 6.395.971, Director, e/r del Coronel (Asimilada) (Guardia Nacional) BEATRIZ DIZ MORALES, C.I. N° 4.888.111.

División de Finanzas

- Sargento Técnico de Primera (Ejército) EDUARDO ENRIQUE ALDANA CORONADO, C.I. N° 11.134.408, Jefe, p/v.

División de Análisis

- Capitán (Ejército) SALVADOR SANTIAGO MANUITT PAGES, C.I. N° 8.690.468, Jefe, p/v.

Dirección de Planificación
División de Organización y Sistemas

- Mayor (Ejército) JUAN RAMÓN HERNÁNDEZ CARDENAS, C.I. N° 6.957.125, Jefe, p/v.

Comuníquese y publíquese.

Por el Ejecutivo Nacional,

RAÚL ISAÍAS BADUEL
General en Jefe (Ej)
Ministro de la Defensa

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE LA DEFENSA
DIRECCIÓN DEL DESPACHO

N° DD- 036497

Caracas, 01 AGO 2006
196° y 147°

**RESOLUCIÓN:**

Por disposición del ciudadano Presidente de la República Bolivariana de Venezuela, de conformidad con lo dispuesto en los Artículos 15 y 47 de la Ley Orgánica de la Fuerza Armada Nacional, se efectúan los siguientes nombramientos:

DIRECCIÓN GENERAL DEL MINISTERIO DE LA DEFENSA
DIRECCIÓN GENERAL SECTORIAL DE ADMINISTRACIÓN
Dirección de Ayudantía

- Capitán de Navío EDUARDO JOSÉ LARRAZABAL DELGADO, C.I. N° 4.356.371, Director e/r del Capitán de Navío ERNESTO GERARDO LEON PETIT, C.I. N° 5.568.503.

- Teniente de Fragata JOSÉ ANTONIO VILLANUEVA VERACIERTA, C.I. N° 11.742.440, Ayudante Personal e/r del Teniente de Navío ALBERTO RAMÓN SOTO CAMAUTE, C.I. N° 11.176.519.

- Sargento Mayor de Segunda (Armada) WISTON ALFREDO ROJAS, C.I. N° 10.711.324, Conductor e/r del Sargento Mayor de Segunda (Armada) WILLIAN JOSÉ ALAYON, C.I. N° 10.267.508.

- Sargento Mayor de Tercera (Armada) MIGUEL ENRIQUE PÉREZ, C.I. N° 10.867.097, Auxiliar e/r del Sargento Mayor de Tercera (Armada) JOSÉ RODRÍGUEZ VIANA, C.I. N° 11.794.614.

- Sargento Primero (Armada) YONNATHAN JOEL BAEZ MACIA, C.I. N° 14.347.545, Conductor, p/v.

Departamento de Correspondencia y Archivo

- Maestre de Primera RAMÓN ANTONIO DÍAZ TINEO, C.I. N° 10.305.007, Jefe e/r del Maestro Supervisor (Ejercito) JORGE LUIS MEJIAS RIVAS, C.I. N° 3.903.066.

División de Contratos y Ordenes de Compra

- Capitán de Corbeta (Asimilado) ROLDAN RAFAEL SANTANA JIMÉNEZ, C.I. N° 5.523.683, Jefe.

- Teniente de Fragata (Asimilada) ISABEL DOS SANTOS ALVES, C.I. N° 10.104.207, Adjunto p/v.

Dirección de Contabilidad

- Capitán de Navío ROSALBA VIRGINIA FANDIÑO DE MAITA, C.I. N° 6.120.056, Directora e/r del Capitán de Corbeta LUDOVIC ERNESTO BOHORQUEZ ROSENDO, C.I. N° 6.347.107.

Departamento de Servicios

- Maestre de Primera MIGUEL ÁNGEL QUINTERO DE SANTIAGO, C.I. N° 10.260.666, Jefe e/r del Maestre Principal HECTOR RUBEN YANEZ BARRIOS, C.I. N° 7.297.202.

- Sargento Primero (Armada) REINALDO JOSÉ RIVAS MARCANO, C.I. N° 14.685.505, Auxiliar e/r del Sargento Primero (Armada) OSCAR ONALED VARGAS ROJAS, C.I. N° 14.098.178.

Departamento de Compras

- Maestre Principal JOSÉ DE LOS SANTOS ANDRADE INFANTE, C.I. N° 7.354.442, Jefe e/r del Maestre Auxiliar JOSÉ ROSENDO MEZA MARCANO, C.I. N° 7.291.355.

Dirección de Presupuesto

- Capitán de Corbeta LUDOVIC ERNESTO BOHORQUEZ ROSENDO, C.I. N° 6.347.107, Adjunto e/r de la Capitán (Guardia Nacional) INGRI ISABEL CHAPARRO BOSQUE, C.I. N° 9.466.821.

Dirección de Gestión y Control

- Capitán de Navío OTTO DE JESÚS SÁNCHEZ SILVA, C.I. N° 6.042.461, Director e/r del Coronel (Ejercito) ALEXIS MANUEL NAVARRETE TORO, C.I. N° 5.222.040.

- Sargento Primero (Armada) HAROLD MANUEL SCOTT LOYO, C.I. N° 13.643.857, Auxiliar p/v.

Dirección de Servicios Básicos

- Capitán de Fragata MARIBEL DEL CARMEN PARRA DE MESTRE, C.I. N° 7.804.750, Directora e/r del Coronel (Ejercito) ANTONIO JOSÉ MARTÍNEZ ZAMBRANO, C.I. N° 5.419.960.

Oficina Centralizada de Bienes Nacionales Muebles

- Capitán de Fragata MIGUEL EDUARDO IMPAGNATIELLO LANDAETA, C.I. N° 6.111.933, Director e/r del Teniente Coronel (Ejercito) FREDDY ALEXANDER OLIVARES MEDINA, C.I. N° 9.214.751.

Comuníquese y publíquese,
Por el Ejecutivo Nacional,

RAÚL ISAÍAS BADUEL
General en Jefe (Ej)
Ministro de la Defensa

---

# MINISTERIO DE SALUD

REPUBLICA BOLIVARIANA DE VENEZUELA

MINISTERIO DE SALUD

NUMERO 204         02 DE AGO.         DE 2006
                                       196° y 147°

**RESOLUCIÓN**

En ejercicio de las atribuciones que me confiere el Decreto N° 3263 de fecha 20 de noviembre de 2.004, publicado en la en la Gaceta Oficial de la República Bolivariana de Venezuela 38.070 de fecha 22 de Noviembre de 2.004, de conformidad con lo dispuesto en el artículo 76 numerales 2°, 18 y 21, artículos 34, 35, 36, 37, y 38 de la Ley Orgánica de la Administración Pública, y el artículo 1° del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional contenido en el Decreto N° 140 de fecha 17 de septiembre de 1.969 publicado en la Gaceta Oficial N° 2905 de fecha 18 de septiembre de 1.969.

**RESUELVE**

Artículo 1°.- Se delega en el ciudadano JOSÉ RAFAEL MENDOZA GARCES, titular de la cédula de identidad N° 4.129.990, Viceministro de Salud, carácter que consta en el Decreto N° 3280, publicado en la Gaceta Oficial N° 38.080 de fecha 6 de diciembre de 2.004, la firma de los actos o documentos que legalicen la firma de los funcionarios y funcionarias al servicio del Ministerio que ejerzan las funciones de Director General de la Oficina de Educación e Investigación, atribución que me ha sido conferida como Ministro de Salud y Desarrollo Social, actualmente Ministro de Salud, en el artículo 76 numeral 21 de la Ley Orgánica de la Administración Pública.

Artículo 2.- Se delega en el Viceministro de Salud, antes identificado en el artículo 1°, los documentos actos y gestiones, emanados del Consejo Directivo del Instituto Nacional de Nutrición que le atribuye el artículo 10 ordinales 1, 3 y 4 de la Ley que lo regula, los documentos, actos y gestiones que a continuación se indican:

1° Considerar y Aprobar, el proyecto de presupuesto programa del Instituto Nacional de Nutrición, formulado anualmente por el Consejo Directivo del Instituto Nacional de Nutrición, integrado dentro del Plan de la Nación en concordancia con los niveles regional y sectorial, y una vez aprobado presentarlo al Congreso, actualmente la Asamblea Nacional Legislativa, que deberá ser sometido oportunamente para su consideración y aprobación al Ejecutivo Nacional, quien una vez que lo apruebe, lo presentará al Congreso, actualmente Asamblea legislativa Nacional, dentro del proyecto de Ley de Presupuesto Fiscal de la Nación.

2° Considerar, la memoria y cuenta, el Balance General y la cuenta de resultados, examinado, aprobado y modificado, presentados por el Director Ejecutivo del Instituto Nacional de Nutrición dentro de los dos (2) meses siguientes a la terminación de cada ejercicio

anual, los cuales serán sometidos a la consideración del Ejecutivo Nacional.

3º La aprobación previa de las autorizaciones del Consejo Directivo con respecto a la celebración de Contratos o actos sobre adquisición, arrendamientos, venta, permuta o gravamen de bienes, concesiones u obtención de créditos y servicios, que excedan del monto de quinientos mil bolívares (Bs. 500.000) de las respectivas operaciones.

**Artículo 3.-** Los actos y documentos firmados de conformidad con este Resolución, deberán indicar inmediatamente, bajo la firma del funcionario delegado, la fecha y número de la Resolución y Gaceta Oficial donde haya sido publicada la delegación según lo establece el artículo 42 de la Ley Orgánica de la Administración.

**Artículo 4.-** De conformidad con lo establecido en el artículo 5 del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional, el referido ciudadano (a) deberá rendir cuenta al Ministro de todos los actos y documentos que hubiere firmado en virtud de esta delegación.

**Artículo 5.-** El Ministro de Salud podrá discrecionalmente firmar los actos y documentos referidos en la presente Resolución.

**Artículo 6.-** Queda a salvo lo establecido en el artículo 35 de la Ley Orgánica de la Administración Pública y lo dispuesto en el artículo 3 del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional publicado en la Gaceta Oficial Nº 2905 de fecha 18 de septiembre de 1.969, respecto de los actos y documentos cuya firma no puede ser delegada.

**Artículo 7.-** Se deroga la Resolución Nº 082 de fecha (01) de marzo de 2.005, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 38.140 de fecha (4) de marzo de 2.005.

**Artículo 8.-** La presente Resolución entrará en vigencia a partir de su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela.

COMUNÍQUESE Y PUBLÍQUESE



FRANCISCO ARMADA PEREZ
MINISTRO DE SALUD

---

REPUBLICA BOLIVARIANA DE VENEZUELA

MINISTERIO DE SALUD

| NUMERO | 02 DE AGO. | DE | 2006 |
|---|---|---|---|
| 205 | RESOLUCION | | 196º y 147º |

En ejercicio de las atribuciones que me confiere el Decreto Nº 3.263 de fecha 20 de noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 38.070 de fecha 22 de noviembre de 2004 de conformidad con lo dispuesto en el artículo 76 numerales 2º y 18 de la Ley Orgánica de la Administración Pública, en concordancia con el artículo 11 de la Ley de Licitaciones.

**RESUELVE**

**Artículo 1.** Se designan para integrar la Comisión de Licitación para la ADQUISICIÓN DE MEDICAMENTOS ANTIRRETROVIRALES, a los ciudadanos que a continuación se mencionan:

**1. Área Jurídica:**
| | | |
|---|---|---|
| EDA A. FRÁNQUIZ A. | C.I. Nº V- 3.553.303 | MIEMBRO PRINCIPAL |
| MARIA G. FERNÁNDEZ | C.I. Nº V- 13.722.168 | MIEMBRO SUPLENTE |

**2. Área Técnica:**
| | | |
|---|---|---|
| DEISY MATOS | C.I. Nº V- 6.425.718 | MIEMBRO PRINCIPAL |
| REINA RODRÍGUEZ | C.I. Nº V- 6.355.329 | MIEMBRO SUPLENTE |

**3. Área Económica Financiera:**
| | | |
|---|---|---|
| JUDITH LÓPEZ G. | C.I. Nº V- 5.219.395 | MIEMBRO PRINCIPAL |
| PETRA MILLAN | C.I. Nº V- 4.298.872 | MIEMBRO SUPLENTE |

**Artículo 2.** La presente Resolución entrará en vigencia a partir de su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela.

Comuníquese y publíquese,



FRANCISCO ARMADA PÉREZ
Ministro de Salud

---

REPUBLICA BOLIVARIANA DE VENEZUELA

MINISTERIO DE SALUD

| NUMERO | 02 DE AGO. | DE 2006 |
|---|---|---|
| 206 | RESOLUCION | 196º y 147º |

En ejercicio de las atribuciones que me confiere el Decreto Nº 3.263 de fecha 20 de noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 38.070 de fecha 22 de noviembre de 2004, y de conformidad con lo dispuesto en el artículo 76 numeral 18 de la Ley Orgánica de la Administración Pública, en concordancia con lo previsto en los artículos 5 numeral 2º, 18 y 20 numeral 6º de la Ley del Estatuto de la Función Pública.

**RESUELVE**

**Artículo 1.** Designar a la ciudadana **KEREN HAPPUCH CONTRERAS MONTES**, portadora de la cédula de identidad Nº **10.365.966**, Adjunto al Director, Código RAC 40603, de la Dirección General de Salud Ambiental y Contraloría Sanitaria, Grado 99, con vigencia a partir del **15-05-06**.

**Artículo 2.** Se delega en el Director General de Salud Ambiental y Contraloría Sanitaria la juramentación de Ley.

Comuníquese y publíquese,



FRANCISCO ARMADA PÉREZ
Ministro de Salud

---

REPUBLICA BOLIVARIANA DE VENEZUELA

MINISTERIO DE SALUD

| NUMERO | 03 DE AGO. | DE 2006 |
|---|---|---|
| 207 | RESOLUCION | 196º y 147º |

En ejercicio de las atribuciones que me confiere el Decreto Nº 3.263 de fecha 20 de noviembre de 2004, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 38.070 de fecha 22 de noviembre de 2004, y de conformidad con lo dispuesto en los Artículos 34, 38 y 76 numeral 25º de la Ley Orgánica de la Administración Pública, en concordancia con lo previsto en los artículo 1º del Reglamento de delegación de Firma de los Ministros del Ejecutivo Nacional contenido en el Decreto Nº. 140 de fecha 17 de septiembre de 1969, publicado en Gaceta Oficial Nº. 29.025 de fecha 18 de septiembre de 1969.

**RESUELVE**

**Artículo 1º.** Se delega en el ciudadano **JESÚS QUERALES CASTILLO**, titular de la Cédula de Identidad Nº. V- 3.476.407, en su carácter de Presidente del Consejo del Instituto Nacional de Higiene "Rafael Rangel", la firma del Memorando de Entendimiento de Cooperación Científica y Técnica en Salud entre el Instituto Nacional de Salud de la República de Colombia y el Instituto Nacional de Higiene "Rafael Rangel" de la República Bolivariana de Venezuela.

**Artículo 2º.** Queda a salvo lo establecido en el artículo 35 de la Ley Orgánica de Administración Pública y lo dispuesto en el artículo 3 del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional publicado en la



Gaceta Oficial N° 29.025 de fecha 18 de septiembre de 1969, respecto de los actos y documentos cuya firma no puede ser delegada.

Comuníquese y publíquese,



**FRANCISCO ARMADA PÉREZ**
Ministro de Salud

# MINISTERIO DEL AMBIENTE Y DE LOS RECURSOS NATURALES

REPUBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL AMBIENTE Y DE LOS RECURSOS NATURALES
Número: 237　　Caracas, 25 de julio 2006
196° Y 147°

**RESOLUCION**

En ejercicio de la atribución que me confiere el Artículo 5, Ordinal 2° de la Ley del Estatuto de la Función Pública, designo a partir del 25-07-2006, a la ciudadana **SOLYMAR GONZALEZ**, titular de la Cédula de Identidad N° **6.968.577**, como Coordinadora General del Despacho de la Ministra de este Organismo.

De conformidad con lo previsto en el artículo 38 de la Ley Orgánica de la Administración Pública en concordancia con lo dispuesto en el artículo 76, ordinal 25 ejusdem, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 37.305 de fecha 17-10-2001, en concordancia con el artículo 1° del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional, dictado a través del Decreto N° 140 de fecha 17 de septiembre de 1969, publicado en la Gaceta Oficial de la República de Venezuela N° 29.025 del 18 de septiembre de 1969, se le autoriza para firmar los actos y documentos en las materias concernientes a las atribuciones y actividades de esa Consultoría, las cuales se especifican a continuación:

1.- Coordinar el funcionamiento de las Direcciones Estadales Ambientales, así como girar las instrucciones a que hubiere lugar, para lograr el desarrollo y cumplimiento de los planes operativos.
2.- Apoyar a las Direcciones Estadales Ambientales en las relaciones interinstitucionales que establezca con Organos y Entes Estadales y Municipales, así como con lo demás Organismos públicos y privados que actúan en el ámbito de su jurisdicción.
3.- Coordinar las relaciones entre las Direcciones Estadales Ambientales, los Despachos de los Viceministros (as) y las Direcciones Generales.
4.- Convocar y reunir periódicamente al Directorio Regional.

Comuníquese y Publíquese
Por el Ejecutivo Nacional,

**ING. JACQUELINE FARIA PINEDA**
Ministra

---

REPUBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL AMBIENTE Y DE LOS RECURSOS NATURALES

Número: 238　　Caracas, 25 de julio 2006
196° Y 147°

**RESOLUCION**

En ejercicio de la atribución que me confiere el Artículo 5, Ordinal 2° de la Ley del Estatuto de la Función Pública, designo a partir del 25-07-2006, a la ciudadana **ADRIANA DOMINGUEZ**, titular de la Cédula de Identidad N° **6.562.584**, como Consultora Jurídica Encargada de este Organismo.

De conformidad con lo previsto en los artículos 37, numeral 26 y 60 del Decreto con Rango y Fuerza de Ley Orgánica de la Administración Central, publicado en la Gaceta Oficial de la República de Venezuela N° 36.850, de fecha 14-12-99, mediante Decreto N° 369 del 14-09-99, en concordancia con el artículo 1° del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional, dictado a través del Decreto N° 140 de fecha 17 de septiembre de 1969, publicado en la Gaceta Oficial de la República de Venezuela N° 29.025 del 18 de septiembre de 1969, se le autoriza para firmar los actos y documentos en las materias concernientes a las atribuciones y actividades de esa Consultoría, las cuales se especifican a continuación:

• Las copias certificadas de los documentos originales que reposen en los archivos de la Consultoría Jurídica de este Ministerio.

• Las autorizaciones para ordenar la inspección o exhibición de libros, registros y demás documentos que estén comprendidos en los archivos de este Despacho.

• Las reclamaciones extrajudiciales a Instituciones Bancarias, Compañías de Seguros y a otras personas, relacionadas con fianzas constituidas para garantizar a la República el reintegro de anticipos, el fiel cumplimiento de la ejecución de obras, de la prestación de servicios y de las condiciones impuestas, según las actividades desarrolladas y los actos conferidos en ejercicio de la potestad pública, así como las vinculadas con garantías otorgadas en cumplimiento de la Ley de Licitaciones y demás normas que la desarrollen, en especial el Decreto N° 1.417 del 31 de junio de 1996, publicado en la Gaceta Oficial de la República de Venezuela N° 5.096 Extraordinario del 16-06-96.

• La respuesta a solicitudes de opiniones de carácter legal, dirigidas a la Ministra por particulares y Dependencias Administrativas Internas y Externas, sin perjuicio de lo establecido en el artículo 3° del Reglamento de Delegación de Firma de los Ministros del Ejecutivo Nacional;

• Las comunicaciones dirigidas a personas naturales y jurídicas, públicas y privadas, salvo a aquellas reservadas a la Ministra por Ley o por Resolución específica;

• Las coordinaciones de las notificaciones de los actos administrativos de efectos particulares decididos por la Ministra y las notificaciones de aquellos actos que por Resolución expresa sean encomendadas a la Consultoría Jurídica, sin menoscabo de las delegaciones dadas en esta materia, con carácter general a los demás funcionarios del Despacho;

• Las representaciones administrativas del Ministerio, especialmente las relativas a los procedimientos en materia laboral, en las cuales debe intervenir legalmente este Despacho;

• Las coordinaciones para las remisiones de los expedientes administrativos y demás recaudos que requieran a la Ministra los distintos Tribunales de la República y demás órganos del Poder Público competente;

• Los oficios dirigidos a la Procuraduría General de la República, para someter a su consideración y del Consejo de Asesoría Jurídica de la Administración Pública (CAJAP), Proyectos de Leyes, de Decretos y demás actos normativos relacionados con las materias competencia de este Ministerio, los cuales hayan sido aprobados previamente por la Ministra.

• Los oficios dirigidos a la Procuraduría General de la República, al Presidente de la Comisión de Funcionamiento y Reestructuración del Sistema Judicial y demás Autoridades Nacionales, Estadales y Municipales, vinculadas con aquellos asuntos en los cuales se requieran envíos de informaciones y recaudos, según los casos, para la mejor defensa de los derechos e intereses de la República y para coadyuvar con estas instituciones y órganos del Estado, en la recta administración de justicia, la correcta aplicación de las normas y el esclarecimiento o restablecimiento del orden y de la legalidad, en nuestro estado de Derecho.

Comuníquese y Publíquese
Por el Ejecutivo Nacional,



**ING. JACQUELINE FARIA PINEDA**
Ministra

---

REPUBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL AMBIENTE

Número: 243　　Caracas, 01-08-2006
196° Y 147°

**RESOLUCIÓN**

En ejercicio de la atribución que me confiere el Artículo 5, Ordinal 2° de la Ley del Estatuto de la Función Pública, designo a partir del 01-08-2006, al ciudadano **FIDEL FRANCISCO FERRER HAJOS**, titular de la Cédula de Identidad N° **7.832.317**, como Director de la Dirección Estadal Ambiental Mérida de este Organismo.

De conformidad con lo previsto en el artículo 38 de la Ley Orgánica de la Administración Pública en concordancia con lo dispuesto en el artículo 76, ordinal 25 ejusdem, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 37.305 de fecha 17-10-2001, se le autoriza para firmar los actos y documentos en las materias concernientes a las atribuciones y actividades de esa Dirección.

A tenor de lo dispuesto en el Artículo 9 del Capítulo II del Reglamento N° 1 de la Ley Orgánica de la Administración Financiera del Sector Público sobre el Sistema Presupuestario, publicado en la Gaceta Oficial Extraordinario de la República Bolivariana de Venezuela N° 5.781 de fecha 12-08-2005, Decreto N° 3.776 del 18-07-2005 en concordancia con la Resolución N° 160 de fecha 27-12-2005, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.345 del 28-12-2005, se le autoriza para que actúe como Cuentadante Responsable de la Unidad Administradora Desconcentrada: Dirección Estadal Ambiental Mérida, Código N° 000751-00775.

Comuníquese y Publíquese
por el Ejecutivo Nacional,

ING. JACQUELINE FARIA PINEDA
Ministra

# MINISTERIO DE PLANIFICACION Y DESARROLLO

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE PLANIFICACIÓN Y DESARROLLO
INSTITUTO NACIONAL DE ESTADÍSTICA
CARACAS, 27 DE JUNIO DE 2006-195° Y 147°

PROVIDENCIA No. 14

De conformidad con lo dispuesto en el Artículo 62, ordinal 5° de la Ley de la Función Pública de Estadística, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela No. 37.202 de fecha 22 de Mayo de 2001, posteriormente reformada mediante Decreto Ley No. 1.509 de fecha 01 de Noviembre de 2001, posteriormente reformada mediante Gaceta Oficial de la República Bolivariana de Venezuela No. 37.321 de fecha 09 de Noviembre de 2001, en concordancia con lo dispuesto en Decreto Presidencial No. 2.448 de fecha 10 de Junio de 2003, publicado en Gaceta Oficial de la República Bolivariana de Venezuela No. 37.724 de fecha 03 de julio de 2003,

RESUELVE

Único: Se designa a la ciudadana **LEONARDO CERRADA**, titular de la cédula de identidad No. **12.346.104**, como Gerente en la Gerencia Estadal de Apure, del Instituto Nacional de Estadística, a partir del 01 de Febrero de 2006.

Comuníquese y Publíquese.


ELIAS ELJURI ABRAHAM
Presidente del Instituto Nacional de Estadística

REPUBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DE PLANIFICACIÓN Y DESARROLLO
INSTITUTO NACIONAL DE ESTADÍSTICA
CARACAS, 27 DE JUNIO DE 2006-195° Y 147°

PROVIDENCIA No. 15

De conformidad con lo dispuesto en el Artículo 62, ordinal 5° de la Ley de la Función Pública de Estadística, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela No. 37.202 de fecha 22 de Mayo de 2001, posteriormente reformada mediante Decreto Ley No. 1.509 de fecha 01 de Noviembre de 2001, posteriormente reformada mediante Gaceta Oficial de la República Bolivariana de Venezuela No. 37.321 de fecha 09 de Noviembre de 2001, en concordancia con lo dispuesto en Decreto Presidencial No. 2.448 de fecha 10 de Junio de 2003, publicado en Gaceta Oficial de la República Bolivariana de Venezuela No. 37.724 de fecha 03 de julio de 2003,

RESUELVE

Único: Se designa a la ciudadana **Ana Cañizalez**, titular de la cédula de identidad No. **10.092.108**, como Gerente en la Gerencia del Sistema de Información Geográfica y Estadística, del Instituto Nacional de Estadística, a partir del 08 de Mayo de 2006.

Comuníquese y Publíquese.


ELIAS ELJURI ABRAHAM
Presidente del Instituto Nacional de Estadística

# MINISTERIO PARA LA VIVIENDA Y EL HABITAT

REPUBLICA BOLIVARIANA DE VENEZUELA

MINISTERIO PARA LA VIVIENDA Y HABITAT

INSTITUTO NACIONAL DE LA VIVIENDA
INAVI
195° y 147°

RESOLUCIÓN N° 016/004
Caracas, 14 de julio de 2006

La Junta Liquidadora del Instituto Nacional de la Vivienda (INAVI), en virtud de lo previsto en la Disposición Transitoria Quinta de la Ley de Régimen Prestacional de Vivienda y Hábitat, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.182 de fecha 09 de mayo de 2005 reimpresa en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.204 de fecha 08 de junio de 2005, en concordancia con Resolución del Ministerio para la Vivienda y Hábitat N° 003 de fecha 30 de mayo de 2005, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.205 de fecha 09 de junio de 2005; Resoluciones del Ministerio para la Vivienda y Hábitat Nros. 018-06; 024-06 y 030-06 de fecha 05 de mayo de 2006, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.439 de fecha 18 de mayo de 2006; artículo 4° de la citada Resolución N° 003 de fecha 30 de mayo de 2005; de conformidad con lo previsto en el artículo 12 de la Ley del Instituto Nacional de la Vivienda, en concordancia con lo dispuesto en el numeral 4° del artículo 8 de su Reglamento, resuelve,

**PRIMERO:** Delegar en el Presidente Encargado de la Junta Liquidadora del Instituto Nacional de la Vivienda (INAVI), ciudadano Teniente Coronel (Ej) **JORGE ISAAC PEREZ PRADO**, titular de la Cédula de Identidad N° 7.792.127, designado mediante Resolución del Ministerio para la Vivienda y Hábitat N° 0332-06 de fecha 11 de julio de 2006, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.477 de fecha 12 de julio de 2006, la firma de los actos y documentos que se mencionan a continuación:

a) Constituir y revocar poderes generales, judiciales o especiales, confiriendo todas o algunas de las siguientes facultades: intentar y contestar demandas, reconvenciones, promover y contestar cuestiones previas, promover y evacuar pruebas, absolver posiciones juradas, interponer recursos ordinarios y extraordinarios, seguir los juicios en todas las instancias, grados e incidencias, inclusive ante el Tribunal Supremo de Justicia, convenir, desistir, transigir, comprometer en árbitros, arbitradores o de derecho, hacer posturas en remates y caucionarias, recibir bienes.
b) Representar al Instituto ante toda clase de personas, naturales o jurídicas, públicas o privadas y ante cualesquiera de los órganos de los Poderes Públicos del Estado.
c) Comprar, vender, arrendar bienes muebles e inmuebles dentro del límite de las competencias que tiene ya acordada el Presidente del Instituto con anterioridad a la presente Resolución.

d) Nombrar liquidadores o partidores, cancelar las obligaciones y dar por extinguidas las garantías que las respaldan, inclusive las hipotecas, en los casos de pagos definitivos y satisfactorios de las mismas.

e) Representar al Instituto, obligarlo y firmar por él mediante documentos públicos o privados y en todos aquellos actos, negocios o contratos acordados por la Junta Liquidadora.

f) Dejando a salvo las delegaciones de facultades que con anterioridad ha realizado la Junta Liquidadora en otros funcionarios y sin perjuicio de la posibilidad a que las mismas sean ejercidas por el Presidente cuando lo juzgue conveniente, se le delega la facultad de suscribir los contratos de obra y de servicios.

g) Suscribir contratos de trabajos, de créditos con garantía hipotecarias, préstamos, fideicomisos, suscripción de acciones de compañías en nombre del Instituto, representarlo en las Asambleas y demás actos necesarios para el funcionamiento y liquidación de las mismas y/o nombrar a los funcionarios del Instituto en las Directivas respectivas.

h) Nombramientos, oficios con el contenido de: aceptaciones de renuncias, destituciones, retiros, jubilaciones reglamentarias, pensiones, comisiones de servicios, traslados, ascensos, permisos remunerados y no remunerados del personal del Instituto.

i) Circulares, comunicaciones e instrucciones dirigidas a las dependencias y funcionarios del Instituto. Correspondencias postales, telegráficas y radiotelegráficas en respuestas a solicitudes y planteamientos formulados ante la Junta Liquidadora o la Presidencia. Certificación de copias de documentos que reposan en los archivos del Instituto.

**SEGUNDO:** Delegar en el Presidente Encargado de la Junta Liquidadora del Instituto Nacional de la Vivienda (INAVI), ciudadano Teniente Coronel (Ej) **JORGE ISAAC PEREZ PRADO**, titular de la Cédula de Identidad N° 7.792.127, designado mediante Resolución del Ministerio para la Vivienda y Hábitat N° 0332-06 de fecha 11 de julio de 2006, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.477 de fecha 12 de julio de 2006, la firma de los actos y documentos que se mencionan a continuación:

a) Apertura, cancelación y movilización de cuentas corrientes, cuentas de ahorros y depósitos a plazo fijo, transferencias, apertura de cartas de crédito y otras transacciones que originen manejo de fondos en bancos y entidades de ahorro y préstamo, domiciliados en Venezuela o en el Exterior.

b) Aceptación de efectos de comercio (giros), pagarés u otras obligaciones tanto de bancos como de otras instituciones financieras, domiciliados en Venezuela o el Exterior.

c) Apertura, transferencia y retiro de fondos fideicometidos en las instituciones financieras con las cuales el Instituto ha celebrado contratos de fideicomisos.

d) Suscribir contratos de créditos con garantía hipotecarias, de préstamos, de fideicomisos, suscripción de acciones de compañías en nombre del Instituto, representarlo en las Asambleas y demás actos necesarios para el funcionamiento y liquidación de las mismas y/o nombrar a los funcionarios del Instituto en las Directivas respectivas, convenios de fideicomisos interinstitucionales.

**TERCERO:** Para la realización de los actos mencionados en el Punto Segundo de esta Resolución, se requerirán las firmas conjuntas de los ciudadanos **JORGE ISAAC PÉREZ PRADO**, titular de la Cédula de Identidad N° 7.792.127 y **CARLOS JUVENAL RESPLANDOR ABREU**, titular de la Cédula de Identidad N° **5.523.134**, Gerente Encargado de Finanzas y Administración, según Resolución de Presidente de la Junta Liquidadora N° 1158 de fecha 14 de julio de 2006, siendo obligatoria la firma del Presidente, y para la firma de correspondencia de carácter rutinario se requerirá de una sola (1) firma.

**CUARTO:** La presente resolución reestructura (mera forma) las Resoluciones de Junta Liquidadora del Instituto Nacional de la Vivienda (INAVI) Nos. 016/001 y 016/002 de fecha 14 de julio de 2006. Así mismo, se derogan las Resoluciones de Junta Liquidadora Nos. 012/001 y 012/002, ambas de fecha 07 de octubre de 2005, publicadas en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.326 de fecha 01 de diciembre de 2005.

Comuníquese y Publíquese,

T/Cnel. (Ej) JORGE ISAAC PÉREZ PRADO
PRESIDENTE DE LA JUNTA LIQUIDADORA (E)

# CONSEJO NACIONAL ELECTORAL

REPUBLICA BOLIVARIANA DE VENEZUELA
PODER ELECTORAL
CONSEJO NACIONAL ELECTORAL
RESOLUCIÓN No. 060707-589
Caracas, 07 de julio de 2006
196° y 147°

La Presidenta del Consejo Nacional Electoral, de conformidad con lo establecido en el artículo 38 de la Ley Orgánica de Procedimientos Administrativos y, en concordancia con lo preceptuado en los artículos 38 ordinal 7° de la Ley Orgánica del Poder Electoral, 5 del Estatuto de Personal y 72 del Reglamento Interno.

#### CONSIDERANDO

Que el Poder Electoral a través de la Presidenta, administra un volumen importante de contratos de trabajo a tiempo determinado, lo cual puede ser, conforme a la ley, delegado en funcionarios vinculados con la administración de personal.

#### RESUELVE

**Primero:** se delega en la ciudadana: Socióloga **KATHIUSKA YEITÍA**, identificada con la cédula de identidad número 3.167.824, quien desempeña el cargo de Directora General de Personal, designada mediante Punto de Cuenta número 0782-06, de fecha 12 de junio de 2006, la firma de los Contratos de Trabajo a renovarse a partir del 01 de julio de 2006 hasta el 31 de diciembre de 2006.

**Segundo:** Sin perjuicio de lo previsto en el artículo anterior, la Presidenta, cuando lo estime conveniente, podrá suscribir por sí misma los documentos cuya firma se delega en la presente Resolución, sin que ello signifique la revocatoria de la misma.

**Tercero:** La Directora General de Personal en los documentos que suscriba en virtud de la presente Resolución, dejará constancia que actúa por delegación.

**Cuarto:** A efectos administrativos, los documentos rubricados por la Directora General de Personal que supongan el ejercicio de la delegación conferida, se consideraran suscritos por la Presidenta.

Resolución aprobada por la Presidenta del Consejo Nacional Electoral, el día 07 de julio de 2006.

Comuníquese y publíquese.



Dra. TIBISAY LUCENA RAMÍREZ
PRESIDENTA

# GACETA OFICIAL
## DE LA REPUBLICA BOLIVARIANA DE VENEZUELA
DEPOSITO LEGAL ppo 187207DF1

AÑO CXXXIII — MES X    Número 38.493

Caracas, viernes 4 de agosto de 2006

www.gacetaoficial.gov.ve
San Lázaro a Puente Victoria N° 89
CARACAS - VENEZUELA
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003 en la Gaceta Oficial N° 37.818

Esta Gaceta contiene 16 Págs. costo equivalente a 6,85 % valor Unidad Tributaria

**LEY DEL 22 DE JULIO DE 1941**

Art. 11.- La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPUBLICA DE VENEZUELA.

Art. 12.- La GACETA OFICIAL DE LA REPUBLICA DE VENEZUELA, se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario; y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.

Parágrafo Unico.- Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial.

Art. 13.- En la GACETA OFICIAL DE LA REPUBLICA DE VENEZUELA, se publicarán los actos de los Poderes Públicos que deberán insertarse y aquéllos cuya inclusión sea conveniente por el Ejecutivo Nacional.

Art. 14.- Las Leyes, Decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPUBLICA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.

El DIRECTOR GENERAL DE LA IMPRENTA NACIONAL Y GACETA OFICIAL DE LA REPUBLICA BOLIVARIANA DE VENEZUELA advierte, que esta publicación se procesa por reproducción fotomecánica directa de los originales que recibe del Consejo de Ministros, originados en los diferentes Despachos de la Administración Pública y que por consiguiente, sus trabajadores gráficos no son responsables de inserciones cuyos originales lleguen en forma defectuosa.



A LA VENTA
- Constitución de la República Bolivariana de Venezuela
- Ley de Creación, Estímulo, Promoción y Desarrollo del Sistema Microfinanciero,
- Ley Orgánica de Telecomunicaciones,
- Compendio - Ley de Creación, Estímulo, Promoción y Desarrollo del Sistema Microfinanciero - Ley Especial de Asociaciones Cooperativas,
- Ley de Tierras y Desarrollo Agrario,
- Ley Orgánica de Hidrocarburos,

en las taquillas de la Gaceta Oficial

Versión Miniatura