# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXLII — MES II     Caracas, lunes 17 de noviembre de 2014     N° 6.147 Extraordinario

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**

Decreto N° 1.393, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Rango, Valor y Fuerza de Ley de Alimentación para los Trabajadores y las Trabajadoras.

Decreto N° 1.424, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública.

## PRESIDENCIA DE LA REPÚBLICA

Decreto N° 1.393       13 de noviembre de 2014

**NICOLÁS MADURO MOROS**
**Presidente e la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, y en el engrandecimiento del país, basado en los principios humanistas, y en condiciones morales y éticas bolivarianas, por mandato del pueblo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido el numeral 2, literal "a" del artículo 1, de la Ley que Autoriza al Presidente de la República para dictar Decretos con Rango, Valor y Fuerza de Ley en las materias que se delegan, en Consejo de Ministros,

**DICTO**

El siguiente,

**DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE REFORMA PARCIAL DEL DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE ALIMENTACIÓN PARA LOS TRABAJADORES Y LAS TRABAJADORAS**

**Artículo 1°.** Se modifica el artículo 5, el cual queda redacto de la forma siguiente:

*Artículo 5°. El beneficio contemplado en este Decreto con Rango, Valor y Fuerza de Ley no será considerado como salario, de conformidad con lo establecido en la Ley Orgánica del Trabajo los Trabajadores y las Trabajadoras, salvo que en las convenciones colectivas, acuerdos colectivos o contratos individuales de trabajo se estipule lo contrario.*

*Parágrafo Primero: En caso que la entidad de trabajo otorgue el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, a través de la entrega de cupones, tickets o tarjetas electrónicas de alimentación, suministrará un (1) cupón o ticket, o una (1) carga a la tarjeta electrónica, por cada jornada de trabajo, cuyo valor no podrá ser inferior a cero coma cincuenta unidades tributarias (0,50 U.T.) ni superior a cero coma setenta y cinco unidades tributarias (0,75 U.T.) De igual manera, cuando el beneficio de alimentación sea entregado en dinero en efectivo o su equivalente, no podrá ser inferior a cero coma cincuenta unidades tributarias (0,50 U.T.) ni superior a cero coma setenta y cinco unidades tributarias (0,75 U.T.).*

*Parágrafo Segundo: Las facturas, constancias, estados de cuenta o informes que expidan empresas emisoras de tarjetas electrónicas de alimentación, así como los contratos que éstas celebren con la entidad de trabajo, constituirán prueba del cumplimiento de las obligaciones de las entidades de trabajo bajo este Decreto con Rango, Valor y Fuerza de Ley.*

*Parágrafo Tercero: Cuando el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, se otorgue a través del suministro de cupones, tickets o tarjetas electrónicas de alimentación, o en dinero en efectivo o su equivalente, la provisión mensual de estos suministros no deberá exceder del cuarenta por ciento (40%) del monto que resulte de sumar al salario mensual del respectivo trabajador o trabajadora el valor de los cupones, tickets o tarjetas electrónicas de alimentación, o el dinero en efectivo o su equivalente, recibidos por éste o ésta en el respectivo período mensual. Quedan a salvo las situaciones especiales que puedan preverse en las convenciones colectivas de trabajo o acuerdos colectivos.*

*Parágrafo Cuarto: En los casos de aquellos trabajadores y trabajadoras para los cuales el beneficio establecido en este Decreto con Rango, Valor y Fuerza de Ley, exceda del límite fijado en este artículo, conservarán dicho beneficio, y la entidad de trabajo deberá tomar las previsiones para que gradualmente, en los sucesivos ajustes del salario y del beneficio, se apliquen los correctivos necesarios para respetar el límite del cuarenta por ciento (40%) antes referido.*

*Parágrafo Quinto: Cuando en las convenciones colectivas, acuerdos colectivos o contratos individuales de trabajo vigentes existiesen beneficios sociales con carácter similar a los establecidos en este Decreto con Rango, Valor y Fuerza de Ley, las entidades de trabajo sólo estarán obligados a ajustarlos a las previsiones de este Decreto con Rango, Valor y Fuerza de Ley, si aquéllos fuesen menos favorables.*

**Artículo 2°.** Se modifica el artículo 7°, el cual queda redactado en los términos siguientes:



PLAINTIFF'S EXHIBIT 55



EXHIBIT 7 WIT: [signature] DATE: 7/13/18 DARLINE MARIE WEST, RPR

***Artículo 7°.*** *Los cupones, tickets y tarjetas electrónicas de alimentación deberán contener las siguientes especificaciones:*

1. *La razón social de la entidad de trabajo que concede el beneficio.*
2. *La mención "Exclusivamente para el pago de comidas o alimentos, está prohibida la negociación total o parcial por dinero u otros bienes o servicios".*
3. *El nombre del trabajador beneficiario o trabajadora beneficiaria.*
4. *Fecha de vencimiento.*
5. *Razón social de la entidad de trabajo especializada en la administración y gestión de beneficios sociales que emite el instrumento.*
6. *Los cupones o tickets deberán contener, además de lo indicado anteriormente, el valor que será pagado al establecimiento proveedor.*
7. *Las tarjetas electrónicas de alimentación tendrán acceso a la consulta del saldo disponible por el trabajador beneficiario o trabajadora beneficiaria.*

**Artículo 3°.** Se incorpora una Disposición Transitoria Única, la cual queda redactada del modo siguiente:

### DISPOSICIÓN TRANSITORIA

***ÚNICA.*** *A partir del 01 de diciembre de 2014, las entidades de trabajo incrementarán el valor del beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, que sus trabajadoras y trabajadores estuvieren percibiendo al 30 de noviembre de 2014, según las siguientes reglas:*

1. *Cuando el valor del beneficio que vienen percibiendo se encuentre entre cero coma veinticinco unidades tributarias (0,25 U.T.) y cero coma cincuenta unidades tributarias (0,50 U.T.), ambas inclusive, se ajustará incrementando de manera lineal el beneficio percibido en cero coma veinticinco unidades tributarias (0,25 U.T.).*
2. *Cuando el valor del beneficio que vienen percibiendo sea mayor a cero coma cincuenta unidades tributarias (0,50 U.T.), pero menor a cero coma setenta y cinco unidades tributarias (0,75 U.T.), se ajustará al límite superior de cero coma setenta y cinco unidades tributarias (0,75 U.T.) a que refiere el artículo 5 del presente Decreto con Rango, Valor y Fuerza de Ley.*

De conformidad con lo previsto en el artículo 5 de la Ley de Publicaciones Oficiales, imprímase a continuación en un solo texto el Decreto con Rango, Valor y Fuerza de Ley de Alimentación para los Trabajadores y Trabajadoras, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.666, de fecha 04 de mayo de 2011, con las reformas aquí sancionadas y en el correspondiente texto íntegro, corríjase donde sea necesario la nomenclatura del articulado correspondiente, sustitúyase donde dice "empleadores y empleadoras" por "entidades de trabajo" ; y sustitúyanse los datos de firma, fecha y demás datos de sanción y promulgación.

Dado en Caracas, a los trece días del mes de noviembre de dos mil catorce. Años 204° de la Independencia, 155° de la Federación y 15° de la Revolución Bolivariana.

Cúmplase,
(L.S.)



NICOLÁS MADURO MOROS

Refrendado
El Vicepresidente Ejecutivo
de la República
(L.S.)

JORGE ALBERTO ARREAZA MONTSERRAT

Refrendado
El Ministro del Poder Popular del
Despacho de la Presidencia y Seguimiento
de la Gestión de Gobierno
(L.S.)

CARLOS ALBERTO OSORIO ZAMBRANO

Refrendado
La Ministra del Poder Popular
para Relaciones Interiores,
Justicia y Paz
(L.S.)

CARMEN TERESA MELÉNDEZ RIVAS

Refrendado
El Ministro del Poder
Popular para Relaciones Exteriores
(L.S.)

RAFAEL DARÍO RAMIREZ CARREÑO

Refrendado
El Ministro del Poder Popular
de Planificación
(L.S.)

RICARDO JOSÉ MENÉNDEZ PRIETO

Refrendado
El Ministro del Poder Popular
para Economía, Finanzas y Banca Pública
(L.S.)

RODOLFO CLEMENTE MARCO TORRES

Refrendado
El Ministro del Poder Popular
para la Defensa
(L.S.)

VLADIMIR PADRINO LÓPEZ

Refrendado
La Ministra del Poder Popular para
el Comercio
(L.S.)

ISABEL CRISTINA DELGADO ARRIA

Refrendado
El Encargado del Ministerio del
Poder Popular para Industrias
(L.S.)

JOSÉ DAVID CABELLO RONDÓN

Refrendado
El Ministro del Poder Popular para
el Turismo
(L.S.)

ANDRÉS GUILLERMO IZARRA GARCÍA

Refrendado
El Ministro del Poder Popular
para la Agricultura y Tierras
(L.S.)

JOSÉ LUÍS BERROTERÁN NUÑEZ

Refrendado
El Ministro del Poder Popular para
Educación Universitaria, Ciencia y Tecnología
(L.S.)

MANUEL ÁNGEL FERNÁNDEZ MELÉNDEZ

Refrendado
El Ministro del Poder Popular para
la Educación
(L.S.)

HÉCTOR VICENTE RODRÍGUEZ CASTRO

Refrendado
La Ministra del Poder Popular para
la Salud
(L.S.)

NANCY EVARISTA PÉREZ SIERRA

Refrendado
El Ministro del Poder Popular para
el Proceso Social de Trabajo
(L.S.)

JESÚS RAFAEL MARTÍNEZ BARRIOS

Refrendado
El Ministro del Poder Popular para
Transporte Terrestre y Obras Públicas
(L.S.)

HAIMAN EL TROUDI DOUWARA

Refrendado
El Ministro del Poder Popular para
Transporte Acuático y Aéreo
(L.S.)

GIUSEPPE ANGELO CARMELO YOFFREDA YORIO

Refrendado
El Ministro del Poder Popular
para Ecosocialismo, Hábitat y Vivienda.
(L.S.)

RICARDO ANTONIO MOLINA PEÑALOZA

Refrendado
El Ministro del Poder Popular
de Petróleo y Minería
(L.S.)

ASDRÚBAL JOSÉ CHÁVEZ JIMÉNEZ

Refrendado
La Ministra del Poder Popular para
la Comunicación y la Información
(L.S.)

JACQUELINE COROMOTO FARIA PINEDA

Refrendado
El Ministro del Poder Popular para
las Comunas y los Movimientos Sociales
(L.S.)

ELÍAS JOSÉ JAUA MILANO

Refrendado
El Ministro del Poder Popular para
la Alimentación
(L.S.)

YVÁN JOSÉ BELLO ROJAS

Refrendado
El Ministro del Poder Popular para
la Cultura
(L.S.)

REINALDO ANTONIO ITURRIZA LÓPEZ

Refrendado
El Ministro del Poder Popular para
la Juventud y el Deporte
(L.S.)

ANTONIO ENRIQUE ÁLVAREZ CISNEROS

Refrendado
La Ministra del Poder Popular para
los Pueblos Indígenas
(L.S.)

ALOHA JOSELYN NÚÑEZ GUTTÉRREZ

Refrendado
La Ministra del Poder Popular
para la Mujer y la Igualdad de Género
(L.S.)

ANDREÍNA TARAZÓN BOLÍVAR

Refrendado
El Ministro del Poder Popular
para la Energía Eléctrica
(L.S.)

JESSE ALONSO CHACÓN ESCAMILLO

Refrendado
La Ministra del Poder Popular
para el Servicio Penitenciario
(L.S.)

MARÍA IRIS VARELA RANGEL

**NICOLÁS MADURO MOROS**
**Presidente e la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, y en el engrandecimiento del país, basado en los principios humanistas, y en condiciones morales y éticas bolivarianas, por mandato del pueblo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido en el numeral 2, literal "a" del artículo 1, de la Ley que Autoriza al Presidente de la República para dictar Decretos con Rango, Valor y Fuerza de Ley en las materias que se delegan, en Consejo de Ministros,

**DICTO**

El siguiente,

**DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE ALIMENTACIÓN PARA LOS TRABAJADORES Y LAS TRABAJADORAS**

**Artículo 1°.** El presente Decreto con Rango, Valor y Fuerza de Ley tiene por objeto regular el beneficio de alimentación para proteger y mejorar el estado nutricional de los trabajadores y las trabajadoras, a fin de fortalecer su salud, prevenir las enfermedades ocupacionales y propender a una mayor productividad laboral.

**Artículo 2°.** A los efectos del cumplimiento de este Decreto con Rango, Valor y Fuerza de Ley, las entidades de trabajo del sector público y del sector privado, otorgarán a los trabajadores y las trabajadoras el beneficio de una comida balanceada durante la jornada de trabajo.

**Parágrafo Primero:** Se entenderá por comida balanceada aquella que reúna las condiciones calóricas y de calidad, tomando como referencia las recomendaciones y criterios establecidos por el órgano con competencia en materia de nutrición.

**Parágrafo Segundo:** Los trabajadores y las trabajadoras contemplados en el ámbito de aplicación de este Decreto con Rango, Valor y Fuerza de Ley, serán excluidos del beneficio cuando lleguen a devengar un salario normal que exceda de tres (3) salarios mínimos decretados por el Ejecutivo Nacional.

**Parágrafo Tercero:** El beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley podrá ser concedido, concertado u otorgado voluntariamente, por las entidades de trabajo a los trabajadores y trabajadoras que devenguen una remuneración superior al límite estipulado en el parágrafo anterior.

**Parágrafo Cuarto:** Por razones de interés social, el Ejecutivo Nacional queda facultado para, aumentar el salario tope previsto en el Parágrafo Segundo.

**Artículo 3°.** La determinación del régimen dietético de una comida balanceada estará a cargo del órgano con competencia en materia de nutrición, el cual deberá ejercer la supervisión y emitir las recomendaciones que estime pertinentes, así como emprender campañas de orientación y educación acerca del régimen alimentario y todo lo necesario para el cumplimiento del objeto de este Decreto con Rango, Valor y Fuerza de Ley.

**Artículo 4º.** El otorgamiento del beneficio a que se refiere el artículo 2 de este Decreto con Rango, Valor y Fuerza de Ley, podrá implementarse a elección de las entidades de trabajo, de las siguientes formas:

1. Mediante comedores propios operados por las entidades de trabajo, en el lugar de trabajo o sus inmediaciones.

2. Mediante la contratación del servicio de comida elaborada por empresas especializadas en la administración y gestión de beneficios sociales.

3. Mediante la provisión o entrega al trabajador o la trabajadora de cupones, tickets o tarjetas electrónicas de alimentación, emitidas por empresas especializadas en la administración y gestión de beneficios sociales, con los que el trabajador o la trabajadora podrá obtener comidas o alimentos en restaurantes o establecimientos de expendio de alimentos o comidas elaboradas.

4. Mediante la provisión o entrega al trabajador o la trabajadora de una tarjeta electrónica de alimentación, emitida por una empresa especializada en la administración de beneficios sociales, la cual se destinará a la compra de comidas y alimentos, y podrá ser utilizado únicamente en restaurantes, comercios o establecimientos de expendio de alimentos, con los cuales la empresa haya celebrado convenio a tales fines, directamente o a través de empresas de servicio especializadas.

5. Mediante la instalación de comedores comunes por parte de varias entidades de trabajo, cercanos a los lugares de trabajo, para que atiendan a los beneficiarios y beneficiarias de este Decreto con Rango, Valor y Fuerza de Ley.

6. Mediante la utilización de los servicios de los comedores administrados por el órgano con competencia en materia de nutrición.

**Parágrafo Primero:** El beneficio de alimentación sólo podrá ser pagado en dinero en efectivo o su equivalente, en los siguientes supuestos:

a) La entidad de trabajo con menos de veinte trabajadores o trabajadoras, se le dificulte cumplir con el beneficio de alimentación, mediante las formas enumeradas en el presente artículo.

b) Cuando a los trabajadores o trabajadoras, independientemente de su número con que cuente la entidad de trabajo, se les dificulte acceder a los establecimientos habilitados para canjear los cupones o tickets de alimentación, o utilizar la tarjeta electrónica.

c) En el caso de las situaciones previstas en el Parágrafo Único del artículo 6 del presente Decreto con Rango, Valor y Fuerza Ley.

**Parágrafo Segundo:** Cuando el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley se encuentre consagrado en convenciones colectivas de trabajo, la elección de las modalidades de cumplimiento deberá ser hecha de común acuerdo entre las entidades de trabajo y los sindicatos que sean parte de dicha convención.

**Artículo 5º.** El beneficio contemplado en este Decreto con Rango, Valor y Fuerza de Ley no será considerado como salario, de conformidad con lo establecido en la Ley Orgánica del Trabajo los Trabajadores y las Trabajadoras, salvo que en las convenciones colectivas, acuerdos colectivos o contratos individuales de trabajo se estipule lo contrario.

**Parágrafo Primero:** En caso que la entidad de trabajo otorgue el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, a través de la entrega de cupones, tickets o tarjetas electrónicas de alimentación, suministrará un (1) cupón o ticket, o una (1) carga a la tarjeta electrónica, por cada jornada de trabajo, cuyo valor no podrá ser inferior a cero coma cincuenta unidades tributarias (0,50 U.T.) ni superior a cero coma setenta y cinco unidades tributarias (0,75 U.T.) De igual manera, cuando el beneficio de alimentación sea entregado en dinero en efectivo o su equivalente, no podrá ser inferior a cero coma cincuenta unidades tributarias (0,50 U.T.) ni superior a cero coma setenta y cinco unidades tributarias (0,75 U.T.).

**Parágrafo Segundo:** Las facturas, constancias, estados de cuenta o informes que expidan empresas emisoras de tarjetas electrónicas de alimentación, así como los contratos que éstas celebren con la entidad de trabajo, constituirán prueba del cumplimiento de las obligaciones de las entidades de trabajo bajo este Decreto con Rango, Valor y Fuerza de Ley.

**Parágrafo Tercero:** Cuando el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, se otorgue a través del suministro de cupones, tickets o tarjetas electrónicas de alimentación, o en dinero en efectivo o su equivalente, la provisión mensual de estos suministros no deberá exceder el cuarenta por ciento (40%) del monto que resulte de sumar al salario mensual del respectivo trabajador o trabajadora el valor de los cupones, tickets o tarjetas electrónicas de alimentación, o el dinero en efectivo o su equivalente, recibidos por éste o ésta en el respectivo período mensual. Quedan a salvo las situaciones especiales que puedan preverse en las convenciones colectivas de trabajo o acuerdos colectivos.

**Parágrafo Cuarto:** En los casos de aquellos trabajadores y trabajadoras para los cuales el beneficio establecido en este Decreto con Rango, Valor y Fuerza de Ley, exceda del límite fijado en este artículo, conservarán dicho beneficio, y la entidad de trabajo deberá tomar las previsiones para que gradualmente, en los sucesivos ajustes del salario y del beneficio, se apliquen los correctivos necesarios para respetar el límite del cuarenta por ciento (40%) antes referido.

**Parágrafo Quinto:** Cuando en las convenciones colectivas, acuerdos colectivos o contratos individuales de trabajo vigentes existiesen beneficios sociales con carácter similar a los establecidos en este Decreto con Rango, Valor y Fuerza de Ley, las entidades de trabajo sólo estarán obligadas a ajustarlos a las previsiones de este Decreto con Rango, Valor y Fuerza de Ley, si aquéllos fuesen menos favorables.

**Artículo 6º.** En caso que la jornada de trabajo no sea cumplida por el trabajador o trabajadora por causas imputables a la voluntad de la entidad de trabajo, o por una situación de riesgo, emergencia, catástrofe o calamidad pública derivada de hechos de la naturaleza que afecten directa y personalmente al trabajador o trabajadora, pero no a la entidad de trabajo, impidiéndole cumplir con la prestación del servicio, así como en los supuestos de vacaciones, incapacidad por enfermedad o accidente que no exceda de doce meses, descanso pre y post natal y permiso o licencia de paternidad, la entidad de trabajo deberá cumplir con el beneficio establecido en este Decreto con Rango, Valor y Fuerza de Ley.

**Parágrafo Único:** Cuando el otorgamiento del beneficio de alimentación se haya implementado a través de las formas previstas en los numerales 1, 2, 5 y 6 del artículo 4 del presente Decreto con Rango, Valor y Fuerza de Ley, dicho beneficio deberá ser pagado mediante la provisión o entrega al trabajador o trabajadora de cupones, tickets o tarjetas

electrónicas de alimentación, o mediante dinero en efectivo o su equivalente, mientras dure la situación que impida al trabajador o trabajadora cumplir con la prestación del servicio, conforme a lo establecido en este artículo, o mientras se encuentre disfrutando de su derecho a vacaciones, descanso pre y post natal, el permiso o licencia de paternidad, así como por incapacidad por enfermedad o accidente que no exceda de doce meses.

**Artículo 7º.** Los cupones, tickets y tarjetas electrónicas de alimentación deberán contener las siguientes especificaciones:

1. La razón social de la entidad de trabajo que concede el beneficio.

2. La mención "Exclusivamente para el pago de comidas o alimentos, está prohibida la negociación total o parcial por dinero u otros bienes o servicios".

3. El nombre del trabajador beneficiario o trabajadora beneficiaria.

4. Fecha de vencimiento.

5. Razón social de la entidad de trabajo especializada en la administración y gestión de beneficios sociales que emite el instrumento.

6. Los cupones o tickets deberán contener, además de lo indicado anteriormente, el valor que será pagado al establecimiento proveedor.

7. Las tarjetas electrónicas de alimentación tendrán acceso a la consulta del saldo disponible por el trabajador beneficiario o trabajadora beneficiaria.

**Artículo 8º.** Los cupones, tickets y tarjetas electrónicas previstos en este Decreto con Rango, Valor y Fuerza de Ley, serán instrumentos de único propósito que se destinarán exclusivamente a la compra de comidas o alimentos, constituyendo infracción:

1. El canje del cupón o ticket por dinero, o la obtención de dinero, financiamiento o crédito con la tarjeta electrónica de alimentación.

2. El canje, pago o compra de cualquier bien o servicio que no se destine a la alimentación del trabajador o trabajadora.

3. El canje o compra de bebidas alcohólicas o cigarrillos.

4. El cobro al trabajador beneficiario o trabajadora beneficiaria, por parte del establecimiento habilitado de cualquier descuento sobre el valor real del cupón o ticket, o sobre el valor representado o pagado con la tarjeta electrónica de alimentación.

5. El cobro o transferencia al trabajador beneficiario o trabajadora beneficiaria, por parte de las empresas de servicio especializadas en la administración y gestión de beneficios sociales, de cualquier descuento, comisión o carga fiscal por la emisión o el uso de los cupones, tickets o tarjetas electrónicas de alimentación.

6. El uso, por parte del establecimiento habilitado, de los cupones, tickets o comprobante de utilización de las tarjetas electrónicas de alimentación que reciba de los beneficiarios o las beneficiarias para otros fines que no sean el reembolso directo en la empresa emisora de los cupones, tickets o tarjetas electrónicas de alimentación.

Las entidades de trabajo deberán orientar a sus trabajadores y trabajadoras sobre la correcta utilización de los cupones, tickets y tarjetas electrónicas de alimentación.

Aquellos establecimientos que incurran en las infracciones señaladas en el presente artículo serán sancionados con multa que oscilará entre veinticinco unidades tributarias (25 U.T.) y cincuenta unidades tributarias (50 U.T.). En caso de reincidencia, se procederá al cierre temporal del establecimiento infractor y se le cancelará, definitivamente, la habilitación, correspondiéndole al ente u organismo con competencia en materia de defensa y protección de las personas para el acceso a los bienes y servicios, ejecutar la acción de conformidad con la ley respectiva.

**Artículo 9.** Las entidades de trabajo especializadas en la administración y gestión de beneficios sociales que emitan y administren cupones, tickets o tarjetas electrónicas de alimentación en el ámbito de este Decreto con Rango, Valor y Fuerza de Ley, deberán inscribirse en el ministerio del poder popular con competencia en materia de trabajo y seguridad social, para lo cual deberán cumplir los siguientes requisitos:

1. Tener como objeto social principal la emisión, administración y gestión de beneficios sociales.

2. Tener un capital social pagado que igual o superior al equivalente de quince mil unidades tributarias (15.000 U.T.).

3. Disponer de adecuada estructura organizativa, amplia red de establecimientos afiliados y adecuada capacidad financiera, que le permitan satisfacer con ventajas los requerimientos de las entidades de trabajo y los trabajadores y las trabajadoras en los términos en el presente Decreto con Rango, Valor y Fuerza de Ley, y asegurar el destino que se debe dar a los cupones, tickets y tarjetas electrónicas de alimentación.

Las entidades de trabajo especializadas en la administración y gestión de beneficios sociales que emitan y administren cupones, tickets y tarjetas electrónicas de alimentación, no podrán conceder crédito o financiamiento a las entidades de trabajo para el pago de dichos cupones, tickets o tarjetas electrónicas de alimentación. Adicionalmente, deberán destinar los fondos que reciban de las entidades de trabajo y que respalden los tickets, cupones y tarjetas electrónicas de alimentación emitidas, al reembolso de los establecimientos afiliados receptores de los mismos, no pudiendo utilizar estos fondos en ningún caso para fines especulativos. Además, deberán entregar al órgano con competencia en materia de nutrición o al ministerio del poder popular con competencia en materia de trabajo y seguridad social, cada seis meses, las listas de los establecimientos habilitados a los fines de controlar la adecuación de los mismos al objetivo de este Decreto con Rango, Valor y Fuerza de Ley.

Quedan facultados los ministerios del poder popular con competencia en materia de trabajo y seguridad social, en materia de alimentación, y el ente u organismo con competencia en materia de defensa y protección de las personas para el acceso a los bienes y servicios, para inspeccionar, cuando lo consideren conveniente, los establecimientos habilitados.

Sobre las irregularidades encontradas podrán aplicarse las siguientes sanciones:

1. Advertencia.

6      GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA      N° 6.147 Extraordinario

2.    Suspensión temporal de la habilitación, en los términos que disponga el Reglamento de este Decreto con Rango, Valor y Fuerza de Ley.

3.    Las sanciones indicadas en el artículo anterior.

En los casos de cierre temporal o cancelación definitiva de la habilitación de un establecimiento, la entidad de trabajo deberá tomar las medidas necesarias para que el beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, siga siendo otorgado a los trabajadores y las trabajadoras a través de cualquiera de las formas previstas en el artículo 4 de este Decreto con Rango, Valor y Fuerza de Ley.

**Artículo 10.** La entidad de trabajo que incumpla con el otorgamiento del beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, será sancionado con multas que oscilarán entre diez unidades tributarias (10 U.T.) y cincuenta unidades tributarias (50 U.T.) por cada trabajador afectado o trabajadora afectada, correspondiéndole a la Inspectoría del Trabajo de la localidad imponer la sanción de conformidad con el procedimiento para la imposición de sanciones previsto en la Ley Orgánica del Trabajo, los Trabajadores y las Trabajadoras, sin perjuicio del cumplimiento de la obligación laboral frente a los trabajadores beneficiarios y las trabajadoras beneficiarias.

**Artículo 11.** Todo lo no previsto en este Decreto con Rango, Valor y Fuerza de Ley será desarrollado en su Reglamento por el Ejecutivo Nacional, teniendo como principio preservar el carácter laboral del beneficio.

**Artículo 12.** El presente Decreto con Rango, Valor y Fuerza de Ley entrará en vigencia a partir de su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela, bajo las condiciones, y con las salvedades señaladas a continuación:

En el sector público y en el sector privado se mantendrá la aplicación del programa, para aquellos trabajadores y trabajadoras que estén gozando del beneficio de alimentación en el momento de la entrada en la vigencia del presente Decreto con Rango, Valor y Fuerza de Ley.

En aquellos casos en los cuales los organismos de la Administración Pública Nacional, Estadal y Municipal no hayan otorgado el beneficio establecido en el presente Decreto con Rango, Valor y Fuerza de Ley, deberán, en el lapso de seis meses contado a partir de la entrada en vigencia del mismo, otorgar el beneficio, incorporando en el presupuesto siguiente la disponibilidad presupuestaria necesaria a los efectos del pago efectivo del beneficio otorgado, dando así cumplimiento a lo establecido en el artículo 2 del presente Decreto con Rango, Valor y Fuerza de Ley.

En todo caso, el beneficio nacerá para el trabajador o la trabajadora desde el mismo momento en que le sea otorgado.

**Artículo 13.** Se deroga la Ley Programa de Alimentación para los Trabajadores, publicada en Gaceta Oficial de la República de Venezuela N° 36.538, de fecha 14 de septiembre de 1998.

### DISPOSICIÓN TRANSITORIA

**ÚNICA.** A partir del 01 de diciembre de 2014, las entidades de trabajo incrementarán el valor del beneficio previsto en este Decreto con Rango, Valor y Fuerza de Ley, que sus trabajadoras y trabajadores estuvieren percibiendo al 30 de noviembre de 2014, según las siguientes reglas:

1.    Cuando el valor del beneficio que vienen percibiendo se encuentre entre cero coma veinticinco unidades tributarias (0,25 U.T.) y cero coma cincuenta unidades tributarias (0,50 U.T.), ambos inclusive, se ajustará incrementando de manera lineal el beneficio percibido en cero coma veinticinco unidades tributarias (0,25 U.T.).

2.    Cuando el valor del beneficio que vienen percibiendo sea mayor a cero coma cincuenta unidades tributarias (0,50 U.T.), pero menor a cero coma setenta y cinco unidades tributarias (0,75 U.T.), se ajustará al límite superior de cero coma setenta y cinco unidades tributarias (0,75 U.T.) a que refiere el artículo 5 del presente Decreto con Rango, Valor y Fuerza de Ley.

Dado en Caracas, a los trece días del mes de noviembre de dos mil catorce. Años 204° de la Independencia, 155° de la Federación y 15° de la Revolución Bolivariana.

Cúmplase,
(L.S.)



NICOLÁS MADURO MOROS

Refrendado
El Vicepresidente Ejecutivo
de la República
(L.S.)

     JORGE ALBERTO ARREAZA MONTSERRAT

Refrendado
El Ministro del Poder Popular del
Despacho de la Presidencia y Seguimiento
de la Gestión de Gobierno
(L.S.)

     CARLOS ALBERTO OSORIO ZAMBRANO

Refrendado
La Ministra del Poder Popular
para Relaciones Interiores,
Justicia y Paz
(L.S.)

     CARMEN TERESA MELÉNDEZ RIVAS

Refrendado
El Ministro del Poder
Popular para Relaciones Exteriores
(L.S.)

     RAFAEL DARÍO RAMIREZ CARREÑO

Refrendado
El Ministro del Poder Popular
de Planificación
(L.S.)

     RICARDO JOSÉ MENÉNDEZ PRIETO

Refrendado
El Ministro del Poder Popular
para Economía, Finanzas y Banca Pública
(L.S.)

     RODOLFO CLEMENTE MARCO TORRES

Refrendado
El Ministro del Poder Popular
para la Defensa
(L.S.)

     VLADIMIR PADRINO LÓPEZ

Refrendado
La Ministra del Poder Popular para
el Comercio
(L.S.)

     ISABEL CRISTINA DELGADO ARRIA

Refrendado
El Encargado del Ministerio del
Poder Popular para Industrias
(L.S.)
JOSÉ DAVID CABELLO RONDÓN

Refrendado
El Ministro del Poder Popular para
el Turismo
(L.S.)
ANDRÉS GUILLERMO IZARRA GARCÍA

Refrendado
El Ministro del Poder Popular
para la Agricultura y Tierras
(L.S.)
JOSÉ LUÍS BERROTERÁN NUÑEZ

Refrendado
El Ministro del Poder Popular para
Educación Universitaria, Ciencia y Tecnología
(L.S.)
MANUEL ÁNGEL FERNÁNDEZ MELÉNDEZ

Refrendado
El Ministro del Poder Popular para
la Educación
(L.S.)
HÉCTOR VICENTE RODRÍGUEZ CASTRO

Refrendado
La Ministra del Poder Popular para
la Salud
(L.S.)
NANCY EVARISTA PÉREZ SIERRA

Refrendado
El Ministro del Poder Popular para
el Proceso Social de Trabajo
(L.S.)
JESÚS RAFAEL MARTÍNEZ BARRIOS

Refrendado
El Ministro del Poder Popular para
Transporte Terrestre y Obras Públicas
(L.S.)
HAIMAN EL TROUDI DOUWARA

Refrendado
El Ministro del Poder Popular para
Transporte Acuático y Aéreo
(L.S.)
GIUSEPPE ANGELO CARMELO YOFFREDA YORIO

Refrendado
El Ministro del Poder Popular
para Ecosocialismo, Hábitat y Vivienda.
(L.S.)
RICARDO ANTONIO MOLINA PEÑALOZA

Refrendado
El Ministro del Poder Popular
de Petróleo y Minería
(L.S.)
ASDRÚBAL JOSÉ CHÁVEZ JIMÉNEZ

Refrendado
La Ministra del Poder Popular para
la Comunicación y la Información
(L.S.)
JACQUELINE COROMOTO FARIA PINEDA

Refrendado
El Ministro del Poder Popular para
las Comunas y los Movimientos Sociales
(L.S.)
ELÍAS JOSÉ JAUA MILANO

Refrendado
El Ministro del Poder Popular para
la Alimentación
(L.S.)
YVÁN JOSÉ BELLO ROJAS

Refrendado
El Ministro del Poder Popular para
la Cultura
(L.S.)
REINALDO ANTONIO ITURRIZA LÓPEZ

Refrendado
El Ministro del Poder Popular para
la Juventud y el Deporte
(L.S.)
ANTONIO ENRIQUE ÁLVAREZ CISNEROS

Refrendado
La Ministra del Poder Popular para
los Pueblos Indígenas
(L.S.)
ALOHA JOSELYN NÚÑEZ GUTIÉRREZ

Refrendado
La Ministra del Poder Popular
para la Mujer y la Igualdad de Género
(L.S.)
ANDREÍNA TARAZÓN BOLÍVAR

Refrendado
El Ministro del Poder Popular
para la Energía Eléctrica
(L.S.)
JESSE ALONSO CHACÓN ESCAMILLO

Refrendado
La Ministra del Poder Popular
para el Servicio Penitenciario
(L.S.)
MARÍA IRIS VARELA RANGEL

## DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGANICA DE LA ADMINISTRACION PÚBLICA

### EXPOSICIÓN DE MOTIVOS

El presente Decreto con Rango, Valor y Fuerza de Ley consolida una larga trayectoria de legislación dedicada a regular y organizar el funcionamiento de la Administración Pública, trayectoria que deriva del mandato constitucional consagrado en la Disposición Transitoria Cuarta, numeral 5 de la Constitución de la República Bolivariana de Venezuela.

La Administración Pública ha sufrido cambios estructurales a los fines de su adaptación a la realidad histórica que debe constantemente afrontar el Gobierno Bolivariano. Es así, como el presente Decreto con Rango, Valor y Fuerza de Ley surge en razón de la necesidad de la construcción de un sistema de gobierno popular dirigido a rescatar la economía nacional, la eficacia y la eficiencia de las estructuras públicas reforzando y fortaleciendo valores esenciales del ejercicio de la función pública, enmarcada en los principios de solidaridad, honestidad, responsabilidad, vocación de trabajo, amor al prójimo, inspirados en la ética y moral socialista, todo ello en la lucha contra la corrupción y el burocratismo.

A tal efecto, se otorga rango legal a las vicepresidencias sectoriales, con fines de control a nivel superior de la Administración Pública, de la adecuada ejecución de políticas y la eficiente administración de los recursos del pueblo soberano, otorgando a dichas estructuras de nivel superior la supervisión

y control funcional, administrativo y presupuestario de los ministerios del poder popular, en aras de garantizar y proteger los intereses del Estado en sus diferentes niveles de gobierno.

Asimismo, se incorporaron en el texto legal las nuevas figuras de gobierno y territoriales, para asegurar que la lucha contra el flagelo de la corrupción abarque toda la extensión del territorio de la República preservando la integridad territorial, la soberanía, la seguridad, la identidad nacional y la defensa, de acuerdo con el desarrollo cultural, económico, social y la integración de la Nación.

El Decreto con Rango, Valor y Fuerza de Ley, busca consolidar las bases la Administración Pública mediante políticas y programas que materialicen los postulados del Estado social de derecho y de justicia, de forma de dar mayor eficiencia y eficacia a las políticas sociales de la Revolución.

Por lo antes expuesto, el presente Decreto con Rango, Valor y Fuerza de Ley, coadyuvará en la acción del Ejecutivo Nacional en la implementación de criterios organizativos del sector público, para la construcción de la democracia protagónica y en ejercicio de la corresponsabilidad social, en plena ofensiva contra la corrupción, promoviendo de esta manera un modelo de inclusión social alternativo del pueblo y el Estado venezolano.

Decreto Nº 1.424                    17 de noviembre de 2014

**NICOLÁS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, la refundación de la Nación Venezolana, basado en principios humanistas, sustentada en los principios morales y éticos bolivarianos que persiguen el progreso de la patria y del colectivo, por mandato del pueblo, de conformidad con lo dispuesto en el artículo 226 de la Constitución de la República Bolivariana de Venezuela; y en ejercicio de la atribución que me confieren los numerales 2 y 8 del artículo 236 *ejusdem* y, de conformidad con lo dispuesto en los literales "a", del numeral 1 del artículo 1º de la Ley que Autoriza al Presidente de la República para dictar Decretos con Rango, Valor y Fuerza de Ley en las materias que se delegan, en Consejo de Ministros,

**DICTO**

El siguiente,

**DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA ADMINISTRACIÓN PÚBLICA**

**TÍTULO I**
**DISPOSICIONES GENERALES**

**Objeto**
**Artículo 1°.** El presente Decreto con Rango, Valor y Fuerza de Ley Orgánica tiene por objeto establecer los principios, bases y

lineamientos que rigen la organización y el funcionamiento de la Administración Pública; así como regular los compromisos de gestión; crear mecanismos para promover la participación popular y el control, seguimiento y evaluación de las políticas, planes y proyectos públicos; y establecer las normas básicas sobre los archivos y registros de la Administración Pública.

**Ámbito de aplicación**
**Artículo 2°.** Las disposiciones del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica serán aplicables a la Administración Pública Nacional, así como a las de los estados, distritos metropolitanos, el Distrito Capital, el Territorio Insular Miranda y las de los municipios, quienes deberán desarrollar su contenido dentro del ámbito de sus respectivas competencias.

Las disposiciones del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica se aplicarán supletoriamente a los demás órganos y entes del Poder Público.

**TÍTULO II**
**PRINCIPIOS Y BASES DEL FUNCIONAMIENTO Y ORGANIZACIÓN DE LA ADMINISTRACIÓN PÚBLICA**

**Objetivo de la Administración Pública**
**Artículo 3°.** La Administración Pública tendrá como objetivo de su organización y funcionamiento hacer efectivos los principios, valores y normas consagrados en la Constitución de la República Bolivariana de Venezuela y en especial, garantizar a todas las personas, el goce y ejercicio de los derechos humanos.

**Principio de legalidad**
**Artículo 4°.** La Administración Pública se organiza y actúa de conformidad con el principio de legalidad, por el cual la asignación, distribución y ejercicio de sus competencias se sujeta a lo establecido en la Constitución de la República Bolivariana de Venezuela, las leyes y los actos administrativos de carácter normativo dictados formal y previamente conforme a la ley, en garantía y protección de las libertades públicas que consagra el régimen democrático, participativo y protagónico.

**Principio de la Administración Pública al servicio de las personas**
**Artículo 5°.** La Administración Pública está al servicio de las personas, y su actuación estará dirigida a la atención de sus requerimientos y a la satisfacción de sus necesidades, brindando especial atención a las de carácter social.

La Administración Pública debe asegurar a todas las personas la efectividad de sus derechos cuando se relacionen con ella.

Además, tendrá entre sus objetivos la continua mejora de los procedimientos, servicios y prestaciones públicas, de acuerdo con las políticas que se dicten.

### Garantías que debe ofrecer la Administración Pública a las personas

**Artículo 6°.** La Administración Pública desarrollará su actividad y se organizará de manera que las personas puedan:

1. Resolver sus asuntos, ser auxiliadas en la redacción formal de documentos administrativos, y recibir información de su interés por cualquier medio escrito, oral, telefónico, electrónico e informático.

2. Presentar reclamaciones sobre el funcionamiento de la Administración Pública.

3. Acceder fácilmente a información actualizada sobre el esquema de organización de los órganos y entes de la Administración Pública, así como a guías informativas sobre los procedimientos administrativos, servicios y prestaciones que ellos ofrecen.

### Derechos de las personas en sus relaciones con la Administración Pública

**Artículo 7°.** Las personas en sus relaciones con la Administración Pública tendrán los siguientes derechos:

1. Conocer, en cualquier momento, el estado de los procedimientos en los que tengan interés, y obtener copias de documentos contenidos en los archivos que se lleven a tales efectos, siempre y cuando no estén calificados como reservados o confidenciales de conformidad con la normativa aplicable, a excepción de los jueces y las partes interesadas.

2. Conocer la identidad de las funcionarias o funcionarios al servicio de la Administración Pública bajo cuya responsabilidad se tramiten los procedimientos.

3. Obtener copia sellada de los documentos que presenten, aportándola junto con los originales, así como a la devolución de éstos, salvo cuando los originales deban cursar en un procedimiento.

4. Obtener copias certificadas de expedientes o documentos en los términos previstos en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y demás normativa aplicable.

5. Formular alegatos y presentar documentos en los procedimientos administrativos en los cuales tengan interés, en los términos o lapsos previstos legalmente.

6. Presentar sólo los documentos exigidos por las normas aplicables al procedimiento de que se trate.

7. Obtener información y orientación acerca de los requisitos jurídicos o técnicos que las disposiciones vigentes impongan a los proyectos, actuaciones o solicitudes que se propongan realizar.

8. Acceder a los archivos y registros de la Administración Pública en los términos previstos en la Constitución de la República Bolivariana de Venezuela y demás normativa aplicable.

9. Ser tratados con respeto y deferencia por las funcionarias y funcionarios, los cuales están obligados a facilitar a las personas el ejercicio de sus derechos y el cumplimiento de sus obligaciones.

10. Ejercer, a su elección y sin que fuere obligatorio el agotamiento de la vía administrativa, los recursos administrativos o judiciales que fueren procedentes para la defensa de sus derechos e intereses frente a las actuaciones u omisiones de la Administración Pública, de conformidad con la ley, salvo el procedimiento administrativo previo a las acciones contra la República.

11. Los demás que establezcan la Constitución de la República Bolivariana de Venezuela y la ley.

### Garantía de la Constitución de la República Bolivariana de Venezuela

**Artículo 8°.** Las funcionarias públicas y funcionarios públicos están en la obligación de cumplir y hacer cumplir la Constitución de la República Bolivariana de Venezuela.

Las funcionarias públicas y funcionarios públicos incurren en responsabilidad civil, penal, administrativa o disciplinaria, según el caso, por los actos, hechos u omisiones que en el ejercicio de sus funciones violen o menoscaben los derechos garantizados en la Constitución de la República Bolivariana de Venezuela y la ley, sin que les sirva de excusa órdenes superiores.

### Garantía del derecho a petición

**Artículo 9°.** Las funcionarias públicas y funcionarios públicos tienen la obligación de recibir y atender, sin excepción, las peticiones o solicitudes que les formulen las personas, por cualquier medio escrito, oral, telefónico, electrónico o informático; así como de responder oportuna y adecuadamente tales solicitudes, independientemente del derecho que tienen las personas de ejercer los recursos administrativos o judiciales correspondientes, de conformidad con la ley.

En caso de que una funcionaria pública o funcionario público se abstenga de recibir las peticiones o solicitudes de las personas, o no dé adecuada y oportuna respuesta a las mismas, será sancionado de conformidad con la ley.

### Principios que rigen la actividad de la Administración Pública

**Artículo 10.** La actividad de la Administración Pública se desarrollará con base en los principios de economía, celeridad, simplicidad, rendición de cuentas, eficacia, eficiencia, proporcionalidad, oportunidad, objetividad, imparcialidad, participación, honestidad, accesibilidad, uniformidad, modernidad, transparencia, buena fe, paralelismo de la forma y responsabilidad en el ejercicio de la misma, con sometimiento pleno a la ley y al derecho, y con supresión de las formalidades no esenciales.

La simplificación de los trámites administrativos, así como la supresión de los que fueren innecesarios será tarea permanente de los órganos y entes de la Administración Pública, de conformidad con los principios y normas que establezca la ley correspondiente.

### Mecanismos tecnológicos

**Artículo 11.** Los órganos y entes de la Administración Pública deberán utilizar las tecnologías que desarrolle la ciencia, tales como los medios electrónicos o informáticos y telemáticos, para su organización, funcionamiento y relación con las personas. Cada órgano y ente de la Administración Pública deberá establecer y mantener una página en Internet, que contendrá entre otra, la información que se considere relevante, los datos correspondientes a su misión, organización, procedimiento, normativa que lo regula, servicios que presta, documentos de interés para las personas, ubicación de sus dependencias e información de contactos.

### Principio de publicidad normativa

**Artículo 12.** Los reglamentos, resoluciones y demás actos administrativos de carácter general dictados por los órganos y entes de la Administración Pública deberán ser publicados sin excepción en la Gaceta Oficial de la República Bolivariana de Venezuela o, según el caso, en el medio de publicación oficial correspondiente.

### Principio de responsabilidad patrimonial de la Administración Pública

**Artículo 13.** La Administración Pública será responsable ante las personas por la gestión de sus respectivos órganos, de conformidad con la Constitución de la República Bolivariana de Venezuela y la ley, sin perjuicio de la responsabilidad de cualquier índole que corresponda a las funcionarias o funcionarios por su actuación.

La Administración Pública responderá patrimonialmente por los daños que sufran las personas en cualquiera de sus bienes y derechos, siempre que la lesión sea imputable a su funcionamiento.

### Principio de rendición de cuentas

**Artículo 14.** Las funcionarias y funcionarios de la Administración Pública deberán rendir cuentas de los cargos que desempeñen, en los términos y condiciones que determine la ley.

### Ejercicio de la potestad organizativa

**Artículo 15.** Los órganos, entes y misiones de la Administración Pública se crean, modifican y suprimen por los titulares de la potestad organizativa, conforme a lo establecido en la Constitución de la República Bolivariana de Venezuela y la ley. En el ejercicio de sus funciones, los mismos deberán sujetarse a los lineamientos dictados conforme a la planificación centralizada.

Se entiende como órganos, las unidades administrativas de la República, de los estados, de los distritos metropolitanos y de los municipios a los que se les atribuyan funciones que tengan efectos jurídicos, o cuya actuación tenga carácter regulatorio.

Tendrá el carácter de ente toda organización administrativa descentralizada funcionalmente con personalidad jurídica propia; sujeta al control, evaluación y seguimiento de sus actuaciones por parte de sus órganos rectores, de adscripción y de las directrices emanadas del órgano al cual compete la planificación central.

Las misiones son aquellas creadas con la finalidad de satisfacer las necesidades fundamentales y urgentes de la población.

### Requisitos para la creación y modificación de órganos y entes

**Artículo 16.** La creación de órganos y entes administrativos se sujetará a los siguientes requisitos:

1. Determinación de su configuración subjetiva, forma organizativa y ubicación en la estructura de la respectiva Administración Pública.

2. Indicación expresa de su objeto y competencias.

3. Previsión de las partidas y asignaciones presupuestarias necesarias para su organización, funcionamiento o reformas organizativas.

La modificación, supresión y liquidación de órganos y entes administrativos se adoptará mediante actos que gocen de rango normativo igual o superior al de aquellos que determinaron su creación o última modificación.

No podrán crearse nuevos órganos o entes que supongan duplicación de las competencias de otros ya existentes si al mismo tiempo no se suprime o restringe debidamente la competencia de éstos.

### Principio de Responsabilidad Fiscal

**Artículo 17.** No podrán crearse nuevos órganos o entes en la Administración Pública que impliquen un aumento en el gasto recurrente de la República, los estados, los distritos metropolitanos, el Distrito Capital, el Territorio Insular Miranda o de los municipios, sin que se creen o prevean fuentes de ingresos ordinarios de igual o mayor magnitud a las necesarias para permitir su funcionamiento.

### Principio de control de gestión

**Artículo 18.** El funcionamiento de los órganos y entes de la Administración Pública se sujetará a las políticas, estrategias, metas y objetivos que se establezcan en los respectivos planes estratégicos, compromisos de gestión y lineamientos dictados conforme a la planificación centralizada. Igualmente, comprenderá el seguimiento de las actividades, así como la evaluación y control del desempeño institucional y de los resultados alcanzados.

### Principio de eficacia

**Artículo 19.** La actividad de los órganos y entes de la Administración Pública perseguirá el cumplimiento eficaz de los objetivos y metas fijados en las normas, planes y compromisos de gestión, bajo la orientación de las políticas y estrategias establecidas por la Presidenta o Presidente de la República, el órgano al cual le compete la planificación central, la Gobernadora o Gobernador, la Alcaldesa o Alcalde, según fuere el caso.

La actividad de las unidades administrativas sustantivas de los órganos y entes de la Administración Pública se corresponderá y ajustará a su misión, y la actividad desarrollada por las unidades administrativas de apoyo técnico y logístico se adaptará a la de aquellas.

### Principio de eficiencia en la asignación y utilización de los recursos públicos

**Artículo 20.** La asignación de recursos a los órganos, entes de la Administración Pública y demás formas de organización que utilicen recursos públicos, se ajustará estrictamente a los requerimientos de su organización y funcionamiento para el logro de sus metas y objetivos, con uso racional de los recursos humanos, materiales y financieros.

En los casos en que las actividades de los órganos y entes de la Administración Pública, en ejercicio de potestades públicas que por su naturaleza lo permitan, fueren más económicas y eficientes mediante la gestión de los Consejos Comunales y demás formas de organización comunitaria o del sector privado, dichas actividades podrán ser transferidas a éstos, de conformidad con la ley, reservándose la Administración Pública la supervisión, evaluación y control del desempeño y de los resultados de la gestión transferida.

Los órganos y entes de la Administración Pública procurarán que sus unidades de apoyo administrativo no consuman un porcentaje del presupuesto destinado al sector correspondiente mayor que el estrictamente necesario. A tales fines, los titulares de la potestad organizativa de los órganos y entes de la Administración Pública, previo estudio económico y con base en los índices que fueren más eficaces de acuerdo al sector correspondiente, determinarán los porcentajes máximos de gasto permitido en unidades de apoyo administrativo.

### Principio de suficiencia, racionalidad y adecuación de los medios a los fines institucionales

**Artículo 21.** La dimensión y estructura organizativa de los órganos y entes de la Administración Pública serán proporcionales y consistentes con los fines y propósitos que les han sido asignados. Las formas organizativas que adopte la Administración Pública serán suficientes para el cumplimiento de sus metas y objetivos y propenderán a la utilización racional de los recursos públicos.

Excepcionalmente, y sólo en el caso que se requiera la contratación de determinados profesionales especialistas para actividades eventuales y transitorias, los órganos y entes de la Administración Pública podrán incorporar asesores cuya remuneración se establecerá por vía contractual con base en honorarios profesionales u otras modalidades fijadas de conformidad con la ley.

### Principio de simplicidad, transparencia y cercanía organizativa a las personas

**Artículo 22.** La organización de la Administración Pública procurará la simplicidad institucional y la transparencia en su estructura organizativa, asignación de competencias, adscripciones administrativas y relaciones interorgánicas.

La estructura organizativa preverá la comprensión, acceso, cercanía y participación de las personas de manera que les permitan resolver sus asuntos, ser auxiliados y recibir la información que requieran por cualquier medio.

### Principio de coordinación

**Artículo 23.** Las actividades que desarrollen los órganos y entes de la Administración Pública deberán efectuarse de manera coordinada, y estar orientadas al logro de los fines y objetivos del Estado, con base en los lineamientos dictados conforme a la planificación centralizada.

### Principio de cooperación

**Artículo 24.** Los órganos y entes de la Administración Pública colaborarán entre sí y con las otras ramas de los poderes públicos en la realización de los fines del Estado.

### Principio de lealtad institucional

**Artículo 25.** Los órganos y entes de la Administración Pública actúan y se relacionan de acuerdo con el principio de lealtad institucional y, en consecuencia, deberán:

1. Respetar el ejercicio legítimo de las respectivas competencias.

2. Ponderar, en el ejercicio de las competencias propias, la totalidad de los intereses públicos implicados.

3. Facilitar la información que le sea solicitada sobre la actividad que desarrollen en el ejercicio de sus competencias.

4. Prestar la cooperación y asistencia activa que pudieren serles requeridas en el ámbito de sus competencias.

**Principio de la competencia**

**Artículo 26.** Toda competencia atribuida a los órganos y entes de la Administración Pública será de obligatorio cumplimiento y ejercida bajo las condiciones, límites y procedimientos establecidos; será irrenunciable, indelegable, improrrogable y no podrá ser relajada por convención alguna, salvo los casos expresamente previstos en las leyes y demás actos normativos.

Toda actividad realizada por un órgano o ente manifiestamente incompetente, o usurpada por quien carece de autoridad pública, es nula y sus efectos se tendrán por inexistentes. Quienes dicten dichos actos, serán responsables conforme a la ley, sin que les sirva de excusa órdenes superiores.

**Asignación de competencias a la administración sin determinación orgánica**

**Artículo 27.** En el caso que una disposición legal o administrativa otorgue una competencia a la Administración Pública, sin especificar el órgano o ente que debe ejercerla, se entenderá que corresponde al órgano o ente con competencia en razón de la materia.

En el caso que una disposición legal o administrativa otorgue una competencia a un órgano o ente de la Administración Pública sin determinar la unidad administrativa competente, se entenderá que su ejercicio corresponde a la unidad administrativa con competencia por razón de la materia y el territorio.

**Principio de jerarquía**

**Artículo 28.** Los órganos y entes de la Administración Pública estarán internamente ordenados de manera jerárquica y relacionados de conformidad con la distribución vertical de atribuciones en niveles organizativos. Los órganos de inferior jerarquía estarán sometidos a la dirección, supervisión, evaluación y control de los órganos superiores de la Administración Pública con competencia en la materia respectiva.

El incumplimiento por parte de un órgano inferior de las órdenes e instrucciones de su superior jerárquico inmediato obliga a la intervención de éste y acarrea la responsabilidad de las funcionarias o funcionarios a quienes sea imputable dicho incumplimiento, salvo lo dispuesto en el artículo 8º del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

**Principio de descentralización funcional**

**Artículo 29.** Los titulares de la potestad organizativa podrán crear entes descentralizados funcionalmente cuando el mejor cumplimiento de los fines del Estado así lo requiera, en los términos y condiciones previstos en la Constitución de la República Bolivariana de Venezuela, el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y demás normativa aplicable. Los entes descentralizados funcionalmente serán de dos tipos:

1. Entes descentralizados funcionalmente con forma de derecho privado: estarán conformados por las personas jurídicas constituidas de acuerdo a las normas del derecho privado y podrán adoptar o no la forma empresarial de acuerdo a los fines y objetivos para los cuales fueron creados y en atención a si la fuente fundamental de sus recursos proviene de su propia actividad o de los aportes públicos, respectivamente.

2. Entes descentralizados funcionalmente con forma de derecho público: estarán conformados por aquellas personas jurídicas creadas y regidas por normas de derecho público y que podrán tener atribuido el ejercicio de potestades públicas.

La descentralización funcional sólo podrá revertirse por medio de la modificación del acto que le dio origen.

**Principio de descentralización territorial**

**Artículo 30.** La Administración Pública Nacional, con el propósito de incrementar la eficiencia y eficacia de su gestión, podrá descentralizar competencias y servicios públicos en los estados, distritos metropolitanos y municipios, de conformidad con la Constitución de la República Bolivariana de Venezuela y la ley.

Así mismo, los estados podrán descentralizar competencias y servicios públicos, en los distritos metropolitanos y los municipios.

**Principio de desconcentración funcional y territorial**

**Artículo 31.** La Administración Pública, con el objetivo de acercarse a las personas y mejorar el servicio prestado, podrá adaptar su organización a determinadas condiciones de especialidad funcional y de particularidad territorial, transfiriendo atribuciones de sus órganos superiores a sus órganos inferiores, mediante acto administrativo dictado de conformidad con el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

La desconcentración de atribuciones sólo podrá revertirse mediante la modificación o derogación del instrumento jurídico que le dio origen.

**Consecuencia de la descentralización y desconcentración funcional y territorial**

**Artículo 32.** La descentralización funcional o territorial transfiere la titularidad de la competencia y, en consecuencia, transfiere cualquier responsabilidad que se produzca por el ejercicio de la competencia o de la gestión del servicio público correspondiente, en la persona jurídica y en las funcionarias o funcionarios del ente descentralizado.

La desconcentración, funcional o territorial, transfiere únicamente la atribución. La persona jurídica en cuyo nombre actúe el órgano desconcentrado será responsable patrimonialmente por el ejercicio de la atribución o el funcionamiento del servicio público correspondiente, manteniendo la responsabilidad que corresponda a las funcionarias y funcionarios que integren el órgano desconcentrado y se encuentren encargados de la ejecución de la competencia o de la gestión del servicio público correspondiente.

Los instrumentos de creación de los órganos y servicios desconcentrados, así como los que crean entes descentralizados de la Administración Pública, podrán atribuir a los titulares de los órganos superiores o, a las máximas autoridades de dichos órganos y entes, la facultad para distribuir las competencias y atribuciones otorgadas a éstos, regulando su organización y funcionamiento en coordinación con los lineamientos de la planificación centralizada.

**La delegación intersubjetiva**

**Artículo 33.** La Administración Pública, podrá delegar las competencias que le estén otorgadas por ley a sus respectivos entes descentralizados funcionalmente, de conformidad con los

lineamientos de la planificación centralizada, y de acuerdo con las formalidades del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su Reglamento.

### Delegación interorgánica

**Artículo 34.** La Presidenta o Presidente de la República, la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, las ministras o ministros, las viceministras o viceministros, las gobernadoras o gobernadores, las alcaldesas o alcaldes, las jefas o jefes de Gobierno y los superiores jerárquicos de los órganos y entes de la Administración Pública, así como las demás funcionarias o funcionarios superiores de dirección, podrán delegar las atribuciones que les estén otorgadas por ley, a los órganos o funcionarias o funcionarios bajo su dependencia, así como la celebración de actos o la firma de documentos en funcionarias o funcionarios adscritas a los mismos, de conformidad con las formalidades que determine el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su Reglamento.

### Limitación a las delegaciones intersubjetivas e interorgánicas

**Artículo 35.** Sin perjuicio de lo dispuesto en la Constitución de la República Bolivariana de Venezuela o en leyes especiales, la delegación intersubjetiva o interorgánica no procederá en los siguientes casos:

1. Cuando se trate de la adopción de disposiciones de carácter normativo.

2. Cuando se trate de la resolución de recursos en los órganos administrativos que hayan dictado los actos objeto de recurso.

3. Cuando se trate de competencias o atribuciones ejercidas por delegación.

4. En aquellas materias que así se determine por norma con rango de ley.

Los actos administrativos que se adopten por delegación indicarán expresamente esta circunstancia y se considerarán dictados por el órgano delegante.

La delegación será revocable en cualquier momento por el órgano que la haya conferido.

El acto que confiere la delegación deberá indicar la oportunidad y forma en que el funcionario delegado o la funcionaria delegada deberá rendir cuenta al funcionario o funcionaria delegante.

### Consecuencia de la delegación intersubjetiva

**Artículo 36.** La delegación intersubjetiva, en los términos establecidos por el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, transfiere la responsabilidad por su ejercicio al ente delegado. Las funcionarias o funcionarios del ente delegado encargados del ejercicio de la competencia, serán responsables personalmente por su ejecución.

### Consecuencia de la delegación interorgánica

**Artículo 37.** Las funcionarias o funcionarios del órgano al cual se haya delegado una atribución serán responsables por su ejecución.

Los actos administrativos derivados del ejercicio de las atribuciones delegadas, a los efectos de los recursos correspondientes se tendrán como dictados por la autoridad delegante.

### Encomienda de gestión

**Artículo 38.** La Administración Pública podrá encomendar temporalmente la realización de actividades de carácter material o técnico de determinadas competencias a sus respectivos entes descentralizados funcionalmente, por razones de eficacia o cuando no posea los medios técnicos para su desempeño, de conformidad con las formalidades establecidas en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su Reglamento.

La encomienda de gestión no supone cesión de la titularidad de la competencia ni de los elementos sustantivos de su ejercicio, siendo responsabilidad del órgano encomendante dictar resoluciones que le den soporte o en las que se identifique la concreta actividad material objeto de encomienda.

### Encomienda convenida

**Artículo 39.** Cuando la encomienda se establezca entre órganos de distintos niveles territoriales de la Administración Pública o entre entes públicos, se adoptará mediante instrumento de carácter convencional.

### Requisitos formales de la delegación y encomienda

**Artículo 40.** El acto contentivo de la delegación intersubjetiva, interorgánica, y de la encomienda será motivado, identificará los órganos o entes entre los que se transfiera el ejercicio de la atribución o competencia y determinará la fecha de inicio de su vigencia, y de culminación cuando fuere el caso.

La eficacia de la delegación intersubjetiva, interorgánica, y de la encomienda, así como de su revocatoria, quedará supeditada a la publicación del instrumento que le contiene, en el órgano de divulgación oficial que corresponda.

En los casos en que no se determine la fecha de inicio de su vigencia, se entenderá que ésta comienza desde su publicación en la Gaceta Oficial correspondiente.

### Avocación

**Artículo 41.** La Presidenta o Presidente de la República, la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, las ministras o ministros, las viceministras o viceministros, las gobernadoras o gobernadores, las jefas o jefes de Gobierno, las alcaldesas o alcaldes y los superiores jerárquicos de los órganos y entes de la Administración Pública, así como las demás funcionarias o funcionarios superiores de dirección, podrán avocarse al conocimiento, sustanciación o decisión de un asunto cuya atribución corresponda ordinariamente o por delegación a sus órganos jerárquicamente subordinados, cuando razones técnicas, económicas, sociales, jurídicas o de interés público lo hagan necesario. La avocación se realizará mediante acto motivado que deberá ser notificado a los interesados.

### Instrucciones, órdenes y circulares

**Artículo 42.** Los órganos y entes de la Administración Pública dirigirán las actividades de sus órganos jerárquicamente subordinados mediante instrucciones, órdenes y circulares.

Cuando una disposición específica así lo establezca o se estime conveniente por razón de los destinatarios o de los efectos que puedan producirse, las instrucciones, órdenes y circulares se publicarán en la Gaceta Oficial que corresponda.

En todo caso se establecerán los mecanismos necesarios para garantizar la difusión de su contenido y su accesibilidad a las interesadas o interesados.

### Solución de los conflictos de atribuciones

**Artículo 43.** Cuando el órgano que esté conociendo de un asunto se considere incompetente deberá remitir las actuaciones al órgano que estime con competencia en la materia, si éste se considera a su vez incompetente; o si ambos se consideran competentes, el asunto será resuelto por el órgano superior jerárquico común.

Los conflictos a que se refiere el presente artículo sólo podrán suscitarse entre unidades administrativas integrantes del mismo órgano o ente y con respecto a asuntos sobre los cuales no haya recaído decisión administrativa definitiva o finalizado el procedimiento administrativo.

### TÍTULO III
### DEL NIVEL CENTRAL DE LA ADMINISTRACIÓN PÚBLICA NACIONAL

#### Capítulo I
#### De los Órganos Superiores del Nivel Central de la Administración Pública Nacional

##### Órganos Superiores

**Artículo 44.** Son órganos superiores de dirección del nivel central de la Administración Pública Nacional, la Presidenta o Presidente de la República, la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, el Consejo de Ministros, las Vicepresidentas o Vicepresidentes Sectoriales, las ministras o ministros, las viceministras o viceministros; las jefas o jefes de Gobierno y las autoridades regionales.

Son órganos superiores de consulta del nivel central de la Administración Pública Nacional, la Procuraduría General de la República, el Consejo de Estado, el Consejo de Defensa de la Nación, las juntas sectoriales y las juntas ministeriales.

##### Rol de dirección estratégica de los órganos superiores

**Artículo 45.** Corresponde a los órganos superiores de dirección del nivel central de la Administración Pública Nacional dirigir la política interior y exterior de la República, ejercer la función ejecutiva y la potestad reglamentaria de conformidad con la Constitución de la República Bolivariana de Venezuela y la ley.

Asimismo, tendrán a su cargo la conducción estratégica del Estado y, en especial, la formulación, aprobación y evaluación de las políticas públicas, el seguimiento a su ejecución y la evaluación del desempeño institucional y de sus resultados.

Los órganos superiores de dirección del nivel central de la Administración Pública Nacional ejercerán la rectoría y el control de la actividad y de las políticas desarrolladas por los órganos inferiores, a los cuales evaluarán en su funcionamiento, desempeño y resultados.

##### La Presidenta o Presidente de la República

**Artículo 46.** La Presidenta o Presidente de la República, en su carácter de Jefa o Jefe del Estado y del Ejecutivo Nacional, dirige la acción del gobierno y de la Administración Pública, con la colaboración inmediata de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, conforme a lo establecido en la Constitución de la República Bolivariana de Venezuela y la ley.

#### Capítulo II
#### De la Vicepresidencia de la República

##### Vicepresidencia de la República

**Artículo 47.** La Vicepresidencia de la República estará a cargo de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, órgano directo y colaborador inmediato de la Presidenta o el Presidente de la República.

La Vicepresidencia de la República contará con la estructura orgánica y las funcionarias y funcionarios que requiera para el logro de su misión, de conformidad con el reglamento orgánico que dicte la Presidenta o Presidente de la República en Consejo de Ministros.

##### Atribuciones de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo

**Artículo 48.** Son atribuciones de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo:

1. Colaborar con la Presidenta o el Presidente de la República en la dirección de la acción del Gobierno.

2. Suplir las faltas temporales y absolutas de la Presidenta o el Presidente de la República, de conformidad con la Constitución de la República Bolivariana de Venezuela.

3. Coordinar la Administración Pública, de conformidad con las instrucciones de la Presidenta o Presidente de la República.

4. Proponer a la Presidenta o el Presidente de la República el nombramiento y remoción de las ministras o ministros.

5. Presidir, previa autorización de la Presidenta o Presidente de la República, el Consejo de Ministros.

6. Coordinar las relaciones del Ejecutivo Nacional con la Asamblea Nacional y efectuar el seguimiento a la discusión parlamentaria de los proyectos de ley.

7. Presidir el Consejo Federal de Gobierno y coordinar las relaciones del Ejecutivo Nacional con los estados, los distritos metropolitanos y los municipios.

8. Nombrar y remover, de conformidad con la ley, las funcionarias y funcionarios nacionales cuya designación no esté atribuida a otra autoridad.

9. Ejercer las atribuciones que le delegue la Presidenta o Presidente de la República.

10. Dirigir y coordinar el proceso de evaluación de los resultados de las políticas públicas adoptadas por el Ejecutivo Nacional e informar de ello a la Presidenta o Presidente de la República.

11. Efectuar el seguimiento a las decisiones del Consejo de Ministros e informar periódicamente a la Presidenta o Presidente de la República sobre el estado general de su ejecución y resultados.

12. Efectuar el seguimiento a las instrucciones impartidas por la Presidenta o Presidente de la República a las ministras o ministros e informarle sobre su ejecución y resultados.

13. Coordinar y ejecutar los trámites correspondientes a la iniciativa legislativa del Poder Ejecutivo ante la Asamblea Nacional.

14. Coordinar el proceso de promulgación de las leyes y, de ser el caso, el proceso al que se refiere el artículo 214 de la Constitución de la República Bolivariana de Venezuela

15. Presidir el Consejo de Estado.

16. Las demás que le señale la ley y demás actos normativos.

**Capítulo III**
**De las Vicepresidencias Sectoriales**

**Vicepresidencias Sectoriales**

**Artículo 49.** Las Vicepresidencias Sectoriales son órganos superiores del nivel central de la Administración Pública Nacional, encargados de la supervisión y control funcional, administrativo y presupuestario de los ministerios del poder popular que determine el Presidente o Presidenta de la República, quien fijará además el número, denominación, organización, funcionamiento y competencias de éstas.

Cada Vicepresidencia Sectorial estará a cargo de una Vicepresidenta Sectorial o un Vicepresidente Sectorial designado por la Presidenta o el Presidente de la República.

Cuando un ministro o ministra del Poder Popular sea designado como Vicepresidenta o Vicepresidente Sectorial, este último cargo tendrá carácter no remunerado mientras coexista con el de ministra o ministro del Poder Popular.

**Atribuciones de las vicepresidentas**
**o vicepresidentes sectoriales**

**Artículo 50.** Son atribuciones de las vicepresidentas o vicepresidentes sectoriales:

1. Proponer las líneas de definición conceptual de las políticas públicas, a ser formuladas e implementadas por los ministerios del poder popular en el sector de su competencia.

2. Proponer a la Presidenta o Presidente de la República criterios para la priorización de la aprobación y aplicación de los recursos nacionales, o para la ejecución de planes y proyectos, en la consecución de las metas establecidas para las políticas públicas en el sector de su competencia.

3. Recomendar a la Presidenta o Presidente de la República, a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo y al Consejo de Ministras y Ministros los principales elementos económicos, políticos y sociales, estructurales o coyunturales a ser tomados en cuenta en la orientación de la gestión pública nacional.

4. Emitir opinión, aprobar y autorizar las regulaciones sectoriales dictadas por los ministerios del poder popular cuya coordinación le fuere asignada por la Presidenta o el Presidente de la República.

5. Efectuar la coordinación y el seguimiento a la ejecución e implementación de las medidas y decisiones adoptadas por la Presidenta o Presidente de la República y el Consejo de Ministros por parte de los ministerios del poder popular bajo su coordinación, informando de ello al Presidente o la Presidenta de la República y al Vicepresidente Ejecutivo o la Vicepresidenta Ejecutiva.

6. Evaluar el desempeño de los ministerios del Poder Popular bajo su coordinación, pudiendo establecer mecanismos uniformes para el aporte de información y evaluación de resultados que faciliten la toma de decisiones.

7. Ejercer la representación política y administrativa de la vicepresidencia sectorial a su cargo, así como la orientación, dirección, coordinación, supervisión y control de sus actividades.

8. Formular y aprobar los planes y proyectos en atención a los lineamientos y políticas dictados conforme a la planificación centralizada.

9. Ejercer la rectoría en la implementación de políticas públicas por parte de los entes que le fueren adscritos, así como las atribuciones de representación de acciones y ejercicio de tutela que corresponde a los órganos de adscripción respecto de sus entes adscritos.

10. Coadyuvar en el seguimiento del Plan Estratégico y de los lineamientos sectoriales, conforme a las instrucciones del Presidente o la Presidenta de la República y del Vicepresidente Ejecutivo o la Vicepresidenta Ejecutiva.

11. Asistir a las reuniones del Consejo de Ministros y del Consejo Federal de Gobierno.

12. Convocar a las ministras o ministros del Poder Popular bajo su coordinación a las reuniones de gabinete sectorial que estime necesarias.

13. Comprometer y ordenar los gastos del órgano a su cargo y ejercer la superior administración, dirección, inspección y resguardo de los servicios, bienes y ramos de renta de la vicepresidencia sectorial.

14. Ejecutar las gestiones inherentes a la presentación y tramitación del anteproyecto de presupuesto de la vicepresidencia sectorial a su cargo, así como las relativas a la tramitación de créditos adicionales y demás modificaciones de su presupuesto, de conformidad con el ordenamiento jurídico en materia de administración financiera del sector público.

15. Refrendar los actos de la Presidenta o Presidente de la República o de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, que sean de su competencia.

16. Suscribir los actos y correspondencias del despacho a su cargo.

17. Delegar sus atribuciones, gestiones y la firma de documentos de conformidad con las previsiones del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su reglamento.

18. Ejercer las demás atribuciones que le asignen el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y los demás actos normativos aplicables.

**Competencia de las vicepresidencias sectoriales**

**Artículo 51.** Las materias competencia de cada una de las vicepresidencias sectoriales, serán establecidas en el Decreto que regule la organización y funcionamiento de la Administración Pública Nacional.

Las atribuciones específicas y las actividades particulares de cada vicepresidencia sectorial, serán establecidas en el reglamento orgánico respectivo.

Las modificaciones a las vicepresidencias sectoriales, o la creación de éstas por Decreto distinto al de organización y funcionamiento de la Administración Pública Nacional, deberán reflejarse en la modificación inmediata subsiguiente de dicho Decreto de organización y funcionamiento, la cual deberá realizarse en plazo perentorio.

Case 1:18-cv-20818-DPG Document 583-39 Entered on FLSD Docket 08/16/2018 Page 16 of 32

**Capítulo IV**
**Del Consejo de Ministros**

**Integración del Consejo de Ministros**
**Artículo 52.** La Presidenta o Presidente de la República, la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo y las ministras o ministros del poder popular reunidos integran el Consejo de Ministros, el cual será presidido por la Presidenta o Presidente de la República o por la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo. En este último caso, las decisiones adoptadas deberán ser ratificadas por la Presidenta o Presidente de la República.

Para la mejor organización y funcionamiento del Consejo de Ministros, su integración y el manejo presupuestario y financiero, la Presidenta o Presidente de la República podrá disponer que las vicepresidentas o vicepresidentes sectoriales ejerzan la coordinación de determinados ministerios en el seno del Consejo de Ministros.

La Procuradora o Procurador General de la República asistirá al Consejo de Ministros con derecho a voz. La Presidenta o Presidente de la República podrá invitar a otras funcionarias o funcionarios y a otras personas a las reuniones del Consejo de Ministros, cuando a su juicio la naturaleza de la materia o su importancia así lo requieran.

La Presidenta o Presidente de la República designará a la Secretaria o Secretario Permanente del Consejo de Ministros.

**Misión del Consejo de Ministros**
**Artículo 53.** La finalidad del Consejo de Ministros es la consideración y aprobación de las políticas generales y sectoriales que son competencias del Poder Ejecutivo Nacional, de conformidad con lo establecido en la Constitución de la República Bolivariana de Venezuela y la ley.

**Organización y funcionamiento**
**del Consejo de Ministros**
**Artículo 54.** La Presidenta o Presidente de la República mediante Decreto, determinará todo lo relativo al Consejo de Ministros, con el objeto de garantizar el ejercicio eficaz de sus competencias y su adaptabilidad a los requerimientos que imponen las políticas públicas cuya consideración y aprobación le corresponde. El referido Decreto establecerá:

1. Las normas sobre organización y funcionamiento del Consejo.

2. Las reglas de quórum y debate.

3. Las categorías y mecanismos de las sesiones, así como la composición que deben tener.

4. El desarrollo de un mecanismo de toma de decisiones a partir de dos niveles de debate y consulta: Uno de Definición conceptual, a cargo de un Consejo Presidencial de Vicepresidentes y Vicepresidentas, y uno para la toma de decisiones estratégicas y tácticas, del cual participarán además las Ministras y Ministros.

5. El desarrollo de las normas relativas a la periodicidad de las sesiones, así como mecanismos y oportunidad de las convocatorias.

6. Las unidades de apoyo técnico y logístico necesarias para el eficaz cumplimiento de los fines del Consejo.

7. Los aspectos a que se refiere el presente artículo, serán desarrollados en el Reglamento Orgánico del Consejo de Ministros a partir de las disposiciones del presente Capítulo.

**Validez de las sesiones del Consejo de Ministros**
**Artículo 55.** Las sesiones del Consejo de Ministros sólo serán válidas con la presencia de la Presidenta o Presidente de la República, o de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo cuando el Presidente o la Presidenta le hubiere autorizado a dirigir la respectiva sesión.

El quórum de funcionamiento del Consejo de Ministros no podrá ser menor de las dos terceras partes de sus miembros. En caso de que la Presidenta o Presidente de la República estime urgente la consideración de determinado asunto, el Consejo de Ministros podrá sesionar con la mayoría absoluta de sus integrantes.

**Funcionamiento básico**
**del Consejo de Ministros**
**Artículo 56.** La Presidenta o Presidente de la República podrá fijar la periodicidad de las reuniones del Consejo de Ministros y lo convocará extraordinariamente cuando lo juzgue conveniente.

**Actas de las sesiones**
**Artículo 57.** De las sesiones del Consejo de Ministros se levantará un acta por la Secretaria o Secretario, quien la asentará en un libro especial y la certificará con su firma una vez aprobada. Dicha acta contendrá las circunstancias relativas al tiempo y lugar de su celebración, la relación de los asistentes, las decisiones adoptadas sobre cada uno de los asuntos tratados en la reunión y los informes presentados.

**Carácter de las deliberaciones y decisiones**
**Artículo 58.** Las deliberaciones del Consejo de Ministros tendrán carácter secreto.

Las decisiones que se adopten en el Consejo de Ministros no tendrán carácter confidencial ni secreto. No obstante, por razones de interés nacional o de carácter estratégico, la Presidenta o Presidente de la República podrá declarar la reserva de alguna de las decisiones del Consejo de Ministros, en cuyo caso, el punto en el acta correspondiente tendrá carácter confidencial o secreto durante el tiempo estrictamente necesario, luego del cual la Presidenta o Presidente de la República levantará la reserva de la decisión adoptada.

**Responsabilidad solidaria**
**de los miembros del Consejo de Ministros**
**Artículo 59.** La Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, las Vicepresidentes o Vicepresidentes Sectoriales y las ministras o ministros serán solidariamente responsables con la Presidenta o Presidente de la República de las decisiones adoptadas en las reuniones del Consejo de Ministros a que hubieren concurrido, salvo que hayan hecho constar su voto negativo.

**Capítulo V**
**De la organización de los ministerios**
**y demás órganos del Nivel Central de la Administración**
**Pública Nacional**
**Sección Primera**
**De la Comisión Central de Planificación**

**Artículo 60.** La Comisión Central de Planificación es el órgano superior de coordinación y control de la planificación centralizada de la Administración Pública Nacional, de carácter permanente, encargado de garantizar la armonización y adecuación de las actuaciones de los órganos y entes de la

Administración Pública Nacional. A tales efectos contará con el apoyo del Ministerio del Poder Popular con competencia en materia de Planificación para la coordinación, soporte técnico, metodológico, formación así como el sistema de seguimiento e indicadores del sistema nacional de planificación.

La Ley que acuerde su creación fijará su objeto, atribuciones, organización y funcionamiento.

### Sección Segunda
### De los ministerios

#### Determinación de los ministerios

**Artículo 61.** La Presidenta o Presidente de la República, mediante Decreto, fijará el número, denominación, competencia y organización de los ministerios y otros órganos de la Administración Pública Nacional, así como sus entes adscritos, con base en parámetros de adaptabilidad de las estructuras administrativas a las políticas públicas que desarrolla el Poder Ejecutivo Nacional en los principios de organización y funcionamiento establecidos en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

#### Nombramiento de ministras o ministros de Estado

**Artículo 62.** La Presidenta o Presidente de la República podrá nombrar ministras y ministros de Estado sin asignarles despacho determinado, los cuales, además de asistir al Consejo de Ministros, asesorarán a la Presidenta o Presidente de la República, y a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, en los asuntos que les fueren asignados.

#### Misión de los ministerios

**Artículo 63.** Los ministerios son los órganos del Ejecutivo Nacional encargados de la formulación, adopción, seguimiento y evaluación de las políticas, estrategias, planes generales, programas y proyectos en las materias de su competencia y sobre las cuales ejercen su rectoría, de conformidad con la planificación centralizada.

#### Competencias específicas de cada ministerio

**Artículo 64.** Las materias competencia de cada uno de los ministerios del Poder Popular serán establecidas en el Decreto que regule la organización y funcionamiento de la Administración Pública Nacional.

Las atribuciones específicas y las actividades particulares de cada ministerio del Poder Popular serán establecidas en el reglamento orgánico respectivo.

Las modificaciones organizativas o funcionales de los ministerios del Poder Popular, o la creación de éstos por Decreto distinto al de organización y funcionamiento de la Administración Pública Nacional, deberán reflejarse en la modificación inmediata subsiguiente de dicho Decreto de organización y funcionamiento, la cual deberá realizarse en plazo perentorio.

#### Suprema dirección de los ministerios

**Artículo 65.** La suprema dirección del ministerio corresponde a la ministra o ministro, quien la ejercerá con la inmediata colaboración de las viceministras o viceministros y de los órganos de apoyo ministerial.

#### Junta ministerial

**Artículo 66.** La planificación y coordinación estratégicas del ministerio y la rectoría de las políticas públicas del sector cuya competencia le está atribuida, estarán a cargo de la ministra o

ministro y de sus viceministras o viceministros, quienes reunidos conformarán la junta ministerial, la cual contará con una unidad estratégica de seguimiento y evaluación de políticas públicas adscrita al despacho de la ministra o ministro, integrada por un equipo multidisciplinario.

La unidad estratégica de seguimiento y evaluación de políticas públicas analizará y evaluará la ejecución y el impacto de las políticas públicas que están bajo la responsabilidad del ministerio y someterá el resultado de sus estudios a la consideración de la junta ministerial para que ésta adopte las decisiones a que haya lugar.

#### Integración de los ministerios

**Artículo 67.** Cada ministerio estará integrado por el despacho de la ministra o ministro, los despachos de las viceministras o viceministros, y las demás unidades o dependencias administrativas.

El reglamento orgánico de cada ministerio determinará el número y competencias de las viceministras o viceministros de acuerdo con los sectores que deba atender, así como de las demás unidades o dependencias del ministerio que sean necesarias para el cumplimiento de su cometido.

**Artículo 68.** El Decreto de Organización y Funcionamiento de la Administración Pública Nacional, determinará las unidades administrativas de apoyo de los ministerios del Poder Popular. Sin menoscabo de las unidades administrativas sustantivas y dependencias que de acuerdo al ámbito de la competencia, sean creadas para tal efecto.

#### Nombramiento de las viceministras o viceministros

**Artículo 69.** Las viceministras o viceministros serán de libre nombramiento y remoción por la Presidenta o Presidente de la República, oída la propuesta de la ministra o ministro correspondiente.

#### Asignaciones de las viceministras o viceministros

**Artículo 70.** La viceministra o viceministro podrá tener asignado más de un área, pero no se podrán crear cargos de viceministras o viceministros sin asignación de áreas.

### Sección Tercera
### De las autoridades regionales

#### Autoridades Regionales

**Artículo 71.** La Presidenta o Presidente de la República podrá designar autoridades regionales, las cuales tendrán por función la planificación, ejecución, seguimiento y control de las políticas, planes y proyectos de ordenación y desarrollo del territorio aprobados conforme a la planificación centralizada, así como, las demás atribuciones que le sean fijadas de conformidad con la ley, asignándoles los recursos necesarios para el eficaz cumplimiento de su objeto.

### Sección Cuarta
### De los consejos nacionales, las comisiones y los comisionados presidenciales

#### Los consejos nacionales

**Artículo 72.** La Presidenta o Presidente de la República podrá crear consejos nacionales con carácter permanente o temporal,

integrados por autoridades públicas y personas de las comunidades organizadas, para la consulta de las políticas públicas sectoriales que determine el Decreto de creación.

El Decreto de creación respectivo determinará la integración de la representación de los sectores organizados, económicos, laborales, sociales y culturales y de cualquier otra índole, en cada uno de estos consejos nacionales.

### Los comisionados y comisiones presidenciales e interministeriales

**Artículo 73.** La Presidenta o Presidente de la República podrá designar comisionados y crear comisiones presidenciales o interministeriales, permanentes o temporales, integradas por funcionarias o funcionarios públicos y personas especializadas, para el examen y consideración en la materia que se determine en el Decreto de creación.

Las comisiones presidenciales o interministeriales también podrán tener por objeto la coordinación de criterios y el examen conjunto de materias asignadas a diversos ministerios. El Decreto de creación determinará quien habrá de presidir las comisiones presidenciales. Sus conclusiones y recomendaciones serán adoptadas por mayoría absoluta de votos.

### Sección Quinta
### De las autoridades únicas de área

### Autoridades únicas de área

**Artículo 74.** La Presidenta o Presidente de la República podrá designar Autoridades Únicas de Área para el desarrollo del territorio o programas regionales, con las atribuciones que determinen las disposiciones legales sobre la materia y los Decretos que las crearen.

### Sección Sexta
### De los sistemas de apoyo de la Administración Pública

### Sistemas de apoyo de la Administración Pública

**Artículo 75.** Los sistemas de apoyo técnico y logístico de la Administración Pública están conformados por la agrupación de procesos funcionales, procedimientos administrativos y redes de órganos y entes coordinados, cuyo propósito es ofrecer asesoría estratégica y suministro de insumos institucionales a los órganos sustantivos, garantizando las condiciones organizacionales necesarias para su adecuado funcionamiento y para el logro de las metas y objetivos esperados por la Administración Pública.

### Los órganos o entes rectores de los sistemas de apoyo

**Artículo 76.** Los órganos o entes rectores de los sistemas de apoyo fiscalizarán y supervisarán las actividades de los órganos que integran los respectivos sistemas de apoyo institucional de la Administración Pública, para lo cual estos órganos permitirán el acceso a documentos, expedientes, archivos, procedimientos y trámites administrativos, y suministrarán cualquier información que les sea requerida.

Los órganos o entes rectores de los sistemas de apoyo institucional evaluarán la información obtenida y ordenarán a los órganos de apoyo la corrección de las diferencias detectadas. Los órganos de apoyo deberán efectuar las correcciones señaladas y, en caso de incumplimiento, el respectivo órgano o ente rector formulará la queja correspondiente ante el ministro o ministra o máximo órgano jerárquico correspondiente, con copia a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo.

### Las oficinas nacionales

**Artículo 77.** La Presidenta o Presidente de la República podrá crear oficinas nacionales para que auxilien a los órganos y entes de la Administración Pública en la formulación y aprobación de las políticas institucionales respectivas, las cuales serán rectoras de los sistemas que les estén asignados y que comprenden los correspondientes órganos de apoyo técnico y logístico institucional de la Administración Pública.

### Capítulo VI
### De las competencias comunes
### de las ministras o ministros del Poder Popular y
### viceministras o viceministros

### Competencias comunes
### de las ministras o ministros con despacho

**Artículo 78.** Son competencias comunes de las ministras o ministros con despacho:

1. Dirigir la formulación, el seguimiento y la evaluación de las políticas sectoriales que les corresponda, de conformidad con el Decreto presidencial que determine el número y la competencia de los ministerios y con el Reglamento Orgánico respectivo.

2. Orientar, dirigir, coordinar, supervisar y controlar las actividades del ministerio, sin perjuicio de las atribuciones que, sobre control externo, la Constitución de la República Bolivariana de Venezuela y la ley confieren a los órganos de la función contralora.

3. Representar política y administrativamente al ministerio.

4. Cumplir y hacer cumplir las órdenes que les comunique la Presidenta o Presidente de la República, la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, la vicepresidenta o vicepresidente sectorial correspondiente, así como los lineamientos estratégicos y políticas dictadas conforme a la planificación centralizada.

5. Formular y aprobar los planes y proyectos en atención a los lineamientos y políticas dictados conforme a la planificación centralizada.

6. Informar a la Presidenta o Presidente de la República y a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, la vicepresidenta o vicepresidente sectorial correspondiente, sobre el funcionamiento de sus ministerios; y garantizar el suministro de información sobre la ejecución y resultados de las políticas públicas y los proyectos a los correspondientes sistemas de información.

7. Asistir a las reuniones del Consejo de Ministros, del Consejo Federal de Gobierno y de las juntas sectoriales que integren.

8. Convocar y reunir periódicamente las juntas ministeriales.

9. Refrendar los actos de la Presidenta o Presidente de la República o de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, que sean de su competencia y cuidar de su ejecución, así como de la promulgación y ejecución de los Decretos o resoluciones que dicten.

10. Presentar a la Asamblea Nacional la memoria y cuenta de su ministerio, señalando las políticas, estrategias, objetivos, metas, resultados, impactos y obstáculos a su gestión.

11. Presentar, conforme a la ley, el anteproyecto de presupuesto del ministerio y remitirlo, para su estudio y

tramitación, al órgano rector del sistema de apoyo presupuestario.

12. Ejercer la superior administración, dirección, inspección y resguardo de los servicios, bienes y ramos de renta del ministerio.

13. Ejercer la rectoría de las políticas públicas que deben desarrollar los entes descentralizados funcionalmente adscritos a sus despachos, así como las funciones de coordinación y control que le correspondan conforme al presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, y a los demás instrumentos jurídicos respectivos.

14. Ejercer la representación de las acciones pertenecientes a la República en las empresas del Estado que se les asigne, así como el correspondiente control accionario.

15. Comprometer y ordenar los gastos del ministerio e intervenir en la tramitación de créditos adicionales y demás modificaciones de su presupuesto, de conformidad con la ley.

16. Suscribir, previo cumplimiento de las formalidades de ley, los contratos relacionados con asuntos propios del ministerio.

17. Instruir a la Procuradora o Procurador General de la República sobre los asuntos en que debe intervenir en las materias de la competencia del ministerio, conforme a lo establecido en la Constitución de la República Bolivariana de Venezuela y la ley.

18. Cumplir oportunamente las obligaciones legales respecto a la Contraloría General de la República.

19. Suscribir los actos y correspondencias del despacho a su cargo.

20. Conocer y decidir los recursos administrativos que les correspondan de conformidad con la ley.

21. Presentar a conocimiento y resolución de la vicepresidenta o vicepresidente sectorial correspondiente, los asuntos o solicitudes que requieran su intervención, salvo aquellos asuntos que sean requeridos por la Presidenta o Presidente de la República o al Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo.

22. Legalizar la firma de las funcionarias y funcionarios al servicio del ministerio.

23. Resolver los conflictos de competencia entre funcionarias o funcionarios del ministerio y ejercer la potestad disciplinaria, con arreglo a las disposiciones legales o reglamentarias.

24. Contratar para el ministerio los servicios de profesionales y técnicos por tiempo determinado o para obra determinada, de conformidad con lo establecido en la normativa aplicable.

25. Someter a la decisión de la vicepresidenta o vicepresidente sectorial correspondiente, los asuntos de su competencia en cuyas resultas tenga interés personal, o la tenga su cónyuge o algún pariente por consanguinidad en cualquier grado en la línea recta o en la colateral hasta el cuarto grado inclusive, o por afinidad hasta el tercer grado, salvo que sea requerido por la Presidenta o el Presidente de la República o la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo.

26. Delegar sus atribuciones, gestiones y la firma de documentos de conformidad con las previsiones del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su Reglamento.

27. Las demás que le señalen las leyes y los reglamentos.

### Contenido de las memorias y cuentas de las ministras o ministros

**Artículo 79.** Las memorias y cuentas que las ministras o ministros deban presentar a la Asamblea Nacional, conforme a lo dispuesto en la Constitución de la República Bolivariana de Venezuela, contendrán la exposición razonada y suficiente de las políticas, estrategias, planes generales, objetivos, metas, resultados, impactos y obstáculos en la gestión de cada ministerio en el año inmediatamente anterior, así como los lineamientos de sus planes para el año siguiente. Si posteriormente se evidenciaren actos o hechos desconocidos por la ministra o ministro, que por su importancia merecieren ser del conocimiento de la Asamblea Nacional, estos serán dados a conocer.

Las ministras o ministros en la memoria y cuenta de su gestión informarán anualmente a la Asamblea Nacional acerca de las actividades de control que ejerzan, en los términos previstos en el presente Decreto con rango, Valor y Fuerza de Ley Orgánica, sobre los entes que le estén adscritos o se encuentren bajo su tutela.

En las memorias y cuentas se insertarán aquellos documentos que la ministra o ministro considere indispensables, teniendo en cuenta su naturaleza y trascendencia.

La Presidenta o Presidente de la República, podrá autorizar la presentación de la memoria y cuenta de las ministras o ministros del Poder Popular a la vicepresidenta o vicepresidente sectorial bajo cuya coordinación se encuentra, a fin de que dicha vicepresidenta o vicepresidente Sectorial presente una cuenta consolidada del sector a la Presidenta o Presidente de la República, o a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, según el caso, la cual incluirá las memorias y cuentas de las ministras o ministros del Poder Popular que integran la respectiva Vicepresidencia Sectorial. La memoria y cuenta así autorizada podrá ser presentada a la Asamblea Nacional de la misma forma.

### Aprobación de las memorias

**Artículo 80.** La aprobación de las memorias no comprende la de las convenciones y actos contenidos en ellas que requieren especial aprobación legislativa.

### Presentación de la cuenta

**Artículo 81.** Acompañada de la memoria, cada Vicepresidencia o cada ministerio presentará una cuenta que contendrá una exposición de motivos y los estados financieros conforme a la ley.

### Vinculación de la cuenta a la memoria

**Artículo 82.** La cuenta deberá estar vinculada a la memoria, al plan estratégico y operativo respectivo y a sus resultados, de manera que constituya una exposición integrada de la gestión de la ministra o ministro y permita su evaluación conjunta.

### Cuenta del ministerio encargado de las finanzas

**Artículo 83.** La cuenta del ministerio a cargo de las finanzas públicas comprenderá, además, la Cuenta General de Rentas y Gastos Públicos, la cual centralizará el movimiento general de todos los ramos de renta y de gastos y la Cuenta de Bienes

Nacionales adscritos a los diversos ministerios, con especificación del movimiento de los bienes muebles e inmuebles, de conformidad con la Ley respectiva.

**Viceministras o Viceministros**
**Artículo 84.** Las viceministras o viceministros serán los órganos inmediatos de la ministra o ministro, supervisarán las actividades de sus respectivas dependencias de acuerdo con las instrucciones de la ministra o ministro, tendrán a su cargo las funciones que les otorgue el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, el Decreto que desarrolle la organización y funcionamiento de la Administración Pública Nacional y el Reglamento orgánico del ministerio, así como el conocimiento y la decisión de los asuntos que les delegue la ministra o ministro.

**Competencias comunes de**
**las viceministras o viceministros**
**Artículo 85.** Son competencias comunes de las viceministras o viceministros:

1. Seguir y evaluar las políticas a su cargo; dirigir, planificar, coordinar y supervisar las actividades de las dependencias de sus respectivos despachos; y resolver los asuntos que les sometan sus funcionarias o funcionarios, de lo cual darán cuenta a la ministra o ministro en las juntas ministeriales o cuando ésta o éste lo considere oportuno.

2. Ejercer la administración, dirección, inspección y resguardo de los servicios, bienes y ramos de renta de sus respectivos despachos.

3. Comprometer y ordenar, por delegación de la ministra o ministro, los gastos correspondientes a las dependencias a su cargo.

4. Suscribir los actos y correspondencia de los despachos a su cargo.

5. Cumplir y hacer cumplir las órdenes e instrucciones que les comunique la ministra o ministro, a quien dará cuenta de su actuación.

6. Coordinar aquellas materias que la ministra o ministro disponga llevar a la cuenta de la Presidenta o Presidente de la República y a la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, al Consejo de Ministros, a la vicepresidencia sectorial correspondiente o al órgano encargado de la planificación central.

7. Ejercer la potestad disciplinaria, con arreglo a las disposiciones legales o reglamentarias correspondientes.

8. Contratar por delegación de la ministra o ministro del Poder Popular, los servicios de profesionales y técnicos por tiempo determinado o para obra determinada, de conformidad con la normativa aplicable.

9. Presentar a conocimiento y resolución de la ministra o ministro los asuntos o solicitudes que requieran su intervención, incluyendo los que por su órgano sean presentadas por las comunidades organizadas.

10. Someter a la decisión de la ministra o ministro del Poder Popular los asuntos de su atribución en cuyas resultas tenga interés personal directo, por sí o a través de terceras personas.

11. Delegar atribuciones, gestiones y la firma de documentos, conforme a lo que establezca el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y su Reglamento.

12. Suplir las faltas temporales de la ministra o ministro del Poder Popular.

13. Las demás que le atribuyan la ley y los reglamentos.

**Capítulo VII**
**Del Consejo de Estado**

**Consejo de Estado**
**Artículo 86.** El Consejo de Estado es el órgano superior de consulta del Gobierno y de la Administración Pública. Será de su competencia recomendar políticas de interés nacional en aquellos asuntos sobre los que la Presidenta o Presidente de la República considere de especial trascendencia y requieran de su opinión.

**Capítulo VIII**
**De la iniciativa legislativa del Poder Ejecutivo Nacional**
**y su potestad reglamentaria**

**Iniciativa legislativa**
**Artículo 87.** El Poder Ejecutivo Nacional podrá ejercer la iniciativa legislativa prevista en la Constitución de la República Bolivariana de Venezuela mediante la elaboración, aprobación y posterior remisión de los proyectos de ley a la Asamblea Nacional.

**Procedimiento para la elaboración**
**de proyectos de ley**
**Artículo 88.** El procedimiento de elaboración de proyectos de ley por parte del Poder Ejecutivo Nacional se iniciará en la Vicepresidencia de la República o en el ministerio o ministerios competentes mediante la elaboración del correspondiente anteproyecto, que irá acompañado por un informe jurídico, los estudios o informes técnicos sobre la necesidad y oportunidad del mismo, así como por un informe económico sobre su impacto o incidencia presupuestaria.

El titular del ministerio proponente, previa revisión por parte de la Procuraduría General de la República, elevará el anteproyecto al Consejo de Ministros a fin de que éste decida sobre los ulteriores trámites y solicite las consultas, dictámenes e informes que resulten convenientes.

Una vez cumplidos los trámites a que se refiere el párrafo anterior, la ministra o ministro proponente someterá el anteproyecto nuevamente al Consejo de Ministros para su aprobación como proyecto de ley, y su remisión por órgano de la Vicepresidencia de la República a la Asamblea Nacional, acompañándolo de una exposición de motivos, del informe técnico y del informe económico sobre su impacto o incidencia presupuestaria, y demás antecedentes necesarios para pronunciarse.

Cuando razones de urgencia así lo aconsejen, el Consejo de Ministros podrá prescindir de los trámites contemplados en este artículo o acordar la aprobación de un proyecto de ley y su remisión a la Asamblea Nacional.

**Potestad reglamentaria**
**Artículo 89.** El ejercicio de la potestad reglamentaria corresponde a la Presidenta o Presidente de la República, en Consejo de Ministros, de conformidad con la Constitución de la República Bolivariana de Venezuela y la ley.

Los reglamentos no podrán regular materias objeto de reserva de ley, ni infringir normas con dicho rango. Además, sin

perjuicio de su función de desarrollo o colaboración con respecto a la ley, no podrán tipificar delitos, faltas o infracciones administrativas, establecer penas o sanciones, así como tributos, cánones u otras cargas o prestaciones personales o patrimoniales de carácter público.

**Procedimiento de elaboración
de los reglamentos**
**Artículo 90.** La elaboración de los reglamentos de leyes se ajustará al siguiente procedimiento:

1. La iniciación del procedimiento de elaboración de un reglamento se llevará a cabo por el ministerio competente según la materia, mediante la elaboración del correspondiente proyecto al que se acompañará un informe técnico y un informe sobre su impacto o incidencia presupuestaria.

2. A lo largo del proceso de elaboración deberán recabarse, además de los informes, los dictámenes correspondientes y cuantos estudios y consultas se estimen convenientes para garantizar la eficacia y la legalidad del texto.

3. Elaborado el texto se someterá a consulta pública para garantizar el derecho de participación de las personas, de conformidad con lo dispuesto en el Título VI del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

4. Aprobado el Reglamento por la Presidenta o Presidente de la República en Consejo de Ministros, entrará en vigencia con su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela, salvo que el Reglamento disponga otra cosa.

**Aprobación de reglamentos**
**Artículo 91.** El Ejecutivo Nacional deberá aprobar el o los Reglamentos necesarios para la eficaz aplicación y desarrollo de las leyes dentro del año inmediatamente siguiente a su promulgación.

**TITULO IV
DE LA DESCONCENTRACIÓN Y DE LA
DESCENTRALIZACIÓN FUNCIONAL**

**Capítulo I
De la Desconcentración**

**Desconcentración**
**Artículo 92.** La Presidenta o el Presidente de la República, en Consejo de Ministros, podrá convertir unidades administrativas de la Vicepresidencia Ejecutiva de la República, de las Vicepresidencias Sectoriales, de los ministerios o de las oficinas nacionales, en órganos desconcentrados con capacidad de gestión presupuestaria, administrativa o financiera, según lo acuerde el respectivo Reglamento Orgánico.

**Control de los órganos desconcentrados**
**Artículo 93.** La Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, la Vicepresidenta o Vicepresidente Sectorial, la ministra o ministro, o en su caso la jefa o jefe de la oficina nacional, ejercerá el control jerárquico sobre los órganos desconcentrados, de conformidad con los lineamientos de la planificación centralizada.

**Servicios desconcentrados**
**Artículo 94.** La Presidenta o Presidente de la República, en Consejo de Ministros, podrá crear órganos con carácter de

servicios desconcentrados sin personalidad jurídica, u otorgar tal carácter a órganos existentes en la Vicepresidencia Ejecutiva de la República, en las Vicepresidencias Sectoriales, en los ministerios o en las oficinas nacionales, con el propósito de obtener recursos propios para ser afectados a la prestación de un servicio.

Sólo podrá otorgarse el carácter de servicio desconcentrado en aquellos casos de prestación de servicios a cargo del Estado que permitan, efectivamente, la captación de ingresos.

Los referidos servicios son órganos que dependerán jerárquicamente de la Vicepresidenta Ejecutiva o Vicepresidente Ejecutivo, la vicepresidenta sectorial o el vicepresidente sectorial, la ministra o ministro del Poder Popular o de la viceministra o viceministro, o de la jefa o jefe de la oficina nacional que determine el Decreto respectivo.

**Ingresos de los servicios desconcentrados**
**Artículo 95.** Los servicios desconcentrados sin personalidad jurídica contarán con un fondo separado, para lo cual estarán dotados de la capacidad presupuestaria o financiera que acuerde el Decreto que les otorgue tal carácter.

Los ingresos provenientes de la gestión de los servicios desconcentrados sin personalidad jurídica no forman parte del Tesoro y, en tal virtud, podrán ser afectados directamente de acuerdo con los fines para los cuales han sido creados. Tales ingresos sólo podrán ser utilizados para cubrir los gastos que demanda el cumplimiento de sus fines.

**Requisitos del Decreto
que cree un servicio desconcentrado**
**Artículo 96.** El Decreto que cree un servicio desconcentrado establecerá:

1. La finalidad y asignación de competencia del servicio desconcentrado que se cree.

2. La integración y fuentes ordinarias de ingreso.

3. El grado de autogestión presupuestaria, administrativa, financiera y de gestión que se acuerde.

4. Los mecanismos de control a los cuales quedará sometido.

5. El destino que se dará a los ingresos obtenidos, incluidos los excedentes al final del ejercicio fiscal.

6. La forma de designación del titular que ejercerá la dirección y administración, y el rango de su respectivo cargo.

**Variación de la dependencia jerárquica**
**Artículo 97.** La Presidenta o el Presidente de la República, en Consejo de Ministros, podrá variar la dependencia jerárquica de los órganos y servicios desconcentrados de la Vicepresidencia de la República, de las vicepresidencias sectoriales, de los ministerios el Poder Popular y de las oficinas nacionales, a otro órgano superior de la Administración Pública Nacional, mediante Decreto que deberá indicar el órgano que ejercerá el control jerárquico.

Con la variación de la dependencia jerárquica del órgano o servicio desconcentrado, se transferirán además, al órgano receptor, las competencias o atribuciones del órgano que venía ejerciendo el control jerárquico, inherentes al funcionamiento de dicho órgano o servicio desconcentrado.

Ordenada la variación de la dependencia jerárquica del órgano o servicio desconcentrado, los bienes afectos al funcionamiento de éste, así como los derechos y obligaciones a su cargo, serán transferidos al órgano que detente el control jerárquico. Salvo que la Presidenta o Presidente de la República, indique de manera expresa la reserva de determinados bienes, derechos u obligaciones al órgano cedente.

### Capítulo II
### De la descentralización funcional

### Sección Primera
### De los institutos públicos o autónomos

### Institutos públicos o autónomos
**Artículo 98.** Los institutos públicos o autónomos son personas jurídicas de derecho público de naturaleza fundacional, creadas por ley nacional, estadal, u ordenanza municipal, dotadas de patrimonio propio, con las competencias determinadas en éstas.

### Requisitos de la ley de creación
**Artículo 99.** La ley que crea un instituto público o autónomo contendrá:

1. El señalamiento preciso de su finalidad, competencias y actividades.

2. El grado de autogestión presupuestaria, administrativa y financiera que se establezca.

3. La descripción de la integración de su patrimonio y de sus fuentes de ingresos.

4. Su estructura organizativa interna a nivel superior, con indicación de sus unidades administrativas y señalamiento de su jerarquía y atribuciones.

5. Los mecanismos particulares de control de tutela que ejercerá el órgano de adscripción.

6. Los demás requisitos que exija el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

### Privilegios y prerrogativas de
### los institutos públicos o autónomos
**Artículo 100.** Los institutos públicos o autónomos gozarán de los privilegios y prerrogativas que la ley acuerde a la República, los estados, los distritos metropolitanos o los municipios.

### Sujeción de los institutos públicos o autónomos
**Artículo 101.** La actividad de los institutos públicos o autónomos queda sujeta a los principios y bases establecidos en la normativa que regule la actividad administrativa, así como a los lineamientos de la Planificación Centralizada.

### Supresión de los institutos públicos o autónomos
**Artículo 102.** Los institutos públicos o autónomos sólo podrán ser suprimidos por ley, la cual establecerá las reglas básicas de la disolución, así como las potestades necesarias para que el respectivo Ejecutivo nacional, estadal, del distrito metropolitano o municipal proceda a su liquidación.

### Sección Segunda
### De las empresas del Estado

### Empresas del Estado
**Artículo 103.** Las Empresas del Estado son personas jurídicas de derecho público constituidas de acuerdo a las normas de derecho privado, en las cuales la República, los estados, los distritos metropolitanos y los municipios, o alguno de los entes descentralizados funcionalmente a los que se refiere el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, solos o conjuntamente, tengan una participación mayor al cincuenta por ciento del capital social.

### Creación de las empresas del Estado
**Artículo 104.** La creación de las empresas del Estado será autorizada por la Presidenta o el Presidente de la República en Consejo de Ministros, las gobernadoras o gobernadores, las alcaldesas o alcaldes, según corresponda, mediante Decreto de conformidad con la ley. Adquieren la personalidad jurídica con la protocolización de su acta constitutiva en el registro correspondiente a su domicilio, donde se archivará un ejemplar auténtico de sus estatutos y de la Gaceta Oficial de la República Bolivariana de Venezuela o del medio de publicación oficial correspondiente, donde aparezca publicado el Decreto que autorice su creación.

Los trámites de registro de los documentos referidos a las empresas del Estado, estarán exentos del pago de aranceles y otras tasas previstas en la legislación que regula la actividad notarial y registral.

### Obligatoriedad de publicación
### de los documentos de las empresas del Estado
**Artículo 105.** Todos los documentos relacionados con las empresas del Estado que, conforme al ordenamiento jurídico vigente deben ser objeto de publicación, se publicarán en la Gaceta Oficial de la República Bolivariana de Venezuela o en el medio de publicación oficial correspondiente.

### Empresas del Estado con único accionista
**Artículo 106.** Las empresas del Estado podrán crearse con un único accionista y los derechos societarios podrán ser ejercidos, según sea el caso, por la República, los estados, los distritos metropolitanos, los municipios o los entes a que se refiere el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, que sea titular de la totalidad de las acciones, sin que ello implique el incumplimiento de las disposiciones establecidas en la ley.

### Creación de empresas matrices
**Artículo 107.** Cuando operen varias empresas del Estado en un mismo sector, o requieran una vinculación aunque operen en diversos sectores, la Presidenta de la República o Presidente de la República, la gobernadora o gobernador, la alcaldesa o alcalde correspondiente, podrá crear empresas matrices tenedoras de las acciones de las empresas del Estado y de las empresas mixtas correspondientes, sin perjuicio de que los institutos públicos o autónomos puedan desempeñar igual función.

### Legislación que rige las empresas del Estado
**Artículo 108.** Las empresas del Estado se regirán por la legislación ordinaria, por lo establecido en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y las demás normas aplicables; y sus trabajadores y trabajadoras se regirán por la legislación laboral ordinaria.

### Registro de la composición accionaria de las empresas donde el Estado tenga participación

**Artículo 109.** El órgano nacional, estadal, distrital o municipal que sea competente en materia presupuestaria, según corresponda, llevará un registro de la composición accionaria de las empresas donde el Estado tenga participación en su capital social, y remitirá semestralmente copia del mismo a la comisión correspondiente de la Asamblea Nacional, de los consejos legislativos, de los cabildos metropolitanos o de los consejos

municipales, dentro de los primeros treinta (30) días del semestre siguiente.

### Sección Tercera
### De las fundaciones del Estado

### Las fundaciones del Estado

**Artículo 110.** Son fundaciones del Estado aquellas cuyo patrimonio está afectado a un objeto de utilidad general, artístico, científico, literario, benéfico, o social, en cuyo acto de constitución participe la República, los estados, los distritos metropolitanos, los municipios o alguno de los entes descentralizados funcionalmente a los que se refiere el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, siempre que su patrimonio inicial se realice con aportes del Estado en un porcentaje mayor al cincuenta por ciento.

Igualmente, son fundaciones del Estado aquellas cuyo patrimonio pase a estar integrado, en la misma proporción, por aportes de los referidos entes, independientemente de quienes hubieren sido sus fundadores.

### Creación

**Artículo 111.** La creación de las fundaciones del Estado será autorizada respectivamente por la Presidenta o Presidente de la República en Consejo de Ministros, las gobernadoras o gobernadores, las alcaldesas o alcaldes. Adquirirán la personalidad jurídica con la protocolización de su acta constitutiva en la oficina subalterna de registro correspondiente a su domicilio, donde se archivará un ejemplar auténtico de sus estatutos y la Gaceta Oficial de la República Bolivariana de Venezuela o del medio de publicación oficial correspondiente donde aparezca publicado el instrumento jurídico que autorice su creación.

Los trámites de registro de los documentos referidos a las fundaciones del Estado, estarán exentos del pago de aranceles y otras tasas previstas en la legislación que regula la actividad notarial y registral.

### Obligatoriedad de publicación de los documentos

**Artículo 112.** El acta constitutiva, los estatutos, y cualquier reforma de tales documentos de las fundaciones del Estado será publicada en la Gaceta Oficial de la República Bolivariana de Venezuela o en el respectivo medio de publicación oficial correspondiente, con indicación de los datos del registro.

### Señalamiento del valor de los bienes patrimoniales

**Artículo 113.** Tanto en el instrumento jurídico que acuerde la creación, como en el acta constitutiva de las fundaciones del Estado, se indicará el valor de los bienes que integran su patrimonio, así como la forma en que serán dirigidas y administradas, y los mecanismos para la designación de los miembros de la directiva, garantizándose que en el mismo tengan participación los órganos del sector público vinculados con el objeto de la Fundación. La modificación de los estatutos de la Fundación no podrá hacerse sin la previa aprobación del órgano que ejerce el control estatutario.

### Duración

**Artículo 114.** Las fundaciones del Estado tendrán la duración que establezcan sus estatutos, pero podrán ser disueltas en cualquier momento por la autoridad que la creó, cuando las circunstancias así lo requieran.

### Legislación

**Artículo 115.** Las fundaciones del Estado se regirán por el Código Civil, el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, y las demás normas aplicables; y sus empleados se regirán por la legislación laboral ordinaria.

### Sección Cuarta
### De las asociaciones y sociedades civiles del Estado

### De las asociaciones y sociedades civiles del Estado

**Artículo 116.** Serán asociaciones y sociedades civiles del Estado aquellas en las que la República o sus entes descentralizados funcionalmente posean más del cincuenta por ciento de las cuotas de participación, y aquellas conformadas en la misma proporción por aporte de los mencionados entes, siempre que tales aportes hubiesen sido efectuados en calidad de socio o miembro.

### Creación

**Artículo 117.** La creación de las asociaciones y sociedades civiles del Estado deberá ser autorizada por la Presidenta o Presidente de la República mediante Decreto. Adquirirán personalidad jurídica con la protocolización de su Acta Constitutiva en la Oficina del Registro Subalterno correspondiente a su domicilio, donde se archivará un ejemplar auténtico de sus Estatutos y de la Gaceta Oficial de la República Bolivariana de Venezuela, donde aparezca publicado el Decreto que autorice la creación.

A las asociaciones y sociedades civiles del Estado le será aplicable lo establecido en los artículos que regulan a las fundaciones del estado en cuanto a obligatoriedad de publicación en los documentos, señalamiento del valor de los bienes patrimoniales, duración y legislación.

### Sección Quinta
### Del control sobre los órganos desconcentrados y sobre los entes descentralizados funcionalmente

### Atribuciones de la Presidenta o Presidente de la República

**Artículo 118.** La Presidenta o Presidente de la República en Consejo de Ministros decretará la adscripción de los institutos,

empresas, fundaciones, asociaciones y sociedades civiles del Estado. Dicho Decreto podrá:

1. Determinar el órgano o ente de adscripción, en los casos en que ello no se encuentre previsto en la ley o acto jurídico de creación del ente descentralizado funcionalmente.

2. Variar la adscripción del ente descentralizado funcionalmente que se encuentre prevista en su correspondiente ley o acto jurídico de creación, de acuerdo a las reformas que tengan lugar en la organización ministerial, y atendiendo, en especial, a la creación o supresión de los ministerios o cambios en sus respectivas competencias.

3. Variar la adscripción de las acciones de uno a otro órgano o transferir sus acciones a un instituto, o a otro ente descentralizado funcionalmente.

4. Fusionar empresas del Estado y transformar en éstas o en servicios desconcentrados sin personalidad jurídica, las fundaciones del Estado que estime conveniente.

### Adscripción

**Artículo 119.** Todo ente descentralizado funcionalmente se adscribirá a un determinado órgano o ente de la Administración Pública, a los efectos del ejercicio del control correspondiente.

### Atribuciones de los órganos de adscripción

**Artículo 120.** El Vicepresidente o Vicepresidenta de la República, los vicepresidentes o vicepresidentas sectoriales, los ministros u otros órganos o entes de control, nacionales, estadales, de los distritos metropolitanos o municipales, respecto de los entes descentralizados funcionalmente que le estén adscritos, tienen las siguientes atribuciones:

1. Definir la política a desarrollar por tales entes, a cuyo efecto formularán las directivas generales que sean necesarias.

2. Ejercer permanentemente funciones de coordinación, supervisión y control conforme a los lineamientos de la planificación centralizada.

3. Nombrar los presidentes de institutos públicos, institutos autónomos y demás entes descentralizados.

4. Evaluar en forma continua el desempeño y los resultados de su gestión e informar oportunamente a la Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda.

5. Ser informado permanentemente acerca de la ejecución de los planes, y requerir dicha información cuando lo considere oportuno.

6. Proponer a la Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda, las reformas necesarias a los fines de modificar o eliminar entes descentralizados funcionalmente que le estuvieren adscritos, de conformidad con la normativa aplicable.

7. Velar por la conformidad de las actuaciones de sus entes descentralizados funcionalmente que le estén adscritos, a los lineamientos, políticas y planes dictados conforme a la planificación centralizada.

8. Las demás que determinen las leyes nacionales, estadales, las ordenanzas y los reglamentos.

Cuando la adscripción de un ente descentralizado funcionalmente se realice a otro ente del mismo tipo, la máxima autoridad del ente tutelar por adscripción deberá rendir cuentas al titular del órgano superior al cual se encuentra adscrito, sobre el ejercicio de las atribuciones contenidas en el presente artículo, a los fines de garantizar la unidad en el ejercicio del control correspondiente por parte de los órganos superiores de la Administración Pública.

### Obligatoriedad de publicación

**Artículo 121.** En el mes de enero de cada año, los ministerios y órganos de adscripción nacionales, estadales, de los distritos metropolitanos o municipales publicarán en la Gaceta Oficial de la República Bolivariana de Venezuela o en el medio oficial que corresponda, la lista de los entes descentralizados adscritos o bajo su tutela, con indicación del monto de la participación, si se tratare de una empresa del Estado, y de la conformación de su patrimonio si se tratare de un instituto público, instituto autónomo o una fundación del Estado. Igualmente indicarán los entes que se hallen en proceso de privatización o de liquidación.

### Indicadores de gestión

**Artículo 122.** El ministerio u órgano de control nacional, estadal, del distrito metropolitano o municipal, a cargo de la coordinación y planificación, bajo los lineamientos del órgano competente en materia de planificación determinará los indicadores de gestión aplicables para la evaluación del desempeño institucional de los órganos desconcentrados y entes descentralizados funcionalmente, de conformidad con el reglamento respectivo.

Como instrumento del control de tutela sobre el desempeño institucional, se suscribirán compromisos de gestión, de conformidad con el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, entre entes descentralizados funcionalmente y el respectivo ministerio u órgano de adscripción nacional, estadal, del distrito metropolitano o municipal, según el caso.

### Representación en empresas, fundaciones y asociaciones civiles del Estado

**Artículo 123.** La Vicepresidenta Ejecutiva o el Vicepresidente Ejecutivo, la vicepresidenta sectorial o vicepresidente sectorial, la ministra o ministro del Poder Popular, u órgano de adscripción nacional, estadal, del distrito metropolitano o municipal respectivo ejercerá, según corresponda, la representación de la República, del estado, del distrito metropolitano o del municipio respectivo, en la asamblea de accionistas u órganos correspondientes de las empresas, fundaciones y asociaciones civiles del Estado que se encuentren bajo su tutela.

### Información de los entes descentralizados sobre participaciones accionarias

**Artículo 124.** Los entes descentralizados funcionalmente deberán informar al ministerio u órgano de adscripción nacional, estadal, del distrito metropolitano o municipal acerca de toda participación accionaria que suscriban y de los resultados económicos de la misma.

Los administradores de los entes descentralizados funcionalmente remitirán anualmente a los ministerios u órganos de adscripción nacional, estadal, del distrito metropolitano o municipal correspondientes el informe y cuenta de su gestión.

### Incorporación de bienes

**Artículo 125.** La República, los estados, los distritos metropolitanos y los municipios podrán incorporar determinados bienes a un ente descentralizado funcionalmente, sin que dicho ente adquiera la propiedad. En tales casos, el ente queda obligado a utilizarlos exclusivamente para los fines que determinen los titulares de la propiedad.

En los casos de incorporación de bienes a entes descentralizados funcionalmente, éstos podrán conservar su calificación jurídica originaria.

### Intervención

**Artículo 126.** La Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda, podrá decidir la intervención de un instituto público, instituto autónomo, fundación del Estado, empresa del Estado, asociación o sociedad civil del Estado, o algún otro ente

descentralizado, cuando existan razones que lo justifiquen, sin perjuicio de lo establecido en leyes especiales.

### Requisitos del acto de intervención
**Artículo 127.** La intervención a que se refiere el artículo anterior, se decidirá mediante acto que se publicará en la Gaceta Oficial de la República Bolivariana de Venezuela o en el medio de publicación oficial correspondiente. Dicho acto contendrá el lapso de duración de la intervención y los nombres de las personas que formarán parte de la junta interventora.

### Junta interventora
**Artículo 128.** La junta interventora procederá a redactar y ejecutar uno o varios presupuestos sucesivos tendentes a solventar la situación, cumpliendo al efecto lo preceptuado en la legislación presupuestaria. Su actuación se circunscribirá estrictamente a realizar los actos de administración necesarios para mantener la continuidad de las atribuciones o actividades a cargo del ente intervenido, proveyendo al cumplimiento de sus obligaciones y adoptando las medidas conducentes a evitarle cualquier perjuicio.

### Resultados de la junta interventora
**Artículo 129.** La ministra o ministro u órgano de adscripción nacional, estadal, del distrito metropolitano o municipal, examinará los antecedentes que hayan motivado la intervención y, de acuerdo con sus resultados, procederá a remitir a los órganos competentes, los documentos necesarios con el objeto de determinar la responsabilidad penal, civil, administrativa o disciplinaria de los integrantes de los órganos de dirección y administración.

### Cesación de la junta interventora
**Artículo 130.** La gestión de la junta interventora cesará tan pronto haya logrado rehabilitar el patrimonio del intervenido.

El acto respectivo de la Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda, que restituya el régimen normal, dispondrá lo procedente respecto a la integración de los órganos directivos.

### Supresión y liquidación de las empresas y fundaciones del Estado
**Artículo 131.** La Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda, decidirá la supresión y liquidación de las empresas y fundaciones del Estado, y designará a las personas encargadas de ejecutarlas y las reglas que estime necesarias a tales fines.

La personalidad jurídica subsistirá a los exclusivos efectos de su liquidación, hasta el final de ésta.

### Capítulo III
### De las Misiones

### Misiones
**Artículo 132.** La Presidenta o Presidente de la República en Consejo de Ministros, cuando circunstancias especiales lo ameriten, podrá crear misiones destinadas a atender a la satisfacción de las necesidades fundamentales y urgentes de la población, las cuales estarán bajo la rectoría de las políticas aprobadas conforme a la planificación centralizada.

El instrumento jurídico de creación de la respectiva misión determinará el órgano o ente de adscripción o dependencia, formas de financiamiento, funciones y conformación del nivel directivo encargado de dirigir la ejecución de las actividades encomendadas.

### TÍTULO V
### DE LOS COMPROMISOS DE GESTIÓN

### Los compromisos de gestión
**Artículo 133.** Los compromisos de gestión son convenios celebrados entre órganos superiores de dirección y órganos o entes de la Administración Pública entre sí, o celebrados entre aquellos y los Consejos Comunales o las comunidades organizadas y organizaciones públicas no estatales, de ser el caso, mediante los cuales se establecen compromisos para la obtención de determinados resultados en los respectivos ámbitos de competencia, así como las condiciones para su cumplimiento, como contrapartida al monto de los recursos presupuestarios asignados.

### Fundamento de los compromisos de gestión
**Artículo 134.** Los compromisos de gestión servirán de fundamento para la evaluación del desempeño y la aplicación de un sistema de incentivo y sanciones de orden presupuestario, en función del desempeño institucional. La evaluación del desempeño institucional deberá atender a los indicadores de gestión que establezcan previamente los órganos y entes de la Administración Pública Nacional, de común acuerdo con el Vicepresidente Ejecutivo o Vicepresidenta Ejecutiva.

### Aspectos que deben determinar y regular los compromisos de gestión
**Artículo 135.** Los compromisos de gestión determinarán y regularán, en cada caso, por lo menos, los siguientes aspectos:

1. La finalidad del órgano desconcentrado, ente descentralizado funcionalmente, comunidades organizadas u organizaciones públicas no estatales, de ser el caso, con el cual se suscribe.

2. Los objetivos, metas y resultados, con sus respectivos indicadores de desempeño, que se prevé alcanzar durante la vigencia del compromiso nacional de gestión.

3. Los plazos estimados para el logro de los objetivos y metas.

4. Las condiciones organizacionales.

5. Los beneficios y obligaciones de los órganos y entes de la Administración Pública y de las comunidades organizadas y organizaciones públicas no estatales encargados de la ejecución.

6. Las facultades y compromisos del órgano o ente de control.

7. La transferencia de recursos en relación con el cumplimiento de las metas fijadas.

8. Los deberes de información de los órganos o entes de la Administración Pública, o las comunidades organizadas u organizaciones públicas no estatales encargadas de la ejecución.

9. Los criterios e instrumentos de evaluación del desempeño institucional.

10. Los incentivos y restricciones financieras institucionales e individuales de acuerdo al resultado de la evaluación, de conformidad con las pautas que establezca el respectivo reglamento de la presente Ley.

### Los compromisos de gestión sobre condicionamiento de transferencias presupuestarias a entidades descentralizadas funcionalmente

**Artículo 136.** La República, por órgano de los ministerios de adscripción, bajo la coordinación de la Vicepresidencia de la República, podrá condicionar las transferencias presupuestarias a las entidades descentralizadas funcionalmente, cuya situación financiera, de conformidad con la correspondiente evaluación por parte de los órganos de control interno, no permita cumplir de manera eficiente y eficaz su objetivo.

Dichas condiciones serán establecidas en un compromiso de gestión, en el cual se determinarán los objetivos y los programas de acción con el fin de garantizar el restablecimiento de las condiciones organizacionales, funcionales y técnica para el buen desempeño del ente, de conformidad con los objetivos y funciones señalados en la norma de creación y con las políticas de gobierno.

### Modalidades de los compromisos de gestión

**Artículo 137.** Los compromisos de gestión podrán adoptar las siguientes modalidades:

1. Compromisos de gestión sectorial, celebrados entre el Vicepresidente Ejecutivo o Vicepresidenta Ejecutiva y los ministros o ministras del ramo respectivo.

2. Compromisos de gestión territorial, celebrados entre el Vicepresidente Ejecutivo o la Vicepresidenta Ejecutiva y los gobernadores o gobernadoras de estado.

3. Compromisos de gestión de servicios públicos, celebrados entre el Vicepresidente Ejecutivo o la Vicepresidenta Ejecutiva, el ministro o ministra de adscripción y la autoridad máxima del órgano o ente adscrito responsable de prestar el servicio.

4. Compromisos de gestión con comunidades organizadas u organizaciones públicas no estatales, celebrados entre el Vicepresidente Ejecutivo o la Vicepresidenta Ejecutiva, el ministro o ministra del ramo afín al servicio prestado y la o las autoridades del servicio público no estatal, definido en los términos que establece la presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

El reglamento respectivo determinará los contenidos específicos de cada una de las modalidades de compromisos de gestión.

### Formalidades de los compromisos de gestión

**Artículo 138.** Los compromisos de gestión se entenderán perfeccionados con la firma del Vicepresidente Ejecutivo o Vicepresidenta Ejecutiva y la de los ministros o ministras de los despachos con competencia en materia de finanzas públicas y de planificación y desarrollo.

Los compromisos de gestión serán de conocimiento público y entrarán en vigencia a partir de su publicación en la gaceta Oficial de la República Bolivariana de Venezuela, a los fines de permitir el control social sobre la gestión pública.

### TÍTULO VI
### DE LA PARTICIPACIÓN SOCIAL
### EN LA GESTIÓN PÚBLICA

### Promoción de la participación ciudadana

**Artículo 139.** Los órganos y entes de la Administración Pública promoverán la participación ciudadana en la gestión pública.

Las personas podrán, directamente o a través de las comunidades organizadas, presentar propuestas y formular opiniones sobre la gestión de los órganos y entes de la Administración Pública, así como participar en la elaboración de los instrumentos de contenido normativo.

Los órganos y entes públicos llevarán un registro de las comunidades organizadas cuyo objeto se refiera al sector correspondiente.

### Procedimiento para la consulta de regulaciones sectoriales

**Artículo 140.** Cuando los órganos o entes públicos, en su rol de regulación sectorial, propongan la adopción de normas reglamentarias o de otra jerarquía, deberán iniciar el correspondiente proceso de consulta pública y remitir el anteproyecto a las comunidades organizadas. En el oficio de remisión del anteproyecto correspondiente se indicará el lapso durante el cual se recibirán por escrito las observaciones, el cual comenzará a correr a partir del décimo día hábil siguiente a la entrega del anteproyecto correspondiente.

Paralelamente a ello, el órgano o ente público correspondiente difundirá a través de cualquier medio de comunicación el inicio del proceso de consulta indicando su duración. De igual manera lo informará a través de su página en internet, en la cual se expondrá el o los documentos sobre los cuales verse la consulta.

Durante el proceso de consulta cualquier persona puede presentar por escrito sus observaciones y comentarios sobre el correspondiente anteproyecto.

Una vez concluido el lapso de recepción de las observaciones, el órgano o ente público podrá fijar una fecha para que sus funcionarios o funcionarias, especialistas en la materia que sean convocados y las comunidades organizadas intercambien opiniones, hagan preguntas, realicen observaciones y propongan adoptar, desechar o modificar el anteproyecto propuesto o considerar un anteproyecto nuevo.

El resultado del proceso de consulta tendrá carácter participativo no vinculante.

### La nulidad como consecuencia de la aprobación de normas no consultadas y su excepción

**Artículo 141.** El órgano o ente público no podrá aprobar normas para cuya resolución sea competente, ni remitir a otra instancia proyectos normativos que no sean consultados, de conformidad con el artículo anterior. Las normas que sean aprobadas por los órganos o entes públicos o propuestas por éstos a otras instancias serán nulas de nulidad absoluta si no han sido consultadas según el procedimiento previsto en el presente Título.

En caso de emergencia manifiesta, por fuerza de la obligación del Estado en la seguridad y protección de la sociedad o en los casos de legislación excepcional previstos en la Constitución de la República Bolivariana de Venezuela, la Presidenta o Presidente de la República, gobernadora o gobernador, alcaldesa o alcalde, según corresponda, podrá autorizar la aprobación de normas sin la consulta previa. En este caso, las normas aprobadas serán consultadas seguidamente bajo el mismo procedimiento a las comunidades organizadas; el resultado de la consulta deberá ser considerado por la instancia que aprobó la norma y éstas podrán ratificarla, modificarla o eliminarla.

### Obligación de informar a la población

**Artículo 142.** La Administración Pública deberá establecer sistemas que suministren a la población la más amplia, oportuna y veraz información sobre sus actividades, con el fin

de ejercer el control social sobre la gestión pública. Cualquier persona puede solicitar de los órganos y entes de la Administración Pública la información que considere necesaria para el ejercicio del control social sobre la actividad de éstos de conformidad y con las excepciones establecidas en la legislación vigente.

**Obligación de información a las personas**

**Artículo 143.** Todos los órganos y entes de la Administración Pública mantendrán permanentemente actualizado y a disposición de las personas, en las unidades de información correspondientes, el esquema de su organización y la de los órganos dependientes o entes adscritos, así como guías informativas sobre los procedimientos administrativos, servicios y prestaciones aplicables en el ámbito de su competencia.

**TÍTULO VII**
**DE LOS ARCHIVOS Y REGISTROS**
**DE LA ADMINISTRACIÓN PÚBLICA**

**Capítulo I**
**Del Sistema Nacional de Archivo**

**Órgano de archivo**

**Artículo 144.** A los efectos del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica se entiende por órgano de archivo, al ente o unidad administrativa del Estado que tiene bajo su responsabilidad la custodia, organización, conservación, valoración, desincorporación y transferencia de documentos oficiales sea cual fuere su fecha, forma y soporte material, pertenecientes al Estado o aquellos que se derivan de la prestación de un servicio público.

**Objetivo**

**Artículo 145.** El objetivo esencial de los órganos de archivo del Estado es el de conservar y disponer de la documentación de manera organizada, útil, confiable y oportuna, de forma tal que sea recuperable para uso del Estado, en servicio de las personas y como fuente de la historia.

**Finalidad**

**Artículo 146.** En cada órgano o ente de la Administración Pública habrá un órgano de archivo con la finalidad de valorar, seleccionar, desincorporar y transferir a los archivos intermedios o al Archivo General de la Nación, según sea el caso, los documentos, expedientes, gacetas y demás publicaciones que deban ser archivadas conforme al reglamento respectivo.

**Deberes del Estado**

**Artículo 147.** El Estado creará, organizará, preservará y ejercerá el control de sus archivos y propiciará su modernización y equipamiento para que cumplan la función probatoria, supletoria, verificadora, técnica y testimonial.

**Archivo General de la Nación**

**Artículo 148.** El Archivo General de la Nación es el órgano de la Administración Pública Nacional responsable de la creación, orientación y coordinación del Sistema Nacional de Archivos y tendrá bajo su responsabilidad velar por la homogeneización y normalización de los procesos de archivos, promover el desarrollo de los centros de información, la salvaguarda del patrimonio documental y la supervisión de la gestión archivística en todo el territorio nacional.

**Sistema Nacional de Archivos**

**Artículo 149.** Integran el Sistema Nacional de Archivos: el Archivo General de la Nación y los órganos de archivo de los órganos y entes del Estado.

Los órganos o entes integrantes del Sistema Nacional de Archivos, de acuerdo con sus funciones, llevarán a cabo los procesos de planeación, programación y desarrollo de acciones de asistencia técnica, ejecución, control y seguimiento, correspondiéndole al Archivo General de la Nación coordinar la elaboración y ejecución del Plan Nacional de Desarrollo Archivístico.

**Plan Nacional de Desarrollo Archivístico**

**Artículo 150.** El Plan Nacional de Desarrollo Archivístico se incorporará a los planes de la Nación y se podrá elaborar con la participación y cooperación de las universidades con carreras en el campo de la archivología.

**Naturaleza de la documentación administrativa**

**Artículo 151.** La documentación administrativa e histórica de la Administración Pública es producto y propiedad del Estado, éste ejercerá el pleno control sobre los fondos documentales existentes en los archivos, no siendo susceptibles de enajenación. Los órganos y entes de la Administración Pública podrán contratar servicios de custodia, organización, reprografía, digitalización y conservación de documentos de archivos; igualmente podrá contratar la administración de archivos y fondos documentales históricos con universidades nacionales e instituciones de reconocida solvencia académica e idoneidad.

**Incorporación de nuevas tecnologías**

**Artículo 152.** Los órganos y entes de la Administración Pública podrán incorporar tecnologías y emplear cualquier medio electrónico, informático, óptico o telemático para el cumplimiento de sus fines. Los documentos reproducidos por los citados medios gozarán de la misma validez y eficacia del documento original, siempre que se cumplan los requisitos exigidos por la ley y se garantice la autenticidad, integridad e inalterabilidad de la información.

**Prohibición de destrucción de documentos de valor histórico**

**Artículo 153.** Los documentos que posean valor histórico no podrán ser destruidos, aun cuando hayan sido reproducidos o almacenados mediante cualquier medio. La violación de esta prohibición acarreará las sanciones que establezca la ley.

**Transferencia de archivos**

**Artículo 154.** Los órganos y entes de la Administración Pública que se supriman o fusionen entregarán sus archivos y fondos documentales a los órganos o entes que asuman sus funciones o, en su caso, al Archivo General de la Nación. Los órganos o entes de la Administración Pública que sean objeto de privatización transferirán copia de sus documentos históricos al Archivo General de la Nación.

**Remisión reglamentaria**

**Artículo 155.** Las características específicas de los archivos de gestión, la obligatoriedad de la elaboración y adopción de tablas de retención documental en razón de las distintas cronologías documentales y el tratamiento que recibirán los documentos de los registros públicos, notarías y archivos especiales de la Administración Pública, se determinarán mediante Reglamento. Asimismo, se reglamentará lo concerniente a los documentos producidos por los consejos

comunales, comunidades organizadas o entidades privadas que presten servicios públicos.

**Visitas e Inspecciones**

**Artículo 156** El Archivo General de la Nación podrá, de oficio o a solicitud de parte, realizar visitas de inspección a los archivos de los órganos y entes del Estado, así como a los prestadores de servicios públicos, con el fin de verificar el cumplimiento de lo dispuesto en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica y el respectivo Reglamento.

**Control y vigilancia de documentos de interés histórico**

**Artículo 157.** El Estado, a través del Archivo General de la Nación, ejercerá control y vigilancia sobre los documentos declarados de interés histórico cuyos propietarios, tenedores o poseedores sean personas naturales o jurídicas de carácter privado.

Cuando el ministerio de adscripción considere que se trata de documentos históricos sobre los que no exista constancia de que han sido ofrecidos en venta a la Nación y de que ha quedado copia en el Archivo General de la Nación, podrá ejecutar medidas tendentes a impedir su salida del país, aún cuando fuere de propiedad particular.

Toda persona que descubra documentos históricos, una vez acreditado el derecho que a ellos tiene la República, recibirá el resarcimiento correspondiente de conformidad con el reglamento respectivo.

Serán nulas las enajenaciones o negociaciones que contravengan lo dispuesto en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, y los que las efectúen o conserven en su poder sin causa legítima, serán sancionados de conformidad con la ley.

**Declaratoria de interés público**

**Artículo 158.** Son de interés público los documentos y archivos del Estado. Sin perjuicio del derecho de propiedad y siguiendo el procedimiento que se establezca al efecto por el reglamento respectivo, podrán declararse de interés público documentos privados y, en tal caso, formarán parte del patrimonio documental de la Nación. Las personas poseedoras o tenedoras de documentos declarados de interés público, no podrán trasladarlos fuera del territorio nacional sin previa autorización del Archivo General de la Nación, ni transferir su propiedad, posesión o tenencia a título oneroso o gratuito, sin previa información escrita al mismo. El Ejecutivo Nacional, por medio de Reglamento respectivo, establecerá las medidas de estímulo al desarrollo de los archivos privados declarados de interés público.

El Estado venezolano tiene derecho de preferencia para la adquisición, de dichos documentos y su ejercicio se establecerá en un término de dos (02) años, el incumplimiento de esta norma acarreara la nulidad de la venta o disposiciones de documento.

**Capítulo II**
**Del Derecho de Acceso a Archivos y Registros de la Administración Pública**

**Derecho de acceso**

**Artículo 159.** Toda persona tiene el derecho de acceder a los archivos y registros administrativos, cualquiera que sea la forma de expresión o el tipo de soporte material en que figuren, salvo las excepciones establecidas en la Constitución de

la República Bolivariana de Venezuela y en la ley que regule la materia de clasificación de documentos de contenido confidencial o secreto.

**Ejercicio del derecho de acceso**

**Artículo 160.** El derecho de acceso a los archivos y registros de la Administración Pública será ejercido por las personas de forma que no se vea afectada la eficacia del funcionamiento de los servicios públicos, debiéndose a tal fin, formular petición individualizada de los documentos que se desee consultar, sin que quepa, salvo para su consideración con carácter potestativo, formular solicitud genérica sobre una materia o conjunto de materias. No obstante, cuando los solicitantes sean investigadores que acrediten un interés histórico, científico o cultural relevante, se podrá autorizar el acceso directo de aquellos a la consulta de los expedientes.

**Contenido del derecho de acceso**

**Artículo 161.** El derecho de acceso a los archivos y registros conllevará el de obtener copias simples o certificadas de los mismos, previo pago o cumplimiento de las formalidades que se hallen legalmente establecidas.

**Publicaciones**

**Artículo 162.** Será objeto de periódica publicación la relación de los documentos que estén en poder de la Administración Pública sujetos a un régimen de especial publicidad.

Serán objeto de publicación regular las instrucciones y respuestas a consultas planteadas por las personas u otros órganos administrativos que comporten una interpretación del derecho positivo o de los procedimientos vigentes, a efectos de que puedan ser alegadas por las personas en su relación con la Administración Pública.

**Registros de documentos presentados por las personas**

**Artículo 163.** Los órganos o entes administrativos llevarán un registro general en el que se hará el correspondiente asiento de todo escrito o comunicación que sea presentado o que se reciba en cualquier unidad administrativa propia. También se anotará la salida de los escritos y comunicaciones oficiales dirigidas a otros órganos o personas.

El archivo de los escritos y comunicaciones deberá efectuarse de manera tal que se mantengan todos los documentos relacionados con determinado asunto en un mismo expediente, pudiendo auxiliarse de medios electrónicos.

**Creación de registros**

**Artículo 164.** Los órganos o entes podrán crear en las unidades administrativas correspondientes de su propia organización, otros registros con el fin de facilitar la presentación de escritos y comunicaciones. Estos serán auxiliares del registro general, al que comunicarán toda anotación que efectúen.

Los asientos se anotarán respetando el orden temporal de recepción o salida de los escritos y comunicaciones, e indicarán la fecha de la recepción o salida.

Concluido el trámite de registro, los escritos y comunicaciones serán cursados sin dilación a sus destinatarios y a las unidades administrativas correspondientes desde el registro en que hubiesen sido recibidas.

**Soporte informático**

**Artículo 165.** Los registros que la Administración Pública establezca para la recepción de escritos y comunicaciones de

los particulares o de órganos o entes, deberán instalarse en un soporte informático.

El sistema garantizará la constancia en cada asiento que se practique, de un número, epígrafe expresivo de su naturaleza, fecha de entrada, fecha y hora de su presentación, identificación del interesado, órgano administrativo remitente, si procede, y persona u órgano o ente administrativo al que se envía y, en su caso, referencia al contenido del escrito o comunicación que se registra.

Asimismo, el sistema garantizará la integración informática en el registro general de las anotaciones efectuadas en los restantes registros del órgano o ente.

**Lugar de presentación de documentos**
**Artículo 166.** Las solicitudes, escritos y comunicaciones que las personas dirijan a los órganos y entes de la Administración Pública podrán presentarse:

1. En la unidad correspondiente de los órganos y entes administrativos a que se dirijan.

2. En las oficinas de correo en la forma que reglamentariamente se establezca.

3. En las representaciones diplomáticas o delegaciones consulares de República Bolivariana de Venezuela.

4. En cualquier otro que establezca la ley.

A los fines previstos en este artículo podrán hacerse efectivos, por medio alguno, por giro postal o telegráfico, o mediante transferencia dirigida a la oficina pública correspondiente, cualquier tributo que haya que satisfacer en el momento de la presentación de solicitudes y escritos a la Administración Pública.

**Información sobre horario**
**Artículo 167.** Cada órgano o ente de la Administración Pública establecerá los días y el horario en que deban permanecer abiertas sus oficinas, garantizando el derecho de las personas a la presentación de documentos previstos en el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

La Administración Pública deberá hacer pública y mantener actualizada una relación de sus oficinas, sus sistemas de acceso y comunicación, así como los horarios de funcionamiento.

**Remisión reglamentaria**
**Artículo 168.** El Reglamento respectivo determinará las funcionarias o funcionarios que tendrán acceso directo a los documentos, archivos y registros administrativos de la Administración Pública.

Para la consulta por otras funcionarias o funcionarios o personas de los documentos, archivos y registros administrativos que hayan sido expresamente declarados como confidenciales o secretos, deberá requerirse autorización del órgano superior respectivo, de conformidad con la ley que regule la materia de clasificación de contenido confidencial o secreto.

**Limitaciones de exhibición o inspección judicial**
**Artículo 169.** La autoridad judicial podrá acordar la copia, exhibición o inspección de determinado documento, expediente, libro o registro administrativo y se ejecutará la providencia, a menos que la autoridad competente hubiese resuelto con

anterioridad otorgarle al documento, libro, expediente o registro la clasificación como secreto o confidencial por afectar

la estabilidad del Estado y de las instituciones democráticas, el orden constitucional o en general el interés nacional, de conformidad con la Constitución de la República Bolivariana de Venezuela y las leyes que regulen la materia de clasificación de contenido confidencial o secreto.

**Prohibición**
**Artículo 170.** Se prohíbe a las funcionarias y funcionarios públicos conservar para sí documentos de los archivos de la Administración Pública y publicar copia de ellos por cualquier medio sin autorización del órgano superior respectivo.

**Expedición de copias certificadas**
**Artículo 171.** Todo aquel que presentare petición o solicitud ante la Administración Pública tendrá derecho a que se le expida copia certificada del expediente o de sus documentos, de conformidad con la Constitución de la República Bolivariana de Venezuela y la ley respectiva.

**Prohibición de expedición de copias certificadas de documentos y expedientes secretos o confidenciales**
**Artículo 172.** Las copias certificadas que solicitaren los interesados y las autoridades competentes se expedirán por la funcionaria o funcionario correspondiente, salvo que los documentos y expedientes hubiesen sido previa y formalmente declarados secretos o confidenciales de conformidad con las leyes que regulen la materia.

**Prohibición de expedición de certificaciones de mera relación**
**Artículo 173.** Se prohíbe la expedición de certificaciones de mera relación, entendidas como aquellas que sólo tengan por objeto hacer constar el testimonio u opinión del funcionario declarante sobre algún hecho o dato de su conocimiento de los contenidos en el expediente archivados o en curso.

**Procedimiento especial para la expedición de copias certificadas**
**Artículo 174.** Para expedir copias certificadas por procedimientos que requieran del conocimiento y de la intervención de técnicos, el órgano superior respectivo nombrará un experto para ejecutar la copia, quién deberá prestar juramento de cumplir fielmente su cometido, antes de realizar el trabajo.

Los honorarios del experto, de ser necesario, se fijarán previamente en acto, verificado ante el funcionario o funcionaria correspondiente y serán por cuenta del solicitante, quien deberá consignarlos de conformidad con el Reglamento respectivo.

Los gastos y derechos que ocasione la expedición de copias certificadas, conforme a lo establecido en los artículos anteriores, serán por cuenta de los interesados.

**DISPOSICIÓN DEROGATORIA**

**Única.** Se deroga el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 5.890 Extraordinario, de fecha 31 de julio de dos mil ocho, así como todas las disposiciones legales y reglamentarias que colidan con el presente Decreto con Rango, Valor y Fuerza de Ley Orgánica.

Case 1:18-cv-20818-DPG   Document 583-39   Entered on FLSD Docket 08/16/2018   Page 30 of 32

## DISPOSICIÓN TRANSITORIA

**Única.** En el lapso de un año contado a partir de la publicación del presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, la Administración Pública debe dictar los instrumentos correspondientes a los fines de adaptar la estructura, organización y funcionamiento de sus órganos y entes, a las previsiones en él contenidas.

## DISPOSICIÓN FINAL

**Única.** El presente Decreto con Rango, Valor y Fuerza de Ley Orgánica, entrará en vigencia a partir de su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela.

Dado en Caracas, a los diecisiete días del mes de noviembre de dos mil catorce. Años 204° de la Independencia, 155° de la Federación y 15° de la Revolución Bolivariana.

Cúmplase,
(L.S.)

NICOLÁS MADURO MOROS

Refrendado
El Vicepresidente Ejecutivo
de la República
(L.S.)

JORGE ALBERTO ARREAZA MONTSERRAT

Refrendado
El Ministro del Poder Popular del
Despacho de la Presidencia y Seguimiento
de la Gestión de Gobierno
(L.S.)

CARLOS ALBERTO OSORIO ZAMBRANO

Refrendado
La Ministra del Poder Popular
para Relaciones Interiores,
Justicia y Paz
(L.S.)

CARMEN TERESA MELÉNDEZ RIVAS

Refrendado
El Ministro del Poder
Popular para Relaciones Exteriores
(L.S.)

RAFAEL DARÍO RAMÍREZ CARREÑO

Refrendado
El Ministro del Poder Popular
de Planificación
(L.S.)

RICARDO JOSÉ MENÉNDEZ PRIETO

Refrendado
El Ministro del Poder Popular
para Economía, Finanzas y Banca Pública
(L.S.)

RODOLFO CLEMENTE MARCO TORRES

Refrendado
El Ministro del Poder Popular
para la Defensa
(L.S.)

VLADIMIR PADRINO LÓPEZ

Refrendado
La Ministra del Poder Popular para
el Comercio
(L.S.)

ISABEL CRISTINA DELGADO ARRIA

Refrendado
El Encargado del Ministerio del
Poder Popular para Industrias
(L.S.)

JOSÉ DAVID CABELLO RONDÓN

Refrendado
El Ministro del Poder Popular para
el Turismo
(L.S.)

ANDRÉS GUILLERMO IZARRA GARCÍA

Refrendado
El Ministro del Poder Popular
para la Agricultura y Tierras
(L.S.)

JOSÉ LUÍS BERROTERÁN NUÑEZ

Refrendado
El Ministro del Poder Popular para
Educación Universitaria, Ciencia y Tecnología
(L.S.)

MANUEL ÁNGEL FERNÁNDEZ MELÉNDEZ

Refrendado
El Ministro del Poder Popular para
la Educación
(L.S.)

HÉCTOR VICENTE RODRÍGUEZ CASTRO

Refrendado
La Ministra del Poder Popular para
la Salud
(L.S.)

NANCY EVARISTA PÉREZ SIERRA

Refrendado
El Ministro del Poder Popular para
el Proceso Social de Trabajo
(L.S.)

JESÚS RAFAEL MARTÍNEZ BARRIOS

Refrendado
El Ministro del Poder Popular para
Transporte Terrestre y Obras Públicas
(L.S.)

HAIMAN EL TROUDI DOUWARA

Refrendado
El Ministro del Poder Popular para
Transporte Acuático y Aéreo
(L.S.)

GIUSEPPE ANGELO CARMELO YOFFREDA YORIO

Refrendado
El Ministro del Poder Popular
para Ecosocialismo, Hábitat y Vivienda.
(L.S.)

RICARDO ANTONIO MOLINA PEÑALOZA

Refrendado
El Ministro del Poder Popular
de Petróleo y Minería
(L.S.)

ASDRÚBAL JOSÉ CHÁVEZ JIMÉNEZ

Refrendado
La Ministra del Poder Popular para
la Comunicación y la Información
(L.S.)

JACQUELINE COROMOTO FARIA PINEDA

Refrendado
El Ministro del Poder Popular para
las Comunas y los Movimientos Sociales
(L.S.)

ELÍAS JOSÉ JAUA MILANO

Refrendado
El Ministro del Poder Popular para
la Alimentación
(L.S.)

YVÁN JOSÉ BELLO ROJAS

Refrendado
El Ministro del Poder Popular para
la Cultura
(L.S.)

REINALDO ANTONIO ITURRIZA LÓPEZ

Refrendado
El Ministro del Poder Popular para
la Juventud y el Deporte
(L.S.)

ANTONIO ENRIQUE ÁLVAREZ CISNEROS

Refrendado
La Ministra del Poder Popular para
los Pueblos Indígenas
(L.S.)

ALOHA JOSELYN NÚÑEZ GUTIÉRREZ

Refrendado
La Ministra del Poder Popular
para la Mujer y la Igualdad de Género
(L.S.)

ANDREÍNA TARAZÓN BOLÍVAR

Refrendado
El Ministro del Poder Popular
para la Energía Eléctrica
(L.S.)

JESSE ALONSO CHACÓN ESCAMILLO

Refrendado
La Ministra del Poder Popular
para el Servicio Penitenciario
(L.S.)

MARÍA IRIS VARELA RANGEL



**Ahora usted puede certificar la Gaceta Oficial de la República Bolivariana de Venezuela en nuestra página web**



www.imprentanacional.gob.ve



Síguenos en Twitter
@oficialgaceta
@oficialimprenta

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA
## DE VENEZUELA
DEPÓSITO LEGAL: ppo 187207DF1

AÑO CXLII — MES II    N° 6.147 Extraordinario
Caracas, lunes 17 de noviembre de 2014

*Esquina Urapal, edificio Dimase, La Candelaria*
*Caracas – Venezuela*
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003
en la Gaceta Oficial N° 37.818
http://www.minci.gob.ve

**Esta Gaceta contiene 32 Págs. costo equivalente**
**a 11,65 % valor Unidad Tributaria**

## LEY DE PUBLICACIONES OFICIALES
(22 DE JULIO DE 1941)

*Artículo 11.* La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA.

*Artículo 12.* La GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario; y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.

*Parágrafo único:* Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial

*Artículo 13.* En la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicarán los actos de los Poderes Públicos que deberán insertarse y aquellos cuya inclusión sea considerada conveniente por el Ejecutivo Nacional.

*Artículo 14.* Las leyes, decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.

**EL SERVICIO AUTÓNOMO IMPRENTA NACIONAL Y GACETA OFICIAL de la República Bolivariana de Venezuela advierte que esta publicación se procesa por reproducción fotomecánica directa de los originales que recibe del Consejo de Ministros, en consecuencia esta Institución no es responsable de los contenidos publicados.**