Fecha de Emisión: 09/03/2017

Número de Trámite: 220.2017.1.8427

206° y 156°

La PUB desde su emisión tiene una vigencia de treinta(30) días continuos para
ser cancelada; una vez efectuada la cancelación respectiva, tiene una vigencia
de sesenta (60) días no prorrogables para presentar el documento. Agotados
dichos lapsos la PUB es nula y deberá emitirse una nueva PUB para realizar el
trámite, debiendo cancelarse nuevamente el monto correspondiente.

MINISTERIO DEL PODER POPULAR PARA RELACIONES INTERIORES Y JUSTICIA.
REPÚBLICA BOLIVARIANA DE VENEZUELA.
SERVICIO AUTÓNOMO DE REGISTROS Y NOTARÍAS.

SAREN

## PLANILLA ÚNICA BANCARIA

**Número Planilla:** 22048621452

Tipo de Acto: MODIFICACIÓN AL DOCUMENTO DE
EMPRESA MERCANTIL ()

73023.
09-03-2017

**Número Control:** 121-7013-4776 ($)

| Nombre y Apellido del Solicitante | Forma de Pago | Nro. Cheque/Aprobación | Monto (BsF) |
|---|---|---|---|
| JOSE RAFAEL URBAEZ FERMIN | | | |
| CI/RIF/Pasaporte del Solicitante | Monto Efectivo | | |
| V-15 423 687 | | | |
| Nombre y Apellido del Depositante | Cheque Gerencial/ del mismo Banco | | |
| CI/RIF/Pasaporte del Depositante | Punto de Venta | | |
| Nombre del Depositante | Pago por Internet | | |

MONTO EN LETRAS: CERO BOLIVARES  CON CERO CÉNTIMOS

| MONTO TOTAL | 0,00 |
|---|---|

## SOLO PARA USO DEL SAREN

| FUNCIONARIO EMISOR | FUNCIONARIO RECEPTOR | FUNCIONARIO REVISOR | REGISTRADOR/NOTARIO |
|---|---|---|---|
| Nombre y Apellidos | | | |
| Rafael Carmona | Rafael Carmona | | Dra. Jenny Manrique L. |
| C.I. 18.158.000 | C.I. 18.158.000 | | V-6.847.791 |
| Reg. Cen. ADM. | Reg. Cen. ADM. | | Registradora Auxiliar (E) |
| 09-3-E | 09-3-E | ADG. EVELISSE Vasquez B | |
| | | C.I.N° V-0.383.823 | |
| Sello de la Oficina | | | Sello y Firma del Banco |

### Bancos Recaudadores

0003 - Banco Industrial de Venezuela
0175 - Banco Bicentenario
0102 - Banco de Venezuela
0108 - Banco Provincial
0163 - Banco del Tesoro

N° 59
T-30-A
9-3-2017

---

**PLAINTIFF'S EXHIBIT**
**59**



**PLAINTIFF'S EXHIBIT**
**5**
7-18-18



*José Rafael Urbáez*
*Inpreabogado N° 221.080*

Ciudadana
**Registradora Mercantil Primero de la Circunscripción Judicial del
Distrito Capital y Estado Miranda**
Su Despacho.-

**7 3 0 2 3**

Yo, José Rafael Urbáez, venezolano, mayor de edad, de este domicilio y titular de la cédula de identidad N° V- 15.423.687, debidamente autorizado para este acto, ocurro muy respetuosamente ante Usted, para presentar el Acta de Asamblea Extraordinaria de Accionistas de Petróleos de Venezuela, S.A. de fecha 30 de enero de 2017, relativa a la Modificación del Acta Constitutiva Estatutaria de la Empresa Estatal Petróleos de Venezuela, S.A. (PDVSA).

Participación que hago ante Usted, a los fines de su inscripción, registro y fijación, con el ruego de expedirme cinco (5) copias certificadas de la presente participación del documento que se acompaña y del auto respectivo, a los fines de su publicación conforme a la Ley.

En Caracas, a la fecha de su presentación.





15.423687



**REPÚBLICA BOLIVARIANA DE VENEZUELA**
*** MINISTERIO DEL PODER POPULAR PARA RELACIONES INTERIORES Y JUSTICIA ***

SERVICIO AUTÓNOMO DE REGISTROS Y
NOTARÍAS.
REGISTRO MERCANTIL PRIMERO DEL
DISTRITO CAPITAL

RM No. 220
206° y 158°

Municipio Libertador, 9 de Marzo del Año 2017

Por presentada la anterior participación por su FIRMANTE, para su inscripción en el Registro Mercantil, fijación y publicación. Hágase de conformidad y agréguese el original al expediente de la Empresa Mercantil junto con los recaudos acompañados. Expídase la copia de publicación. El anterior documento redactado por el Abogado JOSE RAFAEL URBAEZ FERMIN IPSA N.: 221080, se inscribe en el Registro de Comercio bajo el Número: 59, TOMO -30-A REGISTRO MERCANTIL PRIMERO DEL DISTRITO CAPITAL Y ESTADO BOLIVARIANO DE MIRANDA. Derechos pagados BS. 0,00 Según Planilla RM No. . Banco No. Por BS: 0,00. La identificación se efectuó así: JOSE RAFAEL URBAEZ FERMIN, C.I: V-15.423.687.

Abogado Revisor: EVELISSE MARIA ALVAREZ BERBESI



Registrador Mercantil Primero Auxiliar (E)
Abogado JENNY LOURDES MANRIQUE IZQUIERDO

ESTA PÁGINA PERTENECE A:
PETROLEOS DE VENEZUELA, S.A
Número de expediente: 73023
MOD



SAREN

*José Rafael Urbáez*
*Inpreabogado N° 221.080*

73023

Quien suscribe, **HUMBERTO PERNICIARO**, venezolano, mayor de edad, domiciliado en Caracas, titular de la cédula de identidad N° 13.067.310, actuando en este acto en mi carácter de Secretario de la Junta Directiva y Asamblea de Accionista de **PETRÓLEOS DE VENEZUELA, S.A.**, RIF N° J-00095036-9, sociedad mercantil de este domicilio, originariamente constituida mediante Decreto N° 1.123 de fecha 30 de agosto de 1975, publicado en Gaceta Oficial N° 1.770 de la misma fecha, e inscrita ante la oficina de Registro Mercantil Primero de la Circunscripción Judicial del Distrito Capital y estado Miranda en fecha 20 de julio de 2011, bajo el N° 15, Tomo 151-A, por el presente documento certifico: Que el Acta que a continuación se transcribe es copia fiel y exacta de la Asamblea Extraordinaria de Accionistas de **PETRÓLEOS DE VENEZUELA, S.A.**, efectuada en fecha 30 de enero de 2017, cuyo original cursa inserto en el Libro de Actas de Asambleas de la Sociedad y es del tenor siguiente:

### PETROLEOS DE VENEZUELA, S.A.
### ASAMBLEA EXTRAORDINARIA DE ACCIONISTAS

En Caracas, a los treinta (30) días de enero de dos mil diecisiete (2017) a las 10:00 a.m., se reunieron en la sede principal de Petróleos de Venezuela, S.A. (PDVSA), ubicada en la Avenida Libertador, Edificio Petróleos de Venezuela, Torre Este, Urbanización La Campiña, Caracas, para la celebración de una Asamblea Extraordinaria de Accionistas de **PETRÓLEOS DE VENEZUELA S.A.**, **(PDVSA)**, sociedad mercantil domiciliada en Caracas, originalmente constituida mediante Decreto N° 1.123, de fecha 30 de agosto de 1975, publicado en la Gaceta Oficial N° 1.770 de la misma fecha, e inscrita ante la oficina de Registro Mercantil Primero de la Circunscripción Judicial del Distrito Federal y estado



Miranda, (hoy Distrito Capital y Estado Miranda) en fecha 15 de septiembre de 1975, bajo el N° 23, Tomo 99-A y, cuya última modificación estatutaria consta de documento inscrito en el Registro Mercantil Primero de la Circunscripción Judicial del Distrito Capital y estado Miranda, en fecha 20 de julio de 2011, bajo el N° 15, Tomo 151-A. Asistió a esta reunión el ciudadano **NELSON PABLO MARTÍNEZ**, venezolano, mayor de edad, titular de la cédula de identidad N° **V-3.817.768**; en su carácter de Ministro del Poder Popular de Petróleo, según se evidencia del Decreto Presidencial N° 2.652, publicado en Gaceta Oficial de la República Bolivariana de Venezuela N° 41.067, de fecha 04 de enero de 2017, quien ejerció la representación de la República Bolivariana de Venezuela, única accionista de esta sociedad y presidió la Asamblea de conformidad con lo dispuesto en la Cláusula Undécima del Acta Constitutiva – Estatutos; **EULOGIO ANTONIO DEL PINO DÍAZ**, venezolano, mayor de edad, titular de la cédula de identidad N° **V-11.041.914**, Presidente de Petróleos de Venezuela, S.A., designado mediante el Decreto Presidencial N° 1214, de fecha 02 de septiembre de 2014 y publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 40.488 de la misma fecha, ratificado mediante Decreto N° 2.703, publicado en la Gaceta Oficial Extraordinaria de la República Bolivariana de Venezuela N° 6.284, de fecha 29 de enero de 2017 y, el ciudadano **HUMBERTO JOSÉ PERNICIARO DÍAZ**, venezolano, mayor de edad, titular de la cédula de identidad N° **V- 13.067.310**, abogado inscrito en el Instituto de Previsión Social del Abogado bajo el N° 98.465, en su carácter de Secretario de la Asamblea de Accionistas. Se declaró válidamente constituida la Asamblea, sin convocatoria previa por encontrarse representada la totalidad de las acciones y se dio inicio a la misma con el objeto de considerar como Orden del Día **Punto Primero:** Modificación de la Cláusula Décima Séptima del Acta Constitutiva - Estatutos de Petróleos de Venezuela S.A., (PDVSA); **Punto Segundo:** Actualizar



la denominación del Órgano de Adscripción de Ministerio del Poder Popular para la Energía y Petróleo a Ministerio del Poder Popular de Petróleo. Leído como fue el **Punto Primero** del Orden del Día, tomó la palabra el Ministro del Poder Popular de Petróleo, Nelson Pablo Martínez; quien manifestó que se había solicitado la celebración de esta Asamblea e hizo mención al Decreto Presidencial N° 2.703 publicado en la Gaceta Oficial Extraordinaria de la República Bolivariana de Venezuela N° 6.284, de fecha 29 de enero de 2017 y de acuerdo a la Cláusula Vigésima Tercera, Numeral 9; con el fin de modificar la Cláusula Décima Séptima del Acta Constitutiva - Estatutos de Petróleos de Venezuela S.A., (PDVSA); la cual cita **"Cláusula Décima Séptima:** La Junta Directiva estará integrada por lo menos de siete (7) miembros ni más de once (11), designados mediante Decreto por el Presidente de la República. A excepción de los directores laborales que serán electos por votación directa y secreta por mayoría calificada de los trabajadores de la Empresa. El Presidente de la República podrá designar suplentes llamados a llenar las faltas temporales de cualquiera de los miembros de la Junta Directiva" por lo que se requiere ajustar la prenombrada Cláusula. En consecuencia, quedará redactada en los siguientes términos: **"Cláusula Décima Séptima:** La Junta Directiva estará integrada por lo menos de siete (7) miembros ni más de quince (15), designados mediante Decreto por el Presidente de la República. A excepción de los directores laborales que serán electos por votación directa y secreta por mayoría calificada de los trabajadores de la Empresa. El Presidente de la República podrá designar suplentes llamados a llenar las faltas temporales de cualquiera de los miembros de la Junta Directiva" Leído como fue el **Punto Segundo** del Orden del Día, el Presidente de la Asamblea expuso la necesidad de Modificar la denominación a Ministerio del Poder Popular de Petróleo. De igual forma se ordena la impresión del texto íntegro de la **ACTA CONSTITUVA – ESTATUTOS DE PETRÓLEOS DE VENEZUELA**

**S.A.,** con la modificación aquí acordada y en el correspondiente texto único, quedando redactado el Decreto en los términos siguientes:

### HUGO CHAVEZ FRIAS
### Presidente de la República

Con el supremo compromiso y voluntad de lograr la mayor eficacia política y calidad revolucionaria en la construcción del socialismo, por mandato del pueblo y en uso de las atribuciones que le confieren los artículos 226 de la Constitución de la República Bolivariana de Venezuela, en concordancia con lo previsto en los artículos 103 de la Ley Orgánica de la Administración Pública y 29 de la Ley Orgánica de Hidrocarburos, en Consejo de Ministros,

### DECRETA

**Artículo 1°.** Se crea una empresa estatal, bajo la forma de Sociedad Anónima, que cumplirá y ejecutará la política que dicte en materia de hidrocarburos el Ejecutivo Nacional, por órgano del Ministerio del Poder Popular para la Energía y Petróleo en las actividades que le sean encomendadas.

**Artículo 2°.** Las normas contenidas en el presente Decreto representan el Acta Constitutiva de la Empresa a que alude el artículo anterior y han sido redactadas con suficiente amplitud para que sirvan a la vez de estatutos de la empresa. Tales normas son:

### TITULO I
### Disposiciones Generales

**Cláusula Primera:** La sociedad se denominará Petróleos de Venezuela, girará bajo la forma de una sociedad anónima, tendrá como domicilio la ciudad de Caracas, Av. Libertador, Edif. Petróleos de Venezuela, Torre Este, La Campiña y, el término de su duración será de cincuenta (50) años contados a partir de la fecha de inscripción del presente documento en el Registro Mercantil.

La sociedad podrá establecer sucursales u oficinas en otros lugares de la república o del exterior.

**Cláusula Segunda:** La sociedad tendrá por objeto planificar, coordinar y supervisar la acción de las sociedades de su propiedad así como controlar que estas últimas en sus actividades de exploración, explotación, transporte, manufactura, refinación, almacenamiento, comercialización o cualquiera otra de su competencia en materia de petróleo y demás hidrocarburos, ejecuten: sus operaciones de manera regular y eficiente; adquirir, vender, enajenar y traspasar por cuenta propia o de terceros, bienes muebles e inmuebles; emitir obligaciones; promover como accionistas o no, otras sociedades que tengan por objeto realizar actividades en materia de recursos energéticos fósiles, así como promover o participar en otras sociedades cuyas actividades estén dirigidas a fomentar el desarrollo integral, orgánico y sostenido del país, Incluidas las de carácter agrícola, industrial, de elaboración o transformación de bienes y su comercialización o la prestación de servicios, de manera de lograr una apropiada vinculación de los recursos de hidrocarburos con la economía nacional, todo ello en función del bienestar del pueblo en armonía con la Constitución y la Ley; fusionar, reestructurar o liquidar empresas de su propiedad; otorgar créditos, financiamientos, fianzas, avales o garantías de cualquier tipo y, en general, realizar todas aquellas operaciones, contratos y actos comerciales que sean necesarios o convenientes para el cumplimiento del mencionado objeto.

El cumplimiento del objeto social deberá llevarse a cabo por la sociedad bajo los lineamientos y las políticas que el Ejecutivo Nacional a través del Ministerio del Poder Popular de Petróleo establezca o acuerde en conformidad con las facultades que le confiere las leyes.

Las actividades que realice la empresa a tal fin estarán sujetas a las normas de control que establezca dicho Ministerio en ejercicio de las competencias que le

confiere los artículos 8° de la Ley Orgánica de Hidrocarburos, 6° del Decreto con Rango y Fuerza de Ley Orgánica de Hidrocarburos Gaseosos.

**Cláusula Tercera:** La sociedad se regirá por la Ley Orgánica de Hidrocarburos, el Decreto con Rango y Fuerza de Ley Orgánica de Hidrocarburos Gaseosos, por los reglamentos de ella, por estos Estatutos, por las disposiciones que dicte el Ejecutivo Nacional por órgano del Ministerio del Poder Popular de Petróleo y por las normas del derecho común que le fueren aplicables.

## TÍTULO II
### Del Capital y de las Acciones

**Cláusula Cuarta:** El capital de la sociedad de UN MILLARDO DOSCIENTOS OCHENTA MILLONES CIEN MIL BOLÍVARES (Bs. 1.280.100.000,00) Dicho capital ha sido totalmente suscrito y pagado por la República de Venezuela.

**Cláusula Quinta:** El indicado capital está representado por CINCUENTA Y UN MIL DOSCIENTOS CUATRO (51.204) acciones nominativas no convertibles al portador, con un valor de VEINTICINCO MIL BOLÍVARES (25.000,00) cada una.

**Cláusula Sexta:** De acuerdo con la Ley, las acciones de la sociedad no podrán ser enajenadas ni gravadas en forma alguna.

## TÍTULO III
### De las Asambleas

**Cláusula Séptima:** La suprema dirección y administración de la sociedad radica en la Asamblea.

**Cláusula Octava:** La Asamblea podrá ser Ordinaria o Extraordinaria.

**Cláusula Novena:** La Asamblea Ordinaria se reunirá por convocatoria de la Junta Directiva, hecha mediante comunicación escrita con quince (15) días de anticipación, por lo menos.

La Asamblea Extraordinaria se reunirá por iniciativa del Ejecutivo Nacional mediante oficio dirigido por el Ministerio del Poder Popular de Petróleo a la Junta

Directiva, o por convocatoria escrita de ésta dirigida al Ejecutivo Nacional por órgano del Ministerio del Poder Popular de Petróleo.

Podrá prescindirse de la convocatoria a que se refiere la presente cláusula, cuando estén representadas la totalidad de las acciones que integran el capital de la sociedad en la Asamblea.

**Cláusula Décima:** La Asamblea regularmente constituida representa la universalidad de las acciones y sus decisiones, dentro de los límites de sus facultades, son obligatorias para la sociedad.

**Cláusula Undécima:** El Ministerio del Poder Popular de Petróleo y los demás Ministros que oportunamente pueda designar el Presidente de la República, ejercerán la representación de la República en la Asamblea, las cuales serán presididas por el Ministro del Poder Popular de Petróleo.

**Cláusula Duodécima:** La Asamblea Ordinaria se reunirá en el domicilio de la sociedad dos veces al año, una dentro de los noventa días siguientes al cierre de cada ejercicio anual y otra dentro del último trimestre de cada año. La Asamblea Extraordinaria se reunirá en el mismo domicilio, siempre que interese a la sociedad.

**Cláusula Décima Tercera:** Son atribuciones de la Asamblea Ordinaria:

1. Conocer, aprobar o improbar el informe anual de la Junta Directiva, el balance y el estado de ganancias y pérdidas;

2. Examinar, aprobar o improbar los presupuestos consolidados de inversiones y de operaciones de la sociedad y de las sociedades o entes afiliados;

3. Conocer el informe del Comisario;

4. Designar el Comisario de la sociedad y de su adjunto;

5. Asignar responsabilidades de dirección a los Vicepresidentes en aquellas áreas específicas que considere convenientes;



6. Señalar las atribuciones y deberes de los demás miembros de la Junta Directiva;

7. Fijar el sueldo del Presidente, de los demás miembros de la Junta Directiva, así como del Comisario y de su adjunto;

8. Disponer la distribución de utilidades, así como el pago de bonificaciones especiales a los miembros de la Junta Directiva, cuando lo considere conveniente;

9. Reformar los Estatutos de la sociedad, sin perjuicio de lo dispuesto en el artículo 27 de la Ley Orgánica de Hidrocarburos;

10. Dictar los reglamentos de organización interna;

11. Deliberar sobre cualquier otro asunto incluido en la respectiva convocatoria o que se considere conveniente tratar.

Los proyectos de presupuestos consolidados, el informe anual de la Junta Directiva, el balance, el estado de ganancias y pérdidas y el informe del Comisario deberán ser enviados al Ministerio del Poder Popular de Petróleo y a los demás representantes de la República, si los hubiere, con treinta (30) días de anticipación por lo menos a la fecha de la reunión de la Asamblea.

**Cláusula Décima Cuarta:** Corresponderá a la Asamblea decidir la constitución de sociedades operadoras que tendrán por objeto realizar las actividades y negocios inherentes a la industria petrolera que determine la misma Asamblea y sobre la reestructuración de sociedades ya existentes, cuyas acciones le sean transferidas en propiedad a los mismos fines.

**Cláusula Décima Quinta:** De las reuniones de la Asamblea se levantará un acta que indicará las decisiones adoptadas, la cual será firmada por el Presidente de la Asamblea, los demás representantes del accionista, si fuere el caso, los miembros de la Junta Directiva presentes y el Secretario.



TÍTULO IV
De la Administración
Capítulo I
De la Junta Directiva

**Cláusula Décima Sexta:** La Junta Directiva es el órgano administrativo de la sociedad con las más amplias atribuciones de administración y disposición, sin otras limitaciones que las que establezca la Ley y este Decreto.

**Cláusula Décima Séptima:** La Junta Directiva estará integrada por lo menos de siete (7) miembros ni más de quince (15), designados mediante Decreto por el Presidente de la República. A excepción de los directores laborales que serán electos por votación directa y secreta por mayoría calificada de los trabajadores de la Empresa. El Presidente de la República podrá designar suplentes llamados a llenar las faltas temporales de cualquiera de los miembros de la Junta Directiva.

**Cláusula Décima Octava:** El Decreto a que se refiere la cláusula anterior indicará los miembros designados que hayan de ocupar los cargos de Presidente y Vicepresidentes.

**Cláusula Décima Novena:** Los miembros de la Junta Directiva durarán dos (2) años de ejercicio de sus funciones pero continuarán en su ejercicio, a pesar del vencimiento que sus períodos, hasta tanto sean designados y tomen posesión de los respectivos cargos.

**Cláusula Vigésima:** El Presidente, los Vicepresidentes y aquellos Directores a quienes en el Decreto de su designación, se les haya asignado la obligación de dedicarse a tiempo completo a sus funciones ejecutivas dentro de la sociedad, podrán sin embargo ocupar otros cargos o posiciones dentro de las Filiales de la Sociedad, si así lo hubiere autorizado la Asamblea o la Junta Directiva.

**Cláusula Vigésima Primera:** En caso de falta absoluta de un miembro de la Junta Directiva se procederá a la designación de su sustituto, por el tiempo que falte de





su respectivo período, de acuerdo a lo establecido en la Cláusula Décima Séptima de estos Estatutos:

A los efectos de esta Cláusula se entiende por falta absoluta:

a) La ausencia ininterrumpida, sin razón que la justifique, a más de cuatro (4) sesiones de la Junta Directiva;

b) La ausencia injustificada a más de doce (12) sesiones de la Junta Directiva durante un (1) año;

c) La remoción en cualquier otro caso de incumplimiento de las obligaciones inherentes a su cargo;

d) La renuncia; y

e) La muerte o la incapacidad permanente.

**Cláusula Vigésima Segunda:** La Junta Directiva deberá reunirse cada vez que la convoque el Presidente y, por lo menos, una vez al mes, en la ciudad de Caracas o en cualquier otro lugar dentro del territorio de la República. También sesionará cada vez que cuatro (4) o más miembros de la Junta Directiva así lo soliciten.

**Cláusula Vigésima Tercera:** La mayoría de los miembros de la Junta Directiva, entre los cuales deberá estar el Presidente o quien haga sus veces, formarán quórum y las decisiones se tomarán por mayoría de los miembros que la integran. En caso de que el Presidente no estuviere de acuerdo con la decisión aprobada, podrá convocar una Asamblea Extraordinaria para que decida en definitiva.

**Cláusula Vigésima Cuarta:** De las decisiones tomadas se levantará acta en el libro especial destinado a tal efecto. Las actas serán firmadas por el Presidente, los demás miembros de la Junta Directiva que hubieren concurrido a la sesión y el Secretario.

**Cláusula Vigésima Quinta:** Los miembros de la Junta Directiva serán personal y solidariamente responsables en los términos establecidos respecto a los administradores en el Código de Comercio.

**Cláusula Vigésima Sexta:** En caso de ausencia de un miembro de la Junta Directiva se presume su conformidad con respecto a las decisiones adoptadas, a



menos que haga constar el voto salvado en la próxima reunión de la Junta Directiva a la cual asista.

**Cláusula Vigésima Séptima:** La Junta Directiva ejercerá la suprema administración de los negocios de la sociedad y, en especial, sus atribuciones serán las siguientes:

1. Planificar las actividades de la sociedad y evaluar periódicamente el resultado de las decisiones adoptadas.
2. Establecer y clausurar sucursales, agencias u oficinas y nombrar corresponsales en el país o en el exterior.
3. Examinar, aprobar y coordinar los presupuestos de inversiones y de operaciones de las sociedades o entes afiliados.
4. Controlar y supervisar las actividades de las sociedades afiliadas y en especial, vigilar que cumplan sus decisiones.
5. Autorizar la celebración de contratos, pudiendo delegar esta facultad de acuerdo con la reglamentación interna especial que al efecto se dictare.
6. Ordenar la convocatoria de la Asamblea.
7. Presentar a la Asamblea Ordinaria el informe anual sobre sus operaciones, el balance y el estado de ganancias y pérdidas del ejercicio.
8. Determinar el apartado correspondiente a la reserva legal y los demás que se considere necesario o conveniente establecer.
9. Proponer a la Asamblea la distribución de utilidades y el pago de bonificaciones, si fuere el caso.
10. Controlar y supervisar el entrenamiento y desarrollo del personal de la industria petrolera.
11. Establecer la política general de remuneraciones y jubilación de su personal y de las sociedades o entes filiales.
12. Establecer la política general en lo relativo a la investigación científica, proceso y desarrollo de patentes para la industria petrolera y coordinar su aplicación por las sociedades o entes filiales.
13. Delegar el ejercicio de una o varias de sus atribuciones en uno o más de los miembros de la Junta Directiva o en otros funcionarios de la sociedad.
14. Proponer a la Asamblea las modificaciones de los Estatutos que considere necesarias, y
15. Cualesquiera otras que le señalen la Ley o la Asamblea.



**Cláusula Vigésima Octava:** Los miembros de la Junta Directiva no podrán celebrar ninguna clase de operaciones con la sociedad ni con los entes filiales de ella, ni por sí, ni por pérsonas interpuestas, ni en representación de otra persona. Los miembros de la Junta Directiva deberán abstenerse de concurrir a la respectiva sesión de Junta Directiva, en la cual tengan interés o participación de cualquier naturaleza.

**Cláusula Vigésima Novena:** El Presidente y los demás miembros de la Junta Directiva de la sociedad no podrán desarrollar actividades como directores de organizaciones políticas mientras estén en el ejercicio de sus funciones, salvo autorización del Presidente de la República.

**Cláusula Trigésima:** Están inhabilitados para ser miembros de la Junta Directiva de la sociedad los declarados en estado de quiebra o los condenados por delitos castigados con penas de presidio o prisión.

**Cláusula Trigésima Primera:** Será de la libre elección de la Junta Directiva, de fuera de su seno, la persona que haya de ejercer las funciones de Secretario de la Asamblea y de la Junta Directiva. El Secretario levantará las actas a que se refieren las Cláusulas Décima Quinta y Vigésima Cuarta de estos Estatutos, certificará las copias que de las mismas hubieren de expedirse y desempeñará las demás funciones que le asigne la Junta Directiva.

## CAPÍTULO II
### Del Presidente

**Cláusula Trigésima Segunda:** La dirección inmediata y la gestión diaria de los negocios de la sociedad estarán a cargo del Presidente, quien será además su representante legal.

**Cláusula Trigésima Tercera:** El Presidente tendrá los siguientes deberes y atribuciones:



1. Suscribir la convocatoria de la Asamblea en los casos contemplados en la Cláusula Novena.

2. Convocar y presidir la Junta Directiva.

3. Ejecutar o hacer que se ejecuten las decisiones de la Asamblea y de la Junta Directiva.

4. Suscribir todos los documentos relativos a las operaciones de la sociedad, pudiendo delegar esta facultad conforme a los reglamentos de organización interna.

5. Constituir apoderados extrajudiciales y factores mercantiles, fijando sus facultades en el poder que les confiera.

6. Crear los Comités, grupos de trabajo u organismos similares que se consideren necesarios, fijándoles sus atribuciones y obligaciones.

7. Nombrar y asignar los cargos, atribuciones y remuneraciones del personal de la sociedad, así como despedirlo, con arreglo a la legislación y a los reglamentos de organización interna.

8. Ejercer la representación de la sociedad de acuerdo con lo establecido en el presente instrumento, siendo entendido que no tendrá la representación judicial de ella.

9. Resolver todo asunto que no está expresamente reservado a la Asamblea o a la Junta Directiva, debiendo informar a ésta en su próxima reunión.

## CAPÍTULO III
### De los Vicepresidentes

**Cláusula Trigésima Cuarta:** Los Vicepresidentes tendrán los deberes y atribuciones que les señalen el Decreto de la designación, los presentes Estatutos y aquellos que les asignen la Asamblea y la Junta Directiva.

**Cláusula Trigésima Quinta:** La Junta Directiva determinará, en cada caso, el Vicepresidente que haya de suplir al Presidente en sus faltas temporales.

## CAPÍTULO IV
### Del Representante Judicial

**Cláusula Trigésima Sexta:** La sociedad tendrá un Representante Judicial y su suplente, quienes serán de libre elección y remoción por la Asamblea y permanecerán en sus cargos mientras no sean sustituidos por las personas



designadas al efecto. El Representante Judicial será el único funcionario, salvo los apoderados debidamente constituidos, facultado para representar judicialmente a la sociedad y, en consecuencia, toda citación o notificación judicial de la sociedad deberá practicarse en la persona que desempeñe dicho cargo. Igualmente, el Representante Judicial está facultado para intentar, contestar y sostener todo género de acciones, excepciones y recursos ordinarios y extraordinarios, inclusive los procedimientos de equidad, así como para convenir y desistir de los mismos o de los procedimientos; absolver posiciones juradas; celebrar transacciones en juicio o fuera de él; comprometer en árbitros arbitradores o de derecho; tachar documentos públicos y desconocer documentos privados; hacer posturas en remates judiciales y constituir a ese fin las cauciones que sean necesarias; y, en general, para realizar todos los actos que considere más convenientes a la defensa de los derechos e intereses de la sociedad, sin otro límite que el deber de rendir cuenta de su gestión, por cuanto las facultades aquí conferidas lo son a título meramente enunciativo y no limitativo. Sin embargo, el Representante Judicial para convenir, transigir, desistir, comprometer en árbitros arbitradores o de derecho, hacer posturas en remate y afianzarlas, necesita la previa autorización escrita de la Junta Directiva. El Representante Judicial, por virtud de la naturaleza misma de su cargo, otorgará los poderes judiciales, generales o especiales, que requiera la sociedad con las facultades que considere pertinentes para la mejor defensa de los derechos e intereses de ésta con las limitaciones anteriormente señaladas para el ejercicio de sus atribuciones. El Representante Judicial informará a la Junta Directiva acerca de los poderes que hubiere otorgado en el ejercicio de esta facultad. Las faltas temporales del Representante Judicial serán cubiertas por su suplente, quien tendrá las mismas facultades y las ejercerá sin necesidad de acreditar la ausencia de aquél. En caso de falta absoluta del



Representante Judicial, hará las veces de éste su suplente hasta que la Asamblea designe el nuevo Representante Judicial.

## TÍTULO V
### Del Consejo del Accionista

**Cláusula Trigésima Séptima:** La sociedad tendrá un Consejo de Accionista, el cual estará integrado por tres (3) miembros designados mediante Decreto por el Presidente de la República.

**Cláusula Trigésima Octava:** El Consejo del Accionista tendrá las siguientes funciones: a) Asesorar al Ejecutivo Nacional en la formulación y vigilancia del cumplimiento de los lineamientos y políticas que, a través del Ministerio del Poder Popular de Petróleo, debe establecer o acordar de conformidad con la Cláusula Segunda de esta Acta Constitutiva-Estatutos; y b) Asistir a la Asamblea a los fines previstos en el literal anterior cuando así lo decida el Presidente de la República.

## TÍTULO VI
### Del Ejercicio Económico

**Cláusula Trigésima Novena:** El 31 de diciembre de cada año concluye el ejercicio económico de la sociedad. Con tal fecha cerrará sus cuentas y formará el balance general del correspondiente ejercicio, con los respectivos estados de ganancias y pérdidas, todo lo cual, conjuntamente con el informe de la Junta Directiva y el del Comisario, se someterá a la consideración de la Asamblea Ordinaria.

**Cláusula Cuadragésima:** El informe de la Junta Directiva contendrá un resumen general del estado de la sociedad, de las operaciones realizadas en el ejercicio y cualesquiera otros datos que la Junta Directiva considere conveniente citar.

**Cláusula Cuadragésima Primera:** El cálculo de las utilidades se practicará al cierre de cada ejercicio, después de haber hecho la provisión necesaria para





cubrir los créditos incobrables o dudosos y la depreciación del activo. Luego se procederá a hacer los siguientes apartados:

1. No menos del cinco por ciento (5%) destinado al fondo de reserva legal hasta que éste alcance el monto que fije el Ejecutivo Nacional.
2. Los demás que se considere necesario o conveniente establecer.

**Cláusula Cuadragésima Segunda:** La distribución de utilidades por la Asamblea se hará al terminar el ejercicio, después de aprobado el balance. A estos efectos sólo se considerarán como tales, los beneficios líquidos y recaudados.

## TITULO VII
### Del Comisario

**Cláusula Cuadragésima Tercera:** Cada año la Asamblea Ordinaria designará un (1) Comisario y su Adjunto, quien colaborará con aquél en el ejercicio de sus funciones y suplirá, con las mismas atribuciones, sus faltas temporales. El Comisario y su Adjunto podrán ser reelegidos por la Asamblea.

La Asamblea Extraordinaria podrá designar al Comisario y su Adjunto, cuando no lo hubiere hecho la Asamblea Ordinaria y en aquellos casos en que durante el ejercicio económico se produjera la vacante absoluta de los mismos.

**Cláusula Cuadragésima Cuarta:** El Comisario tendrá, además de las atribuciones que establece el Código de Comercio, la de coordinar las actividades de los Comisarios de las empresas filiales de la sociedad.

**Artículo 3°.** El Ejecutivo Nacional, por órgano del Ministerio del Poder Popular de Petróleo, transferirá o hará transferir a Petróleos de Venezuela S.A., los bienes que sean necesarios de aquellos que han de pasar al Estado en aplicación de la Ley Orgánica de Hidrocarburos.

**Artículo 4°.** Se encomienda al Ministro del Poder Popular de Petróleo a efectuar la participación correspondiente al Registro Mercantil de la Circunscripción Judicial del Distrito Capital y Estado Miranda y cumplir las demás formalidades de ley. 



Finalmente, la Asamblea autorizó suficientemente al ciudadano **José Rafael Urbáez**, titular de la cédula de identidad **N° V- 15.423.687**, para que realice todos los trámites y participaciones que sean necesarias para que el presente documento sea inscrito y protocolizado por ante el Registro Mercantil Correspondiente y, luego debidamente publicado, pudiendo en consecuencia, firmar toda la documentación correspondiente. No habiendo otro asunto que tratar, se levantó la sesión, previa lectura aprobación y firma de la presente acta.

**Humberto José Perniciaro Díaz**
Secretario de la Asamblea de Accionistas de Petróleos de Venezuela, S.A. (PDVSA)





[There appears the Venezuelan coat of arms.]

**BOLIVARIAN REPUBLIC OF VENEZUELA**

**\*\* MINISTRY OF THE PEOPLE'S POWER FOR FOREIGN AFFAIRS AND JUSTICE \*\***

**AUTONOMOUS SERVICE OF REGISTRIES AND NOTARY'S OFFICES. FIRST COMMERCIAL REGISTRY OF THE CAPITAL DISTRICT.**

CR Number 220.
205° and 158°

Libertador Municipality, March 9, 2017

The foregoing communication was submitted by its SIGNATORY, to be registered in the Commercial Registry, established, and published. Let this be done in compliance, and let the original be added to the Commercial Company's file, along with the certificates attached. Let the publication copy be issued. The foregoing document, written by JOSE RAFAEL URBAEZ FERMIN, an Attorney-at-Law, Attorney-at-Laws' Social Security Institute (IPSA) Number 221080, is registered in the Commercial Registry under Number 59, Volume **-30-A FIRST COMMERCIAL REGISTRY OF THE CAPITAL DISTRICT AND BOLIVARIAN STATE OF MIRANDA.** Fees paid Bs 0.00 according to CR Form Number [in blank], Bank Number [in blank], for Bs 0.00. The identification was carried out as follows: **JOSE RAFAEL URBAEZ FERMIN, ID Number V-15.423.687.**

Examining Attorney: **EVELISSE MARIA ALVAREZ BERBESI**

[illegible signature:] JENNY LOURDES MANRIQUE IZQUIERDO, Attorney-at-Law. First Assistant Commercial Registrar (E).

This page belongs to:
PETRÓLEOS DE VENEZUELA, S.A.
File Number: 73023
[Illegible.]

[There appears an illegible stamp and the logo of the Autonomous Service of Registries and Notary's Offices - SAREN]

José Rafael Urbáez

Attorney-at-Laws' Social Security Institute Number 221080.

[There appears a stamped number:] 73023

The undersigned, **HUMBERTO PERNICIARO**, a Venezuelan, of legal age, domiciled in Caracas, holder of Identity Card Number 13.067.310, acting in his capacity as Secretary of the Board of Directors and Shareholders' Meeting of **PETRÓLEOS DE VENEZUELA, S.A.**, Fiscal Information Registry (RIF) Number J-00095036-9, a Commercial Company of this domicile, originally incorporated under Decree Number 1.123 of August 30, 1975, published in the Official Gazette Number 1.770 of the same date, and registered at the office of the First Commercial Registry of the Judicial Division of the Capital District and State of Miranda on July 20, 2011, under Number 15, Volume 151-A, hereby certifies that the Minutes transcribed below is a true and exact copy of the Extraordinary Shareholders' Meeting of **PETRÓLEOS DE VENEZUELA, S.A.**, carried out on January 30, 2017, the original of which is included in the Book of Minutes of Shareholders' Meeting of the Company and reads as follows:

## PETRÓLEOS DE VENEZUELA, S.A.
## EXTRAORDINARY SHAREHOLDERS' MEETING

In Caracas, on the thirtieth (30th) day of January two thousand and seventeen (2017), at [illegible] a.m., at the headquarters of Petróleos de Venezuela, S.A. (PDVSA), located in Av. Libertador, Edificio Petróleos de Venezuela, Torre Este, La Campiña, Caracas, it was held an Extraordinary Shareholders' Meeting of **PETRÓLEOS DE VENEZUELA, S.A. (PDVSA)**, a commercial company domiciled in Caracas, originally incorporated under Decree Number 1.123 of August 30, 1975, published in the Official Gazette Number 1.770 of the same date, and registered at the office of the First Commercial Registry of the Judicial Division of the Capital District and State of

Miranda (currently Capital District and State of Miranda) on September 15, 1975, under Number 23, Volume 99-A, the last statutory modification of which is the document registered at the First Commercial Registry of the Judicial Division of the Capital District and State of Miranda on July 20, 2011, under Number 15, Volume 151-A. The meeting was attended by citizen **NELSON PABLO MARTÍNEZ**, a Venezuelan, of legal age, holder of Identity Card Number **V-3.817.768**, acting in his capacity as Minister of the People's Power for Oil, as per Presidential Decree Number 2.652, published in the Official Gazette of the Bolivarian Republic of Venezuela Number 41.067, of January 4, 2017, who acted as representative of the Bolivarian Republic of Venezuela, sole shareholder of this company, and presided the Shareholders' Meeting pursuant to the Eleventh Clause of the Deed of Incorporation – Articles of Incorporation; **EULOGIO ANTONIO DEL PINO DÍAZ**, a Venezuelan, of legal age, holder of Identity Card Number **V-11.041.914**, President of Petróleos de Venezuela, S.A., appointed by Presidential Decree Number 1214, of September 2, 2014, published in the Official Gazette of the Bolivarian Republic of Venezuela Number 40.488 of the same date, ratified by Decree Number 2.703, published in the Extraordinary Official Gazette of the Bolivarian Republic of Venezuela Number 6.284, of January 29, 2017; and citizen **HUMBERTO JOSÉ PERNICIARO DÍAZ**, a Venezuelan, of legal age, holder of Identity Card Number **V-13.067.310**, an Attorney-at-Law, registered in the Attorney-at-Laws' Social Security Institute (IPSA) under Number 98.465, acting in his capacity as Secretary of the Shareholders' Meeting. The Meeting was declared validly constituted, without previous notice, as the total number of shares was represented, and it began in order to consider the following Agenda:

**First Item:** Modification of the Seventeenth Clause of the Deed of Incorporation – Articles of Incorporation of Petróleos de Venezuela, S.A. (PDVSA); **Second Item:**

Change the name of the Attached Body from Ministry of the People's Power for Energy and Oil to Ministry of the People's Power for Oil. Upon reading of the **First Item** of the Agenda, Nelson Pablo Martínez, Minister of the People's Power for Oil, took the floor, and said that the holding of this Meeting had been requested, and mentioned Presidential Decree Number 2.703, published in the Extraordinary Official Gazette of the Bolivarian Republic of Venezuela Number 6.284, of January 29, 2017, and pursuant to the Twenty Third Clause, Number 9, in order to modify the Seventeenth Clause of the Deed of Incorporation – Articles of Incorporation of Petróleos de Venezuela, S.A. (PDVSA), which states: "**Seventeenth Clause**: The Board of Directors shall be composed of at least seven (7) members and no more than eleven (11), appointed by Decree of the President of the Republic. Except for the labor directors, who shall be elected by direct and secret vote, by a qualified majority of the employees of the Company, the President of the Republic shall be able to appoint substitutes to fill the temporary absence of any of the members of the Board of Directors", and so the abovementioned Clause must be adjusted. Thus, it shall read as follows: "**Seventeenth Clause**: The Board of Directors shall be composed of at least seven (7) members and no more than fifteen (15), appointed by Decree of the President of the Republic. Except for the labor directors, who shall be elected by direct and secret vote, by a qualified majority of the employees of the Company, the President of the Republic shall be able to appoint substitutes to fill the temporary absence of any of the members of the Board of Directors".

Upon reading of the **Second Item** of the Agenda, the President of the Shareholders' Meeting mentioned the need to change the name to Ministry of the People's Power for Oil. In the same way, it is ordered to print the whole text of the **DEED OF INCORPORATION – ARTICLES OF INCORPORATION OF PETRÓLEOS DE VENEZUELA, S.A. (PDVSA)**, with the modification hereby agreed on, and in the corresponding unique text, the Decree reading as follows:

**HUGO CHAVEZ FRIAS**

**President of the Republic**

With the supreme commitment and will to achieve the greatest political efficiency and revolutionary quality in the building of socialism, by the people's mandate, and using the powers granted to him by Article 226 of the Constitution of the Bolivarian Republic of Venezuela, in accordance with Article 103 of the Organic Law on Public Administration, and Article 29 of the Organic Law on Hydrocarbons, in the occasion of a Council of Ministers,

**HEREBY DECREES**

**Article 1.** A state-owned company is created, under the form of a corporation, which shall comply with and execute the policy on hydrocarbons dictated by the National Executive Power, through the Ministry of the People's Power for Energy and Oil, in the activities commended to it.

**Article 2.** The rules included in the present Decree represent the Deed of Incorporation of the company mentioned in the previous article, and have a wording which is widely enough to be used, at the same time, as the Articles of Incorporation of the company. Such rules are:

**TITLE I**

**General Provisions**

**First Clause:** The company shall be named Petróleos de Venezuela, it shall operate as a corporation, it shall be domiciled in the city of Caracas, at Av. Libertador, Edificio Petróleos de Venezuela, Torre Este, La Campiña, and its term shall be of fifty (50) years, from the date in which the present document was registered in the Commercial Registry. The company shall be able to establish subsidiaries or offices in other places within the country or abroad.

**Second Clause:** The corporate purpose shall be to plan, coordinate, and monitor the activities of the companies owned by the corporation, as well as to control that these companies, in their exploration, exploitation, transport, manufacture, refining, storage, and commercialization activities, or in any other activity of their competence in relation to oil and other hydrocarbons, shall regularly and efficiently perform their operations; to buy, sell, dispose of, and transfer, on its own account or by third parties, personal and real properties; to issue bonds; to promote, either as shareholders or not, other companies whose corporate purpose shall be to carry out activities related to fossil energy resources, as well as to promote or participate in other societies with activities looking to promote the integral, organic, and sustained development of the country, including those having an agricultural, industrial, or manufacturing nature, and those related to goods transformation and commercialization, or the delivery of services, so as to achieve an adequate relationship between hydrocarbon resources and the national economy, all this considering the wellbeing of the people, in harmony with the Constitution and the Law; to merge, restructure, or liquidate companies of its own property; to grant credits, funds, bonds, endorsements, or guarantees of any kind; and, in general, to perform all those operations, contracts, and business acts that shall be necessary or convenient to fulfill the abovementioned purpose.

The fulfillment of the corporate purpose shall be carried out by the company under the guidelines and policies that the National Executive Power, through the Ministry of the People's Power for Oil, shall establish or agree on in accordance with the powers granted by the laws.

The activities carried out by the company to that end shall be subject to the rules of control established by said Ministry in compliance with the competences granted by

Article 8 of the Organic Law on Hydrocarbons and Article 6 of the Decree with the Status and Force of Law of the Organic Law on Gaseous Hydrocarbons.

**Third Clause:** The corporation shall be ruled by the Organic Law on Hydrocarbons, by the Decree with the Status and Force of Law of the Organic Law on Gaseous Hydrocarbons, by the regulations of said Law, by these Articles of Incorporation, by the provisions issued by the National Executive Power, through the Ministry of the People's Power for Oil, and by the applicable rules of common law.

## TITLE II

### On the Capital and the Shares

**Fourth Clause:** The capital of the corporation is ONE BILLION TWO HUNDRED AND EIGHTY MILLION ONE HUNDRED THOUSAND BOLIVARS (Bs 1,280,100,000.00). Said capital has been completely subscribed and paid by the Republic of Venezuela.

**Fifth Clause:** The abovementioned capital is represented by FIFTY-ONE THOUSAND TWO HUNDRED AND FOUR (51,204) registered non-convertible bearer shares, with a value of TWENTY-FIVE THOUSAND BOLIVARS (25,000.00) each.

**Sixth Clause:** Pursuant to the Law, the shares of the corporation cannot be disposed of or taxed in any way.

## TITLE III

### On the Shareholders' Meetings

**Seventh Clause:** The supreme direction and management of the corporation lies on the Shareholders' Meeting.

**Eighth Clause:** The Shareholders' Meeting can be Ordinary or Extraordinary.

**Ninth Clause:** The Ordinary Shareholders' Meeting shall meet upon notice of the Board of Directors, through a written communication sent at least fifteen (15) days in advance.

The Extraordinary Shareholders' Meeting shall meet upon the initiative of the National Executive Power, through a formal written request sent by the Ministry of the People's Power for Oil to the Board of Directors, or upon a written notice sent by the Board of Directors to the National Executive Power, through the Ministry of the People's Power for Oil.

The notice mentioned in this clause can be omitted when the total of shares that make up the capital of the corporation is represented in the Shareholders' Meeting.

**Tenth Clause:** The regularly constituted Shareholders' Meeting represents the total of the shares, and its decisions, within the limits of its powers, shall be mandatory for the corporation.

**Eleventh Clause:** The Ministry of the People's Power for Oil and the other Ministers that the President of the Republic can duly appoint, shall represent the Republic in the Shareholders' Meetings, which shall be presided by the Minister of the People's Power for Oil.

**Twelfth Clause:** The Ordinary Shareholders' Meeting shall take place in the domicile of the corporation twice a year: once within the ninety days following the closing of each financial year, and once within the last quarter of each year. The Extraordinary Shareholders' Meeting shall take place in the same domicile, as long as it is of interest to the corporation.

**Thirteenth Clause:** The Ordinary Shareholders' Meeting shall have the following powers:

1. To get to know, approve, or reject the annual report of the Board of Directors, the balance sheet, and the statement of profits and losses;
2. To review, approve, or reject the consolidated budgets of investments and operations of the corporation, and of the affiliated corporations or bodies;
3. To get to know the Corporate Comptroller's report;
4. To appoint the Corporate Comptroller and the Corporate Comptroller's assistant;
5. To assign management responsibilities to the Vice Presidents in those specific areas it shall consider convenient;

6. To determine the powers and duties of the other members of the Board of Directors;

7. To set the salary of the President, the other members of the Board of Directors, the Corporate Comptroller, and the Corporate Comptroller's assistant;

8. To decide on the distribution of profits, as well as on the payment of special allowances to the members of the Board of Directors, whenever considering it convenient;

9. To reform the Articles of Incorporation of the company, notwithstanding what is stated in Article 27 of the Organic Law on Hydrocarbons;

10. To issue the regulations of internal organization;

11. To discuss any other matter included in the corresponding notice, or which shall be considered convenient to discuss.

The projects of consolidated budgets, the annual report of the Board of Directors, the balance sheet, the statement of profits and losses, and the Corporate Comptroller's report shall be sent to the Ministry of the People's Power for Oil and to the other representatives of the Republic, if any, at least thirty (30) days before the date of the Shareholders' Meeting.

**Fourteenth Clause:** The Shareholders' Meeting shall decide on the incorporation of the operating companies that shall carry out the activities and businesses inherent to the oil industry determined by the Shareholders' Meeting itself, and on the restructuring of the existing companies, whose shares are transferred to it with the same purpose.

**Fifteenth Clause:** A minutes of each Shareholders' Meeting shall be drawn up, stating the decisions adopted, and said minutes shall be signed by the President of the Shareholders' Meeting, the other representatives of the shareholder, if this is the case, the members of the Board of Directors attending the meeting, and the Secretary.

**TITLE IV**
**On the Management**
**Chapter I**
**On the Board of Directors**

**Sixteenth Clause:** The Board of Directors is the administrative body of the company, having the broadest powers regarding management and decisions, with no other limitations that those imposed by the Law and this Decree.

**Seventeenth Clause:** The Board of Directors shall be composed of at least seven (7) members and no more than fifteen (15), appointed by Decree of the President of the Republic. Except for the labor directors, who shall be elected by direct and secret vote, by a qualified majority of the employees of the Company, the President of the Republic shall be able to appoint substitutes to fill the temporary absence of any of the members of the Board of Directors.

**Eighteenth Clause:** The Decree mentioned in the previous clause shall name the members appointed to act as President and Vice Presidents.

**Nineteenth Clause:** The members of the Board of Directors shall remain in office for two (2) years, but, despite their terms coming to an end, they shall continue performing their duties, until they are appointed and take office.

**Twentieth Clause:** The President, the Vice Presidents, and those Directors that, under the Decree appointing them, have the obligation to work full-time on their executive duties within the company, shall, nevertheless, be able to occupy other positions in the company's subsidiaries, if this has previously been authorized by the Shareholders' Meetings or the Board of Directors.

**Twenty First Clause:** In case of absolute absence of a member of the Board of Directors, a substitute shall be appointed for the remaining time of said member's term, pursuant to what is established in the Seventeenth Clause of these Articles of Incorporation;

For the purpose of this clause, absolute absence means:

  a) The uninterrupted absence, without justification, in more than four (4) meetings of the Board of Directors;
  b) The unjustified absence in more than twelve (12) meetings of the Board of Directors in one (1) year;
  c) The removal, in any other case of unfulfilment, of the duties inherent to the member's position;
  d) The resignation; and
  e) The death or permanent disability.

**Twenty Second Clause:** The Board of Directors shall meet every time the President calls a meeting, and, at least, once a month, in the city of Caracas or in any other place within the territory of the Republic. A meeting shall also be held every time four (4) or more members of the Board of Directors ask for a meeting to be held.

**Twenty Third Clause:** The majority of the members of the Board of Directors, which shall include the President or his representative, shall form a quorum, and the decisions shall be taken by a majority of the members composing it. If the President does not agree with the decision adopted, he shall be able to call an Extraordinary Shareholders' Meeting to make a final decision.

**Twenty Fourth Clause:** A minutes of each Shareholders' Meeting shall be drawn up to register the decisions adopted, in a book specially designed for this purpose. The minutes shall be signed by the President, the other members of the Board of Directors who have attended the meeting, and the Secretary.

**Twenty Fifth Clause:** The members of the Board of Directors shall be personally and severally liable on the terms regarding managers set forth in the Commercial Code.

**Twenty Sixth Clause:** In case of absence of a member of the Board of Directors, it is presumed that said member agrees with the decisions adopted, unless said member registers the dissenting vote in the following meeting of the Board of Directors he or she attends.

**Twenty Seventh Clause:** The Board of Directors shall carry out the supreme management of the company's businesses, and, especially, it shall have the following powers:

1. To plan the activities of the company and to periodically monitor the results of the decisions adopted.
2. To open and close subsidiaries, agencies, or offices, and to appoint correspondents both in the country and abroad.
3. To review, approve, and coordinate the investments' and operations' budgets of the companies or affiliated bodies.
4. To control and monitor the activities of the affiliated corporations, and, especially, to monitor the compliance with their decisions.
5. To authorize the execution of agreements, being able to delegate this power pursuant to the special internal rules issued for this purpose.
6. To order the calling of the Shareholders' Meeting.
7. To present to the Ordinary Shareholders' Meeting the annual report of its operations, the balance sheet, and the statement of profits and losses of the accounting period.
8. To determine the reserve corresponding to the legal reserve and any other reserve it may consider necessary or convenient to establish.
9. To propose to the Shareholders' Meeting the distribution of profits and the payment of allowances, if this shall be the case.
10. To control and monitor the training and development of the employees of the oil industry.
11. To set the general policy on payments and retirement of its employees and of the companies or affiliated bodies.
12. To establish the general policy regarding scientific research, the processing and development of patents for the oil industry, and to coordinate its application by the corporations or affiliated bodies.
13. To delegate the exercise of one or more of its powers in one or more members of the Board of Directors or in other employees of the company.
14. To propose to the Board of Directors the modifications of the Articles of Incorporation it shall consider necessary, and
15. Any other power established by the Law or the Board of Directors.

**Twenty Eighth Clause:** The members of the Board of Directors shall not be able to carry out any kind of operations with the company or its affiliated bodies, neither by themselves, nor by third parties, nor in representation of another person. The members of the Board of Directors shall refrain from attending a meeting of the Board of Directors in which they shall have any interest or participation, whatever its nature.

**Twenty Ninth Clause:** The President and the other members of the Board of Directors of the company shall not be able to carry out any activity as directors of political organizations while they remain in office, except upon the authorization of the President of the Republic.

**Thirtieth Clause:** Those declared in bankruptcy and those convicted for offenses punished with jail or prison, shall not be eligible as members of the Board of Directors of the company.

**Thirty First Clause:** The Board of Directors shall freely select, from outside the Board of Directors, the person who shall act as Secretary of the Shareholders' Meeting and the Board of Directors. The Secretary shall draw up the minutes mentioned in Clauses Fifteenth and Twenty Fourth of these Articles of Incorporation, shall certify the copies of said minutes which shall be issued, and shall perform any other task required by the Board of Directors.

## CHAPTER II
### On the President

**Thirty Second Clause:** The immediate direction and the daily management of the company's businesses shall be in charge of the President, who shall also act as its legal agent.

**Thirty Third Clause:** The President shall have the following duties and powers:

1. To sign the notice to the Shareholders' Meeting in the cases mentioned in the Ninth Clause.
2. To issue the notice of meeting of and preside the Board of Directors.
3. To execute the decisions of the Shareholders' Meeting and the Board of Directors, or have them executed.
4. To sign all documents related to the company's operations, being able to delegate this power pursuant to the regulations of internal organization.
5. To designate extrajudicial agents and commercial agents, establishing their powers in the power of attorney granted to them.
6. To create the committees, working groups or any other similar body deemed necessary, establishing their powers and duties.
7. To name and assign the positions, powers, and payments of the employees of the company, as well as to fire them, according to the law and the regulations of internal organization.
8. To act in representation of the company pursuant to what is established in the present document, understanding that the President shall not be its judicial representative.
9. To decide on any matter not expressly reserved to the Shareholders' Meeting or the Board of Directors, having to inform to the Board of Directors on its next meeting.

## CHAPTER III
### On the Vice Presidents

**Thirty Fourth Clause:** The Vice Presidents shall have the duties and powers established in the Decree of appointment, and in these Articles of Incorporation, as well as those assigned to them by the Shareholders' Meeting and the Board of Directors.

**Thirty Fifth Clause:** The Board of Directors shall determine, in each case, which Vice President shall substitute the President upon the President's temporary absences.

## CHAPTER IV
### On the Judicial Representative

**Thirty Sixth Clause:** The company shall have a Judicial Representative, and a substitute to said representative, who shall be freely chosen and removed by the Board of Directors, and shall remain in office as long as they are not substituted by the persons

appointed to that effect. The Judicial Representative shall be the only employee, except from the duly constituted agents, who has the power to judicially represent the company, and, thus, any judicial summons or notice to the company shall be made to the person occupying said position. The Judicial Representative is also authorized to carry out, answer, and sustain all kind of actions, exceptions, and resources, both ordinary and extraordinary, including equity proceedings, as well as to agree on them or drop them or the proceedings; to answer to interrogatories; to carry out transactions in or out of trial; to be bound by arbitrators at law or arbitrators in equity; to object to public documents and to disavow private documents; to take a stand in judicial auctions and to establish the necessary bonds to that end; and, in general, to carry out all the acts the Judicial Representative considers more convenient regarding the defense of the rights and interests of the company, with no other limit but the duty to give account of his or her management, as the powers granted herein are merely granted in an expository but not limited manner. Nevertheless, in order to agree on, compromise, drop, to be bound by arbitrators at law or arbitrators in equity, to take a stand in auctions and secure them, the Judicial Representative needs the previous written authorization of the Board of Directors. Under the nature of his or her position, the Judicial Representative shall grant the general or special judicial power of attorneys required by the company, with the powers the Judicial Representative considers relevant to the best defense of the rights and interests of the company, with the abovementioned limitations to the exercise of his or her powers. The Judicial Representative shall inform the Board of Directors about the powers the Judicial Representative may have granted under this power. The Judicial Representative's substitute shall act upon the temporary absence of the Judicial Representative and shall have the same powers as the Judicial Representative; the substitute shall exercise these powers without the need to prove the Judicial Representative's absence. In case of absolute absence of the Judicial Representative, the Judicial Representative's substitute shall take up the Judicial Representative's duties until the Board of Directors appoints a new Judicial Representative.

### TITLE V
### On the Shareholders' Council

**Thirty Seventh Clause:** The company shall have a Shareholders' Council, which shall be integrated by three (3) members appointed by Decree of the President of the Republic.

**Thirty Eighth Clause:** The Shareholders' Council shall have the following duties: a) to advise the National Executive Power on the development and monitoring of compliance with the guidelines and policies that, through the Ministry of the People's Power for Oil, the Shareholders' Council must establish or agree on in accordance with the Second Clause of this Deed of Incorporation – Articles of Incorporation; and b) to assist the Shareholders' Meeting to the ends set forth in the previous paragraph, whenever the President of the Republic decides so.

### TITLE VI
### On the Fiscal Year

**Thirty Ninth Clause:** The fiscal year of the corporation ends on December 31, each year. In that date, the company shall close its accounts, and develop the balance sheet of the corresponding year, with the corresponding statement of profits and losses, all of which, along with the reports of both the Board of Directors and the Corporate Comptroller, shall be submitted to the consideration of the Ordinary Shareholders' Meeting.

**Fortieth Clause:** The report of the Board of Directors shall include a general summary on the state of the company, the operations carried out during the fiscal year, and any other information the Board of Directors may consider convenient to point out.

**Forty First Clause:** Profit's calculation shall be done at the end of every fiscal year, after having established the necessary reserves for bad or doubtful debts, and depreciation of assets. Afterwards, the following reserves shall be established:

1.  Not less than five per cent (5 %) allocated to the legal reserve fund until it reaches the amount established by the National Executive Power.
2.  Any other reserve which shall be deemed necessary or convenient to establish.

**Forty Second Clause:** The distribution of profits by the Board of Directors shall be carried out upon the end of the fiscal year, once the balance sheet has been approved. To these effects, only liquid and collected benefits shall be considered as such.

### TITLE VII
### On the Corporate Comptroller

**Forty Third Clause:** Every year, the Ordinary Shareholders' Meeting shall appoint one (1) Corporate Comptroller and an Assistant, who shall collaborate with the Corporate Comptroller in the exercise of his or her duties, and shall substitute the Corporate Comptroller, with the same powers, during his or her temporary absences. The Corporate Comptroller and his or her Assistant can be reelected by the Shareholders' Meeting.

The Extraordinary Shareholders' Meeting shall be able to appoint the Corporate Comptroller and his or her Assistant whenever the Ordinary Shareholders' Meeting has not done so, and if during the fiscal year there is an absolute vacancy of said positions.

**Forty Fourth Clause:** Besides the powers established in the Commercial Code, the Corporate Comptroller shall have the power to coordinate the activities of the Corporate Comptrollers of the subsidiaries of the company.

**Article 3.** The National Executive Power, through the Ministry of the People's Power for Oil, shall transfer, or shall order the transfer, to Petróleos de Venezuela S.A., the necessary assets from those that have to be passed on to the State under the Organic Law on Hydrocarbons.

**Article 4.** The Minister of the People's Power for Oil shall issue the corresponding communication to the Commercial Registry of the Judicial Division of the Capital District and State of Miranda, and shall comply with the other formalities of the law.

Finally, the Shareholders' Meeting has duly authorized citizen **José Rafael Urbáez**, holder of ID **Number V-15.423.687**, to carry out all the proceedings and communications necessary so that the present document can be registered at the corresponding Commercial Registry, and duly published afterwards, the mentioned citizen being, as a result, able to sign all the corresponding documents. Without any other matter to discuss, the meeting was adjourned, upon the reading, approval, and signing of the present document.

[illegible signature:]

**Humberto José Perniciaro Díaz**.

Secretary of the Shareholders' Meeting of Petróleos de Venezuela, S.A. (PDVSA).

[There appears a coat of arms.] **Bolivarian Republic of Venezuela. Ministry of the People's Power for Foreign Affairs and Justice. First Commercial Registry of the Capital District.**

[There appears the logo of the Autonomous Service of Registries and Notary's Offices - SAREN]

**NOMENCLATOR 220:2017.1[illegible.]**

**RECEIPT**　　　　　　　Business Hours: 08:00 a.m. – 4:00 p.m.

CR Number 220. 205° and 158°

Names and Surnames of Applicant: **JOSE RAFAEL URBAEZ FERMIN**

ID Card or Passport Number: **V-15.423.687**

Telephone Number(s): **N/A**

Type of Operation: **Modification of Document of Commercial Company**

Corporate Name: **PETRÓLEOS DE VENEZUELA, S.A.**

Entry Date: **March 9, 2017**

| CONCEPT | QUANTITY |
|---|---|
| Number of Folios | 18 |
| Number of Sides | 18 |
| Number of Folios in Annexes | 1 |
| Number of Copies | 5 |
| Advance | Same Day |
| Area of Transfer (in Km) | Without Transfer |
| Type of Transfer | Normal |
| Foreign Company | No |
| **REGISTER FEES (BS):** | 0.00 |
| **TAX FEES (BS):** | 0.00 |

Name of the Office: FIRST COMMERCIAL REGISTRY OF THE CAPITAL DISTRICT

Address:  Av. Andrés Bello, Centro Andrés Bello, Sótano 1.

Telephone Numbers: 212-793736 – 212-7935515

**FREE OF PAYMENT** ACCORDING TO

ORGANIC LAW ON NATIONAL TAX AUTHORITY

ISSUANCE: March 9, 2017

EXPIRATION: March 2, 1 [SIC]

WRITTEN BY: SOLANGEL MARLENE CARMONA GONZALEZ

TIME OF ISSUANCE: 09:47 a.m.

**THE CAKOV GROUP**

LANGUAGE SOLUTIONS INC.

141 NE 3rd Avenue, Suite 204
Miami, FL 33132

t - 305-854-8181
f - 305-448-9801

info@cakovgroup.com
www.cakovgroup.com

## STATE OF FLORIDA

## COUNTY OF MIAMI-DADE

## CERTIFICATION

This is to certify that the following is, to the best of our knowledge and belief, a true and accurate translation into <u>English</u> of the referenced <u>Spanish</u> document:

**~ Estatutos de PDVSA – Modificación del 9 de marzo de 2017**

Before me, the undersigned Authority, personally appears <u>Mr. Stephanie Cakov</u> who is personally known to me or is identified with the following:

Stephanie Cakov
VP Operations
C210-780-75-908-0

Sworn and subscribed before me this <u>05th</u> day of <u>June 2018</u>.

Notary Public State of Florida at Large

AUSTIN J PEARSON
MY COMMISSION # GG084344
EXPIRES March 16, 2021

My commission expires: March 16, 2021