Case 1:18-cv-20818-DPG   Document 583-44   Entered on FLSD Docket 08/16/2018   Page 1 of 2

PLAINTIFF'S EXHIBIT 61

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXLIII - MES VI      Caracas, martes 15 de marzo de 2016      N° 6.220 Extraordinario

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**

Decreto N° 2.173, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Procuraduría General de la República.- (Se reimprime por fallas en los originales).

Decreto N° 2.178, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de la Actividad Aseguradora.- (Se reimprime por fallas en los originales).

---

## PRESIDENCIA DE LA REPÚBLICA

### DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

#### EXPOSICIÓN DE MOTIVOS

La Procuraduría General de la República es un Organismo de rango constitucional, que no puede permanecer ajeno a las efectivas transformaciones, tanto orgánicas como normativas de la Administración Pública, las cuales ameritan que la Institución se mantenga en constante actualización a los fines de la adecuación a una nueva concepción de nuestro ordenamiento jurídico y el perfeccionamiento de las competencias atribuidas a este Organismo, que día a día debe desplegar con firmeza la doble función que le asigna la Constitución de la República Bolivariana de Venezuela, la representación y defensa judicial y extrajudicial y el rol de órgano superior de consulta de la Administración Pública.

Así, la institución debe afianzar el derecho a la autodeterminación de la República Bolivariana de Venezuela o el derecho de nuestro pueblo a la libre determinación, ya que este derecho tiene un lugar privilegiado en la Carta de la Organización de las Naciones Unidas (ONU) y en los dos Pactos Internacionales de Derechos Humanos de 1.966, y en muchos otros tratados internacionales, así pues se regula la posibilidad de que la Procuraduría General de la República extienda su rol como garante de los intereses de la República a través de sus servidores quienes con ocasión de su gestión pudieran ser afectados por acciones injerencistas de Poderes Extranjeros.

Es por ello que puede afirmarse que el derecho de los pueblos a la autodeterminación constituye la base fundamental del Derecho Internacional Contemporáneo; sin embargo, es frecuente observar como los principios democráticos y los derechos humanos son vaciados de contenido por la promoción y la puesta en práctica de un orden económico injusto y desigual, derivado de la privatización y la mercantilización de casi todos los ámbitos de la vida, en detrimento de la soberanía por excelencia de los Estados, menoscabando el derecho a la defensa de sus intereses, entre ellos los intereses patrimoniales.

A fin de rehabilitar el derecho a la soberanía de los pueblos sobre sus recursos naturales, y sus riquezas, componente esencial del derecho a la autodeterminación, se considera entonces que siendo deber constitucional de la Procuraduría General de la República asesorar, defender y representar judicial y extrajudicialmente los intereses patrimoniales de la República, ésta debe velar por la protección de la soberanía y de esta manera evitar que gobierno extranjero alguno pueda intervenir en el libre y soberano ejercicio de ese derecho fundamental.

De esta manera, uno de los objetivos de este Decreto Ley es garantizar el derecho a la autodeterminación de los pueblos, el refuerzo de la actuación frente a acciones o amenazas injerencistas de estados o poderes extranjeros, siendo el deber de la Procuraduría General de la República velar por la protección de estos derechos, y como consecuencia de ello, incidir en el reconocimiento expreso de su carácter constitucional de representante exclusivo -judicial y extrajudicial-, tanto a nivel nacional como internacional, en la defensa de los derechos, bienes e intereses patrimoniales de la República.

Se instituye entonces, en este Decreto Ley, de manera formal, el deber de la Procuraduría General de la República de velar por el derecho a la soberanía del pueblo y su autodeterminación, pudiendo actuar de oficio o a instancias de las máximas autoridades en pro de ese derecho; incluyéndose además, un Capítulo que tiende a facilitar aún más, la actuación judicial de este Organismo a nivel internacional, a través de la posibilidad de convertir recursos en divisas para sufragar los gastos asociados a la representación de la República cuando trascienda las fronteras patrias.

Por otra parte, se regula lo relativo a las faltas del Procurador o Procuradora General de la República, clasificando las faltas en absolutas y temporales, estableciendo en forma legal y expresa, la suplencia de las faltas temporales e interinarias a cargo del Viceprocurador o Viceprocuradora General de la República, esto como necesaria garantía a la permanente protección de los intereses de la República.

Decreto N° 2.173          30 de diciembre de 2015

**NICOLÁS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, la refundación de la Patria venezolana, basado en principios humanistas, sustentado en condiciones morales y éticas que persiguen el progreso del país y del colectivo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido en el numeral 1 del artículo 1° de la Ley que Autoriza al Presidente de la República para dictar Decretos, con Rango, Valor y Fuerza de Ley, para reforzar la soberanía y protección del pueblo venezolano y el orden constitucional de la República, en Consejo de Ministros,

Presidenta de la República, o el Vicepresidente o Vicepresidenta de la República, parentesco por consanguinidad, hasta el cuarto grado, o de afinidad hasta el segundo, ambos inclusive.

### Impedimento por destitución
**Artículo 46.** No podrá ser designado Procurador o Procuradora General de la República quien haya sido objeto de destitución de cualquier servicio del Estado, en razón de un procedimiento disciplinario o que haya sido condenado mediante sentencia definitivamente firme a pena de presidio o prisión.

### Incompatibilidades
**Artículo 47.** El ejercicio del cargo de Procurador o Procuradora General de la República es incompatible con el desempeño de cualquier otro cargo público o privado, excepto las actividades de carácter accidental, académicas y docentes.

### Competencias específicas
**Artículo 48.** Además de las atribuciones generales que le confiere la Constitución de la República Bolivariana de Venezuela y las leyes, es de la competencia específica del Procurador o Procuradora General de la República:

1. Nombrar y remover al Viceprocurador o Viceprocuradora General de la República, así como a los demás funcionarios y funcionarias que ejercen cargos de alto nivel en el Organismo, aprobar los nombramientos, ascensos, cambios de grado, traslados, jubilaciones, retiros, destituciones y demás actos relativos a la Carrera de la Procuraduría General de la República;

2. Dictar el reglamento interno relativo a la estructura organizativa de la Procuraduría General de la República y la distribución de competencias entre las unidades que la conforman, sin perjuicio de lo establecido en leyes especiales;

3. Dictar el Estatuto relativo al Sistema de la Carrera y de remuneraciones de la Procuraduría General de la República; previa aprobación del Presidente de la República, en Consejo de Ministros;

4. Elaborar y presentar al Ejecutivo Nacional el proyecto de presupuesto anual de la Procuraduría General de la República;

5. Elaborar el plan estratégico anual de la Procuraduría General de República; y aplicar los programas de modernización tecnológica que requiera el mejoramiento organizativo y funcional del Organismo;

6. Comprometer y ejecutar el presupuesto anual de la Procuraduría General de la República y suscribir los contratos que requiera su funcionamiento;

7. Crear y dirigir los comités de asesores que considere convenientes para el mejor cumplimiento de las funciones de la Procuraduría General de la República;

8. Designar representantes de la Procuraduría General de la República ante los distintos organismos nacionales o internacionales;

9. Crear oficinas para que ejerzan con carácter permanente las funciones de la Procuraduría General de la República en las regiones o Estados; así como, establecer sedes y representaciones a nivel internacional, siempre a los fines de atender los asuntos relacionados con la representación y defensa de los derechos, bienes e intereses patrimoniales de la República;

10. Participar, en coordinación con los organismos responsables de las relaciones internacionales y comerciales de la República, en la elaboración de los proyectos de tratados o convenios internacionales, cuyo contenido esté relacionado con los derechos, bienes e intereses patrimoniales de la República;

11. Delegar atribuciones en los funcionarios del Organismo, así como la firma de los documentos que estime necesarios. La Resolución mediante la cual se otorgue la delegación debe publicarse en la Gaceta Oficial de la República Bolivariana de Venezuela;

12. Delegar en los funcionarios del Organismo y sustituir en los funcionarios de otros organismos del Estado la representación y defensa judicial y extrajudicial de la República;

13. Otorgar poderes o mandatos a particulares, cuando la representación y defensa del interés de la República así lo requiera;

14. Aprobar los manuales de procedimientos que requiera el funcionamiento de la Procuraduría General de la República;

15. Establecer directrices de integración y coordinación con las consultorías jurídicas de los órganos del Poder Público Nacional, con las Procuradurías de los Estados y Sindicaturas Municipales, para la mejor defensa de los derechos, bienes e intereses de la República;

16. Las demás que le atribuyan la Constitución de la República Bolivariana de Venezuela, las leyes y demás actos normativos.

### Faltas absolutas y temporales
**Artículo 49.** Las faltas del Procurador o Procuradora General de la República podrán ser absolutas o temporales. Serán causales de dichas faltas las siguientes:

1. En caso de faltas absolutas:

    1.1. La Muerte.
    1.2. La renuncia al cargo.
    1.3. La destitución.
    1.4. El cese definitivo, por cualquier causa, del ejercicio de sus funciones.

2. En caso de faltas temporales:

    2.1. La separación del ejercicio del cargo en virtud de licencia.
    2.2. El uso del derecho a las vacaciones.
    2.3. La suspensión pronunciada en juicio penal.
    2.4. La separación temporal, por cualquier causa, del ejercicio de sus funciones.

Las faltas temporales del Procurador o Procuradora General de la República, y la interinaria en caso de falta absoluta, serán suplidas por el Viceprocurador o la Viceprocuradora General de la República, hasta tanto se provea la vacante.

Si se ausentare temporalmente el Viceprocurador o Viceprocuradora General de la República, mientras suple la falta del Procurador o la Procuradora General de la República, podrá designar a funcionario de su confianza previa autorización del Presidente o Presidenta de la República para suplir tal falta, por un plazo máximo de hasta quince (15) días.

### Otorgamiento de poderes
**Artículo 50.** El Procurador o Procuradora General de la República puede otorgar poder a abogados que no sean funcionarios de la Procuraduría General de la República, para cumplir actuaciones fuera de la República Bolivariana de Venezuela, en representación y defensa de los derechos, bienes e intereses patrimoniales de la República. En este caso, el poder se otorgará con las formalidades legales correspondientes. Cuando los apoderados fueren de nacionalidad extranjera se debe notificar al Presidente o Presidenta de la República.

El Procurador o Procuradora General de la República puede otorgar poder a los Embajadores y Cónsules de la República acreditados en País extranjero, para que éstos, asistidos de abogado, representen a la República, judicial o extrajudicialmente, en los asuntos inherentes a las respectivas representaciones diplomáticas o consulares.

### Delegación
**Artículo 51.** Los funcionarios sustitutos, los que actúen por delegación del Procurador o Procuradora General de la República, y los abogados apoderados, no pueden sustituir la