PLAINTIFF'S EXHIBIT 62

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXLIII - MES VI    Caracas, martes 15 de marzo de 2016    N° 6.220 Extraordinario

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**

Decreto N° 2.173, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Procuraduría General de la República.- (Se reimprime por fallas en los originales).

Decreto N° 2.178, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de la Actividad Aseguradora.- (Se reimprime por fallas en los originales).

---

## PRESIDENCIA DE LA REPÚBLICA

### DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

#### EXPOSICIÓN DE MOTIVOS

La Procuraduría General de la República es un Organismo de rango constitucional, que no puede permanecer ajeno a las efectivas transformaciones, tanto orgánicas como normativas de la Administración Pública, las cuales ameritan que la Institución se mantenga en constante actualización a los fines de la adecuación a una nueva concepción de nuestro ordenamiento jurídico y el perfeccionamiento de las competencias atribuidas a este Organismo, que día a día debe desplegar con firmeza la doble función que le asigna la Constitución de la República Bolivariana de Venezuela, la representación y defensa judicial y extrajudicial y el rol de órgano superior de consulta de la Administración Pública.

Así, la institución debe afianzar el derecho a la autodeterminación de la República Bolivariana de Venezuela o el derecho de nuestro pueblo a la libre determinación, ya que este derecho tiene un lugar privilegiado en la Carta de la Organización de las Naciones Unidas (ONU) y en los dos Pactos Internacionales de Derechos Humanos de 1.966, y en muchos otros tratados internacionales, así pues se regula la posibilidad de que la Procuraduría General de la República extienda su rol como garante de los intereses de la República a través de sus servidores quienes con ocasión de su gestión pudieran ser afectados por acciones injerencistas de Poderes Extranjeros.

Es por ello que puede afirmarse que el derecho de los pueblos a la autodeterminación constituye la base fundamental del Derecho Internacional Contemporáneo; sin embargo, es frecuente observar como los principios democráticos y los derechos humanos son vaciados de contenido por la promoción y la puesta en práctica de un orden económico injusto y desigual, derivado de la privatización y la mercantilización de casi todos los ámbitos de la vida, en detrimento de la soberanía por excelencia de los Estados, menoscabando el derecho a la defensa de sus intereses, entre ellos los intereses patrimoniales.

A fin de rehabilitar el derecho a la soberanía de los pueblos sobre sus recursos naturales, y sus riquezas, componente esencial del derecho a la autodeterminación, se considera entonces que siendo deber constitucional de la Procuraduría General de la República asesorar, defender y representar judicial y extrajudicialmente los intereses patrimoniales de la República, ésta debe velar por la protección de la soberanía y de esta manera evitar que gobierno extranjero alguno pueda intervenir en el libre y soberano ejercicio de ese derecho fundamental.

De esta manera, uno de los objetivos de este Decreto Ley es garantizar el derecho a la autodeterminación de los pueblos, el refuerzo de la actuación frente a acciones o amenazas injerencistas de estados o poderes extranjeros, siendo el deber de la Procuraduría General de la República velar por la protección de estos derechos, y como consecuencia de ello, incidir en el reconocimiento expreso de su carácter constitucional de representante exclusivo -judicial y extrajudicial-, tanto a nivel nacional como internacional, en la defensa de los derechos, bienes e intereses patrimoniales de la República.

Se instituye entonces, en este Decreto Ley, de manera formal, el deber de la Procuraduría General de la República de velar por el derecho a la soberanía del pueblo y su autodeterminación, pudiendo actuar de oficio o a instancias de las máximas autoridades en pro de ese derecho; incluyéndose además, un Capítulo que tiende a facilitar aún más, la actuación judicial de este Organismo a nivel internacional, a través de la posibilidad de convertir recursos en divisas para sufragar los gastos asociados a la representación de la República cuando trascienda las fronteras patrias.

Por otra parte, se regula lo relativo a las faltas del Procurador o Procuradora General de la República, clasificando las faltas en absolutas y temporales, estableciendo en forma legal y expresa, la suplencia de las faltas temporales e interinarias a cargo del Viceprocurador o Viceprocuradora General de la República, esto como necesaria garantía a la permanente protección de los intereses de la República.

Decreto N° 2.173    30 de diciembre de 2015

**NICOLÁS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, la refundación de la Patria venezolana, basado en principios humanistas, sustentado en condiciones morales y éticas que persiguen el progreso del país y del colectivo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido en el numeral 1 del artículo 1° de la Ley que Autoriza al Presidente de la República para dictar Decretos, con Rango, Valor y Fuerza de Ley, para reforzar la soberanía y protección del pueblo venezolano y el orden constitucional de la República, en Consejo de Ministros,

representación conferida, sin la previa y expresa autorización del mismo o la misma.

**Fe pública**
**Artículo 52.** Las actuaciones suscritas por el Procurador o Procuradora General de la República, en el ejercicio de sus atribuciones, merecen fe pública.

Igualmente, el Procurador o la Procuradora podrá solicitar en casos de urgencia que así lo requieran, el oficio de los notarios públicos o notarias públicas, de los funcionarios o funcionarias consulares en ejercicio de sus funciones notariales, así como de los registradores públicos o registradoras públicas para autenticar o protocolizar los actos a ser suscritos en el ejercicio de sus competencias, estando los referidos funcionarios en la obligación de prestar la mayor colaboración y celeridad para el trámite de los actos que se le soliciten, incluso a trasladarse cuando sea requerido a solicitud del Procurador o Procuradora General de la República o quien actúe en su nombre.

## CAPÍTULO III
## DEL PERSONAL DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

**Del Sistema de Carrera de la Procuraduría General de la República**
**Artículo 53.** Se establece el Sistema de la Carrera de la Procuraduría General de la República, el cual se basará en los principios constitucionales y se regirá por las disposiciones de este Capítulo, por el Estatuto del Personal de la Procuraduría General de la República y, supletoriamente, por el Estatuto que rige la Función Pública.

**Conformación del Sistema**
**Artículo 54.** El Sistema de la Carrera de la Procuraduría General de la República lo conforma el conjunto de objetivos, principios, políticas, normas, técnicas, procesos y procedimientos que regulan el ingreso, la estabilidad, la promoción, el desarrollo y el egreso del Organismo.

**Funcionarios de Carrera de la Procuraduría General de la República**
**Artículo 55.** El Sistema de la Carrera de la Procuraduría General de la República se aplica a los funcionarios y funcionarias del Organismo, con excepción de los funcionarios o funcionarias que ocupen cargos de libre nombramiento y remoción, los contratados y los obreros.

Son funcionarios y funcionarias de carrera de la Procuraduría General de la República, los que ingresen al Organismo de conformidad con los requisitos y condiciones establecidos en el Estatuto del Personal de la Procuraduría General de la República, dictado por el Procurador o Procuradora General de la República.

Son de libre nombramiento y remoción los funcionarios y funcionarias que ocupan cargos cuyas funciones son de alto nivel y de confianza. Son cargos de alto nivel los cargos directivos. Son de confianza los cargos que al efecto establezca el Procurador o Procuradora General de la República.

**Políticas**
**Artículo 56.** El Sistema de la Carrera de la Procuraduría General de la República está basado en las siguientes políticas:

1. El ingreso del personal mediante concurso público.
2. El reconocimiento y la ponderación del mérito como base fundamental para la promoción dentro del Organismo.
3. Los resultados positivos de la evaluación del desempeño, como requisito fundamental para garantizar la permanencia y la promoción dentro del Organismo.

**Objetivos**
**Artículo 57.** El Sistema de la Carrera de la Procuraduría General de la República estará orientado hacia el logro de los siguientes objetivos:

1. Garantizar la igualdad de oportunidades para el ingreso al Organismo.
2. La incorporación de personal idóneo y de alto nivel de formación, a través de la compatibilización entre los requisitos del cargo y los atributos de aptitud para desempeñarlos.
3. Garantizar al funcionario el desarrollo profesional, mediante la capacitación, el desempeño en distintas áreas profesionales del Organismo y la promoción.
4. Garantizar la igualdad de oportunidades, la promoción sobre la base de méritos, resultados positivos de la evaluación, las capacidades, las aptitudes y las actitudes.
5. Procurar remuneraciones acordes al nivel de formación profesional y a la magnitud y complejidad de las funciones realizadas.
6. Garantizar al Organismo su funcionamiento, mediante la aplicación de factores de eficiencia y de eficacia.

**Derechos**
**Artículo 58.** En ningún caso, los derechos consagrados a los funcionarios o funcionarias de la Procuraduría General de la República serán inferiores a los reconocidos a los funcionarios públicos o funcionarias públicas en la Constitución de la República Bolivariana de Venezuela y en la ley.

**Contratación**
**Artículo 59.** La Procuraduría General de la República puede, excepcionalmente, contratar los servicios de especialistas sobre materias que requieran conocimientos, experticia y dedicación especial.

## CAPÍTULO IV
## RÉGIMEN DE JUBILACIONES DEL PERSONAL DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

**Derecho a la Jubilación**
**Artículo 60.** Tendrán derecho a la jubilación los funcionarios y funcionarias de la Procuraduría General de la República que hayan alcanzado la edad de cincuenta y cinco (55) años, si es hombre, y cincuenta (50) años, si es mujer, siempre que tengan cumplidos veinte (20) años de servicio, de los cuales, al menos diez (10) deberán haber sido prestados a la Procuraduría General de la República, bien en forma continua o discontinua. Igualmente, tendrá derecho a la jubilación el funcionario o funcionaria que tenga cumplidos treinta (30) años de servicio, cualquiera que sea su edad, siempre que al menos, los últimos cinco (5) años, hubieren sido prestados a la Procuraduría General de la República.

A los efectos de esta disposición, se computarán los años de servicio, ininterrumpidos o no, que los funcionarios o las funcionarias hayan prestado en otros organismos del sector público a los cuales se refiere la Ley sobre el Régimen de Jubilaciones y Pensiones de los Trabajadores y Trabajadoras de la Administración Pública Nacional, Estadal y Municipal.

Igualmente se computará, a los fines de la jubilación, el tiempo de servicio prestado como personal contratado en la Procuraduría General de la República o en cualquier organismo público.

Si del cómputo total efectuado sobre el tiempo de servicio, resultara una fracción igual o mayor de seis (6) meses, ésta se contará igualmente como un año de servicio.

**Supuestos especiales**
**Artículo 61.** Cuando el funcionario o funcionaria de la Procuraduría General de la República con menos de treinta (30) años de servicio, pero más de veinte (20) años de servicio, no alcance la edad mínima requerida para ser jubilado, se computará a su favor el número de años de servicio que exceda de veinte (20), hasta que acumule, entre edad y antigüedad, una suma total equivalente a setenta (70) años para el hombre y sesenta y cinco (65) para la mujer.