

Caracas, 30 de julio de 2018.

Messrs
Vincent Andrews
Edward P Swyer
Alexis Arellano
Trustees
PDVSA US Litigation Trust

Dear Sirs:

Please find attached the following documents: (i) "Notice of Removal of Trustee and Appointment of Successor Trustee"; and (ii) "Notice of Acceptance by Successor Litigation Trustee", from Marcos Alejandro Rojas to the Trust, indicating such successor Litigation Trustee's acceptance of the appointment as such, in each case (i) and (ii) under, and pursuant to, Article IV of the PDVSA U.S. Litigation Trust Agreement, dated July 27, 2017, as amended by Amendment Number One to the PDVSA U.S. Litigation Trust Agreement, dated April 10, 2018.

Very truly yours,

**Manuel Salvador Quevedo Fernandez**
President and CEO
Petróleos de Venezuela, S.A.

PLAINTIFF'S EXHIBIT 63



Caracas, of 27 July 2018.

## NOTICE OF REMOVAL OF TRUSTEE
## AND APPOINTMENT OF SUCCESSOR TRUSTEE

This Notice of Removal of Trustee and Appointment of Successor Trustee of the PDVSA US Litigation Trust (the "Trust") is given this 27th day of July 2018, in accordance with Article IV of the PDVSA U.S. Litigation Trust Agreement, dated July 27, 2017, as amended by Amendment Number One to the PDVSA U.S. Litigation Trust Agreement, dated April 10, 2018 (as so amended, the "Agreement"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

Pursuant to Section 4.1(c) of the Agreement, Alexis Antonio Arellano Melendez ("Mr. Arellano") was duly designated as the original "PDVSA Appointee" as Litigation Trustee. Pursuant also to Section 4.1(c) of the Agreement, the "PDVSA Appointer" is defined as the "President of PDVSA." I, Manuel Salvador Quevedo Fernández, hold the office of President of PDVSA.

Under Section 4.6 of the Agreement, a "Litigation Trustee may be removed for Cause," which is defined in Annex A to the Agreement as including "willful failure to perform his material duties which is not remedied within thirty (30) days of notice." An "act or failure to act shall be considered 'willful' unless it is done, or permitted to be done" with "reasonable belief that such person's act or omission was in the best interests of the Trust."

Notwithstanding Mr. Arellano's intentions to faithfully perform the functions and discharge the duties of his office under the Agreement, circumstances proved to be such that he was unable to do so. Since the inception of the Trust, Mr. Arellano has not responded to numerous communications and notices requesting his participation in matters concerning the Trust, and has not remedied such failures to perform his duties. Under these circumstances, his removal as a Litigation Trustee is in the best interests of the Trust so that a successor Litigation Trustee who is capable of performing the functions and discharging the duties of his office may be appointed. Accordingly, as PDVSA Appointer under the Agreement, I hereby remove Mr. Arellano as a Litigation Trustee for Cause, effective immediately, in accordance with Section 4.6 of the Agreement.

Pursuant to Section 4.7 of the Agreement, "In the event of the removal of the Litigation Trustee, the applicable appointer under Section 4.1 shall designate a successor Litigation Trustee." Under Section 4.1(c), "The PDVSA Appointer has the sole authority to select the successor(s) of the original PDVSA Appointee." In my capacity as PDVSA Appointer under the Agreement, and pursuant to the power granted to me in such capacity thereunder, in accordance with Section 4.7 of the



PLAINTIFF'S EXHIBIT 63A

 **PDVSA**

Agreement I hereby appoint Marcos Alejandro Rojas as a successor Litigation Trustee under the Agreement in replacement of former Litigation Trustee Arellano.

As indicated in the attached instrument of even date herewith, Mr. Marcos Alejandro Rojas has accepted his appointment as successor Litigation Trustee under the Agreement and agreed to be bound thereto. Pursuant to Section 4.7 of the Agreement, Mr.'s appointment as successor Litigation Trustee is effective immediately, and, as Litigation Trustee, (s)he has "become vested with all rights, powers, trusts, and duties" of former Litigation Trustee Arellano.

In witness whereof, I have hereunto set my hand at Caracas, Venezuela, as of the date first written above.

_____
Manuel Salvador Quevedo Fernández
President and CEO
PETROLEOS DE VENEZUELA, S.A.



PLAINTIFF'S EXHIBIT
63B

 **PDVSA**

Caracas, of 27 July 2018.

## NOTICE OF ACCEPTANCE BY SUCCESSOR LITIGATION TRUSTEE

This Notice of Acceptance by Successor Litigation Trustee of the PDVSA US Litigation Trust (the "Trust") is given and delivered to the Trust this 31 de julio of 2018, under and in accordance with Article IV of the PDVSA U.S. Litigation Trust Agreement, dated July 27, 2017, as amended by Amendment Number One to the PDVSA U.S. Litigation Trust Agreement, dated April 10, 2018 (as so amended, the "Agreement"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Agreement.

In accordance with Section 4.7 of the Agreement, by means of this instrument, I, Marcos Rojas Alejandro, hereby accept my appointment under the Agreement as successor Litigation Trustee pursuant to the instrument "Notice of Removal of Trustee and Appointment of Successor Trustee" given the 27th day of July 2018 and duly executed and acknowledged by Manuel Salvador Quevedo Fernández, in his capacity as President of PDVSA and, thus, PDVSA Appointer, pursuant to the exercise of his powers under, and in accordance with, Sections 4.1(c) and 4.7 of the Agreement.

I also agree, in accordance with Section 4.7 of the Agreement, to be bound by the Agreement. Upon delivery of this instrument, as duly executed and acknowledged by me, to the Trust, without any further act, deed, or conveyance, I shall become vested with all rights, powers, trusts, and duties of former Litigation Trustee and original PDSVSA Appointee Alexis Arellano.

In witness whereof, I have here unto set my hand at Caracas, Venezuela, as of the date first written above.

*[signature]*
Marcos Alejandro Rojas

PLAINTIFF'S EXHIBIT 63C



Caracas, el 30 de julio de 2018.

Señores
Vincent Andrews
Edward P Swyer
Alexis Arellano
Fideicomisarios
PDVSA US Litigation Trust (el "Fideicomiso")
Presente.

De mi mayor consideración,

Sírvanse encontrar anexos los siguientes documentos: (i) "Aviso de Remoción de Fideicomisario y Designación de Fideicomisario Sucesor"; y (ii) "Aviso de Aceptación por Fideicomisario Sucesor", por parte de Marcos Alejandro Rojas al Fideicomiso, indicando la aceptación del referido Fideicomisario(a) sucesor (a) de su designación como tal, en cada caso (i) y (ii) según y en conformidad con el Artículo IV del "PDVSA U.S. Litigation Trust Agreement", de fecha 27 de julio de 2017, enmendado por "Amendment Number One to PDVSA U.S. Litigation Trust Agreement", de fecha 10 de abril de 2018.

Muy atentamente,

**Manuel Salvador Quevedo Fernández**
Presidente y CEO
PETRÓLEOS DE VENEZUELA, S.A.



PLAINTIFF'S EXHIBIT 63 D



Caracas, 27 de julio de 2018.

## AVISO DE REMOCIÓN DE FIDEICOMISARIO
## Y DESIGNACION DE FIDEICOMISARIO SUCESOR

Este "Aviso de Remoción de Fideicomisario y Designación de Fideicomisario Sucesor" del "PDVSA US Litigation Trust" (el "Fideicomiso") es otorgado el 27 de julio de 2018, en conformidad con el Articulo IV del "PDVSA U.S. Litigation Trust Agreement", de fecha 27 de julio de 2017, enmendado por "Amendment Number One to PDVSA U.S. Litigation Trust Agreement", de fecha 10 de abril de 2018 (reflejando tal enmienda, el "Acuerdo"). Los términos destacados utilizados y no definidos de otra manera en este documento tendrán los significados que se les atribuyen en el Acuerdo.

En conformidad con la Sección 4.1(c) del Acuerdo, Alexis Antonio Arellano Meléndez (el "Sr Arellano") fue debidamente designado como el "PDVSA Appointee" (Designado PDVSA) original en su capacidad de "Litigation Trustee" (un "Fideicomisario"). En conformidad de igual modo con la Sección 4.1(c) del Acuerdo, el "PDVSA Appointer" (Designador PDVSA) se define como el presidente actual de PDVSA. Yo, Manuel Salvador Quevedo Fernández, ocupo el cargo de Presidente de PDVSA.

Bajo la Sección 4.6 del Acuerdo, un "Fideicomisario puede ser removido por Causa", que se define en el Anexo A del Acuerdo incluyendo "incumplimiento voluntario de sus deberes materiales". . . que no se remedie dentro de treinta (30) días desde su notificación. Un "acto" o falta de actuar. se considerará 'voluntario' a menos que sea realizado, o se permita que se realice" con "creencia razonable de que el acto u omisión de tal persona fue en el mejor interés del Fideicomiso".

A pesar de las intenciones del Sr Arellano de desempeñar fielmente las funciones y cumplir con los deberes de su cargo bajo el Acuerdo, tales circunstancias demostraron su imposibilidad de hacerlo. Desde el inicio del Fideicomiso, el Sr Arellano no ha respondido a numerosas comunicaciones y avisos solicitando su participación en asuntos relacionados con el Fideicomiso, y no ha remediado tales fallas en el desempeño de sus funciones. Bajo estas circunstancias, su remoción como Fideicomisario es en el mejor interés del Fideicomiso para que un Fideicomisario sucesor que sea capaz de realizar las funciones y cumplir con los deberes de su cargo pueda ser designado. En consecuencia, como PDVSA Appointer bajo el Acuerdo, por la presente destituyo al Sr. Arellano como Fideicomisario, por Causa, con vigencia inmediata, en conformidad con la Sección 4.6 del Acuerdo.

En conformidad con la Sección 4.7 del Acuerdo, "En el caso de remoción del Fideicomisario, el designante aplicable bajo la Sección 4.1 designará a un Fideicomisario sucesor". Bajo la Sección 4.1(c), el " designante por PDVSA tiene la autoridad exclusiva de elegir al (a los) sucesor (es) del originalmente designado por PDVSA". En mi capacidad como designante por PDVSA bajo el Acuerdo, y en virtud de la facultad que se me concede en dicha capacidad, de conformidad con la Sección 4.7 del Acuerdo, por la presente designo a Marcos Alejandro Rojas como un Fideicomisario sucesor bajo el Acuerdo en reemplazo del antiguo Fiduciario Arellano.





Caracas, 27 de julio de 2018.

## AVISO DE ACEPTACIÓN POR FIDEICOMISARIO SUCESOR

Este "Aviso de Aceptación por Fideicomisario Sucesor" del "PDVSA US Litigation Trust" (el "Fideicomiso") se otorga y se entrega al Fideicomiso el 31 de julio de 2018, según y en conformidad con el Artículo IV del "PDVSA U.S. Litigation Trust Agreement", de fecha 27 de julio de 2017, enmendado por "Amendment Number One to PDVSA U.S. Litigation Trust Agreement", de fecha 10 de abril de 2018 (reflejando tal enmienda, el "Acuerdo"). Los términos destacados utilizados y no definidos de otra manera en este documento tendrán los significados que se les atribuyen en el Acuerdo.

En conformidad con la Sección 4.7 del Acuerdo, por medio de este instrumento, yo, Marcos Alejandro Rojas, acepto mi designación bajo el Acuerdo como "Litigation Trustee" (un(a) "Fideicomisario(a)") sucesor(a) en conformidad con el instrumento "Aviso de Remoción de Fideicomisario y Designación de Fideicomisario Sucesor", otorgado el 27 de julio de 2018 y debidamente ejecutado y reconocido por Manuel Salvador Quevedo Fernández, en su calidad de Presidente de PDVSA y, por lo tanto, el "PDVSA Appointer" (Designante PDVSA), en virtud del ejercicio de sus facultades bajo, y en conformidad con, las Secciones 4.1(c) y 4.7 del Acuerdo.

También de acuerdo, en conformidad con la Sección 4.7 del Acuerdo, estar sujeto(a) por el Acuerdo. En el momento de la entrega de este instrumento, debidamente ejecutado y reconocido por mí, al Fideicomiso, sin más acto, escritura o transferencia, quedaré investido(a) de todos los derechos, poderes, fideicomisos y deberes del antiguo Fideicomisario y "PDVSA Appointee" (Designante PDVSA) original Alexis Arellano.

En testimonio de lo cual, he suscrito la presente en Caracas, Venezuela, en la fecha anteriormente escrita.

_____
Marcos Alejandro Rojas



PLAINTIFF'S EXHIBIT 63 F