**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:18-CV-20818-DPG**

PDVSA US LITIGATION TRUST,

        Plaintiff,

   v.

LUKOIL PAN AMERICAS LLC, et al.,

        Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO**
**THE REPORT AND RECOMMENDATION IMPOSING SANCTIONS**

## **TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ......................................................................................1

MEMORANDUM OF LAW ........................................................................................................3

II.    BACKGROUND ...............................................................................................................3

    A.    The Trust Claimed That It Could Only Provide Mr. Munoz Pedroza and
Dr. Cabeza for Deposition ........................................................................................3

    B.    The Trust Did Not Qualify Munoz Pedroza's or Cabeza's Availability for
Deposition, Which the Court Repeatedly Relied on For Its Discovery
Orders.........................................................................................................................5

    C.    Defendants' Only Option During Discovery Was to Depose Relevant
PDVSA Employees Via In-Person Depositions .......................................................7

    D.    Defendants Had No Choice But to Seek Sanctions .................................................8

III.    ARGUMENT ....................................................................................................................9

    A.    Standards of Review .................................................................................................9

    B.    As PDVSA's Supposed Assignee, the Trust is Obligated to Provide
Discovery From PDVSA Itself, or Else Be Subject to Discovery Sanctions ........10

    C.    The Trust Unquestionably Violated Multiple Discovery Orders..........................12

    D.    The Failures to Produce Mr. Munoz Pedroza and Dr. Cabeza Were Neither
Substantially Justified Nor Harmless....................................................................14

        1.    The failures were not substantially justified ..............................................15

        2.    The failures were prejudicial ......................................................................16

        3.    Plaintiff, not Defendants, created this situation .......................................16

IV.    CONCLUSION...............................................................................................................17

i

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Bank of New York v. Meridien Biao Bank Tanzania Ltd.*,
    171 F.R.D. 135 (S.D.N.Y. 1997) ................................................................................. 11

*Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips
    Petroleum Co.*,
    105 F.R.D. 16 (S.D.N.Y. 1984) ................................................................................... 11

*Daniels v. Jones*,
    2016 WL 1701940 (S.D. Fla. 2016) ...................................................................... 10, 16

*In re Infant Formula Antitrust Litig.*,
    No. MDL 878, 1992 WL 503465 (N.D. Fla. Jan. 13, 1992) ............................... 11, 12

*Jack v. Trans World Airlines, Inc.*,
    1994 WL 90107 (N.D. Cal. Mar. 4, 1994) ................................................................ 11

*JPMorgan Chase Bank v. Winnick*,
    228 F.R.D. 505 (S.D.N.Y. 2005) ............................................................................... 10

*Martinair Holland, N.V. v. Benihana, Inc.*,
    2018 WL 4620307 (S.D. Fla. 2018) ....................................................................... 9, 10

*Natta v. Hogan*,
    392 F.2d 686 (10th Cir. 1968) ................................................................................... 11

*Nguyen v. IBP, Inc.*,
    162 F.R.D. 675 (D. Kan. 1995) .................................................................................. 15

*Properties Int'l Ltd. v. Turner*,
    706 F.2d 308 (11th Cir. 1983) ................................................................................... 11

*Stallworth v. E-Z Serve Convenience Stores*,
    199 F.R.D. 366 (M.D. Ala. 2001) ......................................................................... 14, 15

*Starks v. United States*,
    2010 WL 4192875 (S.D. Fla. 2010) ...................................................................... 10, 16

*Sundale Ltd. v. Kapila*,
    2018 WL 1709716 (S.D. Fla. 2018) ........................................................................... 10

*Travelers Indemnity Co. of Am. v. Kendrick Bros. Roofing, Inc.*,
    No. 1:10–cv–00604–BLW, 2013 WL 6681240 (D. Idaho Dec. 18, 2013) ............... 12

ii

*Williams v. McNeil*,
   557 F.3d 1287 (11th Cir. 2009) ................................................................................................. 10

## **Rules and Regulations**

Fed. R. Civ. P. 37(b)(2)(C) ........................................................................................................... 14

Fed. R. Civ. P. 37(d)(3)................................................................................................................. 14

Fed. R. Civ. P. 72(b) ..................................................................................................................... 10

Defendants Glencore Ltd., Glencore Energy UK Ltd., Trafigura Trading LLC, Helsinge, Inc., Helsinge, Ltd., Helsinge Holdings, LLC, Colonial Group, Inc., Colonial Oil Industries, Inc., Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Murraoui, Gustavo Gabaldon, Sergio de la Vega, Luis Alvarez, Paul Rosado, Daniel Lutz, Luis Liendo, Lukoil Pan Americas LLC, BAC Florida Bank, John Ryan, and Jose Larocca (collectively "Defendants") respectfully respond to Plaintiff PDVSA US Litigation Trust's ("Plaintiff") Objections to the Report and Recommendation Imposing Sanctions ("Objections") [D.E. 675].

## I.     PRELIMINARY STATEMENT

Plaintiff's Objections demonstrate its continuing refusal to even remotely acknowledge what this Court recently observed were its "repeated discovery violations, often followed by dubious excuses."  [D.E. 679 at 7.]  In the Report and Recommendation Imposing Sanctions [D.E. 670] ("Sanctions R&R") to which Plaintiff now objects, the Magistrate Judge made similar observations and recommended limited monetary sanctions based on Plaintiffs' last-minute cancellation of two depositions just days before they were scheduled to take place, after Defendants had incurred substantial attorneys' fees preparing to take those depositions.  The Magistrate Judge correctly recommended that Plaintiff, not Defendants, should bear the costs of its eleventh-hour cancellation of those depositions.

In the Sanctions R&R, the Magistrate Judge noted four separate discovery orders that explicitly required Plaintiff to make key PDVSA witnesses available for deposition by clearly-defined dates.  Plaintiff did not, even though throughout the process leading to the discovery orders, Plaintiff represented to the Court in hearings (and Defendants in parallel correspondence) that the requested witnesses *would* appear for deposition.  The Court understandably relied on Plaintiff's representations and issued discovery orders each time that gave Plaintiff a few more

1

weeks to comply, until the final order, which required Plaintiff to either make the witnesses available or confirm, once and for all, that Plaintiff would not abide by its discovery obligations.

In its effort to now avoid Rule 37's mandatory sanctions, Plaintiff relies on the same mischaracterizations of the facts it tried to employ when arguing against sanctions in the first place, once again refuses to acknowledge its own commitments on the record to the Magistrate Judge that were subsequently embodied in Court orders, and continues to ignore the law that, as PDVSA's supposed assignee, it was (and remains) obligated to provide discovery to Defendants, or else be subject to mandatory sanctions under Rule 37.

Sanctions are appropriate here for the simple reason that Plaintiff repeatedly violated discovery orders the Court established based on Plaintiff's own representations. The record indisputably shows that, after claiming it could not provide any others from PDVSA, Plaintiff committed to providing two deponents—PDVSA's Rule 30(b)(6) representative, Hilda Cabeza, and Venezuela's *Procurador General*, Reinaldo Munoz Pedroza—on specific dates. Plaintiff made no qualifications regarding those deponents' availability for deposition, and the Court relied on Plaintiff's representations when issuing a subsequent discovery order confirming—and, more importantly, mandating—the deposition dates for each individual. The record further shows that Plaintiff canceled the depositions at the last instant, on the (subsequently disproven) premise that the deponents could not travel outside of Venezuela. Throughout, the record shows that Defendants diligently and in good faith sought the only legally-viable means they had available to question these individuals: depositions either in the United States or in a country that, unlike Venezuela, allowed voluntary depositions (either in-person or by video).

Rule 37 requires sanctions under these circumstances; it is not a question of Plaintiff's attorneys' diligence or good faith. Plaintiff violated a straightforward, Court-ordered discovery

obligation, one that severely prejudiced Defendants due to their inability to question any witnesses on the Venezuelan side of the Trust Agreement about the propriety and validity of that agreement.  Plaintiff offers no viable justification for this failure, instead simply claiming that it had no obligation to produce PDVSA witnesses in this case, even though the law clearly compels it to do so as PDVSA's supposed assignee.  Accordingly, Plaintiff is obligated to reimburse Defendants for the costs and fees they expended preparing for the depositions and subsequently seeking sanctions.  Raising the same old defenses to that obligation does not change the result.

## MEMORANDUM OF LAW

## II.    BACKGROUND

The Sanctions R&R contains a lengthy and comprehensive discussion of the factual background underlying the dispute over the Munoz Pedroza and Cabeza depositions.  [*See* D.E. 670 at 2-15.]  Defendants therefore will not repeat that full history here.  In order to respond to the Objections, however, Defendants note the following facts that Plaintiff either badly mischaracterizes or ignores entirely.

### A.    The Trust Claimed That It Could Only Provide Mr. Munoz Pedroza and Dr. Cabeza for Deposition

On April 21, 2018, following a directive from the Court to meet and confer about deponents, Defendants identified a list of ten potential deponents to the Trust.  This included a number of PDVSA representatives.  Particularly relevant to the current dispute is that, in its First Discovery Order, the Court ordered the parties to meet and confer regarding, *inter alia*, the "[a]vailability of PDVSA's corporate representative for deposition by Defendants," as well as "Reinaldo Munoz Pedroza ('Pedroza'), Nelson Martinez ('Martinez'), Alexis Arellano

('Arellano'), and Manuel Quevedo ('Quevedo')."  [D.E. 278, at 3.][1]  Defendants also inquired about Miguel Bolivar, who was the first PDVSA trustee.

In the subsequent, Court-ordered meet and confers, Plaintiff made clear that most of the requested PDVSA-related witnesses were unavailable for deposition: Martinez—who is unquestionably one of the most important witnesses from the Venezuelan side, because he purportedly signed the Trust Agreement on behalf of PDVSA—had been arrested and incarcerated by Maduro's regime in Venezuela; Arellano and Bolivar were (and remain) missing; and Quevedo refused.  Mr. Munoz Pedroza and Dr. Cabeza (as PDVSA's Rule 30(b)(6) corporate representative), however, initially agreed to appear in New York for deposition.  The Court subsequently confirmed this agreement and ordered both depositions in its May 1, 2018 Second Discovery Order.  [D.E. 355, at 2.]  The same day, the Court ordered the parties to make their respective deponents available for deposition by May 22, 2018.  [D.E. 356]

Plaintiff subsequently represented that it could not produce Mr. Munoz Pedroza or Dr. Cabeza by May 22, and the Court therefore set new timelines.  In its Fourth Discovery Order, the Court stated that "the deposition of Mr. Reinaldo Munoz Pedroza is scheduled to take place on May 30, 2018 in New York, New York."  [D.E. 390, at 3.]  After Dr. Cabeza said she would not travel to the United States, Defendants offered to depose her in a country that allows voluntary depositions—Venezuela prohibits even voluntary depositions except under specific procedures Plaintiff has not implemented here.  Consequently, in its Fourth Discovery Order, the Court also ordered Plaintiff to provide "the agreed deponent, date and location for…the Rule 30(b)(6) representative of PDVSA" for inclusion in a Joint Notice to be filed by the parties.  *Id.* at 4.

---

[1]  Mr. Munoz Pedroza, the *Procurador General* of Venezuela, and Mr. Martinez, the former Venezuelan Minister of People's Petroleum Power, are both purported signatories of the Trust Agreement.  Mr. Arellano was one of the alleged original trustees of the Trust and purported to

4

As the Sanctions R&R notes, however, a few days before Mr. Munoz Pedroza's deposition, Plaintiff unilaterally canceled it because Mr. Maduro, "the President of Venezuela had restricted travel of government officials outside the country." This claim was subsequently proven untrue, [*see* D.E. 466 (documenting instances that Venezuelan officials traveled outside the country); *see also* D.E. 679 at 7 (noting Plaintiff's excuses for its "repeated discovery violations" were "dubious")]; however, the parties nevertheless once again returned to the Court to resolve certain other discovery disputes and the Court, faced with this and other delays, extended the deadline for standing-related depositions in its Fifth Discovery Order, this time until June 11, 2018. [D.E. 404, at 4.]

Following the Fifth Discovery Order, Dr. Cabeza agreed to sit for her deposition in Madrid on June 8. Defendants began preparing for that deposition and were prepared to travel to Spain when, on the morning of June 6, Plaintiff informed them "the President of Venezuela [Maduro] and the President of PDVSA have instructed Dr. Cabeza that she is not permitted to leave the country for her deposition." As noted above, subsequent events demonstrated this claim was demonstrably untrue. [D.E. 466.]

**B.**     **The Trust Did Not Qualify Munoz Pedroza's or Cabeza's Availability for Deposition, Which the Court Repeatedly Relied on For Its Discovery Orders**

Throughout the Objections, Plaintiff claims it could not control PDVSA's witnesses, and that the Magistrate Judge agreed she could not order those witnesses to appear. [*See*, *e.g.*, D.E. 675 at 13-14.] These arguments, however, completely misconstrue the history of the lead up to the canceled Munoz Pedroza and Cabeza depositions. In fact, through the entirety of the standing-related discovery process, Plaintiff represented repeatedly to the Court and to

---

sign the Trust Agreement. Mr. Quevedo is the current Venezuelan Minister of People's Petroleum Power and the head of PDVSA.

Defendants that Mr. Munoz Pedroza and Dr. Cabeza *would* appear.  Some examples:

> MR. D. BOIES:  Under the scheduling order, each side was given the opportunity
> to take four depositions.  The defendants gave us a list of witnesses in the order in
> which they would like them to be made available.  We have been able to arrange
> to make available the first three witnesses that they requested, which is the
> 30(b)(6) deposition of the Trust, a 30(b)(6) deposition of PDVSA and a
> deposition of the Procurador General or General Attorney of Venezuela,
> Reynaldo Muñoz. … So, what we have agreed to do is to produce the first three
> [deponents].

[D.E. 478-1, at 6-7 (excerpting Apr. 30, 2018 Hr'g Tr. at 12-13).]

> Ms. Cabeza will not be available for deposition in the United States but she is
> available for deposition in Venezuela after May 21. Mr. Munoz Pedroza is
> available to sit for deposition in New York during the week of May 28.

[*Id.*at 8 (May 8, 2018 email from Plaintiff counsel to Defendant counsel).]

> Furthermore, as also discussed during today's call, we understand that the
> 30(b)(6) representative for PDVSA will be Hilda Cabeza.  Plaintiff is going to get
> back to us regarding Ms. Cabeza's availability to sit for deposition in the United
> States during the month of May.  Plaintiff also indicated that Mr. Munoz Pedroza
> is available to sit for deposition in the United States during the week of May 28th.
> Once you provide us with dates for Ms. Cabeza we will need to discuss how to
> amend the current schedule to permit the taking of these depositions in the United
> States.

[*Id.* at 9 (May 7, 2018 email from Defendant counsel summarizing call with Plaintiff counsel).]

> We can confirm that Procurator [sic] General, Renaldo Munoz Pedroza, will be
> available for a deposition in New York on May 3, 2018.

[*Id.* at 10 (May 22, 2018 email from Plaintiff counsel to Defendant counsel).]

> Ms. Cabeza, the PDVSA Rule 30(b)(6) witness, is available in Madrid on June 7.

[*Id.* at 13 (May 25, 2018 email from Plaintiff counsel to Defendant counsel).]

As the Sanctions R&R recounts, there were numerous instances where Plaintiff's counsel

represented to the Court that Mr. Munoz Pedroza and Dr. Cabeza *would* appear for deposition

(although, in Dr. Cabeza's case, Plaintiff's counsel stated that would have to occur outside of the

United States, an accommodation Defendants agreed to make).  [D.E. 670 at 6-10.]  Although

Plaintiff's counsel at other points claimed in general fashion that it could not control PDVSA's witnesses, Defendants consistently argued throughout standing-related discovery that Plaintiff was obligated to provide discovery from PDVSA, because it was PDVSA's purported assignee. Accordingly, Plaintiff agreed to make the deponents available, and committed to doing so on specific dates. [*Id.*] The Court then incorporated those dates into multiple stipulated discovery orders. [*Id.* at 17-18 (citing D.E. 355, 370, 395, 404).]

C.   **Defendants' Only Option During Discovery Was to Depose Relevant PDVSA Employees Via In-Person Depositions**

In the Objections, Plaintiff argues that Defendants rejected alternatives to in-person depositions for Mr. Munoz Pedroza and Dr. Cabeza. [D.E. 675 at 6-8.] That is incorrect. As all conceded throughout the standing-related discovery process, the only way Defendants could take depositions in Venezuela was if they complied with the Hague Convention. However, all also agreed there was no practicable way for Defendants to timely utilize the "very lengthy, lengthy" Hague Convention process within the Court's standing-related discovery schedule. *See*, *e.g.*, May 29, 2018 Hr'g Tr. at 47:12-15 (the Trust's lawyer, David Boies, making this concession). That constraint held true even with the multiple extensions the Court granted in order to accommodate Plaintiff.

With respect to other alternatives, the Trust implies—just as it did throughout the standing-related discovery period—that Defendants could have taken a video deposition from the U.S. of individuals located in Venezuela. [D.E. 675 at 7.] That is incorrect. As Defendants consistently noted and briefed throughout the standing-related discovery process, even voluntary depositions by video-conference are illegal under Venezuelan law unless the parties comply with the Hague Convention's strictures. [D.E. 670 at 11 (excerpting argument in which defense counsel noted that Defendants' understanding was that Venezuelan law forbade voluntary

depositions, even with permission of the deponent); D.E. 615 at 14 & n.8 (citing U.S. State Department guidance and Venezuela's official response to a Hague Convention Questionnaire); *see also* D.E. 388 at 12-13; 478 at 9-11.] Plaintiff has never cited any contrary authority (and still does not do so here).

Plaintiff also now claims that Defendants "rejected" a Rule 30(b)(6) deposition in the U.S. [D.E. 675 at 6, 8.] That is, once again, incorrect. Plaintiff mentioned a U.S.-based Rule 30(b)(6) deposition as a possibility at the May 23, 2018 hearing, but then subsequently promised to make Cabeza available as the Rule 30(b)(6) designee by the Court-ordered deadline. When Cabeza canceled at the last instant, Plaintiff did not suggest it would (or could) provide a U.S.-based Rule 30(b)(6) representative within the time frame the Court established for depositions, a deadline that had already been extended four separate times by stipulation and Court order.

**D.**     <u>Defendants Had No Choice But to Seek Sanctions</u>

Throughout the sanctions process, Defendants' point has been that, by failing to make witnesses available in countries that permit voluntary depositions—as it originally committed to do—Plaintiff blocked Defendants from discovering key facts relating to standing, even though PDVSA seemed all too willing to provide discovery from Venezuelan-based witnesses when convenient for the Trust. [D.E. 601-1 at 6 (submitting, during the evidentiary hearing on standing, a supposed attestation from Martinez, who Plaintiff previously claimed was unavailable for deposition).] Defendants therefore sought an appropriate sanction to remedy that game playing, particularly because the stated basis for the witnesses' unavailability—the supposed inability to travel outside of Venezuela—was demonstrably untrue. [D.E. 466 (documenting instances that Venezuelan officials traveled outside the country).]

Plaintiff attempts to frame this current dispute as Defendants "rush[ing]" to seek

sanctions, [D.E. 675 at 8-9], or somehow manufacturing prejudice. [*Id.* at 18-20.] The facts, however, speak for themselves, and belie such a claim.

Although Defendants originally requested depositions from multiple PDVSA witnesses, they settled on the two that the Trust claimed it would actually provide in discovery. Defendants did not seek sanctions for the Trust's failure to produce other witnesses, even though the other witnesses were central to the Trust's supposed standing, until Plaintiff attempted to offer evidence at the standing hearing from the very witnesses it had previously claimed were unavailable, and even then Defendants sought only exclusion of those particular exhibits (those orders are the subject of prior briefing). When the Trust subsequently claimed that Mr. Munoz Pedroza and Dr. Cabeza could not appear on the agreed dates, Defendants stipulated *multiple times* to extend the standing-related discovery schedule. They did so explicitly to allow the Trust to provide deponents critical to the standing inquiry. Four separate times, however, the Trust failed to do so. It was only after that final time that Defendants moved for sanctions, presented as they were with an imminent evidentiary hearing and outright refusals to provide the witnesses within the Court-ordered discovery schedule.

## III.   ARGUMENT

### A.   Standards of Review

"A district court may accept, reject, or modify a magistrate judge's report and recommendation" on dispositive matters (which is how courts treat a Report & Recommendation on a sanctions motion). *Martinair Holland, N.V. v. Benihana, Inc.*, 2018 WL 4620307, at *1 (S.D. Fla. 2018) (Gayles, J.). "Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections pinpoint the specific findings that the party disagrees with," but "[a]ny portions of the report and recommendation to which *no*

specific objection is made are reviewed only for clear error." *Id.* (quotation marks omitted); *Sundale Ltd. v. Kapila*, 2018 WL 1709716, at *1 (S.D. Fla. 2018) (Gayles, J.) (same).[2]

"[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Courts routinely exercise that discretion to hold that "[a]rguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation." *Starks v. United States*, 2010 WL 4192875, at *3 (S.D. Fla. 2010); *Daniels v. Jones*, 2016 WL 1701940, at *1 (S.D. Fla. 2016) (Gayles, J.) (holding an argument not presented to the Magistrate Judge was "not properly considered before this Court in the first instance" and quoting case law stating "[p]arties must take before the magistrate, not only their 'best shot' but all of their shots").

**B.**      **As PDVSA's Supposed Assignee, the Trust is Obligated to Provide Discovery From PDVSA Itself, or Else Be Subject to Discovery Sanctions**

A fundamental, erroneous premise underlying the entirety of the Objections is that Plaintiff was supposedly only obligated to make best efforts to provide discovery from PDVSA, and that a failure to provide such discovery was a failure of *proof* rather than a failure to abide by Plaintiff's discovery obligations.  [D.E. 675 at 2.]  That is incorrect.

PDVSA, the supposed assignor of the Trust's claims, was required to also participate in discovery, since the Trust claimed to stand in its shoes.  *See JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005) (requiring assignee to produce its assignor's documents because "the assignees are suing in the shoes of the original lenders, having purchased the right to bring the lawsuit, there is nothing unfair about imposing on them the cost of purchasing

---

[2]   Contrary to the Trust's incorrect claim, *de novo* review "does not indicate that a second evidentiary hearing is required."  Fed. R. Civ. P. 72(b) Advisory Committee's Note.

cooperation or otherwise complying with discovery obligations"); *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 149 (S.D.N.Y. 1997) ("It would be patently unfair if [the assignee] were able to continue to discover relevant information from [its adversary] while relegating [its adversary] to seek information from [the assignor] as a non-party"); *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992) (courts treat both the "assignor and the assignee as parties for discovery") (citing *Natta v. Hogan*, 392 F.2d 686, 691 (10th Cir. 1968) (internal citations omitted)).

It is well established that "a third party [assignor] with a substantial interest in the litigation cannot be allowed to frustrate the rules of discovery to the disadvantage of another party." *Infant Formula*, 1992 WL 503465, at *10 (quoting *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 34 (S.D.N.Y. 1984)). If that third party assignor does prevent discovery, then sanctions against the assignee are appropriate. *Properties Int'l Ltd. v. Turner*, 706 F.2d 308, 311 (11th Cir. 1983) (awarding dismissal sanctions where plaintiff assignee claimed, *inter alia*, that it could not produce copy of assigned mortgage and note because they were still in assignor's possession).

Furthermore, by selecting the U.S. as the forum for its claims (via the Trust Agreement, in which it allegedly assigned its claims to the Trust), PDVSA obligated itself to make its witnesses available to sit for deposition and provide other discovery according to the Federal Rules. *See, e.g., Jack v. Trans World Airlines, Inc.*, 1994 WL 90107, at *1 (N.D. Cal. Mar. 4, 1994) (foreign plaintiffs were required to submit to depositions in U.S., and other plaintiffs' efforts to conduct their depositions abroad were rejected). Plaintiff ignores that the case law holds it is unfair (and impermissible) to require defendants to go through even ***Rule 45's*** procedures to obtain discovery from an assignor—a procedure far less time-consuming,

11

burdensome, and expensive than the notoriously protracted and less productive Hague Convention process.  *See, e.g., Travelers Indemnity Co. of Am. v. Kendrick Bros. Roofing, Inc.*, No. 1:10–cv–00604–BLW, 2013 WL 6681240, at *1 (D. Idaho Dec. 18, 2013) (United States-based assignor); *In re Infant Formula Antitrust Litig.*, No. MDL 878, 1992 WL 503465, at *9 (N.D. Fla. Jan. 13, 1992) (same).

Given this law, it was incumbent on Plaintiff to provide discovery of PDVSA by the Court's deadlines.  Failures to do so constituted clear discovery violations under Rule 37.

C.    **The Trust Unquestionably Violated Multiple Discovery Orders**

The false dichotomy Plaintiff argues in the Objections is that the Second, Third, Fourth, and Fifth Discovery Orders did not actually require Plaintiff to produce its witnesses—including Mr. Munoz Pedroza and Dr. Cabeza—by specified dates.  Plaintiff argues that the Court instead only required it to let Defendants know whether or not Munoz Pedroza and Cabeza would appear by the deadlines and, if not, that there would be no consequences for the failure to produce those witnesses.  [D.E. 675 at 12.]  Plaintiff also argues that the Court conceded Plaintiff did not need to produce those witnesses in discovery.  [*Id.* at 13-14.]

Even if the Sanctions R&R did not explicitly contradict such contentions, both arguments are incorrect on a plain reading of the record.

Addressing the latter issue first, the Magistrate Judge was clear throughout the discussions over depositions that she did not believe Defendants could compel those witnesses to sit for deposition **in the U.S.**  [*See, e.g.*, D.E. 670 at 8 ("Ms. Cabeza is the representative of PDVSA who is technically not a party.  It's the Litigation Trust who is the parties.  I know there were all those issues.  So, I am not going to require that she **travel to the United States**.") (emphasis added).]  That is a far cry from what Plaintiff argues in the Objections; *i.e.*, that the

Court somehow conceded Plaintiff had no obligation to provide PDVSA witnesses for deposition, period.

As the law cited in Section III.B., *supra*, as well as by the Magistrate Judge in the Sanctions R&R (at 20-21), makes clear, Plaintiff absolutely had the obligation to provide discovery from its purported assignor, PDVSA.  If it did not provide that discovery, then it would necessarily suffer the consequences under the Federal Rules.  The Magistrate Judge employed those Rules exactly as intended, once Plaintiff failed to provide Court-mandated discovery.  [*See generally* D.E. 670; *see also* D.E. 679 at 7 (noting Plaintiff committed "repeated discovery violations, often followed by dubious excuses").]

This leads to the second prong of Plaintiff's argument; *i.e.*, that it should not be subject to discovery sanctions because the Court indicated in the hearing preceding the ***Fifth*** Discovery Order that Plaintiff must either provide the deponents by a date certain, or inform the parties the witnesses would not appear.  In making this argument, however, Plaintiff confuses a discovery deadline that had been extended multiple times with the consequences of failing to provide required discovery.  Each discovery order at issue in the Sanctions R&R unambiguously stated that Plaintiff needed to make its witnesses available for deposition by specified dates.  [D.E. 355, 370, 395, 404.]  The Fifth Discovery Order was the last extension, thus forcing Plaintiff to either provide the deponents or state that it would not comply.

So this point is clear, it is worth reiterating why the parties needed the Fifth Discovery Order at all.  As discussed above, the parties—with the Magistrate Judge's input—extended the deposition deadline multiple different times based on requests from Plaintiff.  Plaintiff promised multiple times that Mr. Munoz Pedroza and Dr. Cabeza would appear by the next deadline.  The Fifth Discovery Order was the final extension, thus representing a final line in the sand for

13

whether Plaintiff would make the two PDVSA witnesses available for deposition.  Plaintiff

needed to either finally produce them, or finally admit that it would not.

The Court never once suggested that Plaintiff would be free from sanctions if it failed to

produce Mr. Munoz Pedroza and Dr. Cabeza for deposition, and Plaintiff's attempt now to

suggest otherwise is disingenuous.  In truth, the only reason the attorneys' fees and costs at issue

are so high is because Plaintiff's counsel was unequivocal in front of the Court that Mr. Munoz

Pedroza and Dr. Cabeza would appear for deposition.  [*See* D.E. 670 at 6-10 (collecting

statements from Plaintiff's counsel)]; *see also* Section II.B., *supra* (collecting same, as well as

private statements to Defendants' counsel along identical lines).  Faced with these promises,

defense counsel understandably prepared for deposition with the full expectation that they would

actually be able to finally ask PDVSA witnesses questions critical to standing.

### D.     The Failures to Produce Mr. Munoz Pedroza and Dr. Cabeza Were Neither Substantially Justified Nor Harmless

Plaintiff's failure to make either or both of the witnesses available for deposition by the

Court's June 11 deadline carried ***mandatory*** cost and fee sanctions. Fed. R. Civ. P. 37(b)(2)(C)

("the court ***must*** order the disobedient party, the attorney advising that party, or both to pay the

reasonable expenses, including attorney's fees, caused by the failure"), 37(d)(3) ("the court ***must***

require the party failing to act, the attorney advising that party, or both to pay the reasonable

expenses, including attorney's fees, caused by the failure") (emphases added).  The only

exceptions to such mandatory sanctions are if Plaintiff can show—because it has the burden on

this issue—that the failures to produce the deponents were substantially justified or harmless.

*Id.*; *see also Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001)

("The burden rests upon the non-producing party to show that its actions were substantially

justified or harmless.").  Here, they were neither.

## 1.    <u>The failures were not substantially justified</u>

"When a party claims that it has substantial justification for its actions, the court should ask whether reasonable people 'could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.'" *Id.* (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)).  In arguing for substantial justification, Plaintiff attempts to spin this as an issue of control over the PDVSA witnesses. [D.E. 765 at 16.]  However, that entirely misses the point, which the Magistrate Judge observed in the Sanctions R&R.  The issue here is whether Plaintiff, as PDVSA's assignee, was obligated to provide witnesses from PDVSA regarding the Trust's standing.  As the Magistrate Judge concluded (and as discussed above), that obligation clearly exists under the case law; there is no real dispute—let alone a reasonable dispute—as to that obligation.  *See* Section III.B., *supra*.

To be clear, Defendants do not argue that sanctions are appropriate because Plaintiff's attorneys in any way acted in bad faith.  This is a question of mandatory sanctions for a party's failure to provide the discovery it was ordered to provide.  As PDVSA's assignee, Plaintiff needed to make the Court-ordered witnesses available.  Regardless of the purported reasons those witnesses did not appear, it is unquestioned they did not sit for deposition by the Court-ordered deadline.  Excuses from PDVSA, the supposed assignor, do not suffice in this situation, especially when those reasons were later proven untrue ***and*** Plaintiff was magically able to secure statements from PDVSA witnesses it previously claimed were unavailable for deposition during the evidentiary hearing on its standing.  [*See*, *e.g.*, D.E. 601-1 at 6 (supposed Martinez attestation regarding the Trust Agreement provided during the evidentiary hearing on standing).]

15

### 2.    The failures were prejudicial

As for the supposed harmlessness of the discovery failures, Plaintiff criticizes the Magistrate Judge for not considering that potential excuse for non-compliance with the discovery orders.  [D.E. 675 at 17.]  However, in doing so, Plaintiff ignores two critical facts.  First, Plaintiff never made a harmlessness argument in the OSC briefing.  [*See generally* D.E. 495.]  Given that it is ***Plaintiff's*** burden to establish harmlessness, that means Plaintiff either waived its argument or failed to satisfy its burden; Plaintiff cannot blame the Magistrate Judge for its own failings.  *See Starks*, 2010 WL 4192875, at *3 (refusing to consider argument not raised before Magistrate Judge); *Daniels*, 2016 WL 1701940, at *1 (same).

Second, even if harmlessness were now properly before the Court, Plaintiff conveniently glosses over that not a single PDVSA representative or employee sat for deposition or otherwise was subject to direct discovery throughout this entire process.  Critical to the Trust's supposed standing were a number of different facts, including (among other things) whether the signatures on the Trust Agreement were legitimate, whether PDVSA went through the proper corporate formalities to assign its claims, and whether the supposed Venezuelan signatories to the Trust understood they actually had authority to bind PDVSA when (if) they signed the document.  [*See* D.E. 670 at 19 (noting that the depositions were material to the Trust's standing, for the above reasons, which are more fully discussed in the Standing R&R [D.E. 636 at 18-19]).]  These were questions that only PDVSA and its employees could answer, yet none were ever provided during standing-related discovery.  Accordingly, Defendants were prejudiced in their ability to actually discover the facts underlying the Trust's supposed standing to sue.  [*See* D.E. 670 at 19.]

### 3.    Plaintiff, not Defendants, created this situation

A final point is that Plaintiff's attempt (at 18-20) to spin this situation as one where

16

Defendants angled for sanctions rather than discovery is incredibly disingenuous.  Plaintiff and PDVSA purportedly entered into an agreement whereby Plaintiff (and its attorneys and funder) would obtain ***two-thirds of any recovery for themselves***, leaving just a third for PDVSA.  The Trust Agreement, with PDVSA's supposed blessing, chose the U.S. as the forum for this dispute. Plaintiff obligated itself to the discovery obligations at issue here; none of that had anything to do with Defendants.  Moreover, Defendants stipulated to multiple discovery extensions based on Plaintiff's promises that the PDVSA deponents would actually appear by the discovery deadline. Defendants also were prepared to take these depositions under the procedures they believed were proper until Plaintiff canceled the depositions at the last minute.

None of these facts suggest that Defendants' "primary purpose [was] to seek sanctions"; rather, they show that Defendants diligently sought to defend themselves and Plaintiff was unable or unwilling to engage in the discovery expected of it under U.S. rules.  Seeking depositions of witnesses with knowledge of the circumstances of the creation and legitimacy of the purported Trust is not "angling" for anything but relevant evidence.  Defendants asked for those depositions, Plaintiff represented that it would provide them (as it was legally required to do), Defendants prepared for them, and Plaintiff's witnesses canceled the depositions at the last minute.  Moreover, the record is clear that Defendants did not "reject" alternatives to the deposition; Plaintiffs never provided a legal way to depose the witnesses within the Court-ordered deadlines.  A failure to provide Court-ordered discovery carries mandatory cost and fee sanctions; it is that simple.

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully submit that the Court should adopt and affirm the Sanctions R&R in full.

17

Dated: March 11, 2019

Respectfully submitted,

By: */s/ Edward M. Mullins*  _____
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam Wolfson, Esq.
*Admitted Pro Hac Vice*
Email: adamwolfson@quinnemanuel.com]
Stephen Hauss, Esq.
*Admitted Pro Hac Vice*
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendants TRAFIGURA
TRADING, LLC and JOSE LAROCCA*

By: */s/ Bruce Birenboim*  _____
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458
Email: srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Adam B. Schwartz, Esq.
*Admitted Pro Hac Vice*
Email: aschwartz@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants GLENCORE LTD.,
GLENCORE ENERGY UK LTD., GUSTAVO
GABALDON, LUIS ALVAREZ and SERGIO DE
LA VEGA*

By: */s/ Adam L. Hudes*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
Email: jguttman@gunster.com
Jonathan H. Kaskel, Esq.
Florida Bar No. 52718
Email: jkaskel@gunster.com
**GUNSTER**
600 Brickell Avenue Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000
Facsimile: (305) 376-6010

Mark W. Ryan, Esq.
*Admitted Pro Hac Vice*
Email: mryan@mayerbrown.com
Adam L. Hudes, Esq.
*Admitted Pro Hac Vice*
Email: ahudes@mayerbrown.com
Stephen M. Medlock, Esq.
*Admitted Pro Hac Vice*
Email: smedlock@mayerbrown.com
**MAYER BROWN LLP**
Counsel for Defendant
Lukoil Pan Americans LLC
1999 K Street NW
Washington, D.C. 20006-1101
Telephone: (202) 263-3312
Facsimile: (202) 263-5312

Michael P. Lennon, Jr.
*Admitted Pro Hac Vice*
Email: mlennon@mayerbrown.com
**MAYER BROWN LLP**
700 Louisiana Street, Suite 3400
Houston, TX 77002-2730
Telephone: (713) 238-2667
Facsimile: (713) 238-4613

*Attorneys for Defendant*
*LUKOIL PAN AMERICANS LLC*

By: */s/ Gerald E. Greeneberg*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

By: */s/ Alice K. Sum*
Alice K. Sum, Esq.
Florida Bar No. 354510
Email: asum@fowler-white.com
**FOWLER WHITE BURNETT, P.A.**
Brickell Arch
B1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

*Attorneys for Defendant BAC FLORIDA BANK*

19

By: /s/ Etan Mark
Etan Mark, Esq.
Florida Bar No. 720852
etan@markmigdal.com
Donald J. Hayden, Esq.
Florida Bar No. 097136
don@markmigdal.com
Lara O'Donnell Grillo, Esq.
Florida Bar No. 37735
lara@markmigdal.com
eservice@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 SW 8th Street , Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

*Attorneys for Defendant JOHN RYAN*

By: /s/ David M. Burkoff
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
***CARLTON FIELDS JORDEN BURT, P.A.***
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
Admitted Pro Hac Vice
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
Admitted Pro Hac Vice
Email: agalis@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian Street
P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936
*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: /s/Israel J. Encinosa
Alex M. Gonzalez
Florida Bar No. 991200
alex.gonzalez@hklaw.com
Israel J. Encinosa
Florida Bar No. 0046083
israel.encinosa@hklaw.com
Brian A. Briz
Florida Bar No. 657557
brian.briz@hklaw.com
**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Tel: (305) 374-8500
Fax: (305) 789-7799
David Kully (admitted *pro hac vice*)
david.kully@hklaw.com

*Attorneys for Defendants HELSINGE, INC., HELSINGE LTD., HELSINGE HOLDINGS, LLC, DANIEL LUTZ, LUIS LIENDO AND MARIA FERNANDA RODRIGUEZ*

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2019 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

*/s/ Edward M. Mullins*
Edward M. Mullins, Esq.

21

## SERVICE LIST

Nicholas A. Gravante , Jr.
Boies Schiller & Flexner
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Email: ngravante@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Steven Wayne Davis
Boies Schiller & Flexner
Bank of America Tower, Suite
2800 100 SE 2nd Street,
Miami, FL 33131-2144
305-539-8400
Fax: 539-1307
Email: sdavis@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David A. Barrett
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2300
Email: dbarrett@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

David Boies
Boies Schiller & Flexner, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
212-446-2300
Fax: 749-8300
Email: dboies@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Randall Jackson
Boies Schiller Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446 2300
Email: rjackson@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Adam R. Shaw
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434 0600
Email: ashaw@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

George Carpinello
Boies Schiller Flexner LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
(518) 434-0600
Email: gcarpinello@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Helen M. Maher
Boies Schiller & Flexner
333 Main Street
Armonk, NY 10504
914-749-8200
Fax: 749-8300
Email: hmaher@bsfllp.com

*Counsel for PDVSA US Litigation Trust*

Jonathan H. Kaskel
Gunster
600 Brickell Avenue, Suite 3500
Miami, FL 33131
(305) 376 6023
Email: jkaskel@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Jorge David Guttman
Gunster
600 Brickell Avenue, Suite 3500
Miami, FL 33131
(305) 376 6010
Email: jguttman@gunster.com

*Counsel for Lukoil Pan Americas LLC*

Adam L. Hudes
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3298
Email: ahudes@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Mark W. Ryan
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3339
Email: mryan@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Michael P. Lennon, Jr.
Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002
(713) 238 2667
Email: mlennon@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Stephen M. Medlock
Mayer Brown LLP
1999 K Street N.W.
Washington D.C. 20006
(202) 263 3221
Email: smedlock@mayerbrown.com

*Counsel for Lukoil Pan Americas LLC*

Benjamine Reid
Carlton Fields Jorden Burt
100 SE 2nd Street, Suite 4200
Miami, FL 33131-9101
(305) 530 0050
Email: breid@carltonfields.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

Allan C. Galis
Hunter, Maclean, Exley & Dunn, P.C.
Email: agalis@huntermaclean.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

Clifton Richard Gruhn
Carlton Fields Jorden Burt, P.A.
100 S.E. Second Street, Suite 4200
Miami, FL 33131
(305) 347 6990
Email: cgruhn@carltonfields.com

*Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado*

David M. Burkoff
Hunter, Maclean, Exley & Dunn, P.C.
Email: dburkoff@huntermaclean.com

Counsel for Colonial Oil Industries Inc. and
Colonial Group, Inc., Paul Rosado

Maria Cristina Cardenas
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
(786) 747 0200
Email: ccardenas@reedsmith.com

Counsel for Trafigura Trading LLC and Jose
Larocca

Edward Maurice Mullins
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131-2847
(786) 747 0200
Email: emullins@reedsmith.com

*Counsel for Trafigura Trading LLC and Jose
Larocca*

*Stephen Hauss*
*Quinn Emanuel Urquhart & Sullivan, LLP*
*1300 I Street NW, Suite 900*
*Washington D.C. 20005*
*(202) 538 8000*
*Email: stephenhauss@quinnemanuel.com*

*Counsel for Trafigura Trading LLC and Jose
Larocca*

Gerald Edward Greenberg
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950
Fax: 305-728-0951
Email: ggreenberg@gsgpa.com

Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol, Inc. and Antonio Maarraoui

Christina Olivos
Reed Smith LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
(786) 747 0200
Email: colivos@reedsmith.com

*Counsel for Trafigura Trading LLC and Jose
Larocca*

Ethan Glass
Quinn Emanuel Urquhart & Sullivan LLP
1300 I Street N.W., Suite 900
Washington D.C. 20005
(202) 538 8000
Email: ethanglass@quinnemanuel.com

*Counsel for Trafigura Trading LLC and Jose
Larocca*

William A. Burck
Quinn Emanuel Urquhart & Sullivan LLP
777 6th Street N.W., 11th Floor
Washington D.C. 20001
(202) 538 8120
Email: williamburck@quinnemanuel.com

*Counsel for Trafigura Trading LLC*

Connor Mullin
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
202-887-4000
Email: cmullin@akingump.com

*Counsel for Francisco Morillo, Leonard
Baquero*

24

Mikayla Kiersten Espinosa
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
305-728-0950
Fax: 305-728-0951
Email: mikaylaespinosa@gsgpa.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol, Inc. and Antonio Maarraoui*

Neal S. Manne
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: nmanne@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol Inc., and Antonio Maarraoui*

Michael Kelso
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: mkelso@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol Inc., and Antonio Maarraoui*

Adam Michael Schachter
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, FL 33131
(305) 728-0950
Email: aschachter@gsgpa.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol, Inc., and Antonio Maarraoui*
Alexander L. Kaplan
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: akaplan@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol Inc., and Antonio Maarraoui*

Weston O'Black
Susman Godfrey LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 651 9366
Email: woblack@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol Inc., and Antonio Maarraoui*

Michael Gervais
Susman Godfrey LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
Email: mgervais@susmangodfrey.com

*Counsel for Vitol Energy (Bermuda) Ltd.,
Vitol Inc., and Antonio Maarraoui*

Andres Rivero
Rivero Mestre LLP
2525 Ponce de Leon Boulevard, Suite 1000
Coral Gables, FL 33134
(305) 445 2500
Email: arivero@riveromestre.com

*Counsel for Campo Elias Paez*

Kimberly Ann Pathman
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
(202) 887-4574
Fax: (202) 887-4288
Email: kimberly.pathman@weil.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Jason E. Gangwer
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887 4000
Email: jgangwer@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Thomas P. McLish
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite
400
Washington, DC 20036
202-887-4000
Email: tmclish@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Catherine A. O'Connor
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW, Suite 400
Washington, DC 20036
202-887-4000
Email: coconnor@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Mark J. MacDougall
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW , Suite
400
Washington, DC 20036
202-887-4000
Email: mmacdougall@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Stacey H. Mitchell
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
202-887-4000
Email: shmitchell@akingump.com

*Counsel for Francisco Morillo, Leonardo
Baquero*

Israel Jovanny Encinosa
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Email: israel.encinosa@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc.,
Helsinge Ltd., Saint-Helier*

Dayme Sanchez
Holland & Knight
701 Brickell Avenue, Suite 3000
Miami, FL 33131
305-789-7508
Email: dayme.sanchez@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc.,*
*Helsinge Ltd., Saint-Helier*

Brian A. Briz
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789 7723
Email: brian.briz@hklaw.com

*Counsel for Daniel Lutz, Helsinge Holdings,*
*LLC, Helsinge, Inc., Helsinge Ltd, and Luis*
*Liendo*

David Kully
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, DC 20006
(202) 955-3000
Email: david.kully@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc.,*
*Helsinge Ltd., Saint-Helier*

George Thomas Breur
Mark Migdal & Hayden LLC
1999
80 SW 8th Street
Miami, FL 33130
786-264-5911
Email: george@markmigdal.com

*Counsel for John Ryan*

Rebecca Jo Canamero
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789 7533
Email: Rebecca.canamero@hklaw.com

*Counsel for Daniel Lutz, Helsinge, Inc.,*
*Helsinge Ltd., Saint-Helier*

Alex M. Gonzalez
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
(305) 789 7666

*Counsel for Daniel Lutz, Helsinge Holdings,*
*LLC, Helsinge, Inc., Helsinge Ltd., Luis*
*Liendo*

Etan Mark
Mark Migdal & Hayden
80 SW 8th Street , Suite 1999
Miami, FL 33130
305-374-0440
Email: etan@markmigdal.com

*Counsel for John Ryan*

Lara O'Donnell
Jorden Burt LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131-2803
Email: lara@markmigdal.com

*Counsel for John Ryan*

27

Donald John Hayden
Mark Migdal & Hayden
80 SW 8th Street
Suite 2185
Miami, FL 33130
305-374-0440
Email: don@markmigdal.com

*Counsel for John Ryan*
Jennifer Gertrude Altman
Pillsbury Winthrop Shaw Pittman
600 Brickell Avenue, Suite 3100
Miami, FL 33131
786-913-4900
Fax: 786-913-4901
Email: jennifer.altman@pillsburylaw.com

*Counsel for John Doe*

Spencer Hal Silverglate
Clarke Silverglate P.A.
799 Brickell Plaza, 9th Floor
Miami, FL 33131
(305) 377 3001
Email: ssilverglate@cspalaw.com

*Counsel for Maximiliano Poveda*

Adam B. Schwartz
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
2011 K. Street N.W.
Washington D.C. 20006-1047
(202) 223 7341
Email: aschwartz@paulweiss.com

*Counsel for Glencore Ltd., Glencore Energy
UK Ltd., Gustavo Gabaldon, Luis Alvarez
and Sergio De la Vega*

Alice K. Sum
Fowler White Burnett, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, FL  33131
(305) 789-9200
Email: asum@fowler-white.com

*Counsel for BAC Florida Bank*

Stephen H. Lee
Porter Hedges LLP
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226 6686
Email: slee@porterhedges.com

*Counsel for Maximiliano Poveda*

Brad S. Karp
Bruce Birenboim
Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373 3000
Email: bkarp@paulweiss.com
Email: bbirenboim@paulweiss.com
Email: jcarey@paulweiss.com
*Counsel for Glencore Ltd., Glencore Energy
UK Ltd., Gustavo Gabaldon, Luis Alvarez and
Sergio De la Vega*