**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| PDVSA US LITIGATION TRUST,<br><br>             Plaintiff,<br><br>      v.<br><br>LUKOIL PAN AMERICAS LLC, et al.,<br><br>             Defendants. | No. 1:18-cv-20818 (DPG) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO
REPORT AND RECOMMENDATION REGARDING
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

## **TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ...................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. ARGUMENT ................................................................................................................... 5

    A. Defendants' Hours Expended Were Reasonable ................................................ 5

    B. Defendants' Hours Were Not Disproportionate to the Relief Achieved ............. 8

IV. CONCLUSION .............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bivins* v. *Wrap It Up, Inc.*,
   548 F.3d 1348 (11th Cir. 2008) ...............................................................................................7

*Bujanowski* v. *Kocontes*,
   359 F. App'x 112 (11th Cir. 2009) ...........................................................................................7

*Hensley* v. *Eckerhart*,
   461 U.S. 424 (1983)..................................................................................................................9

*Ikpe* v. *Kreative Therapy & Rehab Ctr., Inc.*,
   No. 18-23217-CIV, 2019 WL 1369502 (S.D. Fla. Mar. 20, 2019) ...........................................7

*Laube* v. *Allen*,
   506 F. Supp. 2d 969 (M.D. Ala. 2007) .....................................................................................8

*Shultz* v. *Aetna Life Ins.*,
   398 F. Supp. 3d 1188 (M.D. Ala. 2019) ...................................................................................9

Defendants Glencore Ltd., Glencore Energy UK Ltd., Gustavo Gabaldon, Sergio de la Vega, Trafigura Trading LLC, Colonial Oil Industries, Inc., Colonial Group, Inc., Paul Rosado, Vitol Inc., Vitol Energy (Bermuda) Ltd., Antonio Maarraoui, BAC Florida Bank, and Luis Alvarez (collectively "Defendants"), respectfully respond to Plaintiff PDVSA US Litigation Trust's ("Plaintiff's") Objections to Section II of the Report and Recommendation of Magistrate Judge Otazo-Reyes addressing Defendants' Motion for Attorneys' Fees and Costs (ECF No. 712).

## I. PRELIMINARY STATEMENT

This Court already determined in its March 19, 2019 order that Plaintiff engaged in repeated discovery violations warranting monetary sanctions. After a meet-and-confer process, in which certain Defendants agreed to reduce some of their hours and to make other concessions, Defendants submitted their request for attorneys' fees and costs expended in connection with two depositions Plaintiff cancelled at the last minute and Defendants' subsequent Motion, by Order to Show Cause, for Sanctions and Other Relief Against Plaintiff (ECF No. 430) (the "Sanctions Motion"). In a detailed, 32-page report and recommendation (the "Report and Recommendation"), Magistrate Judge Otazo-Reyes—after carefully considering all of Plaintiff's arguments in opposition to the amount sought—awarded Defendants just over **50 percent** of their requested fees and costs. The Magistrate Judge primarily reduced the amount by adjusting downward any hourly rates that exceeded the figures she held to be reasonable in light of the parties' arguments.

Unsatisfied with the Magistrate Judge's nearly 50 percent downward adjustment to the amount it is required to pay, as well as Defendants' other concessions prior to submitting their request, Plaintiff now asks this Court to reduce the amount further. Plaintiff objects to the one

section of the Report and Recommendation where the Magistrate Judge did not make a downward adjustment—the portion of the award addressing the hours expended by Defendants in preparing for the two cancelled depositions and the Sanctions Motion. Plaintiff's arguments are without merit.

*First*, the hours expended by Defendants were not excessive given the breadth and complexity of the issues to be explored during the cancelled depositions and in the Sanctions Motion. The Magistrate Judge recognized as much in her Report and Recommendation. Because she considered the hours to be reasonable—an issue on which she is recognized as an "expert"—the Magistrate Judge was not obligated to apply an across-the-board reduction or conduct an hour-by-hour analysis of Defendants' time. *Second*, Plaintiff's recycled argument that Defendants' hours were disproportionate to their success and relief achieved is flawed. As recognized by the Magistrate Judge, Defendants were not required to obtain all the relief they sought in order to obtain their full attorneys' fees and expenses. And contrary to Plaintiff's assertion, Defendants were not unsuccessful in obtaining certain forms of relief warranting a downward adjustment—rather, the issues were mooted by the orders and rulings of this Court.

In short, the hours expended by Defendants were reasonable, and none of the arguments advanced by Plaintiff provides a basis for this Court to deviate from the careful findings of the Magistrate Judge.

## II. BACKGROUND

Defendants do not recite the relevant factual and procedural background because it is set out in detail in the Magistrate Judge's Report and Recommendation Imposing Sanctions (the "Sanctions Report and Recommendation") (ECF No. 670 at 2-15) and the Report and Recommendation itself (ECF No. 712 at 1–9). Defendants are compelled, however, to note

certain facts that Plaintiff has omitted from its slanted rendition of the factual and procedural history.

Defendants initially moved for sanctions against Plaintiff on June 14, 2018 (ECF No. 430)—prior to this Court's dismissal of the action for lack of standing—based on Plaintiff's failure to make available for deposition any PDVSA-related witness or produce any documents from PDVSA in connection with Defendants' challenge to jurisdiction. Contrary to Plaintiff's assertion, Defendants sought "an order imposing sanctions and other appropriate relief" and proposed a number of alternative options, one of which was dismissal of the case. Defendants independently sought their attorneys' fees and costs "incurred pursuing [the] depositions, preparing to take them, and making the present motion"—a request they reiterated numerous times in their Sanctions Motion. (ECF No. 430 at 1, 4, 14.) The Sanctions Motion was fully briefed. (*See* ECF Nos. 430, 459, 466, 478, 486.) The Magistrate Judge ultimately deferred ruling on Defendants' Sanctions Motion pending her recommendation on Defendants' motion to dismiss for lack of subject matter jurisdiction.

As Plaintiff acknowledges, on November 5, 2018, the Magistrate Judge issued her Report and Recommendation, in which she recommended that Defendants' motion to dismiss for lack of subject matter jurisdiction be granted. On the same day, the Magistrate Judge issued an order regarding Defendants' Sanctions Motion. In that order, she noted that, given the recommended dismissal of the action, "the undersigned need only address, as sanctions, Defendants' request for an award of attorney's fees and costs, incurred in connection with" Reinaldo Muñoz Pedroza and Dr. Hilda Cabeza, "which were cancelled by Plaintiff; and preparation of the Motion to Show Cause and for Sanctions" and set a hearing for December 18, 2018. (ECF No. 637 at 2.) The hearing was subsequently moved to January 25, 2019. (ECF No. 654.) Defendants filed a

3

subsequent brief specifically for the January hearing focusing on their request for attorneys' fees and costs. (ECF No. 662.) The Magistrate Judge subsequently issued the Sanctions Report and Recommendation granting Defendants' Sanctions Motion. (ECF No. 670.) Contrary to Plaintiff's assertion that the Magistrate Judge did not "address[] Defendants' request to dismiss the action as a sanction," (ECF No. 713 at 3), the Magistrate Judge noted expressly in the Sanctions Report and Recommendation that she had directed that the "only relief to be addressed in the [Sanctions Motion was] Defendants' request for an award of attorney's fees and costs" given the recommended dismissal. (ECF No. 670 at 14.) This Court adopted the Sanctions Report and Recommendation and directed Defendants to file their request for reasonable attorneys' fees and costs. (ECF No. 685.)

Following the submission of briefing by the parties on the amount of attorneys' fees and costs to be paid by Plaintiff, the Magistrate Judge issued her Report and Recommendation. (ECF No. 712.) In her Report and Recommendation, the Magistrate Judge set out a detailed description of the factual and procedural background, the applicable law—including the fact that the movant bears the burden of proving its entitlement—and the Defendants' declarations setting forth their request. (ECF No. 712 at 1–12.) The Magistrate Judge set out the hours expended on the cancelled depositions and the Sanctions Motion separately. As to the hourly rates applied by Defendants, the Magistrate Judge set forth the hourly rates for partners, shareholders, counsel, associates and paralegals she considered reasonable and applied a downward adjustment to any hourly rates that exceeded those figures. (ECF No. 712 at 23.) As to the number of hours expended by Defendants, the Magistrate Judge addressed both of Plaintiff's arguments that it recycles in its objections: that Defendants' hours were unreasonably high and that Defendants were unsuccessful in obtaining the relief they sought in their Sanctions Motion and therefore

were not entitled to be reimbursed for the full amount of time they spent on the Motion. (ECF No. 712 at 25.) The Magistrate Judge rejected both arguments, the latter on the basis that she *sua sponte* narrowed the scope of Defendants' Sanctions Motion in light of her November 5, 2018 recommendation that the case be dismissed for lack of subject matter jurisdiction. (*Id.*) Overall, the Magistrate Judge awarded Defendants attorneys' fees and costs of $209,732.65—an almost ***50 percent*** downward adjustment from the amount claimed by Defendants ($383,791.19).

## III.  ARGUMENT

### A.  Defendants' Hours Expended Were Reasonable

*First*, contrary to Plaintiff's contention, the Magistrate Judge did not misapply the burden of proof in finding that the hours expended by Defendants were reasonable. Plaintiff's argument is based solely on one sentence in the Report and Recommendation, in which the Magistrate Judge stated that "the undersigned finds no justification for reducing the number of hours expended in litigating the [Sanctions Motion]." (ECF No. 713 at 5.) When viewed in context, the Magistrate Judge was merely considering—and rejecting—Plaintiff's argument that Defendants' hours should be adjusted downward because Defendants were not successful in obtaining all the relief they sought in their Motion. And in any event, the Magistrate Judge recognized that Defendants bear the burden because she noted, in outlining the applicable law, that "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates," citing *Norman* v. *Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). (ECF No. 712 at 10.)

*Second*, the Magistrate Judge did not err in rejecting Plaintiff's arguments that the number of hours sought by Defendants was excessive. As an initial matter, Plaintiff claims that the Magistrate Judge erred by concluding that the hours were reasonable "given the complexity of the issues presented in this case." (ECF No. 712 at 25.) But the number of hours expended by

5

Defendants on the cancelled depositions and Sanctions Motion was indeed a function of the complexity of the issues in the case. More specifically, one of the primary issues during standing discovery was the authority of the signatories to the Trust Agreement to enter into the Agreement. The Cabeza and Muñoz depositions were intended to explore questions of the signatories' authority, the witnesses' understanding of the relevant Venezuelan laws, and the appointment and intended role of the PDVSA-appointed Trustee. In order to prepare for these depositions, Defendants' counsel needed to conduct research on and learn the intricacies of Venezuelan law. The same is true of the Sanctions Motion—as a result of its interrelationship with the complicated subject matter jurisdiction issues, the Sanctions Motion initially involved difficult evidentiary issues with implications for all Defendants, compelling, for example, counsel's attendance at more than one hearing.

Plaintiff resorts to the same argument it made before the Magistrate Judge: that the hours expended by Defendants for the Cabeza and Muñoz depositions were unreasonable given the depositions' "limited scope" and that "the work should have overlapped with work that was done for other standing-related depositions." (ECF No. 713 at 6.) This argument is belied by the record. For example, Ms. Cabeza was PDVSA's 30(b)(6) representative. The 30(b)(6) notice stated that the deposition would cover "[t]he standing of the Trust to pursue the claims asserted in the Amended Complaint" and set out a non-exhaustive list of ten broad subtopics. Furthermore, as Defendants already stated in their Motion, there was almost no overlap in preparation with other standing depositions because the two depositions that did take place explored different issues from those that Defendants would have pursued in the Cabeza and Muñoz depositions. The depositions that took place focused on the champertous implications of the litigation's origin, the impact of the sanctions regime applicable to Venezuela on the origins

of the Trust, and the circumstances surrounding the appointment of the U.S. Trustees of the Trust. In any event, Plaintiff's argument as to scope and overlap with other depositions is based on mere speculation given that Plaintiff cancelled the depositions at the last minute.

*Third*, Plaintiff criticizes the Magistrate Judge's ruling for failing to "articulate any reasons for not undertaking either a line-by-line review or an across-the-board approach," stating that failure to do so "is inconsistent with established case law." (ECF No. 713 at 7.) But it is well established under Eleventh Circuit law that the Magistrate Judge is "presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees." *See Ikpe* v. *Kreative Therapy & Rehab Ctr., Inc.*, No. 18-23217-CIV, 2019 WL 1369502, at *2 (S.D. Fla. Mar. 20, 2019) (citing *Norman* v. *Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). The Magistrate Judge was only required to undertake a line-by-line review or across-the-board approach *if she considered the hours expended to be unreasonable*. *See Bivins* v. *Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("When a district court *finds the number of hours claimed is unreasonably high*, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut" (emphasis added)); *see also Bujanowski* v. *Kocontes*, 359 F. App'x 112, 114 (11th Cir. 2009) (same). Here, in response to Plaintiff's argument that the fees were "unreasonably high," the Magistrate Judge "[did] not find the hours expended by each of the eight law firms to be unreasonable, given the complexity of the issues presented in the case." (ECF No. 712 at 25.) Thus, there was no need for the Magistrate Judge to conduct an hour-by-hour analysis or apply an across-the-board cut.[1]

---

[1] Plaintiff suggests that, even if the Magistrate Judge had decided to apply an across-the-board reduction, she was required to "best approximate the result of a line-by-line analysis" and

To the extent this Court deviates from the findings of the Magistrate Judge and concludes that Defendants' hours expended on the cancelled depositions and Sanctions Motion were unreasonable, Plaintiff's specific objections should be rejected. As outlined in Defendants' Reply in Further Support of Their Verified Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (the "Reply"), (1) Defense counsel's attendance at hearings was necessary because the hearings involved complicated evidentiary issues and multiple avenues for relief that implicated all Defendants; (2) the entries Plaintiff objects to on the basis they are not sufficiently detailed were in fact related to the Sanctions Motion or the cancelled depositions; (3) reductions based on block billing are not mandatory, and Paul, Weiss agreed to certain reductions in its fees to account for block billing; and (4) the redactions by Paul, Weiss, HunterMaclean and Carlton Fields to their timesheets were for tasks not relevant to the cancelled depositions or Sanctions Motion and therefore need not be reviewed by Plaintiff. (ECF No. 705 at 7–10.)

### B. Defendants' Hours Were Not Disproportionate to the Relief Achieved

Plaintiff repeats its argument—already rejected by the Magistrate Judge—that Defendants' hours should be adjusted downward because, even though the Magistrate Judge granted Defendants' Sanctions Motion, Defendants were somehow unsuccessful because the Magistrate Judge did not recommend the imposition of all the sanctions Defendants proposed in

---

therefore review Plaintiff's objections to Defendants' time entries on a line-by-line basis. (ECF No. 713 at 7–8.) This suggestion cannot be reconciled with the principle well established in the Eleventh Circuit—and recognized by Plaintiff—that courts are not required to "engage in . . . a precise hour-by-hour review" where "fee documentation is voluminous." (ECF No. 713 at 7 (citing *Prison Legal News* v. *Inch*, 411 F. Supp. 3d 1198, 1209 (N.D. Fla. 2019)). And the cases cited by Plaintiff do not support the proposition that courts are *required* to review all of the specific grounds raised by Plaintiff in demonstrating that the hours billed were excessive. *See, e.g.*, *Laube* v. *Allen*, 506 F. Supp. 2d 969, 981 (M.D. Ala. 2007) (finding an across-the-board reduction appropriate because "a line-by-line excision of hours is not appropriate for this task").

8

their Motion.  (ECF No. 713 at 10–11.)  But this argument does not reflect the applicable legal principles or take account of the procedural history of the case.

As recognized by the Magistrate Judge, courts do not adjust hours expended downward merely because a party did not obtain all the relief it sought.  *See Hensley* v. *Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").  And the procedural history of the Sanctions Motion demonstrates that Defendants were not "unsuccessful" in obtaining certain relief; rather, some requests were rendered moot by the recommended dismissal of the case.  As the Magistrate Judge stated in her Report and Recommendation, she "*sua sponte* narrowed the scope of the [Sanctions Motion]" in light of her recommended dismissal of the case, and by that time, the Sanctions Motion had already been fully briefed.  (ECF No. 712 at 25.)  Thus, at the time the Magistrate Judge decided the Sanctions Motion, the issues of dismissal of the case and preclusion of evidence were no longer live.  The fact that the relief was rendered moot does not mean that Defendants were unsuccessful.  *See Shultz* v. *Aetna Life Ins.*, 398 F. Supp. 3d 1188, 1197 (M.D. Ala. 2019) (rejecting defendants' objection to claim for time spent on summary-judgment briefing because plaintiff did not prevail on summary judgment, stating that "the court did not reach several of [plaintiff's] arguments *because* it ordered remand" and that did "not indicate that [plaintiff's] arguments were meritless or that he should have known at the outset that they would ultimately become unnecessary.").  Tellingly, Plaintiff does not cite one case where attorneys' fees and costs have been adjusted downward in circumstances analogous to this case.

Plaintiff takes this argument one step further by saying that it was "unnecessary" for Defendants to seek dismissal as a sanction because they were already seeking dismissal for lack

9

of jurisdiction and Plaintiff should not be "charged with responsibility for this strategic choice by Defendants." (ECF No. 713 at 11.) But the case *had not been dismissed* at the time Defendants brought their Sanctions Motion and filed initial briefing. If Defendants' motion to dismiss for lack of standing was unsuccessful, they would have been entitled to pursue all the relief they sought in their Sanctions Motion, including dismissal of the case. The fact that Defendants were seeking dismissal of the case through their motion to dismiss has no bearing on whether Defendants were entitled to seek dismissal as a sanction. And Plaintiff cites no case to the contrary.

Plaintiff finally claims that the hours expended on the Sanctions Motion were "grossly disproportionate" to the hours spent preparing for the two cancelled depositions. (ECF No. 713 at 9.) But the fact that the cancelled depositions required fewer hours to be expended than the Sanctions Motion is hardly surprising. In an exercise of "billing judgment," Defendants' counsel agreed that only a subset of counsel would prepare for the two cancelled depositions, whereas the Sanctions Motion initially proposed relief with substantial implications for all Defendants, necessitating involvement from almost all Defendants' counsel.

## IV.  CONCLUSION

For all the foregoing reasons, as well as those set forth in Defendants' Verified Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (ECF Nos. 702, 703) and Reply (ECF No. 705), Defendants respectfully submit that the Court should adopt and affirm the Report and Recommendation in full.

Dated: February 28, 2020	Respectfully submitted,

By: */s/ Edward M. Mullins*
Edward Mullins, Esq.
Florida Bar No. 863920
Email: emullins@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

William A. Burck, Esq.
*Admitted Pro Hac Vice*
Email: williamburck@quinnemanuel.com
Ethan Glass, Esq.
*Admitted Pro Hac Vice*
Email: ethanglass@quinnemanuel.com
Adam Wolfson, Esq.
*Admitted Pro Hac Vice*
Email: adamwolfson@quinnemanuel.com]
Stephen Hauss, Esq.
*Admitted Pro Hac Vice*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendants TRAFIGURA TRADING, LLC and JOSE LAROCCA*

By: /s/ *Bruce Birenboim*
Stephen F. Rosenthal, Esq.
Florida Bar No. 0131458
Email: srosenthal@podhurst.com
Robert C. Josefsberg, Esq.
Florida Bar No. 040856
Email: rjosefsberg@podhurst.com
**PODHURST ORSECK, P.A.**
One S.E. 3rd Ave., Suite 2300
Miami, FL 33131
Main Tel: (305) 358-2800
Facsimile: (305) 358-2382

Bruce Birenboim, Esq.
*Admitted Pro Hac Vice*
Email: bbirenboim@paulweiss.com
Brad S. Karp, Esq.
*Admitted Pro Hac Vice*
Email: bkarp@paulweiss.com
Jessica S. Carey, Esq.
*Admitted Pro Hac Vice*
Email: jcarey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants GLENCORE LTD., GLENCORE ENERGY UK LTD., GUSTAVO GABALDON, LUIS ALVAREZ and SERGIO DE LA VEGA*

11

By: */s/ David M. Burkoff*
Benjamine Reid, Esq.
Florida Bar Number 183522
Email: breid@carltonfields.com
Clifton R. Gruhn, Esq.
Florida Bar Number 72542
Email: cgruhn@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
Miami Tower
100 S.E. Second St., Ste. 4200
Miami, Florida 33131-2113
Telephone: (305) 539-7228
Fax: (305) 530-0055

David M. Burkoff, Esq.
*Admitted Pro Hac Vice*
Email: dburkoff@huntermaclean.com
Allan C. Galis, Esq.
*Admitted Pro Hac Vice*
Email: agalis@huntermaclean.com
**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**
200 E. Saint Julian St., P.O. Box 9848
Savannah, GA 31412-0048
Tel: (912) 236-0261
Fax: (912) 236-4936

*Attorneys for Defendants COLONIAL GROUP, INC., COLONIAL OIL INDUSTRIES, INC. and PAUL ROSADO*

By: */s/ Alice K. Sum*
Alice K. Sum, Esq.
Florida Bar No. 354510
Email: asum@fowler-white.com
**FOWLER WHITE BURNETT, P.A.**
Brickell Arch
B1395 Brickell Avenue, 14th Floor
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

*Attorneys for Defendant BAC FLORIDA BANK*

By: */s/ Gerald E. Greenberg*
Gerald E. Greenberg, Esq.
Florida Bar No. 440094
Email: ggreenberg@gsgpa.com
Adam M. Schachter, Esq.
Florida Bar No. 647101
Email: aschachter@gsgpa.com
**GELBER SCHACHTER &GREENBERG, P.A.**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950
Facsimile: (305) 728-0951
E-service: efilings@gsgpa.com

Neal S. Manne
*Admitted Pro Hac Vice*
nmanne@susmangodfrey.com
Alexander L. Kaplan
*Admitted Pro Hac Vice*
akaplan@susmangodfrey.com
Weston O'Black
*Admitted Pro Hac Vice*
woblack@susmangodfrey.com
Michael C. Kelso
*Admitted Pro Hac Vice*
mkelso@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Defendants VITOL INC., VITOL ENERGY (BERMUDA) LTD., and ANTONIO MAARRAOUI*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF on February 28, 2020 on all counsel or parties of record.

*/s/ Stephen F. Rosenthal*
Stephen F. Rosenthal