UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20818-CIV-GAYLES/OTAZO-REYES

PDVSA U.S. LITIGATION TRUST,

        Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, *et al.*,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Verified Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (the "Motion") [ECF No. 702]. The Court referred the Motion to Magistrate Judge Alicia Otazo-Reyes for a Report and Recommendation. [ECF No. 709]. On February 1, 2020, Judge Otazo-Reyes issued her Report and Recommendation, recommending that the Motion be granted in part and denied in part (the "Report"). [ECF No. 712]. Plaintiff timely filed objections (the "Objections"). [ECF No. 713]. Defendants timely responded. [ECF No. 714].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having conducted a *de novo* review of the record related to the portions of the Report to which Plaintiff specifically objected and having reviewed for clear error the portions of the Report to which Plaintiff made no objection, the Court agrees with Judge Otazo-Reyes' well-reasoned analysis and conclusion that Defendants' Motion shall be granted in part and denied in part. In her Report, Judge Otazo-Reyes: (1) applied a downward adjustment for all hourly rates exceeding $625 for partners, shareholders, and counsel, $350 for associates, and $125 for paralegals; and (2) found that the number of hours expended by the eight law firms (the "Firms") was reasonable. Plaintiff objected only to the second point. The Court addresses those objections below.

First, Plaintiff argues that Judge Otazo-Reyes erroneously assigned to Plaintiff the burden to prove that a reduction in the Firms' number of hours expended was warranted. Not so. Judge Otazo-Reyes stated that she found no justification for reducing the number of hours expended. Said differently, Judge Otazo-Reyes found that a reduction was not warranted because the Firms had met their burden to prove the number of hours billed was reasonable.

Plaintiff further contends that Judge Otazo-Reyes failed to demonstrate that she had reviewed Plaintiff's line-by-line objections to the Firms' accounting. But Plaintiff cites no authority for the proposition that Judge Otazo-Reyes, having found reasonable the number of hours expended, must explain why each billed hour should be awarded.[1] Rather, the Court must provide "sufficient detail to allow [the reviewing court] to conduct a meaningful review of the award." *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (citation omitted). Judge Otazo-Reyes did just that by explaining why a downward adjustment of the Firms' hourly rates

---

[1] The Court notes that a district court must engage in a line-by-line or across-the-board analysis when it finds that a reduction in hours is warranted. *See Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)) ("If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper.").

was proper and by clearly stating that the number of hours expended by the Firms was reasonable in light of the case's complexity.

Finally, the Court finds unpersuasive Plaintiff's argument that Judge Otazo-Reyes erred in failing to reduce the hours expended because Defendants were only successful on a limited portion of their Motion. Judge Otazo-Reyes explained that a reduction was not warranted because she had *sua sponte* limited the Motion to the issue of attorneys' fees, and, by that time, the Motion had already been fully briefed. To be sure, the Court is well within its discretion to "declin[e] to accept the reductions requested" by Plaintiff. *Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753, 759 (11th Cir. 2017). Considering that Judge Otazo-Reyes has presided over a significant portion of this litigation, the Court agrees with her assessment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo-Reyes' Report and Recommendation [ECF No. 712] is **ADOPTED in FULL** and is incorporated into this Order by reference;

(2) Defendants' Verified Motion for Attorneys' Fees and Non-Taxable Expenses and Costs [ECF No. 702] is **GRANTED in part** and **DENIED in part**; and

(3) Defendants shall be awarded attorneys' fees in the amount of **$203,418.00** and non-taxable costs in the amount of **$6,314.65**, for a total of **$209,732.65**, which shall be apportioned as follows:

| LAW FIRM | FEE AWARD | COST AWARD | TOTAL AWARD |
|---|---|---|---|
| PAUL WEISS | $116,330 | $6,314.65 | **$122,644.65** |
| QUINN EMMANUEL | $29,563 | $0.00 | **$29,563.00** |
| REED SMITH | $11,971 | $0.00 | **$11,971.00** |
| SUSMAN GODFREY | $8,766 | $0.00 | **$8,766.00** |

| GELBER SCHACHTER | $1,783 | $0.00 | **$1,783.00** |
|---|---|---|---|
| HUNTER MACLEAN | $11,946 | $0.00 | **$11,946.00** |
| CARLTON FIELDS | $3,754 | $0.00 | **$3,754.00** |
| HUGHES HUBBARD | $19,305 | $0.00 | **$19,305.00** |
| | | **TOTAL AWARD** | **$209,732.65** |

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of March, 2020.

_____

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE