**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

| | |
|---|---|
| PDVSA U.S. LITIGATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,<br><br>Defendants. | Case No. 1:18-CV-20818 (DPG) |
| **PDVSA'S MOTION FOR SUBSTITUTION AS REAL PARTY IN INTEREST AND TO INTERVENE** | |

Petróleos de Venezuela, S.A. ("PDVSA") hereby moves to be substituted as real party in interest and to intervene in the above-entitled action as party plaintiff and in support thereof states as follows:

Throughout this litigation, Defendants have argued that PDVSA, and not the current plaintiff PDVSA U.S. Litigation Trust (the "Trust"), is the real party in interest with the right to sue directly. PDVSA wishes to ensure that its claims are adjudicated on the merits and therefore moves to intervene in the action to preserve its claims. All litigation that has taken place in this action up to this point has involved Defendants' challenge to the validity of PDVSA's assignment of its claims to the Trust, which this Court held was invalid. PDVSA, therefore, wishes to be substituted as the real party in interest pursuant to Rule 17 and/or to intervene as a party plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure to preserve its rights and prevent the Defendants from escaping liability for the harm they have caused PDVSA and the Venezuelan people.

## ARGUMENT

### I. PDVSA IS THE REAL PARTY IN INTEREST AND SHOULD BE SUBSTITUTED PURSUANT TO RULE 17.

PDVSA should be substituted as the real party in interest because the Court and the Defendants have asserted that PDVSA is the proper party to bring these claims. This Court has already held that "Based on the allegations, PDVSA has standing to bring the claims against Defendants." Dkt. 684, at 2. Moreover, Defendants have also asserted that "PDVSA itself, [is] the real party in interest in the transactions at issue in the Amended Complaint and the entity that allegedly sustained the harms for which the PDVSA Trust purports to seek relief in this case." Dkt. 155, at 4. Defendants also have asserted (inaccurately) that "Plaintiff does not even explain why PDVSA cannot pursue its claims against Defendants directly." Dkt. 161, at 5. *See also* Dkt. 517, at 5 and Dkt. 652, at 4. Of course, as has already been argued in this case, the claims were assigned to the Trust to avoid undue influence being exerted by parties aligned with Defendants to subvert the progress of the action and to ensure that

any funds recovered are preserved for the Venezuelan people. As the litigation developed on the basis of this Court's decision on standing, now affirmed by the Eleventh Circuit, that goal could not be accomplished through the Trust, but that ruling should not result in Defendants entirely escaping liability for their wrongful acts.

Substituting PDVSA for the Trust does not change the underlying merits of the litigation. "A Rule 17(a) substitution of plaintiff should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc*., 106 F.3d 11, 20 (2d Cir. 1997). While the assignment of the claims of the Trust ultimately proved to be ineffective as matter of law, there was no attempt to deceive or prejudice the parties. *Arrowpoint Capital Corp. v. Dogali*, 2010 WL 11507375, at *3 (M.D. Fla. Mar. 30, 2010); *citing Advanced Magnetics*. "Although the district court retained some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party, there plainly should be no dismissal where a substitution of the real party in interest is necessary to avoid injustice." *Arrowpoint Capital Corp*., 2010 WL 11507375, at *3.

## II.     PDVSA HAS A RIGHT TO INTERVENE.

PDVSA has a right to intervene because it clearly claims an interest relating the subject matter in this action. Rule 24(a)(2), Fed. R. Civ. P. Moreover, PDVSA is situated such that disposing of the action will clearly impede PDVSA's ability to protect its interest. *Id*. Even though this Court's dismissal was without prejudice, it may effectively become a dismissal with prejudice because of the passage of time. Further, it is clear that the Trust, because of lack of standing, cannot represent PDVSA's interest. Thus, PDVSA should be allowed to intervene to protect its right to pursue its substantive claims. In accordance with Rule 24(c), a copy of the proposed complaint, which is virtually identical to the current amended complaint, is submitted herewith (without exhibits).

**III.      PDVSA'S MOTION WILL NOT CAUSE ANY PREJUDICE TO DEFENDANTS.**

PDVSA's motion to be substituted as real party in interest is timely because it is being made within a reasonable time after the final determination of the Court of Appeals that the Trust does not have standing to bring these claims. Rule 17(a), Fed. R. Civ. P.

Moreover, it was not unreasonable for PDVSA to await a final decision with regard to the standing of the Trust before promptly moving for substitution as party plaintiff. *See Delta Coal Program v. Libman*, 743 F.2d 852, 857 (11th Cir. 1984) (motion to substitute under Rule 17(a) was not untimely despite Plaintiff's two-year delay while awaiting the court's determination of whether it was the proper party); *Nat'l Credit Union Admin. Bd. v. Deutsche Bank Nat'l Tr. Co.*, 410 F. Supp. 3d 662, 675 (S.D.N.Y. 2019) (substitution was not untimely where the plaintiff waited until the court had decided a "complex standing issue" before moving to substitute); *In re Adelphia Communications, Corp. SEC Litg.*, 2009 WL 1490599, at *3-4 (S.D.N.Y. May 21, 2009) (party acted reasonably in seeking to substitute real party in interest until after it was finally determined that the original plaintiff did not have standing.

Similarly, the motion is timely under Rule 24. The Eleventh Circuit has made it clear that the issue of timeliness is essentially an issue of prejudice. Even if a party waits a long period of time before intervening, the motion is still timely unless the opposing parties can show that prejudice would result from the intervention. *Meek v. Metro County Dade Florida*, 985 F.2d 1471, 1478-80 (11th Cir. 1993). In *Meek*, the Court of Appeals held that Black and Hispanic voters could intervene in a civil rights action even post-judgment, because no prejudice would result to the other parties.

"[A]bsolute measures of timeliness, such as how far the litigation has progressed when intervention is sought and the amount of time that may have elapsed since the institution of the action are not to be relied upon." *Id.* at 1479 (internal quotations omitted). Rather, the Court must

4

balance any prejudice to the existing parties against the prejudice the would-be intervenor would suffer if intervention were denied. *Id*. at 1478-80. "Prejudice. . . is the essence of the timelines inquiry." *Id*. at 1479. And the "[t]hrust of the inquiry must be the extent to which the final judgment in the case may bind the movant even though he is not adequately represented by an existing party." *Id*. quoting *U.S. v. Jefferson Count*y, 720 F.2d 1511, 1517 (11th Cir. 1983).

Here, no prejudice will result from PDVSA's intervention at this time. There has been no adjudication on the merits of Plaintiff's claims of fraud and violation of antitrust and RICO statutes, Nothing has happened in the action since an appeal was taken from this Court's ruling which dismissed the action on standing grounds. Defendants may argue that they have been prejudiced by PDVSA's failure to intervene because they had to litigate issue of the Trust's standing. However, PDVSA and the Trust had reasonable grounds to believe that intervention to protect PDVSA's interests would not be necessary until the final decision of this Court was affirmed on appeal. Any prejudice to Defendants is clearly outweighed by PDVSA's interest in having the matter adjudicated on the merits. *See Meek*, 985 F.2d at 1479-80.

Finally, PDVSA has legitimate reasons for waiting to file a motion for intervention. Even before this Court rendered its decision dismissing the action, PDVSA was confronted with the decision of the former U.S. Administration to recognize the Guaidó government.  However, it is now clear that the Guaidó administration is effectively nonfunctional and has no ability to protect the interest of the Venezuelan to recover for Defendants' depredations people in this litigation.  It is appropriate to allow the functioning PDVSA board to intervene to protect that interest.

### IV.     THE CURRENT UNCERTAINTY AS TO THE STATUS OF PDVSA SHOULD NOT PREVENT INTERVENTION FOR THE PRESERVATION OF CLAIMS.

This motion is being made by the current governing body of PDVSA that is undisputedly the *de facto* governing body of PDVSA, is in control of PDVSA assets, in Venezuela, and is recognized as such by the *de facto* government of Venezuela. PDVSA acknowledges that the U.S.

5

Government has recognized a government separate from the *de facto* government of Venezuela and that an alternative board of directors of PDVSA has been recognized by U.S. courts for certain purposes. *See e.g., Jiminez v. Palacious*, 2019 WL 3526479, at *9-20 (Del. Ch. Ct. Aug. 2, 2019). However, the PDVSA seeks to preserve the causes of action against any possible claim of expiration of statute of limitations. The interests of the people of Venezuela in obtaining recovery from Defendants should not be prejudiced by uncertainty that may exist as to the appropriate entity to pursue these claims.

### V. THIS COURT HAS AUTHORITY TO GRANT RELIEF FROM THE JUDGMENT TO ALLOW THE SUBSTITUTION OF PDVSA.

Although final judgment has been entered in this action and affirmed on appeal, and a petition for certiorari may be filed, this Court has discretion to reopen the matter pursuant to Rule 60(b) to allow for substation of the real party in interest. Rule 60(b)(1) allows for relief from judgment caused by "mistake, inadvertence, surprise or excusable neglect." Rule 60(b)(6) authorizes relief from a judgment "for any other reason justifying relief from the operation of the judgement." Where the courts have found that the action should proceed on the merits despite having been commenced by an improper party, they have acted under Rule 60(b) to allow for reopening of the action and substitution of the party. *See In re Adelphia Comm'n Corp., SEC. & Derivative Litig*,, 2009 WL 1490599 (S.D.N.Y. May 21, 2009); *Curtis v. United States*, 61 Fed. Cl. 511, 515-16 (2004). "Rule 60(b) enables a court to grant a party relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation." *Curtis*, 61 Fed. Cl. at 512, *quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 60.02[2] (3d ed. 2003).

Moreover, there is reason to believe Plaintiff's claims, if proven, will be successful. This is demonstrated not only by the Amended Complaint itself but by the declarations that were submitted with the Complaint. *See* Dkt. Nos. 12-1 through 12-16. Proof of such claims would clearly result in relief to PDVSA.

## **CONCLUSION**

Wherefore, PDVSA respectfully requests that its motion to be substituted as real party in interest or to intervene herein be granted.

Dated: May 18, 2021                                Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Steven W. Davis*
Steven W. Davis (Bar No. 347442)
Bank of America Tower
100 SE Second Street, Suite 2800 Miami, Florida 33131
Tel: (305) 539-8400
Fax: (305) 539-1307

David Boies
333 Main Street
Armonk, New York, NY 10504
Tel: (914) 749-8200
Fax: (914) 7498300

George F. Carpinello
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel: (518) 434-0600
Fax: (518) 434-0665

*Attorneys for Movant PDVSA*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was filed on May 18, 2021 with the Clerk of the Court via CM/ECF. I further certify that the foregoing document is being served this date on all counsel for Defendants via transmission by electronic mail.

By: /s/ *Steven W. Davis*