UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| PDVSA U.S. LITIGATION TRUST,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LUKOIL PAN AMERICAS LLC; LUKOIL PETROLEUM LTD.; COLONIAL OIL INDUSTRIES, INC.; COLONIAL GROUP, INC.; GLENCORE LTD.; GLENCORE INTERNATIONAL A.G.; GLENCORE ENERGY UK LTD.; MASEFIELD A.G.; TRAFIGURA A.G.; TRAFIGURA TRADING LLC; TRAFIGURA BEHEER B.V.; VITOL ENERGY (BERMUDA) LTD.; VITOL S.A.; VITOL, INC.; FRANCISCO MORILLO; LEONARDO BAQUERO; DANIEL LUTZ; LUIS LIENDO; JOHN RYAN; MARIA FERNANDA RODRIGUEZ; HELSINGE HOLDINGS, LLC; HELSINGE, INC.; HELSINGE LTD., SAINT-HÉLIER; WALTROP CONSULTANTS, C.A.; GODELHEIM, INC.; HORNBERG INC.; SOCIETE DOBERAN, S.A.; SOCIETE HEDISSON, S.A.; SOCIETE HELLIN, S.A.; GLENCORE DE VENEZUELA, C.A.; JEHU HOLDING INC.; ANDREW SUMMERS; MAXIMILIANO POVEDA; JOSE LAROCCA; LUIS ALVAREZ; GUSTAVO GABALDON; SERGIO DE LA VEGA; ANTONIO MAARRAOUI; CAMPO ELIAS PAEZ; PAUL ROSADO; BAC FLORIDA BANK; EFG INTERNATIONAL A.G.; BLUE BANK INTERNATIONAL N.V.,<br><br>　　　　　　Defendants. | Case No. 1:18-CV-20818 (DPG) |

**PDVSA'S REPLY IN SUPPORT OF ITS MOTION FOR SUBSTITUTION AS REAL PARTY IN INTEREST AND TO INTERVENE**

Petróleos de Venezuela, S.A. ("PDVSA") submits this reply memorandum of law in support of its motion for substitution as real party in interest and to intervene and in support thereof states the following:

**ARGUMENT**

**I.        PDVSA Is the Real Party in Interest and Has Standing.**

There is no question that PDVSA is the real party at interest and has standing to bring these claims against Defendants. Indeed, Defendants have acknowledged this[1] and the Court has so found.[2] As alleged in the Complaint, it was PDVSA that was defrauded of billions of dollars as a result of Defendants' bid-rigging, collusion and bribery. No argument to the contrary has been presented by Defendants.[3]

Instead, Defendants ask the Court to free them of all exposure to liability on the grounds that the governing body of PDVSA is the board of directors controlled by Juan Guaidó, which some U.S. courts have recognized. Defendants' Opposition to PDVSA's Motion for Substitution as Real Party in Interest and to Intervene ("Opp."), ECF No. 735, at 8-9, discussing *Jiminez v. Palacios*, 2019 WL 3526479 (Del. Ch. Ct. Aug. 2, 2019). However, this case, unlike *Jiminez*, is

---

[1] "PDVSA itself[] [is] the real party in interest in the transactions at issue in the Amended Complaint and the entity that allegedly sustained the harms for which the PDVSA Trust purports to seek relief in this case." Defendants Vitol, Inc., Vitol Energy (Bermuda) Ltd. & Antonio Maarraoui's Opposition to Plaintiff's *Ex Parte* Motion for a Preliminary Injunction, ECF No. 155, at 4.

[2] "Based on the allegations, PDVSA has standing to bring these claims." Amended Order, ECF No. 684, at 2.

[3] Defendants' claim that PDVSA is seeking to act as a "placeholder" plaintiff to avoid the statute of limitations (Opp. at 10) mischaracterizes the motion. PDVSA is the real party in interest.

not seeking an adjudication of which governing board is the rightful one, but instead is brought on behalf of PDVSA itself.

There is no need for the Court to decide which board is the rightful one in order to determine that PDVSA is the real party in interest and permit substitution. The action can proceed with PDVSA as the proper Plaintiff, and the Court can order that any recovery be held in escrow, pending clarification of what government and institutions in Venezuela at that time of judgment (most likely several years from now) will ensure that the recovery is used for the benefit of the Venezuelan people. That determination can be made in the future in light of conditions in Venezuela and the foreign policy position of the United States Government at that time.

Out of an abundance of caution, counsel for PDVSA has asked U.S. counsel for both the purported Guaidó government and the Guaidó-controlled Ad Hoc Board of Directors if they would support PDVSA's motion to intervene in this action. There can be no doubt that the interests of those entities must align with those underlying this action, namely for PDVSA potentially to recover billions of dollars for the benefit of the Venezuelan people from the Defendants who stole the money through fraud and corruption. The Guaidó-controlled board is currently reviewing the request. *See* Declaration of George F. Carpinello dated August 6, 2021 and Exhibits A and B thereto.

Irrespective of the Guaidó board's response, however, Defendants should not be allowed to escape all liability by exploiting the political divisions in Venezuela that have led to rival governments and boards attempting to control PDVSA. The bottom line is that the rational economic interests of the Venezuelan nation dictate that this action should proceed for the ultimate benefit of all factions.

## II.     The Court Has Jurisdiction to Grant Substitution.

Defendants erroneously argue that the Court lacks jurisdiction to allow substitution of PDVSA as the real party in interest, because the Court determined that the Trust lacked Article III standing. ECF No. 684 at 3-4. The law in the Eleventh Circuit is the opposite: "A district court does not exceed its power when it takes jurisdiction over a controversy, even if not brought by the real party in interest, as long as there exists substantial identity of interest between the original plaintiff and the true party in interest, and as long as the pleadings set forth the facts upon which the real party would base its invocation of the court's jurisdiction in its own right." *Delta Coal v. Libman*, 743 F.2d 852, 853 (11th Cir. 1984). Those standards are easily met in this case.

*Live Entertainment v. Digex, Inc.*, 300 F. Supp. 2d 1273 (S.D. Fla. 2003) is inapposite because, in *Live Entertainment*, there was no identity of interest between the original plaintiff and the real party in interest. Unlike here, the plaintiff in *Live Entertainment* had been assigned the agreement that was the subject of the litigation by "a completely third party, Maverick Limited." *Id.* at 1274-75. Further, the plaintiff knew three years prior to the inception of the lawsuit that a state court had expressly found that the assignment was invalid. *Id.* at 1276-77. In denying substitution, the court relied on the Advisory Committee Notes to Rule 17(a) which state that Rule 17 does not permit a plaintiff to file a lawsuit "in the hope that at a later time the attorney filing the action may substitute the real name of the real personal representative of a real victim, and have the benefit of suspension of the limitation period." *Id.* at 1280 (quoting Fed. R. Civ. P. 17 Advisory Committee's Notes) (emphasis removed).

By contrast, where there is substantial identity of interests between the original plaintiff and the real party in interest, substitution of the real party in interest is allowed, regardless of whether the original plaintiff had standing. *See, e.g., Delta Coal*, 743 F.2d at 856, n.6 ("Rule 17(a)

was intended to extend to precisely this kind of situation. . . [where] the operative facts and the cause of action are not changed, but only the formally named plaintiff."); *Royal Am. Mgmt., Inc. v. WCA Waste Corp.*, 154 F. Supp. 3d 1278, 1287 (N.D. Fla. 2016) ("[A] court sometimes may constitutionally exercise jurisdiction over a case even though it does not secure solid jurisdictional footing until after the case has been brought."); *In re DeMasi*, 2014 WL 4071664, at *1 (Bkrtcy. M.D. Fla., 2014) (permitting substitution where the real party in interest had mistakenly assigned non-assignable claims); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 773 (S.D.N.Y. 2011) (allowing substitution under Rule 17(a) to cure a lack of standing and collecting like cases).

In particular, substitution is appropriate where the original plaintiff lacked standing due to a failed or improper assignment of claims. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21 (2d Cir. 1997) (permitting substitution of shareholders for corporation where invalid assignment of claims meant corporation lacked standing to pursue claims); *In re DeMasi*, 2014 WL 4071664, at *1 (Bkrtcy. M.D. Fla., 2014) (permitting substitution where the real party in interest had mistakenly assigned non-assignable claims).

*DeMasi* is closely analogous to this case. There, the plaintiff sued the debtor to have debts declared non-dischargeable under Bankrutpcy Code Section 523(a)(2). *Id.* at *1. The court determined, however, that the plaintiff's claims, which had been assigned to him by two entities of which he was a member, were non-assignable under Florida law, and the plaintiff therefore lacked standing. *Id.* Plaintiff then sought to substitute the assigning entities as the real parties in interest. *Id.* The debtor, relying on *Live Entertainment*, argued against substitution, as do Defendants here, on the theory that the original plaintiff's lack of standing meant the court never had jurisdiction over the case. *Id.* at *3. The court rejected this argument, as it recognized that "courts have routinely permitted substitution under Rule 17 where the original plaintiff is

determined not to be the real party in interest because of an invalid assignment of the claim," and permitted substitution because there was substantial identity of interest between the assigning entities and the plaintiff, who was a member of those entities. *Id.*

The same is true in this case. There is no question that PDVSA and the Trust have a substantial identity of interest. PDVSA is the grantor and beneficiary of the Trust. The Trust was created by PDVSA in order to prosecute its claims in the United States and to ensure that recovery of the fruits of Defendants' wrongdoing would be held in trust for the people of Venezuela. Unlike in *Live Entertainment*, PDVSA had no knowledge prior to filing this action that the assignment was invalid. Rather, the assignment was valid on its face, and was only determined to be invalid after years of hotly-contested litigation. The Court has jurisdiction to grant the motion to substitute PDVSA as the real party in interest.

Defendants further argue that granting the Motion would violate the "mandate rule," under which a district court cannot "vary [an appellate court's mandate], or examine it for any other purpose than execution; or give any other or further relief." Opp. at 4 (quoting *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1510-11 (11th Cir. 1987)). But that rule has no application here.

"The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." *Id.* at 1511. Under the law of the case doctrine, a district court is bound by the "findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." *United States v. Robinson*, 690 F.2d 869, 872 (11th Cir. 1982). This Court granted Defendants' motion to dismiss based on a finding that the Trust lacked standing to bring this action because the assignment of the claims to it was not valid. ECF No. 684 at 6-7. The Eleventh Circuit affirmed dismissal on that basis.

6

Consequently, the mandate rule does not apply here because the Rule 60 motion seeks relief that is separate and apart from the Eleventh Circuit's affirmance of the dismissal, and does not seek to vary the mandate. The motion accepts the prior determination (and mandate) that the Trust lacks standing, and instead asks the Court to grant relief from the dismissal to allow PDVSA, which unquestionably does have standing, to intervene as the real party in interest. Hence, the mandate rule is no impediment to the Court granting this motion.

### III.     The Motion Is Properly Brought under Rule 60.

Defendants do not address Rule 60 except in a footnote, which makes two pro forma arguments. Opp. at 12, fn. 3.

*First*, Defendants argue that PDVSA cannot make a Rule 60 motion because it was not a party to the litigation. The cases discussed above show that substitution of the real party in interest as plaintiff is appropriate where a case was dismissed due to an improper assignment. To that end, courts have permitted relief from judgment under Rule 60 in order to effectuate substitution under Rule 17. *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1129 (9th Cir. 2017) (reversing trial court's denial of leave to substitute under Rule 17(a) and stating the relief was relief for which the parties "were permitted to file under Rule 60(b)(1)"); *In re Adelphia Comm'n Corp., SEC. & Derivative Litig,*, 2009 WL 1490599 (S.D.N.Y. May 21, 2009); *Curtis v. United States*, 61 Fed. Cl. 511, 515-16 (2004). Defendants proffer no authority holding that the real party in interest cannot bring a Rule 60 motion, and such a rule would make no sense given that the real party in interest steps into the shoes of the named plaintiff.[4]

---

[4] In the event that the Court finds that this motion should be brought by the Trust, rather than PDVSA, the Trust will join in the motion.

7

*Second*, Defendants argue that PDVSA has "shown no mistake, inadvertence, surprise, or excusable neglect" as Rule 60 provides. Opp. at 12, fn. 3. To the contrary, PDVSA has shown an excusable or understandable mistake, as both Rule 60(b) and Rule 17(a) provide. *See* PDVSA's Motion for Substitution as Real Party in Interest and to Intervene ("Motion"), ECF No. 732, at 2-3; *see Del Re v. Prudential Lines, Inc.*, 669 F.2d 93, 96 (2d Cir. 1982) ("The Advisory Committee made clear in its accompanying Note that the provision allowing ratification, joinder, and substitution 'is intended to prevent forfeiture when determination of the proper party to sue is difficult **or when an understandable mistake has been made**.'" (emphasis added)).[5]

PDVSA assigned the claims at issue in this case to the Trust, believing that it had made a valid assignment. The Trust then filed the case believing that it had been properly assigned the claims. After three years of litigation, the courts ultimately determined that the assignment was not valid, but the decision to file on behalf of the Trust was still an understandable mistake. Indeed, as the cases discussed above show (at p. 5), Rule 17 motions are regularly granted when an assignment turns out to be invalid.

**IV. The Motion to Intervene Is Timely.**

Defendants argue that the four factors for evaluating timeliness identified in *Jefferson County* favor denial of the motion. Opp. at 12-13. Defendants' argument mischaracterizes the timeliness standard and procedural posture of this case.

*Jefferson County* identifies four factors used to evaluate timeliness in the context of a Rule 24 motion:

---

[5] Defendants raise essentially the same argument in their section on Rule 17. Opp. at 10. ("[I]dentification of the correct party was never difficult here, and the movant fails to identify an understandable mistake.").

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983). On balance, the factors favor granting intervention.

Defendants discuss at length the amount of time in which PDVSA and the Maduro government were aware of the existence of this lawsuit prior to the filing of the motion to intervene. Opp. at 13-14. But only after the Eleventh Circuit issued its opinion on the Trust's standing and denied rehearing was it clear that the action could not proceed on behalf of PDVSA through the Trust. As courts frequently acknowledge, it is not unreasonable to await a final decision on the standing of the named plaintiff prior to intervening. *See* Motion at 4.

Moreover, as the Court of Appeals made clear in *Meek v. Metro County Dade Florida*, 985 F.2d 1471, 1479 (11th Cir. 1993), "absolute measures of timeliness, such as how far the litigation has progressed when intervention is sought and the amount of time that may have elapsed since the institution of the action are not to be relied upon" in deciding a motion to intervene.

Rather, "[p]rejudice . . . is the essence of the timeliness inquiry," *Id.* at 1479, and Defendants will not be prejudiced – in the legally-pertinent sense of the word – by adjudication of this case on the merits. Defendants' claim of prejudice amounts to arguing that denial of intervention would enable them to invoke the statute of limitations to avoid the merits of Plaintiff's claims. Opp. at 15. But having to litigate a case on the merits is not legally-cognizable prejudice, particularly where, as here, the intervenor is acknowledged by all parties to be the real party in interest, and not a third party stranger to the litigation. *See, e.g.*, *Cummings v. United States*, 704

F.2d 437, 439-440 (9th Cir. 1983) (intervention under Rule 24 relates back to the filing of the original complaint because it "has the same effect as *pro tanto* substitutional of the real party in interest under Fed. R. Civ. P. 17(a)").

Instead, prejudice concerns whether the party will be disadvantaged in preparing its case because of the delay.[6] Defendants here will not. This case is still at the pleading stage, and the parties have not done any fact discovery on the merits. Furthermore, PDVSA is not seeking to offer any new legal theories. PDVSA is merely seeking to substitute in the place of the Trust to carry out the same litigation in its own name.

Defendants' only argument on this point is that PDVSA's purported delay in intervening in this case has "depriv[ed] them of years' worth of discovery." Opp. at 16. But Defendants offer no substantiation of this statement. They have been on notice of this action for years, and have had ample time to marshal the evidence they think is needed to prepare their defense. They have failed to identify any real prejudice entailed in litigating this case on its merits.

Defendants also attempt to distinguish *Meek* by pointing out that the intervenors in that case unsuccessfully attempted to intervene prior to judgment. Opp. at 15. But *Meek* never states that intervention prior to judgment is required for timely intervention. Indeed, it never states any

---

[6] The cases cited by Defendants for the proposition that intervention after judgment should be looked at with a "jaundiced eye," Opp. at 12-13, are inapposite, because they arose at much later stages in the litigation, thereby implicating entirely different prejudice concerns than intervention at the pleading stage. *See United States v. United States Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977) (denying intervention following entry of consent decree and subsequent notice-and-comment rulemaking); *Stallworth v. Monsanto Co.,* 558 F. 2d 257, 265-66 (5th Cir. 1977) (denying intervention after entry of consent decree following discovery and settlement); *Moten v. Bricklayers, Masons & Plasterers, Intl Union of Am.*, 543 F.2d 224, 228 (D.C. Cir. 1976) (denying intervention following two years of discovery and settlement between the parties); *United States v. Jefferson County,* 720 F.2d 1511, 1516 (11th Cir. 1983) (denying intervention following full discovery and a bench trial).

10

absolute time requirement and in fact it says the opposite. The bottom line of *Meek* is that the key consideration for timeliness is whether the party opposing intervention would be prejudiced, which Defendants here would not. By contrast, PDVSA will be seriously prejudiced by denial of intervention. PDVSA assigned the claims in this case to the Trust for the purpose of safeguarding any recovery for the benefit of the Venezuelan people. Denial of intervention will enable Defendants to walk away with their ill-gotten gains, never having faced discovery or judicial scrutiny. In light of the extreme prejudice to PDVSA and the Venezuelan people if intervention is denied, the prejudice factor weighs strongly in favor of permitting intervention.

## CONCLUSION

For all the foregoing reasons PDVSA's Motion for Substitution as Real Party in Interest and to Intervene should be granted.

Dated: August 6, 2021

                                              Respectfully submitted,

                                              **BOIES SCHILLER FLEXNER LLP**

                                              By: */s/ Steven W. Davis*
                                              Steven W. Davis
                                              Florida Bar No. 347442
                                              Miami Tower
                                              100 SE Second Street,
                                              Suite 2800 Miami, Florida 33131
                                              Tel: (305) 539-8400
                                              Fax: (305) 539-1307
                                              sdavis@bsfllp.com

                                              David Boies
                                              333 Main Street
                                              Armonk, New York, NY 10504
                                              Tel: (914) 749-8200
                                              Fax: (914) 7498300
                                              Dboies@bsfllp.com

hmaher@bsfllp.com

George F. Carpinello
30 S. Pearl Street, 11th Floor
Albany, New York 12207
Tel: (518) 434-0600
Fax: (518) 434-0665
gcarpinello@bsfllp.com

***Attorneys for Movant PDVSA***

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing document was filed on August 6, 2021 with the Clerk of the Court via CM/ECF. I further certify that the foregoing document is being served this date on all counsel for Defendants via transmission by electronic mail.

By: /s/ *Steven W. Davis*
     Steven W. Davis