UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-20818-GAYLES/OTAZO-REYES

PDVSA U.S. LITIGATION TRUST,

   Plaintiff,

v.

LUKOIL PAN AMERICAS LLC, et al.,

   Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon non-party Petróleos de Venezuela, S.A's ("PDVSA") Motion for Substitution as Real Party in Interest and to Intervene (the "Motion") [ECF No. 732]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is denied.

## BACKGROUND

PDVSA is a Venezuelan state-owned energy company. [ECF No. 12]. According to the Amended Complaint, Defendants[1] conspired to deprive PDVSA of competitive prices for the sale and purchase of oil products and additives causing billions of dollars in damages. *Id.* PDVSA assigned its interest in claims against Defendants to Plaintiff PDVSA US Litigation Trust via a Litigation Trust Agreement. [ECF No. 517-4].

---

[1] The named Defendants are: Lukoil Pan Americas LLC; Lukoil Petroleum Ltd.; Colonial Oil Industries, Inc.; Colonial Group, Inc.; Glencore Ltd.; Glencore International A.G.; Glencore Energy UK Ltd.; Masefield A.G.; Trafigura A.G.; Trafigura Trading LLC; Trafigura Beheer B.V.; Vitol Energy (Bermuda) Ltd.; Vitol S.A.; Vitol, Inc.; Francisco Morillo; Leonardo Baquero; Daniel Lutz; Luis Liendo; John Ryan; Helsinge Holdings, LLC; Helsinge, Inc.; Helsinge Ltd., Saint-Hélier; Waltrop Consultants, C.A.; Godelheim, Inc.; Hornberg Inc.; Societe Doberan, S.A.; Societe Hedisson, S.A.; Societe Hellin, S.A.; Glencore de Venezuela, C.A.; Jehu Holding lnc.; Andrew Summers; Maximiliano Poveda; Jose Larocca; Luis Alvarez; Gustavo Gabaldon; Sergio De La Vega; Antonio Maarraoui; Campo Elias Paez; Paul Rosado; BAC Florida Bank; EFG International A.G.; and Blue Bank International N.V.

Plaintiff commenced this action on March 3, 2018. [ECF No. 1]. On July 23, 2018, several Defendants filed a Motion to Dismiss for Lack of Standing (the "Motion to Dismiss"). [ECF Nos. 517 & 522 (under seal)]. In the Motion to Dismiss, Defendants argued that Plaintiff lacked standing because PDVSA was the real party in interest and the assignment was invalid. After limited discovery, briefing, and an evidentiary hearing, on November 5, 2018, Magistrate Judge Alicia M. Otazo-Reyes issued her Report and Recommendation finding that Plaintiff has no standing and recommending that the Court dismiss this action for lack of subject matter jurisdiction (the "Report").[2] [ECF No. 636]. Following a *de novo* review, this Court entered an Amended Order on March 19, 2019, adopting in part the Report, granting the Motion to Dismiss, and dismissing without prejudice the action for lack of subject matter jurisdiction.[3] [ECF No. 684]. Specifically, the Court agreed that Plaintiff does not have Article III standing in this action. *Id.* On March 18, 2021, the Eleventh Circuit Court of Appeals affirmed the Court's decision. *PDVSA US Litig. Tr. v. Lukoil Pan Americas, LLC*, 991 F.3d 1187 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 466 (2021). On May 18, 2021, PDVSA filed the instant Motion. [ECF No. 732].

## DISCUSSION

PDVSA seeks to be substituted in this action as the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure and/or to intervene as a party plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure. The instant Motion was filed nearly three years after Defendants filed their Motion to Dismiss arguing that PDVSA, not Plaintiff, was the real party in interest. PDVSA does not assert that it was unaware of this action or the basis for Defendants' 2018 Motion to Dismiss. While a motion to intervene may have been timely and appropriate much

---

[2] This action was referred to Judge Otazo-Reyes, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 220].
[3] The Amended Order simply corrected a scrivener's error in the Court's March 8, 2019 Order, [ECF No. 679].

2

earlier in the case, it must be denied because the Court does not have subject matter jurisdiction. In 2019, this Court found that it did not have subject matter jurisdiction because Plaintiff lacked standing to bring this action. The Eleventh Circuit's Mandate, [ECF No. 731], brought finality to that determination and divested this Court of jurisdiction. Therefore, substitution and/or intervention in this action at this time would be improper. *See University of South Ala. v. Am. Tobacco*, 168 F. 3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."); *see also Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926)[4] ("An existing suit within the court's jurisdiction is a prerequisite of an intervention . . . As the record does not show that at the time the petition to intervene was presented there was pending any suit or proceeding within the court's jurisdiction, that petition was not allowable.").

PDVSA's reliance on *Delta Coal Program v. Libman*, 743 F.2d 852 (11th Cir. 1984) for the proposition that the Court can grant its relief in spite of a lack of subject matter jurisdiction is unavailing. *See* [ECF No. 738 at 4]. In *Delta Coal*, the Eleventh Circuit affirmed the district court's order permitting the substitution of individual investors in place of their limited partnership, Delta Coal Program ("Delta"), after Delta was found not to have standing to assert its federal claims. *Delta Coal*, 743 F.2d at 853–56. However, in the underlying district court case, the court still had subject matter jurisdiction over the action as other original plaintiffs remained and the court retained pendent jurisdiction over Delta's state claims. *See Delta Coal Program v. Libman*, 554 F. Supp. 684 (N.D. Ga. 1982). The facts here are distinguishable: The sole Plaintiff in this case lacks

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted all cases decided by the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, as binding precedent.

standing, the action was dismissed for lack of subject matter jurisdiction, and those decisions were affirmed on appeal.

As this Court noted in *Live Entertainment, Inc. v. Digex, Inc.*, "[t]he Federal Rules of Civil Procedure cannot expand the subject matter jurisdiction of federal courts . . . Rule 17(a) must be read with the limitation that this Court must at a minimum have subject matter jurisdiction over the original claims." *Live Entertainment*, 300 F. Supp. 2d 1273, 1279 (S.D. Fla. 2003) (dismissing the case and denying the plaintiff's and non-party's Rule 17 motions to substitute because the plaintiff had no standing to bring the action[5]). Thus, the Court finds that substitution and/or intervention at this time would be improper. *See, e.g.*, *Crowley Mar. Corp. v. Robertson Forwarding Co.*, No. 20-CIV-20151, 2020 WL 4366079, at *3 (S.D. Fla. July 30, 2020) (finding Rule 17 inapplicable where plaintiff lacks standing because "the Rules cannot displace the constitutional Case or Controversy requirement"); *Gonzalez ex rel. Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1180 (S.D. Fla. 2000) (holding that resolution of the Rule 17 issue first requires that plaintiff have Article III standing), *aff'd*, 212 F.3d 1338 (11th Cir. 2000); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. Mar. 19, 1981) ("Since there was no plaintiff before the court with a valid cause of action, there was no proper party available to amend the complaint."); *cf. Wright v. Dougherty Cty., Ga.*, 358 F.3d 1352, 1356 (11th Cir. 2004) ("By lacking standing to bring a claim the appellants also lack standing to amend the complaint to consolidate with a party who may have standing."). Moreover, given PDVSA's years-long knowledge that standing was at issue in this case, *see* [ECF No. 732 at 2], its requested relief is untimely. *See Crowley Mar. Corp.*, 2020 WL 4366079, at *4 (finding a reasonable time had passed after five-

---

[5] The Court in *Live Entertainment* also noted that the non-party's additional basis to intervene under Rule 24 failed because once the action was dismissed there was no action in which to intervene. *Live Entertainment*, 300 F. Supp. 2d at 1280 n.7.

4

and-a-half months with no action by the real parties in interest to be substituted in the case under Rule 17). In light of the Court's findings, it need not address the parties' remaining arguments.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that non-party Petróleos de Venezuela, S.A's Motion for Substitution as Real Party in Interest and to Intervene, [ECF No. 732], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of February, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE